Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830
Facsimile:  (415) 433-7104
srosen@rbg-law.com

[Additional Counsel Listed on Signature Page]

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| WILLIAM HELM, DEBORAH PRISE, HEATHER P. RADY, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., and SCI HOUSTON MARKET SUPPORT CENTER, L.P.,<br><br>    Defendants. | Case No. CV 08-1184 SI<br><br>**PLAINTIFFS' RE-NOTICE OF MOTION AND MOTION FOR REMAND AND MEMORANUDM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>HEARING</u><br><br>Date:         May 9, 2008<br>Time:        9:00 am<br>Courtroom: 10<br>Judge:       The Honorable Susan Illston |

Additional Attorneys for Plaintiffs, who will submit applications for admission *pro hac vice*:

J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Michael J. Lingle, NY Attorney No. 3925765
Annette Gifford, NY Attorney No. 4105870
Justin Cordello, NY Attorney No. 4131447
DOLIN, THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
Facsimile:  (585) 272-0574
nthomas@theemploymentattorneys.com

Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
MARGOLIS EDELSTEIN
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256
Facsimile: (412) 642-2380
csaul@margolisedelstein.com

# NOTICE OF MOTION

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

This motion was previously noticed on March 24, 2008 for hearing on May 9, 2008 before Judge Susan Illston while the sua sponte referral order to consider relationship of cases issued by Judge Jeffrey S. White was pending. Because the case had not actually been related to Judge Susan Illston when the motion was filed, plaintiffs re-noticed the motion on March 25, 2008 for hearing on May 16, 2008 before Judge Jeffrey S. White at the direction of his clerk. Pursuant to the Related Case Order by Judge Illston filed on March 26, 2008, plaintiffs now hereby re-notice this motion to be heard by Judge Illston.

Therefore, PLEASE TAKE NOTICE THAT on May 9, 2008, at 9:00 A.M., Plaintiffs will and hereby do move for an order to remand this matter to California State Court.[1] Defendants have failed to establish that the jurisdictional requirements of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) are met, and this action should be remanded to state court. This Motion is based on this Notice of Motion and Motion and Proposed Order filed herewith, all records and files in this case, and the arguments of counsel.

# MEMORANDUM OF LAW

On February 27, 2008, defendants Alderwoods Group, Inc. ("Alderwoods"), Service Corporation International ("SCI"), SCI Funeral and Cemetery Purchasing Cooperative, Inc., SCI Eastern Market Support Center, L.P., SCI Western Market Support Center, L.P. and SCI Houston Market Support Center, L.P. removed this action from California state court to this district court on the sole basis of alleged original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). *See* Defendants' Notice of Removal, Docket No. 1 (the "Notice of Removal"). In removing this action, however, defendants

---

[1] On March 24, 2008, plaintiffs in another case before Judge Illston, *Bryant et al v. Service Corporation et al*, C 08-1190 SI, that has also been related to *Bryant et al v. Alderwoods Group, Inc. et al*, C 07-05696 SI, noticed a motion for remand to be heard May 9, 2008 at 9:00 a.m. Plaintiffs in the instant case hereby re-noticed their motion to remand to be heard on the same date in the interest of administrative and judicial efficiency.

-1-
PLAINTIFFS' RE-NOTICE OF MOTION AND MOTION FOR REMAND - Case No. CV 08-1184 SI

failed to meet their burden of proving by a preponderance of the evidence that the jurisdictional requirements of CAFA are met. Specifically, defendants failed to establish that the amount in controversy in this action exceeds $5,000,000 and, therefore, this action should be remanded to state court.

**PROCEDURAL HISTORY[2]**

Plaintiffs are current and former employees who worked at funeral locations managed by defendant Alderwoods.[3] In the instant complaint, plaintiffs allege violations of the state laws of California and other states where plaintiffs were employed arising out of defendants' policy and/or practice of failing to correctly compensate plaintiffs their regular or statutorily required rate of pay for all hours worked. Plaintiffs filed this action in the Superior Court of the State of California for the County of Alameda after the District Court for the Western District of Pennsylvania declined to exercise supplemental jurisdiction over these claims in a pending FLSA action. *See Prise v. Alderwoods Group, Inc.*, Case No. 06-1641 ("*Prise*").[4]

On February 27, 2008, defendants removed this action to the Northern District of California on the sole basis of alleged original jurisdiction under CAFA. Defendants' Notice of Removal, however, failed to provide sufficient proof that the jurisdictional prerequisites of CAFA are satisfied. Instead, defendants' only effort to provide any arguable proof consists of the Declaration of Janet Key, who identifies herself as a Senior

---

[2] The full procedural history of this action, as well as other actions pending in the District Court for the Northern District of California and elsewhere, is set forth more fully in Plaintiffs' Response to *Sua Sponte* Referral for Purposes of Determining Relationship of Cases (Docket No. 28), a copy of which is attached hereto as Exhibit A.

