```
Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830
Facsimile:  (415) 433-7104
srosen@rbg-law.com
```

[Additional Counsel Listed on Following Page]

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| WILLIAM HELM, DEBORAH PRISE, HEATHER P. RADY, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., and SCI HOUSTON MARKET SUPPORT CENTER, L.P.,<br><br>Defendants. | Case No. CV 08-1184 SI<br><br>**DECLARATION OF ANNETTE GIFFORD IN SUPPORT OF PLAINTIFFS' AMENDED ADMINISTRATIVE MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' AMENDED MOTIONS TO DISMISS (Docket Nos. 41 and 42) and DEFENDANTS' AMENDED MOTION FOR ATTORNEY FEES AND STAY (Docket No. 40)** |

Additional Attorneys for Plaintiffs, who will submit applications for admission *pro hac vice*:

J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Michael J. Lingle, NY Attorney No. 3925765
Annette Gifford, NY Attorney No. 4105870
Justin Cordello, NY Attorney No. 4131447
DOLIN, THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
Facsimile:  (585) 272-0574
nthomas@theemploymentattorneys.com

Charles H. Saul, PA State Bar No. 19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
MARGOLIS EDELSTEIN
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256
Facsimile: (412) 642-2380
csaul@margolisedelstein.com

I, Annette Gifford, under penalty of perjury, declare:

1.  I am associated with the law firm Dolin, Thomas & Solomon LLP, lead counsel for Plaintiffs in this action, and, as such, I am fully familiar with the facts and circumstances giving rise to this motion. I submit this Declaration in support of Plaintiffs' Amended Administrative Motion for an Extension of Time to Respond to Defendants' Motions to Dismiss (Docket Nos. 41 and 42) and Defendants' Motion for Attorney Fees and Stay (Docket No. 40) (collectively, "Defendants' Motions"). The facts contained herein are based upon my own personal knowledge, and if called to do so, I could and would competently testify to their truth.

2.  On December 5, 2007, the instant action was commenced via a Class Action Complaint filed in the Superior Court in the State of California for the County of Alameda, Case No. RG 07334643, asserting violations of state laws, including wage and hour laws.

3.  Defendants subsequently removed the instant action to Federal District Court for the Northern District of California via a Notice of Removal filed February 27, 2008 (Docket No. 1) on the sole basis of alleged original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).

4.  On March 5, 2008, Defendants' Motions were filed and set for a hearing on April 15, 2008.

5.  Subsequent to the filing of Defendants' Motions, on March 24, 2008, plaintiffs timely moved this Court for an Order remanding the action to Superior Court on the grounds that defendants have not met their burden of demonstrating that original jurisdiction exists under CAFA (Docket No. 29).

6.  On March 25, 2008, plaintiffs filed their original Administrative Motion for an extension of time on the same grounds asserted in this motion.

7.  Subsequently, on March 26, 2008, the Court issued an order relating this case to two other currently pending actions, vacating all pending motions and directing the parties to re-notice their motions. (Docket No. 39).

8. On March 26, 2008, Defendants' Motions were re-filed in amended form and set for a hearing on May 9, 2008. (Docket Nos. 40-42).

9. Currently, plaintiffs' responses to Defendants' Motions are due April 18, 2008. Plaintiffs now move this Court for an extension of time to respond to Defendants' Motions until 14 days after the resolution of plaintiffs' Motion to Remand, should this Court retain jurisdiction.

10. Plaintiffs' counsel attempted to obtain a stipulation to an extension of time to respond to Defendants' Motions during a telephone conference on March 25, 2008. During that telephone conference, counsel for defendants stated that defendants would object to plaintiffs' request. Plaintiffs believe that the current schedule would be an inefficient use of judicial resources as it would require the Court and the parties to prepare for argument regarding Defendants' Motions prior to the time the Court rules regarding plaintiffs' Motion for Remand.

11. Defendants' Motions should properly be argued and decided only after Plaintiffs' Motion for Remand is decided and the issue of subject matter jurisdiction is resolved. The Court must first determine whether it properly has subject matter jurisdiction over this matter and only if the Court concludes it does have such jurisdiction should it entertain Defendants' Motions. Should the Court conclude there is no federal jurisdiction over the alleged state law claims, Defendants' Motions would be rendered moot. Thus, plaintiffs submit that it would not be in the interest of judicial economy for the parties to fully brief and for the Court to hear Defendants' Motions prior to a determination regarding plaintiffs' Motion for Remand.

12. There have been no previous time modifications in this case, whether by stipulation or Court order.

13. In the event the Court grants Plaintiffs' request for an extension of time to respond to Defendants' Motions, the only effect to the schedule of this case would be that Defendant's Motions will be heard at a later date. Plaintiffs submit that such delay would not result in any substantial adverse effect on the schedule for this case.

1  Executed this 27th day of March, 2008 in Rochester, New York.

*[signature]*
Annette Gifford