1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ SB#125118
   GURNEE & DANIELS LLP
3  2240 Douglas Boulevard, Suite 150
   Roseville, CA  95661-3805
4  Telephone    (916) 797-3100
   Facsimile    (916) 797-3131
5
   Attorneys for Defendants
6
   ALDERWOODS GROUP, INC., PAUL A. HOUSTON,
7  SERVICE CORPORATION INTERNATIONAL,
   SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC.,
8  SCI EASTERN MARKET SUPPORT CENTER, L.P.,
9  SCI WESTERN MARKET SUPPORT CENTER, L.P.,
   a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., and
10 SCI HOUSTON MARKET SUPPORT CENTER, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| WILLIAM HELM, DEBORAH PRISE, HEATHER P. RADY, et al., on behalf of themselves and all other employees and former employees similarly situated, <br><br> Plaintiffs, <br> vs. <br><br> ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P., a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., and SCI HOUSTON MARKET SUPPORT CENTER, L.P. <br><br> Defendants. | Case No. 08-cv-01184-SI <br><br> And Related Cases of: <br><br> *Bryant et al. v. Service Corporation International et al.* Case No. 08-cv-01190 SI and *Bryant et al v. Service Corporation International et al.* 07-CV-5696-SI <br><br> **Judge Susan Illston** <br><br> **DECLARATION OF NICHOLAS P. FORESTIERE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** <br><br> DATE:   MAY 9, 2008 <br> TIME:   9:00 A.M. <br> DEPT:   10 |

1

DECLARATION OF NICHOLAS P. FORESTIERE IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

I, Nicholas P. Forestiere declare that

1.  I am an attorney license to practice in the State of California and admitted to practice before this court. I am also one of the attorneys representing the defendants in this action. I have personal knowledge of the facts set forth in this declaration, and if called as a witness I could and would competently testify thereto.

2.  I have performed a number of calculations set forth herein based upon the law and facts submitted in opposition to the plaintiffs' motion to remand.

3.  The minimum number of class members required to establish CAFA jurisdiction based upon plaintiffs seeking the $4,000 maximum amount for the alleged statutory violations of California Labor Code sections 226(a) and 226(e) as a result of failing to timely and accurately provide wage statements is 1,250 (i.e., $5 million divided by $4,000 equals 1,250.).

4.  The number of class members alleging violations of California Labor Code sections 226(a) and 226(e) is 1,065. This number is based upon the search conducted by Joseph Schmuck ("JS Dec.") as set forth in his declaration, particularly paragraph 11.

5.  The amount in controversy for the plaintiffs' claims based upon the alleged statutory violations of California Labor Code sections 226(a) and 226(e) for failing to timely and accurately provide wage statements is $4,260,000. This amount results from multiplying the 1,065 number of Alderwoods' employees (JS Dec. par. 11.) employed in California by the $4,000 maximum statutory penalty for each class member.

6.  The estimated amount of the attorney fees recoverable by plaintiffs for wage statement violations pursuant to section 226(e) is 1,278,000. This is based upon 30% of the $4,260,000 amount in controversy for such alleged violations.

7.  I calculated the average hourly rate for the 27 employees initially named as plaintiffs in this action. I used each of their hourly rates as set forth in paragraph 14 of Mr. Joseph Schmuk's declaration. The total amount of all the hourly rates for all 27 of those employees is 425.43. I then divided that figure by 27 resulting in an average hourly rate for them in the amount of $15.76. I then multiplied the average $15.76 hourly by

2

DECLARATION OF NICHOLAS P. FORESTIERE IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

eight hours to arrive at an average daily rate of wages in the amount of $126.08. I then multiplied the $126.08 average daily rate of wages by 30 days that produced $3,782.40. This amount reflects the average maximum amount of additional wages to be paid to each class member as a waiting time penalty pursuant to California Labor Code section 203. I then multiplied the $3,782.40 to be paid to each class member as a waiting time penalty by the 561 number of California employees (JS Dec. par. 12.) to determine that the amount in controversy for such disputed claims is $2,121,926.40.

8.  I multiplied the average $15.76 hourly rate that I calculated above for all of the initially named plaintiffs hourly by two hours to arrive at a two hour of average wages in the amount of $31.52. I then multiplied the $31.52 by the 250 workdays in a year, excluding two weeks of vacation (i.e., 5 work days times 50 weeks = 250 work days). The result was $7,880. This figure represents the maximum amount of additional wages to be paid to each California employee for missed meal and rest periods on an annual basis. I then multiplied $7,880 by the 1065 number of Alderwoods' employees working in California (JS Dec. par. 11.) to determine the annual amount of $8,392,200 to be paid to all class members for one year. I then multiplied the $8,392,200 by the class period of 2.11 years (i.e., December 5, 2003 to November 28, 2006.) to arrived at $17,707,542. The $17,707,542 represents the amount in controversy for all missed meal and rest periods for all employees that worked in California based on the maximum amount of the statutory penalty of two additional hours per day per employee for the class period.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and that this declaration was signed on ____4-18____, 2008, at Roseville, California.

_____
NICHOLAS P. FORESTIERE

3

**DECLARATION OF NICHOLAS P. FORESTIERE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**