STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA  95661-3805
Telephone     (916) 797-3100
Facsimile      (916) 797-3131

Attorneys for Defendants

ALDERWOODS GROUP, INC., PAUL A. HOUSTON
SERVICE CORPORATION INTERNATIONAL,
SCI FUNERAL AND CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN MARKET
SUPPORT CENTER, L.P., SCI WESTERN MARKET
SUPPORT CENTER, L.P., and SCI HOUSTON
MARKET SUPPORT CENTER, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HELM, DEBORAH PRISE, HEATHER P. RADY, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P., a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., and SCI HOUSTON MARKET SUPPORT CENTER, L.P.<br><br>Defendants. | No.  CV 08-01184 SI<br><br>**Judge Susan Illston**<br><br>**NOTICE OF ERRATA PAGES FOR DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES OPPOSITION TO PLAINTIFF'S MOTION TO REMAND (Docket No. 64.)**<br><br>**DATE:  MAY 9, 2008**<br>**TIME:  9:00 A.M.**<br>**DEPT:  10** |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**
Case No.: CV 08-01184 SI

0

Alderwoods Group, Inc., Paul A. Houston, Service Corporation International, SCI Funeral And Cemetery Purchasing Cooperative, Inc., SCI Eastern Market Support Center, L.P., SCI Western Market Support Center, L.P., and SCI Houston Market Support Center, L.P. (hereafter "Defendants") submit the attached errata pages for its following Points & Authorities in Opposition to Plaintiffs' Motion to Remand filed as Docket No. 64.

Dated: _____4-22_____, 2008.

GURNEE & DANIELS LLP

By _____

STEVEN H. GURNEE, ESQ.
DAVID M. DANIELS, ESQ.
Attorneys for Defendants
ALDERWOODS GROUP, INC., PAUL A.
HOUSTON SERVICE CORPORATION
INTERNATIONAL, SCI FUNERAL AND
CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN
MARKET SUPPORT CENTER, L.P., SCI
WESTERN MARKET SUPPORT CENTER,
L.P., and SCI HOUSTON MARKET
SUPPORT CENTER, L.P.

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**                    1
Case No.: CV 08-01184 SI

for the alleged inaccurate wage statement violations; $2,121,926.40 for the alleged waiting time penalties; $17,707,542 for the alleged missed meal and rest periods; and $5,098,392 for the alleged unpaid overtime.

### III. THE CALCULATION OF THE AMOUNT IN CONTROVERSY IS BASED UPON ALL OF THE CLAIMS ASSERTED BY ALL OF THE HOURLY NON-EXEMPT EMPLOYEES WHO WERE ALLEGEDLY EMPLOYED BY SCI'S SUBSIDIARY ENTITIES AND ALDERWOODS FOR THE PERIOD OF DECEMBER 5, 2003 TO FEBRUARY 28, 2008

The number of class members used to calculate the "amount in controversy" includes all of the hourly non-exempt former and present employees that worked for SCI's subsidiaries and Alderwoods before it merged with an SCI subsidiary. The Amended Complaint alleges that the class members in this action consists of all of the Alderwoods "non-exempt" "employees and former employees" that were "not paid their regular or statutorily required rate of pay for all hours worked" that were employed prior to its merger with an SCI subsidiary.[2] (Amended Complaint ¶¶ 12, 13, 14, 21, 59, 61, and 67.) Further, each of the ten causes of action alleges that they are all asserted "by all plaintiffs against all defendants". (Amended Complaint, ¶¶ 76-147.)

The period of time used to calculate the amount in controversy is December 5, 2003 to November 28, 2006. The Tenth Cause of Action for Unlawful Business Practices pleads a violation of California Business and Professions Code §17200 *et seq.* based upon various violations of California's wage and hour law. (Amended Complaint, ¶¶ 311 – 317.) Arguably, a violation of that section is subject to a four-year statute of limitations. (*Cortez v. Purolator Air Filtration Products Co,.* 23 Cal.4th 163, 179-180.) The earliest date of any alleged violations, therefore, would be December 5, 2003, four years prior to this action been filed in underlying state court action on December 5, 2007 (RJN Exhibit E). The allegations also expressly also limit the class period to prior to November 28, 2006. (Amended Complaint, ¶¶ 13, 14.)

---

[2] RJN, Exhibit C, paragraphs 2 and 8 in Plaintiffs' Motion for Leave to File Second Amended Complaint in the matter *Prise, et al. v. Alderwoods Group, Inc., et al,* Case No. 2:06-cv-01470-JFC, Docket No. 33, United States District Court for the Western District of Pennsylvania wherein plaintiffs admit that the merger occurred on November 28, 2006.

Based upon the above, the total number of nationwide class members for determining the "amount in controversy" is at least 2,450.[3] (Joe Schmuck Declaration ("JS Dec."). par. 10.) The total number of nationwide class members is consistent with Plaintiffs' admission in this action that "[t]he class size is believed to be several thousands of employees, a significant percentage of whom are within California". (Amended Complaint ¶ 59.) The total number of class members that worked in California for determining the "amount in controversy" is 1,065. (JS Dec. pars. 11.) That amount of class members employed in California is consistent with plaintiffs' admission that a "significant percentage" of the several thousand ~~over 10,000~~ class members are within California. Further, the total number of class members that worked in California whose employment was terminated is 561 (JS Dec. par. 12.)

