Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830
Facsimile:  (415) 433-7104
srosen@rbg-law.com

[Additional Counsel Listed on Signature Page]

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| WILLIAM HELM, DEBORAH PRISE, HEATHER P. RADY, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., and SCI HOUSTON MARKET SUPPORT CENTER, L.P.,<br><br>Defendants. | Case No. 3:08-cv-01184-SI<br><br>**PLAINTIFFS' REPLY TO MOTION FOR REMAND**<br><br><br>Date:       May 9, 2008<br>Time:       9:00 am<br>Courtroom: 10<br>Judge:      The Honorable Susan Illston |

Additional Attorneys for Plaintiffs, who have submitted or will submit applications for admission *pro hac vice*:

J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Annette Gifford, NY Attorney No. 4105870
DOLIN, THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
Facsimile:  (585) 272-0574
nthomas@theemploymentattorneys.com

Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
MARGOLIS EDELSTEIN
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256
Facsimile: (412) 642-2380
csaul@margolisedelstein.com

# PRELIMINARY STATEMENT[1]

Defendants' claim that plaintiffs' Motion to Remand amounts to "blatant forum shopping" is simply wrong.  In fact, it is *defendants* who attempt to engage in forum shopping—or, more accurately, to shift these claims from one venue to another venue to yet another venue in hopes of delaying any litigation of the underlying merits.  It is *defendants* who first requested that these state law claims be dismissed from litigation pending in federal court in the Western District of Pennsylvania.  It is *defendants* who removed this action to federal court after plaintiffs, in response to defendants' earlier motion, filed their state law claims in state court.  And it is *defendants* who have indicated that their next tactical maneuver will be a request that this matter be transferred back to the very same Western District of Pennsylvania court from which they previously sought dismissal.  *See, e.g.,* Defendants' Position in Joint Response to Order to Show Cause, 07-cv-5696-SI, Docket No. 56 at 10-12.  As a result of defendants' forum shifting, these claims—originally filed in December, 2006—have yet to be heard for their substantive merit.  Indeed, the parties have not even begun preliminary discovery.

Plaintiffs' Motion for Remand is both properly brought and meritorious.  Nowhere in their response papers do defendants attempt to distinguish plaintiffs' case law.  Nor do defendants dispute plaintiffs' argument that the "evidence" presented in defendants' notice of removal is inadequate to satisfy defendants' burden on removal.

Instead, defendants attempt to offer additional "evidence" regarding the jurisdictional amount—but this evidence, too, must be rejected as speculation and conjecture.  Defendants concede that the class identified in the complaint consists of "'non-exempt' 'employees and former employees' that were 'not paid their regular or statutorily required rate of pay for all hours worked." *See* Defendants' Memorandum of

---

[1] For the Court's convenience, plaintiffs note that, due to defendants' nearly identical positions in the instant motion and the Motion for Remand currently pending in the related matter *Bryant v. Service Corporation International*, 3:08-cv-1190-SI, this Reply Memorandum is nearly identical to the Reply Memorandum filed in *Bryant*.  The only differences between the two Memoranda are variations in record cites specific to each action.

PLAINTIFFS' REPLY TO MOTION FOR REMAND                                                    Case No. 3:08-cv-01184-SI
-2-

Points and Authorities in Opposition to Plaintiff's Motion to Remand, Docket No. 64 ("Defs' Mem.") at 4. Defendants, however, failed to employ this definition in calculating the amount in controversy and, thus, even defendants' newer, lengthier calculations remain premised on speculation and conjecture and are insufficient to satisfy defendants' jurisdictional burden. For this and other reasons discussed below, this matter should be remanded to state court.

## ARGUMENT

### I. DEFENDANTS' REVISED CALCULATIONS ARE INSUFFICIENT SPECULATION AND CONJECTURE

The Ninth Circuit has made clear the "well established [principle] that the plaintiff is 'master of her complaint.'" *See, e.g., Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 998-99 (9th Cir. 2007). Thus, as defendants concede, the class definition in the complaint is controlling for purposes of determining the jurisdictional amount at issue. *See* Defs' Mem. at 4.

Defendants have accurately identified the three-part definition of "class members" contained in the complaint as: (1) non-exempt; (2) employees and former employees; (3) who were not paid their regular or statutorily required rate of pay for all hours worked. *See* Defs' Mem. at 4; *see also* Complaint ¶¶21, 67. In their calculations, however, defendants have failed to apply the definition they identify, relying on the first two elements but ignoring the third, which expressly limits the class to only those employees who were not paid for all hours worked. *See* Defs' Mem. at 5. Defendants' reliance on *all* hourly employees in their calculations is misplaced. Plaintiffs do not assert—nor does the Complaint allege—that *all* hourly employees were not paid their regular or statutorily required rate of pay for all hours worked. Thus, plaintiffs have *not*, as defendants contend, attempted to expand the class definition to the broadest definition possible, but instead have limited the class by the allegations of the complaint.

