non-compliance with federal law, including the requirements of the FLSA, ERISA and RICO, Ms. Jones actively participates in the violations complained of in this action.

164.   Based upon the foregoing, Ms. Jones is liable to Plaintiffs because of her active role in operating the business, her role in the violations complained of in this action, her status as an employer, or otherwise according to federal and state common law.

***Gwen Petteway Is Liable to Plaintiffs***

165.   Defendant Gwen Petteway has acted as Human Resources Director of defendant SCI Houston since 2005.

166.   Ms. Petteway's job responsibilities include familiarity "with the human resources services of the subsidiary and affiliate companies of SCI, as well as training and benefits provided to those companies." Appendix C at ¶3.

167.   As Human resources Director, Ms. Petteway's job responsibilities include providing and/or supervising "day-to-day human resources services and support for [defendants'] funeral home locations." Appendix C at ¶3.

168.   Upon information and belief, including defendants' admissions, due in part to her role as Human Resources Director, Ms. Petteway, in concert with others, is actively involved, and plays a central role, in the creation of the illegal policies complained of in this case, including, but not limited to, the On Call Pay Policy, Community Work Policy, Training Compensation Policy, Pre-Needs Appointment Policy, Meal Break Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and the policy regarding the calculation of Plaintiffs' overtime.

169.   Upon information and belief, including defendants' admissions, due in part to her role as Human Resources Director, Ms. Petteway, in concert with others, actively, and in a central role, advises defendants' agents on the enforcement of the illegal policies complained of in this case, including, but not limited to, the On Call Pay Policy, Community Work Policy, Training Compensation Policy, Pre-Needs Appointment Policy, Meal Break Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work

1    Time Policy, and the policy regarding the calculation of Plaintiffs' overtime.

2       170.   Upon information and belief, including defendants' admissions, due in part

3    to her role as Human Resources Director, Ms. Petteway, in concert with others, is actively

4    involved, and plays a central role, in ensuring defendants' compliance or non-compliance

5    with federal law, including the requirements of the FLSA, ERISA and RICO.

6       171.   Upon information and belief, including defendants' admissions, Ms.

7    Petteway, in concert with others, is actively involved, and plays a central role, in human

8    resources functions across SCI's network.

9       172.   Upon information and belief, including defendants' admissions, Ms.

10   Petteway, in concert with others, is actively involved, and plays a central role, in day-to-

11   day human resources services and support.

12      173.   Upon information and belief, including defendants' admissions, Ms.

13   Petteway, in concert with others, is actively involved, and plays a central role, in reviewing

14   and counseling defendants regarding employment decisions, including hiring and firing of

15   Plaintiffs.

16      174.   Upon information and belief, including defendants' admissions, Ms.

17   Petteway, in concert with others, is actively involved, and plays a central role, in decisions

18   that set employee's schedules, hours and standard benefit levels.

19      175.   Upon information and belief, including defendants' admissions, Ms.

20   Petteway, in concert with others, is actively involved, and plays a central role, in decisions

21   that set standard pay scales.

22      176.   Upon information and belief, including defendants' admissions, Ms.

23   Petteway, in concert with others, is actively involved, and plays a central role, in

24   defendants' human resources policies, resolving issues and disputes regarding policies and

25   their applications, counseling locations receive regarding human resources issues,

26   providing day-to-day services and support regarding human resources issues, and

27   communications with employees about human resources issues and policies.

177.   Upon information and belief, including defendants' admissions, Ms. Petteway, in concert with others, is actively involved in defendants' employment and human resources records, including the systems for keeping and maintaining those records.

178.   Upon information and belief, including defendants' admissions, Ms. Petteway, in concert with others, is actively involved, and plays a central role, in training and education functions across SCI's network.

179.   Upon information and belief, including defendants' admissions, Ms. Petteway, in concert with others, is actively involved, and plays a central role, in decisions that determine the type and scope of training employees must attend as well as any compensation they receive for attending training.

180.   Upon information and belief, including defendants' admissions, Ms. Petteway, in concert with others, is actively involved, and plays a central role, in payroll and commission functions across SCI's network.

181.   Upon information and belief, including defendants' admissions, Ms. Petteway, in concert with others, is actively involved in the system for keeping and maintaining employees' payroll records, the timing and method with which payment is conveyed to employees, and the manner and method in which employees receive payroll information including their payroll checks.

182.   Upon information and belief, including defendants' admissions, Ms. Petteway, in concert with others, is actively involved, and plays a central role, in defendants' benefit plans.

183.   Upon information and belief, including defendants' admissions, Ms. Petteway, in concert with others, is actively involved, and plays a central role, in the type and scope of benefits available to employees, the method and manner in which information regarding those plans is conveyed to employees, and the system for keeping and maintaining records related to employees' benefits.

184.   Because Ms. Petteway has authority to hire or fire employees, provide and

1   direct support regarding human resources issues, including the hiring and firing of

2   Plaintiffs, and control the drafting and enforcement of the policies which govern the hiring

3   and firing of employees, Ms. Petteway has the power to hire and fire employees.

4        185.   Because Ms. Petteway has authority to establish work schedules and/or

5   conditions of employment, provide and direct support regarding human resources issues,

6   including work schedules and/or conditions of employment, control the drafting and

7   enforcement of the policies which govern employees' schedules and/or conditions of

8   employment, establish the type and scope of training employees receive, and administer

9   employees' benefit programs, including standard benefit levels and the type and scope of

10  benefits available to employees, Ms. Petteway supervises and controls employees' work

11  schedules and/or conditions of employment.

12       186.   Because Ms. Petteway has authority to establish employees' rate and method

13  of payment and centrally control payroll functions, including standard pay scales, the

14  provision of payroll information, and the timing of payment, Ms. Petteway determines the

15  rate and method of employees' payment.

16       187.   Because Ms. Petteway has authority with respect to defendants' centralized

17  records, including a database regarding employees' employment records, and systems for

18  keeping and maintaining payroll, benefits, and other employment-related records, Ms.

19  Petteway maintains employees' employment records.

20       188.   Because Ms. Petteway is actively involved, or plays a central role, in day-to-

21  day support regarding human resources issues, including employees' work schedules

22  and/or conditions of employment, controls the drafting and enforcement of the policies

23  which govern employees' schedules and/or conditions of employment, and administers

24  employees' benefit programs, she is affirmatively, directly, and actively involved in

25  operations of defendants' business functions, particularly in regards to the employment of

26  Plaintiffs.

27       189.   Because Ms. Petteway is actively involved, or plays a central role, in the

creation of the illegal policies complained of in this case, actively advises defendants' agents on the enforcement of the illegal policies complained of in this case and actively ensures defendants' compliance or non-compliance with federal law, including the requirements of the FLSA, ERISA and RICO, she actively participates, or plays a central role, in the violations complained of in this action.

190. Based upon the foregoing, Ms. Petteway is liable to Plaintiffs because of her status as an employer according to federal and state common law.

**Thomas Ryan Is Liable to Plaintiffs**

191. Defendant Thomas Ryan has acted as President and Chief Executive Officer of SCI since in or around 2003.

192. Upon information and belief, including defendants' admissions, Mr. Ryan's responsibilities include actively managing SCI and its network.

193. Upon information and belief, including defendants' admissions, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern the policies defendants adopt and the implementation of those policies.

194. Upon information and belief, including defendants' admissions, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern defendants' operations, including functions related to employment, human resources, training, payroll, and benefits.

195. Upon information and belief, including defendants' admissions, due in part to his role as President and Chief Executive Officer, Mr. Ryan is actively involved in the creation of the illegal policies complained of in this case, including, but not limited to, the On Call Pay Policy, Community Work Policy, Training Compensation Policy, Pre-Needs Appointment Policy, Meal Break Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and the policy regarding the calculation of Plaintiffs' overtime.

196. Upon information and belief, including defendants' admissions, due in part

to his role as President and Chief Executive Officer, Mr. Ryan actively advises defendants' agents on the enforcement of the illegal policies complained of in this case, including, but not limited to, the On Call Pay Policy, Community Work Policy, Training Compensation Policy, Pre-Needs Appointment Policy, Meal Break Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and the policy regarding the calculation of Plaintiffs' overtime.

197.   Upon information and belief, including defendants' admissions, due in part to his role as President and Chief Executive Officer, Mr. Ryan actively ensures defendants' compliance or non-compliance with federal law, including the requirements of the FLSA, ERISA and RICO.

198.   Upon information and belief, including defendants' admissions, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern the reviewing and counseling of defendants regarding employment decisions, including hiring and firing of Plaintiffs.

199.   Upon information and belief, including defendants' admissions, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern employees' schedules, hours and standard benefit levels.

200.   Upon information and belief, including defendants' admissions, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern standard pay scales.

201.   Upon information and belief, including defendants' admissions, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern defendants' human resources policies, the resolution issues and disputes regarding policies and their applications, the counsel locations receive regarding human resources issues, and communications with employees about human resources issues and policies.

202.   Upon information and belief, including defendants' admissions, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern

defendants' employment and human resources records, including the systems for keeping and maintaining those records.

203.   Upon information and belief, including defendants' admissions, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern training and education functions across SCI's network.

204.   Upon information and belief, including defendants' admissions, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern the type and scope of training employees must attend as well as any compensation they receive for attending training.

205.   Upon information and belief, including defendants' admissions, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern payroll and commission functions across SCI's network.

206.   Upon information and belief, including defendants' admissions, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern the system for keeping and maintaining employees' payroll records, the timing and method with which payment is conveyed to employees, and the manner and method in which employees receive payroll information including their payroll checks.

207.   Upon information and belief, including defendants' admissions, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern benefit plans across SCI's network.

208.   Upon information and belief, including defendants' admissions, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern the type and scope of benefits available to employees, the method and manner in which information regarding those plans is conveyed to employees, and the system for keeping and maintaining records related to employees' benefits.

209.   Because Mr. Ryan has authority to hire or fire employees, provide and direct support regarding human resources issues, including the hiring and firing of Plaintiffs, and

1  control the drafting and enforcement of the policies which govern the hiring and firing of

2  employees, Mr. Ryan has the power to hire and fire employees.

3      210.   Because Mr. Ryan has authority to establish work schedules and/or

4  conditions of employment, provide and direct support regarding human resources issues,

5  including work schedules and/or conditions of employment, control the drafting and

6  enforcement of the policies which govern employees' schedules and/or conditions of

7  employment, establish the type and scope of training employees receive, and administer

8  employees' benefit programs, including standard benefit levels and the type and scope of

9  benefits available to employees, Mr. Ryan supervises and controls employees' work

10  schedules and/or conditions of employment.

11      211.   Because Mr. Ryan has authority to establish employees' rate and method of

12  payment and centrally control payroll functions, including standard pay scales, the

13  provision of payroll information, and the timing of payment, Mr. Ryan determines the rate

14  and method of employees' payment.

15      212.   Because Mr. Ryan has authority with respect to defendants' centralized

16  records, including a database regarding employees' employment records, and systems for

17  keeping and maintaining payroll, benefits, and other employment-related records, Mr.

18  Ryan maintains employees' employment records.

19      213.   Because Mr. Ryan provides day-to-day support regarding human resources

20  issues, including employees' work schedules and/or conditions of employment, controls

21  the drafting and enforcement of the policies which govern employees' schedules and/or

22  conditions of employment, and administers employees' benefit programs, he is

23  affirmatively, directly, and actively involved in operations of the defendants' business

24  functions, particularly in regards to the employment of Plaintiffs.

25      214.   Because Mr. Ryan is actively involved in the creation of the illegal policies

26  complained of in this case, actively advises defendants' agents on the enforcement of the

27  illegal policies complained of in this case and actively ensures defendants' compliance or

1   non-compliance with federal law, including the requirements of the FLSA, ERISA and
2   RICO, he actively participates in the violations complained of in this action.

3       215.   Based upon the foregoing, Mr. Ryan is liable to Plaintiffs because of his
4   active role in operating the business, his status as an employer, or according to federal and
5   state common law.

6   ***Curtis Briggs Is Liable to Plaintiffs***

7       216.   Defendant Curtis Briggs is President and/or Vice President of various entities
8   owned by SCI, some of which are also related to the SCI Cooperative and/or the SCI
9   Support Centers.

10      217.   Mr. Briggs is Vice President for the General Partner of SCI Eastern; Vice
11  President for the General Partner of SCI Houston; President and/or Vice President of the
12  SCI Cooperative; President and/or Vice President of SCI Western.

13      218.   Additionally, Mr. Briggs has executed employment contracts with various
14  executives in his role as Vice President of SCI Executive Services, Inc.

