1  Sanford Jay Rosen, State Bar No. 62566
   Maria V. Morris, State Bar No. 223903
2  Lori E. Rifkin, State Bar No. 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830
   Facsimile:  (415) 433-7104
5  srosen@rbg-law.com

6  [Additional Counsel Listed on Signature Page]

7  Attorneys for Plaintiffs

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO/OAKLAND DIVISION

11

12 | WILLIAM HELM, DEBORAH PRISE, | ) | Case No. 3:08-cv-01184-SI |
   | HEATHER P. RADY, et al., on behalf of | ) | |
13 | themselves and all other employees and former | ) | **PLAINTIFFS' MEMORANDUM OF** |
   | employees similarly situated, | ) | **POINTS AND AUTHORITIES IN** |
14 | | ) | **OPPOSITION TO DEFENDANTS'** |
   | Plaintiffs, | ) | **MOTION TO TRANSFER** |
15 | | ) | |
   | v. | ) | |
16 | | ) | |
   | ALDERWOODS GROUP, INC., PAUL A. | ) | Date:       July 25, 2008 |
17 | HOUSTON, SERVICE CORPORATION | ) | Time:       9:00 am |
   | INTERNATIONAL, SCI FUNERAL AND | ) | Courtroom: 10 |
18 | CEMETERY PURCHASING COOPERATIVE, | ) | Judge:      The Honorable Susan Illston |
   | INC., SCI EASTERN MARKET SUPPORT | ) | |
19 | CENTER, L.P., SCI WESTERN MARKET | ) | |
   | SUPPORT CENTER, L.P. a/k/a SCI WESTERN | ) | |
20 | MARKET SUPPORT CENTER, INC., and SCI | ) | |
   | HOUSTON MARKET SUPPORT CENTER, L.P., | ) | |
21 | | ) | |
   | Defendants. | ) | |
22 | | ) | |

23

24

25

26

27

1

2

Additional Attorneys for Plaintiffs, who have been admitted or who will submit applications for admission *pro hac vice*:

3

J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Annette Gifford, NY Attorney No. 4105870

4

DOLIN, THOMAS & SOLOMON LLP

5

693 East Avenue
Rochester, NY 14607

6

Telephone: (585) 272-0540
Facsimile:  (585) 272-0574

7

nthomas@theemploymentattorneys.com

8

Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654

9

Kyle T. McGee, PA State Bar No. 205661

10

MARGOLIS EDELSTEIN
525 William Penn Place
Suite 3300

11

Pittsburgh, PA 15219
Telephone: (412) 281-4256

12

Facsimile: (412) 642-2380
csaul@margolisedelstein.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**PRELIMINARY STATEMENT**[1]

Defendants' request for transfer to the District of Pennsylvania should be denied in this matter, where defendants have already successfully argued that the claims in this matter and those in *Prise* should not be heard together, where defendants have asserted they will seek to dismiss this action from the Pennsylvania court on, *inter alia*, personal jurisdiction grounds, and where the Pennsylvania Court has already ruled that it will not hear these state law claims in the same action as the federal claims currently pending there. Plaintiffs are unaware of any authority—and defendants have cited none—which would permit a District Court to compel a sister court to change its prior holding. Moreover, defendants' request should be denied both because the number of currently pending actions is a consequence of defendants' own strategy to delay and protract this litigation and because defendants' argument relies upon misrepresentations of facts and proceedings in other pending matters.

Simply put, defendants Alderwoods Group, Inc. ("Alderwoods") and Service Corporation International ("SCI")[2] previously argued that the state law claims asserted in this action should not be heard together with the related federal Fair Labor Standards Act ("FLSA") claims. *See Prise* Docket Nos. 111-12, Affirmation of Annette Gifford ("Gifford Aff.") Ex C. Defendants successfully moved to dismiss these state law claims from the very same action they now argue provides grounds for transfer, arguing previously that the state and federal claims could not be heard together. *Id.* In accordance with the Federal District Court's ruling and to accommodate defendants' position, Plaintiffs were forced to bring this separate action, not as a means of forum shopping, but as a direct result of defendants' own tactics. Defendants, apparently disappointed that plaintiffs have not simply abandoned their valid state law claims, now seek to avoid the

---

[1] Throughout this memorandum and its corresponding affirmation, plaintiffs refer to the following actions: "*Prise*," W.D. Pa. case number 06-1641; "*Helm*," N.D. Cal. case number 08-1184-SI; "*Bryant*," N.D Cal. case number 08-1190; and "*Stickle*," D. Az. case number 08-0083.

