1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ. SB#125118
   JOHN A. MASON, ESQ. SB# 166996
3  GURNEE & DANIELS LLP
   2240 Douglas Boulevard, Suite 150
4  Roseville, CA  95661-3805
   Telephone     (916) 797-3100
5  Facsimile     (916) 797-3131

6  Attorneys for Defendants
   ALDERWOODS GROUP, INC., PAUL HOUSTON,
7  SERVICE CORPORATION INTERNATIONAL,
   SCI FUNERAL AND CEMETERY PURCHASING
8  COOPERATIVE, INC., SCI EASTERN MARKET
   SUPPORT CENTER, L.P., SCI WESTERN MARKET
9  SUPPORT CENTER, L.P., and SCI HOUSTON
   MARKET SUPPORT CENTER, L.P.
10

11                    UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| WILLIAM HELM, DEBORAH PRISE, HEATHER P. RADY, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P., a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., and SCI HOUSTON MARKET SUPPORT CENTER, L.P.<br><br>Defendants. | No. CV 08-01184 SI<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER PURSUANT TO 28 U.S.C.A. § 1404(a)**<br><br>Date:  July 25, 2008<br>Time:  9:00 a.m.<br>Dept:  10<br>Judge: The Honorable Susan Illston |

DEFENDANTS' REPLY RE THEIR MOTION TO TRANSFER
Case No.: CV 08-01184 SI

## I. PLAINTIFFS' HAVE ENGAGED IN BLATANT FORUM SHOPPING

Plaintiffs' attempts to summarily dismiss the overwhelming evidence submitted by Defendants' that the Plaintiffs have engaged in blatant forum shopping simply defies belief. (Plaintiffs' Memorandum Of Points And Authorities In Opposition To Defendant's Motion To Transfer ("Plaintiffs' Memo") 6:4-6.) Plaintiffs completely ignored and failed to refute, because they cannot do so, the substantial amount of evidence presented by Defendants in their moving papers that Judge Conti issued several adverse rulings that include the following:

(1) SCI was merely a "holding company" that does not have any employees, and that it, its subsidiaries and their officers are not the Plaintiffs' employers;

(2) Plaintiffs' allegations that SCI, the Support Entities and the Individual Defendants, are their "employers" consist of "conclusion after conclusion after conclusion . . . [having] no factual support . . . from which the Court could find any plausible claim";

(3) Plaintiffs' "joint employers allegations" are "disguised legal conclusion, … [that have] no factual support …". "[Plaintiffs' complaint contains] [j]ust paragraph after paragraph saying that they exercise control, they do this, they do that. But it is stated as really a very broad-based conclusion. There's no factual underpinning from which the Court could find any plausible claim …";

(4) "[Judge Conti] is not going to permit [Defendants] at this stage to be named in this lawsuit because [she] [doesn't] see enough facts in here to bring them in. So [she is] not going to permit the amendment to bring up the additional Defendants"; and

(5) "[She is] going to remind [Plaintiffs] when you talk about somebody being an employer, you have to talk about somebody hands-on." (Defendants' Memo 4:16-6:11.)

Nonetheless, Plaintiffs in bad faith, and in flagrant disregard of Judge Conti's rulings, subsequently filed several state and federal actions in the Arizona and California courts against SCI, its subsidiaries, and their officers. Plaintiffs repeatedly pled in those and this action, essentially the same "employer" and "joint employer" allegations that Judge Conti found to be woefully deficient. Is it any wonder why the Plaintiffs do not want to have their present state law actions pending in this Court heard by Judge Conti?

The cases of *Lynch v. United Services Auto. Ass'n*, 491 F.Supp.2d 357 (S.D.N.Y., 2007) and *Safarian v. Maserati North America, Inc.*, 2008 WL 2407262 (C.D. Cal. 2008.) relied upon by the Plaintiffs to support their meritless argument that re-filing their state law actions in different jurisdictions is not forum shopping are clearly distinguishable. In neither of those cases had the prior forum courts entered any adverse rulings against the plaintiffs as was done in this matter. Indeed, in *Lynch, supra*, the prior Florida court gave its explicit blessing for the plaintiff to re-file his action in New York. (*Lynch, supra, at p. 366.*). Therefore, this Court should not countenance Plaintiffs' flagrant forum shopping and should transfer this action to the U.S. District Court in Pennsylvania.

