STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
NICHOLAS P. FORESTIERE, ESQ. SB#125118
JOHN A. MASON, ESQ. SB# 166996
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA  95661-3805
Telephone     (916) 797-3100
Facsimile     (916) 797-3131

Attorneys for Defendants
ALDERWOODS GROUP, INC., PAUL HOUSTON,
SERVICE CORPORATION INTERNATIONAL,
SCI FUNERAL AND CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN MARKET
SUPPORT CENTER, L.P., SCI WESTERN MARKET
SUPPORT CENTER, L.P., and SCI HOUSTON
MARKET SUPPORT CENTER, L.P.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HELM, DEBORAH PRISE, HEATHER P. RADY, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>         Plaintiffs,<br>     vs.<br><br>ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P., a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., and SCI HOUSTON MARKET SUPPORT CENTER, L.P.<br><br>         Defendants. | No.  CV 08-01184 SI<br><br>**FIRST JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   July 25, 2008<br>Time:   2:00 p.m.<br>Dept.:  10<br>Judge:  The Honorable Susan Illston |

**FIRST JOINT CASE MANAGEMENT STATEMENT**                                                                    1

Case No.:  CV 08-01184 SI

The parties hereby file this Joint Case Management Statement pursuant to Civil Local rule 16-9:

1.  **JURISDICTION and SERVICE**

This Court determined, pursuant to its May 7, 2008 order denying Plaintiffs' motion to remand (Docket No. 71.), that it has subject matter jurisdiction over Plaintiffs' nationwide class action lawsuit alleging various wage and hour violations of the laws of 34 states and territories based upon the Class Action Fairness Act ("CAFA"). All of the Defendants have been served. Defendants Service Corporation International, SCI Eastern Market Support Center, L.P, SCI Houston Market Support Center, L.P., and Paul A. Houston previously filed motions to dismiss based upon the lack of personal jurisdiction. (Docket Nos. 7-13, 50-52.) Pursuant to the Court's April 15, 2008 order (Docket No. 63.), these motions were taken off calendar and will be re-filed after the Court rules on the Defendants' pending motion to transfer that is set for hearing at 9:00 a.m. on July 25, 2008. (Docket Nos. 72-74.)

2.  **FACTS**

On December 5, 2007, Plaintiffs William Helm, Deborah Prise, Heather P. Rady[1] filed this action on behalf of themselves and other employees similarly situated ("Plaintiffs") in the Alameda County Superior Court. The Defendants Alderwoods Group, Inc. ("Alderwoods"), Paul A. Houston, Service Corporation International, SCI Funeral And Cemetery Purchasing Cooperative, Inc., SCI Eastern Market Support Center, L.P., SCI Western Market Support Center, L.P., a/k/a SCI Western Market Support Center, Inc., and SCI Houston Market Support Center, L.P. ("Defendants") subsequently removed the action to this court (hereinafter referred to as "*Helm*"). The Plaintiffs' Amended Complaint alleges that Alderwoods, Paul A. Houston, Service Corporation International, and certain SCI subsidiaries violated the laws of California and 33 other states and territories by failing to pay overtime to employees for certain types of off-the-clock work allegedly

---

[1] These three persons are the named plaintiffs and class representatives alleged in the Complaint, together with other individuals as set out in the Amended Complaint.

**FIRST JOINT CASE MANAGEMENT STATEMENT**  2

Case No.:  CV 08-01184 SI

performed while on call, community service work, time spent taking various types of training, work allegedly performed during meal breaks, overtime that was not pre-approved, appointments that went beyond employees' scheduled hours, and unrecorded work.  Plaintiffs also allege that Defendants failed to include all remuneration in their employees' overtime calculations.  Plaintiffs seek compensatory damages and penalties under the various states' laws, and also bring claims for conversion, fraud and deceit, misrepresentation, breach of contract, quantum meruit, and other theories.

Although the Defendants have yet to file their answer, they dispute and deny all of Plaintiffs' allegations and alleged violations, and further dispute and deny that the Plaintiffs have suffered any damages or are entitled to any relief sought in their Amended Complaint.

