Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830
Facsimile:  (415) 433-7104
srosen@rbg-law.com

[Additional Counsel Listed on Signature Page]

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| WILLIAM HELM, et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>ALDERWOODS GROUP, INC., et al.,<br><br>         Defendants.<br>_____<br><br>CLAUDE BRYANT, et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>SERVICE CORPORATION INTERNATIONAL, et al.,<br><br>         Defendants.<br>_____ | Case Nos. CV 08-1184-SI and CV 08-1190-SI<br><br>**PLAINTIFFS' CONSOLIDATED SUPPLEMENT TO JOINT CASE MANAGEMENT STATEMENT** |

Additional Attorneys for Plaintiffs, who are admitted *pro hac vice*:

J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Annette Gifford, NY Attorney No. 4105870
DOLIN, THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
Facsimile:  (585) 272-0574
nthomas@theemploymentattorneys.com

Additional Attorneys for Plaintiffs, who will submit applications for admission *pro hac vice*:

Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
MARGOLIS EDELSTEIN
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256
Facsimile: (412) 642-2380
csaul@margolisedelstein.com

On July 17, 2008, while defendants' motion to transfer these cases was pending, the parties filed their Joint Case Management Statement.  (*Helm* Docket No. 88; *Bryant* Docket No. 73)  Subsequently, on July 22, 2008, the Court entered a Consolidated Order denying defendants' motions to transfer and determining that both cases will remain before this Court.  (*Helm* Docket No. 89; *Bryant* Docket No. 74)  In light of that ruling and the corresponding change in the posture of this case, the parties attempted to meet and confer by telephone but were unable to arrange a time to do so prior to the scheduled Case Management Conference.  Plaintiffs submit this supplement to their position as set out in the Joint Case Management Statement.

In the Joint Case Management Statement, plaintiffs argued these cases should move forward promptly upon this Court's ruling regarding the transfer motions, while defendants argued all matters should be further delayed until after a ruling on defendants' anticipated re-filing of various motions to dismiss.

Defendants' motions to dismiss, previously filed in these cases, were withdrawn pending this Court's remand and transfer rulings.  (*See* Order, *Helm* Docket No. 63; *Bryant* Docket No. 49)  In those motions, defendants raised numerous issues, including their arguments that:

- plaintiffs' class allegations should be dismissed;
- this Court lacks personal jurisdiction over some or all defendants; and
- defendants' 12(b)(6) arguments are supported by their evidentiary submissions.

Each of those three arguments advanced by defendants raise disputed factual issues, and plaintiffs submit that discovery on each of those issues should proceed immediately.  Moreover, plaintiffs propose that these cases may proceed most efficiently and effectively if the parties first engage in a limited 60-day period of discovery regarding these issues, which would provide the Court and the parties a more fulsome record upon which to evaluate defendants' arguments.  Following such limited discovery,

defendants would file any motions to dismiss they continued to believe appropriate at that time.

Case law in this Circuit and others requires discovery to proceed regarding each of the three issues raised by defendants before any decision may be reached on those arguments.

Courts have consistently ruled that defendants may not properly raise the propriety of class allegations pursuant to Rule 23(a) or (b) prior to discovery, particularly where, as here, defendants have not even answered the complaint. For example, in *In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, the court found it could not rule on the plaintiffs' class action allegations, observing "plaintiffs should at least be given the opportunity to make the case for certification based on appropriate discovery." 505 F. Supp. 2d 609, 615-16 (N.D. Cal. 2007). *See also id*. at 615 ("the practice employed in the overwhelming majority of class actions is to resolve class certification only after an appropriate period of discovery) (*citing* WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL § 1785.3 (3d 2005)); *Krzesniak v. Cendant Corp.*, 2007 WL 640594 at *3 (N.D. Cal. Feb. 27, 2007) (denying defendant's motion to dismiss class allegations because plaintiff "has not been afforded the opportunity to bear his burden and the record before the Court is incomplete and ill-suited to the task of informing its judgment"); *Baas v. Dollar Tree Stores, Inc.*, 2007 WL 2462150 at *3 (N.D. Cal. Aug. 29, 2007) (where "discovery has not yet commenced and Plaintiffs have not yet moved to certify their class … Defendant's arguments regarding the propriety of the class allegations are premature"); *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982) ("there can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied"); *Abdallah v. The Coca-Cola Co.*, 1999 WL 527835 at *1 (N.D. Ga. July 16, 1999) ("Defendant argues that, no matter what forms Plaintiffs' class claims take, they are not maintainable in a class action. But the shape and form of a class action

1  evolves only through the process of discovery, and it is premature to draw such a
2  conclusion before the claim has taken form").
3        Similarly, the parties should also conduct discovery prior to any ruling regarding
4  jurisdictional issues. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351
5  n.13, 98 S.Ct. 2380, 2389 n.13 (1978) ("discovery is available to ascertain the facts
6  bearing on [jurisdictional] issues"); *De Blake v. Republic of Argentina*, 965 F.2d 699, 713
7  (9th Cir. 1992) ("the parties should be allowed to conduct discovery for the limited
8  purpose of establishing jurisdictional facts before the claims can be dismissed").
9        Finally, because defendants rely upon supporting affidavits and documentary
10 evidence for their motions to dismiss pursuant to F.R.C.P. 12(b)(6), F.R.C.P. 12(d)
11 provides that "the motion must be treated as one for summary judgment under Rule 56."
12 Here, where the parties have engaged in no discovery, plaintiffs would seek such
13 discovery pursuant to F.R.C.P. 56(f), which permits a court to, *inter alia*, "order a
14 continuance to enable affidavits to be obtained, depositions to be taken, or other
15 discovery to be undertaken." F.R.C.P. 56(f)(2).
16       Thus, discovery is required prior to a ruling regarding each of the three issues
17 raised in defendants' motions to dismiss and identified above. Plaintiffs submit that these
18 matters will proceed most efficiently if the parties first engage in 60 days of limited
19 discovery regarding these issues, and following such discovery defendants may re-file
20 any motions they continue to believe are appropriate at that time. This approach would
21 permit these matters to move forward as expediently as possible, and would avoid the
22 need for a subsequent conference to establish appropriate parameters for the parties'
   limited discovery.
23 //
24 //
25 //
   //
26 //
27 //

|     |                      |                                                      |
| --- | -------------------- | ---------------------------------------------------- |
| 1   |                      | Respectfully Submitted,                              |
| 2   |                      | DOLIN, THOMAS & SOLOMON LLP                          |

Date: July 23, 2008                     By: /s/ Patrick J. Solomon

                                              Patrick J. Solomon, NY Attorney No. 2716660
J. Nelson Thomas, NY Attorney No. 2579159
Annette Gifford, NY Attorney No. 4105870
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

ROSEN, BIEN & GALVAN, LLP
Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256

Attorneys for Plaintiffs

PLAINTIFFS' CONSOLIDATED SUPPLEMENT TO JOINT CASE MANAGEMENT STATEMENT
                                                  - 4 -     Case Nos. CV 08-1184-SI and CV 08-1190-SI