1   STEVEN H. GURNEE, ESQ. SB# 66056
    DAVID M. DANIELS, ESQ. SB# 170315
2   NICHOLAS P. FORESTIERE, ESQ. SB#125118
    GURNEE & DANIELS LLP
3   2240 Douglas Boulevard, Suite 150
    Roseville, CA  95661-3805
4   Telephone     (916) 797-3100
    Facsimile     (916) 797-3131
5
    Attorneys for Defendants
6
    SERVICE CORPORATION INTERNATIONAL, SCI
7   WESTERN MARKET SUPPORT CENTER, L.P. and
    SCI EASTERN MARKET SUPPORT CENTER, L.P.
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                 (SAN FRANCISCO DIVISION)

12

13   WILLIAM HELM, DEBORAH PRISE,            )   Case No.  CV 08-1184 SI
     HEATHER P. RADY, et al., on behalf of   )
14   themselves and all other employees and former )  **DEFENDANTS SERVICE**
15   employees similarly situated,            )   **CORPORATION INTERNATIONAL, SCI**
                                              )   **EASTERN MARKET SUPPORT**
                                              )   **CENTER, L.P. AND SCI HOUSTON**
16                Plaintiffs,                 )   **MARKET SUPPORT CENTER, L.P.'S**
                                              )   **NOTICE OF MOTION AND MOTION**
17        vs.                                 )   **TO DISMISS AMENDED COMPLAINT**
                                              )   **PURSUANT TO FRCP 12(b)(2) (LACK**
18   ALDERWOODS GROUP, INC., PAUL A.          )   **OF *IN PERSONAM* JURISDICTION) OR,**
     HOUSTON, SERVICE CORPORATION             )   **ALTERNATIVELY, FRCP 12(b)(6)**
19   INTERNATIONAL, SCI FUNERAL AND           )   **(FAILURE TO STATE A CLAIM UPON**
     CEMETERY PURCHASING                      )   **WHICH RELIEF CAN BE GRANTED)**
20   COOPERATIVE, INC., SCI EASTERN           )
     MARKET SUPPORT CENTER, L.P., SCI         )   Date:   TBD at 8/29/2008 CMC
21   WESTERN MARKET SUPPORT CENTER,           )   Time:   TBD at 8/29/2008 CMC
     L.P., a/k/a SCI WESTERN MARKET           )   Dept.:  10
22   SUPPORT CENTER, INC., and SCI            )
23   HOUSTON MARKET SUPPORT CENTER,           )
     L.P.                                     )
24                                            )
                                              )
25               Defendants.                  )
     _____ )
26
     **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**
27
          PLEASE TAKE NOTICE THAT on a date and time to be determined at the August 29,
28

DEFENDANTS' NOTICE OF MOTION TO DISMISS                                        1
Case No.: 08-1184 SI

2008 CMC at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Susan Illston in Department 10 of the United States District Court, Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, Defendants Service Corporation International ("SCI"), SCI Eastern Market Support Center, L.P. ("Eastern Market Support"), SCI Houston Market Support Center, L.P. ("Houston Market Support") (hereinafter collectively referred to as the "Moving Defendants") will move the Court for an order to dismiss the Amended Complaint based on lack of *in personam* jurisdiction over the moving defendants (FRCP 12(b)(2).)    Alternatively, the Moving Defendants will move for dismissal based on Plaintiffs' failure to state a claim upon which relief can be granted (FRCP 12(b)(6)).

Pursuant to FRCP (12)(b)(2), this Court should dismiss each of the Moving Defendants because there exists no *in personam* jurisdiction over them in this State.    Alternatively, they should be dismissed pursuant to FRCP 12(b)(6) pursuant to the grounds set forth in the motion of SCI Funeral And Cemetery Purchasing Cooperative, Inc. ("COOP") and SCI Western Market Support Center, L.P. a/k/a SCI Western Market Support Center, Inc. ("Western Market Support") to dismiss this action for failure to state a claim upon which relief can be granted.

This Motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the Declarations of Gwen Petteway, Janet Key, Robert Pisano, Liana Jensen, and Steven H. Gurnee, the accompanying Request for Judicial Notice, the pleadings, records and files in this action, and upon such other and further evidence and argument as may be presented at the time of the hearing.

Dated:  August 8, 2008

GURNEE & DANIELS LLP

By _____
STEVEN H. GURNEE, ESQ.
NICHOLAS P. FORESTIERE, ESQ.
DAVID M. DANIELS, ESQ.
Attorneys for Defendants

# TABLE OF CONTENTS

I.    SUMMARY OF ARGUMENT ............................................................................ 1

II.   BACKGROUND .............................................................................................. 2

   A.   The Defendants ......................................................................................... 2

      1.   Service Corporation International ...................................................... 2

      2.   SCI Support Entities ......................................................................... 2

      3.   Alderwoods Group, Inc. ................................................................... 3

   B.   The Pennsylvania Action ........................................................................... 3

   C.   Plaintiffs' Counsel's Other Litigation Against SCI ..................................... 4

III.  THE AMENDED COMPLAINT SHOULD BE DISMISSED AS TO ALL OF THE
      MOVING DEFENDANTS PURSUANT TO FRCP 12(B)(2) BECAUSE THERE IS A
      COMPLETE LACK OF PERSONAL JURISDICTION OVER ANY OF THEM ................ 6

