1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ. SB# 125118
   GURNEE & DANIELS LLP
3  2240 Douglas Boulevard, Suite 150
   Roseville, CA  95661-3805
4  Telephone    (916) 797-3100
   Facsimile    (916) 797-3131
5
   Attorneys for Defendant
6  PAUL A. HOUSTON

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9                      (SAN FRANCISCO DIVISION)

10

11 WILLIAM HELM, DEBORAH PRISE,              )  Case No.  CV 08-1184 SI
   HEATHER P. RADY, et al., on behalf of     )
12 themselves and all other employees and former )  **DEFENDANT PAUL A. HOUSTON'S**
   employees similarly situated,             )  **NOTICE OF MOTION AND MOTION**
13                                           )  **TO DISMISS AMENDED COMPLAINT**
                                             )  **PURSUANT TO FRCP 12(b)(2) (LACK**
14              Plaintiffs,                   )  **OF *IN PERSONAM* JURISDICTION) OR,**
                                             )  **ALTERNATIVELY, FRCP 12(b)(6)**
15         vs.                                )  **(FAILURE TO STATE A CLAIM UPON**
                                             )  **WHICH RELIEF CAN BE GRANTED),**
16 ALDERWOODS GROUP, INC., PAUL A.           )  **AND TO STRIKE THE FRAUD AND**
   HOUSTON, SERVICE CORPORATION              )  **MISREPRESENTATION CLAIMS OR**
17 INTERNATIONAL, SCI FUNERAL AND            )  **REQUIRE A MORE DEFINITE**
   CEMETERY PURCHASING                       )  **STATEMENT OF THEM PURSUANT TO**
18 COOPERATIVE, INC., SCI EASTERN            )  **FRCP 9, 12(e) and 12(f)**
   MARKET SUPPORT CENTER, L.P., SCI          )
19 WESTERN MARKET SUPPORT CENTER,            )  Date:   TBD at the 8/29/2008 CMC
   L.P., a/k/a SCI WESTERN MARKET            )  Time:   TBD at the 8/29/2008 CMC
20 SUPPORT CENTER, INC., and SCI             )  Dept:   10
   HOUSTON MARKET SUPPORT CENTER,            )
21 L.P.                                      )
                                             )
22                                           )
                _____ )
23              Defendants.                   )

24 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

25         PLEASE TAKE NOTICE THAT on a date and time to be determined at the August 29,

26 2008 CMC at 2:00 p.m. or as soon thereafter as the matter may be heard before the Honorable

27 Susan Illston in Department 10 of the United States District Court, Northern District of California,

28

**DEFENDANTS PAUL HOUSTON'S NOTICE OF MOTION TO DISMISS, STRIKE**
**& FOR MORE DEFINITE STATEMENT**                                          1
Case No.:  08-1184 SI

San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Paul A. Houston ("Houston") will move the Court for an order to dismiss the Amended Complaint against him based on lack of *in personam* jurisdiction pursuant to FRCP 12(b)(2). Alternatively, he will move for dismissal based on Plaintiffs' failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6).[1] He further moves to strike the Misrepresentation and Fraud and Deceit claims (Amended Complaint ¶¶ 108-113.), or to require that they be plead with more particularity pursuant to FRCP 9, 12(e) and 12(f).

Houston also joins the Motions to Dismiss and Strike filed by co-defendants Alderwoods Group, Inc., Service Corporation International, SCI Funeral And Cemetery Purchasing Cooperative, Inc., SCI Eastern Market Support Center, L.P., SCI Western Market Support Center, L.P., a/k/a SCI Western Market Support Center, Inc., and SCI Houston Market Support Center, L.P. ("Co-Defendants") that are presenting pending before the Court in this action.[2]

Pursuant to FRCP (12)(b)(2), this Court should dismiss Houston because there exists no *in personam* jurisdiction over him in this State. Alternatively, he should be dismissed pursuant to FRCP 12(b)(6) because, as a matter of law, he was never the plaintiffs' employer. He should also be dismissed pursuant to the grounds set forth in the Motions to Dismiss and Strike filed by the other Co-Defendants. The Fraud and Misrepresentation allegations should be stricken pursuant to FRCP 9, 12(e) and 12(f) as scandalous, and if not, should be required to be plead with particularity.

This Motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the accompanying Declaration of Paul A. Houston, the

[1] Defendant respectfully suggest that before reviewing and considering the instant Motion, the Court first read the Motion to Dismiss filed by the other Co-Defendants in this case. That Motion includes background information for this motion.

[2] Moving Defendants hereby join and incorporates by reference co-defendants' Motions to Dismiss for failure to state a claim upon which relief can be granted (FRCP 12(b)(6) and Motion to Strike (FRCP 12(f). Rather than merely repeat those same law, facts and arguments made in such other Defendants' motion, Moving Defendants hereby incorporate the other Defendants' law, facts, and argument set forth in their motions by reference in this motion.

DEFENDANTS PAUL HOUSTON'S NOTICE OF MOTION TO DISMISS, STRIKE & FOR MORE DEFINITE STATEMENT
Case No.: 08-1184 SI

2

1    Motions to Dismiss and Strike filed by the other Co-Defendants, the pleadings, records and files in

2    this action, and those filed in the related cases of *Bryant, et al. v. Service Corporation*

3    *International, et al*. Case No. 07-5695 SI (Bryant I) and *Bryant, et al. v. Service Corporation*

4    *International, et al*. Case No. 08-1190 SI (Bryant II), and upon such other and further evidence and

5    argument as may be presented at the time of the hearing.

6

7    Dated: August 8, 2008                          GURNEE & DANIELS LLP

8

9                                                    By _____

10                                                       STEVEN H. GURNEE, ESQ.
                                                         NICHOLAS P. FORESTIERE, ESQ.
11                                                       DAVID M. DANIELS, ESQ.
                                                         Attorneys for Defendant
12                                                       PAUL A. HOUSTON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS PAUL HOUSTON'S NOTICE OF MOTION TO DISMISS, STRIKE**
**& FOR MORE DEFINITE STATEMENT**                                          3
Case No.:  08-1184 SI

# TABLE OF CONTENTS

I.    SUMMARY OF ARGUMENT...................................................................................... 1

II.   THE AMENDED COMPLAINT SHOULD BE DISMISSED AS TO PAUL HOUSTON
      PURSUANT TO FRCP 12(B)(2) BECAUSE THERE IS A COMPLETE LACK OF
      PERSONAL JURISDICTION OVER HIM .............................................................. 1

      A.   Plaintiffs Cannot Meet Their Burden Of Establishing General Or Specific Jurisdiction
           Over Paul Houston ................................................................................................... 1

      B.   Paul Houston Lacks The Minimum Contacts With This State Necessary To Confer
           General Jurisdiction ................................................................................................. 3

      C.   Plaintiffs Likewise Cannot Establish Specific Jurisdiction Over Paul Houston................... 3

III.  PAUL HOUSTON SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(6)
      BECAUSE HE, AS A MATTER OF LAW, WAS NEVER THE PLAINTIFFS'
      EMPLOYER..................................................................................................... 5

IV.   PLAINTIFFS SHOULD BE REQUIRED TO PLEAD THEIR MISREPRESENTATION
      AND FRAUD AND DECEIT CLAIMS WITH PARTICULARITY ........................................ 6

V.    CONCLUSION ......................................................................................... 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANTS' POINTS & AUTHORITIES RE MTN TO DISMISS**
Case No.:  08-1184 SI

i

# TABLE OF AUTHORITIES

**Cases**

*Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.,* 1 F.3d 848, 851, fn.3 (9th Cir. 1993) ...................... 3

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472-473 (1985) ....................................... 2

*Corporate Inv. Business Brokers v. Melcher,* 824 F.2d 786, 789 (9th Cir. 1987) ............................ 4

*Cubbage v. Merchent,* 744 F.2d 665, 667-68 (9th Cir.1984).................................................. 3

*Data Disc, Inc. v. Systems Technology Assocs., Inc.,* 557 F.2d 1280, 1284 (9th Cir. 1977) ............. 3

*Fields v. Sedgwick Assoc. Risks Ltd.,* 796 F.2d 299, 301 (9th Cir. 1986) ........................................ 2

*Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1331 (9th Cir.1984)........................................... 3

*Harrison v. Denckla,* 357 U.S. 235, 253 (1953) .................................................................. 2

*Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 415-416 (1984)...................... 2

*International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) ................................................ 2

*Jones v. Gregory,* 137 Cal.App.4th 798 at 802-809 ........................................................... 6

*Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987) ........................................................... 4

*Reynolds v. Bement,* 36 Cal.4th 1075 at p. 1087-88 ........................................................ 5, 6

*Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002) ............................... 2

*Shute v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir. 1990) .................................................. 3

*Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983) ........................................... 6

*World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)........................................... 2

**Statutes**

Government Code §12928 ......................................................................................... 4

**Rules**

Fed. R. Civ. P. 12(b)(2)............................................................................................... 1, 2

Fed. R. Civ. P. 12(b)(6)................................................................................................ 5

Fed. R. Civ. P. 12(e) .................................................................................................... 7

Fed. R. Civ. P. 4(k)(1)(A) ............................................................................................. 2

## MEMORANDUM OF POINTS & AUTHORITIES

### I.     SUMMARY OF ARGUMENT

Plaintiffs' personal jurisdiction and substantive claims against Paul Houston border on the frivolous and cannot withstand scrutiny under either Fed. R. Civ. P. 12(b)(2) or 12(b)(6).  Because, for reasons set forth below, no *in personam* jurisdiction exists over Paul Houston and he should clearly be dismissed from this action.  In addition, the Amended Complaint fails to state any claims against him upon which relief can be granted because as a matter of law he was never any of the plaintiffs' employer.  It further fails to allege the Misrepresentation and Fraud and Deceit claims with "particularity."[3]  Such allegations are also scandalous and should be stricken.

### II.     THE AMENDED COMPLAINT SHOULD BE DISMISSED AS TO PAUL HOUSTON PURSUANT TO FRCP 12(B)(2) BECAUSE THERE IS A COMPLETE LACK OF PERSONAL JURISDICTION OVER HIM

Based upon the lack of any purposeful availment by Paul Houston, generally or specifically, there exists no *in personam* jurisdiction which could justify the pursuit of this action against him in this Court.  He is a non-resident of the State of California who has insufficient minimum contacts with the California to establish personal jurisdiction.  Plaintiffs, instead of naming as defendants their true employers, have used a "shotgun" approach naming everyone, including Mr. Houston, as "employers" seeking to needlessly entangle them in their web of litigation even though no legitimate claim lies against him.  For all of these reasons, and those more fully set forth below and in the motions for dismissal filed by the co-defendants, Mr. Houston should be dismissed from this action.

### A.     Plaintiffs Cannot Meet Their Burden Of Establishing General Or Specific Jurisdiction Over Paul Houston

Service of summons in a federal action establishes personal jurisdiction over a defendant "who *could* be subjected to the jurisdiction of a court of general jurisdiction in the state in which

---

[3] He further joins and incorporates by reference the Co-Defendants' Motions to Dismiss and Strike.

**DEFENDANTS PAUL HOUSTON'S MEMORANDUM OF POINTS & AUTHORITIES**
Case No.:  08-1184 SI

1

1    the district court is located." (FRCP 4(k)(1)(A), emphasis added.) Pursuant to FRCP 12(b)(2), a

2    court will dismiss an action where it is demonstrated that there is a "lack of jurisdiction over the

3    person[.]"

4        It is a well-established rule that the exercise of personal jurisdiction is appropriate only if

5    there are sufficient minimum contacts by a defendant within the forum jurisdiction such that

6    maintenance of the suit does not offend traditional notions of fair play and substantial justice.

7    (*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).) Minimum contacts arise when

8    a person acts to avail himself purposely of the privileges of conducting business within a state

9    thereby gaining the benefits and protections of its laws. (*Harrison v. Denckla*, 357 U.S. 235, 253

10   (1953).) These minimum contacts should be purposeful conduct invoking the benefits of the

11   forum state such that the defendant would reasonably anticipate being haled into court there.

12   (*World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).)

