1  Sanford Jay Rosen, State Bar No. 62566
   Maria V. Morris, State Bar No. 223903
2  Lori E. Rifkin, State Bar No. 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830
   Facsimile:  (415) 433-7104
5  srosen@rbg-law.com

6  [Additional Counsel Listed on Signature Page]

7  Attorneys for Plaintiffs

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO/OAKLAND DIVISION

11

12  WILLIAM HELM, et al.,                    ) Case Nos. CV 08-1184-SI and
                                             ) CV 08-1190-SI
13                        Plaintiffs,        )
                                             ) **PLAINTIFFS'**
14  v.                                       ) **CONSOLIDATED RENEWED**
                                             ) **REQUEST FOR DISCOVERY**
15                                           )
    ALDERWOODS GROUP, INC., et al.,          )
16                                           )
                          Defendants.        )
17                                           )
    _____ )
18                                           )
    CLAUDE BRYANT, et al.,                   )
19                                           )
                          Plaintiffs,        )
20                                           )
                                             )
21  v.                                       )
                                             )
22                                           )
    SERVICE CORPORATION                      )
23  INTERNATIONAL, et al.,                   )
                                             )
24                                           )
                          Defendants.        )
25                                           )
    _____ )
26

27

28

PLAINTIFFS' CONSOLIDATED RENEWED REQUEST FOR DISCOVERY
                                    Case Nos. CV 08-1184-SI and CV 08-1190-SI

1

Additional Attorneys for Plaintiffs, who are
admitted *pro hac vice*:

2

J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660

3

Annette Gifford, NY Attorney No. 4105870
DOLIN, THOMAS & SOLOMON LLP

4

693 East Avenue
Rochester, NY 14607

5

Telephone: (585) 272-0540
Facsimile:  (585) 272-0574

6

nthomas@theemploymentattorneys.com

7

Additional Attorneys for Plaintiffs, who will
submit applications for admission *pro hac vice*:

8

9

Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654

10

Kyle T. McGee, PA State Bar No. 205661
MARGOLIS EDELSTEIN

11

525 William Penn Place
Suite 3300

12

Pittsburgh, PA 15219
Telephone: (412) 281-4256

13

Facsimile: (412) 642-2380
csaul@margolisedelstein.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' CONSOLIDATED RENEWED REQUEST FOR DISCOVERY

Case Nos. CV 08-1184-SI and CV 08-1190-SI

1    Following this Court's rulings that it would not transfer these cases to other

2    jurisdictions (*Helm* Docket No. 89; *Bryant* Docket No. 74), plaintiffs submitted their

3    Consolidated Supplement to Joint Case Management Statement (the "Supplemental

4    Filing"). (*Helm* Docket No. 91; *Bryant* Docket No. 76). In their Supplemental Filing,

5    plaintiffs argued that the motions to dismiss previously filed by defendants (and

6    withdrawn pending this Court's ruling regarding remand and transfer), raised numerous

7    issues requiring immediate discovery prior to the time plaintiffs could oppose or this

8    Court could decide defendants' motions. Specifically, plaintiffs argued that discovery

9    was required with respect to:

10

11    • defendants' arguments that plaintiffs' class allegations should be dismissed;

12    • defendants' arguments that this Court lacks personal jurisdiction over some or all

13       defendants; and

14    • defendants' 12(b)(6) arguments that are supported by their evidentiary

15       submissions.

16    During the status conference held on July 25, 2008, the Court indicated that, while

17    the arguments advanced by defendants would likely require the discovery plaintiffs

18    sought, in light of the fact that defendants had withdrawn and not yet re-filed their

19    motions, plaintiffs' request should be delayed until after defendants again submitted their

20    motions to dismiss. On August 8, 2008, defendants re-filed their motions to dismiss.

21    (*Bryant* Docket Nos. 80 and 95; *Helm* Docket Nos. 99, 106, 109). These motions again

22    advance the same arguments regarding class allegations, personal jurisdiction, and other

23    claims supported by evidentiary evidence and, thus, plaintiffs hereby renew their earlier

24    request for an appropriate period of discovery related to these issues.

25    As plaintiffs previously argued, case law in this Circuit and others requires

26    discovery to proceed regarding each of the three issues raised by defendants before any

27    decision may be reached on those arguments.

