# EXHIBIT B PART 1

1   Sanford Jay Rosen, State Bar No. 62566
    Maria V. Morris, State Bar No. 223903
2   Lori E. Rifkin, State Bar No. 244081
    ROSEN, BIEN & GALVAN, LLP
3   315 Montgomery Street, Tenth Floor
    San Francisco, CA 94104
4   Telephone: (415) 433-6830
    Facsimile: (415) 433-7104
5   srosen@rbg-law.com

6   [Additional Counsel Listed on Following Page]

7   Attorneys for Plaintiffs

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO/OAKLAND DIVISION

11

12   WILLIAM HELM, DEBORAH PRISE,            )   Case No. CV 08-1184 SI
     HEATHER P. RADY, et al., on behalf of   )
13   themselves and all other employees and former )   **PLAINTIFFS' FIRST REQUEST FOR**
     employees similarly situated,           )   **PRODUCTION OF DOCUMENTS**
14                                           )   **REGARDING PERSONAL**
                    Plaintiffs,              )   **JURISIDICTION ISSUES FOR PAUL A.**
15                                           )   **HOUSTON**
     v.                                      )
16                                           )
     ALDERWOODS GROUP, INC., PAUL A.         )
17   HOUSTON, SERVICE CORPORATION            )
     INTERNATIONAL, SCI FUNERAL AND          )
18   CEMETERY PURCHASING COOPERATIVE,        )
     INC., SCI EASTERN MARKET SUPPORT        )
19   CENTER, L.P., SCI WESTERN MARKET        )
     SUPPORT CENTER, L.P. a/k/a SCI WESTERN  )
20   MARKET SUPPORT CENTER, INC., and SCI    )
     HOUSTON MARKET SUPPORT CENTER,          )
21   L.P.,                                   )
                                             )
22                  Defendants.              )
                                             )
23                                           )
                                             )
24

25

26

27

─────────────────────────────────────────────
         PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
               PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
                          Case No. CV 08-1184 SI

1   Additional Attorneys for Plaintiffs, who have been
    admitted *pro hac vice*:
2
    Patrick J. Solomon, NY Attorney No. 2716660
3   J. Nelson Thomas, NY Attorney No. 2579159
    Annette Gifford, NY Attorney No. 4105870
4   DOLIN, THOMAS & SOLOMON LLP
    693 East Avenue
5   Rochester, NY 14607
    Telephone: (585) 272-0540
6   Facsimile:  (585) 272-0574
    nthomas@theemploymentattorneys.com
7
    Charles H. Saul, PA State Bar No.19938
8   MARGOLIS EDELSTEIN
    525 William Penn Place
9   Suite 3300
    Pittsburgh, PA 15219
10  Telephone: (412) 281-4256
    Facsimile: (412) 642-2380
11  csaul@margolisedelstein.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

---

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1184 SI

Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 34, Plaintiffs request that Defendant respond in writing, under oath, and produce the requested Documents set forth in the following Request for Production of Documents within 30 calendar days of service of this request to Dolin, Thomas & Solomon LLP, 693 East Avenue, Rochester, New York 14607.

**PLEASE NOTE:** This Request for Production of Documents shall be deemed continuing and shall be supplemented when necessary to reflect Documents found, events occurring and/or information becoming available subsequent to the service of Defendant's response to this discovery demand.

## DEFINITIONS AND INSTRUCTIONS

1. When used in this document, the following terms are defined as follows. Defendant is to use these definitions in responding to the requests:

    1) **Communication**: means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

    2) **Concerning**: means relating to, referring to, describing, evidencing or constituting.

    3) **Defendant, Plaintiffs or Parties (as well as a Party's full or abbreviated name or a pronoun referring to a Party):** means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

    4) **Compensation**: includes all pay and benefits of any kind provided by the Defendant to the Plaintiffs, including any Salary/Benefit Data.

    5) **Document**: is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

    6) **Person**: means any natural Person or any business, legal or governmental entity or association.

1

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1184 SI

7) **Policies and Practices:** means any rule, instruction, letter, e-mail, guideline, guidance, meeting minute notes, policy, procedure, practice, statement, or memorandum Concerning Defendant's approach to handling issue(s).

8) **Personnel File**: means any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, Salary/Benefit Data, Compensation, benefits and other similar records.  This definition is not limited to the Defendant's description of a "personnel file," but includes all the Documents listed above no matter how maintained.

9) **Documentation:** means all memos, forms, paperwork, email, transcription, written Communication of any kind, etc.

10) **Relevant Time Period:** means January 1, 2000 to the present.

11) The terms "**all**" and "**each**" shall be construed as "all and each."

12) The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13) **Alderwoods:** means Alderwoods Group, Inc. ("Alderwoods"), and includes Service Corporation International ("SCI") and any SCI affiliated entities or locations in California who have succeeded to the interests of Alderwoods.

14) **Alderwoods Affiliated Entity or Location in California:** means any entities or locations in California who were affiliated with Alderwoods, whether prior to, during or after the merger with SCI, and includes SCI and any SCI affiliated entities or locations in California who have succeeded to the interests of Alderwoods.

2.    Should Defendant object to any request, Defendant shall respond to any portion of the request that is not objectionable.

2

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1184 SI

3.     Each response shall relate to both any Documents maintained at Defendant's or its successors' headquarters or other centralized location and as any other location owned, operated or controlled by Defendant.

4.     If any Document is produced in redacted form, that portion of the Document that is redacted should be identified and the response should, with respect to each such redaction, identify the basis for producing the Document in redacted form.

5.     If any Document is withheld under a claim of privilege or other protection, please provide all of the following information with respect to any such Document, so as to aid the Court and the Parties hereto in determining the validity of the claim of privilege or other protection:

    1)    The identity of the Person(s) who prepared the Document, who signed the Document, and over whose name it was sent or issued;

    2)    The identity of the Person(s) to whom the Document was directed;

    3)    The nature and substance of the Document, with sufficient particularity to enable the Court and the Parties to identify the Document;

    4)    The date of the Document;

    5)    The identity of the Person(s) who has (have) custody of, or control over, the Document and each copy thereof;

    6)    The identity of each person to whom a copy of the Document was furnished;

    7)    The number of pages of the Document;

    8)    The basis on which any privilege or other protection is claimed; and

    9)    Whether any non-privileged or non-protected matter is included in the Document.

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1184 SI

6.      If counsel for Defendant should require any clarification of any requests, said counsel should contact Dolin, Thomas & Solomon LLP, counsel for Plaintiffs.

7.      All Documents produced by Defendant pursuant to this request shall be produced electronically in **Tagged Image File Format ("".tiff"").**

4

**DOCUMENTS TO BE PRODUCED**

**REQUEST FOR DOCUMENTS NO. 1:**

All Documents referred to or reflected in the interrogatories, and for every Document defendants produce in this matter, identify the discovery request, paragraph(s) of the complaint and/or answer to which the Document is relevant.

**REQUEST FOR DOCUMENTS NO. 2:**

All Documentation, for the Relevant Time Period, Concerning or describing all employees of Paul A. Houston, Alderwoods, or any Alderwoods Affiliated Entity or Location in California either located in or having any responsibilities in California, and all Documentation for each such employee Concerning employment contracts or agreements and human resource information of any kind related to such employees. (A proper response includes, but is not limited to, production of all Documentation Concerning any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel Files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**REQUEST FOR DOCUMENTS NO. 3:**

All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction, wage reporting and benefits structure and systems of Alderwoods, Paul A. Houston and any Alderwoods Affiliated Entity or Location in California, and all Documentation Concerning the

1    pay information, wage deduction information, wage reporting information and benefit

2    information for all employees of such Parties. (A proper response includes, but is not limited

3    to, production of all Documentation such as any employee paystubs, Compensation package

4    information, pay rate information, tax withholding information, wage reporting information,

5    tax reporting information, employee benefit Documentation, including, but not limited to such

6    benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and

7    also includes, but is not limited to, production of all Documentation Concerning which

8    employees were paid, when they were paid, by whom they were paid, from what accounts and

9    whose accounts they were paid, who took pay deductions and how, who was responsible for

10   reporting wages and taxes etc.)

11

12   **REQUEST FOR DOCUMENTS NO. 4:**

13       All Documentation, for the Relevant Time Period, Concerning all employment

14   Practices and Policies that applied to employees of Alderwoods, Paul A. Houston or any

15   Alderwoods Affiliated Entity or Location in California, and Documentation Concerning the

16   manner and means by which these employment Practices and company Policies were

17   developed, put into Practice and enforced, and any involvement that Alderwoods, Paul A.

