# EXHIBIT B PART 2

1      3.     Each response shall relate to both any Documents maintained at Defendant's or

2   its successors' headquarters or other centralized location and as any other location owned,

3   operated or controlled by Defendant.

4      4.     If any Document is produced in redacted form, that portion of the Document

5   that is redacted should be identified and the response should, with respect to each such

6   redaction, identify the basis for producing the Document in redacted form.

7      5.     If any Document is withheld under a claim of privilege or other protection,

8   please provide all of the following information with respect to any such Document, so as to aid

9   the Court and the Parties hereto in determining the validity of the claim of privilege or other

10  protection:

        1)    The identity of the Person(s) who prepared the Document, who signed
11            the Document, and over whose name it was sent or issued;

12
        2)    The identity of the Person(s) to whom the Document was directed;
13
        3)    The nature and substance of the Document, with sufficient particularity
14            to enable the Court and the Parties to identify the Document;

15      4)    The date of the Document;

16      5)    The identity of the Person(s) who has (have) custody of, or control over,
              the Document and each copy thereof;
17
        6)    The identity of each person to whom a copy of the Document was
18            furnished;

19      7)    The number of pages of the Document;

20      8)    The basis on which any privilege or other protection is claimed; and

21      9)    Whether any non-privileged or non-protected matter is included in the
              Document.
22

23
                                          3
        PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
        PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
                              Case No. CV 08-1184 SI

6.      If counsel for Defendant should require any clarification of any requests, said counsel should contact Dolin, Thomas & Solomon LLP, counsel for Plaintiffs.

7.      All Documents produced by Defendant pursuant to this request shall be produced electronically in **Tagged Image File Format (".tiff").**

4

1
## DOCUMENTS TO BE PRODUCED

2
## REQUEST FOR DOCUMENTS NO. 1:

3
All Documents referred to or reflected in the interrogatories, and for every Document

4
defendants produce in this matter, identify the discovery request, paragraph(s) of the

5
complaint and/or answer to which the Document is relevant.

6

7
## REQUEST FOR DOCUMENTS NO. 2:

8
All Documentation, for the Relevant Time Period, Concerning or describing all

9
employees of SCI Eastern Market Support Center, L.P. ("SCI Eastern Market"), Alderwoods,

10
or any Alderwoods Affiliated Entity or Location in California either located in or having any

11
responsibilities in California, and all Documentation for each such employee Concerning

12
employment contracts or agreements and human resource information of any kind related to

13
such employees. (A proper response includes, but is not limited to, production of all

14
Documentation Concerning any employee arbitration agreements, non-compete agreements,

15
flow charts, organization charts, other information or Documentation providing any

16
explanation of the employees' job duties, position or role within the company, Personnel Files,

17
disciplinary, hiring or promotion Documentation or any other human resource Documentation

18
as to such employees.)

19

20
## REQUEST FOR DOCUMENTS NO. 3:

21
All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction,

22
wage reporting and benefits structure and systems of Alderwoods, SCI Eastern Market and any

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1184 SI

Alderwoods Affiliated Entity or Location in California, and all Documentation Concerning the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, production of all Documentation such as any employee paystubs, Compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to, production of all Documentation Concerning which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**REQUEST FOR DOCUMENTS NO. 4:**

All Documentation, for the Relevant Time Period, Concerning all employment Practices and Policies that applied to employees of Alderwoods, SCI Eastern Market or any Alderwoods Affiliated Entity or Location in California, and Documentation Concerning the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that Alderwoods, SCI Eastern Market or any Alderwoods Affiliated Entity or Location in California had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the production of Documentation Conerning all employee handbooks (including production of the handbooks themselves) or Policies applied to such employees during the Relevant Time Period, and the

1   production of all Documentation Concerning the forenamed Parties, and any involvement they

2   had with such Policies such as reviewing them, providing advice on them, promulgating them,

3   enforcing them or implementing them.)

4

5   **REQUEST FOR DOCUMENTS NO. 5:**

6         All Documentation, for the Relevant Time Period, Concerning the corporate structure

7   for Alderwoods, SCI Eastern Market and any Alderwoods Affiliated Entity or Location in

8   California and Documentation Concerning each party's manner of, method of, knowledge of,

9   involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise

10  dealing with employee relations of any kind in relation to any employee of Alderwoods, SCI

11  Eastern Market or any Alderwoods Affiliated Entity or Location in California. (A proper

12  response includes, but is not limited to, production of all Documentation, as to each

13  forenamed party, of such things as organizational or flow charts, Documentation of

14  responsibilities of all employees, Documentation of reporting/management structure,

15  Documentation of banking systems and accounts, Documentation of Compensation and

16  benefits systems, Documentation regarding human resource implementation and processes,

17  Documentation regarding systems for recording hours, Documentation regarding accounting

18  systems, employer/employee lists, Documentation of bank accounts controlled by such Parties

19  (used, contributed to, withdrawn from etc., and a list of who has access to them), and their

20  corporate position, responsibilities and reporting structure (who these Parties report to, and

21  who reports to any of these Parties).)

22

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1184 SI

**REQUEST FOR DOCUMENTS NO. 6:**

All Documentation, for the Relevant Time Period, Concerning all reporting requirements imposed on Alderwoods, SCI Eastern Market or any Alderwoods Affiliated Entity or Location in California by any Person, and Documentation Concerning all reporting requirements imposed by Alderwoods, SCI Eastern Market or any Alderwoods Affiliated Entity or Location in California on any Person. (A proper response includes, but is not limited to, production of Documentation regarding reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**REQUEST FOR DOCUMENTS NO. 7:**

All Documentation, for the Relevant Time Period, Concerning all contracts, agreements, deals, pacts or obligations of any kind Concerning Alderwoods, SCI Eastern Market or any Alderwoods Affiliated Entity or Location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**REQUEST FOR DOCUMENTS NO. 8:**

All Documentation, for the Relevant Time Period, Concerning all agents or employees of Alderwoods, SCI Eastern Market or any Alderwoods Affiliated Entity or Location in California, who Communicated in any fashion to SCI Eastern Market Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of SCI Eastern Market; and

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1184 SI

1  Documentation Concerning all Persons who ever spoke with, reported to or otherwise

2  contacted SCI Eastern Market from within California, or Concerning any matters therein.

3

4  **REQUEST FOR DOCUMENTS NO. 9:**

5  All Documentation, for the Relevant Time Period, Concerning all actions taken or

6  transactions made within or Concerning California by Alderwoods, SCI Eastern Market, any

7  Alderwoods Affiliated Entity or Location in California, or any employee or agent acting on

8  their behalf.

9

10  **REQUEST FOR DOCUMENTS NO. 10:**

11  All Documentation, for the Relevant Time Period, of any kind received by, read by,

12  sent by, or otherwise Communicated to or by Alderwoods, SCI Eastern Market, any

13  Alderwoods Affiliated Entity or Location in California, or any employee or agent acting on

14  their behalf, to or by any Person in California or Concerning any matter within California. (A

15  proper response includes production of all Documentation of any Communications

16  Concerning Alderwoods, SCI Eastern Market, any Alderwoods Affiliated Entity or Location in

17  California, and any other matters, and also includes, but is not limited to, all electronic mail,

18  mail, letters, flyers, newsletters, memos, forms, paperwork, correspondence of any kind,

19  Documents, etc.)

20

21  **REQUEST FOR DOCUMENTS NO. 11:**

22

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1184 SI

1   All Documentation, for the Relevant Time Period, Concerning any conversations that

2   Alderwoods, SCI Eastern Market, any Alderwoods Affiliated Entity or Location in California,

3   or any employee or agent acting on their behalf, has had with any Person within California or

4   Concerning any matters in California. (A proper response includes all Documentation

5   Concerning any conversations with anyone about matters Concerning Alderwoods, SCI

6   Eastern Market, any Alderwoods Affiliated Entity or Location in California, the general public

7   or otherwise, and also includes, but is not limited to, telephone conversations and records,

8   Personal conversations, internet conversations, meeting minutes, etc.)

9

10  **REQUEST FOR DOCUMENTS NO. 12:**

11  All Documentation, for the Relevant Time Period, Concerning any trips or visits made

12  to California by SCI Eastern Market, or by any employee or agent acting on behalf of

13  Alderwoods or SCI Eastern Market Concerning Alderwoods, SCI Eastern Market, or any

14  Alderwoods Affiliated Entity or Location in California; and all Documentation Concerning any

15  trips or visits made by any Person to contact Alderwoods or SCI Eastern Market Concerning

16  any matter in California.

