# EXHIBIT C PART 1

1  Sanford Jay Rosen, State Bar No. 62566
   Maria V. Morris, State Bar No. 223903
2  Lori E. Rifkin, State Bar No. 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830
   Facsimile: (415) 433-7104
5  srosen@rbg-law.com

6  [Additional Counsel Listed on Following Page]

7  Attorneys for Plaintiffs

8                 UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO/OAKLAND DIVISION

11

12  CLAUDE BRYANT, JOSEPH BIERNACKI,       )   Case No. CV 08-1190
    GORDON FARMER, RHEALYN HOLLAND,        )
13  JAMES STICKLE, ELEANOR RIGGIO, FRANK   )   **PLAINTIFFS' FIRST REQUEST FOR**
    ACUNA, RICHARD LAMASTERS, KENNETH      )   **PRODUCTION OF DOCUMENTS**
14  ALLEN, CRAIG FULCHER, SANFORD          )   **REGARDING PERSONAL**
    LEVINE and THOMAS THOMPSON, on         )   **JURISDICTION ISSUES FOR SERVICE**
15  behalf of themselves and all other employees and )   **CORPORATION INTERNATIONAL**
    former employees similarly situated,   )
16                                         )
                    Plaintiffs,            )
17                                         )
    v.                                     )
18                                         )
    SERVICE CORPORATION INTERNATIONAL,)
19  SCI    FUNERAL    AND    CEMETERY)
    PURCHASING   COOPERATIVE,   INC.,   SCI)
20  EASTERN MARKET SUPPORT CENTER, L.P.,)
    SCI WESTERN MARKET SUPPORT CENTER,)
21  L.P. a/k/a SCI WESTERN MARKET SUPPORT)
    CENTER, INC., SCI HOUSTON MARKET)
22  SUPPORT CENTER, L.P., JANE D. JONES,)
    GWEN  PETTEWAY,  THOMAS  RYAN,  and)
23  CURTIS BRIGGS,                         )
                                           )
24                  Defendants.            )
                                           )
25                                         )
                                           )
26  _____  )

27

    PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
    PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
                          Case No. CV 08-1190

1   Additional Attorneys for Plaintiffs, who have been
    admitted *pro hac vice*:

2

3   Patrick J. Solomon, NY Attorney No. 2716660
    J. Nelson Thomas, NY Attorney No. 2579159
    Annette Gifford, NY Attorney No. 4105870

4   DOLIN, THOMAS & SOLOMON LLP
    693 East Avenue

5   Rochester, NY 14607
    Telephone: (585) 272-0540

6   Facsimile:  (585) 272-0574
    nthomas@theemploymentattorneys.com

7

8   Charles H. Saul, PA State Bar No.19938
    MARGOLIS EDELSTEIN

9   525 William Penn Place
    Suite 3300

10  Pittsburgh, PA 15219
    Telephone: (412) 281-4256

11  Facsimile: (412) 642-2380
    csaul@margolisedelstein.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 34, Plaintiffs request that Defendant respond in writing, under oath, and produce the requested Documents set forth in the following Request for Production of Documents within 30 calendar days of service of this request to Dolin, Thomas & Solomon LLP, 693 East Avenue, Rochester, New York 14607.

**PLEASE NOTE:** This Request for Production of Documents shall be deemed continuing and shall be supplemented when necessary to reflect Documents found, events occurring and/or information becoming available subsequent to the service of Defendant's response to this discovery demand.

## DEFINITIONS AND INSTRUCTIONS

1.      When used in this document, the following terms are defined as follows. Defendant is to use these definitions in responding to the requests:

1)      **Communication**: means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2)      **Concerning**: means relating to, referring to, describing, evidencing or constituting.

3)      **Defendant, Plaintiffs or Parties (as well as a Party's full or abbreviated name or a pronoun referring to a Party):** means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

4)      **Compensation**: includes all pay and benefits of any kind provided by the Defendant to the Plaintiffs, including any Salary/Benefit Data.

5)      **Document**: is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

6)      **Person**: means any natural Person or any business, legal or governmental entity or association.

1

7)   **Policies and Practices:** means any rule, instruction, letter, e-mail, guideline, guidance, meeting minute notes, policy, procedure, practice, statement, or memorandum Concerning Defendant's approach to handling issue(s).

8)   **Personnel File:** means any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, Salary/Benefit Data, Compensation, benefits and other similar records.  This definition is not limited to the Defendant's description of a "personnel file," but includes all the Documents listed above no matter how maintained.

9)   **Documentation:** means all memos, forms, paperwork, email, transcription, written Communication of any kind, etc.

10)  **Relevant Time Period:** means January 1, 2000 to the present.

11)  The terms "**all**" and "**each**" shall be construed as "all and each."

12)  The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2.   Should Defendant object to any request, Defendant shall respond to any portion of the request that is not objectionable.

3.   Each response shall relate to both any Documents maintained at Defendant's or its successors' headquarters or other centralized location and as any other location owned, operated or controlled by Defendant.

4.   If any Document is produced in redacted form, that portion of the Document that is redacted should be identified and the response should, with respect to each such redaction, identify the basis for producing the Document in redacted form.

2

5.     If any Document is withheld under a claim of privilege or other protection, please provide all of the following information with respect to any such Document, so as to aid the Court and the Parties hereto in determining the validity of the claim of privilege or other protection:

    1)    The identity of the Person(s) who prepared the Document, who signed the Document, and over whose name it was sent or issued;

    2)    The identity of the Person(s) to whom the Document was directed;

    3)    The nature and substance of the Document, with sufficient particularity to enable the Court and the Parties to identify the Document;

    4)    The date of the Document;

    5)    The identity of the Person(s) who has (have) custody of, or control over, the Document and each copy thereof;

    6)    The identity of each person to whom a copy of the Document was furnished;

    7)    The number of pages of the Document;

    8)    The basis on which any privilege or other protection is claimed; and

    9)    Whether any non-privileged or non-protected matter is included in the Document.

6.     If counsel for Defendant should require any clarification of any requests, said counsel should contact Dolin, Thomas & Solomon LLP, counsel for Plaintiffs.

7.     All Documents produced by Defendant pursuant to this request shall be produced electronically in **Tagged Image File Format (".tiff").**

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR DOCUMENTS NO. 1:**

All Documents referred to or reflected in the interrogatories, and for every Document defendants produce in this matter, identify the discovery request, paragraph(s) of the complaint and/or answer to which the Document is relevant.

**REQUEST FOR DOCUMENTS NO. 2:**

All Documentation, for the Relevant Time Period, Concerning or describing all employees of Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and all Documentation for each such employee Concerning employment contracts or agreements and human resource information of any kind related to such employees. (A proper response includes, but is not limited to, production of all Documentation Concerning any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel Files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**REQUEST FOR DOCUMENTS NO. 3:**

All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction, wage reporting and benefits structure and systems of SCI and any SCI affiliated entity or location in California, and all Documentation Concerning the pay information, wage

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, production of all Documentation such as any employee paystubs, Compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to, production of all Documentation Concerning which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**REQUEST FOR DOCUMENTS NO. 4:**

All Documentation, for the Relevant Time Period, Concerning all employment Practices and Policies that applied to employees of SCI or any SCI affiliated entity or location in California, and Documentation Concerning the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the production of Documentation Conerning all employee handbooks (including production of the handbooks themselves) or Policies applied to such employees during the Relevant Time Period, and the production of all Documentation Concerning the forenamed Parties, and any involvement they

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**REQUEST FOR DOCUMENTS NO. 5:**

All Documentation, for the Relevant Time Period, Concerning the corporate structure for SCI and any SCI affiliated entity or location in California and Documentation Concerning each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, production of all Documentation, as to each forenamed party, of such things as organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of Compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**REQUEST FOR DOCUMENTS NO. 6:**

6

All Documentation, for the Relevant Time Period, Concerning all reporting requirements imposed on SCI or any SCI affiliated entity or location in California by any Person, and Documentation Concerning all reporting requirements imposed by SCI or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, production of Documentation regarding reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**REQUEST FOR DOCUMENTS NO. 7:**

All Documentation, for the Relevant Time Period, Concerning all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**REQUEST FOR DOCUMENTS NO. 8:**

All Documentation, for the Relevant Time Period, Concerning all agents or employees of SCI or any SCI affiliated entity or location in California, who Communicated in any fashion to SCI Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of SCI; and Documentation Concerning all Persons who ever spoke with, reported to or otherwise contacted SCI from within California, or Concerning any matters therein.

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

**REQUEST FOR DOCUMENTS NO. 9:**

All Documentation, for the Relevant Time Period, Concerning all actions taken or transactions made within or Concerning California by SCI, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**REQUEST FOR DOCUMENTS NO. 10:**

All Documentation, for the Relevant Time Period, of any kind received by, read by, sent by, or otherwise Communicated to or by SCI, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, to or by any Person in California or Concerning any matter within California. (A proper response includes production of all Documentation of any Communications Concerning SCI, any SCI affiliated entity or location in California, and any other matters, and also includes, but is not limited to, all electronic mail, mail, letters, flyers, newsletters, memos, forms, paperwork, correspondence of any kind, Documents, etc.)

**REQUEST FOR DOCUMENTS NO. 11:**

All Documentation, for the Relevant Time Period, Concerning any conversations that SCI, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with any Person within California or Concerning any matters in California. (A proper response includes all Documentation Concerning any conversations with anyone about matters Concerning SCI, any SCI affiliated entity or location in California, the

general public or otherwise, and also includes, but is not limited to, telephone conversations and records, Personal conversations, internet conversations, meeting minutes, etc.)

