EXHIBIT C PART 3

**INTERROGATORY NO. 10:**

Identify and Describe in Detail during the Relevant Time Period all agents or employees of SCI, Gwen Petteway or any SCI affiliated entity or location in California, who communicated in any fashion to Gwen Petteway Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of Gwen Petteway; and Identify and Describe in Detail all Persons who ever spoke with, reported to or otherwise contacted Gwen Petteway from within California, or Concerning any matters therein.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Gwen Petteway, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or Concerning California by SCI, Gwen Petteway, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Gwen Petteway, all Documents identified in this response need to be produced.)*

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR GWEN PETTEWAY
Case No. CV 08-1190

1  **INTERROGATORY NO. 12:**

2      Identify and Describe in Detail during the Relevant Time Period all Documentation of

3  any kind received by, read by, sent by, or otherwise communicated to or by SCI, Gwen

4  Petteway, any SCI affiliated entity or location in California, or any employee or agent acting

5  on their behalf, to or by any Person in California or Concerning any matter within California.

6  (A proper response includes Identification and Description in Detail of Communications

7  Concerning SCI, Gwen Petteway, any SCI affiliated entity or location in California, and any

8  other matters, and also includes, but is not limited to, all electronic mail, mail, letters, flyers,

9  newsletters, memos, forms, paperwork, correspondence of any kind, Documents, etc.)

10     *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

11 *Personal Jurisdiction Issues for Gwen Petteway, all Documents identified in this response need to be*

12 *produced.)*

13

14 **INTERROGATORY NO. 13:**

15     Identify and Describe in Detail during the Relevant Time Period any conversations that

16 SCI, Gwen Petteway, any SCI affiliated entity or location in California, or any employee or

17 agent acting on their behalf, has had with any Person within California or Concerning any

18 matters in California. (A proper response includes Identification and Description in Detail of

19 conversations with anyone about matters Concerning SCI, Gwen Petteway, any SCI affiliated

20 entity or location in California, the general public or otherwise, and also includes, but is not

21 limited to, telephone conversations and records, Personal conversations, internet

22 conversations, meeting minutes, etc.)

23

10

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR GWEN PETTEWAY
Case No. CV 08-1190

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Gwen Petteway, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by Gwen Petteway, or by any employee or agent acting on behalf of SCI or Gwen Petteway Concerning SCI, Gwen Petteway, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or Gwen Petteway Concerning any matter in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Gwen Petteway, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, Gwen Petteway, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR GWEN PETTEWAY
Case No. CV 08-1190

1   *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

2   *Personal Jurisdiction Issues for Gwen Petteway, all Documents identified in this response need to be*

3   *produced.)*

4

5   **INTERROGATORY NO. 16:**

6   Identify and Describe in Detail during the Relevant Time Period any Policy, decision,

7   efforts, actions, or contacts that SCI, Gwen Petteway or any Defendant for which the court's

8   personal jurisdiction is in dispute has ever had with or directed toward the State of California

9   itself (or its entities) or any Person within California, or that any forenamed entity has ever

10  had with or directed toward Gwen Petteway.

11  *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

12  *Personal Jurisdiction Issues for Gwen Petteway, all Documents identified in this response need to be*

13  *produced.)*

14

15  **INTERROGATORY NO. 17:**

16  Identify and Describe in Detail during the Relevant Time Period any business

17  operations or efforts conducted, sought, negotiated, promoted or abandoned by Gwen

18  Petteway with any Person within California or Concerning California, and provide

19  Identification and Description in Detail of any profits, sales, revenues or business of any kind

20  that SCI, Gwen Petteway or any SCI affiliated entity or location in California can attribute,

21  whether directly or indirectly, to operations in California.

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR GWEN PETTEWAY
Case No. CV 08-1190

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Gwen Petteway, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 18:**

Identify and Describe in Detail during the Relevant Time Period (including full Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or Gwen Petteway to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Gwen Petteway, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 19:**

Identify and Describe in Detail during the Relevant Time Period any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, Gwen Petteway or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and Identify and Describe in Detail any legal Documents related to such matters.

13

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR GWEN PETTEWAY
Case No. CV 08-1190

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Gwen Petteway, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 20:**

Identify and Describe in Detail the "20,000 employees in North America" for whom Jane Jones "oversees human resources, training, education and payroll and commissions services" (per SCI's 2008 Form 10-k SEC Annual Report filing), and Identify and Describe in Detail such employees' work locations, any Communications or contact of any kind Jane Jones has had from such employees or has made to such employees and the scope and content of the oversight and provision of such services to employees by Jane Jones or Persons acting on her behalf.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Gwen Petteway, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 21:**

Identify and Describe in Detail during the Relevant Time Period "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR GWEN PETTEWAY
Case No. CV 08-1190

1     *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

2 *Personal Jurisdiction Issues for Gwen Petteway, all Documents identified in this response need to be*

3 *produced.)*

4

5 **INTERROGATORY NO. 22:**

6     Identify and Describe in Detail during the Relevant Time Period each position

7 (including any board, officer, employment or other position) or job with SCI or any SCI

8 affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis

9 Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities,

10 duties and roles for such positions, and Identify and Describe in Detail any and all human

11 resource and employment Documentation or Documentation of any kind regarding or with

12 any relation to the employment of these individuals.

13     *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

14 *Personal Jurisdiction Issues for Gwen Petteway, all Documents identified in this response need to be*

15 *produced.)*

16

17 **INTERROGATORY NO. 23:**

18     Identify and Describe in Detail during the Relevant Time Period any contact that SCI,

19 Gwen Petteway, any SCI affiliated entity or location in California, or any employee or agent

20 acting on their behalf, has had with California, or Concerning any matter within California.

21

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR GWEN PETTEWAY
Case No. CV 08-1190

1      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

2   *Personal Jurisdiction Issues for Gwen Petteway, all Documents identified in this response need to be*

3   *produced.)*

4

5                                             Respectfully Submitted,
                                             DOLIN, THOMAS & SOLOMON LLP

6

7   Date: October 8, 2008           By: _Annette Gifford_____
                                             Patrick J. Solomon, NY Attorney No. 2716660
8                                             J. Nelson Thomas, NY Attorney No. 2579159
                                             Annette Gifford, NY Attorney No. 4105870
9                                             693 East Avenue
                                             Rochester, NY 14607
10                                           Telephone: (585) 272-0540

11                                           ROSEN, BIEN & GALVAN, LLP
                                             Sanford Jay Rosen, State Bar No. 62566
12                                           Maria V. Morris, State Bar No. 223903
                                             Lori E. Rifkin, State Bar No. 244081
13                                           315 Montgomery Street, Tenth Floor
                                             San Francisco, CA 94104
14                                           Telephone: (415) 433-6830

15                                           MARGOLIS EDELSTEIN
                                             Charles H. Saul, PA State Bar No.19938
16                                           525 William Penn Place, Suite 3300
                                             Pittsburgh, PA 15219
17                                           Telephone: (412) 281-4256

18                                           Attorneys for Plaintiffs

19

20

21

22

23
                                             16

1    Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
2    Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
3    315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
4    Telephone: (415) 433-6830
Facsimile: (415) 433-7104
5    srosen@rbg-law.com

6    [Additional Counsel Listed on Following Page]

7    Attorneys for Plaintiffs

8                UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10           SAN FRANCISCO/OAKLAND DIVISION

11

12    CLAUDE BRYANT, JOSEPH BIERNACKI,    )   Case No. CV 08-1190
GORDON FARMER, RHEALYN HOLLAND,   )
13    JAMES STICKLE, ELEANOR RIGGIO, FRANK )   **PLAINTIFFS' FIRST REQUEST FOR**
ACUNA, RICHARD LAMASTERS, KENNETH )   **PRODUCTION OF DOCUMENTS**
14    ALLEN, CRAIG FULCHER, SANFORD      )   **REGARDING PERSONAL**
LEVINE and THOMAS THOMPSON, on     )   **JURISDICTION ISSUES FOR THOMAS**
15    behalf of themselves and all other employees and )   **RYAN**
former employees similarly situated,      )
16                             )
              Plaintiffs,         )
17                             )
v.                            )
18                             )
SERVICE CORPORATION INTERNATIONAL,)
19    SCI    FUNERAL    AND    CEMETERY)
PURCHASING   COOPERATIVE,   INC.,   SCI)
20    EASTERN MARKET SUPPORT CENTER, L.P.,)
SCI WESTERN MARKET SUPPORT CENTER,)
21    L.P. a/k/a SCI WESTERN MARKET SUPPORT)
CENTER, INC., SCI HOUSTON MARKET)
22    SUPPORT CENTER, L.P., JANE D. JONES,)
GWEN   PETTEWAY,   THOMAS   RYAN,   and)
23    CURTIS BRIGGS,                 )
                            )
24             Defendants.     )
                            )
25                             )
                            )
26    _____ )

27

1   Additional Attorneys for Plaintiffs, who have been
    admitted *pro hac vice*:

2

3   Patrick J. Solomon, NY Attorney No. 2716660
    J. Nelson Thomas, NY Attorney No. 2579159
    Annette Gifford, NY Attorney No. 4105870

4   DOLIN, THOMAS & SOLOMON LLP
    693 East Avenue

5   Rochester, NY 14607
    Telephone: (585) 272-0540

6   Facsimile:  (585) 272-0574
    nthomas@theemploymentattorneys.com

7

    Charles H. Saul, PA State Bar No.19938
8   MARGOLIS EDELSTEIN
    525 William Penn Place

9   Suite 3300
    Pittsburgh, PA 15219

10  Telephone: (412) 281-4256
    Facsimile: (412) 642-2380

11  csaul@margolisedelstein.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

1    Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 34, Plaintiffs request that

2  Defendant respond in writing, under oath, and produce the requested Documents set forth in

3  the following Request for Production of Documents within 30 calendar days of service of this

4  request to Dolin, Thomas & Solomon LLP, 693 East Avenue, Rochester, New York 14607.

