EXHIBIT E PART 1

1   STEVEN H. GURNEE, ESQ. SB# 66056
    DAVID M. DANIELS, ESQ. SB# 170315
2   NICHOLAS P. FORESTIERE, ESQ. SB# 125118
    JOHN A. MASON, ESQ. SB# 166996
3   GURNEE & DANIELS LLP
    2240 Douglas Boulevard, Suite 150
4   Roseville, CA  95661-3805
    Telephone      (916) 797-3100
5   Facsimile      (916) 797-3131

6   Attorneys for Defendants
    ALDERWOODS GROUP, INC., PAUL HOUSTON,
7   SERVICE CORPORATION INTERNATIONAL,
    SCI FUNERAL AND CEMETERY PURCHASING
8   COOPERATIVE, INC., SCI EASTERN MARKET
    SUPPORT CENTER, L.P., SCI WESTERN MARKET
9   SUPPORT CENTER, L.P., and SCI HOUSTON
    MARKET SUPPORT CENTER, L.P.
10

11                      UNITED STATES DISTRICT COURT

12                     NORTHERN DISTRICT OF CALIFORNIA

13

14

15  WILLIAM HELM, DEBORAH PRISE,          )  No.  CV 08-01184 SI
    HEATHER P. RADY, et al., on behalf of )
16  themselves and all other employees and former )
    employees similarly situated,         )  **DEFENDANT PAUL HOUSTON'S**
17                                         )  **SUPPLEMENTAL RESPONSES TO**
                                           )  **PLAINTIFFS' FIRST REQUEST FOR**
18               Plaintiffs,               )  **PRODUCTION OF DOCUMENTS**
         vs.                               )  **REGARDING PERSONAL**
19                                         )  **JURISDICTION ISSUES**
    ALDERWOODS GROUP, INC., PAUL A.        )
20  HOUSTON, SERVICE CORPORATION           )
    INTERNATIONAL, SCI FUNERAL AND         )
21  CEMETERY PURCHASING                    )
    COOPERATIVE, INC., SCI EASTERN         )
22  MARKET SUPPORT CENTER, L.P., SCI       )
    WESTERN MARKET SUPPORT CENTER,         )
23  L.P., a/k/a SCI WESTERN MARKET         )
    SUPPORT CENTER, INC., and SCI          )
24                                         )
    HOUSTON MARKET SUPPORT CENTER,         )
25  L.P.                                   )
                                           )
26                                         )
27  _____Defendants._____)

28

    PAUL HOUSTON'S RESPONSES TO REQUEST FOR PRODUCTION                    1
    Case No.:  CV 08-01184 SI

| | |
|---|---|
| **PROPOUNDING PARTY:** | PLAINTIFFS |
| **RESPONDING PARTY:** | DEFENDANT, PAUL HOUSTON |
| **SET NUMBER:** | ONE |

Defendant, PAUL A. HOUSTON (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, hereby provides the following supplemental responses to the requests for production of documents, set one, propounded by plaintiffs, as follows:

### GENERAL STATEMENTS AND OBJECTIONS

1.      Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.      These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.      These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.      Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.      Responding Party expressly reserves:

5.1      All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2      All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.      Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.      These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and/or the orders of assigned judge to this action.

9.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California by requiring Responding Party to produce documents in any form other than as they are kept in the ordinary course of business.  Specifically, Responding Party objects to Plaintiffs' production requests to the extent they purport to require Responding Party to produce documents in electronic format.  Responding Party has no obligation to create electronic records for documents that do not exist in that format.

10.      Responding Party objects to each and every production request to the extent it seeks documents created or modified outside the liability period of this lawsuit.

11.      The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**REQUEST NO. 2:**

All Documentation, for the Relevant Time Period, Concerning or describing all employees

1  of Paul A. Houston, Alderwoods, or any Alderwoods Affiliated Entity or Location in California

2  either located in or having any responsibilities in California, and all Documentation for each such

3  employee Concerning employment contracts or agreements and human resource information of any

4  kind related to such employees. (A proper response includes, but is not limited to, production of all

5  Documentation Concerning any employee arbitration agreements, non-compete agreements, flow

6  charts, organization charts, other information or Documentation providing any explanation of the

7  employees' job duties, position or role within the company, Personnel Files, disciplinary, hiring or

8  promotion Documentation or any other human resource Documentation as to such employees.)

9  **RESPONSE TO REQUEST NO. 2:**

10      Responding Party objects to this request on the grounds that it grossly exceeds the limited

11  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

12  further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

13  burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

14  request to the extent it calls for disclosure of employee information that could potentially violate

15  employees' privacy rights which are protected by the California and United States Constitutions

16  and other state and federal laws.  Responding Party further objects to this request to the extent it

17  calls for the disclosure of trade secret, proprietary or other confidential information, and no

18  protective order is in place which would govern the production, disclosure and dissemination of

19  such confidential information.

20  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:**

21      Subject to and without waiving the aforesaid objections, and to the extent Responding Party

22  understands the request, Responding Party responds as follows:  Not applicable in light of the fact

23  that during the relevant time period (as that terms is defined in the requests), Paul Houston has not

24  had any employees.  Paul Houston also does not have possession, custody, or control of these

25  requested documents as they pertain to Alderwoods, or any Alderwoods Affiliated Entity or

26  Location in California.

27

28

PAUL HOUSTON'S RESPONSES TO REQUEST FOR PRODUCTION          4
Case No.: CV 08-01184 SI

**REQUEST NO. 3:**

All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction, wage reporting and benefits structure and systems of Alderwoods, Paul A. Houston and any Alderwoods Affiliated Entity or Location in California, and all Documentation Concerning the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, production of all Documentation such as any employee paystubs, Compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to, production of all Documentation Concerning which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO REQUEST NO. 3:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

PAUL HOUSTON'S RESPONSES TO REQUEST FOR PRODUCTION

Case No.:  CV 08-01184 SI

5

understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Paul Houston has not had any employees and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems.  .  Paul Houston also does not have possession, custody, or control of these requested documents as they pertain to Alderwoods, or. any Alderwoods Affiliated Entity or Location in California.

**REQUEST NO 4:**

All Documentation, for the Relevant Time Period, Concerning all employment Practices and Policies that applied to employees of Alderwoods, Paul A. Houston or any Alderwoods Affiliated Entity or Location in California, and Documentation Concerning the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that Alderwoods, Paul A. Houston or any Alderwoods Affiliated Entity or Location in California had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the production of Documentation Concerning all employee handbooks (including production of the handbooks themselves) or Policies applied to such employees during the Relevant Time Period, and the production of all Documentation Concerning the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO REQUEST NO 4:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

PAUL HOUSTON'S RESPONSES TO REQUEST FOR PRODUCTION
Case No.: CV 08-01184 SI

6

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Paul Houston has not had any employees and, as such, has not had any employment practices or policies.   Paul Houston also does not have possession, custody, or control of these requested documents as they pertain to Alderwoods, or any Alderwoods Affiliated Entity or Location in California.

**REQUEST NO. 5:**

All Documentation, for the Relevant Time Period, Concerning the corporate structure for Alderwoods, Paul A. Houston and any Alderwoods Affiliated Entity or Location in California and Documentation Concerning each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of Alderwoods, Paul A. Houston or any Alderwoods Affiliated Entity or Location in California. (A proper response includes, but is not limited to, production of all Documentation, as to each forenamed party, of such things as organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of Compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO REQUEST NO. 5:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that Paul Houston is an individual and, as such, has no corporate structure, and that during the relevant time period (as that terms is defined in the requests), Paul Houston has not been involved in the hiring, firing or disciplining of employees of Alderwoods, or any Alderwoods Affiliated Entity or Location in California. (*See* Declaration of Paul A. Houston in Support of his Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.). Paul Houston also does not have possession, custody, or control of these requested documents as they pertain to Alderwoods, or any Alderwoods Affiliated Entity or Location in California.

**REQUEST NO. 6:**

All Documentation, for the Relevant Time Period, Concerning all reporting requirements imposed on Alderwoods, Paul A. Houston or any Alderwoods Affiliated Entity or Location in California by any Person, and Documentation Concerning all reporting requirements imposed by Alderwoods, Paul A. Houston or any Alderwoods Affiliated Entity or Location in California on any Person. (A proper response includes, but is not limited to, production of Documentation regarding reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**RESPONSE TO REQUEST NO. 6:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited

1   scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

2   further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

3   burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

4   request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

5   information, and no protective order is in place which would govern the production, disclosure and

6   dissemination of such confidential information.

7   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

8        Subject to and without waiving the aforesaid objections, and to the extent Responding Party

9   understands the request, Responding Party responds as follows:  Not applicable in light of the fact

10  that during the relevant time period (as that terms is defined in the requests), Paul Houston has had

11  no reporting requirements pertaining to employees as he has not been an employer.  Paul Houston

12  also does not have possession, custody, or control of these requested documents as they pertain to

13  Alderwoods, or any Alderwoods Affiliated Entity or Location in California.

14  **REQUEST NO. 7:**

15       All Documentation, for the Relevant Time Period, Concerning all contracts, agreements,

16  deals, pacts or obligations of any kind Concerning Alderwoods, Paul A. Houston or any

17  Alderwoods Affiliated Entity or Location in California with any Person relating to, arising from or

18  otherwise Concerning any matter in California.

19  **RESPONSE TO REQUEST NO. 7:**

20       Responding Party objects to this request on the grounds that it grossly exceeds the limited

21  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

22  further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

23  burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

24  request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

25  information, and no protective order is in place which would govern the production, disclosure and

26  dissemination of such confidential information.

27

28

PAUL HOUSTON'S RESPONSES TO REQUEST FOR PRODUCTION                              9
Case No.:  CV 08-01184 SI

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Paul Houston has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  Paul Houston's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Paul A. Houston in Support of his Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.  Paul Houston also does not have possession, custody, or control of these requested documents as they pertain to Alderwoods, or any Alderwoods Affiliated Entity or Location in California.

