EXHIBIT E PART 2

of SCI Eastern Market Support Center, L.P. ("SCI Eastern Market"), Alderwoods, or any Alderwoods Affiliated Entity or Location in California either located in or having any responsibilities in California, and all Documentation for each such employee Concerning employment contracts or agreements and human resource information of any kind related to such employees. (A proper response includes, but is not limited to, production of all Documentation Concerning any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel Files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California.

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

4

**REQUEST FOR DOCUMENTS NO. 3:**

All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction, wage reporting and benefits structure and systems of Alderwoods, SCI Eastern Market and any Alderwoods Affiliated Entity or Location in California, and all Documentation Concerning the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, production of all Documentation such as any employee paystubs, Compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to, production of all Documentation Concerning which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.:  CV 08-01184 SI

5

understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P has not had any employees which are located in or having any responsibilities in California and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems which pertain to California.

**REQUEST FOR DOCUMENTS NO. 4:**

All Documentation, for the Relevant Time Period, Concerning all employment Practices and Policies that applied to employees of Alderwoods, SCI Eastern Market or any Alderwoods Affiliated Entity or Location in California, and Documentation Concerning the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that Alderwoods, SCI Eastern Market or any Alderwoods Affiliated Entity or Location in California had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the production of Documentation Concerning all employee handbooks (including production of the handbooks themselves) or Policies applied to such employees during the Relevant Time Period, and the production of all Documentation Concerning the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

///

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.:  CV 08-01184 SI

6

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California and, as such, has not had any employment practices or policies pertaining to California.

**REQUEST FOR DOCUMENTS NO. 5:**

All Documentation, for the Relevant Time Period, Concerning the corporate structure for Alderwoods, SCI Eastern Market and any Alderwoods Affiliated Entity or Location in California and Documentation Concerning each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of Alderwoods, SCI Eastern Market or any Alderwoods Affiliated Entity or Location in California. (A proper response includes, but is not limited to, production of all Documentation, as to each forenamed party, of such things as organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of Compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

1  further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

2  burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

3  request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

4  information, and no protective order is in place which would govern the production, disclosure and

5  dissemination of such confidential information.

6  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

7        Subject to and without waiving the aforesaid objections, and to the extent Responding Party

8  understands the request, Responding Party responds as follows: Non-privileged documents in

9  Responding Party's possession or control which reflect the corporate structure for Responding

10  Party are attached hereto as Exhibit "A" (Bates Stamp EMSC(HELM)0001-0014.)  The documents

11  are deemed confidential by Defendants and provided subject to the Stipulated Protective Order to

12  which counsel for all parties have agreed and the Court has approved.   With respect to Service

13  Corporation International, Responding Party refers the plaintiffs to Service Corporation

14  International's supplemental response to Plaintiffs' First Request for Production of Documents

15  Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 5.

16  **REQUEST FOR DOCUMENTS NO. 6:**

17        All Documentation, for the Relevant Time Period, Concerning all reporting requirements

18  imposed on Alderwoods, SCI Eastern Market or any Alderwoods Affiliated Entity or Location in

19  California by any Person, and Documentation Concerning all reporting requirements imposed by

20  Alderwoods, SCI Eastern Market or any Alderwoods Affiliated Entity or Location in California on

21  any Person. (A proper response includes, but is not limited to, production of Documentation

22  regarding reporting requirements relating to business matters, legal matters, tax matters, state

23  compliance matters, human resource matters, etc.)

24  **RESPONSE TO DOCUMENT REQUEST NO. 6:**

25        Responding Party objects to this request on the grounds that it grossly exceeds the limited

26  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

27

28

further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P. has had no reporting requirements pertaining to employees in California because they have not had any employees which are located in or having any responsibilities in California.

**REQUEST FOR DOCUMENTS NO. 7:**

All Documentation, for the Relevant Time Period, Concerning all contracts, agreements, deals, pacts or obligations of any kind Concerning Alderwoods, SCI Eastern Market or any Alderwoods Affiliated Entity or Location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

///

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

9

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Pisano in Support of SCI Eastern Market Support Center L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.

**REQUEST FOR DOCUMENTS NO. 8:**

All Documentation, for the Relevant Time Period, Concerning all agents or employees of Alderwoods, SCI Eastern Market or any Alderwoods Affiliated Entity or Location in California, who Communicated in any fashion to SCI Eastern Market Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of SCI Eastern Market; and Documentation Concerning all Persons who ever spoke with, reported to or otherwise contacted SCI Eastern Market from within California, or Concerning any matters therein.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

10

employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P. has  not had any employees which are located in or having any responsibilities in California and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Pisano in Support of SCI Eastern Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession.

**REQUEST FOR DOCUMENTS NO. 9:**

All Documentation, for the Relevant Time Period, Concerning all actions taken or transactions made within or Concerning California by Alderwoods, SCI Eastern Market, any Alderwoods Affiliated Entity or Location in California, or any employee or agent acting on their behalf.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and

1  dissemination of such confidential information.

2  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

3      Subject to and without waiving the aforesaid objections, and to the extent Responding Party

4  understands the request, Responding Party responds as follows:  Not applicable in light of the fact

5  that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market

6  Support Center, L.P. has not had any employees which are located in or having any responsibilities

7  in and has not entered into transactions with any persons or entities in California which relate to

8  the employment policies and practices in dispute in this litigation.   SCI Eastern Market Support

9  Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal

10  jurisdiction are set forth in the Declaration of Robert Paisano in Support of SCI Eastern Market

11  Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and

12  12(b)(6) which is in plaintiffs' possession.

13  **REQUEST FOR DOCUMENTS NO. 12:**

14      All Documentation, for the Relevant Time Period, Concerning any trips or visits made to

15  California by SCI Eastern Market, or by any employee or agent acting on behalf of Alderwoods or

16  SCI Eastern Market Concerning Alderwoods, SCI Eastern Market, or any Alderwoods Affiliated

17  Entity or Location in California; and all Documentation Concerning any trips or visits made by any

18  Person to contact Alderwoods or SCI Eastern Market Concerning any matter in California.

19  **RESPONSE TO DOCUMENT REQUEST NO. 12:**

20      Responding Party objects to this request on the grounds that it grossly exceeds the limited

21  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

22  further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

23  burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

24  request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

25  information, and no protective order is in place which would govern the production, disclosure and

26  dissemination of such confidential information.

27

28

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR
PRODUCTION OF DOCUMENTS**                                                                  12
Case No.: CV 08-01184 SI

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not made any trips to California related to the employment policies and practices in dispute in this litigation.  SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Pisano in Support of SCI Eastern Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession.

**REQUEST FOR DOCUMENTS NO. 13:**

All Documentation, for the Relevant Time Period, Concerning any Policies or decisions of Alderwoods, SCI Eastern Market, or any Alderwoods Affiliated Entity or Location in California that were made or established in an effort to comply with any law of the State of California, or to promote an Alderwoods Affiliated Entity's or Location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.:  CV 08-01184 SI

13

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P. had no employees which are located in or having any responsibilities in California, and did not make any policies or decisions for the specific purpose of complying or promoting compliance with California laws.

**REQUEST FOR DOCUMENTS NO. 15:**

All Documentation, for the Relevant Time Period, Concerning any business operations or efforts conducted, sought, negotiated, promoted or abandoned by SCI Eastern Market with any Person within California or Concerning California, and provide all Documentation Concerning any profits, sales, revenues or business of any kind that Alderwoods, SCI Eastern Market or any Alderwoods Affiliated Entity or Location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding Party further objects to the second sub-part of this request as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

14

understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not been involved in business operations in California which are related to the employment policies and practices in dispute in this litigation. SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Paisano in Support of SCI Eastern Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.

