EXHIBIT F PART 1

STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
NICHOLAS P. FORESTIERE, ESQ. SB# 125118
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA  95661-3805
Telephone      (916) 797-3100
Facsimile      (916) 797-3131

Attorneys for Defendants

SERVICE CORPORATION INTERNATIONAL,
SCI FUNERAL AND CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN MARKET
SUPPORT CENTER, L.P. SCI WESTERN
MARKET SUPPORT CENTER, L.P., SCI
HOUSTON MARKET SUPPORT CENTER, L.P.,
JANE D. JONES, GWEN PETTEWAY, THOMAS
RYAN and CURTIS BRIGGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, et al., on behalf of themselves and all other employees and former employees similarly situated, <br><br> Plaintiffs, <br> vs. <br><br> SERVICE CORPORATION INTERNATIONAL et al. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

CASE NO.  3:08-CV-01190 SI

**DEFENDANT SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS**

////

////

////

SERVICE CORP. INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

1

**PROPOUNDING PARTY:**     PLAINTIFFS

**RESPONDING PARTY:**     DEFENDANT, SERVICE CORPORATION
INTERNATIONAL

**SET NUMBER:**     ONE

Defendant, SERVICE CORPORATION INTERNATIONAL (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the requests for production of documents, set one, propounded by plaintiffs, as follows:

## GENERAL STATEMENTS AND OBJECTIONS

1.      Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.      These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.      These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.      Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.      Responding Party expressly reserves:

5.1      All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2      All objections as to vagueness, ambiguity, unintelligibility and over breadth.

SERVICE CORP. INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

2

6.     Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.     These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and/or the orders of assigned judge to this action.

9.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California by requiring Responding Party to produce documents in any form other than as they are kept in the ordinary course of business.  Specifically, Responding Party objects to Plaintiffs' production requests to the extent they purport to require Responding Party to produce documents in electronic format.  Responding Party has no obligation to create electronic records for documents that do not exist in that format.

10.     Responding Party objects to each and every production request to the extent it seeks documents created or modified outside the liability period of this lawsuit.

11.     The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding  Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**REQUEST FOR DOCUMENTS NO. 2:**

All Documentation, for the Relevant Time Period, Concerning or describing all employees of Service Corporation International ("SCI"), or any SCI affiliated entity or location in California

SERVICE CORP. INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                               3
Case No.:  3:08-CV-01190 SI

1   either located in or having any responsibilities in California, and all Documentation for each such

2   employee Concerning employment contracts or agreements and human resource information of any

3   kind related to such employees. (A proper response includes, but is not limited to, production of all

4   Documentation Concerning any employee arbitration agreements, non-compete agreements, flow

5   charts, organization charts, other information or Documentation providing any explanation of the

6   employees' job duties, position or role within the company, Personnel Files, disciplinary, hiring or

7   promotion Documentation or any other human resource Documentation as to such employees.)

8   **RESPONSE TO REQUEST NO. 2:**

9       Responding Party objects to this request on the grounds that it grossly exceeds the limited

10   scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

11   further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

12   burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

13   request to the extent it calls for disclosure of employee information that could potentially violate

14   employees' privacy rights which are protected by the California and United States Constitutions

15   and other state and federal laws.  Responding Party further objects to this request to the extent it

16   calls for the disclosure of trade secret, proprietary or other confidential information, and no

17   protective order is in place which would govern the production, disclosure and dissemination of

18   such confidential information.

19   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:**

20       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

21   understands the request, Responding Party responds as follows:  Not applicable in light of the fact

22   that during the relevant time period (as that terms is defined in the requests), Service Corporation

23   International has not had any employees.

24   **REQUEST FOR DOCUMENTS NO. 3:**

25       All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction,

26   wage reporting and benefits structure and systems of SCI and any SCI affiliated entity or location

27   in California, and all Documentation Concerning the pay information, wage deduction information,

28

SERVICE CORP. INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

4

wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, production of all Documentation such as any employee paystubs, Compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to, production of all Documentation Concerning which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO REQUEST NO. 3:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Service Corporation International has not had any employees and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems.

///

SERVICE CORP. INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

5

**REQUEST FOR DOCUMENTS NO. 4:**

All Documentation, for the Relevant Time Period, Concerning all employment Practices and Policies that applied to employees of SCI or any SCI affiliated entity or location in California, and Documentation Concerning the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the production of Documentation Concerning all employee handbooks (including production of the handbooks themselves) or Policies applied to such employees during the Relevant Time Period, and the production of all Documentation Concerning the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO REQUEST NO. 4:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Service Corporation International has not had any employees and, as such, has not had any employment practices or policies.

**REQUEST FOR DOCUMENTS NO. 5:**

All Documentation, for the Relevant Time Period, Concerning the corporate structure for

SCI and any SCI affiliated entity or location in California and Documentation Concerning each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, production of all Documentation, as to each forenamed party, of such things as organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of Compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO REQUEST NO. 5:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Non-privileged documents in Responding Party's possession or control which reflect the corporate structure for Responding Party are attached hereto as Exhibit "A" (Bates Stamp SCI(BRY)0001-0014.) The documents are

SERVICE CORP. INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

7

deemed and marked as confidential by Defendants and are provided subject to the Stipulated Protective Order to which counsel for all parties have agreed and the Court has approved.

**REQUEST FOR DOCUMENTS NO. 6:**

All Documentation, for the Relevant Time Period, Concerning all reporting requirements imposed on SCI or any SCI affiliated entity or location in California by any Person, and Documentation Concerning all reporting requirements imposed by SCI or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, production of Documentation regarding reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**RESPONSE TO REQUEST NO. 6:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Service Corporation International has had no reporting requirements pertaining to employees because it has not been an employer.

**REQUEST FOR DOCUMENTS NO. 7:**

All Documentation, for the Relevant Time Period, Concerning all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise concerning any matter in

SERVICE CORP. INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

California.

**RESPONSE TO REQUEST NO. 7:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Service Corporation International has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.

**REQUEST FOR DOCUMENTS NO. 8:**

All Documentation, for the Relevant Time Period, Concerning all agents or employees of SCI or any SCI affiliated entity or location in California, who Communicated in any fashion to SCI Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of SCI; and Documentation Concerning all Persons who ever spoke with, reported to or otherwise contacted

SERVICE CORP. INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

9

1    SCI from within California, or Concerning any matters therein.

2    **RESPONSE TO REQUEST NO. 8:**

3        Responding Party objects to this request on the grounds that it grossly exceeds the limited

4    scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

5    further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

6    burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

7    request to the extent it calls for disclosure of employee information that could potentially violate

8    employees' privacy rights which are protected by the California and United States Constitutions

9    and other state and federal laws.

10   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

11       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

12   understands the request, Responding Party responds as follows:  Not applicable in light of the fact

13   that during the relevant time period (as that terms is defined in the requests), Service Corporation

14   International has been a holding company which has not had any employees.

15   **REQUEST FOR DOCUMENTS NO. 9:**

16       All Documentation, for the Relevant Time Period, Concerning all actions taken or

17   transactions made within or Concerning California by SCI, any SCI affiliated entity or location in

18   California, or any employee or agent acting on their behalf.

19   **RESPONSE TO REQUEST NO. 9:**

20       Responding Party objects to this request on the grounds that it grossly exceeds the limited

21   scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

22   further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

23   burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

24   request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

25   information, and no protective order is in place which would govern the production, disclosure and

26   dissemination of such confidential information.

27

28   ///

SERVICE CORP. INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI                                                                 10

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Service Corporation International has not had any employees and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession.

**REQUEST FOR DOCUMENTS NO. 12:**

All Documentation, for the Relevant Time Period, Concerning any trips or visits made to California by SCI, or by any employee or agent acting on behalf of SCI or Concerning SCI, or any SCI affiliated entity or location in California; and all Documentation Concerning any trips or visits made by any Person to contact SCI or Concerning any matter in California.

**RESPONSE TO REQUEST NO. 12:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Service Corporation

International has not had any employees and has not made any trips to California related to the employment policies and practices in dispute in this litigation. Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession.

**REQUEST FOR DOCUMENTS NO. 13:**

All Documentation, for the Relevant Time Period, Concerning any Policies or decisions of SCI, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO REQUEST NO. 13:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Service Corporation International had no employees and did not make any policies or decisions for the specific purpose of complying or promoting compliance with California laws.

