EXHIBIT F PART 2

1   imposed by FRCP 33(a)(1).   Responding Party further objects to the second sub-part of this

2   interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of

3   admissible evidence.

4   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**

5         Subject to and without waiving the aforesaid objections, and to the extent Responding Party

6   understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

7   Period (as that term is defined in the interrogatories), Curtis Briggs has not had any employees and

8   has not been involved in business operations in California which are related to the employment

9   policies and practices in dispute in this litigation in his personal capacity or while acting on behalf

10  of any entity which is contesting personal jurisdiction in this case.  Curtis Briggs' lack of contacts

11  with California sufficient for the Court to exercise general personal jurisdiction are set forth in the

12  Declaration of Curtis Briggs in Support of Mr. Briggs' Motion to Dismiss Amended Complaint

13  Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated

14  herein by reference.  With respect to Service Corporation International, Responding Party refers

15  the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of

16  Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International,

17  Interrogatory No. 17.

18  **INTERROGATORY NO. 18:**

19

20        Identify and Describe in Detail during the Relevant Time Period (including full

21  Documentation) any business service, customer service or human resources assistance (including,

22  but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or

23  Curtis Briggs to any Person within California, including to any SCI affiliated entity or location in

24  California or Concerning any SCI corporate operation or employee in California.

25  **RESPONSE TO INTERROGATORY NO. 18**

26        Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

27  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

28  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Curtis Briggs has not had any employees and has not been involved in providing business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation in his personal capacity or while acting on behalf of any entity which is contesting personal jurisdiction in this case. Curtis Briggs' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Curtis Briggs in Support of Mr. Briggs' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 18.

**INTERROGATORY NO. 19:**

Identify and Describe in Detail during the Relevant Time Period any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, Curtis Briggs or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and Identify and Describe in Detail any legal Documents related to such matters.

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    17
Case No.:  3:08-CV-01190 SI

**RESPONSE TO INTERROGATORY NO. 19**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Defendant further objects to this interrogatory to the extent it invades the attorney-client and/or attorney work product privilege. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, Curtis Briggs does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories. Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 19.

**INTERROGATORY NO. 21:**

Identify and Describe in Detail during the Relevant Time Period "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

///

**RESPONSE TO INTERROGATORY NO. 21**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the interrogatory refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows:   Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Gwen Petteway, Interrogatory No. 21.

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO INTERROGATORY NO. 22**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous,

1   overbroad, unduly burdensome and harassing, and it calls for speculation.   Responding Party

2   further objects to this interrogatory to the extent it calls for disclosure of employee information that

3   could potentially violate employees' privacy rights which are protected by the California and

4   United States Constitutions and other state and federal laws.   Responding party further objects to

5   this interrogatory on the grounds that it contains more than one separate and discrete sub-part,

6   thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

7   33(a)(1).

8   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

9        Subject to and without waiving the aforesaid objections, and to the extent Responding Party

10  understands the interrogatory, Responding Party responds as follows:  Curtis Briggs is an employee

11  of SCI Funeral and Cemetery Purchasing Cooperative, Inc., a Delaware corporation, and he holds

12  the title of Senior Corporate Counsel.  Mr. Briggs is also the Assistant Corporate Secretary to

13  Service Corporation International.    Mr. Briggs' principal duties include participating in and

14  providing support for financings and SEC filings. He serves on the Disclosure Committee and in a

15  secretarial role for the Board and various committees. He administers and monitors the securities

16  trading policy, stock plans and NYSE compliance.  Mr. Briggs has also been the President of

17  Alderwoods (Texas), Inc., DSP General Partner II, Inc., Earthman LP, Inc., RH Mortuary

18  Corporation, Directors Succession Planning II, Inc., Directors Succession Planning, Inc., DSP

19  General Partner II, Inc., and Alderwoods Group, LLC.  He has also been the Vice President of

20  EVMP Corporation, Acheson & Graham Mortuary, Inc., California Cemetery & Funeral Services,

21  LLC, CFR Corporation, Chung Wah Funeral Directors, Inc., Coral Ridge Funeral Home and

22  Cemetery, Inc., CWFD, Inc., DD & H Corporation, ECI Cemetery Services of California, Inc., ECI

23  Services of California, Inc., Eden Memorial Park Association, Ellis Olson Mortuary, Eternal Hills

24  Cemetery Association, Eternal Life Properties, Inc., FCA Acquisition Corporation, Financial

25  Capital of America, Fremont Cemetery Corporation, Glen Abbey Inc., Green Acres Memorial Park

26  & Mortuary, Directors Succession Planning, Inc., Greenwood Memorial Park, Inc., Hong Kong

27  Funeral Homes, Hotchkiss Mortuary, Incorporated, International Funeral Parlours, John A. Mies,

28

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES          20
Case No.:  3:08-CV-01190 SI

Inc., Joshua Memorial Park, La Verne Cemetery Corporation, LAFAMCO, Inc., Lakeside Memorial Lawn, LIBO, Inc., Lima-Salmon-Erickson, Inc., Mac Dougall Mortuaries, Inc, Malinow & Silverman, Inc., Maridon, Inc., MB Line, Miller Enterprises, Inc., Mirabal Mortuary, Inc., Mission Casket, Co., Mount Vernon Memorial Park, Alderwoods Group, LLC, Mt. View Cemetery of San Bernadino, Oak Hill Improvement Company, Oakdale Memorial Park, Oakdale Mortuary, Ocean View Cemetery, Pierce Brothers, Pierce Brothers Crematorium, Pierce Holdings (California) Inc., Provident Credit of California, Inc., Provident Services, Inc., RC/SC Funeral Chapels, Inc., Redding Memorial Park, RH Mortuary Corporation, SCI California Funeral Services, Inc., SCI Western Market Support Center, Inc., Universal Memorial Centers V, Inc., Universal Memorial Centers VI, Inc., Alderwoods Group (California), Inc., Workman Mill Investment Company, RVL Properties, S&H Properties & Enterprises, Inc., Sacramento Memorial Lawn, SCI Southern California Region, Inc., Ted M. Mayr Funeral Home, Inc., Tinkler Acquisition Corp., Tinkler Mission Chapel, Turner & Stevens Company, Valley Funeral Home, and World Funeral Home.  Mr. Briggs has also been the Secretary of Financial Capital of America, FCA Acquisition Corporation, EVMP Corporation, CREMCORP, INC., Mount Vernon Memorial Park, MB Line, RC/SC Funeral Chapels, Inc., CFR Corporation, DD & H Corporation, RVL Properties, Sierra View Mausoleum Association, and Eden Memorial Park Association.  Mr. Briggs has also been the Assistant Secretary of Sierra View Memorial Park and ECI Services of California, Inc.  Mr. Briggs has also been a Director of J.B. Draper Co., SCI Western Market Support Center, Inc., Alderwoods (Texas), Inc., Directors Succession Planning II, Inc., DSP General Partner II, Inc., Earthman LP, Inc., Lisle Funeral Home, MISH Acquisition Corporation, and Directors Succession Planning, Inc.  With respect to Paul Houston, Thomas Ryan, Gwen Petteway and Jane D. Jones, Responding Party refers the plaintiffs to their respective supplemental responses to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22.

