EXHIBIT F PART 3

STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
NICHOLAS P. FORESTIERE, ESQ. SB# 125118
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA 95661-3805
Telephone      (916) 797-3100
Facsimile      (916) 797-3131

Attorneys for Defendants

SERVICE CORPORATION INTERNATIONAL,
SCI FUNERAL AND CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN MARKET
SUPPORT CENTER, L.P. SCI WESTERN
MARKET SUPPORT CENTER, L.P., SCI
HOUSTON MARKET SUPPORT CENTER, L.P.,
JANE D. JONES, GWEN PETTEWAY, THOMAS
RYAN and CURTIS BRIGGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SERVICE CORPORATION INTERNATIONAL et al.<br><br>Defendants. | CASE NO. 3:08-CV-01190 SI<br><br>DEFENDANT SCI HOUSTON MARKET SUPPORT CENTER'S, L.P. SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES |

**PROPOUNDING PARTY:**   PLAINTIFFS

**RESPONDING PARTY:**   DEFENDANT, SCI HOUSTON MARKET SUPPORT CENTER'S, L.P.

**SET NUMBER:**   ONE

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          1
Case No.: 3:08-CV-01190 SI

Defendant, as SCI HOUSTON MARKET SUPPORT CENTER, L.P. (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

## GENERAL STATEMENTS AND OBJECTIONS

1. Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2. These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3. These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4. Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5. Responding Party expressly reserves:

    5.1 All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

    5.2 All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6. Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

////

7.      These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.     Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome.  Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a person is identified.

12.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a document is identified.

13.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which an act is identified.

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          3
Case No.:  3:08-CV-01190 SI

15.   Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16.   Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.   The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of SCI Houston Market Support Center, L.P. ("SCI Houston"), Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and human resource Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          4
Case No.:  3:08-CV-01190 SI

United States Constitutions and other state and federal laws.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 4.

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI, SCI Houston and any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee paystubs, compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification and Description in Detail of which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how,

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          5
Case No.:  3:08-CV-01190 SI

1 who was responsible for reporting wages and taxes etc.)

2 **RESPONSE TO INTERROGATORY NO. 5**

3 Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

4 limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

5 Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

6 overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party

7 further objects to this interrogatory to the extent it calls for disclosure of employee information that

8 could potentially violate employees' privacy rights which are protected by the California and

9 United States Constitutions and other state and federal laws. Responding Party further objects to

10 this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other

11 confidential information, and no protective order is in place which would govern the production,

12 disclosure and dissemination of such confidential information. Responding party further objects to

13 this interrogatory on the grounds that it contains more than one separate and discrete sub-part,

14 thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

15 33(a)(1).

16 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

17 Subject to and without waiving the aforesaid objections, and to the extent Responding Party

18 understands the interrogatory, Responding Party responds as follows: During the relevant time

19 period (as that terms is defined in the interrogatories), SCI Houston Market Support Center, L.P

20 has not had any employees which are located in or having any responsibilities in California and, as

21 such, has not had any pay, wage deduction, wage reporting or benefits structures or systems which

22 pertain to California. With respect to Service Corporation International, Responding Party refers

23 the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of

24 Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International,

25 Interrogatory No. 5.

26

27 **INTERROGATORY NO. 6:**

28 Identify and Describe in Detail during the Relevant Time Period all employment Practices

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          6
Case No.:  3:08-CV-01190 SI

and Policies that applied to employees of SCI, SCI Eastern Market or any SCI affiliated entity or location in California, and Identify and Describe in Detail the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, SCI Houston or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the Identification and Description in Detail of all employee handbooks or Policies applied to such employees during the Relevant Time Period, and Identification and Description in Detail of the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO INTERROGATORY NO. 6**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California and, as such, has not had any employment practices or policies pertaining to California. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          7
Case No.:  3:08-CV-01190 SI

International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 6.

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI, SCI Houston and any SCI affiliated entity or location in California and Identify and Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, SCI Houston or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO INTERROGATORY NO. 7**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          8
Case No.:  3:08-CV-01190 SI

1   imposed by FRCP 33(a)(1).

2   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

3   Subject to and without waiving the aforesaid objections, and to the extent Responding Party

4   understands the interrogatory, Responding Party responds as follows: Service Corporation

5   International, a Texas corporation, is the 100 percent owner of SCI Special, Inc., a Delaware

6   corporation. SCI Special, Inc. is the 100 percent owner of SCI Administrative Services LLC, a

7   Delaware limited liability company, and the 100 percent owner of Remembrance Memorial

8   Traditions, LLC, a Delaware limited liability company. SCI Administrative Services LLC is the

9   general partner of SCI Management L.P., a Delaware limited partnership. Remembrance

10   Memorial Traditions, LLC is a limited partner of SCI Management L.P. SCI Management L.P. is

11   the 100 percent owner of SCI Houston Hub, Inc., a Texas corporation. SCI Houston Hub, Inc. a

12   Texas corporation is the general partner of SCI Houston Market Support Center, L.P., a Texas

13   limited partnership, and SCI Management L.P. is a limited partner of SCI Houston Market Support

14   Center, L.P. SCI Houston Market Support Center, L.P. is a 25 percent owner of SCI Funeral &

15   Cemetery Purchasing Cooperative, Inc. With respect to Service Corporation International,

16   Responding Party refers the plaintiffs to Service Corporation International's supplemental response

17   to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service

18   Corporation International, Interrogatory No. 7.

    **INTERROGATORY NO. 8:**

19   Identify and Describe in Detail during the Relevant Time Period all reporting requirements

20   imposed on SCI, SCI Houston or any SCI affiliated entity or location in California by any Person,

21   and Identify and Describe in Detail all reporting requirements imposed by SCI, SCI Houston or any

22   SCI affiliated entity or location in California on any Person. (A proper response includes, but is not

23   limited to, reporting requirements relating to business matters, legal matters, tax matters, state

24   compliance matters, human resource matters, etc.)

25   **RESPONSE TO INTERROGATORY NO. 8**

26   Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

27   limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

28

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          9
Case No.:  3:08-CV-01190 SI

1  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

2  overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

3  further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

4  proprietary or other confidential information, and no protective order is in place which would

5  govern the production, disclosure and dissemination of such confidential information.  Responding

6  party further objects to this interrogatory on the grounds that it contains more than one separate and

7  discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

8  imposed by FRCP 33(a)(1).

9  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**

10       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

11  understands the interrogatory, Responding Party responds as follows:  During the relevant time

12  period (as that terms is defined in the interrogatories), SCI Houston Market Support Center, L.P.

13  has had no reporting requirements pertaining to employees in California because they have not had

14  any employees which are located in or having any responsibilities in California.  With respect to

15  Service Corporation International, Responding Party refers the plaintiffs to Service Corporation

16  International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

17  Jurisdiction Issues for Service Corporation International, Interrogatory No. 8.

18  **INTERROGATORY NO. 9:**

19       Identify and Describe in Detail during the Relevant Time Period all contracts, agreements,

20  deals, pacts or obligations of any kind Concerning SCI, SCI Houston or any SCI affiliated entity or

21  location in California with any Person relating to, arising from or otherwise Concerning any matter

22  in California.

