EXHIBIT F PART 4

further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Gwen Petteway has not had any employees. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 8.

**REQUEST FOR DOCUMENTS NO. 9:**

All Documentation, for the Relevant Time Period, Concerning all actions taken or transactions made within or Concerning California by SCI, Gwen Petteway, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**RESPONSE TO REQUEST NO. 9:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

11

understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Gwen Petteway has not had any employees and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation, except as may have been done in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, Inc. which is not contesting personal jurisdiction in this case.   Gwen Petteway's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of Ms. Petteway's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 9.

**REQUEST FOR DOCUMENTS NO. 12:**

All Documentation, for the Relevant Time Period, Concerning any trips or visits made to California by Gwen Petteway, or by any employee or agent acting on behalf of SCI or Gwen Petteway Concerning SCI, Gwen Petteway, or any SCI affiliated entity or location in California; and all Documentation Concerning any trips or visits made by any Person to contact SCI or Gwen Petteway Concerning any matter in California.

**RESPONSE TO REQUEST NO. 12:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION
OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

12

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Gwen Petteway has not had any employees and has not made any trips to California related to the employment policies and practices in dispute in this litigation, except as may have been taken in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, Inc. which is not contesting personal jurisdiction in this case.  Gwen Petteway's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of Ms. Petteway's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 12.

**REQUEST FOR DOCUMENTS NO. 13:**

All Documentation, for the Relevant Time Period, Concerning any Policies or decisions of SCI, Gwen Petteway, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO REQUEST NO. 13:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Gwen Petteway did not participate in making any policies or decisions for the specific purpose of complying or promoting compliance with California laws, except as may have been done in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, Inc. which is not contesting personal jurisdiction in this case. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 13.

**REQUEST FOR DOCUMENTS NO. 15:**

All Documentation, for the Relevant Time Period, Concerning any business operations or efforts conducted, sought, negotiated, promoted or abandoned by Gwen Petteway with any Person within California or Concerning California, and provide all Documentation Concerning any profits, sales, revenues or business of any kind that SCI, Gwen Petteway or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO REQUEST NO. 15:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding Party further objects to the second sub-part of this request as being irrelevant and not reasonably calculated to lead to the discovery of

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

14

admissible evidence.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Gwen Pettway has not had any employees and has not been involved in business operations in California which are related to the employment policies and practices in dispute in this litigation, except as may have been provided in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, Inc. which is not contesting personal jurisdiction in this case. Gwen Petteway's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of Ms. Petteway's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 15.

**REQUEST FOR DOCUMENTS NO. 16:**

All Documentation, for the Relevant Time Period, Concerning any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or Gwen Petteway to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

**RESPONSE TO REQUEST NO. 16:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION
OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

15

request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Gwen Petteway has not had any employees and has not been involved in providing business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation, except as may have been provided in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, Inc. which is not contesting personal jurisdiction in this case.   Gwen Petteway's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of Ms. Petteway's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 16.

**REQUEST FOR DOCUMENTS NO. 17:**

All Documentation, for the Relevant Time Period, Concerning any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, Gwen Petteway or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and all legal Documentation related to such matters.

**RESPONSE TO REQUEST NO. 17:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

Case No.: 3:08-CV-01190 SI

16

further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Defendant further objects to this request to the extent it invades the attorney-client and/or attorney work product privilege.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that, aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, Gwen Petteway does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories.   Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 17.

**REQUEST FOR DOCUMENTS NO. 19:**

All Documentation, for the Relevant Time Period, Concerning "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO REQUEST NO. 19:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing,

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

17

and it calls for speculation.  Responding party further objects to this request on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Gwen Petteway is not a party to this action.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the request refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows: Other than the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641, documents concerning the human resources services of the subsidiary and affiliate companies of Service Corporation International and training and benefits provided to those companies exceeds the scope of personal jurisdiction discovery that has been permitted by the Court at this juncture, as such services are provided to Service Corporation International's California subsidiary and affiliate companies by SCI Western Market Support Center, L.P. and SCI Funeral and Cemetery Purchasing Cooperative, Inc., neither of which is contesting personal jurisdiction in this case.

**REQUEST FOR DOCUMENTS NO. 20:**

All Documentation, for the Relevant Time Period, Concerning each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each produce all Documentation describing the corresponding responsibilities, duties and roles for such positions, and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

///

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

18

**RESPONSE TO REQUEST NO. 20:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding party further objects to this request on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan are not parties to this action.  Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 20:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:   After reasonable search, Responding Party is not in possession or control of any non-privileged documents which are responsive to this request.  With respect to Paul Houston, Thomas Ryan, Curtis Briggs and Jane D. Jones, Responding Party refers the plaintiffs to their respective supplemental responses to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues, Request No. 20.

**REQUEST FOR DOCUMENTS NO. 21:**

All Documentation, for the Relevant Time Period, Concerning any contact that SCI, Gwen Petteway, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

**RESPONSE TO REQUEST NO. 21:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

19

1   and harassing, and it calls for speculation.

2   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

3       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

4   understands the request, Responding Party responds as follows:   As to Gwen Petteway,

5   Responding Party refers the plaintiffs to her other supplemental responses to these requests which

6   are set forth above and are incorporated herein by reference.  With respect to Service Corporation

7   International, Responding Party refers the plaintiffs to Service Corporation International's

8   supplemental response to Plaintiffs' First Request for Production of Documents Regarding

9   Personal Jurisdiction Issues for Service Corporation International, Request No. 21.

10

11   Dated:  January _____, 2009                GURNEE & DANIELS LLP

12

13

14   By _____

15       STEVEN H. GURNEE, ESQ.
        DAVID M. DANIELS, ESQ.

16       NICHOLAS P. FORESTIERE, ESQ.
        Attorneys for Defendants

17       SERVICE CORPORATION

18       INTERNATIONAL, SCI FUNERAL AND
        CEMETERY PURCHASING

19       COOPERATIVE, INC., SCI EASTERN
        MARKET SUPPORT CENTER, L.P., SCI

20       WESTERN MARKET SUPPORT CENTER,
        L.P., SCI HOUSTON MARKET SUPPORT

21       CENTER, L.P., JANE D. JONES, GWEN
        PETTEWAY, THOMAS RYAN and CURTIS

22       BRIGGS

23

24

25

26

27

28

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION
OF DOCUMENTS                                                                                          20
Case No.:  3:08-CV-01190 SI

1
2
3 **<u>VERIFICATION</u>**
4 I, GWEN PETTEWAY, the undersigned, say:
5 I am a party to this action. The matters stated in the foregoing DEFENDANT
6 GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST
7 REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING PERSONAL
8
9 JURISDICTION ISSUES are true of my own knowledge except as to those matters which
10 are stated on information and belief, and as to those matters I believe them to be true.
11 Executed on 15th day of January 2009 at Houston, Texas
12 I declare under penalty of perjury under the laws of the State of California that the
13 foregoing is true and correct.
14
15
16 _____
   GWEN PETTEWAY
17
18
19
20
21
22
23
24
25
26
27 *Bryant v. Service Corporation International*
28 Case No.: CV 08-01190 SI

STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
NICHOLAS P. FORESTIERE, ESQ. SB# 125118
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA  95661-3805
Telephone      (916) 797-3100
Facsimile       (916) 797-3131

Attorneys for Defendants

SERVICE CORPORATION INTERNATIONAL,
SCI FUNERAL AND CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN MARKET
SUPPORT CENTER, L.P. SCI WESTERN
MARKET SUPPORT CENTER, L.P., SCI
HOUSTON MARKET SUPPORT CENTER, L.P.,
JANE D. JONES, GWEN PETTEWAY, THOMAS
RYAN and CURTIS BRIGGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>    Plaintiffs,<br>   vs.<br><br>SERVICE CORPORATION INTERNATIONAL et al.<br><br>    Defendants. | CASE NO.  3:08-CV-01190 SI<br><br>**DEFENDANT GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES** |

**PROPOUNDING PARTY:**      PLAINTIFFS

**RESPONDING PARTY:**      DEFENDANT, GWEN PETTEWAY

**SET NUMBER:**      ONE

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES      1
Case No.:  3:08-CV-01190 SI

Defendant, GWEN PETTEWAY (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

## GENERAL STATEMENTS AND OBJECTIONS

1.  Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.  These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.  These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.  Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.  Responding Party expressly reserves:

    5.1  All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

    5.2  All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.  Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          2
Case No.:  3:08-CV-01190 SI

7.    These responses are signed by counsel only as to the objections set forth in the responses. Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.    Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.    Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.    Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome. Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a person is identified.

12.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a document is identified.

13.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which an act is identified.

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          3
Case No.:  3:08-CV-01190 SI

15.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16.     Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.     The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of Gwen Petteway, Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and human resource Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          4
Case No.:  3:08-CV-01190 SI

United States Constitutions and other state and federal laws.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Gwen Petteway has not had any employees. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 4.

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI, Gwen Petteway and any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee paystubs, compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification and Description in Detail of which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES                5
Case No.:  3:08-CV-01190 SI

## RESPONSE TO INTERROGATORY NO. 5

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Gwen Petteway has not had any employees and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 5.

## INTERROGATORY NO. 6:

Identify and Describe in Detail during the Relevant Time Period all employment Practices and Policies that applied to employees of SCI, Gwen Petteway or any SCI affiliated entity or location in California, and Identify and Describe in Detail the manner and means by which these

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          6
Case No.:  3:08-CV-01190 SI

employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, Gwen Petteway or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the Identification and Description in Detail of all employee handbooks or Policies applied to such employees during the Relevant Time Period, and Identification and Description in Detail of the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO INTERROGATORY NO. 6**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Gwen Petteway has not had any employees and, as such, has not had any employment practices or policies.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 6.

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI, Gwen Petteway and any SCI affiliated entity or location in California and Identify and Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, Gwen Petteway or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO INTERROGATORY NO. 7**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  Gwen Petteway is an individual and, as such, has no corporate structure.  During the relevant time period (as that terms is defined in the interrogatories), Gwen Petteway has not been involved in the hiring, firing or disciplining of employees of SCI affiliated entities in California.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 7.

**INTERROGATORY NO. 8:**

Identify and Describe in Detail during the Relevant Time Period all reporting requirements imposed on SCI, Gwen Petteway or any SCI affiliated entity or location in California by any Person, and Identify and Describe in Detail all reporting requirements imposed by SCI, Gwen Petteway or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**RESPONSE TO INTERROGATORY NO. 8**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          9
Case No.:  3:08-CV-01190 SI

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Gwen Petteway has had no reporting requirements pertaining to employees as she has not been an employer.  Gwen Petteway was previously employed by SCI Houston Market Support Center, L.P., a Texas limited partnership, as a human resources director and reported to Robbie Pape.  Gwen Petteway is currently employed by SCI Funeral and Cemetery Purchasing Cooperative, Inc., a Delaware corp., as a director of human resources and reports to Jane Jones.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 8.

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Gwen Petteway or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    10
Case No.:  3:08-CV-01190 SI

understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Gwen Petteway has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation, except as may have been done in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, Inc. which is not contesting personal jurisdiction in this case. Gwen Petteway's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of Ms. Petteway's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 9.

**INTERROGATORY NO. 10:**

Identify and Describe in Detail during the Relevant Time Period all agents or employees of SCI, Gwen Petteway or any SCI affiliated entity or location in California, who communicated in any fashion to Gwen Petteway Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of Gwen Petteway; and Identify and Describe in Detail all Persons who ever spoke with, reported to or otherwise contacted Gwen Petteway from within California, or Concerning any matters therein.

**RESPONSE TO INTERROGATORY NO. 10**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Gwen Petteway has not had any employees. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 10.

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or concerning California by SCI, Gwen Petteway, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**RESPONSE TO INTERROGATORY NO. 11**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Gwen Petteway has not had any employees and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation, except as may have been done in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, Inc. which is not contesting personal jurisdiction in this case. Gwen Petteway's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of Ms. Petteway's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 11.

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by Gwen Petteway, or by any employee or agent acting on behalf of SCI or Gwen Petteway concerning SCI, Gwen Petteway, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or Gwen Petteway Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 14**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          13
Case No.: 3:08-CV-01190 SI

party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Gwen Petteway has not had any employees and has not made any trips to California related to the employment policies and practices in dispute in this litigation, except as may have been taken in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, Inc. which is not contesting personal jurisdiction in this case.  Gwen Petteway's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of Ms. Petteway's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 14.

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, Gwen Petteway, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO INTERROGATORY NO. 15**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          14
Case No.:  3:08-CV-01190 SI

overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Gwen Petteway did not participate in making any policies or decisions for the specific purpose of complying or promoting compliance with California laws, except as may have been done in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, which is not contesting personal jurisdiction in this case. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 15.

**INTERROGATORY NO. 17:**

Identify and Describe in Detail during the Relevant Time Period any business operations or efforts conducted, sought, negotiated, promoted or abandoned by Gwen Petteway with any Person within California or Concerning California, and provide Identification and Description in Detail of any profits, sales, revenues or business of any kind that SCI, Gwen Petteway or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO INTERROGATORY NO. 17**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES     15
Case No.: 3:08-CV-01190 SI

Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).  Responding Party further objects to the second sub-part of this interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Gwen Petteway has not had any employees and has not been involved in business operations in California which are related to the employment policies and practices in dispute in this litigation, except as may have been provided in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, Inc. which is not contesting personal jurisdiction in this case.  Gwen Petteway's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of Ms. Petteway's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 17.

