# EXHIBIT G

STEVEN H. GURNEE, ESQ. SB# 66056
JOHN A. MASON, ESQ. SB# 166996
NICHOLAS P. FORESTIERE, ESQ. SB# 125118
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA 95661-3805
Telephone    (916) 797-3100
Facsimile    (916) 797-3131

Attorneys for Defendants

SERVICE CORPORATION INTERNATIONAL,
SCI FUNERAL AND CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN MARKET
SUPPORT CENTER, L.P. SCI WESTERN
MARKET SUPPORT CENTER, L.P., SCI
HOUSTON MARKET SUPPORT CENTER, L.P.,
JANE D. JONES, GWEN PETTEWAY, THOMAS
RYAN and CURTIS BRIGGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>　　　　　　Plaintiffs,<br>　　vs.<br><br>SERVICE CORPORATION INTERNATIONAL et al.<br><br>　　　　　　Defendants. | **CASE NO. 3:08-CV-01190 SI**<br><br>**DEFENDANT THOMAS RYAN'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORIES** |

**PROPOUNDING PARTY:**　　PLAINTIFFS

**RESPONDING PARTY:**　　DEFENDANT, THOMAS RYAN

**SET NUMBER:**　　ONE

THOMAS RYAN SECOND SUPPLEMENTAL RESPONSES TO INTERROGATORIES   1
Case No.: 3:08-CV-01190 SI

Defendant, THOMAS RYAN (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following second supplemental response to the special interrogatories, set one, propounded by plaintiffs:

### GENERAL STATEMENTS AND OBJECTIONS

1.   Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.   These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.   These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.   Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.   Responding Party expressly reserves:

   5.1   All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

   5.2   All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.   Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7. These responses are signed by counsel only as to the objections set forth in the responses. Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8. Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9. Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10. Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome. Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11. Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a person is identified.

12. Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a document is identified.

13. Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14. Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which an act is identified.

THOMAS RYAN SECOND SUPPLEMENTAL RESPONSES TO INTERROGATORIES 3
Case No.: 3:08-CV-01190 SI

15. Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16. Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17. The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Thomas Ryan, Gwen Petteway, Curtis Briggs and Jane D. Jones have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO INTERROGATORY NO. 22**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

THOMAS RYAN SECOND SUPPLEMENTAL RESPONSES TO INTERROGATORIES 4
Case No.: 3:08-CV-01190 SI

33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Thomas Ryan is an employee of SCI Executive Services, a Texas corporation, the President of SCI International Limited and he holds the title of President and Chief Executive Officer of Service Corporation International, a Texas Corporation. As Chief Executive Officer, Mr. Ryan is the primary executive officer of the corporation and, subject to the Board of Directors and the Chairman of the Board, he has general executive charge, management and control of the properties and operations of the corporation in the ordinary course of its business with all such powers with respect to such properties and operations as may be reasonably incident to such responsibilities; in the absence of the Chairman of the Board and the Vice Chairman of the Board, he may preside at all meetings of the Board of Directors; he may agree upon and execute all bonds, contracts and all other obligations in the name of the corporation; and he may sign all certificates for shares of capital stock of the corporation. As President, Mr. Ryan serves as the chief administrative officer of the corporation and, subject to the Board of Directors, the Chairman of the Board and the Chief Executive Officer, he has general administrative charge, management and control of the properties and operations of the corporation in the ordinary course of its business with all such powers with respect to such properties and operations as may be reasonably incident to such responsibilities; in the absence of the Chairman of the Board, the Vice Chairman of the Board and the Chief Executive Officer, he may preside at all meetings of the Board of Directors; he may agree upon and execute all bonds, contract and other obligations in the name of the corporation; and he may sign all certificates for shares of capital stock of the corporation. With respect to Paul Houston, Gwen Petteway, Curtis Briggs and Jane D. Jones, Responding Party refers the plaintiffs to their respective supplemental responses to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Thomas Ryan is an employee of SCI Executive Services, a Texas corporation, the President of SCI International Limited and he holds the title of President and Chief Executive Officer of Service Corporation International, a Texas Corporation. As Chief Executive Officer of Service Corporation International, a Texas Corporation, Mr. Ryan is the primary executive officer of Service Corporation International, a Texas Corporation and, subject to the Board of Directors and the Chairman of the Board, he has general executive charge, management and control of the properties and operations of Service Corporation International, a Texas corporation, in the ordinary course of its business with all such powers with respect to such properties and operations as may be reasonably incident to such responsibilities; in the absence of the Chairman of the Board and the Vice Chairman of the Board, he may preside at all meetings of the Board of Directors; he may agree upon and execute all bonds, contracts and all other obligations in the name of the Service Corporation International, a Texas Corporation; and he may sign all certificates for shares of capital stock of Service Corporation International, a Texas Corporation. As President of Service Corporation International, a Texas Corporation, Mr. Ryan serves as the chief administrative officer of the Service Corporation International, a Texas Corporation and, subject to the Board of Directors, the Chairman of the Board and the Chief Executive Officer, he has general administrative charge, management and control of the properties and operations of Service Corporation International, a Texas corporation, in the ordinary course of its business with all such powers with respect to such properties and operations as may be reasonably incident to such responsibilities; in the absence of the Chairman of the Board, the Vice Chairman of the Board and the Chief Executive Officer, he may preside at all meetings of the Board of Directors; he may agree upon and execute all bonds, contract and other obligations in the name of Service Corporation International, a Texas Corporation; and he may sign all certificates for shares of capital stock of Service Corporation International, a Texas Corporation. With respect to Paul Houston, Gwen

