BURNHAM BROWN
Robert M. Bodzin, State Bar No. 201327
P.O. Box 119
Oakland, CA 94604
Telephone: (510) 835-6833
Facsimile:  (510) 835-6666
rbodzin@BurnhamBrown.com

[Additional Counsel Listed on Signature Page]

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| WILLIAM HELM, et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>ALDERWOODS GROUP, INC.,<br><br>            Defendant.<br>_____<br>CLAUDE BRYANT, et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>SERVICE CORPORATION INTERNATIONAL, et al.,<br><br>            Defendants. | Case Nos. CV 08-1184-SI and<br>CV 08-1190-SI<br><br>**[NON-CONFIDENTIAL] PLAINTIFFS' CONSOLIDATED DECLARATION OF SARAH CRESSMAN IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(2) (LACK OF *IN PERSONAM* JURISDICTION) OR, ALTERNATIVELY, FRCP 12(b)(6) (FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED)**<br><br>Date:   May 29, 2009<br>Time:  9:00a.m.<br>Dept:  10 |

---

PLAINTIFFS' CONSOLIDATED DECLARATION OF SARAH CRESSMAN IN OPPOSITION TO
DEFENDANTS' MOTIONS TO DISMISS
                                                                          Case Nos. CV 08-1184-SI and  CV 08-1190-SI

Additional Attorneys for Plaintiffs, who are admitted *pro hac vice*:

J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Annette Gifford, NY Attorney No. 4105870
Sarah Cressman, NY Attorney No. 4014379
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
Facsimile:  (585) 272-0574
nthomas@theemploymentattorneys.com


Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
MARGOLIS EDELSTEIN
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256
Facsimile: (412) 642-2380
csaul@margolisedelstein.com

PLAINTIFFS' CONSOLIDATED DECLARATION OF SARAH CRESSMAN IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Case Nos. CV 08-1184-SI and CV 08-1190-SI

I, Sarah Cressman, under penalty of perjury, declare:

1. I am associated with the law firm Thomas & Solomon LLP, counsel for plaintiffs in these actions. This Declaration sets forth the factual evidence acquired through discovery on personal jurisdiction issues and is submitted in response to defendants Service Corporation International's ("SCI"), SCI Eastern Market Support Center, L.P.'s ("SCI Eastern"), SCI Houston Market Support Center, L.P.'s ("SCI Houston"), Jane D. Jones's, Gwen Petteway's, Thomas Ryan's and Curtis Briggs's Motion to Dismiss pursuant to FRCP 12(b)(2) (lack of *in personam* jurisdiction) or, alternatively, FRCP 12(b)(6) (failure to state a claim on which relief can be granted) in the *Bryant* action.

**PERSONAL JURISDICTION DISCOVERY**

2. In response to defendants' previously filed motions to dismiss, plaintiffs requested discovery related to the personal jurisdiction issues raised in defendants' motions, and this Court granted plaintiffs' request at the Case Management Conference held on August 28, 2008 (*Helm* Docket No. 116; *Bryant* Docket No. 103).

3. Pursuant to that Order, plaintiffs served discovery requests on defendants relative to the personal jurisdiction issues defendants raised in their motions to dismiss.

4. Defendants' written responses to plaintiffs' requests were deficient and initially consisted solely of objections, as defendants refused to provide any information or even a single document in response to any of plaintiffs' requests. Although, after multiple conferrals between the parties, defendants eventually produced some additional information, plaintiffs were forced to file a motion to compel due to the insufficiency of defendants' responses (*Bryant* Docket No. 117). In response to plaintiffs' motion to compel, this Court ordered defendants to further supplement their responses but ordered those responses be served on the same date that defendants were to re-file their motions to dismiss, April 17, 2009 (*Bryant* Docket No. 125).

5. Although defendants did produce some additional information in their April 17, 2009 supplemental responses, plaintiffs believe, based upon their own investigation and

PLAINTIFFS' CONSOLIDATED DECLARATION OF SARAH CRESSMAN IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
- 1 -    Case Nos. CV 08-1184-SI and CV 08-1190-SI

subsequent deposition of SCI CEO Thomas Ryan, that evidence relevant to jurisdictional issues is still being withheld from plaintiffs.

6. However, plaintiffs are proceeding despite the inadequacy of defendants' discovery responses based upon the evidence defendants have produced thus far and the evidence plaintiffs themselves have been able to gather through their own investigation demonstrating defendants' contacts with California, as set forth below.

