# EXHIBIT C

1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  GURNEE & DANIELS LLP
   2240 Douglas Boulevard, Suite 150
3  Roseville, CA 95661-3805
   Telephone    (916) 797-3100
4  Facsimile    (916) 797-3131

5  Attorneys for Defendants

6  SERVICE CORPORATION INTERNATIONAL,
   SCI FUNERAL AND CEMETERY PURCHASING
7  COOPERATIVE, INC., SCI EASTERN MARKET
   SUPPORT CENTER, L.P. SCI WESTERN
8  MARKET SUPPORT CENTER, L.P., SCI
   HOUSTON MARKET SUPPORT CENTER, L.P.,
9  JANE D. JONES, GWEN PETTEWAY, THOMAS
   RYAN and CURTIS BRIGGS
10

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

15  CLAUDE BRYANT, et al., on behalf of      )  CASE NO. 3:08-CV-01190 SI
    themselves and all other employees and former )
16  employees similarly situated,             )  DEFENDANT SERVICE
                                              )  CORPORATION INTERNATIONAL'S
17                Plaintiffs,                  )  SUPPLEMENTAL RESPONSES TO
                                              )  PLAINTIFFS' INTERROGATORIES
18        vs.                                 )
                                              )
19  SERVICE CORPORATION                       )
    INTERNATIONAL et al.                      )
20                                            )
                                              )
21                Defendants.                 )
                                              )
22                                            )
                                              )
23  _____ )

24  **PROPOUNDING PARTY:**        PLAINTIFFS

25  **RESPONDING PARTY:**         DEFENDANT, SERVICE CORPORATION
26                                INTERNATIONAL

27  **SET NUMBER:**               ONE

28

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES                                                          1
Case No.: 3:08-CV-01190 SI

Defendant, as SERVICE CORPORATION INTERNATIONAL (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

## GENERAL STATEMENTS AND OBJECTIONS

1.      Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.      These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.      These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.      Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.      Responding Party expressly reserves:

    5.1      All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

    5.2      All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.      Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.: 3:08-CV-01190 SI

2

7.     These responses are signed by counsel only as to the objections set forth in the responses. Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.    Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome. Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a person is identified.

12.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a document is identified.

13.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which an act is identified.

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.:  3:08-CV-01190 SI

3

15. Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16. Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17. The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and human resource Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO INTERROGATORIES
Case No.: 3:08-CV-01190 SI

4

this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Service Corporation International has not had any employees.

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI and any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee paystubs, compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification and Description in Detail of which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO INTERROGATORIES
Case No.: 3:08-CV-01190 SI

5

Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the relevant time period (as that terms is defined in the interrogatories), Service Corporation International has not had any employees and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems for its employees.

**INTERROGATORY NO. 6:**

Identify and Describe in Detail during the Relevant Time Period all employment Practices and Policies that applied to employees of SCI or any SCI affiliated entity or location in California, and Identify and Describe in Detail the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the Identification and Description in Detail of all employee handbooks or Policies applied to such employees during the Relevant Time Period, and Identification and Description in Detail of the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them,

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES                                                                              6
Case No.: 3:08-CV-01190 SI

enforcing them or implementing them.)

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the relevant time period (as that terms is defined in the interrogatories), Service Corporation International has not had any employees and, as such, has not had any employment practices or policies for its employees.

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI and any SCI affiliated entity or location in California and Identify and Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.: 3:08-CV-01190 SI

7

accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Service Corporation International, a Texas corporation, is the 100 percent owner of SCI Funeral Services, L.L.C., an Iowa limited liability company, which is the 100 percent owner of SCI California Funeral Services, Inc., a California corporation. SCI California Funeral Services, Inc. is the 100 percent owner of ECI Capital Corporation. Together, SCI California Funeral Services, Inc. and ECI Capital Corporation own 100 percent of California Cemetery and Funeral Services, LLC.

Service Corporation International is also the 100 percent owner of SCI Special, Inc. a Delaware corporation. SCI Special, Inc. is the 100 percent owner of SCI Administrative Services LLC, a Delaware limited liability company, and the 100 percent owner of Remembrance Memorial

Traditions, LLC, a Delaware limited liability company. SCI Administrative Services LLC is the general partner of SCI Management L.P., a Delaware limited partnership. Remembrance Memorial Traditions, LLC is a limited partner of SCI Management L.P. SCI Management L.P. is the 100 percent owner of SCI Western Market Support Center, Inc., a California corporation which is a 25 percent owner of SCI Funeral & Cemetery Purchasing Cooperative, Inc.

Service Corporation International is also the 100 percent owner of Alderwoods Group, L.L.C., a Delaware limited liability company, which is the 100 percent owner of Alderwoods Group (California), Inc. and of Rose Hills Holdings Corp., a Delaware corporation, which is the 100 percent owner of Rose Hills Company, a Delaware corporation.

**INTERROGATORY NO. 8:**

Identify and Describe in Detail during the Relevant Time Period all reporting requirements imposed on SCI or any SCI affiliated entity or location in California by any Person, and Identify and Describe in Detail all reporting requirements imposed by SCI or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.: 3:08-CV-01190 SI

9

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Service Corporation International has had no reporting requirements pertaining to its employees because it has not been an employer.

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Service Corporation International has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.:  3:08-CV-01190 SI

10

FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.

**INTERROGATORY NO. 10:**

Identify and Describe in Detail during the Relevant Time Period all agents or employees of SCI or any SCI affiliated entity or location in California, who communicated in any fashion to SCI Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of SCI; and Identify and Describe in Detail all Persons who ever spoke with, reported to or otherwise contacted SCI from within California, or Concerning any matters therein.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Service Corporation International is a holding company which has not had any employees during the Relevant Time Period as that term is defined in the interrogatories.

///

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.: 3:08-CV-01190 SI

11

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or Concerning California by SCI, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Service Corporation International has not had any employees and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by SCI, or by any employee or agent acting on behalf of SCI or Concerning SCI, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or Concerning any matter in California.

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.: 3:08-CV-01190 SI

12

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Service Corporation International has not had any employees and has not made any trips to California related to the employment policies and practices in dispute in this litigation. Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.: 3:08-CV-01190 SI

13

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Service Corporation International had no employees and did not make any policies or decisions for the specific purpose of complying or promoting compliance with California laws.

**INTERROGATORY NO. 17:**

Identify and Describe in Detail during the Relevant Time Period any business operations or efforts conducted, sought, negotiated, promoted or abandoned by SCI with any Person within California or Concerning California, and provide Identification and Description in Detail of any profits, sales, revenues or business of any kind that SCI or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO INTERROGATORY NO. 17:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

proprietary or other confidential information, and no protective order is in place which would

govern the production, disclosure and dissemination of such confidential information.  Responding

party further objects to this interrogatory on the grounds that it contains more than one separate and

discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

imposed by FRCP 33(a)(1).  Responding Party further objects to the second sub-part of this

interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

Period (as that term is defined in the interrogatories), Service Corporation International has not had

any employees and has not been involved in business operations in California which are related to

the employment policies and practices in dispute in this litigation.   Service Corporation

International's lack of contacts with California sufficient for the Court to exercise general personal

jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation

International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6),

which is in plaintiffs' possession and is incorporated herein by reference.

**INTERROGATORY NO. 18:**

Identify and Describe in Detail during the Relevant Time Period (including full

Documentation) any business service, customer service or human resources assistance (including,

but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI to any

Person within California, including to any SCI affiliated entity or location in California or

Concerning any SCI corporate operation or employee in California.

**RESPONSE TO INTERROGATORY NO. 18:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES                                                                                      15
Case No.:  3:08-CV-01190 SI

limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Service Corporation International has not had any employees and has not been involved in providing business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation. Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.

**INTERROGATORY NO. 19:**

Identify and Describe in Detail during the Relevant Time Period any legal action or arbitration/mediations taken by or against, or otherwise involving SCI or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and Identify and Describe in Detail any legal Documents related to such matters.

///

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.: 3:08-CV-01190 SI

16

**RESPONSE TO INTERROGATORY NO. 19:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Defendant further objects to this interrogatory to the extent it invades the attorney-client and/or attorney work product privilege. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  Aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, Service Corporation International has identified the following California lawsuits in which it was named as a defendant during the Relevant Time Period (as that term is defined in the interrogatories):

- *Heather Avila v. Brian Copner, Service Corporation International, et al.,* Fresno County Superior Court No. 08CECG03627DSB;
- *Marsha Berger v. Service Corporation International, et al.,* Contra Costa County Superior Court No. C05-02502 (Consolidated with *Funeral Consumers Alliance et al. v. Serivce Corporation International et al.* referred to above) ;
- *Leonard Bernal v. Rose Hills Mortuary, Service Corporation International, et al.,* Los Angeles County Superior Court No. BC355094;
- *Andrea Brown v. Pierce Bros. Mortuary, Service Corporation International, et al.,* Orange County Superior Court No. 05CC03900;
- *Cemetery & Funeral Bureau v. Service Corporation International, et al.,* Cemetery & Funeral Bureau No. AI-2001-222;
- *Sandra Dahl v. Service Corporation Intermational, et al.,* Santa Clara County Superior Court No. 106CV075483
- *Renelle Emond v. Service Corporation International et al.,* Sacramento Superior Court No. 04AS02627 ;
- *Funeral Consumers Alliance et al. v. Serivce Corporation International et al.,* U.S. Dist. Court of the Northern Dist. of California No. C 05-01804 transferred to Southern District of Texas, Houston Division No. H-05-3394;

- *Passerfun Nisha Hafiz v. Service Corporation International, et al.,* Contra Costa County Superior Court No. C02-00327;
- *Clayton Guzman v. Service Corporation International,* San Francisco County Superior Court No. 323858;
- *Clayton Guzman v. Service Corporation International et al.,* U.S. Dist. Court for the Northern Dist. of California No. C 01-04812 PJH;
- *Hernandez v. Service Corporation International et al.,* Tulare County Superior Court No. 03-206736;
- *Lynda Innis v. Service Corporation International et al.,* San Mateo County Superior Court No. 462609;
- *Beatrice Kaufman v. Service Corporation International et al.;*
- *Patrick G. Kintzley v. Service Corporation International et al.,* Santa Clara County Superior Court No. 1-04-CV-032216;
- *Katheryn Patricia Linville v. Service Corporation International, et al.,* Contra Costa County Superior Court No. CO2-03258;
- *Armando Lopez v. Service Corporation International, et al,* Contra Costa County Superior Court No. CO7-01569;
- *Andrea Lugo v. Metropolitan Life Insurance Company, Service Corporation International Disability, et al.,* US District Court Central District No. CV05-4553R;
- *Maria Magsarili v. Service Corporation International, et al.,* (Consolidated with *Funeral Consumers Alliance et al. v. Serivce Corporation International et al.* referred to above)
- *Angela Maney-Sorrell v. Service Corporation International, et al.,* San Diego County Superior Court No. 37-2008-00059956-CU-OE-NC;
- *Gregory Lloyd Marino v. Service Corporation Intermational, et al.,* Butte County Superior Court No. 125290;
- *Adrian Munoz v. Rose Hills Mortuary, Service Corporation Intermational, et al.,* Los Angeles County Superior Court No. VC049079;
- *Oracle Corporation v. Besthalf.com and Service Corporation International,* San Mateo County Superior Court No. C-419000;
- *James Petrucci, Jr. v. Service Corporation Intermational, et al.,* Los Angeles County Superior Court No. P0040274;
- *Pioneer Valley Casket Co. v. Service Corporation Intermational, et al.,* (Consolidated with *Funeral Consumers Alliance et al. v. Serivce Corporation International et al.* referred to above)
- *Rich v. Service Corporation International et al.,* Orange County Superior Court No. 075CC00556;
- *Francis Rocha v. Service Corporation International et al.,* Contra Costa County Superior Court No. CO5-02501 (Consolidated with *Funeral Consumers Alliance et al. v. Serivce Corporation International et al.* referred to above)
- *Joseph Rodriguez et al. v. Service Corporation International et al.,* Los Angeles County Superior Court No. BC 326478;
- *Shirley S. Ruedi v. Greenwood Mortuary, Service Corporation International et al.,* San Diego County Superior Court No. GIC832852;
- *Saul William Siedman v. Service Corporation Intermational, et al.,* Santa Clara County Superior Court No. 406SC021302;

