# EXHIBIT I

1   STEVEN H. GURNEE, ESQ. SB# 66056
    DAVID M. DANIELS, ESQ. SB# 170315
2   NICHOLAS P. FORESTIERE, ESQ. SB# 125118
    JOHN A. MASON, ESQ. SB#166996
3   GURNEE & DANIELS LLP
    2240 Douglas Boulevard, Suite 150
4   Roseville, CA  95661-3805
    Telephone    (916) 797-3100
5   Facsimile    (916) 797-3131

6
    Attorneys for Defendants
7
    SERVICE CORPORATION INTERNATIONAL,
8   SCI FUNERAL AND CEMETERY PURCHASING
    COOPERATIVE, INC., SCI EASTERN MARKET
9   SUPPORT CENTER, L.P. SCI WESTERN
    MARKET SUPPORT CENTER, L.P., SCI
10  HOUSTON MARKET SUPPORT CENTER, L.P.,
    JANE D. JONES, GWEN PETTEWAY, THOMAS
11  RYAN and CURTIS BRIGGS
12

13

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16
    CLAUDE BRYANT, et al., on behalf of      )   CASE NO.  3:08-CV-01190 SI
17  themselves and all other employees and former )
    employees similarly situated,            )
18                                           )
                                             )   **DEFENDANT THOMAS RYAN'S**
19            Plaintiffs,                     )   **FURTHER SUPPLEMENTAL**
                                             )   **RESPONSES TO PLAINTIFFS'**
20       vs.                                  )   **INTERROGATORIES IN COMPLIANCE**
                                             )   **WITH MARCH 27, 2009 ORDER OF THE**
21  SERVICE CORPORATION                      )   **COURT**
    INTERNATIONAL et al.                     )
22                                           )
                                             )
23            Defendants.                     )
                                             )
24  _____ )
25  ////
26  ////
27  ////
28  ////

    THOMAS RYAN FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN
    COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT
    Case No.: 3:08-CV-01190 SI                                              1

**PROPOUNDING PARTY:**     PLAINTIFFS

**RESPONDING PARTY:**     DEFENDANT, THOMAS RYAN

**SET NUMBER:**     ONE

Defendant, THOMAS RYAN (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, and in compliance with the Court's March 27, 2009 order granting in part and denying in part Plaintiffs' motion to compel additional responses provides the following further supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

## GENERAL STATEMENTS AND OBJECTIONS

1.     Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.     These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.     These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.     Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.     Responding Party expressly reserves:

5.1     All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2     All objections as to vagueness, ambiguity, unintelligibility and over breadth.

THOMAS RYAN FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN
COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT
Case No.:  3:08-CV-01190 SI                                                                                      2

6.      Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.      These responses are signed by counsel only as to the objections set forth in the responses. Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.     Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome. Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.     Responding Party objects that Plaintiffs' definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a person is identified.

12.     Responding Party objects that Plaintiffs' definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a document is identified.

13.     Responding Party objects that Plaintiffs' definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which an act is identified.

15.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16.     Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.     The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 1:**

Identify each Person who has been asked to locate Documents or provide information to respond to any discovery requests in this matter, and Identify which requests the Person was asked to provide information or Documents for and whether the individual provided information or Documents for that response.

**RESPONSE TO INTERROGATORY NO. 1**

Responding Party objects to this interrogatory on the grounds that it relates or refers to other interrogatories and requests for production of documents propounded by plaintiffs that exceed the limited scope of personal jurisdiction discovery permitted by the Court at this juncture and, as such, this interrogatory exceeds that scope as well. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible, unduly burdensome and harassing, it calls for speculation, and it invades the attorney-client and attorney work product privileges. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

THOMAS RYAN FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT
Case No.: 3:08-CV-01190 SI                                                                 4

**FURTHER RESPONSE TO INTERROGATORY NO. 1 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

The following individuals were asked to locate any documents responsive to Plaintiffs' Request for Production No. 5, as modified by the Court's March 27, 2009 Order:  not applicable. The following individuals provided documents which are being produced in response to Plaintiff's Request for Production No. 5, as modified by the Court's March 27, 2009 Order:  not applicable.

The following individuals were asked to locate any documents responsive to Plaintiffs' Request for Production No. 7, as modified by the Court's March 27, 2009 Order:  not applicable. The following individuals provided documents which are being produced in response to Plaintiff's Request for Production No. 7, as modified by the Court's March 27, 2009 Order:  not applicable.

**INTERROGATORY NO. 3:**

For each Document request or interrogatory, Identify what classes of Documents or information is being produced in response to that inquiry; what classes and on what basis Documents or information are being withheld; and what efforts were made to locate responsive information and Documents.

**RESPONSE TO INTERROGATORY NO. 3**

Responding Party objects to this interrogatory on the grounds that it relates or refers to other interrogatories and requests for production of documents propounded by plaintiffs that grossly exceed the limited scope of personal jurisdiction discovery permitted by the Court at this juncture and, as such, this interrogatory exceeds that scope as well.  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible, unduly burdensome and harassing, it calls for speculation, and it invades the attorney-client and attorney work product privileges.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

////

////

THOMAS RYAN FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT
Case No.:  3:08-CV-01190 SI                                                                                    5

**FURTHER RESPONSE TO INTERROGATORY NO. 3 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

In providing the further responses to plaintiffs' Interrogatories and Requests for Production of Documents specified in and as limited by the Court's 3-27-09 Order, Responding Party has not withheld responsive information or documents, although certain documents which are being produced have been deemed and marked as confidential by Defendants and are provided subject to the Stipulated Protective Order to which counsel for all parties have agreed and the Court has approved.

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI, Thomas Ryan and any SCI affiliated entity or location in California and Identify and Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, Thomas Ryan or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO INTERROGATORY NO. 7**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

THOMAS RYAN FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT
Case No.: 3:08-CV-01190 SI

6

Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Thomas Ryan is an individual and, as such, has no corporate structure. During the relevant time period (as that terms is defined in the interrogatories), Thomas Ryan has not been involved in the hiring, firing or disciplining of employees of SCI affiliated entities in California. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 7.

**FURTHER RESPONSE TO INTERROGATORY NO. 7 IN COMPLIANCE WITH 3-27-09 ORDER:**

See the written descriptions for Responding Party's positions described in his Supplemental Response to Interrogatory No. 22 and attached to Responding Party's Supplemental Response to Request for Production No. 20 (Bates Stamp Nos. TYRAN0001-0007).

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Thomas Ryan or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

THOMAS RYAN FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN
COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT
Case No.: 3:08-CV-01190 SI                                                                                                          7

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Thomas Ryan has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. Thomas Ryan's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Thomas Ryan in Support of Mr. Ryan's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 9.

**FURTHER RESPONSE TO INTERROGATORY NO. 9 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

At no time during the Relevant Time Period (as that term is defined in the Interrogatories) has Responding Party entered into any written agreements related to any business matter in California.

////

THOMAS RYAN FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN
COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT
Case No.:  3:08-CV-01190 SI                                                                                         8

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by Thomas Ryan, or by any employee or agent acting on behalf of SCI or Thomas Ryan concerning SCI, Thomas Ryan, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or Thomas Ryan Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 14**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Thomas Ryan has not had any employees and has not made any trips to California related to the employment policies and practices in dispute in this litigation. Thomas Ryan's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Thomas L. Ryan in Support of Mr. Ryan's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation

THOMAS RYAN FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                                    9
Case No.:  3:08-CV-01190 SI

1  International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

2  Jurisdiction Issues for Service Corporation International, Interrogatory No. 14.

3  **FURTHER RESPONSE TO INTERROGATORY NO. 14 IN COMPLIANCE WITH THE**

4  **COURT'S 3-27-09 ORDER:**

5      Responding Party is aware of 25 occasions during the Relevant Time Period (as that term is

6  defined in the Interrogatories) that he has traveled to California on business.  The purposes of these

7  trips included market visits and attending investor meetings and conferences.

8  Dated:   April 17, 2009                                        GURNEE & DANIELS LLP

9

10                                              By _____

11                                                 STEVEN H. GURNEE, ESQ.
                                                    DAVID M. DANIELS, ESQ.
12                                                 NICHOLAS P. FORESTIERE, ESQ.
                                                    JOHN A. MASON, ESQ.
13                                                 Attorneys for Defendants
                                                    SERVICE CORPORATION
14                                                 INTERNATIONAL, SCI FUNERAL AND
                                                    CEMETERY PURCHASING
15                                                 COOPERATIVE, INC., SCI EASTERN
                                                    MARKET SUPPORT CENTER, L.P., SCI
16                                                 WESTERN MARKET SUPPORT CENTER,
                                                    L.P., SCI HOUSTON MARKET SUPPORT
17                                                 CENTER, L.P., JANE D. JONES, GWEN
                                                    PETTEWAY, THOMAS RYAN and CURTIS
18                                                 BRIGGS

19

20

21

22

23

24

25

26

27

28

THOMAS RYAN FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN
COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                              10
Case No.:  3:08-CV-01190 SI

1
2                          **VERIFICATION**
3        I, THOMAS RYAN, the undersigned, say:
4        I am a party to this action.  The matters stated in the foregoing FURTHER
5   SUPPLEMENTAL   RESPONSES   TO   PLAINTIFFS'   INTERROGATORIES   IN
6   COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT are true of my own
7   knowledge except as to those matters which are stated on information and belief,
8   and as to those matters I believe them to be true.
9
10       Executed on __17__ day of April 2009 at Houston, Texas.
11       I declare under penalty of perjury under the laws of the State of California that
12  the foregoing is true and correct.
13
14
15                                                _____
16                                                THOMAS RYAN
17
18
19
20
21
22
23
24
25
26
27                                                *Bryant v. Service Corporation International*
28                                                Case No.:  CV 08-01190 SI

# EXHIBIT J

STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
NICHOLAS P. FORESTIERE, ESQ. SB# 125118
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA  95661-3805
Telephone     (916) 797-3100
Facsimile      (916) 797-3131

Attorneys for Defendants

SERVICE CORPORATION INTERNATIONAL,
SCI FUNERAL AND CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN MARKET
SUPPORT CENTER, L.P. SCI WESTERN
MARKET SUPPORT CENTER, L.P., SCI
HOUSTON MARKET SUPPORT CENTER, L.P.,
JANE D. JONES, GWEN PETTEWAY, THOMAS
RYAN and CURTIS BRIGGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>SERVICE            CORPORATION INTERNATIONAL et al.<br><br>        Defendants. | **CASE NO. 3:08-CV-01190 SI**<br><br><br><br>**DEFENDANT CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES** |

**PROPOUNDING PARTY:**     PLAINTIFFS

**RESPONDING PARTY:**    DEFENDANT, CURTIS BRIGGS

**SET NUMBER:**          ONE

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES     1
Case No.: 3:08-CV-01190 SI

Defendant, CURTIS BRIGGS (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

## GENERAL STATEMENTS AND OBJECTIONS

1.     Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.     These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.     These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.     Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.     Responding Party expressly reserves:

5.1     All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2     All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.     Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.     These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    2
Case No.:  3:08-CV-01190 SI

8.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.     Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome.  Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.     Responding Party objects that Plaintiffs' definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a person is identified.

