# EXHIBIT O

1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ. SB# 125118
   GURNEE & DANIELS LLP
3  2240 Douglas Boulevard, Suite 150
   Roseville, CA 95661-3805
4  Telephone    (916) 797-3100
   Facsimile    (916) 797-3131
5

6  Attorneys for Defendants

7  SERVICE CORPORATION INTERNATIONAL,
   SCI FUNERAL AND CEMETERY PURCHASING
8  COOPERATIVE, INC., SCI EASTERN MARKET
   SUPPORT CENTER, L.P. SCI WESTERN
9  MARKET SUPPORT CENTER, L.P., SCI
   HOUSTON MARKET SUPPORT CENTER, L.P.,
10 JANE D. JONES, GWEN PETTEWAY, THOMAS
   RYAN and CURTIS BRIGGS
11

12

13                 UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15

16
   CLAUDE BRYANT, et al., on behalf of        )  CASE NO.  3:08-CV-01190 SI
17 themselves and all other employees and former )
   employees similarly situated,               )
18                                              )
                                                )  DEFENDANT GWEN PETTEWAY'S
19              Plaintiffs,                      )  SUPPLEMENTAL RESPONSES TO
        vs.                                     )  PLAINTIFFS' INTERROGATORIES
20                                              )
                                                )
21 SERVICE CORPORATION                          )
   INTERNATIONAL et al.                         )
22                                              )
                                                )
23              Defendants.                      )
                                                )
24                                              )
                                                )
25 ─────────────────────────────────────

26 **PROPOUNDING PARTY:**        PLAINTIFFS

27 **RESPONDING PARTY:**        DEFENDANT, GWEN PETTEWAY

28 **SET NUMBER:**        ONE

   GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES        1
   Case No.: 3:08-CV-01190 SI

Defendant, GWEN PETTEWAY (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, provides the following supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

## GENERAL STATEMENTS AND OBJECTIONS

1.      Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.      These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.      These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.      Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.      Responding Party expressly reserves:

5.1      All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2      All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.      Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.      These responses are signed by counsel only as to the objections set forth in the responses.  Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.      Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.     Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome.  Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a person is identified.

12.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a document is identified.

13.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

14.     Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which an act is identified.

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    3
Case No.:  3:08-CV-01190 SI

15.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16.    Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.    The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 4:**

Identify and Describe in Detail during the Relevant Time Period all employees of Gwen Petteway, Service Corporation International ("SCI"), or any SCI affiliated entity or location in California either located in or having any responsibilities in California, and Identify and Describe in Detail for each such employee all employment contracts or agreements and human resource Documentation of any kind related to such employees. (A proper response includes, but is not limited to, Identification and Description in Detail of any employee arbitration agreements, non-compete agreements, flow charts, organization charts, other information or Documentation providing any explanation of the employees' job duties, position or role within the company, Personnel files, disciplinary, hiring or promotion Documentation or any other human resource Documentation as to such employees.)

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          4
Case No.: 3:08-CV-01190 SI

1   United States Constitutions and other state and federal laws.  Responding Party further objects to

2   this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other

3   confidential information, and no protective order is in place which would govern the production,

4   disclosure and dissemination of such confidential information.  Responding party further objects to

5   this interrogatory on the grounds that it contains more than one separate and discrete sub-part,

6   thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP

7   33(a)(1).

8   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

9        Subject to and without waiving the aforesaid objections, and to the extent Responding Party

10  understands the interrogatory, Responding Party responds as follows:  During the relevant time

11  period (as that terms is defined in the interrogatories), Gwen Petteway has not had any employees.

12  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service

13  Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories

14  Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 4.

15  **INTERROGATORY NO. 5:**

16       Identify and Describe in Detail during the Relevant Time Period the pay, wage deduction,

17  wage reporting and benefits structure and systems of SCI, Gwen Petteway and any SCI affiliated

18  entity or location in California, and Identify and Describe in Detail the pay information, wage

19  deduction information, wage reporting information and benefit information for all employees of

20  such Parties. (A proper response includes, but is not limited to, Identification and Description in

21  Detail of any employee paystubs, compensation package information, pay rate information, tax

22  withholding information, wage reporting information, tax reporting information, employee benefit

23  Documentation, including, but not limited to such benefits as health or dental insurance, flex

24  spending accounts, retirement benefits, etc., and also includes, but is not limited to Identification

25  and Description in Detail of which employees were paid, when they were paid, by whom they were

26  paid, from what accounts and whose accounts they were paid, who took pay deductions and how,

27  who was responsible for reporting wages and taxes etc.)

28

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES     5
Case No.:  3:08-CV-01190 SI

## RESPONSE TO INTERROGATORY NO. 5

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Gwen Petteway has not had any employees and, as such, has not had any pay, wage deduction, wage reporting or benefits structures or systems.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 5.

## INTERROGATORY NO. 6:

Identify and Describe in Detail during the Relevant Time Period all employment Practices and Policies that applied to employees of SCI, Gwen Petteway or any SCI affiliated entity or location in California, and Identify and Describe in Detail the manner and means by which these

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES     6
Case No.: 3:08-CV-01190 SI

employment Practices and company Policies were developed, put into Practice and enforced, and any involvement that SCI, Gwen Petteway or any SCI affiliated entity or location had in relation to those Policies and Practices. (A proper response includes, but is not limited to, the Identification and Description in Detail of all employee handbooks or Policies applied to such employees during the Relevant Time Period, and Identification and Description in Detail of the forenamed Parties, and any involvement they had with such Policies such as reviewing them, providing advice on them, promulgating them, enforcing them or implementing them.)

**RESPONSE TO INTERROGATORY NO. 6**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Gwen Petteway has not had any employees and, as such, has not had any employment practices or policies.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 6.

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for SCI, Gwen Petteway and any SCI affiliated entity or location in California and Identify and Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations of any kind in relation to any employee of SCI, Gwen Petteway or any SCI affiliated entity or location in California. (A proper response includes, but is not limited to, Identification and Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation of responsibilities of all employees, Documentation of reporting/management structure, Documentation of banking systems and accounts, Documentation of compensation and benefits systems, Documentation regarding human resource implementation and processes, Documentation regarding systems for recording hours, Documentation regarding accounting systems, employer/employee lists, Documentation of bank accounts controlled by such Parties (used, contributed to, withdrawn from etc., and a list of who has access to them), and their corporate position, responsibilities and reporting structure (who these Parties report to, and who reports to any of these Parties).)

**RESPONSE TO INTERROGATORY NO. 7**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  Gwen Petteway is an individual and, as such, has no corporate structure.  During the relevant time period (as that terms is defined in the interrogatories), Gwen Petteway has not been involved in the hiring, firing or disciplining of employees of SCI affiliated entities in California.   With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 7.

**INTERROGATORY NO. 8:**

Identify and Describe in Detail during the Relevant Time Period all reporting requirements imposed on SCI, Gwen Petteway or any SCI affiliated entity or location in California by any Person, and Identify and Describe in Detail all reporting requirements imposed by SCI, Gwen Petteway or any SCI affiliated entity or location in California on any Person. (A proper response includes, but is not limited to, reporting requirements relating to business matters, legal matters, tax matters, state compliance matters, human resource matters, etc.)

**RESPONSE TO INTERROGATORY NO. 8**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          9
Case No.: 3:08-CV-01190 SI

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the relevant time period (as that terms is defined in the interrogatories), Gwen Petteway has had no reporting requirements pertaining to employees as she has not been an employer.  Gwen Petteway was previously employed by SCI Houston Market Support Center, L.P., a Texas limited partnership, as a human resources director and reported to Robbie Pape.  Gwen Petteway is currently employed by SCI Funeral and Cemetery Purchasing Cooperative, Inc., a Delaware corp., as a director of human resources and reports to Jane Jones.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 8.

## INTERROGATORY NO. 9:

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Gwen Petteway or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

## RESPONSE TO INTERROGATORY NO. 9

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Gwen Petteway has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation, except as may have been done in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, Inc. which is not contesting personal jurisdiction in this case. Gwen Petteway's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of Ms. Petteway's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 9.

**INTERROGATORY NO. 10:**

Identify and Describe in Detail during the Relevant Time Period all agents or employees of SCI, Gwen Petteway or any SCI affiliated entity or location in California, who communicated in any fashion to Gwen Petteway Concerning any matter in California, who contacted Persons or entities within California, who made any contacts, arrangements or took any actions that had effects in California or who ever entered California on behalf of, within the knowledge of or at the request of Gwen Petteway; and Identify and Describe in Detail all Persons who ever spoke with, reported to or otherwise contacted Gwen Petteway from within California, or Concerning any matters therein.

**RESPONSE TO INTERROGATORY NO. 10**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    11
Case No.:  3:08-CV-01190 SI

further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Gwen Petteway has not had any employees. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 10.

**INTERROGATORY NO. 11:**

Identify and Describe in Detail during the Relevant Time Period all actions taken or transactions made within or concerning California by SCI, Gwen Petteway, any SCI affiliated entity or location in California, or any employee or agent acting on their behalf.

**RESPONSE TO INTERROGATORY NO. 11**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    12
Case No.:  3:08-CV-01190 SI

understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Gwen Petteway has not had any employees and has not entered into transactions with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation, except as may have been done in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, Inc. which is not contesting personal jurisdiction in this case. Gwen Petteway's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of Ms. Petteway's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 11.

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by Gwen Petteway, or by any employee or agent acting on behalf of SCI or Gwen Petteway concerning SCI, Gwen Petteway, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or Gwen Petteway Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 14**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES                13
Case No.:  3:08-CV-01190 SI

party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Gwen Petteway has not had any employees and has not made any trips to California related to the employment policies and practices in dispute in this litigation, except as may have been taken in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, Inc. which is not contesting personal jurisdiction in this case. Gwen Petteway's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of Ms. Petteway's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 14.

**INTERROGATORY NO. 15:**

Identify and Describe in Detail during the Relevant Time Period any Policies or decisions of SCI, Gwen Petteway, or any SCI affiliated entity or location in California that were made or established in an effort to comply with any law of the State of California, or to promote an SCI affiliated entity's or location's compliance with such laws, or any contact of any kind that such Parties have made with any entity of the State of California, or the State of California itself.

**RESPONSE TO INTERROGATORY NO. 15**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous,

overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Gwen Petteway did not participate in making any policies or decisions for the specific purpose of complying or promoting compliance with California laws, except as may have been done in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, which is not contesting personal jurisdiction in this case. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 15.

