EXHIBIT H

1   Sanford Jay Rosen, State Bar No. 62566
    Maria V. Morris, State Bar No. 223903
2   Lori E. Rifkin, State Bar No. 244081
    ROSEN, BIEN & GALVAN, LLP
3   315 Montgomery Street, Tenth Floor
    San Francisco, CA 94104
4   Telephone: (415) 433-6830
    Facsimile: (415) 433-7104
5   srosen@rbg-law.com

6   [Additional Counsel Listed on Following Page]

7

8   Attorneys for Plaintiffs

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF ALAMEDA

11  WILLIAM HELM, DEBORAH PRISE,          ) Case No. RG 07359602
    HEATHER P. RADY, [see Complaint and   )
12  Appendices for a listing of plaintiffs] et al., on ) CLASS ACTION
    behalf of themselves and all other employees )
    and former employees similarly situated, )
13                                         ) AMENDED COMPLAINT
14              Plaintiffs,                ) (1)   VIOLATION OF CALIFORNIA
                                           )       LABOR LAWS
15  v.                                     ) (2)   STATE WAGE AND HOUR
                                           )       LAWS
16  ALDERWOODS GROUP, INC., PAUL A.        ) (3)   UNJUST ENRICHMENT/
    HOUSTON,    SERVICE    CORPORATION     )       RESTITUTION
17  INTERNATIONAL, SCI FUNERAL AND         ) (4)   CONVERSION
    CEMETERY          PURCHASING           ) (5)   FRAUD AND DECEIT
18  COOPERATIVE,    INC.,    SCI   EASTERN ) (6)   MISREPRESENTATION
    MARKET SUPPORT CENTER, L.P., SCI       ) (7)   BREACH OF CONTRACT
19  WESTERN MARKET SUPPORT CENTER,         ) (8)   BREACH OF IMPLIED
    L.P.  a/k/a  SCI   WESTERN  MARKET     )       COVENANT OF GOOD FAITH
20  SUPPORT    CENTER,   INC.,   and  SCI  )       AND FAIR DEALING
    HOUSTON MARKET SUPPORT CENTER,         ) (9)   QUANTUM MERUIT
21  L.P.,                                  ) (10)  UNLAWFUL BUSINESS
                                           )       PRACTICES
22              Defendants.                )
                                           )
23  —————————————————————————————————————— ) DEMAND FOR JURY TRIAL

24

25

26

27

28

1  Additional Attorneys for Plaintiffs, who will
   submit applications for admission *pro hac vice*:
2
   J. Nelson Thomas, NY Attorney No. 2579159
3  Patrick J. Solomon, NY Attorney No. 2716660
   Michael J. Lingle, NY Attorney No. 3925765
4  Justin Cordello, NY Attorney No. 4131447
   Annette Gifford, NY Attorney No. 4105870
5  DOLIN, THOMAS & SOLOMON LLP
   693 East Avenue
6  Rochester, NY 14607
   Telephone: (585) 272-0540
7  Facsimile:  (585) 272-0574
   nthomas@theemploymentattorneys.com
8
   Charles H. Saul, PA State Bar No. 19938
9  Liberty J. Weyandt, PA State Bar No. 87654
   Kyle T. McGee, PA State Bar No. 205661
10 MARGOLIS EDELSTEIN
   525 William Penn Place
11 Suite 3300
   Pittsburgh, PA 15219
12 Telephone: (412) 281-4256
   Facsimile: (412) 642-2380
13 csaul@margolisedelstein.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  |  <center>CLASS ACTION COMPLAINT</center>

2  |  AND NOW come plaintiffs, on behalf of themselves and all others similarly situated,

3  |  by and through their attorneys, Rosen, Bien & Galvan, LLP, Dolin, Thomas & Solomon LLP

4  |  and Margolis Edelstein, and file the following Class Action Complaint:

5  |  I.    INTRODUCTION AND PROCEDURAL HISTORY

6  |      1.    This is a proceeding for declaratory and injunctive relief and monetary damages

7  |  to redress the deprivation of rights secured to plaintiffs individually, as well as all other

8  |  employees similarly situated, under the laws of California and other laws of the various States

9  |  in which defendants do business.

10 |      2.    On December 12, 2006, Alderwoods Group, Inc. ("Alderwoods") and Service

11 |  Corporation International ("SCI"), both named defendants in this action, were named in a

12 |  complaint filed in the Western District of Pennsylvania.

13 |      3.    Prior to the filing of the Pennsylvania complaint, SCI had acquired Alderwoods

14 |  and Alderwoods had become SCI's wholly-owned subsidiary.  After the merger, SCI continued

15 |  to operate the vast majority of both its own funeral homes and those of Alderwoods.

16 |      4.    The Pennsylvania complaint was filed as a class and collective action alleging,

17 |  *inter alia*, that employees who worked at defendants' funeral home locations were not properly

18 |  paid for all the time they worked for defendants.  It asserted violations of both the Fair Labor

19 |  Standards Act ("FLSA") and state wage and hour laws.

20 |      5.    The employees (whether they worked only at an Alderwoods location that

21 |  became an SCI location, or at any other SCI location) shared a number of factual similarities:

22 |  they suffered similar pay violations; SCI and/or its agents were their joint employers; SCI was

23 |  liable for the violations of the entities it had acquired.

