EXHIBIT J

1    IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH PRISE and HEATHER RADY, on behalf of themselves and all other employees similarly situated, | Civil Action No. |
| *Plaintiffs,* | Judge: |
| v. | COMPLAINT-CLASS ACTION JURY TRIAL DEMANDED |
| ALDERWOODS GROUP, INC. and SERVICE CORPORATION INTERNATIONAL, | |
| *Defendants.* | |

## CLASS ACTION COMPLAINT

**AND NOW** come Plaintiffs Deborah Prise and Heather Rady, on behalf of themselves and all others similarly situated, by and through their attorneys, Margolis Edelstein, Charles H. Saul, Esquire, and Liberty J. Weyandt, Esquire, and file the following Class Action Complaint:

## I.    INTRODUCTION

1.    This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to Named Plaintiffs Deborah Prise and Heather Rady individually, as well as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"); and other laws of the various States in which defendant does business.

## II.    JURISDICTION AND VENUE

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress

Case 2:06-cv-0264 FOocuDocument161+1 Filed 12/08/2... Page 2 of 14

      providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring

      jurisdiction of any civil action arising under any Act of Congress regulating

      interstate commerce; under the Declaratory Judgment Statute, 28 U.S.C. § 2201,

      and under 29 U.S.C. § 216 (b).

3.     This Court has supplemental jurisdiction over plaintiffs' state law claims pursuant

      to 28 U.S.C. §1367.

4.     Venue is appropriate in the Western District of Pennsylvania since some of the

      unlawful acts alleged were committed in this district and plaintiffs reside in this

      district.  Venue is proper before this Court under 28 U.S.C. § 1391(b).

## III.   CLASS ACTION ALLEGATIONS

5.     The claims arising under the state wage laws set forth above are properly

      maintainable as a class action under Federal Rule of Civil Procedure 23.

6.     The class action is maintainable under subsections (1), (2) and (3) of Rule 23(b).

7.     The class consists of current and former employees of defendants who were

      suffered or permitted to work time for which they were not compensated,

      including time for which premium pay was owed but not paid.

8.     The class size is believed to be over 50 employees.

9.     The Named Plaintiffs will adequately represent the interests of the class members

      because they are similarly situated to the class members and their claims are

      typical of, and concurrent to, the claims of the other class members.

10.    There are no known conflicts of interest between the Named Plaintiffs and the

      other class members.

11.    The class counsel, Margolis Edelstein, is qualified and able to litigate the class members' claims.

12.    The class counsel is experienced in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

13.    Common questions of law and fact predominate in this action because the claims of all class members are based on whether defendants' practice of not paying nonexempt employees for all hours worked and/or statutory overtime for hours worked over 40 per week violates Pennsylvania State law and the state laws of the various other states in which defendants do business.

14.    The class action is maintainable under subsections (2) and (3) of Rule 23(b) because plaintiffs seek injunctive relief, common questions of law and fact predominate among the class members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## IV.    PARTIES

### A.    Defendants

15.    At all relevant times, Defendants Alderwoods Group, Inc. ("Alderwoods") and Service Corporation International ("SCI") has suffered or permitted the plaintiffs to perform work for them.

16.    At all relevant times, Defendants Alderwoods and SCI have been plaintiffs' employers.

17.    Upon information and belief, Alderwoods, through its shareholders, has adopted the merger agreement by and between Alderwoods and Defendant Service

Corporation International ("SCI") (collectively, "Merged Entities" or "Defendants").

18. Upon information and belief, the Merged Entities, under the merger agreement, continue business operations in substantially the same form as before the merger.

19. Upon information and belief, the Merged Entities, under the merger agreement, continue to use substantially the same workforce as before the merger, with substantially the same supervisors and same working conditions.

20. Upon information and belief, the Merged Entities, under the merger agreement, provide essentially the same services as before the merger and use the same facilities, equipment and method of proving services.

21. Upon information and belief, thus, SCI is a successor-in-interest to Defendant Alderwoods's liability.

22. Upon information and belief, the Merged Entities, under the merger agreement, operate interrelated business operations.

23. Upon information and belief, the Merged Entities, exercise central control of labor relations.

24. Upon information and belief, the Merged Entities operate under common management.

25. Upon information and belief, the Merged Entities have common ownership and financial control.

26. In light of the economic realities of the Merged Entities' enterprise, defendants constitute joint, single, and/or successor employers of plaintiffs for purposes of

the federal and state laws.

27.   Collectively, all of defendants named herein and all of their funeral service locations comprise a single, integrated enterprise, as they perform related activities through common control for a common business purpose.

28.   Upon information and belief, SCI, under the merger agreement, exercises complete dominion and control over Alderwoods and their funeral service locations.

29.   SCI, Alderwoods and their funeral service locations constitute alter egos of the other.

30.   At all relevant times, defendants have suffered or permitted plaintiffs to perform work for them. At all relevant times, Alderwoods' and SCI's funeral service locations have been plaintiffs' employer.

31.   The Class Members are jointly employed by Alderwoods and SCI and their funeral service locations; and/or Alderwoods and SSI are successor employers of each other's employees.

32.   Business operations of the funeral service locations are centrally controlled by Alderwoods and SCI.

33.   At all relevant times, Alderwoods and SCI maintained centralized control of employment relations.

34.   At all relevant times, the human resource functions of the funeral service locations report directly or indirectly to Alderwoods and/or SCI.

35.   In addition to centralized control of employment relations, Alderwoods and SCI exercises common management of their various funeral service locations.

36. Further, Alderwoods and SCI own all of their funeral service locations and exercise financial control over the business operations of those locations.

37. Alderwoods is a corporation with its headquarters being at 311 Elms Street, Suite 1000, Cincinnati, Ohio 45202 and does business in the Western District of Pennsylvania.

38. Service Corporation International is a corporation with its headquarters being at 1929 Allen Parkway, Houston, Texas 77019 and does business in the Western District of Pennsylvania.

39. Defendants are enterprises engaged in interstate commerce with an annual gross volume of sales not less than $500,000.

**B.    Plaintiffs**

***Named Plaintiffs***

40. Named Plaintiff Deborah Prise is a resident of the Commonwealth of Pennsylvania and resides within this judicial district.

41. Named Plaintiff Heather Rady is a resident of the Commonwealth of Pennsylvania and resides within this judicial district.

***Class and Collective Action Members***

42. The class and collective action members ("Class Members") are those employees of defendants similarly situated to Named Plaintiffs who were suffered or permitted to work by defendants and not paid their regular or statutorily required rate of pay for all hours worked.

**V.    FACTUAL BACKGROUND**

43.   Named Plaintiffs and the other Class Members worked for defendants and were not paid their regular or statutorily required rate of pay for all hours worked and were not paid at time and one-half for hours they worked over 40 in a week.

44.   Defendants' policy and/or practice was to not compensate Named Plaintiffs and Class Members for work it suffered or permitted the Named Plaintiffs and Class Members to perform.

45.   Defendants knew plaintiffs were supposed to receive such wages, however, defendants willfully failed to pay for all hours when Named Plaintiffs and Class Members worked.

46.   Defendants' practice is to be deliberately indifferent to these violations of the statutory overtime requirements.

47.   The failure to pay overtime is willful.

48.   Examples of defendants' policies and practices to deprive the Named Plaintiffs and Class Members of their earned wages and wage premiums are set forth below:

   a.   **Subclass A:** Defendants implemented a "Community Work Policy." Under the policy, defendants suffered or permitted their employees to perform "Community Work" so as to increase revenues for defendants. Defendants did not compensate the employees for such time spent in Community Work in furtherance of the employer's business under the "Community Work Policy."

   b.   **Subclass B:** Defendants implemented an "On Call Pay Policy." Under the policy, employees were suffered or permitted to perform work by handling calls and other work related issues after normal business hours, but defendants would not compensate employees for work performed outside the regular workday, off-site from the funeral home.

   c.   **Subclass C:** Defendants policy required that certain hourly employees train for and become licensed insurance agents. Defendants did not pay for the training, test taking and continuing education requirements for those positions despite suffering or permitting employees to perform such work.

   d.   **Subclass D:** Defendants implemented a "Pre-Needs Appointment Policy."

Defendants suffered or permitted employees to meet with clients to discuss pre-need purchases. To the degree that such appointments were beyond the employees' schedule, the employees were suffered or permitted to continue the appointments, but were not to be paid for such time worked under the "Pre-Needs Appointment Policy." Defendants' management would sometimes attempt to justify this policy on the grounds that the employee would likely receive a commission if the client purchased a pre-needs product.

e. **Subclass E:** Defendants implemented a "Meal Break Deduction Policy." Under the policy, defendants no longer paid for lunch breaks. Defendants did, however, suffer and permit its employees to perform work during such meal breaks, but pursuant to defendant's "Meal Break Deduction Policy" time spent on meal "breaks" was still to be deducted from the employee's pay even when defendants suffered or permitted work to be performed during such "breaks."

f. **Subclass F:** Defendants implemented a "Pre-Approval for Overtime Pay Policy." Under this policy, defendants only permitted payments for overtime if the overtime was pre-approved. Defendants suffered or permitted their employees to work overtime and therefore, the employees were entitled to overtime payments. However, defendants refused to make the legally required payments because the time was not "pre-approved" as required under the "Pre-Approval for Overtime Pay Policy."

g. **Subclass G:** Defendants implemented an "Unrecorded Work Time Policy." Under this policy, defendants suffered or permitted plaintiffs to perform work, but directed that such work not be recorded. Defendants then refused to pay for the time worked under the "Unrecorded Work Time Policy" because, even though defendants knew that such time had been worked, it had not been "recorded."

h. **Subclass H:** Defendants policy was to not include all remuneration (such as bonuses and commissions) in the calculation of the plaintiffs' overtime.

