# GURNEE & DANIELS LLP

ATTORNEYS AT LAW
2240 DOUGLAS BOULEVARD, SUITE 150
ROSEVILLE, CALIFORNIA 95661

WWW.GURNEELAW.COM

STEVEN H. GURNEE
DAVID M. DANIELS
JOHN A. MASON

NICHOLAS P. FORESTIERE
TOBY M. MAGARIAN
ELLEN C. ARABIAN-LEE
CANDACE H. SHIRLEY

OF COUNSEL
JERRY M. DUNCAN

TELEPHONE (916) 797-3100
FACSIMILE (916) 797-3131

October 15, 2009

**VIA ELECTRONIC FILING AND HAND DELIVERY**
Honorable Susan Illston
United States District Court
Northern District of California, Dept. 10
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Helm, et al. v. Alderwoods Group, Inc.*, No. CV 08-1184-SI

Dear Judge Illston:

Defendant Alderwoods Group, Inc. ("Alderwoods") submits the following letter brief pursuant to the Court's Standing Order re discovery disputes, following good faith (but unsuccessful) meet and confer efforts as required by Civil Local Rule 37-1. Specifically, Alderwoods requests that the Court compel Plaintiffs to provide Alderwoods with a date before October 30, 2009 when affiant Heidi Fontaine ("Fontaine") will appear for a deposition and to either accept service of a deposition subpoena for Fontaine or provide Alderwoods with her current address so that Alderwoods may serve the subpoena on her directly.

In support of their Motion for Class Certification ("Certification Motion") [Dkt. No. 187], Plaintiffs filed over 90 exhibits, including sworn affirmations from 26 employees. The current briefing and hearing schedule requires Alderwoods to file its response brief by November 13, 2009 with hearing scheduled for December 16, 2009. Acknowledging this tight schedule and the significant allegations to which Alderwoods must respond, the Court directed Plaintiffs at the September 25, 2009 Case Management Conference to cooperate with Alderwoods to facilitate the discovery needed for Alderwoods' opposition brief. Such cooperation requires, for example, accepting service of deposition subpoenas for Plaintiffs' affiants whom Alderwoods seeks to depose. The Court further stated that it would entertain a request to extend the briefing schedule and hearing date for the class certification motion depending upon the amount of reasonable discovery that was needed and the level of cooperation of the Plaintiffs in providing that discovery.

Hon. Susan Illston
Re: *Helm v. Alderwoods Group, Inc.*
October 15, 2009
Page 2

_____

Alderwoods has advised Plaintiffs that it intends to depose seven of Plaintiffs' affiants (namely, Stacey Weinstein, Sandy Thomas, Richard Kamienski, Dennis Baker, Heidi Fontaine, Rick Hensley and Herbert Bath) in order to prepare its response to Plaintiffs' Certification Motion. Alderwoods is prepared to take these depositions as soon as Plaintiffs make their affiants available and, in fact, provided Plaintiffs with a proposed deposition schedule that would conclude all seven depositions before October 30, 2009. (*See* Oct. 12, 2009 E-Mail from John Mason to Annette Gifford, attached hereto as Exhibit "A.") Alderwoods further advised Plaintiffs that if these seven individuals are not made available for deposition by the end of October, Alderwoods would seek to extend the briefing and hearing schedule.[1]

Upon receipt of Alderwoods' proposed deposition schedule, Plaintiffs stated that they will not "secure Heidi Fontaine's appearance at deposition." (*See* Oct. 13, 2009 E-Mails between Annette Gifford and John Mason, attached hereto as Exhibits "B" through "D.")

Plaintiffs have filed two affirmations submitted by Fontaine as affirmative evidence in support of their Certification Motion. Plaintiffs cannot be permitted to block Alderwoods from having a fair opportunity to test Fontaine's broad and sweeping allegations in deposition before being required to respond to their Certification Motion. Notably, this Certification Motion is not the first time Plaintiffs have submitted Fontaine's testimony in Federal Court to seek certification of their purported class action claims against Alderwoods. Fontaine is an opt-in plaintiff (represented by identical Plaintiffs' counsel as in this case) in *Prise v. Alderwoods*, Civ. A. No. 06-1641 (W.D. Pa.), the first putative class action Plaintiffs filed against Alderwoods and the precursor to the instant case.[2] In *Prise*, Plaintiffs' claims are stated under the Fair Labor Standards Act (FLSA), and thus that case is an opt-in action governed by § 216(b) of the FLSA. In that case, Plaintiffs submitted Fontaine's affirmations in support of their Motion for Collective Action Notification 18 months ago on April 30, 2008, and yet her testimony has remained insulated and untested because Plaintiffs have failed to produce her for a deposition for nearly a year. After repeatedly supplying Plaintiffs with proposed deposition dates for plaintiff Fontaine in *Prise*, Alderwoods ultimately noticed Fontaine's deposition for July 6, 2009, only to be notified that Fontaine would not appear. *See* June 22, 2009 Letter from Annette Gifford to Brent Knight, attached hereto as Exhibit "E." Accordingly, Judge Joy Flowers Conti of the Western District of Pennsylvania issued a personal,

_____

[1] Plaintiffs already have taken the position that they will not stipulate to an extension of the schedule in any event.

[2] When filed, the *Prise* action included Plaintiffs' federal and state law claims against Alderwoods. The *Prise* Court declined to exercise supplemental jurisdiction and dismissed Plaintiffs' state law claims. Thus, Plaintiffs filed the instant action.

Hon. Susan Illston
Re: *Helm v. Alderwoods Group, Inc.*
October 15, 2009
Page 3

individualized order to Fontaine on August 14, 2009 compelling her to appear for a deposition by September 11, 2009. *See* Order of Court to Heidi Fontaine, attached hereto as Exhibit "F." Fontaine has still refused to comply with the court's order, necessitating additional motions which remain pending in *Prise*.

Notwithstanding Fontaine's consistent disregard for court orders and refusal to appear in *Prise*, Plaintiffs again submitted and made nine explicit references to Fontaine's unchallenged and self-serving affirmations in support of their Certification Motion before this Court. Plaintiffs cannot be permitted to submit this affirmative evidence and then refuse to produce Fontaine for deposition in order to insulate her testimony from cross-examination.

As time is of the essence, Alderwoods respectfully requests that the Court order Plaintiffs to immediately provide a date before October 30, 2009 when Fontaine will appear for her deposition and either accept service of Fontaine's deposition subpoena or provide Alderwoods with her current address so that Alderwoods may serve Fontaine personally.

Thank you for your consideration.

Very truly yours,

GURNEE & DANIELS LLP

John A. Mason

JAM:cfn

cc:     All Counsel (*via* electronic filing)



## John A. Mason

| | |
|---|---|
| **From:** | John A. Mason |
| **Sent:** | Monday, October 12, 2009 9:37 AM |
| **To:** | 'Annette Gifford' |
| **Cc:** | 'nthomas@theemploymentattorneys.com'; Nicholas Forestiere; 'Amy E. Dias'; 'Williams, Lonnie J. Jr.'; Steven H. Gurnee; 'Matthew W. Lampe'; 'Patrick Solomon'; 'Charles Saul' |

**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods

Annette:

Thank you for your e-mail this morning concerning proposed discovery in the above-captioned matters which defendants believe is both permitted and necessary in order to respond to plaintiffs' voluminous class certification motions in the above-captioned matters.

As for *Helm,* we are unable to take the depositions in question on the following dates:  October 14, 16, 19 and 26.  We would like to depose the seven witnesses pursuant to the following schedule:

October 15 at 11:30 a.m.  - Stacey Weinstein

October 20 at 10:00 a.m. - Sandy Thomas

October 21 at 9:00 a.m. - Richard Kamienski

October 22 at 8:30 a.m. - Dennis Baker

October 27 at 9:00 a.m. - Heidi Fontaine

October 28 at 10:00 a.m. - Rick Hensley

October 29 at 10:00 a.m. - Herbert Bath

With respect to the five witnesses in *Helm* being deposed who are not named plaintiffs (i.e., Kamienski, Baker, Fontaine, Hensley and Bath), please let us know today if your office will accept service of the subpoenas for their depositions.  If not, we will begin the process of serving them immediately.  Given the extremely short time period that we have in which to accomplish these depositions, please be advised that if any delay results in serving these subpoenas because of lack of cooperation or incorrect contact information listed in the witnesses' affidavits, we will seek an extension of the briefing schedule and hearing date commensurate with the delay resulting from

plaintiffs' counsel's refusal to accept service of the subpoenas on behalf of those individuals.

With respect to the proposed discovery in the *Bryant* matter, you confirmed in your e-mail that plaintiffs will not agree to extend the briefing schedule or the hearing date for the class certification motion, despite the fact that no discovery (other than personal jurisdiction discovery) has occurred in *Bryant* and no discovery has yet to take place in *Stickle.* Given that position, we believe that we have no choice but to proceed with filing a motion with Judge Illston asking that she extend the briefing schedule and hearing date/ As I indicated in my e-mail of last Friday, defendants' interrogatories and requests for production of documents will be served today on the 12 named plaintiffs. I will send courtesy copies to you by electronic mail today as soon as they are formatted. So as to expedite things, please also let me know today if you will accept service of this written discovery via electronic mail and/or if you will agree to shorten the time for responses to same. In addition to extending the applicable briefing deadlines and hearing date, defendants' motion will seek authority to serve this same written discovery on the absent class member affiants, unless we can reach a stipulation on this issue by the end of today. Further, absent a similar stipulation, the motion will also seek authority to conduct the depositions of certain absent class member affiants (with the understanding that the total number of depositions will be limited to 18.)

I look forward to hearing from you as soon as possible concerning these matters. Should you have any questions or concerns, I will be in my office most of the day, or you can reach me by cell: (916) 390-8325.

