**Exhibit A**

COMMUNITY SERVICE

**TABLE OF CONTENTS**

Page

**ALDERWOODS COMPANY POLICY**.................................................................................................................1
    Summary of applicable company policy.

**NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS'
REPRESENTATIONS TO THE COURT REGARDING COMMUNITY SERVICE** ....................................... 2-11
    Sworn deposition testimony of non-exempt Alderwoods' employees directly contradicting Plaintiffs'
    representations to the Court regarding allegedly common experiences involving community service.

**MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS'
REPRESENTATIONS TO THE COURT REGARDING COMMUNITY SERVICE** ....................................... 12-18
    Sworn deposition testimony of Alderwoods' managers directly contradicting Plaintiffs' representations
    to the Court regarding allegedly common experiences involving community service.

**NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS'
REPRESENTATIONS TO THE COURT REGARDING COMMUNITY SERVICE** ....................................... 19-29
    Statements made under penalty of perjury by non-exempt Alderwoods' employees directly contradicting
    Plaintiffs' representations to the Court regarding allegedly common experiences involving community service.

**MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS'
REPRESENTATIONS TO THE COURT REGARDING COMMUNITY SERVICE** ....................................... 30-37
    Statements made under penalty of perjury by Alderwoods' managers directly contradicting Plaintiffs'
    representations to the Court regarding allegedly common experiences involving community service.

PII-1205472v3

**COMMUNITY SERVICE**

| ALDERWOODS COMPANY POLICY | |
|---|---|
| **Policy** | **Cite to Written Company Policy**[*] |
| "All non-exempt employees are required to record all hours worked each day." | Hours of Work and Overtime, III.E Recording of Hours – ALD000005 (*see also* Funeral Home Procedures, G.12.6 Recording Time Worked – ALD000001; Cemetery Procedures, E.10.6 Recording Time Worked – ALD013648) |
| "Employees must review their time card/sheet, correct any errors, and sign it before submitting it to their manager for approval."<br><br>"Employees must check and sign their time card or timesheet at the end of each week to assure that their time cards are correct.  Any discrepancies must be reported to the Location Manager/General Manager as soon as practical." | *Id.*<br><br>Procedures for Timekeeping (Recording Hours Worked), Procedure— Time Cards/Timesheets, 10. – ALD000010 |
| "Managers are also responsible for . . . ensuring that no 'off the clock' work is allowed; that is, that all work performed by employees is properly documented on time cards/time sheets." | Hours of Work and Overtime, IV.B.6 Manager Responsibilities – ALD000007 |
| "Location Managers/General Managers must verify and sign their respective employees' time cards/timesheet." | Procedures for Timekeeping (Recording Hours Worked), Procedure— Time Cards/Timesheets, 12. – ALD000011 (*see also* Funeral Home Procedures, G.12.6 Recording Time Worked – ALD000001; Cemetery Procedures, E.10.6 Recording Time Worked – ALD013648) |
| "All non-exempt employees will be compensated for all hours worked." | Hours of Work and Overtime, Policy – ALD000004 |
| "Non-exempt employees are to be compensated for all overtime hours worked." | Procedures for Timekeeping (Recording Hours Worked), Purpose – ALD000009 |
| "Non-exempt employees will receive overtime pay of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in any work week . . . ." | Hours of Work and Overtime, III.F Overtime – ALD000006 |

---

[*]All Policies cited in this section are attached as Exhibits 1, 3 and 4 to the Rhonda Suurd Declaration, who is Alderwoods' former Human Resources Manager.  Rhonda Suurd's Declaration is attached to the Brent Knight Declaration as Exhibit S.

COMMUNITY SERVICE

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Community Service** |
| Burgess, Jason (Funeral Director, Embalmer)[i] | Was not told that it was a requirement of his job to join a community organization, but simply that "it would look good" if he did so.  Burgess Dep. Tr. at 169:18-23.[ii]<br><br>Was not required to fill out forms or otherwise report to Alderwoods management regarding community involvement.  *Id.* at 165:21-24; 166:25-167:2.<br><br>Not aware of any employee being disciplined for lack of community involvement.  *Id.* at 167:3-6.<br><br>Typically did not approach anyone to talk business at the community festivals, events, meetings or church he attended.  *Id.* at 187:24-189:18.<br><br>Was never offered an incentive for becoming involved in a community organization and has never heard of "I Believe in Service" program.  *Id.* at 209:25-210:6. |
| Butler, Michael (Arranger) | Funeral directors required to be involved in the community.  Butler Dep. Tr. at 78:2-10.<br><br>Community Service was a new requirement during the final year of his employment.  *Id.* at 76:11-14.<br><br>Employees could select any community-related activity of the employees' choosing – need not have anything to do with the location or the funeral industry.  *Id.* at 79:8-11. |
| Carswell, Shane (Funeral Director) | Instructed employees he supervised to record time spent engaged in community service and such employees were compensated for this time.  Carswell Dep. Tr. at 127:21-129:15.<br><br>Was never instructed not to report time spent in community service; was never told such time would not be paid.  *Id*. at 220:16-24. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities.  Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

COMMUNITY SERVICE

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
| --- | --- |
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Community Service** |
| Carswell, Shane (*cont'd.*) | Participated in Gay Pride Parade because he had a personal interest in doing so and Alderwoods management did not ask him to participate; does not know why he did not report the time he spent in this activity and does not know whether he would have been paid had he reported the time.  *Id.* at 121:12-125:12.

Does not believe that there was a policy in place that instructed employees not to record time spent performing community service work.  *Id.* at 222:19-24.

Did not include all of his overtime activity including community service time because "[i]t's not something that you are supposed to be quote, unquote, compensated for.  You are supposed to do it for the good of the company."  *Id.* at 115:17-21.

Indicated that the community service done by two of his employees were always identified on the clock.  "Typically, they never did anything off the clock.  So they always did it when they were working."  *Id.* at 128:25-129:1.

Believed that there was a company-wide policy that people were suppose to do their community service during the hours that they were working.  *Id.* at 223:8-15.

Testified that he did not evaluate any of his employees in their participation in community service activities.  *Id.* at 129:25-130:3.

Indicated that some of the community service activities, including taking out one member or one person from a church, is not community service.  When asked why he did not report that time, he indicated "That's a good question.  Honestly, I can't tell you why I didn't report it."  *Id.* at 118:14-119:4. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities.  Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

COMMUNITY SERVICE

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
| --- | --- |
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Community Service** |
| Detschner, Steven (Funeral Director, Embalmer) | Was never instructed not to report time spent in community service. Detschner Dep. Tr. at 196:16-23; 197:19-198:3. <br><br> Does not know whether other employees reported community service time. *Id.* at 198:4-18. <br><br> Does not seek to be paid for every minute he spent at Moose Club and Elks Club because some of the time was purely social. *Id.* at 182:8-184:23. |
| Diggs, Jeffrey (Funeral Director, Embalmer) | Was not required to perform any community service. Diggs Dep. Tr. at 73:2-6. <br><br> Not aware of any company-wide policy requiring any employees to perform community service work. *Id.* at 109:19-110:1. <br><br> Not aware of any company-wide policy discussing whether community service work time should be reported. *Id.* at 110:3-7. <br><br> Aware of no complaints from any employees at his location that they were required to perform community service or were not being paid for community service. *Id.* at 110:8-17. |
| Escobar, Stephen (Arranger) | Not aware of any company policy for not compensating employees for community service work. Escobar Dep. Tr. at 135:23-136:2. <br><br> Involved in his church, The Church of Jesus Christ of Latter-Day Saints, of which he has been a member his entire life, at the Fine Road Chapel in Modesto, which he has attended since 1995. Alderwoods did not instruct him to join this organization, he chose it because he was already a member, and he did not join any other organization. *Id.* at 130:20-131:11; 132:20-25; 134:4-7. <br><br> Was not evaluated on community service. *Id.* at 132:17-19. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities. Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

**COMMUNITY SERVICE**

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Community Service** |
| Gonzales, Donna (Funeral Director, Assistant) | Not required to perform community service; did not perform community service.  Gonzales Dep. Tr. at 182:5-12. |
| Johnson, Louise (Funeral Director, Embalmer) | Was not required to perform any community service and did not perform any community service.  Johnson Dep. Tr. at 45:9-11; 219:18-21. |
| Jones, Robert (Funeral Director) | Community service was not required of all hourly employees company wide but was particular to employees in funeral director and pre-need sales positions.  Jones Dep. Tr. at 183:11-16.

