**Exhibit E**

**MEAL BREAKS**

**TABLE OF CONTENTS**

**Page**

**ALDERWOODS COMPANY POLICY** ................................................................................................ 1-2
    Summary of applicable company policy.

**NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS'
REPRESENTATIONS TO THE COURT REGARDING MEAL BREAKS** ............................................................ 3-6
    Sworn deposition testimony of non-exempt Alderwoods' employees directly contradicting Plaintiffs'
    representations to the Court regarding allegedly common experiences involving meal breaks.

**MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS'
REPRESENTATIONS TO THE COURT REGARDING MEAL BREAKS** ............................................................ 7-9
    Sworn deposition testimony of Alderwoods' managers directly contradicting Plaintiffs' representations
    to the Court regarding allegedly common experiences involving meal breaks.

**NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS'
REPRESENTATIONS TO THE COURT REGARDING MEAL BREAKS** ............................................................ 10-14
    Statements made under penalty of perjury by non-exempt Alderwoods' employees directly contradicting
    Plaintiffs' representations to the Court regarding allegedly common experiences involving meal breaks.

**MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS'
REPRESENTATIONS TO THE COURT REGARDING MEAL BREAKS** ............................................................ 15-19
    Statements made under penalty of perjury by Alderwoods' managers directly contradicting Plaintiffs'
    representations to the Court regarding allegedly common experiences involving meal breaks.

PII-1205604v1

**MEAL BREAKS**

| ALDERWOODS COMPANY POLICY | |
|---|---|
| **Policy** | **Cite to Written Company Policy**[*] |
| "All non-exempt employees are required to record all hours worked each day." | Hours of Work and Overtime, III.E Recording of Hours – ALD000005 (*see also* Funeral Home Procedures, G.12.6 Recording Time Worked – ALD000001; Cemetery Procedures, E.10.6 Recording Time Worked – ALD013648) |
| "Employees must review their time card/sheet, correct any errors, and sign it before submitting it to their manager for approval."<br><br>"Employees must check and sign their time card or timesheet at the end of each week to assure that their time cards are correct.  Any discrepancies must be reported to the Location Manager/General Manager as soon as practical." | *Id.*<br><br>Procedures for Timekeeping (Recording Hours Worked), Procedure— Time Cards/Timesheets, 10. – ALD000010 |
| "Managers are also responsible for . . . ensuring that no 'off the clock' work is allowed; that is, that all work performed by employees is properly documented on time cards/time sheets." | Hours of Work and Overtime, IV.B.6 Manager Responsibilities – ALD000007 |
| "Location Managers/General Managers must verify and sign their respective employees' time cards/timesheet." | Procedures for Timekeeping (Recording Hours Worked), Procedure— Time Cards/Timesheets, 12. – ALD000011 (*see also* Funeral Home Procedures, G.12.6 Recording Time Worked – ALD000001; Cemetery Procedures, E.10.6 Recording Time Worked – ALD013648) |
| "All non-exempt employees will be compensated for all hours worked." | Hours of Work and Overtime, Policy – ALD000004 |
| "Non-exempt employees are to be compensated for all overtime hours worked." | Procedures for Timekeeping (Recording Hours Worked), Purpose – ALD000009 |
| "Non-exempt employees will receive overtime pay of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in any work week . . . ." | Hours of Work and Overtime, III.F Overtime – ALD000006 |
| "During the meal period, an employee is not to perform work for the Company." | Hours of Work and Overtime, III.F Overtime – ALD000005 |

---

[*]All Policies cited in this section are attached as Exhibits 1, 3 and 4 to the Rhonda Suurd Declaration, who is Alderwoods' former Human Resources Manager.  Rhonda Suurd's Declaration is attached to the Brent Knight Declaration as Exhibit S.

**MEAL BREAKS**

| ALDERWOODS COMPANY POLICY | |
|---|---|
| **Policy** | **Cite to Written Company Policy**[*] |
| "Employees who do not take a meal break must have their manager's pre-approval, and must handwrite 'no meal break taken' and have the Location Manager/General Manager approve and initial the notation." | Procedures for Timekeeping (Recording Hours Worked), Procedure—Time Cards/Timesheets, 4. – ALD000010 |

