**Exhibit G**

**UNRECORDED WORK**

**TABLE OF CONTENTS**

**Page**

**ALDERWOODS COMPANY POLICY**..............................................................................................1

    Summary of applicable company policy.

**NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS'
REPRESENTATIONS TO THE COURT REGARDING UNRECORDED WORK**...............................................2-7

    Sworn deposition testimony of non-exempt Alderwoods' employees directly contradicting Plaintiffs'
    representations to the Court regarding allegedly common experiences involving unrecorded work.

**MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS'
REPRESENTATIONS TO THE COURT REGARDING UNRECORDED WORK**...............................................8-13

    Sworn deposition testimony of Alderwoods' managers directly contradicting Plaintiffs' representations
    to the Court regarding allegedly common experiences involving unrecorded work.

**NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS'
REPRESENTATIONS TO THE COURT REGARDING UNRECORDED WORK**.............................................14-20

    Statements made under penalty of perjury by non-exempt Alderwoods' employees directly contradicting
    Plaintiffs' representations to the Court regarding allegedly common experiences involving unrecorded work.

**MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS'
REPRESENTATIONS TO THE COURT REGARDING UNRECORDED WORK**.............................................21-25

    Statements made under penalty of perjury by Alderwoods' managers directly contradicting Plaintiffs'
    representations to the Court regarding allegedly common experiences involving unrecorded work.

PII-1205606v1

UNRECORDED WORK

| ALDERWOODS COMPANY POLICY | |
|---|---|
| **Policy** | **Cite to Written Company Policy**[*] |
| "All non-exempt employees are required to record all hours worked each day." | Hours of Work and Overtime, III.E Recording of Hours – ALD000005 (*see also* Funeral Home Procedures, G.12.6 Recording Time Worked – ALD000001; Cemetery Procedures, E.10.6 Recording Time Worked – ALD013648) |
| "Employees must review their time card/sheet, correct any errors, and sign it before submitting it to their manager for approval."<br><br>"Employees must check and sign their time card or timesheet at the end of each week to assure that their time cards are correct.  Any discrepancies must be reported to the Location Manager/General Manager as soon as practical." | *Id.*<br><br>Procedures for Timekeeping (Recording Hours Worked), Procedure—Time Cards/Timesheets, 10. – ALD000010 |
| "Managers are also responsible for . . . ensuring that no 'off the clock' work is allowed; that is, that all work performed by employees is properly documented on time cards/time sheets." | Hours of Work and Overtime, IV.B.6 Manager Responsibilities – ALD000007 |
| "Location Managers/General Managers must verify and sign their respective employees' time cards/timesheet." | Procedures for Timekeeping (Recording Hours Worked), Procedure—Time Cards/Timesheets, 12. – ALD000011 (*see also* Funeral Home Procedures, G.12.6 Recording Time Worked – ALD000001; Cemetery Procedures, E.10.6 Recording Time Worked – ALD013648) |
| "All non-exempt employees will be compensated for all hours worked." | Hours of Work and Overtime, Policy – ALD000004 |
| "Non-exempt employees are to be compensated for all overtime hours worked." | Procedures for Timekeeping (Recording Hours Worked), Purpose – ALD000009 |
| "Non-exempt employees will receive overtime pay of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in any work week . . . ." | Hours of Work and Overtime, III.F Overtime – ALD000006 |

---

[*]All Policies cited in this section are attached as Exhibits 1, 3 and 4 to the Rhonda Suurd Declaration, who is Alderwoods' former Human Resources Manager.  Rhonda Suurd's Declaration is attached to the Brent Knight Declaration as Exhibit S.

UNRECORDED WORK

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS**<br>TO THE COURT REGARDING UNRECORDED WORK | |
|---|---|
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Butler, Michael[i]<br>(Arranger) | Manager would go into the computer system and change Butler's timesheet approximately once a month, depending on manger's mood, sometimes to add hours in for work he had done.  Butler Dep. Tr. at 198:21-199:11.[ii] |
| Carswell, Shane<br>(Funeral Director) | Verified hours and confirmed that hours listed on time cards were accurate in his role as the manager of his location.  Carswell Dep. Tr. at 50:20-51:11.<br><br>Could only identify a couple of occasions where he had discrepancies in his pay.  On those occasions, he complained to his immediate supervisor and in response to his complaints, he was paid.  *Id.* at 71:20-72:12.<br><br>Regularly took work home and does not know if his employer would have paid him for doing the work at home or not because he never recorded the time or submitted it.  *Id.* at 149:4-151:25.<br><br>Admits that he probably should have reported the time that he worked from home on his time sheets, but did not.  *Id.* at 151:16-18.<br><br>During his time as manager, he never instructed any of his employees not to report hours that they worked.  *Id.* at 210:11-16.<br><br>Unaware of whether or not he ever actually worked in excess of his hourly schedule such that he should have been compensated for overtime.  *Id.* at 225:13-25. |
| Diggs, Jeffrey<br>(Funeral Director, Embalmer) | Clocked in when he arrived in the morning; was never told to wait to clock in until his scheduled start time; he clocked out in the afternoon only after completing his duties.  Diggs Dep. Tr. at 103:3-5; 107:2-9; 144:3-5.<br><br>Was compensated for all of the overtime he reported on his time card.  *Id.* at 89:15-90:6; 92:25-93:6; 131:20-21.<br><br>Not aware of any company-wide policy requiring employees to work overtime without being paid for it, and has never heard employees complaining that they were required to work overtime without being paid.  *Id.* at 132:6-16. |

---

[**] Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and  were permitted, with management's knowledge, to perform work but were directed that the work not be recorded.  Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

