**Exhibit H**

**REGULAR RATE CALCULATION**

**TABLE OF CONTENTS**

Page

**ALDERWOODS COMPANY POLICY** ...................................................................................................1
    Summary of applicable company policy.

**NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS TO THE COURT REGARDING REGULAR RATE CALCULATION**......................................... 2-5
    Sworn deposition testimony of non-exempt Alderwoods' employees directly contradicting Plaintiffs' representations to the Court regarding allegedly common experiences involving regular rate calculation.

**MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS TO THE COURT REGARDING REGULAR RATE CALCULATION**......................................... 6-7
    Sworn deposition testimony of Alderwoods' managers directly contradicting Plaintiffs' representations to the Court regarding allegedly common experiences involving regular rate calculation.

**NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS TO THE COURT REGARDING REGULAR RATE CALCULATION**......................................... 8-9
    Statements made under penalty of perjury by non-exempt Alderwoods' employees directly contradicting Plaintiffs' representations to the Court regarding allegedly common experiences involving regular rate calculation.

**MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS TO THE COURT REGARDING REGULAR RATE CALCULATION**..................................... 10-11
    Statements made under penalty of perjury by Alderwoods' managers directly contradicting Plaintiffs' representations to the Court regarding allegedly common experiences involving regular rate calculation.

**REGULAR RATE CALCULATION**

| ALDERWOODS COMPANY POLICY ||
| --- | --- |
| **Policy** | **Cite to Written Company Policy**[*] |
| "All non-exempt employees are required to record all hours worked each day." | Hours of Work and Overtime, III.E Recording of Hours – ALD000005 (*see also* Funeral Home Procedures, G.12.6 Recording Time Worked – ALD000001; Cemetery Procedures, E.10.6 Recording Time Worked – ALD013648) |
| "Employees must review their time card/sheet, correct any errors, and sign it before submitting it to their manager for approval."  "Employees must check and sign their time card or timesheet at the end of each week to assure that their time cards are correct. Any discrepancies must be reported to the Location Manager/General Manager as soon as practical." | *Id.*  Procedures for Timekeeping (Recording Hours Worked), Procedure—Time Cards/Timesheets, 10. – ALD000010 |
| "Managers are also responsible for . . . ensuring that no 'off the clock' work is allowed; that is, that all work performed by employees is properly documented on time cards/time sheets." | Hours of Work and Overtime, IV.B.6 Manager Responsibilities – ALD000007 |
| "Location Managers/General Managers must verify and sign their respective employees' time cards/timesheet." | Procedures for Timekeeping (Recording Hours Worked), Procedure—Time Cards/Timesheets, 12. – ALD000011 (*see also* Funeral Home Procedures, G.12.6 Recording Time Worked – ALD000001; Cemetery Procedures, E.10.6 Recording Time Worked – ALD013648) |
| "All non-exempt employees will be compensated for all hours worked." | Hours of Work and Overtime, Policy – ALD000004 |
| "Non-exempt employees are to be compensated for all overtime hours worked." | Procedures for Timekeeping (Recording Hours Worked), Purpose – ALD000009 |
| "Non-exempt employees will receive overtime pay of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in any work week . . . ." | Hours of Work and Overtime, III.F Overtime – ALD000006 |

---

[*] All Policies cited in this section are attached as Exhibits 1, 3 and 4 to the Rhonda Suurd Declaration, who is Alderwoods' former Human Resources Manager. Rhonda Suurd's Declaration is attached to the Brent Knight Declaration as Exhibit S.

**REGULAR RATE CALCULATION**

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING REGULAR RATE CALCULATION | |
|---|---|
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Regular Rate Calculation** |
| Burgess, Jason (Funeral Director, Embalmer)[i] | Never saw a policy addressing how overtime was calculated. Burgess Dep. Tr. at 104:13-20.[ii] |
| Butler, Michael (Arranger) | Received no bonuses or commissions, but once received a gift card from his manager. Butler Dep. Tr. at 108:15-109:12; 186:21-187:21.<br><br>Does not believe overtime rate was incorrectly calculated. *Id.* at 193:3-6. |
| Carswell, Shane (Funeral Director) | Carswell does not know if the bonuses he received were included in calculating his overtime rate of pay. Carswell Dep. Tr. at 81:8-13.<br><br>Underneath his earnings statement, there is a column for overtime adjustments and Carswell admits that it is possible, although he does not know, that this overtime adjustment accounts for the bonus that he received. *Id.* at 84:13-25. |
| Detschner, Steven (Funeral Director, Embalmer) | Received a yearly bonus. Detschner Dep. Tr. at 114:6-8.<br><br>Does not know how Alderwoods calculated overtime rate of pay and he has no complaint in this regard. *Id.* at 212:23-213:6.<br><br>He did not check the regular rate box on his information sheet because he did not think it pertained to him and he does not know what OT ADJ payments are for. Never discussed with anyone and does not know if other employees received OT ADJ payments. *Id.* at 212:7-215:1. |
| Diggs, Jeffrey (Funeral Director, Embalmer) | Thinks that the company followed federal guidelines and state guidelines regarding calculating overtime paid. Diggs Dep. Tr. at 135:18-20.<br><br>Not aware of any policy saying that the company would not follow federal and state guidelines, and has never heard any employees complaining that their overtime was not properly calculated. *Id.* at 135:22-136:5.<br><br>Received no bonuses or commissions in addition to his hourly rate. *Id.* at 51:20-52:3. |

