**Exhibit K**

**TABLE OF CONTENTS**
**INTERROGATORY RESPONSES SUBMITTED**
**BY PLAINTIFFS IN *PRISE I***

| Tab | Name |
|-----|------|
| 1 | Burgess, Jason Alex |
| 2 | Burkle, Clark F. |
| 3 | Ore, William |
| 4 | White, Ray |
| 5 | 11/21/2008 Supplemental Responses |

BRENT KNIGHT EXHIBIT K

**TAB 1**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH PRISE and HEATHER RADY<br>*on behalf of themselves and all*<br>*employees similarly situated,*<br><br>                                        *Plaintiffs,*<br><br>                    - vs -<br><br>ALDERWOODS GROUP, INC.,<br><br>                                        *Defendant.* | **PLAINTIFF JASON A.<br>BURGESS' RESPONSE TO<br>DEFENDANT'S FIRST SET OF<br>INTERROGATORIES**<br><br>Civil Action No. 06-1641 |

## INTRODUCTORY STATEMENT

Plaintiff Jason Burgess has responded to each and every request in a good faith effort to provide defendant with as much information as possible. In some instances, plaintiff has objected to a request on a specific ground. In each such instance, however, plaintiff has responded to the request as fully as possible.

Plaintiff's responses are made without, in any way, waiving: (1) the right to object to admissibility of the response at trial on the grounds of competency, relevancy, materiality, hearsay and other proper grounds; and (2) the right to object to any and all grounds, at any time, to any other discovery procedure involving or relating to the subject matter of these requests.

To the degree these responses vary from those provided in Plaintiffs' Initial Disclosures or prior discovery responses, these responses are incorporated into those documents.

Plaintiff reserves the right to supplement this response to the extent that additional information becomes available during discovery.

## INTERROGATORY NO. 5:

Identify each and every present or former employee of Alderwoods with whom you have communicated regarding this lawsuit and/or the claims and factual allegations stated in the Complaint and the substance of the communication.

## RESPONSE:

Plaintiff objects to this interrogatory on the basis that it interferes with attorney/client privilege and work product doctrine to the extent that it seeks to discover the mental impressions of plaintiff's counsel.

Plaintiff also objects on the basis that this interrogatory is overly broad and unduly burdensome.

Without waiving and subject to the foregoing objections, plaintiff responds that he has not communicated with any present or former employee of Alderwoods regarding the claims in this case.

Plaintiff reserves the right to supplement this response at a later date.

## INTERROGATORY NO. 6:

Identify the precise total amount of damages you are seeking as of the date of these Interrogatories, and all calculations underlying each and every element of damage you are seeking.

## RESPONSE:

Plaintiff objects that the current discovery is limited in scope to issues related to certification and therefore this interrogatory, because it seeks discovery regarding damages issues which are outside the scope of the certification inquiry, is not relevant to the current phase of discovery.  Without waiving and subject to the foregoing objection, the damages

plaintiff is seeking are set forth more fully in the complaint, and plaintiff notes that liquidated damages and interest, as well as attorneys' fees and costs, would be set by the Court.

## INTERROGATORY NO. 7:

Identify by name each and every current and former Alderwoods employee whom you believe has been subjected to the alleged wrongful conduct outlined in the Complaint, and for each such employee provide their current and/or last known business and home address and telephone numbers, the dates and location of their employment with Alderwoods, and your reason for identifying each such individual in response to this Interrogatory.

## RESPONSE:

Plaintiff objects to this interrogatory on the basis that it is unduly burdensome. Plaintiff further objects to the term "believe" as vague.

Plaintiff further objects to this interrogatory as overly broad in scope, as it is not limited to dates relevant to this litigation. Plaintiff objects to defendant's request for its own current and former employees' addresses, telephone numbers, and dates and locations of employment, as that information is available in defendant's employment records.

Subject to and without waiving the foregoing, plaintiff believes all employees were subject to the alleged wrongful conduct, including those at plaintiffs' facilities.

Plaintiff reserves the right to supplement this response at a later date.

## INTERROGATORY NO. 8:

State whether you ever have been or currently are a plaintiff or defendant in a lawsuit (or arbitration), either criminal or civil, and, if so, state the style of each such case/matter, the date on which it was filed, the court where, and/or the arbitrator(s) with whom, it was filed, and the nature and outcome of each such case/matter.

13

**TAB 2**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

DEBORAH PRISE and HEATHER RADY
*on behalf of themselves and all*
*employees similarly situated,*

                   *Plaintiffs,*

            - vs -

ALDERWOODS GROUP, INC.,

                  *Defendant.*

**PLAINTIFF CLARK BURKLE'S
RESPONSE TO
DEFENDANT'S FIRST SET OF
INTERROGATORIES**

**Civil Action No. 06-1641**

## INTRODUCTORY STATEMENT

Plaintiff Clark Burkle has responded to each and every request in a good faith effort to provide defendant with as much information as possible. In some instances, plaintiff has objected to a request on a specific ground. In each such instance, however, plaintiff has responded to the request as fully as possible.

