**TAB 11**

NETWORK DEPOSITION SERVICES
Transcript of Joe Garza

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORAH PRISE and HEATHER RADY )
on behalf of themselves and all )
employees similarly situated,   )
                                )
    Plaintiffs,                 ) Civil Action No. 06-1641
                                )
vs.                             ) Judge Joy Flowers Conti
                                )
ALDERWOODS GROUP, INC.,         )
                                )
    Defendant.                  )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORAL DEPOSITION

JOE GARZA

NOVEMBER 21, 2008

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORAL DEPOSITION OF JOE GARZA, produced as a witness at the instance of the Defendant and duly sworn, was taken in the above-styled and numbered cause on the 21st day of November, 2008, from 10:52 a.m. to 2:27 p.m., before Anne F. Sitka, Certified Shorthand Reporter in and for the State of Texas, reported by computerized stenotype machine at the offices of Jones Day, 717 Texas, Suite 3300, Houston, Texas 77002, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

NETWORK DEPOSITION SERVICES
Transcript of Joe Garza

Page 57

1    He says "No. Wait for your scheduled
2  hour." You know, you're kind of like, well, you know,
3  you turn around and ask the other coworker, "What's up
4  with that?"
5    And he says, "Stay away."
6    So, "I want to help you."
7    So, "Don't worry about it."
8    I'm not that type of person, though.
9  Q.  So, your conduct didn't change?
10 A.  No, ma'am.
11 Q.  You still continued to show up early and
12 perform work without punching in?
13 A.  That's correct.
14 Q.  And did that continue throughout your
15 employment with Alderwoods?
16 A.  No. Sometimes I would just go straight --
17 straight to the lounge, you know, and wait for my time.
18 Q.  Would that be on occasion, or was there a --
19 A.  On occasion, yes, ma'am.
20 Q.  Okay. Did you receive any other type of
21 compensation while you were at Alderwoods?
22 A.  From florists, not from Alderwoods.
23 Q.  So, from Alderwoods it was just your hourly --
24 A.  Just my work --
25 Q.  -- pay?

NETWORK DEPOSITION SERVICES
Transcript of Joe Garza

Page 58

1  A.  -- my work pay, yeah, uh-huh.
2  Q.  Okay.  So, no bonuses?
3  A.  No, ma'am.
4  Q.  No commissions?
5  A.  No, ma'am.
6  Q.  No awards?
7  A.  No, ma'am.
8  Q.  Okay.  No other forms of compensation?
9  A.  There was none.
10 Q.  Could you just clarify what you were starting
11 to say about the florists?
12 A.  If you refer a customer to a florist, that's
13 ordering flowers, they in turn give you a commission for
14 referring that customer to the florist -- to them.
15 Q.  And that's from the florist, not from
16 Alderwoods?
17 A.  Not from Alderwoods.
18 Q.  Do you have any complaint about how that was --
19 about how that compensation from the florist was
20 handled?
21 A.  Absolutely not.
22      (Exhibit 11 marked)
23 Q.  (By Ms. Morgan)  Mr. Garza, I've handed you
24 what I've marked as Exhibit 11, which is a check detail
25 listing starting with check date May 19th, 2006, up

NETWORK DEPOSITION SERVICES
Transcript of Joe Garza

Page 90

1  excluded from that calculation?
2          MS. GIFFORD:  Object to form.
3     Q    (By Ms. Morgan) Some type payment that was
4  excluded from that calculation?
5     A.   Yes, ma'am.
6     Q.   Okay.  What was that?
7     A.   My overtime.
8     Q.   Your overtime hours?
9     A.   Hours.
10    Q.   Your --
11    A.   Yes, my overtime hours.
12    Q.   Okay.  But any other form of compensation?
13    A.   The time and a half for the days that I did
14 work.
15    Q.   So, your claim is that you were not paid time
16 and a half for your overtime hours?
17    A.   Also.
18    Q.   Okay.
19    A.   Yes, ma'am.
20    Q.   All right.  And forgive me for going over this
21 again:  You didn't receive bonuses when you were
22 employed at Alderwoods?
23    A.   That's correct.
24    Q.   And no commissions?
25          MS. GIFFORD:  Object to form.

