# Exhibit V

PII-1206369v1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HELM, et al.<br>On behalf of themselves and all employees similarly situated,<br><br>        Plaintiffs,<br>  vs.<br><br>ALDERWOODS GROUP, INC., et al.<br><br>        Defendants. | **CASE NO. 3:08-CV-01184 SI**<br><br>**DECLARATION OF WAYNE TAGO** |

## DECLARATION OF WAYNE TAGO

I, WAYNE TAGO, pursuant to 28 U.S.C. § 1746, depose and state as follows:

1. I am over 21 years of age, have personal knowledge of the facts set forth in this declaration, and could testify to them competently if called to do so.

2. From approximately 2002 through 2005, I was employed by Alderwoods Group, Inc. as a Market Manager in northern North Carolina. In that position, I was responsible for approximately 17-20 funeral homes in that region.

3. While I was Market Manager, I developed a program called "I Believe in Service" ("IBIS"). I got the idea for IBIS from similar programs that I was familiar with from other companies. No one directed me to create the program; I conceived and developed the program and its parameters completely on my own.

4. I designed the IBIS program for use by the 17-20 locations under my supervision in northern North Carolina. It was a rewards program that allowed employees to earn points for service to customers that went above and beyond normal job requirements. Employees typically would earn IBIS points upon recommendation of a manager or co-worker for helping other employees provide better service or assisting families with special requests. Work in the community could earn IBIS points but IBIS was not designed for that purpose; rather it was designed as a way to motivate and incent employees to provide better service to our customers.

5. Employees could accumulate IBIS points and trade them in for rewards. The rewards included certificates for dinner for two, movie tickets, weekend getaways, or having me wash their car. I personally approved all rewards.

6. IBIS rewards were not meant as a substitute for monetary compensation for time worked; in fact, IBIS had nothing to do with compensation whatsoever. IBIS was not designed to encourage work outside the regular work day. Employees were still expected to record all their time worked and were compensated for it. IBIS was simply a way to provide an additional reward to deserving employees.

7.      Any work performed in service of Alderwoods or its customers, whether or not it earned IBIS points, was always required to be on the clock.

8.      Sometime after I initiated IBIS in my territory, Ron Collins, the Vice President of Operations for the Northeast United States and Canada became aware of it. Ron Collins used the program at some of the locations in his territory, but I am not aware that anyone else at Alderwoods ever used it. It was not a company-wide program to my knowledge.

I hereby declare under penalty of perjury, that the foregoing is true and correct.

Executed on: November *10*, 2009

Wayne Tago