**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

July 9, 2010

Honorable Susan Illston
United States District Judge
Courtroom 10, 19th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

    Re:    Helm, et al. v. Alderwoods Group, Inc., 08-CV-1184 SI

Dear Judge Illston:

    Plaintiffs request a discovery order directing defendant to produce documents and information responsive to plaintiffs' discovery requests seeking (1) audit information and (2) corporate level documents.

    As the Court is aware, plaintiffs' deadline to file their renewed motion for class certification is July 27, 2010. Plaintiffs raised these issues with defendant via letter and also requested a telephonic conferral with defense counsel to discuss these issues. However, as of the time of this filing, plaintiffs have not received a response from defendant.[1] Given the impending deadline for the filing of the class certification motion, plaintiffs are left with no choice but to raise these issues with the Court now.

    Plaintiffs served Interrogatories and Requests for Production of Documents on defendant on May 3, 2010 (copies are attached as Exhibit A). Defendant served responses to plaintiffs' requests on June 4, 2010 (copies are attached as Exhibit B).

**Requests for Audit Information**

    Defendant objected to plaintiffs' requests for internal company-wide audit materials (Interrogatory No. 18; Document Request No. 36) on the grounds of attorney-client privilege and attorney work product and referred plaintiffs to Defendant's First Supplemental Privilege Log produced in *Prise et al. v. Alderwoods Group, Inc.* on August 14, 2009 ("Privilege Log") (copy attached as Exhibit C). This response is deficient for several reasons.

    *Privilege Log Deficiencies*

    First, defendant has not produced a privilege log in *this* matter. Rather, defendant relies solely on the Privilege Log produced in *Prise*. Since the Privilege Log upon which defendant relies was produced in response to different discovery requests in a separate lawsuit, it is unclear

---

[1]    Defendant indicated via email dated July 9, 2010 it will provide a response to plaintiffs' deficiency letter next week.

Honorable Susan Illston
July 9, 2010
Page 2

which entries on the Privilege Log are responsive to the requests at issue in this case and whether all such responsive documents are included on the Privilege Log. To the extent the Privilege Log does not identify all documents responsive to plaintiffs' requests for internal company-wide audit materials, the Privilege Log is deficient. Moreover, it is improper for defendant to make a blanket assertion of privilege for any documents not listed on a privilege log.

Second, assuming, *arguendo*, defendant may properly rely on the Privilege Log produced in *Prise*, the Privilege Log itself is deficient because it lacks sufficient information necessary for plaintiffs to evaluate the applicability of the privilege and thus, fails to comply with the requirements of FRCP 26(b)(5). No authors or recipients are identified for numerous documents, including, for example, the following, which appear to be responsive to plaintiffs' requests for audit information: Entry Nos. 2, 8-10, 19a-23, 25-27, 30-64, 92-99, 105-107, 108a-109, 114-119, 122-134 (Exhibit C). The identification of authors and recipients is key information necessary to evaluate defendant's claim of privilege. *See, In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (citing *Dole v. Milonas*, 889 F.2d 885, 888 n. 3 (9th Cir.1989)).

This lack of information is particularly problematic where the client asserting the privilege is a corporation, as in the instant case. Absent sufficient information regarding the authors and recipients, plaintiffs are unable to evaluate whether the individuals identified are within the sphere of corporate privilege. Courts closely scrutinize privilege claims where the party claiming privilege is unable to identify the author or recipients. *See, e.g., Smithkline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 476 (E.D.Pa. 2005). The reason for this close scrutiny is that the "scope of an individual's employment is ... highly relevant to the question of maintenance of confidentiality." *Id.* (internal quotation and citations omitted). Further, "privilege is waived if the communications are disclosed to employees who did not need access to them." *Id.* (internal quotation and citations omitted). Plaintiffs are similarly unable to evaluate whether communications were disclosed to third parties, thus constituting waiver of privilege, absent sufficient identification of recipients.

In addition, the Privilege Log fails to separately log all emails that are part of an email chain (*see, e.g.*, Exhibit C, Entry Nos. 14-18). The Northern District of California has held it is improper to aggregate authors and recipients for all emails in a string and claim privilege for the aggregated emails. *Baxter Healthcare Corp. v. Fresenius Medical Holding, Inc.*, No. C 07-1359 PJH (JL), 2008 WL 457190, *1 (N.D.Cal. Oct. 10, 2008) (granting plaintiffs' request to separately identify each email in string in privilege log). Hence, defendant must separately log and indicate for each communication in an email chain why the communication is privileged.

Accordingly, defendant's Privilege Log is deficient as set forth above, thus constituting a waiver of privilege, and defendant should be compelled to produce the documents for which it has failed to provide an adequate privilege log.

