**MEAL BREAKS**

# TABLE OF CONTENTS

Page

**ALDERWOODS COMPANY POLICY** ................................................................................................. 1-2

    Summary of applicable company policy.

**NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS TO THE COURT REGARDING MEAL BREAKS** ........................................................ 3-4

    Sworn deposition testimony of non-exempt Alderwoods' employees directly contradicting Plaintiffs' representations to the Court regarding allegedly common experiences involving meal breaks.

**MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS TO THE COURT REGARDING MEAL BREAKS** ..........................................................5

    Sworn deposition testimony of Alderwoods' managers directly contradicting Plaintiffs' representations to the Court regarding allegedly common experiences involving meal breaks.

**NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS TO THE COURT REGARDING MEAL BREAKS** ............................................................. 6-8

    Statements made under penalty of perjury by non-exempt Alderwoods' employees directly contradicting Plaintiffs' representations to the Court regarding allegedly common experiences involving meal breaks.

**MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS TO THE COURT REGARDING MEAL BREAKS** ............................................................. 9-12

    Statements made under penalty of perjury by Alderwoods' managers directly contradicting Plaintiffs' representations to the Court regarding allegedly common experiences involving meal breaks.

**MEAL BREAKS**

| ALDERWOODS COMPANY POLICY ||
|---|---|
| **Policy** | **Cite to Written Company Policy**\* |
| "All non-exempt employees are required to record all hours worked each day." | Hours of Work and Overtime, III.E Recording of Hours – ALD000005; *see also* Funeral Home Procedures, G.12.6 Recording Time Worked – ALD000001; Cemetery Procedures, E.10.6 Recording Time Worked – ALD013648 |
| "Employees must review their time card/sheet, correct any errors, and sign it before submitting it to their manager for approval."<br><br>"Employees must check and sign their time card or timesheet at the end of each week to assure that their time cards are correct. Any discrepancies must be reported to the Location Manager/General Manager as soon as practical." | *Id.*<br><br><br>Procedures for Timekeeping (Recording Hours Worked), Procedure—Time Cards/Timesheets, 10. – ALD000010 |
| "Managers are also responsible for . . . ensuring that no 'off the clock' work is allowed; that is, that all work performed by employees is properly documented on time cards/time sheets." | Hours of Work and Overtime, IV.B.6 Manager Responsibilities – ALD000007 |
| "Location Managers/General Managers must verify and sign their respective employees' time cards/timesheet." | Procedures for Timekeeping (Recording Hours Worked), Procedure—Time Cards/Timesheets, 12. – ALD000011 *see also* Funeral Home Procedures, G.12.6 Recording Time Worked – ALD000001; Cemetery Procedures, E.10.6 Recording Time Worked – ALD013648 |
| "All non-exempt employees will be compensated for all hours worked." | Hours of Work and Overtime, Policy – ALD000004 |
| "Non-exempt employees are to be compensated for all overtime hours worked." | Procedures for Timekeeping (Recording Hours Worked), Purpose – ALD000009 |
| "Non-exempt employees will receive overtime pay of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in any work week . . . ." | Hours of Work and Overtime, III.F Overtime – ALD000006 |
| "During the meal period, an employee is not to perform work for the Company." | Hours of Work and Overtime, III.F Overtime – ALD000005 |

---

\* All Policies cited in this section are attached as Exhibits 1, 3 and 4 to the Rhonda Suurd Declaration, who is Alderwoods' former Human Resources Manager. Rhonda Suurd's Declaration was attached to the Brent Knight Declaration to Alderwoods' Opp. to Pltfs' Motion for Class Cert. ("First Opp.") [Dkt. No. 218] as Exhibit S.

**MEAL BREAKS**

| ALDERWOODS COMPANY POLICY ||
| --- | --- |
| **Policy** | **Cite to Written Company Policy**\* |
| "Employees who do not take a meal break must have their manager's pre-approval, and must handwrite 'no meal break taken' and have the Location Manager/General Manager approve and initial the notation." | Procedures for Timekeeping (Recording Hours Worked), Procedure—Time Cards/Timesheets, 4. – ALD000010 |

