UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM HELM, et al.
On behalf of themselves and all employees
similarly situated,

        Plaintiffs,

  vs.

ALDERWOODS GROUP, INC., et al.

        Defendants.

CASE NO.   3:08-CV-01184 SI

**DECLARATION OF RONALD G.
COLLINS**

## DECLARATION OF RONALD G. COLLINS

I, RONALD G. COLLINS, pursuant to 28 U.S.C. § 1746, do hereby declare and state as follows:

1. I am over 21 years of age, have personal knowledge of the facts set forth in this declaration, and could testify to them competently if called to do so.

2. I was employed by Alderwoods Group, Inc. ("Alderwoods") as Vice President of Operations for the Northeast United States and Canada from 1999 until November 2006. I began working for The Loewen Group, Alderwoods' predecessor, in 1987 and held a variety of positions, including Regional Manager for Ontario, Director of Operations Due Diligence, and Vice President of Funeral Homes. After Alderwoods' merger with a subsidiary of Service Corporation International, I stayed on as an employee with the job title of Vice President of Operations/Federal Trade Commission Hold Separate Locations' Independent Manager. My employment ended in December 2007. In the course of my responsibilities with Alderwoods, I became familiar with Alderwoods' policies and practices, including policies and practices relating to wage and hour issues. Indeed, one of my responsibilities was to enforce these policies.

3. As Vice President of Operations for the Northeast United States and Canada, I reported to Paul Houston, Alderwoods' President and CEO. It was my responsibility to manage approximately 220 local operations in more than a dozen states and Canada, including locations in South Carolina. At any one time, I was responsible for managing a field team that included a Director of Operations, two Controllers, a Human Resources Specialist, six Regional General Managers, and more than 20 Market General Managers (who reported to the Regional Managers).

4. One of the Market General Managers in my geography was Gary Toye. Gary was responsible for six funeral homes, two combination funeral homes/cemeteries, and four cemeteries. As a Market General Manager, his responsibilities were limited to those locations.

5. I understand that in litigation against Alderwoods, plaintiffs have referenced an email from Gary Toye dated October 18, 2004 regarding compensation for community programs.

I had no knowledge of this email during my employment with Alderwoods.  To the extent Gary's statements in that email can be interpreted as suggesting employees would not be paid for all time worked in the community on behalf of Alderwoods, whether such time was during or after normal business hours, Gary improperly stated Alderwoods' policy.  As Vice President of Operations for the Northeast U.S. and Canada, I unequivocally state that company policy was to pay employees for all community service performed for the benefit of Alderwoods.  If I had been aware that Mr. Toye or any other employee stated a different policy, I would have corrected them and ensured that employees were paid for all time worked on behalf of Alderwoods

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

September 4, 2010

_____

Ronald G. Collins

2