UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HELM, et al., On behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALDERWOODS GROUP, INC.,<br><br>Defendants. | Case No. 3:08-CV-01184 SI<br><br>DECLARATION OF MONICA BERRYHILL |

DECLARATION OF MONICA BERRYHILL

I, Monica Berryhill, pursuant to 28 U.S.C. § 1746, do hereby declare and state as follows:

1. My name is Monica Berryhill. I am a resident of Duluth, Minnesota. I am over 21 years of age, suffer no legal disability, and am otherwise competent to make this Declaration.

2. All the statements in this Declaration are true and accurate. I have personal knowledge of the facts set forth in this Declaration, and could testify to them competently if called to do so.

3. I am currently the Location Manager at Bell Brothers and Jarvi Dowd Funeral Homes in Duluth, Minnesota. I started working at these locations in 1993. I first became location manager at Bell Brothers and Jarvi Dowd in 2002, and I remained in that position until 2004.

4. From 2004 to 2006, I worked in Learning and Development as a Geographic Trainer for Alderwoods' Western Geography, which encompassed locations west of Ohio. I taught management training programs on various topics, including funeral and cemetery operations and sales. I presented training programs to employees from the funeral director level through middle and upper management.

5. I worked for a short time as Market Growth Manager for all Minnesota locations in 2006 before returning to Bell Brothers and Jarvi Dowd. I have been the Location Manager at these locations since December 2006.

6. Bell Brothers and Jarvi Dowd Funeral Homes were formerly owned by Alderwoods Group, Inc. and acquired by SCI.

7. In my experience as a Location Manager, Market Growth Manager, and Geographic Trainer, I have gained knowledge of Alderwoods policies and pay practices and I know how they were implemented at Bell Brothers and Jarvi Dowd.

Piece Rate

8. During the period of time that Alderwoods owned Bell Brothers and Javi Dowd Funeral Homes, employees performing after hours removals always recorded their time and were paid by the hour.

9. Sometimes, employees performing after hours removals also received a piece rate in addition to their regular hourly wage.

10. To my recollection, this policy changed over time, with employees sometimes receiving the piece rate in addition to their hourly wages, and other times receiving just their hourly wages.

11. Funeral Director/Embalmers performed removals, and were sometimes accompanied by Funeral Director Assistants if the removal required two employees.

12. Funeral Director/Embalmers and Funeral Director Assistants always recorded their time spent on after hours removals either by punching the time clock, or by turning in a paper time sheet.

13. To my knowledge, Funeral Director/Embalmers and Funeral Director Assistants have been compensated for all of the time they spent on after hours removals, and sometimes they received piece rate pay in addition to their hourly wages.

Community Work

14. While Alderwoods owned Bell Brothers and Jarvi Dowd Funeral Homes, the locations employed Funeral Director Assistants, Funeral Director/Embalmers, and Location Managers.

15. Employees were encouraged to participate in community activities. There was no requirement that employees become involved in the community and no repercussions if employees did not join community activities.

16. For as long as I worked for Alderwoods, the policy was that any time an employee spent volunteering in the community as a representative of the company was to be logged by the employee and paid by Alderwoods.

17. As a Location Manager at Bell Brothers and Jarvi Dowd Funeral Homes from 2002 through 2004, and since 2006, I always ensured that employees were paid for all of the time they spent on community activities as representatives of the company.

18. To my knowledge, employees at Bell Brothers and Jarvi Dowd participated in community activities, recorded their time, and were paid for all time spent on community

- 3 -

activities, both during business hours and after business hours. I cannot recall any employee participating in an after hours community activity on behalf of the company without compensation by Alderwoods.

19. Around 2005, Alderwoods rolled out a community outreach program that encouraged locations to engage in different types of community outreach. As a Geographic Trainer, I provided community outreach training to Regional General Managers and Market Growth Managers in Alderwoods' Western Geography. Market Growth Managers were to take the information back to the location managers in their market. In these training programs, it was clearly communicated and emphasized that any time hourly employees spent engaging in community activities for the company was to be paid.

20. I understand that this Declaration is being provided voluntarily in a lawsuit brought against Alderwoods Group, Inc. in which the Plaintiffs allege that they have not been properly paid for all time worked. Before speaking with any attorney for Alderwoods, I was told that the attorney represents Alderwoods and does not represent me. I also was told that the employees who filed the lawsuit seek to have the class certified, and that the matter of class certification has not been ruled upon by the Court; and that the class is certified and assuming I am a member of the class, then the attorneys for Alderwoods Group, Inc. will be directly opposing my interest as a class member.

21. Prior to speaking with the attorney for Alderwoods, I was also told that I did not have to answer any questions. I was told that the interview was purely voluntary and that if I did not wish to speak, there would be no adverse impact on me.

22. The attorney for Alderwoods provided me with an opportunity to review the Declaration and to make any corrections. The attorney told me that I could refuse to sign the Declaration without any adverse impact on me.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 9, 2010

*Monica Berryhill*
Monica Berryhill