IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HELM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALDERWOODS GROUP, INC.,<br><br>　　　　Defendant.<br>_____ / | No. C 08-01184 SI<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS, STRIKE AND REQUIRE A MORE DEFINITE STATEMENT** |

Defendant's motion to dismiss, strike and/or require a more definite statement of plaintiff Helm's complaint is currently scheduled for hearing on November 18, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, the Court hereby DENIES IN PART and GRANTS IN PART defendant's motion.

**BACKGROUND**

The subject of this litigation is a wage and hour dispute brought by a former employee of Alderwoods Group, Inc. ("Alderwoods"), a provider of funerary services. This action originated with a complaint filed in the United States District Court for the Western District of Pennsylvania, *Prise, et al. v. Alderwoods Group, Inc., et al.*, No. 06-1641. That complaint originally included both state law claims and federal claims brought under the Fair Labor Standards Act ("FLSA"). The district court in *Prise* declined to exercise supplemental jurisdiction over the state law claims, leaving only the FLSA claims. The dismissal of the state law claims resulted in the filing of a class action complaint in the

Alameda County Superior Court on December 5, 2007, entitled *Helm, et al. v. Alderwoods Group Inc., et al.*, alleging state law wage and hour claims against Alderwoods.

On February 27, 2008, defendant removed the action to federal court, invoking this Court's diversity jurisdiction under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d). Defendant then filed a motion to dismiss. The Court granted the motion in part, dismissing plaintiffs' common law claims with leave to amend on July 29, 2009. Doc. No. 174 ("July 29th Order"). The Court dismissed because plaintiffs' common law causes of action appeared to be duplicative of plaintiffs' causes of action under the FLSA and the California labor code. *Id.* at 20-23. Plaintiffs were given leave to amend in order to provide some factual basis for their allegations that they are owed wages beyond those not paid in violation of the FLSA or the California Labor Code. *Id.* Plaintiffs then filed a second amended complaint ("SAC") on August 14, 2009, which defendants answered on September 9, 2009. Plaintiffs second amended complaint included the same common law claims, which plaintiffs specified as not including claims covered by the FLSA or the California labor code violations alleged elsewhere in their complaint. *See, e.g.*, SAC ¶¶ 65, 67.

On December 29, 2009, the Court denied plaintiffs' first motion for class certification. Shortly thereafter, defendant filed a motion to sever, which the Court denied as premature based on plaintiffs' intention to file a renewed motion for class certification. On March 9, 2011, the Court denied plaintiffs' renewed motion for class certification, and on July 18, 2011, the Court granted defendant's renewed motion to sever, retaining jurisdiction but leaving only the individual claims of plaintiff William Helm ("Helm") pending in this case. The Court ordered Helm to file a third amended complaint ("TAC"), which is now the operative version of the complaint, and which re-alleges state claims under both the California labor code and common law. Currently before the Court is defendant's motion to dismiss certain portions of the TAC, to strike certain portions of the TAC, and to require a more definite statement.

**LEGAL STANDARD**

**I.     Motion to dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it

fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## II.     Motion to strike

Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or on motion, strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. Pro. 12(f). Motions to strike are generally disfavored. *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). In most cases, a motion to strike should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). However, if a pleading is deficient, the Court may strike the pleading and require the non-moving party to submit an amended pleading which includes more specific allegations. *See Williams v. California 1st Bank*, 859 F.2d 664, 665 (9th Cir. 1988) (noting district court's granting of motion to strike affirmative defense and giving defendant leave to amend the defense as a counterclaim).

## III.    Motion to require a more definite statement

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement of a pleading that is so vague or ambiguous that the party cannot reasonably prepare a

3

response. A Rule 12(e) motion should be considered in light of the liberal pleading standards of Rule 8(a). *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) *(citing Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) (Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules.). A Rule 12(e) motion should be granted when the complaint is so vague that the defendant cannot discern the nature of the plaintiff's claims and thus cannot frame a response. *See Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981); *Boxall v. Sequoia Union High Sch. Dist.*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979). If the complaint notifies the defendant of the substance of the plaintiff's claim, a 12(e) motion should not be granted. *San Bernardino Pub. Employees Ass'n v. Stout*, 946 F. Supp. 790, 804 (C.D. Cal. 1996) (A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her.).