[3] Defendant SCI and its affiliates are named in this action on the basis of their liability as successors-in-interest to Alderwoods.

[4] As set forth more fully in plaintiffs' attached Exhibit A, these claims were initially filed together with the claims of other employees in a Combined State Law Action. Based upon a decision of the *Prise* Court, as well as defendants' position that resulted in that ruling, plaintiffs voluntarily dismissed that action and filed their claims here separately.

-2-
PLAINTIFFS' RE-NOTICE OF MOTION AND MOTION FOR REMAND - Case No. CV 08-1184 SI

Legal Assistant and Corporate Secretary for defendant SCI Funeral & Cemetery Purchasing Cooperative, Inc. (the "Key Declaration").  What few facts are set out in the Key Declaration, however, are wholly insufficient to provide anything more than speculation and conjecture as to the jurisdictional amount in controversy.  Thus, defendants have failed to meet their burden and this action should be remanded to state court.

**ARGUMENT**

**I. DEFENDANTS MUST PROVE THE JURISDICTIONAL AMOUNT BY A PREPONDERANCE OF THE EVIDENCE, AND ANY DOUBTS MUST BE RESOLVED IN FAVOR OF REMAND**

The proponent of federal jurisdiction, including one alleging original jurisdiction under CAFA, bears the burden of demonstrating the legitimacy of removal.  *See, e.g., Strawn v. AT&T Mobility, Inc.*, 513 F. Supp. 2d 599, 604 (S.D. W.Va. Sept. 26, 2007) (although "some district courts held that CAFA's legislative history shifted the entire burden to the plaintiff to prove federal jurisdiction did not exist … this argument has been rejected by all four courts of appeals to consider the issue").  *See also Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 678 (9th Cir. 2006); *Morgan v. Gay*, 471 F.3d 469 (3d Cir. 2006); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329-30 (11th Cir. 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

Where, as here, the complaint does not specify the amount of damages sought, the defendant must prove the jurisdictional amount by a preponderance of the evidence. *Abrego Abrego*, 443 F.3d at 683; *Miedema*, 450 F.3d at 1330; *Strawn*, 513 F. Supp. 2d at 604.  The case must be remanded when it is questionable whether defendant has met this burden.  *See, e.g., Able v. Upjohn Co.*, 829 F.2d 1330, 1332 (4th Cir. 1987), *cert. denied* 485 U.S. 963, 108 S.Ct. 1229 (1988) ("congressional desire to restrict removal has been understood to require that doubts about the propriety of removal be resolved in favor of retained state court jurisdiction").

A defendant may not satisfy the burden of proving the jurisdictional predicates merely by making bare allegations, but must supply evidentiary support proving the

jurisdictional amount at issue. *Brill*, 427 F.3d at 449 ("part of the removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands"); *Strawn*, 513 F. Supp. 2d at 605. Thus, even where the defendant attempts to provide an accounting or calculation to estimate the amount in controversy, the burden of proof is not met where those "estimates" are not sufficiently detailed and supported with evidence. *See, e.g., Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007) (rejecting defendant's estimate as "speculation and conjecture" where defendant provided no support for its assumptions that all employees could be class members, that all class members would be entitled to maximum damages, or that each class member would be owed $200 in wages); *Miedema*, 450 F.3d at 1331-32 (rejecting estimate supported by a declaration which asserted a "total value," but did not explain how that figure was reached); *Strawn*, 513 F. Supp. 2d 607-08 (rejecting estimate based on a class different from that described in the complaint). *Cf. Brill*, 427 F.3d at 449 (defendant met its burden when it admitted its employee committed at least 3,800 statutory violations which, when multiplied by the statutory penalty, resulted in a total liability in excess of $5,000,000).