## IV. PLAINTIFFS' CLAIMS OF ALLEGEDLY BEING PROVIDED INACCURATE AND UNTIMELY WAGE STATEMENTS CLEARLY ESTABLISH CAFA JURISDICTION

Where a statutory maximum is specified, the courts may consider the maximum statutory penalty available in determining whether the CAFA jurisdictional "amount in controversy" requirement is met. (*Korn v. Polo Ralph Lauren Corporation*, 536 F.Supp.2d 1199, 1205-1206 (E.D.Cal.,2008.).) The fact that the class plaintiffs *could* be awarded less than the maximum statutory penalty per violation overlooks the critical distinction between the likely recovery per plaintiff and the actual issue before the court, the *amount in controversy* in this litigation. (Id.)(emphasis added.) Moreover, the district courts in the Southern District of California and the Central District of California have looked to the statutory maximum penalties for alleged statutory violations in determining whether the jurisdictional requirements of the CAFA have been met. (*Id.* citing *Saulic v. Symantec Corp.,* No. 07-CV-610 (C.D.Cal. Dec. 26, 2007) - holding that where plaintiff had pled that damages could be up to the $1,000 statutory maximum under § 1747.08, defendants must

---

[3] Defendants do not concede that any or all non-exempt employees are class members, or that any class could be certified in this amount. Defendants further do not concede that they committed any of the statutory violations alleged in the Amended Complaint. This number of potential class members is based solely upon its allegations and is solely for the purposes of determining the "amount in controversy" required for CAFA jurisdiction.

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**     5
Case No.: CV 08-01184 SI

Given the above, the potential amount placed in controversy by the plaintiffs for defendants' alleged failure to timely and fully paid all of plaintiffs' wages upon the termination of their employment is $2,121,926.40, <u>which together with the amount in controversy of the other claims</u> well over the $5 million jurisdictional threshold. (NPF dec. par. 7.) The average hourly rate paid to several of the named plaintiffs in this action is $15.76. (JS par. 14; NPF dec. 7.) One additional day of average wages at that rate is $126.08. (NPF dec. 7.) The total amount for 30 days of average wages is $3,782.40. (NPF dec. 7.) The total number of class members that worked in California who allegedly did not fully or timely receive all their wages in violation of California Labor code sections 201 and 202 as alleged in the Amended Complaint is 561. (JS Dec. par. 12.) Using such variables establishes the $2,121,926.40 amount in controversy.

## VI.  PLAINTIFFS' CLAIMS FOR MISSED MEAL AND REST PERIODS CLEARLY ESTABLISH CAFA JURISDICTION

California Labor Code sections 226.7 and 512 govern payment of wages as additional compensation for missed meal and rest periods. No employer may require an employee to work during any meal or rest period. (Labor Code § 226.7(a).) Employees who work more than five hours in a day are entitled to a meal period of at least 30 minutes. (Labor Code § 512(a).) If an employer fails to provide an employee a meal period or rest period, then employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided. (Labor Code § 226.7(b).) Consequently, an employee that missed their meal and rest in one day periods would be entitled to two additional hours of wages per day.

Here, the allegations of the Amended Complaint and the defendants' submitted evidence establish that the amount put in controversy by the plaintiffs for missed meal and rest periods far exceeds the $5 million CAFA jurisdictional requirement. The Amended Complaint alleges that defendants allegedly failed to "pay for meal breaks", requiring their employees to "perform working during those meal breaks", failed to provide "legally required meal and rest periods", "repeatedly and regularly interrupt[ing] Class Members' meal and rest periods and/or required Class Members to forgo their meal and rest periods", failing to compensate them for their "missed

**CONTROVERSY FOR THEIR CLAIMED OVERTIME JURISDICTION**

Plaintiffs erroneously argue that the amount of overtime calculated by defendants in their petition for removal is only $4,992,000. Plaintiffs incorrectly used only 16,000 plaintiffs. However, the amount of plaintiffs specified in paragraph 6 of Ms. Key's declaration is 16,341 plaintiffs. Using the 16,341 figure, which is then multiplied by the 13 hours of overtime and by the overtime hourly rate of $24.00, produces an amount in controversy of at least $5,098,392.

## VIII. PLAINTIFFS' ARGUMENT THAT THE CLASS SIZE DOES NOT INCLUDE ALL HOURLY NON-EXEMPT FORMER AND PRESENT EMPLOYEES IS ENTIRELY MERITLESS

Plaintiffs, in seeking to evade the very CAFA jurisdiction they previously admitted existed over their state law claims in the Pennsylvania action, now speciously argue that number of class members does not include all hourly non-exempt employees. In parsing the language of its vaguely worded and artfully crafted Amended Complaint, they claim that the class members only consist of those employees whose rights were violated by the *eight* disputed employment policies that deprived them of their proper wages. (Plaintiffs' Motion for Remand, Docket 34, 6:22-23; Amended Complaint, ¶ 242.) Plaintiffs' erroneous argument that defendants are obligated to set forth the precise number of employees in each putative class or subclass alleged and the precise calculation of damages alleged concerning them are the same arguments that were expressly rejected by the court in *Muniz*. (*Muniz, supra,* 2007 WL 1302504 at *5.)

Had plaintiffs sought to truly limit the class size and members to only a limited number of employees, they could have expressly alleged such a limitation in their Amended Complaint. They did not do so, because they obviously wanted to create the largest class size possible, not limit it. Plaintiffs should not now be allowed to re-characterize its carefully crafted vague allegations in their disingenuous attempt to deny CAFA jurisdiction over their state law claims that they previously admitted existed.

Moreover, Plaintiffs' argument is completely refuted by the express allegations of their Amended Complaint. As discussed *inter alia*, the allegations of the Amended Complaint, both separately and taken as a whole, clearly state that the plaintiffs in this action consist of all of the non-exempt employees and former employees who worked at all of ~~SCI and~~ Alderwoods funeral