Despite the clear direction of the Ninth Circuit and other courts in the cases cited by plaintiffs (*none* of which defendants even attempt to distinguish) that evidence of the jurisdictional amount in controversy must be based upon actual facts related to the allegations of the complaint, defendants have failed to do so here and cannot meet their burden. For example, in *Lowdermilk*, the Ninth Circuit rejected the defendant's purported calculation on the basis of evidence strikingly similar to that offered here. 479 F.3d at 1001. Notably, the *Lowdermilk* court did not conclude that the defendant had offered insufficient evidence, but instead concluded that the defendant's improper, speculative calculations left the court with "*no* evidence" of the jurisdictional amount actually at issue. *Id*. (emphasis added).

Thus, *Lowdermilk* and other case law have established a clear rule to determine whether a purported calculation is adequate to provide evidence which could satisfy a defendant's jurisdictional burden: the calculation must be based upon actual facts which relate to the class definition as it is set out in the complaint. Where, as here, the calculations incorporate a class definition different from that set out in the complaint, those calculations are not evidence of the actual amount in controversy, but are mere speculation and conjecture and cannot establish the jurisdictional amount in controversy.

The cases cited by defendants follow this rule. In *Muniz v. Pilot Travel Centers LLC*, the defendants' calculation based upon all non-exempt employees was proper because the complaint itself expressly defined the class as "[a]ll persons who at any time after four (4) years prior to the filing of this action through the date of trial were non-exempt employees of the Defendant in California." 2007 WL 1302504 at *3 (E.D. Cal. 2007). Similarly, in *Korn v. Polo Ralph Lauren Corp*. the defendant could determine the total number of credit card transactions at issue where the complaint expressly sought "civil penalties in amounts up to one thousand dollars ($1,000) per [credit card transaction] violation." 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Neither of these cases, however, can support defendants' contention that they can properly base their

calculation on *all* non-exempt employees where, as here, the complaint expressly limits the class to only those non-exempt employees who were not paid their regular or statutorily required rate of pay for all hours worked.

Defendants have impermissibly deviated from what they concede is the class definition contemplated in plaintiffs' complaint. In fact, defendants themselves deny "that any or all non-exempt employees are class members, or that any class could be certified in this amount." *See* Defs' Mem. at 5, n.3. Defendants' deviation renders their estimate of the number of class members nothing more than speculation and conjecture. Because that speculative figure underlies each of defendants' purported calculations, those calculations are insufficient to sustain defendants' burden.

Furthermore, the speculation and conjecture employed in defendants' calculations is made all the more apparent by the fact that defendants continue to use *different* numbers of potential class members in an attempt to satisfy their jurisdictional burden. *Compare* Defs' Mem. at 5 *with* Defs' Mem. at 12. Joe Schmuck now claims that 2,450 non-exempt employee worked for Alderwoods during the relevant time period. *See* Defs' Mem. at 5, citing Declaration of Joseph Schmuck, dated April 18, 2008, at ¶10. In their memorandum, however, defendants calculate the amount of overtime in controversy on the basis of 16,341 plaintiffs—the number previously identified by Janet Key, in support of defendants' notice of removal, as the total of non-exempt employees at issue. *See* Declaration of Janet Key in Support of Defendants' Notice of Removal, Docket No. 1 at ¶6. Defendants' own internal inconsistencies and the differences between their own calculations render those calculations speculative and insufficient to provide evidence to satisfy defendants' burden of proof.

In fact, as argued more fully in plaintiffs' original memorandum in support of their motion for remand, defendants' overtime calculations are also improperly speculative because they rely on unsupported assumptions. *See* Plaintiffs' Re-Notice of Motion and Motion for Remand and Memorandum of Points and Authorities in Support Thereof,

PLAINTIFFS' REPLY TO MOTION FOR REMAND                              Case No. 3:08-cv-01184-SI

-5-

Docket No. 43 ("Pls' Mem.") at 6-8. Defendants concede that a calculation of the amount of overtime damages in controversy requires information including the number of class members, the hourly rate each employee was paid, and the amount of overtime hours that each employee worked[2]. *See, e.g.,* Defs' Mem. at 12. Yet nowhere in the "evidence" provided in defendants' notice of removal *or* their opposition to the motion for remand (including the declarations submitted by Mr. Schmuck and Attorney Forestiere, who provides calculations but no factual evidence) can the Court glean accurate, factual information in any of these categories. As just one specific example, defendants have failed to make any effort whatsoever to distinguish between full time and part time employees, despite the fact that employees who worked fewer hours than the statutory minimums could not be eligible for any overtime. Thus, despite the fact that plaintiffs' initial memorandum set out the type of facts and evidence required to reach a calculation of the actual amount in controversy—relying upon case law which defendants do not and cannot dispute or distinguish—defendants have failed to provide evidence related to the actual claims at issue and have instead continued to rely on their unsupported speculation.