15      219.   Upon information and belief, including defendants' admissions, Mr. Briggs's
16  responsibilities include actively managing the entities for which he is an officer and the
17  defendants' network.

18      220.   Upon information and belief, including defendants' admissions, in concert
19  with others, Mr. Briggs has the authority to, and does, make decisions that concern the
20  policies defendants adopt and for the implementation of those policies.

21      221.   Upon information and belief, including defendants' admissions, in concert
22  with others, Mr. Briggs has the authority to, and does, make decisions that concern
23  defendants' operations, including functions related to employment, human resources,
24  training, payroll, and benefits.

25      222.   Upon information and belief, including defendants' admissions, due in part
26  to his numerous roles, Mr. Briggs is actively involved in the creation of the illegal policies
27  complained of in this case, including, but not limited to, the On Call Pay Policy,

Community Work Policy, Training Compensation Policy, Pre-Needs Appointment Policy, Meal Break Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and the policy regarding the calculation of Plaintiffs' overtime.

223.   Upon information and belief, including defendants' admissions, due in part to his numerous roles, Mr. Briggs actively advises defendants' agents on the enforcement of the illegal policies complained of in this case, including, but not limited to, the On Call Pay Policy, Community Work Policy, Training Compensation Policy, Pre-Needs Appointment Policy, Meal Break Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and the policy regarding the calculation of Plaintiffs' overtime.

224.   Upon information and belief, including defendants' admissions, due in part to his numerous roles, Mr. Briggs actively ensures defendants' compliance or non-compliance with federal law, including the requirements of the FLSA, ERISA and RICO.

225.   Upon information and belief, including defendants' admissions, in concert with others, Mr. Briggs has the authority to, and does, make decisions that concern the reviewing and counseling of defendants regarding employment decisions, including hiring and firing of Plaintiffs.

226.   Upon information and belief, including defendants' admissions, in concert with others, Mr. Briggs has the authority to, and does, make decisions that concern the setting of employees' schedules, hours and standard benefit levels.

227.   Upon information and belief, including defendants' admissions, in concert with others, Mr. Briggs has the authority to, and does, make decisions that concern  the setting of standard pay scales.

228.   Upon information and belief, including defendants' admissions, in concert with others, Mr. Briggs has the authority to, and does, make decisions that concern defendants' human resources policies, issues and disputes regarding policies and their applications, the counsel locations receive regarding human resources issues, and

1  communications with employees about human resources issues and policies.

2      229.   Upon information and belief, including defendants' admissions, in concert

3  with others, Mr. Briggs has the authority to, and does, make decisions that concern

4  defendants' employment and human resources records, including the systems for keeping

5  and maintaining those records.

6      230.   Upon information and belief, including defendants' admissions, in concert

7  with others, Mr. Briggs has the authority to, and does, make decisions that concern training

8  and education functions across defendants' network.

9      231.   Upon information and belief, including defendants' admissions, in concert

10  with others, Mr. Briggs has the authority to, and does, make decisions that concern the

11  type and scope of training employees must attend as well as any compensation they receive

12  for attending training.

13      232.   Upon information and belief, including defendants' admissions, in concert

14  with others, Mr. Briggs has the authority to, and does, make decisions that concern payroll

15  and commission functions across defendants' network.

16      233.   Upon information and belief, including defendants' admissions, in concert

17  with others, Mr. Briggs has the authority to, and does, make decisions that concern the

18  system for keeping and maintaining employees' payroll records, the timing and method

19  with which payment is conveyed to employees, and the manner and method in which

20  employees receive payroll information including their payroll checks.

21      234.   Upon information and belief, including defendants' admissions, in concert

22  with others, Mr. Briggs has the authority to, and does, make decisions that concern benefit

23  plans across defendants' network.

24      235.   Upon information and belief, including defendants' admissions, in concert

25  with others, Mr. Briggs has the authority to, and does, make decisions that concern the

26  type and scope of benefits available to employees, the method and manner in which

27  information regarding those plans is conveyed to employees, and the system for keeping

and maintaining records related to employees' benefits.

236. Because Mr. Briggs has authority to hire or fire employees, provide and direct support regarding human resources issues, including the hiring and firing of employees, and control the drafting and enforcement of the policies which govern the hiring and firing of employees, Mr. Briggs has the power to hire and fire employees.

237. Because Mr. Briggs has authority to establish work schedules and/or conditions of employment, provide and direct support regarding human resources issues, including work schedules and/or conditions of employment, control the drafting and enforcement of the policies which govern employees' schedules and/or conditions of employment, establish the type and scope of training employees receive, and administer employees' benefit programs, including standard benefit levels and the type and scope of benefits available to employees, Mr. Briggs supervises and controls employees' work schedules and/or conditions of employment.

238. Because Mr. Briggs has authority to establish employees' rate and method of payment and centrally control payroll functions, including standard pay scales, the provision of payroll information, and the timing of payment, Mr. Briggs determines the rate and method of employees' payment.

239. Because Mr. Briggs has authority with respect to defendants' centralized records, including a database regarding employees' employment records, and systems for keeping and maintaining payroll, benefits, and other employment-related records, Mr. Briggs maintains employees' employment records.

240. Because Mr. Briggs provides support regarding human resources issues, including employees' work schedules and/or conditions of employment, controls the drafting and enforcement of the policies which govern employees' schedules and/or conditions of employment, and administers employees' benefit programs, he is affirmatively, directly, and actively involved in operations of defendants' business functions, particularly in regards to the employment of Plaintiffs.

241.   Because Mr. Briggs is actively involved in the creation of the illegal policies complained of in this case, actively advises defendants' agents on the enforcement of the illegal policies complained of in this case, and actively ensures defendants' compliance or non-compliance with federal law, including the requirements of the FLSA, ERISA and RICO, Mr. Briggs actively participates in the violations complained of in this action.

242.   Based upon the foregoing, Mr. Briggs is liable to Plaintiffs because of his active role in operating the business, his status as an employer, or according to federal and state common law.

## VI.   FACTUAL BACKGROUND

243.   Plaintiffs worked for defendants and were not paid their regular or statutorily required rate of pay for all hours worked and were not paid at time and one-half for hours they worked over 40 in a week.

244.   Defendants' policy and/or practice was to not compensate Plaintiffs for work they suffered or permitted Plaintiffs to perform.

245.   Defendants knew Plaintiffs were supposed to receive such wages, however, defendants willfully failed to pay for all hours when Plaintiffs worked.

246.   Defendants' practice is to be deliberately indifferent to these violations of the statutory overtime requirements.

247.   The failure to pay overtime is willful.

248.   Examples of defendants' policies and practices to deprive Plaintiffs of their earned wages and wage premiums are set forth below:

   a.   **Subclass A:**  Defendants implemented an "On Call Pay Policy."  Under the policy, employees were suffered or permitted to perform work by handling calls and other work related issues after normal business hours, but defendants would not compensate employees for all work performed outside.

   b.   **Subclass B:**   Defendants implemented a "Community Work Policy."

Under the policy, defendants suffered or permitted their employees to perform "Community Work" so as to increase revenues for defendants. Defendants did not compensate the employees for such time spent in Community Work in furtherance of the employer's business under the "Community Work Policy."

c. **Subclass C:** Defendants' implemented a "Training Compensation Policy." Under the policy, defendants suffered or permitted their employees to take various types of training. Defendants did not pay for such training, despite suffering or permitting employees to perform such work.

d. **Subclass D:** Defendants implemented a "Pre-Needs Appointment Policy." Defendants suffered or permitted employees to meet with clients to discuss pre-need purchases. To the degree that such appointments were not considered part of the employees' schedule, the employees were suffered or permitted to continue the appointments, but were not paid for such time worked under the "Pre-Needs Appointment Policy." Defendants' management would sometimes attempt to justify this policy on the grounds that the employee would likely receive a commission if the client purchased a pre-needs product.

e. **Subclass E:** Defendants implemented a "Meal Break Deduction Policy." Under the policy, defendants did not pay for meal breaks. Defendants did, however, suffer and permit employees to perform work during such meal breaks, but pursuant to defendants' "Meal Break Deduction Policy," time spent on meal "breaks" was still deducted from the employee's pay even when defendants suffered or permitted work to be performed during such "breaks."

f. **Subclass F:** Defendants implemented a "Pre-Approval for Overtime Pay

41

Policy." Under this policy, defendants only permitted payments for overtime if the overtime was pre-approved. Defendants suffered or permitted employees to work overtime and therefore, employees were entitled to overtime payments. However, defendants refused to make the legally required payments because the time was not "pre-approved" as required under the "Pre-Approval for Overtime Pay Policy."

g. **Subclass G:** Defendants implemented an "Unrecorded Work Time Policy." Under this policy, defendants suffered or permitted employees to perform work, but directed that such work not be recorded. Defendants then refused to pay for the time worked under the "Unrecorded Work Time Policy" because, even though defendants knew such time had been worked, it had not been "recorded."

h. **Subclass H:** Defendants' policy was to not include all remuneration (such as bonuses and commissions) in the calculation of Plaintiffs' overtime.

249. Defendants also failed to make, keep and preserve adequate and accurate records of the employment of Plaintiffs concerning their wages, hours and other conditions of employment.

250. More specifically, the records kept by defendants failed to adequately and accurately disclose among other things, hours worked each work day, the total hours worked each work week and/or the total overtime compensation for each work week.

251. Defendants failed to keep accurate records of all time worked by employees. By failing to keep such records, defendants' records are legally insufficient to determine benefits.

252. Defendants failed to credit or even investigate crediting overtime pay as compensation used to determine benefits. Defendants, while acting as fiduciaries exercising discretion over the administration of the Plan, breached their duties to act

1  prudently and solely in the interest of the Plan's participants by failing to credit them with
2  all of the hours of service for which they were entitled to be paid, including overtime or to
3  investigate whether such hours should be credited. Under ERISA, crediting hours is a
4  fiduciary function, independent of the payment of wages, necessary to determine
5  participants' participation vesting and accrual of rights.

6  253.  As used in this Complaint, "mailed" means: (1) placing in any post office or
7  authorized depository for mailed matter, any matter or thing to be delivered by the United
8  States Postal Service; (2) causing to be deposited any matter or thing to be delivered by
9  any private or commercial interstate carrier; (3) taking or receiving therefrom any such
10  matter or thing; and/or (4) knowingly causing to be delivered by any such means any such
11  matter.

12  254.  Plaintiffs allege that Defendants devised, intended to devise, and carried out
13  a scheme to cheat Plaintiffs out of their property and to convert Plaintiffs' property,
14  including their wages and/or overtime pay (the "Scheme"). Defendants' Scheme consisted
15  of illegally, willfully and systematically withholding or refusing to pay Plaintiffs their
16  regular or statutorily required rate of pay for all hours worked in violation of federal law,
17  employing the various policies described previously in this Complaint.

18  255. Defendants' Scheme involved the employment of material
19  misrepresentations and/or omissions and other deceptive practices reasonably calculated to
20  deceive Plaintiffs. The Scheme involved depriving Plaintiffs of their lawful entitlement to
21  overtime.

22  256.  In executing or attempting to execute the Scheme and to receive the financial
23  benefits of the Scheme, defendants repeatedly mailed payroll checks, either directly to
24  Plaintiffs or between defendants' business locations. These mailings occurred on a regular
25  basis and more than 100 such mailings occurred in the last 10 years.

26  257.  The payroll checks were false and deceptive because they mislead Plaintiffs
27  about the amount of wages to which they were entitled, as well as their status and rights

under the FLSA.  Plaintiffs relied to their detriment on the misleading payroll checks that defendants mailed and those misleading documents were a proximate cause of Plaintiffs' injuries.

258.   Defendants' predicate acts of mailing the misleading payroll checks in furtherance of their Scheme constitute a pattern of conduct unlawful pursuant to 18 U.S.C. § 1961(5) based upon both the relationship between the acts and continuity over the period of time of the acts.  The relationship was reflected because the acts were connected to each other in furtherance of the Scheme.  Continuity was reflected by both the repeated nature of the mailings during and in furtherance of the Scheme and the threat of similar acts occurring in the future.  The threat was reflected by the continuing and ongoing nature of the acts.

259.   Defendants' predicate acts were related, because they reflected the same purpose or goal (to retain wages and overtime pay due to Plaintiffs for the economic benefit of defendants and members of the enterprise); results (retention of wages and overtime pay); participants (defendants and other members of the enterprise); victims (Plaintiffs); and methods of commission (the Scheme and other acts described in the Complaint).  The acts were interrelated and not isolated events, since they were carried out for the same purposes in a continuous manner over a substantial period of time.