[2] Although defendants now claim they were all previously named in the *Prise* complaint, only defendant Alderwoods and SCI have been defendants in that matter.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER                                                                      Case No. 3:08-cv-01184-SI

-1-

necessary consequence of their own tactics and have the state law claims transferred to join the FLSA claims.

Defendants' request must be denied.  As an initial matter, defendants have indicated to plaintiffs' counsel that, upon transfer to the Western District of Pennsylvania, they intend to move to dismiss these claims against some or all defendants on grounds including lack of personal jurisdiction.  Gifford Aff. ¶ 21.  Given defendants' contention that these claims could not be maintained in those jurisdictions, they should not be heard to argue that the Western District of Pennsylvania is a more convenient forum.

Moreover, defendants have not shown the relevant factors weigh heavily in favor of transfer.  Plaintiffs' choice of forum is not, as defendant argues, "irrelevant," but is instead a factor which must be given weight.  The mere existence of other litigation which shares some factual overlap does not warrant transfer.  Finally, this jurisdiction has an interest in the outcome of this litigation, particularly in light of Alderwoods' public filings prior to its acquisition indicating it had approximately 50 operating locations in this state, as opposed to 5 locations in Pennsylvania.  Gifford Aff. ¶ 19, Ex. B at 51 of 64.  All of these factors weigh against transfer and defendants concede the remaining factors are at the very least "neutral" and thus cannot satisfy defendants' burden.  Defendants' motion to transfer should be denied.

**PROCEDURAL HISTORY**

Defendants' claim that plaintiffs have engaged in forum shopping is false and unsupported by anything but defendants' mischaracterization of other litigation.  In fact, the various actions filed are the direct result of *defendants'* litigation tactics and defendants' own arguments that the claims should not be heard together.  Defendants' misstatements and mischaracterizations are refuted more fully in the Gifford Aff.

Simply put, and as detailed in the Gifford Aff. at ¶¶2-15, plaintiffs' filings were the result of defendants' successive efforts to remove certain claims and plaintiffs from the *Prise* action.  Each time defendants argued certain claims should not be heard together, plaintiffs refiled those claims after considering the most appropriate forum in an attempt to honor the *Prise* rulings,

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER                                    Case No. 3:08-cv-01184-SI

-2-

accommodate defendants' positions, and make a determination based upon the available information regarding plaintiffs' claims.

Defendants first sought to have plaintiffs' state law claims heard separately from their federal claims.  *Prise* Docket Nos. 111-12, Gifford Aff. Ex. C.  Although defendants now argue they sought only to avoid consolidation of the state and federal claims, that argument is belied by the fact that defendants never sought severance but instead argued the state law claims were incompatible with the federal claims.  *Id.*  When the *Prise* Court granted defendants' motion and declined to exercise supplemental jurisdiction over the state law claims, plaintiffs contemplated the appropriate state forum in which to refile the state law claims of both Alderwoods and SCI employees, focusing on important factors including where potential representative plaintiffs suffered violations.   It is unsurprising that plaintiffs refiled their claims in California, as defendants' own public filings reflect that both SCI and Alderwoods maintained far more locations in California than Pennsylvania.  Gifford Aff. ¶¶ 18-19, Ex. A, B.  Thus, in July 2007, plaintiffs filed their claims in Superior Court in Alameda County as a direct result of their efforts to comply with the *Prise* ruling and to file in a jurisdiction where interested named plaintiffs suffered violations.  (The single action initially filed was subsequently dismissed and refiled as two separate actions as a result of defendants' intervening position in *Prise* that resulted in a ruling that the claims of SCI employees should proceed separately, as set forth below.)

Following plaintiffs' refiling of their state law claims, defendants argued the FLSA claims of SCI employees must be filed separately.  When the *Prise* Court agreed to dismiss the SCI employees' FLSA claims on joinder grounds, those plaintiffs refiled their claims in a jurisdiction that would effectuate the *Prise* Court's ruling, accommodate defendants' position, and provide a forum where interested SCI plaintiffs suffered violations.  Taking all of those factors into account, the SCI employees reasserted their FLSA claims in the District of Arizona.  Moreover, to fully comply with the *Prise* ruling and in an effort to prevent further motion practice by defendants, plaintiffs also dismissed the state law action asserting claims on behalf of

1  both Alderwoods and SCI employees and filed a separate state law action on behalf of each

2  group.