## II. PLAINTIFFS' CONTENTION THAT *DEFENDANTS* ARE FORUM SHOPPING IS PATENTLY ABSURD

Plaintiffs' contention that *Defendants* are forum shopping is patently absurd. (Plaintiffs' Memo, 6:16-20.) Defendants clearly have no ability to file and obviously did not file the separate related state law actions in the California and Arizona state and federal courts. Both the Defendants and Judge Conti fully expected that Plaintiffs would file their separate actions against Defendants for alleged violation of state law in Pennsylvania. Plaintiffs' counsel even sought Judge Conti's advice about how to craft and re-file the state law claims in her court after she refused to allow the Plaintiffs to file such claims with the federal claims pending in the *Prise, et. al. v. Alderwoods Group Inc., et al* (WDPA Case No. 06-1641) ("*Prise I*") action. (RJN Exhibit C, 20:6-22:8, 23:11, 13:19, 24:5-11.) It is simply indisputable that it was Plaintiffs, not Defendants, who chose to instead re-file their state law claims in alternate jurisdictions to avoid Judge Conti's adverse rulings.

## III. PLAINTIFFS' CONTENTION THAT THIS ACTION SHOULD NOT BE TRANSFERRED BECAUSE DEFENDANTS' PREVIOUSLY ARGUED THAT IT SHOULD NOT BE "HEARD" IN THE SAME CASE AS THE *PRISE* I ACTION IS ENTIRELY WITHOUT MERIT

Plaintiffs' contention that this case should not be transferred to the U.S. District Court of Pennsylvania where the *Prise I* action is pending because Defendants "previously argued that the state law claims asserted in this action should not be *heard together* with the related Fair Labor

DEFENDANTS' REPLY RE THEIR MOTION TO TRANSFER
Case No.: CV 08-01184 SI

2

Standards Act ("FLSA") claims" is entirely without merit. (Plaintiffs' Memo 1:11-13 citing to Defendants' motion and brief filed in the case of *Prise I*, Docket Nos. 111 -112.) (Emphasis added.) Plaintiffs have completely misstated and misrepresented Defendants' prior argument they made in the *Prise I* action. Even a cursory review the Defendants' brief relied upon by the Plaintiffs reveal that Defendants only argued that Plaintiffs legally "could not maintain a Rule 23 opt-out action *in the same litigation* as an FLSA §16(b) opt-in collective action." (Emphasis added.) (*Prise I,* Docket No. 111, p. 14.) Defendants never previously argued that one judge should not be assigned to hear the separate but related actions based upon state and federal law.

Further, Defendants have never argued to have the state law claims *joined* with the FLSA claims as erroneously argued by the Plaintiffs. (Emphasis added.) (Plaintiffs' Memo, 1:21.) Rather, Defendants have consistently, clearly and repeatedly stated that it is in the interests of justice that one judge be assigned to hear *both* of these indisputably related cases. They have always maintained that, for purposes of judicial economy and efficiency, and in the interests of justice, this action should be transferred to the jurisdiction where its federal court case counterpart is pending, even though it would not be appropriate to consolidate it with that case. Defendants have always maintained that both the related state and federal cases should proceed before a single judge who is familiar with the posture and background of each case, rather than have the cases proceed on parallel tracks in different jurisdictions and heard by different judges. Defendants even re-stated their position in the first page of their motion to transfer. (Memorandum of Points and Authorities in Support of Defendants' Motion to Transfer ("Defendants' Memo"), Docket No. 1:25-18, fn 1.)

Likewise, it is also undisputed that Judge Conti ruled that it would clearly be too confusing to have both the state law and federal claims litigated against the Defendants *in the same action.* (RJN, Exhibit C, Transcript of Nov. 15, 2007 Hearing ("Nov. 15 Tr.") 19:15-20;1, 21:12-19, 21:25-22:8.) Contrary to Plaintiffs' specious arguments, she never ruled that it would be improper for her (or one judge) to hear both the separately filed but related actions based upon the state and federal law. In fact, had the Plaintiffs filed the two separate state law actions with the Pennsylvania court as they represented to Judge Conti that they were going to do (RJN Exhibit C,

DEFENDANTS' REPLY RE THEIR MOTION TO TRANSFER
Case No.: CV 08-01184 SI

3

24:5-11), there is no doubt that they would have been assigned to her based upon their being related to the federal claims pending before her in the *Prise I* case. Indeed, Judge Conti discussed trying to "achieve some efficiencies and economics in terms of doing discovery" by consolidating the discovery of these "separate" and "discreet" state law cases with the federal claims pending in the *Prise I* case. (RJN Exhibit C, 23:13-24.)