3. **LEGAL ISSUES**

Although some of the legal issues raised in this action could be identified at this time, the parties have agreed to provide a more detailed analysis after the Court rules on Defendants' motion to transfer.  Defendants further contend that it is premature to do so until after the Court rules on their motions to dismiss, strike, and stay in the event that the Court denies their motion to transfer.  Plaintiffs contend that a revised statement should be submitted fifteen (15) days following the Court's ruling on the motion for transfer.  Defendants will re-file their motions either in this Court if the case is not transferred, or in the transferee court.  Defendants contend that their motions will substantially affect the number of parties and claims that may remain in this action, and whether this action can proceed as a class action.  They further contend that the resolution of the issues raised in their motions will substantially affect how this case will proceed, and the information that is to be included in the parties' disclosure statements and the joint status conference statements.

4. **MOTIONS**

The following substantive motions[2] have been filed in this action:

    a.    Plaintiffs filed a Motion to Remand (Docket Nos. 37, 38.)  The motion was

---

[2] The several administrative motions that have been filed are not included.

**FIRST JOINT CASE MANAGEMENT STATEMENT**   3

Case No.:  CV 08-01184 SI

denied on May 7, 2008 (Docket No. 71.).

       b.      Defendants Alderwoods Group, Inc., SCI Funeral & Cemetery Purchasing Cooperative, Inc., and SCI Western Market Support Center, L.P. filed a Motion To Dismiss Amended Complaint Pursuant To Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and a Motion To Dismiss Or Strike the class action allegations pursuant to Rules 12(b)(6) and 12(f). (Docket Nos. 4-6.) Pursuant to the Court's April 15, 2008 order (Docket No. 63.), these motions were taken off calendar and will be re-filed after the Court rules on the Defendants' pending motion to transfer that is set for hearing at 9:00 a.m. on July 25, 2008. (Docket Nos. 72-74.)

       c.      Defendants Service Corporation International, SCI Eastern Market Support Center, L.P., and SCI Houston Market Support Center, L.P., previously filed a Rule 12(b)(2) Motion to Dismiss based upon the lack of personal jurisdiction over them, and alternatively A Motion to Dismiss for failure to state a claim against them pursuant to Rule 12(b)(6). (Docket Nos. 7-13.) Pursuant to the Court's April 15, 2008 order (Docket No. 63.), these motions were taken off calendar and will be re-filed after the Court rules on the Defendants' pending motion to transfer that is set for hearing at 9:00 a.m. on July 25, 2008. (Docket Nos. 72-74.)

       d.      Defendant Service Corporation International filed a Motion For Stay Of This Action And Award Of Attorney Fees And Costs Pursuant To Rule 41(d). (Docket Nos. 14-18.) Pursuant to the Court's April 15, 2008 order (Docket No. 63.), these motions were taken off calendar and will be re-filed after the Court rules on the Defendants' pending motion to transfer that is set for hearing at 9:00 a.m. on July 25, 2008. (Docket Nos. 72-74.)

       e.      Defendant Paul A. Houston filed a Rule 12(b)(2) Motion to Dismiss based upon the lack of personal jurisdiction over him, and alternatively a Motion to Dismiss for failure to state a claim against him pursuant and strike the fraud and misrepresentation claims to Rule 12(b)(6) or require a more definite statement of them pursuant to Rule 9, 12(e) and 12(f). (Docket Nos. 50-52.) Pursuant to the Court's April 15, 2008 order (Docket No. 63.), this motion was taken

**FIRST JOINT CASE MANAGEMENT STATEMENT**    4

Case No.: CV 08-01184 SI

off calendar and will be re-filed after the Court rules on the Defendants' pending motion to transfer that is set for hearing at 9:00 a.m. on July 25, 2008. (Docket Nos. 72-74.)

   f. The Defendants filed a Motion to Transfer this action to the United States District Court for the Western District of Pennsylvania where the action of *Prise et al. v. Alderwoods Group Inc., et al.* (WDPA Case No. 06-1641) ("*Prise*") is pending. The hearing on the motion is set for Friday, July 25, 2008 at 9:00 a.m. (Docket Nos. 72-74.)

   g. Plaintiffs will file a motion for class certification.

   h. The parties anticipate filing summary judgment/adjudication motions.

   i. Although premature at this time, the parties anticipate that there may be discovery motions.

   j. Although premature at this time, the parties anticipate that there may be motions in limine and trial motions.