   A.   Plaintiffs Cannot Meet Their Burden Of Establishing General Or Specific Jurisdiction
      Over Any Of The Moving Defendants .......................................................... 7

   B.   The Moving Defendants Lack The Minimum Contacts With This State Necessary To
      Confer General Jurisdiction ........................................................................ 8

   C.   Plaintiffs Likewise Cannot Establish Specific Jurisdiction Over The Moving
      Defendants ................................................................................................. 9

IV.   SCI SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(6) BECAUSE IT HAS
      BEEN FOUND TO BE MERELY A HOLDING COMPANY THAT DOES NOT
      HAVE ANY EMPLOYEES, DID NOT EMPLOY ANY OF THE PLAINTIFFS, AND
      IS NOT LIABLE FOR ANY OF ITS SUBSIDIARIES' EMPLOYEES .............................. 11

V.    SCI, HOUSTON SUPPORT CENTER AND EASTERN SUPPORT CENTER
      SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(6) BECAUSE THEY ARE
      NOT SUCCESSORS-IN-INTEREST TO ALDERWOODS .................................... 13

VI.   CONCLUSION ............................................................................................... 15

# TABLE OF AUTHORITIES

Cases

*Abarca v. Manheim Services Corp.*, No. 05 C 3873, 2006 U.S. Dist. LEXIS 13777, * 10-11 (N.D. Ill. March 24, 2006) ................................................................................ 12

*Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.,* 1 F.3d 848, 851, fn.3 (9th Cir. 1993) ...................... 8

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-473 (1985) ...................................................... 8

*Corporate Inv. Business Brokers v. Melcher*, 824 F.2d 786, 789 (9th Cir. 1987) .......................... 10

*Cubbage v. Merchent,* 744 F.2d 665, 667-68 (9th Cir.1984)............................................................. 8

*Data Disc, Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) ............. 8

*Fields v. Sedgwick Assoc. Risks Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986) ........................................ 7

*Frank v. U.S. West, Inc.* (10th Cir. Colo. 1993) F.3d 1357,1362 .............................................. 11, 14

*Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1331 (9th Cir.1984).................................................. 8

*Harrison v. Denckla*, 357 U.S. 235, 253 (1953) ................................................................................ 7

*Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 415-416 (1984) ...................... 7

*Hopkins v. Texas Mast Climbers, LLC*, No. H-04-1884, 2005 U.S. Dist. LEXIS 38721, *12 (S.D. Tex. Dec. 14, 2005) ........................................................................................ 12

*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ..................................................... 7

*Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987) ......................................................................... 10

*Lewis v. Ward*, 852 A.2d 896, 906 (Del. Super. Ct. 2004) .............................................................. 13

*Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp. 2d 725 (S.D. Ohio 2006) .............................. 12

*Morgan v. Powe Timber Co.*, 367 F. Supp. 2d 1032, 1035 (S.D. Miss. 2005)................................. 13

*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) .............................. 8

*Shute v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir. 1990) .................................................. 8

*United States v. Bestfoods*, 524 U.S. 51, 61 (1998)................................................................... 11, 14

*World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)............................................ 7

*Zubik v. Zubik*, 384 F.2d 267, 272 (3d Cir. 1967)...................................................................... 12, 14

**Statutes**

California Business and Professions Code § 17200 ........................................................... 6

Government Code §12928 ................................................................................................... 2

**Other Authorities**

Balotti and Finkelstein, The Delaware Law of Corporations and Business Organizations § 9.7

    (Aspen Law & Business 1998) ....................................................................................... 13

**Rules**

Fed. R. Civ. P. 12(b)(2)................................................................................................... 1, 7

Fed. R. Civ. P. 12(b)(6)...................................................................................................... 1

Fed. R. Civ. P. 12(f)........................................................................................................... 1

Fed. R. Civ. P. 4(k)(1)(A).................................................................................................. 7

**MEMORANDUM OF POINTS & AUTHORITIES**

## I.    SUMMARY OF ARGUMENT

This action is one of a series of lawsuits brought by Plaintiffs' counsel that arise out of the alleged failure to pay wages to certain employees of Alderwoods Group, Inc. ("Alderwoods") who were employed by Alderwoods before it was merged into a subsidiary company of Service Corporation International ("SCI").[1]  SCI , Eastern Market Support, Houston Market Support, SCI Funeral and Cemetery Purchasing Cooperative, Inc., and SCI Western Market Support Center, L.P., a/k/a SCI Western Market Support Center, Inc. (i.e., SCI's "affiliates") are named in this action *solely* upon their allegedly being the "successors-in-interest" to Alderwoods.  (Amended Complaint ¶¶ 13, 49-53, 57.)  Despite unsuccessfully litigating their class claims against SCI and Alderwoods, and SCI's various subsidiaries and officers in venues across the country for over a year now, Plaintiffs here seek to rehash the same legal arguments that have been repeatedly rejected.  Plaintiffs' personal jurisdiction and substantive claims against the Moving Parties border on the frivolous and cannot withstand scrutiny under either Fed. R. Civ. P. 12(b)(2) or 12(b)(6) because, for reasons set forth below, no *in personam* jurisdiction exists over any of the Moving Defendants, they should clearly be dismissed from this action.  In addition, the plaintiffs' Amended Complaint fails to state any claims against Moving Defendants upon which relief can be granted because as a matter of law they were never any of the plaintiffs' employers.  The allegations that they allegedly are the plaintiffs' employers are also legally deficient, consisting of conclusions, devoid of any facts, that have been previously ruled to be insufficient as a matter to allege that they are the plaintiffs' employers.[2]

///

///

///

---

[1] See Amended Complaint, ¶¶ 13 and 14.)