13       Courts may exercise either general or specific jurisdiction over non-resident defendants.

14   (*Fields v. Sedgwick Assoc. Risks Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986).) General jurisdiction is

15   available for any claim whether or not related to the defendant's activities in the forum state, but

16   only when the defendant's contacts with, or activities in, the forum state are substantial, continuous

17   and systematic. (*Ibid.; see also Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408,

18   415-416 (1984).) Specific jurisdiction exists only for the particular claim asserted and only where

19   the defendant's activities in the forum state which give rise to the claim establish the necessary

20   minimum contacts with the forum state sufficient to invoke the court's jurisdiction. (*Burger King

21   Corp. v. Rudzewicz*, 471 U.S. 462, 472-473 (1985); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414,

22   416 (9th Cir. 1997).)

23       Although a defendant is typically the moving party on a motion to dismiss, the Plaintiff is

24   the party who invoked the court's jurisdiction and who, therefore, bears the burden of proof as to

25   the necessary jurisdictional facts; e.g., the existence of "minimum contacts" between defendant and

26   the forum state. (*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).)

27   Unless the facts are undisputed, admissible evidence (declarations or discovery materials) is

28

**DEFENDANTS PAUL HOUSTON'S MEMORANDUM OF POINTS & AUTHORITIES**
Case No.: 08-1184 SI                                                                          2

required. The court cannot assume the truth of allegations in a pleading that is contradicted by a sworn affidavit. (*Data Disc, Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).)

**B.    Paul Houston Lacks The Minimum Contacts With This State Necessary To Confer General Jurisdiction**

Without question, the exercise of general jurisdiction over a non-resident defendant is the exception, not the rule, given the fact that the level of forum-state contacts needed to establish general jurisdiction is extremely high. In fact, the Ninth Circuit Court of Appeals "regularly ha[s] declined to find general jurisdiction even where the contacts were quite extensive." (*Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.,* 1 F.3d 848, 851, fn.3 (9th Cir. 1993), citing *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir. 1990) *rev'd on other grounds*; *Cubbage v. Merchent,* 744 F.2d 665, 667-68 (9th Cir.1984), *cert. denied,* 470 U.S. 1005, 105 S.Ct. 1359, 84 L.Ed.2d 380 (1985); and *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1331 (9th Cir.1984), *cert. denied,* 471 U.S. 1066, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985).) This case presents no exception.

Here, the declaration of Paul A. Houston establishes without doubt that his complete lack of any contact with the State of California renders general jurisdiction over him an impossibility. He has never been a resident of or owned any real property in the State of California. He has never operated or owned a business, been employed, had an office, maintained a bank account, been licensed to do business or paid taxes in the State of California. (Houston Decl. at ¶¶ 1. 4-11.) Such facts demonstrate that he never purposefully availed himself of the privileges of conducting business in or invoking the benefits of the State of California. There is simply no basis to argue that he had any of the required substantial, continuous, and systematic contacts with California necessary to confer general jurisdiction.

**C.    Plaintiffs Likewise Cannot Establish Specific Jurisdiction Over Paul Houston**

The Ninth Circuit has established a three-part test for analyzing whether specific jurisdiction may be exercised: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof or perform some act

1   by which he purposefully avails himself of the privilege of conducting activities in the forum

2   jurisdiction, thereby invoking the benefits and protections of its laws; (2) the claim must be one

3   which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of

4   jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. (*Lake v.*

5   *Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987); *see also Corporate Inv. Business Brokers v. Melcher*,

6   824 F.2d 786, 789 (9th Cir. 1987).)

7        Contrary to the erroneous allegations in the Amended Complaint, Paul Houston was never

8   the employer for any of the Plaintiffs.  He is not identified as an employer on any of the Plaintiffs

9   W-2s issued to them in reporting their earnings and tax withholdings. (See Jensen Dec., ¶ 3,

10  Exhibit 1; RJN Exhibit D, Marshall Decl. par. 8.) Those persons identified in the plaintiffs' W-2s

11  are presumed to be their employers. (Government Code § 12928.)   Since he was never the

12  plaintiffs' employer, he could not be liable as their employer for the claimed wage and hour

13  violations. Consequently, as a matter of law, no such claims could be asserted against him that are

14  required to establish special jurisdiction over him.

15       Moreover, Mr. Houston's declaration further establishes that he never had any contact with

16  the State of California related to the alleged claims against him to establish any special jurisdiction.