1    Courts have consistently ruled that defendants may not properly raise the propriety

2  of class allegations pursuant to Rule 23(a) or (b) prior to discovery, particularly where, as

3  here, defendants have not even answered the complaint.  For example, in *In re Wal-Mart*

4  *Stores, Inc. Wage and Hour Litigation*, the court found it could not rule on the plaintiffs'

5  class action allegations, observing "plaintiffs should at least be given the opportunity to

6  make the case for certification based on appropriate discovery."  505 F. Supp. 2d 609,

7  615-16 (N.D. Cal. 2007).  *See also id*. at 615 ("the practice employed in the

8  overwhelming majority of class actions is to resolve class certification only after an

9  appropriate period of discovery") (*citing* WRIGHT, MILLER & KANE, FEDERAL PRACTICE

10 AND PROCEDURE CIVIL § 1785.3 (3d 2005)); *Krzesniak v. Cendant Corp.*, 2007 WL

11 640594 at *3 (N.D. Cal. Feb. 27, 2007) (denying defendant's motion to dismiss class

12 allegations because plaintiff "has not been afforded the opportunity to bear his burden

13 and the record before the Court is incomplete and ill-suited to the task of informing its

14 judgment"); *Baas v. Dollar Tree Stores, Inc.*, 2007 WL 2462150 at *3 (N.D. Cal. Aug.

15 29, 2007) (where "discovery has not yet commenced and Plaintiffs have not yet moved to

16 certify their class … Defendant's arguments regarding the propriety of the class

17 allegations are premature"); *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir.

18 1982) ("there can be no doubt that it is proper for a district court, prior to certification of

19 a class, to allow discovery and to conduct hearings to determine whether the prerequisites

20 of Rule 23 are satisfied"); *Abdallah v. The Coca-Cola Co.*, 1999 WL 527835 at *1 (N.D.

21 Ga. July 16, 1999) ("Defendant argues that, no matter what forms Plaintiffs' class claims

22 take, they are not maintainable in a class action.  But the shape and form of a class action

23 evolves only through the process of discovery, and it is premature to draw such a

24 conclusion before the claim has taken form").

25    Similarly, the parties should also conduct discovery prior to any ruling regarding

26 jurisdictional issues.  *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351

27 n.13, 98 S.Ct. 2380, 2389 n.13 (1978) ("discovery is available to ascertain the facts

bearing on [jurisdictional] issues"); *Siderman de Blake v. Republic of Argentina*, 965

PLAINTIFFS' CONSOLIDATED RENEWED REQUEST FOR DISCOVERY
                          - 2 -     Case Nos. CV 08-1184-SI and CV 08-1190-SI

1  F.2d 699, 713 (9th Cir. 1992) ("the parties should be allowed to conduct discovery for the
2  limited purpose of establishing jurisdictional facts before the claims can be dismissed").
3          Finally, because defendants rely upon supporting affidavits and documentary
4  evidence for their motions to dismiss pursuant to F.R.C.P. 12(b)(6), F.R.C.P. 12(d)
5  provides that "the motion must be treated as one for summary judgment under Rule 56."
6  Here, where the parties have engaged in no discovery, plaintiffs would seek such
7  discovery pursuant to F.R.C.P. 56(f), which permits a court to, *inter alia*, "order a
8  continuance to enable affidavits to be obtained, depositions to be taken, or other
9  discovery to be undertaken."  F.R.C.P. 56(f)(2).
10         Thus, discovery is required prior to a ruling regarding each of the three issues
11 raised in defendants' motions to dismiss and identified above.  Plaintiffs hereby request
12 that this Court order the parties to engage in an appropriate period of discovery regarding
13 to this issue, and that plaintiffs' responses to defendants' motions be delayed until after
14 such discovery has been completed.

15

16                                         Respectfully Submitted,
                                           DOLIN, THOMAS & SOLOMON LLP
17

18
   Date:  August 28, 2008                  By: /s/ Patrick J. Solomon
19
                                           Patrick J. Solomon, NY Attorney No. 2716660
20                                         J. Nelson Thomas, NY Attorney No. 2579159
                                           Annette Gifford, NY Attorney No. 4105870
21                                         693 East Avenue
                                           Rochester, NY 14607
22                                         Telephone: (585) 272-0540

23
                                           ROSEN, BIEN & GALVAN, LLP
24                                         Sanford Jay Rosen, State Bar No. 62566
                                           Maria V. Morris, State Bar No. 223903
25                                         Lori E. Rifkin, State Bar No. 244081
                                           315 Montgomery Street, Tenth Floor
26                                         San Francisco, CA 94104
                                           Telephone: (415) 433-6830
27

1

2
MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
3
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
4
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
5
Telephone: (412) 281-4256

6
Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27