18   Houston or any Alderwoods Affiliated Entity or Location in California had in relation to those

19   Policies and Practices. (A proper response includes, but is not limited to, the production of

20   Documentation Conerning all employee handbooks (including production of the handbooks

21   themselves) or Policies applied to such employees during the Relevant Time Period, and the

22   production of all Documentation Concerning the forenamed Parties, and any involvement they

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1184 SI

1  had with such Policies such as reviewing them, providing advice on them, promulgating them,

2  enforcing them or implementing them.)

3

4  **REQUEST FOR DOCUMENTS NO. 5:**

5      All Documentation, for the Relevant Time Period, Concerning the corporate structure

6  for Alderwoods, Paul A. Houston and any Alderwoods Affiliated Entity or Location in

7  California and Documentation Concerning each party's manner of, method of, knowledge of,

8  involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise

9  dealing with employee relations of any kind in relation to any employee of Alderwoods, Paul

10  A. Houston or any Alderwoods Affiliated Entity or Location in California. (A proper response

11  includes, but is not limited to, production of all Documentation, as to each forenamed party,

12  of such things as organizational or flow charts, Documentation of responsibilities of all

13  employees, Documentation of reporting/management structure, Documentation of banking

14  systems and accounts, Documentation of Compensation and benefits systems, Documentation

15  regarding human resource implementation and processes, Documentation regarding systems

16  for recording hours, Documentation regarding accounting systems, employer/employee lists,

17  Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn

18  from etc., and a list of who has access to them), and their corporate position, responsibilities

19  and reporting structure (who these Parties report to, and who reports to any of these Parties).)

20

21  **REQUEST FOR DOCUMENTS NO. 6:**

22

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1184 SI

All Documentation, for the Relevant Time Period, Concerning all reporting requirements imposed on Alderwoods, Paul A. Houston or any Alderwoods Affiliated Entity or Location in California by any Person, and Documentation Concerning all reporting requirements imposed by Alderwoods, Paul A. Houston or any Alderwoods Affiliated Entity or Location in California on any Person. (A proper response includes, but is not limited to, production of Documentation regarding reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**REQUEST FOR DOCUMENTS NO. 7:**

All Documentation, for the Relevant Time Period, Concerning all contracts, agreements, deals, pacts or obligations of any kind Concerning Alderwoods, Paul A. Houston or any Alderwoods Affiliated Entity or Location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**REQUEST FOR DOCUMENTS NO. 8:**

All Documentation, for the Relevant Time Period, Concerning all agents or employees of Alderwoods, Paul A. Houston or any Alderwoods Affiliated Entity or Location in California, who Communicated in any fashion to Paul A. Houston Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of Paul A. Houston; and Documentation Concerning

8

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1184 SI

1    all Persons who ever spoke with, reported to or otherwise contacted Paul A. Houston from

2    within California, or Concerning any matters therein.

3

4    **REQUEST FOR DOCUMENTS NO. 9:**

5         All Documentation, for the Relevant Time Period, Concerning all actions taken or

6    transactions made within or Concerning California by Alderwoods, Paul A. Houston, any

7    Alderwoods Affiliated Entity or Location in California, or any employee or agent acting on

8    their behalf.

9

10   **REQUEST FOR DOCUMENTS NO. 10:**

11        All Documentation, for the Relevant Time Period, of any kind received by, read by,

12   sent by, or otherwise Communicated to or by Alderwoods, Paul A. Houston, any Alderwoods

13   Affiliated Entity or Location in California, or any employee or agent acting on their behalf, to

14   or by any Person in California or Concerning any matter within California. (A proper response

15   includes production of all Documentation of any Communications Concerning Alderwoods,

16   Paul A. Houston, any Alderwoods Affiliated Entity or Location in California, and any other

17   matters, and also includes, but is not limited to, all electronic mail, mail, letters, flyers,

18   newsletters, memos, forms, paperwork, correspondence of any kind, Documents, etc.)

19

20   **REQUEST FOR DOCUMENTS NO. 11:**

21        All Documentation, for the Relevant Time Period, Concerning any conversations that

22   Alderwoods, Paul A. Houston, any Alderwoods Affiliated Entity or Location in California, or

23

9

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1184 SI

1   any employee or agent acting on their behalf, has had with any Person within California or

2   Concerning any matters in California. (A proper response includes all Documentation

3   Concerning any conversations with anyone about matters Concerning Alderwoods, Paul A.

4   Houston, any Alderwoods Affiliated Entity or Location in California, the general public or

5   otherwise, and also includes, but is not limited to, telephone conversations and records,

6   Personal conversations, internet conversations, meeting minutes, etc.)

7

8   **REQUEST FOR DOCUMENTS NO. 12:**

9       All Documentation, for the Relevant Time Period, Concerning any trips or visits made

10  to California by Paul A. Houston, or by any employee or agent acting on behalf of Alderwoods

11  or Paul A. Houston Concerning Alderwoods, Paul A. Houston, or any Alderwoods Affiliated

12  Entity or Location in California; and all Documentation Concerning any trips or visits made

13  by any Person to contact Alderwoods or Paul A. Houston Concerning any matter in California.

14

15  **REQUEST FOR DOCUMENTS NO. 13:**

16      All Documentation, for the Relevant Time Period, Concerning any Policies or decisions

17  of Alderwoods, Paul A. Houston, or any Alderwoods Affiliated Entity or Location in California

18  that were made or established in an effort to comply with any law of the State of California, or

19  to promote an Alderwoods Affiliated Entity's or Location's compliance with such laws, or any

20  contact of any kind that such Parties have made with any entity of the State of California, or

21  the State of California itself.

22

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1184 SI

**REQUEST FOR DOCUMENTS NO. 14:**

All Documentation, for the Relevant Time Period, Concerning any Policy, decision, efforts, actions, or contacts that Alderwoods, Paul A. Houston or any Defendant for which the court's personal jurisdiction is in dispute has ever had with or directed toward the State of California itself (or its entities) or any Person within California, or that any forenamed entity has ever had with or directed toward Paul A. Houston.

**REQUEST FOR DOCUMENTS NO. 15:**

All Documentation, for the Relevant Time Period, Concerning any business operations or efforts conducted, sought, negotiated, promoted or abandoned by Paul A. Houston with any Person within California or Concerning California, and provide all Documentation Concerning any profits, sales, revenues or business of any kind that Alderwoods, Paul A. Houston or any Alderwoods Affiliated Entity or Location in California can attribute, whether directly or indirectly, to operations in California.

**REQUEST FOR DOCUMENTS NO. 16:**

All Documentation, for the Relevant Time Period, Concerning any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by Alderwoods or Paul A. Houston to any Person within California, including to any Alderwoods Affiliated Entity or Location in California or Concerning any Alderwoods corporate operation or employee in California.

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1184 SI

**REQUEST FOR DOCUMENTS NO. 17:**

All Documentation, for the Relevant Time Period, Concerning any legal action or arbitration/mediations taken by or against, or otherwise involving Alderwoods, Paul A. Houston or any Alderwoods Affiliated Entity or Location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and all legal Documentation related to such matters.

**REQUEST FOR DOCUMENTS NO. 18:**

All Documentation Concerning the "20,000 employees in North America" for whom Jane Jones "oversees human resources, training, education and payroll and commissions services" (per SCI's 2008 Form 10-k SEC Annual Report filing), and all Documentation Concerning such employees' work locations, any Communications or contact of any kind Jane Jones has had from such employees or has made to such employees and the scope and content of the oversight and provision of such services to employees by Jane Jones or Persons acting on her behalf.

**REQUEST FOR DOCUMENTS NO. 19:**

All Documentation, for the Relevant Time Period, Concerning "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1184 SI

**REQUEST FOR DOCUMENTS NO. 20:**

All Documentation, for the Relevant Time Period, Concerning each position (including any board, officer, employment or other position) or job with Alderwoods or any Alderwoods Affiliated Entity or Location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each produce all Documentation describing the corresponding responsibilities, duties and roles for such positions, and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**REQUEST FOR DOCUMENTS NO. 21:**

All Documentation, for the Relevant Time Period, Concerning any contact that Alderwoods, Paul A. Houston, any Alderwoods Affiliated Entity or Location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

Respectfully Submitted,
DOLIN, THOMAS & SOLOMON LLP

Date: October 8, 2008          By: _Annette Gifford_

Patrick J. Solomon, NY Attorney No. 2716660
J. Nelson Thomas, NY Attorney No. 2579159
Annette Gifford, NY Attorney No. 4105870
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

ROSEN, BIEN & GALVAN, LLP
Sanford Jay Rosen, State Bar No. 62566

13

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1184 SI

1    Maria V. Morris, State Bar No. 223903
     Lori E. Rifkin, State Bar No. 244081
2    315 Montgomery Street, Tenth Floor
     San Francisco, CA 94104
3    Telephone: (415) 433-6830