17

18  **REQUEST FOR DOCUMENTS NO. 13:**

19  All Documentation, for the Relevant Time Period, Concerning any Policies or decisions

20  of Alderwoods, SCI Eastern Market, or any Alderwoods Affiliated Entity or Location in

21  California that were made or established in an effort to comply with any law of the State of

22  California, or to promote an Alderwoods Affiliated Entity's or Location's compliance with such

23

10

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1184 SI

1  laws, or any contact of any kind that such Parties have made with any entity of the State of

2  California, or the State of California itself.

3

4  **REQUEST FOR DOCUMENTS NO. 14:**

5      All Documentation, for the Relevant Time Period, Concerning any Policy, decision,

6  efforts, actions, or contacts that Alderwoods, SCI Eastern Market or any Defendant for which

7  the court's personal jurisdiction is in dispute has ever had with or directed toward the State of

8  California itself (or its entities) or any Person within California, or that any forenamed entity

9  has ever had with or directed toward SCI Eastern Market.

10

11  **REQUEST FOR DOCUMENTS NO. 15:**

12      All Documentation, for the Relevant Time Period, Concerning any business operations

13  or efforts conducted, sought, negotiated, promoted or abandoned by SCI Eastern Market with

14  any Person within California or Concerning California, and provide all Documentation

15  Concerning any profits, sales, revenues or business of any kind that Alderwoods, SCI Eastern

16  Market or any Alderwoods Affiliated Entity or Location in California can attribute, whether

17  directly or indirectly, to operations in California.

18

19  **REQUEST FOR DOCUMENTS NO. 16:**

20      All Documentation, for the Relevant Time Period, Concerning any business service,

21  customer service or human resources assistance (including, but not limited to, Documents,

22  forms, advice, service, help of any kind etc.) rendered by Alderwoods or SCI Eastern Market to

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1184 SI

1    any Person within California, including to any Alderwoods Affiliated Entity or Location in

2    California or Concerning any Alderwoods corporate operation or employee in California.

3

4    **REQUEST FOR DOCUMENTS NO. 17:**

5        All Documentation, for the Relevant Time Period, Concerning any legal action or

6    arbitration/mediations taken by or against, or otherwise involving Alderwoods, SCI Eastern

7    Market or any Alderwoods Affiliated Entity or Location in California by or against any Person

8    within California or Concerning any matter within California, whether in California federal or

9    state court; and all legal Documentation related to such matters.

10

11    **REQUEST FOR DOCUMENTS NO. 18:**

12        All Documentation Concerning the "20,000 employees in North America" for whom

13    Jane Jones "oversees human resources, training, education and payroll and commissions

14    services" (per SCI's 2008 Form 10-k SEC Annual Report filing), and all Documentation

15    Concerning such employees' work locations, any Communications or contact of any kind Jane

16    Jones has had from such employees or has made to such employees and the scope and content

17    of the oversight and provision of such services to employees by Jane Jones or Persons acting on

18    her behalf.

19

20    **REQUEST FOR DOCUMENTS NO. 19:**

21        All Documentation, for the Relevant Time Period, Concerning "the human resources

22    services of the subsidiary and affiliate companies of SCI," and "training and benefits provided

23

12

1   to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to

2   her declaration of July 9, 2007.

3

4   **REQUEST FOR DOCUMENTS NO. 20:**

5        All Documentation, for the Relevant Time Period, Concerning each position (including

6   any board, officer, employment or other position) or job with Alderwoods or any Alderwoods

7   Affiliated Entity or Location in California that Paul Houston, Jane Jones, Gwen Petteway,

8   Curtis Briggs and Thomas Ryan have held, and for each produce all Documentation describing

9   the corresponding responsibilities, duties and roles for such positions, and all human resource

10  and employment Documentation or Documentation of any kind regarding or with any relation

11  to the employment of these individuals.

12

13  **REQUEST FOR DOCUMENTS NO. 21:**

14       All Documentation, for the Relevant Time Period, Concerning any contact that

15  Alderwoods, SCI Eastern Market, any Alderwoods Affiliated Entity or Location in California,

16  or any employee or agent acting on their behalf, has had with California, or Concerning any

17  matter within California.

18

19                                    Respectfully Submitted,
                                      DOLIN, THOMAS & SOLOMON LLP
20

21  Date: October 8, 2008            By: _Annette Gifford_____
                                      Patrick J. Solomon, NY Attorney No. 2716660
22                                    J. Nelson Thomas, NY Attorney No. 2579159
                                      Annette Gifford, NY Attorney No. 4105870
23
                                      13
─────────────────────────────────────────────────
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1184 SI

693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

ROSEN, BIEN & GALVAN, LLP
Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256

Attorneys for Plaintiffs

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1184 SI

Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
srosen@rbg-law.com

[Additional Counsel Listed on Following Page]

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| WILLIAM HELM, DEBORAH PRISE, HEATHER P. RADY, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., and SCI HOUSTON MARKET SUPPORT CENTER, L.P.,<br><br>　　　　　　Defendants. | Case No. CV 08-1184 SI<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.** |

---

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1184 SI

1    Additional Attorneys for Plaintiffs, who have been
     admitted *pro hac vice*:
2
     Patrick J. Solomon, NY Attorney No. 2716660
3    J. Nelson Thomas, NY Attorney No. 2579159
     Annette Gifford, NY Attorney No. 4105870
4    DOLIN, THOMAS & SOLOMON LLP
     693 East Avenue
5    Rochester, NY 14607
     Telephone: (585) 272-0540
6    Facsimile:  (585) 272-0574
     nthomas@theemploymentattorneys.com
7
     Charles H. Saul, PA State Bar No.19938
8    MARGOLIS EDELSTEIN
     525 William Penn Place
9    Suite 3300
     Pittsburgh, PA 15219
10   Telephone: (412) 281-4256
     Facsimile: (412) 642-2380
11   csaul@margolisedelstein.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1184 SI

1   Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 34, Plaintiffs request that

2   Defendant respond in writing, under oath, to the following interrogatories within 30 calendar

3   days of service of this request.

4   **PLEASE NOTE:**  This Set of Interrogatories shall be deemed continuing and shall be

5   supplemented when necessary to reflect events occurring and/or information becoming

6   available subsequent to the service of Defendant's response to this discovery demand.

7   ## DEFINITIONS AND INSTRUCTIONS

8   1.    When used in this Document, the following terms are defined as follows.

9   Defendant is to use these definitions in responding to the requests:

10  1)    **Communication**: means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

11  2)    **Concerning**: means relating to, referring to, describing, evidencing or constituting.

12

13  3)    **Defendant, Plaintiffs or Parties (as well as a Party's full or abbreviated name or a pronoun referring to a Party)**: means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

14

15  4)    **Describe in Detail or Set Forth the Factual Basis**: means to: (i) describe fully by reference to underlying facts rather than by ultimate facts or conclusion of facts or law; and (ii) particularize as to·(a) times, (b) place, and (c) manner.

16

17

18  5)    **Document**: is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate Document within the meaning of this term.

19

20

21  6)    **Identify (when referring to a Person)**: means to give, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, additionally, the present or last known place of employment.  Once a Person has been identified in accordance

22

23

1

with this subparagraph, only the name of that Person need be listed in response to subsequent discovery requesting the Identification of that Person.