**REQUEST FOR DOCUMENTS NO. 12:**

All Documentation, for the Relevant Time Period, Concerning any trips or visits made to California by SCI, or by any employee or agent acting on behalf of SCI or Concerning SCI, or any SCI affiliated entity or location in California; and all Documentation Concerning any trips or visits made by any Person to contact SCI or Concerning any matter in California.

**REQUEST FOR DOCUMENTS NO. 13:**

All Documentation, for the Relevant Time Period, Concerning any Policies or decisions of SCI, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**REQUEST FOR DOCUMENTS NO. 14:**

All Documentation, for the Relevant Time Period, Concerning any Policy, decision, efforts, actions, or contacts that SCI or any Defendant for which the court's personal jurisdiction is in dispute has ever had with or directed toward the State of California itself (or its entities) or any Person within California, or that any forenamed entity has ever had with or directed toward SCI.

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

1

2    **REQUEST FOR DOCUMENTS NO. 15:**

3        All Documentation, for the Relevant Time Period, Concerning any business operations

4    or efforts conducted, sought, negotiated, promoted or abandoned by SCI with any Person

5    within California or Concerning California, and provide all Documentation Concerning any

6    profits, sales, revenues or business of any kind that SCI or any SCI affiliated entity or location

7    in California can attribute, whether directly or indirectly, to operations in California.

8

9    **REQUEST FOR DOCUMENTS NO. 16:**

10       All Documentation, for the Relevant Time Period, Concerning any business service,

11   customer service or human resources assistance (including, but not limited to, Documents,

12   forms, advice, service, help of any kind etc.) rendered by SCI to any Person within California,

13   including to any SCI affiliated entity or location in California or Concerning any SCI

14   corporate operation or employee in California.

15

16   **REQUEST FOR DOCUMENTS NO. 17:**

17       All Documentation, for the Relevant Time Period, Concerning any legal action or

18   arbitration/mediations taken by or against, or otherwise involving SCI or any SCI affiliated

19   entity or location in California by or against any Person within California or Concerning any

20   matter within California, whether in California federal or state court; and all legal

21   Documentation related to such matters.

22

23

---

10

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

**REQUEST FOR DOCUMENTS NO. 18:**

All Documentation Concerning the "20,000 employees in North America" for whom Jane Jones "oversees human resources, training, education and payroll and commissions services" (per SCI's 2008 Form 10-k SEC Annual Report filing), and all Documentation Concerning such employees' work locations, any Communications or contact of any kind Jane Jones has had from such employees or has made to such employees and the scope and content of the oversight and provision of such services to employees by Jane Jones or Persons acting on her behalf.

**REQUEST FOR DOCUMENTS NO. 19:**

All Documentation, for the Relevant Time Period, Concerning "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**REQUEST FOR DOCUMENTS NO. 20:**

All Documentation, for the Relevant Time Period, Concerning each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each produce all Documentation describing the corresponding responsibilities, duties and roles for such positions, and all human resource and

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

1  employment Documentation or Documentation of any kind regarding or with any relation to

2  the employment of these individuals.

3

4  **REQUEST FOR DOCUMENTS NO. 21:**

5      All Documentation, for the Relevant Time Period, Concerning any contact that SCI,

6  any SCI affiliated entity or location in California, or any employee or agent acting on their

7  behalf, has had with California, or Concerning any matter within California.

8

9                                  Respectfully Submitted,
                                DOLIN, THOMAS & SOLOMON LLP

10

11  Date: October 8, 2008                   By: _____
                                Patrick J. Solomon, NY Attorney No. 2716660

12                                  J. Nelson Thomas, NY Attorney No. 2579159
                                Annette Gifford, NY Attorney No. 4105870

13                                  693 East Avenue
                                Rochester, NY 14607

14                                  Telephone: (585) 272-0540

15                                  ROSEN, BIEN & GALVAN, LLP
                                Sanford Jay Rosen, State Bar No. 62566

16                                  Maria V. Morris, State Bar No. 223903
                                Lori E. Rifkin, State Bar No. 244081

17                                  315 Montgomery Street, Tenth Floor
                                San Francisco, CA 94104

18                                  Telephone: (415) 433-6830

19                                  MARGOLIS EDELSTEIN
                                Charles H. Saul, PA State Bar No.19938

20                                  525 William Penn Place, Suite 3300
                                Pittsburgh, PA 15219

21                                  Telephone: (412) 281-4256

22                                  Attorneys for Plaintiffs

23                                    12

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
srosen@rbg-law.com

[Additional Counsel Listed on Signature Page]

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| CLAUDE BRYANT, JOSEPH BIERNACKI, GORDON FARMER, RHEALYN HOLLAND, JAMES STICKLE, ELEANOR RIGGIO, FRANK ACUNA, RICHARD LAMASTERS, KENNETH ALLEN, CRAIG FULCHER, SANFORD LEVINE and THOMAS THOMPSON, on behalf of themselves and all other employees and former employees similarly situated, ) ) ) ) ) ) ) ) ) | Case No. CV 08-1190 **PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL** |
| Plaintiffs, ) | |
| v. ) | |
| SERVICE CORPORATION INTERNATIONAL,) SCI FUNERAL AND CEMETERY) PURCHASING COOPERATIVE, INC., SCI) EASTERN MARKET SUPPORT CENTER, L.P.,) SCI WESTERN MARKET SUPPORT CENTER,) L.P. a/k/a SCI WESTERN MARKET SUPPORT) CENTER, INC., SCI HOUSTON MARKET) SUPPORT CENTER, L.P., JANE D. JONES,) GWEN PETTEWAY, THOMAS RYAN, and) CURTIS BRIGGS, ) | |
| Defendants. ) | |

1   Additional Attorneys for Plaintiffs, who have been
    admitted *pro hac vice*:
2
    Patrick J. Solomon, NY Attorney No. 2716660
3   J. Nelson Thomas, NY Attorney No. 2579159
    Annette Gifford, NY Attorney No. 4105870
4   DOLIN, THOMAS & SOLOMON LLP
    693 East Avenue
5   Rochester, NY 14607
    Telephone: (585) 272-0540
6   Facsimile:  (585) 272-0574
    nthomas@theemploymentattorneys.com
7
    Charles H. Saul, PA State Bar No.19938
8   MARGOLIS EDELSTEIN
    525 William Penn Place
9   Suite 3300
    Pittsburgh, PA 15219
10  Telephone: (412) 281-4256
    Facsimile: (412) 642-2380
11  csaul@margolisedelstein.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

1    Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 34, Plaintiffs request that

2  Defendant respond in writing, under oath, to the following interrogatories within 30 calendar

3  days of service of this request.

4    **PLEASE NOTE**:  This Set of Interrogatories shall be deemed continuing and shall be

5  supplemented when necessary to reflect events occurring and/or information becoming

6  available subsequent to the service of Defendant's response to this discovery demand.

7                    <u>**DEFINITIONS AND INSTRUCTIONS**</u>

8    1.    When used in this Document, the following terms are defined as follows.

9  Defendant is to use these definitions in responding to the requests:

10         1)    **Communication**: means the transmittal of information (in the form of
              facts, ideas, inquiries or otherwise).
11
12         2)    **Concerning**: means relating to, referring to, describing, evidencing or
              constituting.

13         3)    **Defendant, Plaintiffs or Parties (as well as a Party's full or
              abbreviated name or a pronoun referring to a Party)**: means the
14            party and, where applicable, its officers, directors, employees, partners,
              corporate parent, subsidiaries, or affiliates.
15
16         4)    **Describe in Detail or Set Forth the Factual Basis**: means to: (i)
              describe fully by reference to underlying facts rather than by ultimate
              facts or conclusion of facts or law; and (ii) particularize as to (a) times,
17            (b) place, and (c) manner.

18         5)    **Document**: is defined to be synonymous in meaning and equal in scope
              to the usage of this term in Federal Rule of Civil Procedure 34(a),
19            including, without limitation, electronic or computerized data
              compilations.   A draft or non-identical copy is a separate Document
20            within the meaning of this term.

21         6)    **Identify (when referring to a Person)**: means to give, to the extent
              known, the Person's full name, present or last known address, and when
22            referring to a natural Person, additionally, the present or last known
              place of employment.  Once a Person has been identified in accordance

23

1

with this subparagraph, only the name of that Person need be listed in response to subsequent discovery requesting the Identification of that Person.

7) **Identify (when referring to a Document):** means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s) and recipients(s). Alternatively, if a Document is being produced and Bates numbered, the Bates number alone can be identified.

8) **Identify (when referring to an oral statement, interview conversation or conference):** means to (i) Identify the Person making each statement, the Person to whom each statement was made, and all other Persons present at the time of each statement; (ii) state the date of such statement, conversation, or conference; (iii) state the place where such statement or conversation was held; or (iv) if by telephone, the Persons making the call and state the places where the Persons participating in the call were located; and (v) Describe in Detail the substance of each statement, conversation, or conference.

9) **Identify (when referring to an act):** means to (i) state the date and place of the act; (ii) Identify the Person acting; (iii) Identify the Person for whom the act was performed; (iv) Identify the Person against whom the act was performed; (v) Identify all Persons to the act; and (vi) Describe the act in Detail.