5    **PLEASE NOTE**:   This Request for Production of Documents shall be deemed

6  continuing and shall be supplemented when necessary to reflect Documents found, events

7  occurring and/or information becoming available subsequent to the service of Defendant's

8  response to this discovery demand.

9    ## DEFINITIONS AND INSTRUCTIONS

10    1.    When used in this document, the following terms are defined as follows.

11  Defendant is to use these definitions in responding to the requests:

12    1)    **Communication**: means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

13

14    2)    **Concerning**: means relating to, referring to, describing, evidencing or constituting.

15    3)    **Defendant, Plaintiffs or Parties (as well as a Party's full or abbreviated name or a pronoun referring to a Party)**: means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

16

17    4)    **Compensation**: includes all pay and benefits of any kind provided by the Defendant to the Plaintiffs, including any Salary/Benefit Data.

18

19    5)    **Document**: is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate Document within the meaning of this term.

20

21

22    6)    **Person**: means any natural Person or any business, legal or governmental entity or association.

23

1

7) **Policies and Practices:** means any rule, instruction, letter, e-mail, guideline, guidance, meeting minute notes, policy, procedure, practice, statement, or memorandum Concerning Defendant's approach to handling issue(s).

8) **Personnel File:** means any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, Salary/Benefit Data, Compensation, benefits and other similar records. This definition is not limited to the Defendant's description of a "personnel file," but includes all the Documents listed above no matter how maintained.

9) **Documentation:** means all memos, forms, paperwork, email, transcription, written Communication of any kind, etc.

10) **Relevant Time Period:** means January 1, 2000 to the present.

11) The terms **"all"** and **"each"** shall be construed as "all and each."

12) The connectives **"and"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2.    Should Defendant object to any request, Defendant shall respond to any portion of the request that is not objectionable.

3.    Each response shall relate to both any Documents maintained at Defendant's or its successors' headquarters or other centralized location and as any other location owned, operated or controlled by Defendant.

4.    If any Document is produced in redacted form, that portion of the Document that is redacted should be identified and the response should, with respect to each such redaction, identify the basis for producing the Document in redacted form.

2

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

5.    If any Document is withheld under a claim of privilege or other protection, please provide all of the following information with respect to any such Document, so as to aid the Court and the Parties hereto in determining the validity of the claim of privilege or other protection:

1)    The identity of the Person(s) who prepared the Document, who signed the Document, and over whose name it was sent or issued;

2)    The identity of the Person(s) to whom the Document was directed;

3)    The nature and substance of the Document, with sufficient particularity to enable the Court and the Parties to identify the Document;

4)    The date of the Document;

5)    The identity of the Person(s) who has (have) custody of, or control over, the Document and each copy thereof;

6)    The identity of each person to whom a copy of the Document was furnished;

7)    The number of pages of the Document;

8)    The basis on which any privilege or other protection is claimed; and

9)    Whether any non-privileged or non-protected matter is included in the Document.

6.    If counsel for Defendant should require any clarification of any requests, said counsel should contact Dolin, Thomas & Solomon LLP, counsel for Plaintiffs.

7.    All Documents produced by Defendant pursuant to this request shall be produced electronically in **Tagged Image File Format (".tiff")**.

3

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

1

## DOCUMENTS TO BE PRODUCED

2

**REQUEST FOR DOCUMENTS NO. 1:**

3          All Documents referred to or reflected in the interrogatories, and for every Document

4   defendants produce in this matter, identify the discovery request, paragraph(s) of the

5   complaint and/or answer to which the Document is relevant.

6

7

**REQUEST FOR DOCUMENTS NO. 2:**

8          All Documentation, for the Relevant Time Period, Concerning or describing all

9   employees of Thomas Ryan, Service Corporation International ("SCI"), or any SCI affiliated

10  entity or location in California either located in or having any responsibilities in California,

11  and all Documentation for each such employee Concerning employment contracts or

12  agreements and human resource information of any kind related to such employees. (A proper

13  response includes, but is not limited to, production of all Documentation Concerning any

14  employee arbitration agreements, non-compete agreements, flow charts, organization charts,

15  other information or Documentation providing any explanation of the employees' job duties,

16  position or role within the company, Personnel Files, disciplinary, hiring or promotion

17  Documentation or any other human resource Documentation as to such employees.)

18

19

**REQUEST FOR DOCUMENTS NO. 3:**

20         All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction,

21  wage reporting and benefits structure and systems of SCI, Thomas Ryan and any SCI affiliated

22  entity or location in California, and all Documentation Concerning the pay information, wage

23

4

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, production of all Documentation such as any employee paystubs, Compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to, production of all Documentation Concerning which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**REQUEST FOR DOCUMENTS NO. 4:**

All Documentation, for the Relevant Time Period, Concerning all employment Practices and Policies that applied to employees of SCI, Thomas Ryan or any SCI affiliated entity or location in California, and Documentation Concerning the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, Thomas Ryan or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the production of Documentation Conerning all employee handbooks (including production of the handbooks themselves) or Policies applied to such employees during the Relevant Time Period, and the production of all Documentation Concerning the forenamed

1  Parties, and any involvement they had with such Policies such as reviewing them, providing

2  advice on them, promulgating them, enforcing them or implementing them.)

3

4  **REQUEST FOR DOCUMENTS NO. 5:**

5        All Documentation, for the Relevant Time Period, Concerning the corporate structure

6  for SCI, Thomas Ryan and any SCI affiliated entity or location in California and

7  Documentation Concerning each party's manner of, method of, knowledge of, involvement in,

8  or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee

9  relations of any kind in relation to any employee of SCI, Thomas Ryan or any SCI affiliated

10 entity or location in California. (A proper response includes, but is not limited to, production

11 of all Documentation, as to each forenamed party, of such things as organizational or flow

12 charts, Documentation of responsibilities of all employees, Documentation of

13 reporting/management structure, Documentation of banking systems and accounts,

14 Documentation of Compensation and benefits systems, Documentation regarding human

15 resource implementation and processes, Documentation regarding systems for recording hours,

16 Documentation regarding accounting systems, employer/employee lists, Documentation of

17 bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list

18 of who has access to them), and their corporate position, responsibilities and reporting

19 structure (who these Parties report to, and who reports to any of these Parties).)

20

21 **REQUEST FOR DOCUMENTS NO. 6:**

22

23

6

All Documentation, for the Relevant Time Period, Concerning all reporting requirements imposed on SCI, Thomas Ryan or any SCI affiliated entity or location in California by any Person, and Documentation Concerning all reporting requirements imposed by SCI, Thomas Ryan or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, production of Documentation regarding reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**REQUEST FOR DOCUMENTS NO. 7:**

All Documentation, for the Relevant Time Period, Concerning all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Thomas Ryan or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**REQUEST FOR DOCUMENTS NO. 8:**

All Documentation, for the Relevant Time Period, Concerning all agents or employees of SCI, Thomas Ryan or any SCI affiliated entity or location in California, who Communicated in any fashion to Thomas Ryan Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of Thomas Ryan; and Documentation Concerning all

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

Persons who ever spoke with, reported to or otherwise contacted Thomas Ryan from within California, or Concerning any matters therein.