**REQUEST NO. 8:**

All Documentation, for the Relevant Time Period, Concerning all agents or employees of Alderwoods, Paul A. Houston or any Alderwoods Affiliated Entity or Location in California, who Communicated in any fashion to Paul A. Houston Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of Paul A. Houston; and Documentation Concerning all Persons who ever spoke with, reported to or otherwise contacted Paul A. Houston from within California, or Concerning any matters therein.

**RESPONSE TO REQUEST NO. 8:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Paul Houston has not had any employees.  Paul Houston also does not have possession, custody, or control of these requested documents as they pertain to Alderwoods, or any Alderwoods Affiliated Entity or Location in California.

**REQUEST NO. 9:**

All Documentation, for the Relevant Time Period, Concerning all actions taken or transactions made within or Concerning California by Alderwoods, Paul A. Houston, any Alderwoods Affiliated Entity or Location in California, or any employee or agent acting on their behalf.

**RESPONSE TO REQUEST NO. 9:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact

PAUL HOUSTON'S RESPONSES TO REQUEST FOR PRODUCTION                                                11
Case No.:  CV 08-01184 SI

that during the relevant time period (as that terms is defined in the requests), Paul Houston has not had any employees and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  Paul Houston's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Paul A. Houston in Support of his Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.  Paul Houston also does not have possession, custody, or control of these requested documents as they pertain to Alderwoods, or any Alderwoods Affiliated Entity or Location in California.

**REQUEST NO. 12:**

All Documentation, for the Relevant Time Period, Concerning any trips or visits made to California by Paul A. Houston, or by any employee or agent acting on behalf of Alderwoods or Paul A. Houston Concerning Alderwoods, Paul A. Houston, or any Alderwoods Affiliated Entity or Location in California; and all Documentation Concerning any trips or visits made by any Person to contact Alderwoods or Paul A. Houston Concerning any matter in California.

**RESPONSE TO REQUEST NO. 12:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact

PAUL HOUSTON'S RESPONSES TO REQUEST FOR PRODUCTION
Case No.:  CV 08-01184 SI

that during the relevant time period (as that terms is defined in the requests), Paul A. Houston has not had any employees and has not made any trips to California related to the employment policies and practices in dispute in this litigation. Paul A. Houston's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Paul A. Houston in Support of his Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession. Paul Houston also does not have possession, custody, or control of these requested documents as they pertain to Alderwoods, or any Alderwoods Affiliated Entity or Location in California.

**REQUEST NO. 13:**

All Documentation, for the Relevant Time Period, Concerning any Policies or decisions of Alderwoods, Paul A. Houston, or any Alderwoods Affiliated Entity or Location in California that were made or established in an effort to comply with any law of the State of California, or to promote an Alderwoods Affiliated Entity's or Location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO REQUEST NO. 13:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact

that during the relevant time period (as that terms is defined in the requests), Paul A. Houston did not make policies or decisions for the specific purpose of complying or promoting compliance with California laws.    Paul Houston also does not have possession, custody, or control of these requested documents as they pertain to Alderwoods, or any Alderwoods Affiliated Entity or Location in California.

**REQUEST NO. 15:**

All Documentation, for the Relevant Time Period, Concerning any business operations or efforts conducted, sought, negotiated, promoted or abandoned by Paul A. Houston with any Person within California or Concerning California, and provide all Documentation Concerning any profits, sales, revenues or business of any kind that Alderwoods, Paul A. Houston or any Alderwoods Affiliated Entity or Location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO REQUEST NO. 15:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.    Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.    Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.    Responding Party further objects to the second sub-part of this request as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Paul A. Houston has

1   not had any employees and has not been involved in business operations in California which are

2   related to the employment policies and practices in dispute in this litigation.  Paul A. Houston's

3   lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are

4   set forth in the Declaration of Paul A. Houston in Support of his Motion to Dismiss Amended

5   Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.  Paul

6   Houston also does not have possession, custody, or control of these requested documents as they

7   pertain to Alderwoods, or any Alderwoods Affiliated Entity or Location in California.

8   **REQUEST NO. 16:**

9   All Documentation, for the Relevant Time Period, Concerning any business service,

10  customer service or human resources assistance (including, but not limited to, Documents, forms,

11  advice, service, help of any kind etc.) rendered by Alderwoods or Paul A. Houston to any Person

12  within California, including to any Alderwoods Affiliated Entity or Location in California or

13  Concerning any Alderwoods corporate operation or employee in California.

14  **RESPONSE TO REQUEST NO. 16:**

15  Responding Party objects to this request on the grounds that it grossly exceeds the limited

16  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

17  further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

18  burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

19  request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

20  information, and no protective order is in place which would govern the production, disclosure and

21  dissemination of such confidential information.

22  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

23  Subject to and without waiving the aforesaid objections, and to the extent Responding Party

24  understands the request, Responding Party responds as follows:  Not applicable in light of the fact

25  that during the relevant time period (as that terms is defined in the requests), Paul A. Houston has

26  not had any employees and has not been involved in providing business services, customer service

27

28

PAUL HOUSTON'S RESPONSES TO REQUEST FOR PRODUCTION                   15
Case No.:  CV 08-01184 SI

or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation. Paul A. Houston's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Paul A. Houston in Support of his Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession. Paul Houston also does not have possession, custody, or control of these requested documents as they pertain to Alderwoods, or any Alderwoods Affiliated Entity or Location in California.

**REQUEST NO. 17:**

All Documentation, for the Relevant Time Period, Concerning any legal action or arbitration/mediations taken by or against, or otherwise involving Alderwoods, Paul A. Houston or any Alderwoods Affiliated Entity or Location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and all legal Documentation related to such matters.

**RESPONSE TO REQUEST NO. 17:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Defendant further objects to this request to the extent it invades the attorney-client and/or attorney work product privilege. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that, aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record,

Paul A. Houston does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories. Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties. Paul Houston also does not have possession, custody, or control of these requested documents as they pertain to Alderwoods, or any Alderwoods Affiliated Entity or Location in California.

**REQUEST NO. 19:**

All Documentation, for the Relevant Time Period, Concerning "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO REQUEST NO. 19:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation. Responding party further objects to this request on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Gwen Petteway is not a party to this action.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the request refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows: Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to First Request

PAUL HOUSTON'S RESPONSES TO REQUEST FOR PRODUCTION                    17
Case No.:  CV 08-01184 SI

for Production of Documents Regarding Personal Jurisdiction Issues for Gwen Petteway, Request No. 19 in the related matter of *Bryant v. Service Corporation International et al.*, U.S. District Court for the Northern District of California, Case No. 3:08-CV-01190 SI. Paul Houston also does not have possession, custody, or control of these requested documents.

**REQUEST NO. 20:**

All Documentation, for the Relevant Time Period, Concerning each position (including any board, officer, employment or other position) or job with Alderwoods or any Alderwoods Affiliated Entity or Location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each produce all Documentation describing the corresponding responsibilities, duties and roles for such positions, and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO REQUEST NO. 20:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding party further objects to this request on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan are not parties to this action. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 20:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: With respect to Thomas Ryan,

1   Jane D. Jones, Curtis Briggs and Gwen Petteway, Responding Party refers the plaintiffs to their
2   respective supplemental responses to Plaintiffs' First Request for Production of Documents
3   Regarding Personal Jurisdiction Issues, Request No. 20.    Paul Houston also does not have
4   possession, custody, or control of these requested documents.

5   **REQUEST NO. 21:**

6       All Documentation, for the Relevant Time Period, Concerning any contact that
7   Alderwoods, Paul A. Houston, any Alderwoods Affiliated Entity or Location in California, or any
8   employee or agent acting on their behalf, has had with California, or Concerning any matter within
9   California.

10  **RESPONSE TO REQUEST NO. 21:**

11      Responding Party objects to this request on the grounds that it grossly exceeds the limited
12  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party
13  objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome
14  and harassing, and it calls for speculation.

15  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

16      Subject to and without waiving the aforesaid objections, and to the extent Responding Party
17  understands the request, Responding Party responds as follows:  As to Paul Houston, Responding
18  Party refers the plaintiffs to his other supplemental responses to these requests which are set forth
19  above and are incorporated herein by reference.  Paul Houston also does not have possession, ///

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27

28

PAUL HOUSTON'S RESPONSES TO REQUEST FOR PRODUCTION                    19
Case No.:  CV 08-01184 SI

1   custody, or control of these requested documents.

2

3   Dated: January _____, 2009                    GURNEE & DANIELS LLP

4

5                                                 By _____

6                                                     STEVEN H. GURNEE, ESQ.
                                                      DAVID M. DANIELS, ESQ.
7                                                     NICHOLAS P. FORESTIERE, ESQ.
                                                      Attorneys for Defendants
8                                                     ALDERWOODS GROUP, INC., PAUL
                                                      HOUSTON, SERVICE CORPORATION
9                                                     INTERNATIONAL, SCI FUNERAL AND
                                                      CEMETERY PURCHASING
10                                                    COOPERATIVE, INC., SCI EASTERN
                                                      MARKET SUPPORT CENTER, L.P.,
11                                                    SCI WESTERN MARKET SUPPORT
                                                      CENTER, L.P., and SCI HOUSTON
12                                                    MARKET SUPPORT CENTER, L.P.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAUL HOUSTON'S RESPONSES TO REQUEST FOR PRODUCTION                                    20
Case No.:  CV 08-01184 SI

<u>VERIFICATION</u>

I. PAUL A. HOUSTON, the undersigned. say:

I am a party to this action.  The matters stated in the foregoing DEFENDANT PAUL

A. HOUSTON'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST

FOR PRODUCTION OF DOCUMENTS REGARDING PERSONAL JURISDICTION

ISSUES are true of my own knowledge except as to those matters which are stated on

information and belief, and as to those matters I believe them to be true.