**REQUEST FOR DOCUMENTS NO. 16:**

All Documentation, for the Relevant Time Period, Concerning any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by Alderwoods or SCI Eastern Market to any Person within California, including to any Alderwoods Affiliated Entity or Location in California or Concerning any Alderwoods corporate operation or employee in California.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

15

that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not been involved in providing business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation.   SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Paisano in Support of SCI Eastern Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.

**REQUEST FOR DOCUMENTS NO. 17:**

All Documentation, for the Relevant Time Period, Concerning any legal action or arbitration/mediations taken by or against, or otherwise involving Alderwoods, SCI Eastern Market or any Alderwoods Affiliated Entity or Location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and all legal Documentation related to such matters.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Defendant further objects to this request to the extent it invades the attorney-client and/or attorney work product privilege.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.:  CV 08-01184 SI

16

understands the request, Responding Party responds as follows:  Not applicable in light of the fact that, aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, SCI Eastern Market Support Center, L.P. does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories.   Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties.

**REQUEST FOR DOCUMENTS NO. 19:**

All Documentation, for the Relevant Time Period, Concerning "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation.  Responding party further objects to this request on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Gwen Petteway is not a party to this action.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the request refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows: Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to First Request

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI                                                                                              17

for Production of Documents Regarding Personal Jurisdiction Issues for Gwen Petteway, Request No. 19, in the related matter of *Bryant v. Service Corporation International et al.*, U.S. District Court for the Northern District of California, Case No. 3:08-CV-01190 SI.

**REQUEST FOR DOCUMENTS NO. 20:**

All Documentation, for the Relevant Time Period, Concerning each position (including any board, officer, employment or other position) or job with Alderwoods or any Alderwoods Affiliated Entity or Location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each produce all Documentation describing the corresponding responsibilities, duties and roles for such positions, and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding party further objects to this request on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan are not parties to this action. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 20**

Subject to and without waiving the aforesaid objections, and to the extend Responding Party understands the request, Responding Party responds as follows: Responding Party refers the plaintiffs to the supplemental responses of Paul Houston to Plaintiffs' First Requests for Production

of Documents Regarding Personal Jurisdiction Issues, Request No. 20, and to the supplemental responses of Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan to Plaintiffs' First Requests for Production of Documents Regarding Personal Jurisdiction Issues, Request No. 20, in the related matter of *Bryant v. Service Corporation International et al.*, U.S. District Court for the Northern District of California, Case No. 3:08-CV-01190 SI.

**REQUEST FOR DOCUMENTS NO. 21:**

All Documentation, for the Relevant Time Period, Concerning any contact that Alderwoods, SCI Eastern Market, any Alderwoods Affiliated Entity or Location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Responding Party refers the plaintiffs to its other supplemental responses to these requests which are set forth above and are

///
///
///
///
///
///
///

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

19

1   incorporated herein by reference.

2

3   Dated: January **22**, 2009          GURNEE & DANIELS LLP

4

5                                        By _____

6                                        STEVEN H. GURNEE, ESQ.
                                         DAVID M. DANIELS, ESQ.

7                                        NICHOLAS P. FORESTIERE, ESQ.
                                         Attorneys for Defendants

8                                        ALDERWOODS GROUP, INC., PAUL
                                         HOUSTON, SERVICE CORPORATION

9                                        INTERNATIONAL, SCI FUNERAL AND
                                         CEMETERY PURCHASING

10                                       COOPERATIVE, INC., SCI EASTERN
                                         MARKET SUPPORT CENTER, L.P.,

11                                       SCI WESTERN MARKET SUPPORT
                                         CENTER, L.P., and SCI HOUSTON

12                                       MARKET SUPPORT CENTER, L.P.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR
PRODUCTION OF DOCUMENTS**                                              20
Case No.: CV 08-01184 SI

**<u>VERIFICATION</u>**

I, ROBERT PISANO, declare:

I work with SCI Eastern Market Support Center, L.P.  and I have been authorized to sign this verification on its behalf.

I have read DEFENDANT SCI EASTERN MARKET SUPPORT CENTER, L.P.'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING PERSONAL JURISDICTION ISSUES and am informed and believe that the matters stated therein are true, and on that ground allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this _19_ day of January 2009 at Eastchester, New York.

_____
ROBERT PISANO

*Bryant v. Service Corporation International*
Case No.:  CV 08-01190 SI

1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ. SB# 125118
   JOHN A. MASON, ESQ. SB# 166996
3  GURNEE & DANIELS LLP
   2240 Douglas Boulevard, Suite 150
4  Roseville, CA  95661-3805
   Telephone     (916) 797-3100
5  Facsimile     (916) 797-3131

6  Attorneys for Defendants
   ALDERWOODS GROUP, INC., PAUL HOUSTON,
7  SERVICE CORPORATION INTERNATIONAL,
   SCI FUNERAL AND CEMETERY PURCHASING
8  COOPERATIVE, INC., SCI EASTERN MARKET
   SUPPORT CENTER, L.P., SCI WESTERN MARKET
9  SUPPORT CENTER, L.P., and SCI HOUSTON
   MARKET SUPPORT CENTER, L.P.

10

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15  WILLIAM HELM, DEBORAH PRISE,          )  No.  CV 08-01184 SI
    HEATHER P. RADY, et al., on behalf of  )
16  themselves and all other employees and former )  **DEFENDANT SCI EASTERN MARKET**
    employees similarly situated,          )  **SUPPORT CENTER, L.P.'S**
17                                         )  **SUPPLEMENTAL RESPONSES TO**
                                           )  **PLAINTIFFS' FIRST SET OF**
18              Plaintiffs,                )  **INTERROGATORIES REGARDING**
            vs.                            )  **PERSONAL JURISDICTION ISSUES**
19                                         )
    ALDERWOODS GROUP, INC., PAUL A.        )
20  HOUSTON, SERVICE CORPORATION           )
    INTERNATIONAL, SCI FUNERAL AND         )
21  CEMETERY PURCHASING                    )
    COOPERATIVE, INC., SCI EASTERN         )
22  MARKET SUPPORT CENTER, L.P., SCI       )
    WESTERN MARKET SUPPORT CENTER,         )
23  L.P., a/k/a SCI WESTERN MARKET         )
    SUPPORT CENTER, INC., and SCI          )
24                                         )
25  HOUSTON MARKET SUPPORT CENTER,         )
    L.P.                                   )
26                                         )
                                           )
27  _____Defendants._____ )

28

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES 1**
Case No.:  CV 08-01184 SI

**PROPOUNDING PARTY:**     PLAINTIFFS

**RESPONDING PARTY:**     DEFENDANT, SCI EASTERN MARKET SUPPORT
CENTER, L.P.

**SET NUMBER:**     ONE

Defendant, SCI EASTERN MARKET SUPPORT CENTER, L.P. (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

## GENERAL STATEMENTS AND OBJECTIONS

1.     Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.     These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.     These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.     Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.     Responding Party expressly reserves:

5.1     All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2     All objections as to vagueness, ambiguity, unintelligibility and over breadth.

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES** 2
Case No.:  CV 08-01184 SI

6.    Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.    These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.    Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.    Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.    Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome.  Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a person is identified.

12.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a document is identified.

13.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES** 3
Case No.:  CV 08-01184 SI

burdensome. Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14. Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which an act is identified.

15. Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16. Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17. The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of SCI Eastern Market Support Center, L.P. ("SCI Eastern Market"), Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and human resource Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

///

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES 4
Case No.: CV 08-01184 SI

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the relevant time period (as that terms is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 4.