**REQUEST FOR DOCUMENTS NO. 15:**

All Documentation, for the Relevant Time Period, Concerning any business operations or efforts conducted, sought, negotiated, promoted or abandoned by SCI with any Person within California or Concerning California, and provide all Documentation Concerning any profits, sales, revenues or business of any kind that SCI or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO REQUEST NO. 15:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding Party further objects to the second sub-part of this request as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Service Corporation International has not had any employees and has not been involved in business operations in California which are related to the employment policies and practices in dispute in this litigation. Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.

///

SERVICE CORP. INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

13

**REQUEST FOR DOCUMENTS NO. 16:**

All Documentation, for the Relevant Time Period, Concerning any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

**RESPONSE TO REQUEST NO. 16:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Service Corporation International has not had any employees and has not been involved in providing business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation.  Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.

**REQUEST FOR DOCUMENTS NO. 17:**

All Documentation, for the Relevant Time Period, Concerning any legal action or

SERVICE CORP. INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

14

arbitration/mediations taken by or against, or otherwise involving SCI or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and all legal Documentation related to such matters.

**RESPONSE TO REQUEST NO. 17:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Defendant further objects to this request to the extent it invades the attorney-client and/or attorney work product privilege. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Non-privileged documents pertaining to the cases identified in Service Corporation International's supplemental response to Plaintiff's First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 19, are a matter of public record and are therefore equally available to the requesting parties.

**REQUEST FOR DOCUMENTS NO. 19:**

All Documentation, for the Relevant Time Period, Concerning "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO REQUEST NO. 19:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited

SERVICE CORP. INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

15

scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation. Responding party further objects to this request on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Gwen Petteway is not a party to this action.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the request refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows: Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to First Request for Production of Documents Regarding Personal Jurisdiction Issues for Gwen Petteway, Request No. 19.

**REQUEST FOR DOCUMENTS NO. 20:**

All Documentation, for the Relevant Time Period, Concerning each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each produce all Documentation describing the corresponding responsibilities, duties and roles for such positions, and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO REQUEST NO. 20**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome

SERVICE CORP. INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                    16
Case No.: 3:08-CV-01190 SI

and harassing, and it calls for speculation. Responding party further objects to this request on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan are not parties to this action. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 20**

Subject to and without waiving the aforesaid objections, and to the extend Responding Party understands the request, Responding Party responds as follows: Responding Party refers the plaintiffs to the supplemental responses of Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan to Plaintiffs' First Requests for Production of Documents Regarding Personal Jurisdiction Issues, Request No. 20.

**REQUEST FOR DOCUMENTS NO. 21:**

All Documentation, for the Relevant Time Period, Concerning any contact that SCI, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

**RESPONSE TO REQUEST NO. 21:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Responding Party refers the plaintiffs to its other supplemental responses to these requests which are set forth above and are

///

1  incorporated herein by reference.

2

3  Dated:   January  22 , 2009          GURNEE & DANIELS LLP

4

5                                          By _____

6                                             STEVEN H. GURNEE, ESQ.
                                             DAVID M. DANIELS, ESQ.
7                                             NICHOLAS P. FORESTIERE, ESQ.
                                             Attorneys for Defendants
8                                             SERVICE CORPORATION
                                             INTERNATIONAL, SCI FUNERAL AND
9                                             CEMETERY PURCHASING
                                             COOPERATIVE, INC., SCI EASTERN
10                                            MARKET SUPPORT CENTER, L.P., SCI
                                             WESTERN MARKET SUPPORT CENTER,
11                                            L.P., SCI HOUSTON MARKET SUPPORT
                                             CENTER, L.P., JANE D. JONES, GWEN
12                                            PETTEWAY, THOMAS RYAN and CURTIS
                                             BRIGGS
13

14

15

16

17

18

19

20

21

22

23

24

25        .

26

27

28

SERVICE CORP. INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                      18
Case No.:  3:08-CV-01190 SI

1
2

## **VERIFICATION**

3          I, JANET KEY, declare:

4          I am employed by SCI Funeral & Cemetery Purchasing Cooperative, Inc. as Senior

5    Legal Assistant, and am also its Corporate Secretary.  As part of my job duties, I am

6    familiar with the corporate structure of Service Corporation International ("SCI") and I

7    have been authorized to sign this verification on its behalf.

8          I  have  read  DEFENDANT  SERVICE  CORPORATION  INTERNATIONAL'S

9
10   SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

     OF DOCUMENTS REGARDING PERSONAL JURISDICTION ISSUES and am informed
11
     and believe that the matters stated therein are true, and on that ground allege that the
12
13   matters stated therein are true.

14         I declare under penalty of perjury under the laws of the State of California that the

15   foregoing is true and correct.

16         Executed on this *16th* day of January 2009 at Houston, Texas.

17

18                                          *Janet Key*

19                                          JANET KEY

20
21
22
23
24
25
26
27
28
                                            *Bryant v. Service Corporation International*
                                               Case No.: CV 08-01190 SI

LAW OFFICES
Steven H. Gurnee &
Associates
A Law Corporation

1  STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
2  GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
3  Roseville, CA 95661-3805
Telephone    (916) 797-3100
4  Facsimile    (916) 797-3131

5  Attorneys for Defendants

6  SERVICE CORPORATION INTERNATIONAL,
SCI FUNERAL AND CEMETERY PURCHASING
7  COOPERATIVE, INC., SCI EASTERN MARKET
SUPPORT CENTER, L.P. SCI WESTERN
8  MARKET SUPPORT CENTER, L.P., SCI
HOUSTON MARKET SUPPORT CENTER, L.P.,
9  JANE D. JONES, GWEN PETTEWAY, THOMAS
RYAN and CURTIS BRIGGS
10

11

12                  UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

15  CLAUDE BRYANT, et al., on behalf of        )  CASE NO. 3:08-CV-01190 SI
themselves and all other employees and former )
16  employees similarly situated,              )  DEFENDANT SERVICE
                                               )  CORPORATION INTERNATIONAL'S
17              Plaintiffs,                     )  SUPPLEMENTAL RESPONSES TO
                                               )  PLAINTIFFS' INTERROGATORIES
18        vs.                                   )
                                               )
19  SERVICE CORPORATION                        )
INTERNATIONAL et al.                           )
20                                             )
                                               )
21              Defendants.                     )
                                               )
22                                             )
                                               )
23  _____)

24  PROPOUNDING PARTY:        PLAINTIFFS

25  RESPONDING PARTY:         DEFENDANT, SERVICE CORPORATION
26                            INTERNATIONAL

27  SET NUMBER:               ONE

28

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.: 3:08-CV-01190 SI                                              1

Defendant, as SERVICE CORPORATION INTERNATIONAL (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

### GENERAL STATEMENTS AND OBJECTIONS

1.      Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.      These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.      These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.      Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.      Responding Party expressly reserves:

5.1      All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2      All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.      Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.:  3:08-CV-01190 SI

2

7.     These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.     Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome.  Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a person is identified.

12.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a document is identified.

13.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which an act is identified.

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.: 3:08-CV-01190 SI

3

15.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16.     Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.     The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and human resource Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding Party further objects to

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES                                                                                          4
Case No.:  3:08-CV-01190 SI

this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Service Corporation International has not had any employees.

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI and any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee paystubs, compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification and Description in Detail of which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO INTERROGATORIES
Case No.:  3:08-CV-01190 SI

5

Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Service Corporation International has not had any employees and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems for its employees.

**INTERROGATORY NO. 6:**

Identify and Describe in Detail during the Relevant Time Period all employment Practices and Policies that applied to employees of SCI or any SCI affiliated entity or location in California, and Identify and Describe in Detail the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the Identification and Description in Detail of all employee handbooks or Policies applied to such employees during the Relevant Time Period, and Identification and Description in Detail of the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them,

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO INTERROGATORIES
Case No.:  3:08-CV-01190 SI

6

1  enforcing them or implementing them.)

2  **RESPONSE TO INTERROGATORY NO. 6:**

3          Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

4  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

5  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

6  overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

7  further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

8  proprietary or other confidential information, and no protective order is in place which would

9  govern the production, disclosure and dissemination of such confidential information.  Responding

10  party further objects to this interrogatory on the grounds that it contains more than one separate and

11  discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

12  imposed by FRCP 33(a)(1).

13  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

14          Subject to and without waiving the aforesaid objections, and to the extent Responding Party

15  understands the interrogatory, Responding Party responds as follows:  During the relevant time

16  period (as that terms is defined in the interrogatories), Service Corporation International has not

17  had any employees and, as such, has not had any employment practices or policies for its

18  employees.