**INTERROGATORY NO. 23:**

Identify and Describe in Detail during the Relevant Time Period any contact that SCI,

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                21
Case No.:  3:08-CV-01190 SI

1   Curtis Briggs, any SCI affiliated entity or location in California, or any employee or agent acting

2   on their behalf, has had with California, or Concerning any matter within California.

3   **RESPONSE TO INTERROGATORY NO. 23**

4        Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

5   limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

6   Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous,

7   overbroad, unduly burdensome and harassing, and it calls for speculation.   Responding party

8   further objects to this interrogatory on the grounds that it contains more than one separate and

9   discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

10  imposed by FRCP 33(a)(1).

11  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23**

12       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

13  understands the interrogatory, Responding Party responds as follows:   As to Curtis Briggs,

14  Responding Party refers the plaintiffs to his other supplemental responses these interrogatories

15  which are set forth above and are incorporated herein by reference.   With respect to Service

16  Corporation International, Responding Party refers the plaintiffs to Service Corporation

17  International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES            22
Case No.:  3:08-CV-01190 SI

Jurisdiction Issues for Service Corporation International, Interrogatory No. 23.

Dated:  January *22*, 2009          GURNEE & DANIELS LLP

By _____

STEVEN H. GURNEE, ESQ.
DAVID M. DANIELS, ESQ.
NICHOLAS P. FORESTIERE, ESQ.
Attorneys for Defendants
SERVICE CORPORATION
INTERNATIONAL, SCI FUNERAL AND
CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN
MARKET SUPPORT CENTER, L.P., SCI
WESTERN MARKET SUPPORT CENTER,
L.P., SCI HOUSTON MARKET SUPPORT
CENTER, L.P., JANE D. JONES, GWEN
PETTEWAY, THOMAS RYAN and CURTIS
BRIGGS

**VERIFICATION**

I, CURTIS BRIGGS, the undersigned, say:

I am a party to this action. The matters stated in the foregoing DEFENDANT CURTIS BRIGGS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on _22_ day of January 2009 at Houston, Texas

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
CURTIS BRIGGS

*Bryant v. Service Corporation International*
Case No.:  CV 08-01190 SI

STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
NICHOLAS P. FORESTIERE, ESQ. SB# 125118
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA  95661-3805
Telephone      (916) 797-3100
Facsimile      (916) 797-3131

Attorneys for Defendants

SERVICE CORPORATION INTERNATIONAL,
SCI FUNERAL AND CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN MARKET
SUPPORT CENTER, L.P. SCI WESTERN
MARKET SUPPORT CENTER, L.P., SCI
HOUSTON MARKET SUPPORT CENTER, L.P.,
JANE D. JONES, GWEN PETTEWAY, THOMAS
RYAN and CURTIS BRIGGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, et al., on behalf of themselves and all other employees and former employees similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> SERVICE CORPORATION INTERNATIONAL et al. <br><br> Defendants. | **CASE NO.  3:08-CV-01190 SI** <br><br> **DEFENDANT SCI EASTERN MARKET SUPPORT CENTER, LP SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS** |

////

////

////

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSE TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

1

**PROPOUNDING PARTY:**        PLAINTIFFS

**RESPONDING PARTY:**        DEFENDANT, SCI EASTERN MARKET SUPPORT
CENTER, LP

**SET NUMBER:**        ONE

Defendant, SCI EASTERN MARKET SUPPORT CENTER, LP (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the requests for production of documents, set one, propounded by plaintiffs, as follows:

### GENERAL STATEMENTS AND OBJECTIONS

1.        Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.        These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.        These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.        Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.        Responding Party expressly reserves:

5.1        All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2        All objections as to vagueness, ambiguity, unintelligibility and over breadth.

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSE TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                     2
Case No.:  3:08-CV-01190 SI

6.      Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.      These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and/or the orders of assigned judge to this action.

9.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California by requiring Responding Party to produce documents in any form other than as they are kept in the ordinary course of business.  Specifically, Responding Party objects to Plaintiffs' production requests to the extent they purport to require Responding Party to produce documents in electronic format.  Responding Party has no obligation to create electronic records for documents that do not exist in that format.

10.      Responding Party objects to each and every production request to the extent it seeks documents created or modified outside the liability period of this lawsuit.

11.      The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**REQUEST FOR DOCUMENTS NO. 2:**

All Documentation, for the Relevant Time Period, Concerning or describing all employees of SCI Eastern Market Support Center, L.P. ("SCI Eastern Market"), Service Corporation

International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and all Documentation for each such employee Concerning employment contracts or agreements and human resource information of any kind related to such employees. (A proper response includes, but is not limited to, production of all Documentation Concerning any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel Files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO REQUEST NO. 2:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation

International, Request No. 2.

**REQUEST FOR DOCUMENTS NO. 3:**

All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction, wage reporting and benefits structure and systems of SCI, SCI Eastern Market and any SCI affiliated entity or location in California, and all Documentation Concerning the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, production of all Documentation such as any employee paystubs, Compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to, production of all Documentation Concerning which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO REQUEST NO. 3:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSE TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

5

understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P has not had any employees which are located in or having any responsibilities in California and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems which pertain to California.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 3.

**REQUEST FOR DOCUMENTS NO. 4:**

All Documentation, for the Relevant Time Period, Concerning all employment Practices and Policies that applied to employees of SCI, SCI Eastern Market or any SCI affiliated entity or location in California, and Documentation Concerning the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, SCI Eastern Market or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the production of Documentation Concerning all employee handbooks (including production of the handbooks themselves) or Policies applied to such employees during the Relevant Time Period, and the production of all Documentation Concerning the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO REQUEST NO. 4:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and

dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California and, as such, has not had any employment practices or policies pertaining to California. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 4.

**REQUEST FOR DOCUMENTS NO. 5:**

All Documentation, for the Relevant Time Period, Concerning the corporate structure for SCI, SCI Eastern Market and any SCI affiliated entity or location in California and Documentation Concerning each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, SCI Eastern Market or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, production of all Documentation, as to each forenamed party, of such things as organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of Compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSE TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                    7
Case No.: 3:08-CV-01190 SI

**RESPONSE TO REQUEST NO. 5:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Non-privileged documents in Responding Party's possession or control which reflect the corporate structure for Responding Party are attached hereto as Exhibit "A" (Bates Stamp EMSC(BRY))0001-0014.)   The documents are deemed confidential by Defendants and are provided subject to the Stipulated Protective Order to which counsel for all parties have agreed and the Court has approved.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 5.

**REQUEST FOR DOCUMENTS NO. 6:**

All Documentation, for the Relevant Time Period, Concerning all reporting requirements imposed on SCI, SCI Eastern Market or any SCI affiliated entity or location in California by any Person, and Documentation Concerning all reporting requirements imposed by SCI, SCI Eastern Market or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, production of Documentation regarding reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

////

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSE TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                    8
Case No.:  3:08-CV-01190 SI

**RESPONSE TO REQUEST NO. 6:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P. has had no reporting requirements pertaining to employees in California because they have not had any employees which are located in or having any responsibilities in California. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 6.