23

24  **RESPONSE TO INTERROGATORY NO. 9**

25       Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

26  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

27  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

28  overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES        10
Case No.:  3:08-CV-01190 SI

further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. SCI Houston Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 9.

**INTERROGATORY NO. 10:**

Identify and Describe in Detail during the Relevant Time Period all agents or employees of SCI, SCI Houston or any SCI affiliated entity or location in California, who communicated in any fashion to SCI Houston Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of SCI Houston; and Identify and Describe in Detail all Persons who ever spoke with, reported to or otherwise contacted SCI Houston from within California, or Concerning any matters therein.

///

## RESPONSE TO INTERROGATORY NO. 10

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), SCI Houston Market Support Center, L.P. has  not had any employees which are located in or having any responsibilities in California and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. SCI Houston Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 10.

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or Concerning California by SCI, SCI Houston, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**RESPONSE TO INTERROGATORY NO. 11**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  SCI Houston Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 11.

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES      13
Case No.:  3:08-CV-01190 SI

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by SCI Houston, or by any employee or agent acting on behalf of SCI or SCI Houston Concerning SCI, SCI Houston, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or SCI Houston Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 14**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not made any trips to California related to the employment policies and practices in dispute in this litigation.   SCI Houston Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession

and is incorporated herein by reference.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 14.

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, SCI Houston, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO INTERROGATORY NO. 15**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.   Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.   Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:   During the Relevant Time Period (as that term is defined in the interrogatories), SCI Houston Market Support Center, L.P. had no employees which are located in or having any responsibilities in California, and did not make any policies or decisions for the specific purpose of complying or promoting compliance

with California laws.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 15.

**INTERROGATORY NO. 17:**

Identify and Describe in Detail during the Relevant Time Period any business operations or efforts conducted, sought, negotiated, promoted or abandoned by SCI Houston with any Person within California or Concerning California, and provide Identification and Description in Detail of any profits, sales, revenues or business of any kind that SCI, SCI Houston or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO INTERROGATORY NO. 17**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).  Responding Party further objects to the second sub-part of this interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          16
Case No.:  3:08-CV-01190 SI

Period (as that term is defined in the interrogatories), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not been involved in business operations in California which are related to the employment policies and practices in dispute in this litigation.  SCI Houston Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 17.

**INTERROGATORY NO. 18:**

Identify and Describe in Detail during the Relevant Time Period (including full Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or SCI Houston to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

**RESPONSE TO INTERROGATORY NO. 18**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES      17
Case No.:  3:08-CV-01190 SI

1 | imposed by FRCP 33(a)(1).

2 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**

3 | Subject to and without waiving the aforesaid objections, and to the extent Responding

4 | Party understands the interrogatory, Responding Party responds as follows: During the Relevant

5 | Time Period (as that term is defined in the interrogatories), SCI Houston Market Support Center,

6 | L.P. has not had any employees which are located in or having any responsibilities in California,

7 | and has not been involved in providing business services, customer service or human resources

8 | assistance in California which are related to the employment policies and practices in dispute in

9 | this litigation. SCI Houston Market Support Center, L.P.'s lack of contacts with California

10 | sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of

11 | Gwen Petteway in Support of SCI Houston Market Support Center L.P.'s Motion to Dismiss

12 | Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession

13 | and is incorporated herein by reference. With respect to Service Corporation International,

14 | Responding Party refers the plaintiffs to Service Corporation International's supplemental response

15 | to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service

16 | Corporation International, Interrogatory No. 18.

17 | **INTERROGATORY NO. 19:**

18 | Identify and Describe in Detail during the Relevant Time Period any legal action or

19 | arbitration/mediations taken by or against, or otherwise involving SCI, SCI Houston or any SCI

20 | affiliated entity or location in California by or against any Person within California or Concerning

21 | any matter within California, whether in California federal or state court; and Identify and Describe

22 | in Detail any legal Documents related to such matters.

23 | **RESPONSE TO INTERROGATORY NO. 19**

24 | Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

25 | limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

26 | Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

27 | overbroad, unduly burdensome and harassing, and it calls for speculation. Defendant further

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES        18
Case No.:  3:08-CV-01190 SI

objects to this interrogatory to the extent it invades the attorney-client and/or attorney work product privilege.   Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  Aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, SCI Houston Market Support Center, L.P. does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories.   Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 19.

**INTERROGATORY NO. 21:**

Identify and Describe in Detail during the Relevant Time Period "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO INTERROGATORY NO. 21**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**

Subject to and without waiving the aforesaid objections, to the extent that Responding Party understands the interrogatory, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the interrogatory refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows:  Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Gwen Petteway, Interrogatory No. 21.

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO INTERROGATORY NO. 22**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

Subject to and without waiving the aforesaid objections, and to the extend Responding Party understands the interrogatory, Responding Party responds as follows:  Responding Party refers the plaintiffs to the supplemental responses of Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22.

**INTERROGATORY NO. 23:**

Identify and Describe in Detail during the Relevant Time Period any contact that SCI, SCI Houston, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

**RESPONSE TO INTERROGATORY NO. 23**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  Responding Party refers the plaintiffs to its other supplemental responses to these interrogatories which are set forth above and

///

///

///

///

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          21
Case No.:  3:08-CV-01190 SI

1    are incorporated herein by reference.

2

3    Dated:   January _____, 2009          GURNEE & DANIELS LLP

4

5                                    By _____

6                                        STEVEN H. GURNEE, ESQ.
                                         DAVID M. DANIELS, ESQ.
7                                        NICHOLAS P. FORESTIERE, ESQ.
                                         Attorneys for Defendants
8                                        SERVICE CORPORATION
                                         INTERNATIONAL, SCI FUNERAL AND
9                                        CEMETERY PURCHASING
                                         COOPERATIVE, INC., SCI EASTERN
10                                       MARKET SUPPORT CENTER, L.P., SCI
                                         WESTERN MARKET SUPPORT CENTER,
11                                       L.P., SCI HOUSTON MARKET SUPPORT
                                         CENTER, L.P., JANE D. JONES, GWEN
12                                       PETTEWAY, THOMAS RYAN and CURTIS
                                         BRIGGS
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCI HOUSTON MARKET'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          22
Case No.:  3:08-CV-01190 SI

**<u>VERIFICATION</u>**

I, GWEN PETTEWAY, declare:

I am employed by SCI Funeral and Cemetery Purchasing Cooperative, Inc., as a director of human resources. As such, I work with the SCI Houston Market Support Center, L.P. and I have been authorized to sign this verification on its behalf.

I have read DEFENDANT SCI HOUSTON MARKET SUPPORT CENTER, L.P.'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORIES and am informed and believe that the matters stated therein are true, and on that ground allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this *18th* day of January 2009 at Brazoria County, Texas.