## INTERROGATORY NO. 18:

Identify and Describe in Detail during the Relevant Time Period (including full

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES                16
Case No.:  3:08-CV-01190 SI

Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or Gwen Petteway to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

**RESPONSE TO INTERROGATORY NO. 18**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Gwen Petteway has not had any employees and has not been involved in providing business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation, except as may have been provided in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, Inc. which is not contesting personal jurisdiction in this case.  Gwen Petteway's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of Ms. Petteway's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.  With respect to

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    17
Case No.:  3:08-CV-01190 SI

Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 18.

**INTERROGATORY NO. 19:**

Identify and Describe in Detail during the Relevant Time Period any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, Gwen Petteway or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and Identify and Describe in Detail any legal Documents related to such matters.

**RESPONSE TO INTERROGATORY NO. 19:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Defendant further objects to this interrogatory to the extent it invades the attorney-client and/or attorney work product privilege. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, Gwen Petteway does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories. Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties. With respect to Service Corporation International, Responding Party refers the

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          18
Case No.:  3:08-CV-01190 SI

plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 19.

**INTERROGATORY NO. 21:**

Identify and Describe in Detail during the Relevant Time Period "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO INTERROGATORY NO. 21**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the interrogatory refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641 (*"Prise"*), Responding Party responds as follows:  The quoted phrases in Gwen Petteway's July 9, 2007 Declaration in *Prise* refer to human resource services, support, training and benefits provided to local SCI affiliate entities by four separate companies:  SCI Funeral and Cemetery Purchasing Cooperative, Inc., a Delaware corporation; SCI Eastern Market Support Center, L.P. (only for local SCI affiliate entities in Connecticut, District of Columbia, Illinois, Indiana, Iowa, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, Ohio, Pennsylvania, Rhode Island, Virginia and Wisconsin); SCI Houston Market Support Center, L.P.

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES        19
Case No.:  3:08-CV-01190 SI

(only for local SCI affiliate entities in Texas, Louisiana, Georgia, Florida, Tennessee, North Carolina, South Carolina, Alabama, Missouri, Kansas, West Virginia, Mississippi and Oklahoma); and SCI Western Market Support Center, L.P., (only for local SCI affiliates in Alaska, Arizona, California, Colorado, Hawaii, Idaho, Montana, New Mexico, Oregon, Utah and Washington). The services provided to SCI affiliated entities located within California by SCI Funeral and Cemetery Purchasing Cooperative, Inc., a Delaware corporation are pursuant to a management services agreement between SCI Funeral and Cemetery Purchasing Cooperative, Inc. and SCI Western Market Support Center, L.P., neither of which is contesting personal jurisdiction in this case.

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO INTERROGATORY NO. 22**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  Gwen Petteway is currently an employee of SCI Funeral and Cemetery Purchasing Cooperative, Inc., a Delaware corporation, as a Human Resources Director.  Her responsibilities in that position include the following:  act as HR liaison for the Market Support Centers to ensure alignment of all HR processes, procedures and policies companywide; support management on all employee matters; manage Leadership Development process including assisting with identification of future leaders, coaching and mentoring programs as appropriate, facilitation of formal programs and job rotational assignments, and involvement with succession planning efforts; manage employee issues activities to ensure timely investigation and resolution.

Previously, from February 22, 2005 to March 15, 2008, Ms. Petteway was employed by SCI Houston Market Support Center, L.P. ("MSC") as Human Resources Director.  She was responsible for managing human resources activities for the MSC's geographic market by developing and implementing human resource strategies. She would supervise human resources professionals and assistants in locations in designated states across the south eastern and central US to support the client base of the Market Support Center.  She would interview candidates for positions, ensuring appropriate training and development for associates and assist in development activities for each market leader within the MSC's area of responsibility.  She would assist the team in conducting employee relations investigations as needed within the MSC's area of responsibility ("AOR.")

With respect to Paul Houston, Thomas Ryan, Curtis Briggs and Jane D. Jones, Responding Party refers the plaintiffs to their respective supplemental responses to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22.

**INTERROGATORY NO. 23:**

Identify and Describe in Detail during the Relevant Time Period any contact that SCI, Gwen Petteway, any SCI affiliated entity or location in California, or any employee or agent acting

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES           21
Case No.:  3:08-CV-01190 SI

on their behalf, has had with California, or Concerning any matter within California.

**RESPONSE TO INTERROGATORY NO. 23**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  As to Gwen Petteway, Responding Party refers the plaintiffs to her other supplemental responses these interrogatories which are set forth above and are incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 23.


Dated:  January *22*, 2009            GURNEE & DANIELS LLP

                                      By _____
                                         STEVEN L. GURNEE, ESQ.
                                         DAVID M. DANIELS, ESQ.
                                         NICHOLAS P. FORESTIERE, ESQ.
                                         Attorneys for Defendants
                                         SERVICE CORPORATION INTERNATIONAL,
                                         SCI FUNERAL AND CEMETERY
                                         PURCHASING COOPERATIVE, INC., SCI
                                         EASTERN MARKET SUPPORT CENTER, L.P.,
                                         SCI WESTERN MARKET SUPPORT CENTER,
                                         L.P., SCI HOUSTON MARKET SUPPORT
                                         CENTER, L.P., JANE D. JONES, GWEN
                                         PETTEWAY, THOMAS RYAN and CURTIS
                                         BRIGGS

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES            22
Case No.:  3:08-CV-01190 SI

1
2
3                              **VERIFICATION**

4          I, GWEN PETTEWAY, the undersigned, say:

5          I am a party to this action.  The matters stated in the foregoing DEFENDANT

6   GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS'

7   INTERROGATORIES are true of my own knowledge except as to those matters which

8   are stated on information and belief, and as to those matters I believe them to be true.

9
10         Executed on 15th day of January 2009 at Houston, Texas

11         I declare under penalty of perjury under the laws of the State of California that the

12  foregoing is true and correct.