Petteway, Curtis Briggs and Jane D. Jones, Responding Party refers the plaintiffs to their respective supplemental responses to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22.

Dated:  February 9, 2009

GURNEE & DANIELS LLP

By _____
STEVEN H. GURNEE, ESQ.
JOHN A. MASON, ESQ.
NICHOLAS P. FORESTIERE, ESQ.
Attorneys for Defendants
SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P., SCI HOUSTON MARKET SUPPORT CENTER, L.P., JANE D. JONES, GWEN PETTEWAY, THOMAS RYAN and CURTIS BRIGGS

## VERIFICATION

I, THOMAS RYAN, the undersigned, say:

I am a party to this action. The matters stated in the foregoing DEFENDANT THOMAS RYAN'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on 6th day of February 2009 at Houston, Texas.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
THOMAS RYAN

STEVEN H. GURNEE, ESQ. SB# 66056
JOHN A. MASON, ESQ. SB# 166996
NICHOLAS P. FORESTIERE, ESQ. SB# 125118
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA 95661-3805
Telephone   (916) 797-3100
Facsimile    (916) 797-3131

Attorneys for Defendants

SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P. SCI WESTERN MARKET SUPPORT CENTER, L.P., SCI HOUSTON MARKET SUPPORT CENTER, L.P., JANE D. JONES, GWEN PETTEWAY, THOMAS RYAN and CURTIS BRIGGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>SERVICE CORPORATION INTERNATIONAL et al.<br><br>Defendants. | CASE NO. 3:08-CV-01190 SI<br><br>**DEFENDANT CURTIS BRIGGS SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORIES** |

**PROPOUNDING PARTY:**   PLAINTIFFS

**RESPONDING PARTY:**    DEFENDANT, CURTIS BRIGGS

**SET NUMBER:**   ONE

**DEFENDANT CURTIS BRIGGS SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORIES**
Case No.: 3:08-CV-01190 SI

1

Defendant, CURTIS BRIGGS (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following second supplemental response to the special interrogatories, set one, propounded by plaintiffs:

## GENERAL STATEMENTS AND OBJECTIONS

1. Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2. These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3. These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4. Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5. Responding Party expressly reserves:

    5.1 All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

    5.2 All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6. Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

DEFENDANT CURTIS BRIGGS SECOND SUPPLEMENTAL RESPONSE TO
PLAINTIFFS' INTERROGATORIES                                                                                   2
Case No.:  3:08-CV-01190 SI

7.   These responses are signed by counsel only as to the objections set forth in the responses. Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.   Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.   Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.  Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome. Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.  Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a person is identified.

12.  Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a document is identified.

13.  Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.  Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which an act is identified.

DEFENDANT CURTIS BRIGGS SECOND SUPPLEMENTAL RESPONSE TO
PLAINTIFFS' INTERROGATORIES                                                                  3
Case No.: 3:08-CV-01190 SI

15.  Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16.  Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.  The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO INTERROGATORY NO. 22**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