7. The transcript from the deposition of Thomas Ryan taken on April 22, 2009 is attached hereto as **Exhibit A**.

8. The exhibits from the deposition of Thomas Ryan taken on April 22, 2009 are attached hereto as **Exhibit B**.

9. SCI's Supplemental Responses to Plaintiffs' Interrogatories dated January 22, 2009 are attached hereto as **Exhibit C**.

10. SCI's Further Supplemental Responses to Plaintiffs' Interrogatories dated April 17, 2009 are attached hereto as **Exhibit D**.

11. SCI Eastern's Further Supplemental Responses to Plaintiffs' Interrogatories dated April 17, 2009 are attached hereto as **Exhibit E**.

12. SCI Houston's Further Supplemental Responses to Plaintiffs' Interrogatories dated April 17, 2009 are attached hereto as **Exhibit F**.

13. Thomas Ryan's Supplemental Responses to Plaintiffs' Interrogatories dated January 22, 2009 are attached hereto as **Exhibit G**.

14. Thomas Ryan's Second Supplemental Responses to Plaintiffs' Interrogatories dated February 9, 2009 are attached hereto as **Exhibit H**.

15. Thomas Ryan's Further Supplemental Responses to Plaintiffs' Interrogatories dated April 17, 2009 are attached hereto as **Exhibit I**.

16. Curtis Briggs's Supplemental Responses to Plaintiffs' Interrogatories dated January 22, 2009 are attached hereto as **Exhibit J**.

PLAINTIFFS' CONSOLIDATED DECLARATION OF SARAH CRESSMAN IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
- 2 -     Case Nos. CV 08-1184-SI and CV 08-1190-SI

17. Curtis Briggs's Second Supplemental Responses to Plaintiffs' Interrogatories dated February 9, 2009 are attached hereto as **Exhibit K**.

18. Curtis Briggs's Further Supplemental Responses to Plaintiffs' Interrogatories dated April 17, 2009 are attached hereto as **Exhibit L**.

19. Jane Jones's Supplemental Responses to Plaintiffs' Interrogatories dated January 22, 2009 are attached hereto as **Exhibit M**.

20. Jane Jones's Further Supplemental Responses to Plaintiffs' Interrogatories dated April 17, 2009 are attached hereto as **Exhibit N**.

21. Gwen Petteway's Supplemental Responses to Plaintiffs' Interrogatories dated January 22, 2009 are attached hereto as **Exhibit O**.

22. Gwen Petteway's Further Supplemental Responses to Plaintiffs' Interrogatories dated Aril 17, 2009 are attached hereto as **Exhibit P**.

### SCI'S OPERATIONS AND CONTACTS WITH CALIFORNIA

23. SCI is a Texas corporation which is the 100 percent owner of SCI Funeral Services, LLC, an Iowa limited liability company, which is the 100 percent owner of SCI California Funeral Services, Inc., a California corporation. *See* **Exhibit C** (Supplemental Response to Interrogatory No. 7); **Exhibit B** (Exhibit 7 to Ryan Deposition, SCI (BRY) 00414).

24. SCI's funeral operations are organized into regional markets, with the Co-op, SCI Eastern, SCI Houston and SCI Western, collectively providing financial, administrative and human resource support services to the funeral home locations. *See* Amended Complaint at ¶25 (*Bryant* Docket No. 1). SCI's Annual Report explains the support centers' role in SCI's operations: "[t]he primary functions of the support centers are to help facilitate the execution of corporate strategies, coordinate communications between field and corporate offices, and serve as liaisons for the implementation of policies and procedures." *See,* **Exhibit B** (Exhibit 28 to Ryan Deposition at p.5).

25. SCI represents itself as an integrated company with employees and funeral home operations nationwide. *See, e.g.,* **Exhibit B** (Exhibit 28 to Ryan Deposition, Form 10-K).

PLAINTIFFS' CONSOLIDATED DECLARATION OF SARAH CRESSMAN IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
- 3 -   Case Nos. CV 08-1184-SI and CV 08-1190-SI

26. SCI's website proclaims "[w]e have more than 22,000 dedicated employees … Operating from a network of more than 2,000 funeral homes and cemeteries." *See* page from SCI website attached hereto as **Exhibit Q**.