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.: 3:08-CV-01190 SI

18

- *Raymond Silvas v. Service Corporation International, et al.,* Los Angeles County Superior Court No. BC368809;
- *Nick Stathes v. Service Corporation International, et al.,* Los Angeles County Superior Court No. BC 374259;
- *Kenneth Strongman v. Oakmont Memorial Park, Service Corporation International, et al.,* Contra Costa County Superior Court No. WS01-0310;
- *Margaret L. Wente v. SCI California Funeral Services, Inc., Service Corporation International, et al.,* Orange County Superior Court No. 06CC02312
- *Tammie White v. Service Corporation International, et al.,* Ventura County Superior Court No. 56-2007-00287812-CL-BC-SIM;
- *Janelle Williams v. Service Corporation International et al.,* Los Angeles County Superior Court No. P0035700;
- *Earl J. Ahrens v. Mt. Vernon Mortuary, Service Corporation International, et al.,* Sacramento County Superior Court No. 05AS02624;
- *Mary Louise Baudino v. Service Corporation International et al.,* Los Angeles County Superior Court No. BC324007;
- *Esther Eliapo v. SCI California Funeral Services, Service Corporation International, et al.,* Santa Clara County Superior Court No. 1-04-CV029135;
- *Mark Price v. Eternal Hills Memorial Park, Service Corporation International, et al.,* San Diego County Superior Court No. 37-2007-00079857-CU-WT-NC;
- *Joann Ramirez v. Rose Hills Mortuary, Service Corporation International, et al.,* Los Angeles County Superior Court No. VC047214;
- *Yolanda Youngblood v. Service Corporation International et al.,* Los Angeles County Superior Court No. BC381283.

Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties. Discovery is continuing and Responding Party reserves the right to supplement this list if and when additional responsive information becomes available.

**INTERROGATORY NO. 21:**

Identify and Describe in Detail during the Relevant Time Period "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO INTERROGATORY NO. 21:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**

Subject to and without waiving the aforesaid objections, to the extent that Responding Party understands the interrogatory, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the interrogatory refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows:  Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Gwen Petteway, Interrogatory No. 21.

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO INTERROGATORY NO. 22:**

Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, it calls for speculation and it exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.  Responding party further objects to this interrogatory on the grounds that it does not seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence in that Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan are not parties to this action.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES                                                                                                          20
Case No.:  3:08-CV-01190 SI

could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Moreover, this interrogatory contains more than one separate and discrete sub-part and is objected to on that basis as well.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

Subject to and without waiving the aforesaid objections, and to the extend Responding Party understands the interrogatory, Responding Party responds as follows:  Responding Party refers the plaintiffs to the supplemental responses of Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22.

**INTERROGATORY NO. 23:**

Identify and Describe in Detail during the Relevant Time Period any contact that SCI, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf, has had with California, or Concerning any matter within California.

**RESPONSE TO INTERROGATORY NO. 23:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  Responding Party refers the plaintiffs to its other supplemental responses to these interrogatories which are set forth above and

///

///

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES
Case No.:  3:08-CV-01190 SI

21

1    are incorporated herein by reference.

2

3    Dated: January 22, 2009                     GURNEE & DANIELS LLP

4

5                                                By _____

6                                                STEVEN H. GURNEE, ESQ.
                                                 DAVID M. DANIELS, ESQ.
7                                                NICHOLAS P. FORESTIERE, ESQ.
                                                 Attorneys for Defendants
8                                                SERVICE CORPORATION
                                                 INTERNATIONAL, SCI FUNERAL AND
9                                                CEMETERY PURCHASING
                                                 COOPERATIVE, INC., SCI EASTERN
10                                               MARKET SUPPORT CENTER, L.P., SCI
                                                 WESTERN MARKET SUPPORT CENTER,
11                                               L.P., SCI HOUSTON MARKET SUPPORT
                                                 CENTER, L.P., JANE D. JONES, GWEN
12                                               PETTEWAY, THOMAS RYAN and CURTIS
                                                 BRIGGS
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SERVICE CORPORATION INTERNATIONAL SUPPLEMENTAL RESPONSES TO
INTERROGATORIES                                                            22
Case No.: 3:08-CV-01190 SI

**VERIFICATION**

I, JANET KEY, declare:

I am employed by SCI Funeral & Cemetery Purchasing Cooperative, Inc. as Senior Legal Assistant, and am also its Corporate Secretary. As part of my job duties, I am familiar with the corporate structure of Service Corporation International ("SCI") and I have been authorized to sign this verification on its behalf.

I have read DEFENDANT SERVICE CORPORATION INTERNATIONAL'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORIES and am informed and believe that the matters stated therein are true, and on that ground allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this _16th_ day of January 2009 at Houston, Texas.

_____Janet Key_____
JANET KEY

*Bryant v. Service Corporation International*
Case No.: CV 08-01190 SI

LAW OFFICES
Steven H. Gurnee &
Associates
A Law Corporation

# EXHIBIT D

1   STEVEN H. GURNEE, ESQ. SB# 66056
    DAVID M. DANIELS, ESQ. SB# 170315
2   NICHOLAS P. FORESTIERE, ESQ. SB# 125118
    JOHN A. MASON, ESQ. SB#166996
3   GURNEE & DANIELS LLP
    2240 Douglas Boulevard, Suite 150
4   Roseville, CA 95661-3805
    Telephone      (916) 797-3100
5   Facsimile      (916) 797-3131

6   Attorneys for Defendants

7   SERVICE CORPORATION INTERNATIONAL,
    SCI FUNERAL AND CEMETERY PURCHASING
8   COOPERATIVE, INC., SCI EASTERN MARKET
    SUPPORT CENTER, L.P. SCI WESTERN
9   MARKET SUPPORT CENTER, L.P., SCI
    HOUSTON MARKET SUPPORT CENTER, L.P.,
10  JANE D. JONES, GWEN PETTEWAY, THOMAS
11  RYAN and CURTIS BRIGGS

12

13                   UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15

16  CLAUDE BRYANT, et al., on behalf of        )  **CASE NO.  3:08-CV-01190 SI**
    themselves and all other employees and former )
17  employees similarly situated,              )  **DEFENDANT SERVICE**
                                               )  **CORPORATION INTERNATIONAL'S**
18                Plaintiffs,                  )  **FURTHER SUPPLEMENTAL**
                                               )  **RESPONSES TO PLAINTIFFS'**
19         vs.                                 )  **INTERROGATORIES IN COMPLIANCE**
                                               )  **WITH MARCH 27, 2009 ORDER OF THE**
20  SERVICE CORPORATION                        )  **COURT**
    INTERNATIONAL et al.                       )
21                                             )
                                               )
22                Defendants.                  )
                                               )
23                                             )
                                               )
24  _____   )

25  **PROPOUNDING PARTY:**        PLAINTIFFS

26  **RESPONDING PARTY:**         DEFENDANT, SERVICE CORPORATION
                                  INTERNATIONAL
27
    **SET NUMBER:**               ONE
28
    SERVICE CORPORATION INTERNATIONAL'S FURTHER SUPPLEMENTAL RESPONSES
    TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE
    COURT                                                                      1
    Case No.: 3:08-CV-01190 SI

Defendant, as SERVICE CORPORATION INTERNATIONAL (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, and in compliance with the Court's March 27, 2009 order granting in part and denying in part Plaintiffs' motion to compel additional responses, provides the following further supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

## GENERAL STATEMENTS AND OBJECTIONS

1.      Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.      These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.      These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.      Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.      Responding Party expressly reserves:

    5.1     All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

    5.2     All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.      Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

SERVICE CORPORATION INTERNATIONAL'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT
Case No.: 3:08-CV-01190 SI

2

7.      These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.     Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome.  Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a person is identified.

12.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a document is identified.

13.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

SERVICE CORPORATION INTERNATIONAL'S FURTHER SUPPLEMENTAL RESPONSES
TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE
COURT                                                                                   3
Case No.:  3:08-CV-01190 SI

14.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which an act is identified.

15.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16.     Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.     The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 1:**

Identify each Person who has been asked to locate Documents or provide information to respond to any discovery requests in this matter, and Identify which requests the Person was asked to provide information or Documents for and whether the individual provided information or Documents for that response.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party objects to this interrogatory on the grounds that it relates or refers to other interrogatories and requests for production of documents propounded by plaintiffs that exceed the limited scope of personal jurisdiction discovery permitted by the Court at this juncture and, as such, this interrogatory exceeds that scope as well.  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible, unduly burdensome and harassing, it calls for speculation, and it invades the attorney-client and attorney work product privileges.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to

SERVICE CORPORATION INTERNATIONAL'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                                                                                    4
Case No.: 3:08-CV-01190 SI

exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**FURTHER RESPONSE TO INTERROGATORY NO. 1 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

The following individuals were asked to attempt to locate documents responsive to Plaintiffs' Request for Production No. 3, as modified by the Court's March 27, 2009 Order: Julie S. Douglas, Manager/Pension Administration, SCI Funeral & Cemetery Purchasing Cooperative. The following individuals provided documents which are being produced in response to Plaintiff's Request for Production No. 3, as modified by the Court's March 27, 2009 Order: Julie S. Douglas, Manager/Pension Administration, SCI Funeral & Cemetery Purchasing Cooperative. This individual may be contacted through defendants' counsel.

The following individuals were asked to attempt to locate documents responsive to Plaintiffs' Request for Production No. 4, as modified by the Court's March 27, 2009 Order: Judith Marshall, Senior Legal Assistant, SCI Funeral & Cemetery Purchasing Cooperative. The following individuals provided documents which are being produced in response to Plaintiff's Request for Production No. 4, as modified by the Court's March 27, 2009 Order: Judith Marshall, Senior Legal Assistant, SCI Funeral & Cemetery Purchasing Cooperative. This individual may be contacted through defendants' counsel.

The following individuals were asked to attempt to locate documents responsive to Plaintiffs' Request for Production No. 5, as modified by the Court's March 27, 2009 Order: Judith Marshall, Senior Legal Assistant, SCI Funeral & Cemetery Purchasing Cooperative; Jeff McClaughlin, Managing Director, SCI Western Market Support Center, L.P.; Robert Pisano, Managing Director, SCI Eastern Market Support Center; Kevin Beattie, President, SCI California Funeral Services, Inc.; Layng Guerriero, Marketing Dept., SCI Funeral & Cemetery Purchasing Cooperative; Robbie Pape, Managing Director, SCI Houston Market Support Center, L.P. The following individuals provided documents which are being produced in response to Plaintiff's Request for Production No. 5, as modified by the Court's March 27, 2009 Order: Judith Marshall,

1   Senior Legal Assistant, SCI Funeral & Cemetery Purchasing Cooperative.  These individuals may

2   be contacted through defendants' counsel.

3       The following individuals were asked to attempt to locate documents responsive to

4   Plaintiffs' Request for Production No. 7, as modified by the Court's March 27, 2009 Order:  not

5   applicable. The following individuals provided documents which are being produced in response to

6   Plaintiff's Request for Production No. 7, as modified by the Court's March 27, 2009 Order:  not

7   applicable.