12.     Responding Party objects that Plaintiffs' definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a document is identified.

13.     Responding Party objects that Plaintiffs' definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.     Responding Party objects that Plaintiffs' definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which an act is identified.

15.     Responding Party objects that Plaintiffs' definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                3
Case No.:  3:08-CV-01190 SI

16.     Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.     The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of Curtis Briggs, Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and human resource Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production,

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                4
Case No.:  3:08-CV-01190 SI

1    disclosure and dissemination of such confidential information. Responding party further objects to

2    this interrogatory on the grounds that it contains more than one separate and discrete sub-part,

3    thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

4    33(a)(1).

5    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

6         Subject to and without waiving the aforesaid objections, and to the extent Responding Party

7    understands the interrogatory, Responding Party responds as follows:  During the relevant time

8    period (as that terms is defined in the interrogatories), Curtis Briggs has not had any employees.

9    With respect to Service Corporation International, Responding Party refers the plaintiffs to Service

10    Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories

11    Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 4.

12    **INTERROGATORY NO. 5:**

13         Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction,

14    wage reporting and benefits structure and systems of SCI, Curtis Briggs and any SCI affiliated

15    entity or location in California, and Identify and Describe in Detail the pay information, wage

16    deduction information, wage reporting information and benefit information for all employees of

17    such Parties. (A proper response includes, but is not limited to, Identification and Description in

18    Detail of any employee paystubs, compensation package information, pay rate information, tax

19    withholding information, wage reporting information, tax reporting information, employee benefit

20    Documentation, including, but not limited to such benefits as health or dental insurance, flex

21    spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification

22    and Description in Detail of which employees were paid, when they were paid, by whom they were

23    paid, from what accounts and whose accounts they were paid, who took pay deductions and how,

24    who was responsible for reporting wages and taxes etc.)

25

26    **RESPONSE TO INTERROGATORY NO. 5**

27         Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

28    limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    5
Case No.:  3:08-CV-01190 SI

1   Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

2   overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

3   further objects to this interrogatory to the extent it calls for disclosure of employee information that

4   could potentially violate employees' privacy rights which are protected by the California and

5   United States Constitutions and other state and federal laws.  Responding Party further objects to

6   this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other

7   confidential information, and no protective order is in place which would govern the production,

8   disclosure and dissemination of such confidential information.  Responding party further objects to

9   this interrogatory on the grounds that it contains more than one separate and discrete sub-part,

10  thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

11  33(a)(1).

12  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

13        ·· Subject to and without waiving the aforesaid objections, and to the extent Responding Party

14  understands the interrogatory, Responding Party responds as follows:  During the relevant time

15  period (as that terms is defined in the interrogatories), Curtis Briggs has not had any employees

16  and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or

17  systems.  With respect to Service Corporation International, Responding Party refers the plaintiffs

18  to Service Corporation International's supplemental response to Plaintiffs' First Set of

19  Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International,

20  Interrogatory No. 5.

21
22  **INTERROGATORY NO. 6:**

23        Identify and Describe in Detail during the Relevant Time Period all employment Practices

24  and Policies that applied to employees of SCI, Curtis Briggs or any SCI affiliated entity or location

25  in California, and Identify and Describe in Detail the manner and means by which these

26  employment Practices and company Policies were developed, put into Practice and enforced, and

27  any involvement that SCI, Curtis Briggs or any SCI affiliated entity or location had in relation to

28  those Policies and Practices. (A proper response includes, but is not limited to, the Identification

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                6
Case No.:  3:08-CV-01190 SI

1   and Description in Detail of all employee handbooks or Policies applied to such employees during

2   the Relevant Time Period, and Identification and Description in Detail of the forenamed Parties,

3   and any involvement they had with such Policies such as reviewing them, providing advice on

4   them, promulgating them, enforcing them or implementing them.)

5   **RESPONSE TO INTERROGATORY NO. 6**

6       Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

7   limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

8   Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

9   overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

10  further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

11  proprietary or other confidential information, and no protective order is in place which would

12  govern the production, disclosure and dissemination of such confidential information.  Responding

13  party further objects to this interrogatory on the grounds that it contains more than one separate and

14  discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

15  imposed by FRCP 33(a)(1).

16  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

17      Subject to and without waiving the aforesaid objections, and to the extent Responding Party

18  understands the interrogatory, Responding Party responds as follows:  During the relevant time

19  period (as that terms is defined in the interrogatories), Curtis Briggs has not had any employees

20  and, as such, has not had any employment practices or policies.  With respect to Service

21  Corporation International, Responding Party refers the plaintiffs to Service Corporation

22  International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

23  Jurisdiction Issues for Service Corporation International, Interrogatory No. 6.

24  

25  **INTERROGATORY NO. 7:**

26      Identify and Describe in Detail during the Relevant Time Period the corporate structure for

27  SCI, Curtis Briggs and any SCI affiliated entity or location in California and Identify and Describe

28  in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES       7
Case No.: 3:08-CV-01190 SI

1   kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in

2   relation to any employee of SCI, Curtis Briggs or any SCI affiliated entity or location in California.

3   (A proper response includes, but is not limited to, Identification and Description in Detail, as to

4   each forenamed party, of organizational or flow charts, Documentation of responsibilities of all

5   employees, Documentation of reporting/management structure, Documentation of banking systems

6   and accounts, Documentation of compensation and benefits systems, Documentation regarding

7   human resource implementation and processes, Documentation regarding systems for recording

8   hours, Documentation regarding accounting systems, employer/employee lists, Documentation of

9   bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of

10   who has access to them), and their corporate position, responsibilities and reporting structure (who

11   these Parties report to, and who reports to any of these Parties).)

12   **RESPONSE TO INTERROGATORY NO. 7**

13       Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

14   limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

15   Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

16   overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

17   further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

18   proprietary or other confidential information, and no protective order is in place which would

19   govern the production, disclosure and dissemination of such confidential information. Responding

20   party further objects to this interrogatory on the grounds that it contains more than one separate and

21   discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

22   imposed by FRCP 33(a)(1).

23

24   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

25       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

26   understands the interrogatory, Responding Party responds as follows:   Curtis Briggs is an

27   individual and, as such, has no corporate structure.  During the relevant time period (as that terms

28   is defined in the interrogatories), Curtis Briggs has not been involved in the hiring, firing or

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    8
Case No.:  3:08-CV-01190 SI

1   disciplining of employees of SCI affiliated entities in California in his personal capacity or while

2   acting on behalf of any entity which is contesting personal jurisdiction in this case.  With respect to

3   Service Corporation International, Responding Party refers the plaintiffs to Service Corporation

4   International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

5   Jurisdiction Issues for Service Corporation International, Interrogatory No. 7.

6   **INTERROGATORY NO. 8:**

7       Identify and Describe in Detail during the Relevant Time Period all reporting requirements

8   imposed on SCI, Curtis Briggs or any SCI affiliated entity or location in California by any Person,

9   and Identify and Describe in Detail all reporting requirements imposed by SCI, Curtis Briggs or

10   any SCI affiliated entity or location in California on any Person. (A proper response includes, but

11   is not limited to, reporting requirements relating to business matters, legal matters, tax matters,

12   state compliance matters, human resource matters, etc.)

13   **RESPONSE TO INTERROGATORY NO. 8**

14       Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

15   limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

16   Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

17   overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

18   further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

19   proprietary or other confidential information, and no protective order is in place which would

20   govern the production, disclosure and dissemination of such confidential information.  Responding

21   party further objects to this interrogatory on the grounds that it contains more than one separate and

22   discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

23   imposed by FRCP 33(a)(1).

24

25   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**

26       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

27   understands the interrogatory, Responding Party responds as follows:  During the relevant time

28   period (as that terms is defined in the interrogatories), Curtis Briggs has had no reporting

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES          9
Case No.: 3:08-CV-01190 SI

requirements pertaining to employees as he has not been an employer. Curtis Briggs, who is employed as senior corporate counsel for SCI Funeral and Cemetery Purchasing Cooperative, Inc., a Delaware corp., reports to Gregory Sangalis, Senior Vice President and General Counsel of Service Corporation International. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 8.

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Curtis Briggs or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Curtis Briggs has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation in his personal capacity or while acting on behalf of any entity which is contesting personal

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    10
Case No.: 3:08-CV-01190 SI

1   jurisdiction in this case.  Curtis Briggs' lack of contacts with California sufficient for the Court to

2   exercise general personal jurisdiction are set forth in the Declaration of Curtis Briggs in Support of

3   Mr. Briggs' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6),

4   which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service

5   Corporation International, Responding Party refers the plaintiffs to Service Corporation

6   International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

7   Jurisdiction Issues for Service Corporation International, Interrogatory No. 9.

8   **INTERROGATORY NO. 10:**

9       Identify and Describe in Detail during the Relevant Time Period all agents or employees of

10  SCI, Curtis Briggs or any SCI affiliated entity or location in California, who communicated in any

11  fashion to Curtis Briggs Concerning any matter in California, who contacted Persons or entities

12  within California, who made any contacts, arrangements or took any actions that had effects in

13  California or who ever entered California on behalf of, within the knowledge of or at the request of

14  Curtis Briggs; and Identify and Describe in Detail all Persons who ever spoke with, reported to or

15  otherwise contacted Curtis Briggs from within California, or Concerning any matters therein.