**INTERROGATORY NO. 17:**

Identify and Describe in Detail during the Relevant Time Period any business operations or efforts conducted, sought, negotiated, promoted or abandoned by Gwen Petteway with any Person within California or Concerning California, and provide Identification and Description in Detail of any profits, sales, revenues or business of any kind that SCI, Gwen Petteway or any SCI affiliated entity or location in California can attribute, whether directly or indirectly, to operations in California.

**RESPONSE TO INTERROGATORY NO. 17**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    15
Case No.:  3:08-CV-01190 SI

Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1). Responding Party further objects to the second sub-part of this interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: During the Relevant Time Period (as that term is defined in the interrogatories), Gwen Petteway has not had any employees and has not been involved in business operations in California which are related to the employment policies and practices in dispute in this litigation, except as may have been provided in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, Inc. which is not contesting personal jurisdiction in this case. Gwen Petteway's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of Ms. Petteway's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 17.

**INTERROGATORY NO. 18:**

Identify and Describe in Detail during the Relevant Time Period (including full

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          16
Case No.:  3:08-CV-01190 SI

Documentation) any business service, customer service or human resources assistance (including, but not limited to, Documents, forms, advice, service, help of any kind etc.) rendered by SCI or Gwen Petteway to any Person within California, including to any SCI affiliated entity or location in California or Concerning any SCI corporate operation or employee in California.

**RESPONSE TO INTERROGATORY NO. 18**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Gwen Petteway has not had any employees and has not been involved in providing business services, customer service or human resources assistance in California which are related to the employment policies and practices in dispute in this litigation, except as may have been provided in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, Inc. which is not contesting personal jurisdiction in this case.  Gwen Petteway's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of Ms. Petteway's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.  With respect to

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    17
Case No.:  3:08-CV-01190 SI

Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 18.

**INTERROGATORY NO. 19:**

Identify and Describe in Detail during the Relevant Time Period any legal action or arbitration/mediations taken by or against, or otherwise involving SCI, Gwen Petteway or any SCI affiliated entity or location in California by or against any Person within California or Concerning any matter within California, whether in California federal or state court; and Identify and Describe in Detail any legal Documents related to such matters.

**RESPONSE TO INTERROGATORY NO. 19:**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Defendant further objects to this interrogatory to the extent it invades the attorney-client and/or attorney work product privilege. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Aside from the "wage and hour" lawsuits in which plaintiffs' counsel are attorneys of record, Gwen Petteway does not recall being personally named in any California legal action or proceeding during the Relevant Time Period, as that term is defined in the interrogatories. Non-privileged documents pertaining to the aforementioned cases are a matter of public record and are therefore equally available to the requesting parties. With respect to Service Corporation International, Responding Party refers the

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES                18
Case No.:  3:08-CV-01190 SI

plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 19.

**INTERROGATORY NO. 21:**

Identify and Describe in Detail during the Relevant Time Period "the human resources services of the subsidiary and affiliate companies of SCI," and "training and benefits provided to those companies" that Gwen Petteway is familiar with due to her job responsibilities, per to her declaration of July 9, 2007.

**RESPONSE TO INTERROGATORY NO. 21**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible (the purported "declaration of July 9, 2007" is not attached), unduly burdensome and harassing, and it calls for speculation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, and Responding Party's counsel having clarified with plaintiffs' counsel that the declaration to which the interrogatory refers is the July 9, 2007 Declaration of Gwen Petteway filed in the matter of *Deborah Prise et al. v. Alderwoods Group, Inc. et al.*, U.S. District Court for the Western District of Pennsylvania, Case No. 06-1641 ("*Prise*"), Responding Party responds as follows:  The quoted phrases in Gwen Petteway's July 9, 2007 Declaration in *Prise* refer to human resource services, support, training and benefits provided to local SCI affiliate entities by four separate companies:  SCI Funeral and Cemetery Purchasing Cooperative, Inc., a Delaware corporation; SCI Eastern Market Support Center, L.P. (only for local SCI affiliate entities in Connecticut, District of Columbia, Illinois, Indiana, Iowa, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, Ohio, Pennsylvania, Rhode Island, Virginia and Wisconsin); SCI Houston Market Support Center, L.P.

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          19
Case No.:  3:08-CV-01190 SI

(only for local SCI affiliate entities in Texas, Louisiana, Georgia, Florida, Tennessee, North Carolina, South Carolina, Alabama, Missouri, Kansas, West Virginia, Mississippi and Oklahoma); and SCI Western Market Support Center, L.P., (only for local SCI affiliates in Alaska, Arizona, California, Colorado, Hawaii, Idaho, Montana, New Mexico, Oregon, Utah and Washington). The services provided to SCI affiliated entities located within California by SCI Funeral and Cemetery Purchasing Cooperative, Inc., a Delaware corporation are pursuant to a management services agreement between SCI Funeral and Cemetery Purchasing Cooperative, Inc. and SCI Western Market Support Center, L.P., neither of which is contesting personal jurisdiction in this case.

**INTERROGATORY NO. 22:**

Identify and Describe in Detail during the Relevant Time Period each position (including any board, officer, employment or other position) or job with SCI or any SCI affiliated entity or location in California that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan have held, and for each describe the corresponding responsibilities, duties and roles for such positions, and Identify and Describe in Detail any and all human resource and employment Documentation or Documentation of any kind regarding or with any relation to the employment of these individuals.

**RESPONSE TO INTERROGATORY NO. 22**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for disclosure of employee information that could potentially violate employees' privacy rights which are protected by the California and United States Constitutions and other state and federal laws. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES          20
Case No.:  3:08-CV-01190 SI

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  Gwen Petteway is currently an employee of SCI Funeral and Cemetery Purchasing Cooperative, Inc., a Delaware corporation, as a Human Resources Director.  Her responsibilities in that position include the following:  act as HR liaison for the Market Support Centers to ensure alignment of all HR processes, procedures and policies companywide; support management on all employee matters; manage Leadership Development process including assisting with identification of future leaders, coaching and mentoring programs as appropriate, facilitation of formal programs and job rotational assignments, and involvement with succession planning efforts; manage employee issues activities to ensure timely investigation and resolution.

Previously, from February 22, 2005 to March 15, 2008, Ms. Petteway was employed by SCI Houston Market Support Center, L.P. ("MSC") as Human Resources Director.  She was responsible for managing human resources activities for the MSC's geographic market by developing and implementing human resource strategies. She would supervise human resources professionals and assistants in locations in designated states across the south eastern and central US to support the client base of the Market Support Center.  She would interview candidates for positions, ensuring appropriate training and development for associates and assist in development activities for each market leader within the MSC's area of responsibility.  She would assist the team in conducting employee relations investigations as needed within the MSC's area of responsibility ("AOR.")

With respect to Paul Houston, Thomas Ryan, Curtis Briggs and Jane D. Jones, Responding Party refers the plaintiffs to their respective supplemental responses to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues, Interrogatory No. 22.

**INTERROGATORY NO. 23:**

Identify and Describe in Detail during the Relevant Time Period any contact that SCI, Gwen Petteway, any SCI affiliated entity or location in California, or any employee or agent acting

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    21
Case No.:  3:08-CV-01190 SI

on their behalf, has had with California, or Concerning any matter within California.

**RESPONSE TO INTERROGATORY NO. 23**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  As to Gwen Petteway, Responding Party refers the plaintiffs to her other supplemental responses these interrogatories which are set forth above and are incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 23.


Dated:  January 22, 2009                    GURNEE & DANIELS LLP

                                            By _____
                                               STEVEN A. GURNEE, ESQ.
                                               DAVID M. DANIELS, ESQ.
                                               NICHOLAS P. FORESTIERE, ESQ.
                                               Attorneys for Defendants
                                               SERVICE CORPORATION INTERNATIONAL,
                                               SCI FUNERAL AND CEMETERY
                                               PURCHASING COOPERATIVE, INC., SCI
                                               EASTERN MARKET SUPPORT CENTER, L.P.,
                                               SCI WESTERN MARKET SUPPORT CENTER.
                                               L.P., SCI HOUSTON MARKET SUPPORT
                                               CENTER. L.P., JANE D. JONES, GWEN
                                               PETTEWAY, THOMAS RYAN and CURTIS
                                               BRIGGS

GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES                    22
Case No.:  3:08-CV-01190 SI

1
2
3

## **VERIFICATION**

4    I, GWEN PETTEWAY, the undersigned, say:

5    I am a party to this action.  The matters stated in the foregoing DEFENDANT

6    GWEN PETTEWAY'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS'

7    INTERROGATORIES are true of my own knowledge except as to those matters which

8    are stated on information and belief, and as to those matters I believe them to be true.

9
10   Executed on 15th day of January 2009 at Houston, Texas

11   I declare under penalty of perjury under the laws of the State of California that the

12   foregoing is true and correct.

13
14
15   _GWEN PETTEWAY_____

16
17
18
19
20
21
22
23
24
25
26   *Bryant v. Service Corporation International*
27   Case No.:  CV 08-01190 SI
28

LAW OFFICES
Steven H. Gurnee &
Associates
A Law Corporation

# EXHIBIT P

STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
NICHOLAS P. FORESTIERE, ESQ. SB# 125118
JOHN A. MASON, ESQ. SB#166996
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA  95661-3805
Telephone      (916) 797-3100
Facsimile      (916) 797-3131

Attorneys for Defendants

SERVICE CORPORATION INTERNATIONAL,
SCI FUNERAL AND CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN MARKET
SUPPORT CENTER, L.P. SCI WESTERN
MARKET SUPPORT CENTER, L.P., SCI
HOUSTON MARKET SUPPORT CENTER, L.P.,
JANE D. JONES, GWEN PETTEWAY, THOMAS
RYAN and CURTIS BRIGGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, et al., on behalf of themselves and all other employees and former employees similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> SERVICE CORPORATION INTERNATIONAL et al. <br><br> Defendants. | **CASE NO.  3:08-CV-01190 SI** <br><br> **DEFENDANT GWEN PETTEWAY'S FURTHER SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT** |

////

////

////

GWEN PETTEWAY'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES
IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT
Case No.: 3:08-CV-01190 SI

1

**PROPOUNDING PARTY:**     PLAINTIFFS

**RESPONDING PARTY:**     DEFENDANT, GWEN PETTEWAY

**SET NUMBER:**     ONE

Defendant, GWEN PETTEWAY (hereinafter "Defendant" and/or "Responding Party"), pursuant to the Court's August 29, 2008 order permitting Plaintiffs to conduct limited discovery pertaining solely to personal jurisdiction issues prior the hearing on Defendant's motion to dismiss, and in compliance with the Court's March 27, 2009 order granting in part and denying in part Plaintiffs' motion to compel additional responses, provides the following further supplemental responses to the special interrogatories, set one, propounded by plaintiffs:

### GENERAL STATEMENTS AND OBJECTIONS

1.     Responding Party has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.     These responses are made without prejudice to Responding Party's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.     These responses are made without prejudice to Responding Party's right to supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.     Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.     Responding Party expressly reserves:

5.1     All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

5.2     All objections as to vagueness, ambiguity, unintelligibility and over breadth.

GWEN PETTEWAY'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES
IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                                    2
Case No.: 3:08-CV-01190 SI

6.    Nothing herein shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in propounding party's interrogatories.

7.    These responses are signed by counsel only as to the objections set forth in the responses. Responding Party specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.    Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extend they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Pennsylvania, and/or the orders of assigned judge to this action.