24 |      6.    Because of the overlapping legal liability of defendants, as well as the

25 |  overlapping factual issues in the matter, plaintiffs believed it was legally appropriate and in the

26 |  interests of judicial efficiency for defendants to be named in a common action.

27 |      7.    The Court in the Western District of Pennsylvania conditionally certified an

28 |  FLSA class of employees and directed that notice be sent to those individuals who worked at

<center>-1-</center>
<center>AMENDED COMPLAINT-CLASS ACTION</center>
<center>*Helm et al v. Alderwoods et al* - Case No. RG 07359602</center>

1   an Alderwoods location.

2       8.    In response to that notice, hundreds of current and former employees opted-in to

3   the Pennsylvania action.

4       9.    On or about June 8, 2007, the Court in the Western District of Pennsylvania

5   declined to exercise supplemental jurisdiction over any of the state law claims alleged in that

6   action. Therefore, on or about July 9, 2007, the employees of SCI and Alderwoods reasserted

7   their state law claims in a Class Action Complaint filed in the Superior Court of the State of

8   California for the County of Alameda, Case No. RG 07334643 (the "Combined State Law

9   Action").

10      10.    Subsequently, the Court in the Western District of Pennsylvania determined it

11   would only hear claims on behalf of employees who worked only for Alderwoods, and that

12   claims of employees who had worked only at other SCI locations should be heard in a separate

13   action.

14      11.    Therefore, based on defendants' position that resulted in that ruling, the

15   Combined State Law Action was voluntarily dismissed so that the state law claims of the

16   employees who worked at locations managed by Alderwoods could be heard separately from

17   those who worked at other SCI locations.

18      12.    In the instant action, employees who worked at funeral locations managed by

19   Alderwoods assert violations of various state laws based upon defendants' failure to pay

20   employees their regular or statutorily required rate of pay for all hours worked.

21      13.    The plaintiffs in this lawsuit include employees who worked at all Alderwoods

22   funeral locations prior to the time that SCI or its affiliates assumed activities related to

23   plaintiffs' employment. SCI and its affiliates are named in this action on the basis of their

24   liability as successors-in-interest to Alderwoods.

25      14.    To the extent that plaintiffs suffered the violations alleged in this action *after* SCI

26   or its affiliates began assuming activities related to plaintiffs' employment, those claims have

27   been separately asserted in the action *Bryant, et al. v. Service Corporation International, et. al*,

28   Case No. RG07359593.

## II.   JURISDICTION AND VENUE

15.   This Court has jurisdiction over defendants because defendants conduct business in this State.

16.   Venue is proper in this judicial district, pursuant to Code of Civil Procedure § 395.5 and Corporations Code § 2105.

17.   Upon information and belief, defendant Alderwoods Group, Inc. ("Alderwoods") is a foreign corporation which has not obtained a certificate of qualification to do business in California.

18.   Upon information and belief, defendant Service Corporation International ("SCI") is a foreign corporation which has not obtained a certificate of qualification to do business in California.

19.   Upon information and belief, defendant SCI Funeral and Cemetery Purchasing Cooperative, Inc. is a foreign corporation which has not obtained a certificate of qualification to do business in California.

20.   Venue is also proper in this judicial district because defendants maintain and operate one or more business locations, transact business, and/or have agents in Alameda County, as well as in other counties in the State of California, and are otherwise within this Court's jurisdiction for purposes of service of process.  Obligations and/or liabilities of the defendants arose in this County because defendants have contracted to employ or have employed plaintiffs in Alameda County, as well as in other counties in the State of California. Some of the claims in this matter arose from contracts for employment which were to be performed, at least in part, in Alameda County, as well as in other counties in the State of California.  Some of the unlawful acts alleged herein occurred in Alameda County, as well as in other counties in the State of California, and have a direct effect on plaintiffs within Alameda County and within the State of California.

## III.   PARTIES

### A. Plaintiffs

21.    The class members ("Class Members") are those employees and former employees of defendants who were suffered or permitted to work by defendants and not paid their regular or statutorily required rate of pay for all hours worked. As more fully set forth in the foregoing paragraphs, which Class Members incorporate by reference as if fully set forth herein, Class Members' claims are connected to Alameda County as some of those claims arose from contracts to be performed in Alameda County, some of the unlawful acts alleged herein occurred in Alameda County, and some of those acts have a direct effect on Class Members within Alameda County.

### B. Defendants

22.    Defendants Alderwoods, SCI, SCI Funeral and Cemetery Purchasing Cooperative, Inc. (the "SCI Cooperative"), SCI Western Market Support Center, L.P. a/k/a SCI Western Market Support Center, Inc. ("SCI Western"), SCI Eastern Market Support Center, L.P. ("SCI Eastern"), and SCI Houston Market Support Center, L.P. ("SCI Houston"), are enterprises engaged in interstate commerce with an annual gross volume of sales not less than $500,000.

23.    The SCI Cooperative, SCI Western, SCI Eastern and SCI Houston are all entities which are owned, directly or indirectly, by SCI. Together with SCI, those entities are referred to collectively as the "SCI Defendants."

24.    At all relevant times, Alderwoods was plaintiffs' employer and is thus liable to plaintiffs as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

*Paul A. Houston is Liable to Class Members*

25.    Defendant Paul A. Houston has acted as Chief Executive Officer and Director of Alderwoods since in or around 2002.