49. Defendants also failed to make, keep and preserve adequate and accurate records of the employment of Named Plaintiffs concerning their wages, hours and other conditions of employment.

50. More specifically, the records kept by defendants failed to adequately and accurately disclose among other things, hours worked each work day, the total

hours worked each work week and/or the total overtime compensation for each work week.

## COUNT I
## FLSA

51. The preceding paragraphs are incorporated herein as if fully set forth herein.

52. Defendants willfully violated their obligations under the FLSA and are liable to plaintiffs.

## COUNT II
## FAILURE TO MAINTAIN PROPER RECORDS

53. The preceding paragraphs are incorporated herein as if fully set forth herein.

54. Defendants violated provisions of the FLSA by failing to make, keep, and preserve adequate and accurate records of the employment of Named Plaintiffs concerning their wages, hours and other conditions of employment; more specifically, the records kept by defendants failed to adequately and accurately disclose among other things, hours worked each work day, the total hours worked each work week, and/or the total overtime compensation for each work week and are liable to plaintiffs.

## COUNT III
## BREACH OF CONTRACT

55. Plaintiffs reallege the above paragraphs as if fully restated herein.

56. Defendants willfully violated their obligations under the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Louisiana, Maryland, Massachusetts, Michigan,

Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New

Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania,

Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia,

Washington, and West Virginia and are liable to plaintiffs.

## COUNT IV
## STATE WAGE AND HOUR LAWS

57.   Plaintiffs reallege the above paragraphs as if fully restated herein.

58.   Defendants willfully violated their obligations under the wage laws of the states in

which defendants do business including; Pennsylvania Wage Law including, but

not limited to, PMWA and PWPCL; Alaska Law including, but not limited to, the

Alaska Wage and Hour Act; Arizona Wage Law; Arkansas Wage Law including,

but not limited to, the Arkansas Minimum Wage Act; California Law, including,

but not limited to, the California Labor Code; Colorado Wage Law; Connecticut

Wage Law; Illinois Wage Law; Indiana Wage Law; Kansas Law including, but

not limited to, the Kansas Minimum Wage and Maximum Hours Act; Maryland

Wage Law; Massachusetts Wage Law; Michigan Wage Law; Minnesota Fair

Labor Standards Act; Montana Wage Law; Nebraska Wage Law; Nevada Wage

Law; New Hampshire Wage Law including, but not limited to, New Hampshire

Minimum Wage Law; New Mexico Wage Law including, but not limited to, New

Mexico Minimum Wage Law; New York Labor Law; North Carolina Law

including, but not limited to, the North Carolina Wage and Hour Act; Ohio Wage

Law; Oregon Wage Law; Puerto Rico Law including, but not limited to, the

Puerto Rico Working Hours and Days Act; Rhode Island Wage Law; Washington

Wage Law; and West Virginia Wage Law and are therefore liable to plaintiffs.

## COUNT V
### UNJUST ENRICHMENT

59.   Plaintiffs reallege the above paragraphs as if fully restated herein.

60.   Defendants willfully violated their obligations and have been unjustly enriched to

the determinant of plaintiffs and others similarly situated for worked performed

for defendants under the common laws and state laws of Alabama, Alaska,

Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho,

Illinois, Indiana, Kansas, Louisiana, Maryland, Massachusetts, Michigan,

Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New

Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania,

Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia,

Washington, and West Virginia and are liable to plaintiffs.

## COUNT VI
### FRAUD AND DECEIT

61.   Plaintiffs reallege the above paragraphs as if fully restated herein.

62.   Defendants willfully violated its obligations by committing fraud against plaintiffs

and others similarly situated under the common laws and the state laws of

Alabama, Alaska, Arizona, Arkansas, California (including the California Unfair

Competition Law, California Business and Professions § 17200), Colorado,

Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Louisiana,

Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska,

Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio,

Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina,

Tennessee, Texas, Virginia, Washington, and West Virginia and are liable to

plaintiffs.

## COUNT VII
## QUANTUM MERUIT

63.   Plaintiffs reallege the above paragraphs as if fully restated herein.

64.   Defendants willfully violated their obligations by failing to pay plaintiffs for the

reasonable value of the services performed by plaintiffs for defendants under the

common laws and the state laws of Alabama, Alaska, Arizona, Arkansas,

California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana,

Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi,

Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North

Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island,

South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia and

are liable to plaintiffs under quantum meruit.

## COUNT VIII
## NEGLIGENT MISREPRESENTATION

65.   Plaintiffs reallege the above paragraphs as if fully restated herein.

66.   Defendants willfully violated their obligations under the common laws and the

state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado,

Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Louisiana,

Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia by misrepresenting to plaintiffs that they would be fully compensated for all services performed and are liable to plaintiffs.

**COUNT IX**
**NEGLIGENCE**

67.     Plaintiffs reallege the above paragraphs as if fully restated herein.

68.     Defendants willfully violated their obligations under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia by negligently failing to properly compensate plaintiffs and are liable to plaintiffs.

**WHEREFORE**, plaintiffs demand judgment against defendants in their favor and that they be given the following relief:

(a)     an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(b)     an award of the value of plaintiffs' unpaid wages;

(c)     liquidated, compensatory, consequential and punitive damages;

(d)     an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating plaintiffs' rights;

(e)     an award of pre- and post-judgment interest; and

(f)     such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact.

Respectfully Submitted,

MARGOLIS EDELSTEIN

Date: 12/8/06

___/s/ Charles H. Saul_____
Charles H. Saul, Esquire
PA ID No. 19938

___/s/ Liberty J. Weyandt_____
PA ID No. 87654
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
(412) 281-4256
Attorney for Plaintiffs

EXHIBIT K

1   Sanford Jay Rosen, State Bar No. 62566
    Maria V. Morris, State Bar No. 223903
2   Lori E. Rifkin, State Bar No. 244081
    ROSEN, BIEN & GALVAN, LLP
3   315 Montgomery Street, Tenth Floor
    San Francisco, CA 94104
4   Telephone: (415) 433-6830
    Facsimile: (415) 433-7104
5   srosen@rbg-law.com

6   Attorneys for Plaintiffs

7   [Additional Counsel Listed on Following Page]

8

9                    UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO/OAKLAND DIVISION

12
    CLAUDE BRYANT, CRAIG FULCHER,          Case No.    **CV 07      5696**
13  SANFORD LEVINE and THOMAS
    THOMPSON,                              NOTICE OF PENDENCY
14  on behalf of themselves                OF OTHER ACTIONS
    and all employees similarly situated,  Local Rule 3-13
15
16         Plaintiffs,

                 - vs -
17
    ALDERWOODS GROUP, INC., SERVICE
18  CORPORATION INTERNATIONAL, SCI
    FUNERAL AND CEMETERY PURCHASING
19  COOPERATIVE, INC., SCI EASTERN
    MARKET SUPPORT CENTER, L.P., SCI
20  WESTERN MARKET SUPPORT CENTER,
    L.P. a/k/a SCI WESTERN MARKET
21  SUPPORT CENTER, INC., SCI HOUSTON
    MARKET SUPPORT CENTER, L.P., JANE D.
22  JONES, GWEN PETTEWAY, THOMAS
    RYAN, PAUL A. HOUSTON and CURTIS
23  BRIGGS,

24         Defendants.

25

26

27

28

1    Additional Attorneys for Plaintiffs, who will
     submit applications for admission *pro hac vice*:

2

3    Patrick J. Solomon, NY Attorney No. 2716660
     Annette Gifford, NY Attorney No. 4105870
     DOLIN, THOMAS & SOLOMON LLP

4    693 East Avenue
     Rochester, NY 14607

5    Telephone: (585) 272-0540
     Facsimile: (585) 272-0574

6    psolomon@theemploymentattorneys.com

7    Charles H. Saul, PA State Bar No.19938
     Liberty J. Weyandt, PA State Bar No. 87654

8    MARGOLIS EDELSTEIN
     525 William Penn Place

9    Suite 3300
     Pittsburgh, PA 15219

10    Telephone: (412) 281-4256
     Facsimile: (412) 642-2380

11    csaul@margolisedelstein.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF PENDENCY OF OTHER ACTIONS