John

*John A. Mason, Esq.*

*Gurnee & Daniels LLP*

*2240 Douglas Boulevard, Suite 150*

*Roseville, CA  95661-3875*

*Tel:  916-797-3100*

*Fax:  916-797-3131*

-------------------------------------------------------------------

*Notice of Confidentiality:*

*This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please immediately notify me by e-mail (by replying to this message) or telephone (noted below) and permanently delete the original and any copy of any e-mail and any printout thereof.  Thank you for your cooperation with respect to this matter.*

*Telephone number:  916-797-3100*

-------------------------------------------------------------------

**From:** Annette Gifford [mailto:agifford@theemploymentattorneys.com]
**Sent:** Monday, October 12, 2009 5:59 AM
**To:** John A. Mason
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; 'Amy E. Dias'; 'Williams, Lonnie J. Jr.'; Steven H. Gurnee; 'Matthew W. Lampe'; 'Patrick Solomon'; 'Charles Saul'
**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods

John,

 Thanks for your follow up email.  While we disagree with several of your points, including your characterizations of plaintiffs' positions, I think it is most productive if we focus on your proposed discovery.

 As an initial matter, we agree that discovery is "open" in both cases and we will work with you, as efficiently and fairly as possible, to move forward on the discovery you seek. However, we do not agree with your characterization of Judge Illston's statements in the conference call. In your e-mail you labeled this discovery as "pre-certification" discovery. Based on the call with Judge Illston, we do not believe that this is "pre-certification" discovery, or in any way needs to be completed before the class certification motions are submitted. However, we understand that Judge Illston did envision normal discovery moving forward on a parallel track and we do intend to get you timely responses and we do not intend to delay this process even while the motion is being briefed or is pending.

 To that end, thank you for providing the names of the seven individuals you intend to depose in the *Helm* matter on Friday. We have already started the process of seeing whose deposition we can obtain

and will update you when we determine which witnesses are available and the dates on which they are available. Hopefully those can be completed by October 30. Please let us know by Wednesday any dates you are NOT available for depositions.

 With respect to the *Bryant* discovery, we understand you intend to serve 13 interrogatory requests and 10 document requests on each of 28 individuals, followed by 18 depositions.  However, although I understand they are drafted and ready to be served, we have not yet seen the written discovery you propose.  Without having an opportunity to review those materials, as I proposed in my email last week, we are not in a position to provide a response as to whether we think the proposed discovery is reasonable and appropriate, or to commit to a timeframe for discovery.  Please provide us your proposed written discovery and we will provide you our position on that discovery as soon thereafter as we are able.

 That said, we understand your concern about moving forward efficiently and we are willing to cooperate as much as we are able, given practical issues involved with providing responses and scheduling depositions.  However, I would also note that we are now two weeks out from the CMC and have yet to be served with (or provided any detail regarding) the discovery you propose.

 With respect to the hearing date and briefing schedule for both motions, however, and as stated in Nelson Thomas' email to Nick following the September 25, 2009 CMC, we remain disinclined to move those dates.

Annette



**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

Annette Gifford, Esq.
693 East Avenue, Rochester, NY 14607
**tel:** 585.272.0540   **fax:** 585.272.0574
www.theemploymentattorneys.com

*The information contained in this e-mail message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail.*

**From:** John A. Mason [mailto:john@gurnee-law.com]
**Sent:** Friday, October 09, 2009 7:24 PM
**To:** Annette Gifford
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; Amy E. Dias; Williams, Lonnie J. Jr.; Steven H. Gurnee; Matthew W. Lampe
**Subject:** Bryant v. SCI; Helm v. Alderwoods

Annette:

This will serve to summarize our discussions during this afternoon's conference call concerning the above-captioned matters, which was attended by the undersigned, Nicholas Forestiere, Amy Dias of the Jones Day law firm and Lonnie Williams of Quarles & Brady. Ms. Dias and Mr. Williams (as well as Matt Lampe from Jones Day) will be assisting us with the class certification opposition briefs and related discovery, and we will be filing their *pro hac vice* applications next week.

As you know, both of the class certification motions are currently set to be heard by Judge Illston on December 16, 2009, and the current deadline for defendants to file their opposition briefs is November 13, 2009. The purpose of our call today was to outline to you what pre-certification discovery defendants propose to conduct and how that will likely affect the briefing schedule and hearing dates for the respective motions.

We were disappointed to again hear the plaintiffs set forth their incorrect position that no discovery whatsoever is required or permitted by either side prior to the hearing on both class certification motions. Judge Illston stated at the CMC hearing that plaintiffs' position was flatly incorrect. According to Nick Forestiere, who attended the CMC hearing by telephone, Judge Illston ordered that discovery was "open" for both cases, and that she hoped it would focus on the certification issues. Judge Illston directed the plaintiffs' counsel to cooperate with defense counsel in order to give them the discovery needed for defendants' opposition briefs, given the initial briefing schedule and hearing dates she set, and indicated that she would be available to resolve any issues or disputes such matters, including adjusting the hearing dates to allow the discovery needed by the defendants. Judge Illston did *not* state that defendants were limited to only 10 depositions per case. Instead, she stated that she did not believe that taking 54 depositions in the *Helm* matter (based upon the 54 affidavits and excerpts from depositions) would be warranted, but that a sufficient number of depositions would be allowed based upon the purported patterns of violations alleged by the plaintiffs. Neither Judge Illston nor Mr. Forestiere was unable to

estimate at that time how many depositions would be sufficient, since neither of them had the opportunity to review all of the evidence in both of these voluminous motions. However, Judge Illston did comment on the fact that the Federal Rules of Civil Procedure limit each side to 10 depositions for each case, unless the parties stipulate or the court order otherwise. Judge Illston went on to indicate she would be available to determine what would be a reasonable number of additional depositions beyond those permitted by the Rules, but that she first expected the parties to attempt to resolve such matters by stipulation.

With the above in mind, Defendants are willing to live with the current briefing and hearing schedule with regard to the *Helm* case and to forego any written discovery, provided that the plaintiffs will not be conducting any discovery (since they vehemently believe that they do not need to conduct any), and provided that defendants are willing to stipulate to defendants taking the depositions of seven (7) individuals who executed affidavits in support of plaintiffs' motion between Monday, October 19 and Friday, October 30, 2009. Specifically, we would like to depose the following individuals (the names of which we gave you at our meeting today): Herbert Bath; Rick Hensley; Richard Kamienski; Sandy Thomas; Stacey Weinstin; Dennis Baker and Heidi Fontaine. If the depositions cannot be completed by October 30, 2009, the briefing schedule and hearing date for the *Helm* motion for class certification will obviously have to be continued, hopefully by way of a stipulation between the parties. Defendants willingness to substantially limit the pre-certification discovery in *Helm* is based on our impression that many (but certainly not all) of the factual bases for plaintiffs' certification motion in *Helm* are substantially similar to those in the *Prise* case, where the parties have already conducted a substantial amount of discovery concerning those issues.

With regard to *Bryant*, we believe that the circumstances are far different from those in *Helm* given the fact that discovery was not even open (aside from personal jurisdiction discovery) prior to the Case Management Conference on September 25, 2009, and there has also been no discovery to date in the related FLSA case (*Stickle*.) Given such facts, defendants propose to conduct the following pre-certification discovery: (a) written discovery consisting of 13 special interrogatories and 10 requests for production of documents will be propounded to each of the named plaintiffs and to each of the absent class members who executed affidavits in support of plaintiffs' class certification motion (28 people in all); and (b) oral depositions will be taken of 18 named plaintiffs and absent class member affiants. (We are in the process of identifying the 18 individuals that defendants would like to depose.) Obviously, the length of time required to complete this discovery will depend on many factors including whether your office will agree to accept service on behalf of the absent class member affiants, whether

plaintiffs will agree to shorten the time to serve responses to the written discovery, and the availability of the deponents for their respective depositions.  However, we believe that the briefing schedule and hearing date for the *Bryant* motion for class certification will clearly need to be extended by at least 60 days in order to complete the necessary discovery without causing undue prejudice to the parties.

After we outlined defendants' position to you during today's conference call, you advised us that you did not have authority at that time to agree to any of defendants' proposals, but that you would discuss these issues with the other plaintiffs' counsel and get back to us with a response as soon as possible.  Obviously, each day that we cannot come to an agreement on the necessary pre-certification discovery further hampers defendants' ability to respond to the class certification motions.  Thus, if we cannot come to an agreement by 5 p.m. Pacific Time on Monday, October 12, 2009, we will have no choice but to seek an order from the court permitting the above-referenced discovery and adjusting the briefing schedule and hearing date in the *Bryant* case.  We will make ourselves available at any time on Monday for a further conference call on these matters should you believe it to be necessary.  I can also be reached over the weekend, either by e-mail or on my cell phone:  (916) 390-8325.

Thank you for your professional courtesy and cooperation.  We look forward to hearing from you on Monday, if not before.

*John A. Mason, Esq.*

*Gurnee & Daniels LLP*

*2240 Douglas Boulevard, Suite 150*

*Roseville, CA  95661-3875*

*Tel:  916-797-3100*

*Fax:  916-797-3131*

--------------------------------------------------------------------

*Notice of Confidentiality:*

*This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in*

*error, please immediately notify me by e-mail (by replying to this message) or telephone (noted below) and permanently delete the original and any copy of any e-mail and any printout thereof.  Thank you for your cooperation with respect to this matter.*

*Telephone number:  916-797-3100*

--------------------------------------------------------------------



## John A. Mason

| | |
|---|---|
| **From:** | Annette Gifford [agifford@theemploymentattorneys.com] |
| **Sent:** | Tuesday, October 13, 2009 8:20 AM |
| **To:** | John A. Mason |
| **Cc:** | nthomas@theemploymentattorneys.com; Nicholas Forestiere; 'Amy E. Dias'; 'Williams, Lonnie J. Jr.'; Steven H. Gurnee; 'Matthew W. Lampe'; 'Patrick Solomon'; 'Charles Saul' |

**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods

John,

Thanks for providing the discovery requests, which we are in the process of reviewing. It probably does make sense for you to also formally serve them so we will have an official due date, although we will to the extent possible work toward getting responses as efficiently as we can.