Was not aware of any written policies requiring funeral directors or family service counselors to perform community service.  *Id.* at 184:8-12.

Was not evaluated on community service.  *Id.* at 185:8-11.

Not aware of any community service requirement that was imposed by Alderwoods at any other facilities.  *Id.* at 187:24-188:3.

Seeks compensation only for work performed for the Lions Club between 1996 and 1998, at a time when Alderwoods did not exist.  *Id.* at 177:3-180-21.

Not aware of any company-wide policy for employees not to record or report the time they spent performing community services.  *Id.* at 191:16-21. |
| Keath, Angela (Location Administrator) | Attended meetings of three community organizations to find out if any of them interested her; none of them did, and so she never joined any community organization during her employment with Alderwoods.  Keath Dep. Tr. at 160:4-161:4; 166:7-167:4. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities.  Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

COMMUNITY SERVICE

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Community Service** |
| Keath, Angela (*cont'd.*) | Was not evaluated on community service, and suffered no consequences for failure to join an organization. *Id.* at 172:1-173:1.<br><br>No community service incentive program. *Id.* at 178:1-4. |
| Kuhta, Richard (Funeral Director, Embalmer) | Seeks compensation for being member of U.S. Navy and attending weekend reserve duty training. Joined Navy before beginning employment with Alderwoods and continued after termination of employment. Admitted he would have been involved in the U.S. Navy regardless of his employment with Alderwoods. Kuhta Dep. Tr. at 96:3-19; 97:23-98:13; 100:8-101:7.<br><br>Not aware of any Alderwoods policy requiring employees to perform community service work. *Id.* at 105:2-6.<br><br>Not aware of any Alderwoods employees at his location (other than his salaried location manager) who were performing community service work. *Id.* at 105:7-21. |
| Lanza, Michael (Apprentice Funeral Director, Embalmer) | None of his Alderwoods managers from 2002 through his termination in 2004 ever discussed community service with him. Lanza Dep. Tr. at 56:9-57:6; 77:10-80:3; 80:16-18; 84:3-5; 91:15-17; 92:13-15.<br><br>Participated in the Christopher Columbus Club, a social club for Italian men, and went out to dinner with priests and ministers and occasionally entertained them in his home; personally selected and enjoyed these activities and had engaged in them before he began his employment with Alderwoods; Alderwoods did not pay his dues. *Id.* at 80:19-81:4; 191:13-195:17; 198:1-199:23.<br><br>Was never evaluated on participation in community work. *Id.* at 203:9-12.<br><br>Not aware of a written policy regarding community service or compensation regarding same. *Id*. at 204:8-17. |

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities. Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

**COMMUNITY SERVICE**

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Community Service** |
| Leal, Adrian (Apprentice Funeral Director, Embalmer) | Performed no community service while employed by Alderwoods.  Leal Dep. Tr. at 165:12-15. |
| Long, Kasi (Funeral Director) | Seeks to be compensated for being member of Girl Scouts and attending scout meetings, trips and overnight camps with her daughter, which she personally enjoyed; was involved in Girl Scouts independent of Alderwoods and remained a member after her employment terminated.  Long Dep. Tr. at 159:6-161:11.<br><br>May have reported and been paid for time spent at Lions Club meetings and holiday dinners.  *Id.* at 173:17-174:17. |
| McDonald, Beverly (Funeral Director) | Was not evaluated on community service.  McDonald Dep. Tr. at 143:2-5.<br><br>Location Manager told her to join three community service organizations identified from a list.  *Id.* at 138:8; 139:23.<br><br>Stopped her involvement in the organizations when she stopped working for Alderwoods because she was no longer required to be involved.  *Id.* at 140:9-17; 146:23-147:2.<br><br>Did not seek compensation for community service time during her employment because her manager told her she would not be paid for such time.  *Id.* at 152:7-153:20. |
| Ore, William (Apprentice Funeral Director, Embalmer) | Did not belong to a community organization during his employment; was not required to join a community organization.  Ore Dep. Tr. at 99:20-23; 112:9-12.<br><br>Declined to participate in community activities on some occasions and suffered no consequences.  *Id.* at 110:16-111:3.<br><br>Was not required to prepare written reports or forms regarding community involvement.  *Id.* at 111:23-112:8. |

---

[**] Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities.  Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

COMMUNITY SERVICE

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
| --- | --- |
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Community Service** |
| Ore, William (*cont'd.*) | No knowledge of a written policy addressing employee involvement in community organizations and activities. *Id.* at 192:18-193:4. |
| Peters, John (Funeral Director) | Was never told he had to join at least one organization; never heard of anyone else being required to join at least one organization.. Peters Dep. Tr. at 154:20-155:1.<br><br>Not required to report on community involvement. *Id.* at 158:24-159:6.<br><br>Never heard of " I Believe in Service" or any other incentive program. *Id.* at 160:5-14.<br><br>Was "a firm believer" in "joining local organizations in [his] community" and "didn't join all these organizations for business," but did so because he believed in what they do and what they stand for. *Id.* at 153:24-156:14.<br><br>Reported and was paid for time on community bus trips to a veterans cemetery. *Id.* at 140:12-15; 144:10-146:11.<br><br>Reported and may have been paid for time spent speaking at a high school career day. *Id.* at 140:24-141:6; 146:12-147:21. |
| Rady, Heather (Funeral Director, Embalmer) | Was paid for attending Rotary Club and participation in adopt-a-highway program. Rady Dep. Tr. at 68:5-25; 179:15-22.<br><br>Was paid for working at petting zoo and for other community service performed outside normal work hours. *Id.* at 61:14-62:9; 67:23-68:25. |
| Reddick, Jack (Funeral Director, Assistant) | Employees were not reprimanded for lack of participation in the community. Reddick Dep. Tr. at 179:18-23.<br><br>No I Believe in Service or other incentive program in effect. *Id.* at 201:9-202:6. |

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities.  Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

COMMUNITY SERVICE

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
| --- | --- |
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Community Service** |
| Reddick, Jack (*cont'd.*) | Was member of several clubs and participated in various community activities since 1972, long before he was employed by Alderwoods; merely continued these activities as an employee of Alderwoods and has continued his involvement since his employment with Alderwoods terminated in 2006. *Id.* at 166:11-171:4; 180:10-181:25.<br><br>Claims he generated business for Alderwoods by (and seeks to be compensated for) frequenting a certain restaurant to drink coffee and socialize with other patrons, discussing hunting, fishing and camping. *Id.* at 232:24-235:5.<br><br>Does not know if any other employee at his location completed community service forms; only one certain manager gave him forms to fill out and he never saw the forms again after this manager was terminated from Alderwoods. *Id.* at 176:22-177:21. |
| Schabloski, John (Funeral Director, Embalmer) | Employees were not required to provide a report regarding their community involvement. Schabloski Dep. Tr. at 130:8-131:2.<br><br>There was no I Believe in Service or other incentive program in effect. *Id.* at 131:8-17.<br><br>Was not expected to be involved in community service for entire period of employment with Alderwoods. *Id.* at 120:8-121:11. |
| Takesian, Stephen (Family Service Professional) | Employees were encouraged or expected but not "required" to participate in community service. Takesian Dep. Tr. at 106:10-15, 161:17-162:1.<br><br>No community service expectation for employees in funeral director position. *Id.* at 162:2-6.<br><br>Was a Mason prior to his employment, however, included that as community service time for which he is alleging he should be compensated. *Id.* at 38:19-39:1. |

---

\*\*Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities. Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

COMMUNITY SERVICE

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Community Service** |
| Takesian, Stephen (*cont'd.*) | Admits that the community service work that he did not only benefited the company but benefited him, too. *Id.* at 97.