**MEAL BREAKS**

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS | |
|---|---|
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Burgess, Jason (Funeral Director, Embalmer)[i] | Understood that if he worked through a lunch, he was to indicate "no lunch" on his time card and the reason why.  Burgess Dep. Tr. at 70:4-8.[ii]<br><br>Admits that he was "sometimes" paid for working through lunch.  *Id.* at 113:8-114:23.<br><br>Admits that time records reflect instances in which he indicated "no lunch" and was paid for working through lunch.  *Id.* at 144:8-145:21. |
| Butler, Michael (Arranger) | Signed weekly timesheets acknowledging that "I declare under penalty of perjury that all of the information that I have provided on this timecard is true and complete, and I did not work any unauthorized overtime and I have taken all of my rest period and meal period breaks."  Butler Dep. Tr. at 147:14-23. |
| Carswell, Shane (Funeral Director) | Instructed employee to take lunch breaks and punch out for them.  Carswell Dep. Tr. at 37:9-14. |
| Diggs, Jeffrey (Funeral Director, Embalmer) | Reported on his time cards when he did not take a lunch break.  Diggs Dep. Tr. at 129:12-14.<br><br>Not aware of any company-wide policy that employees could not report all hours worked if they worked through a lunch break.  *Id.* at 130:9-13. |
| Escobar, Stephen (Arranger) | Occasionally submitted time to be paid for working through his lunch period.  Escobar Dep. Tr. at 145:1-4.<br><br>If he did not get a lunch break, he indicated on his time card "no lunch."  *Id.* at 115:4-17. |
| Garza, Joe (Funeral Services Support L4) | Has no allegation of a meal break violation.  Garza Dep. Tr. at 117:17-24.<br><br>Ate his meals on the clock; his time spent eating was recorded as work time; was compensated for the time he spent eating his meals.  *Id.* at 116:8-117:8. |

---

[**] Plaintiffs represented to the Court that all Alderwoods non-exempt employees worked through their meal breaks, but were not compensated for those hours.  Plaintiffs further represented that management was aware that all non-exempt employees were working through their meal breaks, but failed to pay employees for that time.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 15-17.

**MEAL BREAKS**

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS | |
|---|---|
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Gonzales, Donna (Assistant Funeral Director) | For a portion of her employment with Alderwoods (January to August 2003), Gonzales claims that she was not compensated for time spent working through meal breaks.  Gonzales Dep. Tr. at 170:16-171:1. <br><br> If she did not take a meal break at all, she hand-wrote/reported "no lunch" on her time card.  *Id.* at 172:21-173:5. <br><br> Not aware of any other employees who worked through or were interrupted during a meal break but were not compensated for the time they were working.  *Id.* at 177:3-6. <br><br> Not aware of any Alderwoods' policy that employees could not report all hours they worked during or through a meal break. *Id.* at 177:11-14. <br><br> Not aware of any Alderwoods' policy whereby employees would not be compensated for the time they spent working if they worked through or were interrupted from a meal break.  *Id.* at 177:15-19. |
| Johnson, Louise (Funeral Director, Embalmer) | On occasion, she would write down that she worked through lunch and on the occasions where she indicated she worked through lunch, she was paid for the time worked.  If her pay rate was incorrect, employer would correct it after that.  Johnson Dep. Tr. at 149:2-9. <br><br> Thinks she has been paid for working through lunch and that the problem with calculating the payment has been corrected. *Id.* at 149:10-150:6. |
| Jones, Robert (Funeral Director) | Noted on his time card if he did not take a lunch break by writing "no lunch."  Jones Dep. Tr. at 134:6-18. <br><br> Not aware any company-wide policy that employees should not take their meal periods or their rest periods when they are supposed to do so.  *Id.* at 192:24-193:9. <br><br> Not aware of any written Alderwoods' policy stating that employees were not to take their meal periods.  *Id.* at 193:11-20. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees worked through their meal breaks, but were not compensated for those hours.  Plaintiffs further represented that management was aware that all non-exempt employees were working through their meal breaks, but failed to pay employees for that time.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 15-17.

**MEAL BREAKS**

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS | |
| --- | --- |
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Kuhta, Richard (Funeral Director, Embalmer) | Told to punch out for lunch and punch back in when you report back in after lunch.  Kuhta Dep. Tr. at 39:4-10. |
| Lanza, Michael (Apprentice Funeral Director, Embalmer) | Understood that if he did not take a lunch break he was entitled to be paid for it and recorded the time on his time sheet.  Lanza Dep. Tr. at 51:12-52:20; 134:4-135:4.<br><br>Was paid when he worked through lunch.  *Id.* at 171:5-17.<br><br>Never saw a policy stating that the company would not compensate employees if they missed a meal period.  *Id*. at 225:15-19. |
| Leal, Adrian (Apprentice, Funeral Director, Embalmer) | Missed several lunches but received adjustments once he complained about not receiving complete compensation (received 15 minutes' credit for one missed lunch break and 30 minutes on a separate occasion).  Leal Dep. Tr. at 75:13-24; 76:9-77:1.<br><br>When he was persistent about making adjustments, he received several other adjustments for 30-minute time periods when he did not actually take a lunch break.  *Id.* at 77:5-17.<br><br>Understood that the policy was that hourly employees who worked more than five consecutive hours in a day received an unpaid meal of no less than 30 minutes, or no more than one hour.  *Id.* at 110:19-111:5.<br><br>Understood that all meal breaks and time in and out needed to be recorded on a time sheet.  *Id.* at 111:15-24.<br><br>Indicated that when he wrote "no lunch" on a time card, he did so because it was required that if he was not able to take a lunch, that he needed to indicate that on his time card to ensure that he was paid for that time, and by putting "no lunch" on a time card, he would be paid for that time.  *Id.* at 135:19-136:21.<br><br>Not aware of any Alderwoods' policies requiring employees to not report the hours that they worked through a meal break.  *Id*. at 178:8-16. |

---

**[**Plaintiffs represented to the Court that all Alderwoods non-exempt employees worked through their meal breaks, but were not compensated for those hours.  Plaintiffs further represented that management was aware that all non-exempt employees were working through their meal breaks, but failed to pay employees for that time.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 15-17.