**UNRECORDED WORK**

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING UNRECORDED WORK | |
|---|---|
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Diggs, Jeffrey (*cont'd.*) | Understood that he was required to report all hours worked. *Id.* at 76:13-161. <br><br> Was never told that he was abusing overtime or that his overtime was excessive. Never heard other employees being told this either. *Id.* at 139:3-20. <br><br> No knowledge of his manager monitoring the amount of overtime that he or other employees were working. *Id.* at 139:21-140:4. <br><br> No knowledge of his manager ever being admonished about the amount of overtime that he was paying to his employees at Evergreen. *Id.* at 140:9-14. |
| Johnson, Louise (Funeral Director, Embalmer) | Did not keep records that substantiate her claims regarding the amount of overtime worked per week. During her deposition, she was asked how her work could be corroborated and she responded, "take my word for it." "Other than taking your word for it, are there any other documents or any basis upon which we can corroborate your testimony that you spent 10 hours per week?" Answer "That's it." Johnson Dep. Tr. at 242:5-17. <br><br> There was never any written policy instructing Alderwoods' employees not to record all of their time that they were working and performing services. *Id.* at 246:9-12. |
| Jones, Robert (Funeral Director) | Instructed employees that the time reflected in their time cards has to be accurate, and that they must report all of the overtime that they worked. Jones Dep. Tr. at 202:12-21. <br><br> Not aware of any written Alderwoods policy stating that employees were not to record all of their work time or were not to report all of the overtime they worked. *Id.* at 193:11-193:23. <br><br> Not aware of any company policy saying employees should not record all the time they worked, including overtime, on their time cards. *Id.* at 190:20-24; 191:2-7. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and were permitted, with management's knowledge, to perform work but were directed that the work not be recorded. Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

UNRECORDED WORK

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING UNRECORDED WORK ||
|---|---|
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Jones, Robert (*cont'd.*) | Jones instructed employees that if they wanted to show up "a little bit early and have a cup of coffee before you punch in, that's certainly acceptable, but do not do any work." *Id.* at 204:6-22. |
| Lanza, Michael (Funeral Director, Embalmer Apprentice) | Not aware of a company policy stating that employees were not to record all hours worked.  Lanza Dep. Tr. at 225:20-24.<br><br>Never saw a written policy instructing employees not to record all time worked on their time cards.  *Id.* at 129:11-14. |
| Leal, Adrian (Funeral Director, Embalmer Apprentice) | Understood Alderwoods' policy to be that all employees must record all hours actually worked.  Leal Dep. Tr. at 107:22-108:5.<br><br>Understood employees were to verify the time reported on their time cards by signing them and that an employee's supervisor or manager also had to verify the hours recorded.  *Id.* at 109:5-23.<br><br>Understood the policy was all non-exempt employees are required to record all hours worked each day.  *Id.* at 111:6-14.<br><br>Admits that he signed his time card when it was blank.  *Id.* at 124:3-14.<br><br>On certain occasions after pre-signing his time card, he had to go back and have adjustments made and his time was partially adjusted on those occasions.  *Id.* at 125:6-9.<br><br>Alderwoods never told him that if you did removal after hours, you would not get paid for it.  *Id.* at 173:7-15.<br><br>Alderwoods had a policy that required employees be compensated for doing removals ("Yes, they do have a policy.  They're going to compensate you.  It is a for-profit corporation.  They do pay their employees.  I was not a volunteer.  I was expecting to get paid for it.  I did make mention to [manager] about it several times.  I was only hopeful it was going to take place.  It never did.").  *Id.* at 174:1-13. |

---

**\*\***Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and  were permitted, with management's knowledge, to perform work but were directed that the work not be recorded.  Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

UNRECORDED WORK

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS**<br>TO THE COURT REGARDING UNRECORDED WORK | |
| --- | --- |
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Leal, Adrian (*cont'd.*) | Does not know why he was not compensated for some removals, because he understood the policy to be that he should be compensated. *Id.* at 175:7-9.<br><br>Was not aware of any Alderwoods policy that employees should not record all the time that they worked on their time cards. *Id.* at 179:23-180:7.<br><br>Not aware of any employee being told not to clock in until their scheduled start time. *Id.* at 184:25-185:3. |
| Long, Kasi (Funeral Director) | Was compensated for all hours that she reported on her timesheet. Long Dep. Tr. at 177:15-22. |
| Rady, Heather (Funeral Director, Embalmer) | It is her understanding that Alderwoods' nationwide policy required employees to record all hours actually worked. Rady Dep. Tr. at 135:11-14. |
| Schabloski, John (Funeral Director, Embalmer) | Never told to come in early but not to clock in until his scheduled work time; never told to clock out and work after scheduled work time; not aware of any other employee being instructed in this manner. Schabloski Dep. Tr. at 87:25-88:8. |
| Takesian, Stephen (Family Service Professional) | During a typical work week where he worked from Monday through Friday, from 9:00 a.m. to 5:00 p.m., and his time sheet reflects that, Takesian indicated that he was fully compensated for the time that he worked. Takesian Dep. Tr. 76:22-77:1.<br><br>When weekend duty was worked, an employee would be given off another day later in the week. *Id.* at 90:2-9.<br><br>Employees were never scheduled to work more than 40 hours per week. *Id.* at 90:18-25.<br><br>Alleges that he worked an additional 17-23 hours per week above and beyond the 40 hours per week he was scheduled. *Id.* at 90:24-91:2.<br><br>All of the time he worked he wrote down on his time cards. *Id.* at 98:23-99:3. |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and were permitted, with management's knowledge, to perform work but were directed that the work not be recorded. Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

UNRECORDED WORK

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING UNRECORDED WORK | |
| --- | --- |
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Takesian, Stephen (*cont'd.*) | Indicates that when he did viewings at night for the Funeral Director and he had a family there, he would be present to "upsell" them, but that he was not compensated for that time; however, he admits that he was not directed by the company to attend these viewings. *Id.* at 105-106:15.

Understood that all hourly employees were not permitted or authorized to work any period of time other than their normally scheduled hours, unless directed to do so by their managers. *Id.* at 122-123:1.

Admits policy was in place that employees are responsible for ensuring that their time cards and time sheets are always accurate and to bring any errors to their managers' attention. *Id.* at 133:21-134:1.