---

[**]Plaintiffs represented to the Court that Alderwoods failed to include all remuneration, such as bonuses and commissions, in the calculation of all non-exempt employees' overtime rate of pay. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 20.

**REGULAR RATE CALCULATION**

| **Non-Exempt Deponent** | **NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS\*\* TO THE COURT REGARDING REGULAR RATE CALCULATION** |
|---|---|
| | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Regular Rate Calculation** |
| Escobar, Stephen (Arranger) | Other than his hourly wage, Escobar received no other forms of compensation. He received no bonuses and no commissions. Escobar Dep. Tr. at 62:19-63:2. <br><br> Does not believe that the time and a half overtime rate that he was paid for overtime was incorrectly calculated in any way. *Id.* at 152:2-5. |
| Garza, Joe (Funeral Services Support L4) | Did not receive any bonus, commission, or awards from Alderwoods. Garza Dep. Tr. at 57:20-58:9; 90:20-91:1. |
| Gonzales, Donna (Assistant Funeral Director) | Never received any bonus, commission, or award during her employment with Alderwoods. Gonzales Dep. Tr. at 110:20-111:5. |
| Johnson, Louise (Funeral Director, Embalmer) | Never complained about the calculation of her overtime hourly rate. Johnson Dep. Tr. at 131:7-132:4. |
| Jones, Robert (Funeral Director) | Received one bonus during his employment with Alderwoods, in 2003. Jones Dep. Tr. at 175:7-176:1. <br><br> Did not receive any commissions as an employee of Alderwoods after December 2002. *Id.* at 174:4-175:6. <br><br> Not aware of any company-wide policy to intentionally miscalculate the overtime rate to be paid to employees. *Id.* at 191:9-13. |
| Keath, Angela (Location Administrator) | Only form of compensation she received other than her hourly rate and overtime pay was a bonus of less than $50. Keath Dep. Tr. at 93:21-94:16. <br><br> Not claiming that her bonus was improperly excluded from calculating her overtime pay rate; not claiming that there should have been any other pay that should have been used to calculate her overtime rate; has no claim in the lawsuit related to her bonus. *Id.* at 156:1-21. |

---

\*\*Plaintiffs represented to the Court that Alderwoods failed to include all remuneration, such as bonuses and commissions, in the calculation of all non-exempt employees' overtime rate of pay. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 20.

**REGULAR RATE CALCULATION**

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING REGULAR RATE CALCULATION ||
|---|---|
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Regular Rate Calculation** |
| Kuhta, Richard (Funeral Director, Embalmer) | Does not understand how or whether bonuses and commissions relate to calculating overtime pay rate and does not feel that receiving them would have anything to do with it. Kuhta Dep. Tr. at 56:20-58:6; 67:1-8; 69:11-15.<br><br>Not aware of any Alderwoods policy with regard to calculating any bonuses or commissions or overtime; does not know how that was done; does not know what Alderwoods' policy was. *Id.* at 69:16-23. |
| Lanza, Michael (Apprentice Funeral Director, Embalmer) | No knowledge of a company policy of improperly calculating overtime pay. Lanza Dep. Tr. at 226:20-24.<br><br>Never paid commissions or a bonus as an Alderwoods' employee. *Id.* at 55:4-20. |
| Leal, Adrian (Apprentice Funeral Director, Embalmer) | No Alderwoods employee ever told him that their respective overtime rate was being improperly calculated. Leal Dep. Tr. at 180:16-20. |
| Long, Kasi (Funeral Director) | Does not know whether overtime adjustments that she was paid were calculated to account for bonuses or commissions she received. Long Dep. Tr. at 197:15-24. |
| McDonald, Beverly (Funeral Director) | May have received overtime adjustments that accounted for other types of compensation she received such as commissions. McDonald Dep. Tr. at 134:12-17. |
| Ore, William (Apprentice Funeral Director, Embalmer) | Did not receive commissions; unsure whether he ever received a bonus; does not have a claim regarding overtime calculation. Ore Dep. Tr. at 144:8-145:19. |
| Peters, John (Funeral Director) | Aside from a bonus in 2002, did not receive compensation in addition to his hourly rate such as bonuses, commissions, and other forms of additional pay. Peters Dep. Tr. at 165:24-166:14.<br><br>Acknowledged that his earnings statement showed "OT ADJ" payments, but does not know what that was for. *Id.* at 168:21-169:1.<br><br>Does not recall talking to other employees about "OT ADJ" or whether other employees received similar payments. *Id.* at 169:9-14. |