Plaintiff's responses are made without, in any way, waiving: (1) the right to object to admissibility of the response at trial on the grounds of competency, relevancy, materiality, hearsay and other proper grounds; and (2) the right to object on any and all grounds, at any time, to any other discovery procedure involving or relating to the subject matter of these requests.

To the degree these responses vary from those provided in Plaintiffs' Initial Disclosures or prior discovery responses, these responses are incorporated into those documents.

Plaintiff reserves the right to supplement this response to the extent that additional information becomes available during discovery.

## INTERROGATORY NO. 5:

Identify each and every present or former employee of Alderwoods with whom you have communicated regarding this lawsuit and/or the claims and factual allegations stated in the Complaint and the substance of the communication.

## RESPONSE:

Plaintiff objects to this interrogatory on the basis that it interferes with attorney/client privilege and work product doctrine to the extent that it seeks to discover the mental impressions of plaintiff's counsel.

Plaintiff also objects on the basis that this interrogatory is overly broad and unduly burdensome.

Without waiving and subject to the foregoing objections, plaintiff responds that he has not communicated with any present or former employee of Alderwoods regarding the claims in this case.

Plaintiff reserves the right to supplement this response at a later date.

## INTERROGATORY NO. 6:

Identify the precise total amount of damages you are seeking as of the date of these Interrogatories, and all calculations underlying each and every element of damage you are seeking.

## RESPONSE:

Plaintiff objects that the current discovery is limited in scope to issues related to certification and therefore this interrogatory, because it seeks discovery regarding damages issues which are outside the scope of the certification inquiry, is not relevant to the current phase of discovery. Without waiving and subject to the foregoing objection, the damages

plaintiff is seeking are set forth more fully in the complaint, and plaintiff notes that liquidated damages and interest, as well as attorneys' fees and costs, would be set by the Court.

**INTERROGATORY NO. 7:**

Identify by name each and every current and former Alderwoods employee whom you believe has been subjected to the alleged wrongful conduct outlined in the Complaint, and for each such employee provide their current and/or last known business and home address and telephone numbers, the dates and location of their employment with Alderwoods, and your reason for identifying each such individual in response to this Interrogatory.

**RESPONSE:**

Plaintiff objects to this interrogatory on the basis that it is unduly burdensome. Plaintiff further objects to the term "believe" as vague.

Plaintiff further objects to this interrogatory as overly broad in scope, as it is not limited to dates relevant to this litigation. Plaintiff objects to defendant's request for its own current and former employees' addresses, telephone numbers, and dates and locations of employment, as that information is available in defendant's employment records.

Subject to and without waiving the foregoing, plaintiff believes all employees were subject to the alleged wrongful conduct, including those at plaintiffs' facilities.

Plaintiff reserves the right to supplement this response at a later date.

**INTERROGATORY NO. 8:**

State whether you ever have been or currently are a plaintiff or defendant in a lawsuit (or arbitration), either criminal or civil, and, if so, state the style of each such case/matter, the date on which it was filed, the court where, and/or the arbitrator(s) with whom, it was filed, and the nature and outcome of each such case/matter.

**RESPONSE:**

Plaintiff objects to this interrogatory because it does not seek relevant information or information likely to lead to the discovery of admissible evidence with respect to the current

certification issues, or to any issue raised in this lawsuit. Plaintiff further objects that the request for "compensation/benefits history" is vague, irrelevant and overbroad. To the extent this interrogatory seeks information regarding plaintiff's employment with defendant, plaintiff refers defendant to plaintiff's response to Interrogatory No. 1, above.

Dated:  September 18, 2009

THOMAS & SOLOMON LLP

_Annette Gifford/AAP_

Patrick J. Solomon
J. Nelson Thomas
Annette Gifford
*Admitted Pro Hac Vice*
693 East Avenue
Rochester, New York 14607
Telephone:  (585) 272-0540

MARGOLIS EDELSTEIN
Charles H. Saul, Pa. I.D. No. 19938
Liberty Weyandt, Pa. I.D. No. 87654
Kyle T. McGee, Pa. I.D. No. 205661
525 William Penn Place, Suite 3300
Pittsburgh, Pennsylvania 15219
Telephone: (412) 281-4256

*Attorneys for Plaintiffs*

H:\Alderwood Group\Discovery - Certification Issues\Responses to Defendant's Discovery Requests\Final Draft Individual
Responses - Interrogatories\Burkle, Clark Interrogatory Responses.docx

**TAB 3**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

DEBORAH PRISE and HEATHER RADY
*on behalf of themselves and all*
*employees similarly situated,*

                                    Plaintiffs,

            - vs -

ALDERWOODS GROUP, INC.,

                                    Defendant.

PLAINTIFF WILLIAM ORE'S
RESPONSE TO
DEFENDANT'S FIRST SET OF
INTERROGATORIES

Civil Action No. 06-1641

## INTRODUCTORY STATEMENT

Plaintiff William Ore has responded to each and every request in a good faith effort to provide defendant with as much information as possible. In some instances, plaintiff has objected to a request on a specific ground. In each such instance, however, plaintiff has responded to the request as fully as possible.