NETWORK DEPOSITION SERVICES
Transcript of Joe Garza

Page 91

1  A.  Not from Alderwoods.
2  Q.  (By Ms. Morgan)  Just the florist situation
3  that we talked about?
4  A.  Yeah, that one.
5  Q.  Okay.  And we've talked about the training that
6  you received at Alderwoods, correct, the driver's
7  training?
8  A.  Yes, ma'am.
9  Q.  Okay.  And we talked about on-the-job training
10 that you received when you first --
11 A.  Yes, ma'am.
12 Q.  -- started working at Alderwoods?  Is there any
13 other training you received at Alderwoods?
14 A.  No, ma'am.
15 Q.  Did you ever receive any training related to
16 any license that you obtained?
17 A.  No, ma'am.
18 Q.  And you don't hold any licenses related to your
19 employment at Alderwoods, correct?
20 A.  I do not, no, ma'am.
21 Q.  Is there anything else that you're claiming you
22 were not compensated for that we haven't talked about?
23 A.  No, ma'am, there is not.
24     (Exhibit 13 marked)
25 Q   (By Ms. Morgan) I've handed you what's been

NETWORK DEPOSITION SERVICES
Transcript of Joe Garza

Page 116

1   other than Kevin Byron that communicated that
2   expectation to you?
3       A.   No, ma'am.
4       Q.   And what was your response to Mr. Byron?
5       A.   Well, just -- I mean, everybody else was doing
6   it.  I felt like, you know, that's the way it's supposed
7   to be.  I didn't agree with it, but what are you to do?
8       Q.   So, are you saying that you -- you brought and
9   ate your means at the location?
10      A.   Yes, ma'am.
11      Q.   Did you clock out to eat your meal and clock
12  back in when you were done?
13      A.   No, ma'am.
14      Q.   So, are you saying you ate your meals on the
15  clock?
16      A.   That's correct.  If you had time.
17      Q.   When you say "if you had time," you mean if you
18  actually got to eat --
19      A.   Yes.
20      Q.   -- is that what you're meaning?
21      A.   Yes.  It was a job, you know -- the workload
22  permitted.
23      Q.   And so, you were actually on the clock during
24  the time that you were eating your meal?
25      A.   If we got to eat, yeah.  If I got to eat, yes.

NETWORK DEPOSITION SERVICES
Transcript of Joe Garza

Page 117

1    Q.   So, your -- the time that you spent eating was
2    recorded as work time, correct?
3    A.   Yes, ma'am.
4    Q.   And were you compensated for that time?
5    A.   I would stay on the clock.
6    Q.   So, you were staying on the clock.  So, you
7    were compensated for the time that you spent eating?
8    A.   Yes, ma'am.
9    Q.   Do you know whether this expectation about
10   meals applied to any other employee at Alderwoods?
11   A.   Just at the center, at the embalming center.
12   It was the other dispatchers.
13   Q.   So, it's your belief that it applied to the
14   other dispatchers at your location?
15   A.   Yes, in the evenings.
16   Q.   And what do you base that --
17        MR. SAUL:  I'm -- I don't think -- I'll
18   cut it short.
19        MS. MORGAN:  Okay.
20        MR. SAUL:  There is no actual meal break
21   violation that we're alleging in this case for him.  He
22   may have been upset that he had to work through his
23   lunch break, but there's no claim in this proceeding for
24   a meal break.
25        MS. MORGAN:  All right.  We can move on,

NETWORK DEPOSITION SERVICES
Transcript of Joe Garza

Page 124

```
 1        IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA
 2
    DEBORAH PRISE and HEATHER RADY    )
 3  on behalf of themselves and all   )
    employees similarly situated,     )
 4                                    )
         Plaintiffs,                  ) Civil Action No. 06-1641
 5                                    )
    vs.                               ) Judge Joy Flowers Conti
 6                                    )
    ALDERWOODS GROUP, INC.,           )
 7                                    )
         Defendant.                   )
 8
 9
10
11
12            REPORTER'S CERTIFICATE
13         ORAL DEPOSITION OF JOE GARZA
14               NOVEMBER 21, 2008
15
16    I, the undersigned Certified Shorthand Reporter in
17  and for the State of Texas, certify that the facts
18  stated in the foregoing pages are true and correct.
19    I further certify that I am neither attorney or
20  counsel for, related to, nor employed by any parties to
21  the action in which this testimony is taken and,
22  further, that I am not a relative or employee of any
23  counsel employed by the parties hereto or financially
24  interested in the action.
25    SUBSCRIBED AND SWORN TO under my hand and seal of
```