Honorable Susan Illston
July 9, 2010
Page 3

### *The Audit Documents Should be Produced*

Notwithstanding the deficiencies in the Privilege Log, documents pertaining to internal investigations and audits are not presumptively privileged, as defendant contends. As to defendant's assertion of the work product privilege, audits or investigations conducted to ensure compliance with the law, rather than in anticipation of litigation, do not constitute attorney work product. *See, Lewis v. Wells Fargo & Co.*, 266 F.R.D. 433, 439-41 (N.D. Cal. 2010); *E.E.O.C. v. Safeway Store, Inc.*, No. C-00-3155 THE(EMC), 2002 WL 31947153, at *5 (N.D. Cal. Sept. 16, 2002) (investigations "in the normal course of business ... are rarely considered attorney work product."). For example, documents recently produced in the *Prise* matter, Bates labeled ALD016697-16698 (attached hereto as Exhibit D), suggest that a company-wide audit or investigation was conducted prior to January 2006 before the implementation of a new policy regarding "Hours of Work and Overtime." These documents indicate that the new policy was required to address wage and hour legislation and the January 2006 date on these documents pre-dates the commencement of the instant litigation, filed in December 2006, by almost a year. Hence, the attorney work product protection is not applicable to any internal audits or investigations conducted to ensure compliance with the law or for some other purpose not in anticipation of any specific litigation.

As to defendant's assertion of attorney-client privilege, defendant must show that specific documents for which it asserts this privilege involve communications between Alderwoods and its counsel for the purpose of obtaining legal advice. Many documents listed on the Privilege Log do not appear to meet this test. For example, the charts and spreadsheets listed on the Privilege Log at Entry Nos. 114-119 and 122-134 are not communications between an attorney and client and there is no information regarding any intended confidentiality (*see* Exhibit C). Rather, these documents appear to be non-privileged business documents. Finally, as to any responsive documents not listed on the Privilege Log, a blanket assertion of privilege is improper. *See, e.g., Potter v. U.S.*, No. 02-CV-0632-H (POR), 2002 WL 31409613, at *8 (S.D. Cal. July 26, 2002); *S.E.C. v. Microtune, Inc.*, 258 F.R.D. 310, 316 (N.D. Tex. 2009) (protecting party "seems to assume that all documents relating to the investigation . . . are protected from discovery . . . [s]uch a categorical approach to the attorney-client privilege is improper").

At the very least, defendant's blanket assertion of privilege is improper, and the Court should conduct an *in camera* review of the documents for privilege. *See, Lewis*, 266 F.R.D. at 443-46 (reviewing sampling of internal FLSA investigation documents *in camera* in order to determine if the documents were privileged).

Accordingly, in response to plaintiffs' requests for information and documents regarding company-wide internal audits and investigations contained in Interrogatory No. 18 and Document Request No. 36, plaintiffs request that the Court order defendant produce all non-privileged documents as set forth herein, or alternatively, conduct an *in camera* review of the documents for privilege.

### Production of Corporate Level Documents

Defendant has objected to numerous of plaintiffs' requests for production of documents on the grounds that the request is unduly burdensome because it would require defendant to search hundreds of locations nationwide. However, it is unclear from defendant's response whether defendant has even searched for responsive documents from the corporate level. Specifically, as to Request for Documents Nos. 12, 13 and 20, it appears from defendant's response as though no search was conducted for responsive documents at the corporate level, and no such responsive documents were produced.

In response to Request for Documents No. 20, defendant cites only to documents previously produced in *Prise* from particular locations. Hence, it is unclear whether defendant searched for any responsive documents from the corporate level. Plaintiffs request that the Court order defendant to produce documents responsive to this request from the corporate level or indicate that no responsive documents were located at the corporate level.

Similarly, in response to Request for Documents Nos. 12 and 13, defendant objects to the production of documents beyond those previously produced in *Prise* as overly broad and unduly burdensome to the extent a response would require defendant to search the individual locations. Again, it is unclear whether defendant searched for responsive documents from the corporate level, since plaintiffs did not propound these specific requests in the *Prise* matter. Plaintiffs request that the Court order defendant to produce documents responsive to these requests from the corporate level or indicate that no additional responsive documents were located at the corporate level.

### Conclusion

Plaintiffs respectfully request that the Court issue an order directing defendants to respond to plaintiffs' discovery requests as requested herein, allowing plaintiffs sufficient time to review any documents produced prior to filing their renewed motion for class certification, currently due on July 27, 2010.

Respectfully Submitted,
THOMAS & SOLOMON LLP

Sarah Cressman /AAP

Sarah Cressman