**MEAL BREAKS**

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS[i] ||
|---|---|
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Butler, Michael (Arranger)[ii] | Signed weekly timesheets acknowledging that "I declare under penalty of perjury that all of the information that I have provided on this timecard is true and complete, and I did not work any unauthorized overtime and I have taken all of my rest period and meal period breaks." Butler Dep. Tr. at 147:14-23[iii]. |
| Escobar, Stephen (Arranger) | Occasionally submitted time to be paid for working through his lunch period. Escobar Dep. Tr. at 145:1-4.<br><br>If he did not get a lunch break, he indicated on his time card "no lunch." *Id.* at 115:4-17. |
| Gonzales, Donna (Assistant Funeral Director) | For a portion of her employment with Alderwoods (January to August 2003), Gonzales claims that she was not compensated for time spent working through meal breaks. Gonzales Dep. Tr. at 170:16-171:1.<br><br>If she did not take a meal break at all, she hand-wrote/reported "no lunch" on her time card. *Id.* at 172:21-173:5.<br><br>Not aware of any other employees who worked through or were interrupted during a meal break but were not compensated for the time they were working. *Id.* at 177:3-6.<br><br>Not aware of any Alderwoods' policy that employees could not report all hours they worked during or through a meal break. *Id.* at 177:11-14.<br><br>Not aware of any Alderwoods' policy whereby employees would not be compensated for the time they spent working if they worked through or were interrupted from a meal break. *Id.* at 177:15-19. |

---

[**]Plaintiffs represented to the Court that "Alderwoods ha[d] policies and practices that ha[d] the effect of depriving employees of uninterrupted 30 minute lunch breaks and proper compensation for such uninterrupted lunch breaks in violation of California law." Mem. of Law in Support of Pltfs' Ren. Mot. for Class Certif. Pursuant to Fed. R. Civ. P. 23, at p. 8. Plaintiffs also represented that Alderwoods was aware that non-exempt employees were working through their lunch break. *Id.* at p. 9. Further, Plaintiffs represented that Alderwoods' policies and practices resulted in violations of California law because employers did not provide employees with at least a 30 minute meal period after 5 hours worked in a day. *Id.* at p. 10.

**MEAL BREAKS**

| NON-EXEMPT DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS[i] ||
|---|---|
| **Non-Exempt Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Johnson, Louise (Funeral Director, Embalmer) | On occasion, she would write down that she worked through lunch and on the occasions where she indicated she worked through lunch, she was paid for the time worked. If her pay rate was incorrect, employer would correct it after that. Johnson Dep. Tr. at 149:2-9.<br><br>Thinks she has been paid for working through lunch and that the problem with calculating the payment has been corrected. *Id.* at 149:10-150:6. |

---

[**]Plaintiffs represented to the Court that "Alderwoods ha[d] policies and practices that ha[d] the effect of depriving employees of uninterrupted 30 minute lunch breaks and proper compensation for such uninterrupted lunch breaks in violation of California law." Mem. of Law in Support of Pltfs' Ren. Mot. for Class Certif. Pursuant to Fed. R. Civ. P. 23, at p. 8. Plaintiffs also represented that Alderwoods was aware that non-exempt employees were working through their lunch break. *Id.* at p. 9. Further, Plaintiffs represented that Alderwoods' policies and practices resulted in violations of California law because employers did not provide employees with at least a 30 minute meal period after 5 hours worked in a day. *Id.* at p. 10.

**MEAL BREAKS**

| MANAGER DEPOSITION TESTIMONY DIRECTLY CONTRADICTING PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS ||
|---|---|
| **Management Deponent** | **Sworn Deposition Testimony Contradicting Plaintiffs' Representations to the Court Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Kamienski, Richard (General Manager) | Non-exempt employees he managed were required to take 30 minute minimum meal break after four hours of work, and to his knowledge, that is what the employees that he managed did. Kamienski Dep. Tr. at 123:8-17.<br><br>At each location Kamienski supervised, there was a designated employee who was responsible for making sure that employees received their meal breaks. *Id.* at 169:17-20.<br><br>Not aware of any company policy requiring employees to work through their meal break or requiring employees to interrupt their meal period in order to perform work. *Id.* at 174:18-175:3.<br><br>Not aware of any company policy stating that employees are not to report any missed meal periods or interrupted meal periods on their time cards. *Id.* at 175:4-13.<br><br>Not aware of any instance when an employee worked through his or her lunch break. *Id.* at 231:21-232:1. |

---

[**]Plaintiffs represented to the Court that "Alderwoods ha[d] policies and practices that ha[d] the effect of depriving employees of uninterrupted 30 minute lunch breaks and proper compensation for such uninterrupted lunch breaks in violation of California law." Mem. of Law in Support of Pltfs' Ren. Mot. for Class Certif. Pursuant to Fed. R. Civ. P. 23, at p. 8. Plaintiffs also represented that Alderwoods was aware that non-exempt employees were working through their lunch break. *Id.* at p. 9. Further, Plaintiffs represented that Alderwoods' policies and practices resulted in violations of California law because employers did not provide employees with at least a 30 minute meal period after 5 hours worked in a day. *Id.* at p. 10.