## DISCUSSION

Defendant claims that plaintiff's common law claims are preempted by and duplicative of the claims alleged under the California labor code and the FLSA, in violation of the Court's prior July 29th Order dismissing plaintiff's common law claims. Motion at 6-10. In addition, defendant asks the Court to strike plaintiff's claim for failure to furnish timely and accurate wage statements as barred by the statute of limitations and plaintiff's failure to exhaust administrative remedies. Motion at 12. Defendant also asks the Court to strike plaintiff's claims for fraud, deceit and misrepresentation, based on the plaintiff's failure to plead the claims with sufficient particularity. Finally, defendant asks the Court to strike plaintiff's prayer for non-statutory damages as immaterial and overly vague, and to strike plaintiff's prayer for injunctive relief based on a lack of standing. Motion at 19, 20.

In opposition, plaintiff contends that the TAC fulfills the requirements of the July 29th Order because it "specifically alleges the types of work [plaintiff] performed (i.e., on-call, community work, training) and the amount of uncompensated time that he is claiming for each type of work." Opp'n at 1. Thus, plaintiff alleges that the common law claims have been pled with sufficient particularity, and are not duplicative of any FLSA or California labor code claims because the "common law causes of

4

action do not include overtime pay or wages due upon discharge/layoff/resignation" and plaintiff "is not seeking compensation for overtime wages recoverable under the FLSA." Opp'n at 1-2. The Court will address each of defendant's arguments in turn.

## I.  Common law claims

As discussed in greater detail in the July 29th Order, the California labor code created new obligations for employers regarding, *inter alia*, the provision of breaks, pay stubs and minimum wages, and thus common law claims premised on violations of these new obligations are preempted by the California labor code. *See* July 29th Order at 23 (citing *Brewer v. Premier Gold Props.*, 168 Cal. App. 4th 1243, 1252 (2008)). As a result, defendant prevailed on its prior motion to dismiss because plaintiffs did "not allege any specific wrongful conduct other than the alleged Labor Code violations" and thus the Court found plaintiffs' common law claims preempted. Similarly, defendant prevailed on its prior motion to dismiss insofar as plaintiffs' common-law causes of action were duplicative of the FLSA, and plaintiffs were granted leave to amend to "provide some factual basis for their allegation that they are owed wages beyond overtime." July 29th Order at 23.

Plaintiff's TAC provides this factual basis, and thus defendant's argument that plaintiff's common law claims are duplicative and preempted fails. The Court agrees with plaintiff that the TAC "specifically alleges the types of work that he performed . . . and the amount of uncompensated time he is claiming for each type of work." Opp'n at 1. For example, plaintiff alleges that he "handled approximately 10 phone call per month while working on-call . . . and plaintiff was not compensated for the time he spend handling phone calls while on-call." TAC at ¶ 38. Plaintiff also alleges that he spent approximately 10 hours per month participating in Kiwanis club, and 16 hours per month participating in Knights of Columbus, and that he was not compensated for all community work performed. TAC at ¶¶ 41, 42. Plaintiff does not allege an overtime claim based on these facts; rather, plaintiff alleges that he was not compensated *at all* for this allegedly compensable labor. Therefore, the claims are not preempted by the statutorily created rights otherwise asserted.

Accordingly, defendant's motion is DENIED insofar as it requests the dismissal of all of plaintiff's common law claims (Counts IV through XI), subject to the discussion below regarding

5

specific claims alleged.