Moreover, courts have repeatedly held that unsupported speculation or conjecture, including estimates or calculations not adequately supported by evidence or facts, will not suffice to establish the amount in controversy. *See, e.g., Lowdermilk*, 479 F.3d at 1002 (9th Cir. 2007) ("we cannot base our jurisdiction on Defendant's speculation and conjecture"); *Alvarez v. Limited Express, LLC*, No. 07CV1051 IEG (NLS), 2007 WL 2317125 at *4 (S.D. Cal. Aug. 8, 2007); *Miedema*, 450 F.3d at 1331-32 (rejecting estimate where defendant did not provide adequate rationale or evidence for its estimate).

For example, in *Alvarez*, the defendant failed to support its removal of plaintiff's putative class action on behalf of employees who were not properly compensated for meal breaks. 2007 WL 2317125 at *3-4 (S.D. Cal. Aug. 8, 2007). Although defendant purported to offer evidence that the amount in controversy exceeded $19 million, the Court

nonetheless remanded on the basis of defendant's failure to provide adequate support for its calculation. Specifically, the Court rejected the defendant's efforts to estimate the size of the class and the average time class members worked, noting that with respect to both of these factual predicates to defendant's calculation, the defendant failed to provide "summary judgment type evidence" which could support its calculation. *Id*. at *4. The court also rejected defendant's argument that the estimated amount at issue would be increased by plaintiffs' demand for attorneys' fees because "defendant provide[d] the Court with no data from which the Court could compute the estimated attorneys' fees recoverable here." *Id*. at *4, n.3.

Thus, a defendant seeking removal must provide summary judgment type evidence to support its calculation of the amount at issue. *See also Lowdermilk*, 479 F.3d at 1001 (rejecting purported estimates contained in declaration where "[d]efendant provide[d] thin support for how it arrived at these numbers" and defendant improperly "assume[d] that all class members would be entitled to the maximum damages … but provide[d] no evidence to support this assertion"); *Strawn*, 513 F. Supp. 2d at 607-08 (rejecting defendant's argument that it should not be required to undertake an estimate which would involve a separate assessment for each potential class member because "[n]othing in [that] argument changes the fact that the burden remains on the defendant to establish that the amount in controversy is satisfied"); *Miedema*, 450 F.3d at 1332 (rejecting defendant's calculation as insufficient because, "[e]ven if we assume that this kind of estimation is reliable, it presumes that the rate of registration by [the state consumer class members] closely parallels [defendant's] national average").

## II.  DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN BY OFFERING ONLY SPECULATION AND CONJECTURE

Here, defendants have failed to meet their burden because they have not provided a reasonable estimate supported by evidence—in fact, defendants have provided *no* evidence

-5-

whatsoever to support their removal allegations.[5]  Instead, the scant facts defendants do offer are not sufficient to establish jurisdiction, and in fact provide an insufficient basis for the jurisdictional calculation defendants attempt to establish.  Thus, defendants' attempted calculation is entirely unsupported by evidence or facts and amounts to nothing more than speculation and conjecture, which can never be adequate to establish removal jurisdiction. *See, e.g., Lowdermilk*, 479 F.3d at 1002 ("we cannot base our jurisdiction on Defendant's speculation and conjecture").

Defendants' efforts to establish the jurisdictional amount rely upon three assumptions, each of which is set out in Paragraph 10 of the Notice of Removal: (1) defendants' assumption that the class will consist of at least 16,000 individuals; (2) defendants' assumption that class members' hourly wage is $16.00; and (3) defendants' assumption that each class member will seek to recover for at least 13 hours of overtime. Not one of these assumptions is adequately supported by evidence or facts, and defendants cannot establish the jurisdictional amount at issue merely by lumping together this group of unsupported assumptions.  Moreover, even if defendants did adequately prove each of these assumptions, these assumptions still could not adequately establish that the amount in controversy meets CAFA's jurisdictional limit of at least $5 million.[6]

Defendants' assumption that the relevant class will include 16,000 plaintiffs is not supported.  In fact, although defendants attempt to imply that 16,000 is a reasonable estimate of the class size in this action, they make no attempt to assert or to show that their

---

[5] Plaintiffs note that defendants' only attempt to produce proof in support of their burden consists of the Key Declaration, attached as Exhibit C to defendants' Notice of Removal.  The two other exhibits attached to that Notice contain only the pleadings and other documents filed in the state court proceeding, none of which provide any factual support which could meet defendants' burden.