Defendants do not and cannot dispute plaintiffs' argument and authorities holding that generalized assertions that attorneys' fees or other penalties or damages would increase the amount in controversy cannot serve to establish the jurisdictional amount in controversy. *See* Pls' Mem. at 9. As discussed in plaintiffs' memorandum, courts have routinely rejected such arguments absent a calculation based upon the facts at issue. *See Alvarez v. Limited Express LLC*, 2007 WL 2317125 at *4, n.3 (S.D. Cal. 2007); *Morgan v. Gay*, 417 F.3d 469, 475 (3d Cir. 2006). Moreover, with respect to attorneys' fees,

---

[2] Defendants' calculation regarding their employees' unpaid hours is particularly troublesome. As set out in plaintiffs' initial memorandum, defendants make no effort to determine the actual number of overtime hours at issue in this case. *See* Pls' Mem. at 8. Instead—relying on other unsupported assumptions—defendants simply assert that, to reach the $5 million jurisdictional limit, each employee would have had to work only 13 hours of overtime. Defendants' effort to calculate the number of hours that *would* be required to establish jurisdiction clearly is insufficient proof of the number of hours that *actually* are at issue.

defendants apparently attempt to apply a common fund (rather than lodestar) approach to calculating fees. *See, e.g.,* NEWBERG ON CLASS ACTIONS at § 14.6 (2002). Such an award, however, would not serve to *increase* the amount of the award but would serve only to determine how the common fund would be divided.

Finally, although defendants assert that they may use an average of the hourly wages paid to named plaintiffs as an accurate representation of the average hourly wages paid to all class members. *See* Defs' Mem. at 9, 11. Defendants cite no authority to support this calculation. Moreover, defendants provide no rationale which would permit this Court to conclude that the named plaintiffs were paid an average wage that corresponded to the average wage of all class members.

## II. IN THE EVENT THE COURT HAS DOUBTS AS TO WHETHER DEFENDANTS HAVE SATISFIED THEIR BURDEN, REMAND IS APPROPRIATE

Plaintiffs do not, as defendants claim, rely solely on "general pre-CAFA removal jurisdiction" case law in arguing that, if there is any doubt as to whether jurisdiction has been adequately proven the matter should be remanded to state court. *See* Defs' Mem. at 1. Instead, plaintiffs rely on, *inter alia*, circuit court decisions in CAFA jurisdiction cases. *See* Pls' Mem. at 3, *citing, inter alia, Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328-29 (11th Cir. 2006). In fact, those cases specifically reject the congressional record arguments relied upon in the case law cited by defendants:

> we also reject [defendant's] argument, based on the legislative history described above, that the district court should have resolved any doubts about the amount in controversy in favor of finding jurisdiction. As with the burden of proof, CAFA itself is silent on the matter. The rule of construing removal statutes strictly and resolving doubts in favor of remand, however, is well-established. … Statements in CAFA's legislative history, standing alone, are a[n] insufficient basis for departing from this well-established rule.

*Miedema*, 450 F.3d at 1328-29. (internal citations omitted).

PLAINTIFFS' REPLY TO MOTION FOR REMAND                                     Case No. 3:08-cv-01184-SI
-7-

However, to the extent this Court believes that the jurisdictional discovery suggested by defendants would be useful or beneficial to this decision, plaintiffs do not object to the parties engaging in such discovery.

For the foregoing reasons, as well as the reasons set forth in their initial memorandum, plaintiffs request that this action be remanded to state court.

                                      Respectfully Submitted,
                                      DOLIN, THOMAS & SOLOMON LLP

Date: April 25, 2008                     By:     /s/ J. Nelson Thomas

                                      J. Nelson Thomas, NY Attorney No. 2579159
                                      Patrick J. Solomon, NY Attorney No. 2716660
                                      Annette Gifford, NY Attorney No. 4105870
                                      693 East Avenue
                                      Rochester, NY 14607
                                      Telephone: (585) 272-0540

                                      ROSEN, BIEN & GALVAN, LLP
                                      Sanford Jay Rosen, State Bar No. 62566
                                      Maria V. Morris, State Bar No. 223903
                                      Lori E. Rifkin, State Bar No. 244081
                                      315 Montgomery Street, Tenth Floor
                                      San Francisco, CA 94104
                                      Telephone: (415) 433-6830

                                      MARGOLIS EDELSTEIN
                                      Charles H. Saul, PA State Bar No.19938
                                      Liberty J. Weyandt, PA State Bar No. 87654
                                      Kyle T. McGee, PA State Bar No. 205661
                                      525 William Penn Place, Suite 3300
                                      Pittsburgh, PA 15219
                                      Telephone: (412) 281-4256

                                      Attorneys for Plaintiffs