260.   At all relevant times, in connection with the Scheme, defendants acted with malice, intent, knowledge, and in reckless disregard of Plaintiffs' rights.

261.   Each of the Plaintiffs is a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1964.

262.   Each defendant is a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c).

263.   Defendants were members of an "enterprise" under 18 U.S.C. §§ 1961(4) and 1962(a), which was engaged in or the activities of which affected interstate and foreign commerce.

264.   Each defendant received income from a pattern of conduct unlawful under RICO, in which defendants participated through continuous instances of providing Plaintiffs with misleading documents which defendants mailed and upon which Plaintiffs relied to their detriment.

265.   Plaintiffs were injured in their business and property under 18 U.S.C. § 1964(c) by reason of defendants' commission of conduct which was unlawful under RICO.

## CLAIM I

### FLSA

266.   The preceding paragraphs are incorporated herein as if fully set forth herein.

267.   Defendants willfully violated their obligations under the FLSA and are liable to Plaintiffs.

## CLAIM II

### ERISA

268.   The preceding paragraphs are incorporated herein as if fully set forth herein.

269.   Plaintiffs bring these claims under 29 U.S.C. § 1132(a)(3), which confers on Plan participants the right to bring suit to enjoin any violation of ERISA § 1059(a)(1).

270.   Defendants failed to keep accurate records of all time worked by Plan participants.  By failing to keep such records, defendants' records are legally insufficient to determine benefits.  Defendants failed to keep records "sufficient to determine the benefits due or which may become due" under the terms of the Plan as required by ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1).

## CLAIM III

### ERISA

271.   The preceding paragraphs are incorporated herein as if fully set forth herein.

272.   Defendants breached their fiduciary duties under 29 U.S.C. § 1104(a)(1).

## CLAIM IV

### RICO

273.    The preceding paragraphs are incorporated herein as if fully set forth herein.

274.    Plaintiffs bring these claims under 18 U.S.C. § 1964(c), which confers on private individuals the right to bring suit for any injury caused by a violation of 18 U.S.C. § 1962.

275.    Defendants' conduct, and the conduct of other members of the enterprise, injured Plaintiffs by refusing to pay their regular or statutorily required rate of pay for all hours worked.  Defendants conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity, by devising a Scheme to obtain Plaintiffs' property by means of false or fraudulent representations, at least some of which were made in the misleading payroll checks which defendants mailed.

**WHEREFORE**, Plaintiffs demand judgment against defendants in their favor and that they be given the following relief:

(a)    an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(b)    an award of the value of Plaintiffs' unpaid wages;

(c)    liquidated, compensatory, consequential, punitive and treble damages;

(d)    an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating Plaintiffs' rights;

(e)    an award of pre- and post-judgment interest; and

(f)    such other and further legal or equitable relief as this Court deems to be just and appropriate.

1

2

## JURY DEMAND

3   Plaintiffs demand a jury to hear and decide all issues of fact.

4

5                                      Respectfully Submitted,
                                     SCHLEIER LAW OFFICES, P.C.

6

7

8   Date: January 15, 2008            By: /s/ Tod F. Schleier

                                     Tod F. Schleier

9                                        Bradley H. Schleier
                                     3101 N. Central Avenue

10                                        Suite 1090
                                     Phoenix, AZ 85012

11                                        Telephone: (602) 277-0157

12                                        DOLIN, THOMAS & SOLOMON LLP

13                                        J. Nelson Thomas, NY Attorney No. 2579159
                                     Patrick J. Solomon, NY Attorney No. 2716660

14                                        Michael J. Lingle, NY Attorney No. 3925765
                                     Annette Gifford, NY Attorney No. 4105870

15                                        Justin Cordello, NY Attorney No. 4131447
                                     693 East Avenue

16                                        Rochester, NY 14607
                                     Telephone: (585) 272-0540

17                                        MARGOLIS EDELSTEIN

18                                        Charles H. Saul, PA State Bar No.19938
                                     Liberty J. Weyandt, PA State Bar No. 87654

19                                        Kyle T. McGee, PA State Bar No. 205661

20                                        525 William Penn Place, Suite 3300
                                     Pittsburgh, PA 15219

21                                        Telephone: (412) 281-4256

22                                        Attorneys for Plaintiffs

23

24

25

26

27

COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL

**EXHIBIT H**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLAUDE BRYANT, et al.,                            Nos. C 07-05696 SI; C 08-01190 SI

        Plaintiffs,                             **ORDER TO SHOW CAUSE**

   v.

ALDERWOODS GROUP, INC., et al.,

        Defendants.
_____/

      A case management conference in case number 07-5696 is currently scheduled for Friday, April 4, 2008.  In advance of that conference, counsel for both parties are ordered to file a joint statement informing the Court of the status and background of all pending and closed wage-related cases, in both state and federal court, brought by plaintiffs or similarly-situated plaintiffs against these defendants. The parties shall also show cause why case numbers 07-5696 and 08-1190 should not be transferred to the Western District of Pennsylvania, where a federal judge has already been overseeing a nearly identical case.  The parties shall file the joint statement by Friday, March 28, 2008.

     **IT IS SO ORDERED.**

Dated: March 18, 2008

SUSAN ILLSTON
United States District Judge

**EXHIBIT I**

1    Sanford Jay Rosen, No. 62566          Steven Hazard Gurnee, No. 66056
     Maria V. Morris, No. 223903           David Merrill Daniels, No. 170315
2    Lori E. Rifkin, No. 244081            John A. Mason
     ROSEN BIEN & GALVAN, LLP              Nicholas Pierre Forestiere, No.
3    315 Montgomery Street, 10th Floor     125118
     San Francisco, CA 94104               GURNEE & DANIELS LLP
4    Telephone:  415-433-6830              2240 Douglas Blvd, Suite150
     Facsimile:  415-433-7104              Roseville, CA 95648
5    Email: srosen@rbg-law.com             Telephone:  916-797-3100
                                           Facsimile:  916-797-3131
6    [Additional Attorneys listed on       david@gurneelaw.com
     signature page]
7                                          Attorneys for Defendant
                                           ALDERWOODS GROUP, INC.,
8    Attorneys for Plaintiffs              ET AL.
     CLAUDE BRYANT, ET. AL.
9

10                      UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12

13

14   Claude Bryant, et al.,                Case No. C 07-05696 SI; C 08-01190
                                           SI
          Plaintiffs,
15                                         **JOINT RESPONSE TO ORDER
     v.                                    TO SHOW CAUSE (DOCKET NO.
16                                         32)**
     Alderwoods Group, Inc., et al.,
17
          Defendants.
18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

All of the actions described in this Joint Response relate to the claims of current and former employees who assert violations of federal and state laws resulting from their allegations that they were not properly compensated for all hours worked. The defendants in these matters include Alderwoods Group, Inc. ("Alderwoods"), Service Corporation International ("SCI"), subsidiaries of SCI and employees of the various corporate defendants. Prior to November, 2006, Alderwoods and SCI were competitors in the funeral services industry. In November, 2006, however, Alderwoods was merged with a subsidiary of SCI.

On March 18, 2008, the Court issued an Order to Show Cause requiring counsel for the parties, in advance of the April 7, 2008 Case Management Conference[1], to submit a joint statement "informing the Court of the status and background of all pending and closed wage-related cases, in both state and federal court, brought by plaintiffs or similarly situated plaintiffs against these defendants." In addition, the Court ordered that the parties "show cause why case numbers 07-5696 [*Bryant I*] and 08-1190 [*Bryant II*] should not be transferred to the Western District of Pennsylvania, where a federal judge has been overseeing a nearly identical case." (*Bryant I* Docket No. 32.) Counsel for the respective parties have met and conferred and submit the following Joint Statement in compliance with the Court's order.

## II.    STATUS AND BACKGROUND OF ALL PENDING AND CLOSED WAGE-RELATED CASES

On December 8, 2006, Plaintiffs' counsel filed a complaint against Alderwoods Group, Inc. ("Alderwoods") and Service Corporation International ("SCI") in the U.S. District Court for the Western District of Pennsylvania on behalf of Deborah Prise and Heather Rady, captioned *Prise, et al. v. Alderwoods Group, Inc. and Service Corporation*

---

[1] On March 27, 2008, plaintiffs filed an Administrative Motion requesting that the scheduled conference be delayed until after the Court's ruling on the threshold issues raised in plaintiffs' pending motions for remand. (*Bryant I* Docket No. 40.) Defendants are opposed to this request and will file a timely opposition brief.

1   *International*, W.D. Pa. Case No. 06-1641 ("*Prise I*"), asserting claims under the Fair

2   Labor Standards Act of 1938 ("FLSA") and various state laws. As a result of

3   determinations made in that case granting motions by defendants to dismiss certain claims,

4   Plaintiffs' counsel subsequently filed five additional actions on behalf of various plaintiffs

5   against Alderwoods and/or SCI and/or certain SCI subsidiaries and employees of those

6   subsidiaries.[2] These actions are described below in chronological order.

7         *Prise I.* Deborah Prise and Heather Rady filed this action on December 8, 2006

8   alleging violations of the FLSA and the wage and hour laws of 38 states and territories.

9   Plaintiffs claimed that Alderwoods and SCI failed to pay overtime to employees for

10  certain types of alleged off-the-clock work – specifically, work allegedly performed while

11  on call, community service work, time spent studying for insurance licenses, time spent

12  receiving other required training, work allegedly performed during meal breaks,

13  unapproved overtime, appointments that were not considered part of employees'

14  scheduled hours, and unrecorded work – and sought compensatory damages, liquidated

15  damages, and attorneys' fees, among other forms of relief. Plaintiffs also alleged that

16  defendants failed to include all remuneration in employees' overtime calculations.

17  Plaintiffs brought the case as a collective action pursuant to FLSA Section 216(b) and also

18  sought Fed. R. Civ. P. 23 certification with respect to their state law claims. On April 19,

19  2007, Judge Joy Flowers Conti authorized FLSA collective action notice to employees in

20  seven Alderwoods job titles, and denied notice with respect to SCI. On June 8, 2007, the

21  Court granted defendants' motion to dismiss plaintiffs' state law class action claims,

22  declining to assert supplemental jurisdiction. On November 15, 2007, the Court granted

23  defendants' motion to dismiss SCI from the case without prejudice, and denied leave to

24  amend the complaint to add certain SCI subsidiaries as defendants, finding that those

---

26         [2] Plaintiffs assert one of those actions, described below as "*Prise II*", was voluntarily
27  dismissed and refiled as two separate actions, *Helm* and *Bryant II*, in deference to one such
    determination by the *Prise I* Court with respect to defendants' argument that claims of
28  Alderwoods employees should be heard separately from claims of those employed at other SCI
    subsidiaries. Thus, although five actions were filed, only four remain pending.

1   entities could not properly be joined in an action with Alderwoods. (Defendants assert,

2   but plaintiffs disagree, that the Court also found that plaintiffs' allegations against SCI and

3   its subsidiaries were too conclusory to state a claim.) Plaintiffs' FLSA claims against

4   Alderwoods remain pending.

5       *Prise, et al. v. Alderwoods Group, Inc. and Service Corporation International*, N.D.

6   Cal. Case No. 07-cv-5140-MJJ ("*Prise II*"). Deborah Prise, Heather Rady, and other

7   plaintiffs filed this action against Alderwoods and SCI in the Alameda County Superior

8   Court on July 9, 2007. Plaintiffs brought claims on behalf of both Alderwoods employees

9   and employees who worked for other SCI subsidiaries for violations of wage and hour

10  laws of 38 states and territories alleging that defendants failed to pay overtime for certain

11  types of alleged off-the-clock work – specifically, work allegedly performed while on call,

12  community service work, time spent studying for insurance licenses, time spent receiving

13  other required training, work allegedly performed during meal breaks, unapproved

14  overtime, appointments that were not considered part of employees' scheduled hours, and

15  unrecorded work. Plaintiffs also alleged that defendants failed to include all remuneration

16  in employees' overtime calculations. The complaint sought Rule 23 class certification of

17  those claims. Defendants removed the case to the U.S. District Court for the Northern

18  District of California and moved to dismiss the complaint. On December 5, 2007,

19  Plaintiffs voluntarily dismissed the case.

20      *Bryant I.* Claude Bryant, along with other plaintiffs, filed this action on November

21  8, 2007. Plaintiffs filed an amended complaint on March 5, 2008. Plaintiffs in this case

22  are individuals who did not assert claims in the *Prise I* case, including those who did not

23  timely file consent forms pursuant to notice issued by the *Prise I* Court to a subset of

24  employees. They allege that Alderwoods, SCI, certain SCI subsidiaries, and employees of

25  those subsidiaries violated the FLSA by failing to pay overtime for certain types of

26  alleged off-the-clock work – specifically, work allegedly performed while on call,

27  community service work, time spent studying for insurance licenses, time spent receiving

28  other required training, work allegedly performed during meal breaks, unapproved

1   overtime, appointments that were not considered part of employees' scheduled hours, and
2   unrecorded work. Plaintiffs also allege that defendants failed to include all remuneration
3   in employees' overtime calculations. Plaintiffs seek compensatory, punitive, and
4   liquidated damages; injunctive relief; and attorneys' fees and costs, among other forms of
5   relief. Plaintiffs also assert that they are entitled to send collective action notice under
6   FLSA Section 216(b) to other individuals who did not timely opt in to the *Prise I* case.
7   Plaintiffs served their complaint on the various defendants on or about March 7, 2008.
8   Defendants filed motions to dismiss the complaint and strike certain allegations on March
9   27, 2008.