3       Two named plaintiffs in the instant matter were employed by defendants in this district

4  and suffered violations. (Gifford Aff. ¶ 17).

5                              **LEGAL STANDARD**

6       Transfer of an action pursuant to 28 U.S.C. §1404(a) may be granted "for the

7  convenience of parties and witnesses, in the interest of justice…to any other district or division

8  where it might have been brought."   The proponent of transfer bears the heavy burden of

9  establishing that transfer is warranted.  *See, e.g., Gherebi v. Bush*, 352 F.3d 1278, 1302 (9th Cir.

10  2003), *vacated on other grounds Bush v. Gherebi*, 542 U.S. 952 (2004); *Decker Coal Co. v.*

11  *Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986); *Ellis v. Hollister*, 2006 WL

12  1132377, at *4 (E.D.Cal. Apr. 14, 2006).

13       Defendants may not prevail on their motion to transfer unless they show the proposed

14  forum is "substantially superior … [The fact t]hat a single factor points to a particular forum is

15  generally not enough, by itself, to warrant transfer."  *Munoz v. UPS Ground Freight, Inc.,* 2007

16  WL 1795696, *3 (N.D.Cal. June 20, 2007).  Transfer should be granted only when the current

17  forum is so clearly inconvenient for the parties and witnesses that transfer is required, and the

18  Court need not decide whether the new forum is simply better than the current forum.  *Gherebi*,

19  352 F.3d at 1303 (citation omitted); *Decker Coal Co.,* 805 F.2d at 843; *Ellis,*  2006 WL 1132377,

20  at *4.   A motion to transfer may not be employed as a vehicle to shift the inconvenience of

21  litigation from one party to the other. *Decker Coal Co.,* 805 F.2d at 843.

22       The proponent of transfer must establish: "(1) that venue is proper in the transferor

23  district; (2) that the transferee district is one where the action might have been brought; and (3)

24  that the transfer will serve the convenience of the parties and witnesses, and will promote the

25  interests of justice."  *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp.

26  503, 506 (C.D. Cal. 1992) (citation omitted).  Once the first two factors are established, courts

27  consider numerous factors to determine whether transfer is appropriate.  *See, e.g., Jones v. GNC*

1    *Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000).  As explained below, defendants have

2    not met their burden, and the transfer motion must be denied.

3                                    **ARGUMENT**

4    **I.      PLAINTIFFS' CHOICE OF VENUE SHOULD NOT BE DISTURBED**

5           Generally, the Ninth Circuit requires that a "defendant must make a strong showing of

6    inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co.*, 805 F.2d

7    at 844.  Although courts have ruled that, "when a plaintiff brings a suit on behalf of a class, his

8    or her choice carries less weight if the operative facts did not occur in the chosen forum,"

9    defendants' contention that plaintiffs' choice of forum is *irrelevant* is incorrect, particularly here

10   where operative facts did occur in this district.  *See Munoz, supra,* 2007 WL 1795696 at *4,

11   citing, *Lou v. Bezlberg,* 834 F.2d 730, 739 (9th Cir. 1987).  Indeed, defendants themselves cite

12   *Berenson v. Nat'l Fin. Serv., LLC,* in which the court expressly stated it was "not prepared to

13   conclude that [plaintiffs' choice of forum] is irrelevant in a [class action matter.]" 319 F.Supp.2d

14   1 (D.D.C. 2004).

15          Courts reject defendants' argument that plaintiffs' choice of forum should be wholly

16   disregarded in the context of a nationwide class action.  The court in *Parrish v. Nat'l Football*

17   *League Players, Inc.* explained the responsibilities of a named plaintiff require consideration of

18   the plaintiffs' choice of forum: "If the class is certified and [the named plaintiffs] are certified as

19   class representatives, they will still bear a great deal of responsibility in representing the class.

20   In contrast, the thousands of other putative class members will not need to appear in this action.

21   …this factor weighs against transfer."  2007 WL 1624601, *6 (N.D.Cal. June 4, 2007) (noting

22   named plaintiffs residing outside the district had "tacitly agreed to litigating here").  *See also*

23   *Munoz, supra,* 2007 WL 1795696 at *3 (giving "Plaintiffs' choice of forum considerable

24   deference" in a class action where the operative facts occurred in both the transferor and

25   transferee districts); *Ellis, supra,* 2006 WL 1132377 at *3 ("it is not apparent why the fact that

26   there are persons that could potentially be affected by the outcome of this suit elsewhere means

27   that this suit should be transferred … Those other persons have not brought suit and thus it is the

1    present plaintiffs' choice that seems to be relevant.").  Thus, plaintiffs' choice of forum should

2    be accorded weight, particularly in light of the fact that two named plaintiffs suffered violations

3    in this District, and defendants maintain operating locations here.