Defendants also have never sought to have this Court compel a sister court (i.e., Judge Conti) to change her prior holding that the state law claims should not be heard in the same action with the federal claims as erroneously contended by Plaintiffs. To the contrary, Defendants' motions to transfer are consistent with and in support of Judge Conti's prior ruling that the state and federal claims should not heard in the same action. Consequently, Plaintiffs' argument that transferring this case is contrary to any of Judge Conti's prior rulings, or is in any way compelling her to change her prior rulings, is completely false and misleading at best.

### IV. PLAINTIFFS INCORRECTLY STATE THE LEGAL STANDARD USED TO DETERMINE WHETHER TO TRANSFER A NATIONWIDE CLASS ACTION WHERE THEY HAVE ENGAGED IN BLATANT FORUM SHOPPING

Plaintiffs completely ignored this court's prior opinions in *Italian Colors Restaurant v. American Express Company*, 2003 WL 22682482 (N.D.Cal.) and *Alexander v. Franklin Resources Inc.*, 2007 WL 518859 (N.D. Cal.) cited in Defendants' moving papers. They properly held that the plaintiffs' choice of forum is less significant where the they purport to represent a nationwide class, and that the Ninth Circuit has established that the courts should completely disregard the plaintiffs' forum choice where the suit is a result of their forum-shopping. (*Italian Colors Restaurant Colors, supra,* at *3-*4; *Alexander, supra,* at p. *3.) Plaintiffs also completely ignored the cases cited by Defendants which held the "accidental residence" of the named plaintiff in class actions may be discounted in weighing the transfer factors (*IBJ Schroder Bank & Trust Co. v. Mellon Bank*, 730 F.Supp. 1278, 1282 (SD NY 1990); that the "plaintiffs' home forum is irrelevant" in class actions (*Boyd v. Snyder,* 44 F.Supp.2d 966, 969 (ND IL 1999); and that plaintiffs' choice of forum is less significant and deserves little weight or deference where they

propose to represent a nationwide class. (*Berenson v. National Fin'l Services, LLC,* 319 F.Supp.2d 1, 2-4.)[1]  Instead, Plaintiffs erroneously rely upon several cases that generally set forth the law concerning the transfer of non-class actions.  They further rely upon several decisions concerning class action cases that are not applicable to nationwide class actions, and that are clearly distinguishable from the present case in that none of them involved the blatant forum shopping Plaintiffs have undertaken in this action.  Consequently, the proper legal standard to be applied in this case is that the Plaintiffs' choice of this venue is irrelevant, should be disregarded, and does not deserve and should not be given any weight or deference.

Further, Plaintiffs' reliance upon *Parrish v. Nat'l Football League Players, Inc.* (2007 WL 1624601, (N.D. Cal. June 4, 2007) is misplaced.  This case is clearly distinguishable because it did not involve the blatant forum shopping engaged by the Plaintiffs in this action.  Further, the named plaintiffs as purported class representatives in both the state law actions of *Helm* and *Bryant II*, and in their federal law counterpart actions of *Prise I* and *Stickle,* will bear the identical degree of responsibility in representing the class consistent with the holding of *Parrish, supra.*  For example, the named plaintiffs in the *Bryant I* action include James Stickle, Claude Bryant, Frank Acuna, Joseph Biernacki, Eleanor Riggo, to name just a few, who are also named as plaintiffs in the *Stickle* action where this action is sought to be transferred. (RJN Exhibit G.)  Similarly, the named plaintiffs of Deborah Prise and Heather Rady in the this action are also named as plaintiffs in the Pennsylvania FLSA *Prise I* case where the this action is sought to be transferred. (RJN Exhibit E.)  They also were all named as plaintiffs in the Plaintiffs' Proposed First Amended Complaint asserting the present state law claims that Plaintiffs sought to file in the *Prise I* action. (RJN Exhibit F.)  Consequently, they all would have the same burdens as class representatives despite this case being transferred.