**5. AMENDMENT OF PLEADINGS**

It is premature at this time to determine whether there will be any amendments to the pleadings until after the Court rules on the Defendants' motion to transfer, and until after the Court rules on their motions to dismiss, strike, and stay in the event that the court denies their motion to transfer. Plaintiffs may seek to amend their Amended Complaint based upon the ruling on the Defendants' motions. Defendants also have yet to file an answer.

**6. EVIDENCE PRESERVATION**

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action.

**7. DISCLOSURES**

Counsel for the parties held their Rule 26(f) conference on July 3, 2008 and July 17, 2008. Pursuant to Rule 26(a)(1)(A), they stipulated to delay serving the initial disclosure statements sometime until after the Court rules on Defendants' pending motion to transfer. Defendants further contend that the initial disclosure statements should not be served until after the Court rules on their motions to dismiss, strike, and stay in the event that the Court denies their motion to transfer.

FIRST JOINT CASE MANAGEMENT STATEMENT 5

Case No.:  CV 08-01184 SI

Defendants proposed that parties' initial disclosure statements be served at least thirty (30) days after they file their answer. Plaintiffs contend that initial disclosure statements should be served fifteen (15) days following the Court's ruling on the motion for transfer.

### 8. DISCOVERY

No discovery has taken place to date. The parties believe that it is premature at this time to discuss or propose the scope of discovery, proposed limitations or modifications of the discovery rules, or a discovery plan, until after the Court rules on the Defendants' motion to transfer. Defendants further contend that it would be premature to discuss and propose a discovery plan until after the Court rules on their motions to dismiss, strike, and stay in the event that the Court denies their motion to transfer. Plaintiffs contend it would be appropriate to do so fifteen (15) days following the Court's ruling on the motion for transfer.

### 9. CLASS ACTIONS

It is premature at this to time discuss or propose how or when a class will be certified until after the Court rules on the Defendants' motion to transfer. Defendants further contend that it would be premature to do so until after the Court rules on their motions to dismiss, strike, and stay in the event that the Court denies their motion to transfer. Plaintiffs contend it would be appropriate to do so fifteen (15) days following the Court's ruling on the motion for transfer.

### 10. RELATED CASES

Previously, the parties filed a joint statement as to this action as well as certain other actions filed in this Court, and in the Pennsylvania and Arizona district courts. (Joint Response To Order To Show Cause (*Bryant II* case, 08-cv-1190-SI, Docket No. 41.) The parties' respective positions regarding those cases and the extent to which they are or are not related are fully set out in that joint response. The other cases discussed in that joint response include: *Prise et al. v. Alderwoods Group Inc., et al.* (WDPA Case No. 06-1641) ("*Prise*") filed in the U.S. District Court for the Western District of Pennsylvania; *Bryant et al. v. SCI et al.* (N.D. Cal. Case No. 08-cv-1190-SI) filed in this court ("*Bryant II*"); and *Stickle, et al. v. SCI Market Support Center, LP, et al.*, (D. Ariz. Case No. 08-cv-83-MHM) ("*Stickle*") filed in the Phoenix Division of the U.S. District Court

FIRST JOINT CASE MANAGEMENT STATEMENT                                6

Case No.:  CV 08-01184 SI

for the District of Arizona. These nationwide class action cases each assert violations of wage and hour violations, although they differ with respect to the class of employees asserting claims, they differ with respect to whether the asserted claims arise under State or Federal law, and they differ with respect to the defendants named.

11. **RELIEF**

Plaintiffs seek an order preliminarily and permanently restraining defendants from engaging in the alleged pay violations. Further, Plaintiffs seek to recover all unpaid wages denied them because of Defendants' policies, as well as liquidated damages, punitive damages, and penalties as provided by law. Plaintiffs are entitled to an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating class members' rights, as well as any other damages to which they are entitled under the laws alleged. It is premature to estimate the total amount of damages at this time.

12. **SETTLEMENT and ADR**

At the present time, no settlement discussions have occurred. The parties have filed a joint request to extend the ADR Compliance Deadline.