[2] Moving Defendants hereby join and incorporate by reference Alderwoods', COOP's and Western Market Support Center's Motion to Dismiss for failure to state a claim upon which relief can be granted. (FRCP 12(b)(6).) and Motion to Strike (FRCP 12(f).)

## II.    BACKGROUND

### A.    The Defendants

#### 1.    Service Corporation International

SCI is a publicly held Texas corporation. (Declaration of Janet Key ("Key Decl.") at ¶¶ 3-4; Defendants' Request for Judicial Notice in Support of Motions to Dismiss ("RJN"), Exhibit D, Judith Marshall's Decl. ("Marshall Decl.") at ¶¶ 4-7.)[3]  In three separate court rulings, SCI has been found to be merely a holding company that has no employees.  (RJN, Exhibit A, Transcript of Apr. 19, 2007 Hearing ("Apr. 19 Tr.") at 20:19-23:18; RJN Exhibit B, Transcript of Sept. 6, 2007 Hearing ("Sept. 6 Tr.") at 2:2-5, 3:10-12, 19-25, 4:1-5, 9:22-10:5, 10:14-24, 11:5-9, 11:21-25, 12:1-2, and 16:23-17:7; RJN, Exhibit C, Transcript of Nov. 15, 2007 Hearing ("Nov. 15 Tr.") 2:2-4, 2:23-25, 3:1-20, 4:2-11.)

SCI is, in effect, nothing more than a stockholder in various subsidiary companies engaged in the funeral industry.  It owns certain state subsidiary entities that in turn actually own and operate funeral homes, mortuaries, crematories and cemeteries ("Operational Corporations"). (*See,* RJN Exhibit D, Marshall Decl. at ¶ 8.)  For example, James Stickle is employed by SCI Arizona Funeral Services, Inc. (*See,* RJN Exhibit D, Marshall Decl.) at ¶ 8; Declaration of Liana Jensen ("Jensen Decl.") at ¶ 2, Exhibit 1, consisting of the Plaintiffs' W-2s that specifies the names of their employers.)  Those entities identified on the Plaintiffs' Federal W-2 Wage and Tax Statements are presumed to be their employers. (Gov. Code § 12928.)  Although Plaintiffs know that the state-specific Operational Corporations are the actual employers of the Plaintiffs, they knowingly and repeatedly refused to name them as their correct employers in the six actions that they filed across the country.

#### 2.    SCI Support Entities

The COOP, Eastern Market Support, Western Market Support, and Houston Market Support ("Support Entities") are business entities that provide administrative support services to

---

[3] Plaintiffs attached and incorporated by reference a copy of Marshall's declaration as part of their Class Action complaint in filed in *James Stickle et al v. SCI Western Market Support*, U.S. District Court, Arizona, Case No. 08-CV-83. See RJN Exhibit M, par. 40 and Appendix B.

the state Operational Corporations.  These Support Entities do not provide any funeral, cremation, or mortuary services.  As such, they employ no funeral directors, embalmers, or crematory managers, nor did they employ any of the Plaintiffs.  Rather, they merely provide executive, management, administrative, accounting, data processing, and human resources support services to the Operational Corporations that actually employed the Plaintiffs.  The Support Entities provide such services only to those state Operational Corporations that are located within their specified geographical regions of the country.  (*See,* RJN Exhibit D, Marshall Decl. at ¶ 4; Declaration of Robert Pisano ("Pisano Decl.") at ¶ 4, Declaration of Gwen Petteway in Support of SCI Houston Market Support Center Inc.'s Motion to Dismiss ("Petteway Entity Decl.") at ¶ 3.)

### 3.    Alderwoods Group, Inc.

Prior to November 28, 2006, Alderwoods was a competitor of SCI.  On or about November 28, 2006 Alderwoods merged, not with SCI, but with an SCI subsidiary, Coronado Acquisition Corporation that was specifically created for its merger with Alderwoods.  The surviving corporation is Alderwoods Group, Inc., which is now a wholly-owned subsidiary of SCI. (Amended Complaint ¶¶ 13, 49-50, 57; *see,* also RJN Exhibit E Plaintiffs' Motion for Leave to File Second Amd. Compl. ¶ 9 filed in the *Prise, et al. v. Alderwoods Group, Inc., et al*, Case No. 2:06-CV-01470-JFC.