17  He has not employed or supervised the employment of any person in the State of California, and he

18  never directed or controlled the day-to-day operations of any business enterprise doing business

19  within the State of California.  (Houston Decl. at ¶¶ 8, 12.)  He at no time ever hired or terminated

20  or supervised any of the plaintiffs, nor any other employees of any funeral establishment, cemetery

21  or other local facility, that is owned by a subsidiary of Service Corporation International or by

22  Alderwoods, including any such funeral establishments, cemeteries or other local facilities located

23  in the State of California. (Houston Decl. at ¶¶ 14.)

24       Given the above, it is clearly unreasonable to require Paul Houston to defend himself in a

25  distant forum with which he clearly had no contact.  He did not purposefully direct any activities

26  with any of the plaintiffs or their employment in the State of California, nor any of the employment

27  policies allegedly implemented in the State of California, nor any activities whatsoever with the

28

**DEFENDANTS PAUL HOUSTON'S MEMORANDUM OF POINTS & AUTHORITIES**
Case No.:  08-1184 SI                                                                                    4

State of California or its residents. The exercise of special jurisdiction over him under such circumstances clearly does not comport with fair play and substantial justice, and is manifestly unreasonable.

### III.    PAUL HOUSTON SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(6) BECAUSE HE, AS A MATTER OF LAW, WAS NEVER THE PLAINTIFFS' EMPLOYER

In *Reynolds v. Bement*, *supra*, the California Supreme Court held that the officers of a corporate employer were not individually liable for the corporation's alleged failure to pay over time to its employees. (*Reynolds v. Bement*, 36 Cal.4th 1075 at p. 1087-88.) The Plaintiffs alleged in that class action that each of the individual corporate officers:

> …directly or indirectly, or through an agent or any other person, employed or exercised control over wages, hours, or working conditions of Class members. … authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, and voted for tortious and unlawful acts of commission or omission which have operated to the prejudice and injury of the Class, including but not limited to causing the corporate defendants to violate the overtime regulations found in the applicable wage order and commit other statutory violations. … knew or reasonably should have known that his conduct and/or conduct under his control was injuring the Class…and failed to take or order appropriate action to avoid the harm. (*Id.* at p. 1082.)

The Plaintiffs in that action further alleged that the defendants had a policy and practice to require them to work long overtime hours without overtime compensation. They claimed defendants allegedly misclassified class members as exempt employees and deprived them of statutory overtime compensation in order to maximize defendants' profits and income. As a consequence of defendants' actions, Plaintiff and those similarly situated have not received statutorily guaranteed overtime compensation that is owed to them. (*Id.*)

In sustaining the corporate officers' demurrer to such allegations, the California Supreme Court stated:

> Under California's common law, corporate agents acting within the scope of their agency are not personally liable for the corporate

---

**DEFENDANTS PAUL HOUSTON'S MEMORANDUM OF POINTS & AUTHORITIES**
Case No.: 08-1184 SI                                                                                          5

employer's failure to pay its employees' wages. (Citation omitted.)
This is true regardless of whether a corporation's failure to pay such
wages, in particular circumstances, breaches only its employment
contract or also breaches a tort duty of care. It is well established
that corporate agents and employees acting for and on behalf of a
corporation cannot be held liable for inducing a breach of the
corporation's contract." (Citation omitted.)    And "[d]irectors or
officers of a corporation do not incur personal liability for torts of the
corporation merely by reason of their official position". (Citation
omitted.) (*Reynolds v. Bement*, 36 Cal.4th 1075 at pp. 1087-88.)

It further found that the California Legislature never meant to expose to personal civil liability any corporate agent who "exercises control" over an employee's wages, hours, or working conditions. (*Id.* at p. 1088; *See also, Jones v. Gregory*, 137 Cal.App.4th 798 at 802-809.)

As a matter of law, Paul Houston does not have any individual liability for any alleged unpaid wages, or any other damages for any alleged wage and hour violations, that are claimed by the Plaintiffs. Pursuant to *Reynolds* and *Jones, supra,* the allegations in the Amended Complaint that he was an officer of the Alderwoods, and that he allegedly had "authority", was "responsible" for, played a "role" in, "acted in concert with" the other defendants regarding the disputed employment policies, simply are insufficient as a matter of law to impose any personal civil liability upon him. (Amended Complaint, ¶¶ 25-48.) These allegations are substantially similar to those alleged against the corporate officers in *Reynolds* and *Jones, supra,* that were found to be insufficient as a matter of law. The allegations merely alleged that all he did was act within the scope of his agency and position with regard to the Plaintiffs and the disputed employment policies. However, such allegations are legally insufficient to impose any civil liability upon him. Consequently, he must be dismissed from this action.