4    MARGOLIS EDELSTEIN
     Charles H. Saul, PA State Bar No.19938
5    525 William Penn Place, Suite 3300
     Pittsburgh, PA 15219
6    Telephone: (412) 281-4256

7    Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

14
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1184 SI

1   Sanford Jay Rosen, State Bar No. 62566
     Maria V. Morris, State Bar No. 223903
2   Lori E. Rifkin, State Bar No. 244081
     ROSEN, BIEN & GALVAN, LLP
3   315 Montgomery Street, Tenth Floor
     San Francisco, CA 94104
4   Telephone: (415) 433-6830
     Facsimile:  (415) 433-7104
5   srosen@rbg-law.com

6   [Additional Counsel Listed on Following Page]

7   Attorneys for Plaintiffs

8

                 UNITED STATES DISTRICT COURT
9
                NORTHERN DISTRICT OF CALIFORNIA
10
             SAN FRANCISCO/OAKLAND DIVISION
11

12   WILLIAM HELM, DEBORAH PRISE,   )  Case No. CV 08-1184 SI
      HEATHER P. RADY, et al., on behalf of  )
13   themselves and all other employees and former )  **PLAINTIFFS' FIRST SET OF**
      employees similarly situated,         )  **INTERROGATORIES REGARDING**
14                            )  **PERSONAL JURISDICTION ISSUES**
               Plaintiffs,     )  **FOR PAUL A. HOUSTON**
15                            )
      v.                            )
16                            )
      ALDERWOODS GROUP, INC., PAUL A.  )
17   HOUSTON, SERVICE CORPORATION   )
      INTERNATIONAL, SCI FUNERAL AND   )
18   CEMETERY PURCHASING COOPERATIVE, )
      INC., SCI EASTERN MARKET SUPPORT  )
19   CENTER, L.P., SCI WESTERN MARKET   )
      SUPPORT CENTER, L.P. a/k/a SCI WESTERN )
20   MARKET SUPPORT CENTER, INC., and SCI )
      HOUSTON MARKET SUPPORT CENTER,  )
21   L.P.,                          )
                            )
22            Defendants.    )
                            )
23                            )
                            )

24

25

26

27

Additional Attorneys for Plaintiffs, who have been
admitted *pro hac vice*:

Patrick J. Solomon, NY Attorney No. 2716660
J. Nelson Thomas, NY Attorney No. 2579159
Annette Gifford, NY Attorney No. 4105870
DOLIN, THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
Facsimile:  (585) 272-0574
nthomas@theemploymentattorneys.com

Charles H. Saul, PA State Bar No.19938
MARGOLIS EDELSTEIN
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256
Facsimile: (412) 642-2380
csaul@margolisedelstein.com

Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 34, Plaintiffs request that Defendant respond in writing, under oath, to the following interrogatories within 30 calendar days of service of this request.

**PLEASE NOTE:** This Set of Interrogatories shall be deemed continuing and shall be supplemented when necessary to reflect events occurring and/or information becoming available subsequent to the service of Defendant's response to this discovery demand.

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

1.      When used in this Document, the following terms are defined as follows. Defendant is to use these definitions in responding to the requests:

    1)      **Communication**: means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

    2)      **Concerning**: means relating to, referring to, describing, evidencing or constituting.

    3)      **Defendant, Plaintiffs or Parties (as well as a Party's full or abbreviated name or a pronoun referring to a Party):** means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

    4)      **Describe in Detail or Set Forth the Factual Basis:** means to: (i) describe fully by reference to underlying facts rather than by ultimate facts or conclusion of facts or law; and (ii) particularize as to (a) times, (b) place, and (c) manner.

    5)      **Document**: is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate Document within the meaning of this term.

    6)      **Identify (when referring to a Person):** means to give, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, additionally, the present or last known place of employment.  Once a Person has been identified in accordance

1

with this subparagraph, only the name of that Person need be listed in response to subsequent discovery requesting the Identification of that Person.

7)   **Identify (when referring to a Document):** means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s) and recipients(s). Alternatively, if a Document is being produced and Bates numbered, the Bates number alone can be identified.

8)   **Identify (when referring to an oral statement, interview conversation or conference):** means to (i) Identify the Person making each statement, the Person to whom each statement was made, and all other Persons present at the time of each statement; (ii) state the date of such statement, conversation, or conference; (iii) state the place where such statement or conversation was held; or (iv) if by telephone, the Persons making the call and state the places where the Persons participating in the call were located; and (v) Describe in Detail the substance of each statement, conversation, or conference.

9)   **Identify (when referring to an act):** means to (i) state the date and place of the act; (ii) Identify the Person acting; (iii) Identify the Person for whom the act was performed; (iv) Identify the Person against whom the act was performed; (v) Identify all Persons to the act; and (vi) Describe the act in Detail.

10)  **Identify (when referring to a Policy or Practice):** means full Identification of all such Policies and Practices and Documents Concerning such Practices, and additionally includes, but is not limited to: i) the dates during which the Policy or Practice was in effect; ii) a description of the Policy or Practice; iii) whether the Policy or Practice was formal or informal; iv) whether the Policy or Practice was written or oral; v) who was responsible for formulating the Policy or Practice; vi) how the Policy was distributed; and vii) who was responsible for enforcing the Policy or Practice.

11)  **Person:** means any natural Person or any business, legal or governmental entity or association.

12)  **Policies and Practices:** means any rule, instruction, letter, e-mail, guideline, guidance, meeting minute notes, policy, procedure, practice, statement, or memorandum Concerning Defendant's approach to handling issue(s).

2

13)   **Relevant Time Period:** means January 1, 2000 to the present.

2.   Should Defendant object to any request, Defendant shall respond to any portion of the request that is not objectionable.

3.   If any information is withheld under a claim of privilege or other protection, please provide all of the following information with respect to any such information, so as to aid the Court and the Parties in determining the validity of the claim of privilege or other protection:

(a)   The nature and substance of the information, with sufficient particularity to enable the Court and the Parties hereto to Identify the information;

(b)   The basis on which any privilege or other protection is claimed; and

(c)   Whether any non-privileged or non-protected matter is included in the information.

4.   If counsel for Defendant should need any clarification of any interrogatories, said counsel should contact Dolin, Thomas & Solomon LLP or Margolis Edelstein, counsel for Plaintiffs.

3

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each Person who has been asked to locate Documents or provide information to respond to any discovery requests in this matter, and Identify which requests the Person was asked to provide information or Documents for and whether the individual provided information or Documents for that response.

**INTERROGATORY NO. 2:**

For every Document defendants produce in this matter, Identify the discovery request, and/or paragraph(s) of the complaint to which the Document is relevant.

**INTERROGATORY NO. 3:**

For each Document request or interrogatory, Identify what classes of Documents or information is being produced in response to that inquiry; what classes and on what basis Documents or information are being withheld; and what efforts were made to locate responsive information and Documents.

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of Paul A. Houston, Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and human

4

1   resource Documentation of any kind related to such employees. (A proper response includes,

2   but is not limited to, Identification and Description in Detail of any employee arbitration

3   agreements, non-compete agreements, flow charts, organization charts, other information or

4   Documentation providing any explanation of the employees' job duties, position or role within

5   the company, Personnel files, disciplinary, hiring or promotion Documentation or any other

6   human resource Documentation as to such employees.)

7   *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

8   *Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be*

9   *produced.)*

10

11   **INTERROGATORY NO. 5:**

12   Identify and Describe in Detail during the Relevant Time Period the pay, wage

13   deduction, wage reporting and benefits structure and systems of SCI, Paul A. Houston and any

14   SCI affiliated entity or location in California, and Identify and Describe in Detail the pay

15   information, wage deduction information, wage reporting information and benefit information

16   for all employees of such Parties. (A proper response includes, but is not limited to,

17   Identification and Description in Detail of any employee paystubs, compensation package

18   information, pay rate information, tax withholding information, wage reporting information,

19   tax reporting information, employee benefit Documentation, including, but not limited to such

20   benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and

21   also includes, but is not limited to Identification and Description in Detail of which employees

22   were paid, when they were paid, by whom they were paid, from what accounts and whose

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1190

1  accounts they were paid, who took pay deductions and how, who was responsible for reporting

2  wages and taxes etc.)

3      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

4  *Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be*

5  *produced.)*

6

7  **INTERROGATORY NO. 6:**

8      Identify and Describe in Detail during the Relevant Time Period all employment

9  Practices and Policies that applied to employees of SCI, Paul A. Houston or any SCI affiliated

10  entity or location in California, and Identify and Describe in Detail the manner and means by

11  which these employment Practices and company Policies were developed, put into Practice and

12  enforced, and any involvement that SCI, Paul A. Houston or any SCI affiliated entity or

13  location had in relation to those Policies and Practices. (A proper response includes, but is not

14  limited to, the Identification and Description in Detail of all employee handbooks or Policies

15  applied to such employees during the Relevant Time Period, and Identification and

16  Description in Detail of the forenamed Parties, and any involvement they had with such

17  Policies such as reviewing them, providing advice on them, promulgating them, enforcing them

18  or implementing them.)