7) **Identify (when referring to a Document):** means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s) and recipients(s). Alternatively, if a Document is being produced and Bates numbered, the Bates number alone can be identified.

8) **Identify (when referring to an oral statement, interview conversation or conference):** means to (i) Identify the Person making each statement, the Person to whom each statement was made, and all other Persons present at the time of each statement; (ii) state the date of such statement, conversation, or conference; (iii) state the place where such statement or conversation was held; or (iv) if by telephone, the Persons making the call and state the places where the Persons participating in the call were located; and (v) Describe in Detail the substance of each statement, conversation, or conference.

9) **Identify (when referring to an act):** means to (i) state the date and place of the act; (ii) Identify the Person acting; (iii) Identify the Person for whom the act was performed; (iv) Identify the Person against whom the act was performed; (v) Identify all Persons to the act; and (vi) Describe the act in Detail.

10) **Identify (when referring to a Policy or Practice):** means full Identification of all such Policies and Practices and Documents Concerning such Practices, and additionally includes, but is not limited to: i) the dates during which the Policy or Practice was in effect; ii) a description of the Policy or Practice; iii) whether the Policy or Practice was formal or informal; iv) whether the Policy or Practice was written or oral; v) who was responsible for formulating the Policy or Practice; vi) how the Policy was distributed; and vii) who was responsible for enforcing the Policy or Practice.

11) **Person:** means any natural Person or any business, legal or governmental entity or association.

12) **Policies and Practices:** means any rule, instruction, letter, e-mail, guideline, guidance, meeting minute notes, policy, procedure, practice, statement, or memorandum Concerning Defendant's approach to handling issue(s).

2

1        13)    **Relevant Time Period:** means January 1, 2000 to the present.

2        2.    Should Defendant object to any request, Defendant shall respond to any

3   portion of the request that is not objectionable.

4        3.    If any information is withheld under a claim of privilege or other protection,

5   please provide all of the following information with respect to any such information, so as to

6   aid the Court and the Parties in determining the validity of the claim of privilege or other

7   protection:

8                (a)    The nature and substance of the information, with sufficient particularity

9                       to enable the Court and the Parties hereto to Identify the information;

10               (b)    The basis on which any privilege or other protection is claimed; and

11               (c)    Whether any non-privileged or non-protected matter is included in the

12                      information.

13       4.    If counsel for Defendant should need any clarification of any interrogatories,

14   said counsel should contact Dolin, Thomas & Solomon LLP or Margolis Edelstein, counsel for

15   Plaintiffs.

16

17

18

19

20

21

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1

**<u>INTERROGATORIES</u>**

2

**<u>INTERROGATORY NO. 1:</u>**

3        Identify each Person who has been asked to locate Documents or provide information

4 to respond to any discovery requests in this matter, and Identify which requests the Person

5 was asked to provide information or Documents for and whether the individual provided

6 information or Documents for that response.

7

8

**<u>INTERROGATORY NO. 2:</u>**

9        For every Document defendants produce in this matter, Identify the discovery request,

10 and/or paragraph(s) of the complaint to which the Document is relevant.

11

12

**<u>INTERROGATORY NO. 3:</u>**

13        For each Document request or interrogatory, Identify what classes of Documents or

14 information is being produced in response to that inquiry; what classes and on what basis

15 Documents or information are being withheld; and what efforts were made to locate responsive

16 information and Documents.

17

18

**<u>INTERROGATORY NO. 4:</u>**

19        Identify and Describe in Detail during the Relevant Time Period all employees of SCI

20 Eastern Market Support Center, L.P. ("SCI Eastern Market"), Service Corporation

21 International ("SCI"), or any SCI affiliated entity or location in California either located in or

22 having any responsibilities in California, and Identify and Describe in Detail for each such

23

4

1   employee all employment contracts or agreements and human resource Documentation of any

2   kind related to such employees. (A proper response includes, but is not limited to,

3   Identification and Description in Detail of any employee arbitration agreements, non-compete

4   agreements, flow charts, organization charts, other information or Documentation providing

5   any explanation of the employees' job duties, position or role within the company, Personnel

6   files, disciplinary, hiring or promotion Documentation or any other human resource

7   Documentation as to such employees.)

8        *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

9   *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

10  *produced.)*

11

12  **INTERROGATORY NO. 5:**

13       Identify and Describe in Detail during the Relevant Time Period the pay, wage

14  deduction, wage reporting and benefits structure and systems of SCI, SCI Eastern Market and

15  any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay

16  information, wage deduction information, wage reporting information and benefit information

17  for all employees of such Parties. (A proper response includes, but is not limited to,

18  Identification and Description in Detail of any employee paystubs, compensation package

19  information, pay rate information, tax withholding information, wage reporting information,

20  tax reporting information, employee benefit Documentation, including, but not limited to such

21  benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and

22  also includes, but is not limited to Identification and Description in Detail of which employees

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1    were paid, when they were paid, by whom they were paid, from what accounts and whose

2    accounts they were paid, who took pay deductions and how, who was responsible for reporting

3    wages and taxes etc.)

4        *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

5    *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

6    *produced.)*

7

8    **INTERROGATORY NO. 6:**

9        Identify and Describe in Detail during the Relevant Time Period all employment

10   Practices and Policies that applied to employees of SCI, SCI Eastern Market or any SCI

11   affiliated entity or location in California, and Identify and Describe in Detail the manner and

12   means by which these employment Practices and company Policies were developed, put into

13   Practice and enforced, and any involvement that SCI, SCI Eastern Market or any SCI

14   affiliated entity or location had in relation to those Policies and Practices. (A proper response

15   includes, but is not limited to, the Identification and Description in Detail of all employee

16   handbooks or Policies applied to such employees during the Relevant Time Period, and

17   Identification and Description in Detail of the forenamed Parties, and any involvement they

18   had with such Policies such as reviewing them, providing advice on them, promulgating them,

19   enforcing them or implementing them.)

20       *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

21   *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

22   *produced.)*

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1

2    **INTERROGATORY NO. 7:**

3         Identify and Describe in Detail during the Relevant Time Period the corporate

4    structure for SCI, SCI Eastern Market and any SCI affiliated entity or location in California

5    and Identify and Describe in Detail each party's manner of, method of, knowledge of,

6    involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise

7    dealing with employee relations of any kind in relation to any employee of SCI, SCI Eastern

8    Market or any SCI affiliated entity or location in California. (A proper response includes, but

9    is not limited to, Identification and Description in Detail, as to each forenamed party, of

10   organizational or flow charts, Documentation of responsibilities of all employees,

11   Documentation of reporting/management structure, Documentation of banking systems and

12   accounts, Documentation of compensation and benefits systems, Documentation regarding

13   human resource implementation and processes, Documentation regarding systems for

14   recording hours, Documentation regarding accounting systems, employer/employee lists,

15   Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn

16   from etc., and a list of who has access to them), and their corporate position, responsibilities

17   and reporting structure (who these Parties report to, and who reports to any of these Parties).)

18        *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

19   *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

20   *produced.)*

21

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1

## INTERROGATORY NO. 8:

Identify and Describe in Detail during the Relevant Time Period all reporting requirements imposed on SCI, SCI Eastern Market or any SCI affiliated entity or location in California by any Person, and Identify and Describe in Detail all reporting requirements imposed by SCI, SCI Eastern Market or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 9:

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, SCI Eastern Market or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be produced.)*

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

**INTERROGATORY NO. 10:**

Identify and Describe in Detail during the Relevant Time Period all agents or employees of SCI, SCI Eastern Market or any SCI affiliated entity or location in California, who communicated in any fashion to SCI Eastern Market Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of SCI Eastern Market; and Identify and Describe in Detail all Persons who ever spoke with, reported to or otherwise contacted SCI Eastern Market from within California, or Concerning any matters therein.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or Concerning California by SCI, SCI Eastern Market, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be produced.)*

9

1

2  **INTERROGATORY NO. 12:**

3      Identify and Describe in Detail during the Relevant Time Period all Documentation of

4  any kind received by, read by, sent by, or otherwise communicated to or by SCI, SCI Eastern

5  Market, any SCI affiliated entity or location in California, or any employee or agent acting on

6  their behalf, to or by any Person in California or Concerning any matter within California. (A

7  proper response includes Identification and Description in Detail of Communications

8  Concerning SCI, SCI Eastern Market, any SCI affiliated entity or location in California, and

9  any other matters, and also includes, but is not limited to, all electronic mail, mail, letters,

10 flyers, newsletters, memos, forms, paperwork, correspondence of any kind, Documents, etc.)