10) **Identify (when referring to a Policy or Practice):** means full Identification of all such Policies and Practices and Documents Concerning such Practices, and additionally includes, but is not limited to: i) the dates during which the Policy or Practice was in effect; ii) a description of the Policy or Practice; iii) whether the Policy or Practice was formal or informal; iv) whether the Policy or Practice was written or oral; v) who was responsible for formulating the Policy or Practice; vi) how the Policy was distributed; and vii) who was responsible for enforcing the Policy or Practice.

11) **Person:** means any natural Person or any business, legal or governmental entity or association.

12) **Policies and Practices:** means any rule, instruction, letter, e-mail, guideline, guidance, meeting minute notes, policy, procedure, practice, statement, or memorandum Concerning Defendant's approach to handling issue(s).

2

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

1    13)   **Relevant Time Period:** means January 1, 2000 to the present.

2    2.   Should Defendant object to any request, Defendant shall respond to any

3    portion of the request that is not objectionable.

4    3.   If any information is withheld under a claim of privilege or other protection,

5    please provide all of the following information with respect to any such information, so as to

6    aid the Court and the Parties in determining the validity of the claim of privilege or other

7    protection:

8    (a)   The nature and substance of the information, with sufficient particularity

9    to enable the Court and the Parties hereto to Identify the information;

10    (b)   The basis on which any privilege or other protection is claimed; and

11    (c)   Whether any non-privileged or non-protected matter is included in the

12    information.

13    4.   If counsel for Defendant should need any clarification of any interrogatories,

14    said counsel should contact Dolin, Thomas & Solomon LLP or Margolis Edelstein, counsel for

15    Plaintiffs.

16

17

18

19

20

21

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each Person who has been asked to locate Documents or provide information to respond to any discovery requests in this matter, and Identify which requests the Person was asked to provide information or Documents for and whether the individual provided information or Documents for that response.

**INTERROGATORY NO. 2:**

For every Document defendants produce in this matter, Identify the discovery request, and/or paragraph(s) of the complaint to which the Document is relevant.

**INTERROGATORY NO. 3:**

For each Document request or interrogatory, Identify what classes of Documents or information is being produced in response to that inquiry; what classes and on what basis Documents or information are being withheld; and what efforts were made to locate responsive information and Documents.

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and human resource

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

1    Documentation of any kind related to such employees. (A proper response includes, but is not

2    limited to, Identification and Description in Detail of any employee arbitration agreements,

3    non-compete agreements, flow charts, organization charts, other information or

4    Documentation providing any explanation of the employees' job duties, position or role within

5    the company, Personnel files, disciplinary, hiring or promotion Documentation or any other

6    human resource Documentation as to such employees.)

7        *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

8    *Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

9

10   **INTERROGATORY NO. 5:**

11       Identify and Describe in Detail during the Relevant Time Period the pay, wage

12   deduction, wage reporting and benefits structure and systems of SCI and any SCI affiliated

13   entity or location in California, and Identify and Describe in Detail the pay information, wage

14   deduction information, wage reporting information and benefit information for all employees

15   of such Parties. (A proper response includes, but is not limited to, Identification and

16   Description in Detail of any employee paystubs, compensation package information, pay rate

17   information, tax withholding information, wage reporting information, tax reporting

18   information, employee benefit Documentation, including, but not limited to such benefits as

19   health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes,

20   but is not limited to Identification and Description in Detail of which employees were paid,

21   when they were paid, by whom they were paid, from what accounts and whose accounts they

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

1   were paid, who took pay deductions and how, who was responsible for reporting wages and

2   taxes etc.)

3      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

4   *Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

5

6   **INTERROGATORY NO. 6:**

7      Identify and Describe in Detail during the Relevant Time Period all employment

8   Practices and Policies that applied to employees of SCI or any SCI affiliated entity or location

9   in California, and Identify and Describe in Detail the manner and means by which these

10  employment Practices and company Policies were developed, put into Practice and enforced,

11  and any involvement that SCI or any SCI affiliated entity or location had in relation to those

12  Policies and Practices. (A proper response includes, but is not limited to, the Identification and

13  Description in Detail of all employee handbooks or Policies applied to such employees during

14  the Relevant Time Period, and Identification and Description in Detail of the forenamed

15  Parties, and any involvement they had with such Policies such as reviewing them, providing

16  advice on them, promulgating them, enforcing them or implementing them.)

17     *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

18  *Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

19

20  **INTERROGATORY NO. 7:**

21     Identify and Describe in Detail during the Relevant Time Period the corporate

22  structure for SCI and any SCI affiliated entity or location in California and Identify and

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 8:**

Identify and Describe in Detail during the Relevant Time Period all reporting requirements imposed on SCI or any SCI affiliated entity or location in California by any Person, and Identify and Describe in Detail all reporting requirements imposed by SCI or any

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 9:

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 10:

Identify and Describe in Detail during the Relevant Time Period all agents or employees of SCI or any SCI affiliated entity or location in California, who communicated in any fashion to SCI Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

request of SCI; and Identify and Describe in Detail all Persons who ever spoke with, reported to or otherwise contacted SCI from within California, or Concerning any matters therein.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or Concerning California by SCI, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 12:**

Identify and Describe in Detail during the Relevant Time Period all Documentation of any kind received by, read by, sent by, or otherwise communicated to or by SCI, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, to or by any Person in California or Concerning any matter within California. (A proper response includes Identification and Description in Detail of Communications Concerning SCI, any SCI affiliated entity or location in California, and any other matters, and also includes, but is not limited to, all electronic mail, mail, letters, flyers, newsletters, memos, forms, paperwork, correspondence of any kind, Documents, etc.)

9

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 13:

Identify and Describe in Detail during the Relevant Time Period any conversations that SCI, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with any Person within California or Concerning any matters in California. (A proper response includes Identification and Description in Detail of conversations with anyone about matters Concerning SCI, any SCI affiliated entity or location in California, the general public or otherwise, and also includes, but is not limited to, telephone conversations and records, Personal conversations, internet conversations, meeting minutes, etc.)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 14:

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by SCI, or by any employee or agent acting on behalf of SCI or Concerning SCI, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or Concerning any matter in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 16:**

Identify and Describe in Detail during the Relevant Time Period any Policy, decision, efforts, actions, or contacts that SCI or any Defendant for which the court's personal jurisdiction is in dispute has ever had with or directed toward the State of California itself (or its entities) or any Person within California, or that any forenamed entity has ever had with or directed toward SCI.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 17:**

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

Identify and Describe in Detail during the Relevant Time Period any business operations or efforts conducted, sought, negotiated, promoted or abandoned by SCI with any Person within California or Concerning California, and provide Identification and Description in Detail of any profits, sales, revenues or business of any kind that SCI or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 18:

Identify and Describe in Detail during the Relevant Time Period (including full Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 19:

Identify and Describe in Detail during the Relevant Time Period any legal action or arbitration/mediations taken by or against, or otherwise involving SCI or any SCI affiliated entity or location in California by or against any Person within California or Concerning any

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

1  matter within California, whether in California federal or state court; and Identify and

2  Describe in Detail any legal Documents related to such matters.

3       *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

4  *Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

5

6  **INTERROGATORY NO. 20:**

7       Identify and Describe in Detail the "20,000 employees in North America" for whom

8  Jane Jones "oversees human resources, training, education and payroll and commissions

9  services" (per SCI's 2008 Form 10-k SEC Annual Report filing), and Identify and Describe in

10  Detail such employees' work locations, any Communications or contact of any kind Jane Jones

11  has had from such employees or has made to such employees and the scope and content of the

12  oversight and provision of such services to employees by Jane Jones or Persons acting on her

13  behalf.

14       *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

15  *Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

16

17  **INTERROGATORY NO. 21:**

18       Identify and Describe in Detail during the Relevant Time Period "the human resources

19  services of the subsidiary and affiliate companies of SCI," and "training and benefits provided

20  to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to

21  her declaration of July 9, 2007.

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
Case No. CV 08-1190

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 23:**

Identify and Describe in Detail during the Relevant Time Period any contact that SCI, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI, all Documents identified in this response need to be produced.)*

Respectfully Submitted,
DOLIN, THOMAS & SOLOMON LLP

14

1

2   Date: October 8, 2008                    By: _____
                                                 Patrick J. Solomon, NY Attorney No. 2716660
3                                                J. Nelson Thomas, NY Attorney No. 2579159
                                                 Annette Gifford, NY Attorney No. 4105870
4                                                693 East Avenue
                                                 Rochester, NY 14607
5                                                Telephone: (585) 272-0540

6                                            ROSEN, BIEN & GALVAN, LLP
                                                 Sanford Jay Rosen, State Bar No. 62566
7                                                Maria V. Morris, State Bar No. 223903
                                                 Lori E. Rifkin, State Bar No. 244081
8                                                315 Montgomery Street, Tenth Floor
                                                 San Francisco, CA 94104
9                                                Telephone: (415) 433-6830

10                                           MARGOLIS EDELSTEIN
                                                 Charles H. Saul, PA State Bar No.19938
11                                               525 William Penn Place, Suite 3300
                                                 Pittsburgh, PA 15219
12                                               Telephone: (412) 281-4256

13                                           Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23
                                            15
   ─────────────────────────────────────────────────────────────────
              PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
   PERSONAL JURISDICTION ISSUES FOR SERVICE CORPORATION INTERNATIONAL
                            Case No. CV 08-1190

1   Sanford Jay Rosen, State Bar No. 62566
    Maria V. Morris, State Bar No. 223903
2   Lori E. Rifkin, State Bar No. 244081
    ROSEN, BIEN & GALVAN, LLP
3   315 Montgomery Street, Tenth Floor
    San Francisco, CA 94104
4   Telephone: (415) 433-6830
    Facsimile:  (415) 433-7104
5   srosen@rbg-law.com