**REQUEST FOR DOCUMENTS NO. 9:**

All Documentation, for the Relevant Time Period, Concerning all actions taken or transactions made within or Concerning California by SCI, Thomas Ryan, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**REQUEST FOR DOCUMENTS NO. 10:**

All Documentation, for the Relevant Time Period, of any kind received by, read by, sent by, or otherwise Communicated to or by SCI, Thomas Ryan, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, to or by any Person in California or Concerning any matter within California. (A proper response includes production of all Documentation of any Communications Concerning SCI, Thomas Ryan, any SCI affiliated entity or location in California, and any other matters, and also includes, but is not limited to, all electronic mail, mail, letters, flyers, newsletters, memos, forms, paperwork, correspondence of any kind, Documents, etc.)

**REQUEST FOR DOCUMENTS NO. 11:**

All Documentation, for the Relevant Time Period, Concerning any conversations that SCI, Thomas Ryan, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with any Person within California or Concerning any

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

1    matters in California. (A proper response includes all Documentation Concerning any

2    conversations with anyone about matters Concerning SCI, Thomas Ryan, any SCI affiliated

3    entity or location in California, the general public or otherwise, and also includes, but is not

4    limited to, telephone conversations and records, Personal conversations, internet

5    conversations, meeting minutes, etc.)

6

7    **REQUEST FOR DOCUMENTS NO. 12:**

8         All Documentation, for the Relevant Time Period, Concerning any trips or visits made

9    to California by Thomas Ryan, or by any employee or agent acting on behalf of SCI or

10   Thomas Ryan Concerning SCI, Thomas Ryan, or any SCI affiliated entity or location in

11   California; and all Documentation Concerning any trips or visits made by any Person to

12   contact SCI or Thomas Ryan Concerning any matter in California.

13

14   **REQUEST FOR DOCUMENTS NO. 13:**

15        All Documentation, for the Relevant Time Period, Concerning any Policies or decisions

16   of SCI, Thomas Ryan, or any SCI affiliated entity or location in California that were made or

17   established in an effort to comply with any law of the State of California, or to promote an

18   SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that

19   such Parties have made with any entity of the State of California, or the State of California

20   itself.

21

22   **REQUEST FOR DOCUMENTS NO. 14:**

23

1    All Documentation, for the Relevant Time Period, Concerning any Policy, decision,

2 efforts, actions, or contacts that SCI, Thomas Ryan or any Defendant for which the court's

3 personal jurisdiction is in dispute has ever had with or directed toward the State of California

4 itself (or its entities) or any Person within California, or that any forenamed entity has ever

5 had with or directed toward Thomas Ryan.

6

7 **REQUEST FOR DOCUMENTS NO. 15:**

8    All Documentation, for the Relevant Time Period, Concerning any business operations

9 or efforts conducted, sought, negotiated, promoted or abandoned by Thomas Ryan with any

10 Person within California or Concerning California, and provide all Documentation Concerning

11 any profits, sales, revenues or business of any kind that SCI, Thomas Ryan or any SCI

12 affiliated entity or location in California can attribute, whether directly or indirectly, to

13 operations in California.

14

15 **REQUEST FOR DOCUMENTS NO. 16:**

16    All Documentation, for the Relevant Time Period, Concerning any business service,

17 customer service or human resources assistance (including, but not limited to, Documents,

18 forms, advice, service, help of any kind etc.) rendered by SCI or Thomas Ryan to any Person

19 within California, including to any SCI affiliated entity or location in California or Concerning

20 any SCI corporate operation or employee in California.

21

22 **REQUEST FOR DOCUMENTS NO. 17:**

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

1    All Documentation, for the Relevant Time Period, Concerning any legal action or

2   arbitration/mediations taken by or against, or otherwise involving SCI, Thomas Ryan or any

3   SCI affiliated entity or location in California by or against any Person within California or

4   Concerning any matter within California, whether in California federal or state court; and all

5   legal Documentation related to such matters.

6

7   **REQUEST FOR DOCUMENTS NO. 18:**

8    All Documentation Concerning the "20,000 employees in North America" for whom

9   Jane Jones "oversees human resources, training, education and payroll and commissions

10  services" (per SCI's 2008 Form 10-k SEC Annual Report filing), and all Documentation

11  Concerning such employees' work locations, any Communications or contact of any kind Jane

12  Jones has had from such employees or has made to such employees and the scope and content

13  of the oversight and provision of such services to employees by Jane Jones or Persons acting on

14  her behalf.

15

16  **REQUEST FOR DOCUMENTS NO. 19:**

17   All Documentation, for the Relevant Time Period, Concerning "the human resources

18  services of the subsidiary and affiliate companies of SCI," and "training and benefits provided

19  to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to

20  her declaration of July 9, 2007.

21

22  **REQUEST FOR DOCUMENTS NO. 20:**

23

11

---

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING<br>PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN<br>Case No. CV 08-1190

1    All Documentation, for the Relevant Time Period, Concerning each position (including

2    any board, officer, employment or other position) or job with SCI or any SCI affiliated entity

3    or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and

4    Thomas Ryan have held, and for each produce all Documentation describing the

5    corresponding responsibilities, duties and roles for such positions, and all human resource and

6    employment Documentation or Documentation of any kind regarding or with any relation to

7    the employment of these individuals.

8

9    **REQUEST FOR DOCUMENTS NO. 21:**

10    All Documentation, for the Relevant Time Period, Concerning any contact that SCI,

11    Thomas Ryan, any SCI affiliated entity or location in California, or any employee or agent

12    acting on their behalf, has had with California, or Concerning any matter within California.

13

14                                                    Respectfully Submitted,
                                                      DOLIN, THOMAS & SOLOMON LLP

15

16    Date: October 8, 2008                           By: _Annette Gifford_
                                                      Patrick J. Solomon, NY Attorney No. 2716660
17                                                    J. Nelson Thomas, NY Attorney No. 2579159
                                                      Annette Gifford, NY Attorney No. 4105870
18                                                    693 East Avenue
                                                      Rochester, NY 14607
19                                                    Telephone: (585) 272-0540

20                                                    ROSEN, BIEN & GALVAN, LLP
                                                      Sanford Jay Rosen, State Bar No. 62566
21                                                    Maria V. Morris, State Bar No. 223903
                                                      Lori E. Rifkin, State Bar No. 244081
22                                                    315 Montgomery Street, Tenth Floor
                                                      San Francisco, CA 94104

23

                                                      12

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

1

Telephone: (415) 433-6830

2

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938

3

525 William Penn Place, Suite 3300
Pittsburgh, PA 15219

4

Telephone: (412) 281-4256

5

Attorneys for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

1   Sanford Jay Rosen, State Bar No. 62566
    Maria V. Morris, State Bar No. 223903
2   Lori E. Rifkin, State Bar No. 244081
    ROSEN, BIEN & GALVAN, LLP
3   315 Montgomery Street, Tenth Floor
    San Francisco, CA 94104
4   Telephone: (415) 433-6830
    Facsimile:  (415) 433-7104
5   srosen@rbg-law.com

6   [Additional Counsel Listed on Signature Page]

7   Attorneys for Plaintiffs

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO/OAKLAND DIVISION

11

12  CLAUDE BRYANT, JOSEPH BIERNACKI,     )  Case No. CV 08-1190
    GORDON FARMER, RHEALYN HOLLAND,      )
13  JAMES STICKLE, ELEANOR RIGGIO, FRANK )  **PLAINTIFFS' FIRST SET OF**
    ACUNA, RICHARD LAMASTERS, KENNETH    )  **INTERROGATORIES REGARDING**
14  ALLEN, CRAIG FULCHER, SANFORD        )  **PERSONAL JURISDICTION ISSUES**
    LEVINE and THOMAS THOMPSON, on       )  **FOR THOMAS RYAN**
15  behalf of themselves and all other employees and )
    former employees similarly situated,  )
16                                        )
                                          )
17                     Plaintiffs,        )
                                          )
18  v.                                    )
                                          )
19  SERVICE CORPORATION INTERNATIONAL,)
    SCI    FUNERAL    AND    CEMETERY)
20  PURCHASING   COOPERATIVE,   INC.,  SCI)
    EASTERN MARKET SUPPORT CENTER, L.P.,)
21  SCI WESTERN MARKET SUPPORT CENTER,)
    L.P. a/k/a SCI WESTERN MARKET SUPPORT)
22  CENTER,  INC.,  SCI  HOUSTON  MARKET)
    SUPPORT  CENTER,  L.P.,  JANE  D.  JONES,)
23  GWEN  PETTEWAY,  THOMAS  RYAN,  and)
    CURTIS BRIGGS,                        )
24                                        )
                       Defendants.        )
25                                        )
                                          )
26  _____ )

27

---

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

1    Additional Attorneys for Plaintiffs, who have been
     admitted *pro hac vice*:

2

3    Patrick J. Solomon, NY Attorney No. 2716660
     J. Nelson Thomas, NY Attorney No. 2579159
     Annette Gifford, NY Attorney No. 4105870

4    DOLIN, THOMAS & SOLOMON LLP
     693 East Avenue

5    Rochester, NY 14607
     Telephone: (585) 272-0540

6    Facsimile:  (585) 272-0574
     nthomas@theemploymentattorneys.com

7
     Charles H. Saul, PA State Bar No.19938

8    MARGOLIS EDELSTEIN
     525 William Penn Place

9    Suite 3300
     Pittsburgh, PA 15219

10   Telephone: (412) 281-4256
     Facsimile: (412) 642-2380

11   csaul@margolisedelstein.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 34, Plaintiffs request that Defendant respond in writing, under oath, to the following interrogatories within 30 calendar days of service of this request.