Executed on ___Jan 14___, at ___Ajax  Ontario,  Canada___

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

_____
PAUL A. HOUSTON

*Helm v. Alderwoods Group*
Case No.:  CV 08-01184 SI

1   STEVEN H. GURNEE, ESQ. SB# 66056
    DAVID M. DANIELS, ESQ. SB# 170315
2   NICHOLAS P. FORESTIERE, ESQ. SB# 125118
    JOHN A. MASON, ESQ. SB# 166996
3   GURNEE & DANIELS LLP
    2240 Douglas Boulevard, Suite 150
4   Roseville, CA  95661-3805
    Telephone     (916) 797-3100
5   Facsimile     (916) 797-3131

6   Attorneys for Defendants
    ALDERWOODS GROUP, INC., PAUL HOUSTON,
7   SERVICE CORPORATION INTERNATIONAL,
    SCI FUNERAL AND CEMETERY PURCHASING
8   COOPERATIVE, INC., SCI EASTERN MARKET
    SUPPORT CENTER, L.P., SCI WESTERN MARKET
9   SUPPORT CENTER, L.P., and SCI HOUSTON
    MARKET SUPPORT CENTER, L.P.

10

11                     UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13

14

15  WILLIAM HELM, DEBORAH PRISE,          )  No.  CV 08-01184 SI
    HEATHER P. RADY, et al., on behalf of )
16  themselves and all other employees and former )
    employees similarly situated,         )  **DEFENDANT PAUL A. HOUSTON'S**
17                                         )  **SUPPLEMENTAL RESPONSES TO**
                                           )  **PLAINTIFFS' FIRST SET OF**
18                Plaintiffs,             )  **INTERROGATORIES REGARDING**
          vs.                              )  **PERSONAL JURISDICTION ISSUES**
19                                         )
    ALDERWOODS GROUP, INC., PAUL A.        )
20  HOUSTON, SERVICE CORPORATION           )
    INTERNATIONAL, SCI FUNERAL AND         )
21  CEMETERY PURCHASING                    )
    COOPERATIVE, INC., SCI EASTERN         )
22  MARKET SUPPORT CENTER, L.P., SCI       )
    WESTERN MARKET SUPPORT CENTER,         )
23  L.P., a/k/a SCI WESTERN MARKET         )
24  SUPPORT CENTER, INC., and SCI          )
    HOUSTON MARKET SUPPORT CENTER,         )
25  L.P.                                   )
                                           )
26                                         )
27                Defendants.             )

28

**PAUL HOUSTON'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**          1
Case No.:  CV 08-01184 SI

**PROPOUNDING PARTY:** PLAINTIFFS

**RESPONDING PARTY:** DEFENDANT, PAUL A. HOUSTON

**SET NUMBER:** ONE

Defendant, PAUL A. HOUSTON (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

### GENERAL STATEMENTS AND OBJECTIONS

1.    Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.    These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.    These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.    Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.    Responding Party expressly reserves:

5.1    All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2    All objections as to vagueness, ambiguity, unintelligibility and over breadth.

**PAUL HOUSTON'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**    2
Case No.: CV 08-01184 SI

6. Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7. These responses are signed by counsel only as to the objections set forth in the responses. Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8. Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9. Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10. Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome. Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11. Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a person is identified.

12. Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a document is identified.

13. Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly

**PAUL HOUSTON'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**   3
Case No.: CV 08-01184 SI

burdensome. Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14. Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which an act is identified.

15. Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16. Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17. The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of Paul A. Houston, Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and human resource Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

///

**PAUL HOUSTON'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES** 4
Case No.: CV 08-01184 SI

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Paul Houston has not had any employees. With respect to Service Corporation International and\or any SCI affiliated entity or location in California either located in or having any responsibilities in California, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 4.

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI, Paul A. Houston and any SCI affiliated

1  entity or location in California, and Identify and Describe in Detail the pay information, wage

2  deduction information, wage reporting information and benefit information for all employees of

3  such Parties. (A proper response includes, but is not limited to, Identification and Description in

4  Detail of any employee paystubs, compensation package information, pay rate information, tax

5  withholding information, wage reporting information, tax reporting information, employee benefit

6  Documentation, including, but not limited to such benefits as health or dental insurance, flex

7  spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification

8  and Description in Detail of which employees were paid, when they were paid, by whom they were

9  paid, from what accounts and whose accounts they were paid, who took pay deductions and how,

10  who was responsible for reporting wages and taxes etc.)

11  **RESPONSE TO INTERROGATORY NO. 5:**

12       Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

13  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

14  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

15  overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

16  further objects to this interrogatory to the extent it calls for disclosure of employee information that

17  could potentially violate employees' privacy rights which are protected by the California and

18  United States Constitutions and other state and federal laws.  Responding Party further objects to

19  this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other

20  confidential information, and no protective order is in place which would govern the production,

21  disclosure and dissemination of such confidential information.  Responding party further objects to

22  this interrogatory on the grounds that it contains more than one separate and discrete sub-part,

23  thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

24  33(a)(1).

25

26  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

27       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

28

**PAUL HOUSTON'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**          6
Case No.:  CV 08-01184 SI

understands the interrogatory, Responding Party responds as follows:   During the relevant time period (as that terms is defined in the interrogatories), Paul Houston has not had any employees and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 5.

**INTERROGATORY NO. 6:**

Identify and Describe in Detail during the Relevant Time Period all employment Practices and Policies that applied to employees of SCI, Paul A. Houston or any SCI affiliated entity or location in California, and Identify and Describe in Detail the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, Paul A. Houston or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the Identification and Description in Detail of all employee handbooks or Policies applied to such employees during the Relevant Time Period, and Identification and Description in Detail of the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding

party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:   During the relevant time period (as that terms is defined in the interrogatories), Paul Houston has not had any employees and, as such, has not had any employment practices or policies.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 6.

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI, Paul A. Houston and any SCI affiliated entity or location in California and Identify and Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, Paul A. Houston or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate

position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Paul Houston is an individual and, as such, has no corporate structure. During the relevant time period (as that terms is defined in the interrogatories), Paul Houston has not been involved in the hiring, firing or disciplining of employees of SCI affiliated entities in California. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 7.

**INTERROGATORY NO. 8:**

Identify and Describe in Detail during the Relevant Time Period all reporting requirements imposed on SCI, Paul A. Houston or any SCI affiliated entity or location in California by any Person, and Identify and Describe in Detail all reporting requirements imposed by SCI, Paul A.

**PAUL HOUSTON'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES** 9
Case No.: CV 08-01184 SI

Houston or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the relevant time period (as that terms is defined in the interrogatories), Paul Houston has had no reporting requirements pertaining to employees as he has not been an employer. Paul Houston, as President and CEO of Alderwoods, reported to its Board of Directors. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 8.

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Paul A. Houston or any SCI affiliated

entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Paul Houston has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. Paul Houston's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Paul Houston in Support of his Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 9.

**INTERROGATORY NO. 10:**

Identify and Describe in Detail during the Relevant Time Period all agents or employees of SCI, Paul A. Houston or any SCI affiliated entity or location in California, who communicated in

**PAUL HOUSTON'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**                 11
Case No.:  CV 08-01184 SI

1  any fashion to Paul A. Houston Concerning any matter in California, who contacted Persons or

2  entities within California, who made any contacts, arrangements or took any actions that had

3  effects in California or who ever entered California on behalf of, within the knowledge of or at the

4  request of Paul A. Houston; and Identify and Describe in Detail all Persons who ever spoke with,

5  reported to or otherwise contacted Paul A. Houston from within California, or Concerning any

6  matters therein.

7  **RESPONSE TO INTERROGATORY NO. 10:**

8       Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

9  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

10 Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

11 overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

12 further objects to this interrogatory to the extent it calls for disclosure of employee information that

13 could potentially violate employees' privacy rights which are protected by the California and

14 United States Constitutions and other state and federal laws.  Responding party further objects to

15 this interrogatory on the grounds that it contains more than one separate and discrete sub-part,

16 thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

17 33(a)(1).

18 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

19       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

20 understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

21 Period (as that term is defined in the interrogatories), Paul Houston has not had any employees.

22 With respect to Service Corporation International, Responding Party refers the plaintiffs to Service

23 Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories

24 Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 10.

25 ///

26 ///

27 ///

28

**PAUL HOUSTON'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**       12
Case No.:  CV 08-01184 SI

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or Concerning California by SCI, Paul A. Houston, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Paul Houston has not had any employees and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  Paul Houston's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Paul Houston in Support of his Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 11.

**PAUL HOUSTON'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**          13
Case No.:  CV 08-01184 SI

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by Paul A. Houston, or by any employee or agent acting on behalf of SCI or Paul A. Houston Concerning SCI, Paul A. Houston, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or Paul A. Houston Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Paul Houston has not had any employees and has not made any trips to California related to the employment policies and practices in dispute in this litigation. Paul Houston's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Paul Houston in Support of his Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation

International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 14.

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, Paul A. Houston, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Paul Houston did not make policies or decisions for the specific purpose of complying or promoting compliance with California laws. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service

Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 15.

**INTERROGATORY NO. 17:**

Identify and Describe in Detail during the Relevant Time Period any business operations or efforts conducted, sought, negotiated, promoted or abandoned by Paul A. Houston with any Person within California or Concerning California, and provide Identification and Description in Detail of any profits, sales, revenues or business of any kind that SCI, Paul A. Houston or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO INTERROGATORY NO. 17:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1). Responding Party further objects to the second sub-part of this interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Paul Houston has not had any employees and

**PAUL HOUSTON'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**          16
Case No.: CV 08-01184 SI

has not been involved in business operations in California which are related to the employment policies and practices in dispute in this litigation. Paul Houston's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Paul Houston in Support of his Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 17.