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI, SCI Eastern Market and any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay information,

wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee paystubs, compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification and Description in Detail of which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time

1  period (as that terms is defined in the interrogatories), SCI Eastern Market Support Center, L.P has

2  not had any employees which are located in or having any responsibilities in California and, as

3  such, has not had any pay, wage deduction, wage reporting or benefits structures or systems which

4  pertain to California. With respect to Service Corporation International, Responding Party refers

5  the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of

6  Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International,

7  Interrogatory No. 5.

8  **INTERROGATORY NO. 6:**

9       Identify and Describe in Detail during the Relevant Time Period all employment Practices

10  and Policies that applied to employees of SCI, SCI Eastern Market or any SCI affiliated entity or

11  location in California, and Identify and Describe in Detail the manner and means by which these

12  employment Practices and company Policies were developed, put into Practice and enforced, and

13  any involvement that SCI, SCI Eastern Market or any SCI affiliated entity or location had in

14  relation to those Policies and Practices. (A proper response includes, but is not limited to, the

15  Identification and Description in Detail of all employee handbooks or Policies applied to such

16  employees during the Relevant Time Period, and Identification and Description in Detail of the

17  forenamed Parties, and any involvement they had with such Policies such as reviewing them,

18  providing advice on them, promulgating them, enforcing them or implementing them.)

19  **RESPONSE TO INTERROGATORY NO. 6:**

20       Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

21  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

22  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

23  overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

24  further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

25  proprietary or other confidential information, and no protective order is in place which would

26  govern the production, disclosure and dissemination of such confidential information.  Responding

27

28

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES** 7
Case No.: CV 08-01184 SI

1    party further objects to this interrogatory on the grounds that it contains more than one separate and

2    discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

3    imposed by FRCP 33(a)(1).

4    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

5        Subject to and without waiving the aforesaid objections, and to the extent Responding Party

6    understands the interrogatory, Responding Party responds as follows:  During the relevant time

7    period (as that terms is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has

8    not had any employees which are located in or having any responsibilities in California and, as

9    such, has not had any employment practices or policies pertaining to California. With respect to

10   Service Corporation International, Responding Party refers the plaintiffs to Service Corporation

11   International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

12   Jurisdiction Issues for Service Corporation International, Interrogatory No. 6.

13   **INTERROGATORY NO. 7:**

14       Identify and Describe in Detail during the Relevant Time Period the corporate structure for

15   SCI, SCI Eastern Market and any SCI affiliated entity or location in California and Identify and

16   Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any

17   contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations

18   of any kind in relation to any employee of SCI, SCI Eastern Market or any SCI affiliated entity or

19   location in California. (A proper response includes, but is not limited to, Identification and

20   Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation

21   of responsibilities of all employees, Documentation of reporting/management structure,

22   Documentation of banking systems and accounts, Documentation of compensation and benefits

23   systems, Documentation regarding human resource implementation and processes, Documentation

24   regarding systems for recording hours, Documentation regarding accounting systems,

25   employer/employee lists, Documentation of bank accounts controlled by such Parties (used,

26   contributed to, withdrawn from etc., and a list of who has access to them), and their corporate

27

28

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES 8**
Case No.: CV 08-01184 SI

1  position, responsibilities and reporting structure (who these Parties report to, and who reports to

2  any of these Parties).)

3  **RESPONSE TO INTERROGATORY NO. 7:**

4      Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

5  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

6  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

7  overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

8  further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

9  proprietary or other confidential information, and no protective order is in place which would

10  govern the production, disclosure and dissemination of such confidential information.  Responding

11  party further objects to this interrogatory on the grounds that it contains more than one separate and

12  discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

13  imposed by FRCP 33(a)(1).

14  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

15      Subject to and without waiving the aforesaid objections, and to the extent Responding Party

16  understands the interrogatory, Responding Party responds as follows: Service Corporation

17  International, a Texas corporation, is the 100 percent owner of SCI Special, Inc., a Delaware

18  corporation.  SCI Special, Inc. is the 100 percent owner of SCI Administrative Services LLC, a

19  Delaware limited liability company, and the 100 percent owner of Remembrance Memorial

20  Traditions, LLC, a Delaware limited liability company.  SCI Administrative Services LLC is the

21  general partner of SCI Management L.P., a Delaware limited partnership.   Remembrance

22  Memorial Traditions, LLC is a limited partner of SCI Management L.P.  SCI Management L.P. is

23  the 100 percent owner of SCI EOps HQ, Inc. a New York corporation. SCI EOps HQ, Inc. a New

24  York corporation, is the general partner of SCI Eastern Market Support Center, L.P., a Texas

25  limited partnership, and SCI Management L.P. is a limited partner of SCI Eastern Market Support

26  Center, L.P.  SCI Eastern Market Support Center, L.P. is a 25 percent owner of SCI Funeral &

27  Cemetery Purchasing Cooperative, Inc.   With respect to Service Corporation International,

28

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES** 9
Case No.: CV 08-01184 SI

Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 7.

**INTERROGATORY NO. 8:**

Identify and Describe in Detail during the Relevant Time Period all reporting requirements imposed on SCI, SCI Eastern Market or any SCI affiliated entity or location in California by any Person, and Identify and Describe in Detail all reporting requirements imposed by SCI, SCI Eastern Market or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the relevant time period (as that terms is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has had no reporting requirements pertaining to employees in California because they have not had any

employees which are located in or having any responsibilities in California.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 8.

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, SCI Eastern Market or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.   Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Pisano in Support

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES** 11
Case No.:  CV 08-01184 SI

of SCI Eastern Market Support Center L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 9.

**INTERROGATORY NO. 10:**

Identify and Describe in Detail during the Relevant Time Period all agents or employees of SCI, SCI Eastern Market or any SCI affiliated entity or location in California, who communicated in any fashion to SCI Eastern Market Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of SCI Eastern Market; and Identify and Describe in Detail all Persons who ever spoke with, reported to or otherwise contacted SCI Eastern Market from within California, or Concerning any matters therein.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Pisano in Support of SCI Eastern Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 10.

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or Concerning California by SCI, SCI Eastern Market, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would

govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Pisano in Support of SCI Eastern Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 11.

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by SCI Eastern Market, or by any employee or agent acting on behalf of SCI or SCI Eastern Market Concerning SCI, SCI Eastern Market, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or SCI Eastern Market Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES** 14
Case No.:  CV 08-01184 SI

1    further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

2    proprietary or other confidential information, and no protective order is in place which would

3    govern the production, disclosure and dissemination of such confidential information.  Responding

4    party further objects to this interrogatory on the grounds that it contains more than one separate and

5    discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

6    imposed by FRCP 33(a)(1).

7    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

8           Subject to and without waiving the aforesaid objections, and to the extent Responding Party

9    understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

10   Period (as that term is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has

11   not had any employees which are located in or having any responsibilities in California, and has

12   not made any trips to California related to the employment policies and practices in dispute in this

13   litigation.  SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for

14   the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Pisano

15   in Support of SCI Eastern Market Support Center, L.P.'s Motion to Dismiss Amended Complaint

16   Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated

17   herein by reference.  With respect to Service Corporation International, Responding Party refers

18   the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of

19   Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International,

20   Interrogatory No. 14.

21   **INTERROGATORY NO. 15:**

22          Identify and Describe in Detail during the Relevant Time Period any Policies or decisions

23   of SCI, SCI Eastern Market, or any SCI affiliated entity or location in California that were made or

24   established in an effort to comply with any law of the State of California, or to promote an SCI

25   affiliated entity's or location's compliance with such laws, or any contact of any kind that such

26   Parties have made with any entity of the State of California, or the State of California itself.

27

28

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES** 15
Case No.: CV 08-01184 SI

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), SCI Eastern Market Support Center, L.P. had no employees which are located in or having any responsibilities in California, and did not make any policies or decisions for the specific purpose of complying or promoting compliance with California laws.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 15.

**INTERROGATORY NO. 17:**

Identify and Describe in Detail during the Relevant Time Period any business operations or efforts conducted, sought, negotiated, promoted or abandoned by SCI Eastern Market with any Person within California or Concerning California, and provide Identification and Description in Detail of any profits, sales, revenues or business of any kind that SCI, SCI Eastern Market or any

1    SCI affiliated entity or location in California can attribute, whether directly or indirectly, to

2    operations in California.