19  **INTERROGATORY NO. 7:**

20          Identify and Describe in Detail during the Relevant Time Period the corporate structure for

21  SCI and any SCI affiliated entity or location in California and Identify and Describe in Detail each

22  party's manner of, method of, knowledge of, involvement in, or any contact of any kind with

23  hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to

24  any employee of SCI or any SCI affiliated entity or location in California. (A proper response

25  includes, but is not limited to, Identification and Description in Detail, as to each forenamed party,

26  of organizational or flow charts, Documentation of responsibilities of all employees,

27  Documentation of reporting/management structure, Documentation of banking systems and

accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Service Corporation International, a Texas corporation, is the 100 percent owner of SCI Funeral Services, L.L.C., an Iowa limited liability company, which is the 100 percent owner of SCI California Funeral Services, Inc., a California corporation.  SCI California Funeral Services, Inc. is the 100 percent owner of ECI Capital Corporation.   Together, SCI California Funeral Services, Inc. and ECI Capital Corporation own 100 percent of California Cemetery and Funeral Services, LLC.

Service Corporation International is also the 100 percent owner of SCI Special, Inc. a Delaware corporation.  SCI Special, Inc. is the 100 percent owner of SCI Administrative Services LLC, a Delaware limited liability company, and the 100 percent owner of Remembrance Memorial

Traditions, LLC, a Delaware limited liability company. SCI Administrative Services LLC is the general partner of SCI Management L.P., a Delaware limited partnership. Remembrance Memorial Traditions, LLC is a limited partner of SCI Management L.P. SCI Management L.P. is the 100 percent owner of SCI Western Market Support Center, Inc., a California corporation which is a 25 percent owner of SCI Funeral & Cemetery Purchasing Cooperative, Inc.

Service Corporation International is also the 100 percent owner of Alderwoods Group, L.L.C., a Delaware limited liability company, which is the 100 percent owner of Alderwoods Group (California), Inc. and of Rose Hills Holdings Corp., a Delaware corporation, which is the 100 percent owner of Rose Hills Company, a Delaware corporation.

**INTERROGATORY NO. 8:**

Identify and Describe in Detail during the Relevant Time Period all reporting requirements imposed on SCI or any SCI affiliated entity or location in California by any Person, and Identify and Describe in Detail all reporting requirements imposed by SCI or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.: 3:08-CV-01190 SI

9

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:   During the relevant time period (as that terms is defined in the interrogatories), Service Corporation International has had no reporting requirements pertaining to its employees because it has not been an employer.

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.   Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:   During the Relevant Time Period (as that term is defined in the interrogatories), Service Corporation International has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.   Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.:  3:08-CV-01190 SI

10

FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.

**INTERROGATORY NO. 10:**

Identify and Describe in Detail during the Relevant Time Period all agents or employees of SCI or any SCI affiliated entity or location in California, who communicated in any fashion to SCI Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of SCI; and Identify and Describe in Detail all Persons who ever spoke with, reported to or otherwise contacted SCI from within California, or Concerning any matters therein.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Service Corporation International is a holding company which has not had any employees during the Relevant Time Period as that term is defined in the interrogatories.

///

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.:  3:08-CV-01190 SI

11

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or Concerning California by SCI, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Service Corporation International has not had any employees and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by SCI, or by any employee or agent acting on behalf of SCI or Concerning SCI, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Service Corporation International has not had any employees and has not made any trips to California related to the employment policies and practices in dispute in this litigation. Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.:  3:08-CV-01190 SI

13

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Service Corporation International had no employees and did not make any policies or decisions for the specific purpose of complying or promoting compliance with California laws.

**INTERROGATORY NO. 17:**

Identify and Describe in Detail during the Relevant Time Period any business operations or efforts conducted, sought, negotiated, promoted or abandoned by SCI with any Person within California or Concerning California, and provide Identification and Description in Detail of any profits, sales, revenues or business of any kind that SCI or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO INTERROGATORY NO. 17:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.:  3:08-CV-01190 SI

14

overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1). Responding Party further objects to the second sub-part of this interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Service Corporation International has not had any employees and has not been involved in business operations in California which are related to the employment policies and practices in dispute in this litigation. Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.

**INTERROGATORY NO. 18:**

Identify and Describe in Detail during the Relevant Time Period (including full Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

**RESPONSE TO INTERROGATORY NO. 18:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO INTERROGATORIES

Case No.:  3:08-CV-01190 SI

15

limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**

    Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Service Corporation International has not had any employees and has not been involved in providing business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation.  Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.

**INTERROGATORY NO. 19:**

    Identify and Describe in Detail during the Relevant Time Period any legal action or arbitration/mediations taken by or against, or otherwise involving SCI or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and Identify and Describe in Detail any legal Documents related to such matters.

///

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO INTERROGATORIES
Case No.:  3:08-CV-01190 SI

16

**RESPONSE TO INTERROGATORY NO. 19:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Defendant further objects to this interrogatory to the extent it invades the attorney-client and/or attorney work product privilege. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, Service Corporation International has identified the following California lawsuits in which it was named as a defendant during the Relevant Time Period (as that term is defined in the interrogatories):

- *Heather Avila v. Brian Copner, Service Corporation International, et al.,* Fresno County Superior Court No. 08CECG03627DSB;
- *Marsha Berger v. Service Corporation International, et al.,* Contra Costa County Superior Court No. C05-02502 (Consolidated with *Funeral Consumers Alliance et al. v. Serivce Corporation International et al.* referred to above) ;
- *Leonard Bernal v. Rose Hills Mortuary, Service Corporation International, et al.,* Los Angeles County Superior Court No. BC355094;
- *Andrea Brown v. Pierce Bros. Mortuary, Service Corporation International, et al.,* Orange County Superior Court No. 05CC03900;
- *Cemetery & Funeral Bureau v. Service Corporation International, et al.,* Cemetery & Funeral Bureau No. AI-2001-222;
- *Sandra Dahl v. Service Corporation Intermational, et al.,* Santa Clara County Superior Court No. 106CV075483
- *Renelle Emond v. Service Corporation International et al.,* Sacramento Superior Court No. 04AS02627 ;
- *Funeral Consumers Alliance et al. v. Serivce Corporation International et al.,* U.S. Dist. Court of the Northern Dist. of California No. C 05-01804 transferred to Southern District of Texas, Houston Division No. H-05-3394;

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES                                                                                    17
Case No.: 3:08-CV-01190 SI

- *Passerfun Nisha Hafiz v. Service Corporation International, et al.,* Contra Costa County Superior Court No. C02-00327;
- *Clayton Guzman v. Service Corporation International,* San Francisco County Superior Court No. 323858;
- *Clayton Guzman v. Service Corporation International et al.,* U.S. Dist. Court for the Northern Dist. of California No. C 01-04812 PJH;
- *Hernandez v. Service Corporation International et al.,* Tulare County Superior Court No. 03-206736;
- *Lynda Innis v. Service Corporation International et al.,* San Mateo County Superior Court No. 462609;
- *Beatrice Kaufman v. Service Corporation International et al.;*
- *Patrick G. Kintzley v. Service Corporation International et al.,* Santa Clara County Superior Court No. 1-04-CV-032216;
- *Katheryn Patricia Linville v. Service Corporation International, et al.,* Contra Costa County Superior Court No. CO2-03258;
- *Armando Lopez v. Service Corporation International, et al,* Contra Costa County Superior Court No. CO7-01569;
- *Andrea Lugo v. Metropolitan Life Insurance Company, Service Corporation International Disability, et al.,* US District Court Central District No. CV05-4553R;
- *Maria Magsarili v. Service Corporation International, et al.,* (Consolidated with *Funeral Consumers Alliance et al. v. Serivce Corporation International et al.* referred to above)
- *Angela Maney-Sorrell v. Service Corporation International, et al.,* San Diego County Superior Court No. 37-2008-00059956-CU-OE-NC;
- *Gregory Lloyd Marino v. Service Corporation Intermational, et al.,* Butte County Superior Court No. 125290;
- *Adrian Munoz v. Rose Hills Mortuary, Service Corporation Intermational, et al.,* Los Angeles County Superior Court No. VC049079;
- *Oracle Corporation v. Besthalf.com and Service Corporation International,* San Mateo County Superior Court No. C-419000;
- *James Petrucci, Jr. v. Service Corporation Intermational, et al.,* Los Angeles County Superior Court No. P0040274;
- *Pioneer Valley Casket Co. v. Service Corporation Intermational, et al.,* (Consolidated with *Funeral Consumers Alliance et al. v. Serivce Corporation International et al.* referred to above)
- *Rich v. Service Corporation International et al.,* Orange County Superior Court No. 075CC00556;
- *Francis Rocha v. Service Corporation International et al.,* Contra Costa County Superior Court No. CO5-02501 (Consolidated with *Funeral Consumers Alliance et al. v. Serivce Corporation International et al.* referred to above)
- *Joseph Rodriguez et al. v. Service Corporation International et al.,* Los Angeles County Superior Court No. BC 326478;
- *Shirley S. Ruedi v. Greenwood Mortuary, Service Corporation International et al.,* San Diego County Superior Court No. GIC832852;
- *Saul William Siedman v. Service Corporation Intermational, et al.,* Santa Clara County Superior Court No. 406SC021302;