**REQUEST FOR DOCUMENTS NO. 7:**

All Documentation, for the Relevant Time Period, Concerning all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, SCI Eastern Market or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise concerning any matter in California.

**RESPONSE TO REQUEST NO. 7:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSE TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

9

burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Pisano in Support of SCI Eastern Market Support Center L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 7.

**REQUEST FOR DOCUMENTS NO. 8:**

All Documentation, for the Relevant Time Period, Concerning all agents or employees of SCI, SCI Eastern Market or any SCI affiliated entity or location in California, who Communicated in any fashion to SCI Eastern Market Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of SCI Eastern Market; and Documentation Concerning all Persons who ever spoke with, reported to or otherwise contacted SCI Eastern Market from within California, or Concerning any

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSE TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

10

matters therein.

**RESPONSE TO REQUEST NO. 8:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P. has  not had any employees which are located in or having any responsibilities in California and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Pisano in Support of SCI Eastern Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 8.

**REQUEST FOR DOCUMENTS NO. 9:**

All Documentation, for the Relevant Time Period, Concerning all actions taken or transactions made within or Concerning California by SCI, SCI Eastern Market, any SCI affiliated

1  entity or location in California, or any employee or agent acting on their behalf.

2  **RESPONSE TO REQUEST NO. 9:**

3       Responding Party objects to this request on the grounds that it grossly exceeds the limited

4  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

5  further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

6  burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

7  request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

8  information, and no protective order is in place which would govern the production, disclosure and

9  dissemination of such confidential information.

10  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

11       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

12  understands the request, Responding Party responds as follows:  Not applicable in light of the fact

13  that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market

14  Support Center, L.P. has not had any employees which are located in or having any responsibilities

15  in and has not entered into transactions with any persons or entities in California which relate to

16  the employment policies and practices in dispute in this litigation.   SCI Eastern Market Support

17  Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal

18  jurisdiction are set forth in the Declaration of Robert Pisano in Support of SCI Eastern Market

19  Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and

20  12(b)(6) which is in plaintiffs' possession.   With respect to Service Corporation International,

21  Responding Party refers the plaintiffs to Service Corporation International's supplemental response

22  to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for

23  Service Corporation International, Request No. 9.

24

25  **REQUEST FOR DOCUMENTS NO. 12:**

26       All Documentation, for the Relevant Time Period, Concerning any trips or visits made to

27  California by SCI Eastern Market, or by any employee or agent acting on behalf of SCI or SCI

28  Eastern Market Concerning SCI, SCI Eastern Market, or any SCI affiliated entity or location in

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSE TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                    12
Case No.:  3:08-CV-01190 SI

California; and all Documentation Concerning any trips or visits made by any Person to contact SCI or SCI Eastern Market Concerning any matter in California.

**RESPONSE TO REQUEST NO. 12:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not made any trips to California related to the employment policies and practices in dispute in this litigation. SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Pisano in Support of SCI Eastern Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 12.

**REQUEST FOR DOCUMENTS NO. 13:**

All Documentation, for the Relevant Time Period, Concerning any Policies or decisions of SCI, SCI Eastern Market, or any SCI affiliated entity or location in California that were made or

established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO REQUEST NO. 13:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P. had no employees which are located in or having any responsibilities in California, and did not make any policies or decisions for the specific purpose of complying or promoting compliance with California laws. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 13.

**REQUEST FOR DOCUMENTS NO. 15:**

All Documentation, for the Relevant Time Period, Concerning any business operations or efforts conducted, sought, negotiated, promoted or abandoned by SCI Eastern Market with any Person within California or Concerning California, and provide all Documentation Concerning any profits, sales, revenues or business of any kind that SCI, SCI Eastern Market or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSE TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                    14
Case No.:  3:08-CV-01190 SI

California.

**RESPONSE TO REQUEST NO. 15:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding Party further objects to the second sub-part of this request as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not been involved in business operations in California which are related to the employment policies and practices in dispute in this litigation. SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Pisano in Support of SCI Eastern Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 15.

**REQUEST FOR DOCUMENTS NO. 16:**

All Documentation, for the Relevant Time Period, Concerning any business service,

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSE TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI                                                                                    15

customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or SCI Eastern Market to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

**RESPONSE TO REQUEST NO. 16:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not been involved in providing business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation. SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Pisano in Support of SCI Eastern Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 16.

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSE TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

16

**REQUEST FOR DOCUMENTS NO. 17:**

All Documentation, for the Relevant Time Period, Concerning any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, SCI Eastern Market or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and all legal Documentation related to such matters.

**RESPONSE TO REQUEST NO. 17:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Defendant further objects to this request to the extent it invades the attorney-client and/or attorney work product privilege. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that, aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, SCI Eastern Market Support Center, L.P. does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories. Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 17.

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSE TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                    17
Case No.:  3:08-CV-01190 SI

**REQUEST FOR DOCUMENTS NO. 19:**

All Documentation, for the Relevant Time Period, Concerning "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO REQUEST NO. 19:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation. Responding party further objects to this request on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Gwen Petteway is not a party to this action.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the request refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows: Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to First Request for Production of Documents Regarding Personal Jurisdiction Issues for Gwen Petteway, Request No. 19.

**REQUEST FOR DOCUMENTS NO. 20:**

All Documentation, for the Relevant Time Period, Concerning each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each produce all Documentation describing the corresponding

responsibilities, duties and roles for such positions, and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO REQUEST NO. 20:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding party further objects to this request on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan are not parties to this action.  Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 20**

Subject to and without waiving the aforesaid objections, and to the extend Responding Party understands the request, Responding Party responds as follows:  Responding Party refers the plaintiffs to the supplemental responses of Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan to Plaintiffs' First Requests for Production of Documents Regarding Personal Jurisdiction Issues, Request No. 20.

**REQUEST FOR DOCUMENTS NO. 21:**

All Documentation, for the Relevant Time Period, Concerning any contact that SCI, SCI Eastern Market, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

**RESPONSE TO REQUEST NO. 21:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSE TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

19

objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  As to SCI Eastern Market Support Center, L.P., Responding Party refers the plaintiffs to its other supplemental responses to these requests which are set forth above and are incorporated herein by reference.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 21.

Dated:   January _____, 2009

GURNEE & DANIELS LLP

By _____
STEVEN H. GURNEE, ESQ.
DAVID M. DANIELS, ESQ.
NICHOLAS P. FORESTIERE, ESQ.
Attorneys for Defendants
SERVICE CORPORATION
INTERNATIONAL, SCI FUNERAL AND
CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN
MARKET SUPPORT CENTER, L.P., SCI
WESTERN MARKET SUPPORT CENTER,
L.P., SCI HOUSTON MARKET SUPPORT
CENTER, L.P., JANE D. JONES, GWEN
PETTEWAY, THOMAS RYAN and CURTIS
BRIGGS

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSE TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

20

**<u>VERIFICATION</u>**

I, ROBERT PISANO, declare:

I work with SCI Eastern Market Support Center, L.P.  and I have been authorized to sign this verification on its behalf.