*Gwen Petteway*
GWEN PETTEWAY

*Bryant v. Service Corporation International*
Case No.: CV 08-01190 SI

1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ. SB# 125118
   GURNEE & DANIELS LLP
3  2240 Douglas Boulevard, Suite 150
   Roseville, CA  95661-3805
4  Telephone     (916) 797-3100
   Facsimile     (916) 797-3131
5
6  Attorneys for Defendants
7  SERVICE CORPORATION INTERNATIONAL,
   SCI FUNERAL AND CEMETERY PURCHASING
8  COOPERATIVE, INC., SCI EASTERN MARKET
   SUPPORT CENTER, L.P. SCI WESTERN
9  MARKET SUPPORT CENTER, L.P., SCI
   HOUSTON MARKET SUPPORT CENTER, L.P.,
10 JANE D. JONES, GWEN PETTEWAY, THOMAS
   RYAN and CURTIS BRIGGS
11
12
13                 UNITED STATES DISTRICT COURT
14                NORTHERN DISTRICT OF CALIFORNIA
15
16
   CLAUDE BRYANT, et al., on behalf of       )  CASE NO.  3:08-CV-01190 SI
17 themselves and all other employees and former )
   employees similarly situated,              )
18                                            )
                                              )  DEFENDANT JANE JONES'
19              Plaintiffs,                    )  SUPPLEMENTAL RESPONSES TO
        vs.                                    )  PLAINTIFFS' REQUEST FOR
20                                            )  PRODUCTION OF DOCUMENTS
                                              )
21 SERVICE CORPORATION                        )
   INTERNATIONAL et al.                       )
22                                            )
                                              )
23              Defendants.                    )
                                              )
24                                            )
                                              )
25 _____)
26 **PROPOUNDING PARTY:**       PLAINTIFFS
27 **RESPONDING PARTY:**        DEFENDANT, JANE JONES
28 **SET NUMBER:**              ONE
   JANE JONES' SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
   DOCUMENTS
   Case No.: 3:08-CV-01190 SI                                           1

Defendant, JANE JONES (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the requests for production of documents, set one, propounded by plaintiffs, as follows:

## GENERAL STATEMENTS AND OBJECTIONS

1.    Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.    These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.    These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.    Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.    Responding Party expressly reserves:

5.1    All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2    All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.    Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.     These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and/or the orders of assigned judge to this action.

9.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California by requiring Responding Party to produce documents in any form other than as they are kept in the ordinary course of business.  Specifically, Responding Party objects to Plaintiffs' production requests to the extent they purport to require Responding Party to produce documents in electronic format.  Responding Party has no obligation to create electronic records for documents that do not exist in that format.

10.    Responding Party objects to each and every production request to the extent it seeks documents created or modified outside the liability period of this lawsuit.

11.    The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**REQUEST FOR DOCUMENTS NO. 2:**

All Documentation, for the Relevant Time Period, Concerning or describing all employees of Jane D. Jones, Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and all Documentation for each such employee Concerning employment contracts or agreements and human resource information of any kind related to such employees. (A proper response includes, but is not limited

JANE JONES' SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS                                                                                          3
Case No.:  3:08-CV-01190 SI

to, production of all Documentation Concerning any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel Files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO REQUEST NO. 2:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Jane Jones has not had any employees. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 2.

**REQUEST FOR DOCUMENTS NO. 3:**

All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction, wage reporting and benefits structure and systems of SCI, Jane D. Jones and any SCI affiliated

entity or location in California, and all Documentation Concerning the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, production of all Documentation such as any employee paystubs, Compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to, production of all Documentation Concerning which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO REQUEST NO. 3:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Jane D. Jones has not had any employees and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems. With respect to Service Corporation International, Responding Party refers

JANE JONES' SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

Case No.: 3:08-CV-01190 SI

5

the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 3.

**REQUEST FOR DOCUMENTS NO. 4:**

All Documentation, for the Relevant Time Period, Concerning all employment Practices and Policies that applied to employees of SCI, Jane D. Jones or any SCI affiliated entity or location in California, and Documentation Concerning the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, Jane D. Jones or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the production of Documentation Concerning all employee handbooks (including production of the handbooks themselves) or Policies applied to such employees during the Relevant Time Period, and the production of all Documentation Concerning the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO REQUEST NO. 4:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Jane D. Jones has not

JANE JONES' SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS                                                                                                           6
Case No.:  3:08-CV-01190 SI

had any employees and, as such, has not had any employment practices or policies.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 4.

**REQUEST FOR DOCUMENTS NO. 5:**

All Documentation, for the Relevant Time Period, Concerning the corporate structure for SCI, Jane D. Jones and any SCI affiliated entity or location in California and Documentation Concerning each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, Jane D. Jones or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, production of all Documentation, as to each forenamed party, of such things as organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of Compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO REQUEST NO. 5:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and

JANE JONES' SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

7

dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that Jane D. Jones is an individual and, as such, has no corporate structure, and that during the relevant time period (as that terms is defined in the requests), Jane D. Jones has not directed the hiring, firing or disciplining of employees of SCI affiliated entities in California.  (*See* Declaration of Jane D. Jones in Support of Ms. Jones' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.)   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 5.

**REQUEST FOR DOCUMENTS NO. 6:**

All Documentation, for the Relevant Time Period, Concerning all reporting requirements imposed on SCI, Jane D. Jones or any SCI affiliated entity or location in California by any Person, and Documentation Concerning all reporting requirements imposed by SCI, Jane D. Jones or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, production of Documentation regarding reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**RESPONSE TO REQUEST NO. 6:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

JANE JONES' SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

8

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Jane D. Jones has had no reporting requirements pertaining to employees as she has not been an employer. Non-privileged documents in Responding Party's possession or control which reflect Ms. Jones reporting requirements are attached hereto as Exhibit "A" (Bates Stamp JJ0001-0008.) With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 6.

**REQUEST FOR DOCUMENTS NO. 7:**

All Documentation, for the Relevant Time Period, Concerning all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Jane D. Jones or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO REQUEST NO. 7:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact

JANE JONES' SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

Case No.:  3:08-CV-01190 SI

9

that during the relevant time period (as that terms is defined in the requests), Janes D. Jones has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  Jane D. Jones' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Jane D. Jones in Support of Ms. Jones' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 7.

**REQUEST FOR DOCUMENTS NO. 8:**

All Documentation, for the Relevant Time Period, Concerning all agents or employees of SCI, Jane D. Jones or any SCI affiliated entity or location in California, who Communicated in any fashion to Jane D. Jones Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of Jane D. Jones; and Documentation Concerning all Persons who ever spoke with, reported to or otherwise contacted Jane D. Jones from within California, or Concerning any matters therein.

**RESPONSE TO REQUEST NO. 8:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

JANE JONES' SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

10

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Jane D. Jones has  not had any employees.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 8.

**REQUEST FOR DOCUMENTS NO. 9:**

All Documentation, for the Relevant Time Period, Concerning all actions taken or transactions made within or Concerning California by SCI, Jane D. Jones, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**RESPONSE TO REQUEST NO. 9:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Jane D. Jones has not had any employees and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  Jane D. Jones' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Jane D. Jones in Support of Ms. Jones' Motion to Dismiss Amended

Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 9.

**REQUEST FOR DOCUMENTS NO. 12:**

All Documentation, for the Relevant Time Period, Concerning any trips or visits made to California by Jane D. Jones, or by any employee or agent acting on behalf of SCI or Jane D. Jones Concerning SCI, Jane D. Jones, or any SCI affiliated entity or location in California; and all Documentation Concerning any trips or visits made by any Person to contact SCI or Jane D. Jones Concerning any matter in California.

**RESPONSE TO REQUEST NO. 12:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Jane D. Jones has not had any employees and has not made any trips to California related to the employment policies and practices in dispute in this litigation.  Jane D. Jones' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Jane D. Jones in Support of Ms. Jones' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and

12(b)(6) which is in plaintiffs' possession.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 12.