13
14
15                              GWEN PETTEWAY

16
17
18
19
20
21
22
23
24
25
26                                        *Bryant v. Service Corporation International*
27                                        Case No.:  CV 08-01190 SI
28

1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ. SB# 125118
   GURNEE & DANIELS LLP
3  2240 Douglas Boulevard, Suite 150
   Roseville, CA  95661-3805
4  Telephone     (916) 797-3100
   Facsimile      (916) 797-3131
5

6  Attorneys for Defendants

7  SERVICE CORPORATION INTERNATIONAL,
   SCI FUNERAL AND CEMETERY PURCHASING
8  COOPERATIVE, INC., SCI EASTERN MARKET
   SUPPORT CENTER, L.P. SCI WESTERN
9  MARKET SUPPORT CENTER, L.P., SCI
   HOUSTON MARKET SUPPORT CENTER, L.P.,
10 JANE D. JONES, GWEN PETTEWAY, THOMAS
   RYAN and CURTIS BRIGGS
11

12

13                  UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15

16
   CLAUDE BRYANT, et al., on behalf of        )   CASE NO.  3:08-CV-01190 SI
17 themselves and all other employees and former )
   employees similarly situated,              )
18                                            )
19            Plaintiffs,                     )
              vs.                             )   DEFENDANT THOMAS RYAN'S
20                                            )   SUPPLEMENTAL RESPONSES TO
                                              )   PLAINTIFFS' REQUEST FOR
21 SERVICE CORPORATION                        )   PRODUCTION OF DOCUMENTS
   INTERNATIONAL et al.                       )
22                                            )
              Defendants.                     )
23                                            )
                                              )
24 _____   )
25

26 PROPOUNDING PARTY:          PLAINTIFFS

27 RESPONDING PARTY:           THOMAS RYAN

28 SET NUMBER:                 ONE
   THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
   DOCUMENTS                                                              1
   Case No.:  3:08-CV-01190 SI

Defendant, THOMAS RYAN (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the requests for production of documents, set one, propounded by plaintiffs, as follows:

## GENERAL STATEMENTS AND OBJECTIONS

1.     Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.     These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.     These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.     Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.     Responding Party expressly reserves:

    5.1     All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

    5.2     All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.     Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.    These responses are signed by counsel only as to the objections set forth in the responses. Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.    Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and/or the orders of assigned judge to this action.

9.    Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California by requiring Responding Party to produce documents in any form other than as they are kept in the ordinary course of business.   Specifically, Responding Party objects to Plaintiffs' production requests to the extent they purport to require Responding Party to produce documents in electronic format.  Responding Party has no obligation to create electronic records for documents that do not exist in that format.

10.    Responding Party objects to each and every production request to the extent it seeks documents created or modified outside the liability period of this lawsuit.

11.    The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**REQUEST FOR DOCUMENTS NO. 2:**

All Documentation, for the Relevant Time Period, Concerning or describing all employees of Thomas Ryan, Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and all Documentation for each such employee Concerning employment contracts or agreements and human resource information of any kind related to such employees. (A proper response includes, but is not limited

THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI                                                                                                    3

to, production of all Documentation Concerning any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel Files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO REQUEST NO. 2:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Thomas Ryan has not had any employees.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 2.

**REQUEST FOR DOCUMENTS NO. 3:**

All Documentation, for the Relevant Time Period, Concerning the pay, wage deduction, wage reporting and benefits structure and systems of SCI, Thomas Ryan and any SCI affiliated

THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI                                                                                  4

entity or location in California, and all Documentation Concerning the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, production of all Documentation such as any employee paystubs, Compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to, production of all Documentation Concerning which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO REQUEST NO. 3:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Thomas Ryan has not had any employees and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems. With respect to Service Corporation International, Responding Party refers

THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI                                                                                    5

the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 3.

**REQUEST FOR DOCUMENTS NO. 4:**

All Documentation, for the Relevant Time Period, Concerning all employment Practices and Policies that applied to employees of SCI, Thomas Ryan or any SCI affiliated entity or location in California, and Documentation Concerning the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, Thomas Ryan or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the production of Documentation Concerning all employee handbooks (including production of the handbooks themselves) or Policies applied to such employees during the Relevant Time Period, and the production of all Documentation Concerning the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO REQUEST NO. 4:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Thomas Ryan has not

had any employees and, as such, has not had any employment practices or policies.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 4.

**REQUEST FOR DOCUMENTS NO. 5:**

All Documentation, for the Relevant Time Period, Concerning the corporate structure for SCI, Thomas Ryan and any SCI affiliated entity or location in California and Documentation Concerning each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, Thomas Ryan or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, production of all Documentation, as to each forenamed party, of such things as organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of Compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO REQUEST NO. 5:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and

THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

7

1    dissemination of such confidential information.

2    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

3       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

4    understands the request, Responding Party responds as follows: Not applicable in light of the fact

5    that Thomas Ryan is an individual and, as such, has no corporate structure, and that during the

6    relevant time period (as that terms is defined in the requests), Thomas Ryan has not been involved

7    in the hiring, firing or disciplining of employees of SCI affiliated entities in California. (*See*

8    Declaration of Thomas Ryan in Support of Mr. Ryan's Motion to Dismiss Amended Complaint

9    Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.) With respect to

10    Service Corporation International, Responding Party refers the plaintiffs to Service Corporation

11    International's supplemental response to Plaintiffs' First Request for Production of Documents

12    Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 5.

13    **REQUEST FOR DOCUMENTS NO. 6:**

14       All Documentation, for the Relevant Time Period, Concerning all reporting requirements

15    imposed on SCI, Thomas Ryan or any SCI affiliated entity or location in California by any Person,

16    and Documentation Concerning all reporting requirements imposed by SCI, Thomas Ryan or any

17    SCI affiliated entity or location in California on any Person. (A proper response includes, but is not

18    limited to, production of Documentation regarding reporting requirements relating to business

19    matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

20    **RESPONSE TO REQUEST NO. 6:**

21       Responding Party objects to this request on the grounds that it grossly exceeds the limited

22    scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party

23    further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

24    burdensome and harassing, and it calls for speculation. Responding Party further objects to this

25    request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

26    information, and no protective order is in place which would govern the production, disclosure and

27    dissemination of such confidential information.

28

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Thomas Ryan has had no reporting requirements pertaining to employees as he has not been an employer.  Non-privileged documents in Responding Party's possession or control which reflect Mr. Ryan's reporting obligations to the Board of Directors of Service Corporation International are attached hereto as Exhibit "A" (Bates Stamp TRYAN0001-0007.)  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 6.

**REQUEST FOR DOCUMENTS NO. 7:**

All Documentation, for the Relevant Time Period, Concerning all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Thomas Ryan or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO REQUEST NO. 7:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact

THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

9

that during the relevant time period (as that terms is defined in the requests), Thomas Ryan has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. Thomas Ryan's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Thomas Ryan in Support of Mr. Ryan's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 7.

**REQUEST FOR DOCUMENTS NO. 8:**

All Documentation, for the Relevant Time Period, Concerning all agents or employees of SCI, Thomas Ryan or any SCI affiliated entity or location in California, who Communicated in any fashion to Thomas Ryan Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of Thomas Ryan; and Documentation Concerning all Persons who ever spoke with, reported to or otherwise contacted Thomas Ryan from within California, or Concerning any matters therein.

**RESPONSE TO REQUEST NO. 8:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.

///

THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

10

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Thomas Ryan has  not had any employees.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 8.