**DEFENDANT CURTIS BRIGGS SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORIES**
Case No.: 3:08-CV-01190 SI

4

33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Curtis Briggs is an employee of SCI Funeral and Cemetery Purchasing Cooperative, Inc., a Delaware corporation, and he holds the title of Senior Corporate Counsel. Mr. Briggs is also the Assistant Corporate Secretary to Service Corporation International. Mr. Briggs' principal duties include participating in and providing support for financings and SEC filings. He serves on the Disclosure Committee and in a secretarial role for the Board and various committees. He administers and monitors the securities trading policy, stock plans and NYSE compliance. Mr. Briggs has also been the President of Alderwoods (Texas), Inc., DSP General Partner II, Inc., Earthman LP, Inc., RH Mortuary Corporation, Directors Succession Planning II, Inc., Directors Succession Planning, Inc., DSP General Partner II, Inc., and Alderwoods Group, LLC. He has also been the Vice President of EVMP Corporation, Acheson & Graham Mortuary, Inc., California Cemetery & Funeral Services, LLC, CFR Corporation, Chung Wah Funeral Directors, Inc., Coral Ridge Funeral Home and Cemetery, Inc., CWFD, Inc., DD & H Corporation, ECI Cemetery Services of California, Inc., ECI Services of California, Inc., Eden Memorial Park Association, Ellis Olson Mortuary, Eternal Hills Cemetery Association, Eternal Life Properties, Inc., FCA Acquisition Corporation, Financial Capital of America, Fremont Cemetery Corporation, Glen Abbey Inc., Green Acres Memorial Park & Mortuary, Directors Succession Planning, Inc., Greenwood Memorial Park, Inc., Hong Kong Funeral Homes, Hotchkiss Mortuary, Incorporated, International Funeral Parlours, John A. Mies, Inc., Joshua Memorial Park, La Verne Cemetery Corporation, LAFAMCO, Inc., Lakeside Memorial Lawn, LIBO, Inc., Lima-Salmon-Erickson, Inc., Mac Dougall Mortuaries, Inc, Malinow & Silverman, Inc., Maridon, Inc., MB Line, Miller Enterprises, Inc., Mirabal Mortuary, Inc., Mission Casket, Co., Mount Vernon Memorial Park, Alderwoods Group, LLC, Mt. View Cemetery of San Bernardino, Oak Hill Improvement Company, Oakdale Memorial Park, Oakdale Mortuary, Ocean View Cemetery, Pierce Brothers, Pierce Brothers Crematorium, Pierce Holdings

(California) Inc., Provident Credit of California, Inc., Provident Services, Inc., RC/SC Funeral Chapels, Inc., Redding Memorial Park, RH Mortuary Corporation, SCI California Funeral Services, Inc., SCI Western Market Support Center, Inc., Universal Memorial Centers V, Inc., Universal Memorial Centers VI, Inc., Alderwoods Group (California), Inc., Workman Mill Investment Company, RVL Properties, S&H Properties & Enterprises, Inc., Sacramento Memorial Lawn, SCI Southern California Region, Inc., Ted M. Mayr Funeral Home, Inc., Tinkler Acquisition Corp., Tinkler Mission Chapel, Turner & Stevens Company, Valley Funeral Home, and World Funeral Home. Mr. Briggs has also been the Secretary of Financial Capital of America, FCA Acquisition Corporation, EVMP Corporation, CREMCORP, INC., Mount Vernon Memorial Park, MB Line, RC/SC Funeral Chapels, Inc., CFR Corporation, DD & H Corporation, RVL Properties, Sierra View Mausoleum Association, and Eden Memorial Park Association. Mr. Briggs has also been the Assistant Secretary of Sierra View Memorial Park and ECI Services of California, Inc. Mr. Briggs has also been a Director of J.B. Draper Co., SCI Western Market Support Center, Inc., Alderwoods (Texas), Inc., Directors Succession Planning II, Inc., DSP General Partner II, Inc., Earthman LP, Inc., Lisle Funeral Home, MISH Acquisition Corporation, and Directors Succession Planning, Inc. With respect to Paul Houston, Thomas Ryan, Gwen Petteway and Jane D. Jones, Responding Party refers the plaintiffs to their respective supplemental responses to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Responding Parties' duties with respect to his positions as Senior Corporate Counsel and as Assistant Corporate Secretary to Service Corporation International are described in his original supplemental response to this interrogatory. Responding Parties' duties with respect to the other California entities listed in his original supplemental response are generally limited to executing various documents on behalf of those respective entities, including contracts, corporate reporting documents and similar company

DEFENDANT CURTIS BRIGGS SECOND SUPPLEMENTAL RESPONSE TO
PLAINTIFFS' INTERROGATORIES                                                                 6
Case No.: 3:08-CV-01190 SI

records, which Mr. Briggs executes in his capacity as an officer of those entities. However, Mr. Briggs is not involved in the day-to-day operations or decision-making of these entities.

Dated:   February 9, 2009

GURNEE & DANIELS LLP

By _____
STEVEN H. GURNEE, ESQ.
JOHN A. MASON, ESQ.
NICHOLAS P. FORESTIERE, ESQ.
Attorneys for Defendants
SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P., SCI HOUSTON MARKET SUPPORT CENTER, L.P., JANE D. JONES, GWEN PETTEWAY, THOMAS RYAN and CURTIS BRIGGS

DEFENDANT CURTIS BRIGGS SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORIES
Case No.:  3:08-CV-01190 SI

7

## VERIFICATION

I, CURTIS BRIGGS, the undersigned, say:

I am a party to this action. The matters stated in the foregoing DEFENDANT CURTIS BRIGGS' SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on ___6___ day of February 2009 at Houston, Texas.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
CURTIS BRIGGS