27. SCI's Annual Report, Form 10-K filed on March 2, 2009 also describes SCI's employees: "At December 31, 2008, we employed 13,581 (13,550 in North America) individuals on a full-time basis and 7,190 (7,180 in North America) individuals on a part-time basis. Of the full-time employees, 12,820 were employed in cemetery and funeral operations and 761 were employed in corporate or other overhead activities and services." *See* **Exhibit B** (Exhibit 28 to Ryan Deposition at p.8).

28. SCI promulgates uniform employment policies and practices through its Employee Handbook, ███████████████████████████████████████████ *See* **Exhibit B** (Exhibits 4-6 to Ryan Deposition, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.*

29. In addition to the Employee Handbooks described above, SCI also has other uniform corporate policies and procedures. SCI has a written Code of Conduct and Ethics that "applies to all officers and employees of Service Corporation International and its affiliated companies (collectively referred to herein as "the Company"). The Code of Conduct contains

PLAINTIFFS' CONSOLIDATED DECLARATION OF SARAH CRESSMAN IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

numerous employee relations policies, which are also included in the SCI employee handbook. *See* **Exhibit B** (Exhibit 19 to Ryan Deposition at p.1).  SCI also has a whistleblower policy directing employees to report matters to a careline directed to Service Corporation International at an address in Houston, Texas, where SCI's corporate headquarters are located.  *Id.* (Exhibit 20 to Ryan Deposition).

30. SCI utilizes a uniform marketing strategy to market its funeral services under SCI's "Dignity Memorial" brand:

> We have branded our funeral operations in North America under the name Dignity Memorial®.  We believe our transcontinental branding strategy gives us a strategic advantage and identity in the industry.  While this branding process is intended to emphasize our seamless national network of funeral service locations and cemeteries, the original names associated with acquired operations, and their inherent goodwill and heritage, generally remain the same.

*See* **Exhibit B** (Exhibit 28 to Ryan Deposition at p.7).

31. SCI has a "cohesive marketing and sales program."  *Id.*

32. ███████████████████████████████████████ *See* **Exhibit A** (Ryan depo Ex. 25; Tr. 127:17 – 130:25). ███████████████████ (Tr. 128:5 – 16).

33. According to SCI's Annual Report, SCI operates 150 funeral homes and cemeteries in California.  *See* **Exhibit B** (Exhibit 28 to Ryan Deposition at p.5).  The Annual Report also specifically makes note of SCI's acquisition of Rose Hills (located in California) "which is the largest combination operation in the United States, performing over 5,000 funeral services and 8,500 interments per year."  *Id*.

34. SCI advertises jobs for all of its locations, including California, through its website, stating "[c]onsider the possibilities with SCI."  *See* **Exhibit B** (Exhibit 24 to Ryan Deposition).

35. ██████████████████████████████████████████████ *See* **Exhibit B** (Exhibits 2 & 3 to Ryan Deposition); **Exhibit D** (Further Response to

PLAINTIFFS' CONSOLIDATED DECLARATION OF SARAH CRESSMAN IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
- 5 -     Case Nos. CV 08-1184-SI and CV 08-1190-SI

1  Interrogatory No. 5). Employees in California were eligible to participate in these plans. *Id.*

2

3  SCI's Annual Report also states, "[a]ll

4  eligible employees in the United States who so elect are covered by our group health and life

5  insurance plans. Eligible employees in the United States are participants in retirement plans of

6  SCI or various subsidiaries." *See* **Exhibit B** (Exhibit 28 to Ryan Deposition at p.8).

7      36. Revenue from SCI's California subsidiaries is used to pay SCI's expenditures,

8  such as taxes and dividends to shareholders, as well as expenditures of SCI's other subsidiaries.

9  **Exhibit D** (Further Response to Interrogatory No. 17).

10      37.

11  *See* **Exhibit A** (Tr. 127:7 – 16, Ex. 21).

12      38.

13  *Id.* (Tr. 157: 4-18, Ex. 29).

14      39.

15

16  (Tr. 87:5 – 88:8).

17      40.

18  *Id.* (Tr. 83:13 – 84:13).

19      41.

20  *Id.* (Tr. 100:18-23; 102:18 – 104:25).

21      42. SCI is a debtor in the State of California, as shown by UCC reports filed with the

22  State of California and county lien records. *See* **Exhibit R**.

23      43. SCI has two (2) separate Federal Employer Identification Numbers on file with

24  the State of California, listing California addresses for SCI. *See* **Exhibit S**.