8       The following individuals were asked to attempt to locate documents responsive to

9   Plaintiffs' Request for Production No. 13, as modified by the Court's March 27, 2009 Order:  not

10  applicable. The following individuals provided documents which are being produced in response to

11  Plaintiff's Request for Production No. 13, as modified by the Court's March 27, 2009 Order: not

12  applicable.

13      The following individuals were asked to locate documents responsive to Plaintiffs'. Request

14  for Production No. 15, as modified by the Court's March 27, 2009 Order:  Jeff McLaughlin,

15  Managing Director, SCI Western Mark Support Center, L.P.  This individual may be contacted

16  through defendants' counsel.  The following individuals provided documents which are being

17  produced in response to Plaintiff's Request for Production No. 15, as modified by the Court's

18  March 27, 2009 Order:  none.

19  **INTERROGATORY NO. 3:**

20

21      For each Document request or interrogatory, Identify what classes of Documents or

22  information is being produced in response to that inquiry; what classes and on what basis

23  Documents or information are being withheld; and what efforts were made to locate responsive

24  information and Documents.

25  **RESPONSE TO INTERROGATORY NO. 3:**

26      Responding Party objects to this interrogatory on the grounds that it relates or refers to

27  other interrogatories and requests for production of documents propounded by plaintiffs that

28  SERVICE CORPORATION INTERNATIONAL'S FURTHER SUPPLEMENTAL RESPONSES
TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE
COURT                                                                                          6
Case No.: 3:08-CV-01190 SI

grossly exceed the limited scope of personal jurisdiction discovery permitted by the Court at this juncture and, as such, this interrogatory exceeds that scope as well. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible, unduly burdensome and harassing, it calls for speculation, and it invades the attorney-client and attorney work product privileges. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**FURTHER RESPONSE TO INTERROGATORY NO. 3 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

In providing the further responses to plaintiffs' Interrogatories and Requests for Production of Documents specified in and as limited by the Court's 3-27-09 Order, Responding Party has not withheld responsive information or documents, although certain documents which are being produced have been deemed and marked as confidential by Defendants and are provided subject to the Stipulated Protective Order to which counsel for all parties have agreed and the Court has approved.

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI and any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee paystubs, compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification and Description in Detail of which employees were paid, when they were paid, by whom they were paid, from what

SERVICE CORPORATION INTERNATIONAL'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                                                                                          7
Case No.: 3:08-CV-01190 SI

accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the relevant time period (as that terms is defined in the interrogatories), Service Corporation International has not had any employees and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems for its employees.

**FURTHER RESPONSE TO INTERROGATORY NO. 5 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

At no time during the Relevant Time Period (as the term is defined in the Interrogatories) has Responding Party had any "written policies" on compensation. During the Relevant Time

SERVICE CORPORATION INTERNATIONAL'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                                                                                                  8
Case No.: 3:08-CV-01190 SI

Period, Responding Party has sponsored a 401(k) plan (the "SCI 401(k) Retirement Savings Plan") which is administered by SCI Funeral and Cemetery Purchasing Cooperative, Inc. For purposes of the 401(k) plan, Responding Party and its California subsidiaries are part of a parent-subsidiary "controlled group" pursuant to the applicable provisions of the Internal Revenue Code. Responding Party's California subsidiaries are "affiliated employers" and "participating employers" as those terms are defined in the 401(k) Plan Document and the Adoption Agreement.

Responding Party also previously sponsored a defined benefit plan (the "SCI Cash Balance Plan"), which was also administered by SCI Funeral and Cemetery Purchasing Cooperative, in which qualified employees of Responding Party's California subsidiaries at the time were eligible to participate. This plan was terminated effective October 31, 2006 and all assets therein were distributed in 2007.

**INTERROGATORY NO. 6:**

Identify and Describe in Detail during the Relevant Time Period all employment Practices and Policies that applied to employees of SCI or any SCI affiliated entity or location in California, and Identify and Describe in Detail the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the Identification and Description in Detail of all employee handbooks or Policies applied to such employees during the Relevant Time Period, and Identification and Description in Detail of the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

SERVICE CORPORATION INTERNATIONAL'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                                                                                                     9
Case No.: 3:08-CV-01190 SI

overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the relevant time period (as that terms is defined in the interrogatories), Service Corporation International has not had any employees and, as such, has not had any employment practices or policies for its employees.

**FURTHER RESPONSE TO INTERROGATORY NO. 6 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

At no time during the Relevant Time Period (as the term is defined in the Interrogatories) has the Responding Party had any employees or any employee handbooks. The three employee handbooks utilized by California subsidiaries of the Responding Party during the Relevant Time Period were prepared, copyrighted and furnished to those subsidiaries by SCI Management L.P. (August 2002 edition) and by SCI Funeral and Cemetery Purchasing Cooperative, Inc., which does business as "SCI Management" (August 2004 and January 2008 editions.).

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI and any SCI affiliated entity or location in California and Identify and Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to

SERVICE CORPORATION INTERNATIONAL'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                                                                                                    10
Case No.: 3:08-CV-01190 SI

any employee of SCI or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Service Corporation International, a Texas corporation, is the 100 percent owner of SCI Funeral Services, L.L.C., an Iowa limited liability company, which is the 100 percent owner of SCI California Funeral Services,

SERVICE CORPORATION INTERNATIONAL'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT

Case No.: 3:08-CV-01190 SI

11

1   Inc., a California corporation.  SCI California Funeral Services, Inc. is the 100 percent owner of

2   ECI Capital Corporation.  Together, SCI California Funeral Services, Inc. and ECI Capital

3   Corporation own 100 percent of California Cemetery and Funeral Services, LLC.

4        Service Corporation International is also the 100 percent owner of SCI Special, Inc. a

5   Delaware corporation.  SCI Special, Inc. is the 100 percent owner of SCI Administrative Services

6   LLC, a Delaware limited liability company, and the 100 percent owner of Remembrance Memorial

7   Traditions, LLC, a Delaware limited liability company.  SCI Administrative Services LLC is the

8   general partner of SCI Management L.P., a Delaware limited partnership.  Remembrance Memorial

9   Traditions, LLC is a limited partner of SCI Management L.P.  SCI Management L.P. is the 100

10  percent owner of SCI Western Market Support Center, Inc., a California corporation which is a 25

11  percent owner of SCI Funeral & Cemetery Purchasing Cooperative, Inc.

12       Service Corporation International is also the 100 percent owner of Alderwoods Group,

13  L.L.C., a Delaware limited liability company, which is the 100 percent owner of Alderwoods

14  Group (California), Inc. and of Rose Hills Holdings Corp., a Delaware corporation, which is the

15  100 percent owner of Rose Hills Company, a Delaware corporation.

16  **FURTHER RESPONSE TO INTERROGATORY NO. 7 IN COMPLIANCE WITH THE**

17  **COURT'S 3-27-09 ORDER:**

18                                    **Flowcharts**

19       Pursuant to the Court's 3-27-09 Order, Responding Party is producing in further response to

20  plaintiffs' Request for Production of Documents, Request No. 5, true and correct copies of four

21  organizational flowcharts reflecting the corporate ownership of Responding Party, defendant SCI

22  Funeral & Cemetery Purchasing Cooperative, Inc., defendant SCI Eastern Market Support Center,

23  L.P., defendant SCI Houston Market Support Center, L.P., defendant SCI Western Market Support

24  Center, Inc., and other California subsidiaries of Responding Party during the Relevant Time

25  Period (as that term is defined in the Interrogatories.)

26

27  ////

28

SERVICE CORPORATION INTERNATIONAL'S FURTHER SUPPLEMENTAL RESPONSES
TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE
COURT                                                                                      12
Case No.: 3:08-CV-01190 SI

**Written Policies Re Hiring/Firing/Discipline**

At no time during the Relevant Time Period (as the term is defined in the Interrogatories) has Responding Party had any written policies concerning the hiring, firing and/or discipline of employees.

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Service Corporation International has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to

SERVICE CORPORATION INTERNATIONAL'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT
Case No.: 3:08-CV-01190 SI

13

FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.

**FURTHER RESPONSE TO INTERROGATORY NO. 9 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

At no time during the Relevant Time Period (as that term is defined in the Interrogatories) has Responding Party entered into any written agreements related to any business matter in California.

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by SCI, or by any employee or agent acting on behalf of SCI or Concerning SCI, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time

SERVICE CORPORATION INTERNATIONAL'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT
Case No.: 3:08-CV-01190 SI

14

Period (as that term is defined in the interrogatories), Service Corporation International has not had any employees and has not made any trips to California related to the employment policies and practices in dispute in this litigation.  Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.

**FURTHER RESPONSE TO INTERROGATORY NO. 14 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

A meeting of Responding Party's Board of Directors was held in California on one occasion during the Relevant Time Period (as that term is defined in the Interrogatories), and officers and directors have traveled to California to observe the activities of Service Corporation International's subsidiaries on various other occasions during the Relevant Time Period.  (See also Thomas Ryan's and Jane Jones' Further Responses to Interrogatory No. 14 In Compliance With The Court's 3-27-09 Order, which are incorporated herein by reference.)

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

SERVICE CORPORATION INTERNATIONAL'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT
Case No.: 3:08-CV-01190 SI

15

1   further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

2   proprietary or other confidential information, and no protective order is in place which would

3   govern the production, disclosure and dissemination of such confidential information. Responding

4   party further objects to this interrogatory on the grounds that it contains more than one separate and

5   discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

6   imposed by FRCP 33(a)(1).

7   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

8       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

9   understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

10  Period (as that term is defined in the interrogatories), Service Corporation International had no

11  employees and did not make any policies or decisions for the specific purpose of complying or

12  promoting compliance with California laws.

13  **FURTHER RESPONSE TO INTERROGATORY NO. 15 IN COMPLIANCE WITH THE**

14  **COURT'S 3-27-09 ORDER:**

15      At no time during the Relevant Time Period (as that term is defined in the Interrogatories)

16  has Responding Party had any written policies that pertain to compliance with California law.

17  **INTERROGATORY NO. 17:**

18      Identify and Describe in Detail during the Relevant Time Period any business operations or

19  efforts conducted, sought, negotiated, promoted or abandoned by SCI with any Person within

20  California or Concerning California, and provide Identification and Description in Detail of any

21  profits, sales, revenues or business of any kind that SCI or any SCI affiliated entity or location in

22  California can attribute, whether directly or indirectly, to operations in California.

23

24  **RESPONSE TO INTERROGATORY NO. 17:**

25      Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

26  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

27  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

28

SERVICE CORPORATION INTERNATIONAL'S FURTHER SUPPLEMENTAL RESPONSES
TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE
COURT                                                                                        16
Case No.:  3:08-CV-01190 SI

overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).  Responding Party further objects to the second sub-part of this interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Service Corporation International has not had any employees and has not been involved in business operations in California which are related to the employment policies and practices in dispute in this litigation.  Service Corporation International's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Janet Key in Support of Service Corporation International's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.

## FURTHER RESPONSE TO INTERROGATORY NO. 17 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:

Sales proceeds from businesses operated by Responding Party's subsidiaries in California are deposited into bank accounts maintained by those businesses in California.  In accordance with management agreements between Responding Party's subsidiaries and SCI Cemetery & Funeral Services Cooperative, Inc. (the "Co-op"), a portion of the monies in the subsidiaries' bank accounts are periodically "swept" into accounts held by the Co-op which, in turn, applies those funds to the

SERVICE CORPORATION INTERNATIONAL'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                                                                                                    17
Case No.:  3:08-CV-01190 SI

1  payment of the expenditures of the subsidiaries' businesses such as payroll, taxes, rent, capital

2  expenditures, merchandise, etc. Cash swept in excess of the expenditures is recorded as a

3  receivable from the Co-op by the subsidiary and payable to the subsidiary by the Co-op (vice-versa

4  if expenditures exceed the amount of cash swept). Cash swept in excess of expenditures may be

5  invested by the Co-op or applied by the Co-op to expenditures of the Responding Party (such as

6  taxes and dividends to shareholders) and its other subsidiaries. Individual audited financial

7  statements are not prepared by Responding Party's subsidiaries in California. Rather, consolidated

8  financial statements are prepared on behalf of Responding Party and all of its subsidiaries. Those

9  consolidated statements are publicly disclosed in Responding Party's regular quarterly 10-Q and

10  annual 10-K reports submitted to the Securities and Exchange Commission.