16  **RESPONSE TO INTERROGATORY NO. 10**

17      Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

18  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

19  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

20  overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

21  further objects to this interrogatory to the extent it calls for disclosure of employee information that

22  could potentially violate employees' privacy rights which are protected by the California and

23  United States Constitutions and other state and federal laws.  Responding party further objects to

24  this interrogatory on the grounds that it contains more than one separate and discrete sub-part,

25  thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

26  33(a)(1).

27  

28  *///*

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                        11
Case No.:  3:08-CV-01190 SI

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Curtis Briggs has  not had any employees. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 10.

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or Concerning California by SCI, Curtis Briggs, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**RESPONSE TO INTERROGATORY NO. 11**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Curtis Briggs has not had any employees and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation, in his personal capacity or while acting on behalf of any entity which is contesting personal jurisdiction in this case. Curtis Briggs' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    12
Case No.: 3:08-CV-01190 SI

set forth in the Declaration of Curtis Briggs in Support of Mr. Briggs' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 11.

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by Curtis Briggs, or by any employee or agent acting on behalf of SCI or Curtis Briggs Concerning SCI, Curtis Briggs, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or Curtis Briggs Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Curtis Briggs has not had any employees and

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES          13
Case No.:  3:08-CV-01190 SI

has not made any trips to California related to the employment policies and practices in dispute in this litigation in his personal capacity or while acting on behalf of any entity which is contesting personal jurisdiction in this case.  Curtis Briggs' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Curtis Briggs in Support of Mr. Briggs' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 14.

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, Curtis Briggs, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

///

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    14
Case No.:  3:08-CV-01190 SI

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Curtis Briggs did not participate in making any policies or decisions for the specific purpose of complying or promoting compliance with California laws in his personal capacity or while acting on behalf of any entity which is contesting personal jurisdiction in this case.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 15.

**INTERROGATORY NO. 17:**

Identify and Describe in Detail during the Relevant Time Period any business operations or efforts conducted, sought, negotiated, promoted or abandoned by Curtis Briggs with any Person within California or Concerning California, and provide Identification and Description in Detail of any profits, sales, revenues or business of any kind that SCI, Curtis Briggs or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO INTERROGATORY NO. 17**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                 15
Case No.: 3:08-CV-01190 SI

imposed by FRCP 33(a)(1).  Responding Party further objects to the second sub-part of this interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Curtis Briggs has not had any employees and has not been involved in business operations in California which are related to the employment policies and practices in dispute in this litigation in his personal capacity or while acting on behalf of any entity which is contesting personal jurisdiction in this case.  Curtis Briggs' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Curtis Briggs in Support of Mr. Briggs' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 17.

**INTERROGATORY NO. 18:**

Identify and Describe in Detail during the Relevant Time Period (including full Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or Curtis Briggs to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

**RESPONSE TO INTERROGATORY NO. 18**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    16
Case No.: 3:08-CV-01190 SI

overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Curtis Briggs has not had any employees and has not been involved in providing business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation in his personal capacity or while acting on behalf of any entity which is contesting personal jurisdiction in this case. Curtis Briggs' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Curtis Briggs in Support of Mr. Briggs' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 18.

**INTERROGATORY NO. 19:**

Identify and Describe in Detail during the Relevant Time Period any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, Curtis Briggs or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and Identify and Describe in Detail any legal Documents related to such matters.

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    17
Case No.: 3:08-CV-01190 SI

**RESPONSE TO INTERROGATORY NO. 19**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Defendant further objects to this interrogatory to the extent it invades the attorney-client and/or attorney work product privilege. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, Curtis Briggs does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories. Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 19.

**INTERROGATORY NO. 21:**

Identify and Describe in Detail during the Relevant Time Period "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

///

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES                18
Case No.: 3:08-CV-01190 SI

**RESPONSE TO INTERROGATORY NO. 21**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the interrogatory refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows:  Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Gwen Petteway, Interrogatory No. 21.

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO INTERROGATORY NO. 22**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous,

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES          19
Case No.:  3:08-CV-01190 SI

overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Curtis Briggs is an employee of SCI Funeral and Cemetery Purchasing Cooperative, Inc., a Delaware corporation, and he holds the title of Senior Corporate Counsel. Mr. Briggs is also the Assistant Corporate Secretary to Service Corporation International. Mr. Briggs' principal duties include participating in and providing support for financings and SEC filings. He serves on the Disclosure Committee and in a secretarial role for the Board and various committees. He administers and monitors the securities trading policy, stock plans and NYSE compliance. Mr. Briggs has also been the President of Alderwoods (Texas), Inc., DSP General Partner II, Inc., Earthman LP, Inc., RH Mortuary Corporation, Directors Succession Planning II, Inc., Directors Succession Planning, Inc., DSP General Partner II, Inc., and Alderwoods Group, LLC. He has also been the Vice President of EVMP Corporation, Acheson & Graham Mortuary, Inc., California Cemetery & Funeral Services, LLC, CFR Corporation, Chung Wah Funeral Directors, Inc., Coral Ridge Funeral Home and Cemetery, Inc., CWFD, Inc., DD & H Corporation, ECI Cemetery Services of California, Inc., ECI Services of California, Inc., Eden Memorial Park Association, Ellis Olson Mortuary, Eternal Hills Cemetery Association, Eternal Life Properties, Inc., FCA Acquisition Corporation, Financial Capital of America, Fremont Cemetery Corporation, Glen Abbey Inc., Green Acres Memorial Park & Mortuary, Directors Succession Planning, Inc., Greenwood Memorial Park, Inc., Hong Kong Funeral Homes, Hotchkiss Mortuary, Incorporated, International Funeral Parlours, John A. Mies,

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES      20
Case No.: 3:08-CV-01190 SI

Inc., Joshua Memorial Park, La Verne Cemetery Corporation, LAFAMCO, Inc., Lakeside Memorial Lawn, LIBO, Inc., Lima-Salmon-Erickson, Inc., Mac Dougall Mortuaries, Inc, Malinow & Silverman, Inc., Maridon, Inc., MB Line, Miller Enterprises, Inc., Mirabal Mortuary, Inc., Mission Casket, Co., Mount Vernon Memorial Park, Alderwoods Group, LLC, Mt. View Cemetery of San Bernadino, Oak Hill Improvement Company, Oakdale Memorial Park, Oakdale Mortuary, Ocean View Cemetery, Pierce Brothers, Pierce Brothers Crematorium, Pierce Holdings (California) Inc., Provident Credit of California, Inc., Provident Services, Inc., RC/SC Funeral Chapels, Inc., Redding Memorial Park, RH Mortuary Corporation, SCI California Funeral Services, Inc., SCI Western Market Support Center, Inc., Universal Memorial Centers V, Inc., Universal Memorial Centers VI, Inc., Alderwoods Group (California), Inc., Workman Mill Investment Company, RVL Properties, S&H Properties & Enterprises, Inc., Sacramento Memorial Lawn, SCI Southern California Region, Inc., Ted M. Mayr Funeral Home, Inc., Tinkler Acquisition Corp., Tinkler Mission Chapel, Turner & Stevens Company, Valley Funeral Home, and World Funeral Home. Mr. Briggs has also been the Secretary of Financial Capital of America, FCA Acquisition Corporation, EVMP Corporation, CREMCORP, INC., Mount Vernon Memorial Park, MB Line, RC/SC Funeral Chapels, Inc., CFR Corporation, DD & H Corporation, RVL Properties, Sierra View Mausoleum Association, and Eden Memorial Park Association. Mr. Briggs has also been the Assistant Secretary of Sierra View Memorial Park and ECI Services of California, Inc. Mr. Briggs has also been a Director of J.B. Draper Co., SCI Western Market Support Center, Inc., Alderwoods (Texas), Inc., Directors Succession Planning II, Inc., DSP General Partner II, Inc., Earthman LP, Inc., Lisle Funeral Home, MISH Acquisition Corporation, and Directors Succession Planning, Inc. With respect to Paul Houston, Thomas Ryan, Gwen Petteway and Jane D. Jones, Responding Party refers the plaintiffs to their respective supplemental responses to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22.

**INTERROGATORY NO. 23:**

Identify and Describe in Detail during the Relevant Time Period any contact that SCI,

1    Curtis Briggs, any SCI affiliated entity or location in California, or any employee or agent acting

2    on their behalf, has had with California, or Concerning any matter within California.

3    **RESPONSE TO INTERROGATORY NO. 23**

4         Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

5    limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

6    Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous,

7    overbroad, unduly burdensome and harassing, and it calls for speculation.   Responding party

8    further objects to this interrogatory on the grounds that it contains more than one separate and

9    discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

10   imposed by FRCP 33(a)(1).

11   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23**

12        Subject to and without waiving the aforesaid objections, and to the extent Responding Party

13   understands the interrogatory, Responding Party responds as follows:   As to Curtis Briggs,

14   Responding Party refers the plaintiffs to his other supplemental responses these interrogatories

15   which are set forth above and are incorporated herein by reference.   With respect to Service

16   Corporation International, Responding Party refers the plaintiffs to Service Corporation

17   International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES          22
Case No.: 3:08-CV-01190 SI

1    Jurisdiction Issues for Service Corporation International, Interrogatory No. 23.

2

3    Dated:    January _____, 2009                    GURNEE & DANIELS LLP

4

5                                                    By _____

6                                                        STEVEN H. GURNEE, ESQ.
                                                         DAVID M. DANIELS, ESQ.
7                                                        NICHOLAS P. FORESTIERE, ESQ.
                                                         Attorneys for Defendants
8                                                        SERVICE CORPORATION
                                                         INTERNATIONAL, SCI FUNERAL AND
9                                                        CEMETERY PURCHASING
                                                         COOPERATIVE, INC., SCI EASTERN
10                                                       MARKET SUPPORT CENTER, L.P., SCI
                                                         WESTERN MARKET SUPPORT CENTER,
11                                                       L.P., SCI HOUSTON MARKET SUPPORT
                                                         CENTER, L.P., JANE D. JONES, GWEN
12                                                       PETTEWAY, THOMAS RYAN and CURTIS
13                                                       BRIGGS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CURTIS BRIGGS SUPPLEMENTAL RESPONSES TO INTERROGATORIES          23
Case No.:  3:08-CV-01190 SI

**VERIFICATION**

I, CURTIS BRIGGS, the undersigned, say:

I am a party to this action.  The matters stated in the foregoing DEFENDANT

CURTIS BRIGGS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES

are true of my own knowledge except as to those matters which are stated on

information and belief, and as to those matters I believe them to be true.