9.    Responding Party objects to Plaintiffs' instructions, definitions, and interrogatories to the extent they purport to require Responding Party to describe the contents of any documents rather than produce them pursuant to FRCP 33(d).

10.    Responding Party objects the Plaintiffs' definition of "Describe in Detail or Set Forth the Factual Basis" is overbroad and unduly burdensome. Responding Party will provide responsive information as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the orders of the judge assigned to this case.

11.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Person)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a person is identified.

12.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Document)" is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a document is identified.

13.    Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an oral statement, interview, conversation or conference) is overbroad and unduly burdensome. Responding Party will provide certain identifying information in the responses in which a statement, interview, conversation or conference is identified.

GWEN PETTEWAY'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES
IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                3
Case No.: 3:08-CV-01190 SI

14.   Responding Party objects that Plaintiff's definition of the term "Identify (when referring to an act)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which an act is identified.

15.   Responding Party objects that Plaintiff's definition of the term "Identify (when referring to a Policy or Practice)" is overbroad and unduly burdensome.  Responding Party will provide certain identifying information in the responses in which a policy or practice is identified.

16.   Responding Party objects to each and every interrogatory to the extent it seeks information beyond the liability period in this lawsuit.

17.   The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request. Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 1:**

Identify each Person who has been asked to locate Documents or provide information to respond to any discovery requests in this matter, and Identify which requests the Person was asked to provide information or Documents for and whether the individual provided information or Documents for that response.

**RESPONSE TO INTERROGATORY NO. 1**

Responding Party objects to this interrogatory on the grounds that it relates or refers to other interrogatories and requests for production of documents propounded by plaintiffs that exceed the limited scope of personal jurisdiction discovery permitted by the Court at this juncture and, as such, this interrogatory exceeds that scope as well.  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible, unduly burdensome and harassing, it calls for speculation, and it invades the attorney-client and attorney work product privileges.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**FURTHER RESPONSE TO INTERROGATORY NO. 1 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

The following individuals were asked to locate any documents responsive to Plaintiffs' Request for Production No. 5, as modified by the Court's March 27, 2009 Order: not applicable. The following individuals provided documents which are being produced in response to Plaintiff's Request for Production No. 5, as modified by the Court's March 27, 2009 Order: not applicable.

The following individuals were asked to locate any documents responsive to Plaintiffs' Request for Production No. 7, as modified by the Court's March 27, 2009 Order: not applicable. The following individuals provided documents which are being produced in response to Plaintiff's Request for Production No. 7, as modified by the Court's March 27, 2009 Order: not applicable.

**INTERROGATORY NO. 3:**

For each Document request or interrogatory, Identify what classes of Documents or information is being produced in response to that inquiry; what classes and on what basis Documents or information are being withheld; and what efforts were made to locate responsive information and Documents.

**RESPONSE TO INTERROGATORY NO. 3**

Responding Party objects to this interrogatory on the grounds that it relates or refers to other interrogatories and requests for production of documents propounded by plaintiffs that grossly exceed the limited scope of personal jurisdiction discovery permitted by the Court at this juncture and, as such, this interrogatory exceeds that scope as well.  Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unintelligible, unduly burdensome and harassing, it calls for speculation, and it invades the attorney-client and attorney work product privileges.  Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

////

////

GWEN PETTEWAY'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                    5
Case No.: 3:08-CV-01190 SI

**FURTHER RESPONSE TO INTERROGATORY NO. 3 IN COMPLIANCE WITH THE
COURT'S 3-27-09 ORDER:**

In providing the further responses to plaintiffs' Interrogatories and Requests for Production
of Documents specified in and as limited by the Court's 3-27-09 Order, Responding Party has not
withheld responsive information or documents, although certain documents which are being
produced have been deemed and marked as confidential by Defendants and are provided subject to
the Stipulated Protective Order to which counsel for all parties have agreed and the Court has
approved.

**INTERROGATORY NO. 7:**

Identify and Describe in Detail during the Relevant Time Period the corporate structure for
SCI, Gwen Petteway and any SCI affiliated entity or location in California and Identify and
Describe in Detail each party's manner of, method of, knowledge of, involvement in, or any
contact of any kind with hiring, firing, disciplining and otherwise dealing with employee relations
of any kind in relation to any employee of SCI, Gwen Petteway or any SCI affiliated entity or
location in California. (A proper response includes, but is not limited to, Identification and
Description in Detail, as to each forenamed party, of organizational or flow charts, Documentation
of responsibilities of all employees, Documentation of reporting/management structure,
Documentation of banking systems and accounts, Documentation of compensation and benefits
systems, Documentation regarding human resource implementation and processes, Documentation
regarding systems for recording hours, Documentation regarding accounting systems,
employer/employee lists, Documentation of bank accounts controlled by such Parties (used,
contributed to, withdrawn from etc., and a list of who has access to them), and their corporate
position, responsibilities and reporting structure (who these Parties report to, and who reports to
any of these Parties).)

**RESPONSE TO INTERROGATORY NO. 7**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the
limited scope of personal jurisdiction discovery permitted by the Court at this juncture.

GWEN PETTEWAY'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES
IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                    6
Case No.: 3:08-CV-01190 SI

Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows: Gwen Petteway is an individual and, as such, has no corporate structure. During the relevant time period (as that terms is defined in the interrogatories), Gwen Petteway has not been involved in the hiring, firing or disciplining of employees of SCI affiliated entities in California. With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 7.

**FURTHER RESPONSE TO INTERROGATORY NO. 7 IN COMPLIANCE WITH 3-27-09 ORDER:**

As reflected in Responding Party's Supplemental Response to Request for Production of Documents No. 20, Responding Party is not aware of any written job descriptions for Responding Party's positions described in her Supplemental Response to Interrogatory No. 22.

**INTERROGATORY NO. 9:**

Identify and Describe in Detail during the Relevant Time Period all contracts, agreements, deals, pacts or obligations of any kind Concerning SCI, Gwen Petteway or any SCI affiliated entity or location in California with any Person relating to, arising from or otherwise Concerning any matter in California.

GWEN PETTEWAY'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES
IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                    7
Case No.:  3:08-CV-01190 SI

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation.  Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Gwen Petteway has not had any employees and has not entered into contracts, agreements, deals, pacts or obligations with any persons or entities in California which relate to the employment policies and practices in dispute in this litigation, except as may have been done in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, Inc. which is not contesting personal jurisdiction in this case. Gwen Petteway's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of Ms. Petteway's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6), which is in plaintiffs' possession and is incorporated herein by reference.  With respect to Service Corporation International, Responding Party refers the plaintiffs to Service Corporation International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal Jurisdiction Issues for Service Corporation International, Interrogatory No. 9.

**FURTHER RESPONSE TO INTERROGATORY NO. 9 IN COMPLIANCE WITH THE COURT'S 3-27-09 ORDER:**

At no time during the Relevant Time Period (as that term is defined in the Interrogatories) has Responding Party entered into any written agreements related to any business matter in

GWEN PETTEWAY'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES
IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                                    8
Case No.: 3:08-CV-01190 SI

California.

**INTERROGATORY NO. 14:**

Identify and Describe in Detail during the Relevant Time Period any trips or visits made to California by Gwen Petteway, or by any employee or agent acting on behalf of SCI or Gwen Petteway concerning SCI, Gwen Petteway, or any SCI affiliated entity or location in California; and Identify and Describe in Detail any trips or visits made by any Person to contact SCI or Gwen Petteway Concerning any matter in California.

**RESPONSE TO INTERROGATORY NO. 14**

Responding Party objects to this interrogatory on the grounds that it grossly exceeds the limited scope of personal jurisdiction discovery permitted by the Court at this juncture. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and harassing, and it calls for speculation. Responding Party further objects to this interrogatory to the extent it calls for the disclosure of trade secret, proprietary or other confidential information, and no protective order is in place which would govern the production, disclosure and dissemination of such confidential information. Responding party further objects to this interrogatory on the grounds that it contains more than one separate and discrete sub-part, thereby causing these interrogatories to exceed the 25-interrogatory limit imposed by FRCP 33(a)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

Subject to and without waiving the aforesaid objections, and to the extent Responding Party understands the interrogatory, Responding Party responds as follows:  During the Relevant Time Period (as that term is defined in the interrogatories), Gwen Petteway has not had any employees and has not made any trips to California related to the employment policies and practices in dispute in this litigation, except as may have been taken in the capacity of her employment with SCI Funeral and Cemetery Purchasing Cooperative, Inc. which is not contesting personal jurisdiction in this case.  Gwen Petteway's lack of contacts with California sufficient for the Court to exercise general personal jurisdiction are set forth in the Declaration of Gwen Petteway in Support of Ms.