26.    Upon information and belief, in concert with others, Mr. Houston has the authority to, and does, make decisions that concern the policies defendants adopt and the

-4-

1    implementation of those policies.

2        27.    Upon information and belief, in concert with others, Mr. Houston has the
3    authority to, and does, make decisions that concern defendants' operations, including functions
4    related to employment, human resources, training, payroll, and benefits.

5        28.    Upon information and belief, due in part to his role as Chief Executive Officer
6    and Director, Mr. Houston is actively involved in the creation of the illegal policies
7    complained of in this case, including, but not limited to, the On Call Pay Policy, Community
8    Work Policy, Training Compensation Policy, Pre-Needs Appointment Policy, Meal Break
9    Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and
10   the policy regarding the calculation of Class Members' overtime.

11       29.    Upon information and belief, due in part to his role as Chief Executive Officer
12   and Director, Mr. Houston actively advises defendants' agents on the enforcement of the
13   illegal policies complained of in this case, including, but not limited to, the On Call Pay Policy,
14   Community Work Policy, Training Compensation Policy, Pre-Needs Appointment Policy,
15   Meal Break Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time
16   Policy, and the policy regarding the calculation of Class Members' overtime.

17       30.    Upon information and belief, due in part to his role as President and Chief
18   Executive Officer, Mr. Houston actively ensures defendants' compliance or non-compliance
19   with the state and common laws asserted in this action.

20       31.    Upon information and belief, in concert with others, Mr. Houston has the
21   authority to, and does, make decisions that concern the reviewing and counseling of defendants
22   regarding employment decisions, including hiring and firing of Class Members.

23       32.    Upon information and belief, in concert with others, Mr. Houston has the
24   authority to, and does, make decisions that concern employees' schedules, hours and standard
25   benefit levels.

26       33.    Upon information and belief, in concert with others, Mr. Houston has the
27   authority to, and does, make decisions that concern standard pay scales.

28       34.    Upon information and belief, in concert with others, Mr. Houston has the

1    authority to, and does, make decisions that concern defendants' human resources policies, the

2    resolution issues and disputes regarding policies and their applications, the counsel locations

3    receive regarding human resources issues, and communications with employees about human

4    resources issues and policies.

5        35.    Upon information and belief, in concert with others, Mr. Houston has the

6    authority to, and does, make decisions that concern defendants' employment and human

7    resources records, including the systems for keeping and maintaining those records.

8        36.    Upon information and belief, in concert with others, Mr. Houston has the

9    authority to, and does, make decisions that concern training and education functions across

10    SCI's network.

11        37.    Upon information and belief, in concert with others, Mr. Houston has the

12    authority to, and does, make decisions that concern the type and scope of training employees

13    must attend as well as any compensation they receive for attending training.

14        38.    Upon information and belief, in concert with others, Mr. Houston has the

15    authority to, and does, make decisions that concern payroll and commission functions across

16    SCI's network.

17        39.    Upon information and belief, in concert with others, Mr. Houston has the

18    authority to, and does, make decisions that concern the system for keeping and maintaining

19    employees' payroll records, the timing and method with which payment is conveyed to

20    employees, and the manner and method in which employees receive payroll information

21    including their payroll checks.

22        40.    Upon information and belief, in concert with others, Mr. Houston has the

23    authority to, and does, make decisions that concern benefit plans across SCI's network.

24        41.    Upon information and belief, in concert with others, Mr. Houston has the

25    authority to, and does, make decisions that concern the type and scope of benefits available to

26    employees, the method and manner in which information regarding those plans is conveyed to

27    employees, and the system for keeping and maintaining records related to employees' benefits.

28        42.    Because Mr. Houston has authority to hire or fire employees, provide and direct

1  support regarding human resources issues, including the hiring and firing of Class Members,
2  and control the drafting and enforcement of the policies which govern the hiring and firing of
3  employees, Mr. Houston has the power to hire and fire employees.

4      43.    Because Mr. Houston has authority to establish work schedules and/or conditions
5  of employment, provide and direct support regarding human resources issues, including work
6  schedules and/or conditions of employment, control the drafting and enforcement of the
7  policies which govern employees' schedules and/or conditions of employment, establish the
8  type and scope of training employees receive, and administer employees' benefit programs,
9  including standard benefit levels and the type and scope of benefits available to employees,
10  Mr. Houston supervises and controls employees' work schedules and/or conditions of
11  employment.

12      44.    Because Mr. Houston has authority to establish employees' rate and method of
13  payment and centrally control payroll functions, including standard pay scales, the provision of
14  payroll information, and the timing of payment, Mr. Houston determines the rate and method
15  of employees' payment.

16      45.    Because Mr. Houston has authority with respect to defendants' centralized
17  records, including a database regarding employees' employment records, and systems for
18  keeping and maintaining payroll, benefits, and other employment-related records, Mr. Houston
19  maintains employees' employment records.

20      46.    Because Mr. Houston provides day-to-day support regarding human resources
21  issues, including employees' work schedules and/or conditions of employment, controls the
22  drafting and enforcement of the policies which govern employees' schedules and/or conditions
23  of employment, and administers employees' benefit programs, he is affirmatively, directly, and
24  actively involved in operations of the defendants' business functions, particularly in regards to
25  the employment of Class Members.