## NOTICE OF PENDENCY OF OTHER ACTIONS

1
2      Pursuant to Local Rule 3-13, Plaintiffs hereby notify this Court of two actions currently
3  pending in federal courts which involve a material part of the same subject matter as the instant
4  action, in that all of these proceedings relate to the defendant's policies and practices regarding
5  their employees' overtime pay.
6      The first action, Prise v. Alderwoods Group, Inc. et al., 07-cv-1641 (W.D.P.A., filed
7  December 8, 2006) ("Prise I"), is a collective action under the Fair Labor Standards Act
8  brought by defendants' current and former employees. None of the plaintiffs in the instant
9  action are parties to the Prise I litigation. In fact, by order of the Prise I court, the opt-in period
10  in that case has passed for most of the plaintiffs in the instant action, and therefore most of the
11  plaintiffs in this action are not eligible to participate in the Prise I action.
12      The second action, Prise v. Alderwoods Group, Inc. et al., 07-cv-5140 (N.D. Cal., filed
13  October 5, 2007) ("Prise II"), is a class action brought by current and former employees for
14  violations of various states' wage and hour laws, as well as for violations of state common
15  laws. The claims in Prise II were initially asserted in the Prise I action but, at the defendants'
16  request, the Prise I court declined to exercise supplemental jurisdiction over these claims.
17  Prise II was then filed in state court and was subsequently removed to federal court by the
18  defendants. Neither of the federal law claims asserted in the instant action are at issue in Prise
19  II, which involves only state law claims that have been removed to federal court. None of the
20  plaintiffs in the instant action are currently named plaintiffs in Prise II although, in the event
21  that a class is certified in Prise II, some of the plaintiffs in the instant action may also become
22  class members in that action.
23      Transfer should not be effected pursuant to 28 U.S.C. § 1407 because the common
24  questions of fact between the instant case and Prise I, the federal case in Pennsylvania, are not
25  sufficiently complex to warrant transfer. Furthermore, the accompanying discovery is not so
26  time consuming that transfer would serve the convenience of parties and witnesses or promote
27  just and efficient conduct of the litigation. Additionally, defendants previously argued that the
28

1  state law claims raised in Prise II are inherently incomparable with the federal law claims

2  raised in Prise I and in the instant action.

3                                          Respectfully Submitted,

4                                          ROSEN, BIEN & GALVAN, LLP

5

6       Date: November 8, 2007             By: _____

7                                          Sanford Jay Rosen, State Bar No. 62566
                                           Maria V. Morris, State Bar No. 223903
8                                          Lori E. Rifkin, State Bar No. 244081
                                           315 Montgomery Street, Tenth Floor
9                                          San Francisco, CA 94104
                                           Telephone: (415) 433-6830
10

11                                         DOLIN, THOMAS & SOLOMON LLP
                                           Patrick J. Solomon, NY Attorney No. 2716660
12                                         Annette Gifford, NY Attorney No. 4105870
                                           693 East Avenue
13                                         Rochester, NY 14607
                                           Telephone: (585) 272-0540
14
                                           MARGOLIS EDELSTEIN
15                                         Charles H. Saul, PA State Bar No.19938
                                           Liberty J. Weyandt, PA State Bar No. 87654
16                                         525 William Penn Place, Suite 3300
                                           Pittsburgh, PA 15219
17                                         Telephone: (412) 281-4256

18                                         Attorneys for Plaintiffs

19

20

21

22

23

24

25

26

27

28

EXHIBIT L

Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
srosen@rbg-law.com

[Additional Counsel Listed on Following Page]

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| WILLIAM HELM, DEBORAH PRISE, HEATHER P. RADY, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., and SCI HOUSTON MARKET SUPPORT CENTER, L.P.,<br><br>Defendants. | Case No. CV 08-1184 JSW<br><br>**PLAINTIFFS' STATEMENT IN SUPPORT OF RELATING CASES** |

-1-

1
2

Additional Attorneys for Plaintiffs, who will
submit applications for admission *pro hac vice*:

3

J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660

4

Michael J. Lingle, NY Attorney No. 3925765
Annette Gifford, NY Attorney No. 4105870

5

Justin Cordello, NY Attorney No. 4131447
DOLIN, THOMAS & SOLOMON LLP

6

693 East Avenue
Rochester, NY 14607

7

Telephone: (585) 272-0540
Facsimile: (585) 272-0574

8

nthomas@theemploymentattorneys.com

9

Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654

10

Kyle T. McGee, PA State Bar No. 205661
MARGOLIS EDELSTEIN

11

525 William Penn Place
Suite 3300

12

Pittsburgh, PA 15219
Telephone: (412) 281-4256

13

Facsimile: (412) 642-2380
csaul@margolisedelstein.com

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-2-

STATEMENT IN SUPPORT OF RELATING CASES - Case No. CV 08-1184 JSW

## STATEMENT IN SUPPORT OF RELATING CASES

Plaintiffs submit this Statement in Support of Relating Cases in response to Judge Jeffrey S. White's *sua sponte* Judicial Referral for Purposes of Determining Relationship of Cases (*see* Case No. 08-1184, Docket No. 26).  Plaintiffs respectfully submit that, in light of the prior decision relating two other actions currently pending in the District Court for the Northern District of California—*Bryant v. Alderwoods Group, Inc.*, Case No. 07-5696 ("*Bryant I*") and *Bryant v. Service Corporation International*, Case No. 08-1190 ("*Bryant II*")—the instant action ("*Helm*") should be related to those other actions.

Plaintiffs initially filed the claims asserted in *Helm*, *Bryant I* and *Bryant II* together with other claims in an action in the District Court for the Western District of Pennsylvania captioned *Prise v. Alderwoods Group, Inc.*, Case No. 06-1641 ("*Prise*").  All of the claims in each of these actions are based upon the allegation that employees who worked at defendants' funeral home locations were not properly paid their regular or statutorily required rates for all the time they worked for defendants.

At defendants' request, however, the *Prise* Court determined that certain claims would not be heard together in that action.  Based upon the *Prise* Court's rulings, as well as defendants' position which resulted in those rulings, plaintiffs refiled certain claims separately in the *Helm*, *Bryant I* and *Bryant II* actions.

However, consistent with plaintiffs' initial filing and in light of the prior determination that *Bryant I* and *Bryant II* are related, plaintiffs submit that the *Helm* action should also be related.

### PROCEDURAL HISTORY

***Plaintiffs File All Claims Together in the Western District of Pennsylvania***

On December 12, 2006, Alderwoods Group, Inc. ("Alderwoods") and Service Corporation International ("SCI"), both named defendants in this action, were named in the *Prise* complaint filed in the Western District of Pennsylvania. Prior to the filing of *Prise*, SCI had acquired Alderwoods and Alderwoods had become SCI's wholly-owned

1   subsidiary. After the merger, SCI continued to operate the vast majority of both its own
2   funeral homes and those of Alderwoods.

3       The *Prise* complaint was filed as a class and collective action alleging, *inter alia,*
4   that employees who worked at defendants' funeral home locations were not properly paid
5   for all the time they worked for defendants. It asserted violations of both the Fair Labor
6   Standards Act ("FLSA") and state wage and hour laws. The *Prise* Court conditionally
7   certified an FLSA class of employees and directed that notice be sent to certain individuals
8   who worked or had worked at an Alderwoods location. In response to that notice,
9   hundreds of current and former employees opted-in to the *Prise* action, including
10  employees who had worked only at Alderwoods locations, before and/or after SCI's
11  acquisition ("Alderwoods employees"), and employees who had worked at other SCI
12  locations unrelated to Alderwoods ("SCI employees").
13
14      Both Alderwoods and SCI employed a set of practices or policies whereby
15  employees were not paid their regular or statutorily required rate for all hours worked.
16  Thus, because of the overlapping legal liability of defendants, as well as the overlapping
17  factual issues in the matter, plaintiffs believed it was legally appropriate and in the
18  interests of judicial efficiency for defendants to be named in a common action and for all
19  of the employees' claims to be brought together.

20  ***Defendants Move to Have Certain Claims Heard Separately***

21      Based on defendants' requests in their motions, the *Prise* Court determined that
22  certain claims would not be heard together in the *Prise* action. Following these rulings,
23  plaintiffs refiled those claims in the *Bryant I, Helm* and *Bryant II* actions.

24      As an initial matter, in granting plaintiffs' motion for notice the *Prise* Court also
25  provided a deadline by which individuals who wished to join that action must opt-in.
26  Employees who asked to assert claims against defendants but could not join the *Prise*
27  action because of the deadline were joined together with certain other individuals in the
28  *Bryant I* action.

1    In June, 2007, the *Prise* Court declined to exercise supplemental jurisdiction over

2    any of the state law claims alleged in the *Prise* action. Therefore, on or about July 9, 2007,

3    the Alderwoods employees and the SCI employees jointly reasserted their state law claims

4    in a Class Action Complaint filed in the Superior Court of the State of California for the

5    County of Alameda. Defendants removed that action to federal District Court for the

6    Northern District of California as *Prise v. Alderwoods Group, Inc.*, 07-05140 (the

7    "Combined State Law Action").