With respect to the depositions, Rick Hensley has told us he is available and willing to appear for deposition on the 28th as you proposed, but has requested that the deposition start earlier in the morning—8am if possible, but at least 9am—could you please confirm this accommodation? Also, Dennis Baker has said he is willing to appear for deposition but is unlikely to be available next Thursday, as you proposed. We expect to be able to provide you alternative dates for his deposition within the next day or so. Additionally, please note that Mr. Baker recently moved from Idaho to Arizona; we will forward his new address to you when we receive it. Finally, we do not anticipate that we will be able to secure Heidi Fontaine's appearance at deposition. We will continue to provide you further updates and information as it becomes available.

Thanks.


Annette


**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

Annette Gifford, Esq.
693 East Avenue, Rochester, NY 14607
**tel:** 585.272.0540   **fax:** 585.272.0574
www.theemploymentattorneys.com

*The information contained in this e-mail message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail.*



**From:** John A. Mason [mailto:john@gurnee-law.com]
**Sent:** Monday, October 12, 2009 5:26 PM
**To:** Annette Gifford
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; Amy E. Dias; Williams, Lonnie J. Jr.; Steven H. Gurnee; Matthew W. Lampe; Patrick Solomon; Charles Saul
**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods

Annette:

The written discovery to the 12 named plaintiffs in *Bryant* was just e-mailed to you by my legal assistant, Deseree.  Can you agree that this is proper service or should I send them via overnight mail as well?

As for *Bryant*, obviously the most immediate concern is extending the hearing date and related briefing deadlines.  We have committed to sticking with the schedule established at the Status Conference with respect to the *Helm* matter, provided that we can complete the 7 depositions by the end of October.  However, the *Bryant* matter is entirely different given the fact that no discovery has occurred in either *Bryant* or *Stickle,* and forcing defendants to respond to such a voluminous and complex class certification motion without first having a *reasonable* opportunity to conduct necessary discovery would simply be unjust.  To that end, I hope you and your co-counsel will reconsider your unwillingness to budge on the hearing and briefing dates.  If we can't reach an agreement on that by tomorrow at noon (Pacific), we will have no choice but to file a motion to extend that time.

Best regards,

John


*John A. Mason, Esq.*

*Gurnee & Daniels LLP*

*2240 Douglas Boulevard, Suite 150*

*Roseville, CA  95661-3875*

*Tel:  916-797-3100*

*Fax:  916-797-3131*


10/15/2009

---------------------------------------------------------------------

*Notice of Confidentiality:*

*This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please immediately notify me by e-mail (by replying to this message) or telephone (noted below) and permanently delete the original and any copy of any e-mail and any printout thereof.  Thank you for your cooperation with respect to this matter.*

*Telephone number:  916-797-3100*

---------------------------------------------------------------------

**From:** Annette Gifford [mailto:agifford@theemploymentattorneys.com]
**Sent:** Monday, October 12, 2009 1:51 PM
**To:** John A. Mason
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; 'Amy E. Dias'; 'Williams, Lonnie J. Jr.'; Steven H. Gurnee; 'Matthew W. Lampe'; 'Patrick Solomon'; 'Charles Saul'
**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods

John,

Thanks for your response.

As an initial matter, following your latest email I received an email from Lonnie characterizing as "not reasonable" our request that defendants provide prompt feedback regarding the finalized form of notice in *Stickle*.  In light of the accommodations defendants are requesting with respect to this discovery, as well as the minor nature of the changes to the 5-page notice and the looming deadline for production of names, after which notice will immediately be sent, we were surprised at the tone and response to our request.  While we remain willing to cooperate with you on accomplishing this discovery as promptly as possible, we expect defendants to extend the same courtesies.

We are working on trying to secure the appearance at deposition of the seven deponents you requested and, as I stated earlier, will inform you as soon as we have further information in that regard.  While we will try to accommodate the dates you propose, we are not in a position to commit to those dates at this time.  With respect to the other issues raised in your email, we are conferring with co-counsel and will get back to you.  I

would also note, again, however, that we have still not received copies of the written discovery you

propose and thus are not in a position to comment on its reasonableness or appropriate timeframes for

responses.


Annette




Annette Gifford, Esq.
693 East Avenue, Rochester, NY 14607
**tel:** 585.272.0540   **fax:** 585.272.0574
www.theemploymentattorneys.com

*The information contained in this e-mail message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail.*




**From:** John A. Mason [mailto:john@gurnee-law.com]
**Sent:** Monday, October 12, 2009 12:37 PM
**To:** Annette Gifford
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; Amy E. Dias; Williams, Lonnie J. Jr.; Steven H. Gurnee; Matthew W. Lampe; Patrick Solomon; Charles Saul
**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods


Annette:


Thank you for your e-mail this morning concerning proposed discovery in the above-captioned matters

which defendants believe is both permitted and necessary in order to respond to plaintiffs' voluminous class

certification motions in the above-captioned matters.


As for *Helm,* we are unable to take the depositions in question on the following dates:  October 14, 16, 19

and 26.  We would like to depose the seven witnesses pursuant to the following schedule:

October 15 at 11:30 a.m.  - Stacey Weinstein

October 20 at 10:00 a.m. - Sandy Thomas

October 21 at 9:00 a.m. - Richard Kamienski

October 22 at 8:30 a.m. - Dennis Baker

October 27 at 9:00 a.m. - Heidi Fontaine

October 28 at 10:00 a.m. - Rick Hensley

October 29 at 10:00 a.m. - Herbert Bath

With respect to the five witnesses in *Helm* being deposed who are not named plaintiffs (i.e., Kamienski, Baker, Fontaine, Hensley and Bath), please let us know today if your office will accept service of the subpoenas for their depositions.  If not, we will begin the process of serving them immediately.  Given the extremely short time period that we have in which to accomplish these depositions, please be advised that if any delay results in serving these subpoenas because of lack of cooperation or incorrect contact information listed in the witnesses' affidavits, we will seek an extension of the briefing schedule and hearing date commensurate with the delay resulting from plaintiffs' counsel's refusal to accept service of the subpoenas on behalf of those individuals.

With respect to the proposed discovery in the *Bryant* matter, you confirmed in your e-mail that plaintiffs will not agree to extend the briefing schedule or the hearing date for the class certification motion, despite the fact that no discovery (other than personal jurisdiction discovery) has occurred in *Bryant* and no discovery has yet to take place in *Stickle*.  Given that position, we believe that we have no choice but to proceed with filing a motion with Judge Illston asking that she extend the briefing schedule and hearing date/  As I indicated in my e-mail of last Friday, defendants' interrogatories and requests for production of documents will be served today on the 12 named plaintiffs.  I will send courtesy copies to you by electronic mail today as soon as they are formatted.  So as to expedite things, please also let me know today if you will accept service of this written discovery via electronic mail and/or if you will agree to shorten the time for responses to same.  In addition to extending the applicable briefing deadlines and hearing date, defendants' motion will seek authority to serve this same written discovery on the absent class member affiants, unless we can reach a stipulation on this issue by the end of today.  Further, absent a similar stipulation, the motion will also seek authority to conduct the depositions of certain absent class member

affiants (with the understanding that the total number of depositions will be limited to 18.)

I look forward to hearing from you as soon as possible concerning these matters.  Should you have any questions or concerns, I will be in my office most of the day, or you can reach me by cell:  (916) 390-8325.

John

*John A. Mason, Esq.*

*Gurnee & Daniels LLP*

*2240 Douglas Boulevard, Suite 150*

*Roseville, CA  95661-3875*

*Tel:  916-797-3100*

*Fax:  916-797-3131*

--------------------------------------------------------------

*Notice of Confidentiality:*

*This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please immediately notify me by e-mail (by replying to this message) or telephone (noted below) and permanently delete the original and any copy of any e-mail and any printout thereof.  Thank you for your cooperation with respect to this matter.*

*Telephone number:  916-797-3100*

--------------------------------------------------------------

**From:** Annette Gifford [mailto:agifford@theemploymentattorneys.com]
**Sent:** Monday, October 12, 2009 5:59 AM
**To:** John A. Mason
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; 'Amy E. Dias'; 'Williams, Lonnie J. Jr.'; Steven H. Gurnee; 'Matthew W. Lampe'; 'Patrick Solomon'; 'Charles Saul'
**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods

John,

Thanks for your follow up email.  While we disagree with several of your points, including your characterizations of plaintiffs' positions, I think it is most productive if we focus on your proposed discovery.

As an initial matter, we agree that discovery is "open" in both cases and we will work with you, as efficiently and fairly as possible, to move forward on the discovery you seek. However, we do not agree with your characterization of Judge Illston's statements in the conference call. In your e-mail you labeled this discovery as "pre-certification" discovery. Based on the call with Judge Illston, we do not believe that this is "pre-certification" discovery, or in any way needs to be completed before the class certification motions are submitted. However, we understand that Judge Illston did envision normal discovery moving forward on a parallel track and we do intend to get you timely responses and we do not intend to delay this process even while the motion is being briefed or is pending.

To that end, thank you for providing the names of the seven individuals you intend to depose in the *Helm* matter on Friday. We have already started the process of seeing whose deposition we can obtain and will update you when we determine which witnesses are available and the dates on which they are available. Hopefully those can be completed by October 30. Please let us know by Wednesday any dates you are NOT available for depositions.

With respect to the *Bryant* discovery, we understand you intend to serve 13 interrogatory requests and 10 document requests on each of 28 individuals, followed by 18 depositions.  However, although I understand they are drafted and ready to be served, we have not yet seen the written discovery you propose.  Without having an opportunity to review those materials, as I proposed in my email last week, we are not in a position to provide a response as to whether we think the proposed discovery is reasonable and appropriate, or to commit to a timeframe for discovery.  Please provide us your proposed written discovery and we will provide you our position on that discovery as soon thereafter as we are able.

That said, we understand your concern about moving forward efficiently and we are willing to cooperate as much as we are able, given practical issues involved with providing responses and scheduling depositions.  However, I would also note that we are now two weeks out from the CMC and

have yet to be served with (or provided any detail regarding) the discovery you propose.

 With respect to the hearing date and briefing schedule for both motions, however, and as stated in

Nelson Thomas' email to Nick following the September 25, 2009 CMC, we remain disinclined to move

those dates.