Claims that the community service that he participated in for which he was not compensated was the Senior Center, the Masonic Lodge, the Armenian church parish council and Cub Scouts. *Id.* at 145:6-146:13.

Indicated that he was not a member of the Mayor's Aging Commission when he was employed at Alderwoods, but he had all this experience and people that he had met over the years to gain access to these people. *Id.* at 146:7-13.

Admitted that he was not a Mason because he was trying to fulfill a community service requirement imposed by his employer. Rather, he was a Mason before his employment at Alderwoods and did this for personal reasons. *Id.* at 154:14-155:3.

There were times when community service was performed during work hours and Takesian was paid for the community service work that he did during that time. *Id.* at 151:18-23.

Admits that when people did not participate in community service activities, there was no disciplinary action or other reprimand from the employer. *Id.* at 163:16-21.

Recorded all of the time on his time card for the work he actually did on the property. However, the time that he spent off the property, he did not record. When Takesian came in on a day off or otherwise worked on a weekend, he wouldn't sometimes mention it to his supervisor and he is not sure if he was paid for that time or not. *Id.* at 112:5-23. |
| Twiss, Matthew (Arranger) | Was compensated for attending a community trade fair. Twiss Dep. Tr. at 148:12-150:21.

Seeks compensation for time spent before and after attending Mass and, sometimes, meetings at St. Viator's Catholic Church in order to "be seen." *Id.* at 132:22-135:7. |

---

[**]Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities. Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

COMMUNITY SERVICE

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Community Service** |
| Twiss, Matthew (*cont'd.*) | Was encouraged to join Rotary and Kiwanis, but he did not. *Id.* at 133:10-13.<br><br>Alderwoods "policy" regarding community involvement did not address compensation. *Id.* at 146:11-147:9. |
| Wilkinson, Jack (Funeral Director) | Never asked, encouraged or required to get involved in the community and does not know anyone else who was. Wilkinson Dep. Tr. at 152:20-153:7.<br><br>Founder of the Bible Community Church, and acknowledges that his membership is unrelated to Alderwoods. *Id.* at 152:3-11; 157:9-15.<br><br>Employees were not required to report on their community involvement. *Id.* at 155:25-156:15.<br><br>Employees were not evaluated on their community participation. *Id.* at 155:13-24.<br><br>No I Believe in Service or other incentive program in effect. *Id.* at 155:2-12; 157:1-3.<br><br>Never saw a written policy regarding community work. *Id.* at 157:18-23. |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities. Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

**COMMUNITY SERVICE**

| MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
| --- | --- |
| **Management Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Community Service** |
| Baker, Dennis (Location Manager) | Admitted plaintiffs' lawyers wanted him to sign an affirmation saying that Alderwoods ordered community work but the most he would say was that it was "encouraged." Baker Dep. Tr. at 126:15-128:2.

Does not recall hearing of a Community Leadership Program; hearing of a Community Influencer Program; being responsible for creating a Leadership Network; ever filling out a Leadership Network information sheet; or hearing of the term "Leadership Network contact report." Baker Dep. Tr. at 99:8-21.

Never identified community influencers or was told to keep track of important contacts in the community. Never told any of the employees he supervised to identify community influencers or to keep track of important contacts in the community. Does not recall anyone at his location participating in a Community Seminar Program. *Id*. at 99:22-100:17.

Does not recall ever hearing of "I Believe in Service." *Id*. at 117:13-16.

Employees were not required to volunteer for community events or join community organizations. *Id*. at 128:7-22.

Never discussed community work or activities in evaluations with employees, and employees who were not involved in the community were not disciplined in any way. He did not do anything to monitor community activities of the employees he supervised. *Id*. at 137:1-4; 138:5-15.

Cannot recall any specific employee whom he supervised who joined a community group or engaged in community activities because they were encouraged to do so by Alderwoods. *Id*. at 139:5-140:3. |
| Bath, Herbert (General Manager) | An employee's choice to participate or not participate in community activities had no positive or negative impact on employment. Bath Dep. Tr. at 303:25-304:15. |

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities. Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

COMMUNITY SERVICE

| MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Management Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Community Service** |
| Bath, Herbert (*cont'd.*) | Employees were paid for community work done during regular business hours. *Id.* at 171:8-21.<br><br>Hourly employees who assisted with community events were compensated on some occasions. *Id.* at 193:1-195:14.<br><br>Identified a single incident where an employee was not paid to go to a golf outing. *Id.* at 170:6-171:7.<br><br>Did not evaluate hourly employees on their community involvement. *Id.* at 181:11-182:13. |
| Burkle, Clark (Location Manager) | Not aware of any employee who was required or encouraged to join a community organization. Burkle Dep. Tr. at 64:23-65:8.<br><br>Never heard any member of Alderwoods management tell any employee that employees were expected to participate in community events to generate business. *Id.* at 72:17-73:1.<br><br>Was not a member of a community organization and did not participate in any community activities as an hourly employee. *Id.* at 63:11-64:1.<br><br>Was not aware of any employee being evaluated regarding his community involvement. *Id.* at 66:20-67:4.<br><br>Was never told to fill out forms or otherwise report to Alderwoods management regarding community involvement; not aware of any other employees required to do so. *Id.* at 66:10-19.<br><br>Not aware of any employee being disciplined or threatened with discipline for lack of community service. *Id.* at 67:5-9.<br><br>Not aware of "I Believe in Service" or other incentive program related to community involvement. *Id.* at 73:2-9. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities. Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

COMMUNITY SERVICE

| MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Management Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Community Service** |
| Daigle, Millard[iii] (Assistant Manager) | No incentive program for participating in community work in effect at his location, and he is unaware of any such program (and never heard of one called "I Believe in Service") used at any other Alderwoods location.  Daigle Dep. Tr. at 198:17-199:3.<br><br>Not aware of any company-wide policy requiring community work or addressing whether community work should be reported or paid.  *Id.* at 199:4-10.<br><br>Understood that the only categories of employees at Alderwoods who were expected to perform community work were funeral directors and embalmers.  *Id.* at 192:20-193:11.<br><br>Does not know whether there were any consequences for any funeral director or embalmer or any other Alderwoods employee for not participating in community activities.  *Id.* at 195:4-9.<br><br>Not evaluated on participation in community work.  *Id.* at 142:2-4.<br><br>Joined Elks Club at age 18 and remained member after leaving Alderwoods; no one from Alderwoods told him to join or would have known about his participation, and there were social aspects of his membership.  *Id.* at 166:13-17; 182:5-183:13; 185:9-17.<br><br>Was paid for at least part of All Saints Day event he attended if it fell on a work day, and at least part of the Carnival/Mardi Gras event he attended if it was a holiday.  *Id.* at 170:6-14; 174:18-175:3. |
| Hensley, Ric (Location Manager) | Not all employees got involved in community service and those who did participate were primarily managers.  Hensley Dep. Tr. at 50:2-22. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities.  Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