**MEAL BREAKS**

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS | |
|---|---|
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Long, Kasi (Funeral Director) | May have reported and been paid for time spent working through meal beaks.  Long Dep. Tr. at 200:2-12. |
| Ore, William (Apprentice, Funeral Director, Embalmer) | Understood that he could write "no lunch" on his time card.  Ore Dep. Tr. at 150:7-9.<br><br>Admits that he was paid on some occasions for working through his lunch period.  *Id.* at 165:9-166:8.<br><br>Admits that records reflect instances in which he was paid for working through lunch.  *Id.* at 148:25-151:16. |
| Rady, Heather (Funeral Director, Embalmer) | Received paid lunch breaks for a period of time.  Rady Dep. Tr. at 36:17-37:7.<br><br>Was not permitted to work through a lunch break except in extenuating circumstances, in which case she noted on her time card "no lunch."  *Id.* at 100:10-15; 104:19-105:1. |
| Takesian, Stephen (Family Service Professional) | Did not know for sure if hours were deducted from their total when lunch time break was not noted on a time card.  Takesian Dep. Tr. at 100-101.<br><br>When you are filling out time cards and time sheets, employees were told they were to punch in and out for lunch when a lunch was taken, and they were also told that they were to record all of the time they actually worked.  *Id.* at 111:17-24.<br><br>Aware of policy of hourly employees who worked more than 5 consecutive hours in a day are allowed an unpaid meal period of no less than 30 minutes and no more than one hour.  *Id.* at 121:4-9.<br><br>Understood that when he took a lunch period, he was to clock out at the beginning of the meal period and clock in at the end of its conclusion.  *Id.* at 121:22-122:4. |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees worked through their meal breaks, but were not compensated for those hours.  Plaintiffs further represented that management was aware that all non-exempt employees were working through their meal breaks, but failed to pay employees for that time.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 15-17.

**MEAL BREAKS**

| MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS | |
|---|---|
| **Management Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Baker, Dennis (Location Manager) | Never instructed employees to work through meal breaks.  Employees had to clock out for their meal break.  Baker Dep. Tr. at 67:16-25.<br><br>Is unaware of any Alderwoods' policy that required employees to clock out for lunch and continue working.  There was no Alderwoods' policy that employees could not get paid for time they worked during their lunch break.  *Id.* at 70:4-71:9.<br><br>Employees were told many times of the Alderwoods' policy that required employees to take their meal breaks.  *Id.* at 87:12-88:9.<br><br>Agrees that it was Alderwoods' policy to provide meal breaks of 30 minutes to an hour each day for employees who worked more than five consecutive hours, to require employees to clock out at the beginning of a meal break and clock in at the conclusion, to waive or delay meal breaks at the discretion of management to meet business needs, and for employees not to perform work while on meal break.  *Id.* at 90:19-92:10. |
| Bath, Herbert (General Manager) | To his knowledge, if employees at the locations he managed reported on their time cards the time they spent working through meal breaks, they were compensated for that time; if they did not report it, they were not compensated for that time.  Bath Dep. Tr. at 109:11-110:14. |
| Hensley, Ric (Location Manager) | Aware of employees who reported to him who worked through their lunch breaks:  they were paid for that time.  Hensley Dep. Tr. at 89:24-90:5.<br><br>Not aware of any circumstances where an employee who reported to him as General Manager, either directly or indirectly, worked through a lunch break and was not paid for that time.  *Id.* at 90:6-11; 90:21-92:10.<br><br>Employees who reported to him either directly or indirectly when he was a General Manager got breaks other than lunch breaks and were paid during the time they took those breaks.  *Id.* at 122:7-17. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees worked through their meal breaks, but were not compensated for those hours.  Plaintiffs further represented that management was aware that all non-exempt employees were working through their meal breaks, but failed to pay employees for that time.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 15-17.