Aware that disciplinary action could be taken against an employee who did not follow the company's time recording and recordkeeping policies, and that the company "constantly threatened d us with disciplinary." He further stated that he was told "all this has to be done or they'll send you home, or whatever." *Id.* at 134:14-21.

Recorded all of the time on his time card for the work he actually did on the property. However, the time that he spent off the property, he did not record. When Takesian came in on a day off or otherwise worked on a weekend, he sometimes would not mention it to his supervisor and he is not sure if he was paid for that time or not. *Id.* at 112:5-23.

Takesian's 17 to 23 hours worked above his 40 hours, consisted of community service work, pre-needs, and non-scheduled client needs. *Id.* at 174:6-11.

It was "vocally" known on the funeral side that overtime should be pre-approved. *Id.* at 178:20-179:1.

Not aware of a companywide policy of not paying overtime that was not pre-approved. *Id.* at 181:18-182:1

Alleges that the 17 to 23 hours that he worked above his 40 hours were the result of a lot of community service work that he |

**          **Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and  were permitted, with management's knowledge, to perform work but were directed that the work not be recorded.  Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

**UNRECORDED WORK**

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING UNRECORDED WORK | |
|---|---|
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Takesian, Stephen (*cont'd.*) | did.  *Id.* at 96:9-99:3. |
| Wilkinson, Jack (Funeral Director) | Never instructed by management to work before scheduled start time without first clocking in.  Wilkinson Dep. Tr. at 96:3-25.<br><br>No recollection that time reported on time sheets or time card was ever altered.  *Id.* at 97:2-6. |

---

**Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and were permitted, with management's knowledge, to perform work but were directed that the work not be recorded.  Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

UNRECORDED WORK

| MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING UNRECORDED WORK | |
|---|---|
| **Management Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Baker, Dennis (Location Manager) | Understood that Alderwoods' policy was that all non-exempt employees were to record all hours actually worked, and he instructed employees to record all the time they actually worked. Baker Dep. Tr. at 65:8-23.

As Location Manager, instructed employees to make sure t all time was accurately recorded on their time card. Never instructed employees to work after clocking out each day or before clocking in. Was not aware of any employees who worked at either the funeral homes or cemetery who were not clocked in. *Id*. at 66:4-67:10.

Never removed or took off time that people actually worked from a time sheet or time card. *Id*. at 89:4-6.

Understood that Alderwooods policy was that "all non-exempt employees will be compensated for all hours worked." *Id*. at 90:3-12.

Not aware of any Alderwoods policy requiring employees to perform work, but not record it. *Id*. at 154:11-14. |
| Bath, Herbert (General Manager) | Never encouraged any hourly employee he supervised and is not aware of any other hourly employee being encouraged to arrive before his or her scheduled shift; and never told and is not aware of any hourly employee being told not to clock in until his or her scheduled start time, regardless of whether they arrived before that. Bath Dep. Tr. at 120:4-23.

Never told any Alderwoods employee at any of the locations he managed that he or she would not be paid for time worked before or after a scheduled work time. *Id*. at 126:17-22.

Never denied authorization for payment for an employee for a certain period of time before or after his or her scheduled work time. *Id*. at 126:23-127:2.

Not aware of any other Alderwoods employee working at locations other than those under his management who was told that he would not be paid for, or who was not paid for, a certain period of time before or after his or her scheduled shift. |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and were permitted, with management's knowledge, to perform work but were directed that the work not be recorded. Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

UNRECORDED WORK

| MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING UNRECORDED WORK | |
|---|---|
| **Management Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Bath, Herbert (*cont'd.*) | *Id.* at 127:3-13.<br><br>Does not think there was specific overtime budgeted at any of the locations he supervised and was never given a budget of hours to administer. *Id.* at 125:19-126:11.<br><br>Not aware of any other Alderwoods locations where there was a budget of overtime hours in place. *Id.* at 126:12-16. |
| Burkle, Clark (Location Manager) | Recorded all hours worked on his time sheets. Burkle Dep. Tr. at 42:7-12.<br><br>Understood that he should record all hours worked because he knew if he wanted to be paid he had to record his hours. *Id.* at 43:2-10.<br><br>Never heard management tell another employee that he/she was abusing overtime. *Id.* at 59:8-17.<br><br>Never encouraged to work and not record the time; not aware of any other employee being encouraged or told to work and not record time. *Id.* at 60:13-61:3. |
| Daigle, Millard[iii] (Assistant Manager) | Was never told and is not aware of any other Alderwoods employee being told not to clock in until his scheduled start time. Daigle Dep. Tr. at 132:2-8.<br><br>Never was told and never heard that any other Alderwoods employee was told that they were abusing overtime or that their overtime was excessive. *Id.* at 132:9-17.<br><br>Not aware of his or any other Alderwoods employee's overtime being monitored. *Id.* at 132:18-24.<br><br>Not aware of any Alderwoods employee being told that he would not be paid or not being paid for time before or after his scheduled work time or shift. *Id.* at 139:22-140:7. |

---

[**]Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and were permitted, with management's knowledge, to perform work but were directed that the work not be recorded. Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