---

**Plaintiffs represented to the Court that Alderwoods failed to include all remuneration, such as bonuses and commissions, in the calculation of all non-exempt employees' overtime rate of pay. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 20.

**REGULAR RATE CALCULATION**

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING REGULAR RATE CALCULATION ||
|---|---|
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Regular Rate Calculation** |
| Peters, John (*cont'd.*) | Did not understand Section E of the information sheet – both the witness and counsel said it was confusing and misleading. He stated "[a]nd I did not check this off." *Id.* at 166:9-167:14. |
| Rady, Heather (Funeral Director, Embalmer) | Believes bonuses and commissions she was paid were not included in overtime she received because "my attorneys have counseled me as such." Rady Dep. Tr. at 153:10-14.<br><br>She does not know what the overtime adjustment is on the pay stub she reviewed with her attorneys; she does not know if the overtime adjustment includes commissions and bonuses. *Id.* at 154:19-155:9. |
| Reddick, Jack (Assistant Funeral Director) | Never saw a policy addressing how overtime was calculated or what compensation was included in the calculation. Reddick Dep. Tr. at 118:11-16. |
| Schabloski, John (Funeral Director, Embalmer) | Never saw a policy addressing how overtime was calculated or what compensation was included in the calculation. Schabloski Dep. Tr. at 151:20-24. |
| Wilkinson, Jack (Funeral Director) | Not aware of a policy excluding certain forms of compensation from overtime calculations. Wilkinson Dep. Tr. at 110:5-9. |

---

**\*\***Plaintiffs represented to the Court that Alderwoods failed to include all remuneration, such as bonuses and commissions, in the calculation of all non-exempt employees' overtime rate of pay. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 20.

**REGULAR RATE CALCULATION**

| MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING REGULAR RATE CALCULATION ||
|---|---|
| **Management Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Regular Rate Calculation** |
| Burkle, Clark (Location Manager) | Never saw a written policy addressing types of compensation that would be included in the overtime calculation for Alderwoods' employees.  Burkle Dep. Tr. at 44:23-45:6. |
| Daigle, Millard[iii] (Assistant Manager) | Not aware of any policy of not including certain types of compensation in employees' overtime pay rate calculations.  Daigle Dep. Tr. at 165:1-7.<br><br>Not aware of any other Alderwoods employees whose commissions or bonuses were not included in calculating their overtime pay rate.  *Id.* at 165:8-13. |
| Hensley, Ric (Location Manager) | No hourly employees who reported to him were eligible for bonus compensation or any type of incentive awards.  Hensley Dep. Tr. at 125:15-126:5. |
| Kamienski, Richard (General Manager) | Not aware of any Alderwoods policy to miscalculate employees overtime rate.  Nor is he aware of any mistakes that Alderwoods has made in calculating the overtime rate to employees.  Kamienski Dep. Tr. at 181:4-14. |
| Lay, John (Funeral Attendant) | Lay, a funeral attendant, did not receive bonuses or commissions from Alderwoods.  Lay Dec. ¶ 7. |
| Miles, Barry[iv] (Location Manager) | When he was changed from salary to hourly, disagreed with the way his hourly rate was initially set based on his previous annual salary.  Miles Dep. Tr. at 157:12-160:21.<br><br>Only issue with overtime rate calculation is with the way they originally determined the amount of his hourly rate.  *Id.* at 271:4-9.<br><br>Received overtime adjustment payments.  *Id.* at 272:4-11. |
| Pramik, Robert (Market Growth Manager) | Does not know how overtime was calculated outside his market.  Pramik Dep. Tr. at 262:23-25. |
| Prise, Deborah (Location Manager) | Does not recall receiving bonuses from Alderwoods.  Prise Dep. Tr. (Day 1) at 180:12-14.<br><br>Agrees Alderwoods made overtime pay adjustments to her income.  *Id.* at 192:14-18. |

---

[**]Plaintiffs represented to the Court that Alderwoods failed to include all remuneration, such as bonuses and commissions, in the calculation of all non-exempt employees' overtime rate of pay.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 20.