Plaintiff's responses are made without, in any way, waiving: (1) the right to object to admissibility of the response at trial on the grounds of competency, relevancy, materiality, hearsay and other proper grounds; and (2) the right to object to any and all grounds, at any time, to any other discovery procedure involving or relating to the subject matter of these requests.

To the degree these responses vary from those provided in Plaintiffs' Initial Disclosures or prior discovery responses, these responses are incorporated into those documents.

Plaintiff reserves the right to supplement this response at a later date.

**INTERROGATORY NO. 6:**

Identify the precise total amount of damages you are seeking as of the date of these Interrogatories, and all calculations underlying each and every element of damage you are seeking.

**RESPONSE:**

Plaintiff objects that the current discovery is limited in scope to issues related to certification and therefore this interrogatory, because it seeks discovery regarding damages issues which are outside the scope of the certification inquiry, is not relevant to the current phase of discovery. Without waiving and subject to the foregoing objection, the damages plaintiff is seeking are set forth more fully in the complaint, and plaintiff notes that liquidated damages and interest, as well as attorneys' fees and costs, would be set by the Court.

**INTERROGATORY NO. 7:**

Identify by name each and every current and former Alderwoods employee whom you believe has been subjected to the alleged wrongful conduct outlined in the Complaint, and for each such employee provide their current and/or last known business and home address and telephone numbers, the dates and location of their employment with Alderwoods, and your reason for identifying each such individual in response to this Interrogatory.

**RESPONSE:**

Plaintiff objects to this interrogatory on the basis that it is unduly burdensome. Plaintiff further objects to the term "believe" as vague.

Plaintiff further objects to this interrogatory as overly broad in scope, as it is not limited to dates relevant to this litigation. Plaintiff objects to defendant's request for its own current and former employees' addresses, telephone numbers, and dates and locations of employment, as that information is available in defendant's employment records.

**INTERROGATORY NO. 10:**

Describe your employment history, before, during and after your employment with Alderwoods, including the dates, employer, reason for separation, name of direct supervisor, job title, job duties, and compensation/benefits history.

**RESPONSE:**

Plaintiff objects to this interrogatory because it does not seek relevant information or information likely to lead to the discovery of admissible evidence with respect to the current phase of discovery, which is limited only to those matters related to the certification of this matter as a collective action. Plaintiff's employment history is not relevant to either certification issues, or to any issue raised in this lawsuit. Plaintiff further objects that the request for "compensation/benefits history" is vague, irrelevant and overbroad. To the extent this interrogatory seeks information regarding plaintiff's employment with defendant, plaintiff refers to plaintiff's response to Interrogatory No. 1, above.

Dated:  October 6, 2008

DOLIN, THOMAS & SOLOMON LLP

Patrick J. Solomon
J. Nelson Thomas
Annette Gifford
*Admitted Pro Hac Vice*
693 East Avenue
Rochester, New York 14607
Telephone:  (585) 272-0540

**MARGOLIS EDELSTEIN**
Charles H. Saul, Pa. I.D. No. 19938
Liberty Weyandt, Pa. I.D. No. 87654
Kyle T. McGee, Pa. I.D. No. 205661
525 William Penn Place, Suite 3300
Pittsburgh, Pennsylvania 15219
Telephone: (412) 281-4256

*Attorneys for Plaintiffs*

**TAB 4**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

DEBORAH PRISE and HEATHER RADY
*on behalf of themselves and all*
*employees similarly situated,*

                                      *Plaintiffs,*

               - vs -

ALDERWOODS GROUP, INC.,

                                    *Defendant.*

**PLAINTIFF RAYMOND
WHITE'S RESPONSE TO
DEFENDANT'S FIRST SET OF
INTERROGATORIES**

Civil Action No. 06-1641

## INTRODUCTORY STATEMENT

Plaintiff Raymond White has responded to each and every request in a good faith effort to provide defendant with as much information as possible. In some instances, plaintiff has objected to a request on a specific ground. In each such instance, however, plaintiff has responded to the request as fully as possible.

Plaintiff's responses are made without, in any way, waiving: (1) the right to object to admissibility of the response at trial on the grounds of competency, relevancy, materiality, hearsay and other proper grounds; and (2) the right to object to any and all grounds, at any time, to any other discovery procedure involving or relating to the subject matter of these requests.

To the degree these responses vary from those provided in Plaintiffs' Initial Disclosures or prior discovery responses, these responses are incorporated into those documents.

| | supplies, work and run visitations and funerals | |
|---|---|---|
| Location Manager | Oversee everything at the funeral home | Chapel Lawn Memorial Gardens Funeral Home, Schereville, IN |

Plaintiff reserves the right to supplement this response to the extent that additional information becomes available during discovery and also refers defendant to such information produced by the parties in discovery.

**INTERROGATORY NO. 2:**

Identify each and every direct supervisor and regional manager you have had while employed by Alderwoods.