NETWORK DEPOSITION SERVICES
Transcript of Joe Garza

Page 118

1  then.
2              THE WITNESS:  Great.  I'm getting hungry.
3              MR. SAUL:  Speaking of meals.
4              MS. MORGAN:  Speaking of meal breaks,
5  right?
6              I pass the witness.
7                    EXAMINATION
8    BY MR. SAUL
9      Q.   Mr. Garza, I have a few questions to follow up
10 for you.
11             First, on Exhibit 13, the information
12 sheet, you've checked off the last box, Letter I.  It
13 says, "I believe I received compensation in addition to
14 my hourly rate such as bonuses, commissions and other
15 forms of additional pay that otherwise did not include
16 or calculated overtime due to me during the period
17 December 8, 2003, to the present."  Why did you check
18 that box off?
19     A.   Because of the commissions I was receiving for
20 the flower -- floral -- flower arrangements that we
21 would --
22     Q.   Okay.  And that wasn't from Alderwoods, though,
23 correct?
24     A.   No, it was not.  I just didn't want to leave
25 anything out.  It said commissions, and that was a

NETWORK DEPOSITION SERVICES
Transcript of Joe Garza

Page 119

1    commission.
2        Q.   Okay.  So you believed you were checking that
3    off truthfully?
4        A.   Yes, sir.
5        Q.   Okay.  But you're not making a claim for any --
6        A.   I am not.
7        Q.   -- extra?
8        A.   No.  I did not receive --
9        Q.   Right.  Bonuses.
10       A.   -- bonuses.
11                None whatsoever.
12       Q.   You were asked about individuals who you spoke
13   to in preparation for the depositions.  Are there any
14   other people that you spoke to about -- in preparation
15   for the depositions?
16       A.   Just the attorneys at which, you know, in
17   turn -- where, you know, sending the form for my claim
18   and --
19                THE REPORTER:  For my what?  I'm sorry.
20   Speak up a --
21                THE WITNESS:  I'm sorry.
22       A.   It's --
23       Q.   (By Mr. Saul)  So, you spoke to your attorneys?
24       A.   Yes, I did.
25       Q.   Okay.  Now, could you tell us as far as the

Johnstown              Toll-Free              Pittsburgh
814-266-2042          866-565-1929          412-281-7908

90e22f40-8ec8-4061-87d0-09ca217603d0

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA
 2
     DEBORAH PRISE and HEATHER RADY  )
 3   on behalf of themselves and all )
     employees similarly situated,   )
 4                                   )
          Plaintiffs,                ) Civil Action No. 06-1641
 5                                   )
     vs.                             ) Judge Joy Flowers Conti
 6                                   )
     ALDERWOODS GROUP, INC.,         )
 7                                   )
          Defendant.                 )
 8

 9

10

11

12                    REPORTER'S CERTIFICATE

13                ORAL DEPOSITION OF JOE GARZA

14                     NOVEMBER 21, 2008

15

16        I, the undersigned Certified Shorthand Reporter in

17   and for the State of Texas, certify that the facts

18   stated in the foregoing pages are true and correct.

19        I further certify that I am neither attorney or

20   counsel for, related to, nor employed by any parties to

21   the action in which this testimony is taken and,

22   further, that I am not a relative or employee of any

23   counsel employed by the parties hereto or financially

24   interested in the action.

25        SUBSCRIBED AND SWORN TO under my hand and seal of
```

1  office on this the __5__ day of _December_,
2  _2008_.
3
4
5  _____
   [signature: Anne F. Sitka]
6  Anne F. Sitka, CSR
   Texas CSR 7079
7  Expiration: 12/31/2008
   FAST PACE REPORTING
8  Firm No. 389
   2425 West Loop South, Suite 200
9  Houston, Texas 77027
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

*AUTHENTIC COPY — The original certified E-Transcript file was electronically signed using RealLegal technology.*