**MEAL BREAKS**

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS ||
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Ballard, Constance (Location Administrator) | She was never required to work through a meal break. If she did, it was by choice and she was not required to record a lunch break that she did not take. Ballard Decl. ¶ 15.[iv] |
| Bollinger, Karen (Family Services Counselor) | She was never told that she must record a lunch break if she did not take one. Bollinger Decl. ¶ 11. |
| Eddy, Sharon (Office Manager) | Employees received half hour meal breaks, and meal breaks were staggered such that someone was always available to answer the phone. As a result, she almost always received an uninterrupted thirty minute meal break. Eddy Decl. ¶¶ 7, 9.<br><br>She never recorded a meal break that she did not in fact take, and feels that she was paid for all the time that she worked. *Id.* ¶¶ 8, 10. |
| Forrest, Wendy (Location Administrator) | A receptionist is always on duty at her location during normal working hours. Employees are instructed to tell the receptionist that they go on lunch so that they will not be interrupted. As a result, employees' lunch breaks are rarely interrupted. 9/9/10 Forrest Decl. ¶ 10.<br><br>Employees have always been instructed not to pick up the phone or meet with clients during their lunch breaks. If they do so, that is their choice. *Id.* ¶ 11.<br><br>Even when an employee's lunch break is interrupted, they generally still get at least 30 minutes of uninterrupted time. *Id.* ¶ 12. |

---

[**]Plaintiffs represented to the Court that "Alderwoods ha[d] policies and practices that ha[d] the effect of depriving employees of uninterrupted 30 minute lunch breaks and proper compensation for such uninterrupted lunch breaks in violation of California law." Mem. of Law in Support of Pltfs' Ren. Mot. for Class Certif. Pursuant to Fed. R. Civ. P. 23, at p. 8. Plaintiffs also represented that Alderwoods was aware that non-exempt employees were working through their lunch break. *Id.* at p. 9. Further, Plaintiffs represented that Alderwoods' policies and practices resulted in violations of California law because employers did not provide employees with at least a 30 minute meal period after 5 hours worked in a day. *Id.* at p. 10.

**MEAL BREAKS**

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS ||
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Gibson, Jill (Funeral Arranger) | Lunch breaks are not rotated among employees, but there is always someone available to answer the phone. 9/8/10 Gibson Decl. ¶ 11.<br><br>On rare occasions, Gibson worked through a lunch break. If her break was cut short, she was paid for the time that she worked. 11/12/09 Gibson Decl. ¶ 19.<br><br>Often, when she is interrupted, the interruption rarely lasts more than 30 seconds. 9/8/10 Gibson Decl. ¶ 12. She thinks that the time spent answering a phone call during lunch is so small, that it all evens out. *Id.* ¶ 13. |
| Goni, Helen (Office Manager) | Alderwoods had a mandatory one hour lunch break every day. If she had to work during her normal lunch break, she would take it later in the day. On any occasion that her meal break would be interrupted because of work, she would be paid for working through her break. Goni Decl. ¶ 14.<br><br>None of her managers or other Alderwoods' employees ever encouraged, required, or requested her not to record time that she worked through a meal break, or to deduct an hour for lunch if that is not what she took. *Id.* |
| Maldonado, Michael (Funeral Arranger) | Full-time employees at his location received an hour for lunch. Maldonado Decl. ¶ 11.<br><br>Employees are occasionally interrupted during their lunch breaks. When this happens, employees handle the interruptions differently. Personally, if he is interrupted, he does not take a longer lunch break if the phone call is only 5 or 10 minutes long. If it is longer, he will tack on the time he spends on the phone to the end of his lunch break. *Id.* ¶¶ 13-15.<br><br>Usually, even with interruptions, he still gets at least 30 minutes for lunch. *Id.* ¶ 16. |
| Messier, Claudia (Funeral Director, Embalmer) | Always took lunch breaks. If she came back from lunch early, was paid for the time that she worked. Messier Decl. ¶ 13. |
| Patterson, William | Patterson usually took his lunch breaks. If he did not, he was paid for the time that he worked. He was never told to |

---

**Plaintiffs represented to the Court that "Alderwoods ha[d] policies and practices that ha[d] the effect of depriving employees of uninterrupted 30 minute lunch breaks and proper compensation for such uninterrupted lunch breaks in violation of California law." Mem. of Law in Support of Pltfs' Ren. Mot. for Class Certif. Pursuant to Fed. R. Civ. P. 23, at p. 8. Plaintiffs also represented that Alderwoods was aware that non-exempt employees were working through their lunch break. *Id.* at p. 9. Further, Plaintiffs represented that Alderwoods' policies and practices resulted in violations of California law because employers did not provide employees with at least a 30 minute meal period after 5 hours worked in a day. *Id.* at p. 10.