## II. Failure to furnish timely and accurate wage statements

As discussed in greater detail in the Court's July 29th Order, plaintiff must allege compliance with certain administrative procedures for recovery of civil penalties under § 226.3. July 29th Order at 24. Plaintiff makes no such allegation, and does not specifically address this point in his opposition to defendant's motion. Accordingly, defendant's motion is GRANTED insofar as it requests the dismissal of plaintiff's claim for failure to furnish timely and accurate wage statements (Count III).

## III. Fraud, deceit and misrepresentation

As the Court noted in its July 29th Order, common law claims of fraud must be pled with sufficient particularity. *See* Fed. R. Civ. P. 9(b) ("[I]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity."). To state a claim for common law fraud under California law, plaintiff must allege "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance and resulting damage." *Gil v. Bank of Am., N.A.*, 138 Cal. App. 4th 1371, 1381 (2006). To state a claim for negligent misrepresentation, plaintiff must allege that defendant: (1) made a misrepresentation of a material fact; (2) without reasonable grounds for believing it to be true; (3) with intent to induce another's reliance; and that plaintiff (4) was ignorant of the truth; (5) justifiably relied on the misrepresentation and (6) suffered damages. *See B.L.M. v. Sabo & Deitsch*, 55 Cal. App. 4th 823, 834 (1997). The Court's July 29th order dismissed plaintiff's common law claims sounding in fraud with leave to amend, asking plaintiff to "allege some other factual basis for their fraud claims, including facts demonstrating that defendants knew the statements were false when they made them."

Plaintiff's TAC fails to provide this factual basis, and thus defendant's argument that plaintiff's fraud, deceit and misrepresentation claims are insufficiently pled succeeds. In the TAC, as the basis for its fraud claim, plaintiff alleges that defendants knew or had reasonable grounds for believing the falsity of the following statement in its policy manuals: "all non-exempt employees will be compensated for all hours worked." TAC at ¶ 91. As the factual basis for this fraud claim, plaintiff alleges that defendant "was experienced in Human Resources issues . . . maintained Human Resources functions

6

and employees, conducted Human Resources training, and periodically reviewed its Human Resources policies for legal compliance." *Id.* at ¶ 93. Here, the Court agrees with defendant that under the heightened pleading standard for claims sounding in fraud, these facts do not demonstrate "that defendants knew that the statements were false when they made them," as required by this Court's July 29th Order.

Accordingly, defendant's motion is GRANTED insofar as it requests the dismissal of plaintiff's claims for fraud, deceit and misrepresentation (Count VI and VII). The Court dismisses plaintiff's sixth and seventh cause of action without leave to amend because plaintiff has failed to fulfill the Court's prior July 29th order.

## IV. Non-statutory damages

Defendant contends that plaintiff is only entitled to those remedies provided by California Labor Code, because the remedies provided for statutory violations are exclusive. Motion at 20. However, since the Court has denied defendant's request to dismiss plaintiff's common law claims, this argument is no longer persuasive. As a result, any determination as to plaintiff's available remedies is premature. The Court will determine the appropriate remedies in due course, upon resolution of plaintiff's statutory and common law claims. Accordingly, defendant's motion is DENIED insofar as it requests that the Court strike plaintiff's request for non-statutory damages.

## V. Injunctive relief

A former employee does not have standing to seek injunctive relief for any of the violations of his former employer because he cannot demonstrate a "real or immediate threat of irreparable injury" from the employment practices of his former employer. *Milligan v. Am. Airlines, Inc.,* 327 F. App'x 694, 696 (9th Cir. 2009) (citing *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001)). Plaintiff, as a former employee of defendant, does not have standing to seek injunctive relief for the alleged continued violations of defendant. Accordingly, defendant's motion is GRANTED insofar as it requests that the Court strike plaintiff's request for injunctive relief.

7

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART defendant's motion. Plaintiffs third, sixth, and seventh causes of action are DISMISSED without leave to amend. Plaintiff's claim for injunctive relief is also DISMISSED.

Docket No. 328.

**IT IS SO ORDERED.**

Dated: November 15, 2011

SUSAN ILLSTON
United States District Judge