[6] Even accepting defendants' assumptions arguendo, defendants would not have established a jurisdictional amount in excess of $5 million, but would have established damages amounting to only $4,992,000 (16,000 plaintiffs X 13 hours of overtime X $24.00 overtime rate of time-and-one-half = $4,992,000).

-6-
PLAINTIFFS' RE-NOTICE OF MOTION AND MOTION FOR REMAND - Case No. CV 08-1184 SI

estimate in any way relates to the class as defined in the Complaint—declarant Janet Key states that the 16,000 estimate represents only "the number of employees who held non-exempt positions with Alderwoods during the three years prior to Alderwoods' being merged into an SCI subsidiary." Key Decl. ¶6. That may or may not be true—Ms. Key provides no explanation that would permit this Court to evaluate her methodology—but, in any event, that figure is not connected to the size of the class alleged. The class in this action is limited to those "employees and former employees of defendants who were suffered or permitted to work by defendants and not paid their regular or statutorily required rate of pay for all hours worked," not all hourly employees. Complaint ¶¶21, 67.

In fact, the Complaint goes on to specifically identify eight policies by which defendants deprived plaintiffs of their proper wages. Complaint ¶72a-h. Thus, the Complaint alleges that, pursuant to defendants' "On Call Pay Policy," employees were permitted to work on call after normal business hours but were not compensated for all work performed. Complaint ¶72b. For this claim, the only individuals who could participate in this class are those who worked on-call, a number which is far less than *all* of the defendants' hourly employees. Significantly, defendants nowhere set forth evidence—or even an estimate—of the number of employees who ever worked on-call and thus would participate in this claim. Each of the other illegal policies alleged in the Complaint would similarly apply to only those employees who were subject to those policies. Thus, defendants cannot meet their burden simply by stating the total number of hourly individuals in their employ—instead, the *Alvarez* court stated that a proper estimate could be arrived at if the defendant were to compile the names of all class members, similar to the list defendant would provide a claims administrator at settlement.[7] 2007 WL 2317125 at *4. *See also Lowdermilk*, 479 F.3d at 1001 (rejecting purported estimates contained in

---

[7] Plaintiffs note that defendants are clearly capable of making such detailed lists and estimates. For example, when the court in the Western District of Pennsylvania granted notice with respect to plaintiffs' FLSA claims, defendants produced a list of names and contact information for approximately 2,780 class members.

-7-

1  declaration where defendant improperly "assume[d] that all class members would be

2  entitled to the maximum damages … but provides no evidence to support this assertion").

3        Defendants' assumption that each class member was paid an average hourly wage of

4  $16.00 is likewise unsupported. Defendants apparently undertook no effort whatsoever to

5  confirm that $16.00 is a reasonable average hourly wage for the 16,000 individuals they

6  assume would be class members. Instead, defendants considered only the hourly wages of

7  three individuals currently named in this action.[8] Aside from mentioning the pay rates

8  applicable to three individuals, defendants have provided no evidence whatsoever to either

9  support their methodology in arriving at $16.00 as a reasonable average hourly wage or to

10 assure this Court that such an average estimate is, in fact, the average rate of pay applicable

11 to class members in this action. *See, e.g., Lowdermilk*, 479 F.3d at 1001 (rejecting

12 purported estimates contained in declaration where "[d]efendant provide[d] thin support for

13 how it arrived at these numbers"); *Miedema*, 450 F.3d at 1332.

14       Finally, defendants have made no attempt to provide any evidence whatsoever to

15 support their assumption that each class member worked at least 13 hours of overtime. The

16 Key Declaration contains no reference to or support for that number. In fact, it appears that

17 defendants arrived at this number merely by calculating the number of hours that would be

18 necessary to satisfy their purported estimate equation (or, as discussed *supra* in footnote 5,

19 to *almost* satisfy that equation). Defendants have not even attempted to produce the

20 required estimate based on the actual facts at issue here. *See, e.g., Alvarez*, 2007 WL

21 2317125 at *4 ("defendant chose not to provide the underlying facts and instead relied on a

22 speculative, conjectural estimate … Without 'summary judgment type evidence' from

---

[8] Plaintiffs note it is unclear whether defendants' reference to "David" Helm (and not named plaintiff William Helm) in both the Notice of Removal and the Key Declaration is merely a typographical error, or whether Ms. Key reviewed payroll information for a different individual. In any event, this confusion emphasizes the lack of detail and reliability in what little information defendants have provided.

defendant concerning the average time worked during the class period, the Court cannot accurately compute damages or civil penalties").