10   *Bryant II.* Claude Bryant, along with other plaintiffs, filed this action against SCI,
11   certain SCI subsidiaries, and certain employees of those subsidiaries in Alameda County
12   Superior Court on December 5, 2007. The complaint alleges that defendants violated the
13   laws of California and 33 other states and territories by failing to pay overtime to
14   employees for certain types of alleged off-the-clock work – specifically, work allegedly
15   performed while on call, community service work, time spent studying for insurance
16   licenses, work allegedly performed during meal breaks, unapproved overtime,
17   appointments that were not considered part of employees' scheduled hours, and
18   unrecorded work. Plaintiffs also allege that defendants failed to include all remuneration
19   in employees' overtime calculations. Plaintiffs seek compensatory damages and penalties
20   under the various states' laws, and also bring claims for conversion, fraud and deceit,
21   misrepresentation, breach of contract, quantum meruit, and other theories. The complaint
22   also requested class certification of plaintiffs' claims. On February 27, 2008, defendants
23   removed the case to the U.S. District Court for the Northern District of California. On
24   March 5, 2008, defendants filed motions to dismiss the complaint. On March 24, 2008,
25   plaintiffs moved to remand the case to Alameda County Superior Court. These motions
26   remain pending before the Court.

27   *Helm, et al. v. Alderwoods Group, Inc., et al.*, N.D. Cal. Case No. 08-cv-1164-SI
28   ("*Helm*"). William Helm, Deborah Prise, and Heather Rady, along with other plaintiffs,

1   filed this action in Alameda County Superior Court on December 5, 2007. The complaint

2   asserts claims against Alderwoods – and against SCI as a successor-in-interest. Plaintiffs

3   later amended the complaint to add certain SCI subsidiaries and an individual defendant,

4   Paul Houston. The complaint asserts that defendants violated the laws of California and

5   28 other states and territories by failing to pay overtime to employees for certain types of

6   alleged off-the-clock work – specifically, work allegedly performed while on call,

7   community service work, time spent studying for insurance licenses, work allegedly

8   performed during meal breaks, unapproved overtime, appointments that were not

9   considered part of employees' scheduled hours, and unrecorded work. Plaintiffs also

10  allege that defendants failed to include all remuneration in employees' overtime

11  calculations. Plaintiffs seek compensatory damages and penalties under the various

12  states' laws, and also bring claims for conversion, fraud and deceit, misrepresentation,

13  breach of contract, quantum meruit, and other theories. The complaint seeks class

14  certification of plaintiffs' claims. On February 27, 2008, defendants removed the case to

15  the U.S. District Court for the Northern District of California. On March 5, 2008,

16  defendants filed motions to dismiss plaintiffs' complaint, with the exception of Paul

17  Houston, whose motion to dismiss and strike was filed on March 28, 2008. On March 24,

18  2008, plaintiffs moved to remand the case to Alameda County Superior Court. These

19  motions remain pending before the Court.

20      *Stickle, et al. v. SCI Market Support Center, LP, et al.*, D. Ariz. Case No. 08-cv-83-

21  MHM ("*Stickle*"). On January 15, 2008, James Stickle and other named plaintiffs filed

22  this action against SCI, various SCI subsidiaries, and certain employees of SCI

23  subsidiaries, asserting claims for violations of the FLSA, the Employee Retirement

24  Income Security Act ("ERISA"), and the Racketeer Influenced and Corrupt Organizations

25  Act ("RICO"). The complaint alleges that defendants failed to pay overtime to employees

26  for certain types of alleged off-the-clock work – specifically, work allegedly performed

27  while on call, community service work, time spent receiving required training,, work

28  allegedly performed during meal breaks, unapproved overtime, appointments that were

1  not considered part of employees' scheduled hours, and unrecorded work. Plaintiffs also

2  allege that defendants failed to include all remuneration in employees' overtime

3  calculations. Plaintiffs seek to certify an FLSA collective action for those overtime claims

4  and have filed a motion for collective action notification which is currently pending

5  before the Court. Plaintiffs' ERISA claims allege that defendants failed to keep records of

6  all time worked by plaintiffs sufficient to determine ERISA benefits due, and also allege

7  the defendants breached their fiduciary duties. Plaintiffs' RICO claims are based on

8  allegations of mail fraud for placing purportedly inaccurate payroll checks in the U.S.

9  mail. Plaintiffs seek compensatory damages, liquidated damages, punitive damages, and

10 attorneys' fees and costs. The complaint seeks collective action certification under FLSA

11 Section 216(b), and Rule 23 class certification of the ERISA claims and RICO claims.

12 Defendants moved to dismiss plaintiffs' complaint in motions filed on February 8, 2008,

13 and the motions remain pending, as do plaintiffs' pending motion for collective action

14 notification.

15 **III.   THE PARTIES' POSITION ON TRANSFER**

16     **A.   The Parties' Joint Position Regarding *Bryant I***

17       As noted above, *Bryant I* asserts the same FLSA claims of Alderwoods employees

18 currently asserted in the *Prise I* action, and neither case currently involves any state law

19 claims. The *Bryant I* action differs only in that it was brought by individuals who have

20 not asserted claims in the *Prise I* case, including those who did not timely file consent

21 forms pursuant to notice issued by the *Prise I* Court to a subset of employees.[3]  The

22 parties agree that, in light of the similarity of the claims asserted in *Prise I* and *Bryant I*, it

23 is in the interests of both the judiciary and the parties to have both of those actions heard

24 in the same court, and neither party would oppose the transfer of this action to the

25 Western District of Pennsylvania.

26

27       [3] Plaintiffs note that *Bryant I* was not initially filed in the Western District of Pennsylvania

28 because, at the time that action had filed, none of the plaintiffs in that action had been employed in Pennsylvania.

1      The parties differ only with respect to plaintiffs' position that any such transfer

2  should prohibit either party from asserting objections to the jurisdiction, forum or venue

3  following such transfer. Defendants assert that no defendant should be forced to abandon

4  a timely-asserted and valid objection to personal jurisdiction on account of a transfer of

5  the case if such objection is still valid after the transfer.

6      **B.     Plaintiffs' Position**

7      Plaintiffs submit that neither the *Helm* matter (asserting state law claims on behalf

8  of Alderwoods employees) nor the *Bryant II* matter (asserting state law claims on behalf

9  of employees who worked for SCI affiliates other than Alderwoods—hereinafter "SCI

10  employees") should be transferred to the Western District of Pennsylvania.[4]

11      As an initial matter, neither the *Helm* nor *Bryant* matters should be pending before

12  a federal court at all, as set out in plaintiffs' pending motions to remand each of those

13  matters. The issue of this Court's subject matter jurisdiction over those two actions is a

14  threshold issue which must be determined before any other action, including the transfer

15  of these matters, is effectuated. Both of these actions should be remanded to Alameda

16  County Superior Court, where they were initially filed.

17      Furthermore, even if these matters were not subject to remand, their transfer to the

18  Western District of Pennsylvania would not be appropriate in light of the *Prise I* Court's

19  prior rulings that it was not the appropriate court to exercise jurisdiction over these state

20  law claims. Plaintiffs are unaware of any authority which would permit a District Court to

21  compel a sister court to change its prior holding regarding regarding jurisdiction,

22  particularly where the sister court previously ruled that it chose not exercise jurisdiction.

23  Instead, the interests of judicial comity and respect for the *Prise I* Court's prior rulings

24  weigh strongly against returning either *Helm* or *Bryant II* to that Court.

25      Moreover, the transfer of these matters to the *Prise I* Court would also be

26  inappropriate in light of defendants' prior motions and arguments. Defendants previously

27  _____

28      [4] In light of the parties' agreement regarding the *Bryant I* action, only the *Helm* and
*Bryant II* matters are at issue.

1   moved the *Prise I* Court, requesting that Court decline to hear these state law claims.

2   Having succeeded on that motion when the *Prise I* Court declined to exercise jurisdiction

3   over these claims, defendants apparently hoped plaintiffs would not follow the *Prise I*

4   Court's directive to refile these matters in state court. When plaintiffs did so, defendants

5   first removed the action from state to federal court. Now, defendants seek to return the

6   matter to the *Prise I* Court – despite the fact that defendants themselves previously

7   convinced that same Court to decline to hear these claims. Defendants have effectively

8   sent these claims on an unnecessary detour, delaying these claims from moving forward

9   for more than 8 months.

10       Finally, the *Bryant II* actions should not be transferred to the Western District of

11   Pennsylvania for the additional reason that it asserts only state law claims of SCI

12   employees, and there are currently no claims of SCI employees pending before the *Prise I*

13   Court. Again, the *Prise I* Court previously ruled on defendants' motion that the claims of

14   Alderwoods employees could not be joined with and should be heard separately from

15   those of SCI employees. For example, in opposing plaintiffs' motion for the *Prise I* Court

16   to send collective action notification to SCI employees, defendants themselves argued that

17   these claims should not be heard together:

18       the most fundamental justification for Section 216(b) collective actions is
         the "benefit" to both the parties and the judicial system from the "efficient
19       resolution in one proceeding of common issues of law and fact arising from
         the same alleged ...activity." Such "common issues of law and fact" are
20       not present here where Alderwoods and the 180 SCI subsidiaries operated
         completely independently of each other, using their own policies and
21       procedures, for most if not all of the liability period.
22

23   *Prise I*, W.D. Pa. Case No. 2:06-cv-01641-JFC, Docket No. 808 at 8 (internal citations

24   omitted). The *Prise I* Court granted defendants' request to dismiss the claims of SCI

25   employees from *Prise I* and ruled that those claims should be brought in a separate action

26   That action, *Stickle*, is currently pending before the District of Arizona, where both

27   parties' motions are currently pending before the Court, including defendants' expedited

28

1   motions to dismiss.[5]

2   **C.    Defendants' Position**

3         Defendants agree with the Court that, for purposes of judicial economy and

4   efficiency, *Bryant II* and the related *Helm* case[6], should be transferred to the U.S. District

5   Court for the Western District of Pennsylvania, though it would not be appropriate to

6   consolidate those cases with the pending *Prise I* matter.  As discussed below with only a

7   few exceptions, the claims and allegations in each of these cases were, or are, pending

8   before Judge Conti in some fashion, and it would be in the interests of both the courts and

9   the parties to have these matters proceed in a single court, with a judge familiar with the

10  posture and background of each case, rather than have the cases proceed on parallel tracks

11  in different jurisdictions.

12        Plaintiffs argument that this Court should decline to transfer these cases to Judge

13  Conti based on her decision to not exercise supplemental jurisdiction over the state law

14  claims asserted in *Prise I* is a complete red herring.  Here, Defendants have removed the

15  *Bryant II* and *Helm* cases on the basis of **CAFA** jurisdiction, not supplemental jurisdiction.

16  Ironically, as defendants will discuss in detail in their oppositions to plaintiffs' remand

17  motions in *Helm* and *Bryant II,* plaintiffs took the position in *Prise I* that the Western

18  District of Pennsylvania **did** have jurisdiction over the state law claims in light of CAFA..

19  However, because this was not pled in the complaint as a basis for jurisdiction, Judge

20  Conti declined to consider this argument.

21

22        [5] Defendants' mischaracterize statements of plaintiffs' counsel and the *Prise I* Court in
    asserting that Court "contemplated" that *Bryant II* would be re-filed in the Western District of
23  Pennsylvania.  Although the parties and the Court tentatively discussed some theoretical aspects
    of plaintiffs' refiling at the time the SCI employees were dismissed from *Prise I*, that Court
24  certainly had not held or relied upon any presumption that the claims would necessarily be filed
    before that same Court—in fact, defense counsel stated to plaintiffs' counsel after the oral
25  argument that defendants would likely oppose having the refiled action brought before the *Prise I*
    Court. Following that hearing, upon reviewing the claims of the SCI employees and in light of
26  defendants' stated intention to object to having the SCI employees' claims heard by the *Prise I*
    Court, plaintiffs refiled those claims in Arizona where, at that time, a significant number of the
27  SCI employees who sought to assert claims had been employed.