4         Moreover, this Court should reject defendants' unsubstantiated claim that this action was

5    filed as a result of forum shopping.  Defendants offer nothing more than their own self-serving

6    conjecture and plaintiffs have refuted that unsupported claim.  This action was commenced in

7    this jurisdiction as a result of defendants' own motion, as well as the fact that named plaintiffs

8    reside here.  Courts reject claims of forum-shopping where plaintiffs dismiss and refile claims

9    based on practicalities of litigation, including the availability of named plaintiffs.  *See, e.g.,*

10   *Lynch v. United Services Auto. Ass'n.,* 491 F.Supp.2d 357, 366 (S.D.N.Y. 2007) (rejecting claims

11   of forum shopping where plaintiffs' counsel consented to dismissal of an action pending in

12   Florida and subsequently refiled the same action in New York, substituting a different named

13   plaintiff who was employed in New York); *Safarian v. Maserati North America, Inc.*, 2008 WL

14   2407262, *2 (C.D. Cal. June 11, 2008) (rejecting claims of forum shopping where plaintiff's

15   choice of venue was motivated by the location of her attorney's offices).

16        Instead, here it is *defendants* who are engaging in forum shopping, as defendants sought

17   dismissal of these claims from the Western District of Pennsylvania, removed the claims from

18   state court in Alameda County to this District, and now seek to transfer the claims back to the

19   Western District of Pennsylvania from which they were previously dismissed at defendants'

20   request.  Indeed, defendants have effectively succeeded in preventing plaintiffs from reaching the

21   merits of these claims—which were initially filed in December, 2006—for more than 18 months.

22        Accordingly, Plaintiffs' choice of forum should be accorded deference, and this factor

23   weighs against transfer.  Moreover, defendants' claim that the factors regarding the parties'

24   convenience are neutral with respect to transfer is contradicted by defendants' concession that

25   plaintiffs' choice of forum—which, here, weighs against transfer—is one factor relevant to the

26   parties' convenience.  Defendants are thus unable to show factors weighing heavily in favor of

27   transfer and their request should be denied.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER                                                    Case No. 3:08-cv-01184-SI

## II.     THE INTERESTS OF JUSTICE WEIGH AGAINST TRANSFER

Contrary to defendants' assertion, the interests of justice—the *only* factor defendants contend favors transfer—in fact weighs *against* transfer.  Defendants' argument is that the interests of justice favor transfer of this action solely because the *Prise* matter is currently pending in Pennsylvania.   However, in light of defendants' intention to argue that the Pennsylvania court lacks jurisdiction over some or all of the defendants, the substantive differences between the state and federal law claims asserted in this action and in *Prise*, and the state of California's interest in this litigation and familiarity with the law at issue, the interests of justice weigh against transfer.

### A.     Defendants' Claim That the *Prise* Court Lacks Personal Jurisdiction Over at Least Some Defendants Weighs Against Transfer

Despite defendants' claim that this matter may be properly brought in the Western District of Pennsylvania, defendants have stated during conferences with plaintiffs' counsel that, in the event this matter is transferred, they intend to move to dismiss at least some of the defendants in this action for lack of personal jurisdiction.   Gifford Aff. ¶21.   Defendants' intention to make that argument nullifies the sole justification for their motion to transfer.

Transfer to a venue which defendants' claim is susceptible to a motion to dismiss "would not be in the interests of judicial economy."  *Stomp, Inc. v. NeatO, LLC,* 61 F.Supp.2d 1074, 1082 (C.D.Cal. 1999); *Brighton Collectibles, Inc. v. Coldwater Creek, Inc.,* 2006 WL 4117032, *4 (S.D.Cal. Nov. 21, 2006) (denying transfer when motion to dismiss was pending in proposed transferee forum).  Here, it is not in the interest of judicial economy to transfer this action to the Western District of Pennsylvania in light of defendants' stated intention to assert that Court cannot exercise personal jurisdiction over some or all of the defendants.  The interests of justice weigh against transferring this matter.