---

[1] The fact that *Berenson* stated it was not prepared to conclude that under the facts before it that the plaintiffs' choice of forum was irrelevant in that class action does not in any way undermine its restatement of the well-established law that a plaintiffs' choice of forum is less significant and deserves little weight or deference where they propose to represent a nationwide class.

DEFENDANTS' REPLY RE THEIR MOTION TO TRANSFER                                                5
Case No.:  CV 08-01184 SI

Plaintiffs' Opposition Brief further completely ignores their previous admissions in their pleadings that the operative facts upon which their state law actions are based also occurred in Pennsylvania and Arizona. They apparently forgot that they initially sought to file both state law actions (i.e. *Bryant II* and *Helm*) in the *Prise I* case. It is indisputable that they are asserting the same wage and hour violations based upon state and federal law alleged in their Proposed First Amended Complaint they sought to be filed in the *Prise I* action, but which they have now filed as separate actions in separate jurisdictions. Such admissions support the transfer of this action to the jurisdiction where its related federal court counterpart is pending.

V.  **PLAINTIFFS' CONTACTS WITH AND CHOICE OF THIS VENUE ARE IRRELEVANT, SHOULD BE DISREGARDED, AND DO NOT DESERVE AND SHOULD NOT BE GIVEN ANY WEIGHT OR DEFERENCE**

As demonstrated in Defendants' moving papers, Plaintiffs' contacts with and choice of forum in this district are in fact irrelevant, should be disregarded, and do not deserve and should not be given any weight or deference because of their filing a nationwide class action and blatant forum shopping. (Defendants' Memo 11:1-12:5.)

Plaintiffs, in seeking to disavow their blatant forum shopping, have contrived after-the-fact justifications in trying to explain why they chose to file the state law actions in California and Arizona, instead of Pennsylvania. Such purported justifications simply defy logic and common sense. They are also contrary to their prior actions. Plaintiffs' claim that they decided to file in California and Arizona because those states have far more employees and locations is refuted by their prior efforts to file their state law claims as part of the *Prise I* action in Pennsylvania. Their claim is also refuted by their prior statements to Judge Conti that they were going to re-file the state law claims as two separate actions with her court. Further, Plaintiffs' argument that they filed this present state law action in California because of the substantial number of employees and facilities is belied by the fact that they filed a separate action in Arizona based upon federal law. Why would Plaintiffs file the action in Arizona if they truly believed California was the best place to file any actions against the Defendants because it has far more locations and employees than any

place else, including Arizona? Clearly, Plaintiffs' claimed justifications simply do not make sense because they are untrue.

### VI. PLAINTIFFS' ARGUMENT THAT DEFENDANTS' PLAN TO FILE MOTIONS TO DISMISS WEIGHS AGAINST TRANSFER IS ENTIRELY WITHOUT MERIT

Plaintiffs' argument that Defendants' plan to file motions to dismiss weighs against transfer is entirely without merit, and is based upon rank speculation and conjecture. Their argument assumes that all of the motions to dismiss will be granted. Although Defendants believe that all of their motions should be granted, they have yet to be filed or ruled upon by the court. The denial of any of them would fatally defeat Plaintiffs' speculative argument. Moreover, Plaintiffs failed to inform the Court that Defendants previously their motions to dismiss in this action, including those based upon the lack of personal jurisdiction that have been filed by some (but not all) of the Defendants. (Docket Nos. 4-6, 7-13, and 50-52.) Those motions were taken off calendar and will be re-filed should this Court decide not to transfer this action. (Docket No. 49.) The *Stomp* and *Brighton* cases cited by Plaintiffs are clearly distinguishable and inapplicable because they only pertain to motions to dismiss that are pending in the transferee court (i.e., the *Prise I* Pennsylvania court) not in the transferor court. Clearly, there are not any motions to dismiss that are pending in the *Prise I* action. The *Brighton* case further only pertains to the effect of applying the "first to file" rule that is not in any way in implicated or in issue in this case. Consequently, Plaintiffs' argument concerning the Defendants' intentions to file their motions to dismiss is merely a red herring that does not play any role regarding the transfer this action.