13. **CONSENT TO MAGISTRATE JUDGE JURISDICTION**

The parties do not consent to have a magistrate judge conduct any further proceedings including trial and entry of judgment.

14. **OTHER REFERENCES**

The parties do not believe the case is suitable for reference to binding arbitration, a special master or multidistrict litigation.

15. **NARROWING OF ISSUES**

It is premature at this to time discuss or propose how to narrow any issues until after the Court rules on the Defendants' motion to transfer. Defendants further contend that it would be premature to do so until after the Court rules on their motions to dismiss, strike, and stay in the event that the Court denies their motion to transfer. Plaintiffs contend it would be appropriate to do so fifteen (15) days following the Court's ruling on the motion for transfer.

16. **EXPEDITED SCHEDULE**

FIRST JOINT CASE MANAGEMENT STATEMENT                                                                 7

Case No.:  CV 08-01184 SI

It is premature at this time to discuss or determine whether this case can or should be expedited until after the Court rules on the Defendants' motion to transfer. Defendants further contend that it would be premature to do so until after the Court rules on their motions to dismiss, strike, and stay in the event that the Court denies their motion to transfer. Plaintiffs contend it would be appropriate to do so fifteen (15) days following the Court's ruling on the motion for transfer.

17. **SCHEDULING**

It is premature at this time to propose dates for the designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial until at least after the Court rules on the Defendants' motion to transfer. Should the Court grant Defendants' motion, then the transferee court should then take up all matters concerning further proceedings and scheduling concerning this case. Should the Court deny Defendants' motion, then the Court should schedule another status conference and set a deadline for Defendants to re-file their motions. Defendants contend that a second status conference should be scheduled at least thirty (30) days after the Court rules on their motions to dismiss, strike, and stay in the event that the Court denies their motion to transfer. Plaintiffs contend it would be appropriate to do so fifteen (15) days following the Court's ruling on the motion for transfer.

18. **TRIAL**

Plaintiffs have demanded a jury trial. It is premature to estimate the expected length of the trial.

19. **DISCLOSURE of NON-PARTY INTERESTED ENTITIES or PERSONS**

Other than the parties, including the putative class members, the parties are not aware at this time of any other person, firm, partnership or corporation with a financial interest in the subject matter in controversy or in a party to the proceeding or any other kind of interest that could be

///

///

substantially affected by the outcome of this proceeding.

**FIRST JOINT CASE MANAGEMENT STATEMENT**                                                  8

Case No.:  CV 08-01184 SI

Dated: July 17, 2008

Respectfully submitted,

| | |
|---|---|
| By: /s/ Annette Gifford<br>J. Nelson Thomas (*pro hac vice*)<br>Patrick J. Solomon (*pro hac vice*)<br>Annette Gifford (*pro hac vice*)<br>Dolin, Thomas & Solomon LLP<br>693 East Avenue<br>Rochester, NY 14607<br>Telephone: 585-272-0540<br>Facsimile: 585-272-0574<br><br>Sanford Jay Rosen<br>Maria V. Morris<br>Lori E. Rifkin<br>ROSEN BIEN & GALVAN, LLP<br>315 Montgomery Street, 10th Floor<br>San Francisco, CA 94104<br>Telephone: 415-433-6830<br>Facsimile: 415-433-7104<br><br>Additional Attorneys for Plaintiffs, who will submit applications for admission *pro hac vice*:<br><br>Charles H. Saul<br>Liberty J. Weyandt<br>Kyle T. McGee.<br>MARGOLIS EDELSTEIN<br>525 William Penn Place<br>Suite 3300<br>Pittsburgh, PA 15219<br>Telephone: 412-281-4256<br>Facsimile: 412-642-2380<br><br>Counsel for Plaintiffs | By: /s/ Nicholas P. Forestiere<br>Steven Hazard Gurnee<br>David Merrill Daniels<br>John A. Mason<br>Nicholas Pierre Forestiere<br>GURNEE & DANIELS LLP<br>2240 Douglas Blvd, Suite 150<br>Roseville, CA 95648<br>Telephone: 916-797-3100<br>Facsimile: 916-797-3131<br><br>Counsel for Defendants |

**FIRST JOINT CASE MANAGEMENT STATEMENT**                                                                9

Case No.:  CV 08-01184 SI