### B.    The Pennsylvania Action

On December 8, 2006, Deborah Prise and Heather Rady filed an action in the U.S. District Court for the Western District of Pennsylvania *Prise et al v. Alderwoods Group Inc., et al* (WDPA Case No. 06-1641) ("*Prise I*"), alleging violations of the FLSA and the wage and hour laws of 38 states and territories.  As in the instant case, the *Prise I* complaint alleged that the defendants failed to pay overtime to employees for certain types of off-the-clock work.[4]

The court in *Prise I* determined repeatedly, throughout nearly a year of litigation, that SCI was not the Plaintiffs' employer nor an employer under the FLSA.  Indeed, the Plaintiffs tried –

---

[4]The Plaintiffs also brought claims against Alderwoods Group, Inc., a competing funeral services company that merged with a subsidiary of SCI in November 2006.  Only the Plaintiffs' FLSA claims against Alderwoods remain pending in the Pennsylvania Action.

DEFENDANTS' POINTS & AUTHORITIES RE MTN TO DISMISS                                3
Case No.:  08-1184 SI

and failed – on at least three occasions to persuade the court that SCI was a proper defendant to their FLSA claims. The first of these attempts was on April 19, 2007, when Judge Joy Flowers Conti denied Plaintiffs' request to send court-authorized collective action notice to "SCI employees" based on her determination that the evidence established that SCI is merely a holding company without any employees. (RJN Exhibit A, Apr. 19 Tr. at 20.) The second failed attempt was on June 8, 2007, when Plaintiffs' counsel filed a second motion for collective action notification to purported "SCI employees." In that motion, as here, the Plaintiffs asserted that, although SCI has no employees, it nevertheless could be liable under the FLSA as a joint employer of the employees working for the Operational Corporations. (RJN Exhibit E.) The court rejected this argument, concluding that the Plaintiffs had not met their burden to establish that SCI was their employer or joint employer. As the court determined, "SCI as the corporate board is not doing something overtly to be involved in the management or the operational control of the [funeral services] businesses." (RJN Exhibit B, Sept. 6 Tr. at 10.) Accordingly, the court denied the Plaintiffs' second noticed motion.

On October 3, 2007, the Plaintiffs in the *Prise I* filed still another motion seeking to conditionally certify a class of employees who they alleged worked for "SCI and the entities under its control." In conjunction with this third noticed motion, Plaintiffs' counsel also filed a motion to amend the complaint to include, as they do in the instant action, the Corporate Defendants (among others), which they claimed were joint employers with SCI. (RJN Exhibit E.) On November 15, 2007, the *Prise I* court heard argument on Plaintiffs' motions, as well as SCI's motion for summary judgment as to all claims against it. The court granted SCI's summary judgment motion and denied Plaintiffs' motions, concluding that the Plaintiffs could not show that either SCI or the Corporate Defendants were Plaintiffs' employers – individually or jointly. (RJN Exhibit C, Nov. 15 Tr. at 2:23-3:20.)

### C.    Plaintiffs' Counsel's Other Litigation Against SCI

Having failed to state legally viable claims against SCI or the other Corporate Defendants in *Prise I*, Plaintiffs' counsel decided to re-file their claims against them in five new fora. On July 9 2007, they filed a class action in a California state court entitled *Deborah Prise, et al. v.*

*Alderwoods Group, Inc., and Service Corporation International.* Counsel subsequently filed and served an Amended Complaint that asserted claims for violations of wage and hour laws of 38 states and territories based on allegations that SCI failed to pay overtime for the same types of off-the-clock work alleged in the instant action.[5] These claims were identical to the ones that, like the FLSA claims, the court dismissed in the *Prise I.* Defendants removed the case to federal court, and Plaintiffs' counsel – after defendants took the time and expense of filing a motion to dismiss – voluntarily dismissed their Amended Complaint before the court was able to rule on defendants' motion, essentially conceding that dismissal was inevitable.[6]

On November 8, 2007, Plaintiffs' counsel filed, but has never served, a class action lawsuit against SCI in the U.S. District Court for the Northern District of California entitled *Claude Bryant, Craig Fulcher and Thomas Thomson et al v. Alderwoods Group, Inc. SCI et al.* Case No. CV 075696 SI. It again asserts the same types of off-the-clock work alleged in the instant action.[7]

A month later, on December 5, 2007, Plaintiffs' counsel filed two more class action complaints in the California state courts.[8] They include the instant action entitled *Helm, et al. v. Alderwoods Group, Inc. et al.,* and the action of *Bryant, et al. v. Service Corporation International, et al.* Plaintiffs' served Amended Complaints in both cases, each of which asserts identical claims

---

[5]*See* RJN, Exhibit F Amended Complaint removed in *Deborah Prise et al. v. Alderwoods Group, Inc., and Service Corporation International*, Case No. C 07-CV-5140-MJJ.

[6] *See* RJN, Exhibit G Defendants' Notice of Removal; Exhibit H Defendants' Memorandum of Points and Authorities in Support of its Motion to Dismiss; and Exhibit I Plaintiff's Notice of Voluntary Dismissal.

[7] *See* RJN, Exhibit J, Complaint filed in *Bryant, et al. v. Alderwoods Group, Inc., and Service Corporation International, et al.*, Case No. 3:07-CV-5696-SI.