## IV.    PLAINTIFFS SHOULD BE REQUIRED TO PLEAD THEIR MISREPRESENTATION AND FRAUD AND DECEIT CLAIMS WITH PARTICULARITY

A party may move to strike "any redundant, immaterial, impertinent or scandalous matter." (FRCP 12(f).) "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." (*Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983).)

DEFENDANTS PAUL HOUSTON'S MEMORANDUM OF POINTS & AUTHORITIES
Case No.: 08-1184 SI

6

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." (FRCP 12(e).)  In all averments of fraud, the circumstances constituting fraud shall be stated "with particularity." (FRCP 9(b); *Desaigoudar v. Meyercord* 223 F3d 1020, 1022–1023 (9th Cir. 2000) — fraud must be pled "with a high degree of meticulousness".)  As in *Harrison v. Westinghouse Savannah River Co.* 176 F.3d 776 (C.A.4 S.C., 1999) Rule 9(b) has the following four purposes:

> First, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of.... Second, Rule 9(b) exists to protect defendants from frivolous suits. A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation. (*Id.* at p. 784.)

"By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff *to conduct a precomplaint investigation in sufficient depth* to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." (*Ackerman v. Northwestern Mut. Life Ins. Co.* 172 F.3d 467, 469 (7th Cir. 1999) (emphasis added).)  As one court has stated, in fraud cases "the who, what, when, and where must be laid out *before* access to the discovery process is granted." (*Williams v. WMX Technologies, Inc.* 112 F.3d 175, 178 (5th Cir., 1997).)

Here, the Amended Complaint fails to allege with particularity facts which would support the Fraud and Deceit and Misrepresentation claims alleged in the Fifth and Sixth Causes of Action. (Amended Compl. ¶¶ 108-123.)  Plaintiff merely allege statements from defendants' policy manuals that they will be complying with applicable federal and state law regarding the payment of plaintiffs' compensation for all hours that they worked. (Amended Compl. ¶¶ 108.)  However, nowhere are any particular facts alleged concerning the "who, what, when, and where" of the claimed fraud, deceit and misrepresentation.  Plaintiffs further failed to even generally allege the defendants' scienter (i.e., that they knew their statements were false at the time there were made

1  and were intended to mislead the plaintiffs).  Plaintiffs must allege such particular facts before they

2  are granted access to the discovery process, and to ensure that defendants have sufficient

3  information to prepare their defense.

4        Moreover, such allegations that defendants misrepresented in their policy manuals that they

5  intended to comply with the law are, on their face, entirely specious.  It is absurd to even suggest

6  that defendants knowingly and intentionally made misrepresentations in their policy manuals that

7  they would comply with the applicable state and federal law regarding the payment of plaintiffs'

8  compensation in order to deny them the full amount of their compensation.  Such a nonsensical

9  charge of fraud is the type of irresponsible, defamatory and extortionate pleading that should not be

10  condoned by this Court.  Therefore, this court should either strike such allegations, or require

11  Plaintiffs to plead them with more particularity.

12        **V.      CONCLUSION**

13        For all of the forgoing reasons, this court should dismiss Mr. Houston from this action.  It

14  should also strike the fraud and deceit allegations, or require plaintiffs to plead them more

15  particularly.

16

17  Dated:  August 8, 2008                           GURNEE & DANIELS LLP

18

19                                          By  _____

20                                              STEVEN H. GURNEE, ESQ.
                                                NICHOLAS P. FORESTIERE, ESQ.

21                                              DAVID M. DANIELS, ESQ.
                                                Attorneys for Defendant

22                                              PAUL A. HOUSTON

23

24

25

26

27

28

**DEFENDANTS PAUL HOUSTON'S MEMORANDUM OF POINTS & AUTHORITIES**
Case No.:  08-1184 SI                                                                      8