19      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

20  *Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be*

21  *produced.)*

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1190

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI, Paul A. Houston and any SCI affiliated entity or location in California and Identify and Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, Paul A. Houston or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be produced.)*

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1190

1   **INTERROGATORY NO. 8:**

2   Identify and Describe in Detail during the Relevant Time Period all reporting

3   requirements imposed on SCI, Paul A. Houston or any SCI affiliated entity or location in

4   California by any Person, and Identify and Describe in Detail all reporting requirements

5   imposed by SCI, Paul A. Houston or any SCI affiliated entity or location in California on any

6   Person. (A proper response includes, but is not limited to, reporting requirements relating to

7   business matters, legal matters, tax matters, state compliance matters, human resource matters,

8   etc.)

9   *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

10  *Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be*

11  *produced.)*

12

13  **INTERROGATORY NO. 9:**

14  Identify and Describe in Detail during the Relevant Time Period all contracts,

15  agreements, deals, pacts or obligations of any kind Concerning SCI, Paul A. Houston or any

16  SCI affiliated entity or location in California with any Person relating to, arising from or

17  otherwise Concerning any matter in California.

18  *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

19  *Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be*

20  *produced.)*

21

22

23

8

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1190

**INTERROGATORY NO. 10:**

Identify and Describe in Detail during the Relevant Time Period all agents or employees of SCI, Paul A. Houston or any SCI affiliated entity or location in California, who communicated in any fashion to Paul A. Houston Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of Paul A. Houston; and Identify and Describe in Detail all Persons who ever spoke with, reported to or otherwise contacted Paul A. Houston from within California, or Concerning any matters therein.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or Concerning California by SCI, Paul A. Houston, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be produced.)*

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1190

1  **INTERROGATORY NO. 12:**

2     Identify and Describe in Detail during the Relevant Time Period all Documentation of

3  any kind received by, read by, sent by, or otherwise communicated to or by SCI, Paul A.

4  Houston, any SCI affiliated entity or location in California, or any employee or agent acting

5  on their behalf, to or by any Person in California or Concerning any matter within California.

6  (A proper response includes Identification and Description in Detail of Communications

7  Concerning SCI, Paul A. Houston, any SCI affiliated entity or location in California, and any

8  other matters, and also includes, but is not limited to, all electronic mail, mail, letters, flyers,

9  newsletters, memos, forms, paperwork, correspondence of any kind, Documents, etc.)

10     *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

11  *Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be*

12  *produced.)*

13

14  **INTERROGATORY NO. 13:**

15     Identify and Describe in Detail during the Relevant Time Period any conversations that

16  SCI, Paul A. Houston, any SCI affiliated entity or location in California, or any employee or

17  agent acting on their behalf, has had with any Person within California or Concerning any

18  matters in California. (A proper response includes Identification and Description in Detail of

19  conversations with anyone about matters Concerning SCI, Paul A. Houston, any SCI affiliated

20  entity or location in California, the general public or otherwise, and also includes, but is not

21  limited to, telephone conversations and records, Personal conversations, internet

22  conversations, meeting minutes, etc.)

23
PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1190

1    *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

2    *Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be*

3    *produced.)*

4

5    **INTERROGATORY NO. 14:**

6        Identify and Describe in Detail during the Relevant Time Period any trips or visits

7    made to California by Paul A. Houston, or by any employee or agent acting on behalf of SCI

8    or Paul A. Houston Concerning SCI, Paul A. Houston, or any SCI affiliated entity or location

9    in California; and Identify and Describe in Detail any trips or visits made by any Person to

10    contact SCI or Paul A. Houston Concerning any matter in California.

11        *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

12    *Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be*

13    *produced.)*

14

15    **INTERROGATORY NO. 15:**

16        Identify and Describe in Detail during the Relevant Time Period any Policies or

17    decisions of SCI, Paul A. Houston, or any SCI affiliated entity or location in California that

18    were made or established in an effort to comply with any law of the State of California, or to

19    promote an SCI affiliated entity's or location's compliance with such laws, or any contact of

20    any kind that such Parties have made with any entity of the State of California, or the State of

21    California itself.

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1190

1    *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

2    *Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be*

3    *produced.)*

4

## INTERROGATORY NO. 16:

6    Identify and Describe in Detail during the Relevant Time Period any Policy, decision,

7    efforts, actions, or contacts that SCI, Paul A. Houston or any Defendant for which the court's

8    personal jurisdiction is in dispute has ever had with or directed toward the State of California

9    itself (or its entities) or any Person within California, or that any forenamed entity has ever

10   had with or directed toward Paul A. Houston.

11   *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

12   *Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be*

13   *produced.)*

14

## INTERROGATORY NO. 17:

16   Identify and Describe in Detail during the Relevant Time Period any business

17   operations or efforts conducted, sought, negotiated, promoted or abandoned by Paul A.

18   Houston with any Person within California or Concerning California, and provide

19   Identification and Description in Detail of any profits, sales, revenues or business of any kind

20   that SCI, Paul A. Houston or any SCI affiliated entity or location in California can attribute,

21   whether directly or indirectly, to operations in California.

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1190

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 18:

Identify and Describe in Detail during the Relevant Time Period (including full Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or Paul A. Houston to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 19:

Identify and Describe in Detail during the Relevant Time Period any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, Paul A. Houston or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and Identify and Describe in Detail any legal Documents related to such matters.

1    *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*
2    *Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be*
3    *produced.)*

4

5    **INTERROGATORY NO. 20:**

6    Identify and Describe in Detail the "20,000 employees in North America" for whom
7    Jane Jones "oversees human resources, training, education and payroll and commissions
8    services" (per SCI's 2008 Form 10-k SEC Annual Report filing), and Identify and Describe in
9    Detail such employees' work locations, any Communications or contact of any kind Jane Jones
10   has had from such employees or has made to such employees and the scope and content of the
11   oversight and provision of such services to employees by Jane Jones or Persons acting on her
12   behalf.

13   *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*
14   *Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be*
15   *produced.)*

16

17   **INTERROGATORY NO. 21:**

18   Identify and Describe in Detail during the Relevant Time Period "the human resources
19   services of the subsidiary and affiliate companies of SCI," and "training and benefits provided
20   to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to
21   her declaration of July 9, 2007.

22

23
                                    14

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1190

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 22:

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 23:

Identify and Describe in Detail during the Relevant Time Period any contact that SCI, Paul A. Houston, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

15

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
Case No. CV 08-1190

1    *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

2    *Personal Jurisdiction Issues for Paul A. Houston, all Documents identified in this response need to be*

3    *produced.)*

4

5                                    Respectfully Submitted,
                                     DOLIN, THOMAS & SOLOMON LLP

6

7    Date: October 8, 2008           By: _____
                                     Patrick J. Solomon, NY Attorney No. 2716660

8                                    J. Nelson Thomas, NY Attorney No. 2579159
                                     Annette Gifford, NY Attorney No. 4105870

9                                    693 East Avenue
                                     Rochester, NY 14607

10                                   Telephone: (585) 272-0540

11                                   ROSEN, BIEN & GALVAN, LLP
                                     Sanford Jay Rosen, State Bar No. 62566

12                                   Maria V. Morris, State Bar No. 223903
                                     Lori E. Rifkin, State Bar No. 244081

13                                   315 Montgomery Street, Tenth Floor
                                     San Francisco, CA 94104

14                                   Telephone: (415) 433-6830

15                                   MARGOLIS EDELSTEIN
                                     Charles H. Saul, PA State Bar No.19938

16                                   525 William Penn Place, Suite 3300
                                     Pittsburgh, PA 15219

17                                   Telephone: (412) 281-4256

18                                   Attorneys for Plaintiffs

19

20

21

22

23
                                           16
                  PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
                  PERSONAL JURISDICTION ISSUES FOR PAUL A. HOUSTON
                                  Case No. CV 08-1190

1   Sanford Jay Rosen, State Bar No. 62566
    Maria V. Morris, State Bar No. 223903
2   Lori E. Rifkin, State Bar No. 244081
    ROSEN, BIEN & GALVAN, LLP
3   315 Montgomery Street, Tenth Floor
    San Francisco, CA 94104
4   Telephone: (415) 433-6830
    Facsimile:  (415) 433-7104
5   srosen@rbg-law.com

6   [Additional Counsel Listed on Following Page]