11     *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

12 *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

13 *produced.)*

14

15 **INTERROGATORY NO. 13:**

16     Identify and Describe in Detail during the Relevant Time Period any conversations that

17 SCI, SCI Eastern Market, any SCI affiliated entity or location in California, or any employee

18 or agent acting on their behalf, has had with any Person within California or Concerning any

19 matters in California. (A proper response includes Identification and Description in Detail of

20 conversations with anyone about matters Concerning SCI, SCI Eastern Market, any SCI

21 affiliated entity or location in California, the general public or otherwise, and also includes, but

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1  is not limited to, telephone conversations and records, Personal conversations, internet

2  conversations, meeting minutes, etc.)

3       *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

4  *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

5  *produced.)*

6

7  **INTERROGATORY NO. 14:**

8       Identify and Describe in Detail during the Relevant Time Period any trips or visits

9  made to California by SCI Eastern Market, or by any employee or agent acting on behalf of

10 SCI or SCI Eastern Market Concerning SCI, SCI Eastern Market, or any SCI affiliated entity

11 or location in California; and Identify and Describe in Detail any trips or visits made by any

12 Person to contact SCI or SCI Eastern Market Concerning any matter in California.

13      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

14 *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

15 *produced.)*

16

17 **INTERROGATORY NO. 15:**

18      Identify and Describe in Detail during the Relevant Time Period any Policies or

19 decisions of SCI, SCI Eastern Market, or any SCI affiliated entity or location in California that

20 were made or established in an effort to comply with any law of the State of California, or to

21 promote an SCI affiliated entity's or location's compliance with such laws, or any contact of

22

23

11

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1   any kind that such Parties have made with any entity of the State of California, or the State of

2   California itself.

3       *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

4   *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

5   *produced.)*

6

7   **INTERROGATORY NO. 16:**

8       Identify and Describe in Detail during the Relevant Time Period any Policy, decision,

9   efforts, actions, or contacts that SCI, SCI Eastern Market or any Defendant for which the

10  court's personal jurisdiction is in dispute has ever had with or directed toward the State of

11  California itself (or its entities) or any Person within California, or that any forenamed entity

12  has ever had with or directed toward SCI Eastern Market.

13      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

14  *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

15  *produced.)*

16

17  **INTERROGATORY NO. 17:**

18      Identify and Describe in Detail during the Relevant Time Period any business

19  operations or efforts conducted, sought, negotiated, promoted or abandoned by SCI Eastern

20  Market with any Person within California or Concerning California, and provide Identification

21  and Description in Detail of any profits, sales, revenues or business of any kind that SCI, SCI

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

Eastern Market or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 18:

Identify and Describe in Detail during the Relevant Time Period (including full Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or SCI Eastern Market to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 19:

Identify and Describe in Detail during the Relevant Time Period any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, SCI Eastern Market or any SCI affiliated entity or location in California by or against any Person within California or

13

1  Concerning any matter within California, whether in California federal or state court; and

2  Identify and Describe in Detail any legal Documents related to such matters.

3      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

4  *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

5  *produced.)*

6

7  **INTERROGATORY NO. 20:**

8      Identify and Describe in Detail the "20,000 employees in North America" for whom

9  Jane Jones "oversees human resources, training, education and payroll and commissions

10  services" (per SCI's 2008 Form 10-k SEC Annual Report filing), and Identify and Describe in

11  Detail such employees' work locations, any Communications or contact of any kind Jane Jones

12  has had from such employees or has made to such employees and the scope and content of the

13  oversight and provision of such services to employees by Jane Jones or Persons acting on her

14  behalf.

15      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

16  *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

17  *produced.)*

18

19  **INTERROGATORY NO. 21:**

20      Identify and Describe in Detail during the Relevant Time Period "the human resources

21  services of the subsidiary and affiliate companies of SCI," and "training and benefits provided

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1    to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to

2    her declaration of July 9, 2007.

3        *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

4    *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

5    *produced.)*

6

7    **INTERROGATORY NO. 22:**

8        Identify and Describe in Detail during the Relevant Time Period each position

9    (including any board, officer, employment or other position) or job with SCI or any SCI

10   affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis

11   Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities,

12   duties and roles for such positions, and Identify and Describe in Detail any and all human

13   resource and employment Documentation or Documentation of any kind regarding or with

14   any relation to the employment of these individuals.

15       *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

16   *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

17   *produced.)*

18

19   **INTERROGATORY NO. 23:**

20       Identify and Describe in Detail during the Relevant Time Period any contact that SCI,

21   SCI Eastern Market, any SCI affiliated entity or location in California, or any employee or

22

23
                                    15

1  agent acting on their behalf, has had with California, or Concerning any matter within

2  California.

3      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

4  *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

5  *produced.)*

6

7                                          Respectfully Submitted,
                                           DOLIN, THOMAS & SOLOMON LLP

8

9  Date: October 8, 2008                   By: _Annette Gifford_
                                           Patrick J. Solomon, NY Attorney No. 2716660
10                                         J. Nelson Thomas, NY Attorney No. 2579159
                                           Annette Gifford, NY Attorney No. 4105870
11                                         693 East Avenue
                                           Rochester, NY 14607
12                                         Telephone: (585) 272-0540

13                                         ROSEN, BIEN & GALVAN, LLP
                                           Sanford Jay Rosen, State Bar No. 62566
14                                         Maria V. Morris, State Bar No. 223903
                                           Lori E. Rifkin, State Bar No. 244081
15                                         315 Montgomery Street, Tenth Floor
                                           San Francisco, CA 94104
16                                         Telephone: (415) 433-6830

17                                         MARGOLIS EDELSTEIN
                                           Charles H. Saul, PA State Bar No.19938
18                                         525 William Penn Place, Suite 3300
                                           Pittsburgh, PA 15219
19                                         Telephone: (412) 281-4256

20                                         Attorneys for Plaintiffs

21

22

23
                                           16

1   Sanford Jay Rosen, State Bar No. 62566
    Maria V. Morris, State Bar No. 223903
2   Lori E. Rifkin, State Bar No. 244081
    ROSEN, BIEN & GALVAN, LLP
3   315 Montgomery Street, Tenth Floor
    San Francisco, CA 94104
4   Telephone: (415) 433-6830
    Facsimile:  (415) 433-7104
5   srosen@rbg-law.com

6   [Additional Counsel Listed on Following Page]

7   Attorneys for Plaintiffs

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO/OAKLAND DIVISION

11

12   WILLIAM HELM, DEBORAH PRISE,          )  Case No. CV 08-1184 SI
     HEATHER P. RADY, et al., on behalf of  )
13   themselves and all other employees and former )  **PLAINTIFFS' FIRST REQUEST FOR**
     employees similarly situated,          )  **PRODUCTION OF DOCUMENTS**
14                                          )  **REGARDING PERSONAL**
                      Plaintiffs,           )  **JURISIDICTION ISSUES FOR SCI**
15                                          )  **HOUSTON MARKET SUPPORT**
     v.                                     )  **CENTER, L.P.**
16                                          )
     ALDERWOODS GROUP, INC., PAUL A.        )
17   HOUSTON, SERVICE CORPORATION           )
     INTERNATIONAL, SCI FUNERAL AND         )
18   CEMETERY PURCHASING COOPERATIVE,       )
     INC., SCI EASTERN MARKET SUPPORT       )
19   CENTER, L.P., SCI WESTERN MARKET       )
     SUPPORT CENTER, L.P. a/k/a SCI WESTERN )
20   MARKET SUPPORT CENTER, INC., and SCI   )
     HOUSTON MARKET SUPPORT CENTER,         )
21   L.P.,                                  )
                                            )
22                    Defendants.           )
                                            )
23                                          )
                                            )
24