6   [Additional Counsel Listed on Following Page]

7   Attorneys for Plaintiffs

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO/OAKLAND DIVISION

11

12  CLAUDE BRYANT, JOSEPH BIERNACKI,      )  Case No. CV 08-1190
    GORDON FARMER, RHEALYN HOLLAND,       )
13  JAMES STICKLE, ELEANOR RIGGIO, FRANK  )  **PLAINTIFFS' FIRST REQUEST FOR**
    ACUNA, RICHARD LAMASTERS, KENNETH     )  **PRODUCTION OF DOCUMENTS**
14  ALLEN, CRAIG FULCHER, SANFORD         )  **REGARDING PERSONAL**
    LEVINE and THOMAS THOMPSON, on        )  **JURISDICTION ISSUES FOR SCI**
15  behalf of themselves and all other employees and )  **EASTERN MARKET SUPPORT**
    former employees similarly situated,  )  **CENTER, L.P.**
16                                        )
                      Plaintiffs,         )
17                                        )
    v.                                    )
18                                        )
    SERVICE CORPORATION INTERNATIONAL,)
19  SCI   FUNERAL   AND   CEMETERY )
    PURCHASING   COOPERATIVE,  INC.,   SCI )
20  EASTERN MARKET SUPPORT CENTER, L.P.,)
    SCI WESTERN MARKET SUPPORT CENTER,)
21  L.P. a/k/a SCI WESTERN MARKET SUPPORT)
    CENTER, INC., SCI HOUSTON MARKET)
22  SUPPORT CENTER, L.P., JANE D. JONES,)
    GWEN  PETTEWAY,  THOMAS  RYAN,  and)
23  CURTIS BRIGGS,                        )
                                          )
24                    Defendants.         )
                                          )
25                                        )
                                          )
26  _____ )

27

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1  Additional Attorneys for Plaintiffs, who have been
   admitted *pro hac vice*:
2
   Patrick J. Solomon, NY Attorney No. 2716660
3  J. Nelson Thomas, NY Attorney No. 2579159
   Annette Gifford, NY Attorney No. 4105870
4  DOLIN, THOMAS & SOLOMON LLP
   693 East Avenue
5  Rochester, NY 14607
   Telephone: (585) 272-0540
6  Facsimile:  (585) 272-0574
   nthomas@theemploymentattorneys.com
7
   Charles H. Saul, PA State Bar No.19938
8  MARGOLIS EDELSTEIN
   525 William Penn Place
9  Suite 3300
   Pittsburgh, PA 15219
10 Telephone: (412) 281-4256
   Facsimile: (412) 642-2380
11 csaul@margolisedelstein.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1    Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 34, Plaintiffs request that

2  Defendant respond in writing, under oath, and produce the requested Documents set forth in

3  the following Request for Production of Documents within 30 calendar days of service of this

4  request to Dolin, Thomas & Solomon LLP, 693 East Avenue, Rochester, New York 14607.

5    **PLEASE NOTE:**   This Request for Production of Documents shall be deemed

6  continuing and shall be supplemented when necessary to reflect Documents found, events

7  occurring and/or information becoming available subsequent to the service of Defendant's

8  response to this discovery demand.

9    ## DEFINITIONS AND INSTRUCTIONS

10    1.    When used in this document, the following terms are defined as follows.

11  Defendant is to use these definitions in responding to the requests:

12    1)    **Communication:** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

13
14    2)    **Concerning:** means relating to, referring to, describing, evidencing or constituting.

15    3)    **Defendant, Plaintiffs or Parties (as well as a Party's full or abbreviated name or a pronoun referring to a Party):** means the
16  party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

17    4)    **Compensation:** includes all pay and benefits of any kind provided by
18  the Defendant to the Plaintiffs, including any Salary/Benefit Data.

19    5)    **Document:** is defined to be synonymous in meaning and equal in scope
  to the usage of this term in Federal Rule of Civil Procedure 34(a),
20  including, without limitation, electronic or computerized data
  compilations.  A draft or non-identical copy is a separate Document
21  within the meaning of this term.

22    6)    **Person:** means any natural Person or any business, legal or governmental
  entity or association.

23
1

7)   **Policies and Practices:** means any rule, instruction, letter, e-mail, guideline, guidance, meeting minute notes, policy, procedure, practice, statement, or memorandum Concerning Defendant's approach to handling issue(s).

8)   **Personnel File:** means any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, Salary/Benefit Data, Compensation, benefits and other similar records. This definition is not limited to the Defendant's description of a "personnel file," but includes all the Documents listed above no matter how maintained.

9)   **Documentation:** means all memos, forms, paperwork, email, transcription, written Communication of any kind, etc.

10)  **Relevant Time Period:** means January 1, 2000 to the present.

11)  The terms "**all**" and "**each**" shall be construed as "all and each."

12)  The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2.    Should Defendant object to any request, Defendant shall respond to any portion of the request that is not objectionable.

3.    Each response shall relate to both any Documents maintained at Defendant's or its successors' headquarters or other centralized location and as any other location owned, operated or controlled by Defendant.

4.    If any Document is produced in redacted form, that portion of the Document that is redacted should be identified and the response should, with respect to each such redaction, identify the basis for producing the Document in redacted form.

2

5.     If any Document is withheld under a claim of privilege or other protection, please provide all of the following information with respect to any such Document, so as to aid the Court and the Parties hereto in determining the validity of the claim of privilege or other protection:

    1)    The identity of the Person(s) who prepared the Document, who signed the Document, and over whose name it was sent or issued;

    2)    The identity of the Person(s) to whom the Document was directed;

    3)    The nature and substance of the Document, with sufficient particularity to enable the Court and the Parties to identify the Document;

    4)    The date of the Document;

    5)    The identity of the Person(s) who has (have) custody of, or control over, the Document and each copy thereof;

    6)    The identity of each person to whom a copy of the Document was furnished;

    7)    The number of pages of the Document;

    8)    The basis on which any privilege or other protection is claimed; and

    9)    Whether any non-privileged or non-protected matter is included in the Document.

6.     If counsel for Defendant should require any clarification of any requests, said counsel should contact Dolin, Thomas & Solomon LLP, counsel for Plaintiffs.

7.     All Documents produced by Defendant pursuant to this request shall be produced electronically in **Tagged Image File Format (".tiff").**

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

## DOCUMENTS TO BE PRODUCED

### REQUEST FOR DOCUMENTS NO. 1:

All Documents referred to or reflected in the interrogatories, and for every Document defendants produce in this matter, identify the discovery request, paragraph(s) of the complaint and/or answer to which the Document is relevant.

### REQUEST FOR DOCUMENTS NO. 2:

All Documentation, for the Relevant Time Period, Concerning or describing all employees of SCI Eastern Market Support Center, L.P. ("SCI Eastern Market"), Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and all Documentation for each such employee Concerning employment contracts or agreements and human resource information of any kind related to such employees. (A proper response includes, but is not limited to, production of all Documentation Concerning any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel Files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

### REQUEST FOR DOCUMENTS NO. 3:

All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction, wage reporting and benefits structure and systems of SCI, SCI Eastern Market and any SCI

4

1    affiliated entity or location in California, and all Documentation Concerning the pay

2    information, wage deduction information, wage reporting information and benefit information

3    for all employees of such Parties. (A proper response includes, but is not limited to, production

4    of all Documentation such as any employee paystubs, Compensation package information, pay

5    rate information, tax withholding information, wage reporting information, tax reporting

6    information, employee benefit Documentation, including, but not limited to such benefits as

7    health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes,

8    but is not limited to, production of all Documentation Concerning which employees were paid,

9    when they were paid, by whom they were paid, from what accounts and whose accounts they

10    were paid, who took pay deductions and how, who was responsible for reporting wages and

11    taxes etc.)

12

13    **REQUEST FOR DOCUMENTS NO. 4:**

14         All Documentation, for the Relevant Time Period, Concerning all employment

15    Practices and Policies that applied to employees of SCI, SCI Eastern Market or any SCI

16    affiliated entity or location in California, and Documentation Concerning the manner and

17    means by which these employment Practices and company Policies were developed, put into

18    Practice and enforced, and any involvement that SCI, SCI Eastern Market or any SCI

19    affiliated entity or location had in relation to those Policies and Practices. (A proper response

20    includes, but is not limited to, the production of Documentation Conerning all employee

21    handbooks (including production of the handbooks themselves) or Policies applied to such

22    employees during the Relevant Time Period, and the production of all Documentation

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

Concerning the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**REQUEST FOR DOCUMENTS NO. 5:**

All Documentation, for the Relevant Time Period, Concerning the corporate structure for SCI, SCI Eastern Market and any SCI affiliated entity or location in California and Documentation Concerning each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, SCI Eastern Market or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, production of all Documentation, as to each forenamed party, of such things as organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of Compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**REQUEST FOR DOCUMENTS NO. 6:**

6

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

All Documentation, for the Relevant Time Period, Concerning all reporting requirements imposed on SCI, SCI Eastern Market or any SCI affiliated entity or location in California by any Person, and Documentation Concerning all reporting requirements imposed by SCI, SCI Eastern Market or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, production of Documentation regarding reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**REQUEST FOR DOCUMENTS NO. 7:**

All Documentation, for the Relevant Time Period, Concerning all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, SCI Eastern Market or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**REQUEST FOR DOCUMENTS NO. 8:**

All Documentation, for the Relevant Time Period, Concerning all agents or employees of SCI, SCI Eastern Market or any SCI affiliated entity or location in California, who Communicated in any fashion to SCI Eastern Market Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of SCI Eastern Market; and Documentation

1  Concerning all Persons who ever spoke with, reported to or otherwise contacted SCI Eastern

2  Market from within California, or Concerning any matters therein.

3

4  **REQUEST FOR DOCUMENTS NO. 9:**

5     All Documentation, for the Relevant Time Period, Concerning all actions taken or

6  transactions made within or Concerning California by SCI, SCI Eastern Market, any SCI

7  affiliated entity or location in California, or any employee or agent acting on their behalf.