**PLEASE NOTE**: This Set of Interrogatories shall be deemed continuing and shall be supplemented when necessary to reflect events occurring and/or information becoming available subsequent to the service of Defendant's response to this discovery demand.

## DEFINITIONS AND INSTRUCTIONS

1.     When used in this Document, the following terms are defined as follows. Defendant is to use these definitions in responding to the requests:

1)   **Communication**: means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2)   **Concerning**: means relating to, referring to, describing, evidencing or constituting.

3)   **Defendant, Plaintiffs or Parties (as well as a Party's full or abbreviated name or a pronoun referring to a Party)**: means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

4)   **Describe in Detail or Set Forth the Factual Basis**: means to: (i) describe fully by reference to underlying facts rather than by ultimate facts or conclusion of facts or law; and (ii) particularize as to (a) times, (b) place, and (c) manner.

5)   **Document**: is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate Document within the meaning of this term.

6)   **Identify (when referring to a Person)**: means to give, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, additionally, the present or last known place of employment.  Once a Person has been identified in accordance

1

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

with this subparagraph, only the name of that Person need be listed in response to subsequent discovery requesting the Identification of that Person.

7)   **Identify (when referring to a Document):** means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s) and recipients(s). Alternatively, if a Document is being produced and Bates numbered, the Bates number alone can be identified.

8)   **Identify (when referring to an oral statement, interview conversation or conference):** means to (i) Identify the Person making each statement, the Person to whom each statement was made, and all other Persons present at the time of each statement; (ii) state the date of such statement, conversation, or conference; (iii) state the place where such statement or conversation was held; or (iv) if by telephone, the Persons making the call and state the places where the Persons participating in the call were located; and (v) Describe in Detail the substance of each statement, conversation, or conference.

9)   **Identify (when referring to an act):** means to (i) state the date and place of the act; (ii) Identify the Person acting; (iii) Identify the Person for whom the act was performed; (iv) Identify the Person against whom the act was performed; (v) Identify all Persons to the act; and (vi) Describe the act in Detail.

10)  **Identify (when referring to a Policy or Practice):** means full Identification of all such Policies and Practices and Documents Concerning such Practices, and additionally includes, but is not limited to: i) the dates during which the Policy or Practice was in effect; ii) a description of the Policy or Practice; iii) whether the Policy or Practice was formal or informal; iv) whether the Policy or Practice was written or oral; v) who was responsible for formulating the Policy or Practice; vi) how the Policy was distributed; and vii) who was responsible for enforcing the Policy or Practice.

11)  **Person:** means any natural Person or any business, legal or governmental entity or association.

12)  **Policies and Practices:** means any rule, instruction, letter, e-mail, guideline, guidance, meeting minute notes, policy, procedure, practice, statement, or memorandum Concerning Defendant's approach to handling issue(s).

2

13)  **Relevant Time Period:** means January 1, 2000 to the present.

2.  Should Defendant object to any request, Defendant shall respond to any portion of the request that is not objectionable.

3.  If any information is withheld under a claim of privilege or other protection, please provide all of the following information with respect to any such information, so as to aid the Court and the Parties in determining the validity of the claim of privilege or other protection:

(a)  The nature and substance of the information, with sufficient particularity to enable the Court and the Parties hereto to Identify the information;

(b)  The basis on which any privilege or other protection is claimed; and

(c)  Whether any non-privileged or non-protected matter is included in the information.

4.  If counsel for Defendant should need any clarification of any interrogatories, said counsel should contact Dolin, Thomas & Solomon LLP or Margolis Edelstein, counsel for Plaintiffs.

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

# INTERROGATORIES

## INTERROGATORY NO. 1:

Identify each Person who has been asked to locate Documents or provide information to respond to any discovery requests in this matter, and Identify which requests the Person was asked to provide information or Documents for and whether the individual provided information or Documents for that response.

## INTERROGATORY NO. 2:

For every Document defendants produce in this matter, Identify the discovery request, and/or paragraph(s) of the complaint to which the Document is relevant.

## INTERROGATORY NO. 3:

For each Document request or interrogatory, Identify what classes of Documents or information is being produced in response to that inquiry; what classes and on what basis Documents or information are being withheld; and what efforts were made to locate responsive information and Documents.

## INTERROGATORY NO. 4:

Identify and Describe in Detail during the Relevant Time Period all employees of Thomas Ryan, Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and

4

human resource Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI, Thomas Ryan and any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee paystubs, compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification and Description in Detail of which employees were paid, when they were paid, by whom they were paid, from what accounts and whose

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

1   accounts they were paid, who took pay deductions and how, who was responsible for reporting

2   wages and taxes etc.)

3       *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

4   *Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be*

5   *produced.)*

6

7   **INTERROGATORY NO. 6:**

8       Identify and Describe in Detail during the Relevant Time Period all employment

9   Practices and Policies that applied to employees of SCI, Thomas Ryan or any SCI affiliated

10  entity or location in California, and Identify and Describe in Detail the manner and means by

11  which these employment Practices and company Policies were developed, put into Practice and

12  enforced, and any involvement that SCI, Thomas Ryan or any SCI affiliated entity or location

13  had in relation to those Policies and Practices. (A proper response includes, but is not limited

14  to, the Identification and Description in Detail of all employee handbooks or Policies applied

15  to such employees during the Relevant Time Period, and Identification and Description in

16  Detail of the forenamed Parties, and any involvement they had with such Policies such as

17  reviewing them, providing advice on them, promulgating them, enforcing them or

18  implementing them.)

19      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

20  *Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be*

21  *produced.)*

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI, Thomas Ryan and any SCI affiliated entity or location in California and Identify and Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, Thomas Ryan or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be produced.)*

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

**INTERROGATORY NO. 8:**

Identify and Describe in Detail during the Relevant Time Period all reporting requirements imposed on SCI, Thomas Ryan or any SCI affiliated entity or location in California by any Person, and Identify and Describe in Detail all reporting requirements imposed by SCI, Thomas Ryan or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Thomas Ryan or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be produced.)*

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

**INTERROGATORY NO. 10:**

Identify and Describe in Detail during the Relevant Time Period all agents or employees of SCI, Thomas Ryan or any SCI affiliated entity or location in California, who communicated in any fashion to Thomas Ryan Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of Thomas Ryan; and Identify and Describe in Detail all Persons who ever spoke with, reported to or otherwise contacted Thomas Ryan from within California, or Concerning any matters therein.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or Concerning California by SCI, Thomas Ryan, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be produced.)*

9

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

**INTERROGATORY NO. 12:**

Identify and Describe in Detail during the Relevant Time Period all Documentation of any kind received by, read by, sent by, or otherwise communicated to or by SCI, Thomas Ryan, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, to or by any Person in California or Concerning any matter within California. (A proper response includes Identification and Description in Detail of Communications Concerning SCI, Thomas Ryan, any SCI affiliated entity or location in California, and any other matters, and also includes, but is not limited to, all electronic mail, mail, letters, flyers, newsletters, memos, forms, paperwork, correspondence of any kind, Documents, etc.)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 13:**

Identify and Describe in Detail during the Relevant Time Period any conversations that SCI, Thomas Ryan, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with any Person within California or Concerning any matters in California. (A proper response includes Identification and Description in Detail of conversations with anyone about matters Concerning SCI, Thomas Ryan, any SCI affiliated entity or location in California, the general public or otherwise, and also includes, but is not limited to, telephone conversations and records, Personal conversations, internet conversations, meeting minutes, etc.)

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

1    *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

2    *Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be*

3    *produced.)*

4

5    **INTERROGATORY NO. 14:**

6        Identify and Describe in Detail during the Relevant Time Period any trips or visits

7    made to California by Thomas Ryan, or by any employee or agent acting on behalf of SCI or

8    Thomas Ryan Concerning SCI, Thomas Ryan, or any SCI affiliated entity or location in

9    California; and Identify and Describe in Detail any trips or visits made by any Person to

10    contact SCI or Thomas Ryan Concerning any matter in California.