**INTERROGATORY NO. 18:**

Identify and Describe in Detail during the Relevant Time Period (including full Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or Paul A. Houston to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

**RESPONSE TO INTERROGATORY NO. 18:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

///

**PAUL HOUSTON'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**          17
Case No.: CV 08-01184 SI

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Paul Houston has not had any employees and has not been involved in providing business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation.  Paul Houston's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Paul Houston in Support of his Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 18.

**INTERROGATORY NO. 19:**

Identify and Describe in Detail during the Relevant Time Period any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, Paul A. Houston or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and Identify and Describe in Detail any legal Documents related to such matters.

**RESPONSE TO INTERROGATORY NO. 19:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Defendant further objects to this interrogatory to the extent it invades the attorney-client and/or attorney work product privilege.  Responding Party further objects to this interrogatory to the extent it calls for the

1  disclosure of trade secret, proprietary or other confidential information, and no protective order is

2  in place which would govern the production, disclosure and dissemination of such confidential

3  information.

4  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19**

5     Subject to and without waiving the aforesaid objections, and to the extent Responding Party

6  understands the interrogatory, Responding Party responds as follows:  Aside from the "wage and

7  hour" lawsuits in which plaintiffs' counsel are attorneys of record, Paul Houston does not recall

8  being personally named in any California legal action or proceeding during the Relevant Time

9  Period, as that term is defined in the interrogatories.   Non-privileged documents pertaining to the

10  aforementioned cases are a matter of public record and are therefore equally available to the

11  requesting parties.  With respect to Service Corporation International, Responding Party refers the

12  plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of

13  Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International,

14  Interrogatory No. 19.

15  **INTERROGATORY NO. 21:**

16     Identify and Describe in Detail during the Relevant Time Period "the human resources

17  services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to

18  those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her

19  declaration of July 9, 2007.

20  **RESPONSE TO INTERROGATORY NO. 21:**

21     Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

22  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

23  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

24  overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly

25  burdensome and harassing, and it calls for speculation.  Responding party further objects to this

26  interrogatory on the grounds that it does not seek information which is relevant or reasonably

27

28

1   calculated to lead to the discovery of admissible evidence in that Gwen Petteway is not a party to

2   this action.

3   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**

4       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

5   understands the interrogatory, and Responding Party's counsel having clarified with plaintiffs'

6   counsel that the declaration to which the interrogatory refers is the July 9, 2007 Declaration of

7   Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S.

8   District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party

9   responds as follows:   Responding Party refers the plaintiffs to Gwen Petteway's supplemental

10   response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Gwen

11   Petteway, Interrogatory No. 21, in the related matter of *Bryant v. Service Corporation*

12   *International et al.*, U.S. District Court for the Northern District of California, Case No. 3:08-CV-

13   01190 SI.

14   **INTERROGATORY NO. 22:**

15       Identify and Describe in Detail during the Relevant Time Period each position (including

16   any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or

17   location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas

18   Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such

19   positions, and Identify and Describe in Detail any and all human resource and employment

20   Documentation or Documentation of any kind regarding or with any relation to the employment of

21   these individuals.

22   **RESPONSE TO INTERROGATORY NO. 22:**

23       Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

24   limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

25   Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous,

26   overbroad, unduly burdensome and harassing, and it calls for speculation.   Responding party

27

28

**PAUL HOUSTON'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**   20
Case No.: CV 08-01184 SI

further objects to this interrogatory on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan are not parties to this action. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Paul Houston was employed by Alderwoods, and he held the title of President and Chief Executive Officer. His general duties included: create shareholder value by running highly efficient professional organization; manage board of directors' communications; and prepare reports and presentations to the board of directors' shareholders' meetings regarding the company, quarterly financial reports, end of the year financial reports, and debt refinancing. He was not involved with the human resource and employment documentation, or documentation of any kind, regarding or with any relation to the employment of Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan.

**INTERROGATORY NO. 23:**

Identify and Describe in Detail during the Relevant Time Period any contact that SCI, Paul A. Houston, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

**RESPONSE TO INTERROGATORY NO. 23:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

**PAUL HOUSTON'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**          21
Case No.: CV 08-01184 SI

1   Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous,

2   overbroad, unduly burdensome and harassing, and it calls for speculation. Responding party

3   further objects to this interrogatory on the grounds that it contains more than one separate and

4   discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

5   imposed by FRCP 33(a)(1).

6   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23**

7           Subject to and without waiving the aforesaid objections, and to the extent Responding Party

8   understands the interrogatory, Responding Party responds as follows:  As to Paul Houston,

9   Responding Party refers the plaintiffs to his declaration in support of his Motion to Dismiss, and

10  his other supplemental responses these interrogatories which are set forth above and are

11  incorporated herein by reference.  With respect to Service Corporation International, Responding

12  Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs'

13  First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation

14  International, Interrogatory No. 23.

15

16

17  Dated: January _____, 2009          GURNEE & DANIELS LLP

18

19                                          By _____

20                                              STEVEN H. GURNEE, ESQ.
                                                DAVID M. DANIELS, ESQ.
21                                              NICHOLAS P. FORESTIERE, ESQ.
                                                Attorneys for Defendants
22                                              ALDERWOODS GROUP, INC., PAUL
                                                HOUSTON, SERVICE CORPORATION
23                                              INTERNATIONAL, SCI FUNERAL AND
                                                CEMETERY PURCHASING
24                                              COOPERATIVE, INC., SCI EASTERN
                                                MARKET SUPPORT CENTER, L.P.,
25                                              SCI WESTERN MARKET SUPPORT
                                                CENTER, L.P., and SCI HOUSTON
26                                              MARKET SUPPORT CENTER, L.P.

27

28

**PAUL HOUSTON'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**          22
Case No.:  CV 08-01184 SI

## VERIFICATION

3

4    I, PAUL A. HOUSTON, the undersigned, say:

5    I am a party to this action. The matters stated in the foregoing DEFENDANT PAUL

6  A. HOUSTON'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF

7  INTERROGATORIES REGARDING PERSONAL JURISDICTION ISSUES are true of my

8
   own knowledge except as to those matters which are stated on information and belief,
9
   and as to those matters I believe them to be true.
10
11    Executed on _____Jan 14_____, at ___AJax, Ontario, Canada___.

12    I declare under penalty of perjury under the laws of the State of California that the

13  foregoing is true and correct.

14

15                                          _____

16                                          PAUL A. HOUSTON

17

18

19

20

21

22

23

24

25

26

27                                          *Helm v. Alderwoods Group*
                                            Case No.:  CV 08-01184 SI
28

1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ. SB# 125118
   GURNEE & DANIELS LLP
3  2240 Douglas Boulevard, Suite 150
   Roseville, CA  95661-3805
4  Telephone     (916) 797-3100
   Facsimile     (916) 797-3131
5
   Attorneys for Defendants
6  ALDERWOODS GROUP, INC., PAUL HOUSTON,
   SERVICE CORPORATION INTERNATIONAL,
7  SCI FUNERAL AND CEMETERY PURCHASING
   COOPERATIVE, INC., SCI EASTERN MARKET
8  SUPPORT CENTER, L.P., SCI WESTERN MARKET
   SUPPORT CENTER, L.P., and SCI HOUSTON
9  MARKET SUPPORT CENTER, L.P.

10

11                   UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13

14  WILLIAM HELM, DEBORAH PRISE,          )  No.  CV 08-01184 SI
    HEATHER P. RADY, et al., on behalf of )
15  themselves and all other employees and former )
    employees similarly situated,         )
16                                         )  DEFENDANT SERVICE
                                           )  CORPORATION INTERNATIONAL'S
17              Plaintiffs,                )  SUPPLEMENTAL RESPONSES TO
                                           )  PLAINTIFFS' FIRST REQUEST FOR
18         vs.                             )  PRODUCTION OF DOCUMENTS
                                           )  REGARDING PERSONAL
19  ALDERWOODS GROUP, INC., PAUL A.        )  JURISDICTION ISSUES
    HOUSTON, SERVICE CORPORATION           )
20  INTERNATIONAL, SCI FUNERAL AND         )
    CEMETERY PURCHASING                    )
21  COOPERATIVE, INC., SCI EASTERN         )
    MARKET SUPPORT CENTER, L.P., SCI       )
22  WESTERN MARKET SUPPORT CENTER,         )
    L.P., a/k/a SCI WESTERN MARKET         )
23  SUPPORT CENTER, INC., and SCI          )
24  HOUSTON MARKET SUPPORT CENTER,         )
    L.P.                                   )
25                                         )
                                           )
26              Defendants.                )

27

28

SERVICE CORPORATION'S SUPPLEMENTAL RESPONSES TO REQUEST FOR
PRODUCTION OF DOCUMENTS                                                    1
Case No.: CV 08-01184 SI

**PROPOUNDING PARTY:**     PLAINTIFFS

**RESPONDING PARTY:**     DEFENDANT, SERVICE CORPORATION
                                                    INTERNATIONAL

**SET NUMBER:**     ONE

    Defendant, SERVICE CORPORATION INTERNATIONAL (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the requests for production of documents, set one, propounded by plaintiffs, as follows:

## GENERAL STATEMENTS AND OBJECTIONS

    1.    Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

    2.    These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

    3.    These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

    4.    Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

    5.    Responding Party expressly reserves:

    5.1    All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

    5.2    All objections as to vagueness, ambiguity, unintelligibility and over breadth.

**SERVICE CORPORATION'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

2

6.     Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.     These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and/or the orders of assigned judge to this action.

9.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California by requiring Responding Party to produce documents in any form other than as they are kept in the ordinary course of business.  Specifically, Responding Party objects to Plaintiffs' production requests to the extent they purport to require Responding Party to produce documents in electronic format.  Responding Party has no obligation to create electronic records for documents that do not exist in that format.

10.    Responding Party objects to each and every production request to the extent it seeks documents created or modified outside the liability period of this lawsuit.