3    **RESPONSE TO INTERROGATORY NO. 17:**

4         Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

5    limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

6    Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

7    overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

8    further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

9    proprietary or other confidential information, and no protective order is in place which would

10   govern the production, disclosure and dissemination of such confidential information.  Responding

11   party further objects to this interrogatory on the grounds that it contains more than one separate and

12   discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

13   imposed by FRCP 33(a)(1).  Responding Party further objects to the second sub-part of this

14   interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of

15   admissible evidence.

16   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**

17        Subject to and without waiving the aforesaid objections, and to the extent Responding Party

18   understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

19   Period (as that term is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has

20   not had any employees which are located in or having any responsibilities in California, and has

21   not been involved in business operations in California which are related to the employment

22   policies and practices in dispute in this litigation.  SCI Eastern Market Support Center, L.P.'s lack

23   of contacts with California sufficient for the Court to exercise general personal jurisdiction are set

24   forth in the Declaration of Robert Pisano in Support of SCI Eastern Market Support Center, L.P.'s

25   Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in

26   plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation

27

28

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES** 17
Case No.:  CV 08-01184 SI

International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 17.

**INTERROGATORY NO. 18:**

Identify and Describe in Detail during the Relevant Time Period (including full Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or SCI Eastern Market to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

**RESPONSE TO INTERROGATORY NO. 18:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not been involved in providing business services, customer service or human resources

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES** 18
Case No.: CV 08-01184 SI

assistance in California which are related to the employment policies and practices in dispute in this litigation.   SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Pisano in Support of SCI Eastern Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 18.

**INTERROGATORY NO. 19:**

Identify and Describe in Detail during the Relevant Time Period any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, SCI Eastern Market or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and Identify and Describe in Detail any legal Documents related to such matters.

**RESPONSE TO INTERROGATORY NO. 19:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.   Defendant further objects to this interrogatory to the extent it invades the attorney-client and/or attorney work product privilege.   Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

///

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES** 19
Case No.: CV 08-01184 SI

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  Aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, SCI Eastern Market Support Center, L.P. does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories.   Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 19.

**INTERROGATORY NO. 21:**

Identify and Describe in Detail during the Relevant Time Period "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO INTERROGATORY NO. 21:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation.  Responding party further objects to this interrogatory on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Gwen Petteway is not a party to this action.

///

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES** 20
Case No.:  CV 08-01184 SI

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**

Subject to and without waiving the aforesaid objections, to the extent that Responding Party understands the interrogatory, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the interrogatory refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows: Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Gwen Petteway, Interrogatory No. 21, in the related matter of *Bryant v. Service Corporation International et al.*, U.S. District Court for the Northern District of California, Case No. 3:08-CV-01190 SI.

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO INTERROGATORY NO. 22:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding party further objects to this interrogatory on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Jane Jones,

1   Gwen Petteway, Curtis Briggs and Thomas Ryan are not parties to this action. Responding Party

2   further objects to this interrogatory to the extent it calls for disclosure of employee information that

3   could potentially violate employees' privacy rights which are protected by the California and

4   United States Constitutions and other state and federal laws. Responding party further objects to

5   this interrogatory on the grounds that it contains more than one separate and discrete sub-part,

6   thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

7   33(a)(1).

8   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

9       Subject to and without waiving the aforesaid objections, and to the extend Responding

10  Party understands the interrogatory, Responding Party responds as follows: Responding Party

11  refers the plaintiffs to the supplemental responses of Paul Houston to Plaintiffs' First Set of

12  Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22, and to the

13  supplemental responses of Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan to

14  Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22,

15  in the related matter of *Bryant v. Service Corporation International et al.*, U.S. District Court for

16  the Northern District of California, Case No. 3:08-CV-01190 SI.

17  **INTERROGATORY NO. 23:**

18

19      Identify and Describe in Detail during the Relevant Time Period any contact that SCI, SCI

20  Eastern Market, any SCI affiliated entity or location in California, or any employee or agent acting

21  on their behalf, has had with California, or Concerning any matter within California.

22  **RESPONSE TO INTERROGATORY NO. 23:**

23      Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

24  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

25  Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous,

26  overbroad, unduly burdensome and harassing, and it calls for speculation. Responding party

27  further objects to this interrogatory on the grounds that it contains more than one separate and

28

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES** 22
Case No.: CV 08-01184 SI

1   discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

2   imposed by FRCP 33(a)(1).

3   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23**

4          Subject to and without waiving the aforesaid objections, and to the extent Responding Party

5   understands the interrogatory, Responding Party responds as follows:  Responding Party refers the

6   plaintiffs to its other supplemental responses to these interrogatories which are set forth above and

7   are incorporated herein by reference.

8

9   Dated:  January *22*, 2009                    GURNEE & DANIELS LLP

10

11                                               By _____

12                                                  STEVEN H. GURNEE, ESQ.
                                                    DAVID M. DANIELS, ESQ.
13                                                  NICHOLAS P. FORESTIERE, ESQ.
                                                    Attorneys for Defendants
14                                                  ALDERWOODS GROUP, INC., PAUL
                                                    HOUSTON, SERVICE CORPORATION
15                                                  INTERNATIONAL, SCI FUNERAL AND
                                                    CEMETERY PURCHASING
16                                                  COOPERATIVE, INC., SCI EASTERN
                                                    MARKET SUPPORT CENTER, L.P.,
17                                                  SCI WESTERN MARKET SUPPORT
                                                    CENTER, L.P., and SCI HOUSTON
18                                                  MARKET SUPPORT CENTER, L.P.
19

20

21

22

23

24

25

26

27

28

**SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES** 23
Case No.:  CV 08-01184 SI

## VERIFICATION

I, ROBERT PISANO, declare:

I work with SCI Eastern Market Support Center, L.P. and I have been authorized to sign this verification on its behalf.

I have read DEFENDANT SCI EASTERN MARKET SUPPORT CENTER, L.P.'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORIES and am informed and believe that the matters stated therein are true, and on that ground allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this _15_ day of January 2009 at Eastchester, New York.

*Robert Pisano*
_____
ROERT PISANO

*Bryant v. Service Corporation International*
Case No.:  CV 08-01190 SI

LAW OFFICES
Steven H. Gurnee &
Associates
A Law Corporation

1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ. SB# 125118
   JOHN A. MASON, ESQ. SB# 166996
3  GURNEE & DANIELS LLP
   2240 Douglas Boulevard, Suite 150
4  Roseville, CA  95661-3805
   Telephone     (916) 797-3100
5  Facsimile     (916) 797-3131

6  Attorneys for Defendants
   ALDERWOODS GROUP, INC., PAUL HOUSTON,
7  SERVICE CORPORATION INTERNATIONAL,
   SCI FUNERAL AND CEMETERY PURCHASING
8  COOPERATIVE, INC., SCI EASTERN MARKET
   SUPPORT CENTER, L.P., SCI WESTERN MARKET
9  SUPPORT CENTER, L.P., and SCI HOUSTON
   MARKET SUPPORT CENTER, L.P.