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO INTERROGATORIES                                                                                         18
Case No.:  3:08-CV-01190 SI

1
- *Raymond Silvas v. Service Corporation International, et al.,* Los Angeles County Superior Court No. BC368809;
2
- *Nick Stathes v. Service Corporation International, et al.,* Los Angeles County Superior Court No. BC 374259;
3
- *Kenneth Strongman v. Oakmont Memorial Park, Service Corporation International, et al.,* Contra Costa County Superior Court No. WS01-0310;
4
- *Margaret L. Wente v. SCI California Funeral Services, Inc., Service Corporation International, et al.,* Orange County Superior Court No. 06CC02312
5
- *Tammie White v. Service Corporation International, et al.,* Ventura County Superior Court No. 56-2007-00287812-CL-BC-SIM;
6
7
- *Janelle Williams v. Service Corporation International et al.,* Los Angeles County Superior Court No. P0035700;
8
- *Earl J. Ahrens v. Mt. Vernon Mortuary, Service Corporation International, et al.,* Sacramento County Superior Court No. 05AS02624;
9
- *Mary Louise Baudino v. Service Corporation International et al.,* Los Angeles County Superior Court No. BC324007;
10
- *Esther Eliapo v. SCI California Funeral Services, Service Corporation International, et al.,* Santa Clara County Superior Court No. 1-04-CV029135;
11
12
- *Mark Price v. Eternal Hills Memorial Park, Service Corporation International, et al.,* San Diego County Superior Court No. 37-2007-00079857-CU-WT-NC;
13
- *Joann Ramirez v. Rose Hills Mortuary, Service Corporation International, et al.,* Los Angeles County Superior Court No. VC047214;
14
- *Yolanda Youngblood v. Service Corporation International et al.,* Los Angeles County Superior Court No. BC381283.
15

16
Non-privileged documents pertaining to the aforementioned cases are a matter of public record and

17
are therefore equally available to the requesting parties.  Discovery is continuing and Responding

18
Party reserves the right to supplement this list if and when additional responsive information

19
becomes available.

20
**INTERROGATORY NO. 21:**

21
Identify and Describe in Detail during the Relevant Time Period "the human resources

22
services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to

23
those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her

24
declaration of July 9, 2007.

25
**RESPONSE TO INTERROGATORY NO. 21:**

26
Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

27
limited  scope  of  personal  jurisdiction  discovery  permitted  by  the  Court  at  this  juncture.

28
Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES                                                                                                      19
Case No.:  3:08-CV-01190 SI

1  overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly

2  burdensome and harassing, and it calls for speculation.

3  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**

4      Subject to and without waiving the aforesaid objections, to the extent that Responding

5  Party understands the interrogatory, and Responding Party's counsel having clarified with

6  plaintiffs' counsel that the declaration to which the interrogatory refers is the July 9, 2007

7  Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group,*

8  *Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641,

9  Responding Party responds as follows:  Responding Party refers the plaintiffs to Gwen Petteway's

10  supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction

11  Issues for Gwen Petteway, Interrogatory No. 21.

12  **INTERROGATORY NO. 22:**

13      Identify and Describe in Detail during the Relevant Time Period each position (including

14  any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or

15  location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas

16  Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such

17  positions, and Identify and Describe in Detail any and all human resource and employment

18  Documentation or Documentation of any kind regarding or with any relation to the employment of

19  these individuals.

20  **RESPONSE TO INTERROGATORY NO. 22:**

21      Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous,

22  overbroad, unduly burdensome and harassing, it calls for speculation and it exceeds the limited

23  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding party

24  further objects to this interrogatory on the grounds that it does not seek information which is

25  relevant or reasonably calculated to lead to the discovery of admissible evidence in that Jane Jones,

26  Gwen Petteway, Curtis Briggs and Thomas Ryan are not parties to this action.  Responding Party

27  further objects to this interrogatory to the extent it calls for disclosure of employee information that

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.:  3:08-CV-01190 SI

20

could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Moreover, this interrogatory contains more than one separate and discrete sub-part and is objected to on that basis as well.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

Subject to and without waiving the aforesaid objections, and to the extend Responding Party understands the interrogatory, Responding Party responds as follows:  Responding Party refers the plaintiffs to the supplemental responses of Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22.

**INTERROGATORY NO. 23:**

Identify and Describe in Detail during the Relevant Time Period any contact that SCI, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

**RESPONSE TO INTERROGATORY NO. 23:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  Responding Party refers the plaintiffs to its other supplemental responses to these interrogatories which are set forth above and

///

///

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.:  3:08-CV-01190 SI

21

1  are incorporated herein by reference.

2

3  Dated:  January _22_, 2009                    GURNEE & DANIELS LLP

4

5                                               By _____

6                                                  STEVEN H. GURNEE, ESQ.
                                                   DAVID M. DANIELS, ESQ.
7                                                  NICHOLAS P. FORESTIERE, ESQ.
                                                   Attorneys for Defendants
8                                                  SERVICE CORPORATION
                                                   INTERNATIONAL, SCI FUNERAL AND
9                                                  CEMETERY PURCHASING
                                                   COOPERATIVE, INC., SCI EASTERN
10                                                 MARKET SUPPORT CENTER, L.P., SCI
                                                   WESTERN MARKET SUPPORT CENTER,
11                                                 L.P., SCI HOUSTON MARKET SUPPORT
                                                   CENTER, L.P., JANE D. JONES, GWEN
12                                                 PETTEWAY, THOMAS RYAN and CURTIS
                                                   BRIGGS
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES                                                                    22
Case No.:  3:08-CV-01190 SI

1

2                                    **VERIFICATION**

3        I, JANET KEY, declare:

4        I am employed by SCI Funeral & Cemetery Purchasing Cooperative, Inc. as Senior

5   Legal Assistant, and am also its Corporate Secretary.  As part of my job duties, I am

6   familiar with the corporate structure of Service Corporation International ("SCI") and I

7   have been authorized to sign this verification on its behalf.

8        I have read DEFENDANT SERVICE CORPORATION INTERNATIONAL'S

9   SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORIES and am informed

10   and believe that the matters stated therein are true, and on that ground allege that the

11

12   matters stated therein are true.

13        I declare under penalty of perjury under the laws of the State of California that the

14   foregoing is true and correct.

15        Executed on this /6ᵗʰ day of January 2009 at Houston, Texas.

16

17                               _____
                                         JANET KEY
18

19

20

21

22

23

24

25

26

27                               *Bryant v. Service Corporation International*
                                     Case No.:  CV 08-01190 SI
28

1   STEVEN H. GURNEE, ESQ. SB# 66056
    DAVID M. DANIELS, ESQ. SB# 170315
2   NICHOLAS P. FORESTIERE, ESQ. SB# 125118
    GURNEE & DANIELS LLP
3   2240 Douglas Boulevard, Suite 150
    Roseville, CA  95661-3805
4   Telephone     (916) 797-3100
    Facsimile     (916) 797-3131
5

6   Attorneys for Defendants

7   SERVICE CORPORATION INTERNATIONAL,
    SCI FUNERAL AND CEMETERY PURCHASING
8   COOPERATIVE, INC., SCI EASTERN MARKET
    SUPPORT CENTER, L.P. SCI WESTERN
9   MARKET SUPPORT CENTER, L.P., SCI
    HOUSTON MARKET SUPPORT CENTER, L.P.,
10  JANE D. JONES, GWEN PETTEWAY, THOMAS
    RYAN and CURTIS BRIGGS
11

12

13                      UNITED STATES DISTRICT COURT

14                     NORTHERN DISTRICT OF CALIFORNIA

15

16
    CLAUDE BRYANT, et al., on behalf of          )   CASE NO.  3:08-CV-01190 SI
17  themselves and all other employees and former )
    employees similarly situated,                )
18                                               )
19              Plaintiffs,                      )
                                                 )
20          vs.                                  )   DEFENDANT CURTIS BRIGGS
                                                 )   SUPPLEMENTAL RESPONSES TO
21  SERVICE CORPORATION                          )   PLAINTIFFS' REQUEST FOR
    INTERNATIONAL et al.                         )   PRODUCTION OF DOCUMENTS
22                                               )
                                                 )
23              Defendants.                      )
                                                 )
24  _____       )
25

26  ///

27  ///

28  ///
    CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
    DOCUMENTS                                                                    1
    Case No.:  3:08-CV-01190 SI

**PROPOUNDING PARTY:**     PLAINTIFFS

**RESPONDING PARTY:**     DEFENDANT, CURTIS BRIGGS

**SET NUMBER:**     ONE

Defendant, CURTIS BRIGGS (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the requests for production of documents, set one, propounded by plaintiffs, as follows:

### GENERAL STATEMENTS AND OBJECTIONS

1.     Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.     These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.     These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.     Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.     Responding Party expressly reserves:

5.1     All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2     All objections as to vagueness, ambiguity, unintelligibility and over breadth.