I have read DEFENDANT SCI EASTERN MARKET SUPPORT CENTER, L.P.'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING PERSONAL JURISDICTION ISSUES and am informed and believe that the matters stated therein are true, and on that ground allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this _19_ day of January 2009 at Eastchester, New York.

_____
ROBERT PISANO

*Helm v. Alderwoods Group*
Case No.:  CV 08-01184 SI

LAW OFFICES
Steven H. Gurnee  &
Associates
A Law Corporation

1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ. SB# 125118
   GURNEE & DANIELS LLP
3  2240 Douglas Boulevard, Suite 150
   Roseville, CA  95661-3805
4  Telephone     (916) 797-3100
   Facsimile     (916) 797-3131
5

6  Attorneys for Defendants

7  SERVICE CORPORATION INTERNATIONAL,
   SCI FUNERAL AND CEMETERY PURCHASING
8  COOPERATIVE, INC., SCI EASTERN MARKET
   SUPPORT CENTER, L.P. SCI WESTERN
9  MARKET SUPPORT CENTER, L.P., SCI
   HOUSTON MARKET SUPPORT CENTER, L.P.,
10 JANE D. JONES, GWEN PETTEWAY, THOMAS
   RYAN and CURTIS BRIGGS
11

12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15

16 CLAUDE BRYANT, et al., on behalf of        )  **CASE NO.  3:08-CV-01190 SI**
   themselves and all other employees and former )
17 employees similarly situated,              )
                                              )
18             Plaintiffs,                    )
                                              )
19       vs.                                  )  **DEFENDANT SCI EASTERN MARKET**
                                              )  **SUPPORT CENTER, L.P.'S**
20 SERVICE CORPORATION                        )  **SUPPLEMENTAL RESPONSES TO**
   INTERNATIONAL et al.                       )  **PLAINTIFFS' INTERROGATORIES**
21                                            )
                                              )
22             Defendants.                    )
                                              )
23                                            )
                                              )
24 _____)

25 **PROPOUNDING PARTY:**        PLAINTIFFS

26 **RESPONDING PARTY:**         DEFENDANT, SCI EASTERN MARKET SUPPORT
27                               CENTER, L.P.

28 **SET NUMBER:**               ONE

   SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES     1
   Case No.:  3:08-CV-01190 SI

Defendant, as SCI EASTERN MARKET SUPPORT CENTER, L.P. (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

**GENERAL STATEMENTS AND OBJECTIONS**

1.      Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.      These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.      These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.      Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.      Responding Party expressly reserves:

5.1      All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2      All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.      Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES      2
Case No.:  3:08-CV-01190 SI

7.     These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.     Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome.  Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a person is identified.

12.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a document is identified.

13.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which an act is identified.

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          3
Case No.:  3:08-CV-01190 SI

15.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16.     Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.     The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of SCI Eastern Market Support Center, L.P. ("SCI Eastern Market"), Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and human resource Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES     4
Case No.:  3:08-CV-01190 SI

United States Constitutions and other state and federal laws.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 4.

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI, SCI Eastern Market and any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee paystubs, compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification and Description in Detail of which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how,

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES     5
Case No.:  3:08-CV-01190 SI

who was responsible for reporting wages and taxes etc.)

**RESPONSE TO INTERROGATORY NO. 5**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the relevant time period (as that terms is defined in the interrogatories), SCI Eastern Market Support Center, L.P has not had any employees which are located in or having any responsibilities in California and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems which pertain to California. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 5.

**INTERROGATORY NO. 6:**

Identify and Describe in Detail during the Relevant Time Period all employment Practices

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES     6
Case No.:  3:08-CV-01190 SI

and Policies that applied to employees of SCI, SCI Eastern Market or any SCI affiliated entity or location in California, and Identify and Describe in Detail the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, SCI Eastern Market or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the Identification and Description in Detail of all employee handbooks or Policies applied to such employees during the Relevant Time Period, and Identification and Description in Detail of the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO INTERROGATORY NO. 6**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California and, as such, has not had any employment practices or policies pertaining to California. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation

International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 6.

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI, SCI Eastern Market and any SCI affiliated entity or location in California and Identify and Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, SCI Eastern Market or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO INTERROGATORY NO. 7**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES           8
Case No.:  3:08-CV-01190 SI

1  discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit
2  imposed by FRCP 33(a)(1).

3  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

4  Subject to and without waiving the aforesaid objections, and to the extent Responding Party
5  understands the interrogatory, Responding Party responds as follows: Service Corporation
6  International, a Texas corporation, is the 100 percent owner of SCI Special, Inc., a Delaware
7  corporation.  SCI Special, Inc. is the 100 percent owner of SCI Administrative Services LLC, a
8  Delaware limited liability company, and the 100 percent owner of Remembrance Memorial
9  Traditions, LLC, a Delaware limited liability company.  SCI Administrative Services LLC is the
10  general partner of SCI Management L.P., a Delaware limited partnership.   Remembrance
11  Memorial Traditions, LLC is a limited partner of SCI Management L.P.  SCI Management L.P. is
12  the 100 percent owner of SCI EOps HQ, Inc. a New York corporation. SCI EOps HQ, Inc. a New
13  York corporation, is the general partner of SCI Eastern Market Support Center, L.P., a Texas
14  limited partnership, and SCI Management L.P. is a limited partner of SCI Eastern Market Support
15  Center, L.P.  SCI Eastern Market Support Center, L.P. is a 25 percent owner of SCI Funeral &
16  Cemetery Purchasing Cooperative, Inc.   With respect to Service Corporation International,
17  Responding Party refers the plaintiffs to Service Corporation International's supplemental response
18  to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service
19  Corporation International, Interrogatory No. 7.

20  **INTERROGATORY NO. 8:**

21  Identify and Describe in Detail during the Relevant Time Period all reporting requirements
22  imposed on SCI, SCI Eastern Market or any SCI affiliated entity or location in California by any
23  Person, and Identify and Describe in Detail all reporting requirements imposed by SCI, SCI
24  Eastern Market or any SCI affiliated entity or location in California on any Person. (A proper
25  response includes, but is not limited to, reporting requirements relating to business matters, legal
26  matters, tax matters, state compliance matters, human resource matters, etc.)

27  **RESPONSE TO INTERROGATORY NO. 8**

28  Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          9
Case No.:  3:08-CV-01190 SI

limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the relevant time period (as that terms is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has had no reporting requirements pertaining to employees in California because it has not had any employees which are located in or having any responsibilities in California. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 8.