**REQUEST FOR DOCUMENTS NO. 13:**

All Documentation, for the Relevant Time Period, Concerning any Policies or decisions of SCI, Jane D. Jones, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO REQUEST NO. 13:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Jane D. Jones did not make policies or decisions for the specific purpose of complying or promoting compliance with California laws.  As the Vice President of Human Resources for Service Corporation International I consult with SCI Funeral and Cemetery Purchasing Cooperative, Inc., market management, and the Market Support Centers, advising them on human resources issues and policies.  I do not directly manage individual employment matters and decisions at operating locations; instead, I rely

JANE JONES' SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

Case No.:  3:08-CV-01190 SI

13

on the individuals with the CO-OP and the Market Support Centers to handle this function.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 13.

**REQUEST FOR DOCUMENTS NO. 15:**

All Documentation, for the Relevant Time Period, Concerning any business operations or efforts conducted, sought, negotiated, promoted or abandoned by Jane D. Jones with any Person within California or Concerning California, and provide all Documentation Concerning any profits, sales, revenues or business of any kind that SCI, Jane D. Jones or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO REQUEST NO. 15:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding Party further objects to the second sub-part of this request as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Jane D. Jones has not had any employees and has not directed business operations in California which are related to the employment policies and practices in dispute in this litigation.  Jane D. Jones' lack of contacts with

JANE JONES' SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS                                                                                      14
Case No.:  3:08-CV-01190 SI

California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Jane D. Jones in Support of Ms. Jones' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 15.

**REQUEST FOR DOCUMENTS NO. 16:**

All Documentation, for the Relevant Time Period, Concerning any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or Jane D. Jones to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

**RESPONSE TO REQUEST NO. 16:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Jane D. Jones has not had any employees and has not directed business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation. As the Vice President of Human Resources for Service Corporation International I

JANE JONES' SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

15

consult with SCI Funeral and Cemetery Purchasing Cooperative, Inc., market management, and the Market Support Centers, advising them on human resources issues and policies. I do not directly manage individual employment matters and decisions at operating locations; instead, I rely on the individuals with the CO-OP and the Market Support Centers to handle this function. Jane D. Jones' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Jane D. Jones in Support of Ms. Jones' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 16.

## REQUEST FOR DOCUMENTS NO. 17:

All Documentation, for the Relevant Time Period, Concerning any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, Jane D. Jones or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and all legal Documentation related to such matters.

## RESPONSE TO REQUEST NO. 17:

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Defendant further objects to this request to the extent it invades the attorney-client and/or attorney work product privilege. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

///

JANE JONES' SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

16

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that, aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, Jane D. Jones does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories.   Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 17.

**REQUEST FOR DOCUMENTS NO. 19:**

All Documentation, for the Relevant Time Period, Concerning "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO REQUEST NO. 19:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation.  Responding party further objects to this request on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Gwen Petteway is not a party to this action.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, and Responding Party's counsel having clarified with plaintiffs' counsel

JANE JONES' SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

17

that the declaration to which the request refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows: Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to First Request for Production of Documents Regarding Personal Jurisdiction Issues for Gwen Petteway, Request No. 19.

**REQUEST FOR DOCUMENTS NO. 20:**

All Documentation, for the Relevant Time Period, Concerning each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each produce all Documentation describing the corresponding responsibilities, duties and roles for such positions, and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO REQUEST NO. 20:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding party further objects to this request on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan are not parties to this action. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 20:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

JANE JONES' SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS                                                                                                    18
Case No.: 3:08-CV-01190 SI

understands the request, Responding Party responds as follows:  Non-privileged documents in Responding Party's possession or control which reflect Ms. Jones employment responsibilities are attached hereto as Exhibit "A" (Bates Stamp JJ0001-0008.)    With respect to Paul Houston, Thomas Ryan, Curtis Briggs and Gwen Petteway, Responding Party refers the plaintiffs to their respective supplemental responses to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues, Request No. 20.

**REQUEST FOR DOCUMENTS NO. 21:**

All Documentation, for the Relevant Time Period, Concerning any contact that SCI, Jane D. Jones, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

**RESPONSE TO REQUEST NO. 21:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  As to Jane D. Jones, Responding Party refers the plaintiffs to her other supplemental responses to these requests which are set forth above and are incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for

///
///
///
///
///

JANE JONES' SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

19

1    Service Corporation International, Request No. 21.

2

3    Dated:    January 22, 2009           GURNEE & DANIELS LLP

4

5    By _____

6          STEVEN H. GURNEE, ESQ.
          DAVID M. DANIELS, ESQ.

7          NICHOLAS P. FORESTIERE, ESQ.
          Attorneys for Defendants

8          SERVICE CORPORATION
          INTERNATIONAL, SCI FUNERAL AND

9          CEMETERY PURCHASING
          COOPERATIVE, INC., SCI EASTERN

10         MARKET SUPPORT CENTER, L.P., SCI
          WESTERN MARKET SUPPORT CENTER,

11         L.P., SCI HOUSTON MARKET SUPPORT
          CENTER, L.P., JANE D. JONES, GWEN

12         PETTEWAY, THOMAS RYAN and CURTIS
          BRIGGS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JANE JONES' SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS                                                                                    20
Case No.:  3:08-CV-01190 SI

# BYLAWS

## OF

## SERVICE CORPORATION INTERNATIONAL

### ARTICLE I

### SHAREHOLDERS

Section 1.   Annual Meeting.   The annual meeting of shareholders shall be held on the date and at the time designated by the Board of Directors for the purpose of electing directors. Any business may be transacted at an annual meeting, except as otherwise provided by law or by these bylaws.   The Board of Directors may alter or postpone the time of holding the annual meeting of shareholders as they shall deem advisable.

Section 2.   Special Meeting.   A special meeting of shareholders may be called at any time by the holders of at least ten percent (10%) of the outstanding stock entitled to be voted at such meeting, by the Board of Directors, by the Chairman of the Board, by the Chief Executive Officer or by the President.   Only

- 1 -

JJONES 00001

## ARTICLE III

### OFFICERS

Section 1.  Number, Titles and Term of Office.  The officers of the corporation shall be a Chairman of the Board, a Vice Chairman of the Board, a Chief Executive Officer, a President, one or more Vice Presidents (including one or more Executive Vice Presidents and one or more Senior Vice Presidents if deemed appropriate by the Board of Directors), a Secretary, a Treasurer and such other officers as the Board of Directors may from time to time elect or appoint.  Each officer shall hold office until his successor shall have been duly elected and qualified or until his death or until he shall resign or shall have been removed in the manner hereinafter provided.  One person may hold more than one office, except that the President shall not hold the office of Secretary.  None of the officers need be a director.

Section 2.  Removal.  Any officer or agent elected or appointed by the Board of Directors may be removed by the Board of Directors whenever in its judgment the best interests of the corporation will be served thereby, but such removal shall be

- 23 -

JJONES 00002

without prejudice to the contract rights, if any, of the person so removed. Election or appointment of an officer or agent shall not of itself create contract rights.