**REQUEST FOR DOCUMENTS NO. 9:**

All Documentation, for the Relevant Time Period, Concerning all actions taken or transactions made within or Concerning California by SCI, Thomas Ryan, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**RESPONSE TO REQUEST NO. 9:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Thomas Ryan has not had any employees and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  Thomas Ryan's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are

THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS                                                                                                                11
Case No.:  3:08-CV-01190 SI

set forth in the Declaration of Thomas Ryan in Support of Mr. Ryan's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 9.

**REQUEST FOR DOCUMENTS NO. 12:**

All Documentation, for the Relevant Time Period, Concerning any trips or visits made to California by Thomas Ryan, or by any employee or agent acting on behalf of SCI or Thomas Ryan Concerning SCI, Thomas Ryan, or any SCI affiliated entity or location in California; and all Documentation Concerning any trips or visits made by any Person to contact SCI or Thomas Ryan Concerning any matter in California.

**RESPONSE TO REQUEST NO. 12:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Thomas Ryan has not had any employees and has not made any trips to California related to the employment policies and practices in dispute in this litigation.  Thomas Ryan's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Thomas Ryan

THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

12

in Support of Mr. Ryan's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 12.

**REQUEST FOR DOCUMENTS NO. 13:**

All Documentation, for the Relevant Time Period, Concerning any Policies or decisions of SCI, Thomas Ryan, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO REQUEST NO. 13:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Thomas Ryan did not make policies or decisions for the specific purpose of complying or promoting compliance with California laws.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation

THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

13

1   International, Request No. 13.

2   **REQUEST FOR DOCUMENTS NO. 15:**

3       All Documentation, for the Relevant Time Period, Concerning any business operations or

4   efforts conducted, sought, negotiated, promoted or abandoned by Thomas Ryan with any Person

5   within California or Concerning California, and provide all Documentation Concerning any profits,

6   sales, revenues or business of any kind that SCI, Thomas Ryan or any SCI affiliated entity or

7   location in California can attribute, whether directly or indirectly, to operations in California.

8   **RESPONSE TO REQUEST NO. 15:**

9       Responding Party objects to this request on the grounds that it grossly exceeds the limited

10  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

11  further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly

12  burdensome and harassing, and it calls for speculation.  Responding Party further objects to this

13  request to the extent it calls for the disclosure of trade secret, proprietary or other confidential

14  information, and no protective order is in place which would govern the production, disclosure and

15  dissemination of such confidential information.  Responding Party further objects to the second

16  sub-part of this request as being irrelevant and not reasonably calculated to lead to the discovery of

17  admissible evidence.

18  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

19      Subject to and without waiving the aforesaid objections, and to the extent Responding Party

20  understands the request, Responding Party responds as follows:  Not applicable in light of the fact

21  that during the relevant time period (as that terms is defined in the requests), Thomas Ryan has not

22  had any employees and has not been involved in business operations in California which are

23  related to the employment policies and practices in dispute in this litigation.  Thomas Ryan's lack

24  of contacts with California sufficient for the Court to exercise general personal jurisdiction are set

25  forth in the Declaration of Thomas Ryan in Support of Mr. Ryan's Motion to Dismiss Amended

26  Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession.    With

27  respect to Service Corporation International, Responding Party refers the plaintiffs to Service

28

THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS                                                                                                      14
Case No.:  3:08-CV-01190 SI

Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 15.

**REQUEST FOR DOCUMENTS NO. 16:**

All Documentation, for the Relevant Time Period, Concerning any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or Thomas Ryan to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

**RESPONSE TO REQUEST NO. 16:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that during the relevant time period (as that terms is defined in the requests), Thomas Ryan has not had any employees and has not been involved in providing business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation. Thomas Ryan's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Thomas Ryan in Support of Mr. Ryan's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession. With respect to Service Corporation International,

THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS                                                    15
Case No.: 3:08-CV-01190 SI

Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for Service Corporation International, Request No. 16.

**REQUEST FOR DOCUMENTS NO. 17:**

All Documentation, for the Relevant Time Period, Concerning any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, Thomas Ryan or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and all legal Documentation related to such matters.

**RESPONSE TO REQUEST NO. 17:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Defendant further objects to this request to the extent it invades the attorney-client and/or attorney work product privilege. Responding Party further objects to this request to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows: Not applicable in light of the fact that, aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, Thomas Ryan does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories. Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response

THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 3:08-CV-01190 SI

16

1  to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for

2  Service Corporation International, Request No. 17.

3  **REQUEST FOR DOCUMENTS NO. 19:**

4      All Documentation, for the Relevant Time Period, Concerning "the human resources

5  services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to

6  those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her

7  declaration of July 9, 2007.

8  **RESPONSE TO REQUEST NO. 19:**

9      Responding Party objects to this request on the grounds that it grossly exceeds the limited

10  scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

11  further objects to this request on the grounds that it is vague, ambiguous, overbroad, unintelligible

12  (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing,

13  and it calls for speculation.  Responding party further objects to this request on the grounds that it

14  does not seek information which is relevant or reasonably calculated to lead to the discovery of

15  admissible evidence in that Gwen Petteway is not a party to this action.

16  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

17      Subject to and without waiving the aforesaid objections, and to the extent Responding Party

18  understands the request, and Responding Party's counsel having clarified with plaintiffs' counsel

19  that the declaration to which the request refers is the July 9, 2007 Declaration of Gwen Petteway

20  filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for

21  the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows:

22  Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to First Request

23  for Production of Documents Regarding Personal Jurisdiction Issues for Gwen Petteway, Request

24  No. 19.

25  **REQUEST FOR DOCUMENTS NO. 20:**

26      All Documentation, for the Relevant Time Period, Concerning each position (including any

27  board, officer, employment or other position) or job with SCI or any SCI affiliated entity or

28  THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS                                                                                                      17
Case No.:  3:08-CV-01190 SI

location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each produce all Documentation describing the corresponding responsibilities, duties and roles for such positions, and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO REQUEST NO. 20:**

Responding Party objects to this request on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding party further objects to this request on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan are not parties to this action.  Responding Party further objects to this request to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 20:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the request, Responding Party responds as follows:  Non-privileged documents in Responding Party's possession or control which reflect Mr. Ryan's employment responsibilities are attached hereto as Exhibit "A" (Bates Stamp TRYAN0001-0007.)  With respect to Paul Houston, Jane D. Jones, Curtis Briggs and Gwen Petteway, Responding Party refers the plaintiffs to their respective supplemental responses to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues, Request No. 20.

**REQUEST FOR DOCUMENTS NO. 21:**

All Documentation, for the Relevant Time Period, Concerning any contact that SCI, Thomas Ryan, any SCI affiliated entity or location in California, or any employee or agent acting

THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.:  3:08-CV-01190 SI

18

1   on their behalf, has had with California, or Concerning any matter within California.