25      44. SCI has availed itself of the California State Courts, having filed nine separate

26  lawsuits in Ventura County Superior Court. *See* **Exhibit T**. SCI has also been named as a

27

defendant in 42 separate lawsuits in California courts. *See* **Exhibit C** (Supplemental Response to Interrogatory No. 19).

45. SCI is listed as an asset holder of unclaimed property of residents of California. *See* **Exhibit U**.

46. This Court has previously found personal jurisdiction over SCI in a matter involving an employment dispute, rejecting SCI's arguments in that case, similar to the arguments it asserts here, that it is merely a holding company without any employees and has no contacts with California. *Guzman v. SCI, et al.,* Case No. C 01-04812 PJH (N.D. Cal. May 9, 2002). A copy of the Court's Order denying SCI's motion to dismiss for lack of personal jurisdiction is attached hereto as **Exhibit V**. Plaintiffs hereby request that the Court take judicial notice of the attached ruling pursuant to Federal Rule of Evidence 201.

## THOMAS RYAN'S CONTACTS WITH CALIFORNIA

47. As CEO of SCI, Thomas Ryan "has general executive charge, management and control of the properties and operations of the corporation in the ordinary course of its business with all such powers with respect to such properties and operations as may be reasonably incident to such responsibilities." *See* **Exhibit H** (Second Supplemental Response to Interrogatory No. 22). Mr. Ryan admitted during his deposition ███████ *See* **Exhibit A** (Tr. 143:22 – 145:8).

48. ███████ *Id.* (Tr. 100:18-23)

49. ███████. *See* **Exhibit I** (Further Supplemental Response to Interrogatory No. 14); **Exhibit A** (Tr. 19:20 – 23:16; 24:18 – 25:13).

50. ███████

PLAINTIFFS' CONSOLIDATED DECLARATION OF SARAH CRESSMAN IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
- 7 -    Case Nos. CV 08-1184-SI and CV 08-1190-SI

1
2 ██████ *Id.* (Tr. 19:20 – 23:16).
3 51. ██████
4 ██████. *Id.* (Tr. 24:18 – 25:13).
5 52. ██████
6 ██████
7 ██████. *Id.* (Tr.
8 37:6 – 39:24).
9 53. ██████
10 ██████
11 ██████. *Id.* (Tr. 87:5 – 88:8).
12 54. ██████
13 ██████. *Id.* (Tr. 127:10 –
14 16).
15 55. ██████
16 ██████ *Id.* (Tr. 157: 4-18, Ex. 29).

### CURTIS BRIGGS' CONTACTS WITH CALIFORNIA

56. Mr. Briggs is an employee of the Co-op, which is not contesting jurisdiction, holding the title of Senior Corporate Counsel. *See* **Exhibit J** (Supplemental Response to Interrogatory No. 22).

Mr. Briggs has served as officer of approximately 71 separate SCI-affiliated entities that have been registered to transact business in California. *Id.* Mr. Briggs has executed documents on behalf of the California entities, such as contracts, corporate reporting documents and other similar company records. *See* **Exhibit K** (Second Supplemental Response to Interrogatory No. 22); documents produced by defendants Bates No. CBRIGGS 0009-0029, attached hereto as **Exhibit W**. Mr. Briggs also performs numerous other duties on behalf of SCI's California subsidiaries, including the following:

PLAINTIFFS' CONSOLIDATED DECLARATION OF SARAH CRESSMAN IN OPPOSITION TO
DEFENDANTS' MOTIONS TO DISMISS
- 8 -    Case Nos. CV 08-1184-SI and CV 08-1190-SI

> Signs documents on behalf of California subsidiaries concerning business matters relating to California such as real estate settlement statements, real estate lease agreements, forms for opening local bank accounts, corporate merger forms filed with the California Secretary of State, right-of-way easement agreements and various types of bonds.

*See* **Exhibit L** (Further Supplemental Response to Interrogatory No. 9).

57. In the lawsuit pending in District Court Arizona, *Stickle, et al. v. SCI Western Market Support Center, L.P.,* CV 08-0083-PHX-MHM, separately asserting the FLSA and related federal claims of plaintiffs who were employed by SCI and its affiliates, the Court found specific personal jurisdiction to exist over Mr. Briggs. 2008 WL 4446539, *12 (D. Ariz. Sept. 30, 2008).