11  Dated: April 17, 2009                          GURNEE & DANIELS LLP

12

13                                        By _____

14                                              STEVEN H. GURNEE, ESQ.
                                               DAVID M. DANIELS, ESQ.
15                                             NICHOLAS P. FORESTIERE, ESQ.
                                               JOHN A. MASON
16                                             Attorneys for Defendants
                                               SERVICE CORPORATION
17                                             INTERNATIONAL, SCI FUNERAL AND
                                               CEMETERY PURCHASING
18                                             COOPERATIVE, INC., SCI EASTERN
                                               MARKET SUPPORT CENTER, L.P., SCI
19                                             WESTERN MARKET SUPPORT CENTER,
                                               L.P., SCI HOUSTON MARKET SUPPORT
20                                             CENTER, L.P., JANE D. JONES, GWEN
                                               PETTEWAY, THOMAS RYAN and CURTIS
21                                             BRIGGS

22

23

24

25

26

27

28

SERVICE CORPORATION INTERNATIONAL'S FURTHER SUPPLEMENTAL RESPONSES
TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE
COURT                                                                                      18
Case No.: 3:08-CV-01190 SI

# EXHIBIT E

1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ. SB# 125118
   JOHN A. MASON, ESQ. SB#166996
3  GURNEE & DANIELS LLP
   2240 Douglas Boulevard, Suite 150
4  Roseville, CA  95661-3805
   Telephone     (916) 797-3100
5  Facsimile     (916) 797-3131

6

7  Attorneys for Defendants

8  SERVICE CORPORATION INTERNATIONAL,
   SCI FUNERAL AND CEMETERY PURCHASING
9  COOPERATIVE, INC., SCI EASTERN MARKET
   SUPPORT CENTER, L.P. SCI WESTERN
10 MARKET SUPPORT CENTER, L.P., SCI
   HOUSTON MARKET SUPPORT CENTER, L.P.,
11 JANE D. JONES, GWEN PETTEWAY, THOMAS
   RYAN and CURTIS BRIGGS
12

13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16
   CLAUDE BRYANT, et al., on behalf of        )   **CASE NO.  3:08-CV-01190 SI**
17 themselves and all other employees and former )
   employees similarly situated,              )
18                                            )
                                              )
19             Plaintiffs,                    )
                                              )   **DEFENDANT SCI EASTERN MARKET**
20       vs.                                  )   **SUPPORT CENTER, L.P.'S  FURTHER**
                                              )   **SUPPLEMENTAL RESPONSES TO**
21 SERVICE CORPORATION                        )   **PLAINTIFFS' INTERROGATORIES IN**
   INTERNATIONAL et al.                       )   **COMPLIANCE WITH MARCH 27, 2009**
22                                            )   **ORDER OF THE COURT**
               Defendants.                    )
23                                            )
                                              )
24                                            )
   _____  )
25 ////

26 ////

27 ////

28
   SCI EASTERN MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO
   INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF
   THE COURT
   Case No.: 3:08-CV-01190 SI                                              1

**PROPOUNDING PARTY:**    PLAINTIFFS

**RESPONDING PARTY:**    DEFENDANT, SCI EASTERN MARKET SUPPORT CENTER, L.P.

**SET NUMBER:**    ONE

    Defendant, as SCI EASTERN MARKET SUPPORT CENTER, L.P. (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, and in compliance with the Court's March 27, 2009 order granting in part and denying in part Plaintiffs' motion to compel additional responses, provides the following further supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

**GENERAL STATEMENTS AND OBJECTIONS**

    1.    Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

    2.    These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

    3.    These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

    4.    Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

    5.    Responding Party expressly reserves:

        5.1    All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2    All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.    Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.    These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.    Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.    Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.    Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome.  Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a person is identified.

12.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a document is identified.

13.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly

SCI EASTERN MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF
THE COURT
Case No.: 3:08-CV-01190 SI

3

burdensome. Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which an act is identified.

15.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16.     Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.     The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 1:**

Identify each Person who has been asked to locate Documents or provide information to respond to any discovery requests in this matter, and Identify which requests the Person was asked to provide information or Documents for and whether the individual provided information or Documents for that response.

**RESPONSE TO INTERROGATORY NO. 1**

Responding Party objects to this interrogatory on the grounds that it relates or refers to other interrogatories and requests for production of documents propounded by plaintiffs that exceed the limited scope of personal jurisdiction discovery permitted by the Court at this juncture and, as such, this interrogatory exceeds that scope as well. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible, unduly burdensome and harassing, it calls for speculation, and it invades the attorney-client and attorney

SCI EASTERN MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF
THE COURT                                                                                                4
Case No.: 3:08-CV-01190 SI

work product privileges. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**FURTHER RESPONSE TO INTERROGATORY NO. 1 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

See Service Corporation International's Further Response to Interrogatory No. 1 in Compliance with the Court's 3-27-09 Order, incorporated herein by reference.

**INTERROGATORY NO. 3:**

For each Document request or interrogatory, Identify what classes of Documents or information is being produced in response to that inquiry; what classes and on what basis Documents or information are being withheld; and what efforts were made to locate responsive information and Documents.

**RESPONSE TO INTERROGATORY NO. 3**

Responding Party objects to this interrogatory on the grounds that it relates or refers to other interrogatories and requests for production of documents propounded by plaintiffs that grossly exceed the limited scope of personal jurisdiction discovery permitted by the Court at this juncture and, as such, this interrogatory exceeds that scope as well. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible, unduly burdensome and harassing, it calls for speculation, and it invades the attorney-client and attorney work product privileges. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

////

////

////

////

SCI EASTERN MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT
Case No.: 3:08-CV-01190 SI

5

**FURTHER RESPONSE TO INTERROGATORY NO. 3 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

In providing the further responses to plaintiffs' Interrogatories and Requests for Production of Documents specified in and as limited by the Court's 3-27-09 Order, Responding Party has not withheld responsive information or documents, although certain documents which are being produced have been deemed and marked as confidential by Defendants and are provided subject to the Stipulated Protective Order to which counsel for all parties have agreed and the Court has approved.

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI, SCI Eastern Market and any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee paystubs, compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification and Description in Detail of which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO INTERROGATORY NO. 5**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party

SCI EASTERN MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF
THE COURT                                                                                        6
Case No.: 3:08-CV-01190 SI

1   further objects to this interrogatory to the extent it calls for disclosure of employee information that

2   could potentially violate employees' privacy rights which are protected by the California and

3   United States Constitutions and other state and federal laws. Responding Party further objects to

4   this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other

5   confidential information, and no protective order is in place which would govern the production,

6   disclosure and dissemination of such confidential information. Responding party further objects to

7   this interrogatory on the grounds that it contains more than one separate and discrete sub-part,

8   thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

9   33(a)(1).

10  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

11        Subject to and without waiving the aforesaid objections, and to the extent Responding Party

12  understands the interrogatory, Responding Party responds as follows: During the relevant time

13  period (as that terms is defined in the interrogatories), SCI Eastern Market Support Center, L.P has

14  not had any employees which are located in or having any responsibilities in California and, as

15  such, has not had any pay, wage deduction, wage reporting or benefits structures or systems which

16  pertain to California. With respect to Service Corporation International, Responding Party refers

17  the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of

18  Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International,

19  Interrogatory No. 5.

20  **FURTHER RESPONSE TO INTERROGATORY NO. 5 IN COMPLIANCE WITH THE**

21  **COURT'S 3-27-09 ORDER:**

22        At no time during the Relevant Time Period (as that term is defined in the Interrogatories)

23  has Responding Party had any written policies on compensation or benefits packages which have

24  any effect on the employees of Service Corporation International's California subsidiaries.

25  ////

26  ////

27  ////

28
    SCI EASTERN MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO
    INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF
    THE COURT                                                              7
    Case No.:  3:08-CV-01190 SI

**INTERROGATORY NO. 6:**

Identify and Describe in Detail during the Relevant Time Period all employment Practices and Policies that applied to employees of SCI, SCI Eastern Market or any SCI affiliated entity or location in California, and Identify and Describe in Detail the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, SCI Eastern Market or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the Identification and Description in Detail of all employee handbooks or Policies applied to such employees during the Relevant Time Period, and Identification and Description in Detail of the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO INTERROGATORY NO. 6**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has

SCI EASTERN MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF
THE COURT                                                                                                    8
Case No.:  3:08-CV-01190 SI

1  not had any employees which are located in or having any responsibilities in California and, as

2  such, has not had any employment practices or policies pertaining to California. With respect to

3  Service Corporation International, Responding Party refers the plaintiffs to Service Corporation

4  International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

5  Jurisdiction Issues for Service Corporation International, Interrogatory No. 6.

6  **FURTHER RESPONSE TO INTERROGATORY NO. 6 IN COMPLIANCE WITH THE**

7  **COURT'S 3-27-09 ORDER:**

8       See Service Corporation International's Further Response to Interrogatory No. 6 in

9  Compliance with the Court's 3-27-09 order, which is incorporated herein by reference.

10  **INTERROGATORY NO. 7:**

11       Identify and Describe in Detail during the Relevant Time Period the corporate structure for

12  SCI, SCI Eastern Market and any SCI affiliated entity or location in California and Identify and

13  Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any

14  contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations

15  of any kind in relation to any employee of SCI, SCI Eastern Market or any SCI affiliated entity or

16  location in California. (A proper response includes, but is not limited to, Identification and

17  Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation

18  of responsibilities of all employees, Documentation of reporting/management structure,

19  Documentation of banking systems and accounts, Documentation of compensation and benefits

20  systems, Documentation regarding human resource implementation and processes, Documentation

21  regarding systems for recording hours, Documentation regarding accounting systems,

22  employer/employee lists, Documentation of bank accounts controlled by such Parties (used,

23  contributed to, withdrawn from etc., and a list of who has access to them), and their corporate

24  position, responsibilities and reporting structure (who these Parties report to, and who reports to

25  any of these Parties).)

26

27  ////

28

SCI EASTERN MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF
THE COURT                                                                                    9
Case No.:  3:08-CV-01190 SI

**RESPONSE TO INTERROGATORY NO. 7**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Service Corporation International, a Texas corporation, is the 100 percent owner of SCI Special, Inc., a Delaware corporation. SCI Special, Inc. is the 100 percent owner of SCI Administrative Services LLC, a Delaware limited liability company, and the 100 percent owner of Remembrance Memorial Traditions, LLC, a Delaware limited liability company. SCI Administrative Services LLC is the general partner of SCI Management L.P., a Delaware limited partnership. Remembrance Memorial Traditions, LLC is a limited partner of SCI Management L.P. SCI Management L.P. is the 100 percent owner of SCI EOps HQ, Inc. a New York corporation. SCI EOps HQ, Inc. a New York corporation, is the general partner of SCI Eastern Market Support Center, L.P., a Texas limited partnership, and SCI Management L.P. is a limited partner of SCI Eastern Market Support Center, L.P. SCI Eastern Market Support Center, L.P. is a 25 percent owner of SCI Funeral & Cemetery Purchasing Cooperative, Inc. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response

SCI EASTERN MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF
THE COURT
Case No.:  3:08-CV-01190 SI

10

1  to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service

2  Corporation International, Interrogatory No. 7.

3  **FURTHER RESPONSE TO INTERROGATORY NO. 7 IN COMPLIANCE WITH 3-27-09**

4  **ORDER:**

5         With respect to the issue of organizational flow charts reflecting Responding Party's

6  corporate structure, Responding Party refers plaintiffs to and incorporates herein by reference

7  defendant Service Corporation International's Further Response to Interrogatory No. 7 in

8  Compliance With 3-27-09 Order.

9         At no time during the Relevant Time Period (as the term is defined in the Interrogatories)

10  has Responding Party had any written policies concerning the hiring, firing, or discipline of

11  employees that were employee to employees of Service Corporation International's California

12  subsidiaries.