Executed on _22_ day of January 2009 at Houston, Texas

I declare under penalty of perjury under the laws of the State of California that

the foregoing is true and correct.


CURTIS BRIGGS


*Bryant v. Service Corporation International*
Case No.:  CV 08-01190 SI

# EXHIBIT K

STEVEN H. GURNEE, ESQ. SB# 66056
JOHN A. MASON, ESQ. SB# 166996
NICHOLAS P. FORESTIERE, ESQ. SB# 125118
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA  95661-3805
Telephone      (916) 797-3100
Facsimile      (916) 797-3131

Attorneys for Defendants

SERVICE CORPORATION INTERNATIONAL,
SCI FUNERAL AND CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN MARKET
SUPPORT CENTER, L.P. SCI WESTERN
MARKET SUPPORT CENTER, L.P., SCI
HOUSTON MARKET SUPPORT CENTER, L.P.,
JANE D. JONES, GWEN PETTEWAY, THOMAS
RYAN and CURTIS BRIGGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SERVICE CORPORATION INTERNATIONAL et al.<br><br>Defendants. | CASE NO.  3:08-CV-01190 SI<br><br>**DEFENDANT CURTIS BRIGGS SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORIES** |

**PROPOUNDING PARTY:**     PLAINTIFFS

**RESPONDING PARTY:**     DEFENDANT, CURTIS BRIGGS

**SET NUMBER:**     ONE

**DEFENDANT CURTIS BRIGGS SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORIES**
**Case No.: 3:08-CV-01190 SI**

1

Defendant, CURTIS BRIGGS (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following second supplemental response to the special interrogatories, set one, propounded by plaintiffs:

## GENERAL STATEMENTS AND OBJECTIONS

1.  Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.  These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.  These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.  Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.  Responding Party expressly reserves:

    5.1  All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

    5.2  All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.  Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

**DEFENDANT CURTIS BRIGGS SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORIES**                                                                    **2**
**Case No.:  3:08-CV-01190 SI**

7.   These responses are signed by counsel only as to the objections set forth in the responses. Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.   Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.   Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.   Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome. Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.   Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a person is identified.

12.   Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a document is identified.

13.   Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.   Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which an act is identified.

**DEFENDANT CURTIS BRIGGS SECOND SUPPLEMENTAL RESPONSE TO
PLAINTIFFS' INTERROGATORIES**                                                                      **3**
**Case No.: 3:08-CV-01190 SI**

15.   Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16.   Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.   The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO INTERROGATORY NO. 22**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

**DEFENDANT CURTIS BRIGGS SECOND SUPPLEMENTAL RESPONSE TO**
**PLAINTIFFS' INTERROGATORIES**                                                                    4
**Case No.: 3:08-CV-01190 SI**

1  33(a)(1).

2  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

3      Subject to and without waiving the aforesaid objections, and to the extent Responding Party

4  understands the interrogatory, Responding Party responds as follows:  Curtis Briggs is an employee

5  of SCI Funeral and Cemetery Purchasing Cooperative, Inc., a Delaware corporation, and he holds

6  the title of Senior Corporate Counsel.  Mr. Briggs is also the Assistant Corporate Secretary to

7  Service Corporation International.   Mr. Briggs' principal duties include participating in and

8  providing support for financings and SEC filings. He serves on the Disclosure Committee and in a

9  secretarial role for the Board and various committees. He administers and monitors the securities

10  trading policy, stock plans and NYSE compliance.  Mr. Briggs has also been the President of

11  Alderwoods (Texas), Inc., DSP General Partner II, Inc., Earthman LP, Inc., RH Mortuary

12  Corporation, Directors Succession Planning II, Inc., Directors Succession Planning, Inc., DSP

13  General Partner II, Inc., and Alderwoods Group, LLC. · He has also been the Vice President of

14  EVMP Corporation, Acheson & Graham Mortuary, Inc., California Cemetery & Funeral Services,

15  LLC, CFR Corporation, Chung Wah Funeral Directors, Inc., Coral Ridge Funeral Home and

16  Cemetery, Inc., CWFD, Inc., DD & H Corporation, ECI Cemetery Services of California, Inc., ECI

17  Services of California, Inc., Eden Memorial Park Association, Ellis Olson Mortuary, Eternal Hills

18  Cemetery Association, Eternal Life Properties, Inc., FCA Acquisition Corporation, Financial

19  Capital of America, Fremont Cemetery Corporation, Glen Abbey Inc., Green Acres Memorial Park

20  & Mortuary, Directors Succession Planning, Inc., Greenwood Memorial Park, Inc., Hong Kong

21  Funeral Homes, Hotchkiss Mortuary, Incorporated, International Funeral Parlours, John A. Mies,

22  Inc., Joshua Memorial Park, La Verne Cemetery Corporation, LAFAMCO, Inc., Lakeside

23  Memorial Lawn, LIBO, Inc., Lima-Salmon-Erickson, Inc., Mac Dougall Mortuaries, Inc, Malinow

24  & Silverman, Inc., Maridon, Inc., MB Line, Miller Enterprises, Inc., Mirabal Mortuary, Inc.,

25  Mission Casket, Co., Mount Vernon Memorial Park, Alderwoods Group, LLC, Mt. View

26  Cemetery of San Bernardino, Oak Hill Improvement Company, Oakdale Memorial Park, Oakdale

27  Mortuary, Ocean View Cemetery, Pierce Brothers, Pierce Brothers Crematorium, Pierce Holdings

(California) Inc., Provident Credit of California, Inc., Provident Services, Inc., RC/SC Funeral Chapels, Inc., Redding Memorial Park, RH Mortuary Corporation, SCI California Funeral Services, Inc., SCI Western Market Support Center, Inc., Universal Memorial Centers V, Inc., Universal Memorial Centers VI, Inc., Alderwoods Group (California), Inc., Workman Mill Investment Company, RVL Properties, S&H Properties & Enterprises, Inc., Sacramento Memorial Lawn, SCI Southern California Region, Inc., Ted M. Mayr Funeral Home, Inc., Tinkler Acquisition Corp., Tinkler Mission Chapel, Turner & Stevens Company, Valley Funeral Home, and World Funeral Home. Mr. Briggs has also been the Secretary of Financial Capital of America, FCA Acquisition Corporation, EVMP Corporation, CREMCORP, INC., Mount Vernon Memorial Park, MB Line, RC/SC Funeral Chapels, Inc., CFR Corporation, DD & H Corporation, RVL Properties, Sierra View Mausoleum Association, and Eden Memorial Park Association. Mr. Briggs has also been the Assistant Secretary of Sierra View Memorial Park and ECI Services of California, Inc. Mr. Briggs has also been a Director of J.B. Draper Co., SCI Western Market Support Center, Inc., Alderwoods (Texas), Inc., Directors Succession Planning II, Inc., DSP General Partner II, Inc., Earthman LP, Inc., Lisle Funeral Home, MISH Acquisition Corporation, and Directors Succession Planning, Inc. With respect to Paul Houston, Thomas Ryan, Gwen Petteway and Jane D. Jones, Responding Party refers the plaintiffs to their respective supplemental responses to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Responding Parties' duties with respect to his positions as Senior Corporate Counsel and as Assistant Corporate Secretary to Service Corporation International are described in his original supplemental response to this interrogatory. Responding Parties' duties with respect to the other California entities listed in his original supplemental response are generally limited to executing various documents on behalf of those respective entities, including contracts, corporate reporting documents and similar company

**DEFENDANT CURTIS BRIGGS SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORIES**
**Case No.: 3:08-CV-01190 SI**                                                          6

1   records, which Mr. Briggs executes in his capacity as an officer of those entities.  However, Mr.

2   Briggs is not involved in the day-to-day operations or decision-making of these entities.

3   Dated:    February 9, 2009                          GURNEE & DANIELS LLP

4

5                                                    By _____

6                                                       STEVEN H. GURNEE, ESQ.
                                                        JOHN A. MASON, ESQ.
7                                                       NICHOLAS P. FORESTIERE, ESQ.
                                                        Attorneys for Defendants
8                                                       SERVICE CORPORATION
                                                        INTERNATIONAL, SCI FUNERAL AND
9                                                       CEMETERY PURCHASING
                                                        COOPERATIVE, INC., SCI EASTERN
10                                                      MARKET SUPPORT CENTER, L.P., SCI
                                                        WESTERN MARKET SUPPORT CENTER,
11                                                      L.P., SCI HOUSTON MARKET SUPPORT
                                                        CENTER, L.P., JANE D. JONES, GWEN
12                                                      PETTEWAY, THOMAS RYAN and CURTIS
                                                        BRIGGS
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT CURTIS BRIGGS SECOND SUPPLEMENTAL RESPONSE TO
PLAINTIFFS' INTERROGATORIES**                                              7
**Case No.:  3:08-CV-01190 SI**

**VERIFICATION**

I, CURTIS BRIGGS, the undersigned, say:

I am a party to this action.  The matters stated in the foregoing DEFENDANT CURTIS BRIGGS' SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on __6__ day of February 2009 at Houston, Texas.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

CURTIS BRIGGS

# EXHIBIT L

STEVEN H. GURNEE, ESQ. SB# 66056
JOHN A. MASON, ESQ. SB# 166996
NICHOLAS P. FORESTIERE, ESQ. SB# 125118
JOHN A. MASON, ESQ. SB#166996
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA 95661-3805
Telephone    (916) 797-3100
Facsimile    (916) 797-3131

Attorneys for Defendants

SERVICE CORPORATION INTERNATIONAL,
SCI FUNERAL AND CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN MARKET
SUPPORT CENTER, L.P. SCI WESTERN
MARKET SUPPORT CENTER, L.P., SCI
HOUSTON MARKET SUPPORT CENTER, L.P.,
JANE D. JONES, GWEN PETTEWAY, THOMAS
RYAN and CURTIS BRIGGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SERVICE CORPORATION INTERNATIONAL et al.<br><br>Defendants. | CASE NO. 3:08-CV-01190 SI<br><br>**DEFENDANT CURTIS BRIGGS FURTHER SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT** |

////

////

////

**DEFENDANT CURTIS BRIGGS FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE
COURT**
Case No.: 3:08-CV-01190 SI
                                                                                    1

**PROPOUNDING PARTY:**    PLAINTIFFS

**RESPONDING PARTY:**    DEFENDANT, CURTIS BRIGGS

**SET NUMBER:**    ONE

Defendant, CURTIS BRIGGS (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, and in compliance with the Court's March 27, 2009 order granting in part and denying in part Plaintiffs' motion to compel additional responses, provides the following further supplemental response to the special interrogatories, set one, propounded by plaintiffs:

### GENERAL STATEMENTS AND OBJECTIONS

1.    Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.    These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.    These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.    Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.    Responding Party expressly reserves:

    5.1    All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

    5.2    All objections as to vagueness, ambiguity, unintelligibility and over breadth.

**DEFENDANT CURTIS BRIGGS FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT**    **2**
**Case No.: 3:08-CV-01190 SI**

6.      Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.      These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.     Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome.  Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a person is identified.