GWEN PETTEWAY'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES
IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT
Case No.: 3:08-CV-01190 SI                                                                                              9

1   Petteway's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(2) and 12(b)(6) which

2   is in plaintiffs' possession and is incorporated herein by reference.   With respect to Service

3   Corporation International, Responding Party refers the plaintiffs to Service Corporation

4   International's supplemental response to Plaintiffs' First Set of Interrogatories Regarding Personal

5   Jurisdiction Issues for Service Corporation International, Interrogatory No. 14.

6   **FURTHER RESPONSE TO INTERROGATORY NO. 14 IN COMPLIANCE WITH THE**

7   **COURT'S 3-27-09 ORDER:**

8       Responding Party has not traveled to California on business during the Relevant Time

9   Period (as that term is defined in the Interrogatories.).

10  Dated:  April 17, 2009                                    GURNEE & DANIELS LLP

11

12                                          By  _____

13                                               STEVEN H. GURNEE, ESQ.

14                                             DAVID M. DANIELS, ESQ.
    NICHOLAS P. FORESTIERE, ESQ.
    JOHN A. MASON, ESQ.

15                                             Attorneys for Defendants

16                                             SERVICE CORPORATION
    INTERNATIONAL, SCI FUNERAL AND

17                                             CEMETERY PURCHASING

18                                             COOPERATIVE, INC., SCI EASTERN
    MARKET SUPPORT CENTER, L.P., SCI

19                                             WESTERN MARKET SUPPORT CENTER,
    L.P., SCI HOUSTON MARKET SUPPORT

20                                             CENTER, L.P., JANE D. JONES, GWEN
    PETTEWAY, THOMAS RYAN and CURTIS

21                                             BRIGGS

22

23

24

25

26

27

28

GWEN PETTEWAY'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES
IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT                                    10
Case No.: 3:08-CV-01190 SI

## VERIFICATION

I, GWEN PETTEWAY, the undersigned, say:

I am a party to this action.  The matters stated in the foregoing FURTHER SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES IN COMPLIANCE WITH MARCH 27, 2009 ORDER OF THE COURT are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on _17th_ day of April 2009 at Houston, Texas

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Gwen Petteway_
GWEN PETTEWAY

_Bryant v. Service Corporation International_
Case No.:  CV 08-01190 SI

EXHIBIT Q



**Service Corporation International**

|  About SCI | Our Business | Investors | Careers |

Home | Contact Us

## About SCI

Corporate Officers

Board Of Directors

Corporate Governance

History

Corporate Citizenship

General Press Room



## About Us

Service Corporation International (SCI) is North America's leading provider of deathcare products and services.  We have more than 22,000 dedicated employees who provide the finest funeral, cremation, and cemetery services to hundreds of thousands of families each year   Operating from a network of more than 2,000 funeral homes and cemeteries, the people of SCI assist families with compassion and guidance at difficult times, helping them celebrate the significance of lives that have been lived, and preserving memories that transcend generations, with dignity and honor.

### Stock Quote
SCI

| Exchange | NYSE |
| Price | $ 5.12 |
| Change(%) | ▲ 0.17(3.32) |
| Volume | 615,578 |

As of 05/08/2009 12:11 a.m. ET

### News

- Service Corporation International Announces First Quarter 2009 Financial Results
- Service Corporation International Announces Schedule for Its First Quarter 2009 Earnings Release and Conference Call

### About Funerals

We are committed to providing a level of service and offer a selection of products, services and benefits that are not available elsewhere. Whether your need is immediate or you wish to plan for the future, whether your preference is traditional casketed burial or cremation, we are ready to give you the best possible guidance and support.

Learn More ›

Site Map   **Privacy Policy**   **Email Page**   **Print Page**

© 2008 SCI Management.

# EXHIBIT R

Westlaw.

## UNIFORM COMMERCIAL CODE REPORT

THIS DATA IS FOR INFORMATION PURPOSES ONLY.  CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE SACRAMENTO OFFICE OF THE CALIFORNIA SECRETARY OF STATE.

| | |
|---|---|
| **Information Current Through:** | 04-28-2009 |
| **Database Updated:** | 04-28-2009 |
| **Update Frequency:** | Daily |
| **Current Date:** | 04/28/2009 |
| **Source:** | CA SECRETARY OF STATE |

### FILING INFORMATION

| | |
|---|---|
| **Filing Number:** | 047000843309 |
| **Filing Date:** | 10/20/2004 |
| **Expiration Date:** | 10/20/2009 |
| **Filing Type:** | FINANCING STATEMENT |

### DEBTOR INFORMATION

**Debtor(s):**   SERVICE CORPORATION INTERNATIONAL

1929 ALLEN PARKWAY

HOUSTON, TX 77019

### SECURED PARTY OR CREDITOR INFORMATION

**Secured Party(s):**   CITICAPITAL COMMERCIAL LEASING CORPORATION

8001 RIDGEPOINT DR

IRVING, TX 75063

### COLLATERAL INFORMATION

| | |
|---|---|
| **Collateral Type:** | THREE (3) CLUB CAR GOLF CAR - UTILITY VILLAGER 6TOGETHER WITH ALL FUTURE |
| **Collateral Type:** | ATTACHMENTS, ACCESSORIES, REPLACEMENT PARTS, ADDITIONS, AND ALL CHATTEL PAPER, |
| **Collateral Type:** | DOCUMENTS, GENERAL INTANGIBLES, INSTRUMENTS, ACCOUNTS, CONTRACT RIGHTS AND |
| **Collateral Type:** | LEASES NOW EXISTING OR HEREAFTER ARISING WITH RESPECT TO THE ABOVE COLLATERAL, |

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

CA

**Collateral Type:**                    AND ALL RENTAL PAYMENTS, AND OTHER INCOME RELATING THERETO OR ARISING

**Collateral Type:**                    THEREFROM, AND ALL CASH AND NON-CASH PROCEEDS THEREOF.

The public record items reported above may have been paid, terminated, vacated or released prior to today's date.

Call Westlaw CourtExpress at 1-877-DOC-RETR (1-877-362-7387)
to order copies of documents related to this or other matters.
Additional charges apply.

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

UNIFORM COMMERCIAL CODE REPORT

THIS DATA IS FOR INFORMATION PURPOSES ONLY.  CERTIFICATION CAN ONLY BE OBTAINED THROUGH
THE SACRAMENTO OFFICE OF THE CALIFORNIA SECRETARY OF STATE.

| | |
|---|---|
| **Information Current Through:** | 04-28-2009 |
| **Database Updated:** | 04-28-2009 |
| **Update Frequency:** | Daily |
| **Current Date:** | 04/28/2009 |
| **Source:** | CA SECRETARY OF STATE |

**FILING INFORMATION**

| | |
|---|---|
| **Filing Number:** | 057029695821 |
| **Filing Date:** | 06/07/2005 |
| **Expiration Date:** | 06/07/2010 |
| **Filing Type:** | FINANCING STATEMENT |

**DEBTOR INFORMATION**

**Debtor(s):**   SERVICE CORPORATION INTERNATIONAL
1929 ALLEN PARKWAY
HOUSTON, TX 77019
SCI CALIFORNIA FUNERAL SERVICES INC
1929 ALLEN PARKWAY
HOUSTON, TX 77019

**SECURED PARTY OR CREDITOR INFORMATION**

**Secured Party(s):**   GENERAL ELECTRIC CAPITAL CORPORATION
10 RIVERVIEW DRIVE
DANBURY, CT 06810

**COLLATERAL INFORMATION**

| | | |
|---|---|---|
| **Collateral Type:** | 1 MODULAR SPACE 36 X 65 UNIT # 006373,4,5 AS | MORE |
| | FULLY DESCRIBED ON EXHIBIT A | |
| **Collateral Type:** | ATTACHED HERETO AND MADE A PART HEREOF AND | |
| | ANY                AND ALL ADDITIONS, ATTACHMENTS, | |

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

CA                                                                                          Page 2

| | |
|---|---|
| **Collateral Type:** | ACCESSORIES AND ACCESSIONS AND ANY AND ALL                SUBSTITUTIONS, REPLACEMENTS OR |
| **Collateral Type:** | EXCHANGES THEREFOR, AND ANY ALL ANCE                AND/OR OTHER PROCEEDS THEREOF, |
| **Collateral Type:** | SECURING DEBTOR'S OBLIGATIONS UNDER THAT        CER- TAIN MASTER LEASE AGREEMENT BETWEEN |
| **Collateral Type:** | GENERAL ELECTRIC CAPITAL CORPORATION AND SCI                CALIFORNIA FUNERAL SERVICES, INC. |

### RELATED FILING INFORMATION

| | |
|---|---|
| **Filing Number:** | 0570297409 |
| **Filing Date:** | 06/08/2005 |
| **Filing Time:** | 0928 |
| **Filing Type:** | AMENDMENT |
| **Filing Number:** | 0771406719 |
| **Filing Date:** | 12/17/2007 |
| **Filing Time:** | 1647 |
| **Filing Type:** | TERMINATION |

The public record items reported above may have been paid, terminated, vacated or released prior to today's date.

Call Westlaw CourtExpress at 1-877-DOC-RETR (1-877-362-7387)
to order copies of documents related to this or other matters.
Additional charges apply.

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

### UNIFORM COMMERCIAL CODE REPORT

THIS DATA IS FOR INFORMATION PURPOSES ONLY.  CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE SACRAMENTO OFFICE OF THE CALIFORNIA SECRETARY OF STATE.

| | |
|---|---|
| **Information Current Through:** | 04-28-2009 |
| **Database Updated:** | 04-28-2009 |
| **Update Frequency:** | Daily |
| **Current Date:** | 04/28/2009 |
| **Source:** | CA SECRETARY OF STATE |

### FILING INFORMATION

| | |
|---|---|
| **Filing Number:** | 0011160170 |
| **Filing Date:** | 04/14/2000 |
| **Expiration Date:** | 04/14/2005 |
| **Filing Type:** | FINANCING STATEMENT |

### DEBTOR INFORMATION

**Debtor(s):**

SERVICE CORPORATION INTERNATIONAL
2099 RELIEZ VALLEY RD
LAFAYETTE, CA 94549
OAKMNT MEMORIAL PARK & MORTUARY
2099 RELIEZ VALLEY RD
LAFAYETTE, CA 94549

### SECURED PARTY OR CREDITOR INFORMATION

**Secured Party(s):**

NORWEST BANK MN NA
625 MARQUETTE AVE
MINNEAPOLIS, MN 55479

### RELATED FILING INFORMATION

| | |
|---|---|
| **Filing Number:** | 00157C0013 |
| **Filing Date:** | 05/26/2000 |
| **Filing Time:** | 0800 |

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

**Filing Type:**                          ASSIGNMENT

The public record items reported above may have been paid, terminated, vacated or released prior to today's date.