26      47.    Because Mr. Houston is actively involved in the creation of the illegal policies
27  complained of in this case, actively advises defendants' agents on the enforcement of the
28  illegal policies complained of in this case and actively ensures defendants' compliance or non-

1  compliance with the state and common laws asserted in this action, he actively participates in
2  the violations complained of in this action.

3       48.     Based upon the foregoing, Mr. Houston is liable to Class Members because of
4  his active role in operating the business, his status as an employer, or according to state
5  statutory and common law.

6  *The SCI Defendants Are Liable to Class Members as Successors-in-Interest*

7       49.     In or about November, 2006, SCI acquired Alderwoods and Alderwoods became
8  SCI's wholly-owned subsidiary. After the merger, the SCI Defendants continued to operate
9  the vast majority of both their own funeral homes and those of Alderwoods.

10      50.     Upon information and belief, Coronado Acquisition Group ("Coronado"), at
11  relevant times hereto, was a wholly owned subsidiary of SCI, which was formed by SCI for the
12  sole purpose of merging with Alderwoods. At relevant times hereto, SCI and Coronado had
13  the same offices, telephone numbers, and corporate officers.

14      51.     Upon information and belief, Alderwoods, through its shareholders, has adopted
15  a merger agreement by and between Alderwoods, Coronado and/or one or more of the SCI
16  Defendants.

17      52.     Upon information and belief, SCI, through its shareholders, has adopted a merger
18  agreement between Alderwoods, Coronado and/or one or more of the SCI Defendants.

19      53.     Upon information and belief, as of approximately November 2006, Alderwoods
20  and/or Coronado ("Merged Entities") became a wholly owned subsidiary of SCI.

21      54.     Upon information and belief, the Merged Entities, under the merger agreement,
22  continue business operations in substantially the same form as before the merger.

23      55.     Upon information and belief, the Merged Entities, under the merger agreement,
24  continue to use substantially the same workforce as before the merger, with substantially the
25  same supervisors and same working conditions as Alderwoods.

26      56.     Upon information and belief, the Merged Entities, under the merger agreement,
27  provide essentially the same services as before the merger and use the same facilities,
28  equipment and method of providing services as Alderwoods.

57.   Upon information and belief, the SCI Defendants are successors-in-interest to Alderwoods' liability.  As a successors-in-interest, the SCI Defendants are jointly and severally liable for all of the unlawful conduct of Alderwoods alleged herein.

IV.   CLASS ACTION ALLEGATIONS

58.   The claims arising under the state wage laws set forth below are properly maintainable as a class action under Cal. Civ. Proc. § 382.

59.   Class Members are those employees and former employees of defendants who were suffered or permitted to work by defendants and not paid their regular or statutorily required rate of pay for all hours worked.

60.   The class size is believed to be several thousands of employees, a significant percentage of whom are within California.

61.   Common questions of law and fact predominate in this action because the claims of all Class Members are based on whether defendants' practice of not paying nonexempt employees their regular or statutorily required rate of pay for all hours worked violates California state law and the state laws of the various other states in which defendants do business.

62.   Common questions of law and fact include, but are not limited to, the following:

a.   Whether Class Members are entitled to payment for all of the time they worked for defendants.

b.   Whether Class Members are entitled to payment at overtime rates for all of the time they worked for defendants in excess of 40 hours per week and/or in excess of 8 hours per day.

c.   Whether defendants' employment policies violated defendants' legal obligation to pay Class Members for all of the time they worked for defendants.

d.   Whether defendants' employment policies violated defendants' legal obligation to pay Class Members at overtime rates for all of the time they worked for defendants in excess of 40 hours per week and/or in excess of 8 hours per day.

63.    The named plaintiffs' claims are typical of, and concurrent to, the claims of Class Members, because they are similarly situated. The named plaintiffs and all Class Members were subjected to defendants' policies and practices of failing to compensate employees for overtime work.

64.    The named plaintiffs will fairly and adequately represent and protect the interests of Class Members. The class counsel, Rosen, Bien & Galvan, LLP, Dolin, Thomas & Solomon LLP and Margolis Edelstein, are qualified and able to litigate Class Members' claims. The class counsel are experienced in employment litigation, and their attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

65.    There are no known conflicts of interest between and among Class Members.

66.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged and is entitled to recovery by reason of defendants' illegal policy and/or practice of permitting, suffering, and/or failing to pay employees their regular or statutorily required rate of pay for all hours worked. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## V.    FACTUAL BACKGROUND

67.    Class Members are those employees and former employees of defendants who were suffered or permitted to work by defendants and not paid their regular or statutorily required rate of pay for all hours worked.

68.    Defendants' policy and/or practice was to not compensate Class Members their regular or statutorily required rate of pay for work defendants suffered or permitted Class Members to perform.

69. Defendants knew Class Members were supposed to receive such wages, however, defendants willfully failed to pay for all hours when Class Members worked.