8         Subsequently, the *Prise* Court determined it would only hear claims on behalf of

9    Alderwoods employees, and that claims of employees who had worked only at other SCI

10   locations should be heard in a separate action. Based on that ruling, the federal claims of

11   those SCI employees were refiled in a separate action in the District of Arizona.

12        Based upon defendants' position that resulted in that ruling, the Combined State

13   Law Action was voluntarily dismissed so that the state law claims of the Alderwoods

14   employees could be heard separately from those of the SCI employees—just as the *Prise*

15   Court had ruled that their federal claims would be filed separately. Those state law claims

16   were refiled by the Alderwoods employees in *Helm*, while the SCI employees filed their

17   state law claims in *Bryant II*. Both *Helm* and *Bryant II* were initially filed in state court

18   and removed to federal district court by defendants.

19        Thus, three actions are now pending in the Northern District of California: *Bryant I*,

20   which asserts FLSA claims on behalf of Alderwoods employees who were unable to join

21   the *Prise* action; *Helm*, which asserts the state law claims of Alderwoods employees; and

22   *Bryant II*, which asserts the state law claims of SCI employees. On March 11, 2008, the

23   Court ruled that the *Bryant I* and *Bryant II* actions are related. *See Bryant II*, Case No. 08-

24   1190, Docket No. 27. On March 13, 2008, the *Helm* matter was referred for determination

25   as to whether it, too, should be related to the *Bryant* actions. *See Helm*, Case No. 08-1184,

26   Docket No. 26.

27

28

## *HELM* SHOULD BE RELATED TO THE OTHER ACTIONS

As discussed above, plaintiffs initially filed all of the claims at issue in a single action because plaintiffs believed that the overlapping legal liability of defendants, as well as the overlapping factual issues in the matter, rendered it legally appropriate and in the interests of judicial efficiency for these claims to be brought together. The claims were filed in separate actions only in response to defendants' arguments and positions.

There is significant overlap in the parties to these actions. Although some of the plaintiffs may be neatly defined as either Alderwoods employees or SCI employees, other plaintiffs fall into both categories. Moreover, with the exception of Alderwoods, which is not named in *Bryant II*, there is complete overlap in the corporate defendants in these actions, although individual defendants vary somewhat. Finally, there is significant factual overlap in these cases, which involve similar or identical policies and practices.

Most importantly, the ruling relating the *Bryant I* and *Bryant II* actions weighs in favor of relating the *Helm* action. The plaintiffs in the *Helm* action include the plaintiffs in the *Bryant I* action (and may, to a lesser extent, overlap with the plaintiffs in *Bryant II*). The state law claims at issue in *Helm* are nearly identical to those at issue in *Bryant II*.

Thus, plaintiffs submit that, in light of the determination that *Bryant I* and *Bryant II* are related, *Helm* should also be related in the interest of judicial efficiency.

Respectfully Submitted,
ROSEN, BIEN & GALVAN, LLP

Date: March 17, 2008

By: */s/ Lori Rifkin*

Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOLIN, THOMAS & SOLOMON LLP
J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Michael J. Lingle, NY Attorney No. 3925765
Annette Gifford, NY Attorney No. 4105870
Justin Cordello, NY Attorney No. 4131447
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256

Attorneys for Plaintiffs

STATEMENT IN SUPPORT OF RELATING CASES - Case No. CV 08-1184 JSW

EXHIBIT M

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

DEBORAH PRISE and HEATHER RADY
*on behalf of themselves*
*and all employees similarly situated,*

                                                        *Plaintiffs,*

                          - vs -

ALDERWOODS GROUP, INC. and SERVICE
CORPORATION INTERNATIONAL,

                                                        *Defendants.*

Civil Action No.: 06-1641
Judge Joy Flowers Conti

TO BE ELECTRONICALLY
FILED

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

### PRELIMINARY STATEMENT

This memorandum of law is submitted in support of plaintiffs' motion to amend their complaint. Plaintiffs seek to amend the complaint: (1) to add to the caption the names of all plaintiffs who have filed opt-in consent forms in this action as of the date of this motion; (2) to add as defendants, SCI Funeral and Cemetery Purchasing Cooperative, Inc., (the "SCI Cooperative") SCI Eastern Market Support Center, L.P., SCI Western Market Support Center, L.P. a/k/a SCI Western Market Support Center, Inc., SCI Houston Market Support Center, L.P., (the "SCI Support Centers") (collectively, the SCI Cooperative and the SCI Support Centers are referred to herein as the "SCI Managing Entities"), Jane D. Jones, Gwen Petteway, Thomas Ryan, Paul A. Houston and Curtis Briggs (collectively, the "Individual Defendants"); (3) to redact all allegations and causes of action related to the state law claims, over which this Court has declined to exercise supplemental jurisdiction; (4) to add allegations relating to defendants' violation of the Fair Labor Standards Act through policies requiring employees to obtain

certifications or participate in training for which they were not properly compensated; and (5) to make other corrections and revisions to the complaint. Plaintiffs have attached a proposed amended complaint as Exhibit A to the affirmation of Annette Gifford, sworn to October 3, 2007 ("Gifford Aff."), submitted in support of this motion.

## FACTS

This collective action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 216(b), was filed against Alderwoods Group, Inc. ("Alderwoods") and Service Corporation International ("SCI"), alleging those defendants employed a nationwide policy of willfully not paying employees for all hours worked and willfully not paying the statutorily required overtime rate of pay when employees worked in excess of 40 hours in a week. Although the parties have engaged in motion practice and some limited preliminary discovery, the case is still in its early stages, no discovery plan has been put in place, and fact discovery has not yet begun.

## ARGUMENT

### I.      LEAVE TO AMEND IS FREELY GRANTED.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "leave [to amend] shall be freely given." Fed. R. Civ. P. 15(a). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Werner v. Werner*, 267 F.3d 288, 296 (3d Cir. 2001); *Harding v. Duquesne Light Co.*, 882 F. Supp. 422, 429 (W.D. Pa. 1995) (Ambrose, J.). Here, plaintiffs' proposed changes, which are set out in the proposed amended complaint, should be permitted based on both the letter of Rule 15(a) and its underlying policy: "that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits." 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1473 (2007).

- 2 -

Courts have interpreted Rule 15(a)'s lenient standard to permit a wide variety of amendments. For example, courts "have allowed a party to amend in order to change the nature or theory of his claim or the capacity in which he is bringing the action, or to state additional claims" or "to add, substitute, or drop parties to the action." 6 WRIGHT & MILLER § 1474. *See also, e.g., Martin v. Virgin Islands Nat'l Bank*, 455 F.2d 985, 986 (3d Cir. 1972) (granting motion to amend to add a claim that "arose out of the conduct or occurrence set forth in the original complaint"); *Quinlan v. Matthews*, 23 F.R.D. 25, 26 (E.D. Pa. 1958) (granting motion to amend and refraining from considering the merits of the amended complaints). The Supreme Court has noted that permissible amendments comprise a broad range of permissible revisions: "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 US 178 ,182 (1962).

Generally, leave to amend is denied only where the relevant circumstances suggest amendment would be contrary to the interests of justice. The Supreme Court has noted that such circumstances include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," which demonstrate the proposed amendment would not promote justice. *Id.* Indeed, the Court cautioned that "refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*

None of the circumstances identified by the Supreme Court as proper grounds for denying a motion to amend are present here. There has been no undue delay, bad faith or

dilatory motive on the part of plaintiffs; instead, plaintiffs offer these amendments merely to correct or clarify issues regarding the complaint raised by defendants during motion practice. There has also been no "repeated failure to cure deficiencies by amendments previously allowed," as plaintiffs have not previously sought leave to amend the complaint *Id.*   The proposed amendments would not be futile, but would assert valid allegations which, when proven at trial, will entitle plaintiffs to relief. Finally, as discussed in detail below with respect to each proposed amendment, none of the proposed changes would result in prejudice to defendants.

The type of "prejudice" which supports a court's denial of a motion to amend does not occur "simply because [the proposed] amendment may increase defendant's potential liability." 6 WRIGHT & MILLER § 1487. *See also* STEVEN BAICKER-MCKEE, WILLIAM M. JANSSEN & JOHN B. CORR, FEDERAL CIVIL RULES HANDBOOK, 450 (Thomson West 2007). ("no unfair prejudice exists simply because a party has to defend against new or better pleaded claims"). Instead, in assessing whether a proposed amendment would result in "prejudice," courts consider "the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted." 6 WRIGHT & MILLER § 1487. Here, as more fully discussed below, defendants will suffer no prejudice as a result of the proposed amendments, particularly as this case is in its early stages and the parties have engaged in only limited discovery to date.

Plaintiffs respectfully request that their motion to amend the complaint be granted.

- 4 -

II.    **PLAINTIFFS' REQUEST TO AMEND THE COMPLAINT SHOULD BE GRANTED.**

Plaintiffs' request to amend the complaint should be granted because plaintiffs' proposed amendments are in the interests of justice. Defendants cannot demonstrate any circumstance, including any showing of prejudice, that would warrant denial of plaintiffs' motion under the lenient standard of Rule 15(a).