Annette

**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

Annette Gifford, Esq.
693 East Avenue, Rochester, NY 14607
**tel:** 585.272.0540   **fax:** 585.272.0574
www.theemploymentattorneys.com

*The information contained in this e-mail message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail.*



---

**From:** John A. Mason [mailto:john@gurnee-law.com]
**Sent:** Friday, October 09, 2009 7:24 PM
**To:** Annette Gifford
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; Amy E. Dias; Williams, Lonnie J. Jr.; Steven H. Gurnee; Matthew W. Lampe
**Subject:** Bryant v. SCI; Helm v. Alderwoods

Annette:

        This will serve to summarize our discussions during this afternoon's conference call concerning the above-captioned matters, which was attended by the undersigned, Nicholas Forestiere, Amy Dias of the Jones Day law firm and Lonnie Williams of Quarles & Brady.  Ms. Dias and Mr. Williams (as well as Matt Lampe from Jones Day) will be assisting us with the class certification opposition briefs and related discovery, and we will be filing their *pro hac vice* applications next week.

        As you know, both of the class certification motions are currently set to be heard by Judge Illston on

December 16, 2009, and the current deadline for defendants to file their opposition briefs is November 13, 2009. The purpose of our call today was to outline to you what pre-certification discovery defendants propose to conduct and how that will likely affect the briefing schedule and hearing dates for the respective motions.

We were disappointed to again hear the plaintiffs set forth their incorrect position that no discovery whatsoever is required or permitted by either side prior to the hearing on both class certification motions. Judge Illston stated at the CMC hearing that plaintiffs' position was flatly incorrect. According to Nick Forestiere, who attended the CMC hearing by telephone, Judge Illston ordered that discovery was "open" for both cases, and that she hoped it would focus on the certification issues. Judge Illston directed the plaintiffs' counsel to cooperate with defense counsel in order to give them the discovery needed for defendants' opposition briefs, given the initial briefing schedule and hearing dates she set, and indicated that she would be available to resolve any issues or disputes such matters, including adjusting the hearing dates to allow the discovery needed by the defendants. Judge Illston did *not* state that defendants were limited to only 10 depositions per case. Instead, she stated that she did not believe that taking 54 depositions in the *Helm* matter (based upon the 54 affidavits and excerpts from depositions) would be warranted, but that a sufficient number of depositions would be allowed based upon the purported patterns of violations alleged by the plaintiffs. Neither Judge Illston nor Mr. Forestiere was unable to estimate at that time how many depositions would be sufficient, since neither of them had the opportunity to review all of the evidence in both of these voluminous motions. However, Judge Illston did comment on the fact that the Federal Rules of Civil Procedure limit each side to 10 depositions for each case, unless the parties stipulate or the court order otherwise. Judge Illston went on to indicate she would be available to determine what would be a reasonable number of additional depositions beyond those permitted by the Rules, but that she first expected the parties to attempt to resolve such matters by stipulation.

With the above in mind, Defendants are willing to live with the current briefing and hearing schedule with regard to the *Helm* case and to forego any written discovery, provided that the plaintiffs will not be conducting any discovery (since they vehemently believe that they do not need to conduct any), and provided that defendants are willing to stipulate to defendants taking the depositions of seven (7) individuals who executed affidavits in support of plaintiffs' motion between Monday, October 19 and Friday, October 30, 2009. Specifically, we would like to depose the following individuals (the names of which we gave you at our meeting today): Herbert Bath; Rick Hensley; Richard Kamienski; Sandy Thomas; Stacey Weinstin; Dennis Baker and Heidi Fontaine. If the depositions cannot be completed by October 30, 2009, the briefing schedule and hearing date for the *Helm* motion

for class certification will obviously have to be continued, hopefully by way of a stipulation between the parties. Defendants willingness to substantially limit the pre-certification discovery in *Helm* is based on our impression that many (but certainly not all) of the factual bases for plaintiffs' certification motion in *Helm* are substantially similar to those in the *Prise* case, where the parties have already conducted a substantial amount of discovery concerning those issues.

   With regard to *Bryant*, we believe that the circumstances are far different from those in *Helm* given the fact that discovery was not even open (aside from personal jurisdiction discovery) prior to the Case Management Conference on September 25, 2009, and there has also been no discovery to date in the related FLSA case (*Stickle*.)  Given such facts, defendants propose to conduct the following pre-certification discovery:  (a) written discovery consisting of 13 special interrogatories and 10 requests for production of documents will be propounded to each of the named plaintiffs and to each of the absent class members who executed affidavits in support of plaintiffs' class certification motion (28 people in all); and (b) oral depositions will be taken of 18 named plaintiffs and absent class member affiants.  (We are in the process of identifying the 18 individuals that defendants would like to depose.)  Obviously, the length of time required to complete this discovery will depend on many factors including whether your office will agree to accept service on behalf of the absent class member affiants, whether plaintiffs will agree to shorten the time to serve responses to the written discovery, and the availability of the deponents for their respective depositions.  However, we believe that the briefing schedule and hearing date for the *Bryant* motion for class certification will clearly need to be extended by at least 60 days in order to complete the necessary discovery without causing undue prejudice to the parties.

   After we outlined defendants' position to you during today's conference call, you advised us that you did not have authority at that time to agree to any of defendants' proposals, but that you would discuss these issues with the other plaintiffs' counsel and get back to us with a response as soon as possible.  Obviously, each day that we cannot come to an agreement on the necessary pre-certification discovery further hampers defendants' ability to respond to the class certification motions.  Thus, if we cannot come to an agreement by 5 p.m. Pacific Time on Monday, October 12, 2009, we will have no choice but to seek an order from the court permitting the above-referenced discovery and adjusting the briefing schedule and hearing date in the *Bryant* case.  We will make ourselves available at any time on Monday for a further conference call on these matters should you believe it to be necessary.  I can also be reached over the weekend, either by e-mail or on my cell phone:  (916) 390-8325.

   Thank you for your professional courtesy and cooperation.  We look forward to hearing from you on

Monday, if not before.

*John A. Mason, Esq.*

*Gurnee & Daniels LLP*

*2240 Douglas Boulevard, Suite 150*

*Roseville, CA  95661-3875*

*Tel:  916-797-3100*

*Fax:  916-797-3131*

-------------------------------------------------------------------

*Notice of Confidentiality:*

*This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please immediately notify me by e-mail (by replying to this message) or telephone (noted below) and permanently delete the original and any copy of any e-mail and any printout thereof.  Thank you for your cooperation with respect to this matter.*

*Telephone number:  916-797-3100*

-------------------------------------------------------------------



## John A. Mason

**From:**   John A. Mason
**Sent:**   Tuesday, October 13, 2009 8:47 AM
**To:**   'Annette Gifford'
**Cc:**   'nthomas@theemploymentattorneys.com'; Nicholas Forestiere; 'Amy E. Dias'; 'Williams, Lonnie J. Jr.'; Steven H. Gurnee; 'Matthew W. Lampe'; 'Patrick Solomon'; 'Charles Saul'
**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods

Annette:

> Can you please confirm for us that your office will, in fact, accept service for the *Helm* deponents?  That wasn't clear from your e-mail.

> With respect to Rick Hensley, we can start that one at 9 a.m. on October 28, 2009 as per your request.

> Can you explain why you cannot produce Ms. Fontaine for her deposition?  As you know, you submitted an affidavit from Ms. Fontaine in support of the class certification motion in *Helm*.  Under these circumstances, it would be manifestly unfair to deprive defendants of the opportunity to depose her on the assertions set forth in her affidavit, and we intend to move to compel her deposition.

> Re the *Bryant* written discovery, we served them by overnight mail.  You should get them today.

> Lastly, since you did not indicate in your e-mail that plaintiffs would be willing to extend the hearing date and briefing schedule in *Bryant* in order to accommodate pre-certification discovery, I can only assume that your position has not changed in that issue.  As such, we will proceed with filing the motion.


Thanks.

*John A. Mason, Esq.*

*Gurnee & Daniels LLP*

*2240 Douglas Boulevard, Suite 150*

*Roseville, CA  95661-3875*

*Tel:  916-797-3100*

*Fax:  916-797-3131*

------------------------------------------------------------------

*Notice of Confidentiality:*

*This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by e-mail (by replying to this message) or telephone (noted below) and permanently delete the original and any copy of any e-mail and any printout thereof. Thank you for your cooperation with respect to this matter.*

*Telephone number:  916-797-3100*

---------------------------------------------------------------

**From:** Annette Gifford [mailto:agifford@theemploymentattorneys.com]
**Sent:** Tuesday, October 13, 2009 8:20 AM
**To:** John A. Mason
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; 'Amy E. Dias'; 'Williams, Lonnie J. Jr.'; Steven H. Gurnee; 'Matthew W. Lampe'; 'Patrick Solomon'; 'Charles Saul'
**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods

John,

Thanks for providing the discovery requests, which we are in the process of reviewing. It probably does make sense for you to also formally serve them so we will have an official due date, although we will to the extent possible work toward getting responses as efficiently as we can.

With respect to the depositions, Rick Hensley has told us he is available and willing to appear for deposition on the 28th as you proposed, but has requested that the deposition start earlier in the morning—8am if possible, but at least 9am—could you please confirm this accommodation? Also, Dennis Baker has said he is willing to appear for deposition but is unlikely to be available next Thursday, as you proposed. We expect to be able to provide you alternative dates for his deposition within the next day or so. Additionally, please note that Mr. Baker recently moved from Idaho to Arizona; we will forward his new address to you when we receive it. Finally, we do not anticipate that we will be able to secure Heidi Fontaine's appearance at deposition. We will continue to provide you further updates and information as it becomes available.

Thanks.

Annette



## Thomas & Solomon LLP
THE EMPLOYMENT ATTORNEYS

Annette Gifford, Esq.
693 East Avenue, Rochester, NY 14607
**tel:** 585.272.0540   **fax:** 585.272.0574
www.theemploymentattorneys.com

*The information contained in this e-mail message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail.*

---

**From:** John A. Mason [mailto:john@gurnee-law.com]
**Sent:** Monday, October 12, 2009 5:26 PM
**To:** Annette Gifford
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; Amy E. Dias; Williams, Lonnie J. Jr.; Steven H. Gurnee; Matthew W. Lampe; Patrick Solomon; Charles Saul
**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods

Annette:

    The written discovery to the 12 named plaintiffs in *Bryant* was just e-mailed to you by my legal assistant,

Deseree.  Can you agree that this is proper service or should I send them via overnight mail as well?