**COMMUNITY SERVICE**

| MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Management Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Community Service** |
| Hensley, Ric (*cont'd.*) | Employees could elect not to get involved in community service, and there were no consequences.  *Id.* at 54:20-55:8.  The weekly community service log was blank in most weeks.  *Id.* at 53:2-54:18. |
| Kamienski, Richard (General Manager) | 90 % of employees did not participate or perform any community service; such employees were not reprimanded or disciplined, and they faced no consequences whatsoever.  Kamienski Dep. Tr. at 143:12-144:24.  One employee explicitly refused to perform any community service and suffered no consequences; refusal had no bearing on evaluation of employee.  *Id.* at  149:9-23.  Does not recall employees being evaluated on community service.  *Id.* at 147:9-25. |
| Miles, Barry[iv] (Location Manager) | Only employees in funeral director position were expected to get involved in community service.  Miles Dep. Tr. at 242:13, 276:18-22, 277:14-19.  Was never told that if he did not join community organizations he would be fired, disciplined or suffer a cut in pay.  *Id.* at 243:12-244:24.  Is not aware of any funeral director who was disciplined, terminated or suffered a cut in pay because he or she did not join a community organization.  *Id.* at 246:9-20.  Has heard of the "I Believe in Service" and Community Leadership programs but has no knowledge of what they entail. *Id.* at 249:4-16.  Attended Optimist Club meetings and participated in golf tournament, but did not pass out business cards or any marketing materials. *Id.* at 251:10-22, 304:3-17. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities.  Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

COMMUNITY SERVICE

| MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Management Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Community Service** |
| Miles, Barry (*cont'd*) | Was never told by managers that he could not record his time spent at meetings with community organizations. *Id.* at 310:1-9. |
| Pramik, Robert (Market Growth Manager) | The community work policy applied only to funeral directors.  Non-funeral director hourly employees were only encouraged, not required to belong to at least one outside community organization.  Pramik Dep. Tr. at 85:6-19; 115:17-20.<br><br>The amount of community service performed by each funeral director reporting to Pramik varied.  *Id.* at 105:14-18.<br><br>Did not warn any employees that they could be terminated if they did not follow the community work policy.  *Id.* at 119:8-12.  Never disciplined an employee for skipping a meeting of a community organization to which they belonged.  The employees were never disciplined for not being active enough in the organization.  *Id.* at 112:21-23; 113:20-25.<br><br>Not aware of what employees were told in other markets regarding the community work policy.  *Id.* at 119:21-120:3.  Not aware of what actions, if any, were taken against employees in other markets who did not participate in community activities.  *Id.* at 120:12-17.  Not aware of whether employees outside his market were paid for time spent performing community work.  *Id.* at 139:1-5. |
| Prise, Deborah (Location Manager) | Performed some community work for personal reasons.  Prise Dep. Tr. (Day 1) at 99:2-9.<br><br>Was "partially" granted pre-approval and partially paid for attending a cocktail party outside business hours. *Id.* at 88:22-89:14. |
| Thomas, Sandy (Location Manager) | No knowledge of Community Leadership Program, Influencer Program; never created or directed anyone else to create a Leadership Network Information Sheet or Contact Report; never identified or directed anyone else to identify influencers; never participated in or directed anyone else to participate in community seminar programs.  Thomas Dep. Tr. at 85:24-87:16. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities.  Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

COMMUNITY SERVICE

| MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Management Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Community Service** |
| Thomas, Sandy (*cont'd.*) | He and other hourly employees were paid for the community events hosted by the funeral home.  *Id.* at 87:17-88:17; 118:9-119:6.<br><br>Was not personally evaluated and did not evaluate other employees on their community service "because usually we didn't do any work."  *Id.* at 119:20-120:3. |
| Weinstein, Stacey (Location Manager) | Knows of no other job positions besides funeral directors and pre-need people who were encouraged to do community service.  Weinstein Dep. Tr. (Day 1) at 97:11-24.<br><br>No knowledge as to whether pre-need employees were compensated for time spent in community service.  *Id.* (Day 1) at 95:4-96:1.<br><br>No written Alderwoods policy regarding community service or whether employees will be paid for community service.  *Id.* (Day 1) at 99:10-16.<br><br>No recollection of being evaluated or evaluating other employees on community service.  *Id.* (Day 1) at 99:17-100:7.<br><br>No knowledge of Community Leadership Program, Influencer Program; never created or directed anyone else to create a Leadership Network Information Sheet or Contact Report; never identified or directed anyone else to identify influencers; never participated in community seminar programs.  *Id.* (Day 1) at 102:4-103:24.<br><br>Funeral home locations did not have a web site; never created or directed anyone to create a notebook of best practice ideas; never developed or directed anyone to develop a market share report; never completed or directed anyone to complete a community service promotion form; never heard of "Success Spotlights" or "I Believe in Service."  *Id.* (Day 1) at 113:1-114:9. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities.  Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

**COMMUNITY SERVICE**

| MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Management Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Community Service** |
| White, Raymond (Location Manager) | Alderwoods did not do anything to make sure that employees were joining community organizations. They just encouraged it. White Dep. Tr. at 120:12-15.<br><br>Did not actually join any organizations for the purposes of networking while at Chapel Lawn, nor did his funeral director. *Id.* at 124:20-125:7.<br><br>Was not required to keep a list of community organizations he contacted. *Id.* at 125:19-126:4. Was not aware that his supervisor submitted any forms regarding community service. *Id.* at 126:11-13.<br><br>Was not aware of any company-wide policy that required employees to be part of a community organization. *Id.* at 142:7-11. Could not recall anyone telling him not to report time spent networking at fire and police stations. *Id.* at 134:8-22. Was never told that the company policy was not to record time spent in the community pitching services. *Id.* at 135:18-136:2.<br><br>There were no incentive programs at Chapel Lawn to encourage employees to be active in the community. *Id.* at 141:17-24. Was not aware of a program called "I Believe in Service." *Id.* at 141:25-142:2. |

---
**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities. Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

**COMMUNITY SERVICE**

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Community Service** |
| Allen, Lois (Receptionist) | She was not required to participate in community organizations or perform community work as an Alderwoods' employee. She never reported on her activities in the community to any Alderwoods managers, or completed a community service report form, nor was she ever required to do so. Allen Dec. ¶ 8.[v]<br><br>She never heard of any programs entitled "Success Spotlight" or "I Believe In Service," nor was she required to participate in any such programs. *Id.* ¶ 12. |
| Arms, Beverly (Assistant Administrator) | She was never asked and was not required to participate in community organizations or perform community service by her manager at Powers Funeral Home. Arms Dec. ¶ 5.<br><br>She never saw a community work policy when she worked for at Powers. *Id.* |
| Ayling, Mary (Receptionist) | She was not required to perform community work or participate in community organizations as an employee of Alderwoods. Ayling Dec. ¶ 12.<br><br>Never heard of "Success Spotlight" or "I Believe in Service." *Id.* ¶ 17. |
| Ballard, Constance (Location Administrator) | She was neither encouraged nor required to participate in community activities or organizations. Ballard Dec. ¶ 11.<br><br>There was no incentive program at Memory Chapel to encourage employees to be active in the community. *Id.* ¶ 12.<br><br>She was not asked about community activities in her one evaluation by her supervisor at Memory Chapel. *Id.* ¶ 13. |
| Bollinger, Karen (Family Services Counselor) | She was encouraged to participate in community activities, but was not required to do so. She had too many appointments and was too busy to become involved in many community organizations. Bollinger Dec. ¶ 8.<br><br>When she attended a breakfast or lunch at a community function, she recorded and was paid for her time spent at the function. *Id.* |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities. Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