**MEAL BREAKS**

| MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS | |
|---|---|
| **Management Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Hensley, Ric (*cont'd.*) | It was his understanding that company policy required that employees who worked through their lunch break be paid for that time, and he communicated that understanding of policy to his location managers. *Id.* at 138:15-139:6. |
| Kamienski, Richard (General Manager) | Non-exempt employees he managed were required to take 30 minute minimum meal break after four hours of work, and to his knowledge, that is what the employees that he managed did.  Kamienski Dep. Tr. at 123:8-17.<br><br>At each location Kamienski supervised, there was a designated employee who was responsible for making sure that employees received their meal breaks.  *Id.* at 169:17-20.<br><br>Not aware of any company policy requiring employees to work through their meal break or requiring employees to interrupt their meal period in order to perform work.  *Id.* at 174:18-175:3.<br><br>Not aware of any company policy stating that employees are not to report any missed meal periods or interrupted meal periods on their time cards.  *Id.* at 175:4-13.<br><br>Not aware of any instance when an employee worked through his or her lunch break.  *Id.* at 231:21-232:1. |
| Miles, Barry[iii] (Location Manager) | If he recorded on his time that he worked through lunch, he got paid for it.  Miles Dep. Tr. at 286:1-20. |
| Pramik, Robert (Market Growth Manager) | The "lunch break policy" only applied to funeral directors.  Non-funeral directors employees always took their lunch.  Pramik Dep. Tr. at 212:1-5, 12-14.<br><br>Pramik could not recall a written "lunch break policy," but could only assume that his supervisor, Ted Reese, had circulated a memorandum.  *Id.* at 215:23-216:4.  He did not recall anyone other than Ted Reese who said that employees should not be paid for working during their lunch breaks.  *Id.* at 205:13-20; 207:13-17.  Pramik believes that the HR department told Ted Reese that employees must get lunch breaks.  *Id.* at 206:5-7; 19-24. |

---

[**]Plaintiffs represented to the Court that all Alderwoods non-exempt employees worked through their meal breaks, but were not compensated for those hours.  Plaintiffs further represented that management was aware that all non-exempt employees were working through their meal breaks, but failed to pay employees for that time.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 15-17.

**MEAL BREAKS**

| MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS | |
| --- | --- |
| **Management Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Pramik, Robert (*cont'd.*) | When Pramik became market general manager, he was never told that he should dock pay for untaken lunches. *Id.* at 210:21-211:17.  He did not deduct lunch breaks from his employees' pay if they had not taken a lunch. *Id.* at 208:18-24; 209:1.<br><br>Pramik does not know how the lunch policy was implemented in other market areas. *Id.* at 209:6-14. |
| Thomas, Sandy (Location Manager) | Despite Alderwoods' policy which required manager approval prior to working through a meal break, he never sought his manager's approval to not take a meal break.  Thomas Dep. Tr. at 59:4-16.<br><br>Employees who reported to him did seek his approval to not take a meal break.  He approved them, and the Alderwoods policy was followed by writing on their time cards "no meal break taken." *Id.* at 59:17-25. |
| White, Raymond (Location Manager) | If he did not punch in when a meal break was interrupted, it was because he forgot to do so.  White Dep. Tr. at 231:14-24. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees worked through their meal breaks, but were not compensated for those hours.  Plaintiffs further represented that management was aware that all non-exempt employees were working through their meal breaks, but failed to pay employees for that time. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 15-17.

**MEAL BREAKS**

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS**<br>TO THE COURT REGARDING MEAL BREAKS | |
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Allen, Lois<br>(Receptionist) | Does not recall a specific meal break policy, but she always took two hours for lunch.  Allen Dec. ¶ 10.[iv] |
| Arms, Beverly<br>(Assistant Administrator) | Arms generally did not take meal breaks at Powers Funeral Home because she did not work more than 2 to 3 hours at a time.  If she ate a snack while working, she did so while she was on the clock.  Arms Dec. ¶ 8. |
| Ayling, Mary<br>(Receptionist) | She was always paid for any time she worked through a meal break.  Ayling Dec. ¶ 14.<br><br>None of her managers ever requested or required her not to record the time she worked through a lunch break.  *Id.* |
| Baird, William<br>(Funeral Director,<br>Embalmer) | No employee at the funeral home was required to deduct a lunch break from his time if he did not take a lunch break.  Baird was always paid for any time that he worked during his lunch break.  He was never told that he should always punch out for lunch break regardless of whether he was going to take a break.  Baird Dec. ¶ 9. |
| Ballard, Constance<br>(Location Administrator) | She was never required to work through a meal break.  If she did, it was by choice and she was not required to record a lunch break that she did not take.  Ballard Dec. ¶ 15. |
| Bollinger, Karen<br>(Family Services<br>Counselor) | She was never told that she must record a lunch break if she did not take one.  Bollinger Dec. ¶ 11. |
| Cain, Waldo<br>(Funeral Attendant) | If he worked through his scheduled lunch, he would stay "on the clock" and not punch out so he would be paid for the time he worked through lunch.  If he missed lunch, he would take his lunch break later that day.  Cain Dec. ¶ 14. |
| Crisp, Donald<br>(Funeral Director) | Would always take his full 30 minute lunch break.  On any occasion that his meal break would be interrupted because of work, he would be paid for working through his break, and take his meal break later that day.  Crisp Dec. ¶ 16.<br><br>None of his managers or other Alderwoods employees ever encouraged, required, or requested him not to record the time that he worked through a meal break.  *Id.* |
| Elliott, James<br>(Funeral Director) | There were times when Elliott took a shorter lunch break to finish work.  He always was paid for the time that he worked.  He was never required to record a lunch break when he had not taken one.  Elliott Dec. ¶ 11. |
| Fogg, Margaret<br>(Location Administrator) | If Fogg worked through a meal break, she was paid for the time that she worked.  Fogg Dec. ¶ 16. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees worked through their meal breaks, but were not compensated for those hours.  Plaintiffs further represented that management was aware that all non-exempt employees were working through their meal breaks, but failed to pay employees for that time.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 15-17.