**UNRECORDED WORK**

| MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING UNRECORDED WORK | |
|---|---|
| **Management Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Hensley, Ric (Location Manager) | Understood as General Manager that the written policy at Alderwoods Group was that "employees must record all hours actually worked."  Hensley Dep. Tr. at 35:11-21. |
| | Understood as General Manager that the written policy of Alderwoods Group was that "Completed time card sheet are to be signed by the employee to verify that the card accurately documents the actual hours worked."  *Id.* at 37:3-14. |
| | Understood as General Manager that the written policy of Alderwoods Group was that "The employee's supervisor or manager must also sign the time card sheet to verify that the hours are accurate, and that any overtime recorded is approved."  *Id.* at 37:15-24. |
| | As the acting Location Manager at McCarty Mortuary, Hensley reviewed the time cards for the employees at that location for accuracy and signed them, whereupon his administrator would submit them to payroll.  The role of reviewing time cards for accuracy was the responsibility of the location manager at each of the locations.  *Id.* at 38:5-25. |
| | It was his understanding during the time he was General Manager that it was the written policy of Alderwoods Group that "All nonexempt employees will be compensated for all hours worked."  *Id.* at 40:4-14. |
| | Never told any employee that they [sic] would not be compensated for all hours worked.  *Id.* at 41:23-42:1. |
| | Not aware of any employees that worked at any of the five locations under his management (McCarty, Evergreen, Weaver, Woodhaven, Rallings) who did not receive compensation for all hours worked during the time he was general manager; to his knowledge during the time he was General Manager, all employees underneath him were compensated for all hours worked.  *Id.* at 42:2-12. |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and  were permitted, with management's knowledge, to perform work but were directed that the work not be recorded.  Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

UNRECORDED WORK

| MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING UNRECORDED WORK | |
|---|---|
| **Management Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Hensley, Ric (*cont'd.*) | Aware of employees who reported to him directly or indirectly as a General Manager arriving to work early before their scheduled shifts; if they were required to come in early, they clocked in and were compensated for that time.  *Id.* at 133:10-23; 143:8-21.  Does not remember an employee who was not required to do so ever coming in early, performing work and not being allowed to record that time.  *Id.* at 143:22-144:6. |
| Kamienski, Richard (General Manager) | It was his understanding that "All employees must record all hours actually worked," and Kamienski instructed his employees to make sure they recorded all time that they worked on their time cards.  Kamienski Dep. Tr. at 118:23-119:17. |
| | Signed employees' time cards to verify that the hours reflected in the time cards were accurate.  *Id.* at 126:23-128:19. |
| | Never directed any employees that he supervised to incorrectly fill out their time cards; never told any of the location managers he supervised to tell their employees to fill out their time cards incorrectly in any way.  *Id.* at 173:8-22. |
| | Was never told that in order to reduce overtime at his locations, he should instruct his employees to not report all overtime that they had worked on their time card; was never instructed not to pay all of the overtime that employees had worked in order to reduce the amount of overtime at his locations.  *Id.* at 238:14-239:9. |
| | Even if his supervisor questioned Kamienski about overtime generated at his location, this did not motivate him to falsify any of his employees' time cards or to tell his employees to record less than the actual time that they had worked.  *Id.* at 240:22-241:9. |
| | Not aware of any instance where an employee who worked overtime at the facilities he managed was not paid for that overtime.  *Id.* at 177:6-11. |

---

**\*\***Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and  were permitted, with management's knowledge, to perform work but were directed that the work not be recorded.  Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

**UNRECORDED WORK**

| MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING UNRECORDED WORK | |
|---|---|
| **Management Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Kamienski, Richard (*cont'*d.) | Not aware of any company policy instructing employees not to include all overtime that they worked on their time cards, nor is he aware of any company policy stating that employees would not be paid for all overtime that they worked. *Id.* at 177:18-178:4. |
| Miles, Barry[iv] (Location Manager) | Alderwoods policy was to pay employees for the time that they worked and recorded.  Did not recall receiving any instruction not to record time he actually worked.  Miles Dep. Tr. at 161:17-162:7; 174:16-175:1.<br><br>Does not know of any hourly employee who was not paid for the time they recorded.  *Id.* 177:12-15.<br><br>Was paid for every hour recorded on time sheets and time cards.  *Id.* at 162:8-12; 179:3-6.<br><br>Alderwoods' policy was to have hourly employees record all the time that they actually worked.  *Id.* at 202:13-203:7.<br><br>Never instructed anyone who reported to him, and he is not aware of anyone being told, not to record their time.  *Id.* at 226:3-15. |
| Pramik, Robert (Market Growth Manager) | He and his supervisors budgeted overtime hours.  Pramik Dep. Tr. at 273:15-22.<br><br>Pramik's superior instructed him only that he should have office "round-table" meetings during the day to avoid overtime.  *Id.* at 227:17-228:23.<br><br>Not aware of how time reporting was conducted outside his market.  *Id.* at 51:13-15; 54:21-23, 55:4-7. |
| Prise, Deborah (Location Manager) | Can not think of occasions where she was not compensated for time she recorded on her timesheets, but claims there were items she did not write down because she was told it was not pre-approved "or something like that."  Prise Dep. Tr. (Day 1) at 104:23-105:7. |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and  were permitted, with management's knowledge, to perform work but were directed that the work not be recorded.  Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

**UNRECORDED WORK**

| MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS**<br>TO THE COURT REGARDING UNRECORDED WORK | |
|---|---|
| **Management Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court<br>Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Thomas, Sandy<br>(Location Manager) | Understood the policy was for all employees to record all time actually worked; instructed the employees who reported to him to record all the time they actually worked; and recorded all the time he actually worked.  Thomas Dep. Tr. at 30:12-23.<br><br>He never told the people who reported to him not to record time worked on Saturdays.  They recorded their Saturday time and were paid for it.  *Id.* at 110:12-18. |
| White, Raymond<br>(Location Manager) | A co-worker was paid for his overtime.  White Dep. Tr. at 53:10-20; 67:15-20.  May have been compensated for all the overtime he worked from December 2003 until his termination in March 2004.  *Id.* at 85:25-87:2.<br><br>Had no knowledge of any other location that "banked" hours in a book as he described took place at Chapel Lawn Funeral Home.  *Id.* at 70:18-21.<br><br>Was never told how much time to record on the time summaries he submitted to Alderwoods payroll.  *Id.* at 72:14-16.  Understood that Alderwoods policy was to record time actually worked.  *Id.* at 90:2-14.<br><br>Did not punch in late intentionally or punch out early to reduce time.  *Id.* at 90:25-91:2.<br><br>There was no company-wide policy to keep overtime hours down; this was just the policy of his manager.  *Id.* at 177:6-9. |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and  were permitted, with management's knowledge, to perform work but were directed that the work not be recorded.  Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