**REGULAR RATE CALCULATION**

| MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING REGULAR RATE CALCULATION ||
|---|---|
| **Management Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Regular Rate Calculation** |
| Thomas, Sandy (Location Manager) | Has no claim for whether or not his pay was calculated properly, other than not getting paid for overtime or other unrecorded time. Thomas Dep. Tr. at 121:23-122:2. |
| White, Raymond (Location Manager) | Was not paid bonuses or commissions by Alderwoods. White Dep. Tr. at 39:3-12; 98:22-99:8. |

---

**\*\***Plaintiffs represented to the Court that Alderwoods failed to include all remuneration, such as bonuses and commissions, in the calculation of all non-exempt employees' overtime rate of pay.  *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 20.

**REGULAR RATE CALCULATION**

| **NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS\*\*** <br> **TO THE COURT REGARDING REGULAR RATE CALCULATION** ||
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Regular Rate Calculation** |
| Baird, William (Funeral Director, Embalmer) | As a funeral director, he did not receive any bonuses or commissions from Alderwoods. He was paid time and a half for overtime. Baird Dec. ¶ 6.$^v$ |
| Ballard, Constance (Location Administrator) | She did not receive bonuses or commissions from Alderwoods. Ballard Dec. ¶ 8. |
| Bollinger, Karen (Family Services Counselor) | She was usually paid based on commissions, rather than hourly. Bollinger Dec. ¶ 4. |
| Elliott, James (Funeral Director) | The only commissions that Elliott received were from pre-need sales. When he stopped selling pre-need policies, he stopped receiving commissions. Elliott Dec. ¶ 8. |
| Forrest, Wendy (Location Administrator) | She did not receive bonuses or commissions. Forrest Dec. ¶ 8. |
| Gibson, Jill (Funeral Arranger) | She did not receive any bonuses or commissions from Alderwoods. Gibson Dec. ¶ 9. |
| Goni, Helen (Office Manager) | Never received a bonus, or was paid commissions. Goni Dec. ¶ 13. |
| LaPlaunt, Daniel (Funeral Director) | Does not recall receiving any bonuses or commissions after 2002. LaPlaunt Dec. ¶ 9. |
| Laska, Robert (Funeral Director) | Did not receive any bonuses or commissions. Laska Dec. ¶ 9. |
| Luciano, Christopher (Funeral Director, Embalmer) | Did not receive any commissions or bonuses as a funeral director. Only managers received commissions or bonuses. Luciano Dec. ¶ 5. |
| Patterson, William (Funeral Director) | Did not receive any commissions or bonuses from Alderwoods. Patterson Dec. ¶ 5. |

---

\*\*Plaintiffs represented to the Court that Alderwoods failed to include all remuneration, such as bonuses and commissions, in the calculation of all non-exempt employees' overtime rate of pay. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 20.

# REGULAR RATE CALCULATION

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING REGULAR RATE CALCULATION ||
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Regular Rate Calculation** |
| Powell, William (Funeral Director) | Did not receive commissions from Alderwoods. The only bonus Powell received was a year-end bonus given to the funeral home based on meeting business targets. Was fully paid for any overtime he recorded. Powell Dec. ¶ 8. |
| Pruitt, Jeanne (Office Administrator) | Never received a bonus or commissions. Pruitt Dec. ¶ 14. |
| Rosen, C. Josef (Funeral Director) | Did not receive any bonuses as a funeral director. The only commission he ever received as a funeral director was on flowers he sold. Rosen Dec. ¶ 9. |
| Santmyer, William (Funeral Attendant) | Did not receive commissions or bonuses. Only managers received commissions or bonuses. Santmyer Dec. ¶ 6. |
| St. Laurent, Andy (Grounds Supervisor) | Never received a bonus or commission. St. Laurent Dec. ¶ 10. |
| Strang, Robert (Intern Funeral Director, Embalmer) | Never received a bonus or commission. Strang Dec. ¶ 13. |
| Walsh, Cathy (Administrative Assistant) | Does not recall ever being paid a commission or bonus as an Alderwoods' employee. Walsh Dec. ¶ 7. |
| Welch, Sharon (Apprentice Funeral Director) | Did not receive any bonuses or commissions from Alderwoods. Welch Dec. ¶ 6. |
| Young, Annette (Assistant Administrator, Musical Director) | Young did not receive any bonuses or commissions from Alderwoods. Young Dec. ¶ 7. |

---

**\*\***Plaintiffs represented to the Court that Alderwoods failed to include all remuneration, such as bonuses and commissions, in the calculation of all non-exempt employees' overtime rate of pay. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 20.