**RESPONSE:**

Plaintiff objects to this interrogatory as overly broad in scope, as it is not limited to dates relevant to this litigation. Plaintiff further objects to this interrogatory because defendant maintains its own employment records which would include the information it seeks through this request.

Subject to and without waiving the foregoing, plaintiff responds that the following individuals are or were, to the best of plaintiff's current recollection, plaintiff's direct supervisors and regional managers while plaintiff was employed by defendant:

| Name | Position at the time in question | Contact Information |
|---|---|---|
| Ron Redpath | General Manager | Redpath and Fruth Funeral Home in Warsaw, IN |
| Jim Straub | Regional General Manager | Toledo, OH |
| Zalo Wilson | General Manager (replaced Ron Redpath) | Muncie, IN (owns a couple of funeral homes in that area) |
| Shawn Phillips | Regional Vice President | Unknown |

Plaintiff reserves the right to supplement this response to the extent that additional information becomes available during discovery.

## INTERROGATORY NO. 3:

Identify each and every occasion when you worked overtime and were not compensated for it from December 8, 2003 to the present, including the work performed and whether that overtime was pre-approved.

## RESPONSE:

Plaintiff objects to this interrogatory because defendant is legally responsible for maintaining pay records which would include the information it seeks through this request. It is the employer "who has the duty under §211(c) of the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed." *Anderson v. Mt. Clemons Pottery Co.*, 328 U.S. 680, 687 (1946).

Further, employers such as defendant who are subject to the Fair Labor Standards Act "shall make, keep and preserve such records of the persons employed by him and of the wages, hours and other conditions and practices of employment." 29 U.S.C.A §211(c); 29 CFR §516.5, 29 CFR §516.6 (Employers shall preserve payroll records, wage rates, piece rates used in computing straight-time or overtime computations, etc.).

Plaintiff objects that the current discovery is limited in scope to issues related to certification and therefore this interrogatory, to the extent it seeks discovery regarding damages issues which are outside the scope of the certification inquiry, is not relevant to the current phase of discovery. Plaintiff further objects to this interrogatory on the basis that it is overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, plaintiff responds that he performed overtime work for which he was not compensated during the period between December 8, 2003 to the present.

Plaintiff reserves the right to supplement this response to the extent that additional relevant information becomes available during discovery such that a further response would be appropriate.

## INTERROGATORY NO. 4:

Identify each and every person who is a witness to your claims of unpaid overtime in this case, and describe the extent of their knowledge of your claims, including but not limited to, their knowledge of specific instances of unpaid overtime described in your response to Interrogatory number 3, above.

## RESPONSE:

Plaintiff objects to this interrogatory on the basis that it is overly broad and unduly burdensome in that it purports to request the identity of a potentially enormous pool of individuals, including those whose identities or knowledge may not be known to plaintiff at this time. Plaintiff further objects to this interrogatory to the extent that it calls for plaintiff to speculate as to the knowledge of other persons.

Without waiving and subject to the foregoing objections, plaintiff states that the individuals known to plaintiff at this time to have knowledge or information that is or may be relevant include the following:

There are three primary areas that plaintiff expects would be relevant to plaintiff's claims of unpaid overtime: 1) the pay policies and practices of defendant; 2) plaintiff's job duties; and 3) the number of hours worked by plaintiff.

| | employee at the time in question | plaintiffs' counsel only since Mr. Sachs in an opt-in plaintiff in the instant lawsuit | notice of the lawsuit |
|---|---|---|---|
| Robert Kolumba | Not an Alderwoods employee at the time in question | Burdan Funeral Home in Cedar Lake, IN 219-374-5518 | That they received notice of the lawsuit |

Plaintiff reserves the right to supplement this response at a later date.

## INTERROGATORY NO. 6:

Identify the precise total amount of damages you are seeking as of the date of these Interrogatories, and all calculations underlying each and every element of damage you are seeking.

## RESPONSE:

Plaintiff objects that the current discovery is limited in scope to issues related to certification and therefore this interrogatory, because it seeks discovery regarding damages issues which are outside the scope of the certification inquiry, is not relevant to the current phase of discovery. Without waiving and subject to the foregoing objection, the damages plaintiff is seeking are set forth more fully in the complaint, and plaintiff notes that liquidated damages and interest, as well as attorneys' fees and costs, would be set by the Court.

## INTERROGATORY NO. 7:

Identify by name each and every current and former Alderwoods employee whom you believe has been subjected to the alleged wrongful conduct outlined in the Complaint, and for each such employee provide their current and/or last known business and home address and telephone numbers, the dates and location of their employment with Alderwoods, and your reason for identifying each such individual in response to this Interrogatory.

**RESPONSE:**

Plaintiff objects to this interrogatory on the basis that it is unduly burdensome. Plaintiff further objects to the term "believe" as vague.

Plaintiff further objects to this interrogatory as overly broad in scope, as it is not limited to dates relevant to this litigation. Plaintiff objects to defendant's request for its own current and former employees' addresses, telephone numbers, and dates and locations of employment, as that information is available in defendant's employment records.

Subject to and without waiving the foregoing, plaintiff believes all employees were subject to the alleged wrongful conduct, including those at plaintiffs' facilities.