**MEAL BREAKS**

| NON-EXEMPT DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS ||
|---|---|
| **Non-Exempt Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Meal Breaks** |
| (Funeral Director) | record a lunch break that he had not taken. Patterson Decl. ¶ 12. |
| Young, Annette (Assistant Administrator, Musical Director) | When Young worked full-time, she received a 30 minute lunch break. She was paid for any time that she was not on lunch break, and was never asked to punch out for a lunch break that she could not take. Young Decl. ¶ 13. |

---

**Plaintiffs represented to the Court that "Alderwoods ha[d] policies and practices that ha[d] the effect of depriving employees of uninterrupted 30 minute lunch breaks and proper compensation for such uninterrupted lunch breaks in violation of California law." Mem. of Law in Support of Pltfs' Ren. Mot. for Class Certif. Pursuant to Fed. R. Civ. P. 23, at p. 8. Plaintiffs also represented that Alderwoods was aware that non-exempt employees were working through their lunch break. *Id.* at p. 9. Further, Plaintiffs represented that Alderwoods' policies and practices resulted in violations of California law because employers did not provide employees with at least a 30 minute meal period after 5 hours worked in a day. *Id.* at p. 10.

**MEAL BREAKS**

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS ||
|---|---|
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Cardell, Donald (Location Manager / Funeral Director) | Employees at the location have always received a one hour meal break. However, if the funeral home is extremely busy one day, employees may get only 30 minutes for their meal break. Cardell Decl. ¶ 15.<br><br>During his time at the location, one or two people in the front office typically answers the phone during the day. Lunch breaks are staggered at the location so that someone is available to answer the phone. As a result, employees typically receive at least a 30 minute uninterrupted meal break. *Id.* ¶ 17.<br><br>If an employee gets interrupted during his or her meal break and Cardell is aware of it, that employee can discuss it with Cardell and he will ensure that the employee either receives thirty-minutes of uninterrupted time or that he or she is compensated for the time worked during his or her meal break. *Id.* ¶ 18.<br><br>However, on occasion, especially when the location was using time clocks, employees may have taken a call during their meal break that is not recorded and that Cardell was not made aware of. If that was the case, the employee was not compensated for time worked during his or her meal break. Time clocks were used at the location for a period of about three years prior to January 1, 2008. *Id.* ¶¶ 14, 19.<br><br>As a Funeral Director, he sometimes took lunch breaks without clocking out. *Id.* ¶ 20. |
| Dias, Joe (Location Manager) | Full-time staff were permitted a one hour meal break and two 15 minute breaks during their shift. Part-time employees were permitted a 1 hour lunch break after working 6 hours. 9/9/10 Dias Decl. ¶ 13.<br><br>Meal breaks were staggered at the location. Dias' secretary typically answered the phone, but if she was on a meal break, Dias or another employee would answer the phone. *Id.* ¶ 14.<br><br>Most employees received at least 30 minutes of uninterrupted time during their meal breaks. If employees worked during their meal break and did not record that time on their time cards, they would not be compensated for that time because Dias would not be aware that they had worked. *Id.* ¶ 15. |

---

**Plaintiffs represented to the Court that "Alderwoods ha[d] policies and practices that ha[d] the effect of depriving employees of uninterrupted 30 minute lunch breaks and proper compensation for such uninterrupted lunch breaks in violation of California law." Mem. of Law in Support of Pltfs' Ren. Mot. for Class Certif. Pursuant to Fed. R. Civ. P. 23, at p. 8. Plaintiffs also represented that Alderwoods was aware that non-exempt employees were working through their lunch break. *Id.* at p. 9. Further, Plaintiffs represented that Alderwoods' policies and practices resulted in violations of California law because employers did not provide employees with at least a 30 minute meal period after 5 hours worked in a day. *Id.* at p. 10.