Thus, each assumption defendants rely upon in attempting to prove the jurisdictional amount at issue is wholly unsupported, amounts to no more than speculation and conjecture, and is insufficient to satisfy defendants' burden. Moreover, if defendants truly believed that any one of their assumptions was fully supported and accurate, they presumably would have offered to stipulate to those assumptions—the fact that defendants have not offered to stipulate that the class will exceed 16,000 members; that class members were paid $16.00 per hour; or that class members each worked 13 hours of overtime indicates that defendants' proffered assumptions are disingenuous.

Defendants' effort to bolster their assumed "estimate" by noting that plaintiffs may seek other forms of damages or compensation in this action is likewise unavailing. It is not enough for defendants to baldly assert that that the jurisdictional amount is satisfied without offering specific support for that assertion. *See, e.g., Alvarez*, 2007 WL 2317125 at *4, n.3 ("Although defendant claims the reasonable attorneys' fees result in an even higher amount in controversy, defendant provides the Court with no data from which the Court could compute the estimate attorneys' fees recoverable here"); *Morgan*, 471 F.3d at 475 ("defendants argue in conclusory fashion that the plaintiff will certainly seek an award of millions of dollars in punitive damages … [but] failed to prove what possible exposure existed with respect to punitive damages so as to satisfy any portion of the $5 million amount in controversy requirement").

Thus, defendants' Notice of Removal fails to provide evidence which would satisfy defendants' burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million. Defendants have failed to satisfy their significant burden of proving the jurisdictional amount by a preponderance of the evidence and, therefore, this action should be remanded to state court.

For the foregoing reasons, plaintiffs request that this action be remanded to state court.

                                              Respectfully Submitted,
                                              ROSEN, BIEN & GALVAN, LLP

Date: March 26, 2008                      By:*/s/ Lori Rifkin*

                                              Sanford Jay Rosen, State Bar No. 62566
                                              Maria V. Morris, State Bar No. 223903
                                              Lori E. Rifkin, State Bar No. 244081
                                              315 Montgomery Street, Tenth Floor
                                              San Francisco, CA 94104
                                              Telephone: (415) 433-6830

                                              DOLIN, THOMAS & SOLOMON LLP
                                              J. Nelson Thomas, NY Attorney No. 2579159
                                              Patrick J. Solomon, NY Attorney No. 2716660
                                              Michael J. Lingle, NY Attorney No. 3925765
                                              Annette Gifford, NY Attorney No. 4105870
                                              Justin Cordello, NY Attorney No. 4131447
                                              693 East Avenue
                                              Rochester, NY 14607
                                              Telephone: (585) 272-0540

                                              MARGOLIS EDELSTEIN
                                              Charles H. Saul, PA State Bar No.19938
                                              Liberty J. Weyandt, PA State Bar No. 87654
                                              Kyle T. McGee, PA State Bar No. 205661
                                              525 William Penn Place, Suite 3300
                                              Pittsburgh, PA 15219
                                              Telephone: (412) 281-4256

                                              Attorneys for Plaintiffs

# EXHIBIT A

Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
srosen@rbg-law.com

[Additional Counsel Listed on Following Page]

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| WILLIAM HELM, DEBORAH PRISE, HEATHER P. RADY, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., and SCI HOUSTON MARKET SUPPORT CENTER, L.P.,<br><br>Defendants. | Case No. CV 08-1184 JSW<br><br>**PLAINTIFFS' STATEMENT IN SUPPORT OF RELATING CASES** |

-1-
STATEMENT IN SUPPORT OF RELATING CASES - Case No. CV 08-1184 JSW

Additional Attorneys for Plaintiffs, who will
submit applications for admission *pro hac vice*:

J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Michael J. Lingle, NY Attorney No. 3925765
Annette Gifford, NY Attorney No. 4105870
Justin Cordello, NY Attorney No. 4131447
DOLIN, THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
Facsimile: (585) 272-0574
nthomas@theemploymentattorneys.com

Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
MARGOLIS EDELSTEIN
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256
Facsimile: (412) 642-2380
csaul@margolisedelstein.com