28        [6] On March 25, 2008, this Court issued a Related Case Order finding that *Helm* was
    related to *Bryant I* and *Bryant II*.  (*Helm* Docket No. 39.)

1    Plaintiffs' position that the *Bryant II* case should not be transferred to Pennsylvania

2    based on Judge Conti's holding in *Prise I* that the SCI employees' claims should not be

3    joined with Alderwoods is also without merit. Defendants still maintain that these claims

4    should be kept separate, and this Court has not asked the parties to address the issue of

5    consolidating *Bryant II* with *Prise I.* Rather, the issue at hand is whether *Bryant II* should

6    be transferred to Judge Conti in light of the familiarity she has gained with the SCI entities

7    based on her involvement *Prise I.* As discussed below, Defendants agree that transfer

8    would be appropriate for that very reason.

9
         1.    *Bryant II* – Case No. 08-cv-1190-SI
10
         Though defendants do not agree that *Bryant II* is nearly identical to the *Prise I* case
11
12   (as the Court indicated might be the case), defendants agree with the Court that it would

13   be in the interests of judicial economy to transfer *Bryant II* to the Western District of

14   Pennsylvania. As discussed above, *Bryant II* asserts state law claims against SCI, certain

15   SCI subsidiaries, and certain employees of those subsidiaries; it does not assert claims

16   against Alderwoods, which is the only remaining defendant in the *Prise I* action. While

17   Alderwoods merged with an SCI subsidiary in November 2006, for the majority of the

18   liability period in both *Prise I* and *Bryant II*, they were competitors – indeed, they were

19   the two largest entities in the funeral home industry and directly competed with each other

20   in almost every state in which each entity operated.

21       Nonetheless, defendants acknowledge that there may be significant efficiencies in

22   having these cases heard in the same court. Most notably, Judge Conti in the Western

23   District of Pennsylvania has significant familiarity with SCI as a result of the fact that SCI

24   was a defendant in the *Prise I* case for nearly a year before being dismissed from that case

25   in November 2006. Indeed, these very same claims – allegations of state law violations

26   by SCI – were before Judge Conti before she declined to assert supplemental jurisdiction

27   over state law claims and dismissed them from the *Prise I* action (in contrast, federal

28   jurisdiction in *Bryant II* is based on the Class Action Fairness Act). It also is worth noting

CHI-1639883v1
- 11 -                    Joint Response to Order to Show Cause -

1    that, when the Court dismissed SCI and the remaining FLSA claims against it from the

2    case, plaintiffs' counsel informed the Court, and Judge Conti contemplated, that the *Prise*

3    *I* plaintiffs would re-file their claims against SCI in the Western District of Pennsylvania.

4        Given Judge Conti's familiarity with the parties and the issues, defendants agree

5    that *Bryant II* should be transferred as a separate case.[7] Consolidation of the cases would

6    not be appropriate in light of the Western District of Pennsylvania's previous

7    determination that claims against SCI and Alderwoods should not be heard in the same

8    action.

9        3.      *Helm* – Case No. 08-cv-1164-JSW.

10       *Helm* is the companion case to *Prise I*, asserting state law claims against

11   Alderwoods for the exact same types of alleged off-the-clock violations, and asserting the

12   exact same injuries, alleged in *Prise I*.  In fact, plaintiffs' state law claims in *Helm*

13   previously were before Judge Conti before she declined to assert supplemental jurisdiction

14   and dismissed those claims without prejudice (in contrast, federal jurisdiction in *Helm* is

15   based on the Class Action Fairness Act).  Thus, transfer to the Western District of

16   Pennsylvania serves the interests of judicial economy due to Judge Conti's familiarity

17   with the issues and the parties.

18

19

20

21

22

23

24

25

26

27   ────────────────────

28   [7] The *Stickle* case currently pending in the U.S. District Court for the District of Arizona
     also asserts claims against SCI, SCI subsidiaries, and employees of those subsidiaries, although
     the claims are brought under federal law, not state law.  The same reasons that support transfer of
     *Bryant II* also would support transfer of the *Stickle* case.

1    Dated: March 28, 2008

2

3    Respectfully submitted,

4

5    By: _____        By: _~Julia~_/~Guel~_____

6        Sanford Jay Rosen            Steven Hazard Gurnee
    Maria V. Morris            David Merrill Daniels
    Lori E. Rifkin            John A. Mason

7        ROSEN BIEN & GALVAN, LLP            Nicholas Pierre Forestiere
    315 Montgomery Street, 10th Floor            GURNEE & DANIELS LLP

8        San Francisco, CA 94104            2240 Douglas Blvd, Suite 150
    Telephone: 415-433-6830            Roseville, CA 95648

9        Facsimile: 415-433-7104            Telephone: 916-797-3100
    Facsimile: 916-797-3131

10    Additional Attorneys for Plaintiffs, who
    will submit applications for admission        Counsel for Defendants

11    *pro hac vice*:

12    J. Nelson Thomas
    Patrick J. Solomon

13    Michael J. Lingle
    Annette Gifford

14    Justin Cordello
    Dolin, Thomas & Solomon LLP

15    693 East Avenue
    Rochester, NY 14607

16    Telephone: 585-272-0540
    Facsimile: 585-272-0574

17

18    Charles H. Saul
    Liberty J. Weyandt

19    Kyle T. McGee.
    MARGOLIS EDELSTEIN

20    525 William Penn Place
    Suite 3300

21    Pittsburgh, PA 15219
    Telephone: 412-281-4256

22    Facsimile: 412-642-2380

23    Counsel for Plaintiffs

24

25

26

27

28

CHI-1639883v1                    - 13 -                Joint Response to Order to Show Cause -

**EXHIBIT J**

1  Sanford Jay Rosen, State Bar No. 62566
   Maria V. Morris, State Bar No. 223903
2  Lori E. Rifkin, State Bar No. 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830
   Facsimile:  (415) 433-7104
5  srosen@rbg-law.com

6  [Additional Counsel Listed on Following Page]

7  Attorneys for Plaintiffs

8             UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10           SAN FRANCISCO/OAKLAND DIVISION

11

12 | WILLIAM HELM, DEBORAH PRISE, | ) | Case No. CV 08-1184 JSW
   | HEATHER P. RADY, et al., on behalf of | ) |
13 | themselves and all other employees and former | ) | **PLAINTIFFS' STATEMENT IN**
   | employees similarly situated, | ) | **SUPPORT OF RELATING CASES**
14 | | ) |
   |          Plaintiffs, | ) |
15 | | ) |
   | v. | ) |
16 | | ) |
   | ALDERWOODS GROUP, INC., PAUL A. | ) |
17 | HOUSTON, SERVICE CORPORATION | ) |
   | INTERNATIONAL, SCI FUNERAL AND | ) |
18 | CEMETERY PURCHASING | ) |
   | COOPERATIVE, INC., SCI EASTERN | ) |
19 | MARKET SUPPORT CENTER, L.P., SCI | ) |
   | WESTERN MARKET SUPPORT CENTER, | ) |
20 | L.P. a/k/a SCI WESTERN MARKET | ) |
   | SUPPORT CENTER, INC., and SCI | ) |
21 | HOUSTON MARKET SUPPORT CENTER, | ) |
   | L.P., | ) |
22 | | ) |
   |          Defendants. | ) |
23 | | ) |

24

25

26

27

28

-1-

STATEMENT IN SUPPORT OF RELATING CASES - Case No. CV 08-1184 JSW

1    Additional Attorneys for Plaintiffs, who will
2    submit applications for admission *pro hac vice*:

3    J. Nelson Thomas, NY Attorney No. 2579159
     Patrick J. Solomon, NY Attorney No. 2716660
4    Michael J. Lingle, NY Attorney No. 3925765
     Annette Gifford, NY Attorney No. 4105870
5    Justin Cordello, NY Attorney No. 4131447
     DOLIN, THOMAS & SOLOMON LLP
6    693 East Avenue
     Rochester, NY 14607
7    Telephone: (585) 272-0540
     Facsimile:  (585) 272-0574
8    nthomas@theemploymentattorneys.com

9    Charles H. Saul, PA State Bar No.19938
     Liberty J. Weyandt, PA State Bar No. 87654
10   Kyle T. McGee, PA State Bar No. 205661
     MARGOLIS EDELSTEIN
11   525 William Penn Place
     Suite 3300
12   Pittsburgh, PA 15219
     Telephone: (412) 281-4256
13   Facsimile: (412) 642-2380
     csaul@margolisedelstein.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

## STATEMENT IN SUPPORT OF RELATING CASES

Plaintiffs submit this Statement in Support of Relating Cases in response to Judge Jeffrey S. White's *sua sponte* Judicial Referral for Purposes of Determining Relationship of Cases (*see* Case No. 08-1184, Docket No. 26). Plaintiffs respectfully submit that, in light of the prior decision relating two other actions currently pending in the District Court for the Northern District of California—*Bryant v. Alderwoods Group, Inc.*, Case No. 07-5696 ("*Bryant I*") and *Bryant v. Service Corporation International*, Case No. 08-1190 ("*Bryant II*")—the instant action ("*Helm*") should be related to those other actions.

Plaintiffs initially filed the claims asserted in *Helm*, *Bryant I* and *Bryant II* together with other claims in an action in the District Court for the Western District of Pennsylvania captioned *Prise v. Alderwoods Group, Inc.*, Case No. 06-1641 ("*Prise*"). All of the claims in each of these actions are based upon the allegation that employees who worked at defendants' funeral home locations were not properly paid their regular or statutorily required rates for all the time they worked for defendants.

At defendants' request, however, the *Prise* Court determined that certain claims would not be heard together in that action. Based upon the *Prise* Court's rulings, as well as defendants' position which resulted in those rulings, plaintiffs refiled certain claims separately in the *Helm*, *Bryant I* and *Bryant II* actions.

However, consistent with plaintiffs' initial filing and in light of the prior determination that *Bryant I* and *Bryant II* are related, plaintiffs submit that the *Helm* action should also be related.

## PROCEDURAL HISTORY

### Plaintiffs File All Claims Together in the Western District of Pennsylvania

On December 12, 2006, Alderwoods Group, Inc. ("Alderwoods") and Service Corporation International ("SCI"), both named defendants in this action, were named in the *Prise* complaint filed in the Western District of Pennsylvania. Prior to the filing of *Prise*, SCI had acquired Alderwoods and Alderwoods had become SCI's wholly-owned

1    subsidiary.  After the merger, SCI continued to operate the vast majority of both its own

2    funeral homes and those of Alderwoods.

3        The *Prise* complaint was filed as a class and collective action alleging, *inter alia*,

4    that employees who worked at defendants' funeral home locations were not properly paid

5    for all the time they worked for defendants.  It asserted violations of both the Fair Labor

6    Standards Act ("FLSA") and state wage and hour laws.  The *Prise* Court conditionally

7    certified an FLSA class of employees and directed that notice be sent to certain individuals

8    who worked or had worked at an Alderwoods location.  In response to that notice,

9    hundreds of current and former employees opted-in to the *Prise* action, including

10   employees who had worked only at Alderwoods locations, before and/or after SCI's

11   acquisition ("Alderwoods employees"), and employees who had worked at other SCI

12   locations unrelated to Alderwoods ("SCI employees").

13

14       Both Alderwoods and SCI employed a set of practices or policies whereby

15   employees were not paid their regular or statutorily required rate for all hours worked.

16   Thus, because of the overlapping legal liability of defendants, as well as the overlapping

17   factual issues in the matter, plaintiffs believed it was legally appropriate and in the

18   interests of judicial efficiency for defendants to be named in a common action and for all

19   of the employees' claims to be brought together.

20   ***Defendants Move to Have Certain Claims Heard Separately***

21       Based on defendants' requests in their motions, the *Prise* Court determined that

22   certain claims would not be heard together in the *Prise* action.  Following these rulings,

23   plaintiffs refiled those claims in the *Bryant I*, *Helm* and *Bryant II* actions.