### B.     The *Prise* Litigation Does Not Warrant Transfer of This Matter

The *Prise* Court previously ruled, on defendants' motion, that it would not hear the instant state law claims.  Plaintiffs are unaware of any authority, and defendants have cited none,

1   that would permit a District Court to compel a sister Court to change its prior holding.  Instead,

2   the interests of judicial comity and respect for the *Prise* Court's prior rulings weigh strongly

3   against returning this matter to that Court.

4          Defendants also have not made an adequate showing that transfer would be proper on the

5   sole basis of the *Prise* action's pendency.  *See, e.g., Thill v. Edward D. Jones & Co., L.P.*, 2006

6   WL 2669004, at *5 (N.D. Cal. Sept. 16, 2006) (denying transfer where it would "not be more

7   convenient for *any* of the parties … the only connection between this case and that district is the

8   fact that two other cases are being heard there").  The claims at issue in this matter are solely

9   issues of state law, while the claims at issue in *Prise* are solely matters of federal law.  To the

10  extent there are similar factual issues, concerns such as duplicative discovery may be avoided by

11  simple coordination.  *See Bibo v. Federal Express, Inc.,* 2007 WL 2972948, *4 (N.D.Cal. Oct.

12  10, 2007).

13         In *Bibo*, the Court rejected as unpersuasive defendant's argument that the action should

14  be transferred to a District where two related actions were pending.  *Id.* at *3-4.  Although

15  recognizing the potential for inconsistent rulings, the Court found defendant failed to provide any

16  specific information to satisfy its heavy burden of showing a high risk of inconsistent

17  adjudication.  *Id.* at *4.  *See also Datex-Ohmeda, Inc. v. Hill-Rom Services, Inc.*, 185 F. Supp. 2d

18  407, 411-12 (D. Del. 2002) (denying transfer to district where related patent action regarding

19  identical technology was pending where actions were not sufficiently related).

20         Here, there is no risk of inconsistent adjudication because the state law claims rely on

21  different statutes and legal theories than do the federal claims asserted in *Prise* and, in any event,

22  defendants have made no showing of a high risk of inconsistent adjudication.  Indeed, disparate

23  rulings or outcomes between the claims asserted here and in *Prise* would likely be expected—

24  and would not amount to inconsistent adjudications—to the extent the actions are proceeding

25  under different statutes and legal theories.  *See Rouse Woodstock, Inc. v. Surety Federal Sav. &*

26  *Loan Ass'n*, 630 F. Supp. 1004, 1013 (N.D.Ill. 1986) (denying transfer where claims in

27  transferee court covered broader area than those in transferor court and  the two actions "thus

have only factual overlap, not factual identity"). Thus, as in *Bibo*, the pending *Prise* litigation is not sufficient to satisfy defendants' burden to show that transfer is appropriate in this case.

Moreover, the cases defendants rely upon are distinguishable. Here, in contrast to the cases defendants' cite, both parties have contacts with the California forum. Similarly, many of defendants' cases are distinguishable because they involve the same parties litigating the same matter in two different jurisdictions. *See, e.g., Smithkline Corp. v. Sterling Drug, Inc.,* 406 F.Supp. 52 (D.C.Del. 1975)*; Amazon.com v. Cendant Corp.,* 404 F.Supp.2d 1256 (W.D. Wash. 2005). Here, in contrast, the plaintiff classes in each action are different, as the Pennsylvania action is an opt-in class action limited to only plaintiffs who have affirmatively joined that action, while the instant action currently consists of only the named plaintiffs but, when certified, will include what is likely to be a significantly larger opt-out class. Moreover, the size of this action will be further expanded because many of the state law claims at issue here provide for a longer statute of limitations than do the federal claims at issue in *Prise*, permitting a larger set of employees to participate in this action. Thus, as in *Bibo*, the pending Pennsylvania litigation is not sufficient to satisfy defendants' burden to show that transfer is appropriate in this case.

## C.    The Operative Facts Occurred in This District and This District is Familiar With the Applicable Law

Among the "public interest" factors courts consider in deciding a transfer motion are local interest in the controversy and familiarity with the applicable law in diversity cases. *See, Jones, supra,* 211 F.3d at 498-99; *Gherebi, supra,* 352 F.3d at 1302-03. In the instant case, both of these factors favor denying transfer, as Alderwoods had far more locations in California than in Pennsylvania, many of the alleged improper pay practices occurred here, and plaintiffs assert California state law claims under at least five California statutes, all of which are best decided by a California court. California's local interest and familiarity with the law weigh against transfer.