### VII. THE CONVENIENCE OF THE PARTIES AND WITNESS FACTORS ARE EITHER NEUTRAL OR HAVE VERY LITTLE, IF ANY, WEIGHT

Defendants demonstrated in their moving papers that the factors concerning the convenience of the parties and witnesses are either neutral or have very little, if any, weight. (Defendants' Memo 12:6-24.) In response, Plaintiffs argue that the "public interest" weighs against transfer based upon there being more employees and locations in California. However, as

DEFENDANTS' REPLY RE THEIR MOTION TO TRANSFER
Case No.: CV 08-01184 SI

7

demonstrated, *supra*, Plaintiffs' contacts with this forum are simply irrelevant, disregarded, and not given any weight because of their blatant forum shopping and this being a nationwide class action.

Further, Plaintiffs concede, as they must, that the federal and state law claims alleged in both this action and in *Prise I* are based upon the same factual predicates, allegations and issues. Such an argument weighs in favor, not against, transferring this case. Contrary to Plaintiffs' argument, there is substantial risk of inconsistent *factual* adjudications. For example, Plaintiffs will have two opportunities (one in this case and the other in the *Prise I* case) of presenting essentially the same evidence as to the extent of their meal or rest period violations that may result in inconsistent factual determinations and potential double recovery. Having one judge assigned to hear both the separate but related state and federal law cases should substantially mitigate, if not eliminate, such inconsistent factual determinations and double recovery.

Plaintiffs are also clearly wrong that the cases cited by Defendants are distinguishable because the plaintiffs in this case and in the *Prise I* case are different. Many of the named plaintiffs in both cases are the same. The class definitions for both cases are also the same. Both the Amended Complaint in this action and the Complaint in the *Prise I* action alleged that the class members of both actions include the all Alderwoods employees (Amended Complaint, ¶¶ 13 and 14; RJN, Exhibit E, Complaint, ¶¶ 15 and 16). It further must be noted that this action alleging violation of state law is admittedly the counterpart to the *Prise I* action alleging violation of federal law, both of which are based upon the same factual wage and hour violations. Consequently, judicial economy, and the convenience of the court, parties and witnesses, would be clearly be served by having both related state law and federal law actions pending in the same jurisdiction and heard by the same court.

### VIII. THE INTEREST OF JUSTICE FACTOR, THE MOST SIGNIFICANT CRITERION FOR DECIDING A MOTION TO TRANSFER, WEIGHS STRONGLY IN FAVOR OF TRANSFERRING THIS ACTION

Defendants demonstrated in their moving papers that the interest of justice factor, the most at significant criterion for deciding a motion a transfer, weighs strongly in favor of transferring this action. (Defendants' Memo 13:3-14:14.) In response, Plaintiffs' erroneously argue that this action

1 is a "local controversy" that should remain in California. Plaintiffs' argument is totally refuted by
2 the fact that they filed a nationwide class action lawsuit consisting of the laws of 33 other state and
3 territory jurisdictions. This action simply is not a "local controversy" that is "localized" or limited
4 to the state of California. The law of the state of California and 33 other states and territories will
5 a purportedly be applied to this action. As Defendants demonstrated in their moving papers,
6 although the California court may be familiar with its own state laws and applicable federal law, it
7 is doubtful that it will be familiar with the 33 other states and territories wage and hour laws to be
8 applied to this action. Such a daunting task, assuming such an unmanageable class can be
9 certified, would undoubtedly consume a substantial amount of judicial time and effort. Imposing
10 such a burden upon two judges in two separate judicial jurisdictions that duplicate the same
11 overwhelming amount of work clearly would not be an efficient use of judicial resources.

## IX. CONCLUSION

For all of the forgoing reasons, this court should transfer venue of this action to the Phoenix Division of the Arizona District Court where the *Prise I* action is pending.

Dated:   July 11, 2008

GURNEE & DANIELS LLP

By _____
STEVEN H. GURNEE, ESQ.
DAVID M. DANIELS, ESQ.
NICHOLAS P. FORESTIERE, ESQ.
Attorneys for Defendants

DEFENDANTS' REPLY RE THEIR MOTION TO TRANSFER
Case No.: CV 08-01184 SI

9