[8] *See* RJN Exhibit K consisting of the Amended Complaint filed in *Bryant, et al. v. Service Corporation International, et al.* Case No. RG-07359593, and RJN Exhibit L consisting of the Amended Complaint filed in *Helm, et al. v. Alderwoods Group, Inc. et al.*, Case No. RG-07359602, both of which have been removed to this court. The federal court case number in *Bryant* is Case No. C08-01190 JSW The Defendants in *Bryant* have filed Motions to Dismiss and Strike which are similar to those filed in this action.

for violations of the California wage and hour laws, and those of 37 other states and territories.[9] The claims include: violation of California Labor Laws, violation of State Wage and Hour Laws, Unjust Enrichment, Conversion, Fraud and Deceit, Misrepresentation, Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Quantum Meruit, and Unfair Business Practices (Cal. Bus. & Prof. Code § 17200 et seq.). Both actions have been removed to this Court.

On January 15, 2008, Plaintiffs' counsel filed a federal court action in Arizona entitled *James Stickle et al v. SCI Western Market Support et al*.[10] There, the Plaintiffs assert the exact same FLSA claims that their counsel asserted in the *Prise I*, and they name as Defendants the exact same corporations that the Penn Court held did not employ the Plaintiffs and could not be liable for the violations alleged. The *Stickle* complaint also includes derivative claims under ERISA and RICO, alleging that the Defendants' purported failure to pay overtime also amounts to a violation of those statutes.[11]

### III. THE AMENDED COMPLAINT SHOULD BE DISMISSED AS TO ALL OF THE MOVING DEFENDANTS PURSUANT TO FRCP 12(B)(2) BECAUSE THERE IS A COMPLETE LACK OF PERSONAL JURISDICTION OVER ANY OF THEM

Based upon the lack of any purposeful availment by any of the Moving Defendants, generally or specifically, as to any of the Plaintiffs, there exists no *in personam* jurisdiction which could justify the pursuit of this action against them in this Court. Moving Defendants are simply non-residents of the State of California who have insufficient minimum contacts with the State of California to establish personal jurisdiction. Plaintiffs, instead of naming as defendants their true

---

[9] These were nearly identical to the state law claims pled against SCI and Alderwoods Group, Inc. in the prior case which Plaintiffs' counsel filed and then voluntarily dismissed, i.e., *William Helm, et al. v. Alderwoods Group, Inc., and Service Corporation International*, Case No. C 07-CV-5140-MJJ.

[10] See RJN Exhibit M consisting of complaint filed in *James Stickle et al v. SCI Western Market Support*, U.S. District Court, Arizona, Case No. 08-CV-83

[11] Defendants' motions to dismiss and strike have been filed the *Stickle* action and are currently pending before the District Court of Arizona.

DEFENDANTS' POINTS & AUTHORITIES RE MTN TO DISMISS                    6
Case No.: 08-1184 SI

employers, have used a "shotgun" approach naming everyone, including these Moving Defendants, as "employers" seeking to needlessly entangle them in their web of litigation even though no legitimate claim lies against them. For all of these reasons, and those more fully set forth below and in the motions for dismissal filed by the other defendants, Moving Defendants should be dismissed from this action.

### A.    Plaintiffs Cannot Meet Their Burden Of Establishing General Or Specific Jurisdiction Over Any Of The Moving Defendants

Service of summons in a federal action establishes personal jurisdiction over a defendant "who *could* be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." (FRCP 4(k)(1)(A), emphasis added.) Pursuant to FRCP 12(b)(2), a court will dismiss an action where it is demonstrated that there is a "lack of jurisdiction over the person[.]"

It is a well-established rule that the exercise of personal jurisdiction is appropriate only if there are sufficient minimum contacts by a defendant within the forum jurisdiction such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. (*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).) Minimum contacts arise when a person acts to avail himself purposely of the privileges of conducting business within a state thereby gaining the benefits and protections of its laws. (*Harrison v. Denckla*, 357 U.S. 235, 253 (1953).) These minimum contacts should be purposeful conduct invoking the benefits of the forum state such that the defendant would reasonably anticipate being haled into court there. (*World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).)

Courts may exercise either general or specific jurisdiction over non-resident defendants. (*Fields v. Sedgwick Assoc. Risks Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986).) General jurisdiction is available for any claim whether or not related to the defendant's activities in the forum state, but only when the defendant's contacts with, or activities in, the forum state are substantial, continuous and systematic. (*Ibid.; see also Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 415-416 (1984).) Specific jurisdiction exists only for the particular claim asserted and only where

DEFENDANTS' POINTS & AUTHORITIES RE MTN TO DISMISS                                7
Case No.: 08-1184 SI

the defendant's activities in the forum state which give rise to the claim establish the necessary minimum contacts with the forum state sufficient to invoke the court's jurisdiction. (*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-473 (1985); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997).)

Although a defendant is typically the moving party on a motion to dismiss, the Plaintiff is the party who invoked the court's jurisdiction and who, therefore, bears the burden of proof as to the necessary jurisdictional facts; e.g., the existence of "minimum contacts" between defendant and the forum state. (*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).) Unless the facts are undisputed, admissible evidence (declarations or discovery materials) is required. The court cannot assume the truth of allegations in a pleading that is contradicted by a sworn affidavit. (*Data Disc, Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).)