7   Attorneys for Plaintiffs

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO/OAKLAND DIVISION

11

12  WILLIAM HELM, DEBORAH PRISE,            ) Case No. CV 08-1184 SI
    HEATHER P. RADY, et al., on behalf of   )
13  themselves and all other employees and former ) **PLAINTIFFS' FIRST REQUEST FOR**
    employees similarly situated,           ) **PRODUCTION OF DOCUMENTS**
14                                          ) **REGARDING PERSONAL**
                    Plaintiffs,             ) **JURISIDICTION ISSUES FOR**
15                                          ) **SERVICE CORPORATION**
    v.                                      ) **INTERNATIONAL**
16                                          )
    ALDERWOODS GROUP, INC., PAUL A.         )
17  HOUSTON, SERVICE CORPORATION            )
    INTERNATIONAL, SCI FUNERAL AND          )
18  CEMETERY PURCHASING COOPERATIVE,        )
    INC., SCI EASTERN MARKET SUPPORT        )
19  CENTER, L.P., SCI WESTERN MARKET        )
    SUPPORT CENTER, L.P. a/k/a SCI WESTERN  )
20  MARKET SUPPORT CENTER, INC., and SCI    )
    HOUSTON MARKET SUPPORT CENTER,          )
21  L.P.,                                   )
                                            )
22                  Defendants.             )
                                            )
23                                          )
                                            )
24  _____

25

26

27

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISIDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1184 SI

1

Additional Attorneys for Plaintiffs, who have been
admitted *pro hac vice*:

2

Patrick J. Solomon, NY Attorney No. 2716660

3

J. Nelson Thomas, NY Attorney No. 2579159
Annette Gifford, NY Attorney No. 4105870

4

DOLIN, THOMAS & SOLOMON LLP
693 East Avenue

5

Rochester, NY 14607
Telephone: (585) 272-0540

6

Facsimile:  (585) 272-0574
nthomas@theemploymentattorneys.com

7

Charles H. Saul, PA State Bar No.19938

8

MARGOLIS EDELSTEIN
525 William Penn Place

9

Suite 3300
Pittsburgh, PA 15219

10

Telephone: (412) 281-4256
Facsimile: (412) 642-2380

11

csaul@margolisedelstein.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1184 SI

1        Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 34, Plaintiffs request that

2    Defendant respond in writing, under oath, and produce the requested Documents set forth in

3    the following Request for Production of Documents within 30 calendar days of service of this

4    request to Dolin, Thomas & Solomon LLP, 693 East Avenue, Rochester, New York 14607.

5        **PLEASE NOTE**:   This Request for Production of Documents shall be deemed

6    continuing and shall be supplemented when necessary to reflect Documents found, events

7    occurring and/or information becoming available subsequent to the service of Defendant's

8    response to this discovery demand.

9    <u>**DEFINITIONS AND INSTRUCTIONS**</u>

10       1.    When used in this document, the following terms are defined as follows.

11   Defendant is to use these definitions in responding to the requests:

12       1)   **Communication**: means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

13

14       2)   **Concerning**: means relating to, referring to, describing, evidencing or constituting.

15       3)   **Defendant, Plaintiffs or Parties (as well as a Party's full or abbreviated name or a pronoun referring to a Party)**: means the

16   party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

17

18       4)   **Compensation**: includes all pay and benefits of any kind provided by the Defendant to the Plaintiffs, including any Salary/Benefit Data.

19       5)   **Document**: is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a),

20   including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate Document

21   within the meaning of this term.

22       6)   **Person**: means any natural Person or any business, legal or governmental entity or association.

23

1

7) **Policies and Practices:** means any rule, instruction, letter, e-mail, guideline, guidance, meeting minute notes, policy, procedure, practice, statement, or memorandum Concerning Defendant's approach to handling issue(s).

8) **Personnel File:** means any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, Salary/Benefit Data, Compensation, benefits and other similar records. This definition is not limited to the Defendant's description of a "personnel file," but includes all the Documents listed above no matter how maintained.

9) **Documentation:** means all memos, forms, paperwork, email, transcription, written Communication of any kind, etc.

10) **Relevant Time Period:** means January 1, 2000 to the present.

11) The terms "**all**" and "**each**" shall be construed as "all and each."

12) The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13) **Alderwoods:** means Alderwoods Group, Inc. ("Alderwoods"), and includes Service Corporation International ("SCI") and any SCI affiliated entities or locations in California who have succeeded to the interests of Alderwoods.

14) **Alderwoods Affiliated Entity or Location in California:** means any entities or locations in California who were affiliated with Alderwoods, whether prior to, during or after the merger with SCI, and includes SCI and any SCI affiliated entities or locations in California who have succeeded to the interests of Alderwoods.

2.    Should Defendant object to any request, Defendant shall respond to any portion of the request that is not objectionable.

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1184 SI

3.     Each response shall relate to both any Documents maintained at Defendant's or its successors' headquarters or other centralized location and as any other location owned, operated or controlled by Defendant.

4.     If any Document is produced in redacted form, that portion of the Document that is redacted should be identified and the response should, with respect to each such redaction, identify the basis for producing the Document in redacted form.

5.     If any Document is withheld under a claim of privilege or other protection, please provide all of the following information with respect to any such Document, so as to aid the Court and the Parties hereto in determining the validity of the claim of privilege or other protection:

1)   The identity of the Person(s) who prepared the Document, who signed the Document, and over whose name it was sent or issued;

2)   The identity of the Person(s) to whom the Document was directed;

3)   The nature and substance of the Document, with sufficient particularity to enable the Court and the Parties to identify the Document;

4)   The date of the Document;

5)   The identity of the Person(s) who has (have) custody of, or control over, the Document and each copy thereof;

6)   The identity of each person to whom a copy of the Document was furnished;

7)   The number of pages of the Document;

8)   The basis on which any privilege or other protection is claimed; and

9)   Whether any non-privileged or non-protected matter is included in the Document.

3

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1184 SI

1         6.    If counsel for Defendant should require any clarification of any requests, said

2    counsel should contact Dolin, Thomas & Solomon LLP, counsel for Plaintiffs.

3         7.    All Documents produced by Defendant pursuant to this request shall be

4    produced electronically in **Tagged Image File Format (".tiff").**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1184 SI

## DOCUMENTS TO BE PRODUCED

### REQUEST FOR DOCUMENTS NO. 1:

All Documents referred to or reflected in the interrogatories, and for every Document defendants produce in this matter, identify the discovery request, paragraph(s) of the complaint and/or answer to which the Document is relevant.

### REQUEST FOR DOCUMENTS NO. 2:

All Documentation, for the Relevant Time Period, Concerning or describing all employees of Service Corporation International ("SCI"), Alderwoods, or any Alderwoods Affiliated Entity or Location in California either located in or having any responsibilities in California, and all Documentation for each such employee Concerning employment contracts or agreements and human resource information of any kind related to such employees. (A proper response includes, but is not limited to, production of all Documentation Concerning any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel Files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

### REQUEST FOR DOCUMENTS NO. 3:

All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction, wage reporting and benefits structure and systems of Alderwoods, SCI and any Alderwoods Affiliated Entity or Location in California, and all Documentation Concerning the pay

1   information, wage deduction information, wage reporting information and benefit information

2   for all employees of such Parties. (A proper response includes, but is not limited to, production

3   of all Documentation such as any employee paystubs, Compensation package information, pay

4   rate information, tax withholding information, wage reporting information, tax reporting

5   information, employee benefit Documentation, including, but not limited to such benefits as

6   health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes,

7   but is not limited to, production of all Documentation Concerning which employees were paid,

8   when they were paid, by whom they were paid, from what accounts and whose accounts they

9   were paid, who took pay deductions and how, who was responsible for reporting wages and

10  taxes etc.)

11

12  **REQUEST FOR DOCUMENTS NO. 4:**

13      All Documentation, for the Relevant Time Period, Concerning all employment

14  Practices and Policies that applied to employees of Alderwoods, SCI or any Alderwoods

15  Affiliated Entity or Location in California, and Documentation Concerning the manner and

16  means by which these employment Practices and company Policies were developed, put into

17  Practice and enforced, and any involvement that Alderwoods, SCI or any Alderwoods

18  Affiliated Entity or Location in California had in relation to those Policies and Practices. (A

19  proper response includes, but is not limited to, the production of Documentation Conerning

20  all employee handbooks (including production of the handbooks themselves) or Policies

21  applied to such employees during the Relevant Time Period, and the production of all

22  Documentation Concerning the forenamed Parties, and any involvement they had with such

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1184 SI

1  Policies such as reviewing them, providing advice on them, promulgating them, enforcing them

2  or implementing them.)