25

26

27

1  Additional Attorneys for Plaintiffs, who have been
   admitted *pro hac vice*:

2

3  Patrick J. Solomon, NY Attorney No. 2716660
   J. Nelson Thomas, NY Attorney No. 2579159
   Annette Gifford, NY Attorney No. 4105870

4  DOLIN, THOMAS & SOLOMON LLP
   693 East Avenue

5  Rochester, NY 14607
   Telephone: (585) 272-0540

6  Facsimile:  (585) 272-0574
   nthomas@theemploymentattorneys.com

7

8  Charles H. Saul, PA State Bar No.19938
   MARGOLIS EDELSTEIN

9  525 William Penn Place
   Suite 3300

10 Pittsburgh, PA 15219
   Telephone: (412) 281-4256

11 Facsimile: (412) 642-2380
   csaul@margolisedelstein.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 34, Plaintiffs request that Defendant respond in writing, under oath, and produce the requested Documents set forth in the following Request for Production of Documents within 30 calendar days of service of this request to Dolin, Thomas & Solomon LLP, 693 East Avenue, Rochester, New York 14607.

**PLEASE NOTE:** This Request for Production of Documents shall be deemed continuing and shall be supplemented when necessary to reflect Documents found, events occurring and/or information becoming available subsequent to the service of Defendant's response to this discovery demand.

## DEFINITIONS AND INSTRUCTIONS

1. When used in this document, the following terms are defined as follows. Defendant is to use these definitions in responding to the requests:

1) **Communication:** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2) **Concerning:** means relating to, referring to, describing, evidencing or constituting.

3) **Defendant, Plaintiffs or Parties (as well as a Party's full or abbreviated name or a pronoun referring to a Party):** means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

4) **Compensation:** includes all pay and benefits of any kind provided by the Defendant to the Plaintiffs, including any Salary/Benefit Data.

5) **Document:** is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

6) **Person:** means any natural Person or any business, legal or governmental entity or association.

1

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1184 SI

7) **Policies and Practices:** means any rule, instruction, letter, e-mail, guideline, guidance, meeting minute notes, policy, procedure, practice, statement, or memorandum Concerning Defendant's approach to handling issue(s).

8) **Personnel File:** means any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, Salary/Benefit Data, Compensation, benefits and other similar records. This definition is not limited to the Defendant's description of a "personnel file," but includes all the Documents listed above no matter how maintained.

9) **Documentation:** means all memos, forms, paperwork, email, transcription, written Communication of any kind, etc.

10) **Relevant Time Period:** means January 1, 2000 to the present.

11) The terms "**all**" and "**each**" shall be construed as "all and each."

12) The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13) **Alderwoods:** means Alderwoods Group, Inc. ("Alderwoods"), and includes Service Corporation International ("SCI") and any SCI affiliated entities or locations in California who have succeeded to the interests of Alderwoods.

14) **Alderwoods Affiliated Entity or Location in California:** means any entities or locations in California who were affiliated with Alderwoods, whether prior to, during or after the merger with SCI, and includes SCI and any SCI affiliated entities or locations in California who have succeeded to the interests of Alderwoods.

2. Should Defendant object to any request, Defendant shall respond to any portion of the request that is not objectionable.

2

3.      Each response shall relate to both any Documents maintained at Defendant's or its successors' headquarters or other centralized location and as any other location owned, operated or controlled by Defendant.

4.      If any Document is produced in redacted form, that portion of the Document that is redacted should be identified and the response should, with respect to each such redaction, identify the basis for producing the Document in redacted form.

5.      If any Document is withheld under a claim of privilege or other protection, please provide all of the following information with respect to any such Document, so as to aid the Court and the Parties hereto in determining the validity of the claim of privilege or other protection:

1)      The identity of the Person(s) who prepared the Document, who signed the Document, and over whose name it was sent or issued;

2)      The identity of the Person(s) to whom the Document was directed;

3)      The nature and substance of the Document, with sufficient particularity to enable the Court and the Parties to identify the Document;

4)      The date of the Document;

5)      The identity of the Person(s) who has (have) custody of, or control over, the Document and each copy thereof;

6)      The identity of each person to whom a copy of the Document was furnished;

7)      The number of pages of the Document;

8)      The basis on which any privilege or other protection is claimed; and

9)      Whether any non-privileged or non-protected matter is included in the Document.

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1184 SI

6.    If counsel for Defendant should require any clarification of any requests, said counsel should contact Dolin, Thomas & Solomon LLP, counsel for Plaintiffs.

7.    All Documents produced by Defendant pursuant to this request shall be produced electronically in **Tagged Image File Format (".tiff").**

4

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR DOCUMENTS NO. 1:**

All Documents referred to or reflected in the interrogatories, and for every Document defendants produce in this matter, identify the discovery request, paragraph(s) of the complaint and/or answer to which the Document is relevant.

**REQUEST FOR DOCUMENTS NO. 2:**

All Documentation, for the Relevant Time Period, Concerning or describing all employees of SCI Houston Market Support Center, L.P. ("SCI Houston"), Alderwoods, or any Alderwoods Affiliated Entity or Location in California either located in or having any responsibilities in California, and all Documentation for each such employee Concerning employment contracts or agreements and human resource information of any kind related to such employees. (A proper response includes, but is not limited to, production of all Documentation Concerning any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel Files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**REQUEST FOR DOCUMENTS NO. 3:**

All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction, wage reporting and benefits structure and systems of Alderwoods, SCI Houston and any

5

1 Alderwoods Affiliated Entity or Location in California, and all Documentation Concerning the

2 pay information, wage deduction information, wage reporting information and benefit

3 information for all employees of such Parties. (A proper response includes, but is not limited

4 to, production of all Documentation such as any employee paystubs, Compensation package

5 information, pay rate information, tax withholding information, wage reporting information,

6 tax reporting information, employee benefit Documentation, including, but not limited to such

7 benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and

8 also includes, but is not limited to, production of all Documentation Concerning which

9 employees were paid, when they were paid, by whom they were paid, from what accounts and

10 whose accounts they were paid, who took pay deductions and how, who was responsible for

11 reporting wages and taxes etc.)

12

13 **REQUEST FOR DOCUMENTS NO. 4:**

14 All Documentation, for the Relevant Time Period, Concerning all employment

15 Practices and Policies that applied to employees of Alderwoods, SCI Houston or any

16 Alderwoods Affiliated Entity or Location in California, and Documentation Concerning the

17 manner and means by which these employment Practices and company Policies were

18 developed, put into Practice and enforced, and any involvement that Alderwoods, SCI

19 Houston or any Alderwoods Affiliated Entity or Location in California had in relation to those

20 Policies and Practices. (A proper response includes, but is not limited to, the production of

21 Documentation Conerning all employee handbooks (including production of the handbooks

22 themselves) or Policies applied to such employees during the Relevant Time Period, and the

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1184 SI

1   production of all Documentation Concerning the forenamed Parties, and any involvement they

2   had with such Policies such as reviewing them, providing advice on them, promulgating them,

3   enforcing them or implementing them.)