8

9  **REQUEST FOR DOCUMENTS NO. 10:**

10    All Documentation, for the Relevant Time Period, of any kind received by, read by,

11  sent by, or otherwise Communicated to or by SCI, SCI Eastern Market, any SCI affiliated

12  entity or location in California, or any employee or agent acting on their behalf, to or by any

13  Person in California or Concerning any matter within California. (A proper response includes

14  production of all Documentation of any Communications Concerning SCI, SCI Eastern

15  Market, any SCI affiliated entity or location in California, and any other matters, and also

16  includes, but is not limited to, all electronic mail, mail, letters, flyers, newsletters, memos,

17  forms, paperwork, correspondence of any kind, Documents, etc.)

18

19  **REQUEST FOR DOCUMENTS NO. 11:**

20    All Documentation, for the Relevant Time Period, Concerning any conversations that

21  SCI, SCI Eastern Market, any SCI affiliated entity or location in California, or any employee

22  or agent acting on their behalf, has had with any Person within California or Concerning any

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1  matters in California. (A proper response includes all Documentation Concerning any

2  conversations with anyone about matters Concerning SCI, SCI Eastern Market, any SCI

3  affiliated entity or location in California, the general public or otherwise, and also includes, but

4  is not limited to, telephone conversations and records, Personal conversations, internet

5  conversations, meeting minutes, etc.)

6

7  **REQUEST FOR DOCUMENTS NO. 12:**

8       All Documentation, for the Relevant Time Period, Concerning any trips or visits made

9  to California by SCI Eastern Market, or by any employee or agent acting on behalf of SCI or

10  SCI Eastern Market Concerning SCI, SCI Eastern Market, or any SCI affiliated entity or

11  location in California; and all Documentation Concerning any trips or visits made by any

12  Person to contact SCI or SCI Eastern Market Concerning any matter in California.

13

14  **REQUEST FOR DOCUMENTS NO. 13:**

15       All Documentation, for the Relevant Time Period, Concerning any Policies or decisions

16  of SCI, SCI Eastern Market, or any SCI affiliated entity or location in California that were

17  made or established in an effort to comply with any law of the State of California, or to

18  promote an SCI affiliated entity's or location's compliance with such laws, or any contact of

19  any kind that such Parties have made with any entity of the State of California, or the State of

20  California itself.

21

22  **REQUEST FOR DOCUMENTS NO. 14:**

23

9

1    All Documentation, for the Relevant Time Period, Concerning any Policy, decision,

2  efforts, actions, or contacts that SCI, SCI Eastern Market or any Defendant for which the

3  court's personal jurisdiction is in dispute has ever had with or directed toward the State of

4  California itself (or its entities) or any Person within California, or that any forenamed entity

5  has ever had with or directed toward SCI Eastern Market.

6

7  **REQUEST FOR DOCUMENTS NO. 15:**

8    All Documentation, for the Relevant Time Period, Concerning any business operations

9  or efforts conducted, sought, negotiated, promoted or abandoned by SCI Eastern Market with

10  any Person within California or Concerning California, and provide all Documentation

11  Concerning any profits, sales, revenues or business of any kind that SCI, SCI Eastern Market

12  or any SCI affiliated entity or location in California can attribute, whether directly or

13  indirectly, to operations in California.

14

15  **REQUEST FOR DOCUMENTS NO. 16:**

16    All Documentation, for the Relevant Time Period, Concerning any business service,

17  customer service or human resources assistance (including, but not limited to, Documents,

18  forms, advice, service, help of any kind etc.) rendered by SCI or SCI Eastern Market to any

19  Person within California, including to any SCI affiliated entity or location in California or

20  Concerning any SCI corporate operation or employee in California.

21

22  **REQUEST FOR DOCUMENTS NO. 17:**

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1    All Documentation, for the Relevant Time Period, Concerning any legal action or

2    arbitration/mediations taken by or against, or otherwise involving SCI, SCI Eastern Market or

3    any SCI affiliated entity or location in California by or against any Person within California or

4    Concerning any matter within California, whether in California federal or state court; and all

5    legal Documentation related to such matters.

6

### REQUEST FOR DOCUMENTS NO. 18:

8    All Documentation Concerning the "20,000 employees in North America" for whom

9    Jane Jones "oversees human resources, training, education and payroll and commissions

10   services" (per SCI's 2008 Form 10-k SEC Annual Report filing), and all Documentation

11   Concerning such employees' work locations, any Communications or contact of any kind Jane

12   Jones has had from such employees or has made to such employees and the scope and content

13   of the oversight and provision of such services to employees by Jane Jones or Persons acting on

14   her behalf.

15

### REQUEST FOR DOCUMENTS NO. 19:

17   All Documentation, for the Relevant Time Period, Concerning "the human resources

18   services of the subsidiary and affiliate companies of SCI," and "training and benefits provided

19   to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to

20   her declaration of July 9, 2007.

21

### REQUEST FOR DOCUMENTS NO. 20:

23

11

1    All Documentation, for the Relevant Time Period, Concerning each position (including

2  any board, officer, employment or other position) or job with SCI or any SCI affiliated entity

3  or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and

4  Thomas Ryan have held, and for each produce all Documentation describing the

5  corresponding responsibilities, duties and roles for such positions, and all human resource and

6  employment Documentation or Documentation of any kind regarding or with any relation to

7  the employment of these individuals.

8

9  **REQUEST FOR DOCUMENTS NO. 21:**

10    All Documentation, for the Relevant Time Period, Concerning any contact that SCI,

11  SCI Eastern Market, any SCI affiliated entity or location in California, or any employee or

12  agent acting on their behalf, has had with California, or Concerning any matter within

13  California.

14

15                                          Respectfully Submitted,
                                            DOLIN, THOMAS & SOLOMON LLP

16

17  Date: October 8, 2008              By: _____
                                            Patrick J. Solomon, NY Attorney No. 2716660

18                                          J. Nelson Thomas, NY Attorney No. 2579159
                                            Annette Gifford, NY Attorney No. 4105870

19                                          693 East Avenue
                                            Rochester, NY 14607

20                                          Telephone: (585) 272-0540

21                                          ROSEN, BIEN & GALVAN, LLP
                                            Sanford Jay Rosen, State Bar No. 62566

22                                          Maria V. Morris, State Bar No. 223903
                                            Lori E. Rifkin, State Bar No. 244081

23
                                          12
     ─────────────────────────────────────────────────────
     PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
     PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
                            Case No. CV 08-1190

315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256

Attorneys for Plaintiffs

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1  Sanford Jay Rosen, State Bar No. 62566
   Maria V. Morris, State Bar No. 223903
2  Lori E. Rifkin, State Bar No. 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830
   Facsimile:  (415) 433-7104
5  srosen@rbg-law.com

6  [Additional Counsel Listed on Signature Page]

7  Attorneys for Plaintiffs

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO/OAKLAND DIVISION

11

12  CLAUDE BRYANT, JOSEPH BIERNACKI,        ) Case No. CV 08-1190
    GORDON FARMER, RHEALYN HOLLAND,         )
13  JAMES STICKLE, ELEANOR RIGGIO, FRANK )   **PLAINTIFFS' FIRST SET OF**
    ACUNA, RICHARD LAMASTERS, KENNETH )    **INTERROGATORIES REGARDING**
14  ALLEN, CRAIG FULCHER, SANFORD           )  **PERSONAL JURISDICTION ISSUES**
    LEVINE and THOMAS THOMPSON, on          )  **FOR SCI EASTERN MARKET**
15  behalf of themselves and all other employees and ) **SUPPORT CENTER, L.P.**
    former employees similarly situated,    )
16                                          )
                    Plaintiffs,             )
17                                          )
    v.                                      )
18                                          )
    SERVICE CORPORATION INTERNATIONAL,)
19  SCI   FUNERAL   AND   CEMETERY)
    PURCHASING   COOPERATIVE,  INC.,  SCI)
20  EASTERN MARKET SUPPORT CENTER, L.P.,)
    SCI WESTERN MARKET SUPPORT CENTER,)
21  L.P. a/k/a SCI WESTERN MARKET SUPPORT)
    CENTER, INC., SCI HOUSTON MARKET)
22  SUPPORT CENTER, L.P., JANE D. JONES,)
    GWEN PETTEWAY, THOMAS RYAN, and)
23  CURTIS BRIGGS,                          )
                                            )
24                  Defendants.             )
                                            )
25                                          )
                                            )
26                                          )

27

1  Additional Attorneys for Plaintiffs, who have been
   admitted *pro hac vice*:
2
   Patrick J. Solomon, NY Attorney No. 2716660
3  J. Nelson Thomas, NY Attorney No. 2579159
   Annette Gifford, NY Attorney No. 4105870
4  DOLIN, THOMAS & SOLOMON LLP
   693 East Avenue
5  Rochester, NY 14607
   Telephone: (585) 272-0540
6  Facsimile:  (585) 272-0574
   nthomas@theemploymentattorneys.com
7
   Charles H. Saul, PA State Bar No.19938
8  MARGOLIS EDELSTEIN
   525 William Penn Place
9  Suite 3300
   Pittsburgh, PA 15219
10 Telephone: (412) 281-4256
   Facsimile: (412) 642-2380
11 csaul@margolisedelstein.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 34, Plaintiffs request that Defendant respond in writing, under oath, to the following interrogatories within 30 calendar days of service of this request.