11        *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

12    *Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be*

13    *produced.)*

14

15    **INTERROGATORY NO. 15:**

16        Identify and Describe in Detail during the Relevant Time Period any Policies or

17    decisions of SCI, Thomas Ryan, or any SCI affiliated entity or location in California that were

18    made or established in an effort to comply with any law of the State of California, or to

19    promote an SCI affiliated entity's or location's compliance with such laws, or any contact of

20    any kind that such Parties have made with any entity of the State of California, or the State of

21    California itself.

22

23

11

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

1    *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

2    *Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be*

3    *produced.)*

4

5    **INTERROGATORY NO. 16:**

6    Identify and Describe in Detail during the Relevant Time Period any Policy, decision,

7    efforts, actions, or contacts that SCI, Thomas Ryan or any Defendant for which the court's

8    personal jurisdiction is in dispute has ever had with or directed toward the State of California

9    itself (or its entities) or any Person within California, or that any forenamed entity has ever

10   had with or directed toward Thomas Ryan.

11   *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

12   *Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be*

13   *produced.)*

14

15   **INTERROGATORY NO. 17:**

16   Identify and Describe in Detail during the Relevant Time Period any business

17   operations or efforts conducted, sought, negotiated, promoted or abandoned by Thomas Ryan

18   with any Person within California or Concerning California, and provide Identification and

19   Description in Detail of any profits, sales, revenues or business of any kind that SCI, Thomas

20   Ryan or any SCI affiliated entity or location in California can attribute, whether directly or

21   indirectly, to operations in California.

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 18:

Identify and Describe in Detail during the Relevant Time Period (including full Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or Thomas Ryan to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be produced.)*

## INTERROGATORY NO. 19:

Identify and Describe in Detail during the Relevant Time Period any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, Thomas Ryan or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and Identify and Describe in Detail any legal Documents related to such matters.

13

1    *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

2    *Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be*

3    *produced.)*

4

5    **INTERROGATORY NO. 20:**

6        Identify and Describe in Detail the "20,000 employees in North America" for whom

7    Jane Jones "oversees human resources, training, education and payroll and commissions

8    services" (per SCI's 2008 Form 10-k SEC Annual Report filing), and Identify and Describe in

9    Detail such employees' work locations, any Communications or contact of any kind Jane Jones

10   has had from such employees or has made to such employees and the scope and content of the

11   oversight and provision of such services to employees by Jane Jones or Persons acting on her

12   behalf.

13       *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

14   *Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be*

15   *produced.)*

16

17   **INTERROGATORY NO. 21:**

18       Identify and Describe in Detail during the Relevant Time Period "the human resources

19   services of the subsidiary and affiliate companies of SCI," and "training and benefits provided

20   to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to

21   her declaration of July 9, 2007.

22

23

---

14

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 23:**

Identify and Describe in Detail during the Relevant Time Period any contact that SCI, Thomas Ryan, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Thomas Ryan, all Documents identified in this response need to be produced.)*

Respectfully Submitted,
DOLIN, THOMAS & SOLOMON LLP

Date: October 8, 2008

By: *Annette Gifford*

Patrick J. Solomon, NY Attorney No. 2716660
J. Nelson Thomas, NY Attorney No. 2579159
Annette Gifford, NY Attorney No. 4105870
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

ROSEN, BIEN & GALVAN, LLP
Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256

Attorneys for Plaintiffs

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR THOMAS RYAN
Case No. CV 08-1190

1  Sanford Jay Rosen, State Bar No. 62566
   Maria V. Morris, State Bar No. 223903
2  Lori E. Rifkin, State Bar No. 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830
   Facsimile: (415) 433-7104
5  srosen@rbg-law.com

6  [Additional Counsel Listed on Following Page]

7  Attorneys for Plaintiffs

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO/OAKLAND DIVISION

11

12  CLAUDE BRYANT, JOSEPH BIERNACKI,          )  Case No. CV 08-1190
    GORDON FARMER, RHEALYN HOLLAND,           )
13  JAMES STICKLE, ELEANOR RIGGIO, FRANK      )  **PLAINTIFFS' FIRST REQUEST FOR**
    ACUNA, RICHARD LAMASTERS, KENNETH         )  **PRODUCTION OF DOCUMENTS**
14  ALLEN, CRAIG FULCHER, SANFORD             )  **REGARDING PERSONAL**
    LEVINE and THOMAS THOMPSON, on            )  **JURISDICTION ISSUES FOR CURTIS**
15  behalf of themselves and all other employees and )  **BRIGGS**
    former employees similarly situated,       )
16                                             )
                      Plaintiffs,              )
17                                             )
    v.                                         )
18                                             )
    SERVICE CORPORATION INTERNATIONAL,)
19  SCI   FUNERAL   AND   CEMETERY)
    PURCHASING   COOPERATIVE,   INC.,   SCI)
20  EASTERN MARKET SUPPORT CENTER, L.P.,)
    SCI WESTERN MARKET SUPPORT CENTER,)
21  L.P. a/k/a SCI WESTERN MARKET SUPPORT)
    CENTER,   INC.,   SCI   HOUSTON   MARKET)
22  SUPPORT CENTER, L.P., JANE D. JONES,)
    GWEN   PETTEWAY,   THOMAS   RYAN,   and)
23  CURTIS BRIGGS,                            )
                                              )
24                    Defendants.             )
                                              )
25                                            )
                                              )
26  _____)

27

Additional Attorneys for Plaintiffs, who have been admitted *pro hac vice*:

Patrick J. Solomon, NY Attorney No. 2716660
J. Nelson Thomas, NY Attorney No. 2579159
Annette Gifford, NY Attorney No. 4105870
DOLIN, THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
Facsimile:  (585) 272-0574
nthomas@theemploymentattorneys.com

Charles H. Saul, PA State Bar No.19938
MARGOLIS EDELSTEIN
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256
Facsimile: (412) 642-2380
csaul@margolisedelstein.com

Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 34, Plaintiffs request that Defendant respond in writing, under oath, and produce the requested Documents set forth in the following Request for Production of Documents within 30 calendar days of service of this request to Dolin, Thomas & Solomon LLP, 693 East Avenue, Rochester, New York 14607.

**PLEASE NOTE:**   This Request for Production of Documents shall be deemed continuing and shall be supplemented when necessary to reflect Documents found, events occurring and/or information becoming available subsequent to the service of Defendant's response to this discovery demand.

## DEFINITIONS AND INSTRUCTIONS

1.     When used in this document, the following terms are defined as follows. Defendant is to use these definitions in responding to the requests:

1)   **Communication**: means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2)   **Concerning**: means relating to, referring to, describing, evidencing or constituting.

3)   **Defendant, Plaintiffs or Parties (as well as a Party's full or abbreviated name or a pronoun referring to a Party)**: means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

4)   **Compensation**: includes all pay and benefits of any kind provided by the Defendant to the Plaintiffs, including any Salary/Benefit Data.

5)   **Document**: is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.   A draft or non-identical copy is a separate Document within the meaning of this term.

6)   **Person**: means any natural Person or any business, legal or governmental entity or association.

1

7) **Policies and Practices:** means any rule, instruction, letter, e-mail, guideline, guidance, meeting minute notes, policy, procedure, practice, statement, or memorandum Concerning Defendant's approach to handling issue(s).

8) **Personnel File:** means any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, Salary/Benefit Data, Compensation, benefits and other similar records. This definition is not limited to the Defendant's description of a "personnel file," but includes all the Documents listed above no matter how maintained.

9) **Documentation:** means all memos, forms, paperwork, email, transcription, written Communication of any kind, etc.

10) **Relevant Time Period:** means January 1, 2000 to the present.

11) The terms "**all**" and "**each**" shall be construed as "all and each."

12) The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2. Should Defendant object to any request, Defendant shall respond to any portion of the request that is not objectionable.

3. Each response shall relate to both any Documents maintained at Defendant's or its successors' headquarters or other centralized location and as any other location owned, operated or controlled by Defendant.

4. If any Document is produced in redacted form, that portion of the Document that is redacted should be identified and the response should, with respect to each such redaction, identify the basis for producing the Document in redacted form.

2

5. If any Document is withheld under a claim of privilege or other protection, please provide all of the following information with respect to any such Document, so as to aid the Court and the Parties hereto in determining the validity of the claim of privilege or other protection:

1) The identity of the Person(s) who prepared the Document, who signed the Document, and over whose name it was sent or issued;

2) The identity of the Person(s) to whom the Document was directed;

3) The nature and substance of the Document, with sufficient particularity to enable the Court and the Parties to identify the Document;

4) The date of the Document;

5) The identity of the Person(s) who has (have) custody of, or control over, the Document and each copy thereof;

6) The identity of each person to whom a copy of the Document was furnished;

7) The number of pages of the Document;

8) The basis on which any privilege or other protection is claimed; and

9) Whether any non-privileged or non-protected matter is included in the Document.