11.    The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding  Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

////

////

**SERVICE CORPORATION'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.:  CV 08-01184 SI                                                                                            3

**REQUEST FOR DOCUMENTS NO. 2:**

All Documentation, for the Relevant Time Period, Concerning or describing all employees of Service Corporation International ("SCI"), Alderwoods, or any Alderwoods Affiliated Entity or Location in California either located in or having any responsibilities in California, and all Documentation for each such employee Concerning employment contracts or agreements and human resource information of any kind related to such employees. (A proper response includes, but is not limited to, production of all Documentation Concerning any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel Files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Service Corporation

**SERVICE CORPORATION'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**                                                          4
Case No.: CV 08-01184 SI

1  International has not had any employees.

2  **REQUEST FOR DOCUMENTS NO. 3:**

3       All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction,

4  wage reporting and benefits structure and systems of Alderwoods, SCI and any Alderwoods

5  Affiliated Entity or Location in California, and all Documentation Concerning the pay information,

6  wage deduction information, wage reporting information and benefit information for all employees

7  of such Parties. (A proper response includes, but is not limited to, production of all Documentation

8  such as any employee paystubs, Compensation package information, pay rate information, tax

9  withholding information, wage reporting information, tax reporting information, employee benefit

10  Documentation, including, but not limited to such benefits as health or dental insurance, flex

11  spending accounts, retirement benefits, etc., and also includes, but is not limited to, production of

12  all Documentation Concerning which employees were paid, when they were paid, by whom they

13  were paid, from what accounts and whose accounts they were paid, who took pay deductions and

14  how, who was responsible for reporting wages and taxes etc.)

15  **RESPONSE TO DOCUMENT REQUEST NO. 3:**

16       Responding Party objects to this request on the grounds that it grossly exceeds the limited

17  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

18  further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

19  burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

20  request to the extent it calls for disclosure of employee information that could potentially violate

21  employees' privacy rights which are protected by the California and United States Constitutions

22  and other state and federal laws.  Responding Party further objects to this request to the extent it

23  calls for the disclosure of trade secret, proprietary or other confidential information, and no

24  protective order is in place which would govern the production, disclosure and dissemination of

25  such confidential information.

26  ///

27

28

**SERVICE CORPORATION'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**                                    5
Case No.:  CV 08-01184 SI

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Service Corporation International has not had any employees and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems.

**REQUEST FOR DOCUMENTS NO. 4:**

All Documentation, for the Relevant Time Period, Concerning all employment Practices and Policies that applied to employees of Alderwoods, SCI or any Alderwoods Affiliated Entity or Location in California, and Documentation Concerning the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that Alderwoods, SCI or any Alderwoods Affiliated Entity or Location in California had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the production of Documentation Concerning all employee handbooks (including production of the handbooks themselves) or Policies applied to such employees during the Relevant Time Period, and the production of all Documentation Concerning the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Service Corporation International has not had any employees and, as such, has not had any employment practices or policies.

**REQUEST FOR DOCUMENTS NO. 5:**

All Documentation, for the Relevant Time Period, Concerning the corporate structure for Alderwoods, SCI and any Alderwoods Affiliated Entity or Location in California and Documentation Concerning each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of Alderwoods, SCI or any Alderwoods Affiliated Entity or Location in California. (A proper response includes, but is not limited to, production of all Documentation, as to each forenamed party, of such things as organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of Compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

**SERVICE CORPORATION'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

7

burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Non-privileged documents in Responding Party's possession or control which reflect the corporate structure for Responding Party are attached hereto as Exhibit "A" (Bates Stamp SCI(HELM)0001-0014.)  The documents are deemed and confidential by Defendants and are provided subject to the Stipulated Protective Order to which counsel for all parties have agreed and the Court has approved.

**REQUEST FOR DOCUMENTS NO. 6:**

All Documentation, for the Relevant Time Period, Concerning all reporting requirements imposed on Alderwoods, SCI or any Alderwoods Affiliated Entity or Location in California by any Person, and Documentation Concerning all reporting requirements imposed by Alderwoods, SCI or any Alderwoods Affiliated Entity or Location in California on any Person. (A proper response includes, but is not limited to, production of Documentation regarding reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

**SERVICE CORPORATION'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**                                                                          8
Case No.:  CV 08-01184 SI

1   information, and no protective order is in place which would govern the production, disclosure and

2   dissemination of such confidential information.

3   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

4          Subject to and without waiving the aforesaid objections, and to the extent Responding Party

5   understands the request, Responding Party responds as follows:  Not applicable in light of the fact

6   that during the relevant time period (as that terms is defined in the requests), Service Corporation

7   International has had no reporting requirements pertaining to employees because it has not been an

8   employer.

9   **REQUEST FOR DOCUMENTS NO. 7:**

10         All Documentation, for the Relevant Time Period, Concerning all contracts, agreements,

11  deals, pacts or obligations of any kind Concerning Alderwoods, SCI or any Alderwoods Affiliated

12  Entity or Location in California with any Person relating to, arising from or otherwise Concerning

13  any matter in California.

14  **RESPONSE TO DOCUMENT REQUEST NO. 7:**

15         Responding Party objects to this request on the grounds that it grossly exceeds the limited

16  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

17  further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

18  burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

19  request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

20  information, and no protective order is in place which would govern the production, disclosure and

21  dissemination of such confidential information.

22  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

23         Subject to and without waiving the aforesaid objections, and to the extent Responding Party

24  understands the request, Responding Party responds as follows:  Not applicable in light of the fact

25  that during the relevant time period (as that terms is defined in the requests), Service Corporation

26  International has not had any employees and has not entered into contracts, agreements, deals,

27

28

**SERVICE CORPORATION'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**                                                         9
Case No.:  CV 08-01184 SI

pacts or obligations with any persons or entities in California which relate to the employment

policies and practices in dispute in this litigation.   Service Corporation International's lack of

contacts with California sufficient for the Court to exercise general personal jurisdiction are set

forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to

Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs'

possession.

**REQUEST FOR DOCUMENTS NO. 8:**

All Documentation, for the Relevant Time Period, Concerning all agents or employees of

Alderwoods, SCI or any Alderwoods Affiliated Entity or Location in California, who

Communicated in any fashion to SCI Concerning any matter in California, who contacted Persons

or entities within California, who made any contacts, arrangements or took any actions that had

effects in California or who ever entered California on behalf of, within the knowledge of or at the

request of SCI; and Documentation Concerning all Persons who ever spoke with, reported to or

otherwise contacted SCI from within California, or Concerning any matters therein.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited

scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

request to the extent it calls for disclosure of employee information that could potentially violate

employees' privacy rights which are protected by the California and United States Constitutions

and other state and federal laws.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

understands the request, Responding Party responds as follows:  Not applicable in light of the fact

that during the relevant time period (as that terms is defined in the requests), Service Corporation

**SERVICE CORPORATION'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.:  CV 08-01184 SI

10

International has been a holding company which has not had any employees.

**REQUEST FOR DOCUMENTS NO. 9:**

All Documentation, for the Relevant Time Period, Concerning all actions taken or transactions made within or Concerning California by Alderwoods, SCI, any Alderwoods Affiliated Entity or Location in California, or any employee or agent acting on their behalf.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Service Corporation International has not had any employees and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession.

**REQUEST FOR DOCUMENTS NO. 12:**

All Documentation, for the Relevant Time Period, Concerning any trips or visits made to California by SCI, or by any employee or agent acting on behalf of Alderwoods or SCI Concerning

**SERVICE CORPORATION'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

11

Alderwoods, SCI, or any Alderwoods Affiliated Entity or Location in California; and all Documentation Concerning any trips or visits made by any Person to contact Alderwoods or SCI Concerning any matter in California.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Service Corporation International has not had any employees and has not made any trips to California related to the employment policies and practices in dispute in this litigation. Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession.

**REQUEST FOR DOCUMENTS NO. 13:**

All Documentation, for the Relevant Time Period, Concerning any Policies or decisions of Alderwoods, SCI, or any Alderwoods Affiliated Entity or Location in California that were made or established in an effort to comply with any law of the State of California, or to promote an Alderwoods Affiliated Entity's or Location's compliance with such laws, or any contact of any

**SERVICE CORPORATION'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**                                                                    12
Case No.: CV 08-01184 SI

1  kind that such Parties have made with any entity of the State of California, or the State of

2  California itself.

3  **RESPONSE TO DOCUMENT REQUEST NO. 13:**

4      Responding Party objects to this request on the grounds that it grossly exceeds the limited

5  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

6  further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

7  burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

8  request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

9  information, and no protective order is in place which would govern the production, disclosure and

10  dissemination of such confidential information.

11  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

12      Subject to and without waiving the aforesaid objections, and to the extent Responding Party

13  understands the request, Responding Party responds as follows:  Not applicable in light of the fact

14  that during the relevant time period (as that terms is defined in the requests), Service Corporation

15  International had no employees and did not make any policies or decisions for the specific purpose

16  of complying or promoting compliance with California laws.

17  **REQUEST FOR DOCUMENTS NO. 15:**

18      All Documentation, for the Relevant Time Period, Concerning any business operations or

19  efforts conducted, sought, negotiated, promoted or abandoned by SCI with any Person within

20  California or Concerning California, and provide all Documentation Concerning any profits, sales,

21  revenues or business of any kind that Alderwoods, SCI or any Alderwoods Affiliated Entity or

22  Location in California can attribute, whether directly or indirectly, to operations in California.

23  **RESPONSE TO DOCUMENT REQUEST NO. 15:**

24      Responding Party objects to this request on the grounds that it grossly exceeds the limited

25  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

26  further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

27

28

burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding Party further objects to the second sub-part of this request as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Service Corporation International has not had any employees and has not been involved in business operations in California which are related to the employment policies and practices in dispute in this litigation. Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.