10

11
                    UNITED STATES DISTRICT COURT
12
                  NORTHERN DISTRICT OF CALIFORNIA
13

14

15  WILLIAM HELM, DEBORAH PRISE,            )   No.  CV 08-01184 SI
    HEATHER P. RADY, et al., on behalf of   )
16  themselves and all other employees and former )   **DEFENDANT SCI HOUSTON MARKET**
    employees similarly situated,           )   **SUPPORT CENTER, L.P.'S**
17                                          )   **SUPPLEMENTAL RESPONSES TO**
                                            )   **PLAINTIFFS' FIRST REQUEST FOR**
18            Plaintiffs,                   )   **PRODUCTION OF DOCUMENTS**
         vs.                                )   **REGARDING PERSONAL**
19                                          )   **JURISDICTION ISSUES**
    ALDERWOODS GROUP, INC., PAUL A.         )
20  HOUSTON, SERVICE CORPORATION            )
    INTERNATIONAL, SCI FUNERAL AND          )
21  CEMETERY PURCHASING                     )
    COOPERATIVE, INC., SCI EASTERN          )
22  MARKET SUPPORT CENTER, L.P., SCI        )
    WESTERN MARKET SUPPORT CENTER,          )
23  L.P., a/k/a SCI WESTERN MARKET          )
    SUPPORT CENTER, INC., and SCI           )
24                                          )
    HOUSTON MARKET SUPPORT CENTER,          )
25  L.P.                                    )
                                            )
26                                          )
            Defendants.                     )
27  _____)

28

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR
PRODUCTION OF DOCUMENTS**                                                    1
Case No.: CV 08-01184 SI

**PROPOUNDING PARTY:**     PLAINTIFFS

**RESPONDING PARTY:**     DEFENDANT, SCI HOUSTON MARKET SUPPORT
CENTER, L.P.

**SET NUMBER:**     ONE

Defendant, SCI HOUSTON MARKET SUPPORT CENTER, L.P. (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the requests for production of documents, set one, propounded by plaintiffs, as follows:

### GENERAL STATEMENTS AND OBJECTIONS

1.     Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.     These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.     These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.     Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.     Responding Party expressly reserves:

5.1     All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2     All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.    Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.    These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.    Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and/or the orders of assigned judge to this action.

9.    Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California by requiring Responding Party to produce documents in any form other than as they are kept in the ordinary course of business.  Specifically, Responding Party objects to Plaintiffs' production requests to the extent they purport to require Responding Party to produce documents in electronic format.  Responding Party has no obligation to create electronic records for documents that do not exist in that format.

10.    Responding Party objects to each and every production request to the extent it seeks documents created or modified outside the liability period of this lawsuit.

11.    The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

////

////

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.:  CV 08-01184 SI

3

**REQUEST FOR DOCUMENTS NO. 2:**

All Documentation, for the Relevant Time Period, Concerning or describing all employees of SCI Houston Market Support Center, L.P. ("SCI Houston"), Alderwoods, or any Alderwoods Affiliated Entity or Location in California either located in or having any responsibilities in California, and all Documentation for each such employee Concerning employment contracts or agreements and human resource information of any kind related to such employees. (A proper response includes, but is not limited to, production of all Documentation Concerning any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel Files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Houston Market

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

4

Support Center, L.P. has not had any employees which are located in or having any responsibilities in California.

**REQUEST FOR DOCUMENTS NO. 3:**

All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction, wage reporting and benefits structure and systems of Alderwoods, SCI Houston and any Alderwoods Affiliated Entity or Location in California, and all Documentation Concerning the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, production of all Documentation such as any employee paystubs, Compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to, production of all Documentation Concerning which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

5

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Houston Market Support Center, L.P has not had any employees which are located in or having any responsibilities in California and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems which pertain to California.

**REQUEST FOR DOCUMENTS NO. 4:**

All Documentation, for the Relevant Time Period, Concerning all employment Practices and Policies that applied to employees of Alderwoods, SCI Houston or any Alderwoods Affiliated Entity or Location in California, and Documentation Concerning the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that Alderwoods, SCI Houston or any Alderwoods Affiliated Entity or Location in California had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the production of Documentation Concerning all employee handbooks (including production of the handbooks themselves) or Policies applied to such employees during the Relevant Time Period, and the production of all Documentation Concerning the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

6

1  dissemination of such confidential information.

2  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

3      Subject to and without waiving the aforesaid objections, and to the extent Responding Party

4  understands the request, Responding Party responds as follows:  Not applicable in light of the fact

5  that during the relevant time period (as that terms is defined in the requests), SCI Houston Market

6  Support Center, L.P. has not had any employees which are located in or having any responsibilities

7  in California and, as such, has not had any employment practices or policies pertaining to

8  California.

9  **REQUEST FOR DOCUMENTS NO. 5:**

10      All Documentation, for the Relevant Time Period, Concerning the corporate structure for

11  Alderwoods, SCI Houston and any Alderwoods Affiliated Entity or Location in California and

12  Documentation Concerning each party's manner of, method of, knowledge of, involvement in, or

13  any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee

14  relations of any kind in relation to any employee of Alderwoods, SCI Houston or any Alderwoods

15  Affiliated Entity or Location in California. (A proper response includes, but is not limited to,

16  production of all Documentation, as to each forenamed party, of such things as organizational or

17  flow charts, Documentation of responsibilities of all employees, Documentation of

18  reporting/management structure, Documentation of banking systems and accounts, Documentation

19  of Compensation and benefits systems, Documentation regarding human resource implementation

20  and processes, Documentation regarding systems for recording hours, Documentation regarding

21  accounting systems, employer/employee lists, Documentation of bank accounts controlled by such

22  Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their

23  corporate position, responsibilities and reporting structure (who these Parties report to, and who

24  reports to any of these Parties).)

25

26  **RESPONSE TO DOCUMENT REQUEST NO. 5:**

27      Responding Party objects to this request on the grounds that it grossly exceeds the limited

28

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

7

scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Non-privileged documents in Responding Party's possession or control which reflect the corporate structure for Responding Party are attached hereto as Exhibit "A" (Bates Stamp HMSC(HELM)0001-0014.) The documents are deemed confidential by Defendants and are provided subject to the Stipulated Protective Order to which counsel for all parties have agreed and the Court has approved. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 5.

**REQUEST FOR DOCUMENTS NO. 6:**

All Documentation, for the Relevant Time Period, Concerning all reporting requirements imposed on Alderwoods, SCI Houston or any Alderwoods Affiliated Entity or Location in California by any Person, and Documentation Concerning all reporting requirements imposed by Alderwoods, SCI Houston or any Alderwoods Affiliated Entity or Location in California on any Person. (A proper response includes, but is not limited to, production of Documentation regarding reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

///

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS** 8
Case No.: CV 08-01184 SI

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Houston Market Support Center, L.P. has had no reporting requirements pertaining to employees in California because they have not had any employees which are located in or having any responsibilities in California.

**REQUEST FOR DOCUMENTS NO. 7:**

All Documentation, for the Relevant Time Period, Concerning all contracts, agreements, deals, pacts or obligations of any kind Concerning Alderwoods, SCI Houston or any Alderwoods Affiliated Entity or Location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. SCI Houston Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.

**REQUEST FOR DOCUMENTS NO. 8:**

All Documentation, for the Relevant Time Period, Concerning all agents or employees of Alderwoods, SCI Houston or any Alderwoods Affiliated Entity or Location in California, who Communicated in any fashion to SCI Houston Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of SCI Houston; and Documentation Concerning all Persons who ever spoke with, reported to or otherwise contacted SCI Houston from within California, or Concerning any matters therein.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

10

burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. SCI Houston Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession.

**REQUEST FOR DOCUMENTS NO. 9:**

All Documentation, for the Relevant Time Period, Concerning all actions taken or transactions made within or Concerning California by Alderwoods, SCI Houston, any Alderwoods Affiliated Entity or Location in California, or any employee or agent acting on their behalf.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and

1   dissemination of such confidential information.

2   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

3       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

4   understands the request, Responding Party responds as follows: Not applicable in light of the fact

5   that during the relevant time period (as that terms is defined in the requests), SCI Houston Market

6   Support Center, L.P. has not had any employees which are located in or having any responsibilities

7   in and has not entered into transactions with any persons or entities in California which relate to

8   the employment policies and practices in dispute in this litigation.   SCI Houston Market Support

9   Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal

10  jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market

11  Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and

12  12(b)(6) which is in plaintiffs' possession.