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

2

6.     Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.     These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and/or the orders of assigned judge to this action.

9.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California by requiring Responding Party to produce documents in any form other than as they are kept in the ordinary course of business.  Specifically, Responding Party objects to Plaintiffs' production requests to the extent they purport to require Responding Party to produce documents in electronic format.  Responding Party has no obligation to create electronic records for documents that do not exist in that format.

10.     Responding Party objects to each and every production request to the extent it seeks documents created or modified outside the liability period of this lawsuit.

11.     The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**REQUEST FOR DOCUMENTS NO. 2:**

All Documentation, for the Relevant Time Period, Concerning or describing all employees of Curtis Briggs, Service Corporation International ("SCI"), or any SCI affiliated entity or location

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI                                                                                     3

in California either located in or having any responsibilities in California, and all Documentation for each such employee Concerning employment contracts or agreements and human resource information of any kind related to such employees. (A proper response includes, but is not limited to, production of all Documentation Concerning any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel Files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO REQUEST NO. 2:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Curtis Briggs has not had any employees. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 2.

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS                                                                                              4
Case No.:  3:08-CV-01190 SI

**REQUEST FOR DOCUMENTS NO. 3:**

All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction, wage reporting and benefits structure and systems of SCI, Curtis Briggs and any SCI affiliated entity or location in California, and all Documentation Concerning the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, production of all Documentation such as any employee paystubs, Compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to, production of all Documentation Concerning which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO REQUEST NO. 3:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI
5

that during the relevant time period (as that terms is defined in the requests), Curtis Briggs has not had any employees and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 3.

**REQUEST FOR DOCUMENTS NO. 4:**

All Documentation, for the Relevant Time Period, Concerning all employment Practices and Policies that applied to employees of SCI, Curtis Briggs or any SCI affiliated entity or location in California, and Documentation Concerning the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, Curtis Briggs or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the production of Documentation Concerning all employee handbooks (including production of the handbooks themselves) or Policies applied to such employees during the Relevant Time Period, and the production of all Documentation Concerning the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO REQUEST NO. 4:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

///

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

6

1  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

2        Subject to and without waiving the aforesaid objections, and to the extent Responding Party

3  understands the request, Responding Party responds as follows:  Not applicable in light of the fact

4  that during the relevant time period (as that terms is defined in the requests), Curtis Briggs has not

5  had any employees and, as such, has not had any employment practices or policies.  With respect to

6  Service Corporation International, Responding Party refers the plaintiffs to Service Corporation

7  International's supplemental response to Plaintiffs' First Request for Production of Documents

8  Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 4.

9  **REQUEST FOR DOCUMENTS NO. 5:**

10        All Documentation, for the Relevant Time Period, Concerning the corporate structure for

11  SCI, Curtis Briggs and any SCI affiliated entity or location in California and Documentation

12  Concerning each party's manner of, method of, knowledge of, involvement in, or any contact of

13  any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind

14  in relation to any employee of SCI, Curtis Briggs or any SCI affiliated entity or location in

15  California. (A proper response includes, but is not limited to, production of all Documentation, as

16  to each forenamed party, of such things as organizational or flow charts, Documentation of

17  responsibilities of all employees, Documentation of reporting/management structure,

18  Documentation of banking systems and accounts, Documentation of Compensation and benefits

19  systems, Documentation regarding human resource implementation and processes, Documentation

20  regarding systems for recording hours, Documentation regarding accounting systems,

21  employer/employee lists, Documentation of bank accounts controlled by such Parties (used,

22  contributed to, withdrawn from etc., and a list of who has access to them), and their corporate

23  position, responsibilities and reporting structure (who these Parties report to, and who reports to

24  any of these Parties).)

25  **RESPONSE TO REQUEST NO. 5:**

26

27        Responding Party objects to this request on the grounds that it grossly exceeds the limited

28  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS                                                                                                              7
Case No.:  3:08-CV-01190 SI

further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that Curtis Briggs is an individual and, as such, has no corporate structure, and that during the relevant time period (as that terms is defined in the requests), Curtis Briggs has not been involved in the hiring, firing or disciplining of employees of SCI affiliated entities in California in his personal capacity or while acting on behalf of any entity which is contesting personal jurisdiction in this case. (*See* Declaration of Curtis Briggs in Support of Mr. Briggs' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.) With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 5.

**REQUEST FOR DOCUMENTS NO. 6:**

All Documentation, for the Relevant Time Period, Concerning all reporting requirements imposed on SCI, Curtis Briggs or any SCI affiliated entity or location in California by any Person, and Documentation Concerning all reporting requirements imposed by SCI, Curtis Briggs or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, production of Documentation regarding reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**RESPONSE TO REQUEST NO. 6:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS                                                                                              8
Case No.: 3:08-CV-01190 SI

scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Curtis Briggs has had no reporting requirements pertaining to employees as he has not been an employer. After reasonable search, Responding Party is not in possession or control of any non-privileged documents which reflect Mr. Briggs' reporting obligations to Gregory Sangalis, Senior Vice President and General Counsel of Service Corporation International. Non-privileged documents in Responding Party's possession or control which reflect Mr. Briggs' reporting obligations to the Board of Directors of Service Corporation International are attached hereto as Exhibit "A" (Bates Stamp CBRIGGS0001-0007.) With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 6.

**REQUEST FOR DOCUMENTS NO. 7:**

All Documentation, for the Relevant Time Period, Concerning all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Curtis Briggs or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO REQUEST NO. 7:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

9

1    scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party

2    further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

3    burdensome and harassing, and it calls for speculation. Responding Party further objects to this

4    request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

5    information, and no protective order is in place which would govern the production, disclosure and

6    dissemination of such confidential information.

7    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

8          Subject to and without waiving the aforesaid objections, and to the extent Responding Party

9    understands the request, Responding Party responds as follows: Not applicable in light of the fact

10   that during the relevant time period (as that terms is defined in the requests), Curtis Briggs has not

11   had any employees and has not entered into contracts, agreements, deals, pacts or obligations with

12   any persons or entities in California which relate to the employment policies and practices in

13   dispute in this litigation in his personal capacity or while acting on behalf of any entity which is

14   contesting personal jurisdiction in this case. Curtis Briggs' lack of contacts with California

15   sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of

16   Curtis Briggs in Support of Mr. Briggs' Motion to Dismiss Amended Complaint Pursuant to FRCP

17   12(b)(2) and 12(b)(6), which is in plaintiffs' possession. With respect to Service Corporation

18   International, Responding Party refers the plaintiffs to Service Corporation International's

19   supplemental response to Plaintiffs' First Request for Production of Documents Regarding

20   Personal Jurisdiction Issues for Service Corporation International, Request No. 7.

21   **REQUEST FOR DOCUMENTS NO. 8:**

22          All Documentation, for the Relevant Time Period, Concerning all agents or employees of

23   SCI, Curtis Briggs or any SCI affiliated entity or location in California, who Communicated in any

24   fashion to Curtis Briggs Concerning any matter in California, who contacted Persons or entities

25   within California, who made any contacts, arrangements or took any actions that had effects in

26   California or who ever entered California on behalf of, within the knowledge of or at the request of

27   Curtis Briggs; and Documentation Concerning all Persons who ever spoke with, reported to or

28

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS                                                                10
Case No.: 3:08-CV-01190 SI

1    otherwise contacted Curtis Briggs from within California, or Concerning any matters therein.

2    **RESPONSE TO REQUEST NO. 8:**

3        Responding Party objects to this request on the grounds that it grossly exceeds the limited
4    scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party
5    further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly
6    burdensome and harassing, and it calls for speculation.  Responding Party further objects to this
7    request to the extent it calls for disclosure of employee information that could potentially violate
8    employees' privacy rights which are protected by the California and United States Constitutions
9    and other state and federal laws.