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, SCI Eastern Market or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES 10
Case No.: 3:08-CV-01190 SI

overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

proprietary or other confidential information, and no protective order is in place which would

govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

Period (as that term is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has

not had any employees which are located in or having any responsibilities in California and has not

entered into contracts, agreements, deals, pacts or obligations with any persons or entities in

California which relate to the employment policies and practices in dispute in this litigation.  SCI

Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to

exercise general personal jurisdiction are set forth in the Declaration of Robert Paisano in Support

of SCI Eastern Market Support Center L.P.'s Motion to Dismiss Amended Complaint Pursuant to

FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by

reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs

to Service Corporation International's supplemental response to Plaintiffs' First Set of

Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International,

Interrogatory No. 9.

**INTERROGATORY NO. 10:**

Identify and Describe in Detail during the Relevant Time Period all agents or employees of

SCI, SCI Eastern Market or any SCI affiliated entity or location in California, who communicated

in any fashion to SCI Eastern Market Concerning any matter in California, who contacted Persons

or entities within California, who made any contacts, arrangements or took any actions that had

effects in California or who ever entered California on behalf of, within the knowledge of or at the

request of SCI Eastern Market; and Identify and Describe in Detail all Persons who ever spoke

with, reported to or otherwise contacted SCI Eastern Market from within California, or Concerning

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES       11
Case No.:  3:08-CV-01190 SI

1  any matters therein.

2  **RESPONSE TO INTERROGATORY NO. 10**

3  Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

4  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

5  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

6  overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

7  further objects to this interrogatory to the extent it calls for disclosure of employee information that

8  could potentially violate employees' privacy rights which are protected by the California and

9  United States Constitutions and other state and federal laws.  Responding party further objects to

10  this interrogatory on the grounds that it contains more than one separate and discrete sub-part,

11  thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

12  33(a)(1).

13  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

14  Subject to and without waiving the aforesaid objections, and to the extent Responding Party

15  understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

16  Period (as that term is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has

17  not had any employees which are located in or having any responsibilities in California and has not

18  entered into contracts, agreements, deals, pacts or obligations with any persons or entities in

19  California which relate to the employment policies and practices in dispute in this litigation.  SCI

20  Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to

21  exercise general personal jurisdiction are set forth in the Declaration of Robert Paisano in Support

22  of SCI Eastern Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to

23  FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by

24  reference.   With respect to Service Corporation International, Responding Party refers the

25  plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of

26  Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International,

27  Interrogatory No. 10.

28

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES      12
Case No.:  3:08-CV-01190 SI

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or Concerning California by SCI, SCI Eastern Market, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**RESPONSE TO INTERROGATORY NO. 11**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Paisano in Support of SCI Eastern Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 11.

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          13
Case No.:  3:08-CV-01190 SI

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by SCI Eastern Market, or by any employee or agent acting on behalf of SCI or SCI Eastern Market Concerning SCI, SCI Eastern Market, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or SCI Eastern Market Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 14**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not made any trips to California related to the employment policies and practices in dispute in this litigation.  SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Pisano in Support of SCI Eastern Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          14
Case No.:  3:08-CV-01190 SI

1    herein by reference.  With respect to Service Corporation International, Responding Party refers

2    the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of

3    Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International,

4    Interrogatory No. 14.

5    **INTERROGATORY NO. 15:**

6        Identify and Describe in Detail during the Relevant Time Period any Policies or decisions

7    of SCI, SCI Eastern Market, or any SCI affiliated entity or location in California that were made or

8    established in an effort to comply with any law of the State of California, or to promote an SCI

9    affiliated entity's or location's compliance with such laws, or any contact of any kind that such

10   Parties have made with any entity of the State of California, or the State of California itself.

11   **RESPONSE TO INTERROGATORY NO. 15**

12       Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

13   limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

14   Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

15   overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

16   further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

17   proprietary or other confidential information, and no protective order is in place which would

18   govern the production, disclosure and dissemination of such confidential information.  Responding

19   party further objects to this interrogatory on the grounds that it contains more than one separate and

20   discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

21   imposed by FRCP 33(a)(1).

22

23   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

24       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

25   understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

26   Period (as that term is defined in the interrogatories), SCI Eastern Market Support Center, L.P. had

27   no employees which are located in or having any responsibilities in California, and did not make

28   any policies or decisions for the specific purpose of complying or promoting compliance with

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES        15
Case No.:  3:08-CV-01190 SI

California laws.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 15.

**INTERROGATORY NO. 17:**

Identify and Describe in Detail during the Relevant Time Period any business operations or efforts conducted, sought, negotiated, promoted or abandoned by SCI Eastern Market with any Person within California or Concerning California, and provide Identification and Description in Detail of any profits, sales, revenues or business of any kind that SCI, SCI Eastern Market or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO INTERROGATORY NO. 17**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).  Responding Party further objects to the second sub-part of this interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

Period (as that term is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not been involved in business operations in California which are related to the employment policies and practices in dispute in this litigation.  SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Paisano in Support of SCI Eastern Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 17.

**INTERROGATORY NO. 18:**

Identify and Describe in Detail during the Relevant Time Period (including full Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or SCI Eastern Market to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

**RESPONSE TO INTERROGATORY NO. 18**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES        17
Case No.:  3:08-CV-01190 SI

1    imposed by FRCP 33(a)(1).

2    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**

3    Subject to and without waiving the aforesaid objections, and to the extent Responding

4    Party understands the interrogatory, Responding Party responds as follows:  During the Relevant

5    Time Period (as that term is defined in the interrogatories), SCI Eastern Market Support Center,

6    L.P. has not had any employees which are located in or having any responsibilities in California,

7    and has not been involved in providing business services, customer service or human resources

8    assistance in California which are related to the employment policies and practices in dispute in

9    this litigation.  SCI Eastern Market Support Center, L.P.'s lack of contacts with California

10   sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of

11   Robert Paisano in Support of SCI Eastern Market Support Center, L.P.'s Motion to Dismiss

12   Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession

13   and is incorporated herein by reference.  With respect to Service Corporation International,

14   Responding Party refers the plaintiffs to Service Corporation International's supplemental response

15   to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service

16   Corporation International, Interrogatory No. 18.

17   **INTERROGATORY NO. 19:**

18   Identify and Describe in Detail during the Relevant Time Period any legal action or

19   arbitration/mediations taken by or against, or otherwise involving SCI, SCI Eastern Market or any

20   SCI affiliated entity or location in California by or against any Person within California or

21   Concerning any matter within California, whether in California federal or state court; and Identify

22   and Describe in Detail any legal Documents related to such matters.

23   **RESPONSE TO INTERROGATORY NO. 19**

24   Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

25   limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

26   Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

27   overbroad, unduly burdensome and harassing, and it calls for speculation.  Defendant further

28

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES    18
Case No.:  3:08-CV-01190 SI

objects to this interrogatory to the extent it invades the attorney-client and/or attorney work product privilege.   Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  Aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, SCI Eastern Market Support Center, L.P. does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories.   Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 19.

**INTERROGATORY NO. 21:**

Identify and Describe in Detail during the Relevant Time Period "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO INTERROGATORY NO. 21**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation.