Section 3. <u>Vacancies</u>. A vacancy in the office of any officer may be filled by vote of a majority of the directors for the unexpired portion of the term.

Section 4. <u>Powers and Duties of the Chairman of the Board</u>. The Chairman of the Board shall preside at all meetings of the Board of Directors and shall have such other powers and duties as designated in these bylaws and as from time to time may be assigned to him by the Board of Directors.

Section 5. <u>Powers and Duties of the Vice Chairman of the Board</u>. The Vice Chairman of the Board in the absence of the Chairman of the Board shall preside at all meetings of the Board of Directors and shall have such other powers and duties as from time to time may be assigned him by the Board of Directors.

Section 6. <u>Powers and Duties of the Chief Executive Officer</u>. The Chief Executive Officer shall be the primary executive officer

- 24 -

JJONES 00003

of the corporation and, subject to the Board of Directors and the Chairman of the Board, he shall have general executive charge, management and control of the properties and operations of the corporation in the ordinary course of its business with all such powers with respect to such properties and operations as may be reasonably incident to such responsibilities; in the absence of the Chairman of the Board and the Vice Chairman of the Board, he may preside at all meetings of the Board of Directors; he may agree upon and execute all bonds, contracts and all other obligations in the name of the corporation; and he may sign all certificates for shares of capital stock of the corporation.

Section 7.   Powers and Duties of the President.   The President shall be the chief administrative officer of the corporation and, subject to the Board of Directors, the Chairman of the Board and the Chief Executive Officer, he shall have general administrative charge, management and control of the properties and operations of the corporation in the ordinary course of its business with all such powers with respect to such properties and operations as may be reasonably incident to such responsibilities; in the absence of the Chairman of the Board, the Vice Chairman of the Board and the Chief Executive Officer, he may

- 25 -

JJONES 00004

preside at all meetings of the Board of Directors; he may agree upon and execute all bonds, contracts and all other obligations in the name of the corporation; and he may sign all certificates for shares of capital stock of the corporation.

Section 8. Vice Presidents. Each Vice President shall have such powers and duties as may be assigned to him by the Board of Directors and shall exercise the powers of the President during that officer's absence or inability to act. Any action taken by a Vice President in the performance of the duties of the President shall be conclusive evidence of the absence or inability to act of the President at the time such action was taken.

Section 9. Treasurer. The Treasurer shall have custody of all the funds and securities of the corporation which come into his hands. When necessary or proper, for collection he may, on behalf of the corporation, endorse checks, notes and other obligations and shall deposit the same to the credit of the corporation in such bank or banks or depositories as shall be designated in the manner prescribed by the Board of Directors, and he may sign all receipts and vouchers for payments made to the corporation, either alone or jointly with such other officer as is

- 26 -

JJONES 00005

designated by the Board of Directors.  Whenever required by the Board of Directors, he shall render a statement of his cash account; he shall enter or cause to be entered regularly in the books of the corporation to be kept by him for the purpose full and accurate accounts of all moneys received and paid out on account of the corporation; he shall perform all acts incident to the position of Treasurer subject to the control of the Board of Directors; and he shall, if required by the Board of Directors, give such bond for the faithful discharge of his duties in such form as the Board of Directors may require.

Section 10.  Assistant Treasurer.  Each Assistant Treasurer shall have the usual powers and duties pertaining to his office, together with such other powers and duties as may be assigned to him by the Board of Directors.  The Assistant Treasurers shall exercise the powers of the Treasurer during that officer's absence or inability to act.

Section 11.  Secretary.  The Secretary shall keep the minutes of all meetings of the Board of Directors and committees thereof and the minutes of all meetings of the shareholder, in books provided for that purpose.  He shall attend to the giving and

- 27 -

JJONES 00006

serving of all notices; he shall keep in safe custody the seal of the corporation, and, when authorized by the Board of Directors, affix the same to any instrument requiring it (when so affixed, such seal shall be attested by his signature or by the signature of the Treasurer or an Assistant Secretary); he shall have charge of the certificate books, transfer books and stock ledgers, and such other books and papers as the Board of Directors may direct, all of which shall at all reasonable times be open to inspection of any director upon application at the office of the corporation during business hours; and he shall in general perform all duties incident to the office of Secretary, subject to the control of the Board of Directors.

Section 12. <u>Assistant Secretaries</u>. Each Assistant Secretary shall have the usual powers and duties pertaining to his office, together with such other powers and duties as may be assigned to him by the Board of Directors or the Secretary. The Assistant Secretaries shall exercise the powers of the Secretary during that officer's absence or inability to act.

JJONES 00007

**Service Corporation International**

About SCI

**Corporate Officers** ›

Board Of Directors

Corporate Governance

History

Corporate Citizenship

About SCI > Corporate Officers



### Jane D. Jones
Vice President, Human Resources

Jane D. Jones was appointed Vice President, Human Resources, in February 2005. Ms. Jones joined SCI in 2003 as Executive Director, Human Resources, to manage human resources, training and education, and payroll and commission services for the Company's 20,000 employees. Prior to her service at SCI, Ms. Jones served Dynegy Inc. as Vice President, Total Rewards. Dynegy is an electricity and natural gas provider to U.S. markets. Ms. Jones holds a bachelor's degree in accounting with a minor in finance from Southern Methodist University. A Certified Compensation Professional, Ms. Jones is active in several professional organizations such as WorldatWork and the Society for Human Resource Management.

Stock Quote
SCI

| Exchange | NYSE |
| --- | --- |
| Price | $ 4.24 |
| Change(%) | ▼ 0.12(2.83) |
| Volume | 985,071 |

As of 01/22/2009 04:02 p.m. ET

News

- Service Corporation International Increases Share Repurchase Authorization to $150 Million and Declares Quarterly Cash Dividend

- Service Corporation International Announces Third Quarter 2008 Financial Results and Provides Earnings and Cash Flow Outlook for Fourth Quarter 2008 and Full Year 2009

Site Map   Privacy Policy   Email Page   Print Page
© 2008 SCI Management.

JJONES 00008

1/22/2009

1
2
3 **<u>VERIFICATION</u>**

4 I, JANE JONES, the undersigned, say:

5 I am a party to this action.  The matters stated in the foregoing DEFENDANT

6 JANE JONES' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR

7 PRODUCTION OF DOCUMENTS REGARDING PERSONAL JURISDICTION ISSUES are

8 true of my own knowledge except as to those matters which are stated on

9 information and belief, and as to those matters I believe them to be true.

10 Executed on **23** day of January 2009 at Houston, Texas

11 I declare under penalty of perjury under the laws of the State of California that

12 the foregoing is true and correct.