2   **RESPONSE TO REQUEST NO. 21:**

3        Responding Party objects to this request on the grounds that it grossly exceeds the limited

4   scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding Party

5   objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome

6   and harassing, and it calls for speculation.

7   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

8        Subject to and without waiving the aforesaid objections, and to the extent Responding Party

9   understands the request, Responding Party responds as follows:  As to Thomas Ryan, Responding

10  Party refers the plaintiffs to his other supplemental responses to these requests which are set forth

11  above and are incorporated herein by reference.  With respect to Service Corporation International,

12  Responding Party refers the plaintiffs to Service Corporation International's supplemental response

13  to Plaintiffs' First Request for Production of Documents Regarding Personal Jurisdiction Issues for

14  Service Corporation International, Request No. 21.

16  Dated:   January _*22*_, 2009          GURNEE & DANIELS LLP

18                                  By _____

19                                      STEVEN H. GURNEE, ESQ.
20                                      DAVID M. DANIELS, ESQ.
                                        NICHOLAS P. FORESTIERE, ESQ.
21                                      Attorneys for Defendants
                                        SERVICE CORPORATION
22                                      INTERNATIONAL, SCI FUNERAL AND
                                        CEMETERY PURCHASING
23                                      COOPERATIVE, INC., SCI EASTERN
                                        MARKET SUPPORT CENTER, L.P., SCI
24                                      WESTERN MARKET SUPPORT CENTER,
                                        L.P., SCI HOUSTON MARKET SUPPORT
25                                      CENTER, L.P., JANE D. JONES, GWEN
26                                      PETTEWAY, THOMAS RYAN and CURTIS
                                        BRIGGS
27

28

THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS                                                                    19
Case No.:  3:08-CV-01190 SI

# BYLAWS

## OF

## SERVICE CORPORATION INTERNATIONAL

### ARTICLE I

### SHAREHOLDERS

Section 1.   Annual Meeting.   The annual meeting of shareholders shall be held on the date and at the time designated by the Board of Directors for the purpose of electing directors. Any business may be transacted at an annual meeting, except as otherwise provided by law or by these bylaws.   The Board of Directors may alter or postpone the time of holding the annual meeting of shareholders as they shall deem advisable.

Section 2.   Special Meeting.   A special meeting of shareholders may be called at any time by the holders of at least ten percent (10%) of the outstanding stock entitled to be voted at such meeting, by the Board of Directors, by the Chairman of the Board, by the Chief Executive Officer or by the President.   Only

- 1 -

TRYAN 00001

## ARTICLE III

### OFFICERS

Section 1.  Number, Titles and Term of Office.  The officers of the corporation shall be a Chairman of the Board, a Vice Chairman of the Board, a Chief Executive Officer, a President, one or more Vice Presidents (including one or more Executive Vice Presidents and one or more Senior Vice Presidents if deemed appropriate by the Board of Directors), a Secretary, a Treasurer and such other officers as the Board of Directors may from time to time elect or appoint.  Each officer shall hold office until his successor shall have been duly elected and qualified or until his death or until he shall resign or shall have been removed in the manner hereinafter provided.  One person may hold more than one office, except that the President shall not hold the office of Secretary.  None of the officers need be a director.

Section 2.  Removal.  Any officer or agent elected or appointed by the Board of Directors may be removed by the Board of Directors whenever in its judgment the best interests of the corporation will be served thereby, but such removal shall be

- 23 -

TRYAN 0000

without prejudice to the contract rights, if any, of the person so removed. Election or appointment of an officer or agent shall not of itself create contract rights.

Section 3. <u>Vacancies</u>. A vacancy in the office of any officer may be filled by vote of a majority of the directors for the unexpired portion of the term.

Section 4. <u>Powers and Duties of the Chairman of the Board</u>. The Chairman of the Board shall preside at all meetings of the Board of Directors and shall have such other powers and duties as designated in these bylaws and as from time to time may be assigned to him by the Board of Directors.

Section 5. <u>Powers and Duties of the Vice Chairman of the Board</u>. The Vice Chairman of the Board in the absence of the Chairman of the Board shall preside at all meetings of the Board of Directors and shall have such other powers and duties as from time to time may be assigned him by the Board of Directors.

Section 6. <u>Powers and Duties of the Chief Executive Officer</u>. The Chief Executive Officer shall be the primary executive officer

- 24 -

TRYAN 00003

of the corporation and, subject to the Board of Directors and the Chairman of the Board, he shall have general executive charge, management and control of the properties and operations of the corporation in the ordinary course of its business with all such powers with respect to such properties and operations as may be reasonably incident to such responsibilities; in the absence of the Chairman of the Board and the Vice Chairman of the Board, he may preside at all meetings of the Board of Directors; he may agree upon and execute all bonds, contracts and all other obligations in the name of the corporation; and he may sign all certificates for shares of capital stock of the corporation.

Section 7.  Powers and Duties of the President.  The President shall be the chief administrative officer of the corporation and, subject to the Board of Directors, the Chairman of the Board and the Chief Executive Officer, he shall have general administrative charge, management and control of the properties and operations of the corporation in the ordinary course of its business with all such powers with respect to such properties and operations as may be reasonably incident to such responsibilities; in the absence of the Chairman of the Board, the Vice Chairman of the Board and the Chief Executive Officer, he may

- 25 -

TRYAN 00004

preside at all meetings of the Board of Directors; he may agree upon and execute all bonds, contracts and all other obligations in the name of the corporation; and he may sign all certificates for shares of capital stock of the corporation.

Section 8.  Vice Presidents.  Each Vice President shall have such powers and duties as may be assigned to him by the Board of Directors and shall exercise the powers of the President during that officer's absence or inability to act.  Any action taken by a Vice President in the performance of the duties of the President shall be conclusive evidence of the absence or inability to act of the President at the time such action was taken.

Section 9.  Treasurer.  The Treasurer shall have custody of all the funds and securities of the corporation which come into his hands.  When necessary or proper, for collection he may, on behalf of the corporation, endorse checks, notes and other obligations and shall deposit the same to the credit of the corporation in such bank or banks or depositories as shall be designated in the manner prescribed by the Board of Directors, and he may sign all receipts and vouchers for payments made to the corporation, either alone or jointly with such other officer as is

- 26 -

TRYAN 00005

designated by the Board of Directors.  Whenever required by the Board of Directors, he shall render a statement of his cash account; he shall enter or cause to be entered regularly in the books of the corporation to be kept by him for the purpose full and accurate accounts of all moneys received and paid out on account of the corporation; he shall perform all acts incident to the position of Treasurer subject to the control of the Board of Directors; and he shall, if required by the Board of Directors, give such bond for the faithful discharge of his duties in such form as the Board of Directors may require.

Section 10.  Assistant Treasurer.  Each Assistant Treasurer shall have the usual powers and duties pertaining to his office, together with such other powers and duties as may be assigned to him by the Board of Directors.  The Assistant Treasurers shall exercise the powers of the Treasurer during that officer's absence or inability to act.