### JANE JONES'S CONTACTS WITH CALIFORNIA

58. Jane Jones is actively involved in the creation and implementation of policies and procedures that affect employees in California by virtue of her position as Vice President of Human Resources for SCI, describing her job duties as follows: "[a]s Vice President of Human Resources for Service Corporation International I consult with SCI Funeral and Cemetery Purchasing Cooperative, Inc., market management, and the Market Support Centers, advising them on human resources issues and policies." *See* **Exhibit M** (Supplemental Response to Interrogatory Nos. 7, 15, 17, 18, 22).

59. A document defendants produced which appears to be from SCI's website describes Ms. Jones's duties as "to manage human resources, training and education, and payroll and commission services for the Company's 20,000 employees." *See* **Exhibit X**.

60. Ms. Jones also admits that on at least 13 occasions during the relevant time period, "she has traveled to California on business in order to meet with representatives of, consult with and observe the activities of Service Corporation International's subsidiaries in California." *See* **Exhibit N** (Further Response to Interrogatory No. 14).

61. In the lawsuit pending in District Court Arizona, *Stickle, et al. v. SCI Western Market Support Center, L.P.,* CV 08-0083-PHX-MHM, separately asserting the FLSA and

related federal claims of plaintiffs who were employed by SCI and its affiliates, the Court found specific personal jurisdiction to exist over Mr. Briggs. 2008 WL 4446539, *12 (D. Ariz. Sept. 30, 2008).

62. The Court in *Stickle, supra,* found specific personal jurisdiction to exist over Ms. Jones. 2008 WL 4446539, *10 (D. Ariz. Sept. 30, 2008).

### GWEN PETTEWAY'S CONTACTS WITH CALIFORNIA

63. Like Jane Jones, Gwen Petteway is also actively involved in the creation and implementation of policies and procedures that affect employees in California by virtue of her position as Director of Human Resources for the Co-op, which is not contesting jurisdiction. Ms. Petteway admits her responsibilities as Human Resources Director for the Co-op include the following:

> act as HR liaison for the Market Support Centers to ensure alignment of all HR processes, procedures and policies companywide; support management on all employee matters; manage Leadership Development process including assisting with identification of future leaders, coaching and mentoring programs as appropriate, facilitation of formal programs and job rotational assignments, and involvement with succession planning efforts; manage employee issues activities to ensure timely investigation and resolution.

*See* **Exhibit O** (Supplemental Response to Interrogatory No. 22).

64. The Court in *Stickle, supra,* found specific personal jurisdiction to exist over Ms. Petteway. 2008 WL 4446539, *11 (D. Ariz. Sept. 30, 2008).

### SCI EASTERN'S AND SCI HOUSTON'S CONTACTS WITH CALIFORNIA

65. Defendants themselves have previously represented that the three SCI Support Centers, SCI Eastern, SCI Houston and SCI Western, together prove "all … human resource services" at defendants locations (RJN, Ex. N at ¶40, referencing declaration of Judith M. Marshall dated July 5, 2007 at ¶4, attached as RJN, Ex. D)

66. Further, as explained in SCI's Annual Report, "[t]he primary functions of the support centers are to help facilitate the execution of corporate strategies, coordinate communications between field and corporate offices, and serve as liaisons for the

PLAINTIFFS' CONSOLIDATED DECLARATION OF SARAH CRESSMAN IN OPPOSITION TO
DEFENDANTS' MOTIONS TO DISMISS
- 10 -   Case Nos. CV 08-1184-SI and CV 08-1190-SI

implementation of policies and procedures." *See* **Exhibit B** (Exhibit 28 to Ryan Deposition at p.8).

67. Finally, representatives of both SCI Eastern and SCI Houston made numerous business trips to California. SCI Eastern representatives admit to "a total of 18 business-related trips to California in order to attend various planning meetings and meetings concerning the implementation of a Central Care Center Model." *See* **Exhibit E** (Further Supplemental Response to Interrogatory No. 14). SCI Houston representatives admit to "a total of 29 business-related trips to California in order to attend various planning, quality assurance and training meetings." *See* **Exhibit F** (Further Supplemental Response to Interrogatory No. 14).

Executed this 8th day of May, 2009 in Rochester, New York.

/s/ Sarah Cressman
Sarah Cressman

PLAINTIFFS' CONSOLIDATED DECLARATION OF SARAH CRESSMAN IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
- 11 -   Case Nos. CV 08-1184-SI and CV 08-1190-SI