13  **INTERROGATORY NO. 9:**

14         Identify and Describe in Detail during the Relevant Time Period all contracts, agreements,

15  deals, pacts or obligations of any kind Concerning SCI, SCI Eastern Market or any SCI affiliated

16  entity or location in California with any Person relating to, arising from or otherwise Concerning

17  any matter in California.

18  **RESPONSE TO INTERROGATORY NO. 9**

19         Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

20  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

21  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

22  overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party

23  further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

24  proprietary or other confidential information, and no protective order is in place which would

25  govern the production, disclosure and dissemination of such confidential information.

26

27  ////

28

SCI EASTERN MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF
THE COURT                                                                                    11
Case No.:  3:08-CV-01190 SI

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation.  SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Paisano in Support of SCI Eastern Market Support Center L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 9.

**FURTHER RESPONSE TO INTERROGATORY NO. 9 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

At no time during the Relevant Time Period (as that term is defined in the Interrogatories) has Responding Party entered into any written agreements related to any business matter in California.

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by SCI Eastern Market, or by any employee or agent acting on behalf of SCI or SCI Eastern Market Concerning SCI, SCI Eastern Market, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or SCI Eastern Market Concerning any matter in California.

SCI EASTERN MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF
THE COURT
Case No.: 3:08-CV-01190 SI

12

**RESPONSE TO INTERROGATORY NO. 14**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not made any trips to California related to the employment policies and practices in dispute in this litigation. SCI Eastern Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Robert Pisano in Support of SCI Eastern Market Support Center, L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 14.

////

SCI EASTERN MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF
THE COURT
Case No.: 3:08-CV-01190 SI

13

**FURTHER RESPONSE TO INTERROGATORY NO. 14 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

During the Relevant Time Period (as that term is defined in the Interrogatories), Responding Party representatives Robert Pisano, Michael Amato, Michael Hogan, Fraser Vey and Gary Ritter made a total of 18 business-related trips to California in order to attend various planning meetings and meetings concerning the implementation of a Central Care Center Model.

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, SCI Eastern Market, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO INTERROGATORY NO. 15**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time

SCI EASTERN MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT
Case No.: 3:08-CV-01190 SI

14

Period (as that term is defined in the interrogatories), SCI Eastern Market Support Center, L.P. had no employees which are located in or having any responsibilities in California, and did not make any policies or decisions for the specific purpose of complying or promoting compliance with California laws.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 15.

**FURTHER RESPONSE TO INTERROGATORY NO. 15 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

At no time during the Relevant Time Period (as that term is defined in the Interrogatories) has Responding Party had any written policies that pertain to compliance with California law.

**INTERROGATORY NO. 17:**

Identify and Describe in Detail during the Relevant Time Period any business operations or efforts conducted, sought, negotiated, promoted or abandoned by SCI Eastern Market with any Person within California or Concerning California, and provide Identification and Description in Detail of any profits, sales, revenues or business of any kind that SCI, SCI Eastern Market or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO INTERROGATORY NO. 17**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding

SCI EASTERN MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF
THE COURT                                                                                    15
Case No.:  3:08-CV-01190 SI

1   party further objects to this interrogatory on the grounds that it contains more than one separate and

2   discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

3   imposed by FRCP 33(a)(1).   Responding Party further objects to the second sub-part of this

4   interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of

5   admissible evidence.

6   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**

7       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

8   understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

9   Period (as that term is defined in the interrogatories), SCI Eastern Market Support Center, L.P. has

10  not had any employees which are located in or having any responsibilities in California, and has

11  not been involved in business operations in California which are related to the employment

12  policies and practices in dispute in this litigation.  SCI Eastern Market Support Center, L.P.'s lack

13  of contacts with California sufficient for the Court to exercise general personal jurisdiction are set

14  forth in the Declaration of Robert Paisano in Support of SCI Eastern Market Support Center, L.P.'s

15  Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in

16  plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation

17  International, Responding Party refers the plaintiffs to Service Corporation International's

18  supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction

19  Issues for Service Corporation International, Interrogatory No. 17.

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28

SCI EASTERN MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF
THE COURT                                                                                              16
Case No.:  3:08-CV-01190 SI

**FURTHER RESPONSE TO INTERROGATORY NO. 17 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

At no time during the Relevant Time Period (as that term is defined in the Interrogatories) has Responding Party derived revenues from business in California.

Dated: April 17, 2009

GURNEE & DANIELS LLP

By _____

STEVEN H. GURNEE, ESQ.
DAVID M. DANIELS, ESQ.
NICHOLAS P. FORESTIERE, ESQ.
JOHN A. MASON, ESQ.
Attorneys for Defendants
SERVICE CORPORATION
INTERNATIONAL, SCI FUNERAL AND
CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN
MARKET SUPPORT CENTER, L.P., SCI
WESTERN MARKET SUPPORT CENTER,
L.P., SCI HOUSTON MARKET SUPPORT
CENTER, L.P., JANE D. JONES, GWEN
PETTEWAY, THOMAS RYAN and CURTIS
BRIGGS

SCI EASTERN MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF
THE COURT
Case No.: 3:08-CV-01190 SI

17

1
2
3                              **VERIFICATION**

4     I, ROBERT PISANO, declare:

5     I work with SCI Eastern Market Support Center, L.P. and I have been authorized to

6     sign this verification on its behalf.

7     I have read DEFENDANT SCI EASTERN MARKET SUPPORT CENTER, L.P.'S

8
      FURTHER SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES IN
9
      COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT and am informed and
10
11    believe that the matters stated therein are true, and on that ground allege that the matters

12    stated therein are true.

13    I declare under penalty of perjury under the laws of the State of California that the
14
      foregoing is true and correct.
15
16    Executed on this _16_ day of April 2009 at Eastchester, New York.

17                              _Robert Pisano_____
18                              ROBERT PISANO

19
20
21
22
23
24
25
26
27                              *Bryant v. Service Corporation International*
                                     Case No.:  CV 08-01190 SI
28

LAW OFFICES
Steven H. Gurnee &
Associates
A Law Corporation

# EXHIBIT F

1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ. SB# 125118
   JOHN A. MASON, ESQ. SB#166996
3  GURNEE & DANIELS LLP
   2240 Douglas Boulevard, Suite 150
4  Roseville, CA  95661-3805
   Telephone     (916) 797-3100
5  Facsimile     (916) 797-3131

6  Attorneys for Defendants

7  SERVICE CORPORATION INTERNATIONAL,
   SCI FUNERAL AND CEMETERY PURCHASING
8  COOPERATIVE, INC., SCI EASTERN MARKET
   SUPPORT CENTER, L.P. SCI WESTERN
9  MARKET SUPPORT CENTER, L.P., SCI
   HOUSTON MARKET SUPPORT CENTER, L.P.,
10 JANE D. JONES, GWEN PETTEWAY, THOMAS
   RYAN and CURTIS BRIGGS
11

12

13                        UNITED STATES DISTRICT COURT

14                      NORTHERN DISTRICT OF CALIFORNIA

15

16
   CLAUDE BRYANT, et al., on behalf of      )  CASE NO.  3:08-CV-01190 SI
17 themselves and all other employees and former )
   employees similarly situated,            )
18                                          )
19              Plaintiffs,                 )
20         vs.                              )  DEFENDANT SCI HOUSTON MARKET
                                            )  SUPPORT CENTER, L.P.'S FURTHER
21 SERVICE CORPORATION                      )  SUPPLEMENTAL RESPONSES TO
   INTERNATIONAL et al.                     )  PLAINTIFFS' INTERROGATORIES IN
                                            )  COMPLIANCE WITH MARCH 27, 2009
22                                          )  ORDER OF THE COURT
              Defendants.                   )
23                                          )
                                            )
24                                          )
                                            )
25 ////

26 ////

27 ////

28
   SCI HOUSTON MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO
   INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE
   COURT                                                                        1
   Case No.: 3:08-CV-01190 SI

**PROPOUNDING PARTY:**      PLAINTIFFS

**RESPONDING PARTY:**      DEFENDANT, SCI HOUSTON MARKET SUPPORT CENTER'S, L.P.

**SET NUMBER:**      ONE

Defendant, as SCI HOUSTON MARKET SUPPORT CENTER, L.P. (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, and in compliance with the Court's March 27, 2009 order granting in part and denying in part Plaintiffs' motion to compel additional responses, provides the following further supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

## GENERAL STATEMENTS AND OBJECTIONS

1.      Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.      These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.      These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.      Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.      Responding Party expressly reserves:

     5.1      All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

**SCI HOUSTON MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT**      2
**Case No.: 3:08-CV-01190 SI**

5.2     All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.     Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.     These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.     Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome.  Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.     Responding Party objects that Plaintiffs' definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a person is identified.

12.     Responding Party objects that Plaintiffs' definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a document is identified.

13.     Responding Party objects that Plaintiffs' definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly

**SCI HOUSTON MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT**
**Case No.:  3:08-CV-01190 SI**                                                                                3

burdensome.  Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which an act is identified.

15.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16.    Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.    The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 1:**

Identify each Person who has been asked to locate Documents or provide information to respond to any discovery requests in this matter, and Identify which requests the Person was asked to provide information or Documents for and whether the individual provided information or Documents for that response.

**RESPONSE TO INTERROGATORY NO. 1**

Responding Party objects to this interrogatory on the grounds that it relates or refers to other interrogatories and requests for production of documents propounded by plaintiffs that exceed the limited scope of personal jurisdiction discovery permitted by the Court at this juncture and, as such, this interrogatory exceeds that scope as well. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible, unduly burdensome and harassing, it calls for speculation, and it invades the attorney-client and attorney

**SCI HOUSTON MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                                                                                4**
**Case No.: 3:08-CV-01190 SI**

1   work product privileges.  Responding party further objects to this interrogatory on the grounds that

2   it contains more than one separate and discrete sub-part, thereby causing these interrogatories to

3   exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

4   **FURTHER RESPONSE TO INTERROGATORY NO. 1 IN COMPLIANCE WITH THE**

5   **COURT'S 3-27-09 ORDER:**

6       See Service Corporation International's Further Response to Interrogatory No. 1 in

7   Compliance with the Court's 3-27-09 Order, incorporated herein by reference.

8   **INTERROGATORY NO. 3:**

9       For each Document request or interrogatory, Identify what classes of Documents or

10  information is being produced in response to that inquiry; what classes and on what basis

11  Documents or information are being withheld; and what efforts were made to locate responsive

12  information and Documents.

13  **RESPONSE TO INTERROGATORY NO. 3**

14      Responding Party objects to this interrogatory on the grounds that it relates or refers to

15  other interrogatories and requests for production of documents propounded by plaintiffs that

16  grossly exceed the limited scope of personal jurisdiction discovery permitted by the Court at this

17  juncture and, as such, this interrogatory exceeds that scope as well.  Responding Party further

18  objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible,

19  unduly burdensome and harassing, it calls for speculation, and it invades the attorney-client and

20  attorney work product privileges.  Responding party further objects to this interrogatory on the

21  grounds that it contains more than one separate and discrete sub-part, thereby causing these

22  interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

23

24  ////

25  ////

26  ////

27  ////

28
    **SCI HOUSTON MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO**
    **INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE**
    **COURT**                                                                      5
    **Case No.: 3:08-CV-01190 SI**

**FURTHER RESPONSE TO INTERROGATORY NO. 3 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

In providing the further responses to plaintiffs' Interrogatories and Requests for Production of Documents specified in and as limited by the Court's 3-27-09 Order, Responding Party has not withheld responsive information or documents, although certain documents which are being produced have been deemed and marked as confidential by Defendants and are provided subject to the Stipulated Protective Order to which counsel for all parties have agreed and the Court has approved.