12.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a document is identified.

13.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly

**DEFENDANT CURTIS BRIGGS FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                                                          3**
**Case No.:  3:08-CV-01190 SI**

burdensome.  Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which an act is identified.

15.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16.     Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.     The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 1:**

Identify each Person who has been asked to locate Documents or provide information to respond to any discovery requests in this matter, and Identify which requests the Person was asked to provide information or Documents for and whether the individual provided information or Documents for that response.

**RESPONSE TO INTERROGATORY NO. 1**

Responding Party objects to this interrogatory on the grounds that it relates or refers to other interrogatories and requests for production of documents propounded by plaintiffs that exceed the limited scope of personal jurisdiction discovery permitted by the Court at this juncture and, as such, this interrogatory exceeds that scope as well.  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible, unduly burdensome and harassing, it calls for speculation, and it invades the attorney-client and attorney

**DEFENDANT CURTIS BRIGGS FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                                                                                          4**
**Case No.:  3:08-CV-01190 SI**

1  work product privileges.  Responding party further objects to this interrogatory on the grounds that

2  it contains more than one separate and discrete sub-part, thereby causing these interrogatories to

3  exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

4  **FURTHER RESPONSE TO INTERROGATORY NO. 1 IN COMPLIANCE WITH THE**

5  **COURT'S 3-27-09 ORDER:**

6       The following individuals were asked to locate any documents responsive to Plaintiffs'

7  Request for Production No. 5, as modified by the Court's March 27, 2009 Order:  not applicable.

8  The following individuals provided documents which are being produced in response to Plaintiff's

9  Request for Production No. 5, as modified by the Court's March 27, 2009 Order:  not applicable.

10      The following individuals were asked to locate any documents responsive to Plaintiffs'

11  Request for Production No. 7 as modified by the Court's March 27, 2009 Order: April Williams,

12  Administrative Assistant, SCI Funeral & Cemetery Purchasing Cooperative, Inc.; Irmgard Johnson,

13  Manager-Real Estate and Leases, SCI Funeral & Cemetery Purchasing Cooperative, Inc.; Dann

14  Narveson, Director-Real Estate, SCI Funeral & Cemetery Purchasing Cooperative, Inc; James

15  Faubion,  Manager-Treasury, SCI Funeral & Cemetery Purchasing Cooperative, Inc.; Sonja Horn,

16  Analyst-Treasury, SCI Funeral & Cemetery Purchasing Cooperative, Inc.; Margie Runnels, Senior

17  Legal Assistant, SCI Funeral & Cemetery Purchasing Cooperative, Inc.; Judith Marshall, Senior

18  Legal Assistant, SCI Funeral & Cemetery Purchasing Cooperative.)  The following individuals

19  provided documents which are being produced in response to Plaintiff's Request for Production

20  No. 7, as modified by the Court's March 27, 2009 Order:  April Williams, Administrative

21  Assistant, SCI Funeral & Cemetery Purchasing Cooperative, Inc.; Irmgard Johnson, Manager-Real

22  Estate and Leases, SCI Funeral & Cemetery Purchasing Cooperative, Inc.; Sonja Horn, Analyst-

23  Treasury, SCI Funeral & Cemetery Purchasing Cooperative, Inc.; Margie Runnels, Senior Legal

24  Assistant, SCI Funeral & Cemetery Purchasing Cooperative, Inc.; Judith Marshall, Senior Legal

25  Assistant, SCI Funeral & Cemetery Purchasing Cooperative.)  These individuals may be contacted

26  through defendants' counsel.

27

28  **DEFENDANT CURTIS BRIGGS FURTHER SUPPLEMENTAL RESPONSES TO**
   **INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE**
   **COURT**                                                                        5
   **Case No.:  3:08-CV-01190 SI**

**INTERROGATORY NO. 3:**

For each Document request or interrogatory, Identify what classes of Documents or information is being produced in response to that inquiry; what classes and on what basis Documents or information are being withheld; and what efforts were made to locate responsive information and Documents.

**RESPONSE TO INTERROGATORY NO. 3**

Responding Party objects to this interrogatory on the grounds that it relates or refers to other interrogatories and requests for production of documents propounded by plaintiffs that grossly exceed the limited scope of personal jurisdiction discovery permitted by the Court at this juncture and, as such, this interrogatory exceeds that scope as well. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible, unduly burdensome and harassing, it calls for speculation, and it invades the attorney-client and attorney work product privileges. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**FURTHER RESPONSE TO INTERROGATORY NO. 3 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

In providing the further responses to plaintiffs' Interrogatories and Requests for Production of Documents specified in and as limited by the Court's 3-27-09 Order, Responding Party has not withheld responsive information or documents, although certain documents which are being produced have been deemed and marked as confidential by Defendants and are provided subject to the Stipulated Protective Order to which counsel for all parties have agreed and the Court has approved.

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI, Curtis Briggs and any SCI affiliated entity or location in California and Identify and Describe

**DEFENDANT CURTIS BRIGGS FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT**                                                                             6
**Case No.: 3:08-CV-01190 SI**

in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, Curtis Briggs or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

## RESPONSE TO INTERROGATORY NO. 7

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:   Curtis Briggs is an

**DEFENDANT CURTIS BRIGGS FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                                                                                  7**
Case No.:  3:08-CV-01190 SI

individual and, as such, has no corporate structure.  During the relevant time period (as that terms is defined in the interrogatories), Curtis Briggs has not been involved in the hiring, firing or disciplining of employees of SCI affiliated entities in California in his personal capacity or while acting on behalf of any entity which is contesting personal jurisdiction in this case.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 7.

**FURTHER RESPONSE TO INTERROGATORY NO. 7 IN COMPLIANCE WITH 3-27-09 ORDER:**

See the written descriptions for Responding Party's positions described in his Supplemental Response to Interrogatory No. 22 and attached to Responding Party's Supplemental Response to Request for Production No. 20 (Bates Stamp Nos. CBRIGGS 0001-0008.)

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Curtis Briggs or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

////

**DEFENDANT CURTIS BRIGGS FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT**                                                                                                    **8**
Case No.:  3:08-CV-01190 SI

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Curtis Briggs has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation in his personal capacity or while acting on behalf of any entity which is contesting personal jurisdiction in this case.  Curtis Briggs' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Curtis Briggs in Support of Mr. Briggs' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 9.

**FURTHER RESPONSE TO INTERROGATORY NO. 9 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

At no time during the Relevant Time Period (as that term is defined in the Interrogatories) has Responding Party entered into any written agreements on his own behalf, nor in his capacity as an officer of Service Corporation International, related to any business matter in California,.  In his capacity as an officer of various California subsidiaries of Service Corporation International (see Responding Party's Supplemental Response to Interrogatory No. 22), Responding Party periodically signs documents on behalf of the California subsidiaries concerning business matters relating to California such as real estate settlement statements, real estate lease agreements, forms for opening local bank accounts, corporate merger forms filed with the California Secretary of State, right-of-way easement agreements and various types of bonds.

////

**DEFENDANT CURTIS BRIGGS FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT**         **9**
**Case No.:  3:08-CV-01190 SI**

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by Curtis Briggs, or by any employee or agent acting on behalf of SCI or Curtis Briggs Concerning SCI, Curtis Briggs, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or Curtis Briggs Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Curtis Briggs has not had any employees and has not made any trips to California related to the employment policies and practices in dispute in this litigation in his personal capacity or while acting on behalf of any entity which is contesting personal jurisdiction in this case.  Curtis Briggs' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Curtis Briggs in Support of Mr. Briggs' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and

**DEFENDANT CURTIS BRIGGS FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT** 10
Case No.:  3:08-CV-01190 SI

1   12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference.  With respect to

2   Service Corporation International, Responding Party refers the plaintiffs to Service Corporation

3   International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

4   Jurisdiction Issues for Service Corporation International, Interrogatory No. 14.

5   **FURTHER RESPONSE TO INTERROGATORY NO. 14 IN COMPLIANCE WITH THE**

6   **COURT'S 3-27-09 ORDER:**

7        Responding Party has not traveled to California on business during the Relevant Time

8   Period (as that term is defined in the Interrogatories.)

9

10  Dated:   April 17, 2009                    GURNEE & DANIELS LLP

11

12                                      By _____

13                                         STEVEN H. GURNEE, ESQ.
                                           JOHN A. MASON, ESQ.
14                                         NICHOLAS P. FORESTIERE, ESQ.
                                           JOHN A. MASON, ESQ.
15                                         Attorneys for Defendants
                                           SERVICE CORPORATION
16                                         INTERNATIONAL, SCI FUNERAL AND
                                           CEMETERY PURCHASING
17                                         COOPERATIVE, INC., SCI EASTERN
                                           MARKET SUPPORT CENTER, L.P., SCI
18                                         WESTERN MARKET SUPPORT CENTER,
                                           L.P., SCI HOUSTON MARKET SUPPORT
19                                         CENTER, L.P., JANE D. JONES, GWEN
20                                         PETTEWAY, THOMAS RYAN and CURTIS
                                           BRIGGS
21