Call Westlaw CourtExpress at 1-877-DOC-RETR (1-877-362-7387)
to order copies of documents related to this or other matters.
Additional charges apply.

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw

CA

UNIFORM COMMERCIAL CODE REPORT

THIS DATA IS FOR INFORMATION PURPOSES ONLY. CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE SACRAMENTO OFFICE OF THE CALIFORNIA SECRETARY OF STATE.

| | |
|---|---|
| **Information Current Through:** | 04-28-2009 |
| **Database Updated:** | 04-28-2009 |
| **Update Frequency:** | Daily |
| **Current Date:** | 04/28/2009 |
| **Source:** | CA SECRETARY OF STATE |

### FILING INFORMATION

| | |
|---|---|
| **Filing Number:** | 0007360179 |
| **Filing Date:** | 03/08/2000 |
| **Expiration Date:** | 03/08/2005 |
| **Filing Type:** | FINANCING STATEMENT |

### DEBTOR INFORMATION

| | |
|---|---|
| **Debtor(s):** | SERVICE CORPORATION INTERNATIONAL |
| | 649 GREEN ST |
| | SAN FRANCISCO, CA 94133 |
| | GREEN STREET MORTUARY |
| | 649 GREEN ST |
| | SAN FRANCISCO, CA 94133 |

### SECURED PARTY OR CREDITOR INFORMATION

| | | |
|---|---|---|
| **Secured Party(s):** | NORWEST BANK MN NA N9311-160 | ABS CUSTODY VAULT MAC |
| | 625 MARQUETE AVE | |
| | MINNEAPOLIS, MN 55479 | |

### RELATED FILING INFORMATION

| | |
|---|---|
| **Filing Number:** | 00129C0040 |
| **Filing Date:** | 05/01/2000 |
| **Filing Time:** | 0800 |

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

CA

**Filing Type:**                          ASSIGNMENT
The public record items reported above may have been paid, terminated, vacated or released prior to today's date.

Call Westlaw CourtExpress at 1-877-DOC-RETR (1-877-362-7387)
to order copies of documents related to this or other matters.
Additional charges apply.

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

LIEN FILING RECORD

## FILING INFORMATION

Filing Number:          20040037323
Filing Type:            COUNTY TAX LIEN
Filing Office:          FRESNO COUNTY RECORDERS OFFICE
                        CA
Filing County:          FRESNO
Filing Date:            02/18/2004

## DEBTOR INFORMATION

Debtor:                 SERVICE CORPORATION INTERNATIONAL
                        4630 W JENNIFER 10
                        FRESNO, CA 93706
Debtor Type:            BUSINESS

## CREDITOR INFORMATION

Creditor:               FRESNO COUNTY

## LIEN INFORMATION

Total Amount:           $98.00

Call Westlaw CourtExpress at 1-877-DOC-RETR (1-877-362-7387)
to order copies of documents related to this or other matters.
Additional charges apply.

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

LIEN FILING RECORD

### FILING INFORMATION

Filing Number:          97130252
Filing Type:            MECHANICS LIEN
Filing Office:          RECORDERS OFFICE
                        1225 FALLON ST, ROOM 100
                        OAKLAND, CA 94612
Filing County:          ALAMEDA
Filing Date:            05/27/1997

### DEBTOR INFORMATION

Debtor:                 SERVICE CORPORATION INTERNATIONAL INC
                        1929 ALLEN PARKWAY
                        HOUTON, TX 77019
Debtor DUNS Number:     79-093-7044
Debtor:                 CEDAR LAWN MEMORIAL PARK
                        48800 WARM SPRINGS BLVD
                        FREMONT, CA 94539
Debtor DUNS Number:     06-300-1473

### CREDITOR INFORMATION

Creditor:               SCARDINA BUILDERS INC

### LIEN INFORMATION

Lien Amount:            $3,343.00
Status:                 OPEN
Status Date:            05/27/1997

### DOCUMENT DETAILS

Total Amount Awarded:   $3343

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

EXHIBIT S

Westlaw.

FEIN RECORD

| | |
|---|---|
| **Information Current Through:** | 01-03-2009 |
| **Database Last Updated:** | 03-27-2009 |
| **Update Frequency:** | QUARTERLY |
| **Source:** | Copyright © 2009 by Dun & Bradstreet, Inc. |
| **Current Date:** | 04/28/2009 |

### BUSINESS INFORMATION

| | |
|---|---|
| **Company Name:** | **SERVICE CORPORATION INTERNATIONAL** |
| **Address:** | 27010 ENCANTO DR |
| | SUN CITY, CA |
| **FEIN Number:** | 95-2546889 |
| **D&B Source:** | CALIFORNIA UCC FILINGS |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

FEIN RECORD

| | |
|---|---|
| **Information Current Through:** | 01-03-2009 |
| **Database Last Updated:** | 03-27-2009 |
| **Update Frequency:** | QUARTERLY |
| **Source:** | Copyright © 2009 by Dun & Bradstreet, Inc. |
| **Current Date:** | 04/28/2009 |

### BUSINESS INFORMATION

| | |
|---|---|
| **Company Name:** | **SERVICE CORPORATION INTERNATIONAL,** INC DBA MOUNT V |
| **Address:** | 8201 GREENBACK LN |
| | FAIR OAKS, CA 95628 |
| **FEIN Number:** | 94-1578700 |
| **D&B Source:** | CALIFORNIA UCC FILINGS |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

# EXHIBIT T

lexis.com

Change Client | Options | Feedback | Sign Off | Help

Text Only | Download | Fax | Email

View: Cite | KWIC | Full        PREVIOUS 134 of 169 NEXT

FOCUS™ – Narrow Results | Save As ECLIPSE | More Like This | More Like Selected Text

Source: All Sources : States Legal - U.S. : California : Courts : CA Combined Civil Court Filings From Superior and
Municipal Courts
Terms: "service corporation international" (Edit Search)

SERVICE CORP INTERNATIONAL 184859

\*\*\* THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY \*\*\*

CALIFORNIA CIVIL CASE FILINGS

**Plaintiff: SERVICE CORP INTERNATIONAL**

**Defendant: OSUNA LILIA M**

**Filing Date: 10/30/1998**

**Case Number: 184859**

**Filing Type: CIVIL**

**Case Type: CIVIL**

**County: VENTURA**

**State: CALIFORNIA**

**CALL LEXIS DOCUMENT SERVICES FOR ALL YOUR DOCUMENT NEEDS. 800-634-9738**

View: Cite | KWIC | Full        PREVIOUS 134 of 169 NEXT        Text Only | Download | Fax | Email

FOCUS™ – Narrow Results | Save As ECLIPSE | More Like This | More Like Selected Text

Source: All Sources : States Legal - U.S. : California : Courts : CA Combined Civil Court Filings From Superior and
Municipal Courts
Terms: "service corporation international" (Edit Search)
View: Full
Date/Time: Friday, January 28, 2000 – 12:11 PM EST

Search | Get a Document | Check a Citation
ECLIPSE(TM) | History | Change Client | Options | Feedback | Sign Off | Help
About LEXIS-NEXIS | Terms and Conditions

Copyright © 2000 LEXIS-NEXIS Group. All rights reserved.

SCI0000258

169 Results - "Service corporation international"

lexis.com™

Change Client | Options | Feedback | Sign Off | Help

Text Only | Download | Fax | Email

PREVIOUS    135 of 169    NEXT

View: Cite | KWIC | Full

FOCUS™ - Narrow Results | Save As ECLIPSE | More Like This | More Like Selected Text

Source: All Sources : States Legal - U.S. : California : Courts : CA Combined Civil Court Filings From Superior and Municipal Courts

Terms: "service corporation international"  (Edit Search)

### SERVICE CORP INTERNATIONAL 184860

### *** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

### CALIFORNIA CIVIL CASE FILINGS

**Plaintiff:** SERVICE CORP INTERNATIONAL

**Defendant:** CERVANTEZ PETER

**Filing Date:** 10/30/1998

**Case Number:** 184860

**Filing Type:** CIVIL

**Case Type:** CIVIL

**County:** VENTURA

**State:** CALIFORNIA

**CALL LEXIS DOCUMENT SERVICES FOR ALL YOUR DOCUMENT NEEDS. 800-634-9738**

PREVIOUS    135 of 169    NEXT

Text Only | Download | Fax | Email

View: Cite | KWIC | Full

FOCUS™ - Narrow Results | Save As ECLIPSE | More Like This | More Like Selected Text

Source: All Sources : States Legal - U.S. : California : Courts : CA Combined Civil Court Filings From Superior and Municipal Courts

Terms: "service corporation international"  (Edit Search)

View: Full

Date/Time: Friday, January 28, 2000 - 12:12 PM EST

Search | Get a Document | Check a Citation

ECLIPSE(TM) | History | Change Client | Options | Feedback | Sign Off | Help
About LEXIS-NEXIS | Terms and Conditions

Copyright © 2000 LEXIS-NEXIS Group. All rights reserved.

SCI0000259



lexis.com™

PREVIOUS ◄ 136 of 169 ► NEXT                    Text Only | Download | Fax | Email

View: Cite | KWIC | Full
FOCUS™ - Narrow Results | Save As ECLIPSE | More Like This | More Like Selected Text

Source: All Sources : States Legal - U.S. : California : Courts : CA Combined Civil Court Filings From Superior and
        Municipal Courts
Terms: "service corporation international" (Edit Search)

## SERVICE CORP INTERNATIONAL 184861

### *** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

## CALIFORNIA CIVIL CASE FILINGS

**Plaintiff: SERVICE CORP INTERNATIONAL**

**Defendant:** RISTOW CHERYL

**Filing Date:** 10/30/1998

**Case Number:** 184861

**Filing Type:** CIVIL

**Case Type:** CIVIL

**County:** VENTURA

**State:** CALIFORNIA

**CALL LEXIS DOCUMENT SERVICES FOR ALL YOUR DOCUMENT NEEDS. 800-634-9738**

PREVIOUS ◄ 136 of 169 ► NEXT                    Text Only | Download | Fax | Email

View: Cite | KWIC | Full
FOCUS™ - Narrow Results | Save As ECLIPSE | More Like This | More Like Selected Text

Source: All Sources : States Legal - U.S. : California : Courts : CA Combined Civil Court Filings From Superior and
        Municipal Courts
Terms: "service corporation international" (Edit Search)
View: Full
Date/Time: Friday, January 28, 2000 - 12:12 PM EST

Search | Get a Document | Check a Citation
ECLIPSE(TM) | History | Change Client | Options | Feedback | Sign Off | Help
About LEXIS-NEXIS | Terms and Conditions

Copyright © 2000 LEXIS-NEXIS Group.  All rights reserved.