70. Defendants' practice is to be deliberately indifferent to violations of the statutory overtime requirements.

71. The failure to pay overtime is willful.

72. Examples of defendants' policies and practices to deprive Class Members of their earned wages and wage premiums are set forth below:

   a. Defendants implemented a "Community Work Policy." Under the policy, defendants suffered or permitted their employees to perform "Community Work" so as to increase revenues for defendants. Defendants did not compensate the employees for such time spent in Community Work in furtherance of the employer's business under the "Community Work Policy."

   b. Defendants implemented an "On Call Pay Policy." Under the policy, employees were suffered or permitted to perform work by handling calls and other work related issues after normal business hours, but defendants would not compensate employees for all work performed.

   c. Defendants' implemented a "Training Compensation Policy." Under the policy, defendants suffered or permitted their employees to take various types of training. Defendants did not pay for such training, despite suffering or permitting employees to perform such work.

   d. Defendants implemented a "Pre-Needs Appointment Policy." Defendants suffered or permitted employees to meet with clients to discuss pre-need purchases. To the degree that such appointments were not considered part of the employees' schedule, the employees were suffered or permitted to continue the appointments, but were not paid for such time worked under the "Pre-Needs Appointment Policy." Defendants' management would sometimes attempt to justify this policy on the grounds that the employee would likely receive a commission if the client purchased a pre-needs product.

   e. Defendants implemented a "Meal Break Deduction Policy." Under the policy, defendants did not pay for meal breaks. Defendants did, however, suffer and permit employees to perform work during such meal breaks, but pursuant to defendants' "Meal Break Deduction Policy," time spent on meal "breaks" was still deducted from the employee's pay even when defendants suffered or permitted work to be performed during such "breaks."

   f. Defendants implemented a "Pre-Approval for Overtime Pay Policy." Under

-11-

this policy, defendants only permitted payments for overtime if the overtime was pre-approved. Defendants suffered or permitted employees to work overtime and therefore, employees were entitled to overtime payments. However, defendants refused to make the legally required payments because the time was not "pre-approved" as required under the "Pre-Approval for Overtime Pay Policy."

g. Defendants implemented an "Unrecorded Work Time Policy." Under this policy, defendants suffered or permitted employees to perform work, but directed that such work not be recorded. Defendants then refused to pay for the time worked under the "Unrecorded Work Time Policy" because, even though defendants knew such time had been worked, it had not been "recorded."

h. Defendants' policy was to not include all remuneration (such as bonuses and commissions) in the calculation of Class Members' overtime.

73.     Defendants also failed to make, keep and preserve adequate and accurate records of the employment of Class Members concerning their wages, hours and other conditions of employment.

74.     More specifically, the records kept by defendants failed to adequately and accurately disclose among other things, hours worked each work day, the total hours worked each work week and/or the total overtime compensation for each work week.

75.     Defendants failed to pay full compensation to Class Members who are no longer employed by defendants promptly after those Class Members were discharged, laid off or resigned. In fact, defendants' failure to fully compensate those Class Members is continuing.

## FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR LAWS (by all plaintiffs against all defendants)

76.     The preceding paragraphs are incorporated as if fully set forth herein.

### Failure to Pay Overtime Compensation

77.     Defendants willfully violated their obligations under California law, including those under California Labor Code §1194, *et seq.*, by failing to pay Class Members the legal overtime compensation applicable to Class Members.

78. As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

## Failure to Immediately Pay Wages Upon Discharge/Layoff/Resignation

79. Defendants willfully violated their obligations under California law, including those under California Labor Code § 201, *et seq.*, by willfully failing to pay Class Members who have been discharged or laid off all wages earned and unpaid at the time of discharge or layoff.

80. Defendants willfully violated their obligations under California law, including those under California Labor Code § 202, *et seq.*, by willfully failing to pay Class Members who have resigned all wages earned and unpaid at the time of resignation, or within 72 hours thereafter.

81. Defendants did not pay Class Members who were discharged, were laid off or resigned their regular or statutorily required rate of pay for all hours worked, as required by California law. Defendants' failure to pay those amounts is ongoing.

82. As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

83. Defendants are liable to Class Members for statutory penalties, pursuant to California Labor Code § 203, in the amounts set forth therein.

## Failure to Provide Required Meal and Rest Periods

84. Defendants willfully violated their obligations under California law, including those under California Labor Code §§ 226.7 and 512, *et seq.*, by willfully failing to provide Class Members with legally required meal and rest periods.

85. Defendants repeatedly and regularly interrupted Class Members' meal and rest periods and/or required Class Members to forego their meal and rest periods.

86. Defendants failed to compensate Class Members for missed meal and rest breaks.

87. As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

**Failure to Furnish Timely and Accurate Wage Statements**

88.    Defendants willfully violated their obligations under California law, including those under California Labor Code §§ 226(a) and 226.3, *et seq.*, by willfully failing to provide Class Members with timely and accurate wage statements as required by California law.