### A. *Plaintiffs' Request to Amend the Caption to Include All Plaintiffs Who Have Opted-In to This Action Should Be Granted.*

Plaintiffs' proposed amended complaint reflects in its caption the name of each of the more than 600 employees who have, as of the date of this memorandum, filed an opt-in consent form with the Court. Amending the complaint to name each opt-in plaintiff in the caption would not result in any substantive change, but simply serves to conform the caption to reflect that, under the FLSA, each individual who opts-in becomes a party-plaintiff to the action. 29 U.S.C. § 216(b). *See, e.g.,* 7B WRIGHT & MILLER § 1807 ("although the original plaintiffs in a collective action may pursue the suit on a representative basis, each FLSA claimant has the right to be present in court to advance his or her own claim"); *Ansoumana v. Gristede's Operating Corp.,* 201 F.R.D. 81, 90 (S.D.N.Y. 2001) ("Section 216(b) gives [opt-in plaintiffs] the status of parties and, as parties, they should have the same rights as the named Plaintiffs to have all their related claims adjudicated in the same forum."); *Prickett v. DeKalb County,* 349 F.3d 1294, 1297 (11th Cir. 2003), *cert. denied* 542 U.S. 919 (2001) ("by referring to them as 'party plaintiff[s]' Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs").

Moreover, because each filed Opt-In Plaintiff is already a full party-plaintiff, an amendment adding their names to the caption cannot result in any prejudice or injustice to

- 5 -

defendants. Instead, this amendment does nothing more or less than clarify and confirm their full party status pursuant to the FLSA. Plaintiffs also note that any administrative inconvenience regarding the size of the caption could be remedied by simply listing the plaintiffs in all future pleading captions as "Deborah Prise, Heather Rady, et al."

Finally, even if the FLSA did not afford the employees party-plaintiff status under the FLSA, this Court has noted that plaintiffs could simply amend the complaint to name additional plaintiffs. *See* Transcript of Proceedings before Honorable Joy Flowers Conti dated September 6, 2007 ("September 6, 2007 Tr.") at 13 (Gifford Aff. Ex. E) (responding to defendants' argument that Prise and Rady never worked for SCI by noting that plaintiffs could "amend the complaint to bring in another Plaintiff too then"). *See also* 6 WRIGHT & MILLER § 1474 (courts have permitted amendments to complaints "to add, substitute, or drop parties to the action").

## B.  *Plaintiffs' Request to Amend the Complaint to Name Additional Defendants Should Be Granted.*

Similarly, plaintiffs' request to add the SCI Managing Entities and the Individual Defendants as defendants should also be granted.  As alleged in the proposed amended complaint, plaintiffs believe that each of the SCI Managing Entities and the Individual Defendants is liable to plaintiffs as an employer pursuant to the provisions of the FLSA. *See also* Plaintiffs' Motion for Expedited Collective Action Notification, filed contemporaneously with the instant motion (arguing that notice should issue to employees of the SCI Managing Entities).  This amendment is also in the interests of justice because the underlying facts or circumstances of this case with respect to the SCI Managing Entities and the Individual defendants "may be a proper subject of relief, [and therefore plaintiffs] ought to be afforded an opportunity to test [their] claim on the merits." *Foman v. Davis*, 371 US 178, 182 (1962).

- 6 -

None of the proposed defendants will suffer prejudice as a result of the proposed amendments. As an initial matter, the mere fact that the SCI Managing Entities and the Individual Defendants were not previously named as defendants is not, alone, sufficient to show prejudice. *See, e.g.,* FEDERAL CIVIL RULES HANDBOOK, 450 ("no unfair prejudice exists simply because a party has to defend against new or better pleaded claims"). Courts generally permit amendments "to add [or] substitute" parties to an action (6 WRIGHT & MILLER § 1474) where the underlying facts or circumstances may be a proper subject of relief.

Additionally, here there is little risk that any of the proposed defendants will suffer any surprise. Each of the proposed defendants has most likely obtained notice of this suit because they are "so closely related in their business operations or other activities" with the currently named defendants. 6A WRIGHT & MILLER § 1499. Finally, because this suit is still in its early stages and full discovery has not yet begun (Gifford Aff. ¶ 5), no prejudice will result from joining the SCI Managing Entities and the Individual Defendants in this suit. Finally, allowing plaintiffs to amend the complaint promotes judicial economy because it avoids the duplicative litigation that would result if plaintiffs were compelled to instead initiate a separate action against the proposed defendants. *See Jenn-Air Prods. Co. v. Penn Ventilator, Inc.,* 283 F. Supp. 591, 596 (E.D. Pa. 1968) (finding it "sensible" to grant a motion to amend "in view of the likelihood that plaintiff would institute an independent action" to assert the proposed amendments).

i.   *The Complaint Should be Amended to Name the SCI Managing Entities as Defendants*

Of the more than 600 individuals who have filed opt-in consent forms with the Court to date, at least 50 of those individuals worked directly for defendant SCI or for one of its wholly-owned subsidiaries (the "SCI Employees"). (Gifford Aff. ¶¶ 3-4). Several SCI Employees have

- 7 -

previously offered testimony asserting both that they were subject to the overtime violations alleged in this action and that they understood their employer was "SCI." *See, e.g.*, Affirmation of Scott Gullet sworn to June 7, 2007 ("Gullett Aff.") ¶ 3 (Gifford Aff. Exhibit B); Affirmation of Johnny Coleman sworn to June 2007 ("Coleman Aff.") ¶ 2 (Gifford Aff. Exhibit C); and Affirmation of Brett Moreland sworn to June 2007 ("Moreland Aff.") ¶ 7 (Gifford Aff. Exhibit D). Defendants have admitted these entities employed plaintiffs because they directed and controlled the operational functions regarding to their employment relationship. *See* Plaintiffs' Memorandum of Law in Support of Their Motion for Expedited Class Notification, filed concurrently with the instant motion.

The facts and circumstances related to the SCI Managing Entities – based upon defendants' own admissions – adequately establish that plaintiffs may properly obtain relief against those entities on the basis of the claims raised in the complaint and, thus, the complaint should be amended to name the SCI Managing Entities as defendants.

Furthermore, defendants again can point to no prejudice or other circumstance which would prohibit this Court from granting the request to amend. As discussed above, no prejudice results merely from the fact that the SCI Managing Entities now must defend the claims brought against them. Moreover, in light of SCI's repeated assertion that it has no employees and that its human resources functions are conducted through the SCI Managing Entities, those entities *must* have had notice of this suit since its inception – indeed, employees of the SCI Managing Entities submitted affidavits on behalf of SCI's latest argument.

The SCI Managing Entities should also not be heard to argue that plaintiffs' request to amend should be denied on grounds of delay, as they could have conceded their role in human resources functions at any time since the complaint was filed – including in response to

plaintiffs' first request for notice to the SCI employees – but they instead chose to withhold that information until filing their response to plaintiffs' second notice motion in July 2007. The "delay" between that filing and the instant motion can hardly be termed undue and, moreover, in the intervening time there has been no substantial change in the status of this case such that the SCI Managing Entities would suffer prejudice.

Thus, particularly in light of SCI's own admissions and representations to this Court regarding the Management Entities, the complaint should be amended to include each of the SCI Managing Entities as a defendant. Such an amendment would promote judicial economy by avoiding the need for plaintiffs to file a separate action.

　　ii.　　*The Complaint Should Be Amended to Name the Individual Defendants*

The complaint should also be amended to name each Individual Defendant for all of the reasons set forth with respect to the SCI Managing Entities. Individuals may be "employers" for purposes of FLSA violations where they undertook "direct involvement in the operations of the business such that the courts could find ... [t]hat there was direction and control actually being exercised" by the individual defendant. *See* September 6, 2007 Tr. at 5 (Gifford Aff., Ex. E). *See also id.* at 6 (noting that the relevant cases look for "operational control in some sense. I don't think it had to be complete, but it had to be substantial."); *id.* at 9, (noting that courts have allowed FLSA claims to proceed against an "individual generally who was actually providing the hands-on management and was interfacing and making decisions, direct[] decisions, relevant to the particular employee or employees in question").

Here, based upon SCI's admissions and public filings, there is an adequate factual basis to conclude that each Individual Defendant was likely directly involved in the nationwide policies and operations that produced the FLSA violations that are the subject of this action.

- 9 -

Both plaintiffs' proposed First Amended Complaint – Collective Action and Plaintiffs' Memorandum of Law in Support of Their Motion for Expedited Class Notification, filed concurrently with the instant motion, sets forth in detail the factual basis for plaintiffs' claim that the Individual Defendants are liable as employers based upon their role in either actively managing the corporate defendants or in actively participating in the employment-related functions of those defendants. Additionally, because each Individual Defendant has acted as an officer or director of SCI and/or the SCI Managing Entities, it is also likely that each individual exercised direction and control over those same nationwide policies and operations. Therefore, plaintiffs' request to amend the complaint to name the Individual Defendants as parties should be granted.