    As for *Bryant*, obviously the most immediate concern is extending the hearing date and related briefing

deadlines.  We have committed to sticking with the schedule established at the Status Conference with respect to

the *Helm* matter, provided that we can complete the 7 depositions by the end of October.  However, the *Bryant*

matter is entirely different given the fact that no discovery has occurred in either *Bryant* or *Stickle,* and forcing

defendants to respond to such a voluminous and complex class certification motion without first having a

*reasonable* opportunity to conduct necessary discovery would simply be unjust.  To that end, I hope you and your

co-counsel will reconsider your unwillingness to budge on the hearing and briefing dates.  If we can't reach an

agreement on that by tomorrow at noon (Pacific), we will have no choice but to file a motion to extend that time.

Best regards,

John

10/15/2009

*John A. Mason, Esq.*

*Gurnee & Daniels LLP*

*2240 Douglas Boulevard, Suite 150*

*Roseville, CA  95661-3875*

*Tel:  916-797-3100*

*Fax:  916-797-3131*

------------------------------------------------------------------

*Notice of Confidentiality:*

*This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please immediately notify me by e-mail (by replying to this message) or telephone (noted below) and permanently delete the original and any copy of any e-mail and any printout thereof.  Thank you for your cooperation with respect to this matter.*

*Telephone number:  916-797-3100*

------------------------------------------------------------------

**From:** Annette Gifford [mailto:agifford@theemploymentattorneys.com]
**Sent:** Monday, October 12, 2009 1:51 PM
**To:** John A. Mason
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; 'Amy E. Dias'; 'Williams, Lonnie J. Jr.'; Steven H. Gurnee; 'Matthew W. Lampe'; 'Patrick Solomon'; 'Charles Saul'
**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods

John,

       Thanks for your response.

       As an initial matter, following your latest email I received an email from Lonnie characterizing as "not reasonable" our request that defendants provide prompt feedback regarding the finalized form of notice in *Stickle*.  In light of the accommodations defendants are requesting with respect to this discovery, as well as the minor nature of the changes to the 5-page notice and the looming deadline for production of names, after which

notice will immediately be sent, we were surprised at the tone and response to our request.  While we remain willing to cooperate with you on accomplishing this discovery as promptly as possible, we expect defendants to extend the same courtesies.

We are working on trying to secure the appearance at deposition of the seven deponents you requested and, as I stated earlier, will inform you as soon as we have further information in that regard.  While we will try to accommodate the dates you propose, we are not in a position to commit to those dates at this time.  With respect to the other issues raised in your email, we are conferring with co-counsel and will get back to you.  I would also note, again, however, that we have still not received copies of the written discovery you propose and thus are not in a position to comment on its reasonableness or appropriate timeframes for responses.

Annette

**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

Annette Gifford, Esq.
693 East Avenue, Rochester, NY 14607
**tel:** 585.272.0540    **fax:** 585.272.0574
www.theemploymentattorneys.com

*The information contained in this e-mail message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail.*



---

**From:** John A. Mason [mailto:john@gurnee-law.com]
**Sent:** Monday, October 12, 2009 12:37 PM
**To:** Annette Gifford
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; Amy E. Dias; Williams, Lonnie J. Jr.; Steven H. Gurnee; Matthew W. Lampe; Patrick Solomon; Charles Saul
**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods

Annette:

Thank you for your e-mail this morning concerning proposed discovery in the above-captioned matters which defendants believe is both permitted and necessary in order to respond to plaintiffs' voluminous class certification motions in the above-captioned matters.

As for *Helm,* we are unable to take the depositions in question on the following dates:  October 14, 16, 19 and 26.  We would like to depose the seven witnesses pursuant to the following schedule:

October 15 at 11:30 a.m.  - Stacey Weinstein

October 20 at 10:00 a.m. - Sandy Thomas

October 21 at 9:00 a.m. - Richard Kamienski

October 22 at 8:30 a.m. - Dennis Baker

October 27 at 9:00 a.m. - Heidi Fontaine

October 28 at 10:00 a.m. - Rick Hensley

October 29 at 10:00 a.m. - Herbert Bath

With respect to the five witnesses in *Helm* being deposed who are not named plaintiffs (i.e., Kamienski, Baker, Fontaine, Hensley and Bath), please let us know today if your office will accept service of the subpoenas for their depositions.  If not, we will begin the process of serving them immediately.  Given the extremely short time period that we have in which to accomplish these depositions, please be advised that if any delay results in serving these subpoenas because of lack of cooperation or incorrect contact information listed in the witnesses' affidavits, we will seek an extension of the briefing schedule and hearing date commensurate with the delay resulting from plaintiffs' counsel's refusal to accept service of the subpoenas on behalf of those individuals.

With respect to the proposed discovery in the *Bryant* matter, you confirmed in your e-mail that plaintiffs will not agree to extend the briefing schedule or the hearing date for the class certification motion, despite the fact that no discovery (other than personal jurisdiction discovery) has occurred in *Bryant* and no discovery has yet to take place in *Stickle.*  Given that position, we believe that we have no choice but to proceed with filing a motion with Judge Illston asking that she extend the briefing schedule and hearing date/  As I indicated in my e-mail of last Friday, defendants' interrogatories and requests for production of documents will be served today on the 12 named

plaintiffs. I will send courtesy copies to you by electronic mail today as soon as they are formatted. So as to expedite things, please also let me know today if you will accept service of this written discovery via electronic mail and/or if you will agree to shorten the time for responses to same. In addition to extending the applicable briefing deadlines and hearing date, defendants' motion will seek authority to serve this same written discovery on the absent class member affiants, unless we can reach a stipulation on this issue by the end of today. Further, absent a similar stipulation, the motion will also seek authority to conduct the depositions of certain absent class member affiants (with the understanding that the total number of depositions will be limited to 18.)

I look forward to hearing from you as soon as possible concerning these matters. Should you have any questions or concerns, I will be in my office most of the day, or you can reach me by cell: (916) 390-8325.

John


*John A. Mason, Esq.*

*Gurnee & Daniels LLP*

*2240 Douglas Boulevard, Suite 150*

*Roseville, CA 95661-3875*

*Tel: 916-797-3100*

*Fax: 916-797-3131*

-------------------------------------------------------------------

*Notice of Confidentiality:*

*This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by e-mail (by replying to this message) or telephone (noted below) and permanently delete the original and any copy of any e-mail and any printout thereof. Thank you for your cooperation with respect to this matter.*

*Telephone number:  916-797-3100*

---------------------------------------------------------------------

**From:** Annette Gifford [mailto:agifford@theemploymentattorneys.com]
**Sent:** Monday, October 12, 2009 5:59 AM
**To:** John A. Mason
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; 'Amy E. Dias'; 'Williams, Lonnie J. Jr.'; Steven H. Gurnee; 'Matthew W. Lampe'; 'Patrick Solomon'; 'Charles Saul'
**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods

John,

 Thanks for your follow up email.  While we disagree with several of your points, including your characterizations of plaintiffs' positions, I think it is most productive if we focus on your proposed discovery.

 As an initial matter, we agree that discovery is "open" in both cases and we will work with you, as efficiently and fairly as possible, to move forward on the discovery you seek. However, we do not agree with your characterization of Judge Illston's statements in the conference call. In your e-mail you labeled this discovery as "pre-certification" discovery. Based on the call with Judge Illston, we do not believe that this is "pre-certification" discovery, or in any way needs to be completed before the class certification motions are submitted. However, we understand that Judge Illston did envision normal discovery moving forward on a parallel track and we do intend to get you timely responses and we do not intend to delay this process even while the motion is being briefed or is pending.

 To that end, thank you for providing the names of the seven individuals you intend to depose in the *Helm* matter on Friday. We have already started the process of seeing whose deposition we can obtain and will update you when we determine which witnesses are available and the dates on which they are available. Hopefully those can be completed by October 30. Please let us know by Wednesday any dates you are NOT available for depositions.

 With respect to the *Bryant* discovery, we understand you intend to serve 13 interrogatory requests and 10 document requests on each of 28 individuals, followed by 18 depositions.  However, although I understand they are drafted and ready to be served, we have not yet seen the written discovery you propose.  Without having an opportunity to review those materials, as I proposed in my email last week, we are not in a position to provide a response as to whether we think the proposed discovery is

reasonable and appropriate, or to commit to a timeframe for discovery.  Please provide us your proposed written discovery and we will provide you our position on that discovery as soon thereafter as we are able.

 That said, we understand your concern about moving forward efficiently and we are willing to cooperate as much as we are able, given practical issues involved with providing responses and scheduling depositions.  However, I would also note that we are now two weeks out from the CMC and have yet to be served with (or provided any detail regarding) the discovery you propose.

 With respect to the hearing date and briefing schedule for both motions, however, and as stated in Nelson Thomas' email to Nick following the September 25, 2009 CMC, we remain disinclined to move those dates.

Annette



**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

Annette Gifford, Esq.
693 East Avenue, Rochester, NY 14607
**tel:** 585.272.0540   **fax:** 585.272.0574
www.theemploymentattorneys.com

*The information contained in this e-mail message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail.*



---

**From:** John A. Mason [mailto:john@gurnee-law.com]
**Sent:** Friday, October 09, 2009 7:24 PM
**To:** Annette Gifford
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; Amy E. Dias; Williams, Lonnie J. Jr.; Steven H. Gurnee; Matthew W. Lampe
**Subject:** Bryant v. SCI; Helm v. Alderwoods

Annette:

10/15/2009

This will serve to summarize our discussions during this afternoon's conference call concerning the above-captioned matters, which was attended by the undersigned, Nicholas Forestiere, Amy Dias of the Jones Day law firm and Lonnie Williams of Quarles & Brady.  Ms. Dias and Mr. Williams (as well as Matt Lampe from Jones Day) will be assisting us with the class certification opposition briefs and related discovery, and we will be filing their *pro hac vice* applications next week.