COMMUNITY SERVICE

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Community Service** |
| Cain, Waldo (Funeral Attendant) | He was not required to participate in community organizations or perform community work as an employee of Alderwoods.  Cain Dec. ¶ 13.<br><br>He was a member of both the Lions and Masons, but did not represent Alderwoods when he attended functions held by these organizations.  He joined these groups voluntarily and would have done so regardless of his work for Alderwoods. *Id.*<br><br>He never reported on his activities in the community to any Alderwoods managers, or completed a community service report form, nor was he ever required to do so.  *Id.* |
| Crisp, Donald (Funeral Director) | Never heard of something at Alderwoods called the "Community Leadership Program," "Influencer Program," "I Believe in Service" or "Success Spotlight."  Crisp Dec. ¶ 14.<br><br>Was not required to participate in community organizations or perform community work as an employee of Alderwoods, and never reported on his activities with any organizations to Alderwoods managers, or completed a community service report form, nor was he ever required to do so.  *Id.*<br><br>No one ever evaluated him on his participation in community service.  *Id.* ¶ 15. |
| Elliott, James (Funeral Director) | He was encouraged but not required to participate in community activities.  The only organization in which he participated was Kiwanis, which met during the week for lunch.  Elliott Dec. ¶ 9.<br><br>There were no incentive programs at Johnson's Funeral Home to encourage employee participation in community activities.  *Id.* ¶ 10.<br><br>Community service was never part of any evaluation by his supervisor.  *Id.* |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities.  Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

COMMUNITY SERVICE

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Community Service** |
| Fogg, Margaret (Location Administrator) | Employees were encouraged, but not required to participate in community service. There were many employees, including funeral directors, who did not participate in community activities. Fogg Dec. ¶ 10. <br><br> She was paid for time she spent at community service activities during the work day. *Id.* ¶ 11. <br><br> She was never asked about community service in an evaluation by her supervisor. *Id.* ¶ 12. |
| Forrest, Wendy (Location Administrator) | Employees were encouraged to participate in community service and were paid for the time that they spent participating in community activities. Time spent at community activities was recorded on employees' time cards. Forrest Dec. ¶12. <br><br> She does not recall a specific community service policy. There was no incentive program to encourage participation in community service. *Id.* ¶ 13. <br><br> She did not participate in any community activities or organizations when she worked for Humphrey Mortuary. She was not required to do so. *Id.* <br><br> Community service was not part of her annual evaluations by her supervisor. *Id.* ¶ 14. |
| Gibson, Jill (Funeral Arranger) | Employees at Humphrey Mortuary were encouraged to participate in community organizations. She represented the funeral home at several organizations, including two Chambers of Commerce and Kiwanis, and was paid for her time attending these activities and meetings. Gibson Dec. ¶ 13. <br><br> Participation in community activities or organizations was not required by Alderwoods. There was no incentive program at Humphrey Mortuary to encourage employees to participate in community organizations. *Id.* ¶ 14. <br><br> Community service was not discussed by her supervisor during her evaluations. *Id.* ¶ 15. |

---

**\*\***Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities. Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

**COMMUNITY SERVICE**

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Community Service** |
| Goni, Helen (Office Manager) | Was not required to participate in community organizations or perform community work as an employee of Alderwoods, nor was she ever evaluated based her participation in community activities.  Goni Dec. ¶ 11.<br><br>Never heard of any employee incentive programs, including "I Believe in Service," or "Success Spotlight," nor was she familiar with an Alderwoods Community Leadership Program or Influencer Program.  *Id.* ¶ 12.<br><br>Was never required to report on her participation in community activities or organizations to anyone at Alderwoods, nor did she.  *Id.* |
| Hunt, Theodore (Funeral Attendant) | He was not required to participate in community organizations or perform community work as an employee of Alderwoods.  He did not participate in community activities.  Hunt Dec. ¶ 11.<br><br>He never reported on his activities in the community to any Alderwoods managers, or completed a community service report form, nor was he ever required to do so.  *Id.*<br><br>He was never evaluated based upon his participation in community work.  *Id.* ¶ 12. |
| Jones, Regina (Funeral Director) | Employees were encouraged but not required to be active in the community.  She was a member of several organizations, which she had joined prior to working for Alderwoods.  She did not recall performing any specific activities to promote the funeral home at these organizations  R. Jones Dec. ¶ 9.<br><br>She did not recall an incentive program at the Baldwin-Lee Funeral Home to encourage employees to participate in community organizations.  Community service was not part of any evaluation that she received as a funeral director.  *Id.* ¶ 10. |
| Karneol, Rozlyn (Assistant Administrator) | She was never asked to participate in any community organizations or perform community service by her manager.  She never saw a "community work" policy.  Karneol Dec. ¶ 5. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities.  Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

**COMMUNITY SERVICE**

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS**<br>TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Community Service** |
| Korell, Karee<br>(Funeral Director) | Was never told about or saw an Alderwoods "Community Work Policy," or heard of "I Believe In Service" or "Success Spotlight."  Korell Dec. ¶ 14.<br><br>Was not encouraged or required to participate in community organizations or perform community work as an employee of Alderwoods.  *Id.*<br><br>Never reported on her activities with any organizations to any Alderwoods managers, or completed a community service report form, nor was she ever required to do so.  *Id.*<br><br>No one ever evaluated her on her participation in community service.  *Id*. ¶ 15. |
| LaPlaunt, Daniel<br>(Funeral Director) | Was never told about or saw an Alderwoods "Community Work Policy," or heard of "I Believe In Service" or "Success Spotlight."  LaPlaunt Dec. ¶ 14.<br><br>Was never required to participate in community organizations or community activities.  *Id.*<br><br>No one ever evaluated him on participation in community service.  *Id*. ¶ 15. |
| Laska, Robert<br>(Funeral Director) | Never saw or heard about an Alderwoods "Community Work Policy."  Laska Dec. ¶ 14.<br><br>Was never required to participate in community work.  *Id.*<br><br>Participates in community organizations, but would be active in these organizations regardless of his work at Alderwoods.  *Id.*<br><br>Never evaluated on participation in community activities.  *Id*. ¶ 15. |
| Lay, John<br>(Funeral Attendant) | Alderwoods encouraged, but never required, employees to participate in community activities.  Whenever Lay went to a community luncheon, it was in the context of his driving duties and he was paid for his time.  Lay Dec. ¶¶ 11-12. |

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities.  Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

COMMUNITY SERVICE

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Community Service** |
| Luciano, Christopher (Funeral Director, Embalmer) | Employees were not required, but encouraged, to participate in community organizations. Not many employees were active in community organizations. Luciano Dec. ¶ 11.<br><br>When given an evaluation by his supervisor, community service was not discussed. *Id.* ¶ 13. |
| Mann, Kelley (Office Manager) | Hourly employees, including Mann, were not required participate in community activities or organizations. Mann Dec. ¶ 11.<br><br>Was a member of the Shriners, an organization she joined voluntary and on her own time. No one at Alderwoods required her to maintain her membership as part of her employment. *Id.* ¶ 12.<br><br>Neither her evaluation or the evaluations she did for the employees who reported to her were based on involvement in community activities or organizations. *Id.* ¶ 11.<br><br>She was not involved in, nor required to be involved in, the Community Leadership Program. Does not recall any hourly employee at her location being required to be involved in such a program. *Id.* ¶ 13. |
| Messier, Claudia (Funeral Director, Embalmer) | Employees at Custer Christiansen Mortuary were encouraged, but not required, to participate in community activities. Did not join any community organizations or get involved in any community activities when she worked for Alderwoods. Messier does not recall any incentive program in use at Custer Christiansen Mortuary to encourage employees to become active in the community. Community service was not discussed during her work evaluations by her supervisor. Messier Dec. ¶¶ 9-10. |
| Olsen, Judith (Office Manager) | Was not required to participate in community organizations or perform community work as an employee of Alderwoods. On occasion, she assisted at the Memorial Day service at the cemetery, and was always paid for working at these services, including any overtime. Olsen Dec. ¶ 12.<br><br>Never heard of or saw an Alderwoods "Community Work Policy," or employee incentive programs, including "I Believe in Service," or "Success Spotlight." *Id.* ¶ 13. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities. Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