**MEAL BREAKS**

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS ||
| --- | --- |
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Forrest, Wendy (Location Administrator) | She occasionally worked through a lunch break, but this was rare. She was never told to record a lunch break that she did not take. Forrest Dec. ¶ 16. |
| Gibson, Jill (Funeral Arranger) | On rare occasions, Gibson worked through a lunch break. If her break was cut short, she was paid for the time that she worked. Gibson Dec. ¶ 19. |
| Goni, Helen (Office Manager) | Alderwoods had a mandatory one hour lunch break every day. If she had to work during her normal lunch break, she would take it later in the day. On any occasion that her meal break would be interrupted because of work, she would be paid for working through her break. Goni Dec. ¶ 14.<br><br>None of her managers or other Alderwoods' employees ever encouraged, required, or requested her not to record time that she worked through a meal break, or to deduct an hour for lunch if that is not what she took. *Id.* |
| Hunt, Theodore (Funeral Attendant) | He would always take the full 30 minutes for his meal break. On the rare occasion that his meal break would be interrupted because of work, he would take the full 30 minutes for his meal break later that day. Hunt Dec. ¶ 13.<br><br>None of his managers or other Alderwoods' employees ever encouraged, required, or requested him not to record the time that he worked through a meal break. *Id.* |
| Jones, Regina (Funeral Director) | Jones occasionally worked through a lunch break. If she did so, she was paid for the time that she had worked. Jones was never told to punch out for a lunch that she was not going to take. R. Jones Dec. ¶ 13. |
| Karneol, Rozlyn (Assistant Administrator) | Karneol was never asked to work through a meal break. She never worked through a meal break without being paid for the time that she worked. Karneol Dec. ¶ 9. |
| Korell, Karee (Funeral Director) | If her meal break would be interrupted because of work, she would be paid for working through the break. Would also take her meal break later that day. Korell Dec. ¶ 16.<br><br>None of her managers or other Alderwoods employees ever encouraged, required, or requested her not to record the time that she worked through a meal break. *Id.* |
| LaPlaunt, Daniel (Funeral Director) | None of his managers or other Alderwoods employees ever encouraged, required, or requested him not to record time that he worked through a meal break. LaPlaunt Dec. ¶ 16. |

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees worked through their meal breaks, but were not compensated for those hours. Plaintiffs further represented that management was aware that all non-exempt employees were working through their meal breaks, but failed to pay employees for that time. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 15-17.

**MEAL BREAKS**

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS | |
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Laska, Robert (Funeral Director) | Always took his full 30 minute meal break. Never had to work through his meal break, or had it interrupted by work. Laska Dec. ¶ 16.<br><br>None of his managers or other Alderwoods employees ever encouraged, required, or requested him to work through his meal break and not record his time. *Id.* |
| Lay, John (Funeral Attendant) | Had to work through lunch breaks only on rare occasions. When this occurred, he noted this on his time sheet and was paid for the time that he worked, even if this meant he was paid overtime later in the week. Lay Dec. ¶ 15. |
| Luciano, Christopher (Funeral Director, Embalmer) | At Romano Funeral Home, Luciano remained on the clock for all of his lunch breaks and was paid for this time. Luciano Dec. ¶ 17.<br><br>At Doane, Beal and Ames, if Luciano was unable to take a lunch break, he did not punch out at the time clock. He was not asked to punch out or record a lunch break if he could not take the break. *Id.* |
| Mann, Kelley (Office Manager) | Any hourly employee who worked through lunch was paid for their time. Mann Dec. ¶ 18.<br><br>Was always paid for any time she worked through lunch. *Id.*<br><br>Never instructed the hourly employees who reported to her not to record time they worked through a lunch break. *Id.*<br><br>Was reminded frequently by her managers to make sure the hourly employees took a lunch break. *Id.* ¶ 19. |
| Messier, Claudia (Funeral Director, Embalmer) | Always took lunch breaks. If she came back from lunch early, was paid for the time that she worked. Messier Dec. ¶ 13. |
| Olsen, Judith (Office Manager) | Always took her full 30 minutes for lunch. Never had her lunch break interrupted for work, or had to work through her lunch break. Olsen Dec. ¶ 15. |
| Patterson, William (Funeral Director) | Patterson usually took his lunch breaks. If he did not, he was paid for the time that he worked. Was never told to record a lunch break that he had not taken. Patterson Dec. ¶ 12. |
| Powell, William (Funeral Director) | If Powell worked through a meal break, he stayed on the clock and was paid for his time. Was not required to record lunch breaks if he did not take them. Powell Dec. ¶ 14. |

---

**\*\***Plaintiffs represented to the Court that all Alderwoods non-exempt employees worked through their meal breaks, but were not compensated for those hours. Plaintiffs further represented that management was aware that all non-exempt employees were working through their meal breaks, but failed to pay employees for that time. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 15-17.