UNRECORDED WORK

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING UNRECORDED WORK | |
| --- | --- |
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Arms, Beverly (Assistant Administrator) | She was never asked by her supervisor to not record time that she had worked. She always recorded the time that she worked and was paid for it. Arms Dec. ¶ 7.[v] |
| Ayling, Mary (Receptionist) | She always recorded all of the hours she worked. Ayling Dec. ¶ 6.<br><br>None of her managers ever requested or required her to not record time that she actually worked. *Id.* ¶ 8.<br><br>None of her managers ever requested her to perform work but not record her time. *Id.* ¶ 15. |
| Baird, William (Funeral Director, Embalmer) | He was never told to not record overtime that he had worked. He was always paid for the overtime that he worked. Baird Dec. ¶ 5. |
| Ballard, Constance (Location Administrator) | She was never asked to not record time that she had worked as overtime. She was always paid for the overtime that she worked. Ballard Dec. ¶ 9. |
| Bollinger, Karen (Family Services Counselor) | She always recorded her time and was never told not to. Bollinger Dec. ¶ 6. |
| Cain, Waldo (Funeral Attendant) | He always recorded all the time that he worked for Alderwoods. Cain Dec. ¶ 8.<br><br>He was paid for every hour that he worked for Alderwoods. *Id.* ¶ 9.<br><br>None of his managers, or any other employee at Alderwoods, ever encouraged, required, or requested him not to record the time that he worked. He never heard of anyone at his location request hourly employees not to record the time they worked, including overtime. *Id.* ¶ 10.<br><br>No one at Alderwoods ever encouraged, required, or requested him to perform work but not record the hours that I worked. *Id.* ¶ 15. |

---

[**]Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and  were permitted, with management's knowledge, to perform work but were directed that the work not be recorded.  Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

UNRECORDED WORK

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS**<br>TO THE COURT REGARDING UNRECORDED WORK | |
| --- | --- |
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Crisp, Donald<br>(Funeral Director) | None of his managers, or any other employee at Alderwoods, ever encouraged, required, or requested him not to record his overtime, or perform work but not record the time that he worked. Always recorded the time that he worked, including overtime. Crisp Dec. ¶¶ 8-9. |
| Elliott, James<br>(Funeral Director) | He was always paid for the overtime that he recorded, and he was never told not to record overtime that he had worked. Elliott Dec. ¶ 4. |
| Fogg, Margaret<br>(Location Administrator) | She was never told to not record overtime that she had worked, or to record it as regular time. She was always paid for the overtime that she worked. Fogg Dec. ¶ 7.<br><br>She recorded all the time she worked and was paid time and a half for overtime. *Id.* ¶ 6. |
| Forrest, Wendy<br>(Location Administrator) | She was never told not to record the time that she had worked, or to record overtime as regular time. Forrest Dec. ¶ 7.<br><br>Neither she nor her manager ever changed time recorded by an employee on his or her time sheet. *Id.* ¶ 9. |
| Gibson, Jill<br>(Funeral Arranger) | When she worked overtime, she recorded her time and was fully paid for it. Gibson Dec. ¶ 7. |
| Goni, Helen<br>(Office Manager) | Always recorded all of the hours she worked, and was always paid for the time that she worked. Goni Dec. ¶ 6.<br><br>None of her managers, or any other employee at Alderwoods, ever encouraged, required, or requested her not to record her time. Was never required to work prior to clocking-in when she arrived for work in the morning, or after clocking-out when she left in the evening. *Id.* ¶ 7.<br><br>No one at Alderwoods ever encouraged, required, or requested her to perform work but not record the hours that she worked. *Id.* ¶ 16. |
| Hunt, Theodore<br>(Funeral Attendant) | He always recorded all of the hours he worked, including overtime. Hunt Dec. ¶ 6.<br><br>None of his managers, or any other employee at Alderwoods, ever encouraged, required, or requested him not to record overtime. *Id.* ¶ 8. |

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and were permitted, with management's knowledge, to perform work but were directed that the work not be recorded. Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

**UNRECORDED WORK**

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING UNRECORDED WORK | |
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Hunt, Theodore (*cont'd.*) | No one at Alderwoods ever encouraged, required, or requested him to perform work but not record the hours that he worked. *Id.* ¶ 14. |
| Jones, Regina (Funeral Director) | She was always paid for overtime that she had worked. R. Jones Dec. ¶ 5. |
| Karneol, Rozlyn (Assistant Administrator) | She always recorded the time that she worked and was never told of a policy to not record time worked. Karneol Dec. ¶ 7. |
| Korell, Karee (Funeral Director) | None of her managers, or any other employee at Alderwoods, ever encouraged, required, or requested her not to record her overtime. She was never required to perform any work before clocking in the morning. Korell Dec. ¶ 8.<br><br>No one at Alderwoods ever encouraged, required, or requested her to perform work but not record the time that she worked. She always recorded the time that she worked, including overtime. *Id.* ¶ 9. |
| LaPlaunt, Daniel (Funeral Director) | None of his managers, or any other employee at Alderwoods, ever encouraged, required, or requested him not to record overtime, or perform any work before clocking-in in the morning or clocking-out at night. LaPlaunt Dec. ¶ 17.<br><br>No one at Alderwoods ever encouraged, required, or requested him to perform work but not record the time. He always recorded the time that he worked, including overtime. *Id.* ¶ 8. |
| Laska, Robert (Funeral Director) | None of his managers, or any other employee at Alderwoods, ever encouraged, required, or requested him not to record his overtime. Laska Dec. ¶ 7.<br><br>Was never required to perform any work before clocking-in in the morning or after clocking-out at night. *Id.*<br><br>No one at Alderwoods ever encouraged, required, or requested him to perform work but not record the time that he worked. He always recorded the time that he worked, including overtime. *Id.* ¶ 8. |
| Lay, John (Funeral Attendant) | Was never instructed to not record overtime that he had worked or to record it as regular time. Lay Dec. ¶ 9. |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and were permitted, with management's knowledge, to perform work but were directed that the work not be recorded. Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