**REGULAR RATE CALCULATION**

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING REGULAR RATE CALCULATION | |
|---|---|
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Regular Rate Calculation** |
| Amiker, Ellaway (General Manager, Cemetery) | None of the hourly employees who he supervised were paid bonuses or commissions. Amiker Dec. ¶ 7. |
| Clisby, Chad (Location Manager) | Only pre-need staff were paid commissions. No other employees were paid commissions or bonuses at Hunters Creek. Clisby Dec. ¶ 7.<br><br>Employees were always fully paid for the overtime they worked. *Id.* ¶ 6. |
| Collins, Ronald (Vice President, Western Region) | Commissions and bonuses were to be included in overtime calculations. Collins Dec. ¶ 21.[vi] |
| Crowe, Patrick (General Manager) | None of the hourly employees received bonuses or commissions. Crowe Dec. ¶ 15. |
| Curnow, Brian (General Manager) | Only sales staff and funeral directors earned any commissions. Curnow Dec. ¶ 12. |
| Eagan, Charles (Location Manager) | Hourly employees did not receive bonuses or commissions. Eagan Dec. ¶ 6. |
| Greeno, Donald (General Manager) | All employees received time and a half for overtime and were fully paid. Greeno Dec. ¶ 7.<br><br>No employees received commissions, with the possible exception of pre-need sales staff. *Id.* ¶ 8. |
| Jones, Jay (Location Manager) | Jones did not receive commissions as an hourly employee. J. Jones Dec. ¶ 6. |
| Krueger, Richard (Location Manager) | Employees were paid time and a half for overtime. Krueger Dec. ¶ 4. |
| Lawrence, Gloria (Location Manager) | Lawrence was fully paid for any overtime she worked as an hourly employee. Did not receive any bonuses or commissions from Alderwoods. Lawrence Dec. ¶ 9. |

---

[**]Plaintiffs represented to the Court that Alderwoods failed to include all remuneration, such as bonuses and commissions, in the calculation of all non-exempt employees' overtime rate of pay. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 20.

**REGULAR RATE CALCULATION**

| MANGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING REGULAR RATE CALCULATION | |
|---|---|
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Regular Rate Calculation** |
| Mayes, Buddy (Vice President, Southeastern Region) | Commissions and bonuses were to be included in overtime rates. Mayes Dec. ¶ 24.[vii] |
| Phillips, Shawn (Vice President, Western Region) | Commissions and bonuses were to be included in overtime calculations. Phillips Dec. ¶ 22.[viii] |
| Porte, Kelly (Assistant Manager) | Did not receive bonuses as an hourly employee, but did so when she became a manager. Porte Dec. ¶ 7. Received commissions from the flower shop for flower sales. *Id.* |
| Rizzotto, Michael (Location Manager) | None of the hourly employees who reported to him received bonuses or commissions. Rizzotto Dec. ¶ 13. |
| Warn, Robin (General Manager) | No hourly employees at Lakewood Cemetery received bonuses or commissions, with the exception of the family service counselors who made commissions on pre-need sales. Warn Dec. ¶ 7, 10. |

---

[i] By identifying employees has having "non-exempt" job positions, Alderwoods does not waive and expressly reserves the right to argue that these positions qualify as exempt job positions.

[ii] *See* Brent Knight Declaration Exhibit N for a compilation of all deposition transcript excerpts cited herein.

[iii] For purposes of this analysis, Millard Daigle is listed among the management deponents although he also held non-exempt, hourly positions at Alderwoods. The same holds true for Deborah Prise.

[iv] For purposes of this analysis, Barry Miles is listed among the management deponents although he was paid on an hourly basis as a manager. The same holds true for Sandy Thomas and Raymond White.

[v] *See* Brent Knight Declaration Exhibit O for a compilation of all field employee declarations cited herein.

[vi] Attached to Brent Knight Declaration as Exhibit P.

[vii] Attached to Brent Knight Declaration as Exhibit Q.

---

** Plaintiffs represented to the Court that Alderwoods failed to include all remuneration, such as bonuses and commissions, in the calculation of all non-exempt employees' overtime rate of pay. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 20.

**REGULAR RATE CALCULATION**

---

[viii] Attached to Brent Knight Declaration as Exhibit R.

---

[**] Plaintiffs represented to the Court that Alderwoods failed to include all remuneration, such as bonuses and commissions, in the calculation of all non-exempt employees' overtime rate of pay. *See* Plaintiffs' Notice of Motion and Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23; Memorandum in Support at 20.