Plaintiff reserves the right to supplement this response at a later date.

**INTERROGATORY NO. 8:**

State whether you ever have been or currently are a plaintiff or defendant in a lawsuit (or arbitration), either criminal or civil, and, if so, state the style of each such case/matter, the date on which it was filed, the court where, and/or the arbitrator(s) with whom, it was filed, and the nature and outcome of each such case/matter.

**RESPONSE:**

Plaintiff objects to this interrogatory because it does not seek relevant information or information likely to lead to the discovery of admissible evidence with respect to the current phase of discovery, which is limited only to those matters related to the certification of this matter as a collective action. Whether plaintiff has any other lawsuits, claims, grievances, charges, or administrative actions by or against plaintiff is not relevant to either certification issues, or to any issue raised in this lawsuit.

**INTERROGATORY NO. 9:**

State whether you have ever filed for bankruptcy, either personal or commercial, and, if so, state the style of each such case/matter, the date on which it was filed, the court where it was filed, and the outcome.

H:\Alderwood Group\Discovery - Certification Issues\Responses to Defendant's Discovery Requests\Final Draft Individual Responses - Interrogatories\White, Raymond Interrogatory Responses.docx

Dated:   October 6, 2008

DOLIN, THOMAS & SOLOMON LLP

Patrick J. Solomon
J. Nelson Thomas
Annette Gifford
*Admitted Pro Hac Vice*
693 East Avenue
Rochester, New York 14607
Telephone:  (585) 272-0540

MARGOLIS EDELSTEIN

Charles H. Saul, Pa. I.D. No. 19938
Liberty Weyandt, Pa. I.D. No. 87654
Kyle T. McGee, Pa. I.D. No. 205661
525 William Penn Place, Suite 3300
Pittsburgh, Pennsylvania 15219
Telephone: (412) 281-4256

*Attorneys for Plaintiffs*

**TAB 5**

Dolin, Thomas & Solomon LLP
THE EMPLOYMENT ATTORNEYS

November 21, 2008

**VIA U.S. MAIL & ELECTRONIC MAIL**

Matthew W. Lampe, Esq.
Jones Day
222 East 41ˢᵗ Street
New York, NY 10017-6702

     Re:    **Prise v. Alderwoods Group, Inc.**
             **Civil Action No. 06-CV-1641**

Dear Matt:

Plaintiffs hereby supplement their responses to Interrogatory No. 3 of defendant's first set of interrogatories to individual plaintiffs.

Plaintiffs have responded to this request in a good faith effort to provide defendant with as much information as possible, in accordance with the Court's ruling regarding this Interrogatory. Plaintiffs' responses are made without in any way waiving: (1) the right to produce additional information in response to this Interrogatory at the merits and/or damages phase of this action and (2) the objections plaintiffs previously raised in response to this Interrogatory that were not the basis of the Court's prior ruling. To the degree these responses vary from those provided in any of plaintiffs' prior discovery responses, these responses are incorporated into those documents. Plaintiffs' responses are based on plaintiffs' current recollection, and plaintiffs reserve the right to further supplement or amend their responses to the extent additional information becomes available during discovery.

**Heather Rady**

Plaintiff Heather Rady supplements her previous response to Interrogatory No. 3 as follows.

Although plaintiff does not currently recall the exact day and time she performed overtime work for which she was not compensated, plaintiff provides the following description of the type of uncompensated overtime work performed, the time frames relevant to that work and the reason plaintiff performed such overtime work.

Through company policies and practices, which were communicated verbally and in writing, Alderwoods encouraged employees, including funeral directors, to perform work in the community.

Matthew Lampe, Esq.
November 21, 2008
Page 6 of 20

Plaintiff does not have access to documents other than those produced in this litigation reflecting those policies.

In terms of verbal communications, plaintiff cannot recall each and every communication concerning requests that she obtain an insurance agent license, but at this time, in addition to general requests that such a license be obtained, plaintiff recalls MGM Pat McDermott informed plaintiff and other employees at a staff meeting that employees were required to obtain an insurance agent license in order to sell pre-needs policies. Plaintiff's best current recollection is that she spent approximately 45 hours total studying for the insurance license test and 24 hours every 2 years during the period from 2002 - May 2005 when she was an hourly employee taking continuing education in order to maintain her insurance license for which she was not compensated.

**Jack Wilkinson**

Plaintiff Jack Wilkinson supplements his previous response to Interrogatory No. 3 as follows.

Although plaintiff does not currently recall the exact day and time he performed overtime work for which he was not compensated, plaintiff provides the following description of the type of uncompensated overtime work performed, the time frames relevant to that work and the reason plaintiff performed such overtime work.

Through company policies and practices, which were communicated verbally and in writing, Alderwoods required employees, including plaintiff, to work on-call shifts.

Plaintiff does not have access to documents other than those produced in this litigation reflecting those policies.

In terms of verbal communications, plaintiff cannot recall each and every communication concerning requests that he perform on-call work other than general requests that such work be performed.