**MEAL BREAKS**

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS ||
|---|---|
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Lawrence, Gloria (Location Manager) | Employees at her location take 1 hour lunch breaks and they are encouraged to leave the location during these breaks. Her location rotates lunches so that there is always someone available to answer the phone. 9/8/10 Lawrence Decl. ¶ 9.<br><br>In the extremely unusual event that an employee answers the phone or meets with a client during a lunch break, employees are instructed to record the time that they stopped working. *Id.* ¶ 11.<br><br>Even when employees' lunch breaks are interrupted, they generally still get at least 30 minutes uninterrupted lunch. *Id.* ¶ 12. |
| Obenauf, Jason (Location Manager) | Employees have always received a one hour meal break. Obenauf Decl. ¶ 13.<br><br>Employees' duties were always covered by other employees during meal breaks, and employees were encouraged to stay in the break room. As a result, employees typically received an uninterrupted meal break, and almost always received at least thirty minutes of uninterrupted break time. *Id.* ¶ 14. |
| Rosa, Melissa (Location Manager) | Full-time employees always received a one hour meal break. Rosa Decl. ¶ 20.<br><br>Many employees left the locations during their meal break, and employees could refuse to take calls or see families during meal breaks to ensure that meal breaks were uninterrupted. *Id.* ¶¶ 22-23.<br><br>In the event that an employee's meal break was interrupted, the employee could choose to extend the meal break to make up for the time, and for substantial interruptions, such as when a family came in unexpectedly, employees recorded their time and were paid for it. *Id.* ¶¶ 23-25.<br><br>She feels that she was fully compensated for all time worked during meal and rest breaks. *Id.* ¶ 26.<br><br>Because meal breaks were scheduled for a full hour, even when employees' meal breaks were interrupted, they typically received at least thirty minutes of uninterrupted meal break time. *Id.* ¶ 24. |

---

[**] Plaintiffs represented to the Court that "Alderwoods ha[d] policies and practices that ha[d] the effect of depriving employees of uninterrupted 30 minute lunch breaks and proper compensation for such uninterrupted lunch breaks in violation of California law." Mem. of Law in Support of Pltfs' Ren. Mot. for Class Certif. Pursuant to Fed. R. Civ. P. 23, at p. 8. Plaintiffs also represented that Alderwoods was aware that non-exempt employees were working through their lunch break. *Id.* at p. 9. Further, Plaintiffs represented that Alderwoods' policies and practices resulted in violations of California law because employers did not provide employees with at least a 30 minute meal period after 5 hours worked in a day. *Id.* at p. 10.

**MEAL BREAKS**

| MANAGER DECLARATIONS WHICH DIRECTLY CONTRADICT PLAINTIFFS' REPRESENTATIONS** TO THE COURT REGARDING MEAL BREAKS | |
| --- | --- |
| **Manager Declarant** | **Testimony Under Penalty of Perjury Regarding Allegedly Common Experiences Involving Meal Breaks** |
| Schwab, Roxann (General Manager) | Instructed her employees to punch out for meal breaks. They were not told to punch out even if they were not going to take a meal break. If an employee could not take a break, he or she was supposed to write "no lunch" on their time card. Schwab Decl. ¶ 18. |
| Warn, Robin (General Manager) | The cemetery employees received a lunch hour. Occasionally, employees might work through their lunch. When they did, they were paid for their time, but the employee usually took a later lunch. Warn Decl. ¶ 12.<br><br>Warn never instructed her employees to record a lunch break if they had not taken the break. *Id.* |

---

[i] There is limited deposition testimony on Plaintiffs' California meal break claims. As the Court is aware from Plaintiffs' original Motion for Class Certification, most of the discovery used to support the claims and defenses in this case was conducted in the *Prise v. Alderwoods* case in the Western District of Pennsylvania. The Court allowed only limited discovery on Plaintiffs' original Motion for Class Certification in this case and no discovery on the instant Motion. As a consequence, and because Prise is an FLSA overtime case and meal break claims were not a basis for conditional certification in that case, little discovery was conducted on California meal break practices.

[ii] By identifying employees as having "non-exempt" job positions, Alderwoods does not waive and expressly reserves the right to argue that these positions qualify as exempt job positions.

[iii] *See* 9/10/10 Knight Decl. Ex. G for a compilation of all deposition transcript excerpts cited herein.

[iv] *See* 9/10/10 Knight Decl. Ex. H for a compilation of all employee declarations cited herein.

---

[**] Plaintiffs represented to the Court that "Alderwoods ha[d] policies and practices that ha[d] the effect of depriving employees of uninterrupted 30 minute lunch breaks and proper compensation for such uninterrupted lunch breaks in violation of California law." Mem. of Law in Support of Pltfs' Ren. Mot. for Class Certif. Pursuant to Fed. R. Civ. P. 23, at p. 8. Plaintiffs also represented that Alderwoods was aware that non-exempt employees were working through their lunch break. *Id.* at p. 9. Further, Plaintiffs represented that Alderwoods' policies and practices resulted in violations of California law because employers did not provide employees with at least a 30 minute meal period after 5 hours worked in a day. *Id.* at p. 10.