**STATEMENT IN SUPPORT OF RELATING CASES**

Plaintiffs submit this Statement in Support of Relating Cases in response to Judge Jeffrey S. White's *sua sponte* Judicial Referral for Purposes of Determining Relationship of Cases (*see* Case No. 08-1184, Docket No. 26). Plaintiffs respectfully submit that, in light of the prior decision relating two other actions currently pending in the District Court for the Northern District of California—*Bryant v. Alderwoods Group, Inc.*, Case No. 07-5696 ("*Bryant I*") and *Bryant v. Service Corporation International*, Case No. 08-1190 ("*Bryant II*")—the instant action ("*Helm*") should be related to those other actions.

Plaintiffs initially filed the claims asserted in *Helm*, *Bryant I* and *Bryant II* together with other claims in an action in the District Court for the Western District of Pennsylvania captioned *Prise v. Alderwoods Group, Inc.*, Case No. 06-1641 ("*Prise*"). All of the claims in each of these actions are based upon the allegation that employees who worked at defendants' funeral home locations were not properly paid their regular or statutorily required rates for all the time they worked for defendants.

At defendants' request, however, the *Prise* Court determined that certain claims would not be heard together in that action. Based upon the *Prise* Court's rulings, as well as defendants' position which resulted in those rulings, plaintiffs refiled certain claims separately in the *Helm*, *Bryant I* and *Bryant II* actions.

However, consistent with plaintiffs' initial filing and in light of the prior determination that *Bryant I* and *Bryant II* are related, plaintiffs submit that the *Helm* action should also be related.

**PROCEDURAL HISTORY**

*Plaintiffs File All Claims Together in the Western District of Pennsylvania*

On December 12, 2006, Alderwoods Group, Inc. ("Alderwoods") and Service Corporation International ("SCI"), both named defendants in this action, were named in the *Prise* complaint filed in the Western District of Pennsylvania. Prior to the filing of *Prise*, SCI had acquired Alderwoods and Alderwoods had become SCI's wholly-owned

subsidiary. After the merger, SCI continued to operate the vast majority of both its own funeral homes and those of Alderwoods.

The *Prise* complaint was filed as a class and collective action alleging, *inter alia*, that employees who worked at defendants' funeral home locations were not properly paid for all the time they worked for defendants. It asserted violations of both the Fair Labor Standards Act ("FLSA") and state wage and hour laws. The *Prise* Court conditionally certified an FLSA class of employees and directed that notice be sent to certain individuals who worked or had worked at an Alderwoods location. In response to that notice, hundreds of current and former employees opted-in to the *Prise* action, including employees who had worked only at Alderwoods locations, before and/or after SCI's acquisition ("Alderwoods employees"), and employees who had worked at other SCI locations unrelated to Alderwoods ("SCI employees").

Both Alderwoods and SCI employed a set of practices or policies whereby employees were not paid their regular or statutorily required rate for all hours worked. Thus, because of the overlapping legal liability of defendants, as well as the overlapping factual issues in the matter, plaintiffs believed it was legally appropriate and in the interests of judicial efficiency for defendants to be named in a common action and for all of the employees' claims to be brought together.

***Defendants Move to Have Certain Claims Heard Separately***

Based on defendants' requests in their motions, the *Prise* Court determined that certain claims would not be heard together in the *Prise* action. Following these rulings, plaintiffs refiled those claims in the *Bryant I*, *Helm* and *Bryant II* actions.

As an initial matter, in granting plaintiffs' motion for notice the *Prise* Court also provided a deadline by which individuals who wished to join that action must opt-in. Employees who asked to assert claims against defendants but could not join the *Prise* action because of the deadline were joined together with certain other individuals in the *Bryant I* action.

1       In June, 2007, the *Prise* Court declined to exercise supplemental jurisdiction over any of the state law claims alleged in the *Prise* action. Therefore, on or about July 9, 2007, the Alderwoods employees and the SCI employees jointly reasserted their state law claims in a Class Action Complaint filed in the Superior Court of the State of California for the County of Alameda. Defendants removed that action to federal District Court for the Northern District of California as *Prise v. Alderwoods Group, Inc.*, 07-05140 (the "Combined State Law Action").

      Subsequently, the *Prise* Court determined it would only hear claims on behalf of Alderwoods employees, and that claims of employees who had worked only at other SCI locations should be heard in a separate action. Based on that ruling, the federal claims of those SCI employees were refiled in a separate action in the District of Arizona.