24       As an initial matter, in granting plaintiffs' motion for notice the *Prise* Court also

25   provided a deadline by which individuals who wished to join that action must opt-in.

26   Employees who asked to assert claims against defendants but could not join the *Prise*

27   action because of the deadline were joined together with certain other individuals in the

28   *Bryant I* action.

-4-

1    In June, 2007, the *Prise* Court declined to exercise supplemental jurisdiction over

2    any of the state law claims alleged in the *Prise* action.  Therefore, on or about July 9, 2007,

3    the Alderwoods employees and the SCI employees jointly reasserted their state law claims

4    in a Class Action Complaint filed in the Superior Court of the State of California for the

5    County of Alameda.  Defendants removed that action to federal District Court for the

6    Northern District of California as *Prise v. Alderwoods Group, Inc.*, 07-05140 (the

7    "Combined State Law Action").

8    Subsequently, the *Prise* Court determined it would only hear claims on behalf of

9    Alderwoods employees, and that claims of employees who had worked only at other SCI

10   locations should be heard in a separate action.  Based on that ruling, the federal claims of

11   those SCI employees were refiled in a separate action in the District of Arizona.

12   Based upon defendants' position that resulted in that ruling, the Combined State

13   Law Action was voluntarily dismissed so that the state law claims of the Alderwoods

14   employees could be heard separately from those of the SCI employees—just as the *Prise*

15   Court had ruled that their federal claims would be filed separately.  Those state law claims

16   were refiled by the Alderwoods employees in *Helm*, while the SCI employees filed their

17   state law claims in *Bryant II*.  Both *Helm* and *Bryant II* were initially filed in state court

18   and removed to federal district court by defendants.

19   Thus, three actions are now pending in the Northern District of California: *Bryant I*,

20   which asserts FLSA claims on behalf of Alderwoods employees who were unable to join

21   the *Prise* action; *Helm*, which asserts the state law claims of Alderwoods employees; and

22   *Bryant II*, which asserts the state law claims of SCI employees.  On March 11, 2008, the

23   Court ruled that the *Bryant I* and *Bryant II* actions are related.  *See Bryant II*, Case No. 08-

24   1190, Docket No. 27.  On March 13, 2008, the *Helm* matter was referred for determination

25   as to whether it, too, should be related to the *Bryant* actions.  *See Helm*, Case No. 08-1184,

26   Docket No. 26.

27

28

### *HELM* SHOULD BE RELATED TO THE OTHER ACTIONS

As discussed above, plaintiffs initially filed all of the claims at issue in a single action because plaintiffs believed that the overlapping legal liability of defendants, as well as the overlapping factual issues in the matter, rendered it legally appropriate and in the interests of judicial efficiency for these claims to be brought together.  The claims were filed in separate actions only in response to defendants' arguments and positions.

There is significant overlap in the parties to these actions.  Although some of the plaintiffs may be neatly defined as either Alderwoods employees or SCI employees, other plaintiffs fall into both categories.  Moreover, with the exception of Alderwoods, which is not named in *Bryant II*, there is complete overlap in the corporate defendants in these actions, although individual defendants vary somewhat.  Finally, there is significant factual overlap in these cases, which involve similar or identical policies and practices.

Most importantly, the ruling relating the *Bryant I* and *Bryant II* actions weighs in favor of relating the *Helm* action.  The plaintiffs in the *Helm* action include the plaintiffs in the *Bryant I* action (and may, to a lesser extent, overlap with the plaintiffs in *Bryant II*).  The state law claims at issue in *Helm* are nearly identical to those at issue in *Bryant II*.

Thus, plaintiffs submit that, in light of the determination that *Bryant I* and *Bryant II* are related, *Helm* should also be related in the interest of judicial efficiency.

Respectfully Submitted,
ROSEN, BIEN & GALVAN, LLP


Date: March 17, 2008                     By:/s/ Lori Rifkin_____

Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOLIN, THOMAS & SOLOMON LLP
J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Michael J. Lingle, NY Attorney No. 3925765
Annette Gifford, NY Attorney No. 4105870
Justin Cordello, NY Attorney No. 4131447
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256

Attorneys for Plaintiffs

-7-

**EXHIBIT K**

1   STEVEN H. GURNEE, ESQ. SB# 66056
    DAVID M. DANIELS, ESQ. SB# 170315
2   NICHOLAS P. FORESTIERE, ESQ. SB# 125118
    GURNEE & DANIELS LLP
3   2240 Douglas Boulevard, Suite 150
    Roseville, CA  95661-3805
4   Telephone      (916) 797-3100
    Facsimile       (916) 797-3131
5

6   Attorneys for Defendants
    ALDERWOODS GROUP, INC.,
7   SERVICE CORPORATION INTERNATIONAL,
    SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC.,
8   SCI EASTERN MARKET SUPPORT CENTER, L.P.
    SCI WESTERN MARKET SUPPORT CENTER, L.P.
9   a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC.,
    SCI HOUSTON MARKET SUPPORT CENTER, L.P.,
10   THOMAS RYAN, PAUL A. HOUSTON, JANE JONES,
11   CURTIS BRIGGS, AND GWEN PETTEWAY

12

13              UNITED STATES DISTRICT COURT

14           NORTHERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16 CLAUDE BRYANT, CRAIG FULCHER, SANFORD LEVINE and THOMAS THOMPSON et al., on behalf of themselves and all other employees similarly situated, | ) No.  3:07-CV-5696-SI ("*Bryant I*") ) ) ) Including The Related Cases of: ) |
| 18 Plaintiffs, | ) *Helm et al v. Alderwoods Group, Inc. et al.* ) Case No. 3:08-cv-01184-SI ) |
| 19 vs. | ) |
| 20 ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P. SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., SCI HOUSTON MARKET SUPPORT CENTER, L.P., and JOHN DOES 1-3, et al. | ) And ) ) *Bryant et al v. Service Corporation* ) *International et al.* Case No. 3:08-cv-01190-SI ) ) **ORDER ON PLAINTIFFS'** ) **ADMINISTRATIVE MOTIONS AND** ) **SCHEDULING ORDER** ) ) Date:   April 3, 2008 ) Time:   11:00 a.m. ) Dept:   10 |
| 27 Defendants. | ) ) |

**ORDER ON PLAINTIFFS' ADMINISTRATIVE MOTIONS AND SCHEDULING ORDER**
Case No. 3:07-CV-5696-SI                                 1

On the date, time and department set forth above, Plaintiffs' Administrative Motions[1] for an Extension of Time to File a Response\Reply to Defendants' currently pending motions, including Motions to Dismiss, Strike, Request a More Definite Statement, and/or for Attorneys' Fees and Stay[2] in this case, *Bryant et al v. Alderwoods*, Case No. 07-5695 SI ("*Bryant I*"), and in the related cases of *Helm et al v. Alderwoods Group, Inc. et al*. Case No. 08-01184-SI ("*Helm*") and *Bryant et al v. Service Corporation International et al.* Case No. 08-01190-SI ("*Bryant II*"), came on for a telephonic hearing before the Honorable Susan Illston. Defendants filed oppositions to plaintiffs' Administrative Motions.[3] Annette Gifford and Sanford Rosen appeared on behalf of all the plaintiffs. Nick Forestiere and John Mason appeared on behalf of all of the defendants.

After consideration of the briefs and arguments of counsel, agreement of the parties as to the transfer of *Bryant I*, and all other matters presented to this Court:

IT IS HEREBY ORDERED as follows:

1.     All of the plaintiffs' Administrative Motions in the three related cases *Bryant I*, *Bryant II* and *Helm* (*Bryant I* Docket No. 60; *Bryant II* Docket No. 36; *Helm* Docket Nos. 45 and 53.) are hereby terminated.

2.     Defendants hereby withdraw without prejudice all of their pending motions in the three related cases of *Bryant I, Bryant II* and *Helm* (*Bryant I* Docket Nos. 43 and 47; *Bryant II* Docket Nos. 29, 30 and 31; *Helm* Docket Nos. 40, 41,42 and 50), subject to those motions being re-filed as set forth herein below.  The April 25, 2008 and May 9, 2008 hearing dates for those motions are hereby vacated.   Plaintiffs shall not attempt to take the defaults of any of the Defendants in *Bryant I, Bryant II* or *Helm* as a result of the withdrawals of those motions.

3.     As to *Bryant I*, the case is ordered to be transferred to the U.S. District Court for the Western District of Pennsylvania effective June 20, 2008.  The transfer is made pursuant to the stipulation of the parties, and the Court finds that it is in the interests of justice and judicial economy.  The Court further finds that the *Bryant I* case is related to the action pending before Judge Joy Flowers Conti in the U.S. District Court for the Western District of Pennsylvania captioned *Prise, et al. v. Alderwoods Group, Inc. and Service Corporation International*, W.D. Pa.

---

[1] *Bryant I* Docket No. 60; *Bryant II* Docket No. 36; and *Helm* Docket Nos. 45 and 53.
[2] *Bryant I* Docket Nos. 43 and 47; *Bryant II* Docket Nos. 29, 30 and 31; and *Helm* Docket Nos. 40, 41,42 and 50.
[3] *Helm* Docket Nos. 48 and 56; *Bryant II* Docket 39.

**ORDER ON PLAINTIFFS' ADMINISTRATIVE MOTIONS AND SCHEDULING ORDER**     2
**Case No. 3:07-CV-5696-SI**

Case 3:08-cv-05696-SI   Document 66   Filed 04/15/2008   Page 3 of 4

Case No. 06-1641 ("*Prise I*"), and that *Bryant I* should be assigned to Judge Conti's courtroom for further proceedings. Defendants shall be allowed to move, plead or otherwise respond to the amended complaint within 30 days from the date that the case has been docketed in the court for the Western District of Pennsylvania and assigned a case number. The transfer is without waiver of any of Defendants' objections, arguments, or requests for relief, including those in Defendants' previously filed motions that would still be valid after the case is transferred, except for any venue, forum, or jurisdictional objection that arises solely because of the transfer.

4.      As to *Bryant II* and *Helm,* the court will proceed with the plaintiffs' motions for remand (*Helm* Docket No. 43; *Bryant II* Docket No. 34) that are presently set for hearing on May 9, 2008. The parties will file their briefs regarding those motions as required by this court's local rules.

5.      A Case Management Conference for the related cases is presently set for 2:00 p.m. on June 20, 2008 in Department 10. The parties are required to file a joint case management conference statement on or before June 13, 2008. The court will review the status and disposition of the related cases at that time. Should the court deny the motions for remand in *Helm* and/or *Bryant II*, then the parties shall meet and confer to discuss whether they should be transferred to another district. If the parties cannot reach agreement regarding their transfer, then the parties seeking a transfer shall file a motion to transfer that will heard at 9:00 a.m. on June 20, 2008. Should either *Helm* and\or *Bryant II* not be remanded or transferred to another district, then the court will then a set a date for the Defendants to move, plead or otherwise respond to the amended complaints in those actions.

        IT IS SO ORDERED.