The "local interest in having localized controversies decided at home" is a factor in determining whether the interests of justice favor transfer. *Munoz, supra,* 2007 WL 1795696 at *5. Here, this factor weighs against transfer because California has a local interest in the

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER                                                                Case No. 3:08-cv-01184-SI

controversy.    Alderwoods had approximately 51 locations in California, as opposed to approximately 5 locations in Pennsylvania.  Gifford Aff. ¶ 19, Ex. B at 51 of 64.  As such, many more current and former employees who have been aggrieved by defendants' improper pay practices are located in California than Pennsylvania.    Thus, California has a greater local interest in the controversy than Pennsylvania.

In the Ninth Circuit, "[a] diversity case should be litigated 'in a forum that is at home with the law that must govern the action[.]'"  *Painter's District Council No. 30 Health & Welfare Fund v. Amgen, Inc.,* 2007 WL 4144892, *7 (C.D.Cal. Nov. 13, 2007), quoting, *Decker Coal Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  Here, Plaintiffs assert claims under at least five California statutes, while asserting claims under only two Pennsylvania statutes.  (Amended Complaint, ¶¶ 77-90 and 141-147; ¶92(v)).  This Court is better suited to hear the California state law claims than is any other District, and no other District has an interest in as many alleged statutes as does California.  Moreover, this factor further weighs against transfer because this court is more familiar with its own choice-of-law rules, which will continue to apply to in the transferee court.  *See, Arno v. Club Med, Inc.,* 22 F.3d 1464, 1467 (9th Cir. 1994); *Muldoon v. Tropitone Furniture Co.,* 1 F.3d 964, 965 (9th Cir. 1993); *Painter's District Council No. 30 Health & Welfare Fund, supra,* 2007 WL 4144892 at *7.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that this Court deny defendants' request to transfer this action.

Date:   July 3, 2008                    Respectfully Submitted,
                                        DOLIN, THOMAS & SOLOMON LLP


                                        By:_____/s/ Annette Gifford_____

                                        J. Nelson Thomas, NY Attorney No. 2579159
                                        Patrick J. Solomon, NY Attorney No. 2716660
                                        Annette Gifford, NY Attorney No. 4105870
                                        693 East Avenue
                                        Rochester, NY 14607
                                        Telephone: (585) 272-0540

1

2

3

4

5

ROSEN, BIEN & GALVAN, LLP
Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

6

7

8

9

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256

10

Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER                                              Case No. 3:08-cv-01184-SI

-11-

Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
srosen@rbg-law.com

[Additional Counsel Listed on Following Page]

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| WILLIAM HELM, DEBORAH PRISE, HEATHER P. RADY, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>           Plaintiffs,<br><br>v.<br><br>ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., and SCI HOUSTON MARKET SUPPORT CENTER, L.P.,<br><br>           Defendants. | Case No. CV 08-1184 SI<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO TRANSFER** |

1  Additional Attorneys for Plaintiffs, who have been
   admitted or who will submit applications for
2  admission *pro hac vice*:

3  J. Nelson Thomas, NY Attorney No. 2579159
   Patrick J. Solomon, NY Attorney No. 2716660
4  Michael J. Lingle, NY Attorney No. 3925765
   Annette Gifford, NY Attorney No. 4105870
5  Justin Cordello, NY Attorney No. 4131447
   DOLIN, THOMAS & SOLOMON LLP
6  693 East Avenue
   Rochester, NY 14607
7  Telephone: (585) 272-0540
   Facsimile:  (585) 272-0574
8  nthomas@theemploymentattorneys.com

9  Charles H. Saul, PA State Bar No. 19938
   Liberty J. Weyandt, PA State Bar No. 87654
10 Kyle T. McGee, PA State Bar No. 205661
   MARGOLIS EDELSTEIN
11 525 William Penn Place
   Suite 3300
12 Pittsburgh, PA 15219
   Telephone: (412) 281-4256
13 Facsimile: (412) 642-2380
   csaul@margolisedelstein.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO TRANSFER          Case No. CV 08-1184 SI

1         AND NOW this ____day of July, 2008, upon consideration of Defendants' Motion to

2    Transfer, and Plaintiffs' response thereto, it is hereby ORDERED that defendants' motion is

3    DENIED.

4

5    Dated: _____          _____

6                                           Honorable Susan Illston

7                                           United States District Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO TRANSFER          Case No. CV 08-1184 SI