## B.    The Moving Defendants Lack The Minimum Contacts With This State Necessary To Confer General Jurisdiction

Without question, the exercise of general jurisdiction over a non-resident defendant is the exception, not the rule, given the fact that the level of forum-state contacts needed to establish general jurisdiction is extremely high. In fact, the Ninth Circuit Court of Appeals "regularly ha[s] declined to find general jurisdiction even where the contacts were quite extensive." (*Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.,* 1 F.3d 848, 851, fn.3 (9th Cir. 1993), citing *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir. 1990) *rev'd on other grounds*; *Cubbage v. Merchent,* 744 F.2d 665, 667-68 (9th Cir.1984), *cert. denied,* 470 U.S. 1005, 105 S.Ct. 1359, 84 L.Ed.2d 380 (1985); and *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1331 (9th Cir.1984), *cert. denied,* 471 U.S. 1066, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985).) This case presents no exception.

Here, as reflected in the declarations of Robert Pisano and Gwenn Petteway, the lack of contact between the Houston and Eastern Market Support Centers and the State of California precludes any general jurisdiction over them. These Defendants are not located in California; have never been licensed or conducted business in the State of California; have never entered into any

DEFENDANTS' POINTS & AUTHORITIES RE MTN TO DISMISS                                    8
Case No.:  08-1184 SI

contracts, employment or otherwise, with any Plaintiffs in this action; have never employed any of the Plaintiffs; have never maintained an office or held any bank accounts within the State of California; have never owned real property in the State of California; and have not paid any taxes to the State of California. (Pisano Decl. at ¶¶ 2-9; Petteway Decl. at ¶¶ 3-8.)

Likewise, SCI does not have any sufficient contact with this State that warrants the exercise of general jurisdiction over it. It has no employees in this State, and its corporate headquarters and only offices are located in Houston, Texas. It is not licensed and does not conduct any business in this State; is not party to any contracts, employment or otherwise, with any of the Plaintiffs in this action; has never employed or supervised the employment of any of the Plaintiffs herein; does not maintain an office nor held any bank accounts within this State; does not own any real property in this State; and does not pay any taxes to the State of California. (Key Decl. at ¶¶ 3-11.) In fact, the California federal and state courts have repeatedly found to lack personal jurisdiction over SCI because it does not have the required minimum contacts with the State of California. (Declaration of Steven H. Gurnee ("Gurnee Decl.") at ¶¶ 2-3 and Exhibits A-C thereto.)

The above facts demonstrate that none of the Moving Defendants ever purposefully availed themselves of the privileges of conducting business in or invoking the benefits of the State of California. There is simply no basis to argue that any of them have the required substantial, continuous, and systematic contacts with California necessary to confer general jurisdiction.

### C. Plaintiffs Likewise Cannot Establish Specific Jurisdiction Over The Moving Defendants

The Ninth Circuit has established a three-part test for analyzing whether specific jurisdiction may be exercised: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum jurisdiction, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. (*Lake v.*

1  *Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987); *see also Corporate Inv. Business Brokers v. Melcher*,

2  824 F.2d 786, 789 (9th Cir. 1987).)

3      Contrary to the erroneous allegations in Plaintiffs' Amended Complaint, none of the

4  Moving Defendants ever employed any of the Plaintiffs.  None of them was ever identified as an

5  employer on any of the Plaintiffs W-2s issued to them in reporting their earnings and tax

6  withholdings. (See Jensen Dec., ¶ 3, Exhibit 1; Marshall Decl. par. 8.)  The Plaintiffs instead were

7  employed by the state Operational Corporations, none of which has been named as a party to this

8  action.

9      The accompanying declarations of Mr. Pisano and Ms. Petteway clearly demonstrate that

10 the Plaintiffs cannot prove the existence of special jurisdiction as to the Houston and Eastern

11 Market Support Centers.  They have done nothing that could possibly be construed as purposefully

12 directing their activities or consummating transactions with California or its residents.  They have

13 done nothing to invoke the benefits and protections of its laws.  They have had no contact with the

14 Plaintiffs, the alleged disputed employment policies, or the State of California that would give rise

15 or relate to any claim alleged in Plaintiffs' Amended Complaint.  The facts reflected in those

16 declarations further establish that neither of these entities has ever had a significant ownership

17 interest or operational control of significant aspects of any enterprise doing business in the State of

18 California, nor have they ever hired or fired employees of any business located in the State of

19 California. (Pisano Decl. at ¶¶ 4-6; Petteway Entity Decl. at ¶¶ 3-4.)  The fact that their alleged

20 liability in this action is solely based upon their erroneously being successors-in-interest to

21 Alderwoods further preclude any claim of specific jurisdiction over them.

22      The facts set forth in the Key Declaration, the rulings in the *Prise I*, and the previous

23 federal and state court rulings attached to the Gurnee Declaration all demonstrate that there cannot

24 be any special jurisdiction as to SCI.  SCI does not manage the business activities of any funeral

25 establishment, cemetery or other local facility in the State of California that is owned or operated

26 by any subsidiary of SCI.  It does not hire, supervise or terminate any employees of any funeral

27 establishment, cemetery or other local facility within the State of California that is owned or

28

operated by a subsidiary of SCI. (Key Decl. at ¶¶ 12-13.)  The court in the *Prise I* has repeatedly ruled that it is merely a holding company that does not have any employees.  (See also, Keys Decl. ¶ 4.)  The California federal and state courts have repeatedly found to lack personal jurisdiction over SCI. (Gurnee Decl. at ¶¶ 2-3, and its Exhibits A-C.)