3

4  **REQUEST FOR DOCUMENTS NO. 5:**

5      All Documentation, for the Relevant Time Period, Concerning the corporate structure

6  for Alderwoods, SCI and any Alderwoods Affiliated Entity or Location in California and

7  Documentation Concerning each party's manner of, method of, knowledge of, involvement in,

8  or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee

9  relations of any kind in relation to any employee of Alderwoods, SCI or any Alderwoods

10 Affiliated Entity or Location in California. (A proper response includes, but is not limited to,

11 production of all Documentation, as to each forenamed party, of such things as organizational

12 or flow charts, Documentation of responsibilities of all employees, Documentation of

13 reporting/management structure, Documentation of banking systems and accounts,

14 Documentation of Compensation and benefits systems, Documentation regarding human

15 resource implementation and processes, Documentation regarding systems for recording hours,

16 Documentation regarding accounting systems, employer/employee lists, Documentation of

17 bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list

18 of who has access to them), and their corporate position, responsibilities and reporting

19 structure (who these Parties report to, and who reports to any of these Parties).)

20

21 **REQUEST FOR DOCUMENTS NO. 6:**

22

23

7

All Documentation, for the Relevant Time Period, Concerning all reporting requirements imposed on Alderwoods, SCI or any Alderwoods Affiliated Entity or Location in California by any Person, and Documentation Concerning all reporting requirements imposed by Alderwoods, SCI or any Alderwoods Affiliated Entity or Location in California on any Person. (A proper response includes, but is not limited to, production of Documentation regarding reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**REQUEST FOR DOCUMENTS NO. 7:**

All Documentation, for the Relevant Time Period, Concerning all contracts, agreements, deals, pacts or obligations of any kind Concerning Alderwoods, SCI or any Alderwoods Affiliated Entity or Location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**REQUEST FOR DOCUMENTS NO. 8:**

All Documentation, for the Relevant Time Period, Concerning all agents or employees of Alderwoods, SCI or any Alderwoods Affiliated Entity or Location in California, who Communicated in any fashion to SCI Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of SCI; and Documentation Concerning all Persons who ever

8

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1184 SI

1   spoke with, reported to or otherwise contacted SCI from within California, or Concerning any

2   matters therein.

3

4   **REQUEST FOR DOCUMENTS NO. 9:**

5      All Documentation, for the Relevant Time Period, Concerning all actions taken or

6   transactions made within or Concerning California by Alderwoods, SCI, any Alderwoods

7   Affiliated Entity or Location in California, or any employee or agent acting on their behalf.

8

9   **REQUEST FOR DOCUMENTS NO. 10:**

10     All Documentation, for the Relevant Time Period, of any kind received by, read by,

11  sent by, or otherwise Communicated to or by Alderwoods, SCI, any Alderwoods Affiliated

12  Entity or Location in California, or any employee or agent acting on their behalf, to or by any

13  Person in California or Concerning any matter within California. (A proper response includes

14  production of all Documentation of any Communications Concerning Alderwoods, SCI, any

15  Alderwoods Affiliated Entity or Location in California, and any other matters, and also

16  includes, but is not limited to, all electronic mail, mail, letters, flyers, newsletters, memos,

17  forms, paperwork, correspondence of any kind, Documents, etc.)

18

19  **REQUEST FOR DOCUMENTS NO. 11:**

20     All Documentation, for the Relevant Time Period, Concerning any conversations that

21  Alderwoods, SCI, any Alderwoods Affiliated Entity or Location in California, or any employee

22  or agent acting on their behalf, has had with any Person within California or Concerning any

23

9

1   matters in California. (A proper response includes all Documentation Concerning any

2   conversations with anyone about matters Concerning Alderwoods, SCI, any Alderwoods

3   Affiliated Entity or Location in California, the general public or otherwise, and also includes,

4   but is not limited to, telephone conversations and records, Personal conversations, internet

5   conversations, meeting minutes, etc.)

6

7   **REQUEST FOR DOCUMENTS NO. 12:**

8        All Documentation, for the Relevant Time Period, Concerning any trips or visits made

9   to California by SCI, or by any employee or agent acting on behalf of Alderwoods or SCI

10  Concerning Alderwoods, SCI, or any Alderwoods Affiliated Entity or Location in California;

11  and all Documentation Concerning any trips or visits made by any Person to contact

12  Alderwoods or SCI Concerning any matter in California.

13

14  **REQUEST FOR DOCUMENTS NO. 13:**

15       All Documentation, for the Relevant Time Period, Concerning any Policies or decisions

16  of Alderwoods, SCI, or any Alderwoods Affiliated Entity or Location in California that were

17  made or established in an effort to comply with any law of the State of California, or to

18  promote an Alderwoods Affiliated Entity's or Location's compliance with such laws, or any

19  contact of any kind that such Parties have made with any entity of the State of California, or

20  the State of California itself.

21

22  **REQUEST FOR DOCUMENTS NO. 14:**

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1184 SI

All Documentation, for the Relevant Time Period, Concerning any Policy, decision, efforts, actions, or contacts that Alderwoods, SCI or any Defendant for which the court's personal jurisdiction is in dispute has ever had with or directed toward the State of California itself (or its entities) or any Person within California, or that any forenamed entity has ever had with or directed toward SCI.

**REQUEST FOR DOCUMENTS NO. 15:**

All Documentation, for the Relevant Time Period, Concerning any business operations or efforts conducted, sought, negotiated, promoted or abandoned by SCI with any Person within California or Concerning California, and provide all Documentation Concerning any profits, sales, revenues or business of any kind that Alderwoods, SCI or any Alderwoods Affiliated Entity or Location in California can attribute, whether directly or indirectly, to operations in California.

**REQUEST FOR DOCUMENTS NO. 16:**

All Documentation, for the Relevant Time Period, Concerning any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by Alderwoods or SCI to any Person within California, including to any Alderwoods Affiliated Entity or Location in California or Concerning any Alderwoods corporate operation or employee in California.

**REQUEST FOR DOCUMENTS NO. 17:**

11

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1184 SI

1    All Documentation, for the Relevant Time Period, Concerning any legal action or

2  arbitration/mediations taken by or against, or otherwise involving Alderwoods, SCI or any

3  Alderwoods Affiliated Entity or Location in California by or against any Person within

4  California or Concerning any matter within California, whether in California federal or state

5  court; and all legal Documentation related to such matters.

6

7  **REQUEST FOR DOCUMENTS NO. 18:**

8    All Documentation Concerning the "20,000 employees in North America" for whom

9  Jane Jones "oversees human resources, training, education and payroll and commissions

10  services" (per SCI's 2008 Form 10-k SEC Annual Report filing), and all Documentation

11  Concerning such employees' work locations, any Communications or contact of any kind Jane

12  Jones has had from such employees or has made to such employees and the scope and content

13  of the oversight and provision of such services to employees by Jane Jones or Persons acting on

14  her behalf.

15

16  **REQUEST FOR DOCUMENTS NO. 19:**

17    All Documentation, for the Relevant Time Period, Concerning "the human resources

18  services of the subsidiary and affiliate companies of SCI," and "training and benefits provided

19  to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to

20  her declaration of July 9, 2007.

21

22  **REQUEST FOR DOCUMENTS NO. 20:**

23

12

1       All Documentation, for the Relevant Time Period, Concerning each position (including

2   any board, officer, employment or other position) or job with Alderwoods or any Alderwoods

3   Affiliated Entity or Location in California that Paul Houston, Jane Jones, Gwen Petteway,

4   Curtis Briggs and Thomas Ryan have held, and for each produce all Documentation describing

5   the corresponding responsibilities, duties and roles for such positions, and all human resource

6   and employment Documentation or Documentation of any kind regarding or with any relation

7   to the employment of these individuals.