4

5   **REQUEST FOR DOCUMENTS NO. 5:**

6        All Documentation, for the Relevant Time Period, Concerning the corporate structure

7   for Alderwoods, SCI Houston and any Alderwoods Affiliated Entity or Location in California

8   and Documentation Concerning each party's manner of, method of, knowledge of,

9   involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise

10  dealing with employee relations of any kind in relation to any employee of Alderwoods, SCI

11  Houston or any Alderwoods Affiliated Entity or Location in California. (A proper response

12  includes, but is not limited to, production of all Documentation, as to each forenamed party,

13  of such things as organizational or flow charts, Documentation of responsibilities of all

14  employees, Documentation of reporting/management structure, Documentation of banking

15  systems and accounts, Documentation of Compensation and benefits systems, Documentation

16  regarding human resource implementation and processes, Documentation regarding systems

17  for recording hours, Documentation regarding accounting systems, employer/employee lists,

18  Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn

19  from etc., and a list of who has access to them), and their corporate position, responsibilities

20  and reporting structure (who these Parties report to, and who reports to any of these Parties).)

21

22  **REQUEST FOR DOCUMENTS NO. 6:**

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1184 SI

1   All Documentation, for the Relevant Time Period, Concerning all reporting

2   requirements imposed on Alderwoods, SCI Houston or any Alderwoods Affiliated Entity or

3   Location in California by any Person, and Documentation Concerning all reporting

4   requirements imposed by Alderwoods, SCI Houston or any Alderwoods Affiliated Entity or

5   Location in California on any Person. (A proper response includes, but is not limited to,

6   production of Documentation regarding reporting requirements relating to business matters,

7   legal matters, tax matters, state compliance matters, human resource matters, etc.)

8

9   **REQUEST FOR DOCUMENTS NO. 7:**

10   All Documentation, for the Relevant Time Period, Concerning all contracts,

11   agreements, deals, pacts or obligations of any kind Concerning Alderwoods, SCI Houston or

12   any Alderwoods Affiliated Entity or Location in California with any Person relating to, arising

13   from or otherwise Concerning any matter in California.

14

15   **REQUEST FOR DOCUMENTS NO. 8:**

16   All Documentation, for the Relevant Time Period, Concerning all agents or employees

17   of Alderwoods, SCI Houston or any Alderwoods Affiliated Entity or Location in California,

18   who Communicated in any fashion to SCI Houston Concerning any matter in California, who

19   contacted Persons or entities within California, who made any contacts, arrangements or took

20   any actions that had effects in California or who ever entered California on behalf of, within

21   the knowledge of or at the request of SCI Houston; and Documentation Concerning all

22

23

8

1   Persons who ever spoke with, reported to or otherwise contacted SCI Houston from within

2   California, or Concerning any matters therein.

3

4   **REQUEST FOR DOCUMENTS NO. 9:**

5        All Documentation, for the Relevant Time Period, Concerning all actions taken or

6   transactions made within or Concerning California by Alderwoods, SCI Houston, any

7   Alderwoods Affiliated Entity or Location in California, or any employee or agent acting on

8   their behalf.

9

10  **REQUEST FOR DOCUMENTS NO. 10:**

11       All Documentation, for the Relevant Time Period, of any kind received by, read by,

12  sent by, or otherwise Communicated to or by Alderwoods, SCI Houston, any Alderwoods

13  Affiliated Entity or Location in California, or any employee or agent acting on their behalf, to

14  or by any Person in California or Concerning any matter within California. (A proper response

15  includes production of all Documentation of any Communications Concerning Alderwoods,

16  SCI Houston, any Alderwoods Affiliated Entity or Location in California, and any other

17  matters, and also includes, but is not limited to, all electronic mail, mail, letters, flyers,

18  newsletters, memos, forms, paperwork, correspondence of any kind, Documents, etc.)

19

20  **REQUEST FOR DOCUMENTS NO. 11:**

21       All Documentation, for the Relevant Time Period, Concerning any conversations that

22  Alderwoods, SCI Houston, any Alderwoods Affiliated Entity or Location in California, or any

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1184 SI

employee or agent acting on their behalf, has had with any Person within California or Concerning any matters in California. (A proper response includes all Documentation Concerning any conversations with anyone about matters Concerning Alderwoods, SCI Houston, any Alderwoods Affiliated Entity or Location in California, the general public or otherwise, and also includes, but is not limited to, telephone conversations and records, Personal conversations, internet conversations, meeting minutes, etc.)

**REQUEST FOR DOCUMENTS NO. 12:**

All Documentation, for the Relevant Time Period, Concerning any trips or visits made to California by SCI Houston, or by any employee or agent acting on behalf of Alderwoods or SCI Houston Concerning Alderwoods, SCI Houston, or any Alderwoods Affiliated Entity or Location in California; and all Documentation Concerning any trips or visits made by any Person to contact Alderwoods or SCI Houston Concerning any matter in California.

**REQUEST FOR DOCUMENTS NO. 13:**

All Documentation, for the Relevant Time Period, Concerning any Policies or decisions of Alderwoods, SCI Houston, or any Alderwoods Affiliated Entity or Location in California that were made or established in an effort to comply with any law of the State of California, or to promote an Alderwoods Affiliated Entity's or Location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

10

1  **REQUEST FOR DOCUMENTS NO. 14:**

2      All Documentation, for the Relevant Time Period, Concerning any Policy, decision,

3  efforts, actions, or contacts that Alderwoods, SCI Houston or any Defendant for which the

4  court's personal jurisdiction is in dispute has ever had with or directed toward the State of

5  California itself (or its entities) or any Person within California, or that any forenamed entity

6  has ever had with or directed toward SCI Houston.

7

8  **REQUEST FOR DOCUMENTS NO. 15:**

9      All Documentation, for the Relevant Time Period, Concerning any business operations

10 or efforts conducted, sought, negotiated, promoted or abandoned by SCI Houston with any

11 Person within California or Concerning California, and provide all Documentation Concerning

12 any profits, sales, revenues or business of any kind that Alderwoods, SCI Houston or any

13 Alderwoods Affiliated Entity or Location in California can attribute, whether directly or

14 indirectly, to operations in California.

15

16 **REQUEST FOR DOCUMENTS NO. 16:**

17     All Documentation, for the Relevant Time Period, Concerning any business service,

18 customer service or human resources assistance (including, but not limited to, Documents,

19 forms, advice, service, help of any kind etc.) rendered by Alderwoods or SCI Houston to any

20 Person within California, including to any Alderwoods Affiliated Entity or Location in

21 California or Concerning any Alderwoods corporate operation or employee in California.

22

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1184 SI

**REQUEST FOR DOCUMENTS NO. 17:**

All Documentation, for the Relevant Time Period, Concerning any legal action or arbitration/mediations taken by or against, or otherwise involving Alderwoods, SCI Houston or any Alderwoods Affiliated Entity or Location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and all legal Documentation related to such matters.

**REQUEST FOR DOCUMENTS NO. 18:**

All Documentation Concerning the "20,000 employees in North America" for whom Jane Jones "oversees human resources, training, education and payroll and commissions services" (per SCI's 2008 Form 10-k SEC Annual Report filing), and all Documentation Concerning such employees' work locations, any Communications or contact of any kind Jane Jones has had from such employees or has made to such employees and the scope and content of the oversight and provision of such services to employees by Jane Jones or Persons acting on her behalf.

**REQUEST FOR DOCUMENTS NO. 19:**

All Documentation, for the Relevant Time Period, Concerning "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

12

1   **REQUEST FOR DOCUMENTS NO. 20:**

2          All Documentation, for the Relevant Time Period, Concerning each position (including

3   any board, officer, employment or other position) or job with Alderwoods or any Alderwoods

4   Affiliated Entity or Location in California that Paul Houston, Jane Jones, Gwen Petteway,

5   Curtis Briggs and Thomas Ryan have held, and for each produce all Documentation describing

6   the corresponding responsibilities, duties and roles for such positions, and all human resource

7   and employment Documentation or Documentation of any kind regarding or with any relation

8   to the employment of these individuals.

9

10  **REQUEST FOR DOCUMENTS NO. 21:**

11         All Documentation, for the Relevant Time Period, Concerning any contact that

12  Alderwoods, SCI Houston, any Alderwoods Affiliated Entity or Location in California, or any

13  employee or agent acting on their behalf, has had with California, or Concerning any matter

14  within California.