**PLEASE NOTE**:  This Set of Interrogatories shall be deemed continuing and shall be supplemented when necessary to reflect events occurring and/or information becoming available subsequent to the service of Defendant's response to this discovery demand.

## DEFINITIONS AND INSTRUCTIONS

1.    When used in this Document, the following terms are defined as follows. Defendant is to use these definitions in responding to the requests:

1)    **Communication**: means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2)    **Concerning**: means relating to, referring to, describing, evidencing or constituting.

3)    **Defendant, Plaintiffs or Parties (as well as a Party's full or abbreviated name or a pronoun referring to a Party)**: means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

4)    **Describe in Detail or Set Forth the Factual Basis**: means to: (i) describe fully by reference to underlying facts rather than by ultimate facts or conclusion of facts or law; and (ii) particularize as to (a) times, (b) place, and (c) manner.

5)    **Document**: is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate Document within the meaning of this term.

6)    **Identify (when referring to a Person)**: means to give, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, additionally, the present or last known place of employment.  Once a Person has been identified in accordance

1

with this subparagraph, only the name of that Person need be listed in response to subsequent discovery requesting the Identification of that Person.

7) **Identify (when referring to a Document):** means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s) and recipients(s). Alternatively, if a Document is being produced and Bates numbered, the Bates number alone can be identified.

8) **Identify (when referring to an oral statement, interview conversation or conference):** means to (i) Identify the Person making each statement, the Person to whom each statement was made, and all other Persons present at the time of each statement; (ii) state the date of such statement, conversation, or conference; (iii) state the place where such statement or conversation was held; or (iv) if by telephone, the Persons making the call and state the places where the Persons participating in the call were located; and (v) Describe in Detail the substance of each statement, conversation, or conference.

9) **Identify (when referring to an act):** means to (i) state the date and place of the act; (ii) Identify the Person acting; (iii) Identify the Person for whom the act was performed; (iv) Identify the Person against whom the act was performed; (v) Identify all Persons to the act; and (vi) Describe the act in Detail.

10) **Identify (when referring to a Policy or Practice):** means full Identification of all such Policies and Practices and Documents Concerning such Practices, and additionally includes, but is not limited to: i) the dates during which the Policy or Practice was in effect; ii) a description of the Policy or Practice; iii) whether the Policy or Practice was formal or informal; iv) whether the Policy or Practice was written or oral; v) who was responsible for formulating the Policy or Practice; vi) how the Policy was distributed; and vii) who was responsible for enforcing the Policy or Practice.

11) **Person:** means any natural Person or any business, legal or governmental entity or association.

12) **Policies and Practices:** means any rule, instruction, letter, e-mail, guideline, guidance, meeting minute notes, policy, procedure, practice, statement, or memorandum Concerning Defendant's approach to handling issue(s).

2

13)     **Relevant Time Period:** means January 1, 2000 to the present.

2.     Should Defendant object to any request, Defendant shall respond to any portion of the request that is not objectionable.

3.     If any information is withheld under a claim of privilege or other protection, please provide all of the following information with respect to any such information, so as to aid the Court and the Parties in determining the validity of the claim of privilege or other protection:

(a)     The nature and substance of the information, with sufficient particularity to enable the Court and the Parties hereto to Identify the information;

(b)     The basis on which any privilege or other protection is claimed; and

(c)     Whether any non-privileged or non-protected matter is included in the information.

4.     If counsel for Defendant should need any clarification of any interrogatories, said counsel should contact Dolin, Thomas & Solomon LLP or Margolis Edelstein, counsel for Plaintiffs.

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each Person who has been asked to locate Documents or provide information to respond to any discovery requests in this matter, and Identify which requests the Person was asked to provide information or Documents for and whether the individual provided information or Documents for that response.

**INTERROGATORY NO. 2:**

For every Document defendants produce in this matter, Identify the discovery request, and/or paragraph(s) of the complaint to which the Document is relevant.

**INTERROGATORY NO. 3:**

For each Document request or interrogatory, Identify what classes of Documents or information is being produced in response to that inquiry; what classes and on what basis Documents or information are being withheld; and what efforts were made to locate responsive information and Documents.

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of SCI Eastern Market Support Center, L.P. ("SCI Eastern Market"), Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such

4

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1   employee all employment contracts or agreements and human resource Documentation of any

2   kind related to such employees. (A proper response includes, but is not limited to,

3   Identification and Description in Detail of any employee arbitration agreements, non-compete

4   agreements, flow charts, organization charts, other information or Documentation providing

5   any explanation of the employees' job duties, position or role within the company, Personnel

6   files, disciplinary, hiring or promotion Documentation or any other human resource

7   Documentation as to such employees.)

8   *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

9   *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

10  *produced.)*

11

12  **INTERROGATORY NO. 5:**

13   Identify and Describe in Detail during the Relevant Time Period the pay, wage

14  deduction, wage reporting and benefits structure and systems of SCI, SCI Eastern Market and

15  any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay

16  information, wage deduction information, wage reporting information and benefit information

17  for all employees of such Parties. (A proper response includes, but is not limited to,

18  Identification and Description in Detail of any employee paystubs, compensation package

19  information, pay rate information, tax withholding information, wage reporting information,

20  tax reporting information, employee benefit Documentation, including, but not limited to such

21  benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and

22  also includes, but is not limited to Identification and Description in Detail of which employees

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1  were paid, when they were paid, by whom they were paid, from what accounts and whose

2  accounts they were paid, who took pay deductions and how, who was responsible for reporting

3  wages and taxes etc.)

4      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

5  *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

6  *produced.)*

7

8  **INTERROGATORY NO. 6:**

9      Identify and Describe in Detail during the Relevant Time Period all employment

10  Practices and Policies that applied to employees of SCI, SCI Eastern Market or any SCI

11  affiliated entity or location in California, and Identify and Describe in Detail the manner and

12  means by which these employment Practices and company Policies were developed, put into

13  Practice and enforced, and any involvement that SCI, SCI Eastern Market or any SCI

14  affiliated entity or location had in relation to those Policies and Practices. (A proper response

15  includes, but is not limited to, the Identification and Description in Detail of all employee

16  handbooks or Policies applied to such employees during the Relevant Time Period, and

17  Identification and Description in Detail of the forenamed Parties, and any involvement they

18  had with such Policies such as reviewing them, providing advice on them, promulgating them,

19  enforcing them or implementing them.)

20      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

21  *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

22  *produced.)*

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI, SCI Eastern Market and any SCI affiliated entity or location in California and Identify and Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, SCI Eastern Market or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be produced.)*

7

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

**INTERROGATORY NO. 8:**

Identify and Describe in Detail during the Relevant Time Period all reporting requirements imposed on SCI, SCI Eastern Market or any SCI affiliated entity or location in California by any Person, and Identify and Describe in Detail all reporting requirements imposed by SCI, SCI Eastern Market or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, SCI Eastern Market or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be produced.)*

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1

2   **INTERROGATORY NO. 10:**

3       Identify and Describe in Detail during the Relevant Time Period all agents or

4   employees of SCI, SCI Eastern Market or any SCI affiliated entity or location in California,

5   who communicated in any fashion to SCI Eastern Market Concerning any matter in

6   California, who contacted Persons or entities within California, who made any contacts,

7   arrangements or took any actions that had effects in California or who ever entered California

8   on behalf of, within the knowledge of or at the request of SCI Eastern Market; and Identify

9   and Describe in Detail all Persons who ever spoke with, reported to or otherwise contacted SCI

10  Eastern Market from within California, or Concerning any matters therein.

11      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

12  *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

13  *produced.)*

14

15  **INTERROGATORY NO. 11:**

16      Identify and Describe in Detail during the Relevant Time Period all actions taken or

17  transactions made within or Concerning California by SCI, SCI Eastern Market, any SCI

18  affiliated entity or location in California, or any employee or agent acting on their behalf.

19      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

20  *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

21  *produced.)*

22

23

---

9

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1

2      **INTERROGATORY NO. 12:**

3              Identify and Describe in Detail during the Relevant Time Period all Documentation of

4      any kind received by, read by, sent by, or otherwise communicated to or by SCI, SCI Eastern

5      Market, any SCI affiliated entity or location in California, or any employee or agent acting on

6      their behalf, to or by any Person in California or Concerning any matter within California. (A

7      proper response includes Identification and Description in Detail of Communications

8      Concerning SCI, SCI Eastern Market, any SCI affiliated entity or location in California, and

9      any other matters, and also includes, but is not limited to, all electronic mail, mail, letters,

10     flyers, newsletters, memos, forms, paperwork, correspondence of any kind, Documents, etc.)