6. If counsel for Defendant should require any clarification of any requests, said counsel should contact Dolin, Thomas & Solomon LLP, counsel for Plaintiffs.

7. All Documents produced by Defendant pursuant to this request shall be produced electronically in **Tagged Image File Format (".tiff").**

3

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

**DOCUMENTS TO BE PRODUCED**

**REQUEST FOR DOCUMENTS NO. 1:**

All Documents referred to or reflected in the interrogatories, and for every Document defendants produce in this matter, identify the discovery request, paragraph(s) of the complaint and/or answer to which the Document is relevant.

**REQUEST FOR DOCUMENTS NO. 2:**

All Documentation, for the Relevant Time Period, Concerning or describing all employees of Curtis Briggs, Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and all Documentation for each such employee Concerning employment contracts or agreements and human resource information of any kind related to such employees. (A proper response includes, but is not limited to, production of all Documentation Concerning any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel Files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**REQUEST FOR DOCUMENTS NO. 3:**

All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction, wage reporting and benefits structure and systems of SCI, Curtis Briggs and any SCI affiliated entity or location in California, and all Documentation Concerning the pay information, wage

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

1   deduction information, wage reporting information and benefit information for all employees

2   of such Parties. (A proper response includes, but is not limited to, production of all

3   Documentation such as any employee paystubs, Compensation package information, pay rate

4   information, tax withholding information, wage reporting information, tax reporting

5   information, employee benefit Documentation, including, but not limited to such benefits as

6   health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes,

7   but is not limited to, production of all Documentation Concerning which employees were paid,

8   when they were paid, by whom they were paid, from what accounts and whose accounts they

9   were paid, who took pay deductions and how, who was responsible for reporting wages and

10  taxes etc.)

11

12  **REQUEST FOR DOCUMENTS NO. 4:**

13       All Documentation, for the Relevant Time Period, Concerning all employment

14  Practices and Policies that applied to employees of SCI, Curtis Briggs or any SCI affiliated

15  entity or location in California, and Documentation Concerning the manner and means by

16  which these employment Practices and company Policies were developed, put into Practice and

17  enforced, and any involvement that SCI, Curtis Briggs or any SCI affiliated entity or location

18  had in relation to those Policies and Practices. (A proper response includes, but is not limited

19  to, the production of Documentation Conerning all employee handbooks (including

20  production of the handbooks themselves) or Policies applied to such employees during the

21  Relevant Time Period, and the production of all Documentation Concerning the forenamed

22

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

1   Parties, and any involvement they had with such Policies such as reviewing them, providing

2   advice on them, promulgating them, enforcing them or implementing them.)

3

4   **REQUEST FOR DOCUMENTS NO. 5:**

5        All Documentation, for the Relevant Time Period, Concerning the corporate structure

6   for SCI, Curtis Briggs and any SCI affiliated entity or location in California and

7   Documentation Concerning each party's manner of, method of, knowledge of, involvement in,

8   or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee

9   relations of any kind in relation to any employee of SCI, Curtis Briggs or any SCI affiliated

10  entity or location in California. (A proper response includes, but is not limited to, production

11  of all Documentation, as to each forenamed party, of such things as organizational or flow

12  charts, Documentation of responsibilities of all employees, Documentation of

13  reporting/management structure, Documentation of banking systems and accounts,

14  Documentation of Compensation and benefits systems, Documentation regarding human

15  resource implementation and processes, Documentation regarding systems for recording hours,

16  Documentation regarding accounting systems, employer/employee lists, Documentation of

17  bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list

18  of who has access to them), and their corporate position, responsibilities and reporting

19  structure (who these Parties report to, and who reports to any of these Parties).)

20

21  **REQUEST FOR DOCUMENTS NO. 6:**

22

23

6

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

All Documentation, for the Relevant Time Period, Concerning all reporting requirements imposed on SCI, Curtis Briggs or any SCI affiliated entity or location in California by any Person, and Documentation Concerning all reporting requirements imposed by SCI, Curtis Briggs or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, production of Documentation regarding reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**REQUEST FOR DOCUMENTS NO. 7:**

All Documentation, for the Relevant Time Period, Concerning all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Curtis Briggs or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**REQUEST FOR DOCUMENTS NO. 8:**

All Documentation, for the Relevant Time Period, Concerning all agents or employees of SCI, Curtis Briggs or any SCI affiliated entity or location in California, who Communicated in any fashion to Curtis Briggs Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of Curtis Briggs; and Documentation Concerning all Persons who ever spoke with,

7

reported to or otherwise contacted Curtis Briggs from within California, or Concerning any matters therein.

**REQUEST FOR DOCUMENTS NO. 9:**

All Documentation, for the Relevant Time Period, Concerning all actions taken or transactions made within or Concerning California by SCI, Curtis Briggs, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**REQUEST FOR DOCUMENTS NO. 10:**

All Documentation, for the Relevant Time Period, of any kind received by, read by, sent by, or otherwise Communicated to or by SCI, Curtis Briggs, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, to or by any Person in California or Concerning any matter within California. (A proper response includes production of all Documentation of any Communications Concerning SCI, Curtis Briggs, any SCI affiliated entity or location in California, and any other matters, and also includes, but is not limited to, all electronic mail, mail, letters, flyers, newsletters, memos, forms, paperwork, correspondence of any kind, Documents, etc.)

**REQUEST FOR DOCUMENTS NO. 11:**

All Documentation, for the Relevant Time Period, Concerning any conversations that SCI, Curtis Briggs, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with any Person within California or Concerning any matters in

8

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

California. (A proper response includes all Documentation Concerning any conversations with anyone about matters Concerning SCI, Curtis Briggs, any SCI affiliated entity or location in California, the general public or otherwise, and also includes, but is not limited to, telephone conversations and records, Personal conversations, internet conversations, meeting minutes, etc.)

**REQUEST FOR DOCUMENTS NO. 12:**

All Documentation, for the Relevant Time Period, Concerning any trips or visits made to California by Curtis Briggs, or by any employee or agent acting on behalf of SCI or Curtis Briggs Concerning SCI, Curtis Briggs, or any SCI affiliated entity or location in California; and all Documentation Concerning any trips or visits made by any Person to contact SCI or Curtis Briggs Concerning any matter in California.

**REQUEST FOR DOCUMENTS NO. 13:**

All Documentation, for the Relevant Time Period, Concerning any Policies or decisions of SCI, Curtis Briggs, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**REQUEST FOR DOCUMENTS NO. 14:**

9

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

1    All Documentation, for the Relevant Time Period, Concerning any Policy, decision,

2  efforts, actions, or contacts that SCI, Curtis Briggs or any Defendant for which the court's

3  personal jurisdiction is in dispute has ever had with or directed toward the State of California

4  itself (or its entities) or any Person within California, or that any forenamed entity has ever

5  had with or directed toward Curtis Briggs.

6

7  **REQUEST FOR DOCUMENTS NO. 15:**

8    All Documentation, for the Relevant Time Period, Concerning any business operations

9  or efforts conducted, sought, negotiated, promoted or abandoned by Curtis Briggs with any

10  Person within California or Concerning California, and provide all Documentation Concerning

11  any profits, sales, revenues or business of any kind that SCI, Curtis Briggs or any SCI affiliated

12  entity or location in California can attribute, whether directly or indirectly, to operations in

13  California.

14

15  **REQUEST FOR DOCUMENTS NO. 16:**

16    All Documentation, for the Relevant Time Period, Concerning any business service,

17  customer service or human resources assistance (including, but not limited to, Documents,

18  forms, advice, service, help of any kind etc.) rendered by SCI or Curtis Briggs to any Person

19  within California, including to any SCI affiliated entity or location in California or Concerning

20  any SCI corporate operation or employee in California.

21

22  **REQUEST FOR DOCUMENTS NO. 17:**

23

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

1    All Documentation, for the Relevant Time Period, Concerning any legal action or

2    arbitration/mediations taken by or against, or otherwise involving SCI, Curtis Briggs or any

3    SCI affiliated entity or location in California by or against any Person within California or

4    Concerning any matter within California, whether in California federal or state court; and all

5    legal Documentation related to such matters.

6

7    **REQUEST FOR DOCUMENTS NO. 18:**

8    All Documentation Concerning the "20,000 employees in North America" for whom

9    Jane Jones "oversees human resources, training, education and payroll and commissions

10   services" (per SCI's 2008 Form 10-k SEC Annual Report filing), and all Documentation

11   Concerning such employees' work locations, any Communications or contact of any kind Jane

12   Jones has had from such employees or has made to such employees and the scope and content

13   of the oversight and provision of such services to employees by Jane Jones or Persons acting on

14   her behalf.