**REQUEST FOR DOCUMENTS NO. 16:**

All Documentation, for the Relevant Time Period, Concerning any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by Alderwoods or SCI to any Person within California, including to any Alderwoods Affiliated Entity or Location in California or Concerning any Alderwoods corporate operation or employee in California.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

**SERVICE CORPORATION'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

14

burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Service Corporation International has not had any employees and has not been involved in providing business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation. Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.

**REQUEST FOR DOCUMENTS NO. 17:**

All Documentation, for the Relevant Time Period, Concerning any legal action or arbitration/mediations taken by or against, or otherwise involving Alderwoods, SCI or any Alderwoods Affiliated Entity or Location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and all legal Documentation related to such matters.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Defendant further objects to this request to

**SERVICE CORPORATION'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**                                                                                                    15
Case No.: CV 08-01184 SI

the extent it invades the attorney-client and/or attorney work product privilege.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Non-privileged documents pertaining to the cases identified in Service Corporation International's supplemental response to Plaintiff's First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 19, are a matter of public record and are therefore equally available to the requesting parties.

**REQUEST FOR DOCUMENTS NO. 19:**

All Documentation, for the Relevant Time Period, Concerning "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation.  Responding party further objects to this request on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Gwen Petteway is not a party to this action.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

**SERVICE CORPORATION'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.:  CV 08-01184 SI

16

understands the request, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the request refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows: Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to First Request for Production of Documents Regarding Personal Jurisdiction Issues for Gwen Petteway, Request No. 19, in the related matter of *Bryant v. Service Corporation International et al.*, U.S. District Court for the Northern District of California, Case No. 3:08-CV-01190 SI.

**REQUEST FOR DOCUMENTS NO. 20:**

All Documentation, for the Relevant Time Period, Concerning each position (including any board, officer, employment or other position) or job with Alderwoods or any Alderwoods Affiliated Entity or Location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each produce all Documentation describing the corresponding responsibilities, duties and roles for such positions, and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding party further objects to this request on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan are not parties to this action. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and

**SERVICE CORPORATION'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS** 17
Case No.: CV 08-01184 SI

1  federal laws.

2  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 20**

3          Subject to and without waiving the aforesaid objections, and to the extend Responding

4  Party understands the request, Responding Party responds as follows:  Responding Party refers the

5  plaintiffs to the supplemental responses of Paul Houston to Plaintiffs' First Requests for Production

6  of Documents Regarding Personal Jurisdiction Issues, Request No. 20, and to the supplemental

7  responses of Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan to Plaintiffs' First

8  Requests for Production of Documents Regarding Personal Jurisdiction Issues, Request No. 20, in

9  the related matter of *Bryant v. Service Corporation International et al.*, U.S. District Court for the

10  Northern District of California, Case No. 3:08-CV-01190 SI.

11  **REQUEST FOR DOCUMENTS NO. 21:**

12          All Documentation, for the Relevant Time Period, Concerning any contact that

13  Alderwoods, SCI, any Alderwoods Affiliated Entity or Location in California, or any employee or

14  agent acting on their behalf, has had with California, or Concerning any matter within California.

15  **RESPONSE TO DOCUMENT REQUEST NO. 21:**

16          Responding Party objects to this request on the grounds that it grossly exceeds the limited

17  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

18  objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome

19  and harassing, and it calls for speculation.

20  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

21          Subject to and without waiving the aforesaid objections, and to the extent Responding Party

22  understands the request, Responding Party responds as follows:  Responding Party refers the

23  plaintiffs to its other supplemental responses to these requests which are set forth above and are

24  ///

25  ///

26  ///

27

28

**SERVICE CORPORATION'S SUPPLEMENTAL RESPONSES TO REQUEST FOR**
**PRODUCTION OF DOCUMENTS**                                                                    18
Case No.: CV 08-01184 SI

1    incorporated herein by reference.

2

3    Dated:  January _**12**_, 2009              GURNEE & DANIELS LLP

4

5    By _____
                                    STEVEN H. GURNEE, ESQ.
6                                   DAVID M. DANIELS, ESQ.
                                    NICHOLAS P. FORESTIERE, ESQ.
7                                   Attorneys for Defendants
                                    ALDERWOODS GROUP, INC., PAUL
8                                   HOUSTON, SERVICE CORPORATION
                                    INTERNATIONAL, SCI FUNERAL AND
9                                   CEMETERY PURCHASING
                                    COOPERATIVE, INC., SCI EASTERN
10                                  MARKET SUPPORT CENTER, L.P.,
                                    SCI WESTERN MARKET SUPPORT
11                                  CENTER, L.P., and SCI HOUSTON
                                    MARKET SUPPORT CENTER, L.P.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE CORPORATION'S SUPPLEMENTAL RESPONSES TO REQUEST FOR
PRODUCTION OF DOCUMENTS**                                                    19
Case No.:  CV 08-01184 SI

## VERIFICATION

I, JANET KEY, declare:

I am employed by SCI Funeral & Cemetery Purchasing Cooperative, Inc. as Senior Legal Assistant, and am also its Corporate Secretary. As part of my job duties, I am familiar with the corporate structure of Service Corporation International ("SCI") and I have been authorized to sign this verification on its behalf.

I have read DEFENDANT SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING PERSONAL JURISDICTION ISSUES and am informed and believe that the matters stated therein are true, and on that ground allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this _16th_ day of January 2009 at Houston, Texas.

_____
JANET KEY

*Helm v. Alderwoods Group*
Case No.: CV 08-01184 SI

LAW OFFICES
Steven H. Gurnee &
Associates
A Law Corporation

1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ. SB# 125118
   JOHN A. MASON, ESQ. SB# 166996
3  GURNEE & DANIELS LLP
   2240 Douglas Boulevard, Suite 150
4  Roseville, CA  95661-3805
   Telephone    (916) 797-3100
5  Facsimile    (916) 797-3131

6  Attorneys for Defendants
   ALDERWOODS GROUP, INC., PAUL HOUSTON,
7  SERVICE CORPORATION INTERNATIONAL,
   SCI FUNERAL AND CEMETERY PURCHASING
8  COOPERATIVE, INC., SCI EASTERN MARKET
   SUPPORT CENTER, L.P., SCI WESTERN MARKET
9  SUPPORT CENTER, L.P., and SCI HOUSTON
   MARKET SUPPORT CENTER, L.P.

10

11                        UNITED STATES DISTRICT COURT

12                       NORTHERN DISTRICT OF CALIFORNIA

13

14

15  WILLIAM HELM, DEBORAH PRISE,          )   No.  CV 08-01184 SI
    HEATHER P. RADY, et al., on behalf of )
16  themselves and all other employees and former )
    employees similarly situated,         )   **DEFENDANT SERVICE**
17                                         )   **CORPORATION INTERNATIONAL'S**
                                           )   **SUPPLEMENTAL RESPONSES TO**
18               Plaintiffs,               )   **PLAINTIFFS' FIRST SET OF**
           vs.                             )   **INTERROGATORIES REGARDING**
19                                         )   **PERSONAL JURISDICTION ISSUES**
    ALDERWOODS GROUP, INC., PAUL A.        )
20  HOUSTON, SERVICE CORPORATION           )
    INTERNATIONAL, SCI FUNERAL AND         )
21  CEMETERY PURCHASING                    )
    COOPERATIVE, INC., SCI EASTERN         )
22  MARKET SUPPORT CENTER, L.P., SCI       )
    WESTERN MARKET SUPPORT CENTER,         )
23  L.P., a/k/a SCI WESTERN MARKET         )
    SUPPORT CENTER, INC., and SCI          )
24  HOUSTON MARKET SUPPORT CENTER,         )
25  L.P.                                   )
                                           )
26                                         )
                 Defendants.               )
27  _____)

28

**SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL**
**RESPONSES TO INTERROGATORIES**                                         1
Case No.: CV 08-01184 SI

**PROPOUNDING PARTY:**           PLAINTIFFS

**RESPONDING PARTY:**            DEFENDANT, SERVICE CORPORATION
                                 INTERNATIONAL

**SET NUMBER:**                  ONE

    Defendant, SERVICE CORPORATION INTERNATIONAL (hereinafter "SCI", "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

<u>**GENERAL STATEMENTS AND OBJECTIONS**</u>

    1.    Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

    2.    These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

    3.    These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

    4.    Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

    5.    Responding Party expressly reserves:

        5.1    All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

        5.2    All objections as to vagueness, ambiguity, unintelligibility and over breadth.

**SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL
RESPONSES TO INTERROGATORIES**
Case No.: CV 08-01184 SI

6.     Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.     These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.     Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome.  Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a person is identified.

12.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a document is identified.

13.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly

**SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL**
**RESPONSES TO INTERROGATORIES**
Case No.:  CV 08-01184 SI

burdensome.  Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which an act is identified.

15.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16.     Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.     The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and human resource Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

**SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**
Case No.: CV 08-01184 SI

4

limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Service Corporation International has not had any employees.

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI and any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee paystubs, compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts,

retirement benefits, etc., and also includes, but is not limited to Identification and Description in Detail of which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Service Corporation International has not had any employees and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems for its employees.

**INTERROGATORY NO. 6:**

Identify and Describe in Detail during the Relevant Time Period all employment Practices

**SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL**
**RESPONSES TO INTERROGATORIES**
Case No.:  CV 08-01184 SI                                                                                                    6

and Policies that applied to employees of SCI or any SCI affiliated entity or location in California, and Identify and Describe in Detail the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the Identification and Description in Detail of all employee handbooks or Policies applied to such employees during the Relevant Time Period, and Identification and Description in Detail of the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Service Corporation International has not had any employees and, as such, has not had any employment practices or policies for its employees.

SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL
RESPONSES TO INTERROGATORIES
Case No.:  CV 08-01184 SI

7

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI and any SCI affiliated entity or location in California and Identify and Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**
Case No.: CV 08-01184 SI

8

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Service Corporation International, a Texas corporation, is the 100 percent owner of SCI Funeral Services, L.L.C., an Iowa limited liability company, which is the 100 percent owner of SCI California Funeral Services, Inc., a California corporation.  SCI California Funeral Services, Inc. is the 100 percent owner of ECI Capital Corporation.  Together, SCI California Funeral Services, Inc. and ECI Capital Corporation own 100 percent of California Cemetery and Funeral Services, LLC.

Service Corporation International is also the 100 percent owner of SCI Special, Inc. a Delaware corporation.  SCI Special, Inc. is the 100 percent owner of SCI Administrative Services LLC, a Delaware limited liability company, and the 100 percent owner of Remembrance Memorial Traditions, LLC, a Delaware limited liability company.  SCI Administrative Services LLC is the general partner of SCI Management L.P., a Delaware limited partnership.  Remembrance Memorial Traditions, LLC is a limited partner of SCI Management L.P.  SCI Management L.P. is the 100 percent owner of SCI Western Market Support Center, Inc., a California corporation which is a 25 percent owner of SCI Funeral & Cemetery Purchasing Cooperative, Inc.

Service Corporation International is also the 100 percent owner of Alderwoods Group, L.L.C., a Delaware limited liability company, which is the 100 percent owner of Alderwoods Group (California), Inc. and of Rose Hills Holdings Corp., a Delaware corporation, which is the 100 percent owner of Rose Hills Company, a Delaware corporation.

## INTERROGATORY NO. 8:

Identify and Describe in Detail during the Relevant Time Period all reporting requirements imposed on SCI or any SCI affiliated entity or location in California by any Person, and Identify and Describe in Detail all reporting requirements imposed by SCI, or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

///

SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL
RESPONSES TO INTERROGATORIES
Case No.: CV 08-01184 SI                                                    9

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the relevant time period (as that terms is defined in the interrogatories), Service Corporation International has had no reporting requirements pertaining to its employees because it has not been an employer.

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party

1    further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

2    proprietary or other confidential information, and no protective order is in place which would

3    govern the production, disclosure and dissemination of such confidential information.

4    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

5         Subject to and without waiving the aforesaid objections, and to the extent Responding Party

6    understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

7    Period (as that term is defined in the interrogatories), Service Corporation International has not had

8    any employees and has not entered into contracts, agreements, deals, pacts or obligations with any

9    persons or entities in California which relate to the employment policies and practices in dispute in

10   this litigation.  Service Corporation International's lack of contacts with California sufficient for

11   the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in

12   Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to

13   FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by

14   reference.

15   **INTERROGATORY NO. 10:**

16        Identify and Describe in Detail during the Relevant Time Period all agents or employees of

17   SCI or any SCI affiliated entity or location in California, who communicated in any fashion to SCI

18   Concerning any matter in California, who contacted Persons or entities within California, who

19   made any contacts, arrangements or took any actions that had effects in California or who ever

20   entered California on behalf of, within the knowledge of or at the request of SCI; and Identify and

21   Describe in Detail all Persons who ever spoke with, reported to or otherwise contacted SCI from

22   within California, or Concerning any matters therein.

23   

24   **RESPONSE TO INTERROGATORY NO. 10:**

25        Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

26   limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

27   Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

28   

**SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL
RESPONSES TO INTERROGATORIES**                                                    11
Case No.:  CV 08-01184 SI

overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Service Corporation International is a holding company which has not had any employees during the Relevant Time Period as that term is defined in the interrogatories.

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or Concerning California by SCI, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

**SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**
Case No.: CV 08-01184 SI

12

understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Service Corporation International has not had any employees and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.    Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by SCI, or by any employee or agent acting on behalf of SCI or Concerning SCI, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.    Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.    Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

**SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL
RESPONSES TO INTERROGATORIES**
Case No.:  CV 08-01184 SI

13

1  understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

2  Period (as that term is defined in the interrogatories), Service Corporation International has not had

3  any employees and has not made any trips to California related to the employment policies and

4  practices in dispute in this litigation.  Service Corporation International's lack of contacts with

5  California sufficient for the Court to exercise general personal jurisdiction are set forth in the

6  Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss

7  Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and

8  is incorporated herein by reference.

9  **INTERROGATORY NO. 15:**

10          Identify and Describe in Detail during the Relevant Time Period any Policies or decisions

11  of SCI, or any SCI affiliated entity or location in California that were made or established in an

12  effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or

13  location's compliance with such laws, or any contact of any kind that such Parties have made with

14  any entity of the State of California, or the State of California itself.

15  **RESPONSE TO INTERROGATORY NO. 15:**

16          Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

17  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

18  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

19  overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

20  further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

21  proprietary or other confidential information, and no protective order is in place which would

22  govern the production, disclosure and dissemination of such confidential information.  Responding

23  party further objects to this interrogatory on the grounds that it contains more than one separate and

24  discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

25  imposed by FRCP 33(a)(1).

26

27  ///

28

**SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL**
**RESPONSES TO INTERROGATORIES**
Case No.: CV 08-01184 SI

14

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Service Corporation International had no employees and did not make any policies or decisions for the specific purpose of complying or promoting compliance with California laws.

**INTERROGATORY NO. 17:**

Identify and Describe in Detail during the Relevant Time Period any business operations or efforts conducted, sought, negotiated, promoted or abandoned by SCI with any Person within California or Concerning California, and provide Identification and Description in Detail of any profits, sales, revenues or business of any kind that SCI or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO INTERROGATORY NO. 17:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).  Responding Party further objects to the second sub-part of this interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

///

**SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**
Case No.: CV 08-01184 SI

15

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Service Corporation International has not had any employees and has not been involved in business operations in California which are related to the employment policies and practices in dispute in this litigation.    Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.

**INTERROGATORY NO. 18:**

Identify and Describe in Detail during the Relevant Time Period (including full Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

**RESPONSE TO INTERROGATORY NO. 18:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

**SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**
Case No.:  CV 08-01184 SI

16

imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Service Corporation International has not had any employees and has not been involved in providing business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation.  Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.

**INTERROGATORY NO. 19:**

Identify and Describe in Detail during the Relevant Time Period any legal action or arbitration/mediations taken by or against, or otherwise involving SCI or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and Identify and Describe in Detail any legal Documents related to such matters.

**RESPONSE TO INTERROGATORY NO. 19:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Defendant further objects to this interrogatory to the extent it invades the attorney-client and/or attorney work product privilege.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is

**SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL
RESPONSES TO INTERROGATORIES**
Case No.:  CV 08-01184 SI

17

1  in place which would govern the production, disclosure and dissemination of such confidential

2  information.

3  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19:**

4      Subject to and without waiving the aforesaid objections, and to the extent Responding Party

5  understands the interrogatory, Responding Party responds as follows: Aside from the "wage and

6  hour" lawsuits in which plaintiffs' counsel are attorneys of record, Service Corporation

7  International has identified the following California lawsuits in which it was named as a defendant

8  during the Relevant Time Period (as that term is defined in the interrogatories):

9  - *Heather Avila v. Brian Copner, Service Corporation International, et al.,* Fresno County Superior Court No. 08CECG03627DSB;

10
11 - *Marsha Berger v. Service Corporation International, et al.,* Contra Costa County Superior Court No. C05-02502 (Consolidated with *Funeral Consumers Alliance et al. v. Serivce Corporation International et al.* referred to above) ;

12 - *Leonard Bernal v. Rose Hills Mortuary, Service Corporation International, et al.,* Los Angeles County Superior Court No. BC355094;

13
14 - *Andrea Brown v. Pierce Bros. Mortuary, Service Corporation International, et al.,* Orange County Superior Court No. 05CC03900;

15 - *Cemetery & Funeral Bureau v. Service Corporation International, et al.,* Cemetery & Funeral Bureau No. AI-2001-222;

16 - *Sandra Dahl v. Service Corporation Intermational, et al.,* Santa Clara County Superior Court No. 106CV075483

17 - *Renelle Emond v. Service Corporation International et al.,* Sacramento Superior Court No. 04AS02627 ;

18
19 - *Funeral Consumers Alliance et al. v. Serivce Corporation International et al.,* U.S. Dist. Court of the Northern Dist. of California No. C 05-01804 transferred to Southern District of Texas, Houston Division No. H-05-3394;

20 - *Passerfun Nisha Hafiz v. Service Corporation International, et al.,* Contra Costa County Superior Court No. C02-00327;

21
22 - *Clayton Guzman v. Service Corporation International,* San Francisco County Superior Court No. 323858;

23 - *Clayton Guzman v. Service Corporation International et al.,* U.S. Dist. Court for the Northern Dist. of California No. C 01-04812 PJH;

24 - *Hernandez v. Service Corporation International et al.,* Tulare County Superior Court No. 03-206736;

25 - *Lynda Innis v. Service Corporation International et al.,* San Mateo County Superior Court No. 462609;

26 - *Beatrice Kaufman v. Service Corporation International et al.;*

27 - *Patrick G. Kintzley v. Service Corporation International et al.,* Santa Clara County Superior Court No. 1-04-CV-032216;