13  **REQUEST FOR DOCUMENTS NO. 12:**

14      All Documentation, for the Relevant Time Period, Concerning any trips or visits made to

15  California by SCI Houston, or by any employee or agent acting on behalf of Alderwoods or SCI

16  Houston Concerning Alderwoods, SCI Houston, or any Alderwoods Affiliated Entity or Location

17  in California; and all Documentation Concerning any trips or visits made by any Person to contact

18  Alderwoods or SCI Houston Concerning any matter in California.

19  **RESPONSE TO DOCUMENT REQUEST NO. 12:**

20      Responding Party objects to this request on the grounds that it grossly exceeds the limited

21  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

22  further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

23  burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

24  request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

25  information, and no protective order is in place which would govern the production, disclosure and

26  dissemination of such confidential information.

27

28

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

12

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not made any trips to California related to the employment policies and practices in dispute in this litigation.  SCI Houston Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession.

**REQUEST FOR DOCUMENTS NO. 13:**

All Documentation, for the Relevant Time Period, Concerning any Policies or decisions of Alderwoods, SCI Houston, or any Alderwoods Affiliated Entity or Location in California that were made or established in an effort to comply with any law of the State of California, or to promote an Alderwoods Affiliated Entity's or Location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.:  CV 08-01184 SI

13

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Houston Market Support Center, L.P. had no employees which are located in or having any responsibilities in California, and did not make any policies or decisions for the specific purpose of complying or promoting compliance with California laws.

**REQUEST FOR DOCUMENTS NO. 15:**

All Documentation, for the Relevant Time Period, Concerning any business operations or efforts conducted, sought, negotiated, promoted or abandoned by SCI Houston with any Person within California or Concerning California, and provide all Documentation Concerning any profits, sales, revenues or business of any kind that Alderwoods, SCI Houston or any Alderwoods Affiliated Entity or Location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding Party further objects to the second sub-part of this request as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

14

understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not been involved in business operations in California which are related to the employment policies and practices in dispute in this litigation.  SCI Houston Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.

**REQUEST FOR DOCUMENTS NO. 16:**

All Documentation, for the Relevant Time Period, Concerning any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by Alderwoods or SCI Houston to any Person within California, including to any Alderwoods Affiliated Entity or Location in California or Concerning any Alderwoods corporate operation or employee in California.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

15

that during the relevant time period (as that terms is defined in the requests), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not been involved in providing business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation.   SCI Houston Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.

**REQUEST FOR DOCUMENTS NO. 17:**

All Documentation, for the Relevant Time Period, Concerning any legal action or arbitration/mediations taken by or against, or otherwise involving Alderwoods, SCI Houston or any Alderwoods Affiliated Entity or Location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and all legal Documentation related to such matters.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Defendant further objects to this request to the extent it invades the attorney-client and/or attorney work product privilege.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.:  CV 08-01184 SI

16

understands the request, Responding Party responds as follows:  Not applicable in light of the fact that, aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, SCI Houston Market Support Center, L.P. does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories.   Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties.

**REQUEST FOR DOCUMENTS NO. 19:**

All Documentation, for the Relevant Time Period, Concerning "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation.  Responding party further objects to this request on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Gwen Petteway is not a party to this action.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the request refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows: Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to First Request

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**                                                                                    17
Case No.: CV 08-01184 SI

for Production of Documents Regarding Personal Jurisdiction Issues for Gwen Petteway, Request No. 19, in the related matter of *Bryant v. Service Corporation International et al.*, U.S. District Court for the Northern District of California, Case No. 3:08-CV-01190 SI.

**REQUEST FOR DOCUMENTS NO. 20:**

All Documentation, for the Relevant Time Period, Concerning each position (including any board, officer, employment or other position) or job with Alderwoods or any Alderwoods Affiliated Entity or Location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each produce all Documentation describing the corresponding responsibilities, duties and roles for such positions, and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding party further objects to this request on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan are not parties to this action. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 20**

Subject to and without waiving the aforesaid objections, and to the extend Responding Party understands the request, Responding Party responds as follows: Responding Party refers the plaintiffs to the supplemental responses of Paul Houston to Plaintiffs' First Requests for Production

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**                18
Case No.: CV 08-01184 SI

of Documents Regarding Personal Jurisdiction Issues, Request No. 20, and to the supplemental responses of Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan to Plaintiffs' First Requests for Production of Documents Regarding Personal Jurisdiction Issues, Request No. 20, in the related matter of *Bryant v. Service Corporation International et al.*, U.S. District Court for the Northern District of California, Case No. 3:08-CV-01190 SI.

**REQUEST FOR DOCUMENTS NO. 21:**

All Documentation, for the Relevant Time Period, Concerning any contact that Alderwoods, SCI Houston, any Alderwoods Affiliated Entity or Location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Responding Party refers the plaintiffs to its other supplemental responses to these requests which are set forth above and are

///
///
///
///
///
///
///
///

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.: CV 08-01184 SI

19

1   incorporated herein by reference.

2

3   Dated:   January _____, 2009          GURNEE & DANIELS LLP

4
                                           By _____
5                                               STEVEN H. GURNEE, ESQ.
6                                               DAVID M. DANIELS, ESQ.
                                                NICHOLAS P. FORESTIERE, ESQ.
7                                               Attorneys for Defendants
                                                ALDERWOODS GROUP, INC., PAUL
8                                               HOUSTON, SERVICE CORPORATION
                                                INTERNATIONAL, SCI FUNERAL AND
9                                               CEMETERY PURCHASING
                                                COOPERATIVE, INC., SCI EASTERN
10                                              MARKET SUPPORT CENTER, L.P.,
                                                SCI WESTERN MARKET SUPPORT
11                                              CENTER, L.P., and SCI HOUSTON
                                                MARKET SUPPORT CENTER, L.P.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO REQUEST FOR**
**PRODUCTION OF DOCUMENTS**                                                    20
Case No.:  CV 08-01184 SI

1
2
3                          **VERIFICATION**

        I, GWEN PETTEWAY, declare:

        I am employed by SCI Funeral and Cemetery Purchasing Cooperative, Inc., as a
4
5  director of human resources.  As such, I work with the SCI Houston Market Support
6  Center, L.P. and I have been authorized to sign this verification on its behalf.
7
        I have read DEFENDANT SCI HOUSTON MARKET SUPPORT CENTER, L.P.'S
8
   SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
9
   OF DOCUMENTS REGARDING PERSONAL JURISDICTION ISSUES and am informed
10
   and believe that the matters stated therein are true, and on that ground allege that the
11
12 matters stated therein are true.

13      I declare under penalty of perjury under the laws of the State of California that the
14
   foregoing is true and correct.
15
        Executed on this 18th day of January 2009 at Brazoria County, Texas.
16
17                         _Gwen Petteway_____
18                              GWEN PETTEWAY
19
20
21
22
23
24
25
26
27
28
                                        *Bryant v. Service Corporation International*
                                        Case No.:  CV 08-01190 S

LAW OFFICES

1   STEVEN H. GURNEE, ESQ. SB# 66056
    DAVID M. DANIELS, ESQ. SB# 170315
2   NICHOLAS P. FORESTIERE, ESQ. SB# 125118
    JOHN A. MASON, ESQ. SB# 166996
3   GURNEE & DANIELS LLP
    2240 Douglas Boulevard, Suite 150
4   Roseville, CA  95661-3805
    Telephone     (916) 797-3100
5   Facsimile     (916) 797-3131

6   Attorneys for Defendants
    ALDERWOODS GROUP, INC., PAUL HOUSTON,
7   SERVICE CORPORATION INTERNATIONAL,
    SCI FUNERAL AND CEMETERY PURCHASING
8   COOPERATIVE, INC., SCI EASTERN MARKET
    SUPPORT CENTER, L.P., SCI WESTERN MARKET
9   SUPPORT CENTER, L.P., and SCI HOUSTON
    MARKET SUPPORT CENTER, L.P.