10    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

11        Subject to and without waiving the aforesaid objections, and to the extent Responding Party
12    understands the request, Responding Party responds as follows:  Not applicable in light of the fact
13    that during the relevant time period (as that terms is defined in the requests), Curtis Briggs has  not
14    had any employees.  With respect to Service Corporation International, Responding Party refers the
15    plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request
16    for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation
17    International, Request No. 8.

18    **REQUEST FOR DOCUMENTS NO. 9:**

19
20        All Documentation, for the Relevant Time Period, Concerning all actions taken or
21    transactions made within or Concerning California by SCI, Curtis Briggs, any SCI affiliated entity
22    or location in California, or any employee or agent acting on their behalf.

23    **RESPONSE TO REQUEST NO. 9:**

24        Responding Party objects to this request on the grounds that it grossly exceeds the limited
25    scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party
26    further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly
27    burdensome and harassing, and it calls for speculation.  Responding Party further objects to this
28    request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS                                                                                                11
Case No.:  3:08-CV-01190 SI

1    information, and no protective order is in place which would govern the production, disclosure and

2    dissemination of such confidential information.

3    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

4        Subject to and without waiving the aforesaid objections, and to the extent Responding Party

5    understands the request, Responding Party responds as follows:  Not applicable in light of the fact

6    that during the relevant time period (as that terms is defined in the requests), Curtis Briggs has not

7    had any employees and has not entered into transactions with any persons or entities in California

8    which relate to the employment policies and practices in dispute in this litigation in his personal

9    capacity or while acting on behalf of any entity which is contesting personal jurisdiction in this

10    case.  Curtis Briggs' lack of contacts with California sufficient for the Court to exercise general

11    personal jurisdiction are set forth in the Declaration of Curtis Briggs in Support of Mr. Briggs'

12    Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in

13    plaintiffs' possession.  With respect to Service Corporation International, Responding Party refers

14    the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First

15    Request for Production of Documents Regarding Personal Jurisdiction Issues for Service

16    Corporation International, Request No. 9.

17    **REQUEST FOR DOCUMENTS NO. 12:**

18        All Documentation, for the Relevant Time Period, Concerning any trips or visits made to

19    California by Curtis Briggs, or by any employee or agent acting on behalf of SCI or Curtis Briggs

20    Concerning SCI, Curtis Briggs, or any SCI affiliated entity or location in California; and all

21    Documentation Concerning any trips or visits made by any Person to contact SCI or Curtis Briggs

22    Concerning any matter in California.

23    **RESPONSE TO REQUEST NO. 12:**

24        Responding Party objects to this request on the grounds that it grossly exceeds the limited

25    scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

26    further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

27    burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS                                                                                                          12
Case No.:  3:08-CV-01190 SI

request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Curtis Briggs has not had any employees and has not made any trips to California related to the employment policies and practices in dispute in this litigation in his personal capacity or while acting on behalf of any entity which is contesting personal jurisdiction in this case. Curtis Briggs' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Curtis Briggs in Support of Mr. Briggs' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 12.

**REQUEST FOR DOCUMENTS NO. 13:**

All Documentation, for the Relevant Time Period, Concerning any Policies or decisions of SCI, Curtis Briggs, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO REQUEST NO. 13:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

13

request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Curtis Briggs did not participate in making any policies or decisions for the specific purpose of complying or promoting compliance with California laws in his personal capacity or while acting on behalf of any entity which is contesting personal jurisdiction in this case. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 13.

**REQUEST FOR DOCUMENTS NO. 15:**

All Documentation, for the Relevant Time Period, Concerning any business operations or efforts conducted, sought, negotiated, promoted or abandoned by Curtis Briggs with any Person within California or Concerning California, and provide all Documentation Concerning any profits, sales, revenues or business of any kind that SCI, Curtis Briggs or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO REQUEST NO. 15:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding Party further objects to the second

1   sub-part of this request as being irrelevant and not reasonably calculated to lead to the discovery of

2   admissible evidence.

3   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

4        Subject to and without waiving the aforesaid objections, and to the extent Responding Party

5   understands the request, Responding Party responds as follows:  Not applicable in light of the fact

6   that during the relevant time period (as that terms is defined in the requests), Curtis Briggs has not

7   had any employees and has not been involved in business operations in California which are

8   related to the employment policies and practices in dispute in this litigation in his personal capacity

9   or while acting on behalf of any entity which is contesting personal jurisdiction in this case.  Curtis

10  Briggs' lack of contacts with California sufficient for the Court to exercise general personal

11  jurisdiction are set forth in the Declaration of Curtis Briggs in Support of Mr. Briggs' Motion to

12  Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs'

13  possession.   With respect to Service Corporation International, Responding Party refers the

14  plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request

15  for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation

16  International, Request No. 15.

17  **REQUEST FOR DOCUMENTS NO. 16:**

18        All Documentation, for the Relevant Time Period, Concerning any business service,

19  customer service or human resources assistance (including, but not limited to, Documents, forms,

20  advice, service, help of any kind etc.) rendered by SCI or Curtis Briggs to any Person within

21  California, including to any SCI affiliated entity or location in California or Concerning any SCI

22  corporate operation or employee in California.

23

24  **RESPONSE TO REQUEST NO. 16:**

25        Responding Party objects to this request on the grounds that it grossly exceeds the limited

26  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

27  further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

28  burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS
Case No.: 3:08-CV-01190 SI

15

request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Curtis Briggs has not had any employees and has not been involved in providing business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation in his personal capacity or while acting on behalf of any entity which is contesting personal jurisdiction in this case.  Curtis Briggs' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Curtis Briggs in Support of Mr. Briggs' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 16.

**REQUEST FOR DOCUMENTS NO. 17:**

All Documentation, for the Relevant Time Period, Concerning any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, Curtis Briggs or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and all legal Documentation related to such matters.

**RESPONSE TO REQUEST NO. 17:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

burdensome and harassing, and it calls for speculation.  Defendant further objects to this request to the extent it invades the attorney-client and/or attorney work product privilege.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that, aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, Curtis Briggs does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories.   Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 17.

**REQUEST FOR DOCUMENTS NO. 19:**

All Documentation, for the Relevant Time Period, Concerning "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO REQUEST NO. 19:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation.  Responding party further objects to this request on the grounds that it

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

17

1  does not seek information which is relevant or reasonably calculated to lead to the discovery of

2  admissible evidence in that Gwen Petteway is not a party to this action.

3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

4      Subject to and without waiving the aforesaid objections, and to the extent Responding Party

5  understands the request, and Responding Party's counsel having clarified with plaintiffs' counsel

6  that the declaration to which the request refers is the July 9, 2007 Declaration of Gwen Petteway

7  filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for

8  the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows:

9  Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to First Request

10  for Production of Documents Regarding Personal Jurisdiction Issues for Gwen Petteway, Request

11  No. 19.

12  **REQUEST FOR DOCUMENTS NO. 20:**

13      All Documentation, for the Relevant Time Period, Concerning each position (including any

14  board, officer, employment or other position) or job with SCI or any SCI affiliated entity or

15  location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas

16  Ryan have held, and for each produce all Documentation describing the corresponding

17  responsibilities, duties and roles for such positions, and all human resource and employment

18  Documentation or Documentation of any kind regarding or with any relation to the employment of

19  these individuals.

20  **RESPONSE TO REQUEST NO. 20:**

21      Responding Party objects to this request on the grounds that it grossly exceeds the limited

22  scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party

23  objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome

24  and harassing, and it calls for speculation. Responding party further objects to this request on the

25  grounds that it does not seek information which is relevant or reasonably calculated to lead to the

26  discovery of admissible evidence in that Jane Jones, Gwen Petteway, Curtis Briggs and Thomas

27  Ryan are not parties to this action. Responding Party further objects to this request to the extent it

28  CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS                                                                          18
Case No.: 3:08-CV-01190 SI

1    calls for disclosure of employee information that could potentially violate employees' privacy

2    rights which are protected by the California and United States Constitutions and other state and

3    federal laws.