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES       19
Case No.:  3:08-CV-01190 SI

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**

Subject to and without waiving the aforesaid objections, to the extent that Responding Party understands the interrogatory, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the interrogatory refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows:  Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Gwen Petteway, Interrogatory No. 21.

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO INTERROGATORY NO. 22**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

33(a)(1).

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22

Subject to and without waiving the aforesaid objections, and to the extend Responding Party understands the interrogatory, Responding Party responds as follows:   Responding Party refers the plaintiffs to the supplemental responses of Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22.

## INTERROGATORY NO. 23:

Identify and Describe in Detail during the Relevant Time Period any contact that SCI, SCI Eastern Market, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

## RESPONSE TO INTERROGATORY NO. 23

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.   Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  Responding Party refers the plaintiffs to its other supplemental responses to these interrogatories which are set forth above and

///

///

///

///

1   are incorporated herein by reference.

2

3   Dated:  January *22*, 2009                    GURNEE & DANIELS LLP

4

5                                          By _____

6                                             STEVEN H. GURNEE, ESQ.
                                              DAVID M. DANIELS, ESQ.
7                                             NICHOLAS P. FORESTIERE, ESQ.
                                              Attorneys for Defendants
8                                             SERVICE CORPORATION
                                              INTERNATIONAL, SCI FUNERAL AND
9                                             CEMETERY PURCHASING
                                              COOPERATIVE, INC., SCI EASTERN
10                                            MARKET SUPPORT CENTER, L.P., SCI
                                              WESTERN MARKET SUPPORT CENTER,
11                                            L.P., SCI HOUSTON MARKET SUPPORT
                                              CENTER, L.P., JANE D. JONES, GWEN
12                                            PETTEWAY, THOMAS RYAN and CURTIS
                                              BRIGGS
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCI EASTERN MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES        22
Case No.:  3:08-CV-01190 SI

## VERIFICATION

I, ROBERT PISANO, declare:

I work with SCI Eastern Market Support Center, L.P.  and I have been authorized to sign this verification on its behalf.

I have read DEFENDANT SCI EASTERN MARKET SUPPORT CENTER, L.P.'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING PERSONAL JURISDICTION ISSUES and am informed and believe that the matters stated therein are true, and on that ground allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this _19_ day of January 2009 at Eastchester, New York.

_____
ROBERT PISANO

*Helm v. Alderwoods Group*
Case No.:  CV 08-01184 SI

1 | STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
2 | NICHOLAS P. FORESTIERE, ESQ. SB# 125118
GURNEE & DANIELS LLP
3 | 2240 Douglas Boulevard, Suite 150
Roseville, CA  95661-3805
4 | Telephone      (916) 797-3100
Facsimile       (916) 797-3131
5 |
6 | Attorneys for Defendants
7 | SERVICE CORPORATION INTERNATIONAL,
SCI FUNERAL AND CEMETERY PURCHASING
8 | COOPERATIVE, INC., SCI EASTERN MARKET
SUPPORT CENTER, L.P. SCI WESTERN
9 | MARKET SUPPORT CENTER, L.P., SCI
HOUSTON MARKET SUPPORT CENTER, L.P.,
10 | JANE D. JONES, GWEN PETTEWAY, THOMAS
RYAN and CURTIS BRIGGS
11 |
12 |
13 |                UNITED STATES DISTRICT COURT
14 |              NORTHERN DISTRICT OF CALIFORNIA
15 |
16 |
17 | CLAUDE BRYANT, et al., on behalf of          )   CASE NO.  3:08-CV-01190 SI
themselves and all other employees and former )
18 | employees similarly situated,                )
                                               )
19 |                     Plaintiffs,             )   DEFENDANT SCI HOUSTON MARKET
               vs.                              )   SUPPORT CENTER'S, LP
20 |                                             )   SUPPLEMENTAL RESPONSES TO
SERVICE CORPORATION                            )   PLAINTIFFS' REQUEST FOR
21 | INTERNATIONAL et al.                        )   PRODUCTION OF DOCUMENTS
                                               )
22 |                     Defendants.            )
                                               )
23 |                                             )
                                               )
24 | _____ )
25 |
26 | ////
27 | ////
28 | ////

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                           1
Case No.:  3:08-CV-01190 SI

**PROPOUNDING PARTY:**     PLAINTIFFS

**RESPONDING PARTY:**      DEFENDANT, SCI HOUSTON MARKET SUPPORT
                          CENTER, LP

**SET NUMBER:**            ONE

Defendant, SCI HOUSTON MARKET SUPPORT CENTER, LP (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the requests for production of documents, set one, propounded by plaintiffs, as follows:

## GENERAL STATEMENTS AND OBJECTIONS

1.      Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.      These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.      These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.      Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.      Responding Party expressly reserves:

5.1     All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2     All objections as to vagueness, ambiguity, unintelligibility and over breadth.

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                    2
Case No.: 3:08-CV-01190 SI

6.      Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.      These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and/or the orders of assigned judge to this action.

9.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California by requiring Responding Party to produce documents in any form other than as they are kept in the ordinary course of business.   Specifically, Responding Party objects to Plaintiffs' production requests to the extent they purport to require Responding Party to produce documents in electronic format.  Responding Party has no obligation to create electronic records for documents that do not exist in that format.

10.      Responding Party objects to each and every production request to the extent it seeks documents created or modified outside the liability period of this lawsuit.

11.      The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**REQUEST FOR DOCUMENTS NO. 2:**

All Documentation, for the Relevant Time Period, Concerning or describing all employees of SCI Houston Market Support Center, L.P. ("SCI Houston"), Service Corporation International

("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and all Documentation for each such employee Concerning employment contracts or agreements and human resource information of any kind related to such employees. (A proper response includes, but is not limited to, production of all Documentation Concerning any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel Files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO REQUEST NO. 2:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                    4
Case No.:  3:08-CV-01190 SI

International, Request No. 2.

**REQUEST FOR DOCUMENTS NO. 3:**

All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction, wage reporting and benefits structure and systems of SCI, SCI Houston and any SCI affiliated entity or location in California, and all Documentation Concerning the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, production of all Documentation such as any employee paystubs, Compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to, production of all Documentation Concerning which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO REQUEST NO. 3:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                    5
Case No.:  3:08-CV-01190 SI

understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Houston Market Support Center, L.P has not had any employees which are located in or having any responsibilities in California and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems which pertain to California.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 3.

**REQUEST FOR DOCUMENTS NO. 4:**

All Documentation, for the Relevant Time Period, Concerning all employment Practices and Policies that applied to employees of SCI, SCI Houston or any SCI affiliated entity or location in California, and Documentation Concerning the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, SCI Houston or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the production of Documentation Concerning all employee handbooks (including production of the handbooks themselves) or Policies applied to such employees during the Relevant Time Period, and the production of all Documentation Concerning the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO REQUEST NO. 4:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                                    6
Case No.:  3:08-CV-01190 SI

1  dissemination of such confidential information.