13
14
15
16 _____
   JANE JONES

17
18
19
20
21
22
23
24
25
26
27
28                                    *Bryant v. Service Corporation International*
                                     Case No.:  CV 08-01190 SI

LAW OFFICES
Steven H. Gurnee  &
Associates
A Law Corporation

1   STEVEN H. GURNEE, ESQ. SB# 66056
    DAVID M. DANIELS, ESQ. SB# 170315
2   NICHOLAS P. FORESTIERE, ESQ. SB# 125118
    GURNEE & DANIELS LLP
3   2240 Douglas Boulevard, Suite 150
    Roseville, CA  95661-3805
4   Telephone    (916) 797-3100
    Facsimile     (916) 797-3131

5

6   Attorneys for Defendants

7   SERVICE CORPORATION INTERNATIONAL,
    SCI FUNERAL AND CEMETERY PURCHASING
8   COOPERATIVE, INC., SCI EASTERN MARKET
    SUPPORT CENTER, L.P. SCI WESTERN
9   MARKET SUPPORT CENTER, L.P., SCI
    HOUSTON MARKET SUPPORT CENTER, L.P.,
10   JANE D. JONES, GWEN PETTEWAY, THOMAS
    RYAN and CURTIS BRIGGS
11

12

13                UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15

16

17   CLAUDE BRYANT, et al., on behalf of   )  **CASE NO. 3:08-CV-01190 SI**
    themselves and all other employees and former )
18   employees similarly situated,         )
                            )  **DEFENDANT JANE D. JONES'**
19            Plaintiffs,       )  **SUPPLEMENTAL RESPONSES TO**
         vs.             )  **PLAINTIFFS' INTERROGATORIES**
20                          )
21   SERVICE CORPORATION         )
    INTERNATIONAL et al.          )
22                          )
           Defendants.     )
23                          )
24                          )
25   _____)

26   **PROPOUNDING PARTY:**      PLAINTIFFS

27   **RESPONDING PARTY:**        DEFENDANT, JANE D. JONES

28   **SET NUMBER:**            ONE

1    Defendant, JANE D. JONES (hereinafter "Defendant" and/or "Responding Party"), pursuant

2    to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining

3    solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the

4    following supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

5    **GENERAL STATEMENTS AND OBJECTIONS**

6    1.    Responding Party has not completed discovery, the investigation of the facts,

7    witnesses, or documents, the analysis of available information, or the preparation for arbitration or

8    trial in this case.  Responding Party reserves the right to supplement or amend these responses in

9    the event that any facts, documents, or other evidence may be subsequently discovered.

10   2.    These responses are made without prejudice to Responding Party's right to introduce

11   facts, documents, witnesses, or other evidence that may be subsequently discovered.

12   3.    These responses are made without prejudice to Responding Party's right to

13   supplement or amend these responses in the event that any information previously available to

14   Responding Party may have been omitted by oversight, inadvertence, or good faith error or

15   mistake.

16   4.    Except for the facts explicitly stated herein, no incidental or implied admissions are

17   intended.

18   5.    Responding Party expressly reserves:

19        5.1    All objections regarding the competency, relevance, materiality, probative

20   value and admissibility of all information provided, documents produced and the contents thereof;

21        5.2    All objections as to vagueness, ambiguity, unintelligibility and over breadth.

22   6.    Nothing herein shall be construed as an admission by Responding Party regarding the

23   admissibility or relevance of any fact or document or of the truth or accuracy of any

24   characterization contained in propounding party's interrogatories.

25   7.    These responses are signed by counsel only as to the objections set forth in the

26   responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-

27   work product privilege as to each and every response set forth herein.

28

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                2
Case No.:  3:08-CV-01190 SI

8.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.     Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome.  Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a person is identified.

12.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a document is identified.

13.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which an act is identified.

15.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16.    Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.    The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of Jane D. Jones, Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and human resource Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production,

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                4
Case No.: 3:08-CV-01190 SI

disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Jane D. Jones has not had any employees. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 4.

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI, Jane D. Jones and any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee paystubs, compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification and Description in Detail of which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO INTERROGATORY NO. 5**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                5
Case No.:  3:08-CV-01190 SI

Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Jane D. Jones has not had any employees and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 5.

**INTERROGATORY NO. 6:**

Identify and Describe in Detail during the Relevant Time Period all employment Practices and Policies that applied to employees of SCI, Jane D. Jones or any SCI affiliated entity or location in California, and Identify and Describe in Detail the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, Jane D. Jones or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the Identification

1   and Description in Detail of all employee handbooks or Policies applied to such employees during

2   the Relevant Time Period, and Identification and Description in Detail of the forenamed Parties,

3   and any involvement they had with such Policies such as reviewing them, providing advice on

4   them, promulgating them, enforcing them or implementing them.)

5   **RESPONSE TO INTERROGATORY NO. 6**

6       Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

7   limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

8   Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

9   overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

10  further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

11  proprietary or other confidential information, and no protective order is in place which would

12  govern the production, disclosure and dissemination of such confidential information.  Responding

13  party further objects to this interrogatory on the grounds that it contains more than one separate and

14  discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

15  imposed by FRCP 33(a)(1).

16  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

17      Subject to and without waiving the aforesaid objections, and to the extent Responding Party

18  understands the interrogatory, Responding Party responds as follows:  During the relevant time

19  period (as that terms is defined in the interrogatories), Jane D. Jones has not had any employees

20  and, as such, has not had any employment practices or policies.  With respect to Service

21  Corporation International, Responding Party refers the plaintiffs to Service Corporation

22  International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

23  Jurisdiction Issues for Service Corporation International, Interrogatory No. 6.

24

25  **INTERROGATORY NO. 7:**

26      Identify and Describe in Detail during the Relevant Time Period the corporate structure for

27  SCI, Jane D. Jones and any SCI affiliated entity or location in California and Identify and Describe

28  in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any

kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, Jane D. Jones or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO INTERROGATORY NO. 7**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:   Jane D. Jones is an individual and, as such, has no corporate structure.  During the relevant time period (as that terms is defined in the interrogatories), Jane D. Jones has not directed the hiring, firing or disciplining of

employees of SCI affiliated entities in California. As the Vice President of Human Resources for Service Corporation International I consult with SCI Funeral and Cemetery Purchasing Cooperative, Inc., market management, and the Market Support Centers, advising them on human resources issues and policies. I do not directly manage individual employment matters and decisions at operating locations; instead, I rely on the individuals with the CO-OP and the Market Support Centers to handle this function. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 7.

**INTERROGATORY NO. 8:**

Identify and Describe in Detail during the Relevant Time Period all reporting requirements imposed on SCI, Jane D. Jones or any SCI affiliated entity or location in California by any Person, and Identify and Describe in Detail all reporting requirements imposed by SCI, Jane D. Jones or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**RESPONSE TO INTERROGATORY NO. 8**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Jane D. Jones has had no reporting requirements pertaining to employees as she has not been an employer.  Jane D. Jones, as Vice Preside of Human Resources for Service Corporation International, reports to Thomas Ryan, President and CEO of Service Corporation International.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 8.

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Jane D. Jones or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Jane D. Jones has not had any employees and

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES          10
Case No.:  3:08-CV-01190 SI

has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. Jane D. Jones' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Jane D. Jones in Support of Ms. Jones' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 9.

**INTERROGATORY NO. 10:**

Identify and Describe in Detail during the Relevant Time Period all agents or employees of SCI, Jane D. Jones or any SCI affiliated entity or location in California, who communicated in any fashion to Jane D. Jones Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of Jane D. Jones; and Identify and Describe in Detail all Persons who ever spoke with, reported to or otherwise contacted Jane D. Jones from within California, or Concerning any matters therein.

**RESPONSE TO INTERROGATORY NO. 10**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    11
Case No.: 3:08-CV-01190 SI

33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Jane D. Jones has  not had any employees. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 10.