Section 11.  Secretary.  The Secretary shall keep the minutes of all meetings of the Board of Directors and committees thereof and the minutes of all meetings of the shareholder, in books provided for that purpose.  He shall attend to the giving and

- 27 -

TRYAN 00006

serving of all notices; he shall keep in safe custody the seal of the corporation, and, when authorized by the Board of Directors, affix the same to any instrument requiring it (when so affixed, such seal shall be attested by his signature or by the signature of the Treasurer or an Assistant Secretary); he shall have charge of the certificate books, transfer books and stock ledgers, and such other books and papers as the Board of Directors may direct, all of which shall at all reasonable times be open to inspection of any director upon application at the office of the corporation during business hours; and he shall in general perform all duties incident to the office of Secretary, subject to the control of the Board of Directors.

Section 12. <u>Assistant Secretaries</u>.  Each Assistant Secretary shall have the usual powers and duties pertaining to his office, together with such other powers and duties as may be assigned to him by the Board of Directors or the Secretary.  The Assistant Secretaries shall exercise the powers of the Secretary during that officer's absence or inability to act.

- 28 -

TRYAN 00007

1
2
3

**VERIFICATION**

4      I, THOMAS RYAN, the undersigned, say:

5      I am a party to this action.  The matters stated in the foregoing DEFENDANT

6   THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST

7   FOR PRODUCTION OF DOCUMENTS REGARDING PERSONAL JURISDICTION

8   ISSUES are true of my own knowledge except as to those matters which are stated

9  

10  on information and belief, and as to those matters I believe them to be true.

11      Executed on 20th day of January 2009 at Houston, Texas

12      I declare under penalty of perjury under the laws of the State of California that

13  the foregoing is true and correct.

14

15

16      _____
              THOMAS RYAN
17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Steven H. Gurnee &
Associates
A Law Corporation

*Bryant v. Service Corporation International*
Case No.:  CV 08-01190 SI

STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
NICHOLAS P. FORESTIERE, ESQ. SB# 125118
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA 95661-3805
Telephone      (916) 797-3100
Facsimile      (916) 797-3131

Attorneys for Defendants

SERVICE CORPORATION INTERNATIONAL,
SCI FUNERAL AND CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN MARKET
SUPPORT CENTER, L.P. SCI WESTERN
MARKET SUPPORT CENTER, L.P., SCI
HOUSTON MARKET SUPPORT CENTER, L.P.,
JANE D. JONES, GWEN PETTEWAY, THOMAS
RYAN and CURTIS BRIGGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLAUDE BRYANT, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>SERVICE CORPORATION INTERNATIONAL et al.<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO. 3:08-CV-01190 SI**<br><br><br>**DEFENDANT THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES** |

**PROPOUNDING PARTY:**　　　PLAINTIFFS

**RESPONDING PARTY:**　　　DEFENDANT, THOMAS RYAN

**SET NUMBER:**　　　ONE

Defendant, THOMAS RYAN (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

## GENERAL STATEMENTS AND OBJECTIONS

1.    Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.    These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.    These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.    Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.    Responding Party expressly reserves:

5.1    All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2    All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.    Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.    These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES            2
Case No.:  3:08-CV-01190 SI

8.    Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.    Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.    Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome. Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a person is identified.

12.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a document is identified.

13.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which an act is identified.

15.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    3
Case No.:  3:08-CV-01190 SI

16.    Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.    The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of Thomas Ryan, Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and human resource Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production,

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    4
Case No.:  3:08-CV-01190 SI

disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the relevant time period (as that terms is defined in the interrogatories), Thomas Ryan has not had any employees. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 4.

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI, Thomas Ryan and any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee paystubs, compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification and Description in Detail of which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO INTERROGATORY NO. 5**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    5
Case No.:  3:08-CV-01190 SI

Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the relevant time period (as that terms is defined in the interrogatories), Thomas Ryan has not had any employees and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 5.

**INTERROGATORY NO. 6:**

Identify and Describe in Detail during the Relevant Time Period all employment Practices and Policies that applied to employees of SCI, Thomas Ryan or any SCI affiliated entity or location in California, and Identify and Describe in Detail the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, Thomas Ryan or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the Identification

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES     6
Case No.: 3:08-CV-01190 SI

and Description in Detail of all employee handbooks or Policies applied to such employees during the Relevant Time Period, and Identification and Description in Detail of the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO INTERROGATORY NO. 6**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Thomas Ryan has not had any employees and, as such, has not had any employment practices or policies.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 6.

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI, Thomas Ryan and any SCI affiliated entity or location in California and Identify and Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any

kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, Thomas Ryan or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO INTERROGATORY NO. 7**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:   Thomas Ryan is an individual and, as such, has no corporate structure.  During the relevant time period (as that terms

is defined in the interrogatories), Thomas Ryan has not been involved in the hiring, firing or disciplining of employees of SCI affiliated entities in California. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 7.

**INTERROGATORY NO. 8:**

Identify and Describe in Detail during the Relevant Time Period all reporting requirements imposed on SCI, Thomas Ryan or any SCI affiliated entity or location in California by any Person, and Identify and Describe in Detail all reporting requirements imposed by SCI, Thomas Ryan or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**RESPONSE TO INTERROGATORY NO. 8**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the relevant time period (as that terms is defined in the interrogatories), Thomas Ryan has had no reporting

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    9
Case No.: 3:08-CV-01190 SI

requirements pertaining to employees as he has not been an employer.  Thomas Ryan, as President and CEO of Service Corporation International, reports to its Board of Directors.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 8.

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Thomas Ryan or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Thomas Ryan has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. Thomas Ryan's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Thomas Ryan in Support of Mr. Ryan's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    10
Case No.:  3:08-CV-01190 SI

plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 9.

**INTERROGATORY NO. 10:**

Identify and Describe in Detail during the Relevant Time Period all agents or employees of SCI, Thomas Ryan or any SCI affiliated entity or location in California, who communicated in any fashion to Thomas Ryan Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of Thomas Ryan; and Identify and Describe in Detail all Persons who ever spoke with, reported to or otherwise contacted Thomas Ryan from within California, or Concerning any matters therein.

**RESPONSE TO INTERROGATORY NO. 10**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Thomas Ryan has  not had any employees.

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                   11
Case No.:  3:08-CV-01190 SI

With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 10.

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or Concerning California by SCI, Thomas Ryan, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**RESPONSE TO INTERROGATORY NO. 11**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Thomas Ryan has not had any employees and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  Thomas Ryan's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Thomas L. Ryan in Support of Mr. Ryan's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International,

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                12
Case No.:  3:08-CV-01190 SI

Interrogatory No. 11.