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI, SCI Houston and any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee paystubs, compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification and Description in Detail of which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO INTERROGATORY NO. 5**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party

**SCI HOUSTON MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT** 6
**Case No.: 3:08-CV-01190 SI**

further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), SCI Houston Market Support Center, L.P has not had any employees which are located in or having any responsibilities in California and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems which pertain to California. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 5.

**FURTHER RESPONSE TO INTERROGATORY NO. 5 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

At no time during the Relevant Time Period (as that term is defined in the Interrogatories) has Responding Party had any written policies on compensation or benefits packages which have any effect on the employees of Service Corporation International's California subsidiaries.

////

////

**SCI HOUSTON MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT**
**Case No.:  3:08-CV-01190 SI**

7

**INTERROGATORY NO. 6:**

Identify and Describe in Detail during the Relevant Time Period all employment Practices and Policies that applied to employees of SCI, SCI Eastern Market or any SCI affiliated entity or location in California, and Identify and Describe in Detail the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, SCI Houston or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the Identification and Description in Detail of all employee handbooks or Policies applied to such employees during the Relevant Time Period, and Identification and Description in Detail of the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO INTERROGATORY NO. 6**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), SCI Houston Market Support Center, L.P.

**SCI HOUSTON MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT**
**Case No.: 3:08-CV-01190 SI**

8

has not had any employees which are located in or having any responsibilities in California and, as such, has not had any employment practices or policies pertaining to California. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 6.

**FURTHER RESPONSE TO INTERROGATORY NO. 6 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

See Service Corporation International's Further Response to Interrogatory No. 6 in Compliance with the Court's 3-27-09 order, which is incorporated herein by reference.

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI, SCI Houston and any SCI affiliated entity or location in California and Identify and Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, SCI Houston or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

////

////

**SCI HOUSTON MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT**
**Case No.: 3:08-CV-01190 SI**

9

**RESPONSE TO INTERROGATORY NO. 7**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Service Corporation International, a Texas corporation, is the 100 percent owner of SCI Special, Inc., a Delaware corporation.  SCI Special, Inc. is the 100 percent owner of SCI Administrative Services LLC, a Delaware limited liability company, and the 100 percent owner of Remembrance Memorial Traditions, LLC, a Delaware limited liability company.  SCI Administrative Services LLC is the general partner of SCI Management L.P., a Delaware limited partnership.   Remembrance Memorial Traditions, LLC is a limited partner of SCI Management L.P.  SCI Management L.P. is the 100 percent owner of SCI Houston Hub, Inc., a Texas corporation. SCI Houston Hub, Inc. a Texas corporation is the general partner of SCI Houston Market Support Center, L.P., a Texas limited partnership, and SCI Management L.P. is a limited partner of SCI Houston Market Support Center, L.P.  SCI Houston Market Support Center, L.P. is a 25 percent owner of SCI Funeral & Cemetery Purchasing Cooperative, Inc.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response

**SCI HOUSTON MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT**
**Case No.:  3:08-CV-01190 SI**

10

to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 7.

**FURTHER RESPONSE TO INTERROGATORY NO. 7 IN COMPLIANCE WITH 3-27-09 ORDER:**

With respect to the issue of organizational flow charts reflecting Responding Party's corporate structure, Responding Party refers plaintiffs to and incorporates herein by reference defendant Service Corporation International's Further Response to Interrogatory No. 7 in Compliance With 3-27-09 Order.

At no time during the Relevant Time Period (as the term is defined in the Interrogatories) has Responding Party had any written policies concerning the hiring, firing, or discipline of employees of Service Corporation International's California subsidiaries.

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, SCI Houston or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

////

////

**SCI HOUSTON MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT**                                                                                     11
**Case No.: 3:08-CV-01190 SI**

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. SCI Houston Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 9.

**FURTHER RESPONSE TO INTERROGATORY NO. 9 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

At no time during the Relevant Time Period (as that term is defined in the Interrogatories) has Responding Party entered into any written agreements related to any business matter in California.

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by SCI Houston, or by any employee or agent acting on behalf of SCI or SCI Houston Concerning SCI, SCI Houston, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or SCI Houston Concerning any matter in California.

SCI HOUSTON MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE
COURT
Case No.: 3:08-CV-01190 SI                                                                12

**RESPONSE TO INTERROGATORY NO. 14**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), SCI Houston Market Support Center, L.P. has not had any employees which are located in or having any responsibilities in California, and has not made any trips to California related to the employment policies and practices in dispute in this litigation. SCI Houston Market Support Center, L.P.'s lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 14.

////

**SCI HOUSTON MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT**
Case No.: 3:08-CV-01190 SI

13

**FURTHER RESPONSE TO INTERROGATORY NO. 14 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

During the Relevant Time Period (as that term is defined in the Interrogatories), the following representatives of Responding Party representatives Robbie Pape, Dennis Smith, Brian Nichols and James Myers made a total of 29 business-related trips to California in order to attend various planning, quality assurance and training meetings.

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, SCI Houston, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO INTERROGATORY NO. 15**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

////

////

////

**SCI HOUSTON MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT**
**Case No.: 3:08-CV-01190 SI**

14

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), SCI Houston Market Support Center, L.P. had no employees which are located in or having any responsibilities in California, and did not make any policies or decisions for the specific purpose of complying or promoting compliance with California laws. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 15.

**FURTHER RESPONSE TO INTERROGATORY NO. 15 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

At no time during the Relevant Time Period (as that term is defined in the Interrogatories) has Responding Party had any written policies that pertain to compliance with California law.

**INTERROGATORY NO. 17:**

Identify and Describe in Detail during the Relevant Time Period any business operations or efforts conducted, sought, negotiated, promoted or abandoned by SCI Houston with any Person within California or Concerning California, and provide Identification and Description in Detail of any profits, sales, revenues or business of any kind that SCI, SCI Houston or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO INTERROGATORY NO. 17**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party

**SCI HOUSTON MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT**                                                                                 15
**Case No.: 3:08-CV-01190 SI**

1  further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

2  proprietary or other confidential information, and no protective order is in place which would

3  govern the production, disclosure and dissemination of such confidential information. Responding

4  party further objects to this interrogatory on the grounds that it contains more than one separate and

5  discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

6  imposed by FRCP 33(a)(1).  Responding Party further objects to the second sub-part of this

7  interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of

8  admissible evidence.

9  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**

10       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

11  understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

12  Period (as that term is defined in the interrogatories), SCI Houston Market Support Center, L.P.

13  has not had any employees which are located in or having any responsibilities in California, and

14  has not been involved in business operations in California which are related to the employment

15  policies and practices in dispute in this litigation.  SCI Houston Market Support Center, L.P.'s lack

16  of contacts with California sufficient for the Court to exercise general personal jurisdiction are set

17  forth in the Declaration of Gwen Petteway in Support of SCI Houston Market Support Center

18  L.P.'s Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is

19  in plaintiffs' possession and is incorporated herein by reference.  With respect to Service

20  Corporation International, Responding Party refers the plaintiffs to Service Corporation

21  International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

22  Jurisdiction Issues for Service Corporation International, Interrogatory No. 17.

23

24  ////

25  ////

26  ////

27  ////

28
**SCI HOUSTON MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE
COURT**                                                                    16
**Case No.:  3:08-CV-01190 SI**

1 **FURTHER RESPONSE TO INTERROGATORY NO. 17 IN COMPLIANCE WITH THE**

2 **COURT'S 3-27-09 ORDER:**

3     At no time during the Relevant Time Period (as that term is defined in the Interrogatories)

4 has Responding Party derived revenues from business in California.

5 Dated: April 17, 2009            GURNEE & DANIELS LLP

6

7            By _____

8               STEVEN H. GURNEE, ESQ.
              DAVID M. DANIELS, ESQ.

9               NICHOLAS P. FORESTIERE, ESQ.
              JOHN A. MASON, ESQ.

10               Attorneys for Defendants
              SERVICE CORPORATION

11               INTERNATIONAL, SCI FUNERAL AND
              CEMETERY PURCHASING

12               COOPERATIVE, INC., SCI EASTERN

13               MARKET SUPPORT CENTER, L.P., SCI
              WESTERN MARKET SUPPORT CENTER,

14               L.P., SCI HOUSTON MARKET SUPPORT
              CENTER, L.P., JANE D. JONES, GWEN

15               PETTEWAY, THOMAS RYAN and CURTIS

16               BRIGGS

17

18

19

20

21

22

23

24

25

26

27

28 **SCI HOUSTON MARKET'S FURTHER SUPPLEMENTAL RESPONSES TO**
**INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE**
**COURT**                                  17
**Case No.: 3:08-CV-01190 SI**

## VERIFICATION

I, GWEN PETTEWAY, declare:

I am employed by SCI Funeral and Cemetery Purchasing Cooperative, Inc., as a director of human resources. As such, I work with the SCI Houston Market Support Center, L.P. and I have been authorized to sign this verification on its behalf.

I have read DEFENDANT SCI HOUSTON MARKET SUPPORT CENTER, L.P.'s further supplemental RESPONSES TO PLAINTIFFS' INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT and am informed and believe that the matters stated therein are true, and on that ground allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this *14th* day of April 2009 at Houston, Texas.

_____
GWEN PETTEWAY

*Bryant v. Service Corporation International*
Case No.: CV 08-01190 SI

LAW OFFICES
Steven H. Gurnee &
Associates
A Law Corporation

EXHIBIT G

1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ. SB# 125118
   GURNEE & DANIELS LLP
3  2240 Douglas Boulevard, Suite 150
   Roseville, CA  95661-3805
4  Telephone     (916) 797-3100
   Facsimile     (916) 797-3131
5

6  Attorneys for Defendants

7  SERVICE CORPORATION INTERNATIONAL,
   SCI FUNERAL AND CEMETERY PURCHASING
8  COOPERATIVE, INC., SCI EASTERN MARKET
   SUPPORT CENTER, L.P. SCI WESTERN
9  MARKET SUPPORT CENTER, L.P., SCI
   HOUSTON MARKET SUPPORT CENTER, L.P.,
10 JANE D. JONES, GWEN PETTEWAY, THOMAS
   RYAN and CURTIS BRIGGS
11

12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15

16 CLAUDE BRYANT, et al., on behalf of     )   CASE NO.  3:08-CV-01190 SI
   themselves and all other employees and former )
17 employees similarly situated,            )
                                            )
18              Plaintiffs,                 )   DEFENDANT THOMAS RYAN'S
                                            )   SUPPLEMENTAL RESPONSES TO
19        vs.                               )   PLAINTIFFS' INTERROGATORIES
                                            )
20 SERVICE CORPORATION                      )
   INTERNATIONAL et al.                     )
21                                          )
                                            )
22              Defendants.                 )
                                            )
23                                          )
                                            )
24 _____ )

25 **PROPOUNDING PARTY:**      PLAINTIFFS

26 **RESPONDING PARTY:**      DEFENDANT, THOMAS RYAN

27
   **SET NUMBER:**      ONE
28

   THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES              1
   Case No.: 3:08-CV-01190 SI

Defendant, THOMAS RYAN (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

## GENERAL STATEMENTS AND OBJECTIONS

1.     Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.     These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.     These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.     Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.     Responding Party expressly reserves:

5.1     All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2     All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.     Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.     These responses are signed by counsel only as to the objections set forth in the responses. Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    2
Case No.:  3:08-CV-01190 SI

8.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.     Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome.  Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.     Responding Party objects that Plaintiffs definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a person is identified.