22

23

24

25

26

27

28  **DEFENDANT CURTIS BRIGGS FURTHER SUPPLEMENTAL RESPONSES TO**
    **INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE**
    **COURT**                                                              **11**
    **Case No.:  3:08-CV-01190 SI**

**<u>VERIFICATION</u>**

I, CURTIS BRIGGS, the undersigned, say:

I am a party to this action.  The matters stated in the foregoing FURTHER SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on 16th day of April 2009 at Houston, Texas

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Curtis V. Briggs_
CURTIS BRIGGS

*Bryant v. Service Corporation International*
Case No.:  CV 08-01190 SI

# EXHIBIT M

1   STEVEN H. GURNEE, ESQ. SB# 66056
    DAVID M. DANIELS, ESQ. SB# 170315
2   NICHOLAS P. FORESTIERE, ESQ. SB# 125118
    GURNEE & DANIELS LLP
3   2240 Douglas Boulevard, Suite 150
    Roseville, CA  95661-3805
4   Telephone      (916) 797-3100
    Facsimile      (916) 797-3131
5

6   Attorneys for Defendants

7   SERVICE CORPORATION INTERNATIONAL,
    SCI FUNERAL AND CEMETERY PURCHASING
8   COOPERATIVE, INC., SCI EASTERN MARKET
    SUPPORT CENTER, L.P. SCI WESTERN
9   MARKET SUPPORT CENTER, L.P., SCI
10  HOUSTON MARKET SUPPORT CENTER, L.P.,
    JANE D. JONES, GWEN PETTEWAY, THOMAS
11  RYAN and CURTIS BRIGGS

12

13                  UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15

16
    CLAUDE BRYANT, et al., on behalf of      )   CASE NO.  3:08-CV-01190 SI
17  themselves and all other employees and former )
    employees similarly situated,             )
18                                            )
                                              )   DEFENDANT JANE D. JONES'
19              Plaintiffs,                    )   SUPPLEMENTAL RESPONSES TO
                                              )   PLAINTIFFS' INTERROGATORIES
20          vs.                               )
                                              )
21  SERVICE CORPORATION                       )
    INTERNATIONAL et al.                      )
22                                            )
                                              )
23              Defendants.                    )
                                              )
24                                            )
                                              )
25  _____ )

26  **PROPOUNDING PARTY:**        PLAINTIFFS

27  **RESPONDING PARTY:**         DEFENDANT, JANE D. JONES

28  **SET NUMBER:**               ONE

    JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES          1
    Case No.:  3:08-CV-01190 SI

Defendant, JANE D. JONES (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

## GENERAL STATEMENTS AND OBJECTIONS

1.     Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.     These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.     These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.     Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.     Responding Party expressly reserves:

5.1     All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2     All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.     Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.     These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                2
Case No.: 3:08-CV-01190 SI

8.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.     Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome. Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a person is identified.

12.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a document is identified.

13.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which an act is identified.

15.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    3
Case No.:  3:08-CV-01190 SI

16.     Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.     The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of Jane D. Jones, Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and human resource Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production,

1  disclosure and dissemination of such confidential information. Responding party further objects to

2  this interrogatory on the grounds that it contains more than one separate and discrete sub-part,

3  thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

4  33(a)(1).

5  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

6      Subject to and without waiving the aforesaid objections, and to the extent Responding Party

7  understands the interrogatory, Responding Party responds as follows: During the relevant time

8  period (as that terms is defined in the interrogatories), Jane D. Jones has not had any employees.

9  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service

10  Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories

11  Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 4.

12  **INTERROGATORY NO. 5:**

13      Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction,

14  wage reporting and benefits structure and systems of SCI, Jane D. Jones and any SCI affiliated

15  entity or location in California, and Identify and Describe in Detail the pay information, wage

16  deduction information, wage reporting information and benefit information for all employees of

17  such Parties. (A proper response includes, but is not limited to, Identification and Description in

18  Detail of any employee paystubs, compensation package information, pay rate information, tax

19  withholding information, wage reporting information, tax reporting information, employee benefit

20  Documentation, including, but not limited to such benefits as health or dental insurance, flex

21  spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification

22  and Description in Detail of which employees were paid, when they were paid, by whom they were

23  paid, from what accounts and whose accounts they were paid, who took pay deductions and how,

24  who was responsible for reporting wages and taxes etc.)

25

26  **RESPONSE TO INTERROGATORY NO. 5**

27      Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

28  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES          5
Case No.: 3:08-CV-01190 SI

Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the relevant time period (as that terms is defined in the interrogatories), Jane D. Jones has not had any employees and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 5.

**INTERROGATORY NO. 6:**

Identify and Describe in Detail during the Relevant Time Period all employment Practices and Policies that applied to employees of SCI, Jane D. Jones or any SCI affiliated entity or location in California, and Identify and Describe in Detail the manner and means by which these employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, Jane D. Jones or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the Identification

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                                    6
Case No.:  3:08-CV-01190 SI

and Description in Detail of all employee handbooks or Policies applied to such employees during the Relevant Time Period, and Identification and Description in Detail of the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO INTERROGATORY NO. 6**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Jane D. Jones has not had any employees and, as such, has not had any employment practices or policies.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 6.

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI, Jane D. Jones and any SCI affiliated entity or location in California and Identify and Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    7
Case No.:  3:08-CV-01190 SI

kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, Jane D. Jones or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO INTERROGATORY NO. 7**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:   Jane D. Jones is an individual and, as such, has no corporate structure.   During the relevant time period (as that terms is defined in the interrogatories), Jane D. Jones has not directed the hiring, firing or disciplining of

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    8
Case No.:  3:08-CV-01190 SI

1  employees of SCI affiliated entities in California. As the Vice President of Human Resources for

2  Service Corporation International I consult with SCI Funeral and Cemetery Purchasing

3  Cooperative, Inc., market management, and the Market Support Centers, advising them on human

4  resources issues and policies. I do not directly manage individual employment matters and

5  decisions at operating locations; instead, I rely on the individuals with the CO-OP and the Market

6  Support Centers to handle this function. With respect to Service Corporation International,

7  Responding Party refers the plaintiffs to Service Corporation International's supplemental response

8  to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service

9  Corporation International, Interrogatory No. 7.

10 **INTERROGATORY NO. 8:**

11      Identify and Describe in Detail during the Relevant Time Period all reporting requirements

12 imposed on SCI, Jane D. Jones or any SCI affiliated entity or location in California by any Person,

13 and Identify and Describe in Detail all reporting requirements imposed by SCI, Jane D. Jones or

14 any SCI affiliated entity or location in California on any Person. (A proper response includes, but

15 is not limited to, reporting requirements relating to business matters, legal matters, tax matters,

16 state compliance matters, human resource matters, etc.)

17 **RESPONSE TO INTERROGATORY NO. 8**

18      Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

19 limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

20 Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

21 overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party

22 further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

23 proprietary or other confidential information, and no protective order is in place which would

24 govern the production, disclosure and dissemination of such confidential information. Responding

25 party further objects to this interrogatory on the grounds that it contains more than one separate and

26 discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

27 imposed by FRCP 33(a)(1).

28

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES          9
Case No.: 3:08-CV-01190 SI

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Jane D. Jones has had no reporting requirements pertaining to employees as she has not been an employer.  Jane D. Jones, as Vice Preside of Human Resources for Service Corporation International, reports to Thomas Ryan, President and CEO of Service Corporation International.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 8.

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Jane D. Jones or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Jane D. Jones has not had any employees and

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                 10
Case No.:  3:08-CV-01190 SI

1   has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities

2   in California which relate to the employment policies and practices in dispute in this litigation.

3   Jane D. Jones' lack of contacts with California sufficient for the Court to exercise general personal

4   jurisdiction are set forth in the Declaration of Jane D. Jones in Support of Ms. Jones' Motion to

5   Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs'

6   possession and is incorporated herein by reference.   With respect to Service Corporation

7   International, Responding Party refers the plaintiffs to Service Corporation International's

8   supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction

9   Issues for Service Corporation International, Interrogatory No. 9.

10  **INTERROGATORY NO. 10:**

11       Identify and Describe in Detail during the Relevant Time Period all agents or employees of

12  SCI, Jane D. Jones or any SCI affiliated entity or location in California, who communicated in any

13  fashion to Jane D. Jones Concerning any matter in California, who contacted Persons or entities

14  within California, who made any contacts, arrangements or took any actions that had effects in

15  California or who ever entered California on behalf of, within the knowledge of or at the request of

16  Jane D. Jones; and Identify and Describe in Detail all Persons who ever spoke with, reported to or

17  otherwise contacted Jane D. Jones from within California, or Concerning any matters therein.

18  **RESPONSE TO INTERROGATORY NO. 10**

19       Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

20  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

21  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

22  overbroad, unduly burdensome and harassing, and it calls for speculation.   Responding Party

23  further objects to this interrogatory to the extent it calls for disclosure of employee information that

24  could potentially violate employees' privacy rights which are protected by the California and

25  United States Constitutions and other state and federal laws. Responding party further objects to

26  this interrogatory on the grounds that it contains more than one separate and discrete sub-part,

27  thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

28

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                     11
Case No.: 3:08-CV-01190 SI

1   33(a)(1).

2   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

3   Subject to and without waiving the aforesaid objections, and to the extent Responding Party

4   understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

5   Period (as that term is defined in the interrogatories), Jane D. Jones has  not had any employees.

6   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service

7   Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories

8   Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 10.

9   **INTERROGATORY NO. 11:**

10   Identify and Describe in Detail during the Relevant Time Period all actions taken or

11   transactions made within or Concerning California by SCI, Jane D. Jones, any SCI affiliated entity

12   or location in California, or any employee or agent acting on their behalf.

13   **RESPONSE TO INTERROGATORY NO. 11**

14   Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

15   limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

16   Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

17   overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

18   further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

19   proprietary or other confidential information, and no protective order is in place which would

20   govern the production, disclosure and dissemination of such confidential information.