SCI0000260



Change Client | Options | Feedback | Sign Off | Help

lexis.com

Text Only | Download | Fax | Email

View: Cite | KWIC | Full          PREVIOUS 137 of 169 NEXT          More Like Selected Text
FOCUS™ - Narrow Results | Save As ECLIPSE | More Like This | More Like Selected Text

Source: All Sources : States Legal - U.S. : California : Courts : CA Combined Civil Court Filings From Superior and
Municipal Courts
Terms: "service corporation international"  (Edit Search)

*SERVICE CORP INTERNATIONAL 185173*

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

**CALIFORNIA CIVIL CASE FILINGS**

**Plaintiff:** SERVICE CORP INTERNATIONAL

**Defendant:** LEMONS SYLVIA

**Filing Date:** 11/16/1998

**Case Number:** 185173

**Filing Type:** CIVIL

**Case Type:** CIVIL

**County:** VENTURA

**State:** CALIFORNIA

**CALL LEXIS DOCUMENT SERVICES FOR ALL YOUR DOCUMENT NEEDS. 800-634-9738**

Text Only | Download | Fax | Email

View: Cite | KWIC | Full          PREVIOUS 137 of 169 NEXT          More Like Selected Text
FOCUS™ - Narrow Results | Save As ECLIPSE | More Like This | More Like Selected Text

Source: All Sources : States Legal - U.S. : California : Courts : CA Combined Civil Court Filings From Superior and
Municipal Courts
Terms: "service corporation international"  (Edit Search)
View: Full
Date/Time: Friday, January 28, 2000 - 12:12 PM EST

Search | Get a Document | Check a Citation
ECLIPSE(TM) | History | Change Client | Options | Feedback | Sign Off | Help
About LEXIS-NEXIS | Terms and Conditions

Copyright © 2000 LEXIS-NEXIS Group.  All rights reserved.

SCI0000261

lexis.com

Change Client | Options | Feedback | Sign Off | Help

View: Cite | KWIC | Full    PREVIOUS 138 of 169 NEXT    Text Only | Download | Fax | Email

FOCUS™ - Narrow Results | Save As ECLIPSE | More Like This | Mora Like Selected Text

Source: All Sources : States Legal - U.S. : California : Courts : CA Combined Civil Court Filings From Superior and Municipal Courts
Terms: "service corporation international"  (Edit Search)

SERVICE CORP INTERNATIONAL 185174

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

CALIFORNIA CIVIL CASE FILINGS

**Plaintiff:** SERVICE CORP INTERNATIONAL

**Defendant:** CISNEROS ROSE MARIE

**Filing Date:** 11/16/1998

**Case Number:** 185174

**Filing Type:** CIVIL

**Case Type:** CIVIL

**County:** VENTURA

**State:** CALIFORNIA

**CALL LEXIS DOCUMENT SERVICES FOR ALL YOUR DOCUMENT NEEDS. 800-634-9738**

View: Cite | KWIC | Full    PREVIOUS 138 of 169 NEXT    Text Only | Download | Fax | Email

FOCUS™ - Narrow Results | Save As ECLIPSE | More Like This | More Like Selected Text

Source: All Sources : States Legal - U.S. : California : Courts : CA Combined Civil Court Filings From Superior and Municipal Courts
Terms: "service corporation international"  (Edit Search)
View: Full
Date/Time: Friday, January 28, 2000 - 12:13 PM EST

Search | Get a Document | Check a Citation

ECLIPSE(TM) | History | Change Client | Options | Feedback | Sign Off | Help
About LEXIS-NEXIS | Terms and Conditions

Copyright © 2000 LEXIS-NEXIS Group.  All rights reserved.

SCI0000262

wysiwyg://...//http://www.n...

– 169 Results - "Service corporation international"

lexis.com™

Text Only | Download | Fax | E-mail

View: Cite | KWIC | Full          PREVIOUS  139 of 169  NEXT
FOCUS™ - Narrow Results | Save As ECLIPSE | More Like This | More Like Selected Text

Source: All Sources : States Legal - U.S. : California : Courts : CA Combined Civil Court Filings From Superior and
Municipal Courts
Terms: "service corporation international"  (Edit Search)

SERVICE CORP INTERNATIONAL 185175

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

CALIFORNIA CIVIL CASE FILINGS

Plaintiff: SERVICE CORP INTERNATIONAL

Defendant: GUERRERO PATRICIA

Filing Date: 11/16/1998

Case Number: 185175

Filing Type: CIVIL

Case Type: CIVIL

County: VENTURA

State: CALIFORNIA

CALL LEXIS DOCUMENT SERVICES FOR ALL YOUR DOCUMENT NEEDS. 800-634-9738

Text Only | Download | Fax | Email

View: Cite | KWIC | Full          PREVIOUS  139 of 169  NEXT
FOCUS™ - Narrow Results | Save As ECLIPSE | More Like This | More Like Selected Text

Source: All Sources : States Legal - U.S. : California : Courts : CA Combined Civil Court Filings From Superior and
Municipal Courts
Terms: "service corporation international"  (Edit Search)
View: Full
Date/Time: Friday, January 28, 2000 - 12:13 PM EST

Search | Get a Document | Check a Citation
ECLIPSE(TM) | History | Change Client | Options | Feedback | Sign Off | Help
About LEXIS-NEXIS | Terms and Conditions

Copyright © 2000 LEXIS-NEXIS Group.  All rights reserved.

SCI0000263

169 Results - "Service corporation international"

lexis.com

Change Client | Options | Feedback | Sign Off | Help

Text Only | Download | Fax | Email
View: Cite | KWIC | Full          PREVIOUS   140 of 169   NEXT
FOCUS™ - Narrow Results | Save As ECLIPSE | More Like This | More Like Selected Text

Source: All Sources : States Legal - U.S. : California : Courts : CA Combined Civil Court Filings From Superior and
Municipal Courts
Terms: "service corporation international"  (Edit Search)

SERVICE CORP INTERNATIONAL 185176

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

CALIFORNIA CIVIL CASE FILINGS

**Plaintiff: SERVICE CORP INTERNATIONAL**

**Defendant:** DOMINQUEZ HELEN
ROMERO BERNICE

**Filing Date:** 11/16/1998

**Case Number:** 185176

**Filing Type:** CIVIL

**Case Type:** CIVIL

**County:** VENTURA

**State:** CALIFORNIA

CALL LEXIS DOCUMENT SERVICES FOR ALL YOUR DOCUMENT NEEDS. 800-634-9738

Source: All Sources : States Legal - U.S. : California : Courts : CA Combined Civil Court Filings From Superior and
Municipal Courts
Terms: "service corporation international"  (Edit Search)
View: Full
Date/Time: Friday, January 28, 2000 - 12:13 PM EST

Copyright © 2000 LEXIS-NEXIS Group.  All rights reserved.

SCI0000264

169 Results "Service corporation international"

Change Client | Options | Feedback | Sign Off | Help

Text Only | Download | Fax | Email

PREVIOUS 141 of 169 NEXT

View: Cite | KWIC | Full
FOCUS™ - Narrow Results | Save As ECLIPSE | More Like This | More Like Selected Text

Source: All Sources : States Legal - U.S. : California : Courts : CA Combined Civil Court Filings From Superior and Municipal Courts
Terms: "service corporation international" (Edit Search)

SERVICE CORP INTERNATIONAL 186503

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

CALIFORNIA CIVIL CASE FILINGS

**Plaintiff: SERVICE CORP INTERNATIONAL**

**Defendant:** RAY HAROLD G

**Filing Date:** 1/21/1999

**Case Number:** 186503

**Filing Type:** CIVIL

**Case Type:** CIVIL

**County:** VENTURA

**State:** CALIFORNIA

**CALL LEXIS DOCUMENT SERVICES FOR ALL YOUR DOCUMENT NEEDS. 800-634-9738**

Text Only | Download | Fax | Email

View: Cite | KWIC | Full
FOCUS™ - Narrow Results | Save As ECLIPSE | More Like This | More Like Selected Text

PREVIOUS 141 of 169 NEXT

Source: All Sources : States Legal - U.S. : California : Courts : CA Combined Civil Court Filings From Superior and Municipal Courts
Terms: "service corporation international" (Edit Search)
View: Full
Date/Time: Friday, January 28, 2000 - 12:14 PM EST

Search | Get a Document | Check a Citation
ECLIPSE(TM) | History | Change Client | Options | Feedback | Sign Off | Help
About LEXIS-NEXIS | Terms and Conditions

Copyright © 2000 LEXIS-NEXIS Group.  All rights reserved.

Change Client | Options | Feedback | Sign Off | Help

lexis.com

Text Only | Download | Fax | Email

PREVIOUS ◄ 142 of 169 ► NEXT

View: Cite | KWIC | Full
FOCUS™ - Narrow Results | Save As ECLIPSE | More Like This | More Like Selected Text

Source: All Sources : States Legal - U.S. : California : Courts : CA Combined Civil Court Filings From Superior and
Municipal Courts
Terms: "service corporation international" (Edit Search)

SERVICE CORP INTERNATIONAL 190592

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

CALIFORNIA CIVIL CASE FILINGS

**Plaintiff: SERVICE CORP INTERNATIONAL**

**Defendant:** REAL CYNTHIA

**Filing Date:** 7/30/1999

**Case Number:** 190592

**Filing Type:** CIVIL

**County:** VENTURA

**State:** CALIFORNIA

**CALL LEXIS DOCUMENT SERVICES FOR ALL YOUR DOCUMENT NEEDS. 800-634-9738**

Text Only | Download | Fax | Email

PREVIOUS ◄ 142 of 169 ► NEXT

View: Cite | KWIC | Full
FOCUS™ - Narrow Results | Save As ECLIPSE | More Like This | More Like Selected Text

Source: All Sources : States Legal - U.S. : California : Courts : CA Combined Civil Court Filings From Superior and
Municipal Courts
Terms: "service corporation international" (Edit Search)
View: Full
Date/Time: Friday, January 28, 2000 - 12:14 PM EST

Search | Get a Document | Check a Citation
ECLIPSE(TM) | History | Change Client | Options | Feedback | Sign Off | Help
About LEXIS-NEXIS | Terms and Conditions

Copyright © 2000 LEXIS-NEXIS Group. All rights reserved.