89.    As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

90.    Wherefore, Class Members request relief as described below.

<u>SECOND CAUSE OF ACTION</u>

**STATE WAGE AND HOUR LAWS (by all plaintiffs against all defendants)**

91.    The preceding paragraphs are incorporated as if fully set forth herein.

92.    Defendants willfully violated their obligations to properly compensate Class Members under the wage laws of the states in which defendants do business including:

    a.   Alaska Stat. § 23.10.050, *et seq.*;

    b.   Arizona Rev. Stat. § 23-201, *et seq.*;

    c.   Arkansas Code § 11-4-201, *et seq.*;

    d.   Colorado Rev. Stat. § 8-6-101, *et seq.*; Colorado Code Regs. § 1103-1, *et seq.*;

    e.   Connecticut Gen. Stat. § 31-58, *et seq.*;

    f.   820 Illinois Comp. Stat. 105/1, *et seq.*; 820 Illinois Comp. Stat. 105/12(a); 820 Illinois Comp. Stat. 115/1, *et seq.*;

    g.   Indiana Code § 22-2-2-1, *et seq.*; Indiana Code § 22-2-2-4, *et seq.*; Indiana Code § 22-2-5-1, *et seq.*; Indiana Code § 22-2-9-2, *et seq.*;

    h.   Kansas Stat. § 44-1201, *et seq.*;

    i.   Louisiana Rev. Stat. § 23:631, *et seq.*;

    j.   Maryland Code, Lab. & Empl. § 3-401, *et seq.*;

    k.   Massachusetts Gen. Laws Ch. 151, § 1, *et seq.*; Massachusetts Gen. Laws Ch. 149, § 148, *et seq.*; Massachusetts Gen. Laws Ch. 149, § 100, *et seq.*;

    l.   Michigan Comp. Laws § 408.381, *et seq.*;

m. Minnesota Stat. § 177.21, *et seq.*; Minnesota Stat. § 181.13, *et seq.*;

n. Montana Code § 39-3-401, *et seq.*;

o. Nevada Rev. Stat. § 608.005, *et seq.*;

p. New Hampshire Rev. Stat. § 279:1 *et seq.*;

q. New Mexico Stat. § 50-4-1, *et seq.*;

r. New York Lab. Law § 160, *et seq.*;

s. North Carolina Gen. Stat. § 95-25.1, *et seq.*;

t. Ohio Rev. Code § 4111.01, *et seq.*;

u. Oregon Rev. Stat. § 653.005, *et seq.*;

v. 43 Pennsylvania Stat. § 333.101, *et seq.*; 43 Pennsylvania Stat. § 206.3, *et seq.*;

w. 29 Laws of Puerto Rico §250, *et seq.*;

x. Rhode Island Gen. Laws § 28-12-1, *et seq.*;

y. South Carolina Code § 41-10-10, *et seq.*;

z. Washington Rev. Code § 49.46.005, *et seq.*;

aa. West Virginia Code § 21-5C-1, *et seq.*;

93.   As a direct and proximate cause of defendants' violations of these statutes, Class Members have suffered damages.

94.   Wherefore, Class Members request relief as described below.

## THIRD CAUSE OF ACTION

## UNJUST ENRICHMENT/RESTITUTION (by all plaintiffs against all defendants)

95.   The preceding paragraphs are incorporated as if fully set forth herein.

96.   Defendants have received financial gain at the expense of Class Members.

97.   Defendants have received that financial gain under such circumstances that, in equity and good conscience, defendants ought not to be allowed to profit at the expense of Class Members.

98.     Defendants' willful failure to pay overtime wages for work performed for defendants has unjustly enriched defendants to the detriment of Class Members. As a result of this conduct, the common laws and state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia, imply a contract obligating defendants to make restitution to Class Members, in the amount by which, in equity and good conscience, defendants have been unjustly enriched.

99.     As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

100.    Wherefore, Class Members request relief as described below.

## FOURTH CAUSE OF ACTION

### CONVERSION (by all plaintiffs against all defendants)

101.    The preceding paragraphs are incorporated as if fully set forth herein.

102.    At all relevant times, defendants had and continued to have a legal obligation to pay Class Members all earnings and overtime due. The wages belong to Class Members as of the time the labor and services were provided to defendants and, accordingly, the wages for services performed are the property of the Class Members.

103.    In refusing to pay wages and overtime to Class Members, defendants knowingly, unlawfully and intentionally took, appropriated and converted the wages and overtime earned by Class Members for defendants' own use, purpose and benefit. At the time the conversion took place, Class Members were entitled to immediate possession of the amount of wages and overtime earned. As a result, Class Members have been denied the use and enjoyment of their property and have been otherwise damaged in an amount to be proven at trial. This conversion was willful, oppressive, malicious, and fraudulent and/or done with conscious disregard of the rights of the Class Members. This conversion was concealed from Class Members.

-16-
AMENDED COMPLAINT-CLASS ACTION
*Helm et al v. Alderwoods et al - Case No. RG 07359602*

104.     Defendants willfully violated their obligations under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia and are liable to Class Members.

105.     As a result of defendants' actions, Class Members were damaged and are entitled to all funds converted by defendants with interest thereon, all profits resulting from such conversion, and punitive or exemplary damages.

106.     Wherefore, Class Members request relief as described below.

## FIFTH CAUSE OF ACTION

### FRAUD AND DECEIT (by all plaintiffs against all defendants)

107.     The preceding paragraphs are incorporated as if fully set forth herein.

108.     Defendants, through their corporate publications and through statements of their agents, represented that wages would be paid legally and in accordance with defendants' obligations pursuant to applicable federal and state laws.  Some examples include defendants' false statements in their policy manuals that "[a]ll non-exempt employees will be compensated for all hours worked" and that defendants "will comply with all applicable federal, state and local laws.  If any of the provisions of this policy conflict with any federal, state or local laws or regulations, then the laws or regulations will supersede the Company's policy in those specific locations."