### C. Plaintiffs' Request to Remove the Complaint's State Law Allegations Should Be Granted.

The proposed amended complaint has been revised to remove the state law causes of action previously asserted by plaintiffs and the allegations supporting those causes of action. Previously, this Court declined to exercise supplemental jurisdiction over the state law claims and therefore granted defendants' motion to dismiss those claims. *See* Minute Entry for Hearing on Motion to Dismiss and to Strike Class Allegations, June 8, 2007, Docket No. 240. Although plaintiffs continue to believe the state law claims constitute valid causes of action over which this Court could properly exercise supplemental jurisdiction, in light of the Court's ruling and for purposes of clarity, plaintiffs' proposed amended complaint no longer includes the allegations pertinent to those claims. (Gifford Aff. ¶ 6).

### D. *Plaintiffs' Request to Revise the Complaint's Allegations Regarding Defendants' Licensing and Training Policies Should Be Granted.*

Plaintiffs' proposed amended complaint revises the factual allegations regarding defendants' policies that required certain employees to train for and obtain licensing and/or to take other types of training. To the extent defendants suffered or permitted their employees to perform work by attending training, taking tests and/or undertaking activities such as continuing education to maintain the required licenses, defendants violated the FLSA by failing to properly compensate the employees for time spent on those activities. Thus, Paragraph 140 of the proposed amended complaint has been revised to more clearly set out the allegations regarding the licensing and training activities in the subparagraphs labeled "Subclass C" and "Subclass D."

This amendment should be permitted because it would assert additional factual allegations which, when proven, would entitle plaintiffs to a judgment on the merits. Defendants are not prejudiced by this amendment because the initial complaint provided adequate notice that plaintiffs believed some of defendants' licensing and training policies violated the FLSA. The change in the amended complaint merely clarifies that plaintiffs believe those violations included various types of licensing and training required by defendants. Thus, this proposed amendment should be permitted.

### E. *Plaintiffs' Remaining Revisions to the Complaint Should Be Permitted.*

Plaintiffs' remaining revisions to the complaint do not substantively alter the theories or claims in this action, but instead serve to clarify and expand the bases of this lawsuit. Perhaps the most substantial of these revisions are plaintiffs' revisions to their allegations regarding the status and liabilities of defendants Alderwoods and SCI. Those revisions, however, merely serve to clarify and expand upon the liability of those defendants, and do not mark any substantive change but merely clarify the theories upon which this matter is proceeding. *See, e.g.,* 6 WRIGHT

- 11 -

& MILLER § 1473 ("pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits"). Thus, the remaining revisions should be permitted.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that their motion to amend be granted.

Dated: October 3, 2007

Respectfully submitted,

By:    /s/ Annette Gifford
       J. Nelson Thomas, Esq.
       Patrick J. Solomon, Esq.
       Annette Gifford, Esq.
       Dolin, Thomas & Solomon LLP
       693 East Avenue
       Rochester, New York 14607
       Telephone: (585) 272-0540

       Charles H. Saul, Esq.
       Pa. I.D. No. 19938
       Liberty Weyandt, Esq.
       Pa. I.D. No. 87654
       Margolis Edelstein
       Attorneys for Plaintiffs
       525 William Penn Place, Suite 3300
       Pittsburgh, Pennsylvania 15219
       Telephone: (412) 281-4256

EXHIBIT N

1  Sanford Jay Rosen, State Bar No. 62566
   Maria V. Morris, State Bar No. 223903
2  Lori E. Rifkin, State Bar No. 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830
   Facsimile: (415) 433-7104
5  srosen@rbg-law.com

6  Attorneys for Plaintiffs

7  [Additional Counsel Listed on Following Page]

8
                  UNITED STATES DISTRICT COURT
9
                NORTHERN DISTRICT OF CALIFORNIA
10
                SAN FRANCISCO/OAKLAND DIVISION
11

12  CLAUDE BRYANT, CRAIG FULCHER,        )  Case No. 3:07-cv-5696-SI
    SANFORD LEVINE and THOMAS            )
13  THOMPSON,                            )  AMENDED COMPLAINT — Collective
    on behalf of themselves              )              Action
14  and all employees similarly situated, )  DEMAND FOR JURY TRIAL
                                         )
15         Plaintiffs,                    )
                     - vs -               )
16                                        )
    ALDERWOODS GROUP, INC., PAUL A.       )
17  HOUSTON, SERVICE CORPORATION          )
    INTERNATIONAL, SCI FUNERAL AND        )
18  CEMETERY PURCHASING COOPERATIVE,      )
    INC., SCI EASTERN MARKET SUPPORT      )
19  CENTER, L.P., SCI WESTERN MARKET      )
    SUPPORT CENTER, L.P. a/k/a SCI WESTERN )
20  MARKET SUPPORT CENTER, INC., SCI      )
    HOUSTON MARKET SUPPORT CENTER, L.P, )
21  and JOHN DOES 1-3,                    )
                                         )
22         Defendants.                    )
                                         )
23  _____ )

24

25

26

27

28

        AMENDED COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL
                        Case No. 3:07-cv-5696-SI

1   Additional Attorneys for Plaintiffs, who will submit
    applications for admission *pro hac vice*:

2

3   J. Nelson Thomas, NY Attorney No. 2579159
    Patrick J. Solomon, NY Attorney No. 2716660
    Michael J. Lingle, NY Attorney No. 3925765

4   Annette Gifford, NY Attorney No. 4105870
    Justin Cordello, NY Attorney No. 4131447

5   DOLIN, THOMAS & SOLOMON LLP
    693 East Avenue

6   Rochester, NY 14607
    Telephone: (585) 272-0540

7   Facsimile: (585) 272-0574
    nthomas@theemploymentattorneys.com

8

9   Charles H. Saul, PA State Bar No.19938
    Liberty J. Weyandt, PA State Bar No. 87654
    Kyle T. McGee, PA State Bar No. 205661

10  MARGOLIS EDELSTEIN
    525 William Penn Place

11  Suite 3300
    Pittsburgh, PA 15219

12  Telephone: (412) 281-4256
    Facsimile: (412) 642-2380

13  csaul@margolisedelstein.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## AMENDED COLLECTIVE ACTION COMPLAINT

**AND NOW** come Plaintiffs Claude Bryant, Craig Fulcher, Sanford Levine, Thomas Thompson, et al., on behalf of themselves and all others similarly situated, by and through their attorneys, Rosen, Bien & Galvan, LLP, Dolin, Thomas & Solomon LLP, and Margolis Edelstein and file the following Amended Collective Action Complaint:

### I.   INTRODUCTION

1.     This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to Plaintiffs Claude Bryant, Craig Fulcher, Sanford Levine, Thomas Thompson, et al., individually, as well as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

### II.   JURISDICTION AND VENUE

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. §1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; under the Declaratory Judgment Statute, 28 U.S.C. §2201, and under 29 U.S.C. §216 (b).

3.     Venue is appropriate in the Northern District of California since some of the unlawful acts alleged were committed in this district and because defendants conduct business in this District. Venue is proper before this Court under 28 U.S.C. § 1391(b).

4.     Intradistrict Assignment. This is a nationwide collective action notification involving violations which occurred across the country, including some which occurred in the Northern District of California.

### III.   PARTIES

### A.   Plaintiffs

5.     The plaintiffs ("Plaintiffs") are employees and former employees of defendants who were suffered or permitted to work by defendants and not paid their

1   regular or statutorily required rate of pay for all hours worked. Plaintiffs expressly include

2   each individual identified in the caption, together with any similarly situated current or

3   former employees who previously has or subsequently may file consent forms to opt-in to

4   this collective action. Any individual who opts-in to this action has full party status

5   pursuant to 29 U.S.C. § 216 (b).

6          6.      All of the defendants except for Alderwoods Group, Inc. are liable to all

7   plaintiffs either directly as an employer or as successor-in-interest to plaintiffs' direct

8   employer.

9   **B.     Defendants**

10          7.      Defendant Alderwoods Group, Inc. ("Alderwoods") is a corporation with its

11   headquarters being at 311 Elms Street, Suite 1000, Cincinnati, Ohio 45202.

12          8.      Defendant Service Corporation International ("SCI") is a corporation with its

13   headquarters being at 1929 Allen Parkway, Houston, Texas 77019.

14          9.      Defendant SCI Funeral and Cemetery Purchasing Cooperative, Inc. (the

15   "SCI Cooperative") is a Delaware corporation which is owned by SCI.

16          10.     Defendant SCI Eastern Market Support Center, L.P. ("SCI Eastern") is a

17   limited partnership which is owned by SCI.

18          11.     Defendant SCI Western Market Support Center, L.P. a/k/a SCI Western

19   Market Support Center, Inc. ("SCI Western") is a limited partnership or corporation which

20   is owned by SCI.

21          12.     Defendant SCI Houston Market Support Center, L.P. ("SCI Houston") is a

22   limited partnership which is owned by SCI.