As you know, both of the class certification motions are currently set to be heard by Judge Illston on December 16, 2009, and the current deadline for defendants to file their opposition briefs is November 13, 2009. The purpose of our call today was to outline to you what pre-certification discovery defendants propose to conduct and how that will likely affect the briefing schedule and hearing dates for the respective motions.

We were disappointed to again hear the plaintiffs set forth their incorrect position that no discovery whatsoever is required or permitted by either side prior to the hearing on both class certification motions.  Judge Illston stated at the CMC hearing that plaintiffs' position was flatly incorrect.  According to Nick Forestiere, who attended the CMC hearing by telephone, Judge Illston ordered that discovery was "open" for both cases, and that she hoped it would focus on the certification issues.  Judge Illston directed the plaintiffs' counsel to cooperate with defense counsel in order to give them the discovery needed for defendants' opposition briefs, given the initial briefing schedule and hearing dates she set, and indicated that she would be available to resolve any issues or disputes such matters, including adjusting the hearing dates to allow the discovery needed by the defendants. Judge Illston did *not* state that defendants were limited to only 10 depositions per case.  Instead, she stated that she did not believe that taking 54 depositions in the *Helm* matter (based upon the 54 affidavits and excerpts from depositions) would be warranted, but that a sufficient number of depositions would be allowed based upon the purported patterns of violations alleged by the plaintiffs.  Neither Judge Illston nor Mr. Forestiere was unable to estimate at that time how many depositions would be sufficient, since neither of them had the opportunity to review all of the evidence in both of these voluminous motions.  However, Judge Illston did comment on the fact that the Federal Rules of Civil Procedure limit each side to 10 depositions for each case, unless the parties stipulate or the court order otherwise.  Judge Illston went on to indicate she would be available to determine what would be a reasonable number of additional depositions beyond those permitted by the Rules, but that she first expected the parties to attempt to resolve such matters by stipulation.

With the above in mind, Defendants are willing to live with the current briefing and hearing schedule with regard to the *Helm* case and to forego any written discovery, provided that the plaintiffs will not be conducting any

discovery (since they vehemently believe that they do not need to conduct any), and provided that defendants are willing to stipulate to defendants taking the depositions of seven (7) individuals who executed affidavits in support of plaintiffs' motion between Monday, October 19 and Friday, October 30, 2009.  Specifically, we would like to depose the following individuals (the names of which we gave you at our meeting today):  Herbert Bath; Rick Hensley; Richard Kamienski; Sandy Thomas; Stacey Weinstin; Dennis Baker and Heidi Fontaine.  If the depositions cannot be completed by October 30, 2009, the briefing schedule and hearing date for the *Helm* motion for class certification will obviously have to be continued, hopefully by way of a stipulation between the parties. Defendants willingness to substantially limit the pre-certification discovery in *Helm* is based on our impression that many (but certainly not all) of the factual bases for plaintiffs' certification motion in *Helm* are substantially similar to those in the *Prise* case, where the parties have already conducted a substantial amount of discovery concerning those issues.

With regard to *Bryant*, we believe that the circumstances are far different from those in *Helm* given the fact that discovery was not even open (aside from personal jurisdiction discovery) prior to the Case Management Conference on September 25, 2009, and there has also been no discovery to date in the related FLSA case (*Stickle.*)  Given such facts, defendants propose to conduct the following pre-certification discovery:  (a) written discovery consisting of 13 special interrogatories and 10 requests for production of documents will be propounded to each of the named plaintiffs and to each of the absent class members who executed affidavits in support of plaintiffs' class certification motion (28 people in all); and (b) oral depositions will be taken of 18 named plaintiffs and absent class member affiants.  (We are in the process of identifying the 18 individuals that defendants would like to depose.)  Obviously, the length of time required to complete this discovery will depend on many factors including whether your office will agree to accept service on behalf of the absent class member affiants, whether plaintiffs will agree to shorten the time to serve responses to the written discovery, and the availability of the deponents for their respective depositions.  However, we believe that the briefing schedule and hearing date for the *Bryant* motion for class certification will clearly need to be extended by at least 60 days in order to complete the necessary discovery without causing undue prejudice to the parties.

After we outlined defendants' position to you during today's conference call, you advised us that you did not have authority at that time to agree to any of defendants' proposals, but that you would discuss these issues with the other plaintiffs' counsel and get back to us with a response as soon as possible.  Obviously, each day that we cannot come to an agreement on the necessary pre-certification discovery further hampers defendants' ability to

respond to the class certification motions. Thus, if we cannot come to an agreement by 5 p.m. Pacific Time on Monday, October 12, 2009, we will have no choice but to seek an order from the court permitting the above-referenced discovery and adjusting the briefing schedule and hearing date in the *Bryant* case. We will make ourselves available at any time on Monday for a further conference call on these matters should you believe it to be necessary. I can also be reached over the weekend, either by e-mail or on my cell phone: (916) 390-8325.

Thank you for your professional courtesy and cooperation. We look forward to hearing from you on Monday, if not before.


*John A. Mason, Esq.*

*Gurnee & Daniels LLP*

*2240 Douglas Boulevard, Suite 150*

*Roseville, CA 95661-3875*

*Tel: 916-797-3100*

*Fax: 916-797-3131*

-------------------------------------------------------------------


*Notice of Confidentiality:*

*This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by e-mail (by replying to this message) or telephone (noted below) and permanently delete the original and any copy of any e-mail and any printout thereof. Thank you for your cooperation with respect to this matter.*


*Telephone number: 916-797-3100*

-------------------------------------------------------------------



## John A. Mason

**From:** Annette Gifford [agifford@theemploymentattorneys.com]
**Sent:** Tuesday, October 13, 2009 12:13 PM
**To:** John A. Mason
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; 'Amy E. Dias'; 'Williams, Lonnie J. Jr.'; Steven H. Gurnee; 'Matthew W. Lampe'; 'Patrick Solomon'; 'Charles Saul'
**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods

John,

     Although, as you know, we are doing everything we can to schedule and coordinate these depositions, we do not have the deponents' permission to accept service. However, as you can see from our e-mails, we have been able to secure several depositions so far, have additional information set forth below, and expect to have more for you soon. Given the level of cooperation from the witnesses to date, I do not know if you need to actually subpoena these individuals, but that is a decision for you to make.

     With respect to Ms. Fontaine, defendants are aware that she has not appeared for deposition in the *Prise* matter and, in light of our ethical obligations, we have no further comment with respect to her situation.

     Both Richard Kamienski and Herbert Bath inform us they are available and willing to appear on the dates you have chosen.  However, you have noticed their depositions at locations that are approximately 2 hours and 4 hours from their homes, respectively.  Please provide us with locations closer to their homes for those depositions.  I would note that Mr. Kamienski is located in Modesto, California, where there should be several venues available.  Mr. Bath is located in Altamont, Kansas, which is about one hour from the Coffeyville location where other depositions were previously conducted in the *Prise* matter.  When you have provided reasonable locations for these depositions, we will pass that information on to the deponents.

     Thanks.

Annette

**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

Annette Gifford, Esq.
693 East Avenue, Rochester, NY 14607
**tel:** 585.272.0540   **fax:** 585.272.0574
www.theemploymentattorneys.com

*The information contained in this e-mail message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail.*



---

**From:** John A. Mason [mailto:john@gurnee-law.com]
**Sent:** Tuesday, October 13, 2009 11:47 AM
**To:** Annette Gifford
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; Amy E. Dias; Williams, Lonnie J. Jr.; Steven H. Gurnee; Matthew W. Lampe; Patrick Solomon; Charles Saul
**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods

Annette:

Can you please confirm for us that your office will, in fact, accept service for the *Helm* deponents?  That wasn't clear from your e-mail.

With respect to Rick Hensley, we can start that one at 9 a.m. on October 28, 2009 as per your request.

Can you explain why you cannot produce Ms. Fontaine for her deposition?  As you know, you submitted an affidavit from Ms. Fontaine in support of the class certification motion in *Helm*.  Under these circumstances, it would be manifestly unfair to deprive defendants of the opportunity to depose her on the assertions set forth in her affidavit, and we intend to move to compel her deposition.

Re the *Bryant* written discovery, we served them by overnight mail.  You should get them today.

Lastly, since you did not indicate in your e-mail that plaintiffs would be willing to extend the hearing date and briefing schedule in *Bryant* in order to accommodate pre-certification discovery, I can only assume that your position has not changed in that issue.  As such, we will proceed with filing the motion.


Thanks.

*John A. Mason, Esq.*

*Gurnee & Daniels LLP*

*2240 Douglas Boulevard, Suite 150*

*Roseville, CA  95661-3875*

*Tel:  916-797-3100*

*Fax:  916-797-3131*

--------------------------------------------------------------------

*Notice of Confidentiality:*

*This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please immediately notify me by e-mail (by replying to this message) or telephone (noted below) and permanently delete the original and any copy of any e-mail and any printout thereof.  Thank you for your cooperation with respect to this matter.*

*Telephone number:  916-797-3100*

--------------------------------------------------------------------

**From:** Annette Gifford [mailto:agifford@theemploymentattorneys.com]
**Sent:** Tuesday, October 13, 2009 8:20 AM
**To:** John A. Mason
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; 'Amy E. Dias'; 'Williams, Lonnie J. Jr.'; Steven H. Gurnee; 'Matthew W. Lampe'; 'Patrick Solomon'; 'Charles Saul'
**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods

John,

Thanks for providing the discovery requests, which we are in the process of reviewing.  It probably does make sense for you to also formally serve them so we will have an official due date, although we will to the extent possible work toward getting responses as efficiently as we can.

With respect to the depositions, Rick Hensley has told us he is available and willing to appear for deposition on the 28th as you proposed, but has requested that the deposition start earlier in the morning—8am if possible, but at least 9am—could you please confirm this accommodation?  Also, Dennis Baker has said he is willing to appear for deposition but is unlikely to be available next Thursday, as you proposed.  We expect to be able to provide you alternative dates for his deposition within the next day or so.  Additionally, please note that Mr. Baker recently moved from Idaho to Arizona; we will forward his new address to you when we receive it.  Finally, we do not anticipate that we will be able to secure Heidi Fontaine's appearance at deposition.  We will continue to provide you further updates and information as it becomes available.