**COMMUNITY SERVICE**

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS**<br>TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Community Service** |
| Olsen, Judith<br>(*cont'd.*) | Never reported any community service work she performed on her own time to managers or anyone else at Alderwoods, nor was she ever required to do so. *Id.*<br><br>Evaluation never took into consideration community service work. *Id.* ¶ 14. |
| Patterson, William<br>(Funeral Director) | Was not encouraged nor required to participate in community activities as a funeral director. Supervisor told him that community service was an option. He was told that he could report the time he spent at community activities, but chose not to do so. Patterson Dec. ¶ 9. |
| Powell, William<br>(Funeral Director) | Employees encouraged, but not required, to participate in community activities. The only community activity that Powell participated in was with his church, and he would have participated regardless of the funeral home policy. Powell Dec. ¶ 10.<br><br>No incentive programs to encourage employees to be active in the community. *Id.* ¶ 11. |
| Pruitt, Jeanne<br>(Office Administrator) | Was not required to participate in community organizations or perform community work as an employee of Alderwoods. Pruitt Dec. ¶ 12.<br><br>Didn't recall having an annual performance evaluation while working for Alderwoods, or ever being evaluated on her participation in community activities. *Id.*<br><br>Never heard of, was told about, or saw an Alderwoods "Community Work Policy." Never heard of any employee incentive programs, including "I Believe in Service," or "Success Spotlight." *Id.* ¶ 13. |
| Rogers, Kenneth<br>(Funeral Attendant) | Was never required to participate in community activities by his supervisor at the funeral home. Rogers Dec. ¶ 8. |
| Rosen, C. Joseph<br>(Funeral Director) | Was told that funeral directors were encouraged to participate in community organizations when he was hired, but heard nothing more about community service afterwards. Rosen Dec. ¶ 12.<br><br>Was not required to participate in community activities and never had time to do so. *Id.* ¶¶ 12-13. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities. Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

**COMMUNITY SERVICE**

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Community Service** |
| Rosen, C. Joseph (*cont'd.*) | There were no incentive programs to promote participation in community activities at Kraeer Funeral Home. *Id.* ¶ 14.<br><br>Supervisor never asked him about community activities in any evaluation. *Id.* ¶ 13. |
| St. Laurent, Andy (Grounds Supervisor) | Not required to participate in community activities or organizations. St. Laurent Dec. ¶ 15.<br><br>Involved with the local Elks club, but did that on his own. *Id.*<br><br>Never reported on his community work to his managers, nor was he required to do so. *Id.*<br><br>Never evaluated on the basis of his work in the community. *Id.* ¶ 16. |
| Sands, Edith (Location Administrator) | Was never encouraged to participate in community activities or organizations by Alderwoods. Sands Dec. ¶ 7. |
| Santmyer, William (Funeral Attendant) | Was encouraged, but not required, to participate in community activities. Never had time to participate in any organizations because he was working so much at the funeral home. Santmyer Dec. ¶ 11.<br><br>Once attended lunch with a funeral director and was paid for his time. *Id.* ¶ 12. |
| Sims, Mertie (Office Manager) | Was not required to participate in community organizations or activities. Sims Dec. ¶ 13.<br><br>Alderwoods sponsored community events on occasion. Hourly employees could volunteer to work at these events, and they were paid for all the time they worked at the event. *Id.*<br><br>Was never evaluated on the basis of her involvement in community activities or community organizations. *Id.* ¶ 14. |
| Slight, Marshall (Courier) | Was not required to participate in community organizations or perform community work as an employee of Alderwoods. Slight Dec. ¶ 8. |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities. Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

COMMUNITY SERVICE

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Community Service** |
| Strang, Robert (Intern Funeral Director, Embalmer) | Was never told about or saw an Alderwoods "Community Work Policy," or heard of "I Believe In Service" or "Success Spotlight."  Strang Dec. ¶ 14.<br><br>Was not encouraged or required to participate in community organizations or perform community work as an employee of Alderwoods.  *Id.*<br><br>Never reported on his activities with any organizations to any Alderwoods managers, or completed a community service report form, nor was he ever required to do so.  *Id.*<br><br>No one ever evaluated him on his participation in community activities, or the amount of overtime he recorded.  *Id.* ¶ 15. |
| Strintz, Jack (Courier) | Was not required to participate in community organizations or perform community work as an employee of Alderwoods. Strintz Dec. ¶ 10.<br><br>Is involved with the local Shriners and Elks clubs, but participates with those organizations voluntarily, on his own time. *Id.*<br><br>Never reported on his activities with these organizations to any Alderwoods managers, or completed a community service report form, nor was he ever required to do so.  *Id.*<br><br>Evaluations never took into account his participation in community work.  *Id.* ¶ 11. |
| Turnage, Brenda (Location Administrator) | Was never encouraged or required by her supervisor to be active in the community.  Belonged to several community organizations before working for the Kiker-Seale Funeral Home and would have done so regardless of the funeral home's policy.  Turnage Dec. ¶ 8.<br><br>Community service was never part of any evaluation she received from her supervisor.  *Id.* ¶ 9. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities.  Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

**COMMUNITY SERVICE**

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
| --- | --- |
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Community Service** |
| Walsh, Cathy (Administrative Assistant) | Did not participate in community organizations or perform community work as an employee of Alderwoods, and she was never evaluated based on her participation in community service work.  Walsh Dec. ¶¶ 12-13. |
| Welch, Sharon (Funeral Director, Apprentice) | Employees were encouraged to be involved in community activities, but it was not required.  As an apprentice funeral director/embalmer, she was working full-time and in college and, therefore, did not have time to participate in any community organizations.  Welch Dec. ¶ 8.<br><br>Was never evaluated on the basis of community service by her supervisor.  *Id.*<br><br>Welch does not recall that Carr & Erwin Funeral Home had incentive programs to encourage community service in employees.  *Id.* ¶ 9. |
| Wentworth, Shirley (Funeral Support Staff) | Was not required to participate in community organizations or perform community work as an employee of Alderwoods.  Was a member of her church choir for nearly 35 years, which she did voluntarily, on her own time.  No one at Kraeer Funeral Homes required her to participate in the choir.  Wentworth Dec. ¶ 12.<br><br>Was never evaluated on the basis of her participation in community work.  *Id.* ¶ 14.<br><br>Never heard of any programs entitled "Success Spotlight" or "I Believe In Service," nor was she required to participate in any such programs.  *Id.* ¶ 18. |
| Windsor, Nancy (Location Administrator) | Was not encouraged to become active in the community.  There were no incentive programs to encourage community service.  Did not participate in any community activities or organizations when she worked for Alderwoods.  Windsor Dec. ¶ 8.<br><br>Community service was not discussed by her supervisor during job evaluations.  *Id.* |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities.  Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

**COMMUNITY SERVICE**

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Community Service** |
| Young, Annette (Assistant Administrator, Musical Director) | Employees at Paul's Chapel were encouraged to participate in community organizations. Belonged to several community organizations prior to Alderwoods' ownership of the funeral home. These activities were not related to the funeral home, and she would have participated in these organizations regardless of funeral home policy. Young Dec. ¶ 9. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities. Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