## MEAL BREAKS

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS | |
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Pruitt, Jeanne (Office Administrator) | If her meal break was interrupted because of work, she would be paid for working during her break, and take her meal break later that day.  Pruitt Dec. ¶ 15.<br><br>None of her managers or other Alderwoods' employees ever encouraged, required, or requested her not to record time that she worked through a meal break.  *Id.* |
| Rogers, Kenneth (Funeral Attendant) | Does not recall ever having to work through his lunch break.  Rogers Dec. ¶ 11. |
| Rosen, C. Josef (Funeral Director) | Was usually able to take his lunch.  Rosen Dec. ¶ 17.  Was never told that he should not record time that he worked during a lunch break, or to record a lunch break that he did not take.  *Id.* ¶ 18. |
| St. Laurent, Andy (Grounds Supervisor) | If he ever had to work during a meal break, he would be paid for working during the break.  None of his managers or other Alderwoods' employees ever encouraged, required, or requested him not to record time he spent working during a meal break.  St. Laurent Dec. ¶ 17. |
| Sands, Edith (Location Administrator) | Does not recall a time when she was asked to work through a lunch break.  Sands Dec. ¶ 10. |
| Santmyer, William (Funeral Attendant) | Occasionally was unable to take a lunch break.  If he worked through lunch, he was paid for his time.  Santmyer Dec. ¶ 15. |
| Sims, Mertie (Office Manager) | Whenever her meal break was interrupted by work, she was always paid for the time she spent working.  Sims Dec. ¶ 16.<br><br>None of her managers ever requested or required her to not record the time she spent working through a meal break.  *Id.* |
| Strang, Robert (Funeral Director, Embalmer Intern) | If meal break interrupted because of work, he would be paid for working through his break.  Strang Dec. ¶ 16.<br><br>Also took his meal break later that day.  *Id.*<br><br>None of his managers or other Alderwoods' employees ever encouraged, required, or requested him not to record the time that he worked through a meal break.  *Id.* |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees worked through their meal breaks, but were not compensated for those hours.  Plaintiffs further represented that management was aware that all non-exempt employees were working through their meal breaks, but failed to pay employees for that time.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 15-17.

**MEAL BREAKS**

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS**<br>TO THE COURT REGARDING MEAL BREAKS | |
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Strintz, Jack<br>(Courier) | Would always take the full 30 minute lunch break.  If he had his meal break interrupted to perform work, he would take the full 30 minutes for his meal break later that day.  Strintz Dec. ¶ 12.<br><br>None of his managers or other Alderwoods' employees ever encouraged, required, or requested him not to record the time that he worked through a meal break.  *Id.* |
| Turnage, Brenda<br>(Assistant Administrator) | Does not recall working through her lunch break.  Was not told that she must record a lunch break even if she did not take one.  Turnage Dec. ¶ 11. |
| Walsh, Cathy<br>(Administrative<br>Assistant) | None of her managers or other Alderwoods' employees ever encouraged, required, or requested her not to record the time that she worked during a meal break.  Walsh Dec. ¶ 14. |
| Welch, Sharon<br>(Apprentice, Funeral<br>Director) | On occasion, Welch was not able to take her lunch break.  When this occurred, she was paid for the time she worked.  She was never told to punch out for a lunch that she had not taken.  Welch Dec. ¶ 12. |
| Wentworth, Shirley<br>(Funeral Support Staff) | Would always take the full 30 minutes for her lunch break.  Never missed a meal break, and only rarely had her meal break interrupted to perform work.  On the rare occasion that her meal break would be interrupted because of work, she would take the full 30 minutes later that day.  Wentworth Dec. ¶ 15.<br><br>None of her managers or other Alderwoods' employees ever encouraged, required, or requested her not to record the time that she worked during a meal break.  *Id.* |
| Windsor, Nancy<br>(Location Administrator) | If she worked through a lunch break, she was paid for the time she worked.  She was not required to record a lunch if she did not take one.  Windsor Dec. ¶ 11. |
| Young, Annette<br>(Assistant Administrator,<br>Musical Director) | When Young worked full-time, she received a 30 minute lunch break.  Was paid for any time that she was not on lunch break, and was never asked to punch out for a lunch break that she could not take.  Young Dec. ¶ 13. |

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees worked through their meal breaks, but were not compensated for those hours.  Plaintiffs further represented that management was aware that all non-exempt employees were working through their meal breaks, but failed to pay employees for that time.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 15-17.