**UNRECORDED WORK**

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING UNRECORDED WORK | |
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Luciano, Christopher (Funeral Director, Embalmer) | Was never told not to record overtime that he had worked or to record it as regular time.  Luciano Dec. ¶ 6. |
| Mann, Kelley (Office Manager) | Always recorded all the hours she worked.  Mann Dec. ¶ 6.<br><br>Was never instructed not to record her overtime, nor did she ever instruct any of the hourly employees who reported to her not to record overtime.  *Id.* ¶ 8. |
| Messier, Claudia (Funeral Director, Embalmer) | Employees at Custer Christiansen directly entered their time into the payroll system.  Messier Dec. ¶ 5.  Was never told to record overtime that she had worked as regular time.  Was always paid for the overtime that she worked.  *Id.* ¶ 6. |
| Olsen, Judith (Office Manager) | Always recorded all of the hours she worked, including any overtime.  Olsen Dec. ¶ 6.<br><br>None of her managers, or any other employee at Alderwoods, ever encouraged, required, or requested her not to record her time, including overtime.  She was never required to work prior to clocking in when she arrived for work in the morning, or after clocking out when she left in the evening.  *Id.* ¶ 8.<br><br>No one at Alderwoods encouraged, required, or requested her to perform work but not record the hours that she worked.  *Id.* ¶ 16. |
| Patterson, William (Funeral Director) | Was never told not to record the overtime that he worked, or to record it as regular time.  Patterson Dec. ¶ 4. |
| Powell, William (Funeral Director) | Was always paid for the overtime that he worked.  Powell Dec. ¶ 5.  Time entries by employees were not changed by the manager or office manager.  *Id.* ¶ 6. |
| Pruitt, Jeanne (Office Administrator) | Always recorded all of the hours she worked, including any overtime, and was always paid for the time she worked, including overtime.  Pruitt Dec. ¶ 6.<br><br>Managers never encouraged, required, or requested her not to record her time, including overtime.  Was never required to work prior to clocking-in when she arrived for work in the morning, or after clocking-out when she left in the evening. |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and  were permitted, with management's knowledge, to perform work but were directed that the work not be recorded.  Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

UNRECORDED WORK

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING UNRECORDED WORK | |
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Pruitt, Jeanne (*cont'd.*) | *Id.* ¶ 8.<br><br>No one at Alderwoods ever encouraged, required, or requested her to perform work but not record the hours that she worked. *Id.* ¶ 16. |
| Rogers, Kenneth (Funeral Attendant) | Was never told to not record time or to record it inaccurately.  Rogers Dec. ¶ 6. |
| Rosen, C. Josef (Funeral Director) | Was never asked to not record time that he had worked.  Rosen Dec. ¶ 19.  Recorded all the time that he worked on overtime. *Id.* ¶ 8. |
| Sands, Edith (Location Administrator) | Was never asked to not record time that she had worked.  Sands Dec. ¶ 11. |
| Santmyer, William (Funeral Attendant) | Was never told not to record the time that he had worked.  Santmyer Dec. ¶ 7. |
| Sims, Mertie (Office Manager) | Always recorded all of the time she worked, including overtime.  Sims Dec. ¶ 6.<br><br>No one ever told her not to record time she actually worked, or required her to work before clocking in or after clocking out. *Id.* ¶ 8. |
| St. Laurent, Andy (Grounds Supervisor) | None of his managers, or any other employee at Alderwoods, ever encouraged, required, or requested him not to record his overtime.  St. Laurent Dec. ¶ 8.<br><br>No one at Alderwoods ever encouraged, required, or requested him to perform work but not record the time that he worked. *Id.* ¶ 9.<br><br>Always recorded the time that he worked, including overtime. *Id.* |
| Strang, Robert (Intern Funeral Director, Embalmer) | None of his managers, or any other employee at Alderwoods, ever encouraged, required, or requested him not to record overtime.  Strang Dec. ¶ 8. |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and  were permitted, with management's knowledge, to perform work but were directed that the work not be recorded.  Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

**UNRECORDED WORK**

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS**<br>TO THE COURT REGARDING UNRECORDED WORK | |
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Strang, Robert<br>(*cont'd.*) | Was never required to perform any work before clocking-in in the morning or after clocking-out in the evening. *Id.*<br><br>No one at Alderwoods ever encouraged, required, or requested him to perform work but not record the time that he worked.  He always recorded the time that he worked, including overtime. *Id.* ¶ 9. |
| Strintz, Jack<br>(Courier) | None of his managers, or any other employee at Alderwoods, ever encouraged, required, or requested him not to record his overtime.  Strintz Dec. ¶ 8.<br><br>No one at Alderwoods ever encouraged, required, or requested him to perform work but not record the hours that he worked. *Id.* ¶ 13. |
| Turnage, Brenda<br>(Assistant Administrator) | Was never told to not record time or to record her time inaccurately.  Was always paid for the time that she worked.  Turnage Dec. ¶ 6. |
| Walsh, Cathy<br>(Administrative<br>Assistant) | Always recorded all of the hours she worked, including any overtime and was paid for all of the time that she worked.  Walsh Dec. ¶ 6.<br><br>None of her managers, or any other employee at Alderwoods, ever encouraged, required, or requested her not to record her time, including overtime.  She was never required to work before clocking in the morning, or after clocking out in the evening. *Id.* ¶ 8.<br><br>No one at Alderwoods ever encouraged, required, or requested her to perform work but not record the hours that she worked. *Id.* ¶ 15. |
| Welch, Sharon<br>(Funeral Director<br>Apprentice) | Was always paid for any overtime that she worked.  Welch Dec. ¶ 5. |
| Wentworth, Shirley<br>(Funeral Support Staff) | Always recorded all of the hours she worked, including overtime.  Wentworth Dec. ¶ 6.<br><br>None of her managers, or any other employee at Alderwoods, ever encouraged, required, or requested her not to record her overtime. *Id.* ¶ 8. |