During on-call shifts, Alderwoods required plaintiff to answer phone calls. Plaintiff's manager, Herbert Bath, told plaintiff that he would not be paid for the time he spent answering phone calls while he was on-call. Plaintiff's best current recollection is that he spent approximately 10 minutes per week for the entire period of his employment with Alderwoods answering phone calls, for which he was not compensated. Plaintiff's best current recollection is that he also spent approximately 0.5 hours per week for the entire period of his employment with Alderwoods assisting families while working on-call, for which he was not compensated.

Plaintiff also currently recalls that he was not compensated for other overtime that was not approved, including work performed when his lunch was interrupted by phone calls, assisting families and assisting with removals. Plaintiff's best current recollection is that he worked approximately 1.5 hours of uncompensated overtime work per month for the entire period of his employment with Alderwoods due to performing work during his meal breaks.

Matthew Lampe, Esq.
November 21, 2008
Page 7 of 20

Finally, plaintiff's best current recollection is that there were times when he performed work on the weekends, such as answering phone calls, delivering thank you cards and responding to customer questions, totaling approximately 2 hours per month for the entire period of his employment with Alderwoods, for which he was not compensated.

## Donna Gonzales

Plaintiff Donna Gonzales supplements her previous response to Interrogatory No. 3 as follows.

Although plaintiff does not currently recall the exact day and time she performed overtime work for which she was not compensated, plaintiff provides the following description of the type of uncompensated overtime work performed, the time frames relevant to that work and the reason plaintiff performed such overtime work.

Through company policies and practices, which were communicated verbally and in writing, Alderwoods required employees, including plaintiff, to work on-call shifts.

Plaintiff does not have access to documents other than those produced in this litigation reflecting those policies.

In terms of verbal communications, plaintiff cannot recall each and every communication concerning requests that she perform on-call work other than general requests that such work be performed.

During on-call shifts, Alderwoods required plaintiff to make removals. Plaintiff's best current recollection is that such removals generally took at least 2-3 hours of time on average, and plaintiff performed on average 10-12 removals per week from approximately 3/2002 – 7/2004. Plaintiff also spent approximately 2.75 hours per week for the entire period of her employment performing work-related activities from home while working on-call for which she was not compensated. This work consisted of preparations necessary to go out to perform removals.

In addition to the on-call work, plaintiff also performed other overtime work that was not compensated because it was not approved. Plaintiff recalls that she performed work during her meal breaks for the entire period of her employment, including responding to customers asking questions or customers coming into the funeral home to pick up cremains for which she was not compensated; however, plaintiff would need to review the relevant documentation to refresh her recollection as to the amount of time she spent performing work during her meal breaks for which she was not compensated. There were also times when plaintiff had to come in early or stay late to make a removal that was not compensated because her manager did not approve the time. Plaintiff would have to review the relevant documentation to refresh her recollection in order to provide an estimate of the amount of time that was uncompensated due to coming in early or staying late for removals.

## John Schabloski

Matthew Lampe, Esq.
November 21, 2008
Page 8 of 20

Plaintiff John Schabloski supplements his previous response to Interrogatory No. 3 as follows.

Although plaintiff does not currently recall the exact day and time he performed overtime work for which he was not compensated, plaintiff provides the following description of the type of uncompensated overtime work performed, the time frames relevant to that work and the reason plaintiff performed such overtime work.

Through company policies and practices, which were communicated verbally and in writing, Alderwoods encouraged employees to perform work in the community.

Plaintiff does not have access to documents other than those produced in this litigation reflecting those policies.

In terms of verbal communications, plaintiff cannot recall each and every communication concerning requests that he perform community work, but at this time, in addition to general requests that such work be performed, plaintiff does recall that his General Manager, Amanda Kirk, informed plaintiff that it was mandatory for all employees to be involved in community organizations, and employees had to participate in community activities in order to share in the year-end bonus. Another way this policy was communicated to plaintiff was through discussions with Amanda Kirk at morning meetings. Ms. Kirk would ask plaintiff what community activities he was involved in. In order to fulfill his community work requirement, plaintiff was involved with the following community organizations: Presbyterian Church, Elk Rapids Rotary and Traverse City Chamber of Commerce. Plaintiff's best current recollection is that he spent approximately 2.5 hours per week performing work for the aforementioned community organizations for the entire period of his employment, for which he was not compensated (approximately 1.3 hours per week with Presbyterian Church; approximately 0.6 hours per week with Elk Rapids Rotary; approximately 0.6 hours per week with Traverse City Chamber of Commerce).

Through company policies and practices, which were communicated verbally and in writing, Alderwoods required employees, including plaintiff, to work on-call shifts.

Plaintiff does not have access to documents other than those produced in this litigation reflecting those policies.

In terms of verbal communications, plaintiff cannot recall each and every communication concerning requests that he perform on-call work other than general requests that such work be performed.

Plaintiff's best current recollection is that he spent approximately 5.2 hours per week for the entire period of his employment performing on-call work for which he was not compensated. The type of work plaintiff performed that was not compensated included answering phone calls (approximately 1.7 hours per week), embalming (approximately 2.1 hours per week), removals (approximately .9 hours per week) and services (approximately .5 hours per week).