      Based upon defendants' position that resulted in that ruling, the Combined State Law Action was voluntarily dismissed so that the state law claims of the Alderwoods employees could be heard separately from those of the SCI employees—just as the *Prise* Court had ruled that their federal claims would be filed separately. Those state law claims were refiled by the Alderwoods employees in *Helm*, while the SCI employees filed their state law claims in *Bryant II*. Both *Helm* and *Bryant II* were initially filed in state court and removed to federal district court by defendants.

      Thus, three actions are now pending in the Northern District of California: *Bryant I*, which asserts FLSA claims on behalf of Alderwoods employees who were unable to join the *Prise* action; *Helm*, which asserts the state law claims of Alderwoods employees; and *Bryant II*, which asserts the state law claims of SCI employees. On March 11, 2008, the Court ruled that the *Bryant I* and *Bryant II* actions are related. *See Bryant II*, Case No. 08-1190, Docket No. 27. On March 13, 2008, the *Helm* matter was referred for determination as to whether it, too, should be related to the *Bryant* actions. *See Helm*, Case No. 08-1184, Docket No. 26.

-5-
STATEMENT IN SUPPORT OF RELATING CASES - Case No. CV 08-1184 JSW

1                         *HELM* **SHOULD BE RELATED TO THE OTHER ACTIONS**

2        As discussed above, plaintiffs initially filed all of the claims at issue in a single action because plaintiffs believed that the overlapping legal liability of defendants, as well as the overlapping factual issues in the matter, rendered it legally appropriate and in the interests of judicial efficiency for these claims to be brought together. The claims were filed in separate actions only in response to defendants' arguments and positions.

       There is significant overlap in the parties to these actions. Although some of the plaintiffs may be neatly defined as either Alderwoods employees or SCI employees, other plaintiffs fall into both categories. Moreover, with the exception of Alderwoods, which is not named in *Bryant II*, there is complete overlap in the corporate defendants in these actions, although individual defendants vary somewhat. Finally, there is significant factual overlap in these cases, which involve similar or identical policies and practices.

       Most importantly, the ruling relating the *Bryant I* and *Bryant II* actions weighs in favor of relating the *Helm* action. The plaintiffs in the *Helm* action include the plaintiffs in the *Bryant I* action (and may, to a lesser extent, overlap with the plaintiffs in *Bryant II*). The state law claims at issue in *Helm* are nearly identical to those at issue in *Bryant II*.

       Thus, plaintiffs submit that, in light of the determination that *Bryant I* and *Bryant II* are related, *Helm* should also be related in the interest of judicial efficiency.

                                                       Respectfully Submitted,
                                                       ROSEN, BIEN & GALVAN, LLP

Date: March 17, 2008                   By:*/s/ Lori Rifkin*
                                                     Sanford Jay Rosen, State Bar No. 62566
                                                     Maria V. Morris, State Bar No. 223903
                                                     Lori E. Rifkin, State Bar No. 244081
                                                     315 Montgomery Street, Tenth Floor
                                                     San Francisco, CA 94104
                                                     Telephone: (415) 433-6830

| | |
|---|---|
| 1 | DOLIN, THOMAS & SOLOMON LLP |
| | J. Nelson Thomas, NY Attorney No. 2579159 |
| 2 | Patrick J. Solomon, NY Attorney No. 2716660 |
| 3 | Michael J. Lingle, NY Attorney No. 3925765 |
| | Annette Gifford, NY Attorney No. 4105870 |
| 4 | Justin Cordello, NY Attorney No. 4131447 |
| | 693 East Avenue |
| 5 | Rochester, NY 14607 |
| 6 | Telephone: (585) 272-0540 |
| 7 | MARGOLIS EDELSTEIN |
| 8 | Charles H. Saul, PA State Bar No.19938 |
| | Liberty J. Weyandt, PA State Bar No. 87654 |
| 9 | Kyle T. McGee, PA State Bar No. 205661 |
| 10 | 525 William Penn Place, Suite 3300 |
| | Pittsburgh, PA 15219 |
| 11 | Telephone: (412) 281-4256 |
| 12 | Attorneys for Plaintiffs |

-7-
STATEMENT IN SUPPORT OF RELATING CASES - Case No. CV 08-1184 JSW