Dated:_____

                                                    _____
                                                    United States District Court Judge

Approved as to Form:

ROSEN BIEN & GALVAN, LLP

  /s/ Sanford Jay Rosen
By: Sanford Jay Rosen
Attorneys For Plaintiffs
////

ORDER ON PLAINTIFFS' ADMINISTRATIVE MOTIONS AND SCHEDULING ORDER        3
Case No. 3:07-CV-5696-SI

1 | Dolin, Thomas & Solomon LLP

2

3 |     /s/ Annette Gifford
   | By: Annette Gifford
4 | Attorneys For Plaintiffs

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER ON PLAINTIFFS' ADMINISTRATIVE MOTIONS AND SCHEDULING ORDER**          4
Case No. 3:07-CV-5696-SI

**EXHIBIT L**

# U.S. District Court
## Western District of Pennsylvania (Pittsburgh)
### CIVIL DOCKET FOR CASE #: 2:06-cv-01641-JFC

PRISE et al v. ALDERWOODS GROUP, INC. et al
Assigned to: Joy Flowers Conti
related Case: 2:06-cv-01470-JFC
Cause: 29:201 Denial of Overtime Compensation

Date Filed: 12/08/2006
Jury Demand: Defendant
Nature of Suit: 710 Labor: Fair
Standards
Jurisdiction: Federal Question

**Plaintiff**

**DEBORAH PRISE**                    represented by   **Annette M. Gifford**
Dolin, Thomas & Solomon
693 East Avenue
Rochester, NY 14607
(585) 272-0540
Email:
agifford@theemploymentattorneys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles H. Saul**
Margolis Edelstein
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
(412) 281-4256
Email: csaul@margolisedelstein.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Nelson Thomas**
Dolin, Thomas & Solomon
693 East Avenue
Rochester, NY 14607
(585) 272-0540
Fax: (585) 272-0574
Email:
nthomas@theemploymentattorneys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin M. Cordello**
Dolin, Thomas & Solomon
693 East Avenue
Rochester, NY 14607

(585) 272-0540
Email:
jcordello@theemploymentattorneys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kimberly A. Glennon**
Dolin, Thomas & Solomon
693 East Avenue
Rochester, NY 14607
(585) 272-0540
Fax: (585) 272-0574
Email:
kglennon@theemploymentattorneys.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kyle T. McGee**
Margolis Edelstein
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
(412) 281-4256
Email: kmcgee@margolisedelstein.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Liberty J. Weyandt**
Margolis Edelstein
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
(412) 281-4256
Email: lweyandt@margolisedelstein.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael J. Lingle**
Dolin, Thomas & Solomon
693 East Avenue
Rochester, NY 14607
(585) 272-0540
Email:
mlingle@theemploymentattorneys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick J. Solomon**

Dolin, Thomas & Solomon
693 East Avenue
Rochester, NY 14607
(585) 272-0540
Fax: (585) 272-0574
Email:
psolomon@theemploymentattorneys.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**HEATHER RADY**                    represented by  **Annette M. Gifford**
*on behalf of themselves and all other*             (See above for address)
*employees similarly situated*                       *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Charles H. Saul**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **J. Nelson Thomas**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Justin M. Cordello**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Kimberly A. Glennon**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Kyle T. McGee**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Liberty J. Weyandt**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Michael J. Lingle**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Patrick J. Solomon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ALDERWOODS GROUP, INC.**      represented by    **Amy E. Dias**
Jones Day
One Mellon Center
31st Floor
Pittsburgh, PA 15219
(412) 391-3939
Email: aedias@jonesday.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew W. Lampe**
Jones Day
325 John H. McConnell Boulevard
Suite 600
Columbus, OH 43215-2673
(614) 469-3939
Email: mwlampe@jonesday.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**SERVICE CORPORATION**
**INTERNATIONAL**      represented by    **Amy E. Dias**
*TERMINATED: 11/30/2007*                  (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew W. Lampe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 12/08/2006 | 1 | COMPLAINT against ALDERWOODS GROUP, INC. and SERVICE CORPORATION INTERNATIONAL, filed by DEBORAH PRISE and HEATHER RADY. (Filing fee $350 paid, Receipt #07001317) (Attachments: # 1 Civil Cover Sheet; # 2 Receipt)(sjs ) (Entered: 12/08/2006) |
|  |  |  |

**EXHIBIT M**

STD

# U.S. District Court
## DISTRICT OF ARIZONA (Phoenix Division)
## CIVIL DOCKET FOR CASE #: 2:08-cv-00083-MHM

Stickle et al v. SCI Western Market Support Center, L.P. et al
Assigned to: Judge Mary H Murguia
Cause: 15:1938 Fair Labor Standards Act

Date Filed: 01/15/2008
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair Standards
Jurisdiction: Federal Question

**Plaintiff**

**James Stickle**
*on behalf of himself and all employees similarly situated*

represented by **Tod F Schleier**
Schleier Law Offices PC
3101 N Central Ave
Ste 1090
Phoenix, AZ 85012
602-277-0157
Fax: 602-230-9250
Email: tod@schleierlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annette M Gifford**
Dolin Thomas & Solomon LLP
693 East Ave
Rochester, NY 14607
585-272-0540
Fax: 585-272-0574
Email: agifford@theemploymentattorneys.com
*ATTORNEY TO BE NOTICED*

**Bradley Hugh Schleier**
Schleier Law Offices PC
3101 N Central Ave
Ste 1090
Phoenix, AZ 85012
602-277-0157
Fax: 602-230-9250
Email: brad@schleierlaw.com
*ATTORNEY TO BE NOTICED*

**Charles H Saul**
Margolis Edelstein
525 William Penn Pl
Ste 3300
Pittsburgh, PA 15219

412-281-4256
Fax: 412-642-2380
Email: csaul@margolisedelstein.com
*ATTORNEY TO BE NOTICED*

**J Nelson Thomas**
Dolin Thomas & Solomon LLP
693 East Ave
Rochester, NY 14607
585-272-0540
Fax: 585-272-0574
Email:
nthomas@theemploymentattorneys.com
*ATTORNEY TO BE NOTICED*

**Justin M Cordello**
Dolin Thomas & Solomon LLP
693 East Ave
Rochester, NY 14607
585-272-0540
Fax: 585-272-0574
Email:
jcordello@theemploymentattorneys.com
*ATTORNEY TO BE NOTICED*

**Kyle Tice McGee**
Margolis Edelstein
525 William Penn Pl
Ste 3300
Pittsburgh, PA 15219
412-281-4256
Fax: 412-642-2380
Email: kmcgee@margolisedelstein.com
*ATTORNEY TO BE NOTICED*

**Liberty Jane Weyandt**
Margolis Edelstein
525 William Penn Pl
Ste 3300
Pittsburgh, PA 15219
412-281-4256
Fax: 412-642-2380
Email: lweyandt@margolisedelstein.com

*ATTORNEY TO BE NOTICED*

**Michael J Lingle**
Dolin Thomas & Solomon LLP
693 East Ave
Rochester, NY 14607

585-272-0540
Fax: 585-272-0574
Email:
mlingle@theemploymentattorneys.com
*ATTORNEY TO BE NOTICED*

**Patrick J Solomon**
Dolin Thomas & Solomon LLP
693 East Ave
Rochester, NY 14607
585-272-0540
Fax: 585-272-0574
Email:
psolomon@theemploymentattorneys.com

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Eleanor Riggio**                            represented by  **Tod F Schleier**
*on behalf of herself and all employees*                     (See above for address)
*similarly situated*                                          *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Annette M Gifford**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Bradley Hugh Schleier**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Charles H Saul**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **J Nelson Thomas**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Justin M Cordello**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Kyle Tice McGee**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Liberty Jane Weyandt**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                  **Michael J Lingle**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Patrick J Solomon**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Frank Acuna**                 represented by   **Tod F Schleier**
*on behalf of himself and all employees*          (See above for address)
*similarly situated*                              *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Annette M Gifford**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Bradley Hugh Schleier**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Charles H Saul**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

                                                  **J Nelson Thomas**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Justin M Cordello**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Kyle Tice McGee**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Liberty Jane Weyandt**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Michael J Lingle**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Patrick J Solomon**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph Biernacki**
*on behalf of himself and all employees*
*similarly situated*

represented by **Tod F Schleier**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annette M Gifford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bradley Hugh Schleier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charles H Saul**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J Nelson Thomas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin M Cordello**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle Tice McGee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Liberty Jane Weyandt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael J Lingle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick J Solomon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gordon Farmer**
*on behalf of himself and all employees*
*similarly situated*

represented by **Tod F Schleier**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annette M Gifford**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Bradley Hugh Schleier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charles H Saul**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J Nelson Thomas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin M Cordello**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle Tice McGee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Liberty Jane Weyandt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael J Lingle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick J Solomon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rhealyn Holland**                    represented by **Tod F Schleier**
*on behalf of herself and all employees*              (See above for address)
*similarly situated*                                  *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                       **Annette M Gifford**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **Bradley Hugh Schleier**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **Charles H Saul**

(See above for address)
*ATTORNEY TO BE NOTICED*

**J Nelson Thomas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin M Cordello**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle Tice McGee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Liberty Jane Weyandt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael J Lingle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick J Solomon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Richard LaMasters**
*on behalf of himself and all employees
similarly situated*

represented by **Tod F Schleier**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annette M Gifford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bradley Hugh Schleier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charles H Saul**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J Nelson Thomas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin M Cordello**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle Tice McGee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Liberty Jane Weyandt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael J Lingle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick J Solomon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kenneth Allen**
*on behalf of himself and all employees
similarly situated*

represented by **Tod F Schleier**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Annette M Gifford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bradley Hugh Schleier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charles H Saul**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J Nelson Thomas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin M Cordello**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle Tice McGee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Liberty Jane Weyandt**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael J Lingle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick J Solomon**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**SCI Western Market Support Center, L.P.**
*also known as*
SCI Western Market Support Center, Inc.

represented by **Amy E Dias**
Jones Day
500 Grant St
Ste 3100
1 Mellon Ctr
Pittsburgh, PA 15219
412-391-3939
Fax: 412-394-7959
Email: aedias@jonesday.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lonnie James Williams**
Quarles & Brady LLP
1 Renaissance Sq
2 N Central Ave
Phoenix, AZ 85004-2391
602-229-5300
Fax: 602-420-5001
Email: lwilliams@quarles.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew W Lampe**
Jones Day
222 E 41st St
New York, NY 10017
212-326-7883
Fax: 212-755-7306
Email: mwlampe@jonesday.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carrie Marie Francis**
Quarles & Brady LLP
1 Renaisance Sq

2 N Central Ave
Phoenix, AZ 85004-2391
602-229-5728
Fax: 602-420-5028
Email: cfrancis@quarles.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**SCI Eastern Market Support
Center, L.P.**                                 represented by    **Amy E Dias**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lonnie James Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew W Lampe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carrie Marie Francis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**SCI Houston Market Support
Center, L.P.**                                 represented by    **Amy E Dias**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lonnie James Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew W Lampe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carrie Marie Francis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**SCI Funeral and Cemetery
Purchasing Cooperative, Inc.**                 represented by    **Amy E Dias**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lonnie James Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew W Lampe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carrie Marie Francis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Service Corporation International**   represented by   **Amy E Dias**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lonnie James Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew W Lampe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carrie Marie Francis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jane D. Jones**   represented by   **David M Daniels**
Gurnee & Daniels LLP
2240 Douglas Blvd
Ste 150
Roseville, CA 95648
916-797-3100
Fax: 916-797-3131
Email: david@gurneelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas P Forestiere**

Gurnee & Daniels LLP
2240 Douglas Blvd
Ste 150
Roseville, CA 95661
916-797-3100
Fax: 916-797-3131
Email: nicholas@gurneelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven H Gurnee**
Gurnee & Daniels LLP
2240 Douglas Blvd
Ste 150
Roseville, CA 95661
916-797-3100
Fax: 916-797-3131
Email: steve@gurneelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin John Naylor**
Quarles & Brady LLP
2 N Central Ave
Phoenix, AZ 85004-2391
602-229-5453
Fax: 602-417-2952
Email: bnaylor@quarles.com

**Defendant**

**Gwen Petteway**                    represented by  **David M Daniels**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas P Forestiere**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven H Gurnee**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin John Naylor**
(See above for address)

**Defendant**

**Thomas Ryan**                    represented by  **David M Daniels**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas P Forestiere**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven H Gurnee**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin John Naylor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Curtis Briggs**                          represented by  **David M Daniels**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas P Forestiere**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven H Gurnee**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin John Naylor**
(See above for address)

**Defendant**

**The SCI 401K Retirement Savings Plan**                represented by  **Amy E Dias**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lonnie James Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew W Lampe**
(See above for address)

**EXHIBIT N**

1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ. SB# 125118
   GURNEE & DANIELS LLP
3  2240 Douglas Boulevard, Suite 150
   Roseville, CA  95661-3805
4  Telephone    (916) 797-3100
   Facsimile    (916) 797-3131
5
   Attorneys for Defendants
6
   ALDERWOODS GROUP, INC., PAUL A.
7  HOUSTON, SERVICE CORPORATION
   INTERNATIONAL, SCI FUNERAL AND
8  CEMETERY PURCHASING COOPERATIVE, INC.,
9  SCI EASTERN MARKET SUPPORT CENTER, L.P.,
   SCI WESTERN MARKET SUPPORT CENTER, L.P.
10 a/k/a SCI WESTERN MARKET SUPPORT CENTER, L.P.