Given the above, it is clearly unreasonable to require *any* of the Moving Defendants to defend themselves in a distant forum with which they have clearly had no contact.  Moving Defendants have not purposefully directed any activities with any of the Plaintiffs or their employment in the State of California, nor any of the employment policies allegedly implemented in the State of California, nor any activities whatsoever with the State of  California or its residents.  They have never been the Plaintiffs' employer.  The exercise of special jurisdiction under such circumstances clearly does not comport with fair play and substantial justice, and is manifestly unreasonable.

### IV.    SCI SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(6) BECAUSE IT HAS BEEN FOUND TO BE MERELY A HOLDING COMPANY THAT DOES NOT HAVE ANY EMPLOYEES, DID NOT EMPLOY ANY OF THE PLAINTIFFS, AND IS NOT LIABLE FOR ANY OF ITS SUBSIDIARIES' EMPLOYEES

Businesses are permitted to incorporate to limit liability and isolate liabilities among separate entities. (*Frank v. U.S. West, Inc.* (10th Cir. Colo. 1993) F.3d 1357,1362.)  There is a strong presumption that a parent company is not the employer of its subsidiary's employees, and courts have found otherwise only in extraordinary circumstances.  The employee bears a heavy burden to prove that the parent corporation is liable for the acts or omissions of its subsidiaries. (*Id.* at p. 1362.)  As the United States Supreme Court has noted, "[i]t is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." (*United States v. Bestfoods*, 524 U.S. 51, 61 (1998).)  Likewise, the "[m]ere ownership of a subsidiary does not justify the imposition of liability on a parent corporation. Such liability only is appropriate 'when the court must prevent fraud, illegality or injustice, or when recognition of the corporate entity would defeat public policy or shield someone

from liability for a crime.'" (*Mitsubishi Corp. v. Goldmark Plastic Compounds, Inc.*, 446 F. Supp. 2d 378 (W.D. Pa. 2006) (quoting *Zubik v. Zubik*, 384 F.2d 267, 272 (3d Cir. 1967)).)

It is also well established that holding companies are not employers in the context of wage and hour litigation. (*See, e.g., Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp. 2d 725 (S.D. Ohio 2006) holding that company with no employees or payroll is not an employer; *Hopkins v. Texas Mast Climbers, LLC*, No. H-04-1884, 2005 U.S. Dist. LEXIS 38721, *12 (S.D. Tex. Dec. 14, 2005) dismissing claims against holding company and finding holding company not an "employer" under federal law); *Abarca v. Manheim Services Corp.*, No. 05 C 3873, 2006 U.S. Dist. LEXIS 13777, * 10-11 (N.D. Ill. March 24, 2006) holding that a parent corporation is considered an employer under federal law "only where it exercises day-to-day control over the employees at issue.")

Plaintiffs' claims against SCI must be dismissed in their entirety. Based upon the above authority and the federal and state court rulings, it is indisputable that SCI as a matter of law is simply not the Plaintiffs' employer. It is not their employer despite its being the parent company of the Support Entities, or any of the state Operational Corporations that have not been named in this action.

Moreover, pursuant to three separate court rulings in the *Prise I*, SCI has been found to be merely a holding company that has no employees. (RJN, Exhibit A, Transcript of Apr. 19, 2007 Hearing ("Apr. 19 Tr.") at 8:18-21, 20:19-23:18; RJN Exhibit B, Transcript of Sept. 6, 2007 Hearing ("Sept. 6 Tr.") at 2:2-5, 3:10-12, 19-25, 4:1-5, 9:22-10:5, 10:14-24, 11:5-9, 11:21-25, 12:1-2, and 16:23-17:7; RJN, Exhibit C, Transcript of Nov. 15, 2007 Hearing ("Nov. 15 Tr.") 2:2-4, 2:23-25, 3:1-10, 4:2-11.)

On April 19, 2007, Judge Joy Flowers Conti in the *Prise I* denied conditional certification with respect to SCI, stating "I am not sure that I would be able to move forward and certify a class of employees if [SCI] is merely a holding company and really wouldn't have those type of [non-exempt] employees." (Apr. 19 Tr. at 8:18-21.) However, Judge Conti allowed additional discovery with respect to SCI and allowed the Plaintiffs in that action to renew their request for conditional certification, which they did on June 8, 2007. At a hearing on that renewed motion on

September 6, 2007, Judge Conti again held that SCI was not an employer and thus could not be responsible for any of the conduct alleged by the Plaintiffs. In so holding, Judge Conti rejected their arguments that SCI could be liable as a parent corporation, stating that "SCI as the corporate board is not doing something overtly to be involved in the management or the operation control of the business." (Sept. 6 Tr. at 10-11.)