8

9   **REQUEST FOR DOCUMENTS NO. 21:**

10       All Documentation, for the Relevant Time Period, Concerning any contact that

11   Alderwoods, SCI, any Alderwoods Affiliated Entity or Location in California, or any employee

12   or agent acting on their behalf, has had with California, or Concerning any matter within

13   California.

14

15                        Respectfully Submitted,
                     DOLIN, THOMAS & SOLOMON LLP

16

17   Date: October 8, 2008                 By:_____
                     Patrick J. Solomon, NY Attorney No. 2716660

18                        J. Nelson Thomas, NY Attorney No. 2579159
                     Annette Gifford, NY Attorney No. 4105870

19                        693 East Avenue
                     Rochester, NY 14607

20                        Telephone: (585) 272-0540

21                        ROSEN, BIEN & GALVAN, LLP
                     Sanford Jay Rosen, State Bar No. 62566

22                        Maria V. Morris, State Bar No. 223903
                     Lori E. Rifkin, State Bar No. 244081

23

13

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1184 SI

1

315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
2       Telephone: (415) 433-6830

3       MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
4       525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
5       Telephone: (412) 281-4256

6       Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1184 SI

1   Sanford Jay Rosen, State Bar No. 62566
    Maria V. Morris, State Bar No. 223903
2   Lori E. Rifkin, State Bar No. 244081
    ROSEN, BIEN & GALVAN, LLP
3   315 Montgomery Street, Tenth Floor
    San Francisco, CA 94104
4   Telephone: (415) 433-6830
    Facsimile:  (415) 433-7104
5   srosen@rbg-law.com

6   [Additional Counsel Listed on Following Page]

7   Attorneys for Plaintiffs

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO/OAKLAND DIVISION

11

12   WILLIAM HELM, DEBORAH PRISE,              )   Case No. CV 08-1184 SI
     HEATHER P. RADY, et al., on behalf of      )
13   themselves and all other employees and former )  **PLAINTIFFS' FIRST SET OF**
     employees similarly situated,               )   **INTERROGATORIES REGARDING**
14                                               )   **PERSONAL JURISDICTION ISSUES**
                    Plaintiffs,                  )   **FOR SERVICE CORPORATION**
15                                               )   **INTERNATIONAL**
     v.                                          )
16                                               )
     ALDERWOODS GROUP, INC., PAUL A.             )
17   HOUSTON, SERVICE CORPORATION               )
     INTERNATIONAL, SCI FUNERAL AND              )
18   CEMETERY PURCHASING COOPERATIVE,           )
     INC., SCI EASTERN MARKET SUPPORT           )
19   CENTER, L.P., SCI WESTERN MARKET           )
     SUPPORT CENTER, L.P. a/k/a SCI WESTERN     )
20   MARKET SUPPORT CENTER, INC., and SCI       )
     HOUSTON MARKET SUPPORT CENTER,             )
21   L.P.,                                       )
                                                )
22                  Defendants.                  )
                                                )
23                                               )
                                                )
24

25

26

27

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1184 SI

1    Additional Attorneys for Plaintiffs, who have been
     admitted *pro hac vice*:
2
     Patrick J. Solomon, NY Attorney No. 2716660
3    J. Nelson Thomas, NY Attorney No. 2579159
     Annette Gifford, NY Attorney No. 4105870
4    DOLIN, THOMAS & SOLOMON LLP
     693 East Avenue
5    Rochester, NY 14607
     Telephone: (585) 272-0540
6    Facsimile:  (585) 272-0574
     nthomas@theemploymentattorneys.comm
7
     Charles H. Saul, PA State Bar No.19938
8    MARGOLIS EDELSTEIN
     525 William Penn Place
9    Suite 3300
     Pittsburgh, PA 15219
10   Telephone: (412) 281-4256
     Facsimile: (412) 642-2380
11   csaul@margolisedelstein.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

---

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1184 SI

Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 34, Plaintiffs request that Defendant respond in writing, under oath, to the following interrogatories within 30 calendar days of service of this request.

**PLEASE NOTE:** This Set of Interrogatories shall be deemed continuing and shall be supplemented when necessary to reflect events occurring and/or information becoming available subsequent to the service of Defendant's response to this discovery demand.

## DEFINITIONS AND INSTRUCTIONS

1. When used in this Document, the following terms are defined as follows. Defendant is to use these definitions in responding to the requests:

   1) **Communication**: means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

   2) **Concerning**: means relating to, referring to, describing, evidencing or constituting.

   3) **Defendant, Plaintiffs or Parties (as well as a Party's full or abbreviated name or a pronoun referring to a Party):** means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

   4) **Describe in Detail or Set Forth the Factual Basis:** means to: (i) describe fully by reference to underlying facts rather than by ultimate facts or conclusion of facts or law; and (ii) particularize as to (a) times, (b) place, and (c) manner.

   5) **Document**: is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate Document within the meaning of this term.

   6) **Identify (when referring to a Person):** means to give, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, additionally, the present or last known place of employment.  Once a Person has been identified in accordance

1

with this subparagraph, only the name of that Person need be listed in response to subsequent discovery requesting the Identification of that Person.

7) **Identify (when referring to a Document):** means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s) and recipients(s). Alternatively, if a Document is being produced and Bates numbered, the Bates number alone can be identified.

8) **Identify (when referring to an oral statement, interview conversation or conference):** means to (i) Identify the Person making each statement, the Person to whom each statement was made, and all other Persons present at the time of each statement; (ii) state the date of such statement, conversation, or conference; (iii) state the place where such statement or conversation was held; or (iv) if by telephone, the Persons making the call and state the places where the Persons participating in the call were located; and (v) Describe in Detail the substance of each statement, conversation, or conference.

9) **Identify (when referring to an act):** means to (i) state the date and place of the act; (ii) Identify the Person acting; (iii) Identify the Person for whom the act was performed; (iv) Identify the Person against whom the act was performed; (v) Identify all Persons to the act; and (vi) Describe the act in Detail.

10) **Identify (when referring to a Policy or Practice):** means full Identification of all such Policies and Practices and Documents Concerning such Practices, and additionally includes, but is not limited to: i) the dates during which the Policy or Practice was in effect; ii) a description of the Policy or Practice; iii) whether the Policy or Practice was formal or informal; iv) whether the Policy or Practice was written or oral; v) who was responsible for formulating the Policy or Practice; vi) how the Policy was distributed; and vii) who was responsible for enforcing the Policy or Practice.

11) **Person:** means any natural Person or any business, legal or governmental entity or association.

12) **Policies and Practices:** means any rule, instruction, letter, e-mail, guideline, guidance, meeting minute notes, policy, procedure, practice, statement, or memorandum Concerning Defendant's approach to handling issue(s).

2

13)     **Relevant Time Period:** means January 1, 2000 to the present.

2.     Should Defendant object to any request, Defendant shall respond to any portion of the request that is not objectionable.

3.     If any information is withheld under a claim of privilege or other protection, please provide all of the following information with respect to any such information, so as to aid the Court and the Parties in determining the validity of the claim of privilege or other protection:

(a)     The nature and substance of the information, with sufficient particularity to enable the Court and the Parties hereto to Identify the information;

(b)     The basis on which any privilege or other protection is claimed; and

(c)     Whether any non-privileged or non-protected matter is included in the information.

4.     If counsel for Defendant should need any clarification of any interrogatories, said counsel should contact Dolin, Thomas & Solomon LLP or Margolis Edelstein, counsel for Plaintiffs.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each Person who has been asked to locate Documents or provide information to respond to any discovery requests in this matter, and Identify which requests the Person was asked to provide information or Documents for and whether the individual provided information or Documents for that response.

**INTERROGATORY NO. 2:**

For every Document defendants produce in this matter, Identify the discovery request, and/or paragraph(s) of the complaint to which the Document is relevant.

**INTERROGATORY NO. 3:**

For each Document request or interrogatory, Identify what classes of Documents or information is being produced in response to that inquiry; what classes and on what basis Documents or information are being withheld; and what efforts were made to locate responsive information and Documents.

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and human resource

Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI and any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee paystubs, compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification and Description in Detail of which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

1   were paid, who took pay deductions and how, who was responsible for reporting wages and

2   taxes etc.)

3        *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

4   *Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

5

6   **INTERROGATORY NO. 6:**

7        Identify and Describe in Detail during the Relevant Time Period all employment

8   Practices and Policies that applied to employees of SCI or any SCI affiliated entity or location

9   in California, and Identify and Describe in Detail the manner and means by which these

10  employment Practices and company Policies were developed, put into Practice and enforced,

11  and any involvement that SCI or any SCI affiliated entity or location had in relation to those

12  Policies and Practices. (A proper response includes, but is not limited to, the Identification and

13  Description in Detail of all employee handbooks or Policies applied to such employees during

14  the Relevant Time Period, and Identification and Description in Detail of the forenamed

15  Parties, and any involvement they had with such Policies such as reviewing them, providing

16  advice on them, promulgating them, enforcing them or implementing them.)

17       *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

18  *Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

19

20  **INTERROGATORY NO. 7:**

21       Identify and Describe in Detail during the Relevant Time Period the corporate

22  structure for SCI and any SCI affiliated entity or location in California and Identify and

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 8:**

Identify and Describe in Detail during the Relevant Time Period all reporting requirements imposed on SCI or any SCI affiliated entity or location in California by any Person, and Identify and Describe in Detail all reporting requirements imposed by SCI, or any

7

SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 10:**

Identify and Describe in Detail during the Relevant Time Period all agents or employees of SCI or any SCI affiliated entity or location in California, who communicated in any fashion to SCI Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

---

(proceeding)

request of SCI; and Identify and Describe in Detail all Persons who ever spoke with, reported to or otherwise contacted SCI from within California, or Concerning any matters therein.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or Concerning California by SCI, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 12:**

Identify and Describe in Detail during the Relevant Time Period all Documentation of any kind received by, read by, sent by, or otherwise communicated to or by SCI, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, to or by any Person in California or Concerning any matter within California. (A proper response includes Identification and Description in Detail of Communications Concerning SCI, any SCI affiliated entity or location in California, and any other matters, and also includes, but is not limited to, all electronic mail, mail, letters, flyers, newsletters, memos, forms, paperwork, correspondence of any kind, Documents, etc.)