15

16                                          Respectfully Submitted,
                                            DOLIN, THOMAS & SOLOMON LLP
17

18  Date: October 8, 2008                   By: _Annette Gifford_
                                            Patrick J. Solomon, NY Attorney No. 2716660
19                                          J. Nelson Thomas, NY Attorney No. 2579159
                                            Annette Gifford, NY Attorney No. 4105870
20                                          693 East Avenue
                                            Rochester, NY 14607
21                                          Telephone: (585) 272-0540

22                                          ROSEN, BIEN & GALVAN, LLP
                                            Sanford Jay Rosen, State Bar No. 62566
23
                                    13
    ────────────────────────────────────────────────
        PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
    PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
                            Case No. CV 08-1184 SI

Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256

Attorneys for Plaintiffs

14

1   Sanford Jay Rosen, State Bar No. 62566
    Maria V. Morris, State Bar No. 223903
2   Lori E. Rifkin, State Bar No. 244081
    ROSEN, BIEN & GALVAN, LLP
3   315 Montgomery Street, Tenth Floor
    San Francisco, CA 94104
4   Telephone: (415) 433-6830
    Facsimile:  (415) 433-7104
5   srosen@rbg-law.com

6   [Additional Counsel Listed on Following Page]

7   Attorneys for Plaintiffs

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO/OAKLAND DIVISION

11

12  WILLIAM HELM, DEBORAH PRISE,             )   Case No. CV 08-1184 SI
    HEATHER P. RADY, et al., on behalf of    )
13  themselves and all other employees and former )   **PLAINTIFFS' FIRST SET OF**
    employees similarly situated,            )   **INTERROGATORIES REGARDING**
14                                           )   **PERSONAL JURISDICTION ISSUES**
                   Plaintiffs,               )   **FOR SCI HOUSTON MARKET**
15                                           )   **SUPPORT CENTER, L.P.**
    v.                                       )
16                                           )
    ALDERWOODS GROUP, INC., PAUL A.          )
17  HOUSTON, SERVICE CORPORATION             )
    INTERNATIONAL, SCI FUNERAL AND           )
18  CEMETERY PURCHASING COOPERATIVE,         )
    INC., SCI EASTERN MARKET SUPPORT         )
19  CENTER, L.P., SCI WESTERN MARKET         )
    SUPPORT CENTER, L.P. a/k/a SCI WESTERN   )
20  MARKET SUPPORT CENTER, INC., and SCI     )
    HOUSTON MARKET SUPPORT CENTER,           )
21  L.P.,                                    )
                                             )
22                 Defendants.               )
                                             )
23                                           )
                                             )
24

25

26

27

─────────────────────────────────────────────
              PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
    PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
                          Case No. CV 08-1184 SI

1  Additional Attorneys for Plaintiffs, who have been
   admitted *pro hac vice*:

2

3  Patrick J. Solomon, NY Attorney No. 2716660
   J. Nelson Thomas, NY Attorney No. 2579159
   Annette Gifford, NY Attorney No. 4105870

4  DOLIN, THOMAS & SOLOMON LLP
   693 East Avenue

5  Rochester, NY 14607
   Telephone: (585) 272-0540

6  Facsimile:  (585) 272-0574
   nthomas@theemploymentattorneys.com

7
   Charles H. Saul, PA State Bar No.19938

8  MARGOLIS EDELSTEIN
   525 William Penn Place

9  Suite 3300
   Pittsburgh, PA 15219

10 Telephone: (412) 281-4256
   Facsimile: (412) 642-2380

11 csaul@margolisedelstein.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1184 SI

Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 34, Plaintiffs request that Defendant respond in writing, under oath, to the following interrogatories within 30 calendar days of service of this request.

**PLEASE NOTE**: This Set of Interrogatories shall be deemed continuing and shall be supplemented when necessary to reflect events occurring and/or information becoming available subsequent to the service of Defendant's response to this discovery demand.

<u>DEFINITIONS AND INSTRUCTIONS</u>

1.    When used in this Document, the following terms are defined as follows. Defendant is to use these definitions in responding to the requests:

1)    **Communication**: means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2)    **Concerning**: means relating to, referring to, describing, evidencing or constituting.

3)    **Defendant, Plaintiffs or Parties (as well as a Party's full or abbreviated name or a pronoun referring to a Party)**: means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

4)    **Describe in Detail or Set Forth the Factual Basis**: means to: (i) describe fully by reference to underlying facts rather than by ultimate facts or conclusion of facts or law; and (ii) particularize as to (a) times, (b) place, and (c) manner.

5)    **Document**: is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

6)    **Identify (when referring to a Person)**: means to give, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, additionally, the present or last known place of employment. Once a Person has been identified in accordance

1

with this subparagraph, only the name of that Person need be listed in response to subsequent discovery requesting the Identification of that Person.

7) **Identify (when referring to a Document):** means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s) and recipients(s). Alternatively, if a Document is being produced and Bates numbered, the Bates number alone can be identified.

8) **Identify (when referring to an oral statement, interview conversation or conference):** means to (i) Identify the Person making each statement, the Person to whom each statement was made, and all other Persons present at the time of each statement; (ii) state the date of such statement, conversation, or conference; (iii) state the place where such statement or conversation was held; or (iv) if by telephone, the Persons making the call and state the places where the Persons participating in the call were located; and (v) Describe in Detail the substance of each statement, conversation, or conference.

9) **Identify (when referring to an act):** means to (i) state the date and place of the act; (ii) Identify the Person acting; (iii) Identify the Person for whom the act was performed; (iv) Identify the Person against whom the act was performed; (v) Identify all Persons to the act; and (vi) Describe the act in Detail.

10) **Identify (when referring to a Policy or Practice):** means full Identification of all such Policies and Practices and Documents Concerning such Practices, and additionally includes, but is not limited to: i) the dates during which the Policy or Practice was in effect; ii) a description of the Policy or Practice; iii) whether the Policy or Practice was formal or informal; iv) whether the Policy or Practice was written or oral; v) who was responsible for formulating the Policy or Practice; vi) how the Policy was distributed; and vii) who was responsible for enforcing the Policy or Practice.

11) **Person:** means any natural Person or any business, legal or governmental entity or association.

12) **Policies and Practices:** means any rule, instruction, letter, e-mail, guideline, guidance, meeting minute notes, policy, procedure, practice, statement, or memorandum Concerning Defendant's approach to handling issue(s).

2

1           13)    **Relevant Time Period:** means January 1, 2000 to the present.

2       2.    Should Defendant object to any request, Defendant shall respond to any

3 portion of the request that is not objectionable.

4       3.    If any information is withheld under a claim of privilege or other protection,

5 please provide all of the following information with respect to any such information, so as to

6 aid the Court and the Parties in determining the validity of the claim of privilege or other

7 protection:

8            (a)    The nature and substance of the information, with sufficient particularity

9                  to enable the Court and the Parties hereto to Identify the information;

10            (b)    The basis on which any privilege or other protection is claimed; and

11            (c)    Whether any non-privileged or non-protected matter is included in the

12                  information.

13       4.    If counsel for Defendant should need any clarification of any interrogatories,

14 said counsel should contact Dolin, Thomas & Solomon LLP or Margolis Edelstein, counsel for

15 Plaintiffs.

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each Person who has been asked to locate Documents or provide information to respond to any discovery requests in this matter, and Identify which requests the Person was asked to provide information or Documents for and whether the individual provided information or Documents for that response.

### INTERROGATORY NO. 2:

For every Document defendants produce in this matter, Identify the discovery request, and/or paragraph(s) of the complaint to which the Document is relevant.

### INTERROGATORY NO. 3:

For each Document request or interrogatory, Identify what classes of Documents or information is being produced in response to that inquiry; what classes and on what basis Documents or information are being withheld; and what efforts were made to locate responsive information and Documents.