11             *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

12     *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

13     *produced.)*

14

15     **INTERROGATORY NO. 13:**

16             Identify and Describe in Detail during the Relevant Time Period any conversations that

17     SCI, SCI Eastern Market, any SCI affiliated entity or location in California, or any employee

18     or agent acting on their behalf, has had with any Person within California or Concerning any

19     matters in California. (A proper response includes Identification and Description in Detail of

20     conversations with anyone about matters Concerning SCI, SCI Eastern Market, any SCI

21     affiliated entity or location in California, the general public or otherwise, and also includes, but

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

is not limited to, telephone conversations and records, Personal conversations, internet conversations, meeting minutes, etc.)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by SCI Eastern Market, or by any employee or agent acting on behalf of SCI or SCI Eastern Market Concerning SCI, SCI Eastern Market, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or SCI Eastern Market Concerning any matter in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, SCI Eastern Market, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

any kind that such Parties have made with any entity of the State of California, or the State of California itself.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 16:

Identify and Describe in Detail during the Relevant Time Period any Policy, decision, efforts, actions, or contacts that SCI, SCI Eastern Market or any Defendant for which the court's personal jurisdiction is in dispute has ever had with or directed toward the State of California itself (or its entities) or any Person within California, or that any forenamed entity has ever had with or directed toward SCI Eastern Market.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 17:

Identify and Describe in Detail during the Relevant Time Period any business operations or efforts conducted, sought, negotiated, promoted or abandoned by SCI Eastern Market with any Person within California or Concerning California, and provide Identification and Description in Detail of any profits, sales, revenues or business of any kind that SCI, SCI

12

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

Eastern Market or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 18:

Identify and Describe in Detail during the Relevant Time Period (including full Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or SCI Eastern Market to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 19:

Identify and Describe in Detail during the Relevant Time Period any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, SCI Eastern Market or any SCI affiliated entity or location in California by or against any Person within California or

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

Concerning any matter within California, whether in California federal or state court; and Identify and Describe in Detail any legal Documents related to such matters.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 20:**

Identify and Describe in Detail the "20,000 employees in North America" for whom Jane Jones "oversees human resources, training, education and payroll and commissions services" (per SCI's 2008 Form 10-k SEC Annual Report filing), and Identify and Describe in Detail such employees' work locations, any Communications or contact of any kind Jane Jones has had from such employees or has made to such employees and the scope and content of the oversight and provision of such services to employees by Jane Jones or Persons acting on her behalf.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 21:**

Identify and Describe in Detail during the Relevant Time Period "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided

14

1   to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to

2   her declaration of July 9, 2007.

3       *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

4   *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

5   *produced.)*

6

7   **INTERROGATORY NO. 22:**

8       Identify and Describe in Detail during the Relevant Time Period each position

9   (including any board, officer, employment or other position) or job with SCI or any SCI

10  affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis

11  Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities,

12  duties and roles for such positions, and Identify and Describe in Detail any and all human

13  resource and employment Documentation or Documentation of any kind regarding or with

14  any relation to the employment of these individuals.

15      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

16  *Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be*

17  *produced.)*

18

19  **INTERROGATORY NO. 23:**

20      Identify and Describe in Detail during the Relevant Time Period any contact that SCI,

21  SCI Eastern Market, any SCI affiliated entity or location in California, or any employee or

22

23

1  agent acting on their behalf, has had with California, or Concerning any matter within

2  California.

3      (Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding

4  Personal Jurisdiction Issues for SCI Eastern Market, all Documents identified in this response need to be

5  produced.)

6

7                                  Respectfully Submitted,
                                   DOLIN, THOMAS & SOLOMON LLP

8

9  Date: October 8, 2008           By: _Annette Gifford_____
                                   Patrick J. Solomon, NY Attorney No. 2716660
10                                  J. Nelson Thomas, NY Attorney No. 2579159
                                   Annette Gifford, NY Attorney No. 4105870
11                                  693 East Avenue
                                   Rochester, NY 14607
12                                  Telephone: (585) 272-0540

13                                  ROSEN, BIEN & GALVAN, LLP
                                   Sanford Jay Rosen, State Bar No. 62566
14                                  Maria V. Morris, State Bar No. 223903
                                   Lori E. Rifkin, State Bar No. 244081
15                                  315 Montgomery Street, Tenth Floor
                                   San Francisco, CA 94104
16                                  Telephone: (415) 433-6830

17                                  MARGOLIS EDELSTEIN
                                   Charles H. Saul, PA State Bar No.19938
18                                  525 William Penn Place, Suite 3300
                                   Pittsburgh, PA 15219
19                                  Telephone: (412) 281-4256

20                                  Attorneys for Plaintiffs

21

22

23
                                       16
                    PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
              PERSONAL JURISDICTION ISSUES FOR SCI EASTERN MARKET SUPPORT CENTER, L.P.
                                   Case No. CV 08-1190

1   Sanford Jay Rosen, State Bar No. 62566
    Maria V. Morris, State Bar No. 223903
2   Lori E. Rifkin, State Bar No. 244081
    ROSEN, BIEN & GALVAN, LLP
3   315 Montgomery Street, Tenth Floor
    San Francisco, CA 94104
4   Telephone: (415) 433-6830
    Facsimile:  (415) 433-7104
5   srosen@rbg-law.com

6   [Additional Counsel Listed on Following Page]

7   Attorneys for Plaintiffs

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO/OAKLAND DIVISION

11

12  CLAUDE BRYANT, JOSEPH BIERNACKI,          )   Case No. CV 08-1190
    GORDON FARMER, RHEALYN HOLLAND,           )
13  JAMES STICKLE, ELEANOR RIGGIO, FRANK      )   **PLAINTIFFS' FIRST REQUEST FOR**
    ACUNA, RICHARD LAMASTERS, KENNETH         )   **PRODUCTION OF DOCUMENTS**
14  ALLEN, CRAIG FULCHER, SANFORD             )   **REGARDING PERSONAL**
    LEVINE and THOMAS THOMPSON, on            )   **JURISDICTION ISSUES FOR SCI**
15  behalf of themselves and all other employees and )   **HOUSTON MARKET SUPPORT**
    former employees similarly situated,      )   **CENTER, L.P.**
16                                            )
                        Plaintiffs,           )
17                                            )
                                              )
18  v.                                        )
                                              )
19  SERVICE CORPORATION INTERNATIONAL,)
    SCI    FUNERAL    AND    CEMETERY )
20  PURCHASING   COOPERATIVE,   INC.,   SCI )
    EASTERN MARKET SUPPORT CENTER, L.P.,)
21  SCI WESTERN MARKET SUPPORT CENTER,)
    L.P. a/k/a SCI WESTERN MARKET SUPPORT)
22  CENTER, INC., SCI HOUSTON MARKET)
    SUPPORT CENTER, L.P., JANE D. JONES,)
23  GWEN PETTEWAY, THOMAS RYAN, and)
    CURTIS BRIGGS,                            )
24                                            )
                        Defendants.           )
25                                            )
                                              )
26  _____ )

27

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1    Additional Attorneys for Plaintiffs, who have been
admitted *pro hac vice*:

2

3    Patrick J. Solomon, NY Attorney No. 2716660
J. Nelson Thomas, NY Attorney No. 2579159
Annette Gifford, NY Attorney No. 4105870

4    DOLIN, THOMAS & SOLOMON LLP
693 East Avenue

5    Rochester, NY 14607
Telephone: (585) 272-0540

6    Facsimile:  (585) 272-0574
nthomas@theemploymentattorneys.com

7
Charles H. Saul, PA State Bar No.19938

8    MARGOLIS EDELSTEIN
525 William Penn Place

9    Suite 3300
Pittsburgh, PA 15219

10   Telephone: (412) 281-4256
Facsimile: (412) 642-2380

11   csaul@margolisedelstein.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1    Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 34, Plaintiffs request that

2    Defendant respond in writing, under oath, and produce the requested Documents set forth in

3    the following Request for Production of Documents within 30 calendar days of service of this

4    request to Dolin, Thomas & Solomon LLP, 693 East Avenue, Rochester, New York 14607.

5    **PLEASE NOTE:**    This Request for Production of Documents shall be deemed

6    continuing and shall be supplemented when necessary to reflect Documents found, events

7    occurring and/or information becoming available subsequent to the service of Defendant's

8    response to this discovery demand.

9    ## DEFINITIONS AND INSTRUCTIONS

10    1.    When used in this document, the following terms are defined as follows.

11    Defendant is to use these definitions in responding to the requests:

12    1)    **Communication:** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

13    2)    **Concerning:** means relating to, referring to, describing, evidencing or constituting.

15    3)    **Defendant, Plaintiffs or Parties (as well as a Party's full or abbreviated name or a pronoun referring to a Party):** means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

17    4)    **Compensation:** includes all pay and benefits of any kind provided by the Defendant to the Plaintiffs, including any Salary/Benefit Data.

19    5)    **Document:** is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

22    6)    **Person:** means any natural Person or any business, legal or governmental entity or association.

1

7) **Policies and Practices:** means any rule, instruction, letter, e-mail, guideline, guidance, meeting minute notes, policy, procedure, practice, statement, or memorandum Concerning Defendant's approach to handling issue(s).

8) **Personnel File:** means any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, Salary/Benefit Data, Compensation, benefits and other similar records. This definition is not limited to the Defendant's description of a "personnel file," but includes all the Documents listed above no matter how maintained.

9) **Documentation:** means all memos, forms, paperwork, email, transcription, written Communication of any kind, etc.

10) **Relevant Time Period:** means January 1, 2000 to the present.

11) The terms "**all**" and "**each**" shall be construed as "all and each."

12) The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2.    Should Defendant object to any request, Defendant shall respond to any portion of the request that is not objectionable.

3.    Each response shall relate to both any Documents maintained at Defendant's or its successors' headquarters or other centralized location and as any other location owned, operated or controlled by Defendant.