15

16   **REQUEST FOR DOCUMENTS NO. 19:**

17   All Documentation, for the Relevant Time Period, Concerning "the human resources

18   services of the subsidiary and affiliate companies of SCI," and "training and benefits provided

19   to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to

20   her declaration of July 9, 2007.

21

22   **REQUEST FOR DOCUMENTS NO. 20:**

23

11

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

1       All Documentation, for the Relevant Time Period, Concerning each position (including

2   any board, officer, employment or other position) or job with SCI or any SCI affiliated entity

3   or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and

4   Thomas Ryan have held, and for each produce all Documentation describing the

5   corresponding responsibilities, duties and roles for such positions, and all human resource and

6   employment Documentation or Documentation of any kind regarding or with any relation to

7   the employment of these individuals.

8

9   **REQUEST FOR DOCUMENTS NO. 21:**

10      All Documentation, for the Relevant Time Period, Concerning any contact that SCI,

11  Curtis Briggs, any SCI affiliated entity or location in California, or any employee or agent

12  acting on their behalf, has had with California, or Concerning any matter within California.

13

14      Respectfully Submitted,
    DOLIN, THOMAS & SOLOMON LLP

15

16  Date: October 8, 2008    By: _Annette Gifford_

17      Patrick J. Solomon, NY Attorney No. 2716660
    J. Nelson Thomas, NY Attorney No. 2579159

18      Annette Gifford, NY Attorney No. 4105870
    693 East Avenue

19      Rochester, NY 14607
    Telephone: (585) 272-0540

20      ROSEN, BIEN & GALVAN, LLP
    Sanford Jay Rosen, State Bar No. 62566

21      Maria V. Morris, State Bar No. 223903
    Lori E. Rifkin, State Bar No. 244081

22      315 Montgomery Street, Tenth Floor
    San Francisco, CA 94104

23

12

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

1

Telephone: (415) 433-6830

2

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256

3

4

5

Attorneys for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

13

1  Sanford Jay Rosen, State Bar No. 62566
   Maria V. Morris, State Bar No. 223903
2  Lori E. Rifkin, State Bar No. 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830
   Facsimile: (415) 433-7104
5  srosen@rbg-law.com

6  [Additional Counsel Listed on Signature Page]

7  Attorneys for Plaintiffs

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO/OAKLAND DIVISION

11

12 CLAUDE BRYANT, JOSEPH BIERNACKI,      )  Case No. CV 08-1190
   GORDON FARMER, RHEALYN HOLLAND,       )
13 JAMES STICKLE, ELEANOR RIGGIO, FRANK  )  **PLAINTIFFS' FIRST SET OF**
   ACUNA, RICHARD LAMASTERS, KENNETH     )  **INTERROGATORIES REGARDING**
14 ALLEN, CRAIG FULCHER, SANFORD         )  **PERSONAL JURISDICTION ISSUES**
   LEVINE and THOMAS THOMPSON, on        )  **FOR CURTIS BRIGGS**
15 behalf of themselves and all other employees and )
   former employees similarly situated,  )
16                                        )
                   Plaintiffs,            )
17                                        )
                                          )
18 v.                                     )
                                          )
19 SERVICE CORPORATION INTERNATIONAL,)
   SCI   FUNERAL   AND   CEMETERY )
20 PURCHASING  COOPERATIVE,  INC.,  SCI )
   EASTERN MARKET SUPPORT CENTER, L.P.,)
21 SCI WESTERN MARKET SUPPORT CENTER,)
   L.P. a/k/a SCI WESTERN MARKET SUPPORT )
22 CENTER, INC., SCI HOUSTON MARKET )
   SUPPORT  CENTER,  L.P.,  JANE D. JONES,)
23 GWEN   PETTEWAY,   THOMAS  RYAN,  and )
   CURTIS BRIGGS,                         )
24                                        )
                   Defendants.            )
25                                        )
                                          )
26 _____)

27

---

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

1   Additional Attorneys for Plaintiffs, who have been
    admitted *pro hac vice*:

2
    Patrick J. Solomon, NY Attorney No. 2716660
3   J. Nelson Thomas, NY Attorney No. 2579159
    Annette Gifford, NY Attorney No. 4105870
4   DOLIN, THOMAS & SOLOMON LLP
    693 East Avenue
5   Rochester, NY 14607
    Telephone: (585) 272-0540
6   Facsimile:  (585) 272-0574
    nthomas@theemploymentattorneys.com

7
    Charles H. Saul, PA State Bar No.19938
8   MARGOLIS EDELSTEIN
    525 William Penn Place
9   Suite 3300
    Pittsburgh, PA 15219
10  Telephone: (412) 281-4256
    Facsimile: (412) 642-2380
11  csaul@margolisedelstein.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 34, Plaintiffs request that Defendant respond in writing, under oath, to the following interrogatories within 30 calendar days of service of this request.

**PLEASE NOTE:**  This Set of Interrogatories shall be deemed continuing and shall be supplemented when necessary to reflect events occurring and/or information becoming available subsequent to the service of Defendant's response to this discovery demand.

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

1. When used in this Document, the following terms are defined as follows. Defendant is to use these definitions in responding to the requests:

> 1) **Communication**: means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).
>
> 2) **Concerning**: means relating to, referring to, describing, evidencing or constituting.
>
> 3) **Defendant, Plaintiffs or Parties (as well as a Party's full or abbreviated name or a pronoun referring to a Party)**: means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.
>
> 4) **Describe in Detail or Set Forth the Factual Basis**: means to: (i) describe fully by reference to underlying facts rather than by ultimate facts or conclusion of facts or law; and (ii) particularize as to (a) times, (b) place, and (c) manner.
>
> 5) **Document**: is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate Document within the meaning of this term.
>
> 6) **Identify (when referring to a Person)**: means to give, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, additionally, the present or last known place of employment.  Once a Person has been identified in accordance

1

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

with this subparagraph, only the name of that Person need be listed in response to subsequent discovery requesting the Identification of that Person.

7) **Identify (when referring to a Document):** means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s) and recipients(s). Alternatively, if a Document is being produced and Bates numbered, the Bates number alone can be identified.

8) **Identify (when referring to an oral statement, interview conversation or conference):** means to (i) Identify the Person making each statement, the Person to whom each statement was made, and all other Persons present at the time of each statement; (ii) state the date of such statement, conversation, or conference; (iii) state the place where such statement or conversation was held; or (iv) if by telephone, the Persons making the call and state the places where the Persons participating in the call were located; and (v) Describe in Detail the substance of each statement, conversation, or conference.

9) **Identify (when referring to an act):** means to (i) state the date and place of the act; (ii) Identify the Person acting; (iii) Identify the Person for whom the act was performed; (iv) Identify the Person against whom the act was performed; (v) Identify all Persons to the act; and (vi) Describe the act in Detail.

10) **Identify (when referring to a Policy or Practice):** means full Identification of all such policies and practices and Documents Concerning such Practices, and additionally includes, but is not limited to: i) the dates during which the Policy or Practice was in effect; ii) a description of the Policy or Practice; iii) whether the Policy or Practice was formal or informal; iv) whether the Policy or Practice was written or oral; v) who was responsible for formulating the Policy or Practice; vi) how the Policy was distributed; and vii) who was responsible for enforcing the Policy or Practice.

11) **Person:** means any natural Person or any business, legal or governmental entity or association.

12) **Policies and Practices:** means any rule, instruction, letter, e-mail, guideline, guidance, meeting minute notes, policy, procedure, practice, statement, or memorandum Concerning Defendant's approach to handling issue(s).

2

13)   **Relevant Time Period:** means January 1, 2000 to the present.

2.   Should Defendant object to any request, Defendant shall respond to any portion of the request that is not objectionable.

3.   If any information is withheld under a claim of privilege or other protection, please provide all of the following information with respect to any such information, so as to aid the Court and the Parties in determining the validity of the claim of privilege or other protection:

(a)   The nature and substance of the information, with sufficient particularity to enable the Court and the Parties hereto to Identify the information;

(b)   The basis on which any privilege or other protection is claimed; and

(c)   Whether any non-privileged or non-protected matter is included in the information.

4.   If counsel for Defendant should need any clarification of any interrogatories, said counsel should contact Dolin, Thomas & Solomon LLP or Margolis Edelstein, counsel for Plaintiffs.

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each Person who has been asked to locate Documents or provide information to respond to any discovery requests in this matter, and Identify which requests the Person was asked to provide information or Documents for and whether the individual provided information or Documents for that response.

**INTERROGATORY NO. 2:**

For every Document defendants produce in this matter, Identify the discovery request, and/or paragraph(s) of the complaint to which the Document is relevant.

**INTERROGATORY NO. 3:**

For each Document request or interrogatory, Identify what classes of Documents or information is being produced in response to that inquiry; what classes and on what basis Documents or information are being withheld; and what efforts were made to locate responsive information and Documents.