28

**SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL
RESPONSES TO INTERROGATORIES**
Case No.: CV 08-01184 SI

18

- *Katheryn Patricia Linville v. Service Corporation International, et al.,* Contra Costa County Superior Court No. CO2-03258;
- *Armando Lopez v. Service Corporation International, et al,* Contra Costa County Superior Court No. CO7-01569;
- *Andrea Lugo v. Metropolitan Life Insurance Company, Service Corporation International Disability, et al.,* US District Court Central District No. CV05-4553R;
- *Maria Magsarili v. Service Corporation International, et al.,* (Consolidated with *Funeral Consumers Alliance et al. v. Serivce Corporation International et al.* referred to above)
- *Angela Maney-Sorrell v. Service Corporation International, et al.,* San Diego County Superior Court No. 37-2008-00059956-CU-OE-NC;
- *Gregory Lloyd Marino v. Service Corporation Intermational, et al.,* Butte County Superior Court No. 125290;
- *Adrian Munoz v. Rose Hills Mortuary, Service Corporation Intermational, et al.,* Los Angeles County Superior Court No. VC049079;
- *Oracle Corporation v. Besthalf.com and Service Corporation International,* San Mateo County Superior Court No. C-419000;
- *James Petrucci, Jr. v. Service Corporation Intermational, et al.,* Los Angeles County Superior Court No. P0040274;
- *Pioneer Valley Casket Co. v. Service Corporation Intermational, et al.,* (Consolidated with *Funeral Consumers Alliance et al. v. Serivce Corporation International et al.* referred to above)
- *Rich v. Service Corporation International et al.,* Orange County Superior Court No. 075CC00556;
- *Francis Rocha v. Service Corporation International et al.,* Contra Costa County Superior Court No. CO5-02501 (Consolidated with *Funeral Consumers Alliance et al. v. Serivce Corporation International et al.* referred to above)
- *Joseph Rodriguez et al. v. Service Corporation International et al.,* Los Angeles County Superior Court No. BC 326478;
- *Shirley S. Ruedi v. Greenwood Mortuary, Service Corporation International et al.,* San Diego County Superior Court No. GIC832852;
- *Saul William Siedman v. Service Corporation Intermational, et al.,* Santa Clara County Superior Court No. 406SC021302;
- *Raymond Silvas v. Service Corporation International, et al.,* Los Angeles County Superior Court No. BC368809;
- *Nick Stathes v. Service Corporation International, et al.,* Los Angeles County Superior Court No. BC 374259;
- *Kenneth Strongman v. Oakmont Memorial Park, Service Corporation International, et al.,* Contra Costa County Superior Court No. WS01-0310;
- *Margaret L. Wente v. SCI California Funeral Services, Inc., Service Corporation International, et al.,* Orange County Superior Court No. 06CC02312
- *Tammie White v. Service Corporation International, et al.,* Ventura County Superior Court No. 56-2007-00287812-CL-BC-SIM;
- *Janelle Williams v. Service Corporation International et al.,* Los Angeles County Superior Court No. P0035700;

**SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**
Case No.: CV 08-01184 SI

19

- *Earl J. Ahrens v. Mt. Vernon Mortuary, Service Corporation International, et al.,* Sacramento County Superior Court No. 05AS02624;
- *Mary Louise Baudino v. Service Corporation International et al.,* Los Angeles County Superior Court No. BC324007;
- *Esther Eliapo v. SCI California Funeral Services, Service Corporation International, et al.,* Santa Clara County Superior Court No. 1-04-CV029135;
- *Mark Price v. Eternal Hills Memorial Park, Service Corporation International, et al.,* San Diego County Superior Court No. 37-2007-00079857-CU-WT-NC;
- *Joann Ramirez v. Rose Hills Mortuary, Service Corporation International, et al.,* Los Angeles County Superior Court No. VC047214;
- *Yolanda Youngblood v. Service Corporation International et al.,* Los Angeles County Superior Court No. BC381283.

Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties. Discovery is continuing and Responding Party reserves the right to supplement this list if and when additional responsive information becomes available.

**INTERROGATORY NO. 21:**

Identify and Describe in Detail during the Relevant Time Period "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO INTERROGATORY NO. 21:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation. Responding party further objects to this interrogatory on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Gwen Petteway is not a party to this action.

///

**SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**
Case No.: CV 08-01184 SI

20

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**

Subject to and without waiving the aforesaid objections, to the extent that Responding Party understands the interrogatory, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the interrogatory refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows: Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Gwen Petteway, Interrogatory No. 21, in the related matter of *Bryant v. Service Corporation International et al.*, U.S. District Court for the Northern District of California, Case No. 3:08-CV-01190 SI.

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO INTERROGATORY NO. 22:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding party further objects to this interrogatory on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Jane Jones,

**SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**
Case No.: CV 08-01184 SI

21

Gwen Petteway, Curtis Briggs and Thomas Ryan are not parties to this action.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

Subject to and without waiving the aforesaid objections, and to the extend Responding Party understands the interrogatory, Responding Party responds as follows:  Responding Party refers the plaintiffs to the supplemental responses of Paul Houston to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22, and to the supplemental responses of Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22, in the related matter of *Bryant v. Service Corporation International et al.*, U.S. District Court for the Northern District of California, Case No. 3:08-CV-01190 SI.

**INTERROGATORY NO. 23:**

Identify and Describe in Detail during the Relevant Time Period any contact that SCI, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

**RESPONSE TO INTERROGATORY NO. 23:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and

**SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL
RESPONSES TO INTERROGATORIES**
Case No.: CV 08-01184 SI

22

discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  Responding Party refers the plaintiffs to its other supplemental responses to these interrogatories which are set forth above and are incorporated herein by reference.

Dated: January ___, 2009

GURNEE & DANIELS LLP

By _____
STEVEN H. GURNEE, ESQ.
DAVID M. DANIELS, ESQ.
NICHOLAS P. FORESTIERE, ESQ.
Attorneys for Defendants
ALDERWOODS GROUP, INC., PAUL
HOUSTON, SERVICE CORPORATION
INTERNATIONAL, SCI FUNERAL AND
CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN
MARKET SUPPORT CENTER, L.P.,
SCI WESTERN MARKET SUPPORT
CENTER, L.P., and SCI HOUSTON
MARKET SUPPORT CENTER, L.P.

**SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL
RESPONSES TO INTERROGATORIES**
Case No.:  CV 08-01184 SI

23

**VERIFICATION**

I, JANET KEY, declare:

I am employed by SCI Funeral & Cemetery Purchasing Cooperative, Inc. as Senior Legal Assistant, and am also its Corporate Secretary.  As part of my job duties, I am familiar with the corporate structure of Service Corporation International ("SCI") and I have been authorized to sign this verification on its behalf.

I have read DEFENDANT SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING PERSONAL JURISDICTION ISSUES and am informed and believe that the matters stated therein are true, and on that ground allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this _16th_ day of January 2009 at Houston, Texas.

_____
JANET KEY

*Helm v. Alderwoods Group*
Case No.: CV 08-01184 SI

LAW OFFICES
Steven H. Gurnee &
Associates
A Law Corporation

1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ. SB# 125118
   JOHN A. MASON, ESQ. SB# 166996
3  GURNEE & DANIELS LLP
   2240 Douglas Boulevard, Suite 150
4  Roseville, CA  95661-3805
   Telephone     (916) 797-3100
5  Facsimile     (916) 797-3131

6  Attorneys for Defendants
   ALDERWOODS GROUP, INC., PAUL HOUSTON,
7  SERVICE CORPORATION INTERNATIONAL,
   SCI FUNERAL AND CEMETERY PURCHASING
8  COOPERATIVE, INC., SCI EASTERN MARKET
   SUPPORT CENTER, L.P., SCI WESTERN MARKET
9  SUPPORT CENTER, L.P., and SCI HOUSTON
   MARKET SUPPORT CENTER, L.P.

10

11
                    UNITED STATES DISTRICT COURT
12
                   NORTHERN DISTRICT OF CALIFORNIA
13

14
   WILLIAM HELM, DEBORAH PRISE,          )  No.  CV 08-01184 SI
15 HEATHER P. RADY, et al., on behalf of )
16 themselves and all other employees and former )  **DEFENDANT SCI EASTERN MARKET**
   employees similarly situated,         )  **SUPPORT CENTER, L.P.'S**
17                                        )  **SUPPLEMENTAL RESPONSES TO**
                                          )  **PLAINTIFFS' FIRST REQUEST FOR**
18            Plaintiffs,                 )  **PRODUCTION OF DOCUMENTS**
          vs.                             )  **REGARDING PERSONAL**
19                                        )  **JURISDICTION ISSUES**
   ALDERWOODS GROUP, INC., PAUL A.        )
20 HOUSTON, SERVICE CORPORATION           )
21 INTERNATIONAL, SCI FUNERAL AND         )
   CEMETERY PURCHASING                    )
22 COOPERATIVE, INC., SCI EASTERN         )
   MARKET SUPPORT CENTER, L.P., SCI       )
23 WESTERN MARKET SUPPORT CENTER,         )
24 L.P., a/k/a SCI WESTERN MARKET         )
   SUPPORT CENTER, INC., and SCI          )
25 HOUSTON MARKET SUPPORT CENTER,         )
   L.P.                                   )
26                                        )
                                          )
27            Defendants.                 )
                                          )
28

   **SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR**
   **PRODUCTION OF DOCUMENTS**                                              1
   Case No.: CV 08-01184 SI

**PROPOUNDING PARTY:**     PLAINTIFFS

**RESPONDING PARTY:**     DEFENDANT, SCI EASTERN MARKET SUPPORT CENTER, L.P.

**SET NUMBER:**     ONE

    Defendant, SCI EASTERN MARKET SUPPORT CENTER, L.P. (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the requests for production of documents, set one, propounded by plaintiffs, as follows:

### GENERAL STATEMENTS AND OBJECTIONS

    1.    Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

    2.    These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

    3.    These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

    4.    Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

    5.    Responding Party expressly reserves:

        5.1    All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

        5.2    All objections as to vagueness, ambiguity, unintelligibility and over breadth.

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

2

6.     Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.     These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and/or the orders of assigned judge to this action.

9.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California by requiring Responding Party to produce documents in any form other than as they are kept in the ordinary course of business.  Specifically, Responding Party objects to Plaintiffs' production requests to the extent they purport to require Responding Party to produce documents in electronic format.  Responding Party has no obligation to create electronic records for documents that do not exist in that format.

10.     Responding Party objects to each and every production request to the extent it seeks documents created or modified outside the liability period of this lawsuit.

11.     The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**REQUEST FOR DOCUMENTS NO. 2:**

All Documentation, for the Relevant Time Period, Concerning or describing all employees

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.:  CV 08-01184 SI

3