10

11

12                          UNITED STATES DISTRICT COURT

13                          NORTHERN DISTRICT OF CALIFORNIA

14

15   WILLIAM HELM, DEBORAH PRISE,          )   No.  CV 08-01184 SI
     HEATHER P. RADY, et al., on behalf of )
16   themselves and all other employees and former )   **DEFENDANT SCI HOUSTON MARKET**
     employees similarly situated,          )   **SUPPORT CENTER, L.P.'S**
17                                          )   **SUPPLEMENTAL RESPONSES TO**
                                            )   **PLAINTIFFS' FIRST SET OF**
18                Plaintiffs,               )   **INTERROGATORIES REGARDING**
          vs.                               )   **PERSONAL JURISDICTION ISSUES**
19                                          )
     ALDERWOODS GROUP, INC., PAUL A.        )
20   HOUSTON, SERVICE CORPORATION           )
     INTERNATIONAL, SCI FUNERAL AND         )
21   CEMETERY PURCHASING                    )
     COOPERATIVE, INC., SCI EASTERN         )
22   MARKET SUPPORT CENTER, L.P., SCI       )
     WESTERN MARKET SUPPORT CENTER,         )
23   L.P., a/k/a SCI WESTERN MARKET         )
     SUPPORT CENTER, INC., and SCI          )
24                                          )
     HOUSTON MARKET SUPPORT CENTER,         )
25   L.P.                                   )
                                            )
26                                          )
                  Defendants.               )
27   _____)

28

     **SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**
                                                                          1
     Case No.:  CV 08-01184 SI

**PROPOUNDING PARTY:**     PLAINTIFFS

**RESPONDING PARTY:**     DEFENDANT, SCI HOUSTON MARKET SUPPORT CENTER, L.P.

**SET NUMBER:**     ONE

     Defendant, SCI HOUSTON MARKET SUPPORT CENTER, L.P. (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

## GENERAL STATEMENTS AND OBJECTIONS

     1.     Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

     2.     These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

     3.     These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

     4.     Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

     5.     Responding Party expressly reserves:

     5.1     All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

     5.2     All objections as to vagueness, ambiguity, unintelligibility and over breadth.

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

Case No.: CV 08-01184 SI

2

6.      Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.      These responses are signed by counsel only as to the objections set forth in the responses. Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.      Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome. Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.      Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a person is identified.

12.      Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a document is identified.

13.      Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

Case No.: CV 08-01184 SI

3

burdensome.   Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.   Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which an act is identified.

15.   Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16.   Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.   The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of SCI Houston Market Support Center, L.P. ("SCI Houston"), Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and human resource Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

///

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**
4

Case No.:  CV 08-01184 SI

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 4.

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI, SCI Houston and any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay information, wage

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

5

Case No.:  CV 08-01184 SI

deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee paystubs, compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification and Description in Detail of which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

Case No.: CV 08-01184 SI

6

period (as that terms is defined in the interrogatories), SCI Houston Market Support Center, L.P has not had any employees which are located in or having any responsibilities in California and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems which pertain to California. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 5.

**INTERROGATORY NO. 6:**

Identify and Describe in Detail during the Relevant Time Period all employment Practices and Policies that applied to employees of SCI, SCI Houston or any SCI affiliated entity or location in California, and Identify and Describe in Detail the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, SCI Houston or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the Identification and Description in Detail of all employee handbooks or Policies applied to such employees during the Relevant Time Period, and Identification and Description in Detail of the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

Case No.:  CV 08-01184 SI

7

1  party further objects to this interrogatory on the grounds that it contains more than one separate and

2  discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

3  imposed by FRCP 33(a)(1).

4  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

5       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

6  understands the interrogatory, Responding Party responds as follows:  During the relevant time

7  period (as that terms is defined in the interrogatories), SCI Houston Market Support Center, L.P.

8  has not had any employees which are located in or having any responsibilities in California and, as

9  such, has not had any employment practices or policies pertaining to California. With respect to

10  Service Corporation International, Responding Party refers the plaintiffs to Service Corporation

11  International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

12  Jurisdiction Issues for Service Corporation International, Interrogatory No. 6.

13  **INTERROGATORY NO. 7:**

14       Identify and Describe in Detail during the Relevant Time Period the corporate structure for

15  SCI, SCI Houston and any SCI affiliated entity or location in California and Identify and Describe

16  in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any

17  kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in

18  relation to any employee of SCI, SCI Houston or any SCI affiliated entity or location in California.

19  (A proper response includes, but is not limited to, Identification and Description in Detail, as to

20  each forenamed party, of organizational or flow charts, Documentation of responsibilities of all

21  employees, Documentation of reporting/management structure, Documentation of banking systems

22  and accounts, Documentation of compensation and benefits systems, Documentation regarding

23  human resource implementation and processes, Documentation regarding systems for recording

24  hours, Documentation regarding accounting systems, employer/employee lists, Documentation of

25  bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of

26  who has access to them), and their corporate position, responsibilities and reporting structure (who

27

28

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

8

Case No.:  CV 08-01184 SI

these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Service Corporation International, a Texas corporation, is the 100 percent owner of SCI Special, Inc., a Delaware corporation. SCI Special, Inc. is the 100 percent owner of SCI Administrative Services LLC, a Delaware limited liability company, and the 100 percent owner of Remembrance Memorial Traditions, LLC, a Delaware limited liability company. SCI Administrative Services LLC is the general partner of SCI Management L.P., a Delaware limited partnership. Remembrance Memorial Traditions, LLC is a limited partner of SCI Management L.P. SCI Management L.P. is the 100 percent owner of SCI Houston Hub, Inc., a Texas corporation. SCI Houston Hub, Inc. a Texas corporation is the general partner of SCI Houston Market Support Center, L.P., a Texas limited partnership, and SCI Management L.P. is a limited partner of SCI Houston Market Support Center, L.P. SCI Houston Market Support Center, L.P. is a 25 percent owner of SCI Funeral & Cemetery Purchasing Cooperative, Inc. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

9

Case No.: CV 08-01184 SI

to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 7.

**INTERROGATORY NO. 8:**

Identify and Describe in Detail during the Relevant Time Period all reporting requirements imposed on SCI, SCI Houston or any SCI affiliated entity or location in California by any Person, and Identify and Describe in Detail all reporting requirements imposed by SCI, SCI Houston or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), SCI Houston Market Support Center, L.P. has had no reporting requirements pertaining to employees in California because they have not had any employees which are located in or having any responsibilities in California.  With respect to

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

Case No.: CV 08-01184 SI

10

Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 8.

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, SCI Houston or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  SCI Houston Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center L.P.'s Motion to Dismiss Amended Complaint Pursuant to

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

Case No.:  CV 08-01184 SI

11

FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 9.

**INTERROGATORY NO. 10:**

Identify and Describe in Detail during the Relevant Time Period all agents or employees of SCI, SCI Houston or any SCI affiliated entity or location in California, who communicated in any fashion to SCI Houston Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of SCI Houston; and Identify and Describe in Detail all Persons who ever spoke with, reported to or otherwise contacted SCI Houston from within California, or Concerning any matters therein.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

12

Case No.: CV 08-01184 SI

understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), SCI Houston Market Support Center, L.P. has  not had any employees which are located in or having any responsibilities in California and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. SCI Houston Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 10.

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or Concerning California by SCI, SCI Houston, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

///

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

13

Case No.:  CV 08-01184 SI

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. SCI Houston Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 11.

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by SCI Houston, or by any employee or agent acting on behalf of SCI or SCI Houston Concerning SCI, SCI Houston, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or SCI Houston Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

14

Case No.: CV 08-01184 SI

proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not made any trips to California related to the employment policies and practices in dispute in this litigation.  SCI Houston Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 14.

## INTERROGATORY NO. 15:

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, SCI Houston, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

///

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

15

Case No.:  CV 08-01184 SI

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), SCI Houston Market Support Center, L.P. had no employees which are located in or having any responsibilities in California, and did not make any policies or decisions for the specific purpose of complying or promoting compliance with California laws.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 15.