4    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 20:**

5          Subject to and without waiving the aforesaid objections, and to the extent Responding Party

6    understands the request, Responding Party responds as follows:  Non-privileged documents in

7    Responding Party's possession or control which reflect Mr. Briggs' responsibilities in his positions

8    as Senior Corporate Counsel with SCI Funeral and Cemetery Purchasing Cooperative, Inc., a

9    Delaware corporation,  and as Assistant Corporate Secretary to Service Corporation International

10   are attached hereto as Exhibit "A" (Bates Stamp CBRIGGS0001-0007) and Exhibit "B" (Bates

11   Stamp CBRIGGS0008).  The document marked as Exhibit "B" (Bates Stamp CBRIGGS0008) is

12   deemed and marked as confidential by Defendants and is provided subject to the Stipulated

13   Protective Order to which counsel for all parties have agreed and the Court has approved.  With

14   respect to Thomas Ryan, Gwen Petteway and Jane D. Jones, Responding Party refers the plaintiffs

15   to their respective supplemental responses to Plaintiffs' First Request for Production of Documents

16   Regarding Personal Jurisdiction Issues, Request No. 20.

17   **REQUEST FOR DOCUMENTS NO. 21:**

18

19         All Documentation, for the Relevant Time Period, Concerning any contact that SCI, Curtis

20   Briggs, any SCI affiliated entity or location in California, or any employee or agent acting on their

21   behalf, has had with California, or Concerning any matter within California.

22   **RESPONSE TO REQUEST NO. 21:**

23         Responding Party objects to this request on the grounds that it grossly exceeds the limited

24   scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

25   objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome

26   and harassing, and it calls for speculation.

27   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

28         Subject to and without waiving the aforesaid objections, and to the extent Responding Party

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS                                                                                                    19
Case No.:  3:08-CV-01190 SI

1 understands the request, Responding Party responds as follows: As to Curtis Briggs, Responding

2 Party refers the plaintiffs to his other supplemental responses to these requests which are set forth

3 above and are incorporated herein by reference. With respect to Service Corporation International,

4 Responding Party refers the plaintiffs to Service Corporation International's supplemental response

5 to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for

6 Service Corporation International, Request No. 21.

7

8 Dated: January _42_, 2009                    GURNEE & DANIELS LLP

9

10                                             By _____

11                                                STEVEN H. GURNEE, ESQ.
                                                   DAVID M. DANIELS, ESQ.
12                                                 NICHOLAS P. FORESTIERE, ESQ.
                                                   Attorneys for Defendants
13                                                 SERVICE CORPORATION
                                                   INTERNATIONAL, SCI FUNERAL AND
14                                                 CEMETERY PURCHASING
                                                   COOPERATIVE, INC., SCI EASTERN
15                                                 MARKET SUPPORT CENTER, L.P., SCI
                                                   WESTERN MARKET SUPPORT CENTER,
16                                                 L.P., SCI HOUSTON MARKET SUPPORT
                                                   CENTER, L.P., JANE D. JONES, GWEN
17                                                 PETTEWAY, THOMAS RYAN and CURTIS
                                                   BRIGGS
18

19

20

21

22

23

24

25

26

27

28

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS                                                                      20
Case No.: 3:08-CV-01190 SI

# BYLAWS

## OF

## SERVICE CORPORATION INTERNATIONAL

### ARTICLE I

### SHAREHOLDERS

Section 1.    Annual Meeting.    The annual meeting of shareholders shall be held on the date and at the time designated by the Board of Directors for the purpose of electing directors. Any business may be transacted at an annual meeting, except as otherwise provided by law or by these bylaws.  The Board of Directors may alter or postpone the time of holding the annual meeting of shareholders as they shall deem advisable.

Section 2.    Special Meeting.    A special meeting of shareholders may be called at any time by the holders of at least ten percent (10%) of the outstanding stock entitled to be voted at such meeting, by the Board of Directors, by the Chairman of the Board, by the Chief Executive Officer or by the President.  Only

- 1 -

CBRIGGS 00001

## ARTICLE III

### OFFICERS

Section 1.  Number, Titles and Term of Office.  The officers of the corporation shall be a Chairman of the Board, a Vice Chairman the Board, a Chief Executive Officer, a President, one or more Vice Presidents (including one or more Executive Vice Presidents and one or more Senior Vice Presidents if deemed appropriate by the Board of Directors), a Secretary, a Treasurer and such other officers as the Board of Directors may from time to time elect or appoint.  Each officer shall hold office until his successor shall have been duly elected and qualified or until his death or until he shall resign or shall have been removed in the manner hereinafter provided.  One person may hold more than one office, except that the President shall not hold the office of Secretary.  None of the officers need be a director.

Section 2.  Removal.  Any officer or agent elected or appointed by the Board of Directors may be removed by the Board of Directors whenever in its judgment the best interests of the corporation will be served thereby, but such removal shall be

- 23 -

CBRIGGS 00002

without prejudice to the contract rights, if any, of the person so removed. Election or appointment of an officer or agent shall not of itself create contract rights.

Section 3. Vacancies. A vacancy in the office of any officer may be filled by vote of a majority of the directors for the unexpired portion of the term.

Section 4. Powers and Duties of the Chairman of the Board. The Chairman of the Board shall preside at all meetings of the Board of Directors and shall have such other powers and duties as designated in these bylaws and as from time to time may be assigned to him by the Board of Directors.

Section 5. Powers and Duties of the Vice Chairman of the Board. The Vice Chairman of the Board in the absence of the Chairman of the Board shall preside at all meetings of the Board of Directors and shall have such other powers and duties as from time to time may be assigned him by the Board of Directors.

Section 6. Powers and Duties of the Chief Executive Officer. The Chief Executive Officer shall be the primary executive officer

- 24 -

CBRIGGS 00003

of the corporation and, subject to the Board of Directors and the Chairman of the Board, he shall have general executive charge, management and control of the properties and operations of the corporation in the ordinary course of its business with all such powers with respect to such properties and operations as may be reasonably incident to such responsibilities; in the absence of the Chairman of the Board and the Vice Chairman of the Board, he may preside at all meetings of the Board of Directors; he may agree upon and execute all bonds, contracts and all other obligations in the name of the corporation; and he may sign all certificates for shares of capital stock of the corporation.

Section 7.    Powers and Duties of the President.    The President shall be the chief administrative officer of the corporation and, subject to the Board of Directors, the Chairman of the Board and the Chief Executive Officer, he shall have general administrative charge, management and control of the properties and operations of the corporation in the ordinary course of its business with all such powers with respect to such properties and operations as may be reasonably incident to such responsibilities; in the absence of the Chairman of the Board, the Vice Chairman of the Board and the Chief Executive Officer, he may

- 25 -

CBRIGGS 00004

preside at all meetings of the Board of Directors; he may agree upon and execute all bonds, contracts and all other obligations in the name of the corporation; and he may sign all certificates for shares of capital stock of the corporation.

Section 8. Vice Presidents. Each Vice President shall have such powers and duties as may be assigned to him by the Board of Directors and shall exercise the powers of the President during that officer's absence or inability to act. Any action taken by a Vice President in the performance of the duties of the President shall be conclusive evidence of the absence or inability to act of the President at the time such action was taken.

Section 9. Treasurer. The Treasurer shall have custody of all the funds and securities of the corporation which come into his hands. When necessary or proper, for collection he may, on behalf of the corporation, endorse checks, notes and other obligations and shall deposit the same to the credit of the corporation in such bank or banks or depositories as shall be designated in the manner prescribed by the Board of Directors, and he may sign all receipts and vouchers for payments made to the corporation, either alone or jointly with such other officer as is

- 26 -

CBRIGGS 00005

designated by the Board of Directors. Whenever required by the Board of Directors, he shall render a statement of his cash account; he shall enter or cause to be entered regularly in the books of the corporation to be kept by him for the purpose full and accurate accounts of all moneys received and paid out on account of the corporation; he shall perform all acts incident to the position of Treasurer subject to the control of the Board of Directors; and he shall, if required by the Board of Directors, give such bond for the faithful discharge of his duties in such form as the Board of Directors may require.

Section 10. Assistant Treasurer. Each Assistant Treasurer shall have the usual powers and duties pertaining to his office, together with such other powers and duties as may be assigned to him by the Board of Directors. The Assistant Treasurers shall exercise the powers of the Treasurer during that officer's absence or inability to act.

Section 11. Secretary. The Secretary shall keep the minutes of all meetings of the Board of Directors and committees thereof and the minutes of all meetings of the shareholder, in books provided for that purpose. He shall attend to the giving and

- 27 -

CBRIGGS 00000

serving of all notices; he shall keep in safe custody the seal of the corporation, and, when authorized by the Board of Directors, affix the same to any instrument requiring it (when so affixed, such seal shall be attested by his signature or by the signature of the Treasurer or an Assistant Secretary); he shall have charge of the certificate books, transfer books and stock ledgers, and such other books and papers as the Board of Directors may direct, all of which shall at all reasonable times be open to inspection of any director upon application at the office of the corporation during business hours; and he shall in general perform all duties incident to the office of Secretary, subject to the control of the Board of Directors.