2  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

3       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

4  understands the request, Responding Party responds as follows:  Not applicable in light of the fact

5  that during the relevant time period (as that terms is defined in the requests), SCI Houston Market

6  Support Center, L.P. has not had any employees which are located in or having any responsibilities

7  in California and, as such, has not had any employment practices or policies pertaining to

8  California.    With respect to Service Corporation International, Responding Party refers the

9  plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request

10  for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation

11  International, Request No. 4.

12  **REQUEST FOR DOCUMENTS NO. 5:**

13       All Documentation, for the Relevant Time Period, Concerning the corporate structure for

14  SCI, SCI Houston and any SCI affiliated entity or location in California and Documentation

15  Concerning each party's manner of, method of, knowledge of, involvement in, or any contact of

16  any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind

17  in relation to any employee of SCI, SCI Houston or any SCI affiliated entity or location in

18  California. (A proper response includes, but is not limited to, production of all Documentation, as

19  to each forenamed party, of such things as organizational or flow charts, Documentation of

20  responsibilities of all employees, Documentation of reporting/management structure,

21  Documentation of banking systems and accounts, Documentation of Compensation and benefits

22  systems, Documentation regarding human resource implementation and processes, Documentation

23  regarding systems for recording hours, Documentation regarding accounting systems,

24  employer/employee lists, Documentation of bank accounts controlled by such Parties (used,

25  contributed to, withdrawn from etc., and a list of who has access to them), and their corporate

26  position, responsibilities and reporting structure (who these Parties report to, and who reports to

27  any of these Parties).)

28

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                    7
Case No.:  3:08-CV-01190 SI

**RESPONSE TO REQUEST NO. 5:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Non-privileged documents in Responding Party's possession or control which reflect the corporate structure for Responding Party are attached hereto as Exhibit "A" (Bates Stamp HMSC(BRY)0001-0014.)    The documents are deemed confidential by Defendants and provided subject to the Stipulated Protective Order to which counsel for all parties have agreed and the Court has approved.    With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 5.

**REQUEST FOR DOCUMENTS NO. 6:**

All Documentation, for the Relevant Time Period, Concerning all reporting requirements imposed on SCI, SCI Houston or any SCI affiliated entity or location in California by any Person, and Documentation Concerning all reporting requirements imposed by SCI, SCI Houston or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, production of Documentation regarding reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**RESPONSE TO REQUEST NO. 6:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited

scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Houston Market Support Center, L.P. has had no reporting requirements pertaining to employees in California because they have not had any employees which are located in or having any responsibilities in California. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 6.

**REQUEST FOR DOCUMENTS NO. 7:**

All Documentation, for the Relevant Time Period, Concerning all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, SCI Houston or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise concerning any matter in California.

**RESPONSE TO REQUEST NO. 7:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS                          9
Case No.: 3:08-CV-01190 SI

1   information, and no protective order is in place which would govern the production, disclosure and

2   dissemination of such confidential information.

3   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

4        Subject to and without waiving the aforesaid objections, and to the extent Responding Party

5   understands the request, Responding Party responds as follows:  Not applicable in light of the fact

6   that during the relevant time period (as that terms is defined in the requests), SCI Houston Market

7   Support Center, L.P. has not had any employees which are located in or having any responsibilities

8   in California and has not entered into contracts, agreements, deals, pacts or obligations with any

9   persons or entities in California which relate to the employment policies and practices in dispute in

10  this litigation. SCI Houston Market Support Center, L.P.'s lack of contacts with California

11  sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of

12  Gwen Petteway in Support of SCI Houston Market Support Center L.P.'s Motion to Dismiss

13  Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.

14  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service

15  Corporation International's supplemental response to Plaintiffs' First Request for Production of

16  Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request

17  No. 7.

18  **REQUEST FOR DOCUMENTS NO. 8:**

19        All Documentation, for the Relevant Time Period, Concerning all agents or employees of

20  SCI, SCI Houston or any SCI affiliated entity or location in California, who Communicated in any

21  fashion to SCI Houston Concerning any matter in California, who contacted Persons or entities

22  within California, who made any contacts, arrangements or took any actions that had effects in

23  California or who ever entered California on behalf of, within the knowledge of or at the request of

24  SCI Houston; and Documentation Concerning all Persons who ever spoke with, reported to or

25  otherwise contacted SCI Houston from within California, or Concerning any matters therein.

26  

27  **RESPONSE TO REQUEST NO. 8:**

28        Responding Party objects to this request on the grounds that it grossly exceeds the limited

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI                                                          10

scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  SCI Houston Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 8.

**REQUEST FOR DOCUMENTS NO. 9:**

All Documentation, for the Relevant Time Period, Concerning all actions taken or transactions made within or Concerning California by SCI, SCI Houston, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**RESPONSE TO REQUEST NO. 9:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                    11
Case No.:  3:08-CV-01190 SI

1  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

2  further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

3  burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

4  request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

5  information, and no protective order is in place which would govern the production, disclosure and

6  dissemination of such confidential information.

7  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

8  Subject to and without waiving the aforesaid objections, and to the extent Responding Party

9  understands the request, Responding Party responds as follows:  Not applicable in light of the fact

10  that during the relevant time period (as that terms is defined in the requests), SCI Houston Market

11  Support Center, L.P. has not had any employees which are located in or having any responsibilities

12  in and has not entered into transactions with any persons or entities in California which relate to

13  the employment policies and practices in dispute in this litigation.   SCI Houston Market Support

14  Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal

15  jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market

16  Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and

17  12(b)(6) which is in plaintiffs' possession.   With respect to Service Corporation International,

18  Responding Party refers the plaintiffs to Service Corporation International's supplemental response

19  to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for

20  Service Corporation International, Request No. 9.

21

22  **REQUEST FOR DOCUMENTS NO. 12:**

23  All Documentation, for the Relevant Time Period, Concerning any trips or visits made to

24  California by SCI Houston, or by any employee or agent acting on behalf of SCI or SCI Houston

25  Concerning SCI, SCI Houston, or any SCI affiliated entity or location in California; and all

26  Documentation Concerning any trips or visits made by any Person to contact SCI or SCI Houston

27  Concerning any matter in California.

28  ///

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

12

**RESPONSE TO REQUEST NO. 12:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not made any trips to California related to the employment policies and practices in dispute in this litigation.  SCI Houston Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 12.

**REQUEST FOR DOCUMENTS NO. 13:**

All Documentation, for the Relevant Time Period, Concerning any Policies or decisions of SCI, SCI Houston, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                    13
Case No.:  3:08-CV-01190 SI

1  Parties have made with any entity of the State of California, or the State of California itself.

2  **RESPONSE TO REQUEST NO. 13:**

3       Responding Party objects to this request on the grounds that it grossly exceeds the limited

4  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

5  further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

6  burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

7  request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

8  information, and no protective order is in place which would govern the production, disclosure and

9  dissemination of such confidential information.