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or Concerning California by SCI, Jane D. Jones, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**RESPONSE TO INTERROGATORY NO. 11**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Jane D. Jones has not had any employees and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  Jane D. Jones' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    12
Case No.: 3:08-CV-01190 SI

Declaration of Jane D. Jones in Support of Ms. Jones' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 11.

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by Jane D. Jones, or by any employee or agent acting on behalf of SCI or Jane D. Jones concerning SCI, Jane D. Jones, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or Jane D. Jones Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 14**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Jane D. Jones has not had any employees and

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES          13
Case No.: 3:08-CV-01190 SI

has not made any trips to California related to the employment policies and practices in dispute in this litigation. Jane D. Jones' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Jane D. Jones in Support of Ms. Jones' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 14.

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, Jane D. Jones, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO INTERROGATORY NO. 15**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    14
Case No.: 3:08-CV-01190 SI

understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Jane D. Jones did not make policies or decisions for the specific purpose of complying or promoting compliance with California laws.  As the Vice President of Human Resources for Service Corporation International I consult with SCI Funeral and Cemetery Purchasing Cooperative, Inc., market management, and the Market Support Centers, advising them on human resources issues and policies.  I do not directly manage individual employment matters and decisions at operating locations; instead, I rely on the individuals with the CO-OP and the Market Support Centers to handle this function. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 15.

**INTERROGATORY NO. 17:**

Identify and Describe in Detail during the Relevant Time Period any business operations or efforts conducted, sought, negotiated, promoted or abandoned by Jane D. Jones with any Person within California or Concerning California, and provide Identification and Description in Detail of any profits, sales, revenues or business of any kind that SCI, Jane D. Jones or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO INTERROGATORY NO. 17**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                         15
Case No.: 3:08-CV-01190 SI

discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).  Responding Party further objects to the second sub-part of this interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Jane D. Jones has not had any employees and has not directed business operations in California which are related to the employment policies and practices in dispute in this litigation.  As the Vice President of Human Resources for Service Corporation International I consult with SCI Funeral and Cemetery Purchasing Cooperative, Inc., market management, and the Market Support Centers, advising them on human resources issues and policies.  I do not directly manage individual employment matters and decisions at operating locations; instead, I rely on the individuals with the CO-OP and the Market Support Centers to handle this function.  Jane D. Jones' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Jane D. Jones in Support of Ms. Jones' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 17.

## INTERROGATORY NO. 18:

Identify and Describe in Detail during the Relevant Time Period (including full Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or Jane D. Jones to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

**RESPONSE TO INTERROGATORY NO. 18**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Jane D. Jones has not had any employees and has not directed business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation.  As the Vice President of Human Resources for Service Corporation International I consult with SCI Funeral and Cemetery Purchasing Cooperative, Inc., market management, and the Market Support Centers, advising them on human resources issues and policies.  I do not directly manage individual employment matters and decisions at operating locations; instead, I rely on the individuals with the CO-OP and the Market Support Centers to handle this function.  Jane D. Jones' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Jane D. Jones in Support of Ms. Jones' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's

supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 18.

**INTERROGATORY NO. 19:**

Identify and Describe in Detail during the Relevant Time Period any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, Jane D. Jones or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and Identify and Describe in Detail any legal Documents related to such matters.

**RESPONSE TO INTERROGATORY NO. 19**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Defendant further objects to this interrogatory to the extent it invades the attorney-client and/or attorney work product privilege. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, Jane D. Jones does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories. Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    18
Case No.: 3:08-CV-01190 SI

Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 19.

**INTERROGATORY NO. 21:**

Identify and Describe in Detail during the Relevant Time Period "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO INTERROGATORY NO. 21**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the interrogatory refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows:  Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Gwen Petteway, Interrogatory No. 21.

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane D. Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    19
Case No.:  3:08-CV-01190 SI

positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO INTERROGATORY NO. 22**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Jane D. Jones is an employee of SCI Executive Services, a Texas corporation, and she holds the title of Vice President of Human Resources for Service Corporation International, a Texas Corporation. As the Vice President of Human Resources for Service Corporation International I consult with SCI Funeral and Cemetery Purchasing Cooperative, Inc., market management, and the Market Support Centers, advising them on human resources issues and policies. I do not directly manage individual employment matters and decisions at operating locations; instead, I rely on the individuals with the CO-OP and the Market Support Centers to handle this function. With respect to Paul Houston, Gwen Petteway and Curtis Briggs, Responding Party refers the plaintiffs to their respective supplemental responses to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22.

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    20
Case No.:  3:08-CV-01190 SI

**INTERROGATORY NO. 23:**

Identify and Describe in Detail during the Relevant Time Period any contact that SCI, Jane D. Jones, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

**RESPONSE TO INTERROGATORY NO. 23**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: As to Jane D. Jones, Responding Party refers the plaintiffs to her other supplemental responses these interrogatories which are set forth above and are incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 23.

Dated: January, **12**, 2009

GURNEE & DANIELS LLP

By _____

STEVEN H. GURNEE, ESQ.
DAVID M. DANIELS, ESQ.
NICHOLAS P. FORESTIERE, ESQ.
Attorneys for Defendants
SERVICE CORPORATION
INTERNATIONAL, SCI FUNERAL AND
CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN
MARKET SUPPORT CENTER, L.P., SCI
WESTERN MARKET SUPPORT CENTER,
L.P., SCI HOUSTON MARKET SUPPORT
CENTER, L.P., JANE D. JONES, GWEN
PETTEWAY, THOMAS RYAN and CURTIS
BRIGGS

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES          21
Case No.: 3:08-CV-01190 SI

**VERIFICATION**

I, JANE JONES, the undersigned, say:

I am a party to this action.  The matters stated in the foregoing DEFENDANT JANE JONES' SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES are true of my own knowledge except as to those matters which are stated on information and belief and as to those matters I believe them to be true.

Executed on **23** day of January 2009 at Houston, Texas

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

JANE JONES

*Bryant v. Service Corporation International*
Case No.:  CV 08-01190 SI

LAW OFFICES
Steven H. Gurnee &
Associates
A Law Corporation

1    STEVEN H. GURNEE, ESQ. SB# 66056
     DAVID M. DANIELS, ESQ. SB# 170315
2    NICHOLAS P. FORESTIERE, ESQ. SB# 125118
     GURNEE & DANIELS LLP
3    2240 Douglas Boulevard, Suite 150
     Roseville, CA  95661-3805
4    Telephone     (916) 797-3100
     Facsimile      (916) 797-3131

5

6    Attorneys for Defendants

7    SERVICE CORPORATION INTERNATIONAL,
     SCI FUNERAL AND CEMETERY PURCHASING
8    COOPERATIVE, INC., SCI EASTERN MARKET
     SUPPORT CENTER, L.P. SCI WESTERN
9    MARKET SUPPORT CENTER, L.P., SCI
     HOUSTON MARKET SUPPORT CENTER, L.P.,
10   JANE D. JONES, GWEN PETTEWAY, THOMAS
     RYAN and CURTIS BRIGGS
11