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by Thomas Ryan, or by any employee or agent acting on behalf of SCI or Thomas Ryan concerning SCI, Thomas Ryan, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or Thomas Ryan Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 14**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Thomas Ryan has not had any employees and has not made any trips to California related to the employment policies and practices in dispute in this litigation. Thomas Ryan's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Thomas L. Ryan in Support of Mr. Ryan's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service

Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 14.

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, Thomas Ryan, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Thomas Ryan did not make policies or decisions for the specific purpose of complying or promoting compliance with California laws.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    14
Case No.: 3:08-CV-01190 SI

Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 15.

**INTERROGATORY NO. 17:**

Identify and Describe in Detail during the Relevant Time Period any business operations or efforts conducted, sought, negotiated, promoted or abandoned by Thomas Ryan with any Person within California or Concerning California, and provide Identification and Description in Detail of any profits, sales, revenues or business of any kind that SCI, Thomas Ryan or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO INTERROGATORY NO. 17**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1). Responding Party further objects to the second sub-part of this interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Thomas Ryan has not had any employees and has not been involved in business operations in California which are related to the employment policies and practices in dispute in this litigation.  Thomas Ryan's lack of contacts with California

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    15
Case No.:  3:08-CV-01190 SI

sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Thomas L. Ryan in Support of Mr. Ryan's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 17.

**INTERROGATORY NO. 18:**

Identify and Describe in Detail during the Relevant Time Period (including full Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or Thomas Ryan to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

**RESPONSE TO INTERROGATORY NO. 18**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                16
Case No.:  3:08-CV-01190 SI

Time Period (as that term is defined in the interrogatories), Thomas Ryan has not had any employees and has not been involved in providing business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation. Thomas Ryan's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Thomas L. Ryan in Support of Mr. Ryan's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 18.

**INTERROGATORY NO. 19:**

Identify and Describe in Detail during the Relevant Time Period any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, Thomas Ryan or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and Identify and Describe in Detail any legal Documents related to such matters.

**RESPONSE TO INTERROGATORY NO. 19:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Defendant further objects to this interrogatory to the extent it invades the attorney-client and/or attorney work product privilege. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

///

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    17
Case No.:  3:08-CV-01190 SI

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, Thomas Ryan does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories. Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 19.

**INTERROGATORY NO. 21:**

Identify and Describe in Detail during the Relevant Time Period "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO INTERROGATORY NO. 21**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the interrogatory refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S.

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    18
Case No.:  3:08-CV-01190 SI

District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows:   Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Gwen Petteway, Interrogatory No. 21.

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Thomas Ryan, Gwen Petteway, Curtis Briggs and Jane D. Jones have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO INTERROGATORY NO. 22**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:   Thomas Ryan is an employee of SCI Executive Services, a Texas corporation, the President of SCI International

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    19
Case No.:  3:08-CV-01190 SI

Limited and he holds the title of President and Chief Executive Officer of Service Corporation International, a Texas Corporation.  As Chief Executive Officer, Mr. Ryan is the primary executive officer of the corporation and, subject to the Board of Directors and the Chairman of the Board, he has general executive charge, management and control of the properties and operations of the corporation in the ordinary course of its business with all such powers with respect to such properties and operations as may be reasonably incident to such responsibilities; in the absence of the Chairman of the Board and the Vice Chairman of the Board, he may preside at all meetings of the Board of Directors; he may agree upon and execute all bonds, contracts and all other obligations in the name of the corporation; and he may sign all certificates for shares of capital stock of the corporation.  As President, Mr. Ryan serves as the chief administrative officer of the corporation and, subject to the Board of Directors, the Chairman of the Board and the Chief Executive Officer, he has general administrative charge, management and control of the properties and operations of the corporation in the ordinary course of its business with all such powers with respect to such properties and operations as may be reasonably incident to such responsibilities; in the absence of the Chairman of the Board, the Vice Chairman of the Board and the Chief Executive Officer, he may preside at all meetings of the Board of Directors; he may agree upon and execute all bonds, contract and other obligations in the name of the corporation; and he may sign all certificates for shares of capital stock of the corporation.  With respect to Paul Houston, Gwen Petteway, Curtis Briggs and Jane D. Jones, Responding Party refers the plaintiffs to their respective supplemental responses to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22.

**INTERROGATORY NO. 23:**

Identify and Describe in Detail during the Relevant Time Period any contact that SCI, Thomas Ryan, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

**RESPONSE TO INTERROGATORY NO. 23**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                          20
Case No.:  3:08-CV-01190 SI

1  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

2  Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous,

3  overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding party

4  further objects to this interrogatory on the grounds that it contains more than one separate and

5  discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

6  imposed by FRCP 33(a)(1).

7  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23**

8       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

9  understands the interrogatory, Responding Party responds as follows:  As to Thomas Ryan,

10  Responding Party refers the plaintiffs to his other supplemental responses these interrogatories

11  which are set forth above and are incorporated herein by reference.  With respect to Service

12  Corporation International, Responding Party refers the plaintiffs to Service Corporation

13  International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

14  Jurisdiction Issues for Service Corporation International, Interrogatory No. 23.

15

16  Dated:  January 22, 2009                    GURNEE & DANIELS LLP

17

18                                    By _____

19                                       STEVEN H. GURNEE, ESQ.
                                         DAVID M. DANIELS, ESQ.
20                                       NICHOLAS P. FORESTIERE, ESQ.
                                         Attorneys for Defendants
21                                       SERVICE CORPORATION
                                         INTERNATIONAL, SCI FUNERAL AND
22                                       CEMETERY PURCHASING
                                         COOPERATIVE, INC., SCI EASTERN
23                                       MARKET SUPPORT CENTER, L.P., SCI
                                         WESTERN MARKET SUPPORT CENTER,
24                                       L.P., SCI HOUSTON MARKET SUPPORT
25                                       CENTER, L.P., JANE D. JONES, GWEN
                                         PETTEWAY, THOMAS RYAN and CURTIS
26                                       BRIGGS

27

28

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                              21
Case No.:  3:08-CV-01190 SI

1
2
3          **<u>VERIFICATION</u>**
4      I, THOMAS RYAN, the undersigned, say:
5      I am a party to this action.  The matters stated in the foregoing DEFENDANT
6  THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
7  INTERROGATORIES are true of my own knowledge except as to those matters
8
9  which are stated on information and belief, and as to those matters I believe them to
10 be true.
11     Executed on 10th day of January 2009 at Houston, Texas
12     I declare under penalty of perjury under the laws of the State of California that
13
14 the foregoing is true and correct.
15
16                    _____
17                         THOMAS RYAN
18
19
20
21
22
23
24
25
26
27
28                                  *Bryant v. Service Corporation International*
                                      Case No.:  CV 08-01190 SI

LAW OFFICES
Steven H. Gurnee &
Associates
A Law Corporation