12.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a document is identified.

13.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which an act is identified.

15.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                3
Case No.: 3:08-CV-01190 SI

16.     Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.     The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of Thomas Ryan, Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and human resource Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production,

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES          4
Case No.:  3:08-CV-01190 SI

disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Thomas Ryan has not had any employees. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 4.

**INTERROGATORY NO. 5:**

Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction, wage reporting and benefits structure and systems of SCI, Thomas Ryan and any SCI affiliated entity or location in California, and Identify and Describe in Detail the pay information, wage deduction information, wage reporting information and benefit information for all employees of such Parties. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee paystubs, compensation package information, pay rate information, tax withholding information, wage reporting information, tax reporting information, employee benefit Documentation, including, but not limited to such benefits as health or dental insurance, flex spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification and Description in Detail of which employees were paid, when they were paid, by whom they were paid, from what accounts and whose accounts they were paid, who took pay deductions and how, who was responsible for reporting wages and taxes etc.)

**RESPONSE TO INTERROGATORY NO. 5**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    5
Case No.:  3:08-CV-01190 SI

Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the relevant time period (as that terms is defined in the interrogatories), Thomas Ryan has not had any employees and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 5.

**INTERROGATORY NO. 6:**

Identify and Describe in Detail during the Relevant Time Period all employment Practices and Policies that applied to employees of SCI, Thomas Ryan or any SCI affiliated entity or location in California, and Identify and Describe in Detail the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, Thomas Ryan or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the Identification

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                 6
Case No.: 3:08-CV-01190 SI

and Description in Detail of all employee handbooks or Policies applied to such employees during the Relevant Time Period, and Identification and Description in Detail of the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO INTERROGATORY NO. 6**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the relevant time period (as that terms is defined in the interrogatories), Thomas Ryan has not had any employees and, as such, has not had any employment practices or policies. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 6.

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI, Thomas Ryan and any SCI affiliated entity or location in California and Identify and Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    7
Case No.:  3:08-CV-01190 SI

kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, Thomas Ryan or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO INTERROGATORY NO. 7**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:    Thomas Ryan is an individual and, as such, has no corporate structure.  During the relevant time period (as that terms

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                                    8
Case No.: 3:08-CV-01190 SI

is defined in the interrogatories), Thomas Ryan has not been involved in the hiring, firing or disciplining of employees of SCI affiliated entities in California.    With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 7.

**INTERROGATORY NO. 8:**

Identify and Describe in Detail during the Relevant Time Period all reporting requirements imposed on SCI, Thomas Ryan or any SCI affiliated entity or location in California by any Person, and Identify and Describe in Detail all reporting requirements imposed by SCI, Thomas Ryan or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**RESPONSE TO INTERROGATORY NO. 8**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Thomas Ryan has had no reporting

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    9
Case No.: 3:08-CV-01190 SI

requirements pertaining to employees as he has not been an employer.  Thomas Ryan, as President and CEO of Service Corporation International, reports to its Board of Directors.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 8.

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Thomas Ryan or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Thomas Ryan has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. Thomas Ryan's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Thomas Ryan in Support of Mr. Ryan's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    10
Case No.:  3:08-CV-01190 SI

requirements pertaining to employees as he has not been an employer. Thomas Ryan, as President and CEO of Service Corporation International, reports to its Board of Directors. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 8.

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Thomas Ryan or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Thomas Ryan has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. Thomas Ryan's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Thomas Ryan in Support of Mr. Ryan's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    10
Case No.: 3:08-CV-01190 SI

1   plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation

2   International, Responding Party refers the plaintiffs to Service Corporation International's

3   supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction

4   Issues for Service Corporation International, Interrogatory No. 9.

5   **INTERROGATORY NO. 10:**

6       Identify and Describe in Detail during the Relevant Time Period all agents or employees of

7   SCI, Thomas Ryan or any SCI affiliated entity or location in California, who communicated in any

8   fashion to Thomas Ryan Concerning any matter in California, who contacted Persons or entities

9   within California, who made any contacts, arrangements or took any actions that had effects in

10  California or who ever entered California on behalf of, within the knowledge of or at the request of

11  Thomas Ryan; and Identify and Describe in Detail all Persons who ever spoke with, reported to or

12  otherwise contacted Thomas Ryan from within California, or Concerning any matters therein.

13  **RESPONSE TO INTERROGATORY NO. 10**

14      Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

15  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

16  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

17  overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

18  further objects to this interrogatory to the extent it calls for disclosure of employee information that

19  could potentially violate employees' privacy rights which are protected by the California and

20  United States Constitutions and other state and federal laws.  Responding party further objects to

21  this interrogatory on the grounds that it contains more than one separate and discrete sub-part,

22  thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

23  33(a)(1).

24

25  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

26      Subject to and without waiving the aforesaid objections, and to the extent Responding Party

27  understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

28  Period (as that term is defined in the interrogatories), Thomas Ryan has  not had any employees.

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                11
Case No.: 3:08-CV-01190 SI

1  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service

2  Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories

3  Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 10.

4  **INTERROGATORY NO. 11:**

5      Identify and Describe in Detail during the Relevant Time Period all actions taken or

6  transactions made within or Concerning California by SCI, Thomas Ryan, any SCI affiliated entity

7  or location in California, or any employee or agent acting on their behalf.

8  **RESPONSE TO INTERROGATORY NO. 11**

9      Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

10 limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

11 Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

12 overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

13 further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

14 proprietary or other confidential information, and no protective order is in place which would

15 govern the production, disclosure and dissemination of such confidential information.

16 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

17      Subject to and without waiving the aforesaid objections, and to the extent Responding Party

18 understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

19 Period (as that term is defined in the interrogatories), Thomas Ryan has not had any employees and

20 has not entered into transactions with any persons or entities in California which relate to the

21 employment policies and practices in dispute in this litigation.  Thomas Ryan's lack of contacts

22 with California sufficient for the Court to exercise general personal jurisdiction are set forth in the

23 Declaration of Thomas L. Ryan in Support of Mr. Ryan's Motion to Dismiss Amended Complaint

24 Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated

25 herein by reference.  With respect to Service Corporation International, Responding Party refers

26 the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of

27 Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International,

28

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    12
Case No.:  3:08-CV-01190 SI

Interrogatory No. 11.

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by Thomas Ryan, or by any employee or agent acting on behalf of SCI or Thomas Ryan concerning SCI, Thomas Ryan, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or Thomas Ryan Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 14**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Thomas Ryan has not had any employees and has not made any trips to California related to the employment policies and practices in dispute in this litigation. Thomas Ryan's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Thomas L. Ryan in Support of Mr. Ryan's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                     13
Case No.: 3:08-CV-01190 SI

Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 14.

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, Thomas Ryan, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Thomas Ryan did not make policies or decisions for the specific purpose of complying or promoting compliance with California laws. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    14
Case No.:  3:08-CV-01190 SI

1   Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 15.

2   **INTERROGATORY NO. 17:**

3       Identify and Describe in Detail during the Relevant Time Period any business operations or

4   efforts conducted, sought, negotiated, promoted or abandoned by Thomas Ryan with any Person

5   within California or Concerning California, and provide Identification and Description in Detail of

6   any profits, sales, revenues or business of any kind that SCI, Thomas Ryan or any SCI affiliated

7   entity or location in California can attribute, whether directly or indirectly, to operations in

8   California.

9   **RESPONSE TO INTERROGATORY NO. 17**

10      Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

11  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

12  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

13  overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

14  further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

15  proprietary or other confidential information, and no protective order is in place which would

16  govern the production, disclosure and dissemination of such confidential information.  Responding

17  party further objects to this interrogatory on the grounds that it contains more than one separate and

18  discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

19  imposed by FRCP 33(a)(1).  Responding Party further objects to the second sub-part of this

20  interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of

21  admissible evidence.

22

23  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**

24      Subject to and without waiving the aforesaid objections, and to the extent Responding Party

25  understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

26  Period (as that term is defined in the interrogatories), Thomas Ryan has not had any employees and

27  has not been involved in business operations in California which are related to the employment

28  policies and practices in dispute in this litigation.  Thomas Ryan's lack of contacts with California

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    15
Case No.:  3:08-CV-01190 SI

sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Thomas L. Ryan in Support of Mr. Ryan's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 17.

**INTERROGATORY NO. 18:**

Identify and Describe in Detail during the Relevant Time Period (including full Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or Thomas Ryan to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

**RESPONSE TO INTERROGATORY NO. 18**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    16
Case No.:  3:08-CV-01190 SI

1   Time Period (as that term is defined in the interrogatories), Thomas Ryan has not had any

2   employees and has not been involved in providing business services, customer service or human

3   resources assistance in California which are related to the employment policies and practices in

4   dispute in this litigation.  Thomas Ryan's lack of contacts with California sufficient for the Court to

5   exercise general personal jurisdiction are set forth in the Declaration of Thomas L. Ryan in Support

6   of Mr. Ryan's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6),

7   which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service

8   Corporation International, Responding Party refers the plaintiffs to Service Corporation

9   International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

10  Jurisdiction Issues for Service Corporation International, Interrogatory No. 18.

11  **INTERROGATORY NO. 19:**

12       Identify and Describe in Detail during the Relevant Time Period any legal action or

13  arbitration/mediations taken by or against, or otherwise involving SCI, Thomas Ryan or any SCI

14  affiliated entity or location in California by or against any Person within California or Concerning

15  any matter within California, whether in California federal or state court; and Identify and Describe

16  in Detail any legal Documents related to such matters.

17  **RESPONSE TO INTERROGATORY NO. 19:**

18       Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

19  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

20  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

21  overbroad, unduly burdensome and harassing, and it calls for speculation.  Defendant further

22  objects to this interrogatory to the extent it invades the attorney-client and/or attorney work product

23  privilege.  Responding Party further objects to this interrogatory to the extent it calls for the

24  disclosure of trade secret, proprietary or other confidential information, and no protective order is

25  in place which would govern the production, disclosure and dissemination of such confidential

26  information.

27

28  ///

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  Aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, Thomas Ryan does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories.   Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 19.

**INTERROGATORY NO. 21:**

Identify and Describe in Detail during the Relevant Time Period "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO INTERROGATORY NO. 21**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the interrogatory refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S.

District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party

responds as follows:   Responding Party refers the plaintiffs to Gwen Petteway's supplemental

response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Gwen

Petteway, Interrogatory No. 21.

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including

any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or

location in California that Paul Houston, Thomas Ryan, Gwen Petteway, Curtis Briggs and Jane D.

Jones have held, and for each describe the corresponding responsibilities, duties and roles for such

positions, and Identify and Describe in Detail any and all human resource and employment

Documentation or Documentation of any kind regarding or with any relation to the employment of

these individuals.