21

22   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

23   Subject to and without waiving the aforesaid objections, and to the extent Responding Party

24   understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

25   Period (as that term is defined in the interrogatories), Jane D. Jones has not had any employees and

26   has not entered into transactions with any persons or entities in California which relate to the

27   employment policies and practices in dispute in this litigation.  Jane D. Jones' lack of contacts with

28   California sufficient for the Court to exercise general personal jurisdiction are set forth in the

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                     12
Case No.:  3:08-CV-01190 SI

1   Declaration of Jane D. Jones in Support of Ms. Jones' Motion to Dismiss Amended Complaint

2   Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated

3   herein by reference. With respect to Service Corporation International, Responding Party refers

4   the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of

5   Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International,

6   Interrogatory No. 11.

7   **INTERROGATORY NO. 14:**

8   Identify and Describe in Detail during the Relevant Time Period any trips or visits made to

9   California by Jane D. Jones, or by any employee or agent acting on behalf of SCI or Jane D. Jones

10  concerning SCI, Jane D. Jones, or any SCI affiliated entity or location in California; and Identify

11  and Describe in Detail any trips or visits made by any Person to contact SCI or Jane D. Jones

12  Concerning any matter in California.

13  **RESPONSE TO INTERROGATORY NO. 14**

14  Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

15  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

16  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

17  overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party

18  further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

19  proprietary or other confidential information, and no protective order is in place which would

20  govern the production, disclosure and dissemination of such confidential information. Responding

21  party further objects to this interrogatory on the grounds that it contains more than one separate and

22  discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

23  imposed by FRCP 33(a)(1).

24

25  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

26  Subject to and without waiving the aforesaid objections, and to the extent Responding Party

27  understands the interrogatory, Responding Party responds as follows: During the Relevant Time

28  Period (as that term is defined in the interrogatories), Jane D. Jones has not had any employees and

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                13
Case No.: 3:08-CV-01190 SI

has not made any trips to California related to the employment policies and practices in dispute in this litigation. Jane D. Jones' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Jane D. Jones in Support of Ms. Jones' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 14.

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, Jane D. Jones, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO INTERROGATORY NO. 15**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                                        14
Case No.: 3:08-CV-01190 SI

1   understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

2   Period (as that term is defined in the interrogatories), Jane D. Jones did not make policies or

3   decisions for the specific purpose of complying or promoting compliance with California laws.  As

4   the Vice President of Human Resources for Service Corporation International I consult with SCI

5   Funeral and Cemetery Purchasing Cooperative, Inc., market management, and the Market Support

6   Centers, advising them on human resources issues and policies.  I do not directly manage

7   individual employment matters and decisions at operating locations; instead, I rely on the

8   individuals with the CO-OP and the Market Support Centers to handle this function. With respect

9   to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation

10  International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

11  Jurisdiction Issues for Service Corporation International, Interrogatory No. 15.

12  **INTERROGATORY NO. 17:**

13      Identify and Describe in Detail during the Relevant Time Period any business operations or

14  efforts conducted, sought, negotiated, promoted or abandoned by Jane D. Jones with any Person

15  within California or Concerning California, and provide Identification and Description in Detail of

16  any profits, sales, revenues or business of any kind that SCI, Jane D. Jones or any SCI affiliated

17  entity or location in California can attribute, whether directly or indirectly, to operations in

18  California.

19
20  **RESPONSE TO INTERROGATORY NO. 17**

        Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

21  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

22  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

23  overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

24  further objects to this interrogatory to the extent it calls for the disclosure of trade secret,

25  proprietary or other confidential information, and no protective order is in place which would

26  govern the production, disclosure and dissemination of such confidential information. Responding

27  party further objects to this interrogatory on the grounds that it contains more than one separate and

28

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    15
Case No.:  3:08-CV-01190 SI

1  discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit

2  imposed by FRCP 33(a)(1).  Responding Party further objects to the second sub-part of this

3  interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of

4  admissible evidence.

5  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**

6      Subject to and without waiving the aforesaid objections, and to the extent Responding Party

7  understands the interrogatory, Responding Party responds as follows:  During the Relevant Time

8  Period (as that term is defined in the interrogatories), Jane D. Jones has not had any employees and

9  has not directed business operations in California which are related to the employment policies and

10  practices in dispute in this litigation.  As the Vice President of Human Resources for Service

11  Corporation International I consult with SCI Funeral and Cemetery Purchasing Cooperative, Inc.,

12  market management, and the Market Support Centers, advising them on human resources issues

13  and policies.  I do not directly manage individual employment matters and decisions at operating

14  locations; instead, I rely on the individuals with the CO-OP and the Market Support Centers to

15  handle this function.  Jane D. Jones' lack of contacts with California sufficient for the Court to

16  exercise general personal jurisdiction are set forth in the Declaration of Jane D. Jones in Support of

17  Ms. Jones' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6),

18  which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service

19  Corporation International, Responding Party refers the plaintiffs to Service Corporation

20  International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

21  Jurisdiction Issues for Service Corporation International, Interrogatory No. 17.

22  **INTERROGATORY NO. 18:**

23      Identify and Describe in Detail during the Relevant Time Period (including full

24  Documentation) any business service, customer service or human resources assistance (including,

25  but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or

26  Jane D. Jones to any Person within California, including to any SCI affiliated entity or location in

27  California or Concerning any SCI corporate operation or employee in California.

28

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    16
Case No.: 3:08-CV-01190 SI

**RESPONSE TO INTERROGATORY NO. 18**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Jane D. Jones has not had any employees and has not directed business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation. As the Vice President of Human Resources for Service Corporation International I consult with SCI Funeral and Cemetery Purchasing Cooperative, Inc., market management, and the Market Support Centers, advising them on human resources issues and policies. I do not directly manage individual employment matters and decisions at operating locations; instead, I rely on the individuals with the CO-OP and the Market Support Centers to handle this function. Jane D. Jones' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Jane D. Jones in Support of Ms. Jones' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's

supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 18.

**INTERROGATORY NO. 19:**

Identify and Describe in Detail during the Relevant Time Period any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, Jane D. Jones or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and Identify and Describe in Detail any legal Documents related to such matters.

**RESPONSE TO INTERROGATORY NO. 19**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Defendant further objects to this interrogatory to the extent it invades the attorney-client and/or attorney work product privilege. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, Jane D. Jones does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories. Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                  18
Case No.: 3:08-CV-01190 SI

Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 19.

**INTERROGATORY NO. 21:**

Identify and Describe in Detail during the Relevant Time Period "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO INTERROGATORY NO. 21**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the interrogatory refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641, Responding Party responds as follows:   Responding Party refers the plaintiffs to Gwen Petteway's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Gwen Petteway, Interrogatory No. 21.

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane D. Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                                        19
Case No.: 3:08-CV-01190 SI

1  positions, and Identify and Describe in Detail any and all human resource and employment

2  Documentation or Documentation of any kind regarding or with any relation to the employment of

3  these individuals.

4  **RESPONSE TO INTERROGATORY NO. 22**

5      Responding Party objects to this interrogatory on the grounds that it grossly exceeds the

6  limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

7  Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous,

8  overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

9  further objects to this interrogatory to the extent it calls for disclosure of employee information that

10  could potentially violate employees' privacy rights which are protected by the California and

11  United States Constitutions and other state and federal laws.  Responding party further objects to

12  this interrogatory on the grounds that it contains more than one separate and discrete sub-part,

13  thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

14  33(a)(1).

15  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

16      Subject to and without waiving the aforesaid objections, and to the extent Responding Party

17  understands the interrogatory, Responding Party responds as follows:  Jane D. Jones is an

18  employee of SCI Executive Services, a Texas corporation, and she holds the title of Vice President

19  of Human Resources for Service Corporation International, a Texas Corporation.  As the Vice

20  President of Human Resources for Service Corporation International I consult with SCI Funeral

21  and Cemetery Purchasing Cooperative, Inc., market management, and the Market Support Centers,

22  advising them on human resources issues and policies.  I do not directly manage individual

23  employment matters and decisions at operating locations; instead, I rely on the individuals with the

24  CO-OP and the Market Support Centers to handle this function.  With respect to Paul Houston,

25  Gwen Petteway and Curtis Briggs, Responding Party refers the plaintiffs to their respective

26  supplemental responses to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction

27  Issues, Interrogatory No. 22.

JANE D. JONES SUPPLEMENTAL RESPONSES TO INTERROGATORIES                          20
Case No.:  3:08-CV-01190 SI

1   **INTERROGATORY NO. 23:**

2       Identify and Describe in Detail during the Relevant Time Period any contact that SCI, Jane

3   D. Jones, any SCI affiliated entity or location in California, or any employee or agent acting on

4   their behalf, has had with California, or Concerning any matter within California.

5   **RESPONSE TO INTERROGATORY NO. 23**

6       Subject to and without waiving the aforesaid objections, and to the extent Responding Party

7   understands the interrogatory, Responding Party responds as follows:   As to Jane D. Jones,

8   Responding Party refers the plaintiffs to her other supplemental responses these interrogatories

9   which are set forth above and are incorporated herein by reference.   With respect to Service

10  Corporation International, Responding Party refers the plaintiffs to Service Corporation

11  International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

12  Jurisdiction Issues for Service Corporation International, Interrogatory No. 23.

13

14  Dated:   January, ~~22~~ 2009          GURNEE & DANIELS LLP

15

16                              By _____

17                              STEVEN H. GURNEE, ESQ.
                                DAVID M. DANIELS, ESQ.
18                              NICHOLAS P. FORESTIERE, ESQ.
                                Attorneys for Defendants
19                              SERVICE CORPORATION
                                INTERNATIONAL, SCI FUNERAL AND
20                              CEMETERY PURCHASING
                                COOPERATIVE, INC., SCI EASTERN
21                              MARKET SUPPORT CENTER, L.P., SCI
                                WESTERN MARKET SUPPORT CENTER,
22                              L.P., SCI HOUSTON MARKET SUPPORT
                                CENTER, L.P., JANE D. JONES, GWEN
23                              PETTEWAY, THOMAS RYAN and CURTIS
                                BRIGGS
24