SCI0000266

# EXHIBIT U



UNCLAIMED PROPERTY RECORD

| | |
|---|---|
| **Database Last Updated:** | 06-25-2008 |
| **Update Frequency:** | SEMI-ANNUAL |
| **Current Date:** | 05/08/2009 |
| **Source:** | CALIFORNIA BUREAU OF UNCLAIMED PROPERTY, DIVISION OF COLLECTIONS |

### OWNER INFORMATION

| | |
|---|---|
| **Name:** | TAN MD DONALD C |
| **Last Known Address:** | 1509 WILSON TER |
| | GLENDALE |

### UNCLAIMED PROPERTY INFORMATION

| | |
|---|---|
| **Asset Holder:** | SERVICE CORPORATION INTERNATIONAL |
| **Asset Number:** | 004852509 |
| **Asset Type:** | DIVIDENDS |
| **Reported Date:** | 09/11/1992 |
| **Asset Value:** | $60.00 |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

UNCLAIMED PROPERTY RECORD

| | |
|---|---|
| **Database Last Updated:** | 06-25-2008 |
| **Update Frequency:** | SEMI-ANNUAL |
| **Current Date:** | 05/08/2009 |
| **Source:** | CALIFORNIA BUREAU OF UNCLAIMED PROPERTY, DIVISION OF COLLECTIONS |

### OWNER INFORMATION

| | |
|---|---|
| **Name:** | DONALD C TAN MD E |
| **Last Known Address:** | 1509 WILSON TER |
| | GLENDALE |

### UNCLAIMED PROPERTY INFORMATION

| | |
|---|---|
| **Asset Holder:** | SERVICE CORPORATION INTERNATIONAL |
| **Asset Number:** | 004852509 |
| **Asset Type:** | DIVIDENDS |
| **Reported Date:** | 09/11/1992 |
| **Asset Value:** | $60.00 |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

UNCLAIMED PROPERTY RECORD

| | |
|---|---|
| **Database Last Updated:** | 06-25-2008 |
| **Update Frequency:** | SEMI-ANNUAL |
| **Current Date:** | 05/08/2009 |
| **Source:** | CALIFORNIA BUREAU OF UNCLAIMED PROPERTY, DIVISION OF COLLECTIONS |

### OWNER INFORMATION

| | |
|---|---|
| **Name:** | WEBSTER NORMAN A |
| **Last Known Address:** | 1148 S PARK CIRCLE DR |
| | FRESNO 93727 |

### UNCLAIMED PROPERTY INFORMATION

| | |
|---|---|
| **Asset Holder:** | SERVICE CORPORATION INTERNATIONAL |
| **Asset Number:** | 004852511 |
| **Asset Type:** | DIVIDENDS |
| **Reported Date:** | 09/11/1992 |
| **Asset Value:** | $36.84 |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

UNCLAIMED PROPERTY RECORD

| | |
|---|---|
| **Database Last Updated:** | 06-25-2008 |
| **Update Frequency:** | SEMI-ANNUAL |
| **Current Date:** | 05/08/2009 |
| **Source:** | CALIFORNIA BUREAU OF UNCLAIMED PROPERTY, DIVISION OF COLLECTIONS |

### OWNER INFORMATION

| | |
|---|---|
| **Name:** | STEWART ROGER D |
| **Last Known Address:** | 3940 PARK BLVD 306 |
| | SAN DIEGO 92103 |

### UNCLAIMED PROPERTY INFORMATION

| | |
|---|---|
| **Asset Holder:** | SERVICE CORPORATION INTERNATIONAL |
| **Asset Number:** | 004852508 |
| **Asset Type:** | DIVIDENDS |
| **Reported Date:** | 09/11/1992 |
| **Asset Value:** | $99.36 |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

UNCLAIMED PROPERTY RECORD

| | |
|---|---|
| **Database Last Updated:** | 06-25-2008 |
| **Update Frequency:** | SEMI-ANNUAL |
| **Current Date:** | 05/08/2009 |
| **Source:** | CALIFORNIA BUREAU OF UNCLAIMED PROPERTY, DIVISION OF COLLECTIONS |

### OWNER INFORMATION

| | |
|---|---|
| **Name:** | FILIPETTI EDGAR P |
| **Last Known Address:** | 2143 SAN ANTONIO DR |
| | SANTA ROSA 94901 |

### UNCLAIMED PROPERTY INFORMATION

| | |
|---|---|
| **Asset Holder:** | SERVICE CORPORATION INTERNATIONAL |
| **Asset Number:** | 004852498 |
| **Asset Type:** | DIVIDENDS |
| **Reported Date:** | 09/11/1992 |
| **Asset Value:** | $39.96 |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

UNCLAIMED PROPERTY RECORD

| | |
|---|---|
| **Database Last Updated:** | 06-25-2008 |
| **Update Frequency:** | SEMI-ANNUAL |
| **Current Date:** | 05/08/2009 |
| **Source:** | CALIFORNIA BUREAU OF UNCLAIMED PROPERTY, DIVISION OF COLLECTIONS |

### OWNER INFORMATION

| | |
|---|---|
| **Name:** | FILIPETTI GENEVIEWVE A |
| **Last Known Address:** | 2143 SAN ANTONIO DR |
| | SANTA ROSA 94901 |

### UNCLAIMED PROPERTY INFORMATION

| | |
|---|---|
| **Asset Holder:** | SERVICE CORPORATION INTERNATIONAL |
| **Asset Number:** | 004852498 |
| **Asset Type:** | DIVIDENDS |
| **Reported Date:** | 09/11/1992 |
| **Asset Value:** | $39.96 |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

UNCLAIMED PROPERTY RECORD

| | |
|---|---|
| **Database Last Updated:** | 06-25-2008 |
| **Update Frequency:** | SEMI-ANNUAL |
| **Current Date:** | 05/08/2009 |
| **Source:** | CALIFORNIA BUREAU OF UNCLAIMED PROPERTY, DIVISION OF COLLECTIONS |

### OWNER INFORMATION

| | |
|---|---|
| **Name:** | HAMILTON DONALD P |
| **Last Known Address:** | EAST LAWN CEMETERY |
| | TUCSON 85751 |

### UNCLAIMED PROPERTY INFORMATION

| | |
|---|---|
| **Asset Holder:** | SERVICE CORPORATION INTERNATIONAL |
| **Asset Number:** | 004852495 |
| **Asset Type:** | DIVIDENDS |
| **Reported Date:** | 09/11/1992 |
| **Asset Value:** | $66.00 |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

UNCLAIMED PROPERTY RECORD

| | |
|---|---|
| **Database Last Updated:** | 06-25-2008 |
| **Update Frequency:** | SEMI-ANNUAL |
| **Current Date:** | 05/08/2009 |
| **Source:** | CALIFORNIA BUREAU OF UNCLAIMED PROPERTY, DIVISION OF COLLECTIONS |

### OWNER INFORMATION

| | |
|---|---|
| **Name:** | JOHNSON PAMELLA G |
| **Last Known Address:** | 2939 LAUREL 102 |
| | SAN DIEGO 92104 |

### UNCLAIMED PROPERTY INFORMATION

| | |
|---|---|
| **Asset Holder:** | SERVICE CORPORATION INTERNATIONAL |
| **Asset Number:** | 004852499 |
| **Asset Type:** | DIVIDENDS |
| **Reported Date:** | 09/11/1992 |
| **Asset Value:** | $204.84 |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

UNCLAIMED PROPERTY RECORD

| | |
|---|---|
| **Database Last Updated:** | 06-25-2008 |
| **Update Frequency:** | SEMI-ANNUAL |
| **Current Date:** | 05/08/2009 |
| **Source:** | CALIFORNIA BUREAU OF UNCLAIMED PROPERTY, DIVISION OF COLLECTIONS |

## OWNER INFORMATION

| | |
|---|---|
| **Name:** | MCARTHUR DAVID W |
| **Last Known Address:** | 1616 S EUCLID SP 8 |
| | ANAHEIM 92802 |

## UNCLAIMED PROPERTY INFORMATION

| | |
|---|---|
| **Asset Holder:** | SERVICE CORPORATION INTERNATIONAL |
| **Asset Number:** | 004852501 |
| **Asset Type:** | DIVIDENDS |
| **Reported Date:** | 09/11/1992 |
| **Asset Value:** | $80.40 |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

UNCLAIMED PROPERTY RECORD

| | |
|---|---|
| **Database Last Updated:** | 06-25-2008 |
| **Update Frequency:** | SEMI-ANNUAL |
| **Current Date:** | 05/08/2009 |
| **Source:** | CALIFORNIA BUREAU OF UNCLAIMED PROPERTY, DIVISION OF COLLECTIONS |

## OWNER INFORMATION

| | |
|---|---|
| **Name:** | MCARTHUR M F |
| **Last Known Address:** | 1616 S EUCLID SP 8 |
| | ANAHEIM 92802 |

## UNCLAIMED PROPERTY INFORMATION

| | |
|---|---|
| **Asset Holder:** | SERVICE CORPORATION INTERNATIONAL |
| **Asset Number:** | 004852501 |
| **Asset Type:** | DIVIDENDS |
| **Reported Date:** | 09/11/1992 |
| **Asset Value:** | $80.40 |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

UNCLAIMED PROPERTY RECORD

| | |
|---|---|
| **Database Last Updated:** | 06-25-2008 |
| **Update Frequency:** | SEMI-ANNUAL |
| **Current Date:** | 05/08/2009 |
| **Source:** | CALIFORNIA BUREAU OF UNCLAIMED PROPERTY, DIVISION OF COLLECTIONS |

### OWNER INFORMATION

| | |
|---|---|
| **Name:** | MCPHILLIPS SUSAN D |
| **Last Known Address:** | 29879 CAMINO DEL SOL |
| | TEMECULA 92390 |

### UNCLAIMED PROPERTY INFORMATION

| | |
|---|---|
| **Asset Holder:** | SERVICE CORPORATION INTERNATIONAL |
| **Asset Number:** | 004852502 |
| **Asset Type:** | DIVIDENDS |
| **Reported Date:** | 09/11/1992 |
| **Asset Value:** | $31.97 |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