109.     Defendants, however, at all times intended to violate applicable federal and state laws by failing to pay Class Members their regular or statutorily required rate of pay for all hours worked.

110.     These misrepresentations were material to the terms of Class Members' employment contracts, and Class Members relied on the misrepresentations in agreeing to accept and continue employment with defendants.  This reliance was reasonable, as Class

1  Members had every right to believe that defendants would abide by their obligations pursuant
2  to applicable federal and state law.

3      111.   Defendants willfully violated their obligations by committing fraud against Class
4  Members under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas,
5  California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas,
6  Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska,
7  Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon,
8  Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia,
9  Washington, and West Virginia and are liable to Class Members.

10     112.   As a direct and proximate cause of the fraud committed by defendants, Class
11  Members did not receive the statutorily mandated wages for overtime and suffered damages.

12     113.   Defendants acted maliciously when they committed the wrongful acts which
13  constitute this cause of action such that it warrants the imposition of punitive and exemplary
14  damages.

15     114.   Wherefore, Class Members request relief as described below.

16                        **SIXTH CAUSE OF ACTION**

17       **MISREPRESENTATION (by all plaintiffs against all defendants)**

18     115.   The preceding paragraphs are incorporated as if fully set forth herein.

19     116.   In particular, Class Members incorporate and refer to paragraphs 107 through
20  109 above, regarding the material misrepresentations made by defendants.

21     117.   When defendants hired Class Members, they represented to Class Members that
22  they would be fully compensated for all services performed, as more fully set forth above.

23     118.   There was no reasonable basis for defendants to believe these representations
24  because defendants had a continuing practice and policy of failing to pay their employees their
25  regular or statutorily required rate of pay for all hours worked.

26     119.   Class Members relied upon defendants' representations by performing work and
27  services for defendants. This reliance was reasonable, as Class Members had every right to

28

1  believe that defendants would abide by their obligations pursuant to applicable federal and

2  state law.

3      120.   Defendants willfully violated their obligations under the common laws and the

4  state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida,

5  Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts,

6  Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New

7  Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico,

8  Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia by

9  misrepresenting to Class Members that they would be fully compensated for all services

10  performed and are liable to Class Members.

11      121.   As a result of their reliance upon defendants' misrepresentations, Class Members

12  suffered damages because they were not appropriately compensated with the regular or

13  statutorily required rate of pay for all hours worked.

14      122.   As a direct and proximate result of defendants' negligent misrepresentation,

15  Class Members suffered damages.

16      123.   Wherefore, Class Members request relief as described below.

17              **SEVENTH CAUSE OF ACTION**

18      **BREACH OF CONTRACT (by all plaintiffs against all defendants)**

19      124.   The preceding paragraphs are incorporated as if fully set forth herein.

20      125.   By entering into an employment relationship, defendants and each Class Member

21  entered into a contract for employment.

22      126.   Each such contract included an implied or express term that defendants agreed to

23  fulfill all of their obligations pursuant to applicable state and federal law.

24      127.   Defendants willfully breached the implied contract term by failing to pay Class

25  Members for all of the time Class Members worked and by failing to pay Class Members their

26  regular or statutorily required rate of pay for all hours worked.

27      128.   Defendants willfully violated their obligations under the common laws and the

28  state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida,

Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts,
Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New
Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico,
Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia and
are liable to Class Members.

129.    As a direct and proximate cause of defendants' breach of their contracts with
Class Members, Class Members have suffered damages.

130.    Wherefore, Class Members request relief as described below.

## EIGHTH CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (by all plaintiffs against all defendants)

131.    The preceding paragraphs are incorporated as if fully set forth herein.

132.    The unwritten contract for at-will employment between Class Members and
defendants contained an implied covenant of good faith and fair dealing, which obligated
defendants to perform the terms and conditions of the employment contract fairly and in good
faith and to refrain from doing any act that would violate any state or federal law governing the
employment relationship or any act that would deprive Class Members of the benefits of the
contract.

133.    Defendants breached the implied covenant of good faith and fair dealing by
failing to pay Class Members the wages and overtime that was due to Class Members.

134.    Defendants willfully violated their obligations under the common laws and the
state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida,
Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts,
Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New
Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico,
Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia and
are liable to Class Members.

135.   As a direct and proximate cause of defendants' breach of the implied covenant of good faith and fair dealing, Class Members have suffered damages.

136.   Wherefore, Class Members request relief as described below.

## NINTH CAUSE OF ACTION

### QUANTUM MERUIT (by all plaintiffs against all defendants)

137.   The preceding paragraphs are incorporated as if fully set forth herein.

138.   Defendants willfully violated their obligations by failing to pay Class Members for the reasonable value of the services performed by Class Members for defendants under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia are liable to Class Members under quantum meruit.

139.   As a direct and proximate cause of defendants' failure to pay Class Members for the reasonable value of services performed by Class Members for defendants, Class Members suffered damages.

140.   Wherefore, Class Members request relief as described below.

## TENTH CAUSE OF ACTION

### UNLAWFUL BUSINESS PRACTICES (by all plaintiffs against all defendants)

141.   The preceding paragraphs are incorporated as if fully set forth herein.

142.   Defendants' failure to pay Class Members for all time worked constitutes unfair competition and unlawful, unfair, and fraudulent business acts and practices in violation of California Business and Professional Code § 17200, et seq.