23          13.     Defendants Alderwoods, SCI, the SCI Cooperative, SCI Eastern, SCI

24   Western and SCI Houston are enterprises engaged in interstate commerce with an annual

25   gross volume of sales not less than $500,000.

26          14.     The SCI Cooperative, SCI Western, SCI Eastern and SCI Houston are all

27   entities which are owned, directly or indirectly, by SCI. Together with SCI, those entities

28   are referred to collectively as the "SCI Defendants."

2

1    15.    At all relevant times, Alderwoods was plaintiffs' employer and is thus liable

2  to plaintiffs as an employer, joint employer, single employer and/or otherwise according to

3  statutory and case law.

4  *Paul A. Houston and John Does 1-3 Are Liable to Plaintiffs*

5    16.    Upon information and belief, Defendant Paul A. Houston acted as Chief

6  Executive Officer and Director of Alderwoods from in or around 2002 until in or around

7  2006.  The allegations in this section regarding Mr. Houston relate to his acts during the

8  time he was employed by Alderwoods.

9    17.    Upon information and belief, in concert with others, Mr. Houston has the

10  authority to, and does, make decisions that concern the policies defendants adopt and the

11  implementation of those policies.

12    18.    Upon information and belief, in concert with others, Mr. Houston has the

13  authority to, and does, make decisions that concern defendants' operations, including

14  functions related to employment, human resources, training, payroll, and benefits.

15    19.    Upon information and belief, due in part to his role as Chief Executive

16  Officer and Director, Mr. Houston is actively involved in the creation of the illegal policies

17  complained of in this case, including, but not limited to, the Community Work Policy, On

18  Call Pay Policy, Licensing Compensation Policy, Training Compensation Policy, Pre-

19  Needs Appointment Policy, Meal Break Deduction Policy, Pre-Approval for Overtime Pay

20  Policy, Unrecorded Work Time Policy, and the policy regarding the calculation of

21  Plaintiffs' overtime.

22    20.    Upon information and belief, due in part to his role as Chief Executive

23  Officer and Director, Mr. Houston actively advises defendants' agents on the enforcement

24  of the illegal policies complained of in this case, including, but not limited to, the

25  Community Work Policy, On Call Pay Policy, Licensing Compensation Policy, Training

26  Compensation Policy, Pre-Needs Appointment Policy, Meal Break Deduction Policy, Pre-

27  Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and the policy

28  regarding the calculation of Plaintiffs' overtime.

---

3

1    21.    Upon information and belief, due in part to his role as President and Chief

2  Executive  Officer,  Mr.  Houston  actively  ensures  defendants'  compliance  or  non-

3  compliance with the FLSA.

4    22.    Upon information and belief, in concert with others, Mr. Houston has the

5  authority to, and does, make decisions that concern the reviewing and counseling of

6  defendants regarding employment decisions, including hiring and firing of Plaintiffs.

7    23.    Upon information and belief, in concert with others, Mr. Houston has the

8  authority to, and does, make decisions that concern employees' schedules, hours and

9  standard benefit levels.

10    24.    Upon information and belief, in concert with others, Mr. Houston has the

11  authority to, and does, make decisions that concern standard pay scales.

12    25.    Upon information and belief, in concert with others, Mr. Houston has the

13  authority to, and does, make decisions that concern defendants' human resources policies,

14  the resolution issues and disputes regarding policies and their applications, the counsel

15  locations receive regarding human resources issues, and communications with employees

16  about human resources issues and policies.

17    26.    Upon information and belief, in concert with others, Mr. Houston has the

18  authority to, and does, make decisions that concern defendants' employment and human

19  resources records, including the systems for keeping and maintaining those records.

20    27.    Upon information and belief, in concert with others, Mr. Houston has the

21  authority to, and does, make decisions that concern training and education functions

relating to Plaintiffs.

22    28.    Upon information and belief, in concert with others, Mr. Houston has the

23  authority to, and does, make decisions that concern the type and scope of training

24  employees must attend as well as any compensation they receive for attending training.

25    29.    Upon information and belief, in concert with others, Mr. Houston has the

26  authority to, and does, make decisions that concern payroll and commission functions

27  relating to Plaintiffs.

28

AMENDED COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL

30.   Upon information and belief, in concert with others, Mr. Houston has the authority to, and does, make decisions that concern the system for keeping and maintaining employees' payroll records, the timing and method with which payment is conveyed to employees, and the manner and method in which employees receive payroll information including their payroll checks.

31.   Upon information and belief, in concert with others, Mr. Houston has the authority to, and does, make decisions that concern benefit plans relating to Plaintiffs.

32.   Upon information and belief, in concert with others, Mr. Houston has the authority to, and does, make decisions that concern the type and scope of benefits available to employees, the method and manner in which information regarding those plans is conveyed to employees, and the system for keeping and maintaining records related to employees' benefits.

33.   Because Mr. Houston has authority to hire or fire employees, provide and direct support regarding human resources issues, including the hiring and firing of Plaintiffs, and to control the drafting and enforcement of the policies which govern the hiring and firing of employees, Mr. Houston has the power to hire and fire employees.

34.   Because Mr. Houston has authority to establish work schedules and/or conditions of employment, provide and direct support regarding human resources issues, including work schedules and/or conditions of employment, control the drafting and enforcement of the policies which govern employees' schedules and/or conditions of employment, establish the type and scope of training employees receive, and administer employees' benefit programs, including standard benefit levels and the type and scope of benefits available to employees, Mr. Houston supervises and controls employees' work schedules and/or conditions of employment.

35.   Because Mr. Houston has authority to establish employees' rate and method of payment and centrally control payroll functions, including standard pay scales, the provision of payroll information, and the timing of payment, Mr. Houston determines the rate and method of employees' payment.

AMENDED COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL

36.     Because Mr. Houston has authority with respect to defendants' centralized records, including a database regarding employees' employment records, and systems for keeping and maintaining payroll, benefits, and other employment-related records, Mr. Houston maintains employees' employment records.

37.     Because Mr. Houston provides day-to-day support regarding human resources issues, including employees' work schedules and/or conditions of employment, controls the drafting and enforcement of the policies which govern employees' schedules and/or conditions of employment, and administers employees' benefit programs, he is affirmatively, directly, and actively involved in operations of the defendants' business functions, particularly in regards to the employment of Plaintiffs.

38.     Because Mr. Houston is actively involved in the creation of the illegal policies complained of in this case, actively advises defendants' agents on the enforcement of the illegal policies complained of in this case and actively ensures defendants' compliance or non-compliance with the FLSA, he actively participates in the violations complained of in this action.

39.     Based upon the foregoing, Mr. Houston is liable to Plaintiffs because of his active role in operating the business, his status as an employer, or according to statutory and case law.

40.     John Does 1, 2 and 3 are natural persons who assumed the above-described roles and responsibilities in relation to Plaintiffs' employment beginning in or about the time that Mr. Houston ceased to be employed by or associated with Alderwoods. Thus, for the same reasons set forth above regarding Mr. Houston, each of John Does 1-3 is liable to Plaintiffs because of his or her active role in operating the business, his or her status as an employer, or according to statutory and case law.

***The SCI Defendants Are Liable to Plaintiffs as Successors-in-Interest***

41.     In or about November, 2006, SCI acquired Alderwoods and Alderwoods became SCI's wholly-owned subsidiary. After the merger, the SCI Defendants continued to operate the vast majority of both their own funeral homes and those of Alderwoods.

42. Upon information and belief, Coronado Acquisition Group ("Coronado"), at relevant times hereto, was a wholly owned subsidiary of SCI, which was formed by SCI for the sole purpose of merging with Alderwoods. At relevant times hereto, SCI and Coronado had the same offices, telephone numbers, and corporate officers

43. Upon information and belief, Alderwoods, through its shareholders, has adopted a merger agreement by and between Alderwoods, Coronado and/or one or more of the SCI Defendants.

44. Upon information and belief, SCI, through its shareholders, has adopted a merger agreement between Alderwoods, Coronado and/or one or more of the SCI Defendants.

45. Upon information and belief, as of approximately November 2006, Alderwoods and/or Coronado ("Merged Entities") became a wholly owned subsidiary of SCI.

46. Upon information and belief, the Merged Entities, under the merger agreement, continue business operations in substantially the same form as before the merger.

47. Upon information and belief, the Merged Entities, under the merger agreement, continue to use substantially the same workforce as before the merger, with substantially the same supervisors and same working conditions as Alderwoods.

48. Upon information and belief, the Merged Entities, under the merger agreement, provide essentially the same services as before the merger and use the same facilities, equipment and method of providing services as Alderwoods.

49. Upon information and belief, the SCI Defendants are successors-in-interest to Alderwoods' liability. As a successors-in-interest, the SCI Defendants are jointly and severally liable for all of the unlawful conduct of Alderwoods alleged herein.

## IV. FACTUAL BACKGROUND

50. Plaintiffs worked for defendants and were not paid their regular or statutorily required rate of pay for all hours worked and were not paid at time and one-half for hours

1   they worked over 40 in a week.