Thanks.


Annette




Annette Gifford, Esq.
693 East Avenue, Rochester, NY 14607
**tel:** 585.272.0540   **fax:** 585.272.0574
www.theemploymentattorneys.com

*The information contained in this e-mail message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail.*



---

**From:** John A. Mason [mailto:john@gurnee-law.com]
**Sent:** Monday, October 12, 2009 5:26 PM
**To:** Annette Gifford
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; Amy E. Dias; Williams, Lonnie J. Jr.; Steven H. Gurnee; Matthew W. Lampe; Patrick Solomon; Charles Saul
**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods


Annette:

The written discovery to the 12 named plaintiffs in *Bryant* was just e-mailed to you by my legal assistant,

Deseree. Can you agree that this is proper service or should I send them via overnight mail as well?

As for *Bryant*, obviously the most immediate concern is extending the hearing date and related briefing

deadlines. We have committed to sticking with the schedule established at the Status Conference with respect to

the *Helm* matter, provided that we can complete the 7 depositions by the end of October. However, the *Bryant*

matter is entirely different given the fact that no discovery has occurred in either *Bryant* or *Stickle,* and forcing

defendants to respond to such a voluminous and complex class certification motion without first having a

*reasonable* opportunity to conduct necessary discovery would simply be unjust. To that end, I hope you and your

co-counsel will reconsider your unwillingness to budge on the hearing and briefing dates.  If we can't reach an

agreement on that by tomorrow at noon (Pacific), we will have no choice but to file a motion to extend that time.

Best regards,

John


*John A. Mason, Esq.*

*Gurnee & Daniels LLP*

*2240 Douglas Boulevard, Suite 150*

*Roseville, CA  95661-3875*

*Tel:  916-797-3100*

*Fax:  916-797-3131*

-------------------------------------------------------------------


*Notice of Confidentiality:*


*This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain*

*confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination,*

*distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in*

*error, please immediately notify me by e-mail (by replying to this message) or telephone (noted below) and permanently delete*

*the original and any copy of any e-mail and any printout thereof.  Thank you for your cooperation with respect to this matter.*


*Telephone number:  916-797-3100*


-------------------------------------------------------------------

**From:** Annette Gifford [mailto:agifford@theemploymentattorneys.com]
**Sent:** Monday, October 12, 2009 1:51 PM
**To:** John A. Mason
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; 'Amy E. Dias'; 'Williams, Lonnie J. Jr.'; Steven H. Gurnee; 'Matthew W. Lampe'; 'Patrick Solomon'; 'Charles Saul'
**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods


John,

       Thanks for your response.

As an initial matter, following your latest email I received an email from Lonnie characterizing as "not reasonable" our request that defendants provide prompt feedback regarding the finalized form of notice in *Stickle*. In light of the accommodations defendants are requesting with respect to this discovery, as well as the minor nature of the changes to the 5-page notice and the looming deadline for production of names, after which notice will immediately be sent, we were surprised at the tone and response to our request. While we remain willing to cooperate with you on accomplishing this discovery as promptly as possible, we expect defendants to extend the same courtesies.

We are working on trying to secure the appearance at deposition of the seven deponents you requested and, as I stated earlier, will inform you as soon as we have further information in that regard. While we will try to accommodate the dates you propose, we are not in a position to commit to those dates at this time. With respect to the other issues raised in your email, we are conferring with co-counsel and will get back to you. I would also note, again, however, that we have still not received copies of the written discovery you propose and thus are not in a position to comment on its reasonableness or appropriate timeframes for responses.

Annette

**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

Annette Gifford, Esq.
693 East Avenue, Rochester, NY 14607
**tel:** 585.272.0540   **fax:** 585.272.0574
www.theemploymentattorneys.com

*The information contained in this e-mail message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail.*

---

**From:** John A. Mason [mailto:john@gurnee-law.com]
**Sent:** Monday, October 12, 2009 12:37 PM
**To:** Annette Gifford
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; Amy E. Dias; Williams, Lonnie J. Jr.; Steven H.

Gurnee; Matthew W. Lampe; Patrick Solomon; Charles Saul
**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods

Annette:

Thank you for your e-mail this morning concerning proposed discovery in the above-captioned matters which defendants believe is both permitted and necessary in order to respond to plaintiffs' voluminous class certification motions in the above-captioned matters.

As for *Helm,* we are unable to take the depositions in question on the following dates:  October 14, 16, 19 and 26.  We would like to depose the seven witnesses pursuant to the following schedule:

October 15 at 11:30 a.m.  - Stacey Weinstein

October 20 at 10:00 a.m. - Sandy Thomas

October 21 at 9:00 a.m. - Richard Kamienski

October 22 at 8:30 a.m. - Dennis Baker

October 27 at 9:00 a.m. - Heidi Fontaine

October 28 at 10:00 a.m. - Rick Hensley

October 29 at 10:00 a.m. - Herbert Bath

With respect to the five witnesses in *Helm* being deposed who are not named plaintiffs (i.e., Kamienski, Baker, Fontaine, Hensley and Bath), please let us know today if your office will accept service of the subpoenas for their depositions.  If not, we will begin the process of serving them immediately.  Given the extremely short time period that we have in which to accomplish these depositions, please be advised that if any delay results in serving these subpoenas because of lack of cooperation or incorrect contact information listed in the witnesses' affidavits, we will seek an extension of the briefing schedule and hearing date commensurate with the delay resulting from plaintiffs' counsel's refusal to accept service of the subpoenas on behalf of those individuals.

With respect to the proposed discovery in the *Bryant* matter, you confirmed in your e-mail that plaintiffs will not agree to extend the briefing schedule or the hearing date for the class certification motion, despite the fact that

no discovery (other than personal jurisdiction discovery) has occurred in *Bryant* and no discovery has yet to take place in *Stickle*.  Given that position, we believe that we have no choice but to proceed with filing a motion with Judge Illston asking that she extend the briefing schedule and hearing date/  As I indicated in my e-mail of last Friday, defendants' interrogatories and requests for production of documents will be served today on the 12 named plaintiffs.  I will send courtesy copies to you by electronic mail today as soon as they are formatted.  So as to expedite things, please also let me know today if you will accept service of this written discovery via electronic mail and/or if you will agree to shorten the time for responses to same.  In addition to extending the applicable briefing deadlines and hearing date, defendants' motion will seek authority to serve this same written discovery on the absent class member affiants, unless we can reach a stipulation on this issue by the end of today.  Further, absent a similar stipulation, the motion will also seek authority to conduct the depositions of certain absent class member affiants (with the understanding that the total number of depositions will be limited to 18.)


I look forward to hearing from you as soon as possible concerning these matters.  Should you have any questions or concerns, I will be in my office most of the day, or you can reach me by cell:  (916) 390-8325.


John


*John A. Mason, Esq.*

*Gurnee & Daniels LLP*

*2240 Douglas Boulevard, Suite 150*

*Roseville, CA  95661-3875*

*Tel:  916-797-3100*

*Fax:  916-797-3131*

-------------------------------------------------------------------

*Notice of Confidentiality:*


*This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain*

*confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by e-mail (by replying to this message) or telephone (noted below) and permanently delete the original and any copy of any e-mail and any printout thereof. Thank you for your cooperation with respect to this matter.*

*Telephone number: 916-797-3100*

-------------------------------------------------------------------

**From:** Annette Gifford [mailto:agifford@theemploymentattorneys.com]
**Sent:** Monday, October 12, 2009 5:59 AM
**To:** John A. Mason
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; 'Amy E. Dias'; 'Williams, Lonnie J. Jr.'; Steven H. Gurnee; 'Matthew W. Lampe'; 'Patrick Solomon'; 'Charles Saul'
**Subject:** RE: Bryant v. SCI; Helm v. Alderwoods

John,

Thanks for your follow up email. While we disagree with several of your points, including your characterizations of plaintiffs' positions, I think it is most productive if we focus on your proposed discovery.

As an initial matter, we agree that discovery is "open" in both cases and we will work with you, as efficiently and fairly as possible, to move forward on the discovery you seek. However, we do not agree with your characterization of Judge Illston's statements in the conference call. In your e-mail you labeled this discovery as "pre-certification" discovery. Based on the call with Judge Illston, we do not believe that this is "pre-certification" discovery, or in any way needs to be completed before the class certification motions are submitted. However, we understand that Judge Illston did envision normal discovery moving forward on a parallel track and we do intend to get you timely responses and we do not intend to delay this process even while the motion is being briefed or is pending.

To that end, thank you for providing the names of the seven individuals you intend to depose in the *Helm* matter on Friday. We have already started the process of seeing whose deposition we can obtain and will update you when we determine which witnesses are available and the dates on which they are available. Hopefully those can be completed by October 30. Please let us know by Wednesday any dates you are NOT available for depositions.

With respect to the *Bryant* discovery, we understand you intend to serve 13 interrogatory requests and

10 document requests on each of 28 individuals, followed by 18 depositions. However, although I understand they are drafted and ready to be served, we have not yet seen the written discovery you propose. Without having an opportunity to review those materials, as I proposed in my email last week, we are not in a position to provide a response as to whether we think the proposed discovery is reasonable and appropriate, or to commit to a timeframe for discovery. Please provide us your proposed written discovery and we will provide you our position on that discovery as soon thereafter as we are able.

 That said, we understand your concern about moving forward efficiently and we are willing to cooperate as much as we are able, given practical issues involved with providing responses and scheduling depositions. However, I would also note that we are now two weeks out from the CMC and have yet to be served with (or provided any detail regarding) the discovery you propose.

 With respect to the hearing date and briefing schedule for both motions, however, and as stated in Nelson Thomas' email to Nick following the September 25, 2009 CMC, we remain disinclined to move those dates.