COMMUNITY SERVICE

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
| --- | --- |
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Community Service** |
| Amiker, Ellaway (General Manager, Cemetery) | Hourly employees were not required to be engaged in community activities or organizations. Amiker Dec. ¶ 9.<br><br>Hourly employees were never evaluated based upon their involvement in community activities or organizations. *Id.* |
| Anton, George (Location Manager) | Never saw or heard of an Alderwoods policy requiring employees to participate in any community organization or perform community work outside the regular work day without pay. Anton Dec. ¶ 13.<br><br>Alderwoods employees were not required to participate in community activities. Whenever Alderwoods hourly employees participated in a community event, they were paid for their time. *Id.* ¶ 14.<br><br>Did not discuss with the employees who reported to him their involvement in community service as part of their evaluation, nor was community service on the written evaluation that he submitted to Alderwoods for his employees. *Id.* ¶ 15. |
| Clark, William (Location Manager) | He encouraged funeral directors to join a community organization, but never made community service mandatory. He did not encourage other employees to become active in the community. Clark Dec. ¶ 7.<br><br>He never used any incentive programs to encourage employees to become active in the community. *Id.*<br><br>The funeral home paid for fees and dues for employees who participated in community organizations. If the activity carried over into the evening, the employee would continue to be paid for his or her time. Most community groups met during business hours. *Id.* ¶ 8.<br><br>He did not consider community service when he evaluated his employees. *Id.* ¶ 9. |
| Clisby, Chad (Location Manager) | He encouraged his employees at Hunters Creek to become involved in the community. However, none of the employees did so. The employees were not required to participate in community organizations. Clisby Dec. ¶ 10. |

---

**\*\***Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities. Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

**COMMUNITY SERVICE**

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Community Service** |
| Clisby, Chad (*cont'd.*) | There were no incentive programs to encourage employees to join or become involved in community organizations. *Id.* <br><br> He did not consider community service when he evaluated employees. He focused on client satisfaction and operating metrics. *Id.* ¶ 11. |
| Collins, Ronald (Vice President Eastern United States) | Alderwoods never had a company-wide policy requiring non-exempt employees to participate in community events. Employees were encouraged to participate, but not required and all time spent participating in community events was to be compensated. Collins Dec. ¶ 9.[vi] <br><br> Community programs were administered at the location level and the extent to which locations participated or identified community opportunities often varied depending on the location and the manager. The importance of community involvement varied depending on the size and demographics of a community; communities with less competition would require less in the way of community involvement to attract business. *Id.* ¶ 10. <br><br> Almost all community outreach could be performed during normal business hours, but to the extent any employees worked beyond their normal business hours they were to be compensated for their time. *Id.* ¶ 11. |
| Crowe, Patrick (General Manager) | Never saw or was told of an Alderwoods policy which required employees to participate in community activities or community organizations. Crowe Dec. ¶ 16. <br><br> Did not evaluate employees on the basis of their involvement in community organizations, nor did he see any such criteria on the evaluation forms he submitted to Alderwoods. *Id.* ¶ 17. |
| Curnow, Brian (General Manager) | He does not recall a company-wide policy requiring employees to participate in community activities. Curnow Dec. ¶ 13. Alderwoods employees were encouraged, but not required, to be active in the community. Not all funeral directors chose to be involved in community organizations. *Id.* ¶ 14. <br><br> He occasionally discussed community service when evaluating funeral directors, but did not discuss it when evaluating other employees. *Id.* ¶ 15. |

---

[**]Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities. Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

COMMUNITY SERVICE

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Community Service** |
| D'Andrea, Daniel (Location Manager) | He never saw or heard of an Alderwoods policy requiring employees to participate in any community organization, or perform community work outside the regular work day without pay.  D'Andrea Dec. ¶ 13.<br><br>Alderwoods employees were encouraged to be active in the community, but it was not required.  If an hourly employee volunteered to participate in community activities, they were paid their hourly rate, or overtime if over 40 hours in a week, for all hours while working at these events.  *Id*. ¶ 14.<br><br>He never discussed with hourly employees their involvement in community service as part of their evaluation.  Community service was not a topic on the written evaluation that he submitted to Alderwoods for each of the employees he supervised.  *Id*. ¶ 15. |
| Dias, Joe (Location Manager) | He never saw or heard of an Alderwoods policy requiring employees to participate in any community organization or perform community work outside the regular work day without pay.  Dias Dec. ¶ 14.<br><br>He did not discuss involvement in community service as part of any hourly employee's evaluation.  He did not recall seeing any place on the Alderwoods evaluation form that included the topic of community service.  *Id*. ¶ 15.<br><br>He never heard of "Success Spotlight" or "I Believe In Service," nor did he require any of the hourly employees to participate in any such programs.  *Id*. ¶ 16. |
| Eagan, Charles (Location Manager) | He encouraged his employees to participate in community activities, but did not require that they do so.  He would have meetings to discuss community service with employees, particularly funeral directors.  A number of his employees, including funeral directors, did not participate in community activities.  Eagan Dec. ¶ 9.<br><br>He did not use any incentive programs, like "I Believe in Service," to encourage employees to be active in the community.  He does not recall a program called "I Believe in Service."  *Id*. ¶ 10.<br><br>He did not consider community activities when he conducted evaluations of his employees.  *Id*. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities.  Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

COMMUNITY SERVICE

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Community Service** |
| Friden, Paul (Location Manager) | He does not recall ever hearing about an Alderwoods "Community Work Policy," or "I Believe In Service," and does not recall what "Success Spotlight" was. Friden Dec. ¶ 14.<br><br>As an hourly employee, he was not required to participate in community organizations or perform community work as an employee of Alderwoods. He never reported on his activities with any organizations to any Alderwoods managers, or completed a community service report form, nor was he ever required to do so. *Id.*<br><br>As an hourly employee, if he attended a community activity as a representative of the funeral home, he was paid his hourly wage for the time he spent at the event. *Id.*<br><br>As an hourly employee, no one ever evaluated him on his participation in community service, or the amount of overtime he recorded, and as a manager, he never evaluated anyone on that basis either. *Id.* ¶ 15. |
| Greeno, Donald (General Manager) | He does not recall an Alderwoods Community Work Policy. He encouraged employees to be active in the community, but they were not required to participate in community activities or organizations. Many employees were not involved in the community, which is why he encouraged it. Greeno Dec. ¶ 11.<br><br>He never used incentive programs at his locations to encourage employees to participate in community activities or organizations. *Id.* ¶ 12. |
| Harper, William Ray (General Manager) | He did not encourage or discourage his employees from participating in community organizations. He believed that he and his brother, also a manager, performed sufficient community service to advertise the funeral home. Harper Dec. ¶ 9.<br><br>There were some employees who participated in community activities. Most did not log their time for these activities, but he never told them that they could not record their time spent at the community organization. The funeral home paid fees and expenses if requested by the employee. *Id.* ¶ 10. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities. Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