**MEAL BREAKS**

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS | |
|---|---|
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Amiker, Ellaway (General Manager, Cemetery) | Any hourly employee who worked through their lunch break was paid for that time. He did not instruct any hourly employee who he supervised to deduct a lunch hour from their time if they worked through a meal break. Amiker Dec. ¶ 12. |
| Anton, George (Location Manager) | Employees who worked during lunch breaks recorded their time if they did so and were paid for the time worked. Anton Dec. ¶ 18.<br><br>Alderwoods did not require that employees deduct a full meal break from their work hours each day if that is not what they took. *Id.* ¶ 19.<br><br>Never encouraged, required, or requested any employee who worked for him not to record their time worked during a meal break. *Id.* ¶ 20. |
| Clark, William (Location Manager) | There were times when a funeral director or other employee might have to work through a scheduled lunch break. If this occurred, the employee was paid for the time that he or she worked. Clark Dec. ¶ 12. |
| Clisby, Chad (Location Manager) | Employees at the Hunters Creek location were given an hour for lunch break. If an employee worked through some or all of their lunch break, they typically took a later break. If they did not, they were paid for the time they had worked. Clisby did not instruct employees to record a lunch break regardless of whether they had taken one. Clisby Dec. ¶ 14. |
| Collins, Ronald (Vice President Northeast United States) | Alderwoods never had a policy requiring employees to work during their meal break or to miss lunch breaks that were deducted from their hours worked. On any occasion where employees had to perform a work-related task while on a meal break, they were required to record their time and then resume their full break after completion of the work. Collins Dec. ¶ 20.[v] |
| Crowe, Patrick (General Manager) | Hourly employees had daily meal breaks and two fifteen minute breaks each day. Hourly employees were paid for any time they worked through their breaks. Crowe Dec. ¶ 19.<br><br>Alderwoods did not require an hourly employee to deduct a meal break from their hours if that is not what they took. *Id.* ¶ 20. |

---

[**]Plaintiffs represented to the Court that all Alderwoods non-exempt employees worked through their meal breaks, but were not compensated for those hours. Plaintiffs further represented that management was aware that all non-exempt employees were working through their meal breaks, but failed to pay employees for that time. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 15-17.

MEAL BREAKS

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS**<br>TO THE COURT REGARDING MEAL BREAKS | |
| --- | --- |
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Curnow, Brian<br>(General Manager) | If an employee worked through a lunch break, they recorded the time they worked and were paid for it.  Curnow Dec. ¶ 20.<br><br>Generally, only funeral directors would ever work through a lunch.  *Id.*<br><br>Alderwoods did not require employees to deduct a lunch break from their daily time if they did not take their break.  *Id.* |
| D'Andrea, Daniel<br>(Location Manager) | Employees who worked during meal breaks recorded their time if they did so and were paid for the time worked.  D'Andrea Dec. ¶ 18.<br><br>Alderwoods did not require that employees deduct a full meal break from their work hours each day if that is not what they took.  *Id.* ¶ 19.<br><br>He never encouraged, required, or requested any employee who reported to him to not record their time worked during a meal break.  *Id.* ¶ 20. |
| Dias, Joe<br>(Location Manager) | Employees who worked through a meal break recorded their time and were paid for the time worked.  Dias Dec. ¶ 18.<br><br>Alderwoods did not require that employees deduct a full meal break from their work hours each day if that is not what they took.  Generally, any employee at his location whose lunch was interrupted for work would take their meal break later.  *Id.* ¶ 19.<br><br>He never encouraged, required, or requested any employee not to record their time worked during a meal break.  *Id.* ¶ 20. |
| Eagan, Charles<br>(Location Manager) | If an employee worked through a meal break, Alderwoods paid them for the time they worked.  Eagan never instructed the employees to punch out for a lunch break that they were not going to take.  Eagan Dec. ¶ 14. |
| Friden, Paul<br>(Location Manager) | If his meal break got interrupted because of work, he would be paid for working through during the break.  He would also take his full meal break later that day.  Friden Dec. ¶ 16.<br><br>None of his managers or other Alderwoods' employees ever encouraged, required, or requested him not to record time that he worked through a meal break.  *Id.* |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees worked through their meal breaks, but were not compensated for those hours.  Plaintiffs further represented that management was aware that all non-exempt employees were working through their meal breaks, but failed to pay employees for that time.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 15-17.

**MEAL BREAKS**

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS | |
| --- | --- |
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Greeno, Donald (General Manager) | Greeno instructed his employees to take a lunch break, but he did not tell them to punch out for lunch ever if they were not going to take lunch. If an employee worked through lunch, they were paid for the time that they worked. Greeno Dec. ¶ 14. |
| Harper, William Ray (General Manager) | Employees were given an hour for lunch at Johnson's Funeral Home. Some did not take a full hour lunch. If they clocked back into work, they were paid for the time that they worked. Harper never required his employees to record a full lunch break if they did not take one. Harper Dec. ¶ 11. |
| Jones, Jay (Location Manager) | There were occasions when the funeral home was busy and Jones was unable to take his lunch. If he worked through a lunch break, he was paid for the time that he worked. He was never told to record a lunch break that he had not taken. J. Jones Dec. ¶ 12. |
| Krueger, Richard (Location Manager) | Employees sometimes chose to work through their lunch. If they did so, they were paid for their time. Krueger never told employees to record a lunch break they did not take. Krueger Dec. ¶ 11. |
| Lawrence, Gloria (Location Manager) | When she was an hourly employee, Lawrence would ask her supervisor if she could skip lunch on busy days. A notation of "no lunch" was made on her time card and she was paid for the time she worked. Lawrence Dec. ¶ 21.<br><br>Lawrence was never told to record a lunch break that she did not take. *Id.* |
| Mayes, Buddy (Vice President Southeast United States) | Alderwoods never had a policy requiring employees to work during their meal break or to miss lunch breaks that were deducted from their hours worked. On any occasion where employees may have had to perform a work-related task while on a meal break, they were required to record their time and then resume their full break. Mayes Dec. ¶ 23.[vi] |
| McCarthy, Eleanor (Location Manager) | Employees who worked during lunch breaks recorded their time and were paid for the time worked. McCarthy Dec. ¶ 18.<br><br>Alderwoods did not require that employees deduct a full meal break from their work hours each day if that is not what they took. *Id.* ¶ 19.<br><br>Never encouraged, required, or requested any employee who worked for her not to record their time worked during a meal break. *Id.* ¶ 20. |