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and  were permitted, with management's knowledge, to perform work but were directed that the work not be recorded.  Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

**UNRECORDED WORK**

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS**<br>TO THE COURT REGARDING UNRECORDED WORK | |
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Wentworth, Shirley (*cont'd.*) | No one at Alderwoods ever encouraged, required, or requested her to perform work but not record the hours that she worked. *Id.* ¶ 16. |
| Windsor, Nancy (Location Administrator) | Was never told not to record time that she had worked or to record overtime as regular time. When she worked payroll, she never made changes to employees' time entries. Windsor Dec. ¶ 6. |
| Young, Annette (Assistant Administrator, Musical Director) | Was never paid for overtime that she had worked. Young Dec. ¶ 5. Was never told not to record time that she had worked. *Id.* ¶ 6. |

---

**\*\***Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and were permitted, with management's knowledge, to perform work but were directed that the work not be recorded. Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING UNRECORDED WORK | |
| --- | --- |
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Amiker, Ellaway (General Manager, Cemetery) | He never instructed any hourly employee not to record overtime they actually worked. Amiker Dec. ¶ 5. |
| Anton, George (Location Manager) | Has no knowledge of a company-wide Alderwoods policy requiring hourly employees to perform after-hours work without pay. Employees were paid for all the time they worked, including any overtime work. McCarthy Dec. ¶ 8. Alderwoods employees were always paid for the time they worked, including overtime. *Id.* ¶ 10. Never encouraged, required, or requested any hourly employee at his location to not record their time for hours worked, including overtime. Nor does he recall any instance in which an hourly employee failed to record his or her overtime. *Id.* ¶ 11. Regional Manager never encouraged, required, or requested him to have hourly employees not record their hours worked for overtime. *Id.* ¶ 12. |
| Clark, William (Location Manager) | He never told any employee not to record overtime, or to record overtime as regular time. He instructed his employees to put down any time they worked. Clark Dec. ¶ 5. |
| Clisby, Chad (Location Manager) | He never told employees not to record overtime they had worked, or to record it as regular time. Employees were always fully paid for the overtime they worked. Clisby Dec. ¶ 6. He never altered any time submitted by his employees. *Id.* ¶ 4. |
| Collins, Ronald (Vice President Northeast United States) | Alderwoods never required or permitted employees to omit or deduct hours actually worked. Employees were required to punch in as soon as they began work and punch out only when they had completed work. They were not to perform any work prior to clocking in or after clocking out. Collins Dec. ¶ 14.[vi] |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and were permitted, with management's knowledge, to perform work but were directed that the work not be recorded. Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

PII-1205606v1                                                -21-

UNRECORDED WORK

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING UNRECORDED WORK | |
|---|---|
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Crowe, Patrick (General Manager) | Has no knowledge of an Alderwoods policy which required hourly employees to perform work after hours without pay. Crowe Dec. ¶ 9. <br><br> Never requested any hourly employee to not record time actually worked, including overtime. *Id.* ¶ 12. |
| Curnow, Brian (General Manager) | He never instructed his employees not to record overtime. Curnow Dec. ¶ 11. |
| D'Andrea, Daniel (Location Manager) | He has no knowledge of a company-wide Alderwoods policy requiring hourly employees to perform after-hours work without pay. Employees were paid for all the time they worked, including any overtime work. D'Andrea Dec. ¶ 8. <br><br> Alderwoods employees who reported to him were always paid for the time they worked, including overtime. *Id.* ¶ 10. <br><br> He never encouraged, required, or requested any hourly employee who reported to him not to record their time for hours worked, including overtime. *Id.* ¶ 11. <br><br> His Regional Manager never encouraged, required, or requested him to have hourly employees not record their hours worked for overtime. *Id.* ¶ 12. |
| Dias, Joe (Location Manager) | He has no knowledge of a company-wide Alderwoods policy requiring hourly employees to perform after-hours work without pay. Employees were paid for all the time they worked, including any overtime work. Dias Dec. ¶ 8. <br><br> Did not recall any instance in which an hourly employee failed to record his or her overtime. *Id.* ¶ 11. <br><br> Regional Manager never encouraged, required, or requested him to have hourly employees not record their hours worked for overtime. *Id.* ¶ 12. |
| Friden, Paul (Location Manager) | None of his managers, or any other employee at Alderwoods, ever encouraged, required, or requested him not to record overtime. Friden Dec. ¶ 8. <br><br> He was never required to perform any work before clocking-in in the morning, or after clocking-out in the evening. *Id.* |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and were permitted, with management's knowledge, to perform work but were directed that the work not be recorded. Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

**UNRECORDED WORK**

| MANGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING UNRECORDED WORK | |
| --- | --- |
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Friden, Paul (*cont'd.*) | As a Location Manager, he never requested any hourly employee not to record their overtime, or require an hourly employee to perform any work before clocking-in in the morning, or after clocking-out in the evening. *Id.*<br><br>No one at Alderwoods ever encouraged, required, or requested him to perform work but not record the time. *Id.* ¶ 9.<br><br>As an hourly employee, he always recorded the time that he worked, including overtime. *Id.*<br><br>As a Location Manager, he never encouraged, required, or requested any hourly employee to perform work but not record the time that they worked. *Id.* |
| Greeno, Donald (General Manager) | He recalls no Unrecorded Work Time Policy for Alderwoods. He never encouraged or required that employees not record all the overtime that they worked. He never told employees to not record overtime and keep their hours low. Greeno Dec. ¶ 6. |
| Harper, William Ray (General Manager) | Employees were always paid for the hours that they worked. He never altered the time that an employee recorded on his or her time card. The Johnson's Funeral Home generally had a significant number of overtime hours recorded, because most employees worked about 50 hours a week. Harper Dec. ¶ 4.<br><br>The cemetery staff was fully paid for any overtime worked. *Id.* ¶ 6. |
| Jones, Jay (Location Manager) | When he was an hourly employee, he was never told not to record his overtime, or to record the overtime he worked as regular time. J. Jones Dec. ¶ 5. |
| Mayes, Buddy (Vice President Southeast United States) | Alderwoods never had a policy requiring or permitting employees to omit or deduct hours actually worked. Any such policy would have directly contradicted the written policy that all time worked be recorded. Employees were not permitted to work before punching in, nor could they work after clocking out. Mayes Dec. ¶ 17.[vii] |