Matthew Lampe, Esq.
November 21, 2008
Page 13 of 20

Plaintiff does not have access to documents other than those produced in this litigation reflecting those policies.

In terms of verbal communications, plaintiff cannot recall each and every communication concerning requests that he perform on-call work other than general requests that such work be performed.

Plaintiff was required to answer phone calls and make removals while working on-call. Plaintiff's best current recollection is that when he worked as an hourly employee from approximately 2005-2006, he answered phone calls for which he did not receive compensation. Plaintiff's best current recollection is that the amount of time he spent answering phone calls ranged from 10-20 minutes per call; however, plaintiff would have to review the relevant documentation to refresh his recollection in order to provide an estimate of the number of calls and total amount of time that was uncompensated due to answering phone calls. Plaintiff's best current recollection is that when he worked as an hourly employee from approximately 2005-2006 he spent approximately 3-4 hours per removal; however, plaintiff would have to review the relevant documentation to refresh his recollection in order to provide an estimate of the number of removals performed and total amount of time that was uncompensated due to making removals.

In addition to the community work and on-call work described above, plaintiff also performed other overtime work that was not compensated because it was not approved. Plaintiff's current recollection is that he spent approximately 1.25 hours per week for the entire period of his employment performing work such as answering phones and assisting customers during his meal breaks which was not compensated. Plaintiff was also required to complete continuing education in order to maintain his insurance license. Plaintiff's best current recollection is that he spent approximately 12 hours per year for the entire period of his employment attending continuing education classes for which he was not compensated.

## John Peters

Plaintiff John Peters supplements his previous response to Interrogatory No. 3 as follows.

Although plaintiff does not currently recall the exact day and time he performed overtime work for which he was not compensated, plaintiff provides the following description of the type of uncompensated overtime work performed, the time frames relevant to that work and the reason plaintiff performed such overtime work.

Through company policies and practices, which were communicated verbally and in writing, Alderwoods encouraged employees to perform work in the community.

Plaintiff does not have access to documents other than those produced in this litigation reflecting those policies.

In terms of verbal communications, plaintiff cannot recall each and every communication concerning requests that he perform community work, but at this time, in addition to general

Matthew Lampe, Esq.
November 21, 2008
Page 15 of 20

recall whether or not this time was compensated without reviewing relevant records to refresh his recollection.  Plaintiff also currently recalls that he spent approximately 12 hours per week for the entire period of his employment performing work after his scheduled work hours, including, but not limited to, catching up on paperwork and preparing for viewings at night, for which he was not compensated because this time was not approved.  Additionally, plaintiff's best current recollection is that he spent approximately 6 hours per year for the entire period of his employment meeting with customers regarding pre-needs policies after his normal work hours, for which he was not compensated because this time was not approved.  Finally, plaintiff also recalls attending training mandated by Alderwoods for which he was not compensated because this time was not approved.  Plaintiff's best current recollection is that he spent approximately 6 hours per year for the entire period of his employment attending continuing education training to maintain his pre-needs insurance license and approximately 4 hours per year for the entire period of his employment attending OSHA training mandated by Alderwoods for which he was not compensated.

## Michael Butler

Plaintiff Michael Butler supplements his previous response to Interrogatory No. 3 as follows.

Although plaintiff does not currently recall the exact day and time he performed overtime work for which he was not compensated, plaintiff provides the following description of the type of uncompensated overtime work performed, the time frames relevant to that work and the reason plaintiff performed such overtime work.

Through company policies and practices, which were communicated verbally and in writing, Alderwoods encouraged employees to perform work in the community.

Plaintiff does not have access to documents other than those produced in this litigation reflecting those policies.  However, plaintiff currently recalls that he may have seen a memo or some other writing from the Western Region indicating that it was a company-wide policy that employees be involved in community service work; however, plaintiff does not currently recall any other information regarding this memo.  Plaintiff also currently recalls seeing memos from the Western Region and his manager verbally telling him that involvement in some community activity was a condition of his continued employment; however, plaintiff does not currently recall any other information regarding the memos.

In terms of verbal communications, plaintiff cannot recall each and every communication concerning requests that he perform community work, but at this time, in addition to general requests that such work be performed, plaintiff does recall his manager, Trang My Ngo, telling him that it was a company-wide policy that employees be involved in community service work. Plaintiff performed community work for the Anaheim Sunrise Rotary (approximately 4 hours per month from 2002 – 7/2003) and the Church of Jesus Christ of Latter Day Saints (approximately 6 hours per month from 2002 – 7/2003), for which he was not compensated.

Matthew Lampe, Esq.
November 21, 2008
Page 17 of 20

Although plaintiff does not currently recall the exact day and time he performed overtime work for which he was not compensated, plaintiff provides the following description of the type of uncompensated overtime work performed, the time frames relevant to that work and the reason plaintiff performed such overtime work.

Through company policies and practices, which were communicated verbally and in writing, Alderwoods encouraged employees to perform work in the community.