11

12                     UNITED STATES DISTRICT COURT

13                     NORTHERN DISTRICT OF CALIFORNIA

14

15
   CLAUDE BRYANT, CRAIG FULCHER,        )  No. **3:07-CV-5696-SI**
16 SANFORD LEVINE and THOMAS            )
   THOMPSON et al., on behalf of themselves )
17 and all other employees and former employees )  **DECLARATION OF LIANA JENSEN IN**
   similarly situated,                  )  **SUPPORT OF MOTION TO DISMISS**
18                                       )  **AMENDED COMPLAINT PURSUANT**
                                         )  **TO FRCP 12(b)(2) AND FRCP 12(b)(6)**
19            Plaintiffs,               )
                                         )
20        vs.                            )
                                         )
21 ALDERWOODS GROUP, INC., PAUL A.       )
   HOUSTON, SERVICE CORPORATION         )
22 INTERNATIONAL, SCI FUNERAL AND        )
   CEMETERY PURCHASING                  )
23 COOPERATIVE, INC., SCI EASTERN        )
   MARKET SUPPORT CENTER, L.P. SCI       )
24 WESTERN MARKET SUPPORT CENTER,        )
   L.P. a/k/a SCI WESTERN MARKET         )
25                                       )
   SUPPORT CENTER, INC., SCI HOUSTON     )
26 MARKET SUPPORT CENTER, L.P., and      )
   JOHN DOES 1-3, et al.                 )
27                                       )
                                         )
28            Defendants.                )

   **LIANA JENSEN'S DECLARATION RE MOTION TO DISMISS**                    1
   Case No. 3:07-CV-5696-SI

I, Liana Jensen, hereby specially appear in this matter for the sole purpose of moving to dismiss the Complaint and, in support of that motion, submit the following Declaration under penalty of perjury:

1.     I am currently employed by SCI Funeral & Cemetery Purchasing Cooperative, Inc. in the position of legal assistant.  I have held his position since September 2003.

2.     I am the legal assistant assigned to work on the above caption case.  As part of my job responsibilities related that case, I obtained copies of the Plaintiffs' W-2's they received for their employment.  Attached hereto as collectively as Exhibit 1 are true and correct copies of those documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 24th day of March, 2008, at Houston, Texas.

_Liana Jensen_
Liana Jensen

**LIANA JENSEN'S DECLARATION RE MOTION TO DISMISS**
Case No. 3:07-CV-5696-SI

2

**EXHIBIT 1**

| a Control number | | | | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|---|---|---|
| 0000040241 | | | OMB No. 1545-0008 | | |
| b Employer identification number | | d Employee's social security number | | 3 Social security wages | 4 Social security tax withheld |
| 83-0344693 | | | | | |
| c Employer's name, address, and ZIP code | | SC2 | 623 | 5 Medicare wages and tips | 6 Medicare tax withheld |
| SCI FUNERAL & CEMETERY PURCHASING COOP I | | | | | |
| AGENT FOR SCI ARIZONA FUN | | | | 7 Social security tips | 8 Allocated tips |
| P.O. BOX 130548 | | | | | |
| HOUSTON TX 77219-0548 | | | | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's first name and initial         Last name | | | | 11 Nonqualified plans | 12 a  d       D |
| JAMES W               STICKLE | | | | | |
| 4667 WEST 19TH PLACE | | | | 14 Other | |
| YUMA, AZ 85364-0000 | | | | | |
| f Employee's address and ZIP code | | | | 13 Statutory employee ☐  Retirement plan ☐  Third-Party Sick Pay ☒ | |

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| AZ | 0741907163 | | | | | |

Form **W-2** Wage and Tax Statement **2006**          **REISSUE**

| a Control number | | | | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|---|---|---|
| 0000036780 | | | OMB No. 1545-0008 | | |
| b Employer identification number | | d Employee 's social security number | | 3 Social security wages | 4 Social security tax withheld |
| 83-0344693 | | | | | |
| c Employer 's name, address, and ZIP code | | SC2 | 533 | 5 Medicare wages and tips | 6 Medicare tax withheld |
| SCI FUNERAL & CEMETERY PURCHASING COOP I | | | | | |
| AGENT FOR SCI ARIZONA FUN | | | | 7 Social security tips | 8 Allocated tips |
| P.O. BOX 130548 | | | | | |
| HOUSTON TX 77219-0548 | | | | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee 's first name and initial | Last name | | | 11 Nonqualified plans | 12 a-d |
| ELEANOR R     RIGGIO | | | | | |
| 8414 N. 80TH PL | | | | 14 Other | |
| SCOTTSDALE, AZ 85258 | | | | | |
| f Employee 's address and ZIP code | | | | 13 Statutory employee ☐  Retirement plan ☐  Third-Party Sick Pay ☐ | |
| 15 State | Employer 's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
| AZ | 0741907163 | | | | | |

Form **W-2** Wage and Tax Statement **2006**     **REISSUE**

| a Control number | | | | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|---|---|---|
| 0000075689 | | | OMB No. 1545-0008 | | |
| b Employer identification number | | d Employee's social security number | | 3 Social security wages | 4 Social security tax withheld |
| 83-0344693 | | | | | |
| c Employer's name, address, and ZIP code | | SC2 | 3 | 5 Medicare wages and tips | 6 Medicare tax withheld |
| | | | | 7 Social security tips | 8 Allocated tips |
| SCI FUNERAL & CEMETERY PURCHASING COOP I AGENT FOR SCI ARIZONA FUN P.O. BOX 130548 HOUSTON TX 77219-0548 | | | | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's first name and initial        Last name | | | | 11 Nonqualified plans | 12 a-d |
| FRANK A        ACUNA 2810 S 1ST AV #B YUMA, AZ 85364-0000 | | | | 14 Other | |
| f Employee's address and ZIP code | | | | 13 Statutory employee ☐  Retirement plan ☐  Third-Party Sick Pay ☐ | |
| 15 State  Employer's state ID number | 16 State wages, tips, etc | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
| AZ │ 0741907163 | | | | | |

Form **W-2** Wage and Tax Statement   **2006**          **REISSUE**

| a Control number | | | | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|---|---|---|
| 0000086464 | | | OMB No. 1545-0008 | | |
| b Employer identification number | | d Employee's social security number | | 3 Social security wages | 4 Social security tax withheld |
| 83-0344693 | | | | | |
| c Employer's name, address, and ZIP code | | SD4 | 233 | 5 Medicare wages and tips | 6 Medicare tax withheld |
| SCI FUNERAL & CEMETERY PURCHASING COOP I | | | | | |
| AGENT FOR CALIFORNIA CEME | | | | 7 Social security tips | 8 Allocated tips |
| P.O. BOX 130548 | | | | | |
| HOUSTON TX 77219-0548 | | | | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's first name and initial        Last name | | | | 11 Nonqualified plans | 12 a d        D |
| JOSEPH W        BIERNACKI | | | | 14 Other | |
| 189 ATHERTON AVE. | | | | CASDI | |
| PITTSBURG, CA 94565-0000 | | | | | |
| f Employee's address and ZIP code | | | | | 13 Statutory employee ☐  Retirement plan ☐  Third-Party Sick Pay ☒ |
| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
| CA | 122-2859-9 | | | | | |

Form **W-2** Wage and Tax Statement **2006**        **REISSUE**

| a Control number  0000111529 | | | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|---|---|
| b Employer identification number  83-0344693 | | d Employee's social security number | 3 Social security wages | 4 Social security tax withheld |
| c Employer's name, address, and ZIP code       SD4       1045 | | | 5 Medicare wages and tips | 6 Medicare tax withheld |
| SCI FUNERAL & CEMETERY PURCHASING COOP I  AGENT FOR CALIFORNIA CEME | | | 7 Social security tips | 8 Allocated tips |
| P.O. BOX 130548  HOUSTON TX 77219-0548 | | | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's first name and initial          Last name | | | 11 Nonqualified plans | 12 a d          D |
| RHEALYN          HOLLAND  1011 YGNACIO VALLEY RO  APT. 26  WALNUT CREEK, CA 94598 | | | 14 Other  CASDI | |
| f Employee's address and ZIP code | | | | 13 Statutory employee ☐  Retirement plan ☐  Third-Party Sick Pay ☒ |
| 15 State  CA | Employer's state ID number  122-2859-9 | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locally name |

Form **W-2** Wage and Tax Statement **2006**          **REISSUE**

| a. Control number<br>0000068800 | | | OMB No. 1545-0008 | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|---|---|---|
| b. Employer identification number<br>83-0344693 | | d. Employee 's social security number | | 3 Social security wages | 4 Social security tax withheld |
| c. Employer 's name, address, and ZIP code<br><br>SCI FUNERAL & CEMETERY PURCHASING COOP I<br>AGENT FOR SCI IOWA FUNERA<br><br>P.O. BOX 130548<br>HOUSTON TX 77219-0548 | | SK6        77 | | 5 Medicare wages and tips | 6 Medicare tax withheld |
| | | | | 7 Social security tips | 8 Allocated tips |
| | | | | 9 Advance EIC payment | 10 Dependent care benefits |
| e. Employee 's first name and initial         Last name<br><br>RICHARD        LAMASTERS<br>1711 S. 3RD STREET<br>MARSHALLTOWN, IA 50158-0000 | | | | 11 Nonqualified plans | 12 a-d         C<br><br>D |
| | | | | 14 Other | |
| f. Employee 's address and ZIP code | | | | | 13 Statutory employee ☐  Retirement plan ☐  Third-Party Sick Pay ☒ |

| 15 State   Employer 's state ID number<br>IA   42-1186703001 3 | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|
| | | | | | |

Form **W-2**  Wage and Tax Statement  **2006**        REISSUE

| a Control number 0000050447 | | | OMB No. 1545-0008 | 1 Wages, tips, other compensation ▮▮▮▮ | 2 Federal income tax withheld ▮▮▮▮ |
|---|---|---|---|---|---|
| b Employer identification number B3-0344693 | | d Employee's social security number ▮▮▮▮ | | 3 Social security wages ▮▮▮▮ | 4 Social security tax withheld ▮▮▮▮ |
| c Employer's name, address, and ZIP code | | | | 5 Medicare wages and tips ▮▮▮▮ | 6 Medicare tax withheld ▮▮▮▮ |
| SCI FUNERAL & CEMETERY PURCHASING COOP I AGENT FOR CALIFORNIA CEME | | | | 7 Social security tips | 8 Allocated tips |
| P.O. BOX 130548 HOUSTON TX 77219-0548 | | | | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's first name and initial   Last name   SD4   782 | | | | 11 Nonqualified plans | 12 a-d   D ▮▮▮▮ |
| GORDON E   FARMER 151 SHADY LANE VALLEJO, CA 94591-0000 | | | | 14 Other CASDI ▮▮▮▮ | |
| f Employee's address and ZIP code | | | | | 13 Statutory employee ☐   Retirement plan ☐   Third Party Sick Pay ☒ |
| 15 State   Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
| CA   005-0348-2 | ▮▮▮▮ | ▮▮▮▮ | | | |

Form **W-2** Wage and Tax Statement **2005**      REISSUE

| a Control number | | | | |
|---|---|---|---|---|
| 0000076982 | | | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
| b Employer identification number | | OMB No. 1545-0008 | 3 Social security wages | 4 Social security tax withheld |
| 83-0344693 | | | | |
| d Employee's social security number | | | 5 Medicare wages and tips | 6 Medicare tax withheld |
| c Employer's name, address, and ZIP code | | | 7 Social security tips | 8 Allocated tips |

c Employer's name, address, and ZIP code

SCI FUNERAL & CEMETERY PURCHASING COOP I
AGENT FOR SCI OREGON FUNE

P.O. BOX 130548
HOUSTON TX 77219-0548

| 9 Advance EIC payment | 10 Dependent care benefits |
|---|---|
| 11 Nonqualified plans | 12 a-d    D |

e Employee's first name and initial      Last name          SQ2          49

KENNETH R          ALLEN
PO BOX 2742
EUGENE, OR 97402-0000

| 13 Statutory employee ☐   Retirement plan ☐   Third-Party Sick Pay ☒ |
|---|

f Employee's address and ZIP code

| 15 State | Employer's state ID number | 16 State wages, tips, etc | tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|
| OR | 0002937-4 | | | | |

Form **W-2**  Wage and Tax Statement  **2004**

REPLACEMENT COPY

I hereby certify that on the 15th day of May, 2008,
I electronically transmitted the attached document to
the Clerk's Office using the CM/ECF System for
filing and transmittal of a Notice of Electronic
Filing to the following CM/ECF registrants:

Maria V. Morris
mmorris@rbg-law.com

Lori Rifkin
lrifkin@rbg-law.com

Sanford J. Rosen
srosen@rbg-law.com

and by mail to:

Justin Cordello
Annette Gifford
Michael J. Lingle
Patrick J. Solomon
J. Nelson Thomas
Dolin Thomas & Solomon LLP
693 East Ave.
Rochester, NY  14607

Kyle T. McGee
Charles H. Saul
Liberty J. Weyandt
Margolis Edelstein
525 William Penn Pl, Ste. 3300
Pittsburg, PA  15219


_Deseree C Rosebrock_

Deseree C. Rosebrock