Plaintiffs know, from their experience in the *Prise I*, that SCI is not an employer and is not a proper defendant in their lawsuits seeking overtime pay from the Defendants. Plaintiffs were fully motivated to litigate this issue in *Prise I* and twice fully briefed and argued the question of SCI's status. Nevertheless, having been denied three times in *Prise I*, Plaintiffs now seek to take another bite out of the apple here, hoping for a different result in a different forum. This Court should not countenance Plaintiffs' tactics that seek to avoid the adverse *Prise* I rulings against them in this action. As such, SCI is not the employer of any of the Plaintiffs in this action. Thus, it is not a proper defendant in this wage and hour litigation.

## V.     SCI, HOUSTON SUPPORT CENTER AND EASTERN SUPPORT CENTER SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(6) BECAUSE THEY ARE NOT SUCCESSORS-IN-INTEREST TO ALDERWOODS

The Moving Defendants cannot be held liable, as alleged in the Complaint (Amended Complaint ¶¶ 13, 49-50, 57.), "on the basis of their liability as successors-in-interest to Alderwoods" because they did not enter into any merger transaction with Alderwoods. Indeed, Plaintiffs have acknowledged in *Prise I* that Alderwoods merged, not with SCI, but with an SCI subsidiary, Coronado Acquisition Corporation, on or about November 28, 2006. (RJN Exhibit E Pls.' Mot. for Leave to File Second Amd. Compl. ¶ 9.) This is a standard "triangle" merger, a "common" and "legitimate" form of merger under the law. (*See Lewis v. Ward*, 852 A.2d 896, 906 (Del. Super. Ct. 2004); *see also Morgan v. Powe Timber Co.*, 367 F. Supp. 2d 1032, 1035 (S.D. Miss. 2005) (quoting Balotti and Finkelstein, The Delaware Law of Corporations and Business Organizations § 9.7 (Aspen Law & Business 1998), explaining "A triangle merger permits A, the acquiring company, to acquire control of T, the target company, without A being a constituent corporation, by forming a new Delaware subsidiary, (S), into which T is merged."). )

1    Plaintiffs' claim that any of the Moving Defendants is liable as a successor-in-interest to

2    Alderwoods' liability based on this transaction is contrary to basic corporate law principles.

3    Businesses are permitted to incorporate to limit liability and isolate liabilities among separate

4    entities. (*Frank v. U.S. West, Inc.* (10th Cir. Colo. 1993) F.3d 1357,1362.)   There is a strong

5    presumption that a parent company is not the employer of its subsidiary's employees, and courts

6    have found otherwise only in extraordinary circumstances.  The employee bears a heavy burden to

7    prove that the parent corporation is liable for the acts or omissions of its subsidiaries. (*Id.* at p.

8    1362.)    A parent corporation, except in extraordinary circumstances, is not liable for its

9    subsidiaries' actions.  As the United States Supreme Court has noted, "[i]t is a general principle of

10   corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is

11   not liable for the acts of its subsidiaries."  *United States v. Bestfoods*, 524 U.S. 51, 61 (1998).

12   Likewise, the "[m]ere ownership of a subsidiary does not justify the imposition of liability on a

13   parent corporation.  Such liability only is appropriate 'when the court must prevent fraud, illegality

14   or injustice, or when recognition of the corporate entity would defeat public policy or shield

15   someone from liability for a crime.'"  *Mitsubishi Corp. v. Goldmark Plastic Compounds, Inc.*, 446

16   F. Supp. 2d 378 (W.D. Pa. 2006) (quoting *Zubik v. Zubik*, 384 F.2d 267, 272 (3d Cir. 1967)).

17   Plaintiffs here have not alleged any form of fraud, illegality or injustice that would require

18   any of the Defendants to be a party to this lawsuit.  To the contrary, Alderwoods merged with an

19   SCI subsidiary and continues to exist as a corporation, separate and distinct from SCI.  As a matter

20   of law, none of the Defendants can be liable as a successor-in-interest to Alderwoods.   Thus,

21   Plaintiffs erroneous claims against them as a "successors-in-interest" to Alderwoods' alleged

22   liability must be dismissed.

23   ///

24   ///

25   ///

26   ///

27   ///

28

DEFENDANTS' POINTS & AUTHORITIES RE MTN TO DISMISS                                14
Case No.:  08-1184 SI

## VI.    CONCLUSION

For all of the forgoing reasons, this court should dismiss the Moving Defendants from this action.  It should also stay this action against SCI until the Plaintiffs have paid SCI its attorney fees and costs it incurred in the prior action that Plaintiffs dismissed.

Dated:  August 8, 2008.                              GURNEE & DANIELS LLP


                                                     By _____
                                                         STEVEN H. GURNEE, ESQ.
                                                         NICHOLAS P. FORESTIERE, ESQ.
                                                         DAVID M. DANIELS, ESQ.
                                                         Attorneys for Defendants
                                                         SERVICE CORPORATION
                                                         INTERNATIONAL, SCI EASTERN
                                                         MARKET SUPPORT CENTER, L.P. and SCI
                                                         HOUSTON MARKET SUPPORT CENTER,
                                                         L.P.