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

1     *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

2 *Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

3

## INTERROGATORY NO. 13:

5     Identify and Describe in Detail during the Relevant Time Period any conversations that

6 SCI, any SCI affiliated entity or location in California, or any employee or agent acting on

7 their behalf, has had with any Person within California or Concerning any matters in

8 California. (A proper response includes Identification and Description in Detail of

9 conversations with anyone about matters Concerning SCI, any SCI affiliated entity or location

10 in California, the general public or otherwise, and also includes, but is not limited to,

11 telephone conversations and records, Personal conversations, internet conversations, meeting

12 minutes, etc.)

13     *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

14 *Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

15

## INTERROGATORY NO. 14:

17     Identify and Describe in Detail during the Relevant Time Period any trips or visits

18 made to California by SCI, or by any employee or agent acting on behalf of SCI or Concerning

19 SCI, or any SCI affiliated entity or location in California; and Identify and Describe in Detail

20 any trips or visits made by any Person to contact SCI or Concerning any matter in California.

21     *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

22 *Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

23

10

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 16:**

Identify and Describe in Detail during the Relevant Time Period any Policy, decision, efforts, actions, or contacts that SCI or any Defendant for which the court's personal jurisdiction is in dispute has ever had with or directed toward the State of California itself (or its entities) or any Person within California, or that any forenamed entity has ever had with or directed toward SCI.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 17:**

11

1    Identify and Describe in Detail during the Relevant Time Period any business

2  operations or efforts conducted, sought, negotiated, promoted or abandoned by SCI with any

3  Person within California or Concerning California, and provide Identification and Description

4  in Detail of any profits, sales, revenues or business of any kind that SCI or any SCI affiliated

5  entity or location in California can attribute, whether directly or indirectly, to operations in

6  California.

7    *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

8  *Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

9

10  **INTERROGATORY NO. 18:**

11    Identify and Describe in Detail during the Relevant Time Period (including full

12  Documentation) any business service, customer service or human resources assistance

13  (including, but not limited to, Documents, forms, advice, service, help of any kind etc.)

14  rendered by SCI to any Person within California, including to any SCI affiliated entity or

15  location in California or Concerning any SCI corporate operation or employee in California.

16    *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

17  *Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

18

19  **INTERROGATORY NO. 19:**

20    Identify and Describe in Detail during the Relevant Time Period any legal action or

21  arbitration/mediations taken by or against, or otherwise involving SCI or any SCI affiliated

22  entity or location in California by or against any Person within California or Concerning any

23

---

12

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

1  matter within California, whether in California federal or state court; and Identify and

2  Describe in Detail any legal Documents related to such matters.

3  *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

4  *Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

5

6  **INTERROGATORY NO. 20:**

7  Identify and Describe in Detail the "20,000 employees in North America" for whom

8  Jane Jones "oversees human resources, training, education and payroll and commissions

9  services" (per SCI's 2008 Form 10-k SEC Annual Report filing), and Identify and Describe in

10  Detail such employees' work locations, any Communications or contact of any kind Jane Jones

11  has had from such employees or has made to such employees and the scope and content of the

12  oversight and provision of such services to employees by Jane Jones or Persons acting on her

13  behalf.

14  *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

15  *Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

16

17  **INTERROGATORY NO. 21:**

18  Identify and Describe in Detail during the Relevant Time Period "the human resources

19  services of the subsidiary and affiliate companies of SCI," and "training and benefits provided

20  to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to

21  her declaration of July 9, 2007.

22

23

---

13

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 23:**

Identify and Describe in Detail during the Relevant Time Period any contact that SCI, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

Respectfully Submitted,
DOLIN, THOMAS & SOLOMON LLP

14

1

2   Date: October 8, 2008                    By: _Annette Gifford_
                                             Patrick J. Solomon, NY Attorney No. 2716660
3                                            J. Nelson Thomas, NY Attorney No. 2579159
                                             Annette Gifford, NY Attorney No. 4105870
4                                            693 East Avenue
                                             Rochester, NY 14607
5                                            Telephone: (585) 272-0540

6                                            ROSEN, BIEN & GALVAN, LLP
                                             Sanford Jay Rosen, State Bar No. 62566
7                                            Maria V. Morris, State Bar No. 223903
                                             Lori E. Rifkin, State Bar No. 244081
8                                            315 Montgomery Street, Tenth Floor
                                             San Francisco, CA 94104
9                                            Telephone: (415) 433-6830

10                                           MARGOLIS EDELSTEIN
                                             Charles H. Saul, PA State Bar No.19938
11                                           525 William Penn Place, Suite 3300
                                             Pittsburgh, PA 15219
12                                           Telephone: (412) 281-4256

13                                           Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

15

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
srosen@rbg-law.com

[Additional Counsel Listed on Following Page]

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| WILLIAM HELM, DEBORAH PRISE, HEATHER P. RADY, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., and SCI HOUSTON MARKET SUPPORT CENTER, L.P.,<br><br>　　　　　Defendants. | Case No. CV 08-1184 SI<br><br>**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING PERSONAL JURISIDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.** |

1  Additional Attorneys for Plaintiffs, who have been
   admitted *pro hac vice*:
2
   Patrick J. Solomon, NY Attorney No. 2716660
3  J. Nelson Thomas, NY Attorney No. 2579159
   Annette Gifford, NY Attorney No. 4105870
4  DOLIN, THOMAS & SOLOMON LLP
   693 East Avenue
5  Rochester, NY 14607
   Telephone: (585) 272-0540
6  Facsimile:  (585) 272-0574
   nthomas@theemploymentattorneys.com
7
   Charles H. Saul, PA State Bar No.19938
8  MARGOLIS EDELSTEIN
   525 William Penn Place
9  Suite 3300
   Pittsburgh, PA 15219
10 Telephone: (412) 281-4256
   Facsimile: (412) 642-2380
11 csaul@margolisedelstein.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1184 SI

1       Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 34, Plaintiffs request that

2    Defendant respond in writing, under oath, and produce the requested Documents set forth in

3    the following Request for Production of Documents within 30 calendar days of service of this

4    request to Dolin, Thomas & Solomon LLP, 693 East Avenue, Rochester, New York 14607.

5       **PLEASE NOTE:**  This Request for Production of Documents shall be deemed

6    continuing and shall be supplemented when necessary to reflect Documents found, events

7    occurring and/or information becoming available subsequent to the service of Defendant's

8    response to this discovery demand.

9                                   **DEFINITIONS AND INSTRUCTIONS**

10      1.    When used in this document, the following terms are defined as follows.

11    Defendant is to use these definitions in responding to the requests:

12            1)    **Communication**: means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

13

14            2)    **Concerning**: means relating to, referring to, describing, evidencing or constituting.

15            3)    **Defendant, Plaintiffs or Parties (as well as a Party's full or abbreviated name or a pronoun referring to a Party):** means the

16    party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

17

18            4)    **Compensation**: includes all pay and benefits of any kind provided by the Defendant to the Plaintiffs, including any Salary/Benefit Data.

19            5)    **Document**: is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a),

20    including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document

21    within the meaning of this term.

22            6)    **Person**: means any natural Person or any business, legal or governmental entity or association.

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1184 SI

7) **Policies and Practices:** means any rule, instruction, letter, e-mail, guideline, guidance, meeting minute notes, policy, procedure, practice, statement, or memorandum Concerning Defendant's approach to handling issue(s).

8) **Personnel File:** means any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, Salary/Benefit Data, Compensation, benefits and other similar records.  This definition is not limited to the Defendant's description of a "personnel file," but includes all the Documents listed above no matter how maintained.

9) **Documentation:** means all memos, forms, paperwork, email, transcription, written Communication of any kind, etc.

10) **Relevant Time Period:** means January 1, 2000 to the present.

11) The terms "**all**" and "**each**" shall be construed as "all and each."

12) The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13) **Alderwoods:** means Alderwoods Group, Inc. ("Alderwoods"), and includes Service Corporation International ("SCI") and any SCI affiliated entities or locations in California who have succeeded to the interests of Alderwoods.

14) **Alderwoods Affiliated Entity or Location in California:** means any entities or locations in California who were affiliated with Alderwoods, whether prior to, during or after the merger with SCI, and includes SCI and any SCI affiliated entities or locations in California who have succeeded to the interests of Alderwoods.

2.     Should Defendant object to any request, Defendant shall respond to any portion of the request that is not objectionable.

2