### INTERROGATORY NO. 4:

Identify and Describe in Detail during the Relevant Time Period all employees of SCI Houston Market Support Center, L.P. ("SCI Houston"), Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all

4

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

employment contracts or agreements and human resource Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI, SCI Houston and any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee paystubs, compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification and Description in Detail of which employees

were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 6:

Identify and Describe in Detail during the Relevant Time Period all employment Practices and Policies that applied to employees of SCI, SCI Houston or any SCI affiliated entity or location in California, and Identify and Describe in Detail the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, SCI Houston or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the Identification and Description in Detail of all employee handbooks or Policies applied to such employees during the Relevant Time Period, and Identification and Description in Detail of the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be produced.)*

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI, SCI Houston and any SCI affiliated entity or location in California and Identify and Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, SCI Houston or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be produced.)*

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

**INTERROGATORY NO. 8:**

Identify and Describe in Detail during the Relevant Time Period all reporting requirements imposed on SCI, SCI Houston or any SCI affiliated entity or location in California by any Person, and Identify and Describe in Detail all reporting requirements imposed by SCI, SCI Houston or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, SCI Houston or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be produced.)*

8

1

2    **<u>INTERROGATORY NO. 10:</u>**

3          Identify and Describe in Detail during the Relevant Time Period all agents or

4    employees of SCI, SCI Houston or any SCI affiliated entity or location in California, who

5    communicated in any fashion to SCI Houston Concerning any matter in California, who

6    contacted Persons or entities within California, who made any contacts, arrangements or took

7    any actions that had effects in California or who ever entered California on behalf of, within

8    the knowledge of or at the request of SCI Houston; and Identify and Describe in Detail all

9    Persons who ever spoke with, reported to or otherwise contacted SCI Houston from within

10   California, or Concerning any matters therein.

11         *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

12   *Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be*

13   *produced.)*

14

15   **<u>INTERROGATORY NO. 11:</u>**

16         Identify and Describe in Detail during the Relevant Time Period all actions taken or

17   transactions made within or Concerning California by SCI, SCI Houston, any SCI affiliated

18   entity or location in California, or any employee or agent acting on their behalf.

19         *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

20   *Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be*

21   *produced.)*

22

23

9

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING<br>PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.<br>Case No. CV 08-1190

**INTERROGATORY NO. 12:**

Identify and Describe in Detail during the Relevant Time Period all Documentation of any kind received by, read by, sent by, or otherwise communicated to or by SCI, SCI Houston, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, to or by any Person in California or Concerning any matter within California. (A proper response includes Identification and Description in Detail of Communications Concerning SCI, SCI Houston, any SCI affiliated entity or location in California, and any other matters, and also includes, but is not limited to, all electronic mail, mail, letters, flyers, newsletters, memos, forms, paperwork, correspondence of any kind, Documents, etc.)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 13:**

Identify and Describe in Detail during the Relevant Time Period any conversations that SCI, SCI Houston, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with any Person within California or Concerning any matters in California. (A proper response includes Identification and Description in Detail of conversations with anyone about matters Concerning SCI, SCI Houston, any SCI affiliated entity or location in California, the general public or otherwise, and also includes, but is not

1   limited to, telephone conversations and records, Personal conversations, internet

2   conversations, meeting minutes, etc.)

3        *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

4   *Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be*

5   *produced.)*

6

7   **INTERROGATORY NO. 14:**

8        Identify and Describe in Detail during the Relevant Time Period any trips or visits

9   made to California by SCI Houston, or by any employee or agent acting on behalf of SCI or

10   SCI Houston Concerning SCI, SCI Houston, or any SCI affiliated entity or location in

11   California; and Identify and Describe in Detail any trips or visits made by any Person to

12   contact SCI or SCI Houston Concerning any matter in California.

13        *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

14   *Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be*

15   *produced.)*

16

17   **INTERROGATORY NO. 15:**

18        Identify and Describe in Detail during the Relevant Time Period any Policies or

19   decisions of SCI, SCI Houston, or any SCI affiliated entity or location in California that were

20   made or established in an effort to comply with any law of the State of California, or to

21   promote an SCI affiliated entity's or location's compliance with such laws, or any contact of

22

23

11

---

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1  any kind that such Parties have made with any entity of the State of California, or the State of

2  California itself.

3     *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

4  *Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be*

5  *produced.)*

6

7  **INTERROGATORY NO. 16:**

8     Identify and Describe in Detail during the Relevant Time Period any Policy, decision,

9  efforts, actions, or contacts that SCI, SCI Houston or any Defendant for which the court's

10  personal jurisdiction is in dispute has ever had with or directed toward the State of California

11  itself (or its entities) or any Person within California, or that any forenamed entity has ever

12  had with or directed toward SCI Houston.

13     *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

14  *Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be*

15  *produced.)*

16

17  **INTERROGATORY NO. 17:**

18     Identify and Describe in Detail during the Relevant Time Period any business

19  operations or efforts conducted, sought, negotiated, promoted or abandoned by SCI Houston

20  with any Person within California or Concerning California, and provide Identification and

21  Description in Detail of any profits, sales, revenues or business of any kind that SCI, SCI

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

Houston or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 18:**

Identify and Describe in Detail during the Relevant Time Period (including full Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or SCI Houston to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 19:**

Identify and Describe in Detail during the Relevant Time Period any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, SCI Houston or any SCI affiliated entity or location in California by or against any Person within California or

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1  Concerning any matter within California, whether in California federal or state court; and

2  Identify and Describe in Detail any legal Documents related to such matters.

3          *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

4  *Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be*

5  *produced.)*

6

7  **INTERROGATORY NO. 20:**

8          Identify and Describe in Detail the "20,000 employees in North America" for whom

9  Jane Jones "oversees human resources, training, education and payroll and commissions

10  services" (per SCI's 2008 Form 10-k SEC Annual Report filing), and Identify and Describe in

11  Detail such employees' work locations, any Communications or contact of any kind Jane Jones

12  has had from such employees or has made to such employees and the scope and content of the

13  oversight and provision of such services to employees by Jane Jones or Persons acting on her

14  behalf.

15          *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

16  *Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be*

17  *produced.)*

18

19  **INTERROGATORY NO. 21:**

20          Identify and Describe in Detail during the Relevant Time Period "the human resources

21  services of the subsidiary and affiliate companies of SCI," and "training and benefits provided

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 23:**

Identify and Describe in Detail during the Relevant Time Period any contact that SCI, SCI Houston, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1    *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

2    *Personal Jurisdiction Issues for SCI Houston, all Documents identified in this response need to be*

3    *produced.)*

4

5                                                  Respectfully Submitted,
                                                   DOLIN, THOMAS & SOLOMON LLP

6

7    Date: October 8, 2008            By: _Annette Gifford_
                                                   Patrick J. Solomon, NY Attorney No. 2716660

8                                                  J. Nelson Thomas, NY Attorney No. 2579159
                                                   Annette Gifford, NY Attorney No. 4105870

9                                                  693 East Avenue
                                                   Rochester, NY 14607

10                                                 Telephone: (585) 272-0540

11                                                 ROSEN, BIEN & GALVAN, LLP
                                                   Sanford Jay Rosen, State Bar No. 62566

12                                                 Maria V. Morris, State Bar No. 223903
                                                   Lori E. Rifkin, State Bar No. 244081

13                                                 315 Montgomery Street, Tenth Floor
                                                   San Francisco, CA 94104

14                                                 Telephone: (415) 433-6830

15                                                 MARGOLIS EDELSTEIN
                                                   Charles H. Saul, PA State Bar No.19938

16                                                 525 William Penn Place, Suite 3300
                                                   Pittsburgh, PA 15219

17                                                 Telephone: (412) 281-4256

18                                                 Attorneys for Plaintiffs

19

20

21

22

23
                                            16
                   PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
         PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
                                   Case No. CV 08-1190