4.    If any Document is produced in redacted form, that portion of the Document that is redacted should be identified and the response should, with respect to each such redaction, identify the basis for producing the Document in redacted form.

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

5.   If any Document is withheld under a claim of privilege or other protection, please provide all of the following information with respect to any such Document, so as to aid the Court and the Parties hereto in determining the validity of the claim of privilege or other protection:

    1)   The identity of the Person(s) who prepared the Document, who signed the Document, and over whose name it was sent or issued;

    2)   The identity of the Person(s) to whom the Document was directed;

    3)   The nature and substance of the Document, with sufficient particularity to enable the Court and the Parties to identify the Document;

    4)   The date of the Document;

    5)   The identity of the Person(s) who has (have) custody of, or control over, the Document and each copy thereof;

    6)   The identity of each person to whom a copy of the Document was furnished;

    7)   The number of pages of the Document;

    8)   The basis on which any privilege or other protection is claimed; and

    9)   Whether any non-privileged or non-protected matter is included in the Document.

6.   If counsel for Defendant should require any clarification of any requests, said counsel should contact Dolin, Thomas & Solomon LLP, counsel for Plaintiffs.

7.   All Documents produced by Defendant pursuant to this request shall be produced electronically in **Tagged Image File Format (".tiff")**.

3

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

### DOCUMENTS TO BE PRODUCED

**REQUEST FOR DOCUMENTS NO. 1:**

All Documents referred to or reflected in the interrogatories, and for every Document defendants produce in this matter, identify the discovery request, paragraph(s) of the complaint and/or answer to which the Document is relevant.

**REQUEST FOR DOCUMENTS NO. 2:**

All Documentation, for the Relevant Time Period, Concerning or describing all employees of SCI Houston Market Support Center, L.P. ("SCI Houston"), Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and all Documentation for each such employee Concerning employment contracts or agreements and human resource information of any kind related to such employees. (A proper response includes, but is not limited to, production of all Documentation Concerning any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel Files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**REQUEST FOR DOCUMENTS NO. 3:**

All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction, wage reporting and benefits structure and systems of SCI, SCI Houston and any SCI affiliated

4

1   entity or location in California, and all Documentation Concerning the pay information, wage

2   deduction information, wage reporting information and benefit information for all employees

3   of such Parties. (A proper response includes, but is not limited to, production of all

4   Documentation such as any employee paystubs, Compensation package information, pay rate

5   information, tax withholding information, wage reporting information, tax reporting

6   information, employee benefit Documentation, including, but not limited to such benefits as

7   health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes,

8   but is not limited to, production of all Documentation Concerning which employees were paid,

9   when they were paid, by whom they were paid, from what accounts and whose accounts they

10  were paid, who took pay deductions and how, who was responsible for reporting wages and

11  taxes etc.)

12

13  **REQUEST FOR DOCUMENTS NO. 4:**

14      All Documentation, for the Relevant Time Period, Concerning all employment

15  Practices and Policies that applied to employees of SCI, SCI Houston or any SCI affiliated

16  entity or location in California, and Documentation Concerning the manner and means by

17  which these employment Practices and company Policies were developed, put into Practice and

18  enforced, and any involvement that SCI, SCI Houston or any SCI affiliated entity or location

19  had in relation to those Policies and Practices. (A proper response includes, but is not limited

20  to, the production of Documentation Conerning all employee handbooks (including

21  production of the handbooks themselves) or Policies applied to such employees during the

22  Relevant Time Period, and the production of all Documentation Concerning the forenamed

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

1   Parties, and any involvement they had with such Policies such as reviewing them, providing

2   advice on them, promulgating them, enforcing them or implementing them.)

3

4   **REQUEST FOR DOCUMENTS NO. 5:**

5       All Documentation, for the Relevant Time Period, Concerning the corporate structure

6   for SCI, SCI Houston and any SCI affiliated entity or location in California and

7   Documentation Concerning each party's manner of, method of, knowledge of, involvement in,

8   or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee

9   relations of any kind in relation to any employee of SCI, SCI Houston or any SCI affiliated

10  entity or location in California. (A proper response includes, but is not limited to, production

11  of all Documentation, as to each forenamed party, of such things as organizational or flow

12  charts, Documentation of responsibilities of all employees, Documentation of

13  reporting/management structure, Documentation of banking systems and accounts,

14  Documentation of Compensation and benefits systems, Documentation regarding human

15  resource implementation and processes, Documentation regarding systems for recording hours,

16  Documentation regarding accounting systems, employer/employee lists, Documentation of

17  bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list

18  of who has access to them), and their corporate position, responsibilities and reporting

19  structure (who these Parties report to, and who reports to any of these Parties).)

20

21  **REQUEST FOR DOCUMENTS NO. 6:**

22

23

6

All Documentation, for the Relevant Time Period, Concerning all reporting requirements imposed on SCI, SCI Houston or any SCI affiliated entity or location in California by any Person, and Documentation Concerning all reporting requirements imposed by SCI, SCI Houston or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, production of Documentation regarding reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**REQUEST FOR DOCUMENTS NO. 7:**

All Documentation, for the Relevant Time Period, Concerning all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, SCI Houston or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**REQUEST FOR DOCUMENTS NO. 8:**

All Documentation, for the Relevant Time Period, Concerning all agents or employees of SCI, SCI Houston or any SCI affiliated entity or location in California, who Communicated in any fashion to SCI Houston Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of SCI Houston; and Documentation Concerning all Persons who ever spoke with,

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

reported to or otherwise contacted SCI Houston from within California, or Concerning any matters therein.

**REQUEST FOR DOCUMENTS NO. 9:**

All Documentation, for the Relevant Time Period, Concerning all actions taken or transactions made within or Concerning California by SCI, SCI Houston, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**REQUEST FOR DOCUMENTS NO. 10:**

All Documentation, for the Relevant Time Period, of any kind received by, read by, sent by, or otherwise Communicated to or by SCI, SCI Houston, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, to or by any Person in California or Concerning any matter within California. (A proper response includes production of all Documentation of any Communications Concerning SCI, SCI Houston, any SCI affiliated entity or location in California, and any other matters, and also includes, but is not limited to, all electronic mail, mail, letters, flyers, newsletters, memos, forms, paperwork, correspondence of any kind, Documents, etc.)

**REQUEST FOR DOCUMENTS NO. 11:**

All Documentation, for the Relevant Time Period, Concerning any conversations that SCI, SCI Houston, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with any Person within California or Concerning any matters in

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR SCI HOUSTON MARKET SUPPORT CENTER, L.P.
Case No. CV 08-1190

California. (A proper response includes all Documentation Concerning any conversations with anyone about matters Concerning SCI, SCI Houston, any SCI affiliated entity or location in California, the general public or otherwise, and also includes, but is not limited to, telephone conversations and records, Personal conversations, internet conversations, meeting minutes, etc.)

**REQUEST FOR DOCUMENTS NO. 12:**

All Documentation, for the Relevant Time Period, Concerning any trips or visits made to California by SCI Houston, or by any employee or agent acting on behalf of SCI or SCI Houston Concerning SCI, SCI Houston, or any SCI affiliated entity or location in California; and all Documentation Concerning any trips or visits made by any Person to contact SCI or SCI Houston Concerning any matter in California.

**REQUEST FOR DOCUMENTS NO. 13:**

All Documentation, for the Relevant Time Period, Concerning any Policies or decisions of SCI, SCI Houston, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**REQUEST FOR DOCUMENTS NO. 14:**

9

1   All Documentation, for the Relevant Time Period, Concerning any Policy, decision,

2   efforts, actions, or contacts that SCI, SCI Houston or any Defendant for which the court's

3   personal jurisdiction is in dispute has ever had with or directed toward the State of California

4   itself (or its entities) or any Person within California, or that any forenamed entity has ever

5   had with or directed toward SCI Houston.

6

7   **REQUEST FOR DOCUMENTS NO. 15:**

8   All Documentation, for the Relevant Time Period, Concerning any business operations

9   or efforts conducted, sought, negotiated, promoted or abandoned by SCI Houston with any

10  Person within California or Concerning California, and provide all Documentation Concerning

11  any profits, sales, revenues or business of any kind that SCI, SCI Houston or any SCI affiliated

12  entity or location in California can attribute, whether directly or indirectly, to operations in

13  California.

14

15  **REQUEST FOR DOCUMENTS NO. 16:**

16  All Documentation, for the Relevant Time Period, Concerning any business service,

17  customer service or human resources assistance (including, but not limited to, Documents,

18  forms, advice, service, help of any kind etc.) rendered by SCI or SCI Houston to any Person

19  within California, including to any SCI affiliated entity or location in California or Concerning

20  any SCI corporate operation or employee in California.

21

22  **REQUEST FOR DOCUMENTS NO. 17:**

23

10

All Documentation, for the Relevant Time Period, Concerning any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, SCI Houston or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and all legal Documentation related to such matters.

**REQUEST FOR DOCUMENTS NO. 18:**

All Documentation Concerning the "20,000 employees in North America" for whom Jane Jones "oversees human resources, training, education and payroll and commissions services" (per SCI's 2008 Form 10-k SEC Annual Report filing), and all Documentation Concerning such employees' work locations, any Communications or contact of any kind Jane Jones has had from such employees or has made to such employees and the scope and content of the oversight and provision of such services to employees by Jane Jones or Persons acting on her behalf.

**REQUEST FOR DOCUMENTS NO. 19:**

All Documentation, for the Relevant Time Period, Concerning "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**REQUEST FOR DOCUMENTS NO. 20:**

11