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of Curtis Briggs, Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

human resource Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI, Curtis Briggs and any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee paystubs, compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification and Description in Detail of which employees were paid, when they were paid, by whom they were paid, from what accounts and whose

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

1    accounts they were paid, who took pay deductions and how, who was responsible for reporting

2    wages and taxes etc.)

3         *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

4    *Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be*

5    *produced.)*

6

7    **INTERROGATORY NO. 6:**

8         Identify and Describe in Detail during the Relevant Time Period all employment

9    Practices and Policies that applied to employees of SCI, Curtis Briggs or any SCI affiliated

10   entity or location in California, and Identify and Describe in Detail the manner and means by

11   which these employment Practices and company Policies were developed, put into Practice and

12   enforced, and any involvement that SCI, Curtis Briggs or any SCI affiliated entity or location

13   had in relation to those Policies and Practices. (A proper response includes, but is not limited

14   to, the Identification and Description in Detail of all employee handbooks or Policies applied

15   to such employees during the Relevant Time Period, and Identification and Description in

16   Detail of the forenamed Parties, and any involvement they had with such Policies such as

17   reviewing them, providing advice on them, promulgating them, enforcing them or

18   implementing them.)

19        *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

20   *Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be*

21   *produced.)*

22

23

---

6

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI, Curtis Briggs and any SCI affiliated entity or location in California and Identify and Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, Curtis Briggs or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be produced.)*

7

**INTERROGATORY NO. 8:**

Identify and Describe in Detail during the Relevant Time Period all reporting requirements imposed on SCI, Curtis Briggs or any SCI affiliated entity or location in California by any Person, and Identify and Describe in Detail all reporting requirements imposed by SCI, Curtis Briggs or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Curtis Briggs or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be produced.)*

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

**INTERROGATORY NO. 10:**

Identify and Describe in Detail during the Relevant Time Period all agents or employees of SCI, Curtis Briggs or any SCI affiliated entity or location in California, who communicated in any fashion to Curtis Briggs Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of Curtis Briggs; and Identify and Describe in Detail all Persons who ever spoke with, reported to or otherwise contacted Curtis Briggs from within California, or Concerning any matters therein.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or Concerning California by SCI, Curtis Briggs, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be produced.)*

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

**INTERROGATORY NO. 12:**

Identify and Describe in Detail during the Relevant Time Period all Documentation of any kind received by, read by, sent by, or otherwise communicated to or by SCI, Curtis Briggs, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, to or by any Person in California or Concerning any matter within California. (A proper response includes Identification and Description in Detail of Communications Concerning SCI, Curtis Briggs, any SCI affiliated entity or location in California, and any other matters, and also includes, but is not limited to, all electronic mail, mail, letters, flyers, newsletters, memos, forms, paperwork, correspondence of any kind, Documents, etc.)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 13:**

Identify and Describe in Detail during the Relevant Time Period any conversations that SCI, Curtis Briggs, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with any Person within California or Concerning any matters in California. (A proper response includes Identification and Description in Detail of conversations with anyone about matters Concerning SCI, Curtis Briggs, any SCI affiliated entity or location in California, the general public or otherwise, and also includes, but is not limited to, telephone conversations and records, Personal conversations, internet conversations, meeting minutes, etc.)

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by Curtis Briggs, or by any employee or agent acting on behalf of SCI or Curtis Briggs Concerning SCI, Curtis Briggs, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or Curtis Briggs Concerning any matter in California.

*(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be produced.)*

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, Curtis Briggs, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

1      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

2 *Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be*

3 *produced.)*

4

5 **INTERROGATORY NO. 16:**

6      Identify and Describe in Detail during the Relevant Time Period any Policy, decision,

7 efforts, actions, or contacts that SCI, Curtis Briggs or any Defendant for which the court's

8 personal jurisdiction is in dispute has ever had with or directed toward the State of California

9 itself (or its entities) or any Person within California, or that any forenamed entity has ever

10 had with or directed toward Curtis Briggs.

11      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

12 *Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be*

13 *produced.)*

14

15 **INTERROGATORY NO. 17:**

16      Identify and Describe in Detail during the Relevant Time Period any business

17 operations or efforts conducted, sought, negotiated, promoted or abandoned by Curtis Briggs

18 with any Person within California or Concerning California, and provide Identification and

19 Description in Detail of any profits, sales, revenues or business of any kind that SCI, Curtis

20 Briggs or any SCI affiliated entity or location in California can attribute, whether directly or

21 indirectly, to operations in California.

22

23

12

1   *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

2   *Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be*

3   *produced.)*

4

5   **INTERROGATORY NO. 18:**

6       Identify and Describe in Detail during the Relevant Time Period (including full

7   Documentation) any business service, customer service or human resources assistance

8   (including, but not limited to, Documents, forms, advice, service, help of any kind etc.)

9   rendered by SCI or Curtis Briggs to any Person within California, including to any SCI

10  affiliated entity or location in California or Concerning any SCI corporate operation or

11  employee in California.

12      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

13  *Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be*

14  *produced.)*

15

16  **INTERROGATORY NO. 19:**

17      Identify and Describe in Detail during the Relevant Time Period any legal action or

18  arbitration/mediations taken by or against, or otherwise involving SCI, Curtis Briggs or any

19  SCI affiliated entity or location in California by or against any Person within California or

20  Concerning any matter within California, whether in California federal or state court; and

21  Identify and Describe in Detail any legal Documents related to such matters.

22

23

13

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

1      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

2 *Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be*

3 *produced.)*

4

5 **INTERROGATORY NO. 20:**

6      Identify and Describe in Detail the "20,000 employees in North America" for whom

7 Jane Jones "oversees human resources, training, education and payroll and commissions

8 services" (per SCI's 2008 Form 10-k SEC Annual Report filing), and Identify and Describe in

9 Detail such employees' work locations, any Communications or contact of any kind Jane Jones

10 has had from such employees or has made to such employees and the scope and content of the

11 oversight and provision of such services to employees by Jane Jones or Persons acting on her

12 behalf.

13      *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

14 *Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be*

15 *produced.)*

16

17 **INTERROGATORY NO. 21:**

18      Identify and Describe in Detail during the Relevant Time Period "the human resources

19 services of the subsidiary and affiliate companies of SCI," and "training and benefits provided

20 to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to

21 her declaration of July 9, 2007.

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

1   *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

2   *Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be*

3   *produced.)*

4

5   **INTERROGATORY NO. 22:**

6   Identify and Describe in Detail during the Relevant Time Period each position

7   (including any board, officer, employment or other position) or job with SCI or any SCI

8   affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis

9   Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities,

10  duties and roles for such positions, and Identify and Describe in Detail any and all human

11  resource and employment Documentation or Documentation of any kind regarding or with

12  any relation to the employment of these individuals.

13  *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

14  *Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be*

15  *produced.)*

16

17  **INTERROGATORY NO. 23:**

18  Identify and Describe in Detail during the Relevant Time Period any contact that SCI,

19  Curtis Briggs, any SCI affiliated entity or location in California, or any employee or agent

20  acting on their behalf, has had with California, or Concerning any matter within California.

21

22

23

PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
Case No. CV 08-1190

1    *(Please Note: Pursuant to Plaintiffs' First Request for Production of Documents Regarding*

2    *Personal Jurisdiction Issues for Curtis Briggs, all Documents identified in this response need to be*

3    *produced.)*

4

5                                    Respectfully Submitted,
                                     DOLIN, THOMAS & SOLOMON LLP

6

7    Date: October 8, 2008           By: _____
                                     Patrick J. Solomon, NY Attorney No. 2716660

8                                    J. Nelson Thomas, NY Attorney No. 2579159
                                     Annette Gifford, NY Attorney No. 4105870

9                                    693 East Avenue
                                     Rochester, NY 14607

10                                   Telephone: (585) 272-0540

11                                   ROSEN, BIEN & GALVAN, LLP
                                     Sanford Jay Rosen, State Bar No. 62566

12                                   Maria V. Morris, State Bar No. 223903
                                     Lori E. Rifkin, State Bar No. 244081

13                                   315 Montgomery Street, Tenth Floor
                                     San Francisco, CA 94104

14                                   Telephone: (415) 433-6830

15                                   MARGOLIS EDELSTEIN
                                     Charles H. Saul, PA State Bar No.19938

16                                   525 William Penn Place, Suite 3300
                                     Pittsburgh, PA 15219

17                                   Telephone: (412) 281-4256

18                                   Attorneys for Plaintiffs

19

20

21

22

23
                                     16
          PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING
          PERSONAL JURISDICTION ISSUES FOR CURTIS BRIGGS
                         Case No. CV 08-1190