**INTERROGATORY NO. 17:**

Identify and Describe in Detail during the Relevant Time Period any business operations or efforts conducted, sought, negotiated, promoted or abandoned by SCI Houston with any Person within California or Concerning California, and provide Identification and Description in Detail of any profits, sales, revenues or business of any kind that SCI, SCI Houston or any SCI affiliated

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

Case No.:  CV 08-01184 SI

16

1    entity or location in California can attribute, whether directly or indirectly, to operations in

2    California.

3    **RESPONSE TO INTERROGATORY NO. 17:**

4         Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

5    limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

6    Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

7    overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

8    further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

9    proprietary or other confidential information, and no protective order is in place which would

10   govern the production, disclosure and dissemination of such confidential information.  Responding

11   party further objects to this interrogatory on the grounds that it contains more than one separate and

12   discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

13   imposed by FRCP 33(a)(1).  Responding Party further objects to the second sub-part of this

14   interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of

15   admissible evidence.

16   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**

17        Subject to and without waiving the aforesaid objections, and to the extent Responding Party

18   understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

19   Period (as that term is defined in the interrogatories), SCI Houston Market Support Center, L.P.

20   has not had any employees which are located in or having any responsibilities in California, and

21   has not been involved in business operations in California which are related to the employment

22   policies and practices in dispute in this litigation.  SCI Houston Market Support Center, L.P.'s lack

23   of contacts with California sufficient for the Court to exercise general personal jurisdiction are set

24   forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center

25   L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is

26   in plaintiffs' possession and is incorporated herein by reference.  With respect to Service

27

28

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

Case No.:  CV 08-01184 SI

17

Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 17.

**INTERROGATORY NO. 18:**

Identify and Describe in Detail during the Relevant Time Period (including full Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or SCI Houston to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

**RESPONSE TO INTERROGATORY NO. 18:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not been involved in providing business services, customer service or human resources

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

18

Case No.: CV 08-01184 SI

1   assistance in California which are related to the employment policies and practices in dispute in

2   this litigation.   SCI Houston Market Support Center, L.P.'s lack of contacts with California

3   sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of

4   Gwen Petteway in Support of SCI Houston Market Support Center L.P.'s Motion to Dismiss

5   Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession

6   and is incorporated herein by reference.   With respect to Service Corporation International,

7   Responding Party refers the plaintiffs to Service Corporation International's supplemental response

8   to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service

9   Corporation International, Interrogatory No. 18.

10  **INTERROGATORY NO. 19:**

11        Identify and Describe in Detail during the Relevant Time Period any legal action or

12  arbitration/mediations taken by or against, or otherwise involving SCI, SCI Houston or any SCI

13  affiliated entity or location in California by or against any Person within California or Concerning

14  any matter within California, whether in California federal or state court; and Identify and Describe

15  in Detail any legal Documents related to such matters.

16  **RESPONSE TO INTERROGATORY NO. 19:**

17        Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

18  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

19  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

20  overbroad, unduly burdensome and harassing, and it calls for speculation.   Defendant further

21  objects to this interrogatory to the extent it invades the attorney-client and/or attorney work product

22  privilege.   Responding Party further objects to this interrogatory to the extent it calls for the

23  disclosure of trade secret, proprietary or other confidential information, and no protective order is

24  in place which would govern the production, disclosure and dissemination of such confidential

25  information.

26

27  ///

28

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

Case No.:  CV 08-01184 SI

19

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, SCI Houston Market Support Center, L.P. does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories. Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 19.

**INTERROGATORY NO. 21:**

Identify and Describe in Detail during the Relevant Time Period "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO INTERROGATORY NO. 21:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation. Responding party further objects to this interrogatory on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Gwen Petteway is not a party to this action.

///

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

20

Case No.: CV 08-01184 SI

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**

Subject to and without waiving the aforesaid objections, to the extent that Responding Party understands the interrogatory, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the interrogatory refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows:  Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Gwen Petteway, Interrogatory No. 21, in the related matter of *Bryant v. Service Corporation International et al.*, U.S. District Court for the Northern District of California, Case No. 3:08-CV-01190 SI.

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO INTERROGATORY NO. 22:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding party further objects to this interrogatory on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Jane Jones,

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

21

Case No.:  CV 08-01184 SI

1    Gwen Petteway, Curtis Briggs and Thomas Ryan are not parties to this action.  Responding Party

2    further objects to this interrogatory to the extent it calls for disclosure of employee information that

3    could potentially violate employees' privacy rights which are protected by the California and

4    United States Constitutions and other state and federal laws.  Responding party further objects to

5    this interrogatory on the grounds that it contains more than one separate and discrete sub-part,

6    thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

7    33(a)(1).

8    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

9            Subject to and without waiving the aforesaid objections, and to the extend Responding

10   Party understands the interrogatory, Responding Party responds as follows:  Responding Party

11   refers the plaintiffs to the supplemental responses of Paul Houston to Plaintiffs' First Set of

12   Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22, and to the

13   supplemental responses of Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan to

14   Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22,

15   in the related matter of *Bryant v. Service Corporation International et al.*, U.S. District Court for

16   the Northern District of California, Case No. 3:08-CV-01190 SI.

17   **INTERROGATORY NO. 23:**

18           Identify and Describe in Detail during the Relevant Time Period any contact that SCI, SCI

19   Houston, any SCI affiliated entity or location in California, or any employee or agent acting on

20   their behalf, has had with California, or Concerning any matter within California.

21   **RESPONSE TO INTERROGATORY NO. 23:**

22           Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

23   limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

24   Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous,

25   overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding party

26   further objects to this interrogatory on the grounds that it contains more than one separate and

27

28

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

Case No.:  CV 08-01184 SI

22

Case3:08-cv-01184-SI   Document129-9   Filed02/13/09   Page87 of 88

1    discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

2    imposed by FRCP 33(a)(1).

3    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23**

4        Subject to and without waiving the aforesaid objections, and to the extent Responding Party

5    understands the interrogatory, Responding Party responds as follows:  Responding Party refers the

6    plaintiffs to its other supplemental responses to these interrogatories which are set forth above and

7    are incorporated herein by reference.

8

9    Dated:  January **22**, 2009          GURNEE & DANIELS LLP

10

11                            By _____

12                                STEVEN H. GURNEE, ESQ.
                                  DAVID M. DANIELS, ESQ.

13                                NICHOLAS P. FORESTIERE, ESQ.
                                  Attorneys for Defendants

14                                ALDERWOODS GROUP, INC., PAUL
                                  HOUSTON, SERVICE CORPORATION

15                                INTERNATIONAL, SCI FUNERAL AND
                                  CEMETERY PURCHASING

16                                COOPERATIVE, INC., SCI EASTERN

17                                MARKET SUPPORT CENTER, L.P.,
                                  SCI WESTERN MARKET SUPPORT

18                                CENTER, L.P., and SCI HOUSTON

19                                MARKET SUPPORT CENTER, L.P.

20

21

22

23

24

25

26

27

28

**SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

23

Case No.:  CV 08-01184 SI

1

2                                    **VERIFICATION**

3          I, GWEN PETTEWAY, declare:

4          I am employed by SCI Funeral and Cemetery Purchasing Cooperative, Inc., as a

5   director of human resources.  As such, I work with the SCI Houston Market Support

6   Center, L.P. and I have been authorized to sign this verification on its behalf.

7          I have read DEFENDANT SCI HOUSTON MARKET SUPPORT CENTER, L.P.'S

8   SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

9   REGARDING PERSONAL JURISDICTION ISSUES and am informed and believe that

10  the matters stated therein are true, and on that ground allege that the matters stated

11  therein are true.

12         I declare under penalty of perjury under the laws of the State of California that the

13  foregoing is true and correct.

14

15         Executed on this _18th_ day of January 2009 at Brazoria County, Texas.

16

17                                  _Gwen Petteway_

18                                  GWEN PETTEWAY

19

20

21

22

23

24

25

26

27                                                  *Helm v. Alderwoods Group*

28                                                  Case No.:  CV 08-01184 SI

LAW OFFICES