Section 12.  Assistant Secretaries.  Each Assistant Secretary shall have the usual powers and duties pertaining to his office, together with such other powers and duties as may be assigned to him by the Board of Directors or the Secretary.  The Assistant Secretaries shall exercise the powers of the Secretary during that officer's absence or inability to act.

- 28 -

CBRIGGS 0000

## VERIFICATION

I, CURTIS BRIGGS, the undersigned, say:

I am a party to this action.  The matters stated in the foregoing DEFENDANT CURTIS BRIGGS'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING PERSONAL JURISDICTION ISSUES are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on 22 day of January 2009 at Houston, Texas

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


_____
CURTIS BRIGGS

*Bryant v. Service Corporation International*
Case No.:  CV 08-01190 SI

1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ. SB# 125118
   GURNEE & DANIELS LLP
3  2240 Douglas Boulevard, Suite 150
   Roseville, CA  95661-3805
4  Telephone    (916) 797-3100
   Facsimile    (916) 797-3131
5

6  Attorneys for Defendants

7  SERVICE CORPORATION INTERNATIONAL,
   SCI FUNERAL AND CEMETERY PURCHASING
8  COOPERATIVE, INC., SCI EASTERN MARKET
   SUPPORT CENTER, L.P. SCI WESTERN
9  MARKET SUPPORT CENTER, L.P., SCI
   HOUSTON MARKET SUPPORT CENTER, L.P.,
10 JANE D. JONES, GWEN PETTEWAY, THOMAS
   RYAN and CURTIS BRIGGS
11

12

13                  UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15

16 CLAUDE   BRYANT,  et   al.,  on   behalf  of)   **CASE NO.  3:08-CV-01190 SI**
   themselves and all other employees and former)
17 employees similarly situated,                )
                                                )
18              Plaintiffs,                      )
          vs.                                    )   **DEFENDANT CURTIS BRIGGS**
19                                               )   **SUPPLEMENTAL RESPONSES TO**
   SERVICE              CORPORATION)                 **PLAINTIFFS' INTERROGATORIES**
20 INTERNATIONAL et al.                          )
                                                )
21                                               )
                                                )
22              Defendants.                      )
                                                )
23                                               )
                                                )
24 _____)

25 **PROPOUNDING PARTY:**        PLAINTIFFS

26 **RESPONDING PARTY:**        DEFENDANT, CURTIS BRIGGS

27 **SET NUMBER:**              ONE

28

Defendant, CURTIS BRIGGS (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

## GENERAL STATEMENTS AND OBJECTIONS

1.     Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.     These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.     These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.     Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.     Responding Party expressly reserves:

   5.1     All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

   5.2     All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.     Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.     These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                2
Case No.:  3:08-CV-01190 SI

8.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.    Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome.  Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a person is identified.

12.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a document is identified.

13.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which an act is identified.

15.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    3
Case No.:  3:08-CV-01190 SI

16.     Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.     The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of Curtis Briggs, Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and human resource Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production,

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                4
Case No.:  3:08-CV-01190 SI

disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Curtis Briggs has not had any employees. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 4.

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI, Curtis Briggs and any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee paystubs, compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification and Description in Detail of which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO INTERROGATORY NO. 5**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    5
Case No.:  3:08-CV-01190 SI

Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the relevant time period (as that terms is defined in the interrogatories), Curtis Briggs has not had any employees and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 5.

**INTERROGATORY NO. 6:**

Identify and Describe in Detail during the Relevant Time Period all employment Practices and Policies that applied to employees of SCI, Curtis Briggs or any SCI affiliated entity or location in California, and Identify and Describe in Detail the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, Curtis Briggs or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the Identification

1  and Description in Detail of all employee handbooks or Policies applied to such employees during

2  the Relevant Time Period, and Identification and Description in Detail of the forenamed Parties,

3  and any involvement they had with such Policies such as reviewing them, providing advice on

4  them, promulgating them, enforcing them or implementing them.)

5  **RESPONSE TO INTERROGATORY NO. 6**

6       Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

7  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

8  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

9  overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party

10  further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

11  proprietary or other confidential information, and no protective order is in place which would

12  govern the production, disclosure and dissemination of such confidential information. Responding

13  party further objects to this interrogatory on the grounds that it contains more than one separate and

14  discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

15  imposed by FRCP 33(a)(1).

16  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

17       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

18  understands the interrogatory, Responding Party responds as follows: During the relevant time

19  period (as that terms is defined in the interrogatories), Curtis Briggs has not had any employees

20  and, as such, has not had any employment practices or policies. With respect to Service

21  Corporation International, Responding Party refers the plaintiffs to Service Corporation

22  International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

23  Jurisdiction Issues for Service Corporation International, Interrogatory No. 6.

24

25  **INTERROGATORY NO. 7:**

26       Identify and Describe in Detail during the Relevant Time Period the corporate structure for

27  SCI, Curtis Briggs and any SCI affiliated entity or location in California and Identify and Describe

28  in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES     7
Case No.: 3:08-CV-01190 SI

kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, Curtis Briggs or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO INTERROGATORY NO. 7**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  Curtis Briggs is an individual and, as such, has no corporate structure.  During the relevant time period (as that terms is defined in the interrogatories), Curtis Briggs has not been involved in the hiring, firing or

disciplining of employees of SCI affiliated entities in California in his personal capacity or while acting on behalf of any entity which is contesting personal jurisdiction in this case. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 7.

**INTERROGATORY NO. 8:**

Identify and Describe in Detail during the Relevant Time Period all reporting requirements imposed on SCI, Curtis Briggs or any SCI affiliated entity or location in California by any Person, and Identify and Describe in Detail all reporting requirements imposed by SCI, Curtis Briggs or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**RESPONSE TO INTERROGATORY NO. 8**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the relevant time period (as that terms is defined in the interrogatories), Curtis Briggs has had no reporting

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES          9
Case No.: 3:08-CV-01190 SI

requirements pertaining to employees as he has not been an employer.  Curtis Briggs, who is employed as senior corporate counsel for SCI Funeral and Cemetery Purchasing Cooperative, Inc., a Delaware corp., reports to Gregory Sangalis, Senior Vice President and General Counsel of Service Corporation International.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 8.

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Curtis Briggs or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Curtis Briggs has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation in his personal capacity or while acting on behalf of any entity which is contesting personal

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    10
Case No.:  3:08-CV-01190 SI

jurisdiction in this case. Curtis Briggs' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Curtis Briggs in Support of Mr. Briggs' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 9.

**INTERROGATORY NO. 10:**

Identify and Describe in Detail during the Relevant Time Period all agents or employees of SCI, Curtis Briggs or any SCI affiliated entity or location in California, who communicated in any fashion to Curtis Briggs Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of Curtis Briggs; and Identify and Describe in Detail all Persons who ever spoke with, reported to or otherwise contacted Curtis Briggs from within California, or Concerning any matters therein.

**RESPONSE TO INTERROGATORY NO. 10**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

///

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    11
Case No.: 3:08-CV-01190 SI

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Curtis Briggs has  not had any employees. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 10.

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or Concerning California by SCI, Curtis Briggs, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**RESPONSE TO INTERROGATORY NO. 11**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Curtis Briggs has not had any employees and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation, in his personal capacity or while acting on behalf of any entity which is contesting personal jurisdiction in this case. Curtis Briggs' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    12
Case No.: 3:08-CV-01190 SI

set forth in the Declaration of Curtis Briggs in Support of Mr. Briggs' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 11.

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by Curtis Briggs, or by any employee or agent acting on behalf of SCI or Curtis Briggs Concerning SCI, Curtis Briggs, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or Curtis Briggs Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Curtis Briggs has not had any employees and

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                 13
Case No.: 3:08-CV-01190 SI

has not made any trips to California related to the employment policies and practices in dispute in this litigation in his personal capacity or while acting on behalf of any entity which is contesting personal jurisdiction in this case. Curtis Briggs' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Curtis Briggs in Support of Mr. Briggs' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 14.

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, Curtis Briggs, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

///

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES          14
Case No.: 3:08-CV-01190 SI

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Curtis Briggs did not participate in making any policies or decisions for the specific purpose of complying or promoting compliance with California laws in his personal capacity or while acting on behalf of any entity which is contesting personal jurisdiction in this case.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 15.

**INTERROGATORY NO. 17:**

Identify and Describe in Detail during the Relevant Time Period any business operations or efforts conducted, sought, negotiated, promoted or abandoned by Curtis Briggs with any Person within California or Concerning California, and provide Identification and Description in Detail of any profits, sales, revenues or business of any kind that SCI, Curtis Briggs or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO INTERROGATORY NO. 17**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    15
Case No.:  3:08-CV-01190 SI