10  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

11       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

12  understands the request, Responding Party responds as follows:  Not applicable in light of the fact

13  that during the relevant time period (as that terms is defined in the requests), SCI Houston Market

14  Support Center, L.P. had no employees which are located in or having any responsibilities in

15  California, and did not make any policies or decisions for the specific purpose of complying or

16  promoting compliance with California laws.  With respect to Service Corporation International,

17  Responding Party refers the plaintiffs to Service Corporation International's supplemental response

18  to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for

19  Service Corporation International, Request No. 13.

20  **REQUEST FOR DOCUMENTS NO. 15:**

21       All Documentation, for the Relevant Time Period, Concerning any business operations or

22  efforts conducted, sought, negotiated, promoted or abandoned by SCI Houston with any Person

23  within California or Concerning California, and provide all Documentation Concerning any profits,

24  sales, revenues or business of any kind that SCI, SCI Houston or any SCI affiliated entity or

25  location in California can attribute, whether directly or indirectly, to operations in California.

26  **RESPONSE TO REQUEST NO. 15:**

27       Responding Party objects to this request on the grounds that it grossly exceeds the limited

28

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                    14
Case No.:  3:08-CV-01190 SI

scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding Party further objects to the second sub-part of this request as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not been involved in business operations in California which are related to the employment policies and practices in dispute in this litigation.  SCI Houston Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 15.

**REQUEST FOR DOCUMENTS NO. 16:**

All Documentation, for the Relevant Time Period, Concerning any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or SCI Houston to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                    15
Case No.:  3:08-CV-01190 SI

1  corporate operation or employee in California.

2  **RESPONSE TO REQUEST NO. 16:**

3      Responding Party objects to this request on the grounds that it grossly exceeds the limited

4  scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party

5  further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

6  burdensome and harassing, and it calls for speculation. Responding Party further objects to this

7  request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

8  information, and no protective order is in place which would govern the production, disclosure and

9  dissemination of such confidential information.

10  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

11      Subject to and without waiving the aforesaid objections, and to the extent Responding Party

12  understands the request, Responding Party responds as follows: Not applicable in light of the fact

13  that during the relevant time period (as that terms is defined in the requests), SCI Houston Market

14  Support Center, L.P. has not had any employees which are located in or having any responsibilities

15  in California, and has not been involved in providing business services, customer service or human

16  resources assistance in California which are related to the employment policies and practices in

17  dispute in this litigation. SCI Houston Market Support Center, L.P.'s lack of contacts with

18  California sufficient for the Court to exercise general personal jurisdiction are set forth in the

19  Declaration of Gwen Petteway in Support of SCI Houston Market Support Center, L.P.'s Motion to

20  Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs'

21  possession. With respect to Service Corporation International, Responding Party refers the

22  plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request

23  for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation

24  International, Request No. 16.

25  **REQUEST FOR DOCUMENTS NO. 17:**

26      All Documentation, for the Relevant Time Period, Concerning any legal action or

27  arbitration/mediations taken by or against, or otherwise involving SCI, SCI Houston or any SCI

28  

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

16

affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and all legal Documentation related to such matters.

**RESPONSE TO REQUEST NO. 17:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Defendant further objects to this request to the extent it invades the attorney-client and/or attorney work product privilege. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that, aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, SCI Houston Market Support Center, L.P. does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories. Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 17.

**REQUEST FOR DOCUMENTS NO. 19:**

All Documentation, for the Relevant Time Period, Concerning "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                    17
Case No.:  3:08-CV-01190 SI

1    declaration of July 9, 2007.

2    **RESPONSE TO REQUEST NO. 19:**

3           Responding Party objects to this request on the grounds that it grossly exceeds the limited

4    scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

5    further objects to this request on the grounds that it is vague, ambiguous, overbroad, unintelligible

6    (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing,

7    and it calls for speculation.  Responding party further objects to this request on the grounds that it

8    does not seek information which is relevant or reasonably calculated to lead to the discovery of

9    admissible evidence in that Gwen Petteway is not a party to this action.

10   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

11          Subject to and without waiving the aforesaid objections, and to the extent Responding Party

12   understands the request, and Responding Party's counsel having clarified with plaintiffs' counsel

13   that the declaration to which the request refers is the July 9, 2007 Declaration of Gwen Petteway

14   filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for

15   the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows:

16   Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to First Request

17   for Production of Documents Regarding Personal Jurisdiction Issues for Gwen Petteway, Request

18   No. 19.

19   **REQUEST FOR DOCUMENTS NO. 20:**

20          All Documentation, for the Relevant Time Period, Concerning each position (including any

21   board, officer, employment or other position) or job with SCI or any SCI affiliated entity or

22   location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas

23   Ryan have held, and for each produce all Documentation describing the corresponding

24   responsibilities, duties and roles for such positions, and all human resource and employment

25   Documentation or Documentation of any kind regarding or with any relation to the employment of

26   these individuals.

27

28   ///

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS                                          18
Case No.:  3:08-CV-01190 SI

**RESPONSE TO REQUEST NO. 20:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding party further objects to this request on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan are not parties to this action. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 20**

Subject to and without waiving the aforesaid objections, and to the extend Responding Party understands the request, Responding Party responds as follows: Responding Party refers the plaintiffs to the supplemental responses of Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan to Plaintiffs' First Requests for Production of Documents Regarding Personal Jurisdiction Issues, Request No. 20.

**REQUEST FOR DOCUMENTS NO. 21:**

All Documentation, for the Relevant Time Period, Concerning any contact that SCI, SCI Houston, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

**RESPONSE TO REQUEST NO. 21:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.

///

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

19

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:   As to SCI Houston Market Support Center, L.P., Responding Party refers the plaintiffs to its other supplemental responses to these requests which are set forth above and are incorporated herein by reference.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 21.

Dated:   January 22, 2009          GURNEE & DANIELS LLP

By _____
     STEVEN H. GURNEE, ESQ.
     DAVID M. DANIELS, ESQ.
     NICHOLAS P. FORESTIERE, ESQ.
     Attorneys for Defendants
     SERVICE CORPORATION
     INTERNATIONAL, SCI FUNERAL AND
     CEMETERY PURCHASING
     COOPERATIVE, INC., SCI EASTERN
     MARKET SUPPORT CENTER, L.P., SCI
     WESTERN MARKET SUPPORT CENTER,
     L.P., SCI HOUSTON MARKET SUPPORT
     CENTER, L.P., JANE D. JONES, GWEN
     PETTEWAY, THOMAS RYAN and CURTIS
     BRIGGS

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI                                                    20

## VERIFICATION

I, GWEN PETTEWAY, declare:

I am employed by SCI Funeral and Cemetery Purchasing Cooperative, Inc., as a director of human resources. As such, I work with the SCI Houston Market Support Center, L.P. and I have been authorized to sign this verification on its behalf.

I have read DEFENDANT SCI HOUSTON MARKET SUPPORT CENTER, L.P.'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING PERSONAL JURISDICTION ISSUES and am informed and believe that the matters stated therein are true, and on that ground allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this _18th_ day of January 2009 at Brazoria County, Texas.

_Gwen Petteway_
GWEN PETTEWAY

*Helm v. Alderwoods Group*
Case No.: CV 08-01184 SI