12

13                UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15

16

17   CLAUDE BRYANT, et al., on behalf of     )   **CASE NO.  3:08-CV-01190 SI**
     themselves and all other employees and former )
18   employees similarly situated,           )
                                   )
19              Plaintiffs,     )   **DEFENDANT GWEN PETTEWAY'S**
                                   )   **SUPPLEMENTAL RESPONSES TO**
20         vs.                      )   **PLAINTIFFS' REQUEST FOR**
                                   )   **PRODUCTION OF DOCUMENTS**
21   SERVICE CORPORATION            )
     INTERNATIONAL et al.            )
22                                      )
              Defendants.     )
23                                      )
24                                      )
25    _____ )

26   **PROPOUNDING PARTY:**       PLAINTIFFS

27   **RESPONDING PARTY:**         DEFENDANT, GWEN PETTEWAY

28   **SET NUMBER:**                  ONE

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION
OF DOCUMENTS                                                             1
Case No.:  3:08-CV-01190 SI

Defendant, GWEN PETTEWAY (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the requests for production of documents, set one, propounded by plaintiffs, as follows:

### GENERAL STATEMENTS AND OBJECTIONS

1.      Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.      These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.      These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.      Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.      Responding Party expressly reserves:

5.1      All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2      All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.      Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION
OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

2

7.     These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and/or the orders of assigned judge to this action.

9.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California by requiring Responding Party to produce documents in any form other than as they are kept in the ordinary course of business.  Specifically, Responding Party objects to Plaintiffs' production requests to the extent they purport to require Responding Party to produce documents in electronic format.  Responding Party has no obligation to create electronic records for documents that do not exist in that format.

10.     Responding Party objects to each and every production request to the extent it seeks documents created or modified outside the liability period of this lawsuit.

11.     The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**REQUEST FOR DOCUMENTS NO. 2:**

All Documentation, for the Relevant Time Period, Concerning or describing all employees of Gwen Petteway, Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and all Documentation for each such employee Concerning employment contracts or agreements and human resource information of any kind related to such employees. (A proper response includes,

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

3

but is not limited to, production of all Documentation Concerning any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel Files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO REQUEST NO. 2:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Gwen Petteway has not had any employees.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 2.

**REQUEST FOR DOCUMENTS NO. 3:**

All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction, wage reporting and benefits structure and systems of SCI, Gwen Petteway and any SCI affiliated

entity or location in California, and all Documentation Concerning the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, production of all Documentation such as any employee paystubs, Compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to, production of all Documentation Concerning which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO REQUEST NO. 3:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Gwen Petteway has not had any employees and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems. With respect to Service Corporation International, Responding

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

5

Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 3.

**REQUEST FOR DOCUMENTS NO. 4:**

All Documentation, for the Relevant Time Period, Concerning all employment Practices and Policies that applied to employees of SCI, Gwen Petteway or any SCI affiliated entity or location in California, and Documentation Concerning the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, Gwen Petteway or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the production of Documentation Concerning all employee handbooks (including production of the handbooks themselves) or Policies applied to such employees during the Relevant Time Period, and the production of all Documentation Concerning the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO REQUEST NO. 4:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Gwen Petteway has

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI
6

not had any employees and, as such, has not had any employment practices or policies. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 4.

**REQUEST FOR DOCUMENTS NO. 5:**

All Documentation, for the Relevant Time Period, Concerning the corporate structure for SCI, Gwen Petteway and any SCI affiliated entity or location in California and Documentation Concerning each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, Gwen Petteway or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, production of all Documentation, as to each forenamed party, of such things as organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of Compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO REQUEST NO. 5:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS                                                                                                7
Case No.:  3:08-CV-01190 SI

1   information, and no protective order is in place which would govern the production, disclosure and

2   dissemination of such confidential information.

3   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

4   Subject to and without waiving the aforesaid objections, and to the extent Responding Party

5   understands the request, Responding Party responds as follows:  Not applicable in light of the fact

6   that Gwen Petteway is an individual and, as such, has no corporate structure, and that during the

7   relevant time period (as that terms is defined in the requests), Gwen Petteway has not been

8   involved in the hiring, firing or disciplining of employees of SCI affiliated entities in California

9   (*See* Declaration of Gwen Petteway in Support of Ms. Petteway's Motion to Dismiss Amended

10   Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.)    With

11   respect to Service Corporation International, Responding Party refers the plaintiffs to Service

12   Corporation International's supplemental response to Plaintiffs' First Request for Production of

13   Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request

14   No. 5.

15   **REQUEST FOR DOCUMENTS NO. 6:**

16   All Documentation, for the Relevant Time Period, Concerning all reporting requirements

17   imposed on SCI, Gwen Petteway or any SCI affiliated entity or location in California by any

18   Person, and Documentation Concerning all reporting requirements imposed by SCI, Gwen

19   Petteway or any SCI affiliated entity or location in California on any Person. (A proper response

20   includes, but is not limited to, production of Documentation regarding reporting requirements

21   relating to business matters, legal matters, tax matters, state compliance matters, human resource

22   matters, etc.)

23   **RESPONSE TO REQUEST NO. 6:**

24   Responding Party objects to this request on the grounds that it grossly exceeds the limited

25   scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

26   further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

27   burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

28   GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION
OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

8

1  request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

2  information, and no protective order is in place which would govern the production, disclosure and

3  dissemination of such confidential information.

4  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

5  Subject to and without waiving the aforesaid objections, and to the extent Responding Party

6  understands the request, Responding Party responds as follows: Not applicable in light of the fact

7  that during the relevant time period (as that terms is defined in the requests), Gwen Petteway has

8  had no reporting requirements pertaining to employees as he has not been an employer. Ms.

9  Petteway currently reports to Jane Jones, but after reasonable search, Responding Party is not in

10 possession or control of any non-privileged documents which reflect that fact. With respect to

11 Service Corporation International, Responding Party refers the plaintiffs to Service Corporation

12 International's supplemental response to Plaintiffs' First Request for Production of Documents

13 Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 6.

14 **REQUEST FOR DOCUMENTS NO. 7:**

15 All Documentation, for the Relevant Time Period, Concerning all contracts, agreements,

16 deals, pacts or obligations of any kind Concerning SCI, Gwen Petteway or any SCI affiliated entity

17 or location in California with any Person relating to, arising from or otherwise Concerning any

18 matter in California.

19 **RESPONSE TO REQUEST NO. 7:**

20 Responding Party objects to this request on the grounds that it grossly exceeds the limited

21 scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party

22 further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

23 burdensome and harassing, and it calls for speculation. Responding Party further objects to this

24 request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

25 information, and no protective order is in place which would govern the production, disclosure and

26 dissemination of such confidential information.

27 ///

28

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION
OF DOCUMENTS                                                                                    9
Case No.: 3:08-CV-01190 SI

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Gwen Petteway has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation, except as may have been done in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, Inc. which is not contesting personal jurisdiction in this case.  Gwen Petteway's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of Ms. Petteway's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 7.

**REQUEST FOR DOCUMENTS NO. 8:**

All Documentation, for the Relevant Time Period, Concerning all agents or employees of SCI, Gwen Petteway or any SCI affiliated entity or location in California, who Communicated in any fashion to Gwen Petteway Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of Gwen Petteway; and Documentation Concerning all Persons who ever spoke with, reported to or otherwise contacted Gwen Petteway from within California, or Concerning any matters therein.

**RESPONSE TO REQUEST NO. 8:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party