**RESPONSE TO INTERROGATORY NO. 22**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous,

overbroad, unduly burdensome and harassing, and it calls for speculation.   Responding Party

further objects to this interrogatory to the extent it calls for disclosure of employee information that

could potentially violate employees' privacy rights which are protected by the California and

United States Constitutions and other state and federal laws.   Responding party further objects to

this interrogatory on the grounds that it contains more than one separate and discrete sub-part,

thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

understands the interrogatory, Responding Party responds as follows:   Thomas Ryan is an

employee of SCI Executive Services, a Texas corporation, the President of SCI International

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    19
Case No.:  3:08-CV-01190 SI

1   Limited and he holds the title of President and Chief Executive Officer of Service Corporation

2   International, a Texas Corporation. As Chief Executive Officer, Mr. Ryan is the primary executive

3   officer of the corporation and, subject to the Board of Directors and the Chairman of the Board, he

4   has general executive charge, management and control of the properties and operations of the

5   corporation in the ordinary course of its business with all such powers with respect to such

6   properties and operations as may be reasonably incident to such responsibilities; in the absence of

7   the Chairman of the Board and the Vice Chairman of the Board, he may preside at all meetings of

8   the Board of Directors; he may agree upon and execute all bonds, contracts and all other

9   obligations in the name of the corporation; and he may sign all certificates for shares of capital

10  stock of the corporation. As President, Mr. Ryan serves as the chief administrative officer of the

11  corporation and, subject to the Board of Directors, the Chairman of the Board and the Chief

12  Executive Officer, he has general administrative charge, management and control of the properties

13  and operations of the corporation in the ordinary course of its business with all such powers with

14  respect to such properties and operations as may be reasonably incident to such responsibilities; in

15  the absence of the Chairman of the Board, the Vice Chairman of the Board and the Chief

16  Executive Officer, he may preside at all meetings of the Board of Directors; he may agree upon and

17  execute all bonds, contract and other obligations in the name of the corporation; and he may sign

18  all certificates for shares of capital stock of the corporation. With respect to Paul Houston, Gwen

19  Petteway, Curtis Briggs and Jane D. Jones, Responding Party refers the plaintiffs to their

20  respective supplemental responses to Plaintiffs' First Set of Interrogatories Regarding Personal

21  Jurisdiction Issues, Interrogatory No. 22.

22  **INTERROGATORY NO. 23:**

23      Identify and Describe in Detail during the Relevant Time Period any contact that SCI,

24  Thomas Ryan, any SCI affiliated entity or location in California, or any employee or agent acting

25  on their behalf, has had with California, or Concerning any matter within California.

26  **RESPONSE TO INTERROGATORY NO. 23**

27      Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

THOMAS RYAN SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    20
Case No.: 3:08-CV-01190 SI

limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: As to Thomas Ryan, Responding Party refers the plaintiffs to his other supplemental responses these interrogatories which are set forth above and are incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 23.

Dated: January 22, 2009          GURNEE & DANIELS LLP


                                 By _____
                                    STEVEN H. GURNEE, ESQ.
                                    DAVID M. DANIELS, ESQ.
                                    NICHOLAS P. FORESTIERE, ESQ.
                                    Attorneys for Defendants
                                    SERVICE CORPORATION
                                    INTERNATIONAL, SCI FUNERAL AND
                                    CEMETERY PURCHASING
                                    COOPERATIVE, INC., SCI EASTERN
                                    MARKET SUPPORT CENTER, L.P., SCI
                                    WESTERN MARKET SUPPORT CENTER,
                                    L.P., SCI HOUSTON MARKET SUPPORT
                                    CENTER, L.P., JANE D. JONES, GWEN
                                    PETTEWAY, THOMAS RYAN and CURTIS
                                    BRIGGS

1
2
3                        **VERIFICATION**

4        I, THOMAS RYAN, the undersigned, say:

5        I am a party to this action.  The matters stated in the foregoing DEFENDANT

6    THOMAS RYAN'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS'

7
     INTERROGATORIES are true of my own knowledge except as to those matters
8
9    which are stated on information and belief, and as to those matters I believe them to

10   be true.

11       Executed on ___ day of January 2009 at Houston, Texas

12       I declare under penalty of perjury under the laws of the State of California that
13
     the foregoing is true and correct.
14
15
16   _____
         THOMAS RYAN
17
18
19
20
21
22
23
24
25
26
27
28                                          *Bryant v. Service Corporation International*
                                            Case No.:  CV 08-01190 SI

LAW OFFICES
Steven H. Gurnee &
Associates
A Law Corporation

# EXHIBIT H

1    STEVEN H. GURNEE, ESQ. SB# 66056
     JOHN A. MASON, ESQ. SB# 166996
2    NICHOLAS P. FORESTIERE, ESQ. SB# 125118
     GURNEE & DANIELS LLP
3    2240 Douglas Boulevard, Suite 150
     Roseville, CA  95661-3805
4    Telephone    (916) 797-3100
     Facsimile    (916) 797-3131
5

6    Attorneys for Defendants

7    SERVICE CORPORATION INTERNATIONAL,
     SCI FUNERAL AND CEMETERY PURCHASING
8    COOPERATIVE, INC., SCI EASTERN MARKET
     SUPPORT CENTER, L.P. SCI WESTERN
9    MARKET SUPPORT CENTER, L.P., SCI
     HOUSTON MARKET SUPPORT CENTER, L.P.,
10   JANE D. JONES, GWEN PETTEWAY, THOMAS
     RYAN and CURTIS BRIGGS
11

12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15

16   CLAUDE BRYANT, et al., on behalf of       )   **CASE NO.  3:08-CV-01190 SI**
     themselves and all other employees and former )
17   employees similarly situated,            )
                                              )
18              Plaintiffs,                   )   **DEFENDANT THOMAS RYAN'S**
                                              )   **SECOND SUPPLEMENTAL RESPONSE**
19        vs.                                 )   **TO PLAINTIFFS' INTERROGATORIES**
                                              )
20   SERVICE CORPORATION                      )
     INTERNATIONAL et al.                     )
21                                            )
                                              )
22              Defendants.                   )
                                              )
23                                            )
                                              )
24   _____ )

25   **PROPOUNDING PARTY:**        PLAINTIFFS

26   **RESPONDING PARTY:**         DEFENDANT, THOMAS RYAN

27   **SET NUMBER:**               ONE

28

     **THOMAS RYAN SECOND SUPPLEMENTAL RESPONSES TO INTERROGATORIES  1**
     **Case No.:  3:08-CV-01190 SI**

Defendant, THOMAS RYAN (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following second supplemental response to the special interrogatories, set one, propounded by plaintiffs:

## GENERAL STATEMENTS AND OBJECTIONS

1.     Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.     These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.     These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.     Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.     Responding Party expressly reserves:

5.1     All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2     All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.     Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

**THOMAS RYAN SECOND SUPPLEMENTAL RESPONSES TO INTERROGATORIES  2**
**Case No.: 3:08-CV-01190 SI**

7.     These responses are signed by counsel only as to the objections set forth in the responses. Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.     Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.     Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome. Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a person is identified.

12.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a document is identified.

13.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which an act is identified.

**THOMAS RYAN SECOND SUPPLEMENTAL RESPONSES TO INTERROGATORIES  3**
**Case No.: 3:08-CV-01190 SI**

15.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16.     Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.     The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Thomas Ryan, Gwen Petteway, Curtis Briggs and Jane D. Jones have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO INTERROGATORY NO. 22**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

**THOMAS RYAN SECOND SUPPLEMENTAL RESPONSES TO INTERROGATORIES  4**
**Case No.:  3:08-CV-01190 SI**

1    33(a)(1).

2    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

3        Subject to and without waiving the aforesaid objections, and to the extent Responding Party

4 understands the interrogatory, Responding Party responds as follows:   Thomas Ryan is an

5 employee of SCI Executive Services, a Texas corporation, the President of SCI International

6 Limited and he holds the title of President and Chief Executive Officer of Service Corporation

7 International, a Texas Corporation. As Chief Executive Officer, Mr. Ryan is the primary executive

8 officer of the corporation and, subject to the Board of Directors and the Chairman of the Board, he

9 has general executive charge, management and control of the properties and operations of the

10 corporation in the ordinary course of its business with all such powers with respect to such

11 properties and operations as may be reasonably incident to such responsibilities; in the absence of

12 the Chairman of the Board and the Vice Chairman of the Board, he may preside at all meetings of

13 the Board of Directors; he may agree upon and execute all bonds, contracts and all other

14 obligations in the name of the corporation; and he may sign all certificates for shares of capital

15 stock of the corporation. As President, Mr. Ryan serves as the chief administrative officer of the

16 corporation and, subject to the Board of Directors, the Chairman of the Board and the Chief

17 Executive Officer, he has general administrative charge, management and control of the properties

18 and operations of the corporation in the ordinary course of its business with all such powers with

19 respect to such properties and operations as may be reasonably incident to such responsibilities; in

20 the absence of the Chairman of the Board, the Vice Chairman of the Board and the Chief

21 Executive Officer, he may preside at all meetings of the Board of Directors; he may agree upon and

22 execute all bonds, contract and other obligations in the name of the corporation; and he may sign

23 all certificates for shares of capital stock of the corporation. With respect to Paul Houston, Gwen

24 Petteway, Curtis Briggs and Jane D. Jones, Responding Party refers the plaintiffs to their

25 respective supplemental responses to Plaintiffs' First Set of Interrogatories Regarding Personal

26 Jurisdiction Issues, Interrogatory No. 22.

27

28

**THOMAS RYAN SECOND SUPPLEMENTAL RESPONSES TO INTERROGATORIES  5**
Case No.: 3:08-CV-01190 SI

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Thomas Ryan is an employee of SCI Executive Services, a Texas corporation, the President of SCI International Limited and he holds the title of President and Chief Executive Officer of Service Corporation International, a Texas Corporation. As Chief Executive Officer of Service Corporation International, a Texas Corporation, Mr. Ryan is the primary executive officer of Service Corporation International, a Texas Corporation and, subject to the Board of Directors and the Chairman of the Board, he has general executive charge, management and control of the properties and operations of Service Corporation International, a Texas corporation, in the ordinary course of its business with all such powers with respect to such properties and operations as may be reasonably incident to such responsibilities; in the absence of the Chairman of the Board and the Vice Chairman of the Board, he may, preside at all meetings of the Board of Directors; he may agree upon and execute all bonds, contracts and all other obligations in the name of the Service Corporation International, a Texas Corporation; and he may sign all certificates for shares of capital stock of Service Corporation International, a Texas Corporation. As President of Service Corporation International, a Texas Corporation, Mr. Ryan serves as the chief administrative officer of the Service Corporation International, a Texas Corporation and, subject to the Board of Directors, the Chairman of the Board and the Chief Executive Officer, he has general administrative charge, management and control of the properties and operations of Service Corporation International, a Texas corporation, in the ordinary course of its business with all such powers with respect to such properties and operations as may be reasonably incident to such responsibilities; in the absence of the Chairman of the Board, the Vice Chairman of the Board and the Chief Executive Officer, he may preside at all meetings of the Board of Directors; he may agree upon and execute all bonds, contract and other obligations in the name of Service Corporation International, a Texas Corporation; and he may sign all certificates for shares of capital stock of Service Corporation International, a Texas Corporation. With respect to Paul Houston, Gwen

**THOMAS RYAN SECOND SUPPLEMENTAL RESPONSES TO INTERROGATORIES 6**
**Case No.: 3:08-CV-01190 SI**

Petteway, Curtis Briggs and Jane D. Jones, Responding Party refers the plaintiffs to their respective supplemental responses to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22.

Dated:  February 9, 2009

GURNEE & DANIELS LLP

By _____

STEVEN H. GURNEE, ESQ.
JOHN A. MASON, ESQ.
NICHOLAS P. FORESTIERE, ESQ.
Attorneys for Defendants
SERVICE CORPORATION
INTERNATIONAL, SCI FUNERAL AND
CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN
MARKET SUPPORT CENTER, L.P., SCI
WESTERN MARKET SUPPORT CENTER,
L.P., SCI HOUSTON MARKET SUPPORT
CENTER, L.P., JANE D. JONES, GWEN
PETTEWAY, THOMAS RYAN and CURTIS
BRIGGS

**THOMAS RYAN SECOND SUPPLEMENTAL RESPONSES TO INTERROGATORIES  7**
**Case No.:  3:08-CV-01190 SI**

## VERIFICATION

I, THOMAS RYAN, the undersigned, say:

I am a party to this action.  The matters stated in the foregoing DEFENDANT THOMAS RYAN'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on _16th_ day of February 2009 at Houston, Texas.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

THOMAS RYAN