25

26

27

28

1
2
3                            **VERIFICATION**
4        I, JANE JONES, the undersigned, say:
5        I am a party to this action.  The matters stated in the foregoing DEFENDANT
6
     JANE JONES' SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES
7
8    are true of my own knowledge except as to those matters which are stated on
9    information and belief and as to those matters I believe them to be true.
10       Executed on **23** day of January 2009 at Houston, Texas
11       I declare under penalty of perjury under the laws of the State of California that
12
     the foregoing is true and correct.
13
14
15   JANE JONES
16
17
18
19
20
21
22
23
24
25
26
27                                    *Bryant v. Service Corporation International*
                                      Case No.:  CV 08-01190 SI
28

LAW OFFICES
Steven H. Gurnee  &
Associates
A Law Corporation

# EXHIBIT N

1   STEVEN H. GURNEE, ESQ. SB# 66056
    DAVID M. DANIELS, ESQ. SB# 170315
2   NICHOLAS P. FORESTIERE, ESQ. SB# 125118
    JOHN A. MASON, ESQ. SB#166996
3   GURNEE & DANIELS LLP
    2240 Douglas Boulevard, Suite 150
4   Roseville, CA  95661-3805
    Telephone     (916) 797-3100
5   Facsimile     (916) 797-3131

6
    Attorneys for Defendants
7
    SERVICE CORPORATION INTERNATIONAL,
8   SCI FUNERAL AND CEMETERY PURCHASING
9   COOPERATIVE, INC., SCI EASTERN MARKET
    SUPPORT CENTER, L.P. SCI WESTERN
10  MARKET SUPPORT CENTER, L.P., SCI
    HOUSTON MARKET SUPPORT CENTER, L.P.,
11  JANE D. JONES, GWEN PETTEWAY, THOMAS
12  RYAN and CURTIS BRIGGS

13

14                    UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16

17  CLAUDE BRYANT, et al., on behalf of        )   **CASE NO.  3:08-CV-01190 SI**
    themselves and all other employees and former )
18  employees similarly situated,              )
19                                             )   **DEFENDANT JANE D. JONES'**
                                               )   **FURTHER SUPPLEMENTAL**
                 Plaintiffs,                   )   **RESPONSES TO PLAINTIFFS'**
20           vs.                               )   **INTERROGATORIES IN COMPLIANCE**
                                               )   **WITH MARCH 27, 2009 ORDER OF THE**
21  SERVICE CORPORATION                        )   **COURT**
22  INTERNATIONAL et al.                       )
                                               )
23               Defendants.                   )
                                               )
24                                             )
                                               )
25  _____           )

26  ////

27  ////

28

    JANE D. JONES FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN
    COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                          1
    Case No.:  3:08-CV-01190 SI

**PROPOUNDING PARTY:**     PLAINTIFFS

**RESPONDING PARTY:**     DEFENDANT, JANE D. JONES

**SET NUMBER:**     ONE

Defendant, JANE D. JONES (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, and in compliance with the Court's March 27, 2009 order granting in part and denying in part Plaintiffs' motion to compel additional responses, provides the following further supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

## GENERAL STATEMENTS AND OBJECTIONS

1.     Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.     These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.     These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.     Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.     Responding Party expressly reserves:

5.1     All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2     All objections as to vagueness, ambiguity, unintelligibility and over breadth.

JANE D. JONES FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN
COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                                    2
Case No.:  3:08-CV-01190 SI

6.      Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.      These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.     Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome.  Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a person is identified.

12.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a document is identified.

13.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

JANE D. JONES FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN
COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                          3
Case No.:  3:08-CV-01190 SI

14.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which an act is identified.

15.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16.     Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.     The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 1:**

Identify each Person who has been asked to locate Documents or provide information to respond to any discovery requests in this matter, and Identify which requests the Person was asked to provide information or Documents for and whether the individual provided information or Documents for that response.

**RESPONSE TO INTERROGATORY NO. 1**

Responding Party objects to this interrogatory on the grounds that it relates or refers to other interrogatories and requests for production of documents propounded by plaintiffs that exceed the limited scope of personal jurisdiction discovery permitted by the Court at this juncture and, as such, this interrogatory exceeds that scope as well.  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible, unduly burdensome and harassing, it calls for speculation, and it invades the attorney-client and attorney work product privileges.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**FURTHER RESPONSE TO INTERROGATORY NO. 1 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

The following individuals were asked to locate any documents responsive to Plaintiffs' Request for Production No. 5, as modified by the Court's March 27, 2009 Order:  not applicable. The following individuals provided documents which are being produced in response to Plaintiff's Request for Production No. 5, as modified by the Court's March 27, 2009 Order:  not applicable.

The following individuals were asked to locate any documents responsive to Plaintiffs' Request for Production No. 7, as modified by the Court's March 27, 2009 Order:  not applicable. The following individuals provided documents which are being produced in response to Plaintiff's Request for Production No. 7, as modified by the Court's March 27, 2009 Order:  not applicable.

**INTERROGATORY NO. 3:**

For each Document request or interrogatory, Identify what classes of Documents or information is being produced in response to that inquiry; what classes and on what basis Documents or information are being withheld; and what efforts were made to locate responsive information and Documents.

**RESPONSE TO INTERROGATORY NO. 3**

Responding Party objects to this interrogatory on the grounds that it relates or refers to other interrogatories and requests for production of documents propounded by plaintiffs that grossly exceed the limited scope of personal jurisdiction discovery permitted by the Court at this juncture and, as such, this interrogatory exceeds that scope as well.  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible, unduly burdensome and harassing, it calls for speculation, and it invades the attorney-client and attorney work product privileges.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

////

**FURTHER RESPONSE TO INTERROGATORY NO. 3 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

In providing the further responses to plaintiffs' Interrogatories and Requests for Production of Documents specified in and as limited by the Court's 3-27-09 Order, Responding Party has not withheld responsive information or documents, although certain documents which are being produced have been deemed and marked as confidential by Defendants and are provided subject to the Stipulated Protective Order to which counsel for all parties have agreed and the Court has approved.

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI, Jane D. Jones and any SCI affiliated entity or location in California and Identify and Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, Jane D. Jones or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO INTERROGATORY NO. 7**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

JANE D. JONES FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                    6
Case No.: 3:08-CV-01190 SI

1   overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party
2   further objects to this interrogatory to the extent it calls for the disclosure of trade secret,
3   proprietary or other confidential information, and no protective order is in place which would
4   govern the production, disclosure and dissemination of such confidential information.  Responding
5   party further objects to this interrogatory on the grounds that it contains more than one separate and
6   discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit
7   imposed by FRCP 33(a)(1).

8   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

9         Subject to and without waiving the aforesaid objections, and to the extent Responding Party
10  understands the interrogatory, Responding Party responds as follows:  Jane D. Jones is an
11  individual and, as such, has no corporate structure.  During the relevant time period (as that terms
12  is defined in the interrogatories), Jane D. Jones has not directed the hiring, firing or disciplining of
13  employees of SCI affiliated entities in California.  As the Vice President of Human Resources for
14  Service Corporation International I consult with SCI Funeral and Cemetery Purchasing
15  Cooperative, Inc., market management, and the Market Support Centers, advising them on human
16  resources issues and policies.  I do not directly manage individual employment matters and
17  decisions at operating locations; instead, I rely on the individuals with the CO-OP and the Market
18  Support Centers to handle this function.  With respect to Service Corporation International,
19  Responding Party refers the plaintiffs to Service Corporation International's supplemental response
20  to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service
21  Corporation International, Interrogatory No. 7.

22  **FURTHER RESPONSE TO INTERROGATORY NO. 7 IN COMPLIANCE WITH 3-27-09**
23  **ORDER:**

24        See the written descriptions for Responding Party's positions described in her Supplemental
25  Response to Interrogatory No. 22 and attached to Responding Party's Supplemental Response to
26  Request for Production No. 20 (Bates Stamp Nos. JJ0001-0008.)

27

28

JANE D. JONES FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN
COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                              7
Case No.:  3:08-CV-01190 SI

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Jane D. Jones or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Jane D. Jones has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation. Jane D. Jones' lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Jane D. Jones in Support of Ms. Jones' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 9.

JANE D. JONES FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN
COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT
Case No.:  3:08-CV-01190 SI
8

**FURTHER RESPONSE TO INTERROGATORY NO. 9 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

At no time during the Relevant Time Period (as that term is defined in the Interrogatories) has Responding Party entered into any written agreements related to any business matter in California.

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by Jane D. Jones, or by any employee or agent acting on behalf of SCI or Jane D. Jones concerning SCI, Jane D. Jones, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or Jane D. Jones Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 14**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Jane D. Jones has not had any employees and has not made any trips to California related to the employment policies and practices in dispute in

1   this litigation.  Jane D. Jones' lack of contacts with California sufficient for the Court to exercise

2   general personal jurisdiction are set forth in the Declaration of Jane D. Jones in Support of Ms.

3   Jones' Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in

4   plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation

5   International, Responding Party refers the plaintiffs to Service Corporation International's

6   supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction

7   Issues for Service Corporation International, Interrogatory No. 14.

8   **FURTHER RESPONSE TO INTERROGATORY NO. 14 IN COMPLIANCE WITH THE**

9   **COURT'S 3-27-09 ORDER:**

10        Responding Party is aware of 13 occasions during the Relevant Time Period (as that term is

11   defined in the Interrogatories) that she has traveled to California on business in order to meet with

12   representatives of, consult with and observe the activities of Service Corporation International's

13   subsidiaries in California.

14   Dated:    April 17, 2009            GURNEE & DANIELS LLP

15

16                   By _____

17                         STEVEN H. GURNEE, ESQ.

18                         DAVID M. DANIELS, ESQ.
                          NICHOLAS P. FORESTIERE, ESQ.

19                         JOHN A. MASON, ESQ.
                        Attorneys for Defendants

20                         SERVICE CORPORATION
                        INTERNATIONAL, SCI FUNERAL AND

21                         CEMETERY PURCHASING
                        COOPERATIVE, INC., SCI EASTERN

22                         MARKET SUPPORT CENTER, L.P., SCI

23                         WESTERN MARKET SUPPORT CENTER,
                        L.P., SCI HOUSTON MARKET SUPPORT

24                         CENTER, L.P., JANE D. JONES, GWEN
                        PETTEWAY, THOMAS RYAN and CURTIS

25                         BRIGGS

26

27

28