UNCLAIMED PROPERTY RECORD

| | |
|---|---|
| **Database Last Updated:** | 06-25-2008 |
| **Update Frequency:** | SEMI-ANNUAL |
| **Current Date:** | 05/08/2009 |
| **Source:** | CALIFORNIA BUREAU OF UNCLAIMED PROPERTY, DIVISION OF COLLECTIONS |

### OWNER INFORMATION

| | |
|---|---|
| **Name:** | MUELLER CHERYL |
| **Last Known Address:** | 848 BERNARD DR |
| | FULLERTON 92635 |

### UNCLAIMED PROPERTY INFORMATION

| | |
|---|---|
| **Asset Holder:** | SERVICE CORPORATION INTERNATIONAL |
| **Asset Number:** | 004852496 |
| **Asset Type:** | DIVIDENDS |
| **Reported Date:** | 09/11/1992 |
| **Asset Value:** | $51.84 |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

UNCLAIMED PROPERTY RECORD

| | |
|---|---|
| **Database Last Updated:** | 06-25-2008 |
| **Update Frequency:** | SEMI-ANNUAL |
| **Current Date:** | 05/08/2009 |
| **Source:** | CALIFORNIA BUREAU OF UNCLAIMED PROPERTY, DIVISION OF COLLECTIONS |

### OWNER INFORMATION

| | |
|---|---|
| **Name:** | NORMAN JOHN |
| **Last Known Address:** | 5705 FRAIR RD UNIT 48 |
| | SAN DIEGO 92108 |

### UNCLAIMED PROPERTY INFORMATION

| | |
|---|---|
| **Asset Holder:** | SERVICE CORPORATION INTERNATIONAL |
| **Asset Number:** | 004852497 |
| **Asset Type:** | DIVIDENDS |
| **Reported Date:** | 09/11/1992 |
| **Asset Value:** | $53.28 |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

UNCLAIMED PROPERTY RECORD

| | |
|---|---|
| **Database Last Updated:** | 06-25-2008 |
| **Update Frequency:** | SEMI-ANNUAL |
| **Current Date:** | 05/08/2009 |
| **Source:** | CALIFORNIA BUREAU OF UNCLAIMED PROPERTY, DIVISION OF COLLECTIONS |

### OWNER INFORMATION

| | |
|---|---|
| **Name:** | PETRINI CORINNE A |
| **Last Known Address:** | 2143 SAN ANTONIO DR |
| | SANTA ROSA 94901 |

### UNCLAIMED PROPERTY INFORMATION

| | |
|---|---|
| **Asset Holder:** | SERVICE CORPORATION INTERNATIONAL |
| **Asset Number:** | 004852498 |
| **Asset Type:** | DIVIDENDS |
| **Reported Date:** | 09/11/1992 |
| **Asset Value:** | $39.96 |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

UNCLAIMED PROPERTY RECORD

| | |
|---|---|
| **Database Last Updated:** | 06-25-2008 |
| **Update Frequency:** | SEMI-ANNUAL |
| **Current Date:** | 05/08/2009 |
| **Source:** | CALIFORNIA BUREAU OF UNCLAIMED PROPERTY, DIVISION OF COLLECTIONS |

### OWNER INFORMATION

| | |
|---|---|
| **Name:** | SCHINDLER ADA H |
| **Last Known Address:** | 15561 QUITO RD |
| | MONTE SERENO 95030 |

### UNCLAIMED PROPERTY INFORMATION

| | |
|---|---|
| **Asset Holder:** | SERVICE CORPORATION INTERNATIONAL |
| **Asset Number:** | 004852505 |
| **Asset Type:** | DIVIDENDS |
| **Reported Date:** | 09/11/1992 |
| **Asset Value:** | $33.12 |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

UNCLAIMED PROPERTY RECORD

| | |
|---|---|
| **Database Last Updated:** | 06-25-2008 |
| **Update Frequency:** | SEMI-ANNUAL |
| **Current Date:** | 05/08/2009 |
| **Source:** | CALIFORNIA BUREAU OF UNCLAIMED PROPERTY, DIVISION OF COLLECTIONS |

### OWNER INFORMATION

| | |
|---|---|
| **Name:** | SCHINDLER RON P |
| **Last Known Address:** | 15561 QUITO RD |
| | MONTE SERENO 95030 |

### UNCLAIMED PROPERTY INFORMATION

| | |
|---|---|
| **Asset Holder:** | SERVICE CORPORATION INTERNATIONAL |
| **Asset Number:** | 004852505 |
| **Asset Type:** | DIVIDENDS |
| **Reported Date:** | 09/11/1992 |
| **Asset Value:** | $33.12 |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

UNCLAIMED PROPERTY RECORD

| | |
|---|---|
| **Database Last Updated:** | 06-25-2008 |
| **Update Frequency:** | SEMI-ANNUAL |
| **Current Date:** | 05/08/2009 |
| **Source:** | CALIFORNIA BUREAU OF UNCLAIMED PROPERTY, DIVISION OF COLLECTIONS |

## OWNER INFORMATION

| | |
|---|---|
| **Name:** | SCOLARI MARGO D |
| **Last Known Address:** | 3080 W ROX RUN WAY |
| | CLAREMONT 92111 |

## UNCLAIMED PROPERTY INFORMATION

| | |
|---|---|
| **Asset Holder:** | SERVICE CORPORATION INTERNATIONAL |
| **Asset Number:** | 004852506 |
| **Asset Type:** | DIVIDENDS |
| **Reported Date:** | 09/11/1992 |
| **Asset Value:** | $47.16 |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

UNCLAIMED PROPERTY RECORD

| | |
|---|---|
| **Database Last Updated:** | 06-25-2008 |
| **Update Frequency:** | SEMI-ANNUAL |
| **Current Date:** | 05/08/2009 |
| **Source:** | CALIFORNIA BUREAU OF UNCLAIMED PROPERTY, DIVISION OF COLLECTIONS |

## OWNER INFORMATION

| | |
|---|---|
| **Name:** | SEBO CHARLES |
| **Last Known Address:** | 1250 S BROOKHURST 1009 |
| | ANAHEIM 92804 |

## UNCLAIMED PROPERTY INFORMATION

| | |
|---|---|
| **Asset Holder:** | SERVICE CORPORATION INTERNATIONAL |
| **Asset Number:** | 004852507 |
| **Asset Type:** | DIVIDENDS |
| **Reported Date:** | 09/11/1992 |
| **Asset Value:** | $49.32 |

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

# EXHIBIT V

United States District Court
For the Northern District of California

1

2

3    UNITED STATES DISTRICT COURT

4    NORTHERN DISTRICT OF CALIFORNIA

5

6

7    CLAYTON GUZMAN,

8         Plaintiff,                           No. C-01-4812 PJH

9    v.                                        **ORDER**

10   SERVICE CORPORATION
     INTERNATIONAL, et al.,
11
          Defendants.
12   _____/

13         Defendant Service Corporation International's motion to dismiss for lack of personal

14   jurisdiction came on for hearing on May 8, 2002, before this court, the Honorable Phyllis J.

15   Hamilton presiding.  Defendant appeared by its counsel Kirk J. Wolden, and plaintiff

16   appeared by his counsel Susan L. Schwegman.  Having read the parties' papers and

17   carefully considered their arguments and the relevant legal authority, the court hereby rules

18   as follows for the reasons stated at the hearing.

19         Because plaintiff has made an adequate prima facie showing of specific jurisdiction

20   over Service Corporation International at this stage in the litigation, defendant's motion is

21   DENIED.  In so ruling, the court declines to reach the parties' arguments regarding general

22   jurisdiction.  This order fully adjudicates the motion listed at No. 20 on the clerk's docket for

23   this case.

24   **IT IS SO ORDERED.**

25   Dated: May 9, 2002

26                                             _____
                                               PHYLLIS J. HAMILTON
27                                             United States District Judge

28   Copies mailed to counsel of record

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

CLAYTON GUZMAN,

       Plaintiff(s),

    v.

SERVICE CORPORATION INTERNATIONAL
    et al.,

       Defendant(s).

_____/

Case Number:   C-02-1348 PJH

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that I am an employee of the Office of the Clerk, U.S. District Court, Northern District of California.

    That on May 9, 2002, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's Office.

**Susan L. Schwegman**
**Michelle R. Worrel**
Worrell & Schwegman
1111 Irwin Street
Suite 2
San Rafael, CA 94901

**Steven H. Gurnee**
**Kirk J. Wolden**
Steven H. Gurnee & Associates
2240 Douglas Boulevard
Suite 150
Roseville, CA 95661-3805

Richard W. Wieking, Clerk

By: _____
          Deputy Clerk

# EXHIBIT W

Designated as Confidential.

Will be filed under seal upon approval of
Stipulation to File Document Under Seal.

# EXHIBIT X

Bio Jane D. Jones - Service Corporation International                    Page 1 of 1


**Service Corporation International**

Stock Quote
SCI

About SCI

Corporate Officers ›

Board Of Directors

Corporate Governance

History

Corporate Citizenship

About SCI › Corporate Officers


**Jane D. Jones**
Vice President, Human Resources

| Exchange | NYSE |
| Price | $ 4.24 |
| Change(%) | ▼0.12(2.83) |
| Volume | 985,071 |

As of 01/22/2009 04:02 p.m.
ET

News
- Service Corporation International Increases Share Repurchase Authorization to $150 Million and Declares Quarterly Cash Dividend

- Service Corporation International Announces Third Quarter 2008 Financial Results and Provides Earnings and Cash Flow Outlook for Fourth Quarter 2008 and Full Year 2009

Jane D. Jones was appointed Vice President, Human Resources, in February 2005. Ms. Jones joined SCI in 2003 as Executive Director, Human Resources, to manage human resources, training and education, and payroll and commission services for the Company's 20,000 employees. Prior to her service at SCI, Ms. Jones served Dynegy Inc. as Vice President, Total Rewards. Dynegy is an electricity and natural gas provider to U.S. markets. Ms. Jones holds a bachelor's degree in accounting with a minor in finance from Southern Methodist University. A Certified Compensation Professional, Ms. Jones is active in several professional organizations such as WorldatWork and the Society for Human Resource Management

Site Map   Privacy Policy   Email Page   Print Page
© 2006 SCI Management.