143.   The conduct of defendants in failing to pay Class Members for all time worked constitutes and was intended to constitute unfair competition and unlawful unfair and fraudulent business acts and practices within the meaning of California Business and Professional Code § 17200, et seq.

-21-
AMENDED COMPLAINT-CLASS ACTION
*Helm et al v. Alderwoods et al - Case No. RG 07359602*

144.   As a result of defendants' violations of California Business and Professional Code § 17200, *et seq.*, defendants have unjustly enriched themselves at the expense of Class Members.

145.   To prevent their unjust enrichment, defendants should be required, pursuant to California Business and Professional Code §§ 17203 and 17204, to disgorge their illegal gains for purpose of making full restitution to all injured Class Members. Defendants should also be permanently enjoined from continuing their violations of California Business and Professional Code § 17200, *et seq.*

146.   Defendants willfully violated their obligations under the California Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.) and are liable to Class Members.

147.   Wherefore, Class Members request relief as described below.

## PRAYER FOR RELIEF

**WHEREFORE**, Class Members demand judgment against defendants in their favor and that they be given the following relief:

(a)   an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(b)   an award of the value of Class Members' unpaid wages;

(c)   liquidated, compensatory, consequential and punitive damages;

(d)   an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating Class Members' rights;

(e)   an award of pre- and post-judgment interest; and

(f)   such other and further legal or equitable relief as this Court deems to be just and appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

## JURY DEMAND

Class Members demand a jury to hear and decide all issues of fact.

Respectfully Submitted,

ROSEN, BIEN & GALVAN, LLP

Date: January 25, 2008     By: _____

Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

DOLIN, THOMAS & SOLOMON LLP
J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Michael J. Lingle, NY Attorney No. 3925765
Justin Cordello, NY Attorney No. 4131447
Annette Gifford, NY Attorney No. 4105870
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256
Attorneys for Plaintiffs

## APPENDIX A

Due to local rules requiring that the caption fit onto a single page, not all plaintiffs have been listed in the caption.

ROBERT CHERNETSKY, ROBERT JONES, HENRY KLEIN, STACEY WEINSTEIN, JEFFREY SACHS, JOHNNY COLEMAN, JOHN KEATH, CHAD WICKHAM, JAMES CROUCH, JOHNNY JOHNSON, RICKIE HAMILTON, SANDY THOMAS, ROGER HUGO, ROBERT SHAW, BETTY KNIGHT, STEPHANIE RIGGS, LARRY HAMMOCK, STEVEN TILLER, STROTHER FULCHER, MARY HOLDEN

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## APPENDIX B

**Due to local rules requiring that the caption fit onto a single page, not all plaintiffs have been listed in the caption.**

Consent forms are attached in this Appendix for the following individuals: ROBERT A. ACEVEZ, FREDERICK R. ALDRICH, MERLIN ALEXANDER, ELIAS ALVIDREZ, STEVEN A. ARNOLD, JAMES A. BAASCH, ROBERT BOWEN, MICHELE BREINDEL, LAWRENCE F. CAMP, WILLIAM CASTELLARIN, DEBBIE K. CHATMAN (BRANDT), COREY W. CLARY, KATHRYN COSPER, DIANE CRAIG, JEFFREY A. DIGGS, KATHRYN DILDY, LOUIE DOMINGUEZ, MARC A. DUMONT, JAMES C. DURDEN, STEPHEN ESCOBAR, JOHN R. FERGUSON, DARIN D. FORAN, ROBERT IDEMOTO, KENNETH GIACONE, ELIZABETH M. GRANT, JUDONA M. GREEN, WILLIAM O. GWYN, LINDA T. HAGERTY, DOUGLAS HAZEN, CARRIE HENDERSON, JAMES HENDERSON, BERNARD M. HIRREL, JAMES HOLDER, WILLIAM HUDSON III, JULIUS E. JOHNSON, WILTON KING, EDDIE KIRKPATRICK, W. SCOTT KOLWYCK, RONALD LANGLEY, FRANK LEWIS, CHARLES LOWTHER, SARAH MALMI, STEVEN L. MARTZ, EUGENIA C. MATTHEWS, NICK MCFERRAN, PAUL D. MEIZLER, HAROLD E. METCALF, MICHAEL NAPERALSKY, SEAN J. OBERSKI, RICHARD E. PETERSEN, J.D. POOL, MELISSA RAY, JACK L. REDDICK, DENNIS ROBERTSON, RICHARD E. SALHUS, JOHN SCHABLOSKI, DAVID SCHNELL, WARREN L. SEIZ, WILLIAM H. SHUFF, MYRA S. SLOAN, MONECIA SMITH, JODY P. SPIESE, MIKAL STAMPKE, FRANCIS STEINHOFF, GREGORY STUMP, TORREY SUMMERS, WILLIAM T. SUTTER III, JOSEPH G. TAFOYA JR., STEPHEN TAKESIAN, JERRY TAWNEY, TORI TAYLOR, PHILIP R. TILLMAN, FLORINDA D. TREJO, GAYLE WALKER, JAMES WHALEY, GEORGE T. WHITE, DAVID WYATT, JOHN S. ZALESKI