2       51.   Defendants' policy and/or practice was to not compensate Plaintiffs for work

3   they suffered or permitted Plaintiffs to perform.

4       52.   Defendants knew Plaintiffs were supposed to receive such wages, however,

5   defendants willfully failed to pay for all hours when Plaintiffs worked.

6       53.   Defendants' practice is to be deliberately indifferent to these violations of the

7   statutory overtime requirements.

8       54.   The failure to pay overtime is willful.

9       55.   Examples of defendants' policies and practices to deprive Plaintiffs of their

10  earned wages and wage premiums are set forth below:

11          a.  **Subclass A:**  Defendants implemented a "Community Work Policy."
              Under the policy, defendants suffered or permitted their employees to
12            perform "Community Work" so as to increase revenues for defendants.
              Defendants did not compensate the employees for such time spent in
13            community work in furtherance of the employer's business under the
              "Community Work Policy."
14

15          b.  **Subclass B:**  Defendants implemented an "On Call Pay Policy."  Under
              the policy, employees were suffered or permitted to perform work by
16            handling calls and other work related issues after normal business hours,
              but defendants would not compensate employees for work performed
17            outside the regular workday, off-site from the funeral home.
18

19          c.  **Subclass C:**  Defendants' implemented a "Licensing Compensation
              Policy," which required that certain hourly employees train for and obtain
20            certain licenses.  Defendants did not pay for the training, test taking and
              continuing education requirements for those licenses despite suffering or
21            permitting employees to perform such work.
22

23          d.  **Subclass D:**  Defendants' "Training Compensation Policy" also required
              that certain hourly employees take other types of training.  Defendants
              did not pay for such training, despite suffering or permitting employees to
24            perform such work.
25

26          e.  **Subclass E:**   Defendants implemented a "Pre-Needs Appointment
              Policy."  Defendants suffered or permitted employees to meet with clients
              to discuss pre-need purchases.  To the degree that such appointments
27            were not considered part of the employees' schedule, the employees were
28            suffered or permitted to continue the appointments, but were not paid for

8

such time worked under the "Pre-Needs Appointment Policy." Defendants' management would sometimes attempt to justify this policy on the grounds that the employee would likely receive a commission if the client purchased a pre-needs product.

f.  **Subclass F:** Defendants implemented a "Meal Break Deduction Policy." Under the policy, defendants did not pay for lunch breaks. Defendants did, however, suffer and permit their employees to perform work during such meal breaks, but pursuant to defendants' "Meal Break Deduction Policy," time spent on meal "breaks" was still deducted from the employee's pay even when defendants suffered or permitted work to be performed during such "breaks."

g.  **Subclass G:** Defendants implemented a "Pre-Approval for Overtime Pay Policy." Under this policy, defendants only permitted payments for overtime if the overtime was pre-approved. Defendants suffered or permitted their employees to work overtime and therefore, the employees were entitled to overtime payments. However, defendants refused to make the legally required payments because the time was not "pre-approved" as required under the "Pre-Approval for Overtime Pay Policy."

h.  **Subclass H:** Defendants implemented an "Unrecorded Work Time Policy." Under this policy, defendants suffered or permitted plaintiffs to perform work, but directed that such work not be recorded. Defendants then refused to pay for the time worked under the "Unrecorded Work Time Policy" because, even though defendants knew that such time had been worked, it had not been "recorded."

i.  **Subclass I:** Defendants' policy was to not include all remuneration (such as bonuses and commissions) in the calculation of Plaintiffs' overtime.

56.  Defendants also failed to make, keep and preserve adequate and accurate records of the employment of Plaintiffs concerning their wages, hours and other conditions of employment.

57.  More specifically, the records kept by defendants failed to adequately and accurately disclose, among other things, hours worked each work day, total hours worked each work week and/or total overtime compensation for each work week.

9

AMENDED COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL

## CLAIM I

### FLSA

58.     The preceding paragraphs are incorporated herein as if fully set forth herein.

59.     Defendants willfully violated their obligations under the FLSA and are liable to Plaintiffs.

## CLAIM II

### FAILURE TO MAINTAIN PROPER RECORDS

60.     The preceding paragraphs are incorporated herein as if fully set forth herein.

61.     Defendants violated provisions of the FLSA by failing to make, keep, and preserve adequate and accurate records of the employment of Plaintiffs concerning their wages, hours and other conditions of employment; more specifically, the records kept by defendants failed to adequately and accurately disclose among other things, hours worked each work day, total hours worked each work week, and/or total overtime compensation for each work week and defendants are liable to Plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment against defendants in their favor and that they be given the following relief:

(a)     an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(b)     an award of the value of Plaintiffs' unpaid wages;

(c)     liquidated, compensatory, consequential and punitive damages;

(d)     an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating Plaintiffs' rights;

(e)     an award of pre- and post-judgment interest; and

(f)     such other and further legal or equitable relief as this Court deems to be just and appropriate.

/ / /

/ / /

/ / /

AMENDED COMPLAINT— Collective Action, DEMAND FOR JURY TRIAL

1                                               **JURY DEMAND**

2          Plaintiffs demand a jury to hear and decide all issues of fact.

3

4                                  Respectfully Submitted,
                                 ROSEN, BIEN & GALVAN, LLP

5

6

7 Date: March 5, 2008                      By:_/s/ Maria V. Morris_____

Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

DOLIN, THOMAS & SOLOMON LLP
J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Michael J. Lingle, NY Attorney No. 3925765
Annette Gifford, NY Attorney No. 4105870
Justin Cordello, NY Attorney No. 4131447
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256

Attorneys for Plaintiff

1   STEVEN H. GURNEE, ESQ. SB# 66056
    DAVID M. DANIELS, ESQ. SB# 170315
2   NICHOLAS P. FORESTIERE, ESQ. SB# 125118
    GURNEE & DANIELS LLP
3   2240 Douglas Boulevard, Suite 150
    Roseville, CA 95661-3805
4   Telephone    (916) 797-3100
    Facsimile     (916) 797-3131
5

6   Attorneys for Defendants
    ALDERWOODS GROUP, INC., SCI FUNERAL AND
7   CEMETERY PURCHASING COOPERATIVE, INC., and
    SCI WESTERN MARKET SUPPORT CENTER, L.P.
8   a/k/a SCI WESTERN MARKET SUPPORT CENTER, L.P.

9

10                  UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12

13   CLAUDE BRYANT, CRAIG FULCHER,     )  No. **3:07-CV-5696-SI**

14   SANFORD LEVINE and THOMAS       )
    THOMPSON et al., on behalf of themselves  )
15   and all other employees similarly situated,  )  [PROPOSED ORDER] GRANTING
                                )  DEFENDANTS ALDERWOODS GROUP,
16                            )  INC., SCI FUNERAL AND CEMETERY
            Plaintiffs,         )  PURCHASING COOPERATIVE, INC. AND
17                            )  SCI WESTERN MARKET SUPPORT
        vs.                  )  CENTER, L.P.'S MOTION TO DISMISS
18                            )  AMENDED COMPLAINT PURSUANT TO
    ALDERWOODS GROUP, INC., PAUL A.    )  FRCP 12(b)(6), MOTION TO DISMISS OR
19   HOUSTON, SERVICE CORPORATION     )  STRIKE PORTIONS OF THE AMENDED
    INTERNATIONAL, SCI FUNERAL AND    )  COMPLAINT PURSUANT TO FRCP
20   CEMETERY PURCHASING            )  12(b)(6) OR FRCP 12(f), AND MOTION
    COOPERATIVE, INC., SCI EASTERN    )  FOR A MORE DEFINITE STATEMENT
21   MARKET SUPPORT CENTER, L.P. SCI   )  PURSUANT TO FRCP 12(e)
    WESTERN MARKET SUPPORT CENTER,  )
22   L.P. a/k/a SCI WESTERN MARKET     )  Date:  May 9, 2008
    SUPPORT CENTER, INC., SCI HOUSTON  )  Time:  9:00  a.m.
23   MARKET SUPPORT CENTER, L.P., and   )  Dept:  10
    JOHN DOES 1-3, et al.              )
24                            )  AMENDED COMPLAINT FILED 3/5/2008
                           )  TRIAL DATE: NONE
25             Defendants.       )
26   _____ )

27

28

**PROPOSED ORDER GRANTING DEFENDANTS MOTIONS**           1
**Case No. 3:07-CV-5696-SI**

1        Defendants Alderwoods Group, Inc., SCI Funeral And Cemetery Purchasing Cooperative,

2    Inc., and SCI Western Market Support Center, L.P.'s Motions to Dismiss, Strike and for a More

3    Definite Statement came on for hearing before this Court.  After consideration of the briefs and

4    arguments of counsel, and all other matters presented to this Court:

5        IT IS HEREBY ORDERED that Defendants' Motions are granted.

6

Dated:_____        _____

7                            United States District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED ORDER GRANTING DEFENDANTS MOTIONS**    2
**Case No. 3:07-CV-5696-SI**