Annette



**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

Annette Gifford, Esq.
693 East Avenue, Rochester, NY 14607
**tel:** 585.272.0540   **fax:** 585.272.0574
www.theemploymentattorneys.com

*The information contained in this e-mail message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail.*



**From:** John A. Mason [mailto:john@gurnee-law.com]
**Sent:** Friday, October 09, 2009 7:24 PM

**To:** Annette Gifford
**Cc:** nthomas@theemploymentattorneys.com; Nicholas Forestiere; Amy E. Dias; Williams, Lonnie J. Jr.; Steven H. Gurnee; Matthew W. Lampe
**Subject:** Bryant v. SCI; Helm v. Alderwoods

Annette:

This will serve to summarize our discussions during this afternoon's conference call concerning the above-captioned matters, which was attended by the undersigned, Nicholas Forestiere, Amy Dias of the Jones Day law firm and Lonnie Williams of Quarles & Brady. Ms. Dias and Mr. Williams (as well as Matt Lampe from Jones Day) will be assisting us with the class certification opposition briefs and related discovery, and we will be filing their *pro hac vice* applications next week.

As you know, both of the class certification motions are currently set to be heard by Judge Illston on December 16, 2009, and the current deadline for defendants to file their opposition briefs is November 13, 2009. The purpose of our call today was to outline to you what pre-certification discovery defendants propose to conduct and how that will likely affect the briefing schedule and hearing dates for the respective motions.

We were disappointed to again hear the plaintiffs set forth their incorrect position that no discovery whatsoever is required or permitted by either side prior to the hearing on both class certification motions. Judge Illston stated at the CMC hearing that plaintiffs' position was flatly incorrect. According to Nick Forestiere, who attended the CMC hearing by telephone, Judge Illston ordered that discovery was "open" for both cases, and that she hoped it would focus on the certification issues. Judge Illston directed the plaintiffs' counsel to cooperate with defense counsel in order to give them the discovery needed for defendants' opposition briefs, given the initial briefing schedule and hearing dates she set, and indicated that she would be available to resolve any issues or disputes such matters, including adjusting the hearing dates to allow the discovery needed by the defendants. Judge Illston did *not* state that defendants were limited to only 10 depositions per case. Instead, she stated that she did not believe that taking 54 depositions in the *Helm* matter (based upon the 54 affidavits and excerpts from depositions) would be warranted, but that a sufficient number of depositions would be allowed based upon the purported patterns of violations alleged by the plaintiffs. Neither Judge Illston nor Mr. Forestiere was unable to estimate at that time how many depositions would be sufficient, since neither of them had the opportunity to review all of the evidence in both of these voluminous motions. However, Judge Illston did comment on the fact that the Federal Rules of Civil Procedure limit each side to 10 depositions for each case, unless the parties stipulate or the court order otherwise. Judge Illston went on to indicate she would be available to determine what would be a

reasonable number of additional depositions beyond those permitted by the Rules, but that she first expected the parties to attempt to resolve such matters by stipulation.

With the above in mind, Defendants are willing to live with the current briefing and hearing schedule with regard to the *Helm* case and to forego any written discovery, provided that the plaintiffs will not be conducting any discovery (since they vehemently believe that they do not need to conduct any), and provided that defendants are willing to stipulate to defendants taking the depositions of seven (7) individuals who executed affidavits in support of plaintiffs' motion between Monday, October 19 and Friday, October 30, 2009. Specifically, we would like to depose the following individuals (the names of which we gave you at our meeting today): Herbert Bath; Rick Hensley; Richard Kamienski; Sandy Thomas; Stacey Weinstin; Dennis Baker and Heidi Fontaine. If the depositions cannot be completed by October 30, 2009, the briefing schedule and hearing date for the *Helm* motion for class certification will obviously have to be continued, hopefully by way of a stipulation between the parties. Defendants willingness to substantially limit the pre-certification discovery in *Helm* is based on our impression that many (but certainly not all) of the factual bases for plaintiffs' certification motion in *Helm* are substantially similar to those in the *Prise* case, where the parties have already conducted a substantial amount of discovery concerning those issues.

With regard to *Bryant*, we believe that the circumstances are far different from those in *Helm* given the fact that discovery was not even open (aside from personal jurisdiction discovery) prior to the Case Management Conference on September 25, 2009, and there has also been no discovery to date in the related FLSA case (*Stickle.*) Given such facts, defendants propose to conduct the following pre-certification discovery: (a) written discovery consisting of 13 special interrogatories and 10 requests for production of documents will be propounded to each of the named plaintiffs and to each of the absent class members who executed affidavits in support of plaintiffs' class certification motion (28 people in all); and (b) oral depositions will be taken of 18 named plaintiffs and absent class member affiants. (We are in the process of identifying the 18 individuals that defendants would like to depose.) Obviously, the length of time required to complete this discovery will depend on many factors including whether your office will agree to accept service on behalf of the absent class member affiants, whether plaintiffs will agree to shorten the time to serve responses to the written discovery, and the availability of the deponents for their respective depositions. However, we believe that the briefing schedule and hearing date for the *Bryant* motion for class certification will clearly need to be extended by at least 60 days in order to complete the necessary discovery without causing undue prejudice to the parties.

After we outlined defendants' position to you during today's conference call, you advised us that you did not have authority at that time to agree to any of defendants' proposals, but that you would discuss these issues with the other plaintiffs' counsel and get back to us with a response as soon as possible.  Obviously, each day that we cannot come to an agreement on the necessary pre-certification discovery further hampers defendants' ability to respond to the class certification motions.  Thus, if we cannot come to an agreement by 5 p.m. Pacific Time on Monday, October 12, 2009, we will have no choice but to seek an order from the court permitting the above-referenced discovery and adjusting the briefing schedule and hearing date in the *Bryant* case.  We will make ourselves available at any time on Monday for a further conference call on these matters should you believe it to be necessary.  I can also be reached over the weekend, either by e-mail or on my cell phone:  (916) 390-8325.

Thank you for your professional courtesy and cooperation.  We look forward to hearing from you on Monday, if not before.

*John A. Mason, Esq.*

*Gurnee & Daniels LLP*

*2240 Douglas Boulevard, Suite 150*

*Roseville, CA  95661-3875*

*Tel:  916-797-3100*

*Fax:  916-797-3131*

-----------------------------------------------------------------

*Notice of Confidentiality:*

*This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please immediately notify me by e-mail (by replying to this message) or telephone (noted below) and permanently delete the original and any copy of any e-mail and any printout thereof.  Thank you for your cooperation with respect to this matter.*

*Telephone number:  916-797-3100*

-----------------------------------------------------------------------



**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

June 22, 2009

<u>VIA U.S. MAIL & ELECTRONIC MAIL</u>
Brent D. Knight, Esq.
Jones Day
77 West Wacker
Suite 3500
Chicago, IL 60601

Re:   <u>Prise et al. v. Alderwoods Group, Inc.</u>
      Civil Action No. 06-CV-1641

Dear Mr. Knight:

We are in receipt of defendant's notices of deposition to plaintiffs Charles Austin, Jerry Eisenhour, Norman Marchand, and James Stearns, all of which are dated June 17, 2009; notices of deposition to plaintiffs Heidi Fontaine, Lawrence Camp, Jack Reddick, Louise Johnson, and Michael Reno, all of which are dated June 19, 2009; and notice of deposition to plaintiff Clark Burkle, dated June 17, 2009 and amended June 22, 2009.

As we previously informed defense counsel during the course of the parties' conferrals, we do not currently expect the noticed individuals will be available for deposition. Therefore, plaintiffs' counsel does not presently intend to appear at the dates and locations you have noticed. If, however, we learn that any of the noticed individuals will be available for deposition, we will promptly inform you so that both parties' counsel may appear.

Additionally, in response to April Dugan's email dated June 22, 2009, and as previously stated during the parties' conferrals, plaintiffs do not currently anticipate producing written discovery responses for plaintiffs Norman Marchand and Clark Burkle. Again, if we learn those discovery responses will be available, we will notify you promptly.

Very truly yours,

*Annette Gifford /AAP*

Annette Gifford

cc:   Matthew W. Lampe (via email)
      Amy E. Dias (via email)
      April T. Dugan (via email)

693 East Avenue, Rochester, New York, 14607 **tel:** 585.272.0540 **fax:** 585.272.0574
agifford@theemploymentattorneys.com • www.theemploymentattorneys.com



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**DEBORAH PRISE and HEATHER RADY, on behalf of themselves and all employees similarly situated,**

*Plaintiffs,*

v.

**ALDERWOODS GROUP, INC.,**

*Defendant.*

Judge Joy Flowers Conti

Civil Action No. 06-1641

## ORDER OF COURT TO  HEIDI FONTAINE

The Federal District Court for the Western District of Pennsylvania

**ORDERS and COMPELS you, HEIDI FONTAINE, to do the following:**

1.      You should contact your attorneys at THOMAS & SOLOMON LLP <u>immediately</u> to assist you and represent you in complying with this Order.  You may call your attorneys toll-free at **1-877-272-4066.**

2.      You are hereby **ORDERED to appear for a deposition** of up to seven hours conducted by Alderwoods Group, Inc.  The deposition will be held at a mutually agreeable date and time but must occur no later than <u>September 11, 2009</u>.  Your attorneys are available to assist you in complying with the Court's order.   YOU NEED TO IMMEDIATELY CONTACT YOUR ATTORNEYS, WHO WILL HELP YOU TO SCHEDULE THIS DEPOSITION AND WHO WILL REPRESENT YOU AT THE DEPOSITION.

**IF YOU FAIL TO COMPLY WITH THIS ORDER, THIS COURT MAY IMPOSE SANCTIONS AGAINST YOU, HEIDI FONTAINE.**  The Court may impose sanctions such as holding you in contempt of court, requiring you to pay certain costs or fees, or other sanctions the Court may deem appropriate.

If you wish to waive all claims you may have against Alderwoods Group, Inc. in this litigation, please sign the enclosed Notice of Voluntary Dismissal and return it to the offices of Thomas & Solomon LLP.  **WAIVING YOUR CLAIMS WILL NOT RELIEVE YOU OF YOUR OBLIGATION TO COMPLY WITH THE OTHER PROVISIONS OF THIS ORDER.  Your dismissal from this case will not be effective until you have completed the discovery required by this Order.**

Date: August 14, 2009

/s/ Joy Flowers Conti

Joy Flowers Conti
United States District Court Judge