COMMUNITY SERVICE

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS**  TO THE COURT REGARDING COMMUNITY SERVICE | |
| --- | --- |
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Community Service** |
| Jones, Jay  (Location Manager) | Employees were encouraged to become active in the community.  When he was an hourly employee, Jones joined Kiwanis, which met for lunch during the work week.  He also participated in several church activities, but he would have participated in these activities regardless of funeral home policy.  J. Jones Dec. ¶ 8.  He does not recall any incentive programs at the Memorial Funeral Home to encourage employees to become active in community organizations.  *Id.* ¶ 9.  He was never evaluated by the manager based on his community service.  *Id.* |
| Krueger, Richard  (Location Manager) | He made community activities available to the employees, but participation in community organizations was never a requirement of employment.  The funeral home paid for fees, dues, and time spent at activities and organizations that met during the work day.  Most community activities took place during regular business hours and were on-the-clock.  Krueger Dec. ¶ 7.  The Cashner Funeral Home had no incentive programs to encourage community involvement by employees.  *Id.* ¶ 8.  Community service was not a factor that he considered when evaluating employees.  *Id.* |
| Lawrence, Gloria  (Location Manager) | Was never told that she was expected to participate in community activities until she became a salaried manager.  Hourly employees were not required to participate in community activities.  Lawrence Dec. ¶ 14.  Some hourly employees were encouraged to be active in the community, though she was not when she worked in the embalming room.  Many funeral directors were not active in the community.  *Id.* ¶ 15.  Recalls no incentive programs to encourage community service by employees.  *Id.* ¶ 16.  The "participation guide" and "community leadership program" contained in the Alderwoods' policy binders only applied to managers.  *Id.* ¶ 17. |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities.  Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

**COMMUNITY SERVICE**

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Community Service** |
| Lawrence, Gloria (*cont'd.*) | As a manager, she paid her employees for time spent at activities at which she requested them to participate. *Id.* ¶ 18. |
| Mayes, Buddy (Vice President Southeastern United States) | Alderwoods did not have a policy requiring employees to work in the community or join a community organization. Employees were encouraged to be active in the community and were compensated for their time. Mayes Dec. ¶ 11.[vii]

Location Managers, not non-exempt employees, were required to identify key influencers in the community. *Id.* ¶ 12. |
| McCarthy, Eleanor (Location Manager) | Never saw or heard of an Alderwoods policy requiring employees to participate in any community organization, or perform community work outside the regular work day without pay. McCarthy Dec. ¶ 13.

If an hourly employee volunteered to participate in community activities, they were paid their hourly rate, or overtime if over 40 hours in a week, for all hours while working at these events. *Id.* ¶ 14.

Didn't recall ever discussing with an hourly employee their involvement in community service as part of their performance evaluation. *Id.* ¶ 15. |
| Nowatka, Steven (Funeral Director) | Never saw or heard of an Alderwoods policy requiring employees to participate in any community organization or perform community work outside the regular work day without pay. Nowatka Dec. ¶ 13.

Alderwoods employees were not required to participate in community activities. *Id.* ¶ 14.

Did not discuss with the employees who reported to him their involvement in community service as part of their evaluation. Community service was not a topic on the written evaluation that he submitted to Alderwoods for each of his employees. *Id.* ¶ 15. |
| Phillips, Shawn (Vice President Western Region) | Alderwoods never had a company-wide policy requiring non-exempt employees to perform work in the community without compensation. Alderwoods did encourage community involvement, but it was never a requirement. Employees were to be paid for all time engaging in community activities for Alderwoods' benefit. Phillips Dec. ¶ 10.[viii] |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities. Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

**COMMUNITY SERVICE**

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Community Service** |
| Phillips, Shawn (*cont'd.*) | Location Managers, not non-exempt employees, were supposed to identify and keep track of community service opportunities and key community contacts.  How these programs were run and the extent of voluntary participation from non-exempt employees would vary from location to location.  To the extent hourly employees participated in any of these programs – and in many locations they did not participate – they were required to be compensated for it.  *Id.*, ¶ 11. |
| Porte, Kelly (Assistant Manager) | Participation in community activities was recommended, but not required.  Porte Dec. ¶ 9.<br><br>Incentive programs were not conducted by the funeral home to encourage employees to participate in community service.  *Id.*<br><br>Community service was never part of her evaluations.  *Id.* |
| Rizzotto, Michael (Location Manager) | Never saw, heard or was told of an Alderwoods policy requiring employees to participate in any community organization or perform community work outside the regular work day without pay.  Rizzotto Dec. ¶ 14.<br><br>Was not aware of any hourly employee at his location who performed community work, or engaged in community activities on behalf of Alderwoods.  *Id.* ¶ 15.<br><br>Did not discuss as part of the evaluations his employees' involvement in community service.  *Id.* ¶ 16.<br><br>Does not recall seeing any place on the Alderwoods evaluation form that included the topic of community service.  *Id.* |
| Schwab, Roxann (General Manager) | All employees were encouraged, but not required, to participate in community activities.  Usually the family service counselors, not funeral directors, were the employees who were active in the community.  Schwab Dec. ¶ 12.<br><br>Instructed the employees at her locations that community outreach was to be paid.  In other words, employees were to be paid for the time they spent representing the funeral home at community organizations, as well as dues and fees.  *Id.* ¶ 13. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities.  Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

**COMMUNITY SERVICE**

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING COMMUNITY SERVICE | |
|---|---|
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Community Service** |
| Schwab, Roxann (*cont'd.*) | Never told employees that Alderwoods would not pay for time spent at outside community organizations or events. *Id.* Time spent at a community activity was recorded on the employee's time sheet. *Id.* ¶ 14.<br><br>Did not consider community service when she evaluated hourly employees. *Id.* ¶ 15. |
| Schwinghamer, Steven (Location Manager) | Employees were never required to participate in community organizations. Schwinghamer only suggested that they be active in the community. Schwinghamer Dec. ¶ 11.<br><br>Schwinghamer never used any incentive programs to encourage community service by employees. *Id.*<br><br>Schwinghamer never considered community service when he evaluated employees. *Id.* |
| Tago, Wayne (General Manager) | Created the "I Believe In Service" Program for use at the 17-20 locations he managed in northern North Carolina. He developed the program completely on his own, with no direction from management. Tago Dec. ¶ 3-4.[ix]<br><br>"I Believe In Service" was intended to reward employees for service to customers that went above and beyond the call of duty, such as assisting families with special requests. It was not meant to be a community service program. *Id.* ¶ 4.<br><br>"I Believe In Service" had nothing to do with compensation. It offered rewards like free movie tickets which were in addition to regular compensation. Employees were always on the clock when they performed any task that could earn "I Believe In Service" points. *Id.* ¶ 5-7. |
| Warn, Robin (General Manager) | The cemetery staff at Lakewood Cemetery were not required to be involved in community activities. There was no incentive program to encourage such participation. Warn Dec. ¶ 9. |

---

[i] By identifying employees has having "non-exempt" job positions, Alderwoods does not waive and expressly reserves the right to argue that these positions qualify as exempt job positions.

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities. Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.

**COMMUNITY SERVICE**

---

[ii] *See* Brent Knight Declaration Exhibit N for a compilation of all deposition transcript excerpts cited herein.

[iii] For purposes of this analysis, Millard Daigle is listed among the management deponents although he also held non-exempt, hourly positions at Alderwoods.  The same holds true for Deborah Prise.

[iv] For purposes of this analysis, Barry Miles is listed among the management deponents although he was paid on an hourly basis as a manager.  The same holds true for Sandy Thomas, Stacey Weinstein and Raymond White.

[v] *See* Brent Knight Exhibit O for a compilation of all field employee declarations cited herein.

[vi] Attached to Brent Knight Declaration as Exhibit P.

[vii] Attached to Brent Knight Declaration as Exhibit Q.

[viii] Attached to Brent Knight Declaration as Exhibit R.

[ix] Attached to Brent Knight Declaration as Exhibit V.

---

[**] Plaintiffs represented to the Court that all Alderwoods non-exempt employees were required to volunteer their time to outside community events and organizations to generate business for the Company; attend meetings explaining community service responsibilities; and generate written reports tracking their community activities.  Plaintiffs further contend that their job performance was evaluated based upon their participation in community work, and that they were not paid for any of the community service they performed.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 7-10.