---

[**] Plaintiffs represented to the Court that all Alderwoods non-exempt employees worked through their meal breaks, but were not compensated for those hours. Plaintiffs further represented that management was aware that all non-exempt employees were working through their meal breaks, but failed to pay employees for that time. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 15-17.

**MEAL BREAKS**

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS**<br>TO THE COURT REGARDING MEAL BREAKS | |
| --- | --- |
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Nowatka, Steven<br>(Funeral Director) | Employees who worked during lunch breaks recorded their time and were paid for the time worked.  Nowatka Dec. ¶ 17.<br><br>Alderwoods did not require that employees deduct a full meal break from their work hours each day if that is not what they took.  *Id.* ¶ 18.<br><br>Never encouraged, required, or requested any employee not to record their time worked during a meal break.  *Id.* ¶ 19. |
| Phillips, Shawn<br>(Vice President Western<br>United States) | Alderwoods never had a policy requiring employees to work during their meal break or to miss lunch breaks that were deducted from their hours worked.  On any occasion where employees may have had to perform a work-related task while on a meal break, they were required to record their time and then resume their full break.  Phillips Dec. ¶ 21.[vii] |
| Porte, Kelly<br>(Assistant Manager) | When she was an hourly employee, if Porte worked through a lunch break, she was paid.  Was never told to punch off the clock even though she was not going to be able to take a lunch break.  Porte Dec. ¶ 11. |
| Rizzotto, Michael<br>(Location Manager) | Hourly employees who worked through a lunch break recorded their time and were paid for the time worked.  Rizzotto Dec. ¶ 18.<br><br>Alderwoods did not require employees to deduct a full meal break from their work hours each day if that is not what they took.  Generally, any employee at his location whose lunch was interrupted for work would take their meal break later.  *Id.* ¶ 19.<br><br>Never encouraged, required, or requested any employee who worked for him not to record their time worked during a meal break.  *Id.* ¶ 20. |
| Schwab, Roxann<br>(General Manager) | Instructed her employees to punch out for meal breaks.  They were not told to punch out even if they were not going to take a meal break.  If an employee could not take a break, he or she was supposed to write "no lunch" on their time card.  Schwab Dec. ¶ 18. |
| Schwinghamer, Steven<br>(Location Manager) | When an employee could not take a lunch break, the employee wrote "no lunch" on their time sheet.  Employees were always paid for the time they worked.  Never required or encouraged employees to record a lunch break they did not take.  Schwinghamer Dec. ¶ 14. |
| Suurd, Rhonda<br>(HR Manager) | Employees were to clock out at the beginning of their meal break and clock in at the conclusion; no work was to be done during the break.  Suurd Dec. ¶ 14. |

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees worked through their meal breaks, but were not compensated for those hours.  Plaintiffs further represented that management was aware that all non-exempt employees were working through their meal breaks, but failed to pay employees for that time.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 15-17.

PII-1205604v1                                                                    -18-

**MEAL BREAKS**

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS**<br>TO THE COURT REGARDING MEAL BREAKS | |
|---|---|
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Warn, Robin<br>(General Manager) | The cemetery employees received a lunch hour.  Occasionally, employees might work through their lunch.  When they did, they were paid for their time, but the employee usually took a later lunch.  Warn Dec. ¶ 12.<br><br>Warn never instructed her employees to record a lunch break if they had not taken the break.  *Id.* |

---

[i] By identifying employees has having "non-exempt" job positions, Alderwoods does not waive and expressly reserves the right to argue that these positions qualify as exempt job positions.

[ii] *See* Brent Knight Declaration Exhibit N for a compilation of all deposition transcript excerpts cited herein.

[iii] For purposes of this analysis, Barry Miles is listed among the management deponents although he was paid on an hourly basis as a manager.  The same holds true for Sandy Thomas and Raymond White.

[iv] *See* Brent Knight Declaration Exhibit O for a compilation of all field employee declarations cited herein.

[v] Attached to Brent Knight Declaration as Exhibit P.

[vi] Attached to Brent Knight Declaration as Exhibit Q.

[vii] Attached to Brent Knight Declaration as Exhibit R.

---

[**] Plaintiffs represented to the Court that all Alderwoods non-exempt employees worked through their meal breaks, but were not compensated for those hours.  Plaintiffs further represented that management was aware that all non-exempt employees were working through their meal breaks, but failed to pay employees for that time.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 15-17.