---

** Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and were permitted, with management's knowledge, to perform work but were directed that the work not be recorded. Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

**UNRECORDED WORK**

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING UNRECORDED WORK | |
|---|---|
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| McCarthy, Eleanor (Location Manager) | Has no knowledge of a company-wide Alderwoods policy requiring hourly employees to perform after-hours work without pay.  Employees were paid for all the time they worked, including any overtime.  McCarthy Dec. ¶ 8.<br><br>Alderwoods employees were always paid for the time they worked, including overtime.  *Id.* ¶ 10.<br><br>Never encouraged, required, or requested any hourly employee at her location to not record their time for hours worked, including overtime.  Nor does she recall any instance in which an hourly employee failed to record his or her overtime.  *Id.* ¶ 11.<br><br>Her Regional Manager never encouraged, required, or requested her to have hourly employees not record their hours worked for overtime.  *Id.* ¶ 12. |
| Nowatka, Steven (Funeral Director) | Has no knowledge of a company-wide Alderwoods policy requiring hourly employees to perform after-hours work without pay.  Employees were paid for all the time they worked, including any overtime work.  Nowatka Dec. ¶ 8.<br><br>Alderwoods employees were always paid for the time they worked, including overtime.  *Id.* ¶ 10.<br><br>Never encouraged, required, or requested any hourly employee to not record their time for hours worked, including overtime.  Does not recall any instance in which an hourly employee failed to record his or her overtime.  *Id.* ¶ 11.<br><br>Regional Manager never encouraged, required, or requested him to have hourly employees not record their hours worked for overtime.  *Id.* ¶ 12. |
| Phillips, Shawn (Vice President Western United States) | Alderwoods never had a policy permitting employees to omit or deduct hours from their timesheets.  Employees were required to record their start time and their finish time each day.  They were not permitted to work before punching in and they could not work while punched out.  Phillips Dec. ¶ 15.[viii] |
| Porte, Kelly (Assistant Manager) | Was never instructed as an hourly employee to not record overtime that she had worked.  Porte Dec. ¶ 5.<br><br>Never instructed employees that they should not record overtime that they worked.  *Id*. ¶ 6. |

[**]Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and  were permitted, with management's knowledge, to perform work but were directed that the work not be recorded.  Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

**UNRECORDED WORK**

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS**<br>TO THE COURT REGARDING UNRECORDED WORK | |
|---|---|
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Unrecorded Work** |
| Rizzotto, Michael<br>(Location Manager) | Has no knowledge of a company-wide Alderwoods policy requiring hourly employees to perform after-hours work without pay.  Employees were paid for all the time they worked, including any overtime work.  Rizzotto Dec. ¶ 7.<br><br>No hourly employees were required to work prior to clocking in, or after clocking out, nor is he aware of any Alderwoods policy requiring hourly employees to do so.  *Id.* |
| Schwab, Roxann<br>(General Manager) | Never saw an "Unrecorded Work Time Policy" for Alderwoods.  Hourly employees were never encouraged or required to not record all the overtime that they worked.  Rather, she instructed the employees to keep accurate time.  Schwab Dec. ¶ 5.<br><br>There was no company policy not to record overtime.  *Id.* ¶ 6. |
| Schwinghamer, Steven<br>(Location Manager) | Never told his employees to not record time they worked or to not record overtime.  Told them to always record the time they worked.  Is unaware of any Alderwoods policy that would require an employee to not record time.  Schwinghamer Dec. ¶ 6.<br><br>Never changed an employee's time on his or her time card without the employee's consent and initial on the change.  Such changes were rare and ministerial in nature (addition errors).  Never changed time to reduce hours or eliminate overtime.  *Id.* ¶ 7. |
| Warn, Robin<br>(General Manager) | Employees were always paid for any overtime that they worked.  Warn Dec. ¶ 5. |

---

[i] By identifying employees has having "non-exempt" job positions, Alderwoods does not waive and expressly reserves the right to argue that these positions qualify as exempt job positions.

[ii] *See* Brent Knight Declaration Exhibit N for a compilation of all deposition transcript excerpts cited herein.

[iii] For purposes of this analysis, Millard Daigle is listed among the management deponents although he also held non-exempt, hourly positions at Alderwoods.  The same holds true for Deborah Prise.

---

[**] Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and  were permitted, with management's knowledge, to perform work but were directed that the work not be recorded.  Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.

**UNRECORDED WORK**

[iv] For purposes of this analysis, Barry Miles is listed among the management deponents although he was paid on an hourly basis as a manager.  The same holds true for Sandy Thomas and Raymond White.

[v] See Brent Knight Exhibit O for a compilation of all field employee declarations cited herein.

[vi] Attached to Brent Knight Declaration as Exhibit P.

[vii] Attached to Brent Knight Declaration as Exhibit Q.

[viii] Attached to Brent Knight Declaration as Exhibit R.

[**]Plaintiffs represented to the Court that all Alderwoods non-exempt employees were pressured to keep their overtime hours down due to budget concerns and  were permitted, with management's knowledge, to perform work but were directed that the work not be recorded.  Plaintiffs further represented that Alderwoods' management physically altered employee timesheets in order to reduce hours reported by all non-exempt employees and instructed all employees not to clock in early or clock out late.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 19-20.