Plaintiff does not have access to documents other than those produced in this litigation reflecting those policies.

In terms of verbal communications, plaintiff cannot recall each and every communication concerning requests that he perform community work, but at this time, in addition to general requests that such work be performed, plaintiff does recall his managers, Ron Redpath and Zalo Wilson, verbally communicated to him that he needed to be active in the community. Plaintiff's community activities consisted of promoting the funeral home with the fire department and socializing with ministers. Plaintiff's best current recollection is that he spent approximately 5 hours per week for the entire period of his employment performing community work for the fire department, where he would promote the funeral home by offering services at no costs to firefighters and police officers killed in the line of duty and discounts to families if they pre-paid or pre-planned with the funeral home. Plaintiff was not compensated for this time. Plaintiff's best current recollection is that he spent approximately 5 hours per week for the entire period of his employment socializing with ministers in order to promote the funeral home and the cemetery for which he was not compensated. Finally, plaintiff also worked at booths Alderwoods set up at fairs in order to promote the funeral home. Plaintiff's best current recollection is that he worked at a booth at a senior health fair approximately 8 hours per year for the entire period of his employment for which he was not compensated.

Through company policies and practices, which were communicated verbally and in writing, Alderwoods required employees, including plaintiff, to work on-call shifts.

Plaintiff does not have access to documents other than those produced in this litigation reflecting those policies.

In terms of verbal communications, plaintiff cannot recall each and every communication concerning requests that he perform on-call work other than general requests that such work be performed.

Plaintiff's best current recollection is that he worked approximately 4 hours per week for the entire period of his employment performing removals while on-call, for which he was not compensated.

In addition to the uncompensated community work and on-call work described above, plaintiff also performed other overtime work that was not compensated because it was not approved.

Matthew Lampe, Esq.
November 21, 2008
Page 19 of 20

"uniforms" to these events, which consisted of a jacket and pants that they had to wear; they wore gold nameplates that indicated the name of the funeral home and said Alderwoods Group. Plaintiff's best current recollection is that he spent approximately 12 hours per year for the entire period of his employment performing the aforementioned community work, for which he was not compensated.

Through company policies and practices, which were communicated verbally and in writing, Alderwoods required employees, including plaintiff, to work on-call shifts.

Plaintiff does not have access to documents other than those produced in this litigation reflecting those policies.

In terms of verbal communications, plaintiff cannot recall each and every communication concerning requests that he perform on-call work other than general requests that such work be performed.

During on-call shifts, Alderwoods required plaintiff to answer phone calls, make removals, perform embalming work and other work from home in preparation for removals. Plaintiff's best current recollection is that he spent approximately 1 hour per week for the entire period of his employment answering phone calls for which he was not compensated. Plaintiff's best current recollection is that he answered approximately 4 calls per week, each lasting approximately 30 minutes. Plaintiff does not currently recall how much time he spent performing removals and embalmings on-call which constituted uncompensated overtime without reviewing relevant records in order to refresh his recollection; however, plaintiff's best current recollection is that he spent approximately 1.5 hours per removal and approximately 2 hours per embalming. Plaintiff also spent approximately 4.2 hours per week for the entire period of his employment performing work-related activities from home while working on-call for which he was not compensated. This work consisted of preparations necessary to go out to perform removals.

In addition to the community work and on-call work described above, plaintiff also performed other overtime work that was not compensated because it was not approved.

Through company policies and practices, which were communicated verbally and in writing, Alderwoods required employees, including plaintiff, to obtain approval in order to be compensated for working overtime.

Plaintiff does not have access to documents other than those produced in this litigation reflecting those policies.

In terms of verbal communications, plaintiff cannot recall each and every communication concerning approval of overtime, although plaintiff does currently recall his manager, Warren Putnam telling him that overtime needed to be approved. Plaintiff's best current recollection is that he performed work before or after his regular shift, including embalming and staying late for visitations at night, totaling approximately 2 hours per week for the entire period of his employment, for which he was not compensated because this time was not approved. Plaintiff

Matthew Lampe, Esq.
November 21, 2008
Page 20 of 20

also currently recalls that he spent approximately 1.25 hours per week for the entire period of his employment performing work during his meal breaks, including answering phones, assisting customers and helping with bodies, for which he was not compensated because this time was not approved.  Finally, plaintiff's manager, Warren Putnam, required him to conduct safety and health training for which he was not compensated, and he was also required to complete continuing education to maintain his funeral director license.  Plaintiff's best current recollection is that he spent approximately 30 hours per year for the entire period of his employment preparing for and conducting safety and health training, for which he was not compensated and that he spent approximately 12 hours per year for his entire employment period completing his continuing education requirements to maintain his funeral director license for which he was not compensated.  Plaintiff's manager, Warren Putnam also required him to attend district meetings, totaling 36 hours per year for the entire period of his employment; however, plaintiff cannot currently recall whether he was compensated for attending the district meetings without reviewing relevant records in order to refresh his recollection.

Very truly yours,

J. Nelson Thomas/MP

J. Nelson Thomas